Guy W. Rogers
Jon A. Wilson
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>Defendants. | Cause No. CV 20-52-BLG-SPW<br><br>**BRIEF IN SUPPORT OF DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(2), FED.R.CIV.P.** |

## INTRODUCTION

COMES NOW Defendant Watch Tower Bible and Track Society of Pennsylvania (hereinafter "WTPA"), by and through its attorneys, and respectfully submits its brief in support of its Motion to Dismiss Pursuant to Rule 12(b)(2), Fed.R.Civ.P. For the reasons explained herein, WTPA is not subject to either the

general or specific jurisdiction of this Court, and the exercise of personal jurisdiction over WTPA by this Court would not comport with due process. Plaintiffs' claims against WTPA should therefore be dismissed with prejudice for lack of personal jurisdiction pursuant to Rule 12(b)(2), Fed.R.Civ.P., and WTPA respectfully requests such relief.

## FACTUAL BACKGROUND

### A. PLAINTIFFS' COMPLAINT

Plaintiffs' Complaint and Jury Demand (hereinafter "Complaint") alleges this Court has personal jurisdiction over WTPA as follows:

> This Court may properly maintain personal jurisdiction over . . . [WTPA] because [it is a] business entit[y] operating in the State of Montana and this judicial district who's [sic] acts and omissions resulted in the accrual of the tort actions plead [sic] below, [was] directly involved in the acts and omissions at issue in this case, and [its] presence in and contacts with the State of Montana and this judicial district are sufficient to support an exercise of jurisdiction that comports with traditional notions of fair play and substantial justice.

*See* Complaint, ¶ 8. Plaintiffs' Complaint is generally constructed around the existence of an entity that is not a party to this lawsuit, referred to throughout the Complaint as "the Jehovah's Witness Church" or "the Church". *See, e.g., id.*, ¶¶ 11, 31.

Plaintiffs allege that baptized publishers, ministerial servants, and elders (which exist within the faith of Jehovah's Witnesses), are all agents of WTPA. *Id.*, ¶ 16. Plaintiff continue that WTPA is the "publishing wing" of "the Church" and

is "responsible for creating and transmitting church policy and doctrine to local congregations and members". *Id.*, ¶ 17. Plaintiffs assert WTPA "instructs its members to report wrongdoing to their local Elders, rather than reporting such conduct to law enforcement", "controls how allegations of child sexual abuse committed by church members are handled", and "instructs and commands its local congregations to not report child sexual abuse to law enforcement or child protective services". *Id.*, ¶¶ 18-20. Plaintiffs allege they were sexually abused by several persons, that the abuse was reported to elders who did not report such abuse to local authorities, and that their father continued to abuse them after they were allowed to rejoin the Congregation of Jehovah's Witnesses in Hardin, Montana. *Id.*, ¶¶ 33-47.

## B. AFFIDAVIT OF PHILIP BRUMLEY

Attached hereto as Exhibit 1 is the Affidavit of Philip Brumley (hereinafter "Brumley Affidavit"), who is the General Counsel of WTPA. *See* Brumley Affidavit, ¶ 1. As explained therein, WTPA is a non-profit religious membership corporation formed under the laws of the state of Pennsylvania that has its registered office in Tuxedo Park, New York. *See* Brumley Affidavit, ¶¶ 3-4. WTPA is not, nor has it ever been, registered to do business in the State of Montana. *Id.*, ¶ 8. WTPA has no agent for service of process in Montana. *Id.*, ¶ 9.

The primary purposes of WTPA are to hold copyright to various publications of the religion known as Jehovah's Witnesses, and to provide humanitarian aid to communities after natural disasters. *Id.*, ¶ 13. The publications to which WTPA owns copyrights include *The Watchtower* and *Awake!* magazines, as well as books, tracts and brochures that are used to explain various aspects of the Bible. *Id.*, ¶ 14.

WTPA does not author the substantive content or print hard copies of the books, magazines, brochures and tracts referred to above. *Id.*, ¶ 15. On the contrary, they are published by co-defendant Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), a separate corporation organized and existing under the laws of the State of New York as a not-for-profit religious corporation. *Id.*, ¶¶ 16-17. WTNY's headquarters are in Wallkill, New York. *Id.*, ¶ 17.

WTPA has no offices or employees in Montana. *Id.*, ¶ 7. It has no contact with congregations of Jehovah's Witnesses located in Montana. *Id.*, ¶ 10. It does not establish or disseminate policy or procedure to congregations of Jehovah's Witnesses in Montana. *Id.*, ¶ 11. It does not appoint or remove elders, ministerial servants or publishers in congregations of Jehovah's Witnesses in Montana. *Id.*, ¶ 12. It owns no assets in Montana and does not conduct business in Montana. *Id.*, ¶¶ 7-8.

# ARGUMENT

## A. GENERAL PRINCIPLES OF PERSONAL JURISDICTION

"Personal jurisdiction is a court's power over the parties in a proceedings." *First Natl. Bank of Sioux Falls v. Estate of Carlson*, ___ F.Supp.3d ___, 2020 WL 1434276, *1 (D. Mont. 2020) (citations omitted). The requirement of personal jurisdiction protects the nonresident defendant's liberty interests. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 807, 105 S.Ct. 2965, 2972, 86 L.Ed.2d 628 (1985); *see also Walden v. Fiore*, ___ U.S. ___, 134 S.Ct. 1115, 1122 (2014) (personal jurisdiction requirements are meant to principally protect the liberty of the nonresident defendant, not the convenience of plaintiffs or third parties).

The burden is on a plaintiff to demonstrate jurisdiction is appropriate when a defendant files a motion to dismiss for lack of personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). In analyzing a motion to dismiss, a plaintiff's version of the facts is taken as true when uncontroverted. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). However, a plaintiff cannot rely solely on the bare allegations of the plaintiff's complaint. *First Natl. Bank of Sioux Falls*, *1. "Conclusory allegations and unwarranted inferences…are insufficient to defeat a motion to dismiss." *Fischer v. Intl. Student Exch., Inc.*, 2015 WL 2095237, *2 (D. Mont.

2015) (citing *Johnson v. Lucent Technologies, Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011)).

The following determinations must be made for a federal court to exercise personal jurisdiction over a non-resident defendant in a diversity case such as this one: "(1) whether an applicable state rule or statute confers personal jurisdiction over the defendant; and (2) whether assertion of jurisdiction comports with constitutional principles of due process." *First Natl. Bank of Sioux Falls*, *2 (citing *Data Disc Inc. v. Systems Tech. Assocs.*, 557 F.2d 1280, 1286 (9th Cir. 1997)). The first determination must be made by looking to Montana law. *Id.* (citing *Haywood v. Travelers Indem. Co. of Am.*, 2006 WL 2860588, *2 (D. Mont. 2016).

The two-step test utilized by the Montana Supreme Court to determine whether a non-resident defendant is subject to the personal jurisdiction of a Montana court is basically the same as the rule set forth above. The first step of the test is to determine whether personal jurisdiction exists under Mont.R.Civ.P. 4(b)(1), Montana's long-arm statute. *DeLeon v. BNSF Ry. Co.*, 2018 MT 219, ¶ 10, 392 Mont. 446, 426 P.3d 1 (citing *Milky Whey, Inc. v. Dairy Partners, LLC*, 2015 MT 18, ¶ 18, 378 Mont. 75, 342 P.3d 13). If the first step is satisfied, the second step of the test is to determine whether the exercise of personal jurisdiction over the defendant is constitutional in that it conforms with "'the traditional

notions of fair play and substantial justice embodied in the due process clause.'"

*DeLeon*, ¶ 10 (citing *Milky Whey*, ¶ 18 (quoting *Cimmaron Corp. v. Smith*, 2003 MT 73, ¶ 10, 315 Mont. 1, 67 P.3d 258)).

As to whether personal jurisdiction exists under Mont.R.Civ.P. 4(b)(1), Montana's long-arm statute provides:

> (1) *Subject to Jurisdiction.* All persons found within the state of Montana are subject to the jurisdiction of Montana courts. Additionally, any person is subject to the jurisdiction of Montana courts as to any claim for relief from the doing personally, or through an employee or agent, of any of the following acts:
>
> (A) the transaction of any business within Montana;
>
> (B) the commission of any act resulting in accrual within Montana of a tort action;
>
> (C) the ownership, use, or possession of any property, or of any interest therein, situated within Montana;
>
> (D) contracting to insure any person, property, or risk located within Montana at the time of contracting;
>
> (E) entering into a contract for services to be rendered or for materials to be furnished in Montana by such person;
>
> (F) acting as director, manager, trustee, or other officer of a corporation organized under the laws of, or having its principal place of business within, Montana; or
>
> (G) acting as personal representative of any estate within Montana.

*See* Mont.R.Civ.P. 4(b)(1). Personal jurisdiction can be either general or specific, and both principles are incorporated in the long-arm statute. *Simmons Oil Corp. v. Holly Corp.*, 244 Mont. 75, 83, 796 P.2d 189, 194 (1983).

In assessing whether the exercise of due process would comport with due process, the Ninth Circuit has adopted the following three-part test:

(1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*First Natl. Bank of Sioux Falls*, *3 (citations omitted). The Montana Supreme Court adopted this test in *Simmons v. State*, 206 Mont. 264, 276, 670 P.2d 1372, 1378-79 (Mont. 1983). As the Ninth Circuit has observed, this test "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Freestream Aircraft (Bermuda) Limited v. Aero Law Group*, 905 F.3d 597, 603 (9th Cir. 2018) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

## B. WTPA IS NOT SUBJECT TO THIS COURT'S PERSONAL JURISDICTION

### 1. WTPA Is Not Subject to the General Personal Jurisdiction of Montana Courts

A defendant who can be "found within" Montana pursuant to the first sentence of Mont.R.Civ.P. 4(b)(1) is subject to the general personal jurisdiction of Montana courts. *Simmons Oil*, 244 Mont. at 83, 796 P.2d at 194. The home of a corporation such as WTPA is generally where it is incorporated or maintains its principal place of business. *First Natl. Bank of Sioux Falls*, *3; *see also DeLeon*, ¶ 8. To establish general jurisdiction over a foreign corporation, its contact with the state must be "so 'continuous and systematic' as to render them essentially at home in the forum state." *BNSF Ry. Co. v. Tyrell*, ___ U.S. ___, 137 S. Ct. 1549, 1558, 198 L.Ed.2d 36 (2017) (citations omitted). To be "'essentially at home'" in a state is "'comparable to a domestic enterprise in that State.'" *First Natl. Bank of Sioux Falls*, *3 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 133, n. 11, 134 S.Ct. 746, 187 L.Ed.2d 624 (2014)). Being registered to do business in Montana and conducting business in Montana is insufficient to establish general personal jurisdiction, as "subjecting a corporation to general personal jurisdiction everywhere it does business is inconsistent with due process." *DeLeon*, ¶ 23 (citations omitted).

Considering the present case, WTPA is not at home in Montana. As explained in the Brumley Affidavit, WTPA is incorporated in Pennsylvania, and its registered office is in New York. WTPA has never been registered to do business in Montana and does not conduct any business in Montana, so it has even less contact with Montana than was at issue in *DeLeon*. WTPA also does not have "continuous and systematic" contacts with Montana, as it has no employees in Montana, owns no assets in Montana, has no contact with congregations of Jehovah's Witnesses located in Montana, does not establish or disseminate policy or procedure to congregations of Jehovah's Witnesses in Montana, and does not appoint or remove elders, ministerial servants or publishers in congregations of Jehovah's Witnesses in Montana. In total, WTPA cannot be "found within" Montana for purposes of general personal jurisdiction.

2. <u>WTPA Is Not Subject to the Specific Personal Jurisdiction of Montana Courts</u>

In considering specific personal jurisdiction, Montana courts look to "the 'relationship among the defendant, the forum, and the litigation[.]'" *Buckles by and through Buckles v. Contl. Resources, Inc.*, 2017 Mt 235, ¶ 15, 388 Mont. 517, 402 P.3d 1213 (citing *Tackett v. Duncan*, 2014 MT 253, ¶ 19, 376 Mont. 348, 334 P.3d 920). This inquiry is dependent upon "whether the nonresident defendant's 'suit-related conduct' created a substantial connection with" Montana. *Tackett*, ¶ 19 (citing *Walden*, 134 S.Ct. at 1121). The relationship of a defendant with the

forum and the litigation "must arise out of contact that the 'defendant *himself*' created with the forum.'" *Buckles*, ¶ 15 (citing *Tackett*, ¶ 32) (emphasis in original). A defendant's relationship with other parties, including the plaintiff or third-parties, is an insufficient basis for personal jurisdiction. *Tackett*, ¶ 33 (quoting *Walden*, 134 S.Ct. at 1123). Alleged injury to a forum resident is insufficient to create a connection with a nonresident defendant and the forum. *Id.*, ¶ 35.

Plaintiffs contend Mont.R.Civ.P. 4(b)(1)(A) regarding "the transaction of any business within Montana" and (B) regarding "the commission of any act resulting in accrual within Montana of a tort action" are satisfied. *See* Complaint, ¶ 8. Considering subpart (A), "the exercise of personal jurisdiction is proper under M[ont].R.Civ.P. 4(b)(1)(A) where substantial interactions occur within Montana." *Milky Whey*, ¶ 27 (citations omitted). No such substantial interactions are present here. As set forth in the Brumley Affidavit, WTPA does not conduct any business in Montana. Just as entering into a contract with a resident of Montana is insufficient to determine a nonresident defendant transacted business in Montana, merely owning the copyright to publications allegedly employed by individuals in Montana as claimed by Plaintiffs is insufficient to satisfy Mont.R.Civ.P. 4(b)(1)(A). *Cimmaron*, ¶ 14 (citation omitted).

Turning to Mont.R.Civ.P. 4(b)(1)(B), a tort does not accrue in Montana when all acts giving rise to the claim(s) occur in another state. *Milky Whey*, ¶ 24 (citing *Bi-Lo Foods v. Alpine Bank*, 1998 MT 40, ¶ 31, 287 Mont. 367, 955 P.2d 154). When determining the place of accrual, Montana courts look "not to the location of the injury but [rather] to the location of the injury-causing event." *Rodoni v. Royal Outdoor Prods., Inc.*, 2019 WL 2300400, *2 (D. Mont. 2019) (citation omitted). Here, Plaintiffs have failed to identify any acts by WTPA that allegedly occurred in Montana; rather, Plaintiffs are alleging WTPA breached duties by its acts outside of Montana. Given the lack of contacts between WTPA and Montana as discussed above, any alleged failure on the part of WTPA to report allegedly known sexual abuse, to train individuals, and to investigate and respond to alleged sexual abuse, necessarily occurred outside of Montana. *See* Complaint, ¶ 62. As such, Mont.R.Civ.P. 4(b)(1)(B) is not satisfied pursuant to the reasoning in *Milky Whey* and *Rodoni*.

### 3. The Exercise of Personal Jurisdiction Over WTPA by Montana Courts Would Not Comport with Due Process

Since WTPA is not subject to either the general personal jurisdiction or the specific general jurisdiction of Montana courts as discussed above, the first part of the personal jurisdiction test is not satisfied and no further analysis is necessary. *B.T. Metal Works v. United Die and Mfg. Co.*, 2004 MT 286, ¶ 16, 323 Mont. 308, 100 P.3d 127 (citing *Simmons*, 206 Mont. at 272, 670 P.2d at 1376 (if the

nonresident defendant "did not engage in any of the several activities enumerated in [Montana's] long-arm statute, [the] analysis ends and [the] court must decline jurisdiction"). However, even if the first part of the test was satisfied, the exercise of personal jurisdiction over WTPA by this Court would not comport with due process.

Considering the first part of the due process test, whether the nonresident defendant purposefully directed its activities or consummated some transaction with the forum, it is different depending on the type of claim at issue:

> We often use the phrase "purposeful availment," in shorthand fashion, to include both purposeful availment and purposeful direction . . . but availment and direction are, in fact, two distinct concepts. A purposeful availment analysis is most often used in suits sounding in contract . . . . A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort.

*Schwarzenegger*, 374 F.3d at 802 (internal citations omitted). Since Plaintiffs' claims sound in tort, the "purposeful direction" analysis, often called the "effects" test, is at issue. *Id.*, 374 F.3d at 803 (citation omitted).

Under the effects test, a defendant "must have '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Axiom Foods, Inc. v. Acerchem Intl., Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (citations omitted). In considering the "expressly aimed" factor, Montana courts consider "the defendant's own contacts with the forum state, not to the defendant's knowledge of a plaintiff's

connection to the forum." *Mountain View Orchards v. Northwest Wholesale, Inc.*, 2020 WL 1677290, *3 (D. Mont. 2020) (citation omitted). Express aiming requires "'something more' than 'a foreign act with foreseeable effects in the forum state.'" *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 577 (9th Cir. 2018) (citation omitted). A plaintiff "cannot be the only link between the defendant and the forum." *Mountain View Orchards*, *3 (citing *Walden*, 571 U.S. at 285). As such, the question is not whether a plaintiff experienced a particular injury or effect, but rather whether the defendant's conduct connects it to the forum in a meaningful way. *Id.*

Considering the present case, WTPA merely held copyrights to published material which was allegedly used by individuals in Montana to cause harm to Plaintiffs. That fact alone, however, does not mean WTPA aimed its activities at Montana, and there is no indication WTPA created any connection with Montana in a meaningful way. Plaintiffs' general assertion that material published by WTPA was used by individuals in Montana to cause harm to Plaintiffs is also insufficient to establish WTPA knew harm was likely to by suffered in Montana by its actions or inactions. In total, the effects test is not satisfied.

Turning to the second part of the due process test, Plaintiffs' claims do not arise out of any forum-related activities on the part of WTPA. As the Montana Supreme Court has explained:

the *suit* must arise out of or relate to the defendant's contacts with the *forum*. In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.

*Gateway Hospitality Group Inc. v. Philadelphia Idem. Ins. Co.*, 2020 MT 125, ¶ 37, ___ Mont. ___, ___ P.3d ___ (citations omitted; italics in original).

As discussed above, WTPA has no Montana-related activities. WTPA has never been registered to do business in Montana, does not conduct any business in Montana, has no employees in Montana, owns no assets in Montana, has no contact with congregations of Jehovah's Witnesses located in Montana, does not establish or disseminate policy or procedure to congregations of Jehovah's Witnesses in Montana, and does not appoint or remove elders, ministerial servants or publishers in congregations of Jehovah's Witnesses in Montana. Given the absence of Montana-related activities on the part of WTPA, the second part of the due process test is not satisfied.

As to the third part of the due process test, reasonableness, the following factors must be balanced:

(1) the extent of the defendant's purposeful interjection into the forum state;

(2) the burden on the defendant in defending in the forum;

(3) the extent of the conflict with the sovereignty of the defendant's state;

(4) the forum state's interest in adjudicating the dispute;

(5) the most efficient judicial resolution of the controversy;

(6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and

(7) the existence of an alternative forum.

*Colstrip Energy LP v. JBED Ventures, LLC*, 2019 WL 4745339, *6 (D. Mont. 2019) (citation omitted). These factors are not mandatory tests; rather, they simply illustrate the concept of fundamental fairness which must be considered in each jurisdictional analysis. *Simmons Oil*, 244 Mont. at 88, 796 P.2d at 197. However, as the United States Supreme Court has stated, "the 'primary concern' is 'the burden on the defendant.'" *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, ___ U.S. ___ 137 S.Ct. 1773, 1780, 198 L.Ed.2d 395 (2017) (citation omitted).

Weighing the above factors makes clear it would be unreasonable to exercise personal jurisdiction over WTPA. The first factor weighs against exercising personal jurisdiction over WTPA as it has not purposefully injected itself into Montana. The same is true as to the second factor, as WTPA would be burdened by having to litigate the lawsuit in a forum it lacks any connection with. This burden should be paramount to this Court's analysis. *Id.*, 137 S.Ct. at 1780 (citation omitted). As to the third factor, Plaintiffs cannot argue they would be more burdened by litigating their claims against WTPA in New York or

Pennsylvania rather than Montana, as neither of them are Montana residents. *See* Complaint, ¶¶ 1-2. Turning to the fourth factor, Montana has no interest in adjudicating whether an entity like WTPA that lacks any connection to Montana committed any torts. As to the fifth factor, Montana would not be the most efficient forum since WTPA has no connection with Montana and none of the other parties are residents of Montana. *See* Complaint, ¶¶ 1-3, 5. The fact none of the parties are Montana residents also puts into question the importance of Montana to the Plaintiffs' interest in convenience and effective relief per the sixth factor, and per the seventh factor, alternative forums including New York and Pennsylvania exist.

## CONCLUSION

For the reasons set forth herein, WTPA is not subject to either the general or specific personal jurisdiction of this Court, and the exercise of personal jurisdiction over WTPA by this Court would not comport with due process. WTPA therefore respectfully requests an Order from this Court dismissing Plaintiffs' claims against it with prejudice for lack of personal jurisdiction pursuant to Rule 12(b)(2), Fed.R.Civ.P.

//

//

//

DATED this 22nd day of June, 2020.

By: /s/ Guy W. Rogers
Guy W. Rogers
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), the undersigned hereby certifies this brief complies with L.R. 7.1(d)(2)(A). According to the word-processing unit used to prepare this brief, the word count is 3,757 words excluding caption and certificates of service and compliance.

DATED this 22nd day of June, 2020.

By: /s/ Guy W. Rogers
Guy W. Rogers
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 22, 2020, a copy of the foregoing was served on the following person(s):

1. U.S. District Court, Billings Division

2. Robert L. Stepans
   Ryan R. Shaffer
   James C. Murnion
   MEYER, SHAFFER & STEPANS, PLLP
   430 Ryman Street
   Missoula, MT 59802

3. Bruce G. Mapley Sr.
   3905 Caylan Cove
   Birmingham, AL 35215

by the following means:

| 1, 2 | CM/ECF | _____ | Fax |
| _____ | Hand Delivery | _____ | E-Mail |
| 3 | U.S. Mail | _____ | Overnight Delivery Services |

By: /s/ Guy W. Rogers
Guy W. Rogers
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*