*Exhibit D*

MONTANA
STATE LAW LIBRARY

# REVISED CODES

## OF

# MONTANA

### VOLUME 1

### Part 1

### 1974 Cumulative Pocket Supplement

*Containing*

THE 1972 CONSTITUTION OF THE STATE OF MONTANA AND
AMENDMENTS TO PROVISIONS AND NEW PROVISIONS
APPROVED SINCE PUBLICATION OF REPLACEMENT
VOLUME 1 (PART 1) OF THE 1947 REVISED CODES

ANNOTATIONS SUPPLEMENTING REPLACEMENT VOLUME 1
(PART 1) THROUGH VOLUME 518, PACIFIC
REPORTER (2ND SERIES)

AND

PARALLEL REFERENCE TABLES SUPPLEMENTING
REPLACEMENT VOLUME 1 (PART 1)

*Edited by*

MALCOLM K. McCLINTICK, A.B., J.D.

and

THE PUBLISHERS' EDITORIAL STAFF

*Editorial Supervisor*

WESLEY W. WERTZ

THE ALLEN SMITH COMPANY
Publishers
Indianapolis, Indiana 46202



warranted a finding that the children were neglected and the entry of an order committing them to custody of the state. In re Corneliusen, — M —, 494 P 2d 908.

A child was properly found dependent and neglected based on mother's declaration in waiver and the consent to adoption that she could not provide care and guidance and could not perform duties of a parent. Application of Hendrickson, — M —, 496 P 2d 1115.

Minor children were dependent and neglected within meaning of the statutory definition, notwithstanding possible fitness of natural mother for their custody, where she had acquiesced and permitted them to remain in care and custody of welfare department. In re Bad Yellow Hair, — M —, 509 P 2d 9, 12.

**10-1302. Jurisdiction and venue.** (1) In all matters arising under this act, the youth court shall have concurrent jurisdiction with the district courts over all youths who are within the state of Montana for any purpose, or any youth or other person subject to this act who under a temporary or permanent order of the court has voluntarily or involuntarily removed himself from the state or the jurisdiction of the court, or any person who is alleged to have abused, neglected or caused the dependency of a youth who is in the state of Montana for any purpose.

(2) Venue shall be determined pursuant to section 10-1207, R. C. M. 1947.

History: En. 10-1302 by Sec. 3, Ch. 328, L. 1974.

**10-1303. Declaration of policy.** It is the policy of this state to provide for the protection of children whose health and welfare are adversely affected and further threatened by the conduct of those responsible for their care and protection. It is intended that the mandatory reporting of such cases by professional people and other community members to the appropriate authority will cause the protective services of the state to seek to prevent further abuses, protect and enhance the welfare of these children, and preserve family life wherever possible.

History: En. Sec. 1, Ch. 178, L. 1965; amd. Sec. 1, Ch. 292, L. 1973; Sec. 10-901, R. C. M. 1947; redes. 10-1303 by Sec. 14, Ch. 328, L. 1974.

Amendments
The 1973 amendment rewrote this section which read: "It is the policy of this state to provide for the protection of children who have had physical injury or willful neglect inflicted upon them and who, in the absence of appropriate reports concerning their condition and circumstances, may be further threatened by the conduct of those responsible for their care and protection."

**10-1304. Reports.** Any physician who examines, attends or treats a person under the age of majority, or any nurse, teacher, social worker, attorney or law enforcement officer or any other person who has reason to believe that a child has had serious injury or injuries inflicted upon him or her as a result of abuse or neglect, or has been willfully neglected, shall report the matter promptly to the department of social and rehabilitation services, its local affiliate, and the county attorney of the county where the child resides. This report shall contain the names and addresses of the child and his or her parents or other persons responsible for his or her care; to the extent known, the child's age, the nature and extent of the child's injuries, including any evidence of previous injuries, and any other information that the maker of the report believes might be helpful in establishing the cause of the injuries or showing the willful neglect and the identity of person or persons responsible therefor; and the facts which led the per-

son reporting to believe that the child has suffered injury or injuries, or willful neglect, within the meaning of this act.

History: En. Sec. 2, Ch. 178, L. 1965; amd. Sec. 2, Ch. 292, L. 1973; Sec. 10-902, R. C. M. 1947; redes. 10-1304 by Sec. 14, Ch. 328, L. 1974.

Amendments

The 1973 amendment substituted "physician" at the beginning of the section for "licensed physician and surgeon, resident or intern"; substituted "any nurse, teacher, social worker, attorney or law enforcement officer or any other person" in the first sentence for "any registered nurse, practical nurse, any visiting nurse, any schoolteacher, or any social worker acting in his or her official capacity"; inserted "the department of social and rehabilitation services, its local affiliate, and" before "the county attorney" near the end of the first sentence; substituted "where the child resides" at the end of the first sentence for "where such examination is made or such child is located"; deleted from the end of the first sentence a proviso relating to reports through the head of an institution; deleted from the beginning of the second sentence a clause requiring reduction to writing of reports initially made verbally; and made minor changes in phraseology.

**10-1305. Action on reporting.** If from said report it shall appear that the child suffered such injury or injuries or willful neglect, the social worker shall conduct a thorough investigation into the home of the child involved and into the circumstances surrounding the injury of the child and into all other matters which, in the discretion of the social worker, shall be relevant and material to the investigation. If from the investigation it shall appear that the child suffered such injury or injuries or willful neglect, the department shall provide protective services to protect the child and preserve the family. The department will advise the county attorney of its investigation.

The investigating social worker shall also furnish a written report to the department of social and rehabilitation services who shall have the responsibility of maintaining a central registry on child abuse or willful neglect cases.

History: En. Sec. 3, Ch. 178, L. 1965; amd. Sec. 3, Ch. 292, L. 1973; Sec. 10-903, R. C. M. 1947; redes. 10-1305 by Sec. 14, Ch. 328, L. 1974.

Amendments

The 1973 amendment rewrote this section to provide for investigation by the social worker and protective services by the department rather than investigation by the county attorney.

**10-1306, 10-1307. [Transferred from Chapter 9.]**

Compiler's Notes

These sections were originally numbered 10-904 and 10-905. Section 14, Ch. 328, Laws of 1974 renumbered them to appear here. Because there has been no change in text, the sections are not reprinted here but may be found in bound Volume 1, part 2, as secs. 10-904 and 10-905.

**10-1308. Confidentiality.** The case records of the department of social and rehabilitation services, its local affiliate, the county welfare department, the county attorney and the court concerning actions taken under this act shall be kept confidential unless the court determines that they should be released.

History: En. 10-1308 by Sec. 4, Ch. 328, L. 1974.

**10-1309. Emergency protective service.** Any social worker of the department of social and rehabilitation services, the county welfare department, peace officer or county attorney who has reason to believe any youth is in immediate or apparent danger of violence or serious injury shall

MONTANA
STATE LAW LIBRARY

# REVISED CODES
# OF
# MONTANA

## VOLUME 1

### Part 1

### 1975 Cumulative Pocket Supplement

*Containing*

THE 1972 CONSTITUTION OF THE STATE OF MONTANA AND AMENDMENTS TO PROVISIONS AND NEW PROVISIONS APPROVED SINCE PUBLICATION OF REPLACEMENT VOLUME 1 (PART 1) OF THE 1947 REVISED CODES

ANNOTATIONS SUPPLEMENTING REPLACEMENT VOLUME 1 (PART 1) THROUGH VOLUME 535, PACIFIC REPORTER (2ND SERIES)

AND

PARALLEL REFERENCE TABLES SUPPLEMENTING REPLACEMENT VOLUME 1 (PART 1)

*Edited by*
THE PUBLISHERS' EDITORIAL STAFF

*Editorial Supervisor*
WESLEY W. WERTZ

**THE ALLEN SMITH COMPANY**
Publishers
Indianapolis, Indiana 46202



fected and further threatened by the conduct of those responsible for their care and protection. It is intended that the mandatory reporting of such cases by professional people and other community members to the appropriate authority will cause the protective services of the state to seek to prevent further abuses, protect and enhance the welfare of these children, and preserve family life wherever possible.

History: En. Sec. 1, Ch. 178, L. 1965; amd. Sec. 1, Ch. 292, L. 1973; Sec. 10-901, R. C. M. 1947; redes. 10-1303 by Sec. 14, Ch. 328, L. 1974.

Amendments

The 1973 amendment rewrote this section which read: "It is the policy of this state to provide for the protection of children who have had physical injury or willful neglect inflicted upon them and who, in the absence of appropriate reports concerning their condition and circumstances, may be further threatened by the conduct of those responsible for their care and protection."

**10-1304. Reports.** Any physician who examines, attends or treats a person under the age of majority, or any nurse, teacher, social worker, attorney or law enforcement officer or any other person who has reason to believe that a child has had serious injury or injuries inflicted upon him or her as a result of abuse or neglect, or has been willfully neglected, shall report the matter promptly to the department of social and rehabilitation services, its local affiliate, and the county attorney of the county where the child resides. This report shall contain the names and addresses of the child and his or her parents or other persons responsible for his or her care; to the extent known, the child's age, the nature and extent of the child's injuries, including any evidence of previous injuries, and any other information that the maker of the report believes might be helpful in establishing the cause of the injuries or showing the willful neglect and the identity of person or persons responsible therefor; and the facts which led the person reporting to believe that the child has suffered injury or injuries, or willful neglect, within the meaning of this act.

History: En. Sec. 2, Ch. 178, L. 1965; amd. Sec. 2, Ch. 292, L. 1973; Sec. 10-902, R. C. M. 1947; redes. 10-1304 by Sec. 14, Ch. 328, L. 1974.

Amendments

The 1973 amendment substituted "physician" at the beginning of the section for "licensed physician and surgeon, resident or intern"; substituted "any nurse, teacher, social worker, attorney or law enforcement officer or any other person" in the first sentence for "any registered nurse, practical nurse, any visiting nurse, any schoolteacher, or any social worker acting in his or her official capacity"; inserted "the department of social and rehabilitation services, its local affiliate, and" before "the county attorney" near the end of the first sentence; substituted "where the child resides" at the end of the first sentence for "where such examination is made or such child is located"; deleted from the end of the first sentence a proviso relating to reports through the head of an institution; deleted from the beginning of the second sentence a clause requiring reduction to writing of reports initially made verbally; and made minor changes in phraseology.

**10-1305. Action on reporting.** If from said report it shall appear that the child suffered such injury or injuries or willful neglect, the social worker shall conduct a thorough investigation into the home of the child involved and into the circumstances surrounding the injury of the child and into all other matters which, in the discretion of the social worker, shall be relevant and material to the investigation. If from the investigation it shall appear that the child suffered such injury or injuries or willful neglect, the department shall provide protective services to protect the child and