IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



JUL 2 1 2020

Clerk, U S District Court
District Of Montana
Billings

|  |  |
|---|---|
| TRACY CAEKAERT, and<br>CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND<br>TRACT SOCIETY OF NEW YORK,<br>INC., WATCH TOWER BIBLE AND<br>TRACT SOCIETY OF<br>PENNSYLVANIA, and BRUCE<br>MAPLEY SR.,<br><br>Defendants. | CV 20-52-BLG-SPW<br><br>SCHEDULING ORDER |

A preliminary pretrial conference was held telephonically on July 20, 2020.

James Murnion and Robert Stepans appeared telephonically for the Plaintiffs Tracy

Caekaert and Camilla Mapley. Jon Wilson and Guy Rogers appeared

telephonically for the Defendants Watchtower Bible and Tract Society of New

York, Inc. and Watch Tower Bible and Tract Society of Pennsylvania, Inc. Bruce

Mapley, Sr. appeared pro se telephonically.  After discussion and upon the

agreement of the parties, IT IS ORDERED that:

1.     The following schedule will govern all further pretrial proceedings:

Deadline for Initial Disclosures
(stipulated change):                                          **August 3, 2020**

1

Deadline for Amending Pleadings
(Including Joinder of Parties):                    **January 15, 2021**

Disclosure of Plaintiff's Damages Experts
and Simultaneous Disclosure of Liability
Experts:                                          **September 1, 2021**

Disclosure of Defendant's Damages
Experts:                                          **October 1, 2021**

Discovery Deadline (discovery
must be served so that responses
are due on or before this date):                  **December 1, 2021**

Motions Deadline (Except Motions
to Amend Pleadings and Motions
in Limine) (fully briefed deadline):              **January 3, 2022**

Motions in Limine Deadline
(filed-by deadline):                              **February 21, 2022**

Attorney Conference to Prepare
Final Pretrial Order:                             **March 7, 2022**

E-File Final Pretrial Order,
Proposed Jury Instructions,
Proposed Voir Dire Questions,
and Trial Briefs and email to
spw_propord@mtd.uscourts.gov
(Trial Briefs are optional):                      **March 14, 2022**

Notice to Court Reporter of
Intent to Use Real-Time:                          **March 14, 2022**

Notice to I.T. Supervisor of Intent to
Use CD-ROM or Videoconferencing:                  **March 14, 2022**

Notice to Clerk's office of intent
to use JERS:                                      **March 14, 2022**

Final Pretrial Conference:                     **March 21, 2022**

                                               1:30 p.m.
                                               James F. Battin Courthouse
                                               Billings, Montana


Jury Trial (7-member jury):                    **April 4, 2022**

                                               9:00 a.m.
                                               James F. Battin Courthouse
                                               Billings, Montana


**The parties may stipulate to the extension of any of the above deadlines that precede the motions deadline, without a court order.  However, parties seeking a continuance of the motions deadline or any subsequent deadline must file a motion with the Court.  Such motions will not be granted absent compelling reasons, which do not include delay attributable to the parties' stipulated extensions.**

**IT IS FURTHER ORDERED:**

**2.  LOCAL RULES AND ELECTRONIC FILING.**

Parties are advised that revised Local Rules for the District of Montana became effective December 1, 2017, and apply in all cases pending when changes become effective.  In addition, all counsel shall take steps to register in the Court's electronic filing system ("CM-ECF").  All counsel must show cause if they are not filing electronically.  Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office. See also L.R. 1.4.

**3.  SERVICE BY E-MAIL FOR PARTIES NOT FILING ELECTRONICALLY.**

Parties not filing electronically may consent to be served by e-mail, pursuant to Fed. R. Civ. P. 5(b)(2)(E), by agreeing to such service in writing. See L.R. 1.4(c)(3).

**4. STIPULATIONS.** Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the parties stipulate

to the following facts:

None.

**5. RULES OF PROCEDURE.**

The Federal Rules of Civil Procedure and the Local Civil Rules of Procedure will govern the proceedings. Counsel are required to be familiar with and to adhere to these rules. Briefing of all motions shall be in accordance with *Local Rule 7.1(d)*.

**6. DISCOVERY.**

(a)    During discovery, exhibits shall be numbered seriatim. Numbers used for exhibits during discovery shall be identically used at trial.

(c)    Pursuant to Fed.R.Civ.P. 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

(b)    Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the parties stipulate to the foundation and authenticity of all discovery items produced in pre-trial disclosure and during the course of discovery, unless:

> (1) If counsel objects to either the foundation or the authenticity of a particular discovery item, then counsel must make a specific objection to opposing counsel, in writing, prior to the deadline for the close of discovery; and

> (2) If a discovery item is produced and the producing party objects either to its foundation or authenticity, the producing party shall so state, in writing, at the time of production.

This stipulation extends only to the document itself, not to foundation for witnesses discussing the document at trial. All other objections are reserved for trial.

## 7. EXPERT DISCLOSURE.

(a) Retained or Specially Employed

Each party is responsible for ensuring that expert reports for any witness who is retained or specially employed to provide expert testimony in the case, or whose duties as an employee of a party involve giving expert testimony, are complete, comprehensive, accurate, and tailored to the issues on which the expert is expected to testify. Expert reports must satisfy the specific requirements of Fed. R. Civ. P. 26(a)(2)(B). Objections to the timeliness or sufficiency of a Rule 26(a)(2)(B) report must be filed in the form of a motion within 14 days of the disclosure date set forth in paragraph 1, or the objection will be deemed waived. Objections related to expert witnesses or testimony on any grounds other than the timeliness or sufficiency of a Rule 26(a)(2)(B) report are appropriately raised through motions in limine submitted by the date set forth in paragraph 1, and need not be raised within this 14 day window. An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed. In this regard, a treating physician is not considered an expert witness unless the testimony offered by the treating physician goes beyond care, treatment and prognosis. If the treating physician's testimony goes beyond care, treatment and prognosis then there must be full compliance with the discovery requirements of Fed. R. Civ. P. 26(a)(2)(B).

(b) Other Witnesses Who Will Present Expert Testimony.

With respect to those expert witnesses not required to provide a written report under Rule 26(a)(2)(C), a party must serve a disclosure, identifying the evidence and stating:

      (i)    the subject matter on which the witness is expected to present evidence under Fed. R. Civ. Evid. 702, 703, or 705; and

      (ii)    a summary of the facts and opinions to which the witness is expected to testify.

## 8. REBUTTAL EXPERTS.

Any evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party as testimony or evidence to be offered by a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of a party in the case involve giving expert testimony, must be disclosed within thirty (30) days of the date set forth in paragraph 1 for expert disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii).

## 9. MOTIONS.

Pursuant to L.R. 1.4(c)(5), parties shall submit a paper copy, three-hole punched, of all filings in excess of twenty pages. By "filings," the Court means any combination of a motion, brief in support, attachments or exhibits that when taken together exceed twenty pages. All documents filed pursuant to a motion for summary judgment are subject to this requirement.

The briefing schedule for motions in limine shall proceed with response briefs due fourteen (14) days after the motion in limine and brief in support are filed. Reply briefs shall be due seven (7) days after the response is filed.

## 10. UNOPPOSED MOTIONS.

Unopposed motions shall be accompanied by a proposed order, separate from the motion. The proposed order shall be a Word or Word Perfect document with 14-point Times New Roman font, and there shall be no code or formatting in the case caption in the proposed order. The proposed order shall be e-filed under the heading "Text of Proposed Order" and e-mailed to spw_propord@mtd.uscourts.gov. Failure to comply with this procedure will result in delayed resolution of the unopposed motion.

## 11. TRIAL EXHIBITS.

(a) Counsel shall electronically exchange exhibits (by CD, DVD, e-mail, or other agreed upon method) with opposing counsel prior to the final pretrial conference. Counsel must provide a binder of paper copies of the exhibits upon request of opposing counsel.

(b) Each exhibit must show the number of the exhibit. If paper copies of the exhibits are exchanged, the binders must bear an extended tab showing the number of the exhibit. The exhibit list must identify

those exhibits which the party expects to offer and those which the party may offer if the need arises. Fed. R. Civ. P. 26(a)(3)(A)(iii).

(c)     Exhibits marked for use at trial that have not been numbered in discovery shall be marked by plaintiff using an agreed upon range of arabic numbers and by defendants using a different agreed upon range of arabic numbers. Numbers used for exhibits during discovery shall be identically used at trial.

(d)     Each exhibit document will be paginated, including any attachments thereto. <u>Exhibits shall not be duplicated</u>. An exhibit may be used by either of the parties.

(e)     Counsel shall file with the Court a CD or DVD of the exhibits, as well as one paper copy of the exhibits. The paper copy shall be formatted as described in (b), above. One copy of the original document exhibits shall be submitted for the exclusive use of the court, and will be contained in a binder. The binder shall be delivered to the office of Judge Susan P. Watters on or before the date of the final pretrial conference.

(f)     All objections to exhibits must be made at or by the final pretrial conference, or they will be deemed waived at trial.

## 12. ATTORNEY CONFERENCE FOR TRIAL PREPARATION.

Counsel for the plaintiff shall convene an attorneys' conference to prepare the Final Pretrial Order and to exchange exhibits and familiarize themselves with the proposed trial exhibits. Any objections to any exhibits or use of deposition testimony shall be included within the pretrial order, stating the grounds for the objections. *See* L.R. 16.4. Except for objections to relevancy, failure to disclose such an objection is a waiver of the objection. *See* L.R. 16.4(b)(5). The Final Pretrial Order shall comply with the form prescribed by Local Rule 16.4(c). The Final Pretrial Order must also include the provisions of Rule 26(a)(3)(A)(i)-(iii).

## 13. EXHIBITS.

(a)     Counsel shall electronically exchange exhibits (by CD, DVD, e-mail, or other agreed upon method) with opposing counsel prior to the final

pretrial conference.  Counsel must provide a binder of paper copies of the exhibits upon request of opposing counsel.

(b)     Each exhibit must show the number of the exhibit.  If paper copies of the exhibits are exchanged, the binders must bear an extended tab showing the number of the exhibit.  The exhibit list must identify those exhibits which the party expects to offer and those which the party may offer if the need arises.  Fed. R. Civ. P. 26(a)(3)(A)(iii).

(c)     Exhibits marked for use at trial that have not been numbered in discovery shall be marked by plaintiff using an agreed upon range of arabic numbers and by defendants using a different agreed upon range of arabic numbers.  Numbers used for exhibits during discovery shall be identically used at trial.

(d)     Each exhibit document will be paginated, including any attachments thereto.  <u>Exhibits shall not be duplicated</u>.  An exhibit may be used by either of the parties.

(e)     Counsel shall file with the Court a CD or DVD of the exhibits, as well as one paper copy of the exhibits.  The paper copy shall be formatted as described in (b), above.  One copy of the original document exhibits shall be submitted for the exclusive use of the court, and will be contained in a binder.  The binder shall be delivered to the office of Judge Susan P. Watters on or before the date of the final pretrial conference.

(f)     All objections to exhibits must be made at or by the final pretrial conference, or they will be deemed waived at trial.

## 14.  JURY EVIDENCE RECORDING SYSTEM (JERS).

The parties shall be prepared to use the Jury Evidence Recording System (JERS). JERS allows jurors to use a touch-screen to see the evidence admitted at trial in the jury room during their deliberations.  JERS is not designed to present evidence in the courtroom.  Counsel are responsible for showing their own exhibits during trial. Detailed information about how to use JERS, including the proper naming convention and form of exhibits, is found on the Court's website, http://www.mtd.uscourts.gov/ under the heading "Attorneys".  Parties must submit

their exhibits in proper form to the clerk's office no later than one week before trial.

## 15. FINAL PRETRIAL ORDER.

Once filed, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of the Court for good cause shown.  Expert reports, if not already filed, must be submitted at the same time as the Final Pretrial Order.

## 16. FINAL PRETRIAL CONFERENCE.

**Parties must appear in person** for the Final Pretrial Conference on the date and time set forth in paragraph 1.  Parties should be prepared to argue any motions in limine unless the Court has already ruled.

## 17. TRIAL BRIEFS.

Trial briefs are optional but if filed must be received by the Court on the date indicated in paragraph 1.

## 18. VOIR DIRE.

Each party may submit voir dire questions to be asked by Judge Watters.

## 19. JURY INSTRUCTIONS & VERDICT FORM:

(a)   The parties shall jointly prepare a set of jury instructions upon which they agree (proposed joint instructions).  These proposed jury instructions shall include all necessary stock civil instructions.  If necessary, each party may also prepare a set of proposed supplemental instructions if different from the agreed joint instructions.  **No two instructions shall be submitted with the same number.**

(b)   Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict Form:  By the date set forth in paragraph 1, any party filing electronically shall (1) file one working copy of the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-mail the same documents, plus a clean copy of each, to spw_propord@mtd.uscourts.gov.  The Court prefers Word

format.  Do not email PDF copies of these documents.

    (c)    <u>Electronic Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms</u>:  By the date set forth in paragraph 1, each party shall (1) file one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, to spw_propord@mtd.uscourts.gov.  The Court prefers Word format.  Do not email PDF copies of these documents.

## 20.  FORMAT OF JURY INSTRUCTIONS.

    (a)    The **clean copy** shall contain:
        (1)    a heading reading "Instruction No. ___";
        (2)    the text of the instruction; and
        (3)    no page numbers, line numbers, or other formatting of any kind.

    (b)    The **working copy** shall contain:
        (1)    a heading reading "Instruction No. ___";
        (2)    the text of the instruction;
        (3)    the number of the proposed instruction;
        (4)    the legal authority for the instruction;
        (5)    a description of any modifications to the instruction;
        (6)    the title of the instruction; i.e., the issue of law addressed by the proposed instruction; and
        (7)    <u>no</u> page numbers, line numbers, or other formatting of any kind.

    (c)    Jury instructions shall be prepared double-spaced in 14-point typeface and Times New Roman font.

## 21.  FINAL INSTRUCTIONS.

The parties are advised that final instructions for submission to the jury will be settled in chambers, on the record, prior to closing argument, at which time counsel may present argument and make objections.

## 22.  CALLING WITNESSES AT TRIAL.

When a witness is called to testify at trial, counsel shall provide to the clerk of court four (4) copies of a single page document providing the following information about the witness:

(a) the full name and current address of the witness;

(b) a brief description of the nature and substance of the witness's testimony;

(c) the date the witness was deposed or statement taken; and

(d) a listing of each exhibit to which the witness may refer during direct examination.

## 23.  VIDEOS OR VIDEO CONFERENCING.

Any party intending to use videotape depositions in their case must comply with the following rules:

All videos shall be edited to include only the pertinent portions.

Any objections raised to any portion of the video must be ruled on at the final pretrial conference or the objections will be waived for trial.

On the date specified in paragraph 1, any party intending to use Real-Time reporting must notify Court Reporter at 406-247-4477.  Any party intending to use CD-ROM or video conferencing for witnesses must notify Cecil Chandler at 406-247-2323 or Michael Cuthbert at 406-247-2322.

## 24.  JUDGE'S TRIAL NOTEBOOK.

The parties shall prepare a notebook for the judge, to be submitted by the Friday before trial, containing the following items for each witness they intend to call at trial:

(a) a short summary of the nature and substance of the testimony of the witness;

(b) a list of all the exhibits to be used with that particular witness;

11

(c) a list containing a description of each exhibit to be used with each witness; and

(d) a photocopy of each exhibit (when possible) to be used with each witness.

DATED the __21st__ day of July, 2020.

_Susan P. Watters_

SUSAN P. WATTERS
U.S. DISTRICT JUDGE

12