Guy W. Rogers
Jon A. Wilson
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>Defendants. | Cause No. CV 20-52-BLG-SPW<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(2), FED.R.CIV.P.** |

COMES NOW Defendant Watch Tower Bible and Tract Society of Pennsylvania (hereinafter "WTPA"), by and through its attorneys, and respectfully submits its reply brief in support of its Motion to Dismiss Pursuant to Rule 12(b)(2), Fed.R.Civ.P. Plaintiffs' Response Brief (Doc. 21) fails to carry the burden of proving the exercise of personal jurisdiction over WTPA would be proper. Thus,

for the reasons explained in WTPA's initial brief (Doc. 14) and below, this Court should grant WTPA's Motion to Dismiss (Doc. 13), and WTPA respectfully requests such relief.

## ARGUMENT

Initially, by not offering any argument to the contrary in their Response Brief, Plaintiffs concede WTPA is not subject to general personal jurisdiction in Montana. Thus, the issue is whether this Court can exercise specific personal jurisdiction over WTPA consistent with Montana's long-arm statute and due process protections. Plaintiffs have failed to carry their burden of showing WTPA is subject to specific personal jurisdiction in Montana.

### I.   Plaintiffs Improperly Dispute the Brumley Affidavit (Doc. 14-1).

While Plaintiffs' Response takes issue with the Affidavit of Philip Brumley, Esq. (Doc. 14-1), Plaintiffs' arguments are misplaced for several reasons. First, Mr. Brumley affirmatively states that in his role as General Counsel for WTPA, he has direct knowledge of the information contained therein. *See* Doc. 14-1, ¶¶ 1-2. In the summary judgment context, courts have noted: "[c]onclusory affidavits that do not affirmatively show personal knowledge of specific facts are insufficient [to show a genuine issue of material fact]." *Casey v. Lewis*, 4 F.3d 1516, 1525 (9th Cir. 1993) (Pregerson, J., concurring in part and dissenting in part) (citations omitted); *U.S. v.*

*Blaine County*, 157 F.Supp.2d 1145, 1148 (D. Mont. 2001) (citation omitted). Here, Mr. Brumley affirmatively stated his personal knowledge.

Plaintiffs also base their arguments on several irrelevant exhibits. First, Doc. 21-1 is simply a screenshot of a page on a website. As Doc. 21-1 states, WTPA "is used by Jehovah's Witnesses to *support* their worldwide work, which includes publishing Bibles and Bible-based literature." (emphasis added). Contrary to Plaintiffs' suggestions, WTPA and Jehovah's Witnesses are not one and the same. The "support" WTPA provides to Jehovah's Witnesses includes owning the copyright to the Bible and other Bible-based materials and funding international humanitarian relief efforts. *See* Second Affidavit of Philip Brumley, Esq., ¶ 3.[1] This has nothing to do with the instant lawsuit specifically or Montana generally.

Pages 2-7 of Doc. 21-2 constitute a letter on the letterhead of Watchtower Bible and Tract Society of New York, Inc., to all Bodies of Elders in the United States. The letter was not sent by or on behalf of WTPA, and includes no mention of WTPA. *See* Second Brumley Affidavit, ¶ 5. Page 8 of Doc. 21-2 is another screenshot of a page of a website that does not mention WTPA. *Id.*, ¶ 5. Nothing in Doc. 21-2 connects WTPA to Montana.

Doc. 21-3 is a personal letter from the now-deceased President of WTPA addressed to a person residing at Bethel, the world headquarters of Jehovah's

---

[1] Attached as Exhibit 1.

Witnesses located in New York, discussing an internal personnel matter. *Id.*, ¶ 6. This letter has no bearing on the instant case or Montana. Doc. 21-4 is a letter from the Office of Public Information responding to an interview request from Betsan Powys with BBC Panorama about Jehovah's Witnesses generally, not WTPA. The Office of Public Information responded to the BBC on WTPA letterhead at the time, but has subsequently become a standalone office. *Id.*, ¶ 7. This response to a request for general information from BBC Panorama, a British television program, is not connected with either this case or Montana.

Ultimately, Plaintiffs have failed to produce any evidence contradicting Mr. Brumley, and courts "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citation omitted).

## II. Exercising Specific Jurisdiction Over WTPA Would be Improper Under Montana's Long-Arm Statute and Would not Comport With Due Process.

Plaintiffs agree they have the burden of demonstrating jurisdiction over WTPA is appropriate. *See* Doc. 21, p. 4 (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)). However, Plaintiffs have failed to show exercising specific jurisdiction over WTPA would be consistent with Montana's long-arm statute or with due process.

### A. Plaintiffs Have Failed to Show WTPA, Either Personally or Through an Employee or Agent, Committed Any Act Resulting in Accrual Within Montana of a Tort Action.

Plaintiffs' sole basis for arguing they can satisfy Montana's long-arm statute is Rule 4(b)(1)(B), which provides in pertinent part that "any person is subject to the jurisdiction of Montana courts as to any claim for relief arising from the doing personally, or through an employee or agent…the commission of any act resulting in accrual within Montana of a tort action." *See* M.R.Civ.P. 4(b)(1)(B); and Doc. 21, pp. 5-6. Acts committed outside Montana do not satisfy Rule 4(b)(1)(B), M.R.Civ.P.. *Milky Whey, Inc. v. Dairy Partners, LLC*, 2015 MT 18, ¶ 24, 378 Mont. 75, 342 P.3d 13 (citing *Bi-Lo Foods v. Alpine Bank*, 1998 MT 40, ¶ 31, 287 Mont. 367, 955 P.2d 154); *see also, Future Cross Genetics, LLC v. Deiter*, 2009 WL 10701739, *4 (D. Mont. 2009). Indeed, the focus is "on where the events giving rise to the tort occurred, rather than where the plaintiffs allegedly experienced or learned of their injuries." *Techmanski v. Quanta Field Service, LLC*, 2015 WL 7005617, *2 (D. Mont. 2015) (citation omitted).

Here, Plaintiffs allege WTPA "developed and enforced the policy prohibiting church members from reporting child sex abuse to anyone outside of the church, including law enforcement." Doc. 21, p. 9. Not only is that allegation directly

disputed (*see* Doc. 14-1, ¶ 11)[2], that argument conspicuously omits even a suggestion that WTPA did anything in Montana. Where all acts giving rise to a claim occur outside Montana, a tort does not accrue in Montana. *Milky Whey, Inc.*, ¶ 24 (citation omitted). The exhibits Plaintiffs attached to their Response are of no refuge in this regard. As mentioned previously, none of those exhibits even suggest any connection between WTPA and Montana, let alone that WTPA personally committed any acts resulting in the accrual of a tort action in Montana.

Thus, no basis exists to conclude WTPA personally committed any act resulting in the accrual of a tort action in Montana. Any of WTPA's alleged acts or omissions were done outside Montana, which does not support a conclusion Rule 4(b)(1)(B), M.R.Civ.P., has been satisfied.

In addition, no basis exists to conclude WTPA, through an agent or employee, committed any act resulting in the accrual of a tort action in Montana. Plaintiffs rely on the allegations in their Complaint and contend "the church members who were aware of the abuse, but did nothing to stop it, were acting as agents of WTPA." Doc. 21, p. 9 (citing Doc. 1, ¶ 43). That assertion is insufficient to avoid dismissal. Indeed, "[p]laintiffs cannot 'rest' on the bare allegations of the Complaint[,]" but rather "must 'come forward with facts, by affidavit or otherwise, supporting personal

---

[2] Only unconverted allegations in a complaint must be taken as true for the purposes of a motion to dismiss for lack of personal jurisdiction. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

jurisdiction.'" *Cataraha v. Elemental Prism, LLC*, 2018 WL 3448283, *1 (D. Mont. 2018) (citation omitted).

Plaintiffs have produced nothing other than bare allegations to substantiate an agency relationship. Under Montana law, "[i]ntegral to any agency relationship are the elements of consent and control." *Dick Irvin v. State*, 2013 MT 272, ¶ 49, 372 Mont. 58, 310 P.3d 524 (citing *Wolfe v. Schulz Refrigeration*, 188 Mont. 511, 517, 614 P.2d 1015, 1018 (1979)). No presumption of agency exists, and as the alleging party, Plaintiffs bear the burden of showing the same. *Mid Continent Cas. Co. v. Engelke*, 337 F.Supp.3d 933, 949 (D. Mont. 2018) (citing *Elkins v. Husky Oil Company*, 153 Mont. 159, 455 P.2d 329, 332 (1969)). Plaintiffs' non-evidentiary Response is insufficient to avoid dismissal.

In total, there is no evidence WTPA either personally or through an employee or agent committed any act resulting in the accrual of a tort action in Montana. Since Plaintiffs have therefore failed to satisfy Montana's long-arm statute, further analysis is unnecessary and WTPA should be dismissed for lack of personal jurisdiction. *B.T. Metal Works v. United Die and Mfg. Co.*, 2004 MT 286, ¶ 16, 323 Mont. 308, 100 P.3d 127 (citation omitted).

### B. Exercising Jurisdiction Over WTPA Would Not Comport With Due Process.

Even if Plaintiffs' reliance on bare, unsubstantiated allegations gets them over the long-arm statute hurdle, Plaintiffs have failed to show exercising personal

jurisdiction over WTPA would comport with due process. Indeed, Plaintiffs cannot satisfy the following three-part test courts within the Ninth Circuit employ:

> (1)  the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2)  the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3)  the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*First Natl. Bank of Sioux Falls v. Estate of Carlson*, 2020 WL 1434276, *3 (D. Mont. 2020) (citations omitted).

### 1. The Applicable Purposeful Direction Test is Not Satisfied.

Regarding the first element, Plaintiffs misplace reliance on *Holland Am. Line Inc. v. Wartsila N.A., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) for the proposition the "purposeful direction" test is inapplicable. *See* Doc. 21, p. 10, fn. 2. Courts have repeatedly held the purposeful direction test applies where, as here, the claims sound in tort. *See Axiom Foods, Inc. v. Acerchem International, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (noting that since the case "sounds in tort, we employ the purposeful direction test"); *Signal Peak Energy, LLC v. Generon IGS, Inc.*, 2018 WL 5309820, *5 (D. Mont. 2018) (case where the allegations were negligence, strict products liability, and breach of warranty and the court applied the purposeful direction test

since the case sounded in tort); *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 577 (9th Cir. 2018) ("a 'purposeful direction' analysis under *Calder* [*v. Jones*, 465 U.S. 783 (1984)] 'is most often used in suits sounding in tort.'") (citation omitted); *Cataraha*, 2018 WL 3448283 at *4 ("The Ninth Circuit uses a 'purposeful direction test' in tort suits") (citations omitted).[3] Under the purposeful direction test, the inquiry is on whether the defendant: (1) committed an intentional act; (2) expressly aimed that intentional act at the forum; which (3) caused harm that the defendant knows is likely to be suffered in the forum state. *Axiom Foods, Inc.*, 874 F.3d at 1069 (citations omitted). Application of the test requires looking "to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (citation omitted).

Where, as here, the allegation is negligence, "the express aiming requirement is more difficult to satisfy." *C.S. v. Corporation of the Catholic Bishop of Yakima*, 2013 WL 5373144, *4 (E.D. Wash. 2013) (citations omitted). Indeed, as the Ninth Circuit has explained, "'something more' than just a foreseeable effect" is required to satisfy the express aiming requirement. *Pebble Beach Co. v. Caddy*, 453 F.3d

---

[3] As Plaintiffs did not refute the arguments in WTPA's Opening Brief (Doc. 14) under the purposeful direction test, but instead argued the inapplicable purposeful availment standard, WTPA's arguments set forth in its Opening Brief regarding the purposeful direction test should be deemed well-taken. *See, e.g., Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) (holding failure to address argument in answer brief resulted in waiver of the argument).

1151, 1158 (9th Cir. 2006) (citation omitted). Intentional targeting by the defendant of a resident of the forum state will satisfy the express aiming requirement. *C.S.*, 2013 WL 5373144 at *4. Merely foreseeing an impact to individuals in the forum state, on the other hand, will not satisfy the express aiming requirement. *Id.* Instead, "the plaintiff must demonstrate that the defendant made a conscious and deliberate effort to engage a resident of the forum." *Id.* (citations omitted). Even establishing that the defendant should have anticipated harm to the plaintiff is insufficient to satisfy the express aiming requirement. *Id.* at *5.

Here, Plaintiffs have failed to show WTPA targeted any resident of Montana, as none of Plaintiffs' exhibits indicate any connection to Montana, let alone express aiming. The web pages, which are from websites not aimed at Montana in any way, are insufficient. *See Key Tronic Corp. v. SMART Technologies ULC*, 2016 WL 7104252, fn 5 (E.D. Wash. 2016). Thus, Plaintiffs have failed to satisfy the express aiming element of the applicable purposeful direction test.

Plaintiffs would also be unable to satisfy the purposeful availment test if it applied. "Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum." *Pebble Beach Co.*, 453 F.3d at 1155 (citation omitted). Plaintiffs have produced no evidence of such action by WTPA.

### 2. Plaintiffs' Claims Against WTPA do Not Arise Out of WTPA's Non-Existent Forum-Related Activities.

Plaintiffs also cannot satisfy the second element of the due process test that their claims against WTPA "arise[] out of or relate[] to [WTPA's] forum-related activities." *Signal Peak Energy, LLC*, 2018 WL 5309820 at *6. Since WTPA has no forum-related activities, Plaintiffs' claims do not arise out forum-related activities of WTPA. Plaintiffs' argument that WTPA's alleged "policies and procedures for handling child sexual assault were sent to the Elders of the Hardin Congregation" are no support for Plaintiffs' personal jurisdiction argument. *See* Doc. 21, p. 13. Indeed, the assertion WTPA sent policies and procedures to the Elders of the Hardin Congregation is supported only by conclusory allegations, which are insufficient to defeat a motion to dismiss. *Fischer v. Intl. Student Exch., Inc.*, 2015 WL 2095237, *2 (D. Mont. 2015) (citation omitted). Thus, Plaintiffs cannot satisfy the second element of the due process test.

### 3. The Reasonableness Factors Weigh Against Exercising Personal Jurisdiction Over WTPA.

Since neither of the first two due process elements is satisfied as discussed above, WTPA need not "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable" as Plaintiffs suggest. *See* Doc. 21, p. 14 (citations omitted). Nevertheless, the reasonableness factors weigh against exercising jurisdiction over WTPA. Regarding the burden on WTPA,

Plaintiffs neglect to mention that WTPA is a nonprofit entity with no connections to Montana. In similar circumstances, courts have concluded the burden factor weighs in favor of a similarly situated defendant. *See C.S.*, 2013 WL 5373144 at *7. As the burden on WTPA is important to the reasonableness analysis, this factor alone weighs heavily against exercising personal jurisdiction over WTPA. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, ___ U.S. ___ 137 S.Ct. 1773, 1780, 198 L.Ed.2d 395 (2017) (citation omitted). In addition to the burden on WTPA, the fact that neither Plaintiff is a resident of Montana certainly plays into the analysis. *See C.S.*, 2013 WL 5373144 at *8. Finally, considering witnesses are not just located in Montana, but are rather scattered,[4] Plaintiffs' argument that Montana provides the most efficient forum is misplaced. For these reasons, the exercise of jurisdiction over WTPA would be unreasonable.

### III. Plaintiffs' Recent Allegation to Pierce the Alleged Corporate Veil Does Not Change the Personal Jurisdiction Analysis.

To the extent Plaintiffs' new allegation to pierce the corporate veil in their recently Amended Complaint (Doc. 22, ¶ 32) is meant to try and defeat the instant Motion, that attempt is misplaced. While personal jurisdiction can be imputed as to alter egos, a prima facie showing of two elements is required: (1) "such unity of interest and ownership that the separate entities no longer exist"; and (2) "that failure

---

[4] Plaintiffs are not in Montana, co-Defendant Mapley is not in Montana, WTPA representatives are not in Montana, and representatives of co-Defendant WTNY are not in Montana.

Reply Brief in Support of Defendant WTPA's Motion to Dismiss Pursuant to Rule 12(b)(2), Fed.R.Civ.P. - 12

to disregard the entities' separateness would result in fraud or injustice." *Consumer Financial Protection Bureau v. Think Finance, LLC*, 2018 WL 3707911, *5 (D. Mont. 2018) (citation, internal quotation marks, and internal brackets omitted). As the Ninth Circuit has explained, "[t]he alter ego test is designed to determine whether the parent and subsidiary are 'not really separate entities.'" *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1071 (9th Cir. 2015) (citation omitted). "The 'alter ego…relationship is typified by parental control of the subsidiary's internal affairs or daily operations." *Id.* (citation omitted).

WTPA and WTNY are not in a parent-subsidiary relationship. *See* Doc. 14-1, ¶ 6 ("WTPA is not the direct or indirect parent or subsidiary of any other corporation involved in this action"). Further, "WTPA has its own assets, liabilities, offices, board of directors, and officers, separate from every other entity used by Jehovah's Witnesses." *Id.*, ¶ 5. Thus, there is no basis for concluding the unity of interest element is met, much less the fraud or injustice element. Simply put, there is no reason proffered by Plaintiff to disregard the separateness of WTPA and WTNY. Accordingly, the alter ego analysis is inapplicable and should not preclude dismissal of WTPA for lack of personal jurisdiction.

## IV. Jurisdictional Discovery Should Not Be Allowed.

A decision to deny jurisdictional discovery "will not be reversed except upon the clearest showing that denial of discovery results in actual and substantial

prejudice to the complaining litigant." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (citations omitted). WTPA acknowledges this Court possesses the discretion to order jurisdictional discovery. *See Signal Peak Energy, LLC*, 2018 WL 5309820 at *7 (citations omitted). Plaintiffs' request for jurisdictional discovery should be denied because Plaintiffs have failed to explain what they expect to discover that is not already known.

Starting with Plaintiffs' assertion jurisdictional discovery is necessary "to explore the full extent of WTPA's involvement with local congregations generally and the Hardin Congregation specifically[,]" *see* Doc. 21, p. 17, the Brumley Affidavit affirmatively states that "WTPA has no contact with congregations of Jehovah's Witnesses located in Montana." Doc. 14-1, ¶ 10. Allowing jurisdictional discovery on that basis would not uncover anything that is not already known. As for Plaintiffs' request to depose WTPA and WTNY to generally probe the relationship between WTPA and WTNY, *see* Doc. 21, pp. 17-18, no discovery is necessary. As explained in Doc. 14-1, "WTPA has its own assets, liabilities, offices, board of directors, and officers, separate from every other entity used by Jehovah's Witnesses." Doc. 14-1, ¶ 5. Further, WTPA and WTNY are not in a parent-subsidiary relationship. *Id.*, ¶ 6. Thus, Plaintiffs should not be permitted to conduct a fishing expedition to discover what is already known.

## **CONCLUSION**

For the reasons set forth above and in WTPA's Opening Brief (Doc. 14), this Court should enter an Order granting WTPA's Motion to Dismiss Pursuant to Rule 12(b)(2), Fed.R.Civ.P., and WTPA respectfully requests such relief.

DATED this 27th day of July, 2020.

By: /s/ Guy W. Rogers
Guy W. Rogers
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), the undersigned hereby certifies this brief complies with L.R. 7.1(d)(2)(A). According to the word-processing unit used to prepare this brief, the word count is 3,231 words excluding caption and certificates of service and compliance.

DATED this 27th day of July, 2020.

By: /s/ Guy W. Rogers
Guy W. Rogers
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 27, 2020, a copy of the foregoing was served on the following person(s):

1. U.S. District Court, Billings Division

2. Robert L. Stepans
   Ryan R. Shaffer
   James C. Murnion
   MEYER, SHAFFER & STEPANS, PLLP
   430 Ryman Street
   Missoula, MT 59802

3. Bruce G. Mapley Sr.
   3905 Caylan Cove
   Birmingham, AL 35215

by the following means:

| 1, 2 | CM/ECF | ___ | Fax |
| --- | --- | --- | --- |
| ___ | Hand Delivery | ___ | E-Mail |
| 3 | U.S. Mail | ___ | Overnight Delivery Services |

By: __/s/ Guy W. Rogers__
Guy W. Rogers
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*