Guy W. Rogers
Jon A. Wilson
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>Defendants. | Cause No. CV 20-52-BLG-SPW<br><br>**DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD (DOC. 28)** |

COMES NOW Defendant Watch Tower Bible and Tract Society of Pennsylvania (hereinafter "WTPA"), by and through its attorneys, and respectfully submits its response in opposition to Plaintiffs' Motion to Supplement Record Re: Plaintiffs' Response to Defendant WTPA's Motion to Dismiss (Doc. 28) (hereinafter "Plaintiffs' Motion to Supplement"). Plaintiffs' attempt to supplement the record

lacks authority, is untimely, and should be rejected accordingly. However, even if this Court considers the Exhibits attached to Plaintiffs' Brief in Support (Doc. 29)—Docs. 29-1, 29-2, 29-3, 29-4, and 29-5—WTPA's Motion to Dismiss (Doc. 13) should still be granted because none of those Exhibits provide any basis for concluding Plaintiffs can satisfy their burden of demonstrating jurisdiction over WTPA is appropriate. Thus, WTPA respectfully requests that this Court issue an Order denying Plaintiffs' Motion to Supplement and granting WTPA's Motion to Dismiss Pursuant to Rule 12(b)(2), Fed.R.Civ.P. (Doc. 13) for the reasons WTPA explained in WTPA's prior briefing (Docs. 14 and 25).

## ARGUMENT

### I. Plaintiffs' Attempt to Supplement the Record Lacks Authority, is Untimely, and Should be Rejected Accordingly.

Neither Plaintiffs' Motion to Supplement nor Plaintiffs' Brief in Support provide any authority for supplementing the record after briefing on the personal jurisdiction issue has concluded, especially when the Exhibits Plaintiffs want this Court to consider—Docs. 29-1, 29-2, 29-3, 29-4, and 29-5—are documents dated long before this suit was even filed. Per Local Rule 7.1(d)(1)(D), "[a] motion is deemed ripe for ruling at the close of the time for [the non-movant's] response." L.R. 7.1(d)(1)(D). That point has long since passed. After a reply brief is filed, "[n]o further briefing is permitted without prior leave." *Id.*

While Local Rule 7.4 authorizes a "Notice of Supplemental Authority," the Rule requires the party providing notice to "set[] forth the citations and state[] the reason the authority was not cited in the party's brief." L.R. 7.4.[1] The Rule does not contemplate providing additional factual information, but rather only "new legal authority." *Butler v. United Life Ins. Co.*, 2019 WL 5302491, n. 5 (D. Mont. 2019) (citation omitted). The Exhibits Plaintiffs want this Court to consider plainly do not constitute "new legal authority." Thus, Local Rule 7.4 cannot authorize Plaintiffs' Motion.

Not only do Plaintiffs lack legal authority for bringing their Motion, they provide no explanation for failing to submit the Exhibits—which again are all documents dated long before this litigation commenced—until after the close of briefing. While Plaintiffs state they became aware of such information "as recently as August 4," *see* Doc. 29, p. 2, Plaintiffs fail to explain the significance of that assertion. If parties were given limitless opportunities to "supplement the record," briefing deadlines would be mere suggestions. Plaintiffs had their chance to satisfy their burden of demonstrating WTPA is subject to personal jurisdiction in Montana. As explained in Docs. 14 and 25, Plaintiffs failed to satisfy such burden within the

---

[1] WTPA acknowledges L.R. 7.4 provides: "No response may be filed unless the presiding judge so authorizes." However, because WTPA is disputing L.R. 7.4 authorizes Plaintiffs' Motion to Supplement (Doc. 28), WTPA does not believe this Response constitutes an impermissible "Response" under L.R. 7.4.

briefing schedule contemplated by L.R. 7.1(d)(1)(B). Plaintiffs should not be permitted to attempt to satisfy their burden via post-briefing supplementation.

Pursuant to the foregoing, Plaintiffs' Motion to Supplement should be denied. Plaintiffs have not provided supporting authority for such supplementation, and none appears to exist. Thus, this Court should deny Plaintiffs' Motion to Supplement.

## II. The New Exhibits Propounded by Plaintiffs Do Not Support Their Claim WTPA is Subject to Personal Jurisdiction in Montana.

Even if this Court does consider Plaintiffs' new Exhibits, the same do not change the proper result—WTPA being dismissed for lack of personal jurisdiction under Rule 12(b)(2), Fed.R.Civ.P. Indeed, none of the new Exhibits have anything to do with Montana whatsoever, and therefore do not support a conclusion Plaintiffs can satisfy either Montana's long-arm statute or the applicable due process test.

Looking first to Doc. 29-1, the same is a letter dated March 4, 1997, and is addressed to an Australian entity. *See* Doc. 29-1, p. 2. Any connection with the United States of America as a whole, much less Montana specifically, is conspicuously absent. Moving to Doc. 29-2, the same is a letter dated May 15, 1987 with "THE RIDGEWAY LONDON NW7 1RN ENGLAND" on the letterhead. *See* Doc. 29-2, p. 2. Once again, any connection to Montana is missing. As for Doc. 29-3, the same is a letter dated January 2, 1995, and relates to applications for Gilead School. This case has nothing to do with an application for Gilead School, and nothing about Doc. 29-3 supports any connection with Montana. Regarding Doc.

Defendant WTPA's Response in Opposition to Plaintiffs' Motion to Supplement the Record (Doc. 28) - 4

29-4, the same is a letter dated November 1, 1995 addressed to "ALL BODIES OF ELDERS IN BRITAIN." *See* Doc. 29-4, p. 2. As with Docs. 29-1 and 29-2, Doc. 29-4 has nothing to do with the United States of America, much less Montana. Finally, Doc. 29-5 appears to relate to litigation regarding the Holocaust, which has nothing to do with the instant litigation. Further, like all of the other Exhibits, Doc. 29-5 fails to show any connection to Montana.

Considering the complete absence of any Montana connection, none of the new Exhibits Plaintiffs want this Court to consider support a conclusion Plaintiffs can satisfy the pertinent provision of Montana's long-arm statute, Rule 4(b)(1)(B), M.R.Civ.P. *See* Doc. 21, p. 6 (Plaintiffs stating in their Response Brief to WTPA's Motion to Dismiss Pursuant to Rule 12(b)(2), Fed.R.Civ.P. that "[t]he long-arm act relevant here is 'the commission of any act resulting in accrual within Montana of a tort action"). The lack of any Montana connection likewise shows the new Exhibits Plaintiffs want this Court to consider do not support a conclusion exercising personal jurisdiction over WTPA would comport with due process under the applicable test sort forth in *First Natl. Bank of Sioux Falls v. Estate of Carlson*, 2020 WL 1434276, *3 (D. Mont. 2020) (citations omitted) for the same reasons explained in Docs. 14 and 25. Simply put, without any connection between WTPA, Montana, and the litigation, personal jurisdiction over WTPA cannot exist. Since Docs. 29-1 through 29-5 do not support any connection between WTPA, Montana, and the litigation,

allowing Plaintiffs to supplement the record should not change the proper result—WTPA being dismissed pursuant to Rule 12(b)(2), Fed.R.Civ.P.

## CONCLUSION

For the reasons explained above, Plaintiffs' Motion to Supplement (Doc. 28) should be denied. However, even if this Court considers the new Exhibits Plaintiffs want this Court to consider regarding the personal jurisdiction issue over WTPA, such Exhibits do nothing to satisfy Plaintiffs' burden of demonstrating jurisdiction over WTPA is appropriate. Thus, WTPA respectfully requests that this Court issue an Order denying Plaintiffs' Motion to Supplement and granting WTPA's Motion to Dismiss Pursuant to Rule 12(b)(2), Fed.R.Civ.P.

DATED this 14th day of August, 2020.

By:   /s/ Guy W. Rogers
      Guy W. Rogers
      BROWN LAW FIRM, P.C.
      *Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), the undersigned hereby certifies this brief complies with L.R. 7.1(d)(2)(A). According to the word-processing unit used to prepare this brief, the word count is 1,114 words excluding caption and certificates of service and compliance.

DATED this 14th day of August, 2020.

By: /s/ Guy W. Rogers
Guy W. Rogers
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 14, 2020, a copy of the foregoing was served on the following person(s):

1. U.S. District Court, Billings Division

2. Robert L. Stepans
   Ryan R. Shaffer
   James C. Murnion
   MEYER, SHAFFER & STEPANS, PLLP
   430 Ryman Street
   Missoula, MT 59802

3. Bruce G. Mapley Sr.
   3905 Caylan Cove
   Birmingham, AL 35215

by the following means:

| | | |
|---|---|---|
| __1, 2__ CM/ECF | | ____ Fax |
| ____ Hand Delivery | | ____ E-Mail |
| __3__ U.S. Mail | | ____ Overnight Delivery Services |

By: __/s/ Guy W. Rogers__
Guy W. Rogers
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*