Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT 59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

*Attorneys for Plaintiff*

Guy W. Rogers
Jon A. Wilson
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel: (406) 248-2611
Fax: (406) 248-3128
grogers@brownlawfirm.com
jwilson@brownlawfirm.com
*Attorneys for Defendants Watchtower Bible Tract and Society of New York, Inc., and Watchtower Bible Tract and Society of Pennsylvania.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br><br> Defendants, <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., <br>        Cross Claimant, <br><br> BRUCE MAPLEY, SR., <br>        Cross Defendant. | Case No. CV-20-52-BLG-SPW <br><br> **JOINT JURISDICTIONAL DISCOVERY PLAN** |

Pursuant to the Court's August 18, 2020 Order, Plaintiffs and Defendants Watchtower Bible and Tract Society of New York, Inc. ("WTNY"), Watch Tower Bible and Tract Society of Pennsylvania ("WTPA"), by and through their undersigned counsel, submit this proposed Joint Jurisdictional Discovery Plan for the Court's consideration.[1]

## Jurisdictional Discovery in Related Case

The jurisdictional question pending in this case is also before the Court in Cause No. CV 20-59-BLG-SPW where the Court has similarly ordered jurisdictional discovery. *See* ECF Doc. # 24. Counsel for the parties agree that the jurisdictional issues in both cases are substantially similar and the jurisdictional discovery plan should be the same in both cases. The parties further agree that, with the Court's approval, the case numbers for both cases shall appear in the caption for all jurisdictional discovery and such discovery may be used in both cases.

## Jurisdictional Discovery Does Not Limit the Right to Subsequent Fact Discovery

This discovery plan is intended to define the parameters and timing of jurisdictional discovery pursuant to the Court's Orders as it pertains to the personal

---

[1] On September 3, 2020, the parties held a telephone conference to discuss jurisdictional discovery. Pro se Defendant Bruce Mapley Sr. was invited to attend but declined.

jurisdiction of the Court over WTPA.  Thus, the parties agree and understand that written discovery and depositions conducted under this Joint Jurisdictional Discovery Plan do not count against any party's right to conduct substantive factual discovery after the Court resolves WTPA's Motion to Dismiss.

### Areas of Agreement on the Proposed Scope of Jurisdictional Discovery[2]

Counsel for the parties agree to the following scope of jurisdictional discovery:

- WTPA's contacts and communications with the local Jehovah's Witness congregations in Montana, if any, during the relevant time period.
- WTPA's activities and conduct in Montana, if any during the relevant time period.
- The Hardin Montana Jehovah's Witness congregation's contacts with WTPA, if any, during the relevant time period.

### Proposed Schedule for Jurisdictional Discovery

Counsel for the parties agree to the following schedule to complete jurisdictional discovery:

---

[2] The parties disagreed on several issues pertaining to the scope of jurisdictional discovery.  These disagreements have been summarized below.

Written discovery and service of third-party subpoenas to be completed by **February 26, 2021.** Plaintiffs agree to serve an initial set of written discovery on or before **October 15, 2020**.

> ➢ Depositions of individuals with knowledge pertinent to the jurisdictional questions before the Court by **April 30, 2021**.

The parties agree that this proposed schedule is contingent upon the timely completion of written discovery by the above deadline, which will require the parties to be diligent and timely in serving, and responding to discovery. In the event discovery disputes or other complications delay completion of written discovery, the parties shall request a status conference with the Court to resolve such disputes and modify this schedule accordingly.

### Areas of Disagreement on the Proposed Scope of Jurisdictional Discovery

Counsel for the parties disagreed on the scope of jurisdictional discovery in the following areas:

1. Relevant time period.
    a. Counsel for the parties disagree on the relevant time period. Plaintiffs believe the relevant time period is 1970 to 1995; Defendants believe the relevant time period is 1973 to 1990.
2. Whether WTPA and WTNY were a "single enterprise."

a. Counsel for the parties disagree on whether Plaintiffs should be entitled to discover facts bearing on whether WTPA and WTNY were a "single enterprise" during the relevant time period.

3. Deposition of WTNY.

    a. Counsel for the parties disagree on whether Plaintiffs should be entitled to depose WTNY as part of the jurisdictional discovery phase.

The parties will endeavor to resolve these disputes without the Court's involvement.  If those efforts are not successful, the parties will notify the Court of such and proceed as ordered.  Defendants intend to address these discovery disagreements in their Preliminary Pretrial Statement.  Plaintiffs intend to wait and see whether disputes arise in the context of specific discovery requests before bringing argument to the Court.

DATED this 23rd day of September, 2020.

By: /s/ Ryan Shaffer
Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
MEYER, SHAFFER & STEPANS PLLP
*Attorneys for Plaintiff*

By:   /s/ Guy W. Rogers
Guy W. Rogers
Jon A. Wilson
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September, 2020, a true and accurate copy of the foregoing was served on the following via email and U.S. Mail:

**VIA CM/ECF ONLY**
Guy W. Rogers
Jon A. Wilson
BROWN LAW FIRM, P.C.
315 North 24th Street
PO Drawer 849
Billings, MT  59103
grogers@brownfirm.com
jwilson@brownfirm.com

**VIA CM/ECF ONLY**
Joel M. Taylor, Esq. *pro hac vice*
Miller McNamara & Taylor LLP
100 South Bedford Road, Suite 340
Mount Kisco, NY  10549
jtaylor@mmt-law.com

**VIA U.S. MAIL ONLY**
Bruce G. Mapley, Sr.
3905 Caylan Cove
Birmingham, AL 35215

            _/s/ Ryan Shaffer_