IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCHTOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, INC., <br><br> Defendants, <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., <br>        Cross Claimant, <br><br> BRUCE MAPLEY, SR., <br>        Cross Defendant. | CV 20-52-BLG-SPW <br><br> JURISDICTIONAL DISCOVERY SCHEDULING ORDER |

A preliminary pretrial conference was held telephonically on October 8, 2020. Ryan Shaffer, Robert Stepans, and James Murnion appeared telephonically for the Plaintiffs. Jon Wilson and Aaron Dunn appeared telephonically for the Defendants. After discussion and upon the agreement of the parties, IT IS ORDERED that:

1

1. The following schedule will govern further pretrial proceedings pertaining to jurisdictional discovery:

| | |
|---|---|
| Deadline for service of Plaintiffs' initial set of written discovery: | **October 15, 2020** |
| Deadline for Plaintiffs' Response to Defendants' Jurisdictional Scope Argument: | **October 19, 2020** |
| Deadline for the completion of Written Discovery and Service of Third-Party Subpoenas: | **February 26, 2021** |
| Deadline for Depositions of Individuals with knowledge of pertinent jurisdictional questions (must be submitted to the Court by this date): | **April 30, 2021** |

**Parties seeking a continuance of any deadline listed above must file a motion with the Court. Such motions will not be granted absent compelling reasons. Following the close of jurisdictional discovery, and subsequent to the Court's ruling on Defendants' pending Motion to Dismiss, a second pretrial conference shall be scheduled to govern the remaining pretrial proceedings of the case.**

**IT IS FURTHER ORDERED:**

**2. LOCAL RULES AND ELECTRONIC FILING.**

Parties are advised that revised Local Rules for the District of Montana became effective December 1, 2017, and apply in all cases pending when changes become effective. In addition, all counsel shall take steps to register in the Court's

2

electronic filing system ("CM-ECF"). All counsel must show cause if they are not filing electronically. Further information is available on the Court's website, www.mtd.uscourts.gov, or from the Clerk's Office. See also L.R. 1.4.

### 3. SERVICE BY E-MAIL FOR PARTIES NOT FILING ELECTRONICALLY.

Parties not filing electronically may consent to be served by e-mail, pursuant to Fed. R. Civ. P. 5(b)(2)(E), by agreeing to such service in writing. See L.R. 1.4(c)(3).

**4. STIPULATIONS.** Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the parties stipulate to the following facts:

The Parties do not stipulate to any facts.

### 5. RULES OF PROCEDURE.

The Federal Rules of Civil Procedure and the Local Civil Rules of Procedure will govern the proceedings. Counsel are required to be familiar with and to adhere to these rules. Briefing of all motions shall be in accordance with *Local Rule 7.1(d)*.

### 6. DISCOVERY.

(a) During discovery, exhibits shall be numbered seriatim. Numbers used for exhibits during discovery shall be identically used at trial.

(c) Pursuant to Fed.R.Civ.P. 26(e), the parties have an affirmative obligation to supplement all discovery responses, as necessary, throughout the course of the litigation.

(b) Pursuant to Fed. R. Civ. P. 16(c)(2)(C), the parties stipulate to the foundation and authenticity of all discovery items produced in pre-trial disclosure and during the course of discovery, unless:

(1) If counsel objects to either the foundation or the authenticity of a particular discovery item, then counsel must make a specific objection to opposing counsel, in writing, prior to the deadline for the close of discovery; and

3

(2) If a discovery item is produced and the producing party objects either to its foundation or authenticity, the producing party shall so state, in writing, at the time of production.

This stipulation extends only to the document itself, not to foundation for witnesses discussing the document at trial. All other objections are reserved for trial.

DATED the 14th day of October, 2020.

*Susan P. Watters*
SUSAN P. WATTERS
U.S. DISTRICT JUDGE