Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | | |
|---|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | ) ) ) | Case No. CV-20-52-BLG-SPW |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | ) ) ) ) ) ) | **PLAINTIFFS' BRIEF RE: SCOPE OF JURISDICTIONAL DISCOVERY** |
| Defendants, | ) ) | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., Cross Claimant, | ) ) ) ) | |
| BRUCE MAPLEY, SR., Cross Defendant. | ) ) ) | |

COMES NOW the Plaintiffs, by and through its counsel of record, pursuant to the Court's October 14, 2020 Jurisdictional Discovery Scheduling Order, and respectfully submits their response to Defendants' jurisdictional scope argument.

## I.   SUMMARY OF ARGUMENT

Well established Ninth Circuit law provides that Plaintiffs are entitled to conduct jurisdictional discovery bearing on whether Defendants Watch Tower Bible and Tract Society of Pennsylvania ("WTPA") and Watchtower Bible and Tract Society of New York ("WTNY") were alter egos of each other during the period of time relevant to this case.  *See, e.g., Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F3d 1122, 1134-35 (9th Cir. 2003); *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1071-73 (9th Cir. 2015).  The Court has already ruled that Plaintiffs may conduct jurisdictional discovery to further develop facts pertaining to jurisdiction over WTPA.  Order Providing for Jurisdictional Discovery at 5 (ECF Doc. 32).  At the same time, Plaintiffs' First Amended Complaint alleges that WTPA and its closely related corporate defendant, WTNY, were alter egos of each other during the time-period relevant to this case.  First Amend. Compl. at ¶32 (ECF Doc. 22).

Consistent with this Court's prior ruling, Plaintiffs are endeavoring to discover facts pertaining to this Court's jurisdiction over WTPA, including whether it and WTNY are alter egos.  WTPA fails to cite any authority supporting

Plaintiffs' Brief re: Scope of Jurisdictional Discovery
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 2 of 12

its objection to Plaintiffs' ability to do such discovery.  To the contrary, the courts in each of the cases cited by WTPA permitted plaintiffs to do exactly what the Plaintiffs seek to do in this case: conduct jurisdictional discovery related to the corporate relationship between two very closely related corporate defendants.  The law provides that Plaintiffs are permitted to discover evidence supporting their alter ego theory, including as a basis for personal jurisdiction over WTPA.

## II.   <u>FACTUAL BACKGROUND</u>

Plaintiffs here, and in the related case of *Rowland, et. al. v. WTPA, et. al.*, allege that the Jehovah's Witnesses' church permitted, and indeed facilitated, serial sexual abuse of Plaintiffs by congregational elders and other church members in Hardin, Montana during the period 1973 to 1992.  Plaintiffs named two Jehovah's Witnesses entities as defendants: WTPA and WTNY.  Plaintiffs' complaint alleges, *inter alia*, that between 1973 and 1992:

1. Church members, including elders, in Hardin, Montana were engaged in the routine sexual abuse of young girls, aged 1 to 15;

2. Both WTPA and WTNY were aware of the sexual abuse occurring in Hardin and other congregations throughout the United States;

3. WTPA and WTNY enacted, published, distributed, and enforced church policies that required local church officials — including those in Hardin,

Plaintiffs' Brief re: Scope of Jurisdictional Discovery
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 3 of 12

MT — to protect sexual abusers and the church from scrutiny rather than stopping the sexual abuse;

4. Church officials in Hardin, MT followed the WTPA and WTNY policies of protecting sexual abusers and the church from scrutiny by choosing not to report known sexual abuse to Montana authorities as required by mandatory reporting laws, or taking any other action to stop the known sexual abuse of young girls; and

5. WTPA's and WTNY's conduct in Montana — including enacting and enforcing policies that effectively instructed church officials to ignore and permit decades of gruesome sexual abuse of young girls in Hardin — subjects them both to jurisdiction and liability in Montana.

First Amend. Compl. at ¶¶ 11-59 (ECF Doc. 22).  Material to the issue before the Court, Plaintiffs also alleged that WTNY and WTPA are alter egos of each other. *Id*. at ¶32.

WTNY answered by generally denying Plaintiffs' allegations and did not contest personal jurisdiction.  *See generally* Answer to First Amend. Compl. (ECF Doc. 27).  WTPA did not answer but filed a Motion to Dismiss Pursuant to Rule 12(b)(2).  (ECF Doc. 13).  In particular, based on the sworn affidavits of its in-house counsel, WTPA asserts that it has no role in church activities besides owning copyrights of church publications and there is no basis for personal jurisdiction

Plaintiffs' Brief re: Scope of Jurisdictional Discovery
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 4 of 12

over WTPA in Montana for the events at issue in this case.  Aff. of Philip Brumley,

Esq. (ECF Doc. 14-1); Second Aff. of Philip Brumley, Esq. (ECF Doc. 26).

In response to WTPA's Motion to Dismiss, Plaintiffs submitted several

documents that this Court already determined "show WTPA may have played a

greater role in the church's governance in the past[.]".  Order Providing for

Jurisdictional Discovery, at 5 (ECF Doc. 32).  Accordingly, the Court ordered

jurisdictional discovery because "a more satisfactory showing of the facts is

necessary for the Court to resolve" the personal jurisdiction issue.  *Id.* at 5 (citing

*Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

The Court further ordered the parties to confer and propose a discovery plan

for jurisdictional discovery.  *Id.* at 6-7.  However, counsel was unable to agree on

the scope of jurisdictional discovery.  Plaintiffs believe that discovery should

include topics related to their allegations that WTPA and WTNY are alter egos of

each other (such that the actions of one can be imputed to the other).  Defendants

believe Plaintiffs should not be permitted to conduct such discovery.

## III.   <u>LAW</u>

As this Court already set forth in its Order Providing for Jurisdictional

Discovery: "A district court's decision to permit jurisdictional discovery is a matter

of discretion.  'Discovery may be appropriately granted where pertinent facts

bearing on the question of jurisdiction are controverted or where a more

Plaintiffs' Brief re: Scope of Jurisdictional Discovery
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 5 of 12

satisfactory showing of the facts is necessary.'"  2 (citing *Boschetto*, 539 F.3d at 1020; quoting *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977)).

For purposes of personal jurisdiction, "a subsidiary's contacts may be imputed to the parent where the subsidiary is the parent's alter ego, or where the subsidiary acts as the general agent of the parent." *Harris Rutsky*, 328 F.3d at 1134. (citing cases).  To satisfy the personal jurisdiction alter ego test, "the plaintiff must make out a prima facie case '(1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to disregard [their separate identities] would result in fraud or injustice.'" *Id.*

## IV.   ARGUMENT

Plaintiffs have properly plead an alter ego theory and they are entitled to conduct discovery on that theory.  As set forth in *Harris Rutsky* and *Ranza*, Plaintiffs should be permitted to discovery on the identities of WTPA's and WTNY's executives and board of directors during the relevant time period, whether WTPA and WTNY comingled assets during the relevant time period, and whether WTPA controlled and directed the activities of WTNY.  *See Harris Rutsky*, 328 F.3d at 1134-35; *see also Ranza*, 793 F.3d at 1071-75.  WTPA offers

Plaintiffs' Brief re: Scope of Jurisdictional Discovery
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 6 of 12

no authority to the contrary and no authority justifying their objection to such discovery.

The affidavits of WTPA in-house counsel Brumley –WTPA's only supporting evidence for its motion to dismiss - have created more questions than answers.  First, Mr. Brumley fails to address WTPA's corporate relationship with WTNY during the period 1973-1992.  Instead, Mr. Brumley asserts—in the present tense—that WTPA "has its own assets, liabilities, offices, board of directors, and offices, separate from every other entity used by Jehovah's Witnesses" and that "WTPA is not the direct or indirect parent or subsidiary of any other corporation involved in this action."  Aff. of Brumley at ¶¶ 5-6.  In sum, WTPA's only evidence on personal jurisdiction conspicuously fails to address the period relevant to this case.

As this Court has noted, there is evidence that in 1999 WTPA was "directing the administrative and religious work of Jehovah's Witnesses worldwide."  Doc 29-5 at 3 (quoted in Doc 32 at 4-5).  This appears to be true as far back as the 1970's, when WTPA was the parent corporation of WTNY:

➢ The Jehovah's Witnesses' Branch Organization manual, published by

   WTPA in 1977 states that WTPA was the parent corporation of WTNY:

> The Watch Tower Bible and Tract Society of Pennsylvania is
> the parent corporate agency of Jehovah's Witnesses.  It works
> with subsidiary legal agencies such as the Watchtower Bible

Plaintiffs' Brief re: Scope of Jurisdictional Discovery
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 7 of 12

and Tract Society of New York . . . for carrying on the business
that must be done in order to print and ship the good news.
Branch Organization manual at 1-4 (attached as **Exhibit A**).

Additionally, there is significant evidence that WTPA did far more than hold

copyrights to church material as asserted by Mr. Brumley and was instead in close

control of the day to day operations of the religion (or "Society").  For instance:

➢ The Jehovah's Witnesses' Kingdom Ministry School Course is a document

   "compiled and published" by WTPA in 1972 that provided direction to

   local congregational elders on all manner of Jehovah's Witnesses policies,

   including policies regarding how local congregations should handle

   wrongdoing by elders and other members of the church.  Jehovah's

   Witnesses' Kingdom Ministry School Course, at 114-135 (attached as

   **Exhibit B**).

➢ The previously referenced Jehovah's Witnesses' Branch Organization

   manual, published by WTPA in 1977, instructed people to send donations

   directly to WTPA:

   Donations of money may be made to the Society in the form of
   contributions payable to Watch Tower Bible and Tract Society
   of Pennsylvania in the United States.  **Ex. A**, at 22-1.

➢ In 1989, the Jehovah's Witnesses were soliciting donations of money, real

   estate, and "jewelry or other valuables" and asking that they be sent

Plaintiffs' Brief re: Scope of Jurisdictional Discovery
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 8 of 12

directly to WTPA.  December 1, 1989 Watchtower Magazine (attached as

**Exhibit C**).

➢ As recently as 1999, WTPA was instructing congregations in Australia on
how to handle allegations of child sex abuse.  Jan. 21, 1999 letter from
Jehovah's Witnesses' United States Branch Executive Office to
Watchtower Society Australia (signed by WTPA) (attached as **Exhibit D**).

Plaintiffs' evidence supports the allegations in the complaint that WTPA and

WTNY were alter egos during the time period relevant to this case.  Even the

limited evidence available in advance of jurisdictional discovery shows WTPA

directing congregations related to child abuse matters and collecting funds on

behalf of the "Society.".

At the same time, there are many material details of WTPA's relationship

with WTNY that cannot be resolved with publicly available information, including

but not limited to: the identities of both entities' executives and board of directors

during the relevant time-period; whether WTPA and WTNY comingled assets

during the relevant time period; whether WTPA is collecting and holding assets

while WTNY holds liabilities; and the degree to which WTPA controlled and

directed the activities of WTNY or vis-a-versa.  Ninth Circuit law provides for

discovery to unearth these sorts of facts when analyzing personal the jurisdiction of

closely related corporate entities.  *See Harris Rutsky*, 328 F.3d at 1134-35; *see also*

Plaintiffs' Brief re: Scope of Jurisdictional Discovery
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 9 of 12

*Ranza*, 793 F.3d at 1071-75.  It would be improper apply the alter-ego test prior to discovery of the relevant facts.

In *Harris*, the plaintiffs named two corporate defendants: one subsidiary with direct contacts to the forum and a parent company without direct contacts to the forum.  328 F.3d at 1134.  The plaintiffs alleged that the two defendant companies were alter egos and sought personal jurisdiction over the parent company on that basis alone.  The district court dismissed the parent company for want of personal jurisdiction and denied plaintiffs' motion for jurisdictional discovery.  On appeal, the Ninth Circuit reversed and remanded to permit jurisdictional discovery because "The record is simply not sufficiently developed to enable us to determine whether the alter ego or agency tests are met.  This is so because the district court denied ASR's motion for jurisdictional discovery."  *Id.* at 1135.  The Ninth Circuit could not be clearer that jurisdictional discovery should be permitted "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Data Disc,* 557 F.2d at 1285 n. 1.  Plaintiffs should accordingly be allowed to conduct discovery into WTPA's and WTNY's corporate relationship.

## V.    <u>CONCLUSION</u>

The limited documents currently available to Plaintiffs support the alter-ego allegations in the complaint and show that WTPA held itself out as the parent

Plaintiffs' Brief re: Scope of Jurisdictional Discovery
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 10 of 12

corporation of WTNY during the time period relevant to this case.  They show that WTPA directed many day-to-day operations of the Society including those related to child abuse.  However, the full extent of WTPA's and WTNY's corporate relationship is unknown, and the inconsistencies in Mr. Brumley's affidavits show WTPA's self-serving and conclusory statements cannot be taken at face value.  In line with Ninth Circuit precedent, Plaintiffs should be permitted to conduct discovery into WTPA's and WTNY's corporate relationship before this Court rules whether it can exercise personal jurisdiction over WTPA.

DATED this 19th day of October, 2020.

MEYER, SHAFFER & STEPANS, PLLP

   /s/ Ryan Shaffer
By: Ryan R. Shaffer

*Attorneys for Plaintiffs*

Plaintiffs' Brief re: Scope of Jurisdictional Discovery
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 11 of 12

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of October, 2020, a true and accurate copy of the foregoing was served on the following via email and U.S. Mail:

**<u>VIA CM/ECF ONLY</u>**
Guy W. Rogers
Jon A. Wilson
Aaron M. Dunn
BROWN LAW FIRM, P.C.
315 North 24th Street
PO Drawer 849
Billings, MT  59103
grogers@brownfirm.com
jwilson@brownfirm.com
adunn@brownfirm.com

**<u>VIA CM/ECF ONLY</u>**
Joel M. Taylor, Esq. *pro hac vice*
Miller McNamara & Taylor LLP
100 South Bedford Road, Suite 340
Mount Kisco, NY  10549
jtaylor@mmt-law.com

**<u>VIA U.S. MAIL ONLY</u>**
Bruce G. Mapley, Sr.
3905 Caylan Cove
Birmingham, AL 35215

                    /s/ Ryan Shaffer

Plaintiffs' Brief re: Scope of Jurisdictional Discovery
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 12 of 12