*Exhibit D*

# UNITED STATES BRANCH
EXECUTIVE OFFICES

GSC/AS   January 21, 1999   No. 176S

Via CompuServe

Watch Tower Society
AUSTRALIA

Dear Brothers:

We are writing further to you on the subject of child abuse. We understand some of the questions set out in your letter of October 29, 1997, No. 121 were not answered. We have in our files a letter dated December 16, 1997 discussing these matters, but it appears this was never sent to you, but was mistakenly filed away. We apologize for this. We will now address your questions.

It is understood that if the law requires elders to report cases of child abuse, they should comply with the law and do so. Of course, it would be better if the person confessing to having engaged in such activity would himself report it, but if he does not do so, the elders should do it. Where the law does not obligate the elders to report cases that come to their attention, there is no need for them to do so, but if the matter becomes known to the authorities and they are required to disclose information they have in their possession, they will do so unless they can claim ecclesiastical privilege.

In view of this, we do not think there will be any problem in following the procedure in *ks*91, page 97 regarding having the body of elders appoint two elders to see whether there is substance to an accusation. The body of elders would no doubt assign the elder to whom the accusation is made and probably the presiding overseer to investigate the matter. Of course, what has been stated in previous letters about contacting the Society should be followed in these cases.

You raised the question as to how much should be said when notifying the elders in a congregation to which a "known child molester" moves. We believe that what is said in the Society's March 14, 1997 letter can be followed without difficulty. The letter of introduction should also state what the elders in the former congregation have been doing to assist him and any needed cautions should be provided to the body of elders in the new congregation. The supplemental school for elders held early in 1997 had some additional material that may be helpful. Please refer to part 135 for this. You should keep in mind that the March 14, 1997 letter was prepared with a view toward qualifications for appointed service and does not address legal obligations, including the duty to report.

As to the question of reporting a matter that is many years old to the authorities when such an individual moves to a state where reporting is mandatory, the elders should determine what the law requires and comply with that. You now have the letter from the Service Committee dated GSC:AD December 31, 1998, No. 164S concerning the appointment of persons after 20 years

AUSTRALIA
GSC/AS January 21, 1999 No. 176S
Page 2

has passed. Of course, this refers to theocratic procedures within the congregation. What should be done with regard to reporting would depend on what the local law states.

You asked whether the elders should tell the accused that they are obligated to make a report where such is the case. Probably from a legal viewpoint there is no obligation to tell the accused that a report will be made, but we do think that from the moral viewpoint the accused should be told what the law requires and that we have an obligation to comply with it. Even if there is no legal requirement that we make a report, it would be a kindness to the accused to let him know that should the matter later become known to the authorities, the law may require the elders to reveal what they know of the matter. (Romans 13:4; Matt. 22:21) You were given approval in a letter from the Service Committee dated GSC:AS July 24, 1998 to publish some information in your edition of *Our Kingdom Ministry* concerning keeping certain matters confidential. We do not know whether this has been done yet, but it should prove helpful to the elders in these circumstances.

If a report is made, it would be preferable to keep only a brief record in the file that a report was made. However, if a written report is made, or a written statement is taken, then a copy of that report or statement should be retained in the congregation's file. Of course, if a judicial committee is formed, the normal documentation would be retained in the files.

Concerning the possibility that brothers from Bethel may be called upon as witnesses, we do not see that there is much risk in that, since in most cases the authorities will look to the local congregation for witnesses and records about a particular case. It would be a rare case where the local brothers would not have the information but those in Bethel would. As to the attorney-client privilege, it is our understanding that those working under the supervision of a lawyer are also protected by the privilege. Therefore, discussions with those brothers in your Legal Department who take calls under the supervision of an attorney should be protected by the privilege. Of course, the matter may need to be reported to the Service Department, and we do not know whether the privilege could be extended to them. In any event, it should be a rare case when one of these brothers would be called as a witness.

Thank you for your continued concern regarding the serious matter of child abuse. We all look forward to the time when such conduct will no longer occur. We regret the delay in sending you this information, and hope what we have now stated will be helpful.

Please be assured of our warm Christian love and best wishes.

Your brothers,

Watch Tower Bible and Tract Society
of Pennsylvania

For the Service Committee

CAEKAERT/MAPLEY 000341