Guy W. Rogers
grogers@brownfirm.com
Jon A. Wilson
jwilson@brownfirm.com
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq.
jtaylor@mmt-law.com
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, NY 10549
Telephone/E-Fax: (845) 288-0844
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>Defendants. | Cause No. CV 20-52-BLG-SPW<br><br>**STIPULATED PROTECTIVE ORDER** |

| | |
|---|---|
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. | ) ) ) ) ) |
| Cross-Claimant, | ) ) ) |
| vs. | ) ) ) |
| BRUCE MAPLEY SR., | ) ) ) |
| Cross-Claim Defendant. | ) ) |

Plaintiffs Tracy Caekaert and Camillia Mapley (hereinafter "Plaintiffs"), by and through their counsel, and Defendants/Cross-Claimants Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY") and Watch Tower Bible and Tract Society of Pennsylvania, Inc. (hereinafter "WTPA") (collectively hereinafter "WT Defendants"), by and through their counsel, hereby stipulate as follows:

1. Plaintiffs have requested in Court-ordered jurisdictional discovery[1] certain documents and information from WT Defendants that contain private, confidential, and/or proprietary business information, including but not limited to financial information.[2] Such private, confidential, and/or proprietary business

---

[1] See Docs. 32, 42, and 47
[2] At the time of this Stipulated Protective Order, the Court has only allowed jurisdictional discovery. Nothing herein is intended to limit the parties' ability to amend this Stipulated Protective Order or enter into a new protective order after the conclusion of jurisdictional discovery.

Stipulated Protective Order - 2

information is hereinafter referred to as "Confidential Information" for purposes of this Stipulated Protective Order.

2. Pursuant to this Stipulated Protective Order, WT Defendants may designate items of discovery or other information produced or disclosed to Plaintiffs as Confidential Information. Such a designation shall make such items and all copies, prints, summaries, or other reproductions of such information subject to this Stipulated Protective Order.

3. Any document or information designated as Confidential Information by WT Defendants shall be clearly stamped or labeled "Confidential."

4. WT Defendants shall designate documents or other information produced as Confidential Information with a clearly stamped or labeled "Confidential" identifier in good faith.

5. Confidential Information may be disclosed only to the following persons:

    a. The Parties and their counsel of record, counsel of record's partners, associates, clerks, legal assistants, secretarial personnel, co-counsel, and/or those regularly employed by counsel of record;

    b. Persons who are, or who are the employees of, independent experts, consultants, document managers, and litigation support contractors retained by counsel or parties to this action;

    c. Officers of corporate parties named in this action, and individuals named in this action;

    d. The Court, court personnel, including stenographic reporters; and

    e. Any actual or prospective witness in this litigation, except that such a person may only be shown a matter designated as Confidential Information during, or in preparation of, his or her testimony, and only to the extent necessary for such preparation or testimony.

6. Persons who are provided documents produced subject to this Stipulated Protective Order pursuant to the provisions herein may use or disclose such documents only in connection with, or preparation for, settlement negotiations, trial, and other proceedings in the above referenced matter only and not for any other purpose, and may not at any time show, display, reveal, disseminate, or discuss such documents or the contents thereof to or with any person(s) other than those listed herein, without consent of the other parties or leave of Court.

7. Nothing in this Stipulated Protective Order shall limit the rights of the parties to object to any evidence at trial or other evidentiary proceeding in this case on grounds other than those related to this Stipulated Protective Order.

8. If any Confidential Information produced subject to this Stipulated Protective Order is attached as an exhibit to motions or other filings with the Court,

such exhibit(s) shall be attached to the motion or filing for the Court's review under seal pursuant to L.R. 5.2.

9. If any Confidential Information produced subject to this Stipulated Protective Order is made an exhibit at any deposition, such deposition exhibit(s) shall be filed under seal and continue to be treated as Confidential Information as set forth herein.

10. The parties understand that any Confidential Information relied upon by the Court in resolving any issue before the Court, including Confidential Information filed under seal as set forth herein, will be made public contemporaneously with the Court's ruling on the issue.

11. Any objection to the classification or identity of documents identified as Confidential Information shall come with a written notification to all counsel. If an informal resolution cannot be reached, the producing party shall move the Court for a Protective Order for the specific objected to document(s). During the period of time while a Protective Order is pending and until resolution by the Court, said document(s) shall remain subject to the terms and conditions of this Stipulated Protective Order.

12. Documents or other materials subject to this Stipulated Protective Order may only be used in the following two cases: *Tracy Caekaert et al. v. Watchtower Bible and Tract Society of New York, Inc., et al.*, Cause No. CV-20-52-

BLG-SPW in the United States District Court for the District of Montana, Billings Division; and *Ariane Rowland et al. v. Watchtower Bible and Tract Society of New York, Inc., et al.*, Cause No. CV-20-59-BLG-SPW in the United States District Court for the District of Montana, Billings Division. Documents or other materials subject to this Stipulated Protective Order may not be used in any other claim or case, and may not be disseminated after final resolution of this action. The parties agree to maintain the confidentiality of all materials subject to this Stipulated Protective Order upon termination of this action, whether by settlement or final judgment, unless subject to a court order superseding this Stipulated Protective Order.

13. Upon termination of this action, Confidential Information disclosed pursuant to this Stipulated Protective Order shall be destroyed by the receiving party. The receiving party's counsel agrees to certify in writing to counsel for the producing party that this provision of this Stipulated Protective Order has been satisfied.

14. This Stipulated Protective Order is intended to preserve the privacy, confidentiality, and proprietary nature of such documents and information.

15. This Stipulated Protective Order may be amended following resolution of WTPA's pending Motion to Dismiss Pursuant to Rule 12(b)(2), Fed.R.Civ.P.[3] upon agreement by all parties involved.

---

[3] *See* Doc. 13.

DATED this 4th day of March, 2021.

                        By:  /s/ Guy W. Rogers
                               Guy W. Rogers
                               Jon A. Wilson
                               BROWN LAW FIRM, P.C.
                               *Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*

DATED this 4th day of March, 2021.

                        By:  /s/ Ryan Shaffer
                               Robert L. Stepans
                               Ryan R. Shaffer
                               James C. Murnion
                               MEYER, SHAFFER & STEPANS, PLLP
                               *Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that, on March 4, a copy of the foregoing was served on the following person(s):

1. U.S. District Court, Billings Division

2. Robert L. Stepans
   Ryan R. Shaffer
   James C. Murnion
   MEYER, SHAFFER & STEPANS, PLLP
   430 Ryman Street
   Missoula, MT 59802

3. Bruce G. Mapley Sr.
   3905 Caylan Cove
   Birmingham, AL 35215

4. spw_propord@mtd.uscourts.gov

by the following means:

| 1, 2 | CM/ECF | | Fax |
|---|---|---|---|
| | Hand Delivery | 4 | E-Mail |
| 3 | U.S. Mail | | Overnight Delivery Services |

By: /s/ Guy W. Rogers
Guy W. Rogers
Jon A. Wilson
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*