Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Case No. CV-20-52-BLG-SPW |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL JURISDICTIONAL DISCOVERY RESPONSES AND FOR COSTS AND FEES** |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | |
| Defendants, | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., Cross Claimant, | |
| BRUCE MAPLEY, SR., Cross Defendant. | |

# TABLE OF CONTENTS

I.   INTRODUCTION AND SUMMARY OF PLAINTIFFS' ARGUMENT .........1

II.  FACTUAL AND PROCEDURAL BACKGROUND .......................................2

   a.  Plaintiffs' Substantive Claims ...............................................................2

   b.  WTPA's Motion to Dismiss re: Personal Jurisdiction ......................2

   c.  The Scope of Jurisdictional Discovery ................................................3

   d.  Discovery Completed to Date ...............................................................4

III. ARGUMENT ...............................................................................................4

   a.  Relevant Law .........................................................................................4

   b.  Defendants Refuse to Identify Which Specific Objections They Are
      Relying on to Withhold Documents and Information .......................5

   c.  WTPA and WTNY Rely on an Unreasonable "Time-Period" Objection........8

   d.  Defendants' Time-Period Objection and Rule 30b6 Deposition Topics .......11

   e.  Additional Disagreements ...................................................................13

     1.  Interrogatories 6-7 to WTNY .......................................................13

     2.  Interrogatory No. 9 and 15 to WTNY and Nos. 25 and 26 to WTPA ........14

     3.  RFA Nos. 4, 6, and 7 to WTPA ...................................................17

     4.  RFA Nos. 14 and 26 to WTPA ...................................................19

     5.  RFP 61 to WTPA ...........................................................................21

     6.  Defendants' Efforts to Search and Obtain Requested Documents
        and Information ...........................................................................21

IV.  CONCLUSION ...........................................................................................22

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*

i

# TABLE OF AUTHORITIES

**Cases**

*Boschetto v. Hansin*g,
 539 F.3d 1011 (9th Cir. 2008) ..................................................................3

*Donahay v. Palm Beach Tours & Transp., Inc.,*
 242 F.R.D. 685 (S.D. Fla. 2007)..............................................................18

*Hansel v. Shell Oil Corp.,*
 169 F.R.D. 303 (E.D.Pa.1996)..................................................................16

*Thalheim v. Eberheim*,
 124 F.R.D. 34 (D. Conn. 1988) ................................................................17

*Wagner v. St. Paul Fire & Marine Ins. Co.*,
 238 F.R.D. 418 (N.D.W. Va. 2006).............................................................4

**Rules**

Fed. R. Civ. P. 26 committee notes, 1983 Amendment, Subdivision (g)...........4, 17

Fed. R. Civ. P. 26(b)(1)...............................................................................12

Fed. R. Civ. P. 26(g)(1)..............................................................................5

Fed. R. Civ. P. 33(b)(3)..............................................................................16

Fed. R. Civ. P. 34 advisory committee notes (2015).................................5

Fed. R. Civ. P. 34(b)(2)(C) ........................................................................5

Fed. R. Civ. P. 36 ......................................................................................19

L.R. 26.3(a)(2) ..........................................................................................13

# EXHIBIT INDEX

| EHXIBIT NO. | PAGES | DESCRIPTION |
|---|---|---|
| A | 10 | March 8, 2021 WTPA's Resp. to Plfs.' RFP No. 61 |
| B | 11 | March 22, 2021 Brown Law Firm Correspondence |
| C | 20 | Excerpts from 1972 Kingdom Ministry School Course |
| D | 3 | November 1, 1995 WTPA Letter to All Bodies of Elders |
| E | 19 | March 8, 2021 WTPA's Resp to RFPs 73 – 78; April 19, 2021 WTPA's Supp. Resp. to RFPs 76, 78 |
| F | 7 | Def. WTNY's Ans. to Plfs.' Ints. 6, 7 |
| G | 3 | Excerpts from December 15, 1997 Branch Organization manual |
| H | 29 | March 8, 2021 WTNY's Ans. to Plfs.' Int. No. 9, 15; December 29, 2020 WTPA's Ans. to Plfs.' Int. No. 25, 26; WTPA's Supp. Ans. to Plfs' Int. No. 26 |
| I | 3 | S-2B Form re Servant Recommendation Form |
| J | 7 | March 8, 2021 Def. WTPA's Ans. to RFA No. 4, 6, 7 |
| K | 10 | December 29, 2020 WTPA's Ans. to Plfs.' RFA No. 14 |
| L | 10 | March 8, 2021 WTPA's Ans. to Plfs.' RFA No. 26 |

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
iii

Plaintiffs, by and through counsel of record, respectfully submit the following Brief in Support of their Motion to Compel.

## I.   INTRODUCTION AND SUMMARY OF PLAINTIFFS' ARGUMENT

Plaintiffs have been engaged in written discovery on the question of WTPA's personal jurisdiction in Montana for over six months.  After extensive efforts to resolve lingering disputes proved unsuccessful, Plaintiffs now come to the Court seeking assistance because:

1. WTNY and WTPA lodged objections to nearly every discovery request while also providing some responsive documents and information without clearly identifying where they have withheld responsive materials.

2. WTNY and WTPA refuse to produce any document or information that existed prior to 1973 on the grounds that it predates the Plaintiffs' sexual abuse.  However, no law, rule or court order supports such an objection.  To the extent that information is relevant to WTPA's contacts with and activities in Montana between 1973 and 1992, it is discoverable, including documents that may have been published or copyrighted before 1973, if, for example, it was a document referenced or relied on by the Hardin congregation's handling of Plaintiffs' sexual abuse allegations.

3. Defendants persist in evasive answers and word games as a tactic to avoid specific discovery requests.

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 1 of 28

## II.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

### a.  Plaintiffs' Substantive Claims

Plaintiffs here, and in the related case *Rowland, et. al. v. WTPA, et. al.*, allege that the Defendants permitted and facilitated serial sexual abuse of Plaintiffs by congregational elders and other church members in Hardin, Montana during the period 1973 to 1992.  Plaintiffs named two entities as defendants: WTPA and WTNY.  Plaintiffs' allege, *inter alia*, that WTPA and WTNY: (1) were operating as alter egos of each during the period in question; (2) were made aware of the abuse; and (3) chose to allow the abuse to continue by ignoring credible reports and directing congregation leaders in Hardin not to report the abuse to local authorities.  First Amend. Compl. at ¶¶ 11-59 (ECF Doc. 22).

### b.  WTPA's Motion to Dismiss re: Personal Jurisdiction

In response to Plaintiffs' Complaint, WTPA filed a Motion to Dismiss Pursuant to Rule 12(b)(2).  (ECF Doc. 13).  Based on the affidavit(s) of its in-house counsel, WTPA argues that it has no role in church activities besides owning copyrights of church publications and there is no basis for personal jurisdiction over WTPA in Montana for the events at issue in this case.  Aff. of Philip Brumley, Esq. (ECF Doc. 14-1); Second Aff. of Philip Brumley, Esq. (ECF Doc. 26).  Based on documents Plaintiffs filed in response, the Court determined "WTPA may have played a greater role in the church's governance in the past[.]".  Order Providing

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 2 of 24

for Jurisdictional Disc., 5 (ECF Doc. 32).  Accordingly, the Court ordered

jurisdictional discovery because "a more satisfactory showing of the facts is

necessary for the Court to resolve" the personal jurisdiction issue.  *Id.* at 5 (citing

*Boschetto v. Hansin*g, 539 F.3d 1011, 1020 (9th Cir. 2008)).

### c.  The Scope of Jurisdictional Discovery

The parties conferred on the scope of jurisdictional discovery and agreed

that WTPA's direct relationship with Montana was an appropriate topic.  Joint

Jurisdictional Disc. Plan, 3 (ECF Doc. 36).  However, the Defendants opposed

Plaintiffs' argument seeking discovery related to Plaintiffs' alter ego theory.  Def.

WTPA's Prelim. Pretrial Statement, 9-13 (ECF Doc. 38); Def. WTNY's Prelim.

Pretrial Statement, 28-29 (ECF Doc. 29); Plfs.' Br. re: Scope of Jurisdictional Disc.

(ECF Doc. 44).  In support of their argument, Plaintiffs submitted additional

documents showing Mr. Brumley's affidavits were incomplete or misleading.

(ECF Doc. 44-1, 44-2, 44-3, 44-4).  The Court found that "Plaintiffs have

presented sufficient evidence demonstrating WTPA may have played a more

significant role directing the administrative work of WTNY and the Jehovah's

Witnesses generally in the 1970s through the 1990s."  Order re Scope of

Jurisdictional Disc., 4 (ECF Doc. 47).  Accordingly, the Court permitted Plaintiffs

"to conduct discovery into WTPA's and WTNY's corporate relationship from

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 3 of 24

1973 to 1992." *Id.* at 5.  No time-period restriction was imposed on other aspects of jurisdictional discovery.

### d.  Discovery Completed to Date

Plaintiffs served three sets of written discovery on WTPA and two sets of written discovery on WTNY.  With the exception of Plaintiffs' first set of discovery to WTPA, Defendants objected to virtually every written discovery request.  Counsel for the parties have conferred numerous times over several months through letters, emails, and telephone calls.[1]  Several areas of disagreement were resolved.  However, critical areas of disagreement remain, and Plaintiffs seek the Court's assistance in resolving those disagreements prior to deposing the Defendants and their affiant, Brumley.

### III.   ARGUMENT

### a.  Relevant Law

The federal rules of discovery place an affirmative obligation on parties to engage in pretrial discovery in a responsible manner, consistent with the spirit and purposes of Rules 26 through 37.  Fed. R. Civ. P. 26 committee notes, 1983 Amendment, Subdivision (g).  "[g]amesmanship to evade answering [discovery requests] is not allowed."  *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 422 (N.D.W. Va. 2006).  By signing discovery documents, attorneys certify

---

[1] A more complete accounting of such conferral efforts is found in ECF Doc. 54.

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 4 of 24

that disclosures are complete and correct to the best of their "knowledge,

information, and believe formed after a reasonable inquiry." Fed. R. Civ. P.

26(g)(1).

### b. Defendants Refuse to Identify Which Specific Objections They Are Relying on to Withhold Documents and Information

Fed. R. Civ. P. 34(b)(2)(C) requires that objections "state whether any

responsive materials are being withheld on the basis of that objection*." See also*

Fed. R. Civ. P. 34 advisory committee notes (2015) (noting that the purpose of the

2015 amendment to Rule 34(b)(2)(C) was to end the confusion over whether

parties are withholding responsive material when they mix objections and

production of documents together).

With the exception of the first set of discovery served on WTPA, Defendants

objected to virtually every discovery request.  In many of those instances,

Defendants would also produce some documents.  At the same time, and despite

multiple requests by Plaintiffs, the Defendants have refused to clarify where they

are withholding documents.  This has made it impossible to determine which

objections require resolution to complete jurisdictional discovery.

WTPA's response to Plaintiffs' RFP No. 61 highlights the problem:

**REQUEST FOR PRODCTION NO. 61:** Please produce a copy of each
corporate record between 1960 and 1995 memorializing the affirmative vote
or appointment of all corporate directors who served on the Board of
Directors.

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 5 of 24

**RESPONSE:**  Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  Subject to and without waiving said objection, WTPA has already produced responsive articles of incorporation during the relevant time-period.  *See* documents bates numbered WTPA062965-062974.

WTPA's Resp. to Plfs.' RFP No. 61 (Mar. 8, 2021) (**Exhibit A**).  WTPA did not produce any responsive documents. [2]  Instead, WTPA referred Plaintiffs to WTPA's articles of incorporation.  When asked to clarify whether it was withholding documents responsive to Plaintiffs' RFP, WTPA would only say that it had "pointed to responsive documents."  Brown Law Firm Correspondence, p. 8 (Mar. 22, 2021) (**Exhibit B**).  Despite Plaintiffs' good faith request for clarification, and despite the clear admonition in Rule 34, WTPA will not clearly state whether it is withholding materials responsive to RFP No. 61.  Thus, as it stands, WTPA has not produced a single responsive corporate record evidencing a vote or appointment of the directors serving between 1973 and 1992, it has refused

///

///

---

[2] Because this RFP seeks corporate records bearing on the alter ego relationship between WTPA and WTNY, Plaintiffs agree that it is appropriate to limit the time-period for this request to records evidencing votes or appointments of directors who served on the WTPA Board between 1973 through 1992.  This could certainly include documents which predate 1973 for any director serving in 1973 who was voted or appointed to the Board before 1973.

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 6 of 24

to state whether it is withholding responsive material, and it has instead referred

Plaintiffs to non-responsive documents, i.e. the articles of incorporation.[3]

    WTPA's response to Plaintiffs' request for production 77 is also illustrative:

**REQUEST FOR PRODCTION NO. 77:** Please produce a copy of meeting
minutes for all meetings of WTPA directors from 1940 to 2005.

**RESPONSE:**  Objection.  Please refer to WTPA's Third General Objection,
above, for an explanation as to why the time period requested in this Request
for Production is improper.  Subject to and without waiving said objection,
none.

Here, WTPA again objects, again produces no responsive materials, and again fails

to state whether it is withholding responsive documents based on its objection.

When asked for clarification, WTPA would only state "WTPA's response is self-

explanatory."  **Ex. B**, p. 8.  Because WTPA asserts three "general objections," as

well as a specific objection, without stating which objection it is relying on to

withhold responsive documents, WTPA's response is not self-explanatory.  The

question remains: is WTPA withholding responsive material, and if so, based on

which of its objections?  As such, Plaintiffs respectfully request the Court order

WTPA and WTNY to supplement its discovery responses with clear statements of

---

[3] WTPA's Articles of Incorporation indicate that directors shall be voted on by the
members at an annual meeting.  Whether or not such votes occurred and were
recorded is relevant to whether WTPA was following corporate norms, which
bears on whether WTPA and WTNY were operating as alter egos during the
relevant time-period.

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 7 of 24

where they are withholding responsive information or materials based on their stated objections.

### c.  WTPA and WTNY Rely on an Unreasonable "Time-Period" Objection

Critical to this case and the Court's possible jurisdiction over WTPA is the existence of evidence that WTPA, through documents or other communication, instructed or guided the Hardin congregation's handling of Plaintiffs' sexual abuse allegations, including the critical decision not to report the abuse to local law enforcement.[4]  Plaintiffs requested production of specific WTPA publications because they are believed to have been distributed to local congregations, including elders and officials in Montana.  It is believed that those Montana elders and officials relied on the guidance in those WTPA documents when handling the Plaintiffs' sexual abuse during the 1973 to 1992 time-period.  Indeed, WTPA documents make it clear that it was providing congregations explicit instructions on how to handle cases of child sexual abuse.  WTPA letter to All Bodies of Elders (Nov. 1, 1995) (attached as **Exhibit D**).

---

[4] For instance, in 1972, WTPA compiled and published the Kingdom Ministry School Course, which provided a wide range of guidance to elders on how to manage their congregations, including setting up in-house judicial systems to adjudicate criminal conduct committed by church members through a "judicial committee."  Kingdom Ministry Course Book, pp. 85, 114-117, 123-126 (relevant portions attached as **Exhibit C**).  Other sections instruct the elders that they are not bound by the rules or laws of secular authorities.  *See e.g.* **Ex. C**, pp. 72-74, 91-93, 131.

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 8 of 24

Because WTPA was publishing and distributing guidance and instruction to congregations regarding all aspects of their operations, including handling child sexual abuse by church elders and ministerial servants, Plaintiffs requested production of WTPA documents that the Hardin congregation may have relied on in its handling of the Plaintiffs' sexual abuse. WTPA's Resp to RFPs 73 – 78 (Mar. 8, 2021); WTPA's Supp. Resp. to RFPs 76, 78 (Apr. 19, 2021) (attached as **Exhibit E**). While many of the requested documents predate the alleged sexual abuse in this case, that does not mean they are automatically not discoverable. To the contrary, these documents were only requested by Plaintiffs because they are referenced in more modern documents, indicating that they are source material for documents that the Hardin congregation likely relied on when it decided how to respond to reports of the Plaintiffs' sexual abuse.

Plaintiffs are entitled to discover documents and information regarding WTPA's Montana activities that relate to their claims. Plaintiffs' requests for specific documents and information regarding WTPA's activities in Montana, including the provision of guidance and instruction on how to handle sexual abuse, seek relevant evidence and are proportional to the needs of the case. For instance, RFP No. 75 sought a specific WTPA document that Plaintiffs believe may include guidance and instruction that elders in the Hardin congregation relied on when handling reports of Plaintiffs' sexual abuse:

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 9 of 24

**REQUEST FOR PRODUCTION NO. 75**: Please produce a copy of the publication entitled "*Organization For Kingdom-Preaching and Disciple-Making*".

**RESPONSE**: Objection. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper. WTPA stands on its objection in that the entirety of the request is outside the scope and time-period permitted by the Court's discovery order.

When asked to clarify whether it was withholding responsive materials, WTPA stated, yes, it was withholding the responsive document because it "was copyrighted in a year outside the scope of jurisdictional discovery."

Contrary to WTPA's objection, this Court's Discovery Order does not, in any way, preclude production of documents published or copyrighted before 1973. The Court did note that **alter-ego** discovery would be permitted regarding WTPA's and WTNY's corporate relationship "from 1973 to 1992." Order re Scope of Jurisdictional Disc., 5 (ECF Doc. 47).[5] However, that part of the Court's Order is by its own terms applicable only to discovery of documents related to corporate **alter ego**, not all discovery of WTPA's conduct that could lead to personal jurisdiction in Montana. Plaintiffs made similar requests for approximately 35 specific WTPA publications. **Ex. E**. WTPA made the same objection to each request and refused to produce the requested documents. *Id*.

---

[5] The 1973 to 1992 time-period was put forth because that was the approximate first and last year of the sexual abuse alleged by Plaintiffs.

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 10 of 24

WTPA's objection to materials published or copyrighted before 1973 is wholly unsupported.  No law, rule, or court order supports WTPA's position.   If a document published, copyrighted, or distributed by WTPA before 1973 could have been relied upon by the Hardin congregation in its handling of Plaintiffs' sexual abuse, it is both discoverable and relevant to personal jurisdiction and should be produced.  Defendants' effort to boot strap this Court's Order regarding the topic of alter-ego discovery to all discovery appears to be an intentional effort to obstruct.  As such, Plaintiffs respectfully request the Court order WTPA and WTNY to produce all documents they are withholding pursuant to their invalid time-period objection.[6]

### d.  Defendants' Time-Period Objection and Rule 30b6 Deposition Topics

As the parties prepare for depositions on the question of WTPA's personal jurisdiction, Plaintiffs foresee WTPA relying on its invalid "time-period" objection as a basis for limiting their preparation of corporate representatives to events, documents, and information as those things existed solely between 1973 and 1992. This would unreasonably and unjustifiably prevent Plaintiffs from learning of

---

[6] On April 19, 2021, and without any explanation, WTPA produced many of the documents requested by Plaintiffs in RFPs 76 and 78.  While Plaintiffs certainly appreciate this supplementation, WTPA also stated that it continues to maintain its "time-period" objection for all discovery in this case and it did not supplement RFPs 73, 74 and 75, or any other discovery requests where it may be withholding information or documents based on the invalid "time-period" objection.

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 11 of 24

relevant WTPA activities in Montana.  By way of example, Plaintiffs' have asked WTPA to prepare a witness to testify to:

➢ All funds expended or loaned by WTPA to congregations in Montana; and

➢ WTPA correspondence with local congregations in Montana.

In both examples, conduct by WTPA in Montana that predates 1973 could certainly be relevant to the Court's personal jurisdiction analysis.  If WTPA loaned or expended funds in 1963 that furthered WTPA's corporate mission at the Hardin congregation in 1973, it is relevant and discoverable.  Just the same, if WTPA sent correspondence to Montana congregations in 1963 that influenced how the Hardin congregation handled reports of Plaintiffs' sexual abuse, that would be relevant and discoverable.

A blanket prohibition on all questions and discovery that may implicate conduct or activity before 1973 is unsupported by law and is, in fact, contrary to the rules of discovery which permit Plaintiffs to inquire into matters that are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  It is fair to say that many areas of inquiry will be limited to the time-period that Plaintiffs' were being sexually abused and Plaintiffs have no interest in wasting time during depositions inquiring into matters that will not impact the Court's personal jurisdiction analysis.  However, as the examples above illustrate, there are areas of inquiry where it will be plainly appropriate to seek

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 12 of 24

information outside of the 1973 to 1992 time-period.  As a result, and based on WTPA's insistence on objecting to any and all discovery that seeks information or documents that may have existed before 1973, Plaintiffs request that the Court issue an Order stating that there is no blanket prohibition on discovery or deposition questions that seek information outside of the 1973 to 1992 time-period, and the limitations on such discovery and deposition questions is that found in Rule 26(b)(1).

### e.  Additional Disagreements

#### 1.  Interrogatories 6-7 to WTNY

In order to identify witnesses who may be able to testify to WTNY and WTPA's corporate relationship between 1973 and 1992, Plaintiffs asked WTNY to identify each person who worked at the church's Service Department and Legal Department from 1960 to 1990.  Def. WTNY's Ans. to Plfs.' Ints. 6, 7 (attached as **Exhibit F**).   WTNY set forth a string of objections without explanation, legal authority, or a statement of reasons.  *See, e.g.*, L.R. 26.3(a)(2) ("Each objection must be followed by a statement of reasons.").

Plaintiffs are attempting to find potential witnesses with knowledge of WTNY's relationship with WTPA between 1973 and 1992.  Plaintiffs narrowed their requests to two specific departments of WTNY—as opposed to asking for

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 13 of 24

everyone who worked at WTNY—because it appears they have the most case-related contacts with WTPA.

The time-period in Plaintiff's requests is also reasonable. Individuals who worked at WTPA and WTNY in the years leading up to 1973 may have information regarding the alter-ego relationship of the companies starting in that period. Corporate policies can last far longer than a single year, and therefore the years before 1973 are important to define the "status quo" between the corporations as of 1973 when the relevant period begins.

WTNY has refused to identify a single person who worked in the church's Legal and Service departments. There is no justifiable basis for such complete obstruction. Plaintiffs are entitled to learn of potential witnesses with information bearing on WTPA's corporate relationship with WTNY, as well as WTPA's possible activities in Montana. This includes former employees and volunteers who worked at the church. The Court should compel WTNY to fully respond to Plaintiffs' Interrogatory Nos. 6-7.

## 2. Interrogatory No. 9 and 15 to WTNY and Nos. 25 and 26 to WTPA

To fully and fairly resolve Plaintiffs alter ego claim, it is important for the Court to understand whether WTNY and WTPA were acting as distinct, sovereign entities. Or in the alternative, whether they were acting as alter egos. With this in mind, Plaintiffs have attempted to discover the roles and distinctions between

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 14 of 24

WTPA, WTNY, and what is referred to as the "Governing Body".  A 1977 WTPA

document describes the Governing Body this way:

> The Governing Body is made up of brothers who are anointed servants of
> Jehovah God. They act as representatives of the "faithful and discreet slave"
> class which has the responsibility for giving direction and impetus to the
> Kingdom work. (Matt. 24:45) While the Governing Body delegates certain
> details or responsibilities to committees made up of its own members, or
> committees made up of other dedicated servants of God, or to instruments
> such as corporations and legal agencies, it always takes the lead for the
> smooth functioning of the organization and the unity of all of God's people.
> As the Governing Body, it has the prerogative to use its discretion and look
> into any matters it deems necessary to examine with regard to the Kingdom
> work. To oversee various aspects of the work, committees have been
> established as follows.

Branch Organization, p. 1-1 (Dec. 15, 1977) (relevant portion attached as **Exhibit**

**G**).

Because it appears that the Governing Body had a central role in the

direction and management of WTNY and WTPA during the years at issue in this

case, Plaintiffs served interrogatories to try and understand their various roles and

relations.  WTNY's Ans. to Plfs.' Int. No. 9, 15 (Mar. 8, 2021); WTPA's Ans. to

Plfs.' Int. No. 25, 26 (Dec. 29, 2020); WTPA's Supp. Ans. to Plfs' Int. No. 26

(attached as **Exhibit H**).  To date, Defendants' answers are vague and incomplete

statements that do not address the questions asked.  *Id*.  As a result, Plaintiffs and

the Court are no further along in understanding some of the important facts bearing

on whether WTPA and WTNY are distinct entities or alter egos.

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 15 of 24

It is certain that WTNY has failed to provide a forthcoming and complete answer to Int. No. 9 which asked it to describe what the Governing Body does and how it operates.  WTNY's answer provided virtually no information on what the Governing Body does and how it operates.  *Id*.  Yet, we know from other documents that:

> *Governing Body does not handle all correspondence with congregations, but works through the legal corporations and elders who have been appointed to work in branch offices and congregations.*

**Ex. C, p. 5.**

> *The governing body representing 'the faithful and discrete slave' has special responsibility in directing the administration of Bible laws today among Jehovah's Christian witnesses.*

**Ex. C., p. 71.**  Still other documents obtained through subpoena in this case establish that the Governing Body is directly responsible for approving the appointment and deletion of individual elders and ministerial servants at local congregations, including the Hardin congregation.  (Example attached as **Exhibit I**).

Rule 33 requires that WTNY make a good faith effort to "fully" answer Int. No. 9 and Int. No. 15.  Fed. R. Civ. P. 33(b)(3); *see also Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D.Pa.1996) ("Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories").  WTNY's answer is evasive and fails to provide a meaningful statement of what the Governing Body

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 16 of 24

does and how it operates.  WTPA's answers to Int. No. 25 & 26 suffer from the same problem; they either provide vague and non-responsive statements, or they refuse to answer altogether.  **Ex. H**.[7]

Discovery is dependent upon parties acting in good faith.  Fed. R. Civ. P. 26 committee notes, 1983 Amendment, Subdivision (g).  That is certainly true here, where the Defendants are the sole entities in possession of the facts surrounding the relations between WTNY, WTPA, and the Governing Body.  Because Defendants' answers are not responsive to the questions asked, Plaintiffs respectfully request the Court compel WTPA and WTNY to answer Ints. No. 9, 15 (WTNY) and Ints. No. 25, 26 (WTPA) fully and completely.

### 3.  RFA Nos. 4, 6, and 7 to WTPA

A party responding to a request for admission is not permitted to answer a reformulated request that is to its liking.  Rule 36 is explicit: "[a] denial must fairly respond to the substance of the matter."  When a request is denied or answered with a qualification, the court must consider "whether the denial *fairly* meets the substance of the request."  *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988).  *See also Donahay v. Palm Beach Tours & Transp., Inc.,* 242 F.R.D. 685,

---

[7] Through conferral, WTNY specifically agreed to set aside the 25 interrogatory limit objection and answer Interrogatories 26 through 33, while reserving the right to re-raise this objection if additional interrogatories were served.  Plaintiffs have correspondence from WTNY confirming this agreement.

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 17 of 24

688 (S.D. Fla. 2007) (Rules require a good-faith approach to discovery, not "hyper-technical word games").

Here, WTPA failed to respond to the plain language of Plaintiffs' RFAs and evaded good faith answers so that it would not have to admit facts that do not support its personal jurisdiction argument. First, Plaintiffs' Request for Admission No. 4 requested that WTPA admit that "in 1977 WTPA notified persons endeavoring to donate to the Jehovah's Witnesses church to make their contributions payable to WTPA." Def. WTPA's Ans. to RFA No. 4, 6, 7 (Nov. 20, 2020) (attached as **Exhibit J**). WTPA admitted in part and denied in part:

> WTPA admits that it accepts voluntary donations in support of its religious activities but denies that it 'notified' persons to donate to it in 1977.

**Ex. J**. WTPA evaded responding to the substance of Plaintiffs' RFA, which asked it to admit that it notified donors to make contributions payable to WTPA.[8] Specifically, RFA No. 26 asked whether WTPA notified those donating to the Jehovah's' Witnesses church **to make the contributions payable to WTPA**, i.e. is WTPA telling the world to make contributions payable to WTPA? WTPA's answer evades the question.

---

[8] To the extent WTPA was actively instructing Montana donors to make donations payable to WTPA, it is evidence bearing on the questions before the Court on WTPA's Motion to Dismiss.

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 18 of 24

Similarly, Requests for Admission Nos. 6 and 7 sought the same admission but for 2003 and the period between 1977 and 2003, respectively.  **Ex. J**.  WTPA reformulated these requests in the same manner as Request for Admission No. 4. This is a simple issue; the law requires answers to respond to the substance of the request and parties are not permitted to answer a reformulated request.  Fed. R. Civ. P. 36.  As such, the Court should compel WTPA to answer Plaintiffs' RFAs as they were written and served.

### 4.  RFA Nos. 14 and 26 to WTPA

Plaintiffs' Request for Admission No. 14 asked WTPA to admit that "at all times between 1970 and the present, WTPA works and has worked under the direction of the faithful and discrete slave class and its Governing Body." WTPA's Ans. to Plfs.' RFA No. 14 (Dec. 29, 2020) (attached as **Exhibit K**). WTPA responded with a series of objections, but ultimately denied the request "to the extent it suggests any legal direction or oversight."

Plaintiffs' RFA does not ask whether WTPA worked under the "legal direction and oversight" of the Governing Body, nor do Plaintiffs' understand what WTPA's qualification means.  Plaintiffs simply want to know whether WTPA was working under the direction and oversight of the Governing Body during the period 1973 to 1992 as indicated in certain documents.  *See e.g.* **Ex. G.**  WTPA's answer attempts to muddy the water by adding its own qualification that is not part

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 19 of 24

of Plaintiffs' request.  WTPA's answer evades Plaintiffs' request and does not

comply with Rule 36(a)(4) and it should be ordered to answer Plaintiffs' request as

it is written.

WTPA's answer to Request for Admission No. 26 is similarly inadequate

under Rule 34(a)(4).  Plaintiffs requested WTPA admit that "WTPA has collected

money from Montana for the purchase of insurance policies."  WTPA's Ans. to

Plfs.' RFA No. 26 (Mar. 8, 2021) (attached as **Exhibit L**).  WTPA issued a non-

responsive answer that it could "neither admit or deny this request" along with a

qualification that it could not find information indicating whether any Montana

congregations participated in the church's Kingdom Hall Assistance Arrangement,

or KHAA.   However, the plain language of this request was not limited to

insurance policies under the KHAA (Plaintiffs asked about the KHAA in other

requests) and as the RFA states, Plaintiffs sought an admission on insurance

policies in general.

Here again, WTPA's answer to Request for Admission No, 26 evades

Plaintiffs' request by reformulating the RFA as part of the answer.  This violates

Rule 36's answer requirement and the Court should compel WTPA to fully

respond to Plaintiffs' Requests for Admission Nos. 14 and 26, as those requests

were served by Plaintiffs.

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 20 of 24

### 5.  RFP 61 to WTPA

As set forth previously, WTPA failed to produce responsive documents to
RFP No. 61.  *Supra* pp. 6-8.  WTPA should be ordered to produce documents
evidencing the vote or appointment of directors who served between 1973 and
1992.

### 6.  Defendants' Efforts to Search and Obtain Requested Documents and Information

In many of its responses and answers, Defendants state that they have "made
reasonable inquiry" and based on information they know or "can readily obtain"
they are unable to confirm whether or not responsive information or documents
exist.  *See e.g.* WTPA's Resp. to Plfs.' RFPs 3 – 6; WTPA's Ans. to Plfs.' RFAs
No. 21, 22, 23, and 26.

In an effort to avoid bringing this issue to the Court, Plaintiffs asked for
clarification on the scope of the searches that were conducted.  For instance, what
constitutes "readily obtainable information", did in-house counsel or some other
corporate representative rely on his or her personal knowledge / memory, did he or
she search paper records or digital databases?  Does counsel know the extent of the
search that was performed?  To date, Defendants have refused to describe the
searches that were conducted.

Defendants' refusal to describe the efforts it made to find requested
documents and information - combined with a track record of being less than

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 21 of 24

forthcoming in discovery - has put Plaintiffs in a position of having to raise this issue with the Court.  Plaintiffs respectfully request clarification, on the record, regarding the scope of the search and inquiry made by Defendants in all instances where they state that they made a reasonable inquiry, but "readily obtainable information" resulted in nothing responsive.

## IV.   <u>CONCLUSION</u>

Based on the arguments and material referenced herein, Plaintiffs respectfully seek an order from the Court compelling Defendants to:

A. Supplement their discovery by clearly identify where they are withholding material responsive to Plaintiffs' discovery requests, and which objection they are relying on to do so;

B. Supplement their discovery by withdrawing their unsupported time-period objection to all non-alter-ego discovery requests;

C. Prepare corporate representatives for Rule 30(b)(6) topics consistent with the scope of discovery permitted in Rule 26 even if that means it may cover some information, material, or documents that is outside of the 1973 to 1992 time-period;

D. Supplement their discovery to provide full, complete, non-evasive and compliant answers to the specific discovery request identified herein (Interrogatories 6,7, 9, and 15 to WTNY; Interrogatories 25 and 26 to

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 22 of 24

WTPA; Requests for Admission 4, 6, 7, 14, and 26 to WTPA; and Request

for Production 61 to WTPA);

E.  Supplement their discovery by describing the efforts made to search for

requested documents and information in each instance that it has represented

it made a diligent or reasonable search for such; and

F.  Pursuant to Rule 37, an award of reasonable costs and fees expended in

pursuing these matters.

DATED this 20th day of April, 2021.

By: /s/ Ryan Shaffer
        Robert L. Stepans
        Ryan R. Shaffer
        James C. Murnion
        MEYER, SHAFFER & STEPANS PLLP
        *Attorneys for Plaintiffs*

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 23 of 24

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby certifies that this brief

complies with the length requirement for briefs, and that this brief contains 5,105

words, excluding the caption, certificates of service and compliance, table of

contents and authorities, and exhibit index.

Plaintiffs' Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 24 of 24