*Exhibit B*



# BROWN LAW FIRM, PC

John J. Russell
Michael P. Heringer
Guy W. Rogers
Scott G. Gratton
Kelly J.C. Gallinger*
Jeffrey T. McAllister
Jon A. Wilson
Seth A. Cunningham
Shane A. MacIntyre
Adam M. Shaw
Brett C. Jensen*
Catrina V. MacIntyre
Aaron M. Dunn
Nathan A. Burke
Alex J. Ames

Of Counsel
Robert L. Sterup

Retired
Rockwood Brown
John Walker Ross
Margy Bonner

*also licensed in
North Dakota

315 N. 24th Street | PO Drawer 849 | Billings, Montana 59103-0849
Phone: 406.248.2611 | Fax: 406.248.3128

Guy W. Rogers
grogers@brownfirm.com

Jon A. Wilson
jwilson@brownfirm.com

March 22, 2021

**VIA EMAIL and U.S. MAIL**
Robert L. Stepans / rob@mss-lawfirm.com
Ryan R. Shaffer / ryan@mss-lawfirm.com
James C. Murnion / james@mss-lawfirm.com
MEYER SHAFFER & STEPANS PLLP
430 Ryman Street
Missoula, MT 59802

Re:   *Tracy Caekaert and Camillia Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
USDC Billings Division 20-CV-52-SPW-TJC
File No. 78280.001

*Ariane Rowland and Jamie Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*
USDC Billings Division 20-CV-59-SPW-TJC
File No. 78280.002

Gentlemen:

We are writing in response to James' e-mail correspondence from March 8 and 9, 2021, wherein James requested additional information regarding whether Watch Tower Bible and Tract Society of Pennsylvania (hereinafter "WTPA") and/or Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY") have responsive information to Plaintiffs' jurisdictional discovery requests. Specifically, James e-mailed on March 8, 2021, and indicated Plaintiffs were having issues determining whether our clients are withholding information with respect to Interrogatory No. 6 and Request for Production No. 15 included in Plaintiffs' Second Set of Jurisdictional Discovery to WTNY. We responded by e-mail dated March 9, 2021 and indicated WTNY has no responsive documentation for the relevant time period for Interrogatory No. 6 and Request for Production No. 15. James replied on March 9, 2021 and requested that we "clearly identify which responses your client is withholding information or documents pursuant to your objections."

Brown Law Firm, P.C.
March 22, 2021
Page 2 of 10

As an initial matter, it appears Plaintiffs take issue with the objections stated. However, it is unclear to us how the objections stated are invalid. As the Rules of Civil Procedure and Montana Federal District Court Local Rules make clear, any objection not stated is generally waived. *See* Fed.R.Civ.P. 33(b)(4); Fed.R.Civ.P. 34(b)(2)(B)-(C); Fed.R.Civ.P. 36(a)(5); L.R. 26.3(a)(4). Neither WTPA nor WTNY had or have any intention of waiving valid objections to Plaintiffs' jurisdictional discovery requests.

Regarding the specific objections stated, as Plaintiffs have acknowledged and the Court has ordered, the scope of jurisdictional discovery is the 1973-1992 time period. *See* Doc. 47, p. 5 in the *Caekaert* matter; Doc. 37, p. 5 in the *Rowland* matter; March 17, 2021 e-mail from Ryan Shaffer (acknowledging time period is 1973-1995, and we presume the 1995 is meant to say 1992). Thus, any discovery requests that do not limit the request to the applicable time period are objectionable. Similarly, we have provided you with authority standing for the proposition that in similar situations, plaintiffs represented by the same attorneys who submit joint discovery requests are limited to 25 Interrogatories. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Thus, objections on that ground are valid. Still, WTPA responded to all of Plaintiffs' Interrogatories in the spirit of good faith. Finally, we are struggling to understand how the specific objections stated to other discovery requests from Plaintiffs are invalid. Of course, if you have any authority you believe WTPA and/or WTNY should consider, please provide the same. We will be happy to consider and, if necessary, discuss.

Though we believe the Answers and Responses given comply with the Federal Rules of Civil Procedure, in the spirit of good faith, we have made a reasonable effort to comply with James' request. Below goes through each Answer/Response to Plaintiffs' Second Set of Jurisdictional Discovery to WTNY. Nothing herein waives, explicitly or implicitly, WTNY's objections as stated in each Answer/Response. This includes the general objection stated. All such objections are specifically reserved and incorporated as though fully set forth herein.

- Interrogatory No. 6: Explained in e-mail from Aaron Dunn dated March 9, 2021 (no responsive information for the relevant time period).

- Interrogatory No. 7: As stated in WTNY's Answer, the term "church's Legal Department" is vague. We respectfully request Plaintiffs clarify what they mean by the term "church's Legal Department." It is also unclear how the identity of any individual working in a legal department during the relevant time frame is relevant to whether WTPA is subject to personal jurisdiction in Montana. Please explain. *McCall v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 3174914, *6 (D. Nev. July 26, 2017) ("When a request is overly broad on its face or when relevancy is not readily apparent...the party seeking discovery has the burden to show the relevancy of the request.") (citations omitted). Furthermore, it is well established that non-parties enjoy greater protection from discovery than normal parties, and Interrogatory No. 7 plainly asks for information regarding non-parties. *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986); *see*

Brown Law Firm, P.C.
March 22, 2021
Page 3 of 10

*also, Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984) (acknowledging that discovery "may serious implicate privacy interests of…third parties."). Consistent with the foregoing, it is entirely unclear how the Interrogatory meets Rule 26's proportionality requirements, and parties have a collectively responsibility to consider the proportionality of all discovery. *See Gersh v. Anglin*, 2019 WL 265800, *1 (D. Mont. Jan. 18, 2019) (citation omitted); *In re Bard IVC Filters Products Liability Litigation*, 317 F.R.D. 562, 564 (D. Ariz. 2016); *McCall v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 3174914, *6 (D. Nev. July 26, 2017) (citation omitted). Notwithstanding, WTNY has no list or anything of the kind documenting individuals who worked in WTNY's legal department. Thus, WTNY cannot "[i]dentify each person" as requested without contacting various individuals who may potentially have knowledge of who worked in WTNY's legal department. In short, while WTNY may have some responsive information, we respectfully request Plaintiffs: (1) clarify what Plaintiffs mean by "church's Legal Department"; (2) explain the relevancy of the Interrogatory; and (3) re-draft a proportional Interrogatory which protects privacy rights of third parties. We remain willing to work with Plaintiffs on this Interrogatory.

- Interrogatory No. 8: WTNY's Answer is responsive and pointed to responsive documents.

- Interrogatory No. 9: WTNY's Answer provided responsive information.

- Interrogatory No. 10: WTNY's Answer provided responsive information.

- Interrogatory No. 11: WTNY's Answer is responsive and pointed to responsive documents.

- Interrogatory No. 12: WTNY's Answer is self-explanatory.

- Interrogatory No. 13: WTNY' Answer is self-explanatory.

- Interrogatory No. 14: WNTY's Answer provided responsive information.

- Interrogatory No. 15: WTNY's Answer provided responsive information.

- Interrogatory No. 16: WTNY's Answer provided responsive information.

Brown Law Firm, P.C.
March 22, 2021
Page 4 of 10

- Interrogatory No. 17: As drafted, this Interrogatory is so broad that it is unclear what in particular Plaintiffs are asking for. What do Plaintiffs mean by using the phrase "ecclesiastical oversight"? Members of the religious order have participated in the drafting and dispatch of various letters to all bodies of elders, as well as publications produced over the years that provide scriptural citations to assist congregants and elders spiritually. Whether that constitutes providing "ecclesiastical oversight" or not is unclear given the lack of clarity regarding what Plaintiffs mean by using the phrase "ecclesiastical oversight." Notwithstanding, the relevancy of Plaintiffs' extremely broad Interrogatory is unclear. We would appreciate you providing us with Plaintiffs' position in that regard. *McCall v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 3174914, *6 (D. Nev. July 26, 2017) ("When a request is overly broad on its face or when relevancy is not readily apparent...the party seeking discovery has the burden to show the relevancy of the request.") (citations omitted). We are also concerned that the Interrogatory fails to meet the proportionality responsibility that Plaintiffs are obligated to meet under Rule 26, Fed.R.Civ.P. *See Gersh v. Anglin*, 2019 WL 265800, *1 (D. Mont. Jan. 18, 2019) (citation omitted); *In re Bard IVC Filters Products Liability Litigation*, 317 F.R.D. 562, 564 (D. Ariz. 2016); *McCall v. State Farm Mut. Auto. Ins. Co.*, 2017 WL 3174914, *6 (D. Nev. July 26, 2017) (citation omitted). We respectfully ask Plaintiffs to explain their position regarding proportionality. Should Plaintiffs decline to try and work with us regarding this Request, we note Montana courts have recognized the scope of discovery is not "each and every detail that could possibly exist in the universe of facts." *Kelley v. Billings Clinic*, 2013 WL 1414442, *4 (D. Mont. April 8, 2013) (citations omitted). Depositions can be used to explore additional information. *Id.* (citation omitted). Thus, to the extent Plaintiffs are unwilling to work with us with respect to Interrogatory No. 17, we submit Plaintiffs can ask questions during a deposition if they choose.

  Consistent with the foregoing, we would appreciate it if Plaintiffs could: (1) define what they mean by "ecclesiastical oversight"; (2) explain the relevancy of Interrogatory No. 17; and (3) explain how the Interrogatory meets the proportionality requirement; and (4) explain in sufficient detail if there is anything in particular Plaintiffs are looking for. We remain willing to work with Plaintiffs on this Interrogatory.

- Interrogatory No. 18: WTNY responded and noted it would supplement its Answer if responsive information is located.

- Interrogatory No. 19: WTNY's Answer provided responsive information.

- Interrogatory No. 20: WTNY's Answer is self-explanatory.

- Interrogatory No. 21: WTNY's Answer provided responsive information.

Brown Law Firm, P.C.
March 22, 2021
Page 5 of 10

- Interrogatory No. 22: WTNY's Answer provided responsive information.

- Interrogatory No. 23: WTNY's Answer provided responsive information.

- Interrogatory No. 24: WTNY's Answer is self-explanatory.

- RFP No. 5: WTNY pointed out that the RFP "seeks information already in the possession of Plaintiffs." WTNY's Response continues: "Other than various Watchtower articles printed by WTNY throughout the relevant time-period, WTNY is in possession of no other documents." WTNY believes this Response is self-explanatory.

- RFP No. 6: WTNY responded by noting responsive bates numbers and indicated it would produce the same subject to the Stipulated Protective Order that has not yet been entered by the Court.

- RFP No. 7: WTNY pointed to responsive documents.

- RFP No. 8: WTNY's Response is self-explanatory, especially when cross-referencing WTNY's Answer to Interrogatory No. 12.

- RFP No. 9: WTNY's Response is self-explanatory, and WTNY noted it would supplement the Response if responsive documents are located.

- RFP No. 10: WTNY's Response is self-explanatory, especially when cross-referencing WTNY's Answer to Interrogatory No. 13.

- RFP No. 11: WTNY pointed to responsive documents.

- RFP No. 12: WTNY pointed to responsive documents.

- RFP No. 13: WTNY pointed to responsive documents.

- RFP No. 14: WTNY produced responsive documents.

Brown Law Firm, P.C.
March 22, 2021
Page 6 of 10

- RFP No. 15: Explained in e-mail from Aaron Dunn dated March 9, 2021 (no responsive information for the relevant time period).

- RFP No. 16: WTNY's Response is self-explanatory and points to its Response to RFP No. 6.

- Request for Admission No. 1: WTNY's Response is self-explanatory.

While James' March 8 and 9, 2021 e-mails do not specifically reference WTPA's Responses to Plaintiffs' Third Set of Jurisdictional Discovery, we understand that James' March 9, 2021 e-mail requests that we go through each and every Answer/Response. Notwithstanding the fact that we believe WTPA's Answers and Responses comply with the Federal Rules of Civil Procedure, we have made a reasonable effort to comply with James' request in the spirit of good faith.

As with WTNY, nothing below waives, explicitly or implicitly, WTPA's objections as stated in each Answer/Response. This includes the general objections stated. All such objections are specifically reserved and incorporated as though fully set forth herein.

- Interrogatory No. 34: WTPA's Answer is self-explanatory.

- Interrogatory No. 35: WTPA's Answer provided responsive information.

- Interrogatory No. 36: WTPA's Answer provided responsive information.

- Interrogatory No. 37: WTPA's Answer is self-explanatory.

- Interrogatory No. 38: WTPA's Answer provided responsive information.

- Interrogatory No. 39: WTPA's Answer provided responsive information.

- Interrogatory No. 40: WTPA's Answer is self-explanatory.

- Interrogatory No. 41: WTPA's Answer is self-explanatory.

- Interrogatory No. 42: WTPA's Answer provided responsive information.

- Interrogatory No. 43: WTPA's Answer provided responsive information.

Brown Law Firm, P.C.
March 22, 2021
Page 7 of 10

- Interrogatory No. 44: WTPA's Answer provided responsive information.

- Interrogatory No. 45: WTPA's Answer is self-explanatory.

- RFP No. 61: WTPA pointed to responsive documents.

- RFP No. 62: WTPA pointed to responsive documents.

- RFP No. 63: WTPA's Response is self-explanatory.

- RFP No. 64: WTPA's Response pointed to other documents produced in response to previous Requests and explained that WTPA "has no other documents during the relevant time-period in its possession, custody or control." As such, the Response is self-explanatory.

- RFP No. 65: WTPA pointed to responsive documents.

- RFP No. 66: WTPA pointed to responsive documents.

- RFP No. 67: WTPA's Response is self-explanatory.

- RFP No. 68: WTPA's Response is self-explanatory.

- RFP No. 69: WTPA's Response is self-explanatory.

- RFP No. 70: WTPA's Response is self-explanatory.

- RFP No. 71: WTPA's Response is self-explanatory.

- RFP No. 72: WTPA pointed to responsive documents. The RFP clearly requests information outside the scope of jurisdictional discovery (requesting documents from 1884, 1896, 1955, 1994, 1999, 2000, and 2003), and therefore responsive documents which are outside the scope of jurisdictional discovery are not produced.

- RFP No. 73: WTPA noted its objection regarding the time period. WTPA may have a copy of the requested publication in some form, but the same is not within the scope of jurisdictional discovery.

- RFP No. 74: WTPA is in possession of this publication; however, the same was copyrighted in a year outside the scope of jurisdictional discovery.

- RFP No. 75: WTPA is in possession of this publication; however, the same was copyrighted in a year outside the scope of jurisdictional discovery.

- RFP No. 76[1]: WTPA is in possession of the requested publications; however, the same are all outside the scope of jurisdictional discovery.

- RFP No. 77: WTPA's Response is self-explanatory.

- RFP No. 78: Considering the RFP requests complete copies of various publications, a breakdown is necessary:

    o CAEKAERT/MAPLEY 002801-002833: WTPA is in possession; however, the same was copyrighted in a year outside the scope of jurisdictional discovery.

    o CAEKAERT/MAPLEY 002797-002800: WTPA is in possession; however, the same was copyrighted in a year outside the scope of jurisdictional discovery.

    o CAEKAERT/MAPLEY 002775-002776: WTPA is not in possession.

    o CAEKAERT/MAPLEY 002769-002770: WTPA is not in possession.

    o CAEKAERT/MAPLEY 002758-002761: WTPA is in possession; however, the same was copyrighted in a year outside the scope of jurisdictional discovery.

    o CAEKAERT/MAPLEY 002752: WTPA is in possession; however, the same was copyrighted in a year outside the scope of jurisdictional discovery.

---

[1] WTPA's Responded to RFP No. 75 (requesting "Organization for Kingdom-Preaching and Disciple-Making") twice, which resulted in WTPA having 2 responses to Plaintiffs' RFP No. 76. We apologize for that confusion. The second RFP No. 76 WTPA responded to (requesting complete copies of various publications starting with "Zion's Watch Tower...") is the correct Response to Plaintiffs' RFP No. 76.

Brown Law Firm, P.C.
March 22, 2021
Page 9 of 10

- o CAEKAERT/MAPLEY 002751: WTPA is in possession; however, the same was copyrighted in a year outside the scope of jurisdictional discovery.

- o CAEKAERT/MAPLEY 002747: WTPA is in possession; however, the same was copyrighted in a year outside the scope of jurisdictional discovery.

- o CAEKAERT/MAPLEY 002744: WTPA is not in possession.

- o CAEKAERT/MAPLEY 002740-002743: WTPA is in possession; however, the same was copyrighted in a year outside the scope of jurisdictional discovery.

- o CAEKAERT/MAPLEY 002734: WTPA is in possession; however, the same was copyrighted in a year outside the scope of jurisdictional discovery.

- o CAEKAERT/MAPLEY 002718: WTPA is in possession; however, the same was copyrighted in a year outside the scope of jurisdictional discovery.

- o CAEKAERT/MAPLEY 002685: WTPA is not in possession.

- RFP No. 79: WTPA's Response is self-explanatory.

- RFP No. 80: WTPA's Response is self-explanatory.

- RFP No. 81: WTPA's Response is self-explanatory.

- Requests for Admission Nos. 17-30: WTPA's Responses are self-explanatory.

As can be seen from the foregoing, WTNY and WTPA have attempted to accommodate Plaintiffs' request to have WTNY and WTPA go through each and every Answer/Response and identify whether either entity has responsive information in the spirit of good faith. It is our hope that after Plaintiffs have a chance to review this letter, any remaining issues—to the extent they exist—can be worked out between counsel. If Plaintiffs have any authority or other information Plaintiffs think WTPA and/or WTNY should consider, please provide us with the same. We will be happy to consider any information or authority provided in attempting to resolve any remaining disputes regarding WTPA's and WTNY's responses to Plaintiffs' jurisdictional discovery requests.

Brown Law Firm, P.C.
March 22, 2021
Page 10 of 10

Thank you for your attention to this matter, and please contact us with any questions or concerns. As always, we remain willing to discuss and work through issues with Plaintiffs.

Sincerely,

*Jon A. Wilson*

Jon A. Wilson
Aaron M. Dunn
JAW/AMD
cc:     Joel M. Taylor (via e-mail)