*Exhibit E*

Guy W. Rogers
Jon A. Wilson
Aaron M. Dunn
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.,*
*and Watch Tower Bible and Tract Society of Pennsylvania*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Cause No. CV 20-52-BLG-SPW |
| Plaintiffs, | **DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S RESPONSES TO PLAINTIFFS' THIRD SET OF JURISDICTIONAL DISCOVERY** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | |
| Defendants. | |

WATCHTOWER BIBLE AND                          )
TRACT SOCIETY OF NEW YORK,                     )
INC.                                           )
                                               )
                Cross-Claimant,                )
                                               )
vs.                                            )
                                               )
BRUCE MAPLEY SR.,                              )
                                               )
                Cross-Claim Defendant.         )
                                               )
_____               )
                                               )
ARIANE ROWLAND, and JAMIE                      )   Cause No. CV 20-59-BLG-SPW
SCHULZE,                                       )
                                               )   **DEFENDANT WATCH TOWER**
                Plaintiffs,                    )   **BIBLE AND TRACT SOCIETY OF**
                                               )   **PENNSYLVANIA'S RESPONSES**
vs.                                            )   **TO PLAINTIFFS' THIRD SET OF**
                                               )   **JURISDICTIONAL DISCOVERY**
WATCHTOWER BIBLE AND                           )
TRACT SOCIETY OF NEW YORK,                     )
INC., WATCH TOWER BIBLE AND                    )
TRACT SOCIETY OF                               )
PENNSYLVANIA, and BRUCE                        )
MAPLEY SR.,                                    )
                                               )
                Defendants.                    )

TO:   Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C.
      Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street,
      Missoula, MT 59802

      COMES NOW Defendant Watch Tower Bible and Tract Society of

Pennsylvania (hereinafter "WTPA"), by and through its attorneys, and responds to

Plaintiffs' Third Set of Jurisdictional Discovery to Defendant WTPA as follows:

## GENERAL OBJECTIONS

I. **First General Objection**: By Providing the Following Answers and Responses, WTPA Does Not Waive its Claim it is Not Subject to Personal Jurisdiction in Montana.

The following Answers and Responses are supplied to Plaintiffs in accordance with: (1) the Court's Orders Providing for Jurisdictional Discovery (Doc. 32 in the *Caekaert* matter[1]; Doc. 24 in the *Rowland* matter[2]); (2) the Joint Jurisdictional Discovery Plan (Doc. 36 in the *Caekaert* matter; Doc. 28 in the *Rowland* matter); (3) the Jurisdictional Discovery Orders issued by the Court (Doc. 42 in the *Caekaert* matter; Doc. 34 in the *Rowland* matter); and (4) the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland* matter). Nothing herein is intended to waive, explicitly or implicitly, WTPA's claim it is not subject to personal jurisdiction in Montana. *See* Docs. 13, 14, and 25 in the *Caekaert* matter; and Docs. 9, 10, and 18 in the *Rowland* matter (all explaining WTPA's position regarding personal jurisdiction). Should a waiver argument be made, WTPA disputes the same and affirmatively avers any such argument is directly contradictory to WTPA's position on personal jurisdiction. Accordingly, if made, any waiver argument should be wholly rejected.

//

---

[1] References to the *Caekaert* matter means Cause No. CV 20-52-BLG-SPW
[2] References to the *Rowland* matter means Cause No. CV 20-59-BLG-SPW.

**II.**    **Second General Objection**: Requests Seeking Information Beyond the Scope of Jurisdictional Discovery are Improper.  Any Responses do not Waive WTPA's Claim it is not Subject to Personal Jurisdiction in Montana.

The Court has only allowed jurisdictional, not general, discovery to take place.  *See* (Doc. 32 in the *Caekaert* matter; Doc. 24 in the *Rowland* matter).  Thus, any discovery requests from Plaintiffs seeking information that goes beyond jurisdictional discovery are improper and are not permitted at this time.  Again, as discussed above, any Answers or Responses herein are not intended as a waiver of WTPA's claim it is not subject to personal jurisdiction in Montana.  As a corollary, any argument that any Answers or Responses herein answer or respond to matters outside the scope of jurisdictional discovery shall not be deemed an explicit or implicit waiver of WTPA's claim it is not subject to personal jurisdiction, nor shall any Answers or Responses herein be deemed a waiver of the scope of discovery allowed by the Court at this time.

**III.**    **Third General Objection**: Requests Seeking Information Beyond the Scope of the Court-Ordered Limitations are Improper.

In the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland* matter), the Court concluded "[d]iscovery regarding WTPA's corporate relationship with WTNY from 1973 to 1992 is…appropriate."  *See* Doc. 47 (in the *Caekaert* matter), p. 5; Doc. 37 (in the *Rowland* matter), p. 5.  Accordingly, any discovery requests seeking information

before 1973 or after 1992 are improper and outside the scope of Court-ordered limitations on jurisdictional discovery.

## INTERROGATORIES

**INTERROGATORY NO. 34**: Identify the location of each current and former District and Circuit Office (as those terms are used by you in your Answer to Interrogatory No. 5).

**ANSWER**: Objection. WTPA objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. WTPA also objects on the grounds Plaintiffs' Interrogatory No. 34 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Subject to and without waiving said objections: None.

**INTERROGATORY NO. 35**: For the period 1970 to 1990, please describe how each of your publications (as listed in your Answer to Interrogatory No. 6) were distributed, including who distributed each of them, the means of such distribution, and whether you consented or objected to such distribution of your publications.

**ANSWER**: Objection. WTPA objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the

charters, and specifically including but not limited charters or articles from the following years: 1884, 1896, 1945, 1955, 1987, 1988, 1994, 1999, 2000, 2003.

**RESPONSE**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  Subject to and without waiving said objection, WTPA has already produced responsive articles of incorporation during the relevant time-period.  *See* documents bates numbered WTPA062965-062974.

**REQUEST FOR PRODUCTION NO. 73**:  Please produce a copy of every version or revision of the publication entitled "Preaching and Teaching in Peace and Unity".

**RESPONSE**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  WTPA stands on its objection in that the entirety of the request is outside the scope and time-period permitted by the Court's discovery order.

**REQUEST FOR PRODUCTION NO. 74**:  Please produce a copy of every version or revision of the publication entitled Counsel on Theocratic Organization for Jehovah's Witnesses.

**RESPONSE**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for

Production is improper.  WTPA stands on its objection in that the entirety of the request is outside the scope and time-period permitted by the Court's discovery order.

**REQUEST FOR PRODUCTION NO. 75**:  Please produce a copy of the publication entitled "*Organization For Kingdom-Preaching and Disciple-Making*".

**RESPONSE**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  WTPA stands on its objection in that the entirety of the request is outside the scope and time-period permitted by the Court's discovery order.

**REQUEST FOR PRODUCTION NO. 76**: Please produce a copy of the publication entitled "*Organization For Kingdom-Preaching and Disciple-Making*".

**RESPONSE**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  WTPA stands on its objection in that the entirety of the request is outside the scope and time-period permitted by the Court's discovery order.

**REQUEST FOR PRODUCTION NO. 76**: Please produce a copy of the following publications:

☐ Zion's Watch Tower and Herald of Christ's Presence, January 1885 issue.
☐ Zion's Watch Tower, August 1, 1895.

- ☐ Zion's Watch Tower, Dec. 15, 1908.
- ☐ Extra Edition to Zion's Watch Tower, April 25, 1894.
- ☐ Jehovah's Witnesses – Proclaimers of God's Kingdom, 1993.
- ☐ Zion's Watch Tower, October 1884.
- ☐ THE WATCH TOWER, March 1, 1923.
- ☐ THE WATCH TOWER, February 15, 1918.
- ☐ THE WATCH TOWER April 1, 1919.
- ☐ THE WATCH TOWER July 1, 1919.
- ☐ THE WATCH TOWER April 1, 1920.
- ☐ THE WATCH TOWER May 1, 1921.
- ☐ THE WATCH TOWER May 15, 1922.
- ☐ THE WATCH TOWER Dec. 15, 1922.
- ☐ THE WATCH TOWER March 1, 1923.
- ☐ THE WATCH TOWER June 1, 1929.
- ☐ THE WATCH TOWER June 1, 1938.
- ☐ The Watch Tower June 15, 1938.
- ☐ Jehovah's Witnesses Proclaimers of God's Kingdom, 1993

**RESPONSE**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  WTPA stands on its objection in that the entirety of the request is outside the scope and time-period permitted by the Court's discovery order.

**REQUEST FOR PRODUCTION NO. 77**: Please produce a copy of meeting minutes for all meetings of WTPA directors from 1940 to 2005.

**RESPONSE**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  Subject to and without waiving this objection, none.

**REQUEST FOR PRODUCTION NO. 78**: Please produce a complete copy of the following documents bates numbered and produced by Plaintiffs.

- ☐ CAKEAERT/MAPLEY 002801-002833
- ☐ CAKEAERT/MAPLEY 002797-002800

- ☐ CAKEAERT/MAPLEY 002775-002776
- ☐ CAKEAERT/MAPLEY002769-002770
- ☐ CAKEAERT/MAPLEY 002758-002761 – January 15, 2001 The Watchtower
- ☐ CAKEAERT/MAPLEY002752 – July 15, 1997 The Watchtower
- ☐ CAKEAERT/MAPLEY 002751 – July 1, 1997 The Watchtower
- ☐ CAKEAERT/MAPLEY 002747 – May 15, 1997 The Watchtower
- ☐ CAKEAERT/MAPLEY 002744
- ☐ CAKEAERT/MAPLEY 002740-002743 – May 1, 1971 The Watchtower
- ☐ CAKEAERT/MAPLEY 002734 – January 1, 1954 The Watchtower
- ☐ CAKEAERT/MAPLEY 002718 – January 1, 1950 The Watchtower
- ☐ CAKEAERT/MAPLEY 002685

**RESPONSE**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  WTPA stands on its objection in that the entirety of the request is outside the scope and time-period permitted by the Court's discovery order.

**REQUEST FOR PRODUCTION NO. 79**: Please produce a copy of all documents provided to the District Offices in the United States, which provided guidance, policies, or direction in how the District Offices were to operate between 1960-1990.

**RESPONSE**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  Subject to and without waiving this objection, none.

**REQUEST FOR PRODUCTION NO. 80**: Please produce a copy of all documents provided to the Circuit Offices in the United States, which provided

DATED this 8th day of March, 2021.

By: _____

Guy W. Rogers / Jon A. Wilson /
Aaron M. Dunn
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc., and Watch Tower Bible and*
*Tract Society of Pennsylvania*

## **VERIFICATION**

Philip Brumley states that he has read the foregoing *(Defendant WTPA's Responses to Plaintiffs' Third Set of Jurisdictional Discovery)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers.  Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

Philip Brumley

Dated: March 8, 2021

Guy W. Rogers
Jon A. Wilson
Aaron M. Dunn
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.,*
*and Watch Tower Bible and Tract Society of Pennsylvania*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>Defendants. | Cause No. CV 20-52-BLG-SPW<br><br>**DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' THIRD SET OF JURISDICTIONAL DISCOVERY** |

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC.

    Cross-Claimant,

vs.

BRUCE MAPLEY SR.,

    Cross-Claim Defendant.

_____

ARIANE ROWLAND, and JAMIE
SCHULZE,

    Plaintiffs,

vs.

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC., WATCH TOWER BIBLE AND
TRACT SOCIETY OF
PENNSYLVANIA, and BRUCE
MAPLEY SR.,

    Defendants.

Cause No. CV 20-59-BLG-SPW

**DEFENDANT WATCH TOWER
BIBLE AND TRACT SOCIETY OF
PENNSYLVANIA'S FIRST
SUPPLEMENTAL RESPONSES TO
PLAINTIFFS' THIRD SET OF
JURISDICTIONAL DISCOVERY**

TO: Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C.
   Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street,
   Missoula, MT 59802

   COMES NOW Defendant Watch Tower Bible and Tract Society of

Pennsylvania (hereinafter "WTPA"), by and through its attorneys, and provides its

first supplemental responses to Plaintiffs' Third Set of Jurisdictional Discovery to
Defendant WTPA as follows:

## **GENERAL OBJECTIONS**

**I.**   **First General Objection: By Providing the Following Answers and
Responses, WTPA Does Not Waive its Claim it is Not Subject to Personal
Jurisdiction in Montana.**

The following Answers and Responses are supplied to Plaintiffs in accordance
with: (1) the Court's Orders Providing for Jurisdictional Discovery (Doc. 32 in the
*Caekaert* matter[1]; Doc. 24 in the *Rowland* matter[2]); (2) the Joint Jurisdictional
Discovery Plan (Doc. 36 in the *Caekaert* matter; Doc. 28 in the *Rowland* matter);
(3) the Jurisdictional Discovery Orders issued by the Court (Doc. 42 in the *Caekaert*
matter; Doc. 34 in the *Rowland* matter); and (4) the Court's Orders Re Scope of
Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland*
matter).  Nothing herein is intended to waive, explicitly or implicitly, WTPA's claim
it is not subject to personal jurisdiction in Montana. *See* Docs. 13, 14, and 25 in the
*Caekaert* matter; and Docs. 9, 10, and 18 in the *Rowland* matter (all explaining
WTPA's position regarding personal jurisdiction).  Should a waiver argument be
made, WTPA disputes the same and affirmatively avers any such argument is

---

[1] References to the *Caekaert* matter means Cause No. CV 20-52-BLG-SPW
[2] References to the *Rowland* matter means Cause No. CV 20-59-BLG-SPW.

directly contradictory to WTPA's position on personal jurisdiction. Accordingly, if made, any waiver argument should be wholly rejected.

## II.   <u>Second General Objection</u>: Requests Seeking Information Beyond the Scope of Jurisdictional Discovery are Improper.  Any Responses do not Waive WTPA's Claim it is not Subject to Personal Jurisdiction in Montana.

The Court has only allowed jurisdictional, not general, discovery to take place. *See* (Doc. 32 in the *Caekaert* matter; Doc. 24 in the *Rowland* matter). Thus, any discovery requests from Plaintiffs seeking information that goes beyond jurisdictional discovery are improper and are not permitted at this time. Again, as discussed above, any Answers or Responses herein are not intended as a waiver of WTPA's claim it is not subject to personal jurisdiction in Montana. As a corollary, any argument that any Answers or Responses herein answer or respond to matters outside the scope of jurisdictional discovery shall not be deemed an explicit or implicit waiver of WTPA's claim it is not subject to personal jurisdiction, nor shall any Answers or Responses herein be deemed a waiver of the scope of discovery allowed by the Court at this time.

## III.   <u>Third General Objection</u>: Requests Seeking Information Beyond the Scope of the Court-Ordered Limitations are Improper.

In the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland* matter), the Court concluded "[d]iscovery regarding WTPA's corporate relationship with WTNY from 1973 to 1992

is…appropriate." *See* Doc. 47 (in the *Caekaert* matter), p. 5; Doc. 37 (in the *Rowland* matter), p. 5. Accordingly, any discovery requests seeking information before 1973 or after 1992 are improper and outside the scope of Court-ordered limitations on jurisdictional discovery.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 76**: Please produce a copy of the following publications:

- ☐ Zion's Watch Tower and Herald of Christ's Presence, January 1885 issue.
- ☐ Zion's Watch Tower, August 1, 1895.
- ☐ Zion's Watch Tower, Dec. 15, 1908.
- ☐ Extra Edition to Zion's Watch Tower, April 25, 1894.
- ☐ Jehovah's Witnesses – Proclaimers of God's Kingdom, 1993.
- ☐ Zion's Watch Tower, October 1884.
- ☐ THE WATCH TOWER, March 1, 1923.
- ☐ THE WATCH TOWER, February 15, 1918.
- ☐ THE WATCH TOWER April 1, 1919.
- ☐ THE WATCH TOWER July 1, 1919.
- ☐ THE WATCH TOWER April 1, 1920.
- ☐ THE WATCH TOWER May 1, 1921.
- ☐ THE WATCH TOWER May 15, 1922.
- ☐ THE WATCH TOWER Dec. 15, 1922.
- ☐ THE WATCH TOWER March 1, 1923.
- ☐ THE WATCH TOWER June 1, 1929.
- ☐ THE WATCH TOWER June 1, 1938.
- ☐ The Watch Tower June 15, 1938.
- ☐ Jehovah's Witnesses Proclaimers of God's Kingdom, 1993

**RESPONSE**: Objection. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper. WTPA stands on its objection in that the entirety of the request is outside the scope and time-period permitted by the Court's discovery order.

**FIRST SUPPLEMENTAL RESPONSE:** Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  WTPA stands on its objection in that the entirety of the request is outside the scope and time-period permitted by the Court's discovery order.

Subject to and notwithstanding the foregoing objections, in the spirit of good faith and pursuant to correspondence with Plaintiffs' counsel (i.e., letter from Brown Law Firm, P.C. dated March 22, 2021, letter dated March 26, 2021 from Plaintiffs' counsel, and response letter from Brown Law Firm, P.C. dated April 8, 2021), WTPA has attempted to locate the documents specifically requested in WTPA's possession, custody, or control which pre-date the end of the 1973-1992 time period.  Please see WTPA 062975-063197, which accompany these First Supplemental Responses to Plaintiffs' Third Set of Jurisdictional Discovery to WTPA.

For clarification purposes, the enclosed documents (WTPA 062975-063197) consist of (not necessarily in the order listed below): Zion's Watch Tower and Herald of Christ's Presence, January 1885 issue; Zion's Watch Tower, August 1, 1895; Zion's Watch Tower, Dec. 15, 1908; Zion's Watch Tower, October 1884; THE WATCH TOWER, March 1, 1923; THE WATCH TOWER, February 15, 1918; THE WATCH TOWER April 1, 1919; THE WATCH TOWER July 1,

1919; THE WATCH TOWER April 1, 1920; THE WATCH TOWER May 1,

1921; THE WATCH TOWER May 15, 1922; THE WATCH TOWER Dec. 15,

1922; THE WATCH TOWER March 1, 1923; THE WATCH TOWER June 1,

1929; THE WATCH TOWER June 1, 1938; and The Watch Tower June 15, 1938.

WTPA has been unable to locate the "Extra Edition to Zion's Watch Tower,

April 25, 1894" document requested.  WTPA will supplement if it is able to locate

this document.

**REQUEST FOR PRODUCTION NO. 78**: Please produce a complete copy

of the following documents bates numbered and produced by Plaintiffs.

- ☐ CAKEAERT/MAPLEY 002801-002833
- ☐ CAKEAERT/MAPLEY 002797-002800
- ☐ CAKEAERT/MAPLEY 002775-002776
- ☐ CAKEAERT/MAPLEY002769-002770
- ☐ CAKEAERT/MAPLEY 002758-002761 – January 15, 2001 The Watchtower
- ☐ CAKEAERT/MAPLEY002752 – July 15, 1997 The Watchtower
- ☐ CAKEAERT/MAPLEY 002751 – July 1, 1997 The Watchtower
- ☐ CAKEAERT/MAPLEY 002747 – May 15, 1997 The Watchtower
- ☐ CAKEAERT/MAPLEY 002744
- ☐ CAKEAERT/MAPLEY 002740-002743 – May 1, 1971 The Watchtower
- ☐ CAKEAERT/MAPLEY 002734 – January 1, 1954 The Watchtower
- ☐ CAKEAERT/MAPLEY 002718 – January 1, 1950 The Watchtower
- ☐ CAKEAERT/MAPLEY 002685

**RESPONSE**: Objection.  Please refer to WTPA's Third General Objection,

above, for an explanation as to why the time period requested in this Request for

Production is improper.  WTPA stands on its objection in that the entirety of the

request is outside the scope and time-period permitted by the Court's discovery order.

**FIRST SUPPLEMENTAL RESPONSE:** Objection. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper. WTPA stands on its objection in that the entirety of the request is outside the scope and time-period permitted by the Court's discovery order.

Subject to and notwithstanding the foregoing objections, in the spirit of good faith and pursuant to correspondence with Plaintiffs' counsel (i.e., letter from Brown Law Firm, P.C. dated March 22, 2021, letter dated March 26, 2021 from Plaintiffs' counsel, and response letter from Brown Law Firm, P.C. dated April 8, 2021), WTPA has attempted to locate the documents specifically requested in WTPA's possession, custody, or control which pre-date the end of the 1973-1992 time period. Please see WTPA 063198-063277, which accompany these First Supplemental Responses to Plaintiffs' Third Set of Jurisdictional Discovery to WTPA.

For clarification purposes, the enclosed documents (WTPA 063198-063277) consist of (not necessarily in the order listed below): January 1, 1950 The Watchtower; January 1, 1954 The Watchtower; and May 1, 1971 the Watchtower.

The remaining requested documents which pre-date the end of the 1973-1992 time period are either not in WTPA's possession, custody, or control or have not yet been located.  WTPA will supplement should any such documents be located.

DATED this _19th_ day of April, 2021.

By: _____

Guy W. Rogers / Jon A. Wilson /
Aaron M. Dunn
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc., and Watch Tower Bible and*
*Tract Society of Pennsylvania*