*Exhibit H*

Guy W. Rogers
Jon A. Wilson
Aaron M. Dunn
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.,*
*and Watch Tower Bible and Tract Society of Pennsylvania*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Cause No. CV 20-52-BLG-SPW |
| Plaintiffs, | **DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC.'S RESPONSES TO PLAINTIFFS' SECOND SET OF JURISDICTIONAL DISCOVERY** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | |
| Defendants. | |

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC.

         Cross-Claimant,

vs.

BRUCE MAPLEY SR.,

         Cross-Claim Defendant.

_____

ARIANE ROWLAND, and JAMIE
SCHULZE,

         Plaintiffs,

vs.

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC., WATCH TOWER BIBLE AND
TRACT SOCIETY OF
PENNSYLVANIA, and BRUCE
MAPLEY SR.,

         Defendants.

Cause No. CV 20-59-BLG-SPW

**DEFENDANT WATCH TOWER
BIBLE AND TRACT SOCIETY OF
NEW YORK, INC.'S RESPONSES
TO PLAINTIFFS' SECOND SET OF
JURISDICTIONAL DISCOVERY**

TO:  Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C.
Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street,
Missoula, MT 59802

COMES NOW Defendant Watch Tower Bible and Tract Society of New

York, Inc. (hereinafter "WTNY"), by and through its attorneys, and responds to

Plaintiffs' Second Set of Jurisdictional Discovery as follows:

## GENERAL OBJECTION

In the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter[1]; Doc. 37 in the *Rowland* matter[2]), the Court concluded "[d]iscovery regarding WTPA's corporate relationship with WTNY from 1973 to 1992 is…appropriate."  *See* Doc. 47 (in the *Caekaert* matter), p. 5; Doc. 37 (in the *Rowland* matter), p. 5.  Accordingly, any discovery requests seeking information before 1973 or after 1992 are improper and outside the scope of Court-ordered limitations on jurisdictional discovery.

## INTERROGATORIES

**INTERROGATORY NO. 6**:  Identify each person who worked in the church's Service Department between 1960 and 1990.

**ANSWER**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  This request is also vague as to the term "church's Service Department."  Further, this request is overbroad, is not reasonably calculated to lead to the discovery of admissible information, is not proportional to the needs of the case, and infringes on the privacy rights of third parties.

---

[1] References to the *Caekaert* matter means Cause No. CV 20-52-BLG-SPW
[2] References to the *Rowland* matter means Cause No. CV 20-59-BLG-SPW.

**INTERROGATORY NO. 7**:  Identify each person who worked in the church's Legal Department between 1960 and 1990.

**ANSWER**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. This request is also vague as to the term "church's Legal Department."  Further, this request is overbroad, is not reasonably calculated to lead to the discovery of admissible information, is not proportional to the needs of the case, and infringes on the privacy rights of third parties.

**INTERROGATORY NO. 8**:  Please state how elders in each local congregation are selected and approved.

**ANSWER**:  Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. Subject to and without waiving this objection: Please see documents produced by Watch Tower Bible and Tract Society of Pennsylvania (hereinafter "WTPA"), bates-numbered WTPA0028758-0028784.

**INTERROGATORY NO. 9**:   Identify what the governing body does, where it is located, what it is responsible for, how it makes decisions, etc.?

**ANSWER**:  Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. This request is also irrelevant, is not reasonably calculated to lead to the discovery

of admissible evidence, and is vague and ambiguous as to the term "etc." Subject to and without waiving these objections: The Governing Body is a small group of spiritually-mature Christians who provide spiritual guidance to Jehovah's Witnesses worldwide. The Governing Body follows the pattern set by "the apostles and elders in Jerusalem" in the first century, who made important decisions on behalf of the entire Christian congregation. (Acts 15:2) Like those faithful men, the members of the Governing Body are not the leaders of Jehovah's Witnesses. The Governing Body serves in Warwick, New York, U.S.A.

**INTERROGATORY NO. 10**: Where is the church's United States "Branch Office" located?

**ANSWER**: Objection. Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. This request is also vague and ambiguous as to the term "church." Subject to and without waiving these objections: The religious construct known as the U.S. Branch Office for Jehovah's Witnesses is located at 900 Red Mills Road, Wallkill, New York 12589-3223, United States.

**INTERROGATORY NO. 11**: Identify all documents provided to the church's United States' Branch Office which provide any guidance, policies, or direction in how the Branch Office is to operate.

This request is also vague and ambiguous as to the terms "church," "Circuit Offices," and "District Offices." Subject to and without waiving these objections: None, as WTNY has never had "Circuit Offices" or "District Offices."

**INTERROGATORY NO. 14**:   Please identify how the people working in the church's Branch, District, and Circuit offices knew how to do their jobs.

**ANSWER**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. This request is also vague and ambiguous as to the terms "church," "working in," and "knew how to do their jobs." This request also seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections:  WTNY has never had "Circuit Offices," "District Offices," or "Branch Offices."  However, the United States Branch Office of Jehovah's Witnesses (located in New York and never in Montana) is staffed by unsalaried members of a religious order who follow Bible principles in carrying out their assignments.  Members of the religious order also consulted *Branch Organization* and *Organized to Accomplish Our Ministry,* which WTNY believes were previously produced by WTPA, in carrying out their roles.

**INTERROGATORY NO. 15**:  Please set forth your description of the relationships between the following: Governing Body, WTPA, WTNY, United States Branch Office, United States District Offices, United States Circuit Offices,

and local Kingdom Halls/congregations (including whether any of these bodies oversee or direct, in any way, the activities of any other of these bodies).

**ANSWER**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. This request is also vague and ambiguous as to the terms "Circuit Offices" and "District Offices."  Subject to and without waiving these objections:  WTNY is a not-for-profit corporation formed in 1909 under the laws of the State of New York, U.S.A.  It is used by Jehovah's Witnesses in the United States to print Bibles and Bible-based literature.  Some of that literature is used in connection with the ministry done by Jehovah's Witnesses, again in connection with Jesus' commission in Matthew 28:19, 20. WTPA is a nonprofit corporation formed in 1884 under the laws of the Commonwealth of Pennsylvania, U.S.A.  It is used by Jehovah's Witnesses to support their worldwide work, which includes publishing Bibles and Bible-based literature.  Congregations form for the purpose of allowing Jehovah's Witnesses and others interested in attending their meetings to gather together to worship God.  At their own choice, congregations may form corporations or trusteeships to own property used as Kingdom Halls (meeting places).  Those that do not form a corporation or trusteeship typically remain unincorporated associations. Each legal entity is separate and distinct from one another.

The United States Branch Office of Jehovah's Witnesses is a religious construct that cares for the spiritual interests of Jehovah's Witnesses in the United States. It has no legal or corporate control over any entity used by Jehovah's Witnesses.

The Governing Body of Jehovah's Witnesses is an ecclesiastical group of men who care for the spiritual interests of Jehovah's Witnesses worldwide.  It has no legal or corporate control over any entity used by Jehovah's Witnesses.

WTNY is unaware of any "United States District Offices" or "United States Circuit Offices" associated with the faith of Jehovah's Witnesses.

**INTERROGATORY NO. 16**: Please set forth your complete understanding of the location of each congregation in the state of Montana between 1960 and today.

**ANSWER**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. Subject to and without waiving this objection:  WTNY has been unable to locate any historical data concerning the location of Kingdom Halls in Montana during the relevant time-period based on the information in its possession, custody, or control.  Discovery is ongoing and WTNY will supplement its answer if responsive information is located.  As to current congregations in Montana, a listing can be found at the following hyperlink,

discovery to the topic of the relationship between WTNY and WTPA during the relevant time period. Subject to and without waiving these objections: As to CAEKAERT/MAPLEY 002767-002770, 002735, 002780-002781, 002796, WTNY has made a reasonable inquiry, and the information it knows or can readily obtain is insufficient to enable it to either admit nor deny this request to the extent the referenced documents originated with another entity. As to CAEKAERT/MAPLEY 002782-002787, WTNY admits. As to CAEKAERT/MAPLEY 002791-002793, 003168, WTNY stands on its objections as they are outside the relevant time-period.

DATED this 8th day of March, 2021.

By: _____
Guy W. Rogers / Jon A. Wilson /
Aaron M. Dunn
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc., and Watch Tower Bible and*
*Tract Society of Pennsylvania*

## **VERIFICATION**

Thomas Jefferson, Jr., states that he has read the foregoing *(Defendant WTNY's Responses to Plaintiffs' Second Set of Jurisdictional Discovery)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers.  Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

Thomas Jefferson, Jr.

Dated: 3/8/2021

Defendant Watch Tower Bible and Tract Society of New York, Inc.'s Responses to
Plaintiffs' Second Set of Jurisdictional Discovery - 19

Guy W. Rogers
Jon A. Wilson
Aaron M. Dunn
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.,
and Watch Tower Bible and Tract Society of Pennsylvania*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Cause No. CV 20-52-BLG-SPW |
| Plaintiffs, | **DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S RESPONSES TO PLAINTIFFS' SECOND SET OF JURISDICTIONAL DISCOVERY** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | |
| Defendants. | |

WATCHTOWER BIBLE AND         )
TRACT SOCIETY OF NEW YORK,   )
INC.                          )
                              )
          Cross-Claimant,     )
                              )
vs.                           )
                              )
BRUCE MAPLEY SR.,             )
                              )
          Cross-Claim Defendant. )
                              )
_____ )
                              )
ARIANE ROWLAND, and JAMIE     )   Cause No. CV 20-59-BLG-SPW
SCHULZE,                      )
                              )   **DEFENDANT WATCH TOWER**
          Plaintiffs,         )   **BIBLE AND TRACT SOCIETY OF**
                              )   **PENNSYLVANIA'S RESPONSES**
vs.                           )   **TO PLAINTIFFS' SECOND SET OF**
                              )   **JURISDICTIONAL DISCOVERY**
WATCHTOWER BIBLE AND          )
TRACT SOCIETY OF NEW YORK,    )
INC., WATCH TOWER BIBLE AND   )
TRACT SOCIETY OF              )
PENNSYLVANIA, and BRUCE       )
MAPLEY SR.,                   )
                              )
          Defendants.         )

---

TO:  Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C.
     Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street,
     Missoula, MT 59802

     COMES NOW Defendant Watch Tower Bible and Tract Society of

Pennsylvania (hereinafter "WTPA"), by and through its attorneys, and responds to

Plaintiffs' Second Set of Jurisdictional Discovery to Defendant WTPA as follows:

## **GENERAL OBJECTIONS**

I.   **First General Objection: By Providing the Following Answers and Responses, WTPA Does Not Waive its Claim it is Not Subject to Personal Jurisdiction in Montana.**

The following Answers and Responses are supplied to Plaintiffs in accordance with: (1) the Court's Orders Providing for Jurisdictional Discovery (Doc. 32 in the *Caekaert* matter[1]; Doc. 24 in the *Rowland* matter[2]); (2) the Joint Jurisdictional Discovery Plan (Doc. 36 in the *Caekaert* matter; Doc. 28 in the *Rowland* matter); (3) the Jurisdictional Discovery Orders issued by the Court (Doc. 42 in the *Caekaert* matter; Doc. 34 in the *Rowland* matter); and (4) the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland* matter).  Nothing herein is intended to waive, explicitly or implicitly, WTPA's claim it is not subject to personal jurisdiction in Montana.  *See* Docs. 13, 14, and 25 in the *Caekaert* matter; and Docs. 9, 10, and 18 in the *Rowland* matter (all explaining WTPA's position regarding personal jurisdiction).  Should a waiver argument be made, WTPA disputes the same and affirmatively avers any such argument is directly contradictory to WTPA's position on personal jurisdiction.  Accordingly, if made, any waiver argument should be wholly rejected.

//

---

[1] References to the *Caekaert* matter means Cause No. CV 20-52-BLG-SPW
[2] References to the *Rowland* matter means Cause No. CV 20-59-BLG-SPW.

**II.**    **Second General Objection**: **Requests Seeking Information Beyond the Scope of Jurisdictional Discovery are Improper.  Any Responses do not Waive WTPA's Claim it is not Subject to Personal Jurisdiction in Montana.**

The Court has only allowed jurisdictional, not general, discovery to take place. *See* (Doc. 32 in the *Caekaert* matter; Doc. 24 in the *Rowland* matter).  Thus, any discovery requests from Plaintiffs seeking information that goes beyond jurisdictional discovery are improper and are not permitted at this time.  Again, as discussed above, any Answers or Responses herein are not intended as a waiver of WTPA's claim it is not subject to personal jurisdiction in Montana.  As a corollary, any argument that any Answers or Responses herein answer or respond to matters outside the scope of jurisdictional discovery shall not be deemed an explicit or implicit waiver of WTPA's claim it is not subject to personal jurisdiction, nor shall any Answers or Responses herein be deemed a waiver of the scope of discovery allowed by the Court at this time.

**III.**    **Third General Objection**: **Requests Seeking Information Beyond the Scope of the Court-Ordered Limitations are Improper.**

In the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland* matter), the Court concluded "[d]iscovery regarding WTPA's corporate relationship with WTNY from 1973 to 1992 is...appropriate." *See* Doc. 47 (in the *Caekaert* matter), p. 5; Doc. 37 (in the *Rowland* matter), p. 5.  Accordingly, any discovery requests seeking information

before 1973 or after 1992 are improper and outside the scope of Court-ordered limitations on jurisdictional discovery.

## INTERROGATORIES

**INTERROGATORY NO. 20**: Please identify all directors of WTPA from 1970 to 1995, including the dates each individual served as a director.

**ANSWER**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.   Subject to and without waiving this objection, WTPA provides the following names of individuals (all of whom are now deceased):

**1973** N. H. Knorr          President and Director
F. W. Franz          Vice President and Director
G. Suiter          Secretary and Treasurer
J. O. Groh          Assistant Secretary—Treasurer and Director
M. G. Henschel          Director
W. K. Jackson          Director
L. A. Swingle          Director

**1974** N. H. Knorr          President and Director
F. W. Franz          Vice President and Director
G. Suiter          Secretary and Treasurer and Director
J. O. Groh          Assistant Secretary—Treasurer and Director
M. G. Henschel          Director
W. K. Jackson          Director
L. A. Swingle          Director

**1975** N. H. Knorr          President and Director
F. W. Franz          Vice President and Director
G. Suiter          Secretary and Treasurer and Director
W. K. Jackson          Assistant Secretary—Treasurer and Director
M. G. Henschel          Director

**ANSWER**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.   Subject to and without waiving this objection: None

**INTERROGATORY NO. 25**:  Please describe the relationship between the Governing Body, WTPA and WTNY for each year during the period 1970-1995 as it pertains to directing the affairs of Jehovah's Witness congregations in the United States.

**ANSWER**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  Subject to and without waiving this objection: The Watch Tower Bible and Tract Society of Pennsylvania is a nonprofit corporation formed in 1884 under the laws of the Commonwealth of Pennsylvania, U.S.A. It is used by Jehovah's Witnesses to support their worldwide work, which includes publishing Bibles and Bible-based literature. Besides the Watch Tower Bible and Tract Society of Pennsylvania, Jehovah's Witnesses have other legal entities that perform various legal tasks associated with fulfilling Jesus' commission recorded at Matthew 28:19, 20.  One such legal entity is Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), which prints Bibles and Bible-based literature that is used by Jehovah's Witnesses. Some of that literature is used in connection with the ministry done by Jehovah's Witnesses, again in connection

with Jesus' commission in Matthew 28:19-20.  Congregations form for the purpose of allowing Jehovah's Witnesses and others interested in attending their meetings to gather together to worship God.  At their own choice, congregations may form corporations or trusteeships to own property used as Kingdom Halls (meeting places). Those that do not form a corporation or trusteeship typically remain unincorporated associations. Each legal entity is separate and distinct from one another.  The Governing Body of Jehovah's Witnesses is an ecclesiastical group of men who care for the spiritual interests of Jehovah's Witnesses.  It has no legal or corporate control over any entity used by Jehovah's Witnesses.

**INTERROGATORY NO. 26**: Please describe the relationship between the Governing Body, WTPA and WTNY for each year during the period 1970-1995 as it pertains to responding to reports of child sex abuse by members of the congregations of Jehovah's witnesses in the United States.

**ANSWER**: Objection.  Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts."  *See* Fed.R.Civ.P. 33(a)(1) (emphasis added).  Here, there is no order from the Court, nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit.  Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory.

Doing so could constitute a waiver of the objection based on Rule 33(a)(1),
Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4).  WTPA has no intention of
waiving the 25 interrogatory limit.

WTPA further objects to the time period requested.  Please refer to WTPA's
Third General Objection, above, for an explanation as to why the time period
requested in this Interrogatory is improper.

**INTERROGATORY NO. 27**:  Please identify all years between 1970 and
1995 during which WTNY was a subsidiary of WTPA.

**ANSWER**: Objection.  Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless
otherwise stipulated or ordered by the court, a party serve on any other party *no
more* than 25 written interrogatories, including all discrete subparts." *See*
Fed.R.Civ.P. 33(a)(1) (emphasis added).  Here, there is no order from the Court,
nor is there a stipulation, allowing Plaintiffs to propound more than the specified
25 interrogatory limit.  Thus, under the plain language of Rule 33(a)(1),
Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory.
Doing so could constitute a waiver of the objection based on Rule 33(a)(1),
Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4).  WTPA has no intention of
waiving the 25 interrogatory limit.

DATED this 29th day of December, 2020.

By: _____

Guy W. Rogers / Jon A. Wilson /
Aaron M. Dunn
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc., and Watch Tower Bible and*
*Tract Society of Pennsylvania*

## **VERIFICATION**

Philip Brumley states that he has read the foregoing *(Defendant WTPA's Responses to Plaintiffs' Second Set of Jurisdictional Discovery)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers.  Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

Philip Brumley

Dated: Dec. 30, 2020

Guy W. Rogers
Jon A. Wilson
Aaron M. Dunn
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.,
and Watch Tower Bible and Tract Society of Pennsylvania*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>Defendants. | Cause No. CV 20-52-BLG-SPW<br><br>**DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND SET OF JURISDICTIONAL DISCOVERY** |

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC.

    Cross-Claimant,

vs.

BRUCE MAPLEY SR.,

    Cross-Claim Defendant.

_____

ARIANE ROWLAND, and JAMIE
SCHULZE,

    Plaintiffs,

vs.

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC., WATCH TOWER BIBLE AND
TRACT SOCIETY OF
PENNSYLVANIA, and BRUCE
MAPLEY SR.,

    Defendants.

Cause No. CV 20-59-BLG-SPW

**DEFENDANT WATCH TOWER
BIBLE AND TRACT SOCIETY OF
PENNSYLVANIA'S FIRST
SUPPLEMENTAL  RESPONSES
TO PLAINTIFFS' SECOND SET OF
JURISDICTIONAL DISCOVERY**

TO: Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C.
   Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street,
   Missoula, MT 59802

   COMES NOW Defendant Watch Tower Bible and Tract Society of

Pennsylvania (hereinafter "WTPA"), by and through its attorneys, and provides its

first supplemental responses to Plaintiffs' Second Set of Jurisdictional Discovery to

Defendant WTPA as follows:

## **GENERAL OBJECTIONS**

I.     **First General Objection: By Providing the Following Answers and Responses, WTPA Does Not Waive its Claim it is Not Subject to Personal Jurisdiction in Montana.**

The following Answers and Responses are supplied to Plaintiffs in accordance

with: (1) the Court's Orders Providing for Jurisdictional Discovery (Doc. 32 in the

*Caekaert* matter[1]; Doc. 24 in the *Rowland* matter[2]); (2) the Joint Jurisdictional

Discovery Plan (Doc. 36 in the *Caekaert* matter; Doc. 28 in the *Rowland* matter);

(3) the Jurisdictional Discovery Orders issued by the Court (Doc. 42 in the *Caekaert*

matter; Doc. 34 in the *Rowland* matter); and (4) the Court's Orders Re Scope of

Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland*

matter). Nothing herein is intended to waive, explicitly or implicitly, WTPA's claim

it is not subject to personal jurisdiction in Montana. *See* Docs. 13, 14, and 25 in the

*Caekaert* matter; and Docs. 9, 10, and 18 in the *Rowland* matter (all explaining

WTPA's position regarding personal jurisdiction). Should a waiver argument be

made, WTPA disputes the same and affirmatively avers any such argument is

---

[1] References to the *Caekaert* matter means Cause No. CV 20-52-BLG-SPW
[2] References to the *Rowland* matter means Cause No. CV 20-59-BLG-SPW.

directly contradictory to WTPA's position on personal jurisdiction. Accordingly, if made, any waiver argument should be wholly rejected.

II.  **Second General Objection**: **Requests Seeking Information Beyond the Scope of Jurisdictional Discovery are Improper. Any Responses do not Waive WTPA's Claim it is not Subject to Personal Jurisdiction in Montana.**

The Court has only allowed jurisdictional, not general, discovery to take place. *See* (Doc. 32 in the *Caekaert* matter; Doc. 24 in the *Rowland* matter). Thus, any discovery requests from Plaintiffs seeking information that goes beyond jurisdictional discovery are improper and are not permitted at this time. Again, as discussed above, any Answers or Responses herein are not intended as a waiver of WTPA's claim it is not subject to personal jurisdiction in Montana. As a corollary, any argument that any Answers or Responses herein answer or respond to matters outside the scope of jurisdictional discovery shall not be deemed an explicit or implicit waiver of WTPA's claim it is not subject to personal jurisdiction, nor shall any Answers or Responses herein be deemed a waiver of the scope of discovery allowed by the Court at this time.

III.  **Third General Objection**: **Requests Seeking Information Beyond the Scope of the Court-Ordered Limitations are Improper.**

In the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland* matter), the Court concluded "[d]iscovery regarding WTPA's corporate relationship with WTNY from 1973 to 1992

is…appropriate." *See* Doc. 47 (in the *Caekaert* matter), p. 5; Doc. 37 (in the *Rowland* matter), p. 5. Accordingly, any discovery requests seeking information before 1973 or after 1992 are improper and outside the scope of Court-ordered limitations on jurisdictional discovery.

## INTERROGATORIES

**INTERROGATORY NO. 26**: Please describe the relationship between the Governing Body, WTPA and WTNY for each year during the period 1970-1995 as it pertains to responding to reports of child sex abuse by members of the congregations of Jehovah's Witnesses in the United States.

**ORIGINAL ANSWER**: Objection. Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts." *See* Fed.R.Civ.P. 33(a)(1) (emphasis added). Here, there is no order from the Court, nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit. Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory. Doing so could constitute a waiver of the objection based on Rule 33(a)(1), Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4). WTPA has no intention of waiving the 25 interrogatory limit.

WTPA further objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.

**FIRST SUPPLEMENTAL ANSWER**: WTPA objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. WTPA also objects on grounds Plaintiffs' Interrogatory No. 26 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Subject to and without waiving said objections, as well as the objections in the Original Answer to Interrogatory No. 26: None known.

**INTERROGATORY NO. 27**: Please identify all years between 1970 and 1995 during which WTNY was a subsidiary of WTPA.

**ORIGINAL ANSWER**: Objection. Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts." *See* Fed.R.Civ.P. 33(a)(1) (emphasis added). Here, there is no order from the Court, nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit. Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory.

DATED this 15th day of January, 2021.

By: _____

Guy W. Rogers / Jon A. Wilson /
Aaron M. Dunn
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc., and Watch Tower Bible and*
*Tract Society of Pennsylvania*

## VERIFICATION

Philip Brumley states that he has read the foregoing *(Defendant WTPA's First Supplemental Responses to Plaintiffs' Second Set of Jurisdictional Discovery)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers. Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

_____
Philip Brumley

Dated: January 15, 2021