*Exhibit K*

Guy W. Rogers
Jon A. Wilson
Aaron M. Dunn
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.,
and Watch Tower Bible and Tract Society of Pennsylvania*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Cause No. CV 20-52-BLG-SPW |
| Plaintiffs, | **DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S RESPONSES TO PLAINTIFFS' SECOND SET OF JURISDICTIONAL DISCOVERY** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | |
| Defendants. | |

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC.

              Cross-Claimant,

vs.

BRUCE MAPLEY SR.,

              Cross-Claim Defendant.

_____

ARIANE ROWLAND, and JAMIE
SCHULZE,

              Plaintiffs,

vs.

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC., WATCH TOWER BIBLE AND
TRACT SOCIETY OF
PENNSYLVANIA, and BRUCE
MAPLEY SR.,

              Defendants.

Cause No. CV 20-59-BLG-SPW

**DEFENDANT WATCH TOWER
BIBLE AND TRACT SOCIETY OF
PENNSYLVANIA'S RESPONSES
TO PLAINTIFFS' SECOND SET OF
JURISDICTIONAL DISCOVERY**

---

TO:  Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C.
Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street,
Missoula, MT 59802

      COMES NOW Defendant Watch Tower Bible and Tract Society of

Pennsylvania (hereinafter "WTPA"), by and through its attorneys, and responds to

Plaintiffs' Second Set of Jurisdictional Discovery to Defendant WTPA as follows:

## GENERAL OBJECTIONS

I. <u>**First General Objection**</u>: **By Providing the Following Answers and Responses, WTPA Does Not Waive its Claim it is Not Subject to Personal Jurisdiction in Montana.**

The following Answers and Responses are supplied to Plaintiffs in accordance with: (1) the Court's Orders Providing for Jurisdictional Discovery (Doc. 32 in the *Caekaert* matter[1]; Doc. 24 in the *Rowland* matter[2]); (2) the Joint Jurisdictional Discovery Plan (Doc. 36 in the *Caekaert* matter; Doc. 28 in the *Rowland* matter); (3) the Jurisdictional Discovery Orders issued by the Court (Doc. 42 in the *Caekaert* matter; Doc. 34 in the *Rowland* matter); and (4) the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland* matter). Nothing herein is intended to waive, explicitly or implicitly, WTPA's claim it is not subject to personal jurisdiction in Montana. *See* Docs. 13, 14, and 25 in the *Caekaert* matter; and Docs. 9, 10, and 18 in the *Rowland* matter (all explaining WTPA's position regarding personal jurisdiction). Should a waiver argument be made, WTPA disputes the same and affirmatively avers any such argument is directly contradictory to WTPA's position on personal jurisdiction. Accordingly, if made, any waiver argument should be wholly rejected.

//

---

[1] References to the *Caekaert* matter means Cause No. CV 20-52-BLG-SPW
[2] References to the *Rowland* matter means Cause No. CV 20-59-BLG-SPW.

II.   **Second General Objection: Requests Seeking Information Beyond the Scope of Jurisdictional Discovery are Improper.  Any Responses do not Waive WTPA's Claim it is not Subject to Personal Jurisdiction in Montana.**

The Court has only allowed jurisdictional, not general, discovery to take place.  *See* (Doc. 32 in the *Caekaert* matter; Doc. 24 in the *Rowland* matter).  Thus, any discovery requests from Plaintiffs seeking information that goes beyond jurisdictional discovery are improper and are not permitted at this time.  Again, as discussed above, any Answers or Responses herein are not intended as a waiver of WTPA's claim it is not subject to personal jurisdiction in Montana.  As a corollary, any argument that any Answers or Responses herein answer or respond to matters outside the scope of jurisdictional discovery shall not be deemed an explicit or implicit waiver of WTPA's claim it is not subject to personal jurisdiction, nor shall any Answers or Responses herein be deemed a waiver of the scope of discovery allowed by the Court at this time.

III.  **Third General Objection: Requests Seeking Information Beyond the Scope of the Court-Ordered Limitations are Improper.**

In the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland* matter), the Court concluded "[d]iscovery regarding WTPA's corporate relationship with WTNY from 1973 to 1992 is...appropriate."  *See* Doc. 47 (in the *Caekaert* matter), p. 5; Doc. 37 (in the *Rowland* matter), p. 5.  Accordingly, any discovery requests seeking information

before 1973 or after 1992 are improper and outside the scope of Court-ordered limitations on jurisdictional discovery.

## INTERROGATORIES

**INTERROGATORY NO. 20**: Please identify all directors of WTPA from 1970 to 1995, including the dates each individual served as a director.

**ANSWER**: Objection. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. Subject to and without waiving this objection, WTPA provides the following names of individuals (all of whom are now deceased):

**1973** N. H. Knorr    President and Director
F. W. Franz    Vice President and Director
G. Suiter    Secretary and Treasurer
J. O. Groh    Assistant Secretary—Treasurer and Director
M. G. Henschel    Director
W. K. Jackson    Director
L. A. Swingle    Director

**1974** N. H. Knorr    President and Director
F. W. Franz    Vice President and Director
G. Suiter    Secretary and Treasurer and Director
J. O. Groh    Assistant Secretary—Treasurer and Director
M. G. Henschel    Director
W. K. Jackson    Director
L. A. Swingle    Director

**1975** N. H. Knorr    President and Director
F. W. Franz    Vice President and Director
G. Suiter    Secretary and Treasurer and Director
W. K. Jackson    Assistant Secretary—Treasurer and Director
M. G. Henschel    Director

Production is improper.   Subject to and without waiving this objection: See

documents bates numbered WTPA062965-062974.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 13**:  Please admit that the same

Society Legal Department served both WTNY and WTPA between 1970 and

1995.

**RESPONSE**: Objection.  Please refer to WTPA's Third General Objection,

above, for an explanation as to why the time period requested in this Request for

Admission is improper.  This request is also vague as to the term "Society Legal

Department" and ambiguous as to the term "served." Subject and without waiving

these objections: All references in literature to the "Society's" Legal Department

refer to the legal department of WTNY.  However, the WTNY Legal Department

also provided general counsel services to WTPA.

**REQUEST FOR ADMISSION NO. 14**:  Please admit that at all times

between 1970 and the present, WTPA works and has worked under the direction of

the faithful and discrete slave class and its Governing Body.

**RESPONSE**: Objection.  Please refer to WTPA's Third General Objection,

above, for an explanation as to why the time period requested in this Request for

Admission is improper.  This request is also ambiguous as to the term "worked

under the direction" and unintelligible as to the term "its Governing Body" as the

two terms "faithful and discreet slave" and "Governing Body" are religiously understood to be one in the same. Subject to and without waiving these objections, WTPA denies this Request to extent that it suggests any legal direction or oversight.

**REQUEST FOR AMISSION NO. 15**: Please admit that WTPA currently has custody or control over the Jehovah's Witness database of documents relating to child abuse by Jehovah's Witnesses in the United States.

**RESPONSE**: Objection: This request is unintelligible as to the term "Jehovah's Witness database." Subject to and without waiving this objection: Denied.

**REQUEST FOR ADMISSION NO. 16**: Please admit that between about 1896 and about 1955, WTPA had the name Watch Town Bible and Tract Society.

**RESPONSE**: Objection. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Admission is improper. Subject to said objection, denied.

//

//

//

//

//

DATED this 29th day of December, 2020.

By: _____

Guy W. Rogers / Jon A. Wilson /
Aaron M. Dunn
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc., and Watch Tower Bible and*
*Tract Society of Pennsylvania*

## **VERIFICATION**

Philip Brumley states that he has read the foregoing *(Defendant WTPA's Responses to Plaintiffs' Second Set of Jurisdictional Discovery)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers.  Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

Philip Brumley

Dated: Dec. 30, 2020