*Exhibit L*

Guy W. Rogers
Jon A. Wilson
Aaron M. Dunn
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.,*
*and Watch Tower Bible and Tract Society of Pennsylvania*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Cause No. CV 20-52-BLG-SPW |
| Plaintiffs, | **DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S RESPONSES TO PLAINTIFFS' THIRD SET OF JURISDICTIONAL DISCOVERY** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | |
| Defendants. | |

WATCHTOWER BIBLE AND          )
TRACT SOCIETY OF NEW YORK,    )
INC.                          )
                              )
          Cross-Claimant,     )
                              )
vs.                           )
                              )
BRUCE MAPLEY SR.,             )
                              )
          Cross-Claim Defendant.  )
                              )
                              )
_____  )
ARIANE ROWLAND, and JAMIE     )    Cause No. CV 20-59-BLG-SPW
SCHULZE,                      )
                              )    **DEFENDANT WATCH TOWER**
          Plaintiffs,         )    **BIBLE AND TRACT SOCIETY OF**
                              )    **PENNSYLVANIA'S RESPONSES**
vs.                           )    **TO PLAINTIFFS' THIRD SET OF**
                              )    **JURISDICTIONAL DISCOVERY**
WATCHTOWER BIBLE AND          )
TRACT SOCIETY OF NEW YORK,    )
INC., WATCH TOWER BIBLE AND   )
TRACT SOCIETY OF              )
PENNSYLVANIA, and BRUCE       )
MAPLEY SR.,                   )
                              )
          Defendants.         )

TO:    Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C.
       Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street,
       Missoula, MT 59802

       COMES NOW Defendant Watch Tower Bible and Tract Society of

Pennsylvania (hereinafter "WTPA"), by and through its attorneys, and responds to

Plaintiffs' Third Set of Jurisdictional Discovery to Defendant WTPA as follows:

## GENERAL OBJECTIONS

I.   **First General Objection: By Providing the Following Answers and Responses, WTPA Does Not Waive its Claim it is Not Subject to Personal Jurisdiction in Montana.**

The following Answers and Responses are supplied to Plaintiffs in accordance with: (1) the Court's Orders Providing for Jurisdictional Discovery (Doc. 32 in the *Caekaert* matter[1]; Doc. 24 in the *Rowland* matter[2]); (2) the Joint Jurisdictional Discovery Plan (Doc. 36 in the *Caekaert* matter; Doc. 28 in the *Rowland* matter); (3) the Jurisdictional Discovery Orders issued by the Court (Doc. 42 in the *Caekaert* matter; Doc. 34 in the *Rowland* matter); and (4) the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland* matter). Nothing herein is intended to waive, explicitly or implicitly, WTPA's claim it is not subject to personal jurisdiction in Montana. *See* Docs. 13, 14, and 25 in the *Caekaert* matter; and Docs. 9, 10, and 18 in the *Rowland* matter (all explaining WTPA's position regarding personal jurisdiction). Should a waiver argument be made, WTPA disputes the same and affirmatively avers any such argument is directly contradictory to WTPA's position on personal jurisdiction. Accordingly, if made, any waiver argument should be wholly rejected.

*//*

---

[1] References to the *Caekaert* matter means Cause No. CV 20-52-BLG-SPW
[2] References to the *Rowland* matter means Cause No. CV 20-59-BLG-SPW.

Defendant Watch Tower Bible and Tract Society of Pennsylvania's Responses to
Plaintiffs' Third Set of Jurisdictional Discovery - 3

II.   **Second General Objection**: Requests Seeking Information Beyond the Scope of Jurisdictional Discovery are Improper.  Any Responses do not Waive WTPA's Claim it is not Subject to Personal Jurisdiction in Montana.

The Court has only allowed jurisdictional, not general, discovery to take place.  *See* (Doc. 32 in the *Caekaert* matter; Doc. 24 in the *Rowland* matter).  Thus, any discovery requests from Plaintiffs seeking information that goes beyond jurisdictional discovery are improper and are not permitted at this time.  Again, as discussed above, any Answers or Responses herein are not intended as a waiver of WTPA's claim it is not subject to personal jurisdiction in Montana.  As a corollary, any argument that any Answers or Responses herein answer or respond to matters outside the scope of jurisdictional discovery shall not be deemed an explicit or implicit waiver of WTPA's claim it is not subject to personal jurisdiction, nor shall any Answers or Responses herein be deemed a waiver of the scope of discovery allowed by the Court at this time.

III.   **Third General Objection**: Requests Seeking Information Beyond the Scope of the Court-Ordered Limitations are Improper.

In the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland* matter), the Court concluded "[d]iscovery regarding WTPA's corporate relationship with WTNY from 1973 to 1992 is…appropriate."  *See* Doc. 47 (in the *Caekaert* matter), p. 5; Doc. 37 (in the *Rowland* matter), p. 5.  Accordingly, any discovery requests seeking information

before 1973 or after 1992 are improper and outside the scope of Court-ordered limitations on jurisdictional discovery.

## INTERROGATORIES

**INTERROGATORY NO. 34**: Identify the location of each current and former District and Circuit Office (as those terms are used by you in your Answer to Interrogatory No. 5).

**ANSWER**: Objection. WTPA objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. WTPA also objects on the grounds Plaintiffs' Interrogatory No. 34 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Subject to and without waiving said objections: None.

**INTERROGATORY NO. 35**: For the period 1970 to 1990, please describe how each of your publications (as listed in your Answer to Interrogatory No. 6) were distributed, including who distributed each of them, the means of such distribution, and whether you consented or objected to such distribution of your publications.

**ANSWER**: Objection. WTPA objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the

information it knows or can readily obtain is insufficient to enable it to identify any instances of that occurring.

**REQUEST FOR ADMISSION NO. 24**:  Please admit that claims arising from child sexual abuse are among the types of claims that the Kingdom Hall Assistance Arrangement (KHAA) was or is available to cover.

**RESPONSE**: Objection: Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Admission is improper.  Subject to and without waiving said objection: Denied. *See* Answer to Interrogatory No. 38.

**REQUEST FOR ADMISSION NO. 25**:  Please admit that the donations or contributions solicited by WTPA from Jehovah's Witnesses (including through their congregations) are used, at least in part, to fund the Kingdom Hall Assistance Arrangement (KHAA).

**RESPONSE**: Objection: Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Admission is improper. Subject to and without waiving said objection: Admitted.

**REQUEST FOR ADMISSION NO. 26**:  Please admit that WTPA has collected money from Montana for the purchase of insurance policies.

**RESPONSE**: Objection: Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for

Admission is improper.  Subject to and without waiving said objection: WTPA can neither admit nor deny this request. WTPA has made reasonable inquiry, and the information it knows or can readily obtain is insufficient to enable it to confirm whether any congregations in Montana participated in KHAA during the relevant time period.

**REQUEST FOR ADMISSION NO. 27**:  Please admit that you intended documents you published – specifically, documents marked Plaintiffs Bates 00484-000623 - to be referenced and used by elders of Jehovah's Witnesses' congregations.

**RESPONSE**: Objection: Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Admission is improper.  Subject to and without waiving said objection: Admitted.

**REQUEST FOR ADMISSION NO. 28**:  Please admit that you intended documents you published – specifically, documents marked Plaintiffs Bates 00484-000623 - to be referenced and used by elders of Jehovah's Witnesses' congregations in Montana.

**RESPONSE**: Objection: Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Admission is improper.  Subject to and without waiving said objection: Admitted.

DATED this _8th_ day of March, 2021.

By: _____

Guy W. Rogers / Jon A. Wilson /
Aaron M. Dunn
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc., and Watch Tower Bible and*
*Tract Society of Pennsylvania*

## **VERIFICATION**

Philip Brumley states that he has read the foregoing *(Defendant WTPA's Responses to Plaintiffs' Third Set of Jurisdictional Discovery)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers. Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

Philip Brumley

Dated: March 8, 2021