Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | )<br>)<br>) |
| Plaintiffs, | ) Case No. CV-20-52-BLG-SPW<br>) |
| vs. | ) **PLAINTIFFS' BRIEF IN**<br>) **SUPPORT OF THEIR MOTION**<br>) **TO COMPEL RE: HARDIN**<br>) **CONGREGATION SUBPOENA** |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | )<br>)<br>)<br>)<br>) |
| Defendants, | )<br>) |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., | )<br>)<br>) |
| Cross Claimant, | )<br>) |
| BRUCE MAPLEY, SR., | )<br>) |
| Cross Defendant. | ) |

Plaintiffs, by and through counsel of record, submit the following Brief in Support of their Motion to Compel Re: Hardin Congregation Subpoena.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### a. Pre-Discovery

Plaintiffs here, and in the related case of *Caekaert, et al.. v. WTPA, et. al.*, allege that the Defendants permitted and facilitated serial sexual abuse of Plaintiffs by congregational elders and other church members in Hardin, Montana during the period 1973 to 1992.  Plaintiffs named two entities as defendants: WTPA and WTNY.  Plaintiffs allege, *inter alia*, that WTPA and WTNY: (1) were operating as alter egos of each during the period in question; (2) were made aware of the abuse; and (3) chose to allow the abuse to continue by ignoring credible reports and directing congregation leaders in Hardin not to report the abuse to local authorities. First Amend. Compl. at ¶¶ 11-59 (ECF Doc. 22).

In response to Plaintiffs' Complaint, WTPA filed a Motion to Dismiss Pursuant to Rule 12(b)(2).  (ECF Doc. 13).  Based on the affidavits of its in-house counsel, WTPA asserted that it has no role in church activities besides owning copyrights of church publications and there is no basis for personal jurisdiction over WTPA.  Aff. of Philip Brumley, Esq. (ECF Doc. 14-1); Second Aff. of Philip Brumley, Esq. (ECF Doc. 26).  Based on documents Plaintiffs filed in response, the Court determined "WTPA may have played a greater role in the church's

Plaintiffs' Brief in Support of Their Motion to Compel the Hardin Congregation of Jehovah's Witnesses
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 2 of 9

governance in the past[.]". Order Providing for Jurisdictional Disc., 5 (ECF Doc. 32). Accordingly, the Court ordered jurisdictional discovery because "a more satisfactory showing of the facts is necessary for the Court to resolve" the personal jurisdiction issue. *Id.* at 4 (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)).

### b. Plaintiffs' Hardin Congregation Subpoena Duces Tecum

The parties agreed, and the Court ordered, that service of third-party subpoenas be completed by February 26, 2021. Joint Jurisdictional Disc. Plan, 3 (ECF Doc. 36); Jurisdictional Disc. Sched. Order, 2 (ECF Doc. 42). Accordingly, Plaintiffs issued a Subpoena Duces Tecum to the Hardin Congregation of Jehovah's Witnesses ("Hardin Congregation) on January 11, 2021 (attached as **Exhibit 1**). The Hardin Congregation responded on February 11, 2021 with a series of objections, but nevertheless produced approximately 100 pages of documents. (Response attached as **Exhibit 2**). However, seven documents were withheld based on a series of asserted privileges. (Privilege log as **Exhibit 3**).

Plaintiffs had questions about the Hardin Congregation's assertions of privilege and attempted to confer with its attorney, Mr. Funyak, by a letter dated March 30, 2021. Having received no response, Plaintiffs' counsel sent another letter on April 7, 2021. Mr. Funyak replied the same day and, among other things,

Plaintiffs' Brief in Support of Their Motion to Compel the Hardin Congregation of Jehovah's Witnesses
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 3 of 9

would not commit to conferring.[1] Given the likely relevance and importance of the withheld documents and the limited time frame for jurisdictional discovery, Plaintiffs now respectfully request the Court's review of the issues.

## II. ARGUMENT

If a person responding to a subpoena *duces tecum* withholds documents pursuant to a claim of privilege, they must: "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45(e)(2)(A)(ii). Broad assertions of privilege are not favored:

> Testimonial exclusionary rules and privileges contravene the fundamental principle that " 'the public . . . has a right to every man's evidence.' " As such, they must be strictly construed and accepted "only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth."

*Trammel v. U.S.*, 445 U.S. 40, 50 (1980) (internal citations omitted) (citing cases). Likewise, the Montana Supreme Court has long recognized that: "testimonial privileges must be strictly construed because they contravene the fundamental

---

[1] Fed. R. Civ. P. 45 (d)(2)(B)(i) does not appear to require parties to confer on enforcement of a subpoena.

Plaintiffs' Brief in Support of Their Motion to Compel the Hardin Congregation of Jehovah's Witnesses
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 4 of 9

principle that the public has the right to everyone's evidence." *State v. Gooding*, 1999 MT 249, ¶ 16) (citing *State v. MacKinnon*, 1998 MT 78, ¶ 24).

### a. Montana Law Does Not Recognize Three of the Hardin Congregation's Claimed Privileges

When a federal court sits in diversity jurisdiction, it applies the privilege law of the state that governs the underlying claims. Fed. R. Evid. 501. Here, Montana law controls Plaintiffs' claims and Montana privilege law applies.

Plaintiff could not find any legal support or recognition of three of the Hardin Congregation's claimed "privileges." In particular, it does not appear that any authority recognizes the Hardin Congregation's *third-party privacy* privilege, *congregant expectation of confidentiality* privilege, and *elder expectation of confidentiality* privilege. **Ex. 3**. Accordingly, Plaintiffs respectfully request the Court rule that these privileges are not a valid basis to withhold responsive documents.

### b. The Privilege Log Needs More Detail to Assess Claims of Clergy-Penitent Privilege

Montana does recognize a limited clergy-penitent privilege: "A member of the clergy or priest may not, without the consent of the person making the confession, be examined as to any confession made to the individual in the individual's professional character in the course of discipline enjoined by the church to which the individual belongs." Mont. Code Ann. § 26-1-804. In

Plaintiffs' Brief in Support of Their Motion to Compel the Hardin Congregation of Jehovah's Witnesses
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 5 of 9

*MacKinnon*, the Montana Supreme Court adopted the Utah Supreme Court's interpretation of the privilege. ¶ 24. The privilege "require[s] that they be made in confidence and for the purpose of seeking or receiving religious guidance, admonishment, or advice and that the cleric was acting in his or her religious role pursuant to the practice and discipline of the church." *Scott v. Hammock*, 870 P.2d 947, 956 (Utah 1994). The *MacKinnon* Court refused to apply the privilege because, *inter alia*, the alleged privileged statements were made in a public restaurant and before third-parties. ¶ 26, and MacKinnon did not ask for, nor did he receive, any spiritual guidance or advice. ¶ 27.

      Here, the Hardin Congregation's descriptions of the withheld documents do not provide enough detail to know if they would qualify under the limited clergy-penitent privilege. The descriptions simply state that the document was created "for the purpose of seeking or receiving religious guidance, admonishment, or advice." or something similar. **Ex. 3**. None of the descriptions state the subject matter of the documents. Additionally, information about whether third parties may have been present, whether the statement was made in confidence, and whether the "cleric was acting in his or her religious role pursuant to the practice and discipline of the church" are missing.

Plaintiffs' Brief in Support of Their Motion to Compel the Hardin Congregation of Jehovah's Witnesses
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 6 of 9

While the clergy-penitent may apply to some, or all, of the withheld documents, it is not possible to make that determination without more detail in the Hardin Congregation's privilege log. For instance:

- ➢ If a third party was present during the confession, the privilege does not apply. *See MacKinnon*, ¶ 26.
- ➢ If one person was reporting the wrongful conduct of another to an elder of the Hardin Congregation the privilege does not apply. Mont. Code Ann. § 26-1-804; *see also MacKinnon*, ¶ 24 (If the intention is to report the wrongdoing of another so the church could take disciplinary action the privilege does not apply).
- ➢ If the withheld documents concerns and implicates Plaintiffs - and that is a possibility - they can waive whatever privilege might apply. Mont R. Evid. 503(a).

Because the Hardin Congregation's privilege log does not contain enough information to assess its claim of clergy penitent privilege, Plaintiffs respectfully request that the Court Order timely supplementation of the descriptions to address the issues raised herein which materially impact an assessment of the privilege claim.[2]

---

[2] Alternatively, the Court can choose to review the documents *in camera* to determine if the clergy-penitent privilege applies. *Henricksen v. State*, 2004 MT

Plaintiffs' Brief in Support of Their Motion to Compel the Hardin Congregation of Jehovah's Witnesses
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 7 of 9

### III. CONCLUSION

Based on the foregoing facts and arguments, Plaintiffs respectfully request the Court Order that:

1. The Hardin Congregation's unrecognized objections are not a valid basis with which to withhold material responsive to Plaintiffs' Subpoena; and

2. The Hardin Congregation shall supplement its privilege log to include all of the details necessary to fully assess whether the claim applies, or alternatively conduct an *in camera* review of the alleged privileged documents.

DATED this 21st day of April, 2021.

By: /s/ Ryan Shaffer
Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
MEYER, SHAFFER & STEPANS PLLP
*Attorneys for Plaintiffs*

---

20, ¶ 37 (*in camera* review appropriate method to determine what material is properly discoverable).

Plaintiffs' Brief in Support of Their Motion to Compel the Hardin Congregation of Jehovah's Witnesses
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 8 of 9

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 1,380 words, excluding the caption, certificates of service and compliance, table of contents and authorities, and exhibit index.

Plaintiffs' Brief in Support of Their Motion to Compel the Hardin Congregation of Jehovah's Witnesses
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 9 of 9