Kevin M. Funyak
STACEY & FUNYAK
The Grand Building, Suite 700
100 North 27th Street
P.O. Box 1139
Billings, MT 59103-1139
Phone: (406) 259-4545
Fax: (406) 259-4540
kfunyak@staceyfunyak.com
**Attorneys for Non-Party Hardin Congregation**

FILED

MAY 04 2021

Clerk, U.S. Courts
District Of Montana
Billings Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAERKAERT and CAMILLIA MAPLEY,<br><br>  Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCHTOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA and BRUCE MAPLEY, SR.<br><br>  Defendants. | Cause No. CV 20-52-BLG-SPW<br><br>**HARDIN CONGREGATION'S BRIEF IN SUPPORT OF MOTION TO PERMISIVELY INTERVENE PURSUANT TO RULE 42(b), F.R.CIV.P.** |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK,<br><br>  Cross Claimant,<br>vs.<br>BRUCE MAPLEY, SR.,<br><br>  Cross Defendant. | |

The Hardin Congregation has moved the Court pursuant to Rule 24(b) of the Federal Rules of Civil Procedure to permissively intervene in this matter for the exclusive purpose of responding to the *Plaintiffs' Motion To Compel Re: Hardin Congregation Subpoena*. Rule 24(b)(1)(B) provides:

> (b) **Permissive Intervention**.
> (1) *In General*. On timely motion, the court may permit anyone to intervene who:
> (B) has a claim or defense that shares with the main action a common question of law or fact.

The Hardin Congregation is a non-party to this matter. Despite its non-party status, a subpoena was served upon it by plaintiffs.[1] Despite material flaws in the subpoena under the requirements of Rule 45, F.R.Civ.P., rather than seek to quash the subpoena, the Hardin Congregation opted to cooperate and worked with the assistance of counsel to respond. As expressly noted, the Hardin Congregation's subpoena response was provided without waiving its objections and its formal subpoena responses specifically set forth its objections. (**Exhibit 2** to *Plaintiffs' Brief*).

The plaintiffs' subpoena requested items which included communications that are be maintained as strictly confidential pursuant to the fundamental tenets,

---

[1]. The Hardin Congregation is vaguely aware that the Court is currently allowing a limited scope of discovery specific to what plaintiffs describe as "jurisdictional discovery." The Hardin Congregation does not have sufficient knowledge to comment on whether that discovery sought by plaintiffs' subpoenas fits within this allowed scope.

doctrines, canons, beliefs and established practices of the Jehovah's Witnesses' faith. The Hardin Congregation identified those documents withheld or redacted based upon privilege in accordance with Rule 45(e)(2), F.R.Civ.P. The Hardin Congregation also provided a *Privilege Log* "describing the nature of the withheld documents, communications or tangible things in a manner" that would not reveal privileged or protected information. Plaintiffs nonetheless assert: 1) that the privileges relied upon by the Hardin Congregation are not valid under Montana law; and/or 2) that the Hardin Congregation's *Privilege Log* is inadequate.

The Hardin Congregation strongly opposes plaintiffs' arguments. Further, the resolution of the issues raised by plaintiffs have significant implications far beyond this litigation and could impact the ability of the Hardin Congregation, and the entire Jehovah's Witnesses faith, to assure its members and elders that communications made with an express expectation of confidentiality will be maintained in strict confidence. Any possible ruling in this case that such communications are not strictly confidential and immune from production would have a chilling impact the Jehovah's Witnesses' ability to practice their faith in accordance with the fundamental tenets, doctrines, canons, beliefs and established practices which ensure its congregants and elders that any communication made with an expectation of confidentiality will be maintained as such.

The Hardin Congregation undoubtedly has a vested interest in the resolution of the issues now raised by plaintiffs, and it must be allowed to permissively intervene so as to heard on these crucial issues.

RESPECTTFULLY SUBMITTED this 4th day of May, 2021.

STACEY & FUNYAK

By: _____
Kevin M. Funyak
Attorney for Non-Party Hardin Congregation

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of May, 2021, a true and correct copy of the foregoing *Brief In Support Of Hardin Congregation's Motion To Permissively Intervene* was served upon the following person(s) by depositing the same in the U.S, Mail, postage prepaid, and by email addressed as follows:

Ryan R. Shafer
MEYER, SHAFFER & STEPANS, PLLP
430 Ryman Street
Missoula, Montana 59802
ryan@mss-lawfirm.com

Guy W. Rogers
Jon A. Wilson
BROWN LAW FIRM, P.C.
P.O. Drawer 849
Billings, MT 59103
grogers@brownfirm.com
jwilson@brownfirm.com

Joel M. Taylor
Miller McNamara & Taylor LLP
100 South Bedford Road, Suite 340
Mount Kisco, NY 10549
jtaylor@mmt-law.com

Bruce G. Mapley, Sr.
3905 Caylan Cove
Birmingham, AL 35215

By: /s/ Brenda L. Smith