# BROWN LAW FIRM, PC

315 N. 24th Street | PO Drawer 849 | Billings, Montana 59103-0849
Phone: 406.248.2611 | Fax: 406.248.3128

John J. Russell
Michael P. Heringer
Guy W. Rogers
Scott G. Gratton
Kelly J.C. Gallinger*
Jeffrey T. McAllister
Jon A. Wilson
Seth A. Cunningham
Shane A. MacIntyre
Adam M. Shaw
Brett C. Jensen*
Catrina V. MacIntyre
Aaron M. Dunn
Nathan A. Burke
Alex J. Ames

Of Counsel
Robert L. Sterup

Retired
Rockwood Brown
John Walker Ross
Margy Bonner

*also licensed in
North Dakota

Guy W. Rogers
grogers@brownfirm.com

Jon A. Wilson
jwilson@brownfirm.com

January 22, 2021

**VIA EMAIL and U.S. MAIL**
Robert L. Stepans / rob@mss-lawfirm.com
Ryan R. Shaffer / ryan@mss-lawfirm.com
James C. Murnion / james@mss-lawfirm.com
MEYER SHAFFER & STEPANS PLLP
430 Ryman Street
Missoula, MT 59802

Re:   *Tracy Caekaert and Camillia Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
USDC Billings Division 20-CV-52-SPW-TJC
File No. 78280.001

*Ariane Rowland and Jamie Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*
USDC Billings Division 20-CV-59-SPW-TJC
File No. 78280.002

Gentlemen:

I am writing in response to Ryan's letter dated January 19, 2021, regarding discovery issues. While the Watch Tower Bible and Tract Society of Pennsylvania (hereinafter "WTPA") disagrees with many of the assertions made in that letter as discussed herein, this information is being provided in the spirit of cooperation in the hopes of resolving these issues. It is not the intent of WTPA to waive, explicitly or implicitly, its claim that it is not subject to personal jurisdiction in Montana by providing this information. *See* Docs. 13, 14, and 25 in the *Caekaert* matter; and Docs. 9, 10, and 18 in the *Rowland* matter (all explaining WTPA's position regarding personal jurisdiction).

   Interrogatory Nos. 2, 3, 11, 12, 15, 16, and 17

As set forth in the Answers by WTPA to these Interrogatories, WTPA does not know the identity of "each person who held the position of Ministerial Servant at the Jehovah

Brown Law Firm, P.C.
January 22, 2021
Page 2 of 5

Witness Hardin Congregation from 1970 to 1995"; "each person who held the position of Elder at the Jehovah Witness Hardin Congregation from 1970 to 1995"; "all district overseers who served the Hardin congregation between 1970 and 1995"; "all circuit overseers who served the Hardin congregation between 1970 and 1995"; "all circuit overseers who served the Hardin congregation between 1970 and 1995"; "the presiding overseer(s) of the Hardin congregation from 1970-1995"; "the Hardin congregation secretary(s) from 1970-1995"; or "all members of any judicial committees for the Hardin congregation from 1970-1995". In contending that WTPA should know this information, Ryan contends "personnel cards are kept for the life of all full-time servants, and they are kept permanently" pursuant to a statement in the 1977 Branch Organization Manual.

WTPA has looked through the documents in its possession, custody, or control, and it has no information that would allow it to identify the persons requested in these Interrogatories. The Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), may have some of this information, as it is the entity that had contact with local congregations during the time period at issue. However, WTPA is uncertain how much historical data WTNY has in this regard.

- Interrogatory No. 5

As explained in WTPA's Answer to this Interrogatory, "A District was a group of Circuits[.]" (emphasis added). Circuits continue to exist, whereas Districts ceased to exist on September 1, 2014.

- Interrogatory No. 6; Request for Production Nos. 6 and 7; Request for Admission Nos. 9, 10, and 11

WTPA disagrees with the contention that its Answers/Responses to these discovery requests created any ambiguity, particularly since all these discovery requests except Request for Production No. 7 utilized the term "distributed" without defining the same. As explained in its Answers/Responses, WTPA made publications available to the public upon request as a copyright holder and occasional publisher. Requests from the public for such documents would have been directed to WTNY, which would then have shipped the requested documents.

- Interrogatory No. 9; Request for Production Nos. 1, 2, 3, 4, 5, 9, and 10

As explained in the Answer/Responses to these discovery requests, WTPA has no record of sending any documents or correspondence during the time period at issue to the Hardin Congregation; to Elders or other representatives of the Hardin Congregation; to any local congregation in Montana; or to Elders or other representatives of any local congregation in Montana. WTPA also has no record of any correspondence or other documents appearing on its letterhead that were sent during the time period at issue to the Hardin Congregation; to Elders or

Brown Law Firm, P.C.
January 22, 2021
Page 3 of 5

other representatives of the Hardin Congregation; to any local congregation in Montana; or to Elders or other representatives of any local congregation in Montana. WTPA is additionally unaware of any letters addressed to "All Congregations"; "All Bodies of Elders"; or other similar designations during the time period at issue on its letterhead or that were signed by WTPA or a representative thereof. Along with having no records of any such documents, correspondence, or letters, WTPA does not know of any such documents, correspondence, or letters being sent during the time period at issue based on the information in its possession, custody, or control.

As to the Response to Request for Production No. 2, the terms "Jehovah's Witness Montana congregation" and "other representatives" were in quotation marks because such terms were used in Request for Production No. 2 with no definition provided. Turning to Request for Production Nos. 9 and 10, Ryan notes "[w]e are in possession of at least such letter[.]" While no citation was provided, WTPA presumes Ryan is referring to the documents previously bates stamped CAEKAERT/MAPLEY000006 and 000342-343. However, those letters were only sent to congregations in England, not the U.S. During the time period at issue, any such communications to congregations in the U.S. would have been sent by WTNY.

- <u>Interrogatory No. 13</u>

WTPA has no information in its possession, custody, or control identifying Congregations in Montana during the time period at issue. WTNY may have some of this information, as it is the entity that had contact with local congregations during the time period at issue. However, WTPA is uncertain how much historical data WTNY has in this regard.

As to current congregations in Montana, a listing can be found at the following hyperlink, https://apps.jw.org/ui/E/meeting-search.html#/weekly-meetings/search/E/Montana,%20USA/46.879682,-110.362566/@46.368333,-110.610036,5z, and clicking on Montana on the map. As this information is available on the internet, it is as easily accessible to Plaintiffs as it is to WTPA.

- <u>Interrogatory No. 18 and Request For Admission No. 3</u>

As indicated in the Answer to Interrogatory No. 18 and the Response to Request for Admission No. 3, WTNY has never operated as a legal subsidiary of WTPA or any other entity. While the language quoted in Ryan's letter refers to WTPA working "with its subsidiary legal agencies", *see* WTPA026379, such language was used in a document that had a circulation of no more than a couple hundred. That document was not filed for the purpose of establishing legal relationships or as part of any legal proceeding, and WTNY has never operated as a subsidiary of WTPA under relevant law. In a religious sense, WTNY is secondary or supplemental to WTPA in that it provides publishing services to WTPA.

- Interrogatory No. 19

The primary document used in training would be the New World Translation of the Holy Scriptures, which was previously produced as WTPA015653-020392. Other documents that may have been referred to include the Organized to Accomplish Our Ministry previously produced as WTPA033861-034084, the Kingdom Ministry School Course previously produced as WTPA000001-000136, and "Pay Attention to Yourselves and to All the Flock" previously produced as WTPA000137-000292.

- Request for Production Nos. 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 28-47, 49

Rule 34(a)(1), Fed.R.Civ.P., specifically limits the scope of Requests for Production to "items in the responding party's possession, custody, or control[.]" I am unaware of any legal authority that would require WTPA, in responding to a Request for Production, to identify whether it knows of the existence of any documents not in its possession, custody, or control. If you are aware of any such authority, please provide citations to the same.

- Request for Production Nos. 27 and 52

The only version of "Pay Attention to Yourselves and to All the Flock" during the time period at issue for which WTPA held the copyright so that it is in WTPA's possession, custody, or control is the version produced as WTPA000137-WTPA000292 in the Response to Request for Production No. 27. As explained in that Response, WTNY may have versions of the publication not published or copyrighted by WTPA, and Plaintiffs already appear to have obtained such versions. *See* CAEKAERT/MAPLEY000624-000723, 000724-755, and 000756-000819.

- Request for Admission Nos. 1 and 8

As explained in the Responses to these Requests for Admission, CAEKAERT/MAPLEY001818-002081 contains underlying and typing that may have been added by the possessor of the publication, and CAEKAERT/MAPLEY000484-000623 contains underlying, checks, brackets, and other marks apparently made by the possessor of the publications. WTPA does not think it is necessary for it to conduct a line-by-line comparison of these documents, particularly since WTPA has produced a true and direct copy of these documents. *See* WTPA000001-000136 and 026371-026618.

- Request for Admission Nos. 4, 6, and 7

WTPA stands on its responses to these Requests for Admission. As worded, Requests for Admission Nos. 4, 6, and 7 explicitly say:

Brown Law Firm, P.C.
January 22, 2021
Page 5 of 5

> 4. Please admit that in 1977 **WTPA notified** persons endeavoring to donate to the Jehovah's Witness church to make their contributions payable to WTPA. (emphasis added)
>
> 6. Please admit that in 2003 **WTPA notified** persons endeavoring to donate to the Jehovah's Witness church to make their contributions payable to WTPA. (emphasis added)
>
> 7. Please admit that for the period 1977-2003 **WTPA notified** persons endeavoring to donate to the Jehovah's Witness church to make their contributions payable to WTPA. (emphasis added)

As highlighted above, these Requests for Admission clearly seek admissions about WTPA's role in asking for contributions, and WTPA denies that it "notified" persons to donate to it in 1977 or 2003. I am unaware of any legal authority that requires WTPA to provide any further response. If you are aware of any such authority, please provide citations to the same.

Thank you for your attention to this matter, and please contact me with any questions or concerns.

Sincerely,

*[signature]*

Jon A. Wilson
JAW
cc:   Joel M. Taylor (via e-mail)