# BRØWN LAW FIRM, PC

John J. Russell
Michael P. Heringer
Guy W. Rogers
Scott G. Gratton
Kelly J.C. Gallinger*
Jeffrey T. McAllister
Jon A. Wilson
Seth A. Cunningham
Shane A. MacIntyre
Adam M. Shaw
Brett C. Jensen*
Catrina V. MacIntyre
Aaron M. Dunn
Nathan A. Burke
Alex J. Ames

Of Counsel
Robert L. Sterup

Retired
Rockwood Brown
John Walker Ross
Margy Bonner

*also licensed in
North Dakota

315 N. 24th Street | PO Drawer 849 | Billings, Montana 59103-0849
Phone: 406.248.2611 | Fax: 406.248.3128

Guy W. Rogers
grogers@brownfirm.com

Jon A. Wilson
jwilson@brownfirm.com

March 22, 2021

**VIA EMAIL and U.S. MAIL**
Robert L. Stepans / rob@mss-lawfirm.com
Ryan R. Shaffer / ryan@mss-lawfirm.com
James C. Murnion / james@mss-lawfirm.com
MEYER SHAFFER & STEPANS PLLP
430 Ryman Street
Missoula, MT 59802

Re:  *Tracy Caekaert and Camillia Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
USDC Billings Division 20-CV-52-SPW-TJC
File No. 78280.001

*Ariane Rowland and Jamie Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*
USDC Billings Division 20-CV-59-SPW-TJC
File No. 78280.002

Gentlemen:

I am writing in response to James' letter dated March 10, 2021, regarding discovery issues. While the Watch Tower Bible and Tract Society of Pennsylvania (hereinafter "WTPA") and the Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), disagree with many of the assertions made in that letter as discussed herein, this information is being provided in the spirit of cooperation in the hopes of resolving these issues. Please be advised it is not the intent of WTPA to waive, explicitly or implicitly, its claim that it is not subject to personal jurisdiction in Montana by providing this information. *See* Docs. 13, 14, and 25 in the *Caekaert* matter; and Docs. 9, 10, and 18 in the *Rowland* matter (all explaining WTPA's position regarding personal jurisdiction).

Brown Law Firm, P.C.
March 22, 2021
Page 2 of 3

- <u>Interrogatory No. 19 to WTPA</u>

*See* WTPA's Second Supplemental Responses to Plaintiffs' First Set of Jurisdictional Discovery, which are enclosed.

- <u>Interrogatory No. 25 to WTPA</u>

WTPA disagrees with your position that WTPA's Answer to Interrogatory No. 25 "was too vague to have meaning and appears to have dodged the question." As explained in the Answer, and subject to the objections set forth therein, "[t]he Governing Body of Jehovah's Witnesses is an ecclesiastical group of men who care for the spiritual interests of Jehovah's Witnesses." As further explained in my letter dated February 12, 2021, the Governing Body provides guidance regarding the beliefs and practices of Jehovah's Witnesses in harmony with its role as set forth at Matthew 24:45-47. As the guidance provided by the Governing Body is ecclesiastical, and as explained in WTPA's original Answer, the Governing Body "has no legal or corporate control over any entity used by Jehovah's Witnesses." While WTPA does not know the basis of your position that you "have good reason to believe that the governing body has taken very specific action to direct or govern affairs of local congregations in the United States[,]" WTPA stands on its original Answer.

- <u>Request for Production No. 58 to WTPA / Request for Production No. 2 to WTNY</u>

As explained in my letter dated February 12, 2021, WTPA has no responsive financial records for the time period in question. WTNY does have responsive financial records for the time period in question, and such records will be produced subject to the Stipulated Protective Orders once they are agreed to and entered by the Court.

- <u>Request for Admission No. 14 to WTPA</u>

As explained in WTPA's Response to Request for Admission No. 14, that Request for Admission is ambiguous as to the term "worked under the direction". While James' recent letter asserts that Request for Admission asked about "regular direction", no such specification was provided in the Request for Admission as written. Given the ambiguity created by the way that Request for Admission was written, WTPA stands on its denial of Request for Admission No. 14 "to [the] extent it suggests any legal direction or oversight[]" based on WTPA's Answer to Interrogatory No. 25 and the discussion above regarding the same.

- <u>Request for Admission No. 2 to WTNY</u>

The understanding set forth in James' recent letter regarding this Request for Admission No. 2 is incorrect. As set forth in the Response to Request for Admission No. 2, which is unintelligible as to the term "Jehovah's Witness database", WTNY denies that it "currently has custody or

control over the Jehovah's Witness database of documents relating to child abuse at all times by Jehovah's Witnesses in the Untied States." As explained in my letter dated February 12, 2021, the documents that are kept by and in the control of WTNY are written responses from congregations to the 1997 letter referenced in James' letter dated January 26, 2021. Since no specific mention of the 1997 letter was made in Request for Admission No. 2, WTNY stands on its original Response.

Thank you for your attention to this matter, and please contact me with any questions or concerns.

Sincerely,

Jon A. Wilson
JAW
cc: Joel M. Taylor (via e-mail)