Guy W. Rogers
Jon A. Wilson
Aaron M. Dunn
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.,
and Watch Tower Bible and Tract Society of Pennsylvania*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>        Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>        Defendants. | Cause No. CV 20-52-BLG-SPW<br><br>**DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S RESPONSES TO PLAINTIFFS' THIRD SET OF JURISDICTIONAL DISCOVERY** |

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC.

    Cross-Claimant,

vs.

BRUCE MAPLEY SR.,

    Cross-Claim Defendant.

_____

ARIANE ROWLAND, and JAMIE
SCHULZE,

    Plaintiffs,

vs.

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC., WATCH TOWER BIBLE AND
TRACT SOCIETY OF
PENNSYLVANIA, and BRUCE
MAPLEY SR.,

    Defendants.

Cause No. CV 20-59-BLG-SPW

**DEFENDANT WATCH TOWER
BIBLE AND TRACT SOCIETY OF
PENNSYLVANIA'S RESPONSES
TO PLAINTIFFS' THIRD SET OF
JURISDICTIONAL DISCOVERY**

---

TO: Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C.
Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street,
Missoula, MT 59802

  COMES NOW Defendant Watch Tower Bible and Tract Society of

Pennsylvania (hereinafter "WTPA"), by and through its attorneys, and responds to

Plaintiffs' Third Set of Jurisdictional Discovery to Defendant WTPA as follows:

## GENERAL OBJECTIONS

I.     **First General Objection: By Providing the Following Answers and Responses, WTPA Does Not Waive its Claim it is Not Subject to Personal Jurisdiction in Montana.**

The following Answers and Responses are supplied to Plaintiffs in accordance with: (1) the Court's Orders Providing for Jurisdictional Discovery (Doc. 32 in the *Caekaert* matter[1]; Doc. 24 in the *Rowland* matter[2]); (2) the Joint Jurisdictional Discovery Plan (Doc. 36 in the *Caekaert* matter; Doc. 28 in the *Rowland* matter); (3) the Jurisdictional Discovery Orders issued by the Court (Doc. 42 in the *Caekaert* matter; Doc. 34 in the *Rowland* matter); and (4) the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland* matter).  Nothing herein is intended to waive, explicitly or implicitly, WTPA's claim it is not subject to personal jurisdiction in Montana.  *See* Docs. 13, 14, and 25 in the *Caekaert* matter; and Docs. 9, 10, and 18 in the *Rowland* matter (all explaining WTPA's position regarding personal jurisdiction).  Should a waiver argument be made, WTPA disputes the same and affirmatively avers any such argument is directly contradictory to WTPA's position on personal jurisdiction.  Accordingly, if made, any waiver argument should be wholly rejected.

//

---

[1] References to the *Caekaert* matter means Cause No. CV 20-52-BLG-SPW
[2] References to the *Rowland* matter means Cause No. CV 20-59-BLG-SPW.
Defendant Watch Tower Bible and Tract Society of Pennsylvania's Responses to
Plaintiffs' Third Set of Jurisdictional Discovery - 3

II.    <u>Second General Objection</u>: Requests Seeking Information Beyond the Scope of Jurisdictional Discovery are Improper.  Any Responses do not Waive WTPA's Claim it is not Subject to Personal Jurisdiction in Montana.

The Court has only allowed jurisdictional, not general, discovery to take place.  *See* (Doc. 32 in the *Caekaert* matter; Doc. 24 in the *Rowland* matter).  Thus, any discovery requests from Plaintiffs seeking information that goes beyond jurisdictional discovery are improper and are not permitted at this time.  Again, as discussed above, any Answers or Responses herein are not intended as a waiver of WTPA's claim it is not subject to personal jurisdiction in Montana.  As a corollary, any argument that any Answers or Responses herein answer or respond to matters outside the scope of jurisdictional discovery shall not be deemed an explicit or implicit waiver of WTPA's claim it is not subject to personal jurisdiction, nor shall any Answers or Responses herein be deemed a waiver of the scope of discovery allowed by the Court at this time.

III.    <u>Third General Objection</u>: Requests Seeking Information Beyond the Scope of the Court-Ordered Limitations are Improper.

In the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland* matter), the Court concluded "[d]iscovery regarding WTPA's corporate relationship with WTNY from 1973 to 1992 is…appropriate."  *See* Doc. 47 (in the *Caekaert* matter), p. 5; Doc. 37 (in the *Rowland* matter), p. 5.  Accordingly, any discovery requests seeking information

before 1973 or after 1992 are improper and outside the scope of Court-ordered limitations on jurisdictional discovery.

## INTERROGATORIES

**INTERROGATORY NO. 34**: Identify the location of each current and former District and Circuit Office (as those terms are used by you in your Answer to Interrogatory No. 5).

**ANSWER**: Objection.  WTPA objects to the time period requested.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  WTPA also objects on the grounds Plaintiffs' Interrogatory No. 34 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020).  Subject to and without waiving said objections: None.

**INTERROGATORY NO. 35**: For the period 1970 to 1990, please describe how each of your publications (as listed in your Answer to Interrogatory No. 6) were distributed, including who distributed each of them, the means of such distribution, and whether you consented or objected to such distribution of your publications.

**ANSWER**: Objection.  WTPA objects to the time period requested.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the

patently irrelevant to the scope of discovery pertaining to the relationship between WTPA and WTNY.  Subject to and without waiving said objections:  WTPA spent its funds publishing and printing Bibles and Bible-based literature, assisting with international disaster relief, funding the construction of Kingdom Halls in areas of the world where local congregants lacked personal funds to pay for such construction, and any other miscellaneous ways to support Matthew 24:14 and Matthew 28:19, 20.

**INTERROGATORY NO. 37**:  Did WTPA ever provide a loan or money for the construction of the Kingdom Hall in Hardin, MT?

**ANSWER**: Objection.  WTPA objects to the time period requested.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  WTPA also objects on the grounds Plaintiffs' Interrogatory No. 37 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P.  *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020).  Subject to and without waiving said objections: None known based on the information in WTPA's possession, custody, or control.

**INTERROGATORY NO. 38**:  Please describe the Kingdom Hall Assistance Arrangement operated by WTPA in the United States, including but not limited to the starting date, the types of events for which assistance was provided, how assistance was documented, and any end date.

**ANSWER**: Objection.  WTPA objects to the time period requested.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  WTPA also objects on the grounds Plaintiffs' Interrogatory No. 38 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P.  *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020).  Subject to and without waiving said objections: The KHAA began in 1989.  Generally, the fund was to be a voluntary pooling of assets to provide funds to repair property damage, care for liability claims from Kingdom Hall operations when there was no insurance coverage, and purchase coverage where necessary.  WTPA has no records in its possession, custody, or control indicating it provided any assistance to any congregations in Montana.

**INTERROGATORY NO. 39**:  Please identify all congregations of Jehovah's Witnesses that were eligible to participate in the Kingdom Hall Assistance Arrangement (KHAA).

**ANSWER**: Objection.  WTPA objects to the time period requested.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  WTPA also objects on the grounds Plaintiffs' Interrogatory No. 39 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Subject to and without waiving said objections:

All congregations in the United States were eligible to contribute to the fund. WTPA has no listing in its possession, custody, or control of the congregations eligible during the time period at issue.

**INTERROGATORY NO. 40**:  Please describe any predecessor arrangement to the Kingdom Hall Assistance Arrangement that WTPA operated between 1970 and the beginning of the Kingdom Hall Assistance Arrangement, including but not limited to any informal programs by which funds were loaned or distributed from WTPA to any elders, ministerial servants, circuit or branch overseers, or congregations of Jehovah's Witnesses in the United States.

**ANSWER**: Objection.  WTPA objects to the time period requested.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  WTPA also objects on the grounds Plaintiffs' Interrogatory No. 40 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P.  *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Subject to and without waiving said objections: None.

**INTERROGATORY NO. 41**:  Please describe all claims under the Kingdom Hall Assistance Arrangement (KHAA) or other requests for financial assistance from WTPA by elders, ministerial servants, circuit or branch overseers,

or congregations of Jehovah's Witnesses in Montana and state whether each of those claims or requests was denied or approved and in what amount.

**ANSWER**: Objection. WTPA objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. WTPA also objects on grounds Plaintiffs' Interrogatory No. 41 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Subject to and without waiving said objections: After a diligent search of the information in its possession, custody, or control, WTPA has no knowledge or information about any claims, paid or denied, during the time period at issue.

**INTERROGATORY NO. 42**:  Please identify all your legal and "doing business as" names from 1950 to 1995, including the date(s) each name was used.

**ANSWER**: Objection. WTPA objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. WTPA also objects on the grounds Plaintiffs' Interrogatory No. 42 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Subject to and without waiving said objections: Watch Tower Bible and Tract Society of Pennsylvania.

**INTERROGATORY NO. 43**:  Please identify three people that are still alive who have the most knowledge of WTPA's activities within the United States during the period 1960 to 1990.

**ANSWER**: Objection. WTPA objects to the time period requested.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  WTPA also objects on the grounds Plaintiffs' Interrogatory No. 43 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P.  *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Subject to and without waiving said objections: Philip Brumley (General Counsel) and Danny Bland (Secretary), both are whom are with WTPA, and Alan Browning (Accounting) with WTNY.

**INTERROGATORY NO. 44**:  Please identify each person who provided counsel information that counsel used to answer and respond to discovery requests served on WTPA.

**ANSWER**: Objection.  WTPA objects to the time period requested.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  WTPA also objects on the grounds Plaintiffs' Interrogatory No. 44 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Subject to and without waiving said objections: