Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br><br> Defendants, <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., <br><br> Cross Claimant, <br> vs. <br><br> BRUCE MAPLEY, SR., <br><br> Cross Defendant. | Case No. CV-20-52-BLG-SPW <br><br> **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL RE: HARDIN CONGREGATION SUBPOENA** |

## SUMMARY OF PLAINTIFFS' ARGUMENT IN REPLY

Plaintiffs acknowledge and respect Montana's clergy-penitent privilege. Plaintiffs' Motion to Compel is not asking this Court to intrude upon that privilege or order privileged communications produced. However, given the Hardin Congregation's assertion of privileges that are not recognized by Montana law, and the lack of factual detail in its privilege log, it is unclear whether documents were improperly withheld. Accordingly, Plaintiffs' Motion to Compel is simply asking the Court to rule that:

1. The Hardin Congregation cannot withhold subpoenaed documents based on unrecognized privileges; and

2. The Hardin Congregation needs to provide additional details about withheld documents so that Plaintiffs and the Court can properly evaluate its claims of clergy-penitent privilege.

**1. The Hardin Congregation Has Failed to Cite Any Legal Authority Recognizing Three of Its Asserted Privileges.**

The Montana code sets forth Montana's recognized, testimonial privileges in Montana. Mont. Code. Ann. § 26-1-801 (specifically enumerating the situations in which a person "cannot be examined as a witness"). No statute or case recognizes or enumerates the Hardin Congregation's "third-party privacy," "congregant

Plaintiffs' Reply Brief in Support of Their Motion to Compel
the Hardin Congregation of Jehovah's Witnesses
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 2 of 11

expectation of confidentiality," and "elder expectation of confidentiality" privileges. These are not testimonial privileges recognized by Montana law.

It is hardly controversial that a party may not withhold evidence based on an unrecognized, newly invented privilege. The U.S. Supreme Court has made clear that because assertions of privilege contravene the notion that every person is entitled to their evidence, privileges must be strictly construed. *Trammel v U.S.*, 455 U.S. 40, 50 (1980); *see also State v. Gooding*, 1999 MT 249, ¶16. It is therefore axiomatic that an entity subject to a Rule 45 subpoena may not withhold documents based on unrecognized privileges.

Montana law certainly recognizes what is commonly called the *clergy-penitent* privilege. Mont. Code Ann. § 26-1-804 (Confessions made to member of clergy). However, none of the other privileges asserted by the Hardin Congregation are enumerated or recognized by Montana law and it would contravene the important principals set forth *Trammel* and *Gooding* to allow attorneys to begin enumerating and inventing their own privileges, as the attorney for the Hardin Congregation has done. Plaintiffs simply ask this Court to rule that the Hardin Congregation may not withhold subpoenaed documents based on the assertion of non-enumerated, non-recognized "third-party privacy," "congregant expectation of confidentiality," and "elder expectation of confidentiality"

Plaintiffs' Reply Brief in Support of Their Motion to Compel
the Hardin Congregation of Jehovah's Witnesses
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 3 of 11

privileges because they are not specifically enumerated or recognized by Montana law.

### 2. *Nunez* Had Nothing To Do With Testimonial Privileges

It would be understandable if the Court read the Hardin Congregation's discussion of *Nunez* and believed it was a case about testimonial privileges. In reality, the *Nunez* holding had nothing to do with Montana's clergy-penitent privilege: the *Nunez* Court made no holdings related to the privilege; the *Nunez* Court did not discuss the privilege; and, in fact, the word "privilege" does not even appear in the *Nunez* opinion. It is therefore misleading to suggest that *Nunez* provides the Hardin Congregation legal support for withholding documents responsive to Plaintiffs' subpoena.

The only issue in *Nunez* was whether the Jehovah's Witness defendants in that case were subject to Montana's mandatory sexual abuse reporting requirements between 1998 and 2004. *Nunez*, ¶¶ 1-6. The Jehovah's Witness defendants claimed they did not have to report child sexual abuse by church members to local authorities because of a statutory exception that was added to Montana's mandatory reporting law in 1991. *Nunez*, ¶ 12; *see also* Mont. Code

Plaintiffs' Reply Brief in Support of Their Motion to Compel
the Hardin Congregation of Jehovah's Witnesses
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 4 of 11

Ann. § 41-3-201(6)(b) (adopted in 1991 by Montana Laws Ch. 785 (H.B. 391)).[1] After analyzing the 1991 exception to the mandatory reporting law, the Court agreed and reversed the district court's conclusion that the defendants' failure to report known, child sexual abuse was negligence *per se*. *Nunez*, ¶¶ 33-34.

Thus, the *Nunez* opinion was singularly about interpreting a very specific statutory exception to Montana's mandatory sexual abuse reporting requirements during the time-period 1998 to 2004; no part of the *Nunez* case dealt with testimonial privileges. Any assertion to the contrary is not warranted by existing law. *See* Fed. R. Civ. Pro. 11(b)(2).[2]

---

[1] It is critical to note that the exception to Montana's mandatory reporting law relied upon by the Jehovah's Witness defendants in *Nunez* did not exist when the Watchtower defendants in this case were notified that young girls, including the Plaintiffs, were being sexually abused by elders of the Hardin Congregation. Thus, the statute at the heart of the *Nunez* opinion did not even exist during the time-period at issue in this case and there was no similar exception to Montana's mandatory reporting law that would excuse the Watchtower defendants' failure to report known, child sex abuse that was occurring before 1991. *See e.g.* First Amended Comp., ¶ 77 [ECF Doc. 22 & 22-4] (Jul. 13, 2020).

[2] It would be one thing if the Hardin Congregation tempered its legal argument with an acknowledgement that the *Nunez* opinion had nothing to do with testimonial privileges. Instead, the Hardin Congregation chose to make completely unwarranted assertions about *Nunez* that do not pass the basic test for candor to the tribunal. For instance, the Hardin Congregation states, "Plaintiffs still fail to acknowledge to [sic] holding in Nunez which recognized the expanded application of this privilege . . ." Hardin Congregation Br. at 8 [ECF Doc. 66] (May 5, 2021). This is, unfortunately, not an honest characterization of *Nunez* which dealt strictly with the statutory construction of Montana's mandatory reporting law. At no point

Plaintiffs' Reply Brief in Support of Their Motion to Compel
the Hardin Congregation of Jehovah's Witnesses
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 5 of 11

Montana's law of testimonial privileges is discrete from Montana's mandatory sex abuse reporting laws. They exist in separate sections of the Montana Code and there is no indication, from either the Montana Supreme Court or the Montana legislature, that they are to be interpreted as one in the same. Indeed, unlike mandatory reporting laws, testimonial privileges can be waived and courts have established particular rules for their interpretation. *See e.g. Trammel*, 455 U.S. at 50 (1980); *Gooding*, ¶16. The Hardin Congregation's assertion that *Nunez* modified or expanded the enumerated and recognized Montana testimonial privileges found in Mont. Code Ann. § 26-1-801 *et seq.* is not credible and should be soundly rejected by this Court.

### 3. The Hardin Congregation's Privilege Log is Deficiently Vague

Montana's clergy-penitent privilege has been circumscribed by Montana law, and there are innumerable church-based or religious documents and communications that are not protected by the privilege. Application of the privilege to a particular document is a fact dependent analysis requiring the party alleging the privilege to provide sufficient facts to evaluate the privilege claim. For instance, based on the plain language of the statutory privilege, the "person making the confession" can consent to disclosure of the confession, thereby

---

does the *Nunez* Court address the clergy-penitent privilege or use the word "privilege", let alone expand the scope of such privilege.

Plaintiffs' Reply Brief in Support of Their Motion to Compel
the Hardin Congregation of Jehovah's Witnesses
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 6 of 11

waiving the privilege. Mont. Code Ann. § 26-1-804. Thus, one critical fact is knowing who made the confession or statement that is being withheld so that an effort can be made to determine whether he or she may consent to disclosure. Similarly, because confessions or statements are not privileged if they are made in the presence of third-parties, the privilege log must identify whether the statement or confession was made in confidence. *See State v. MacKinnon*, 1998 MT 78, ¶ 26. Finally, if the person making the statement or confession did not ask for or receive spiritual guidance or advice, the privilege does not apply. *Id*. at ¶ 27.

To date, the Hardin Congregation has not provided sufficient facts for Plaintiffs or the Court to determine whether the clergy-penitent privilege applies to all of the documents withheld and redacted by the Hardin Congregation. By way of example, the Hardin Congregation claims the clergy-penitent privilege for documents fitting the category of "Correspondence from Hardin Congregation elders made in confidence to Watchtower New York the purpose of seeking or receiving religious guidance, admonishment or advice." Hardin Congregation Br. at 9 (Doc. 66). First, there is no indication of the subject matter of the communication is privileged, or whether the Watchtower New York recipient was a cleric acting in his or religious role pursuant to the practice and discipline of the church. But, even assuming the Watchtower recipient was a cleric acting in his or

Plaintiffs' Reply Brief in Support of Their Motion to Compel
the Hardin Congregation of Jehovah's Witnesses
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 7 of 11

her religious role and the subject matter of the communication is privileged, the *MacKinnon* Court specifically noted that the privilege applied to "non-penitential communications between **lay persons** and clergy . . ." *State v. MacKinnon*, 1995 MT 78, ¶ 23 (citing *Scott v. Hammock*, 870 P.2d 947, 956 (Utah 1994). Thus, as described, this communication between a clergy member in Hardin and a clergy member in New York would not be privileged. There is no way to escape the fact that the Hardin Congregation's privilege log does not provide sufficient information for Plaintiffs and the Court to evaluate application of the clergy-penitent privilege to the withheld documents.

      The Hardin Congregation also claims, without any citation to authority, that it is not required to disclose the author of each withheld document. Hardin Congregation Br. at 9-10 (Doc. 66). Courts have long recognized that revealing the author of an allegedly privileged document does not violate a claimed privilege and look favorably on privilege logs that reveal the author. *See In re Grand Jury Investigation,* 974 F.2d 1068, 1071 (9th Cir. 1992)*; see also U.S. v. Constr. Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996). Indeed, the identity of the author is critical to the assessment of whether the privilege applies. Fed. R. Civ. P. 45(e)(2)(A)(ii).

Plaintiffs' Reply Brief in Support of Their Motion to Compel
the Hardin Congregation of Jehovah's Witnesses
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 8 of 11

Simply put, the Hardin Congregation's privilege log does not provide the detailed, fact specific information for Plaintiffs and the Court to evaluate claims of Montana's clergy-penitent privilege to the withheld documents. When a privilege log does not allow assessment of claimed privileges, courts can require the privilege log to be accompanied by "evidentiary submissions to fill in any factual gaps." *Constr. Products Research*, 73 F.3d at 473; *see also In re Grand Jury Investigation,* 974 F.2d at 1071 (approving a privilege log because, *inter alia*, it was submitted with affidavits). Here, no such affidavit was provided to help fill in the factual gaps. Moreover, the Hardin Congregation's decision to invent privileges that do not exist in Montana law, while mischaracterizing the *Nunez* holding, raises legitimate questions about whether the vague and conclusory descriptions in its privilege log, without more, should be accepted as evidence that the withheld documents are truly privileged. As such, the Court should order the Hardin Congregation to provide a privilege log—with supporting under-oath evidentiary submissions—that complies with Rule 45 of the Federal Rules of Civil Procedure.[3]

---

[3] Alternatively, the Court can review the documents *in-camera* and determine whether any privilege recognized by Montana law applies. *State v. Duffy*, 6 P.3d 453, 458 (Mont. 2000); *U.S. v. Zolin*, 491 U.S. 554, 568-69 (1989) ("Indeed, this Court has approved the practice of requiring parties who seek to avoid disclosure of documents to make the documents available for in camera inspection, and the practice is well established in the federal courts.").

Plaintiffs' Reply Brief in Support of Their Motion to Compel
the Hardin Congregation of Jehovah's Witnesses
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 9 of 11

DATED this 14th day of May, 2021.

                                By: /s/ Ryan Shaffer
                                      Robert L. Stepans
                                      Ryan R. Shaffer
                                      James C. Murnion
                                      MEYER, SHAFFER & STEPANS PLLP
                                      *Attorneys for Plaintiffs*

Plaintiffs' Reply Brief in Support of Their Motion to Compel
the Hardin Congregation of Jehovah's Witnesses
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 10 of 11

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

The undersigned does hereby certify that on this 14th day of May, 2021, a true and correct copy was duly served via email and U.S. Mail, first class postage prepaid and addressed to:

Kevin M. Funyak
Stacey & Funyak
PO Box 1139
Billings, MT  59103-1139
kfunyak@staceyfunyak.com

By: /s/ Ryan Shaffer

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 1,837 words, excluding the caption, certificates of service and compliance, table of contents and authorities, and exhibit index.

Plaintiffs' Reply Brief in Support of Their Motion to Compel
the Hardin Congregation of Jehovah's Witnesses
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 11 of 11