Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT 59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br><br> Defendants, <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., <br> Cross Claimant, <br><br> BRUCE MAPLEY, SR., <br> Cross Defendant. | Case No. CV-20-52-BLG-SPW <br><br> **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL JURISDICTIONAL DISCOVERY RESPONSES AND FOR COSTS AND FEES** |

Plaintiffs, by and through counsel of record, respectfully submit the following Reply Brief in Support of their Motion to Compel.

## I. INTRODUCTION TO REPLY

Plaintiffs are not conducting jurisdictional discovery based on "hunches", nor are they going "fishing". Just the opposite, Plaintiffs have conducted targeted discovery, the results of which establish Watch Tower Bible and Tract Society of Pennsylvania ("WTPA") had sufficient contacts with Montana to justify the exercise of personal jurisdiction. For example, the recent deposition of former Hardin Congregation elder James Rowland established that the elders in Hardin used the guidance and instruction from WTPA publications to handle the allegations of child sexual abuse at issue in this case, including WTPA's policy of keeping such matters private and not reporting them to the authorities.

Far from hunches or a fishing expedition, the discovery completed to date is laying bare WTPA's efforts to mislead the Court about its role in the Jehovah's Witness church and the events at issue in this case. It is now apparent that WTPA did far more than hold copyrights and provide humanitarian aid. According to WTPA's own document, which was specifically referenced by James Rowland during his deposition, WTPA was the "principal" legal corporation carrying out the work of the Jehovah's Witness faith:

Plaintiffs' Reply Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 1 of 16

> *In order to carry out the work of preaching and disciple-making most effectively under modern day conditions, the "faithful and discreet slave" has organized various legal corporations, **the principal one of which is the Watch Tower Bible and Tract Society of Pennsylvania**. This Society, made up of dedicated, baptized Christians, is nonprofit and is completely devoted to advancing the interests of true worship in the earth. To facilitate its work world wide, the Society also has branch offices in various countries.*

Organization for Kingdom-Preaching and Disciple-Making, 10–11 (1972) (attached as **Exhibit 1**). This clearly discoverable document bears directly on the personal jurisdiction question before the Court. Yet, it is one of the documents that the Defendants refused to produce and is part of the reason Plaintiffs were forced to file a Motion to Compel.[1]

Plaintiffs' evidence now establishes that WTPA was the primary corporate entity of the Jehovah's Witness church and its publications were specifically relied on by church officials in their mishandling of reports that Plaintiffs were being sexually abused by Hardin Congregation elders. Unfortunately, not only did the Defendants fail to share such material evidence, they have also violated the rules of discovery to try and actively hide it. This sort of conduct should not be permitted, and Plaintiffs respectfully seek relief from this Court.

---

[1] WTPA only produced an authenticated copy of the 1972 WTPA document after it was referenced in Mr. Rowland's deposition and it became clear that WTPA could no longer hide it. Thus, WTPA's after-the-fact production of the document cannot be understood to be voluntary or in good-faith under any definition of those terms.

Plaintiffs' Reply Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 2 of 24

## II.  FACTS OBTAINED SINCE PLAINTIFFS' MOTION WAS FILED

On April 23, 2021, Plaintiffs took the deposition of former Hardin Congregation elder, James Rowland.  Mr. Rowland served as an elder during times material to this case and his testimony proved critical to questions currently pending before this Court.  Mr. Rowland's deposition testimony included the following revelations:

1. On several occasions in the 1970s and 1980s he notified Jehovah's Witness officials that young girls were being sexually abused by other Hardin Congregation church elders.  Dep. of James Rowland, 65:20–66:15, 78:3–79:9, 85:25–86:20, 116:10–117:18, 132:8–134:14 (April 23, 2021) (referenced excerpts attached as **Exhibit 2**).

2. At trainings in Billings, MT, elders of the Hardin Congregation were trained by Jehovah's Witness officials to follow the guidance contained in various WTPA books and manuals when carrying out their official church duties. **Ex 2**, 65:20–68:21, 72:8–21, 85:25–86:20, 118:11–119:6, 122:15–123:16, 168:1–23, 169:16–21 (referencing deposition Exhibits 2 & 3, both of which were 1972 WTPA books).

3. Pursuant to guidance set forth in WTPA documents, Jehovah's Witness officials told Mr. Rowland that nothing could be done about his sexual abuse concerns, that he needed to stop raising such concerns or he would be

Plaintiffs' Reply Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 3 of 24

banished from the church, and that he was required to keep his concerns private. **Ex. 2**, 93:24–97:6, 122:15–123:16, 130:15–23.

Thus, not only does Mr. Rowland's testimony establish that Jehovah's Witness officials ignored specific reports of child sexual abuse in Hardin, but it establishes that: (a) WTPA books and manuals played a direct role in how reports of child sexual abuse were mishandled in Hardin; and (b) the Defendants' "time period" objection to Plaintiffs' jurisdictional discovery was nothing more than an effort to hide clearly relevant and discoverable material that implicates WTPA.

## III. ARGUMENT

### a. Defendants Still Refuse to Identify Which Specific Objections They Are Relying on to Withhold Documents and Information

Fed. R. Civ. P. 34(b)(2)(C) requires that objections "state whether any responsive materials are being withheld on the basis of that objection." Defendants' refusal to state whether they are withholding documents pursuant to its objections is magnified by their practice of consistently and repeatedly responding that all production, or non-production, is "subject to and without waiving" their objections. *E.g.* RFP Nos. 61 and 77 to WTPA. Numerous courts have recognized that "This is an abusive practice that has become commonplace but should end." *Network Tallahassee, Inc. v. Embarq Corp.*, 4:10CV38-RH WCS, 2010 WL 4569897, at *1 (N.D. Fla. Sept. 20, 2010); *see also RealPage, Inc. v. Enter. Risk Control, LLC*, 4:16-CV-00737, 2017 WL 1165688, at *2 (E.D. Tex.

Plaintiffs' Reply Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 4 of 24

Mar. 29, 2017) ("This practice is 'manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure.'"). "When an ethical attorney fully responds to a discovery request, the assertion that the response is made 'subject to and without waiving the objection' is simply meaningless language." *Network Tallahassee*, *1.

Defendants' practice of asserting strings of objections and only producing, or not producing, documents "subject to and without waiving" such objections—while simultaneously refusing to state whether documents were withheld—makes it nearly impossible to obtain a clear picture of whether documents or information are being withheld and which objections are really at issue. Moreover, Defendants' response regarding RFP 61 makes it clear that Defendants' representations about which objections they are relying on cannot be taken at face value. In one breath, Defendants state that the only documents withheld were pursuant to their "time-period" objection. Defs. WTPA's and WTNY's Resp. Br. in Opposition to Plsf.' Mot. to Compel Jurisdictional Disc. Resps. and for Costs and Fees, 12–13 (May 11, 2021) (hereinafter "Defs.' Resp. Br.") (Doc. 67). But we know this is false, because in the next breath, they argue that Plaintiffs are not entitled to corporate records evidencing appointment of WTPA's directors because they are not relevant, *inter alia*, while simultaneously refusing to produce the same. Defs.' Resp. Br. at 19–20 (Doc. 67).

Plaintiffs' Reply Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 5 of 24

The rules require Defendants to state if responsive documents were withheld based on each objection lodged.[2] Fed. R. Civ. P. 34(b)(2)(C). Defendants are willfully refusing to comply. The Court should accordingly compel Defendants to comply with Rule 34, amend their responses to state whether responsive materials were withheld, and specify which objections they relied on to withhold responsive material.

### b. WTPA and WTNY Continue to Assert an Unreasonable "Time-Period" Objection

Plaintiffs are not operating on "hunches" or going "fishing" as Defendants assert. Plaintiffs made requests for very specific WTPA publications by name because they are either referenced by publications in Plaintiffs' possession or are documents that govern how Jehovah's Witnesses address allegations of child sexual abuse. Defendants unjustifiably refused to produce documents published before 1973 regardless of their relevance to the issues before the Court.

For example, Plaintiffs requested all versions and revisions of WTPA's book *Organization for Kingdom-Preaching and Disciple-Making*. WTPA refused to produce the book. Then Mr. Rowland testified at his deposition that he and other elders relied on the WTPA book for guidance in their work as elders. **Ex. 2**,

---

[2] Even if Defendants were withholding documents based solely on their time-period objection, they need to state as much in their sworn responses; a letter from counsel is insufficient. *See* Fed. R. Civ. P. 26(g), 34.

Plaintiffs' Reply Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 6 of 24

168:1–23, 169:16–21. After Mr. Rowland's deposition, WTPA decided it would produce the 1972 version of *Organization for Kingdom-Preaching and Disciple-Making*.[3] Def. WTPA's 2d Supp. Resps. to Plfs.'3d Set of Jurisdictional Disc. (April 28, 2021) (attached as **Exhibit 3**).

Defendants struggle to assert that Plaintiffs agreed to a strict time limit on all documents or information. Defs.' Resp. Br. at 21 (Doc. 67). This is not true. The Jurisdiction Discovery Plan (Doc. 36) cited by Defendants reported *disagreement* about the "relevant time period" which Plaintiffs understand to be the *period during which WTPA's contacts in Montana are relevant to this case*. Defendants' argument ignores the obvious potential for documents generated before 1970 (or after 1995) to be relevant to WTPA's contacts with Montana between 1970 and 1995. The testimony of James Rowland and subsequent supplemental disclosure of the clearly relevant and discoverable 1972 *Organization for Kingdom-Preaching and Disciple-Making* illustrates the absurdity of Defendants' position.

Clearly, information or documents may establish WTPA's contacts with Montana between 1970 and 1995 even if they were created before or afterward. Each document needs to be assessed for discoverability based on the entirety of its content, not simply the date it was published. Beyond the pending written

---

[3] A party is still subject to Rule 37 fees and costs "if the disclosure or requested discovery is provided after the motion was filed[.]" Fed. R. Civ. P. 37(a)(5)(A).

Plaintiffs' Reply Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 7 of 24

discovery, this issue has additional importance for upcoming depositions. The time-period issue is certain to come up in depositions, especially those where the Defendants have an obligation to prepare witnesses under Rule 30(b)(6). Plaintiffs believe that it is much more efficient for the Court to address this issue now rather than waiting and filing new motions and briefs. The Court should order that Defendants' time-period objections are invalid, compel production of all documents withheld on that basis, and order that the objection shall not be used as a basis to refuse to answer deposition questions.

### c. Additional Disagreements

#### 1. Interrogatories 6-7 to WTNY

Defendants' response brief does not cure WTNY's failure to show how or why the names of people who worked in its Legal Department and Writing Department during the relevant time-period are not discoverable. *See Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York,* 284 F.R.D. 132, 135 (S.D.N.Y. 2012) ("it is up to the responding party to justify curtailing discovery."). Defendants' position appears to be that because it identified some select persons with knowledge, it does not need to identify all, or more, persons with relevant

Plaintiffs' Reply Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 8 of 24

knowledge. Defs.' Resp. Br. at 17–19 (Doc. 67). However, nothing in the law limits potential witnesses to those hand-selected by Defendants like Mr. Brumley.[4]

Defendants also suggest that the appropriate place for them to disclose the names of persons with knowledge is at their corporate depositions, citing *Kelley v. Billings Clinic* for support. CV 12-74-BLG-RFC-CSO, 2013 WL 1414442 (D. Mont. Apr. 8, 2013). Defendants' reliance on *Kelley* is misplaced. In *Kelley*, the defendant served interrogatories requesting the plaintiff describe every conversation they had with certain persons. *Id.* at *4. Here, Plaintiffs are not seeking the details of any conversations. Plaintiffs simply want the names of witnesses so they may determine whether they have knowledge pertinent to the personal jurisdiction issue before the Court. The Court should compel Defendants to respond to Plaintiffs' Interrogatory Nos. 6 and 7 in good faith.

## 2. Interrogatory No. 9 and 15 to WTNY and Nos. 25 and 26 to WTPA

Defendants' response does not cure the deficiencies with their responses regarding the role of the Governing Body. In the face of Plaintiffs' evidence showing the Governing Body approves the appointment and deletion of elders at the local congregation level, Defendants admit the same. Yet, like they did with

---

[4] Given Mr. Brumley's misleading affidavits submitted thus far, Plaintiffs have an acute interest in, and right to discover, persons with knowledge of WTPA's and WTNY's relationship who may be more objective and forthcoming with relevant information.

Plaintiffs' Reply Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 9 of 24

the 1972 version of the *Organization for Kingdom-Preaching and Disciple-Making*, they only provided the requested information after their obstruction and misleading characterization was exposed. There is undoubtedly more the Governing Body does that Defendants are withholding. Defendants are in the unique position of knowing what the Governing Body does, but their answers are not responsive to the questions asked. Plaintiffs respectfully request the Court order WTPA and WTNY to answer Interrogatory Nos. 9, 15 (WTNY) and Interrogatory Nos. 25, 26 (WTPA) fully and completely.

### 3. RFA Nos. 4, 6, and 7 to WTPA

WTPA still refuses to fairly respond to the requests for admission regarding its statements that donations should be made payable to WTPA. RFA No. 4 asked whether WTPA notified those donating to the Jehovah's' Witnesses church **to make the contributions payable to WTPA**, i.e. is WTPA telling the world to make church contributions payable to WTPA?

This RFA goes to the heart of the question before the Court; was WTPA purposely seeking donations from persons in Montana? WTPA's answer intentionally evades the "purposefully" component of the RFA by stating that it "accepts" voluntary donations. The Court should order WTPA to answer Plaintiffs' RFA Nos. 4, 6, and 7 as they were written.

Plaintiffs' Reply Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 10 of 24

4. **RFA No. 14 WTPA**

WTPA continues to refuse to respond to RFA No. 14 in good faith. While it apparently denies the governing body had any legal oversight of WTPA, that was not Plaintiffs' question. The rules require that "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). To date, WTPA has not responded to the substance of Plaintiffs' request, but instead denied a request that it reformulated to its liking. It is clear from Defendants' response brief that it will not comply with Rule 36 without the Court compelling it to do so.

5. **RFP 61 to WTPA**

Records memorializing the appointment of WTPA's directors are relevant to the alter-ego issue because the "alter ego ... relationship is typified by parental control of the subsidiary's internal affairs or daily operations." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1071 (9th Cir. 2015). Whether WTPA's directors were appointed pursuant to its articles of incorporation or were instead controlled by WTNY, the Governing Body, or by some other means is relevant to the alter-ego issue because it bears on whether WTPA followed corporate formalities. Instead of producing such records, WTPA argues that Plaintiffs and the Court should assume that the appointment of its directors was pursuant to its articles of incorporation.

Plaintiffs' Reply Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 11 of 24

Discovery is designed so that parties are not assuming and guessing when litigating in federal court. WTPA should be ordered to respond to RFP 61 with the requested records, or confirmation that no such records exist.

### 6. Defendants' Efforts to Search and Obtain Requested Documents and Information

Rule 26(g) of the Federal Rules of Civil Procedure requires that every signature to a discovery response certify that the response was "formed after reasonable inquiry." Counsel cannot simply rubberstamp what their clients tell them but must "exercise some degree of oversight to ensure that [a client's employees, including in-house counsel] are acting competently, diligently and ethically in order to fulfill their responsibility to the Court [with respect to discovery]." *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1229 (10th Cir. 2015) (quoting *Bratka v. Anheuser–Busch Co., Inc.*, 164 F.R.D. 448, 461 (S.D.Ohio 1995)).

Here, Defendants repeatedly state in their responses that they have "made reasonable inquiry". *See e.g.* WTPA's Resp. to Plfs.' RFPs 3–6; WTPA's Ans. to Plfs.' RFAs No. 21, 22, 23, and 26. Yet, Defendants refuse to tell Plaintiffs, and now this Court, what inquiry they made, and further claim—without any citation to authority—that they are not required to disclose the details of their searches (assuming any were conducted at all). Defs.' Reply Br. at – (Doc. 67).

Plaintiffs' Reply Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 12 of 24

As a matter of common sense, it is impossible for this Court to determine if Defendants and their counsel complied with their Rule 26(g) and Rule 34 duties to conduct a reasonable inquiry when Defendants refuse to disclose what inquiry they conducted, if any. Courts around the country have recognized the same when they require litigants to disclose the details of their inquiries. *E.g. Marti v. Baires*, 1:08-CV-00653-AWI, 2012 WL 2029720, at *19 (E.D. Cal. June 5, 2012) ("In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed.R.Civ.P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence[.]"); *Heyman v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Educ.*, 215CV01228RFBGWF, 2017 WL 6614093, at *1 (D. Nev. Dec. 27, 2017) (requiring party to disclose details of its search after party claimed it conducted a reasonable inquiry).

Defendants' discovery responses make it impossible to determine if they and their counsel complied with Rule 26(g)'s duty to conduct a reasonable inquiry. The Court should compel Defendants to supplement their discovery responses accordingly.

///

///

Plaintiffs' Reply Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 13 of 24

# CONCLUSION

Based on the arguments and material referenced above and in Plaintiffs' opening brief (Doc. 57), Plaintiffs respectfully seek an order from this Court compelling Defendants to comply with the applicable rules of discovery as set forth herein.  Moreover, because it is now clear that the Defendants have been intentionally obstructing discovery by withholding plainly relevant and important material, like the 1972 *Organization for Kingdom-Preaching and Disciple-Making*, the Court should send a message that such conduct will not be tolerated by awarding Plaintiffs all costs and fees in bringing this Motion.

DATED this 25th day of May, 2021.

By: /s/ Ryan Shaffer
Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
MEYER, SHAFFER & STEPANS PLLP
*Attorneys for Plaintiffs*

Plaintiffs' Reply Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 14 of 24

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 3,009 words, excluding the caption, certificates of service and compliance, table of contents and authorities, and exhibit index.

Plaintiffs' Reply Brief in Support of Their Motion to Compel
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 15 of 24