*Exhibit 3*

Guy W. Rogers
Jon A. Wilson
Aaron M. Dunn
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.,
and Watch Tower Bible and Tract Society of Pennsylvania*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Cause No. CV 20-52-BLG-SPW |
| Plaintiffs, | **DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' THIRD SET OF JURISDICTIONAL DISCOVERY** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | |
| Defendants. | |

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC.

           Cross-Claimant,

vs.

BRUCE MAPLEY SR.,

           Cross-Claim Defendant.

_____

ARIANE ROWLAND, and JAMIE
SCHULZE,

           Plaintiffs,

vs.

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC., WATCH TOWER BIBLE AND
TRACT SOCIETY OF
PENNSYLVANIA, and BRUCE
MAPLEY SR.,

           Defendants.

Cause No. CV 20-59-BLG-SPW

**DEFENDANT WATCH TOWER
BIBLE AND TRACT SOCIETY OF
PENNSYLVANIA'S SECOND
SUPPLEMENTAL RESPONSES TO
PLAINTIFFS' THIRD SET OF
JURISDICTIONAL DISCOVERY**

TO:   Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C.
Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street,
Missoula, MT 59802

      COMES NOW Defendant Watch Tower Bible and Tract Society of

Pennsylvania (hereinafter "WTPA"), by and through its attorneys, and provides its

second supplemental responses to Plaintiffs' Third Set of Jurisdictional Discovery

to Defendant WTPA as follows. WTPA's First Supplemental Responses to Plaintiffs' Third Set of Jurisdictional Discovery to WTPA were served on April 19, 2021.

## GENERAL OBJECTIONS

I.   **First General Objection**: **By Providing the Following Answers and Responses, WTPA Does Not Waive its Claim it is Not Subject to Personal Jurisdiction in Montana.**

The following Answers and Responses are supplied to Plaintiffs in accordance with: (1) the Court's Orders Providing for Jurisdictional Discovery (Doc. 32 in the *Caekaert* matter[1]; Doc. 24 in the *Rowland* matter[2]); (2) the Joint Jurisdictional Discovery Plan (Doc. 36 in the *Caekaert* matter; Doc. 28 in the *Rowland* matter); (3) the Jurisdictional Discovery Orders issued by the Court (Doc. 42 in the *Caekaert* matter; Doc. 34 in the *Rowland* matter); and (4) the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland* matter). Nothing herein is intended to waive, explicitly or implicitly, WTPA's claim it is not subject to personal jurisdiction in Montana. *See* Docs. 13, 14, and 25 in the *Caekaert* matter; and Docs. 9, 10, and 18 in the *Rowland* matter (all explaining WTPA's position regarding personal jurisdiction). Should a waiver argument be made, WTPA disputes the same and affirmatively avers any such argument is

---

[1] References to the *Caekaert* matter means Cause No. CV 20-52-BLG-SPW
[2] References to the *Rowland* matter means Cause No. CV 20-59-BLG-SPW.

directly contradictory to WTPA's position on personal jurisdiction.  Accordingly, if made, any waiver argument should be wholly rejected.

II.   **Second General Objection:** **Requests Seeking Information Beyond the Scope of Jurisdictional Discovery are Improper.  Any Responses do not Waive WTPA's Claim it is not Subject to Personal Jurisdiction in Montana.**

The Court has only allowed jurisdictional, not general, discovery to take place.  *See* (Doc. 32 in the *Caekaert* matter; Doc. 24 in the *Rowland* matter).  Thus, any discovery requests from Plaintiffs seeking information that goes beyond jurisdictional discovery are improper and are not permitted at this time.  Again, as discussed above, any Answers or Responses herein are not intended as a waiver of WTPA's claim it is not subject to personal jurisdiction in Montana.  As a corollary, any argument that any Answers or Responses herein answer or respond to matters outside the scope of jurisdictional discovery shall not be deemed an explicit or implicit waiver of WTPA's claim it is not subject to personal jurisdiction, nor shall any Answers or Responses herein be deemed a waiver of the scope of discovery allowed by the Court at this time.

III.   **Third General Objection:** **Requests Seeking Information Beyond the Scope of the Court-Ordered Limitations are Improper.**

In the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland* matter), the Court concluded "[d]iscovery regarding WTPA's corporate relationship with WTNY from 1973 to 1992

is...appropriate." *See* Doc. 47 (in the *Caekaert* matter), p. 5; Doc. 37 (in the *Rowland* matter), p. 5.   Accordingly, any discovery requests seeking information before 1973 or after 1992 are improper and outside the scope of Court-ordered limitations on jurisdictional discovery.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 75**:  Please produce a copy of the publication entitled *"Organization For Kingdom-Preaching and Disciple-Making"*.

**RESPONSE**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  WTPA stands on its objection in that the entirety of the request is outside the scope and time-period permitted by the Court's discovery order.

## FIRST SUPPLEMENTAL RESPONSE (to Plaintiffs' RFP No. 75)[3]:
Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  WTPA stands on its objection in that the entirety of the request is outside the scope and time-period permitted by the Court's discovery order.

Subject to and notwithstanding the foregoing objections, in the spirit of good faith and pursuant to correspondence with Plaintiffs' counsel (i.e., letter from

---

[3] WTPA previously supplemented with respect to Plaintiffs' RFPs Nos. 76 and 78, specifically on April 19, 2021.

Brown Law Firm, P.C. dated March 22, 2021, letter dated March 26, 2021 from

Plaintiffs' counsel, and response letter from Brown Law Firm, P.C. dated April 8,

2021), WTPA has attempted to locate the documents specifically requested in

WTPA's possession, custody, or control which pre-date the end of the 1973-1992

time period.  Please see WTPA 063278-063469, which accompany these Second

Supplemental Responses to Plaintiffs' Third Set of Jurisdictional Discovery to

WTPA.

  DATED this 28th day of April, 2021.

        By: _____

         Guy W. Rogers / Jon A. Wilson /
         Aaron M. Dunn
         BROWN LAW FIRM, P.C.
         *Attorneys for Defendants Watchtower*
         *Bible and Tract Society of New York,*
         *Inc., and Watch Tower Bible and*
         *Tract Society of Pennsylvania*

## **VERIFICATION**

Philip Brumley states that he has read the foregoing *(Defendant WTPA's Second Supplemental Responses to Plaintiffs' Third Set of Jurisdictional Discovery)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers.  Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

_____

Philip Brumley

Dated: _____

## CERTIFICATE OF SERVICE

I hereby certify that, on April 28th, 2021, a copy of the foregoing *(Defendant WTPA's Second Supplemental Responses to Plaintiffs' Third Set of Jurisdictional Discovery)* was served on the following person(s):

1.     U.S. District Court, Billings Division

2.     Robert L. Stepans
    Ryan R. Shaffer
    James C. Murnion
    MEYER, SHAFFER & STEPANS, PLLP
    430 Ryman Street
    Missoula, MT 59802

3.     Bruce G. Mapley Sr.
    3905 Caylan Cove
    Birmingham, AL 35215

by the following means:

| | | | |
|---|---|---|---|
| _____ | CM/ECF | _____ | Fax |
| _____ | Hand Delivery | __2__ | E-Mail |
| __2-3__ | U.S. Mail | _____ | Overnight Delivery Services |

By: _____

Guy W. Rogers / Jon A. Wilson /
Aaron M. Dunn
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower
Bible and Tract Society of New York,
Inc., and Watch Tower Bible and
Tract Society of Pennsylvania*