**FILED**

JUL 3 0 2021

Clerk, U S District Court
District Of Montana
Billings

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

TRACY CAEKAERT, and CAMILLIA
MAPLEY,

            Plaintiffs,

    vs.

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC., WATCH TOWER BIBLE AND
TRACT SOCIETY OF
PENNSYLVANIA, and BRUCE
MAPLEY SR.,

            Defendants.


WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC.

            Cross-Claimant,

vs.

BRUCE MAPLEY SR.,

            Cross-Claim Defendant.

Cause No. CV 20-52-BLG-SPW

**ORDER RE MOTION TO COMPEL
HARDIN CONGREGATION'S
SUBPOENA**

- 1 -

This matter comes before the Court on Plaintiffs Tracy Caekaert and Camillia Mapley's Motion to Compel Re: Hardin Congregation of Jehovah's Witnesses ("Hardin Congregation") Subpoena, filed April 21, 2021. (Doc. 58). The Court stayed the motion pending an *in camera* review of five documents withheld by the Hardin Congregation through the asserted clergy-penitent privilege. (Doc. 79 at 21). Having reviewed the submitted documents, the Court grants Plaintiffs' motion with respect to Documents 4, 5, 6, and 7. The Court denies Plaintiffs' motion with respect to Document 1.

## I.   DISCUSSION

Montana Code Annotated § 26-1-804 states, "[a] member of the clergy or priest may not, without the consent of the person making the confession, be examined as to any confession made to the individual in the individual's professional character in the course of discipline enjoined by the church to which the individual belongs." The Court previously examined the breadth of Montana's clergy-penitent privilege in detail in its prior order. (Doc. 79 at 13-21). Based on that analysis, the Court recognized that the privilege, though broadly applicable to both confessional and non-penitential utterances, must be narrowly construed to those statements "made in confidence and for the purpose of seeking or receiving religious guidance, admonishment, or advice" from a member of a clergy or church officiant acting in

their official capacity. *State v. MacKinnon*, 957 P.2d 23, 27-28 (Mont. 1998). The Court shall apply that privilege to each document below.

### A. Document 1

Document 1 is a letter drafted by the Hardin Congregation elders in 1997 and sent to elders at Watchtower Bible & Tract Society of New York. The letter responds to a request for information from Watchtower that the organization appears to have sent to all bodies of elders. The Hardin Congregation argues that the letter is privileged under Montana's clergy-penitent privilege because the document was confidential, contains the names and accusations of individuals not involved in the current litigation, and because the letter sought religious guidance, admonishment or advice.

Having reviewed the letter, the Court is not convinced that the communication was intended to seek religious guidance, admonishment or advice. There is no plea for guidance or questions of a religious nature. It instead responds to a call for information from Watchtower and provides the requested background information on members of the congregation. However, the Hardin Congregation explains in the letter that they learned this information from the confession of the individual named in the correspondence.

Information relayed in a confession from an individual to a church official acting in their official capacity is privileged under the clergy-penitent privilege so

long as the communication was made in a confidential manner. *MacKinnon*, 957 P.2d at 27-28. Although the elders who received the confession then repeated the information to members of the Watchtower New York organization, the Montana Supreme Court has found that this kind of internal dissemination of information does not dispel confidentiality within the Jehovah's Witnesses' faith. *Nunez v. Watchtower Bible and Tract Society of New York, Inc.*, 455 P.3d 829, 835 (Mont. 2020) ("[w]e conclude that the undisputed material facts demonstrate the Jehovah's Witnesses maintain confidentiality pursuant to church doctrine, canon, and/or established practice when they receive and internally address reports of child sexual abuse."). Therefore, because Document 1 was intended to be a confidential communication that also contains a confession made to a congregation elder acting in his official capacity, Document 1 is privileged under Montana's clergy-penitent privilege and need not be produced.

### B. Document 4

Document 4 is a letter written by a congregant to the Hardin Congregation. The Hardin Congregation asserts that the letter falls under Montana's clergy-penitent privilege because it seeks religious guidance or advice and because it contains the names and accusations of individuals not involved in the current litigation.

After reviewing the letter, the Court finds it does not request religious guidance or advice. The letter instead seems to convey the congregant's frustration

with the Hardin Congregation's handling of a child sexual abuse investigation. Therefore, because the letter was drafted for a secular purpose and not to seek religious guidance, the clergy-penitent privilege does not apply. The Hardin Congregation must produce Document 4 in discovery. *See McFarland*, 60 N.E.3d at 48; *MacKinnon*, 957 P.2d at 27-28. To the extent the letter contains the names of individuals not involved in the current litigation, those names may be redacted from the document.

### C. Document 5

Document 5 is a letter from a Hardin Congregation elder to an elder in Wisconsin. The letter appears to be a memorandum regarding information the Hardin elder compiled for the Wisconsin elder after a phone conversation between the two. The Hardin Congregation asserts the document is protected because it sought religious guidance and because the letter was sent in confidence in response to questions from another elder about a potential congregant member.

The Court cannot find a plea or request for religious guidance in this document. Indeed, as the Hardin Congregation states, the letter appears to answer questions about the background of an individual rather than pose any religious queries of its own. Thus, because the letter was drafted for a secular purpose, Montana's clergy-penitent privilege does not apply, and the Hardin Congregation must produce the document.

### D. Document 6

Document 6 is a cover page drafted by a Hardin Congregation elder and addressed to members of a Jehovah's Witness organization, the Montana Service Desk. The Hardin Congregation claims the document is privileged because it seeks religious guidance or advice.

However, the Court finds no religious content in the document whatsoever. The document is simply a cover letter informing the members of the Service Desk of a letter originally attached to the communication. The document is wholly secular in nature and, therefore, cannot be protected under the clergy-penitent privilege. The Hardin Congregation must produce the document.

### E. Document 7

Document 7 appears to be an elder's notes on methods to perform an ecclesiastical investigation. The Hardin Congregation claims the document is privileged and must be protected because it contains the names and accusations of individuals not involved in the current litigation. However, the Congregation admits that the document is essentially an outline of investigation questions.

The document is nothing more than a list of questions to be asked during an investigation. It contains no request for religious guidance or advice and appears to be wholly secular in nature. Therefore, the document is not protected under the clergy-penitent privilege and must be produced. To the extent the document contains

the names of individuals not involved in the current litigation, those names may be redacted.

## II.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs Tracy Caekaert and Camillia Mapley's Motion to Compel re the Hardin Congregation Subpoena (Doc. 58) is **DENIED** with respect to Document 1 and **GRANTED** with respect to Documents 4, 5, 6, and 7.

The Clerk of Court is directed to notify counsel of the entry of this Order.

DATED this ___30th___ day of July, 2021.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge