Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | | |
|---|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | ) ) ) | Case No. CV-20-52-BLG-SPW |
| Plaintiffs, | ) ) | **PLAINTIFFS' STATEMENT** |
| vs. | ) ) ) | **OF ATTORNEYS' FEES AND COSTS RE: MOTION TO COMPEL** |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., Cross Claimant, | ) ) ) ) | |
| BRUCE MAPLEY, SR., Cross Defendant. | ) ) ) | |

Plaintiffs, by and through their undersigned counsel, and pursuant to the Court's Order re Motion to Compel Jurisdictional Discovery Responses and for Costs and Fees (Doc. 85) ("Court's Order") submit the following Statement of Attorneys' Fees and Costs incurred making their Motion to Compel.

## INTRODUCTION

The process of obtaining Defendants' compliance with the rules of discovery spanned six (6) months and required a sustained, detailed effort. As evidenced by the extensive record of correspondence between the parties, Plaintiffs' counsel spent three months specifically identifying each concern with Defendants' discovery conduct. The Defendants refused to entertain any sort of compromise and doubled down on increasingly unjustifiable and unreasonable positions. Defendants' conduct obstructed legitimate discovery and has caused significant delay in the timely prosecution of this case.

As will be explained in more detail herein, Plaintiffs are only seeking recovery for attorneys' fees and costs expended in obtaining the relief granted by the Court. Thus, time expended by Plaintiffs' counsel conferring on discovery matters that were not raised in the Motion to Compel have been completely excluded from this Statement.[1] Ultimately, Plaintiffs' Statement of attorneys' fees

---

[1] For instance, on January 19, 2021, Plaintiffs sent Defense counsel a 9-page letter raising twenty (20) separate issues of concern with Defendants' discovery answers

Plaintiffs' Statement of Attorneys' Fees and Costs
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 2 of 7

and costs is a careful and conservative reflection of the substantial effort required to obtain Defendants' compliance with the rules of discovery.

## RECOVERY OF FEES AND COSTS ON A MOTION TO COMPEL

Courts in the Ninth Circuit use the "lodestar method" when determining the amount of fees to award under Rule 37 of the Federal Rules of Civil Procedure:

> "Once a party is found eligible for fees, the district court must then determine what fees are reasonable. ..." Courts begin the analysis by applying the lodestar method. Determining the lodestar amount is a "two-step process." First, a court multiplies the number of hours "reasonably expended on a case by a reasonable hourly rate." The reasonable hourly rate is determined by assessing "the prevailing market rate in the relevant community." After the lodestar figure is determined, a district court retains discretion to adjust the lodestar figure upward or downward based on a variety of factors "not subsumed in the lodestar figure." At bottom, the goal of the lodestar figure is to roughly approximate the fee the prevailing attorney would have received from a paying client.

*Roberts v. City of Honolulu*, 938 F.3d 1020, 1023–24 (9th Cir. 2019) (internal citations omitted).

Rule 37 allows a prevailing movant to recover their "reasonable expenses incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A). Courts in this District award attorneys' fees for, *inter alia*, time spent identifying discovery issues, preliminary research into the same, meeting and conferring with opposing

---

and responses. However, because Plaintiffs ultimately only raised (and prevailed) on one (1) of those issues in their Motion to Compel, Plaintiffs are only seeking 1/20 of the time spent drafting the January 19, 2021, letter.

Plaintiffs' Statement of Attorneys' Fees and Costs
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 3 of 7

counsel as required by Rule 37, time spent preparing for and attending related
court hearings, motion and brief drafting, and the time spent preparing statements,
declarations, and affidavits such as this one.  *Rebsom v. Kunnath*, CV 20-01-BLG-
TJC, 2021 WL 2401967, at *3 (D. Mont. June 11, 2021) (reasonable fees include
time spent preparing for and attending related court hearings); *Milanovich v.
Quantpost, Inc.*, CV 19-55-BU-DWM, 2020 WL 6336222 (D. Mont. Oct. 29,
2020) (reasonable fees include time spent identifying discovery issues, conferring
with opposing counsel, legal research, brief drafting, reviewing opposing party's
briefs, and preparation of counsel's declaration in support of fees).

## EXPLANATION OF PLAINTIFFS' FEES AND COSTS

Plaintiffs' counsel has gone to great effort to ensure that this Statement only
seeks recovery of time spent obtaining the relief granted by the Court's Order:

1. Plaintiffs' counsel has chosen not to seek attorney fees for every task
   undertaken in bringing their Motion to Compel.  For example, Plaintiffs'
   counsel is not seeking fees for various conference calls, meetings, and
   discussions about how to approach Defendants' discovery conduct; and

2. To the greatest extent possible, Plaintiffs have adjusted the time spent on
   each task to reflect the precise percentage of time attributable to the issues
   ruled on by the Court.  By way of example, between November 20th and
   December 30th of 2020, Ryan Shaffer spent 1.5 hours reviewing and

Plaintiffs' Statement of Attorneys' Fees and Costs
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 4 of 7

scrutinizing Defendants' discovery responses.  However, because only a

small percentage of those discovery responses were ultimately challenged

and ruled on by the Court, Plaintiffs are only seeking fees for a small

percentage of such time.  Affidavit of Ryan Shaffer, attached as **Exhibit A**,

¶9g.

Plaintiffs also completely excluded any claim for the work of contract attorney,

Matthew Merrill, who expended 6.6 hours assisting Plaintiffs' counsel with editing

of briefs filed in support of Plaintiffs' Motion to Compel.  **Ex. A**, ¶14.

As set forth in the supporting affidavits, Plaintiffs expended and seek

recovery of the following reasonable expenses making their Motion to Compel:

| Entry | Amount | Supporting Documentation |
|---|---|---|
| Shaffer Fees | $11,126.81 | Affidavit of Ryan Shaffer and attached billing entries.  **Ex. A**. |
| Murnion Fees | $5,322.43 | Affidavit of James Murnion and attached billing entries.  Attached as **Exhibit B**. |
| Stepans Fees | $4,770.00 | Affidavit of Ryan Shaffer and attached billing entries.  **Ex. A**. |
| Out of Pocket Costs | $1,412.56 | Affidavit of Ryan Shaffer and attached cost entries.  **Ex. A**. |
| **TOTAL** | **$22,631.80** | |

## PLAINTIFFS' FEES AND COSTS WERE MADE NECESSARY BY DEFENDANTS' CONDUCT

The time expended in connection with the tasks for which fees are sought is

reasonable.  This is a complex case involving events starting in the 1970s and

ending in the 1990s.  After Defendant Watch Tower Bible and Tract Society

Plaintiffs' Statement of Attorneys' Fees and Costs
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 5 of 7

("WTPA") challenged this Court's personal jurisdiction over it, and after this Court permitted Plaintiffs to conduct discovery concerning the same because the affidavits WTPA submitted were misleading and incomplete, Plaintiffs prepared dozens of written discovery requests seeking information and documents regarding WTPA's contacts with Montana.  Most of these requests were met with baseless nonproduction of documents, purposeful and bad faith obfuscation of Plaintiffs' discovery requests, and strings of unjustified objections.  Defendants' evasive tactics forced Plaintiffs to spend significant time analyzing objections, corresponding with opposing counsel, drafting the Motion to Compel and associated briefs, travelling to Billings to argue the Motion, and finally, drafting this Statement and the supporting documentation.

Based on the foregoing, Plaintiffs' respectfully request entry of an Order requiring Defendants to reimburse Plaintiffs $22,631.80 for their reasonable expenses incurred making Plaintiffs' Motion to Compel.[2]

///

///

---

[2] The Motion to Compel and resulting Order from the Court in this case mirrors those in the related case *Rowland et al. v. Watchtower Bible and Tract Society of New York, Inc. et al.*, Case 1:20-cv-00059-BLG-SPW.  The attorneys' fees and out-of-pocket costs incurred bringing both Motions to Compel are the same and, for the purpose of clarification, Plaintiffs are only seeking one award of $22,631.80 for reasonable expenses covering both cases and Motions.

Plaintiffs' Statement of Attorneys' Fees and Costs
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 6 of 7

DATED this 9th day of September, 2021.

By: /s/ Ryan Shaffer
Ryan R. Shaffer

MEYER, SHAFFER & STEPANS PLLP
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

Plaintiffs' Statement of Attorneys' Fees and Costs
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 7 of 7