Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br>         Plaintiffs, <br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br>         Defendants, <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., <br>         Cross Claimant, <br><br> BRUCE MAPLEY, SR., <br>         Cross Defendant. | Case No. CV-20-52-BLG-SPW |

## STIPULATION FOR THE TAKING OF REMOTE DEPOSITIONS

The Parties, by and through undersigned counsel, agree and stipulate as follows:

1. This stipulation is intended to provide the parties flexibility to complete depositions remotely while air travel and in-person meetings are impacted by the Covid-19 virus.

2. While air travel and in-person meetings are impacted by the Covid-19 virus the parties shall work cooperatively to schedule remote depositions taken by videoconference.

3. All remote depositions shall be recorded and transcribed by a qualified court reporting, videoconference, and remote deposition service familiar with Zoom technology.

4. The deposition may be recorded only by the court reporter, not counsel or the parties.

5. Remote depositions shall be recorded by stenographic means consistent with the requirements of Federal Rule of Civil Procedure 30(b)(3), but given the Covid-19 pandemic, the court reporter may not be physically present with the deponent whose deposition is being taken.  The Parties agree not to challenge the validity of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

6.      The Parties agree that the court reporter is an "Officer" as defined by Federal Rule of Civil Procedure 28(a)(2) and shall be permitted to administer the oath to the witness via the videoconference.  The deponent will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on the video record.

7.      All remote depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the parties agree not to object to the use of the transcript (and video if videorecorded) on the basis that the deposition was taken remotely.

8.      The parties shall bear their own costs in obtaining a transcript and/or video record of the deposition.

9.      Deposing Counsel (if the deponent is a fact witness) or the party presenting the expert (if the deponent is an expert) shall provide a copy of this stipulation to the deponent.

10.     At the beginning of each remote deposition, the videographer responsible for video-recording the deposition (if applicable) or the court reporter, shall begin the deposition with an on-the-record statement that includes: (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the

deponent; (v) the identity of all persons present; and (vi) that the deposition is being taken subject to this Stipulation.

11. No attorney, including the attorney (or attorneys) representing the deponent, shall use electronic means to communicate with the deponent while on the record during the deposition.

12. Unless otherwise agreed to by the parties, no one other than the court reporter shall be in the room with the deponent while on the record during the deposition.

13. Counsel will advise their witnesses that they are prohibited from having any electronic equipment powered on while on the record during the deposition, with the exception of the computer that will be utilized by the deponent for the deposition and, if the deponent has current patient care obligations (e.g., is "on-call"), a cellular phone or pager to be used for emergent patient issues only. This means that, besides those exceptions, the deponent must not have a cellular phone, iPad, second computer or the like powered on while on the record during the deposition.

14. The deponent is prohibited from wearing any item that would obscure the deponent's face during the deposition. This would include, but not be limited to, masks (so long as the court reporter is not in the room with the deponent or there is

sufficient space to allow social distancing of at least 6 feet between the deponent and the court reporter), hats and sunglasses.

15. All participants, with the exception of counsel conducting direct or cross-examination, must have their microphones on mute, unless asserting an objection or otherwise speaking.

16. The parties agree to the following methods for administering exhibits during a remote deposition, or a combination of one or more methods:

   (a) Deposing Counsel may mail or email physical copies of documents to be used during the deposition to the deponent, the deponent's counsel, the opposing party's counsel, and the court reporter. Such documents shall be delivered by 12:00 p.m. (MST) the business day before the deposition.

   (b) Counsel for the deponent, the opposing party's counsel, and the court reporter shall confirm receipt of the package by electronic mail to the Deposing Counsel.

   (c) If physical copies of such documents are mailed, every recipient of a mailed package shall keep the package sealed until the deposition begins, and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the Deposing Counsel.

   (d) This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining the deponent.

(e) Counsel may also introduce exhibits electronically during the deposition, by using instant exhibit document-sharing technology, by using the screensharing technology within the videoconferencing platform, or by sending the exhibit to the court reporter, the deponent, and all individuals on the record via electronic mail.

DATED this ____ day of September, 2021.

By: /s/ Ryan Shaffer
    Ryan R. Shaffer
    MEYER, SHAFFER & STEPANS PLLP

    *Attorneys for Plaintiff*

By: /s/ Jon A. Wilson
    Jon A. Wilson
    BROWN LAW FIRM, P.C.

    *Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

/s/ Ryan Shaffer