Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT 59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>　　　　Defendants,<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.,<br>　　　　Cross Claimant,<br><br>BRUCE MAPLEY, SR.,<br>　　　　Cross Defendant. | Case No. CV-20-52-BLG-SPW<br><br>**PLAINTIFFS' NOTICE RE: WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S WITHDRAWAL OF ITS RULE 12(b)(2) MOTION TO DISMISS** |

Plaintiffs, by and through undersigned counsel, provide NOTICE to the Court regarding Defendant Watch Tower Bible and Tract Society of Pennsylvania's ("WTPA") last minute withdrawal of its Rule 12(b)(2) Motion to Dismiss (ECF Doc. 94) as follows:

1. Plaintiffs have spent the last 18 months marshalling evidence from the Defendants regarding WTPA's assertion that it had no contacts in Montana and was nothing more than a passive copyright holder that conducted humanitarian aid around the world.

2. Plaintiffs' efforts included hundreds of hours extensive discovery, service of subpoenas, and litigating multiple motions to compel because of the Defendants' obstructive conduct.

3. On August 27, 2021, and before beginning its briefing on WTPA's Motion to Dismiss, Plaintiffs' counsel sent WTPA a letter noting that the evidence obtained in discovery revealed that WTPA's Motion to Dismiss was based on clearly false and misleading representations to the Court and it should be withdrawn. A copy of this letter is attached as **Exhibit A**.

4. WTPA responded to Plaintiffs' letter by stating that it would not withdraw the Motion.

5. Because WTPA refused to withdraw its Motion, Plaintiffs' counsel spent hundreds of more hours organizing the extensive evidence obtained in

discovery and completing a detailed brief setting forth precisely how WTPA's own documents and words reveal that its Motion to Dismiss was based upon false representations contradicted by information in WTPA's possession when it filed the Motion to Dismiss.

6. Plaintiffs' counsel completed this brief this morning.

7. On October 25, 2021, Plaintiffs served a Rule 11 Motion on WTPA asking it to withdraw its Motion and correct the material representations made to the Court.

8. Now, after 18 months and hundreds upon hundreds of hours of litigation - including taking up this Court's valuable time on matters that should have never been brought before it – WTPA withdrew its Motion and the material misrepresentations made by its counsel.

9. While WTPA's withdrawal eliminates further needless proceedings, <u>it does nothing</u> to: (a) adequately address false statements that WTPA lawyer Philip Brumley made to the Court as required by the applicable rules of professional conduct; and (b) take responsibility for the massive waste of time, money and resources caused by the false statements.

10. Rather, it appears that WTPA hopes it can escape scrutiny for its conduct by withdrawing its Motion after it realizing it has been caught.

Plaintiffs' Notice re: WTPA's Withdrawal of its Rule 12(b)(2) Motion to Dismiss
*Caekaert and Mapley v. Watchtower Bible Tract Society of New York, Inc., et. al.*

11. Because Plaintiffs have spent 18 months and hundreds of hours litigating WTPA's Motion to Dismiss, and despite WTPA's last minute withdrawal, Plaintiffs are going to file their Brief so that they can make a record as to how WTPA attempted to mislead this Court.

DATED this 5th day of November, 2021.

                                   By: /s/ Ryan Shaffer
                                             Ryan R. Shaffer
                                             MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*