Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br><br> Defendants, <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., <br> Cross Claimant, <br><br> BRUCE MAPLEY, SR., <br> Cross Defendant. | Case No. CV-20-52-BLG-SPW <br><br> **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR SANCTIONS** |

# I.    Introduction

Two lawyers for the Watch Tower Bible & Tract Society of Pennsylvania ("WTPA") perpetuated obviously false statements as the sole evidentiary basis for a dispositive motion.[1]  The lawyers then attempted to hide evidence which laid bare their misrepresentations.  Ultimately, the WTPA lawyers hoped that the Court would accept the false statements as true, deny Plaintiffs the right to conduct discovery, and dismiss Plaintiffs' cases against WTPA.  Plaintiffs bring this Motion because they believe lawyers who make and perpetuate obviously false statements in support of a dispositive motion, and then try to cover it up by obstructing discovery, should be sanctioned.

# II.    Facts

1. This case involves allegations that Defendants WTPA and Watchtower Bible & Tract Society of New York, Inc. ("WTNY") created an environment in Hardin, MT that effectively permitted church elders to sexually abuse young girls, including Plaintiffs.  Docs. 1 and 22.

2. On June 22, 2020, WTPA filed a Motion to Dismiss Pursuant to Rule 12(b)(2) ("WTPA's Motion") accompanied by a Supporting Brief and the

---

[1]Plaintiffs' Motion concerns the conduct of attorneys Philip Brumley and Joel Taylor, and does not concern Defendants' other lawyers.

Plaintiffs' Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **2** of **14**

Affidavit of Philip Brumley, Esq., June 22, 2020 (the "First Affidavit").

Docs. 13, 14, and 14-1.

3.  Mr. Brumley is General Counsel for WTPA.  Doc 14-1, ¶1.

4.  Mr. Brumley's sworn statements relevant to Plaintiffs' Motion include the

    following:

    a.  "WTPA does not conduct business in Montana . . ." Doc. 14-1, ¶8.

    b.  "WTPA has no contact with congregations of Jehovah's Witnesses

        located in Montana."  Doc. 14-1, ¶10.

    c.  "WTPA does not establish or disseminate policy or procedure to

        congregations of Jehovah's Witnesses in Montana."  Doc. 14-1, ¶11.

    d.  "WTPA exists to provide certain business needs of Jehovah's

        Witnesses including, among other things, holding copyright to books,

        magazines, songs, and videos.  It also provides international

        humanitarian aid to communities after natural disasters."  Doc. 14-1,

        ¶13.

    e.  "The publications to which WTPA owns copyrights include The

        Watchtower and Awake! magazines as well as books, tracts and

        brochures that are used to explain various aspects of the Bible."   Doc.

        14-1, ¶14.

Plaintiffs' Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **3** of **14**

    f.  "WTPA does not author the substantive content or print hard copies of the books, magazines, brochures, and tracts referred to above."  Doc. 14-1, ¶15.

    g.  "On the contrary, the copyrighted materials are published by co-defendant Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), a separate corporation."  Doc. 14-1, ¶16.

5.  Based on Mr. Brumley's sworn statements, WTPA argued that Plaintiffs' case should be dismissed for lack of personal jurisdiction.  Docs. 13 and 14.

6.  In Plaintiffs' original response to WTPA's Motion, Plaintiffs produced evidence that Brumley's First Affidavit included statements that were either not true, were false by way of omission, or were intentionally misleading. Docs. 21, 21-1, 21-2, 21-3, and 21-4.   For instance:

    a.  Contrary to Brumley's statement that WTPA does not publish WTPA copyrighted material, the JW.org website states that WTPA "is used by Jehovah's Witnesses to support their worldwide work, which includes **publishing** Bibles and Bible-based literature."  Docs. 21 and 21-1.

    b.  Contrary to Brumley's assertion that WTPA does essentially nothing more than passively hold copyrights and provide international humanitarian aid, Plaintiffs produced WTPA letters regarding

Plaintiffs' Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 4 of 14

discipline of church members and child sex abuse in Jehovah's
Witness congregations.  Docs. 21-3 and 21-4.

7.  WTPA and Mr. Brumley replied with another brief and affidavit (the
"Second Affidavit"), wherein Mr. Brumley's representations are essentially
repeated, i.e., WTPA had no contacts with Montana and WTPA merely held
copyrights while providing humanitarian aid.  Docs. 25 and 26.

8.  By that time, Plaintiffs had obtained additional evidence that Mr. Brumley's
assertion that WTPA did nothing more than hold copyrights and provide
humanitarian aid was false, including more WTPA letters advising local
congregations on how to handle allegations of child sex abuse.  Docs. 29,
29-1, 29-2, 29-3, 29-4, and 29-5.

9.  In September of 2020, attorney Joel Taylor, who routinely represents the
Watchtower entities in child sex abuse litigation and identifies himself as an
"Associate General Counsel for Defendant Watchtower Bible and Tract
Society of New York" was granted the right to appear *pro hac vice* in this
case.[2]  Doc. 34.

10. In April of 2021 - and contrary to Mr. Brumley's representations that WTPA
does not publish or disseminate policies or procedures to Jehovah's Witness

---

[2] *See* Affirmation of Joel M. Taylor, ¶1 (Nov. 18, 2021).  Attached as **Exhibit 1**.

Plaintiffs' Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **5** of **14**

congregations in Montana - Plaintiffs learned that a manual published and

copyrighted by WTPA was disseminated to, and referenced by, the Hardin

congregation elders when they chose not to report child sexual abuse at issue

in this case to secular authorities.  Dep. of James Rowland, 67:14–72:21

(April 23, 2021) (relevant excerpt attached as **Exhibit 2**).

11. Since then, Plaintiffs have litigated multiple motions to compel and obtained

substantial documentary evidence that Mr. Brumley's representations to this

Court were materially false.  Docs. 56-59, 79, 82, 85, and 96.[3]

12. In August of 2021, Plaintiffs asked WTPA to withdraw its Motion because it

was based on false statements that were contradicted by WTPA's own

documents and words.  Letter from Ryan R. Shaffer to Jon A. Wilson and

Joel M. Taylor (Aug. 27, 2021) (attached as **Exhibit 3**).  WTPA chose to

persist with its false representations and would not withdraw the Motion.

13. Over the next two months, Plaintiffs' counsel expended hundreds of

additional hours marshalling the WTPA documents establishing the falsity

of Mr. Brumley's statements and drafting a brief opposing WTPA's Motion.

Doc. 96.

---

[3] This evidence is set forth in detail with over 1000 pages of exhibits in Doc. 96.

Plaintiffs' Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **6** of **14**

14. In October 2021, and pursuant to Rule 11, Plaintiffs again asked WTPA to withdraw its Motion.

15. On November 5, 2021, after seventeen (17) months of jurisdictional discovery and just days before Plaintiffs' response brief was due, WTPA withdrew its Motion.

### III.   Authority

1.  <u>28 U.S.C. § 1927</u>

Federal statute authorizes district court judges to sanction attorneys who unreasonably and vexatiously multiply court proceedings:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Under Section 1927 the court can impose sanctions if an attorney acts "recklessly or in bad faith."  *United States v. Associated Convalescent Enterprises, Inc.*, 766 F.2d 134, 1346 (9th Cir. 1985).  Unlike sanctions under Rule 11, which apply to signatories of court papers, Section 1927 sanctions apply to any lawyer who engaged in dilatory and abusive tactics.  *CTC Imports & Exports v. Nigerian Petroleum Corp.*, 739 F. Supp. 966 ("Unlike Rule 11 which is concerned with the certification and merits of individual papers filed with the court, § 1927 represents a continuing

Plaintiffs' Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **7** of **14**

obligation upon counsel to refrain from dilatory and abusive tactics and to avoid prolonging meritless claims.").

2. <u>The Court's Inherent Power</u>

Additionally, and separately, Federal courts have inherent power to sanction litigants and attorneys that abuse the judicial process. *Primus Automotive Fin. Services, Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997). When a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons, . . . sanctions under the court's inherent powers may take the form of attorney's fees." *Id.* (internal citations omitted); *see also United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983). "Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that counsel's conduct 'constituted or was tantamount to bad faith.'" *Id.* (quoting *Roadway Express*, 447 U.S. 752, 767 (1980).

3. <u>No Rule 11 Safe Harbor for Brumley and Taylor</u>

The Court's authority for imposing sanctions under Section 1927 or through its inherent power is not diminished by Rule 11's "safe harbor." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). "[T]he Ninth Circuit has recognized [] Rule 11 'does not repeal or modify existing authority of federal courts to deal with abuses ... under the court's inherent power.'" *Id.* at 48–49. Federal courts have

Plaintiffs' Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **8** of 14

recognized that Rule 11's "safe harbor" does not immunize a bad actor from

sanctions under the Court's other authorities.[4]

## IV.   Argument

Here, with the hope that the Court would dismiss Plaintiffs' cases against

WTPA, in-house counsel Brumley signed affidavits that were materially false and

intentionally misleading.  Doc. 96 at 2-17 (setting forth how WTPA's own

documents establish that Brumley's sworn statements were obviously and

materially false).  Brumley's affidavits formed the sole evidentiary basis of

WTPA's Motion.  Both in-house counsel Brumley, as well as WTNY Associate

General Counsel Taylor (who also represented WTPA in this case), were uniquely

in possession of the documents and information establishing the falsity of

Brumley's representations to the Court.  Brumley and Taylor knew that Brumley's

representations were false.

The perpetuation of Brumley's false and misleading statements wasted

Plaintiffs' and the Court's time and energy litigating and resolving matters that

---

[4] *NASCO, Inc. v. Calcasieu Television & Radio, Inc.,* 894 F.2d 696, 705 (5th Cir. 1990); *Yurman Studio, Inc. v. Castaneda*, No. 07 CIV. 1241 (SAS), 2008 WL 4949775, at \*2 (S.D.N.Y. Nov. 19, 2008); *Mellott v. MSN Commc'ns, Inc.,* 492 F. App'x 887, 887 (10th Cir. 2012); *Peer v. Lewis*, 571 F. App'x 840 (11th Cir. 2014); *Miccosukee Tribe of Indians of Fla. v. Cypress*, 686 F. App'x 823 (11th Cir. 2017); *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.,* 858 F.3d 1383 (Fed. Cir. 2017).

Plaintiffs' Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **9** of **14**

were not legitimately in dispute.  This included not only litigating WTPA's

Motion, but also litigating collateral discovery matters.   All told, Brumley and

Taylor's conduct resulted in a 17-month delay of this case, unnecessarily forced

Plaintiffs and the Court to waste significant time and resources, and was an

intentional attempt to undermine the integrity of these proceedings with false

statements and obstruction.

Particularly egregious here is that WTPA and its lawyers refused to produce

a 1972 WTPA publication known as the Kingdom Ministry School Course.  This

elder manual was copyrighted, published, and distributed by WTPA.  Plaintiffs

were able to obtain the document on their own and then use it at James Rowland's

deposition, where he testified that the Hardin Congregation relied on it to handle

the allegations of child sexual abuse at issue in this case.  **Ex. 2**.  By advancing

materially false and misleading statements to this Court, and attempting to hide

documents directly undermining their scheme, attorneys Brumley and Taylor not

only mislead this Court, they also vexatiously and unreasonably multiplied these

proceedings.

Brumley's and Taylor's conduct in this case cannot be classified as an

innocent mistake or a moment of carelessness: this is how attorneys for WTPA and

WTNY litigate.  *See generally*, *Padron v. Watchtower Bible & Tract Socy. of New

York, Inc.,* 225 Cal. Rptr. 3d 81, 103 (Cal. App. 4th Dist. 2017) (affirming

Plaintiffs' Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **10** of **14**

imposition of $4,000 per day sanctions for discovery abuse); *Nunez v. WTNY, et al*, Order Enforcing May 26, 2021, Order Assessing Sanctions and Atty. Fees, Cause No. Dv-16-084 (Mont. 7th Jud. Dist. Ct., July 22, 2021) (ordering daily monetary sanctions, attorneys' fees, and costs, and prohibiting WTNY from making certain arguments at trial for discovery violations) (attached as **Exhibit 4**).

Brumley and Taylor may argue that they cannot be sanctioned because WTPA withdrew its Motion to Dismiss after being served a Rule 11 Motion. *See* Fed. R. Civ. Pro. 11 (c) (2). However, federal case law provides that Rule 11's "safe harbor" does not diminish this Court's other authorities to sanction attorneys who engage in abusive or dilatory conduct. *Chambers*, 501 U.S. at 46; *see also NASCO*, 894 F.2d at 705; *Yurman*, 2008 WL 4949775, at *2; *Mellott*, 492 F. App'x at 887; *Peer*, 571 F. App'x 840; *Miccosukee Tribe*, 686 F. App'x 823; *Rothschild*, 858 F.3d 1383.

Moreover, because Brumley and Taylor were not signatories to WTPA's Motion, any protection that Rule 11's safe harbor affords WTPA for withdrawing its Motion does not apply to Brumley or Taylor. Nor should it: the harm caused by Brumley and Taylor is not remedied or addressed by WTPA's last minute withdrawal of the Motion because the damage was already done.

Brumley and Taylor knowingly made and perpetuated false statements and then attempted to cover those false statements up by refusing to produce

Plaintiffs' Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **11** of **14**

discoverable and material evidence.  The record in this case, as well as the record from other sexual abuse cases, establishes that Brumley's and Taylor's conduct is not an aberration; it was immediately obvious that Brumley's sworn statements to this Court were false and their bad faith conduct here is consistent with how WTPA's lawyers have conducted themselves in other cases.  In short, this is what they do.

Based on the foregoing, Plaintiffs believe that sanctions are appropriate, including:

1. Awarding Plaintiffs' attorneys' fees and costs for all of the time spent addressing WTPA's Motion - including all the time spent on all of the jurisdictional discovery;

2. Requiring attorneys Brumley and Taylor to self-report to all applicable licensing boards and courts for knowingly perpetuating false and misleading statements; and

3. Daily sanctions of an amount determined appropriate by the Court for each day that WTPA, acting through Brumley and Taylor, improperly and vexatiously delayed this case.

DATED this 3rd day of December, 2021.

///

///

Plaintiffs' Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **12** of **14**

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

Plaintiffs' Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **13** of **14**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: <u>/s/ Ryan Shaffer</u>
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*


## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 2,211words, excluding the caption, certificates of service and compliance, table of contents and authorities, and exhibit index.

By: <u>/s/ Ryan Shaffer</u>
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

Plaintiffs' Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **14** of **14**