*Exhibit 1*

SUPREME COURT OF THE STATE OF NEW YORK
KINGS COUNTY

| | |
|---|---|
| Santos Soto,<br><br>                          Plaintiff,<br><br>      v.<br><br>Yonkers Congregation of Jehovah's Witnesses, Yonkers, New York; Watchtower Bible and Tract Society of New York, Inc.; The Governing Body of Jehovah's Witnesses; and Larry Cortez,<br><br>                          Defendants. | Index No. 515069/2021<br><br>**AFFIRMATION OF<br>JOEL M. TAYLOR** |

Joel M. Taylor, being duly sworn, deposes and says:

      1.      I am an attorney-at-law duly licensed to practice in the State of New York and I am Associate General Counsel for Defendant Watchtower Bible and Tract Society of New York, Inc. ("Watchtower"). I am fully familiar with the facts and the circumstances herein.

      2.      Plaintiff never served Watchtower with the operative Summons and Complaint in the above-referenced action.

      3.      On October 19, 2021, our Legal Department was contacted by attorney Margaret Korgul, who has previously represented Watchtower and certain other entities in other, unrelated matters. Ms. Korgul alerted Watchtower that she had been contacted by Plaintiff's counsel, who had asked if she was authorized to accept service on behalf of Defendant Yonkers Congregation of Jehovah's Witnesses.

      4.      On October 20, 2021, Watchtower reviewed the e-courts docket for this matter and observed that, at 7:23 p.m. on October 19, 2021, Plaintiff moved for an extension of time to serve

1

the Congregation and Larry Cortez, and that, in Plaintiff's motion, Plaintiff's counsel represented to this Court that "The Summons, Verified Complaint, and Notice of Electronic Filing were served on Defendant [Watchtower] on June 30, 2021," and that "[s]ervice was made pursuant to CPLR § 311(a)(1)"—personal service upon an officer, director, or agent authorized to receive service.

5. No such service was ever made upon Watchtower. Indeed, no authorized Watchtower representative has any recollection of Plaintiff having made any attempt to effect service upon them.

6. Watchtower has attempted to recover security camera footage of Plaintiff's purported attempt to effect service upon Watchtower, but has been unable to do so due to the expiration of a substantial period of time.

7. Gate attendants for Watchtower are not authorized to accept service of process and it is Watchtower's policy for its gate attendants to inform all individuals attempting to effect service upon them that they are unauthorized to accept service. Based on the Affidavit of Service that Plaintiff submitted as to Watchtower, the gate attendant (security guard) upon whom Plaintiff purportedly attempted to effect service properly followed this policy, as Plaintiff's process server testified therein that he was informed that the individual upon whom he attempted to effect service was not authorized to accept service.

I swear under penalty of perjury that the foregoing is true and correct. I am aware that if any of the foregoing is willfully false, I am subject to punishment.

Dated: November 18, 2021

                                        *s/    Joel M. Taylor*
                                            Joel M. Taylor