*Exhibit 3*

**Meyer, Shaffer & Stepans,** PLLP

Ryan Shaffer | ryan@mss-lawfirm.com
Robert L. Stepans | rob@mss-lawfirm.com
James Murnion | james@mss-lawfirm.com

August 27, 2021

**Via Email and U.S. Mail**

Jon A. Wilson
BROWN LAW FIRM, P.C.
P.O. Drawer 849
Billings, MT 59103

jwilson@brownfirm.com

Joel M. Taylor, Esq.
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, NY 10549

jtaylor@mmt-law.com

    Re: *Caekaert & Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
        *Rowland & Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*

Dear Jon and Joel,

As jurisdictional discovery has progressed it has become increasingly apparent that WTPA was doing far more than it has represented. Indeed, the Court has already recognized as much. The documents produced and obtained to date establish that WTPA was the principal corporate arm of the church, responsible for directing all manner of nationwide activities during the 1970s and 1980s. We expect continued jurisdictional discovery – including compliance with the Court's August 24, 2021 Orders – to further highlight WTPA's misrepresentations while bolstering Plaintiffs' arguments that WTPA should be subject to the Court's jurisdiction. As it pertains to activities in Montana, a Hardin elder testified that WTPA documents guided the Congregation's response to our clients' sexual abuse allegations. This alone is probably sufficient to conclude that WTPA should be subject to the Court's jurisdiction.

Given the foregoing, WTPA's Motion to Dismiss is based upon factual contentions that had no evidentiary support and are, in fact, contradicted by the evidence. WTPA was aware of this when it filed the Motion. Nevertheless, WTPA has now persisted with its Motion and associated discovery obstruction for nearly a year. With all due respect, we believe that WTPA's conduct, including that of the lawyers who have certified the accuracy and truthfulness of its representations, is sanctionable under applicable law. At this point, we think it is appropriate for WTPA to withdraw its Motion to Dismiss so that we do not waste more time and resources on unwarranted motions practice.

August 27, 2021
Page 2

In the event that WTPA chooses to persist with its Motion to Dismiss, we need to coordinate with you and the Court on a schedule for completing the jurisdictional phase of the case. Plaintiffs proposes the following:

- WTPA and WTNY comply with the Court's August 24, 2021 Orders by **September 21, 2021**.
- Depositions, if any, to be completed by **October 26, 2021**.
- Briefing WTPA's Motion to Dismiss beginning **November 9, 2021**.

Please let me know if this schedule works for WTPA, and if not, what modifications you propose. Assuming WTPA is not going to withdraw its Motion, we will be requesting a status conference with the Court to discuss and formalize this schedule.

Sincerely,

MEYER, SHAFFER & STEPANS, PLLP

Ryan R. Shaffer