

From: Jessica Yuhas <jessica@mss-lawfirm.com>
Sent: Thursday, October 21, 2021 11:36 AM
To: Jon Wilson <jwilson@brownfirm.com>; jtaylor@mmt-law.com; Guy Rogers <GRogers@brownfirm.com>; Brett Jensen <BJensen@brownfirm.com>
Cc: Ryan Shaffer <ryan@mss-lawfirm.com>; Rob Stepans <rob@mss-lawfirm.com>; James Murnion <james@mss-lawfirm.com>; Emily Kitterman <EKitterman@brownfirm.com>
Subject: CV-20-52-BLG-SPW & CV-20-59-BLG-SPW

Counsel,

I have uploaded the following documents to Dropbox and they can be downloaded via the below link. Physical copies of these documents have also been sent out via FedEx.

1) Plaintiffs' Rule 11 Motion for Sanctions (CV-20-52).
2) Plaintiffs' Brief in Support of Their Rule 11 Motion for Sanctions (CV-20-52).
3) Plaintiffs' Rule 11 Motion for Sanctions (CV-20-59).
4) Plaintiffs' Brief in Support of Their Rule 11 Motion for Sanctions (CV-20-59).

1

Dropbox link: https://www.dropbox.com/sh/o2jcs26avxcqhqi/AAC7TL8rtD0I2oP89iJaOEP7a?dl=0

Thank you,

Jessica Yuhas
Paralegal



*Montana Office:*
430 Ryman St.
Missoula, MT 59802
Tel: 406-543-6929
Fax: 406-721-1799

*Wyoming Office:*
3490 Clubhouse Drive, Suite 104
Wilson, WY 83014
Tel: 307-734-9544
Fax: 307-733-3449

The information contained in this email is confidential and privileged. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake. This email may be subject to the attorney-client privilege and attorney work product doctrine. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake.

Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

*Attorneys for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br><br> Defendants, <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., <br> Cross Claimant, <br><br> BRUCE MAPLEY, SR., <br> Cross Defendant. | Case No. CV-20-52-BLG-SPW <br><br> **PLAINTIFFS' RULE 11 MOTION FOR SANCTIONS** |

Plaintiffs, by and through undersigned counsel, and pursuant to Rule 11 of the Federal Rules of Civil Procedure, hereby move for sanctions to be imposed on Defendant Watch Tower Bible & Tract Society of Pennsylvania ("WTPA") for:

- ➤ Making factual contentions in its Motion to Dismiss and supporting documents that have no evidentiary support and which, in fact, WTPA knew to be demonstrably false and misleading when made; and
- ➤ Submitting knowingly false and misleading representations, as well as frivolous and unwarranted arguments, to the Court for the improper purpose of unnecessarily delaying and needlessly increasing the cost of litigation without a good faith factual basis.

*See e.g.* ECF Docs. 13, 14, 14-1, 25, and 26.

A supporting brief is filed contemporaneously herewith setting forth with more particularity the basis of this Motion. Undersigned counsel certifies that pursuant to Fed. R. Civ. Pro. 11(c)(2) a copy of this Motion and supporting brief was served on WTPA at least 21 days before this filing and that WTPA failed to withdraw or appropriately correct the conduct violating Rule 11.

DATED this 21st day of October, 2021.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this 21st day of October, 2021, a true and correct copy of the foregoing document was duly served via email and U.S. Mail, first class postage prepaid and addressed to:

Guy W. Rogers
Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
P.O. Drawer 849
Billings, MT 59103-0849
grogers@brownfirm.com
jwilson@brownfirm.com
bjensen@brownfirm.com

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, NY 10549
jtaylor@mmt-law.com

Bruce G. Mapley, Sr. (FedEx ONLY)
3905 Caylan Cove
Birmingham, AL 35215

Jessica Yuhas, Paralegal

Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT 59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br><br> Defendants, <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., <br> Cross Claimant, <br><br> BRUCE MAPLEY, SR., <br> Cross Defendant. | Case No. CV-20-52-BLG-SPW <br><br> **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR RULE 11 MOTION FOR SANCTIONS** |

## I. Introduction

This case involves allegations that Defendants Watch Tower Bible & Tract Society of Pennsylvania ("WTPA") and Watchtower Bible & Tract Society of New York, Inc. ("WTNY") negligently mishandled, and in fact created an environment that encouraged, sexual abuse of Plaintiffs. On June 22, 2020, WTPA filed a Motion to Dismiss (Doc. 13) accompanied a Supporting Brief (Doc. 14) and the Affidavit of Philip Brumley, Esq. (Doc 14-1), and shortly thereafter the Second Affidavit of Philip Brumley, Esq (Doc. 26) (collectively "WTPA's Motion"). In support of WTPA's Motion, Mr. Brumley generally asserted that personal jurisdiction over WTPA is not proper because it has no contacts with Montana and merely holds copyright to certain publications and provides international humanitarian aid.

After a year of jurisdictional discovery and substantial delay in this litigation, it has become obvious that Mr. Brumley's factual assertions about WTPA were false and knowingly misleading. Contrary to Mr. Brumley's representations to the Court, WTPA played the primary role in directing the work of Jehovah's Witnesses worldwide, including in Montana.

Evidence obtained by Plaintiffs during discovery and from independent sources reveals that Mr. Brumley's representations were knowingly false and misleading. WTPA willfully mislead the Court and Plaintiffs for the improper

Plaintiffs' Brief in Support of Their Rule 11 Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **2** of **12**

purpose of obstructing and delaying Plaintiffs' case. The result has been an entire year of unnecessary discovery and motions practice, constituting hundreds of hours of wasted and unnecessary time litigating matters that are not legitimately in dispute. Plaintiffs have obtained information indicating that this is not an isolated incident, and flagrant violations of applicable rules and court orders is the Defendants' preferred mode of litigation. As such, severe Rule 11 sanctions are appropriate and necessary to prevent such abuse in the future.

## II. WTPA's Conduct Violates Rule 11

WTPA's Motion to Dismiss is supported by Mr. Brumley's first affidavit, where he claimed "WTPA does not establish or disseminate policy or procedure to congregations of Jehovah's Witnesses in Montana." (Doc. 14-1 at 2). Yet, Plaintiff has now obtained a series of publications—some of which WTPA refused to produce until the parties spent substantial time and resources on a motion to compel—from approximately 1949 to at least 1987 that were published, issued, and copyrighted directly by WTPA and that set forth the policies and procedures that protected the pedophiles operating in Hardin in the 1970s to 90s. *E.g.*, *Counsel on Theocratic Organization for Jehovah's Witnesses* (1949); *Preaching and Teaching in Peace and Unity* (1960); *Kingdom Ministry School Course* (1972); *The Watchtower* (Sep. 1, 1987) (collectively attached as **Exhibit 1**).

Plaintiffs' Brief in Support of Their Rule 11 Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 3 of 12

Brumley's first affidavit also stated that "WTPA has no contact with congregations of Jehovah's Witnesses located in Montana." (Doc. 14-1 at 2). However, Plaintiffs uncovered a letter from 1995 on WTPA letterhead, signed by WTPA, addressed to All Bodies of Elders (which includes the elders in the Hardin Congregation). Letter from WTPA, to All Bodies of Elders, (Jan 2., 1995) (attached as **Exhibit 2**).

Most egregiously, in an effort to persuade the Court that WTPA did nothing to avail itself of jurisdiction in Montana, both Brumley affidavits represented that WTPA's purpose is to simply hold copyright of various JW media and provide international humanitarian aid. (Doc. 14-1 at 3). Counsel for WTPA went on to argue in its supporting brief that "WTPA merely held copyrights to published material which was allegedly used by individuals in Montana to cause harm to Plaintiffs." (Doc. 14 at 14). To be sure, if one were to take Brumley's affidavit and WTPA's briefing at face value, the Court would be justified in concluding that WTPA did nothing except hold copyrights and provide humanitarian aid. However, nothing could be further from the truth. From WTPA's own publications, we now know:

> ➢ WTPA was the primary and parent corporation of the JW organization during the relevant time period, Amendment to the Articles of Incorporation of WTPA at 1481 (1945) (WTPA's purpose is to, inter

Plaintiffs' Brief in Support of Their Rule 11 Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 4 of 12

alia, act as the "legal world-wide governing agency for the body of Christian persons known as Jehovah's witnesses[.]"); *Branch Organization Manual* 1-4, ¶ 34 (1977) ("The Watch Tower Bible and Tract Society of Pennsylvania is the parent corporate agency of Jehovah's Witnesses."); *1970 Yearbook of Jehovah's Witnesses* 38 (1970) ("They all look to the Watch Tower Bible and Tract Society of Pennsylvania as the mother organization that supervises the printing and publication of all the literature that has proved so beneficial to Jehovah's witnesses in their study of the Bible, and in their proclamation of the good news of God's kingdom."); *Organized to Accomplish our Ministry* 26 (1983) *In re Holocaust Litigation*, Proposed Plan of Allocation for Jehovah's Witness Victims and Targets of Nazi Persecution, CV-96-4849 (E.D.N.Y. Dec. 7, 1999) ("COMES NOW, the Watch Tower Bible and Tract Society of Pennsylvania, (hereinafter Watch Tower), the corporate agency directing the administrative and religious work of Jehovah's Witnesses worldwide[.]") (relevant excerpts collectively attached as **Exhibit 3**);

- WTPA was the entity soliciting and receiving donations from JWs all over the United States; *Counsel on Theocratic Organization for Jehovah's Witnesses* 56 (1949) ("The Society will acknowledge all

Plaintiffs' Brief in Support of Their Rule 11 Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 5 of 12

contributions. Contributions for the work, that is, "Good Hopes", should be sent by check, money order or bank draft to Watch Tower Bible & Tract Society, Treasurer's Office, 124 Columbia Heights, Brooklyn 2, New York[.]"); *Preaching and Teaching in Peace and Unity* 50 (1960) ("[F]rom time to time throughout the year the contribution for the Kingdom work can be sent, either in the full amount or in smaller portions, by check, money order or bank draft to the Watch Tower Bible and Tract Society of Pennsylvania, Treasurer's Office, 124 Columbia Heights, Brooklyn 1, New York[.]"); *Branch Organization Manual* 22-1, ¶ 5 (1977) ("Donations of money may be made to the Society in the form of contributions payable to Watch Tower Bible and Tract Society of Pennsylvania in the United States[.]") (relevant excerpts collectively attached as **Exhibit 4**);

➤ WTPA arranged for the Kingdom Ministry School, which consisted of weeks-long training for elders of local congregations all over the United States, *1970 Yearbook of Jehovah's Witnesses* 40 (1970) ("**Kingdom Ministry School** This school was especially organized by the governing body of Jehovah's witnesses of the Watch Tower Bible and Tract Society of Pennsylvania for the benefit of the overseers in

Plaintiffs' Brief in Support of Their Rule 11 Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **6 of 12**

the congregations of Jehovah's witnesses" (relevant excerpt attached as **Exhibit 5**); and

> WTPA sent circuit and district overseers to visit local congregations, including the Hardin Congregation, for the purpose of overseeing and assisting their local work in Montana. *1970 Yearbook of Jehovah's Witnesses* 38-39 (1970) ("[T]he Watch Tower Bible and Tract Society of Pennsylvania . . . also sends out special ministers, such as circuit and district overseers, to visit all the congregations of Jehovah's witnesses throughout the world.") (relevant excerpt attached as **Exhibit 6**).

Indeed, in stark contrast to representations by Brumley and WTPA's counsel, former Hardin elder James Rowland testified that he: (1) was trained as an elder at a WTPA Kingdom Ministry School session in Billings, Montana; (2) was provided WTPA publications at the training and in the congregation that set forth the policies and procedures he was to refer to and enforce as an elder; and (3) informed several of WTPA's circuit overseers of the child sexual abuse happening in Hardin, only to be threatened and told never to speak of it again. Dep. of James Rowland, 65:25–68:16, 132:5-18, 133:20-134:14, 168:9-169:4 (April 23, 2021) (relevant excerpts attached as **Exhibit 7**). Needless to say, these are substantial and critical contacts with the State of Montana that directly gave rise to Plaintiffs' claims.

Plaintiffs' Brief in Support of Their Rule 11 Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **7** of **12**

Not only did WTPA fail to acknowledge and volunteer such critical facts as would be expected in discovery, it engaged in an active effort to mislead the Court and Plaintiffs through false affidavits, which formed the sole evidentiary basis of WTPA's Motion. WTPA's counsel then further perpetuated these misrepresentations in its briefing.

The notion that WTPA should not be subject to this Court's jurisdiction because it only holds copyrights and performs humanitarian work is so utterly false that Mr. Brumley must have known he was misleading the Court.[1] Make no mistake, at the time WTPA filed its Motion and supporting documents, it knew of its substantial contacts with Montana during the period 1972 to 1995. Instead of honestly representing such contacts, it used dishonest and deceptive litigation tactics to mislead the Court. WTPA's Rule 11 violations caused Plaintiffs to spend hundreds of hours litigating a dispute that WTPA manufactured out of whole cloth.

---

[1] As the Court has previously recognized, Mr. Brumley's affidavits were written in the present tense. Doc. 32. But this is of no assistance to him or WTPA. Mr. Brumley and WTPA's counsel must know that the only time period relevant to WTPA's Motion is the time period at issue in this case, i.e. 1972-1995. Thus, an affidavit and motion to dismiss based on WTPA's alleged present-day activities are still in violation of Rule 11(b)(1) because they are completely irrelevant and could have only been submitted for an improper purpose, i.e., causing over a year of unnecessary delay and needlessly increasing the costs of litigation. In truth, Mr. Brumley, who is a lawyer, and WTPA's counsel must be assumed to know the importance of the 1972-1995 time-period for WTPA's Motion and submission of intentionally misleading affidavits and briefing stands in flagrant violation of Rule 11.

Plaintiffs' Brief in Support of Their Rule 11 Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **8 of 12**

### III. Nature of Requested Sanctions

A Court's Rule 11 sanction "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11. At the same time, the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.*

Defendants have already been sanctioned by this Court for obstructing Plaintiffs' discovery efforts without justification. (Doc. 85). Moreover, Defendants obstructive conduct in this case was not merely careless or born of a lapse of judgment: Defendants consistently behave this way in litigation. *See generally, Padron v. Watchtower Bible & Tract Socy. of New York, Inc.*, 225 Cal. Rptr. 3d 81, 103 (Cal. App. 4th Dist. 2017) (affirming imposition of $4,000 per day sanctions for discovery abuse); *Nunez v. WTNY, et al*, Order Enforcing May 26, 2021, Order Assessing Sanctions and Atty. Fees, Cause No. Dv-16-084 (Mont. 7th Jud. Dist. Ct., July 22, 2021) (ordering daily monetary sanctions, attorneys' fees and costs, and prohibiting WTNY from making certain arguments at trial for discovery violations) (attached as **Exhibit 8**). Defendants have no qualms with willfully violating the rules of court to obstruct abuse victim's claims against them.

Plaintiffs' Brief in Support of Their Rule 11 Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **9** of **12**

WTPA's efforts to hide the truth have been multi-layered and extensive. First, WTPA filed a Motion to Dismiss based solely on false and highly misleading representations. Next, it opposed Plaintiffs' request to conduct discovery into the veracity of its representations. Doc. 25 at 13-14. At the same time, as Plaintiffs received documents from third parties showing the assertions made in the Brumley affidavits were demonstrably false, WTPA objected to Plaintiffs supplementing the record with the same. Doc. 31. Then, after the Court noted the problems with Mr. Brumley's representations and permitted Plaintiffs to conduct jurisdictional discovery, WTPA attempted to hide specific documents indicating that its conduct and documents were used by elders of the Hardin congregation to cover up and sanction the sexual abuse inflicted upon Plaintiffs. Doc. 85.

WTPA's conduct undermines the integrity the civil justice system and cannot be tolerated. However, it appears that this is simply how Defendants operate: obstruct, delay, and deceive; if you get caught, write off the sanctions as the cost of doing business. As a result, nothing short of severe sanctions like: (1) denying WTPA's Motion; (2) awarding Plaintiffs' attorneys fees and costs for all of the time spent addressing the same—including all the time spent on jurisdictional discovery and this Motion—and (3) daily sanctions of $5,000 for every day that it improperly delayed this case is appropriate for deterring such conduct in the future.

Plaintiffs' Brief in Support of Their Rule 11 Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **10 of 12**

DATED this 21st day of October, 2021.

By: /s/ Ryan Shaffer
Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
MEYER, SHAFFER & STEPANS PLLP
*Attorneys for Plaintiffs*

Plaintiffs' Brief in Support of Their Rule 11 Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 11 of 12

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this 21st day of October, 2021, a true and correct copy of the foregoing document was duly served via email and U.S. Mail, first class postage prepaid and addressed to:

Guy W. Rogers
Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
P.O. Drawer 849
Billings, MT 59103-0849
grogers@brownfirm.com
jwilson@brownfirm.com
bjensen@brownfirm.com

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, NY 10549
jtaylor@mmt-law.com

Bruce G. Mapley, Sr. (FedEx ONLY)
3905 Caylan Cove
Birmingham, AL 35215

Jessica Yuhas, Paralegal

Plaintiffs' Brief in Support of Their Rule 11 Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 12 of 12