Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>Defendants,<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.,<br>           Cross Claimant,<br><br>BRUCE MAPLEY, SR.,<br>           Cross Defendant. | Case No. CV-20-52-BLG-SPW<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SANCTIONS**<br>**(Doc. 101)** |

## INTRODCUTION

From this case's inception, Watch Tower and Bible Tract Society of Pennsylvania ("WTPA") and its lawyers were uniquely in possession of the facts and knowledge establishing that it should be subject to personal jurisdiction in Montana. Rather than honestly acknowledging those facts, WTPA had its in-house counsel put forth a false and intentionally misleading version of WTPA's role in the Jehovah's Witness organization with the hope that the Court would rely on it to dismiss Plaintiffs' cases. WTPA then objected to and obstructed Plaintiffs' discovery that would ultimately expose that false narrative. Only when confronted with Rule 11 penalties did WTPA agree to withdraw its frivolous Motion. The result was 17-months of wasted litigation. Plaintiffs submit that this is sanctionable conduct and the Court has the authority to sanction attorneys Brumley and Taylor.

## QUESTIONS UNANSWERED BY WTPA'S RESPONSE

WTPA filed a 20-page Response brief offering no explanation to the most fundamental questions:

> ➢ Why did Brumley tell the Court that WTPA did not establish or disseminate policy or procedure to congregations of Jehovah's Witnesses in Montana when WTPA's books did exactly that?

Plaintiffs' Reply Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **2** of **11**

> ➢ Why did Brumley and WTPA provide the Court an intentionally misleading version of WTPA's activities, while simultaneously attempting to prevent the Plaintiffs from discovering the truth?
>
> ➢ Why didn't WTPA withdraw its Motion in August of 2021 before forcing Plaintiffs to spend hundreds of more hours marshalling and briefing the extensive evidence obtained in discovery; and
>
> ➢ Why did WTPA file a frivolous motion without a good-faith factual basis in the first place?

WTPA offers no answers for these crucial questions.

## BRUMLEY'S FALSE STATEMENTS

WTPA's response fails to address Brumley's false representations to the Court.[1] For instance, Brumley's assertion that WTPA did not establish or disseminate policy or procedure to congregations in Montana is demonstrably false. The evidence shows that WTPA did establish and disseminate policies and procedures in Montana. Doc. 96 at 3–17. Brumley's assertion that WTPA did not author/print/publish hard copies of manuals containing WTPA's policies and procedures is demonstrably false. The evidence shows that WTPA did author,

---

[1] WTPA criticizes Plaintiffs for failing to quote Brumleys actual statements and then alleges that Plaintiffs mischaracterized those statements. As a matter of fact, Plaintiffs' counsel directly quoted Brumley's untrue statements. Doc. 102 at 3-4.

Plaintiffs' Reply Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **3** of **11**

print, and publish manuals containing WTPA's policies and procedures. *Id.* Brumley's assertion that WTPA had no contact with congregations in Montana is demonstrably false. The evidence shows that WTPA's circuit overseers did have contact with congregations in Montana. *Id.* at 12–17. Plaintiffs are not mischaracterizing Brumley; they are citing to WTPA's own documents to show that representations in his affidavits are not true.

## BRUMLEY'S INTENTIONALLY MISLEADING STATEMENTS

"[A] lie of omission is still a lie." *U.S. v. Norman*, 87 F. Supp. 3d 737, 745 (E.D. Pa. 2015). Mr. Brumley is a lawyer and he should understand the implications of submitting misleading half-truths to a court with the hope that they will be relied upon to dismiss his opponent's case.

WTPA argues that Brumley's statements about WTPA holding copyrights and conducting humanitarian aide are technically true because WTPA does hold copyrights and provide humanitarian aid. WTPA's *technically true* argument avoids the point. Brumley's affidavit was intentionally crafted to convince the Court of something that was never true, i.e. convince the Court that WTPA's role in the Jehovah's Witness church was of such small importance and limited scope that it would be improper to subject it to jurisdiction in Montana. *See, e.g.,* Doc. 14-1, ¶13.

Plaintiffs' Reply Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **4** of **11**

If Brumley was not trying to trick the Court with misleading half-truths his affidavit would have acknowledged, *inter alia*:

- WTPA was the "corporate agency directing the administrative and religious work of Jehovah's Witnessees worldwide[.]"

- All of the other Jehovah's Witness corporations "look to the Watch Tower Bible and Tract Society of Pennsylvania as the mother organization that supervises the printing and publication of all the literature that has proved so beneficial to Jehovah's witnesses in their study of the Bible, and in their proclamation of the good news of God's kingdom."

Doc. 96 at 10–11.  Brumley's lies of omission and attempt to deceive were part of a sustained effort to interfere with the pursuit of truth in this case.

## JOEL TAYLOR

Joel Taylor routinely represents the Watchtower entities in child sex abuse litigation, identifies himself as an "Associate General Counsel for Defendant Watchtower Bible and Tract Society of New York," and was representing both WTPA and WTNY from September 2020 to November 2021.  He was in possession of the facts and knowledge establishing that Brumley's affidavit was false and intentionally misleading but failed to do anything about it.  At a minimum, when Plaintiffs asked WTPA to withdraw its Motion to Dismiss in August of 2021, Mr. Taylor had an obligation to investigate the propriety of

Plaintiffs' Reply Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **5** of **11**

Brumley's affidavit and WTPA's Motion.  Ultimately, the record establishes that Mr. Taylor was comfortable advancing Brumley's misleading version of the facts and WTPA's frivolous Motion until Rule 11 sanctions were imminent.  Plaintiffs believe this conduct warrants sanctions.

## RULE 11 SAFE HARBOR DOES NOT PRECLUDE SANCTIONS UNDER 28 U.S.C. § 1927 OR THE COURT'S INHERENT AUTHORITY

The comments to Rule 11's 1993 amendment that added the safe harbor provision state:

> **Rule 11 is not the exclusive source for control of improper presentations of claims, defenses, or contentions.** It does not supplant statutes permitting awards of attorney's fees to prevailing parties or alter the principles governing such awards. **It does not inhibit the court in punishing for contempt, in exercising its inherent powers, or in imposing sanctions, awarding expenses, or directing remedial action authorized under other rules or under 28 U.S.C. § 1927**. *See Chambers v. NASCO*, 501 U.S. 32 (1991).[2] *Chambers* cautions, however, against reliance upon inherent powers if appropriate sanctions can be imposed under provisions such as Rule 11, and the procedures specified in Rule 11--notice, opportunity to respond, and findings--should ordinarily be employed when imposing a sanction under the court's inherent powers.

---

[2] WTPA's response brief incorrectly criticizes Plaintiffs for relying on *Chambers* when, in fact, the federal advisory committee relied on that case when clarifying that the Rule 11 safe harbor does not preclude courts from exercising its other power to sanction bad conduct.

Plaintiffs' Reply Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **6** of **11**

(emphasis added). The advisory committee's comments make it clear that adding the safe harbor to Rule 11 was not intended to eliminate the Court's other authorities for sanctioning bad faith and vexatious conduct.[3]

WTPA offers no authority for the proposition that the Rule 11 safe harbor stripped the Court of its other authorities for sanctioning bad faith conduct. Nothing in Rule 11, the advisory committee notes, or case law prevents the Court from sanctioning WTPA's lawyers if the Court determines it is appropriate.

WTPA argues that all of the cases cited in support of Plaintiffs request for sanctions are easily distinguishable. True, Plaintiffs were unable to locate a case where: (1) a defendant's in-house counsel submitted a knowingly false and misleading affidavit intending the court to rely on it when deciding a dispositive motion; (2) subsequently attempted to prevent Plaintiffs from conducting discovery into their half truths; (3) forced Plaintiffs to file motions to compel before producing material documents containing the whole truth; (4) refused to withdraw the motion when confronted with the truth; and (5) only withdrew the motion at the last minute after receiving a Rule 11 Motion. This sort of intentional and sustained

---

[3] In addition, since filing its original brief, Plaintiffs' counsel found the following Fifth and Sixth Circuit court cases where it was determined that sanctions were precluded by the Rule 11 safe harbor but could be instituted under other authorities. *Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995); *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997).

Plaintiffs' Reply Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **7** of **11**

effort to deceive the Court is rare, and it is one reason why federal district courts retain authority to sanction under 28 U.S.C. § 1927 and its own inherent power.

### THE COURT'S INHERENT AUTHORITY AND 28 U.S.C. § 1927 ARE AVENUES TO RECTIFY THE BAD FAITH CONDUCT AT ISSUE

The Court's inherent authority to sanction and 28 U.S.C. § 1927 exist to rectify the harm caused by the sort of bad faith, reckless conduct that vexatiously multipled these proceedings by 17 months. If Brumley knew his statements were false and misleading half truths when made, it was obviously bad faith. If instead he made the statements without consulting WTPA's documents and institutional knowledge, then it was in reckless disregard for the truth. Reckless and bad faith conduct are both sanctionable under 28 U.S.C. § 1927. *United States v. Associated Convalescent Enterprises, Inc.*, 766 F.2d 134, 1346 (9th Cir. 1985). The same holds true for Mr. Taylor, who effectively permitted Brumley's and WTPA's efforts to deceive the Court.

### WTPA OFFERS NO EXPLANATION FOR WHY IT DIDN'T WITHDRAW ITS MOTIONS IN AUGUST OF 2021

During August 2021, in an effort to avoid wasting hundreds of hours marshalling and briefing the mass of evidence undermining Brumley's affidavit, Plaintiffs' counsel asked WTPA to withdraw its Motion. WTPA refused, and now declines to explain why it waited for a formal Rule 11 letter. WTPA's refusal to

Plaintiffs' Reply Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **8** of **11**

withdraw its motion in August and failure to explain its change of position in November are additional evidence of its bad faith and reckless conduct.

## WTPA DID REFUSE TO PRODUCE MATERIAL DOCUMENTS THAT PROVE MR. BRUMLEY'S AFFIDAVIT WAS UNTRUE

Plaintiffs' opening brief incorrectly referred to the *Kingdom Ministry Course Book* as the WTPA document that was not produced until after James Rowland testified he relied on it while serving as an elder in Hardin, Montana. Doc. 102 at 10. This was a mistake. The book WTPA actually refused to produce was WTPA's 1972 *Organization for Kingdom-Preaching and Disciple-Making*. Def. WTPA's Resps. to Plfs.' 3d Set of Jurisdictional Disco., RFP No. 75 (March 8, 2021) (relevant excerpt attached as **Exhibit 1**); Dep. of James Rowland, 168:1–169:24 (April 23, 2021) (relevant excerpts attached as **Exhibit 2**). Plaintiffs requested this specific book in discovery and WTPA refused to produce it. Only after Plaintiffs obtained it from another source and used it in Mr. Rowland's deposition did WTPA produce a copy.

As Mr. Rowland testified, he relied upon the WTPA *Organization for Kingdom-Preaching and Disciple-Making* during his service as an elder of the Hardin congregation. *Id*. This WTPA book directly undercuts Brumley's sworn representation that WTPA did not disseminate the Jehovah's Witness organization's policies and procedures to congregations in Montana. Plaintiffs'

Plaintiffs' Reply Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **9** of **11**

citation to the wrong WTPA document does nothing to undercut the case for sanctions against Brumley or Taylor.

## CONCLUSION

Plaintiffs believe that the sustained and intentional effort to mislead the Court about WTPA's actual role in the Jehovah's Witness organization, by two of its lawyers, is sanctionable. The law provides the Court authority to sanctions such conduct if it agrees.

DATED this 10th day of January, 2022.

> By: /s/ Ryan Shaffer
> Ryan R. Shaffer
> MEYER, SHAFFER & STEPANS PLLP
>
> *Attorneys for Plaintiffs*

Plaintiffs' Reply Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **10** of 11

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 1,810 words, excluding the caption, certificates of service and compliance, table of contents and authorities, and exhibit index.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

Plaintiffs' Reply Brief in Support of Their Motion for Sanctions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **11** of **11**