Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | | |
|---|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | ) ) ) | Case No. CV-20-52-BLG-SPW |
| Plaintiffs, | ) ) ) | **BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RE: WAIVED PRIVILEGE** |
| vs. | ) ) ) | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., Cross Claimant, | ) ) ) ) | |
| BRUCE MAPLEY, SR., Cross Defendant. | ) ) ) ) | |
| _____ | ) | |

## <u>INTRODUCTION TO MOTION</u>

Plaintiffs are currently pursuing the discovery of evidence that is relevant to their claims. The Watchtower Bible & Tract Society of New York, Inc. ("WTNY") has identified voluminous information in its possession that is responsive to Plaintiffs' discovery requests. However, it has withheld all such evidence from Plaintiffs by claiming that all of it is subject to one or more privileges. Plaintiffs are in the process of evaluating all of WTNY's claims of privilege.

This Motion focuses solely on WTNY's assertion of clergy-penitent privilege over the public admissions by Bruce Mapley, Sr. ("Mapley Sr.) and Gunnar Hain ("Hain") that they molested Tracy Caekaert. Mapley Sr. and Hain both told non-clergy, third parties that they had molested Tracy Caekaert:

> ➢ Mapley Sr. told his entire family that he had molested Tracy Caekaert; and

> ➢ Hain told Mapley Sr. that he had molested Tracy Caekaert.

Corroborating the fact that Hain voluntarily disclosed his abuse of Tracy Caekaert to Mapley Sr., Shirley Gibson testified that people in Hardin who were not part of the Jehovah's Witness clergy knew that Hain molested Tracy Caekaert.

Even if Mapley Sr.'s and Hain's confessions to sexually molesting Tracy Caekaert were privileged at one time, Montana law is clear that once they chose to share that information with third parties, the privilege was waived. WTNY may

Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 2 of 19

not assert a privilege that was waived by the holders of that privilege to justify

withholding material and relevant evidence.

## RELEVANT FACTUAL BACKGROUND

### 1. Summary of Plaintiffs' Claims

Plaintiffs here, and in the related case *Rowland, et. al. v. WTPA, et. al.*,

allege that WTNY and Watch Tower Bible and Tract Society of Pennsylvania

("WTPA") effectively permitted and facilitated serial sexual abuse of Plaintiffs by

congregational elders and other church members in Hardin, Montana during the

period 1973 to 1992.  Thus, front and center in this case is what information

Jehovah's Witness elders, as well as other representatives of WTNY and WTPA,

knew about the sexual abuse occurring in Hardin between 1973 and 1992, and

what was done about it.  *See, e.g.,* First Amend. Compl. at ¶¶ 11–59 (ECF Doc.

22).

### 2. Mapley Sr. and Hain Disclose Their Sexual Abuse to Non-Clergy

Plaintiffs have alleged that Mapley Sr. and Hain—who were both members

and held various positions within the Jehovah's Witness church—were two of the

perpetrators involved in the sexual abuse of Plaintiffs.  First Amend. Compl. at ¶¶

34, 36, 41 (ECF Doc. 22).  Mapley Sr. and Hain both voluntarily disclosed to non-

clergy, third-parties that they sexually abused Tracy Caekaert.  Mapley Sr. told his

entire family what he had done.  Aff. of Shirley Gibson, ¶¶ 4–5 (ECF Doc. 22-1).

Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 3 of 19

During her deposition, Mapley Sr.'s former wife, Shirley Gibson, affirmed her statements set forth in her sworn affidavit and testified that in 1977 Mapley Sr. sat the entire family down in their home and disclosed that both he and Gunner Hain had molested Tracy Caekaert:

> Q. Okay. So going back here, you're talking about you're in the home, Bruce sits the family down, he asks Tracy to tell the family what happened to her at Gunner's house, is that right, essentially?
> **A. Yes. And then he admitted he did it to -- and he was sorry, he'd never do it again. Back in those days we didn't know about all this -- terrible things, so we assumed when somebody says you're sorry and they're not going to do it again, they don't, but that was wrong, too.**
> Q. And so in 1977 in your home when Bruce has Tracy tell the family what Gunner had done to her, in that same conversation, he told your family, that would be you, Tracy, Camie, and Bruce, Jr., right?
> **A. Yes.**
> Q. That -- That he had been molesting Tracy as well.
> **A. Yes.**
> Q. Was Tracy upset during that? Was she crying or?
> **A. Course she was.**
> Q. She was?
> **A. Yes.**
> Q. How about Camie?
> **A. Camie never said much.**
> Q. Okay. What did Bruce say he'd been doing to Tracy?

Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 4 of 19

> **A. You know, he never did say. He just said
> he molested her, so I used my imagination.**

Dep. Shirley Gibson, 72:7–73:13 (Apr. 14, 2022) (relevant excerpts attached as

**Exhibit A**).  Ms. Gibson's testimony is clear and unambiguous evidence that

Mapley Sr. disclosed his sexual abuse of Tracy Caekaert to non-clergy, including

his wife and children.

During a recorded call with private investigator, Todd Bontecou, Mapley Sr.

volunteered that Hain had apologized to him for molesting Tracy Caekaert:

> **CHARLOTTE: Hello.**
> INVESTIGATOR BONTECOU: Hi, is this
> Charlotte?
> **CHARLOTTE: Uh-huh.**
> INVESTIGATOR BONTECOU: Charlotte, I'm
> wondering if you can help me out. I'm trying to
> touch base with, uh, Bruce Mapley. Is he
> available?
> **CHARLOTTE: Uh, yes. Who's calling?**
> INVESTIGATOR BONTECOU: This is Todd
> Bontecou. I'm calling from Jackson, Wyoming.
> **CHARLOTTE: Okay. Hold on just a minute.**
> **Todd Bontecou from Wyoming.**
> **BRUCE MAPLEY: Wyoming?**
> **Hello?**
> INVESTIGATOR BONTECOU: Hello, Bruce.
> **BRUCE MAPLEY: Yes -- yes.**
> INVESTIGATOR BONTECOU: Yeah. My name is
> Todd Bontecou. Bruce, I'm calling from a law
> office up here in Jackson, Wyoming, and we
> represent your two daughters, Tracy and Cami.
> **BRUCE MAPLEY: Yes, sir.**
> INVESTIGATOR BONTECOU: Pardon me?

Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 5 of 19

**BRUCE MAPLEY: Yes, sir.**
INVESTIGATOR BONTECOU: And, uhm, I'm
hoping that you can help us shed some light on some
matters, uh, that pertain way back to, like, 40
years ago.
Do you remember a gentleman by the name of
Gunner Haines?
**BRUCE MAPLEY: Yes, I do, and he's dead.**
INVESTIGATOR BONTECOU: Right. That's
what I understand. Uhm, when you folks were living
in Hardin, Montana, about 40 years ago, do you
remember when Gunner was put on public reproof
at the -- at the church there in Hardin?
**BRUCE MAPLEY: Uhm, you know, I can't**
**remember. It had to have been in the, uh -- uh, it**
**had to have been around '76, '77, or something like**
**that.**
INVESTIGATOR BONTECOU: Right. And, so,
you do remember that? When they --
**BRUCE MAPLEY: I -- I don't actually**
**remember him being put on public reproof. But,**
**uhm, he had to have been for what happened, yes.**
INVESTIGATOR BONTECOU: And what happened?
What is that that you are referring to?
**BRUCE MAPLEY: Uh, well, what are the**
**girls talking about?**
INVESTIGATOR BONTECOU: Well, they are
talking about Gunner was put on public reproof for,
uhm, sexually assaulting some young women.
**BRUCE MAPLEY: Yes.**
INVESTIGATOR BONTECOU: Okay. And, so,
you -- you -- your memory is that happened -- if he
wasn't put on public reproof, what -- what
happened? What --
**BRUCE MAPLEY: Uh, I went through a lot of**
**stuff back then, and I lost a lot of my memory as a**
**result of it. And I just -- after all of these**
**years I'm just starting to get it back.**
**All I can remember is having to, uhm, go**

Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 6 of 19

**before the congregation and adhere to -- and acknowledge the fact that it happened, because my daughter said it did.**
**And, then, uhm, I don't know if he was put on public reproof, or not. But according to the organization, he would have had to have been put on public reproof or disfellowshipped.**
INVESTIGATOR BONTECOU: So, your memory is it was one or the other? He was either put on --
**BRUCE MAPLEY: Yes.**
INVESTIGATOR BONTECOU: -- public reproof or defellowshipped?
**BRUCE MAPLEY: Yeah, he wasn't defellowshipped, so he had to have been put on public reproof.**

\*     \*     \*

INVESTIGATOR BONTECOU: Okay. Did you, uhm -- and, again, did you ever personally talk to or confront Gunner Haines about what he did to your daughter, Tracy?
**BRUCE MAPLEY: Yes, I did.**
INVESTIGATOR BONTECOU: And what did he say?
**BRUCE MAPLEY: Uh, he admitted it.**
INVESTIGATOR BONTECOU: He admitted it to you?
**BRUCE MAPLEY: Yes.**
INVESTIGATOR BONTECOU: And do you remember anything else he said to you?
**BRUCE MAPLEY: No, I don't.**
INVESTIGATOR BONTECOU: Do you remember where you had that conversation?
**BRUCE MAPLEY: I think it was on the phone. I lived way out of town**.
INVESTIGATOR BONTECOU: And -- and admitted it. He didn't deny -- he -- actually, not only did he not deny it, he actually admitted it?

Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 7 of 19

> **BRUCE MAPLEY: Yes.**
> INVESTIGATOR BONTECOU: Did he apologize,
> or what was his -- what was his --
> **BRUCE MAPLEY: Yeah, he apologized. He**
> **apologized.**

Transcription of Investigator Bontecou's Recorded Telephone Interview with

Bruce Mapley Sr, 2:3–5:4; 14:18–15:18 (attached as **Exhibit B**).[1]  Mapley Sr.'s

volunteered and recorded statements to Todd Bontecou are clear evidence that

Hain shared his abuse of Tracy Caekaert with non-clergy.  Corroborating Mapley

Sr.'s account of Hain voluntarily disclosing his abuse of Tracy Caekaert, Shirley

Gibson testified that other members of the Hardin Congregation knew about Hain's

conduct, including Joyce Hains and June Rimby.  **Ex. A** at 65:19 – 66:4.[2]  Thus,

the evidence is that Hain voluntarily disclosed his sexual abuse of Tracy Caekaert

to non-clergy.

---

[1] The authenticity of this recording is self-evident in the content that clearly identifies Mapley Sr. and his knowledge of the events at issue.  Additionally, Todd Bontecou provided an affidavit describing the process he used to obtain Mapley Sr.'s phone number and the recorded statement.  Aff. of Todd Bontecou (attached as **Exhibit D**).  Finally, Mapley Sr. himself has sent a series of emails confirming that he was a party to the recorded call.  Mapley Sr. Emails (attached as **Exhibit E**).  While Mapley Sr. claims he did not consent to the recording, he resides and received the call in Alabama, which is a one-party consent state.

[2] Neither Joyce Hains nor June Rimby were elders and disclosure of Hain's abuse to them would not be within the clergy-pentitent privilege.

Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 8 of 19

### 3. WTNY's Reliance on Clergy-Penitent Privilege to Withhold Documents and Information Pertaining to Mapley Sr.'s and Hain's Sexual Abuse

The Watchtower Defendants are asserting claims of privilege to prevent disclosure of all information about sexual abuse that occurred in Hardin during the period 1973 to 1992. For the purposes of this Motion, WTNY is asserting that clergy-penitent privilege applies to a number of documents that revolve around Hain's and Mapley Sr.'s confessions of sexual abuse. *E.g.,* WTNY's Supplemental Privilege Log, entries 29, 37, 39, and 40 (attached as **Exhibit C**).[3]

Beyond these specific documents, Plaintiffs have been attempting to set up depositions of witnesses who may have knowledge about Mapley's and Hain's sexual abuse of Tracy Caekaert. Topics in these depositions will include: (1) who knew about the sexual abuse that was occurring; (2) who was told about the sexual abuse that was occurring; and (3) what was done to stop the sexual abuse and protect the victims. The Watchtower Defendants will object to all such questions, with instructions not to answer, based on clergy-penitent privilege. As such, and for the purpose of avoiding disputes in upcoming depositions about the application

---

[3] Entry 29 in WTNY's Supplemental Privilege Log is a document already reviewed *in camera* by the Court because the Hardin Congregation claimed it was privileged. *See* ECF Doc. 82 at 3-5 (referring to it as *Document 1*). The Hardin Congregation's privilege log did not state that this document pertained to Hain's sexual abuse of Tracy Caekaert, and Plaintiffs were therefore not able to challenge the assertion of clergy-penitent privilege based on Hain's waiver at that time.

Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 9 of 19

of the clergy-penitent privilege to Hain's and Mapley Sr.'s sexual abuse of Tracy Caekaert, Plaintiffs respectfully request the Court: (a) rule that Mapley Sr. and Hain waived any potential claim of clergy penitent privilege when they voluntarily disclosed their sexual abuse of Tracy Caekaert to third parties; (b) order WTNY produce to Plaintiff all documents withheld pursuant to such claims of privilege; and (c) prohibit WTNY's and WTPA's counsel from instructing witnesses at deposition to not answer based on such claims of privilege.

## LAW

### 1. Clergy-Penitent Privilege in Montana

Montana's clergy-penitent privilege is codified: "A member of the clergy or priest may not, without the consent of the person making the confession, be examined as to any confession made to the individual in the individual's professional character in the course of discipline enjoined by the church to which the individual belongs." Mont. Code Ann. § 26-1-804. As with all testimonial privileges, the clergy-penitent privilege "must be strictly construed because [it] contravene[s] the fundamental principle that the public has the right to everyone's evidence." *State v. Gooding*, 1999 MT 249, ¶ 16) (citing *State v. MacKinnon*, 1998 MT 78, ¶ 24).

### 2. Waiver of a Privilege by Voluntary Disclosure

In Montana, a person waives a privilege against disclosure if that person

Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 10 of 19

"voluntarily discloses or consents to disclosure of any significant part of the privileged matter." Mont. R. Evid. 503. In short, a person who holds a privilege waives it through voluntary disclosure. *State v. Tadewaldt*, 237 P.3d 1273, 1276 (Mont. 2010) (Citing Rule 503 for the conclusion that "[T]he attorney-client privilege is held by the client and can be waived by the client through voluntary disclosure.").

## ARGUMENT

### 1. Mapley Sr.'s Confession was Never Privileged Because it Occurred in the Presence of Non-Clergy

When Mapley Sr. confessed to abusing Tracy Caekaert, it was in front of his entire family, including his daughters (Tracy and Cami), his then wife (Shirley Gibson), and his son (Bruce Mapley Jr.). Aff. of Shirley Gibson, ¶ 4 (ECF Doc. 22-1); **Ex. A** at 72:19–73:2. Shirley Gibson's testimony is clear and unambiguous: Mapley Sr. confessed to his entire family, none of whom were members of the Jehovah's Witness church clergy. Thus, Mapley Sr.'s confession was not one made to a member of the clergy or a priest "in the course of discipline enjoined by the church" to which Mapley Sr. belonged. Rather, Mapley Sr. chose to voluntarily disclose to his entire family that he had been sexually molesting Tracy Caekaert. This is not a privileged confession. *MacKinnon*, ¶¶ 23, 26; *see also, Nussbaumer v. State*, 882 So. 2d 1067, 1079 (Fla. 2d DCA 2004) ("[A]

Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 11 of 19

communication to a member of the clergy is not confidential and not privileged if it is intended to be communicated to others.").

## 2. Any Clergy-Penitent Privilege that May Have Existed for Mapley Sr.'s Confession was Waived

It is axiomatic that a privilege cannot be claimed over information that is voluntarily shared with others.  Mont. R. Evid. 503.  Indeed, it would not serve any legitimate purpose to allow a litigant, like Mapley Sr. or WTNY, to withhold material evidence from discovery by claiming it is privileged when the allegedly privileged information has already been voluntarily disclosed to third-parties.  To the contrary, allowing Mapley Sr. or WTNY to withhold discoverable evidence in such circumstances violates the Plaintiffs' right to their evidence.

Here, Mapley Sr. disclosed the most significant and central part of the allegedly privileged matter—that he had sexually abused his minor daughter—to his wife, son, and two daughters.  Under application of Mont. R. Evid. 503, this constitutes a waiver of any privilege that may have existed because Mapley Sr. voluntarily disclosed his confession to third parties.  As such, to the extent WTNY is claiming Mapley Sr.'s clergy-penitent privilege over any document or information pertaining to his sexual abuse of Tracy Caekaert, that privilege was waived.

Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 12 of 19

### 3.  Any Clergy-Penitent Privilege that May Existed for Hain's Confession was Waived

The evidence establishes that Hain called Mapley Sr. and apologized for sexually molesting Tracy Caekaert.  **Ex. B** at 2:3–5:23; 14:18–15:18.  Assuming such a privilege existed at one time, Hain's apology constitutes a voluntary disclosure of a "significant part of the privileged matter" under Mont. R. Evid. 503.

While no Montana case evaluates whether apologizing for sexually abusing a minor constitutes waiver of the clergy-penitent privilege that existed for that same sexual abuse, there is a case on point in Utah.  Utah has a substantially similar waiver rule as exists in Mont. R. Evid. 503.  In relevant part, Utah's rule provides, "Waiver of a privilege occurs when the 'person who holds a privilege ... (1) voluntarily discloses or consents to the disclosure of any significant part of the matter or communication[.]'"  *State v. Patterson*, 294 P.3d 662, 667 (Utah App. 2013) (quoting Utah R. Evid. 510(a)).[4]  In *Patterson*, a defendant in a criminal matter admitted to his clergy that he had molested his stepdaughter.  *Id.* at 664.

---

[4] While many states have the same or a substantially similar rule as Montana's Rule of Evidence 503, *e.g.*, *State v. Guthrie*, 627 N.W.2d 401, 426 (S.D. 2001); *Perry v. State*, 655 S.W.2d 380, 380 (Ark. 1983); *State v. Fournier*, 203 A.3d 801, 807 (Me. 2019), Utah's application of the rule is especially helpful here because the Montana Supreme Court looks to Utah for guidance on clergy-penitent privilege issues.  *MacKinnon*, ¶ 23 (*quoting Scott v. Hammock*, 870 P.2d at 956).

Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 13 of 19

The clergy then disclosed to a doctor appointed by the defendant's counsel that defendant "told me he was sorry for what he has done[.]". *Id*. at 667.  Defendant then reviewed the doctor's report, including the reference to his apology, and permitted the report to be disclosed to the prosecution.  *Id.*  Based on the defendant's decision to disclose his apology for molesting his step-daughter, the Utah Supreme Court determined that the defendant waived any privilege he may have had over his confession.  *Id.* (noting that the defendant's decision to disclose his apology was tantamount to disclosing a significant part of the privileged communication / confession made to clergy).

In this case, Mapley Sr. unequivocally stated that Hain called him and apologized for abusing Tracy Caekaert.[5]  Like the defendant in *Patterson*, Hain's voluntarily apology for molesting a child constitutes a waiver of any clergy-penitent privilege that may have existed over his confession.

### 4.  WTNY's Position on Mapley Sr.'s Waiver of Privilege

During the conferral efforts by counsel that took place before this Motion was filed, WTNY asserted that it did not understand how a voluntary disclosure by Mapley Sr. in 1977 could waive a privilege being asserted in 2022 over a 1999

---

[5] To the extent that Hain's apology to Mapley Sr. meets the definition of hearsay, it also constitutes a statement against interest that is not excluded by the hearsay rules.  Fed. R. Evid. 804; Mont. R. Evid. 804.

Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 14 of 19

document (referring to entry No. 40 in WTNY's Supplemental Privilege Log). While not totally clear, it appears that WTNY's position is that Mapley Sr.'s 1977 voluntary waiver of privilege over his admission of sexual molestation does not apply to documents referencing that admission that are dated after 1977.

WTNY's position does not make sense, it has no support in the law, and it has no merit. Once a privilege is waived, it cannot be reclaimed at some later date for the purpose of obstructing the discovery of evidence:

> It is undeniable that 'the original disclosure takes away once and for all the confidentiality sought to be protected by the privilege. To enforce it thereafter is to seek to preserve a privacy which exists in legal fiction only.'

*State v. Anderson*, 972 P.2d 86, 90 (Utah App. 1998) (quoting 8 John T. Wigmore, *Evidence in Trials at Common Law*, § 2389, at 860–61 (McNaughten rev.1961)); *see also, State v. Wiest*, 586 N.W.2d 698 (Wis. App. 1998) (applying Wisconsin's equivalent of Montana's Rule 503 to find privilege cannot be reasserted after being waived).

Here, Mapley Sr.'s 1977 voluntarily disclosure to his entire family that he had sexually molested Tracy Caekaert took away "once and for all the confidentiality sought to be protected by the privilege." *Id*. Neither Mapley Sr., nor WTNY, can claim that Mapley Sr.'s admission of sexually molesting Tracy Caekaert is privileged because Mapley Sr. waived that privilege in 1977. To allow

Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 15 of 19

Mapley Sr. or WTNY to revive such privilege after it was waived would sanction a "legal fiction" that is being used for the sole purpose of hiding discoverable and material evidence from Plaintiffs.

### 5.  WTNY's Position on Hain's Waiver of Privilege

During the conferral process, WTNY questioned the propriety of recording Mapley Sr.'s statement that Hain called him to apologize for molesting Tracy Caekaert because, as WTNY puts it, Mapley Sr. did not know he was being recorded.  Mapley Sr. lives in Alabama, which is a "one party" consent state that permits one party to a phone call to record the call without the consent of the other party.  Ala Code § 13A-11-30.  Plaintiffs' investigator contacted Mapley Sr. at his Alabama phone number.  **Ex. D**.  As such, it was wholly appropriate and within what was permitted by law for Mr. Bontecou to record Mapley Sr.'s statements.

Furthermore, the authenticity of the recording cannot be disputed.  The recording itself certainly makes clear that it is Mapley Sr. speaking in remarkable detail about events that happened in Hardin, MT in the 1970s and 1980s, including Hain's sexual abuse of Tracy Caekaert.  **Ex. B**.  Moreover, Mapley Sr. recently and voluntarily sent a series of emails confirming that he remembers the call with Mr. Bontecou.  **Ex. E**.  The recording of Mapley Sr. is reliable evidence of Hain's voluntary apology for sexually molesting Tracy Caekaert, which waived any privilege Hain may have had over his admission to sexually molesting Tracy

Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 16 of 19

Caekaert.

## **CONCLUSION**

Voluntarily disclosing to third parties a "significant part" of any privileged matter waives that privilege pursuant to Montana Rule of Evidence 503.  The evidence in this case shows both Mapley Sr. and Hain voluntarily told non-clergy about their abuse of Tracy Caekaert.  Accordingly, Mapley Sr. and Hain waived any claim of privilege that WTNY is now attempting to use to obstruct Plaintiffs' discovery of material evidence.  Based on the foregoing, Plaintiffs respectfully request the Court order that:

1.  WTNY produce all documents withheld on the basis of clergy-penitent privilege stemming from Mapley Sr.'s and Hain's confessions of sexually molesting Tracy Caekaert;

2.  Counsel are not permitted to instruct witnesses at depositions to not answer questions involving Mapley Sr.'s and Hain's sexual abuse of Tracy Caekaert, including how allegations of that abuse were handled by church elders in Hardin, MT and by other Jehovah's Witness church officials.


/ / /

/ / /

Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 17 of 19

DATED this 11th day of August, 2022.

MEYER, SHAFFER & STEPANS PLLP


By: /s/ Ryan Shaffer                          
     Ryan R. Shaffer
     MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 18 of 19

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
        Ryan R. Shaffer
        MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 3,998 words, excluding the caption, certificates of service and compliance, table of contents and authorities, and exhibit index.

By: /s/ Ryan Shaffer
        Ryan R. Shaffer
        MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 19 of 19