Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
1863 Wazee Street, #3A
Denver, CO  80202
matthew@merrillwaterlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br>     Plaintiffs, <br> vs. <br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br>     Defendants, <br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., <br>     Cross Claimant, <br><br> BRUCE MAPLEY, SR., <br>     Cross Defendant. | Case No. CV-20-52-BLG-SPW <br><br> **REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL RE: WAIVED PRIVILEGE** |

**SUMMARY OF REPLY**

When a person chooses to share information outside of a privileged relationship, that information is no longer confidential, and it eliminates the person's ability to claim a testimonial privilege over such information with finality. The evidence establishes that Mapley Sr. and Hain chose to disclose their sexual abuse of Tracy Caekaert outside of the clergy-penitent relationship. By doing so, they chose to eliminate the confidential nature of any confession to that conduct that was made previously or subsequently, and thereby waived their right to claim such information as privileged.

WTNY's sequence and timing arguments do not change the fact that Mapley Sr. and Hain chose not to keep their sexual molestation of Tracy Caekaert confidential. Therefore, WTNY's sequence and timing arguments do not affect the legal conclusion that Mapley Sr. and Hain waived their claims of clergy-penitent privilege over any confessions to sexually abusing Tracy Caekaert.

**REPLY**

I. <u>Waiver of a Testimonial Privilege is Final to that Subject Matter and WTNY's Sequencing Arguments Make No Difference.</u>

Testimonial privileges are waived when the holder of the privilege "voluntarily discloses or consents to <u>disclosure of any significant part of the privileged matter</u>." Mont. R. Evid. 503. The waiver analysis is singularly focused

Reply Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 2 of 13

on whether the privilege holder voluntarily discloses *the subject matter at issue* outside of the privileged relationship. If so, the privilege holder waives the privilege over that subject matter and it cannot be reclaimed at some later date.[1]

WTNY incorrectly asserts that Plaintiffs "fail to cite any authority for the proposition that statements made years prior to a privileged penitential statement waive that future privilege in perpetuity . . ." ECF Doc. 136 at 14. Plaintiffs' initial Brief cited cases - from states with the same waiver law as Montana – holding that disclosure of an allegedly privileged matter outside of a privileged relationship "takes away **once and for all** the confidentiality sought to be protected by the privilege." ECF 133 at 15 (emphasis added). Contrary to WTNY's assertion, Plaintiffs cited good authority for the proposition that statements made years prior to a confession do indeed waive the testimonial privilege over that subject matter into perpetuity, i.e. "once and for all."

Other cases speak to the finality and breadth of waiving a testimonial privilege by voluntary disclosure. In the context of attorney-client privilege, the Ninth Circuit noted, "it has been widely held that voluntary disclosure of the

---

[1] Indeed, there is only a clergy-penitent privilege if there is a "confidential" communication between clergy and penitent. *State v. MacKinnon*, 1998 MT 78, ¶27, 957 P.2d 23, 28-29 (1998). Here, because Mapley Sr. and Hain voluntarily disclosed their sexual molestation of Tracy Caekaert to non-clergy, there is no "confidential" communication, and they no longer have an expectation of privacy that would provide a basis for testimonial privilege over that subject matter.

Reply Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 3 of 13

content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject." *Weil v. Investment/Indicators, Research and Mgt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981). The *Weil* Court was clear that waiver is final as to the subject matter at issue:

> (W)hen (the privilege holder's) conduct touches a certain point of disclosure, fairness requires that his privilege shall cease whether he intended that result or not. He cannot be allowed, after disclosing as much as he pleases, to withhold the remainder. He may elect to withhold or disclose, but after a certain point his election must remain final.

*Id*. at 24. (quoting 8 John T. Wigmore, *Evidence in Trials at Common Law*, § 2327 at 636 (McNaughten rev. 1961)). Other cases hold the same: a waiver is final as to any communication or document pertaining to the subject matter that was voluntarily disclosed. *See also e.g.*, *United States v. Cote*, 456 F.2d 142, 144-45 (8th Cir. 1972); *Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926, 929 (N.D.Cal.1976); *Duplan Corp. v. Deering Milliken, Inc.*, 397 F.Supp. 1146, 1161, 1191 (D.S.C.1974); *Haymes v. Smith*, 73 F.R.D. 572, 576-77 (W.D.N.Y.1976); *ITT Corp. v. United Telephone of Florida*, 60 F.R.D. 177, 185-86 (M.D.Fla.1973); *see McCormick's Handbook on the Law of Evidence* § 93, at 194-95 (E. Cleary 2d ed. 1972); 8 John T. Wigmore, *Evidence in Trials at Common Law*, § 2327 at 638 (McNaughten rev. 1961), *See also, United States v. Bump*, 605 F.2d 548, 551 (10th Cir. 1979); *United States v. Aronoff*, 466 F.Supp. 855, 860-62 (S.D.N.Y.1979); *In re Grand Jury Subpoena*, 438 F.Supp. 1176, 1177-78 (S.D.N.Y.1977).

Reply Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 4 of 13

It is WTNY that has failed to cite to any legal authority for its opposition to Plaintiffs' Motion. That is because the law does not allow a person to freely disclose information one day, and then claim that same information is privileged the next day. To be sure, the law provides the exact opposite: voluntary disclosure of information outside of a privileged relationship waives - with finality - any testimonial privilege that may have existed over that information.

II. <u>Holding that Waiver by Voluntary Disclosure is Final is Consistent with the Purpose of Montana Testimonial Privilege Law.</u>

The Montana Supreme Court recognizes that testimonial privileges "must cease to exist when they no longer serve their underlying purposes." *Nelson v. City of Billings*, 2018 MT 36, ¶35, 412 P.3d 1058, 1070-71 (2018). Because Mapley Sr. and Hain chose to waive the benefit of the clergy-penitent privilege over their sexual molestation of Tracy Caekaert, no legitimate purpose would be served by permitting the defendants in this case to withhold evidence based on the waived privilege.

Testimonial privileges only exist because society has determined that *confidential communications* in certain relationships are imperative:

> The privileges between priest and penitent, attorney and client, and physician and patient limit protection to private communications . . . The priest-penitent privilege recognizes the human need to disclose to a spiritual counselor, **in total and absolute confidence**, what are believed to be flawed acts or thoughts and to receive priestly consolation and guidance in return.

Reply Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 5 of 13

*Trammel v. U.S.*, 445 U.S. 40, 51 (1980) (emphasis added). However, observance of testimonial privileges creates a tension with the principle that parties are entitled to obtain evidence material to their claims. *Id*. at 50; *State v. MacKinnon*, 1998 MT 78, ¶ 21, 957 P.2d 23, 27 (1998) (citing *Trammel v. U.S.*). As the *Trammel* court noted, testimonial privileges are to be strictly construed and accepted "only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth."

Here, Mapley Sr. and Hain chose to disclose their sexual abuse of Tracy Caekaert outside of the clergy-penitent relationship. They therefore chose not to avail themselves of the benefit of the clergy-penitent privilege. The recognized societal benefit of providing people like Mapley Sr. and Hain a spiritual counselor with whom they may confidentially share their "flawed acts or thoughts" has no purpose when, as here, they choose to share those same acts and thoughts outside of the privileged relationship.

Even the *Scott* case cited by WTNY acknowledges that the purpose of the clergy-penitent privilege "is founded on a sense of complete confidentiality." ECF Doc. 136 at 16. The inverse is also true; where there is not "complete confidentiality" there is no purpose or societal benefit served in invoking the clergy-penitent privilege because the penitent did not keep the information

Reply Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 6 of 13

confidential. In this situation, public policy considerations favor waiver and production of evidence; not recognition of a testimonial privilege over information that the privilege holder chose to voluntarily disclose.

III. WTNY Cannot Meet its Burden

The party asserting a testimonial privilege has the burden of proving that the privilege applies. *Sweeney v. Dayton*, 2018 MT 95, ¶11, 416 P.3d 187, 190 (2018). WTNY cannot meet its burden of establishing the existence of clergy-penitent privilege over documents and other evidence pertaining to Mapley Sr.'s and Hain's sexual molestation of Tracy Caekaert.

As an initial matter, WTNY is refusing to produce several documents based on the assertion that Mapley Sr. and Hain enjoy clergy-penitent privilege over them. *See* entries 29, 37, 39, and 40 in WTNY's First Supplemental Privilege Log (ECF Doc. 133-3).[2] As this Court has previously noted, not all documents related to child sex abuse occurring at Jehovah's Witness congregations are protected by the clergy-penitent privilege. ECF Doc. 79 at 18-19 (*citing MacFarland v. W. Congregation of Jehovah's Witnesses, Lorain, Ohio, Inc.*, 60 N.E. 39 (Ohio Ct. App. 2016). Many documents created in response to an allegation of child sex

---

[2] WTNY also asserts that these documents are protected by what it refers to as the Third-Party Privacy privilege, which is not recognized in Montana law and is a frivolous objection to the discovery of evidence. The Court has previously recognized that the purported Third-Party Privacy privilege does not permit withholding discoverable evidence in this case. ECF Doc. 79 at 5-13. The same logic applies here.

Reply Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 7 of 13

abuse have a secular purpose, such as aiding an investigation into that abuse. *Id*. These types of documents are not subject to the clergy-penitent privilege. *Id*.

### a. WTNY History of Overclaiming Privilege

Here, there is already good reason to be skeptical of WTNY's description of documents in its privilege log. For instance, privilege log entry No. 29 is a letter from the Hardin Congregation to WTNY's Service Department that this Court has already reviewed and determined **not** to be seeking religious guidance, admonishment, or advice:

> Having reviewed the letter, the Court is not convinced that the communication was intended to seek religious guidance, admonishment or advice. There is no plea for guidance or questions of a religious nature. It instead responds to a call for information from Watchtower and provides the requested background information on members of the congregation.

ECF Doc. 82 at 3.[3] Despite the Court's conclusion, WTNY's privilege log describes the same letter as "seeking or receiving religious guidance, admonishment, or advice concerning Third Party Gunnar Hain." *See* entry No. 29, ECF Doc. 133-3 at 6. WTNY's description of this letter, which stands in contrast to the Court's characterization, raises new questions about whether Plaintiffs and the Court can rely on WTNY's characterization of the documents in its privilege log. As the *MacFarland* case illustrates - and as has been plainly demonstrated in

---

[3] The letter referenced in entry No. 29 of WTNY's First Supplemental Privilege Log was previously identified by the Hardin Congregation as "Document 1" and referred to by the Court in that manner.

Reply Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 8 of 13

this case - the Jehovah's Witness organization has a demonstrated history of overclaiming application of the clergy-penitent privilege. *See e.g.* ECF Doc. 82 at 3-6 (*in camera* review revealing that the Hardin Congregation's characterization of documents as seeking religious guidance or advice did not prove to be true).

### b.  Privilege Log Entry No. 29

As noted above, the Court has already determined that this letter was not intended to seek religious guidance, admonishment, or advice.  ECF Doc. 82 at 3. However, the Court ultimately held that the letter was subject to the clergy-penitent privilege because it contains information learned from what now appears to be Hain's confession.  In light of new facts establishing that Hain waived his testimonial privilege over the subject matter of his confession, Plaintiffs respectfully request that the Court reconsider its previous ruling on application of the clergy-penitent privilege to this document.

### c.  Privilege Log Entries No. 37, 39, 40

WTNY describes these three documents as either seeking, providing, or receiving "religious guidance, admonishment, or advice" related to Mapley Sr. or Gunnar Hain.  ECF Doc. 133-3 at 7-8.  The history of this case, as well as what has occurred in other cases involving these same defendants, indicates that *in camera* review may lead the Court to a different conclusion about the nature of these documents.  On this basis alone, it appears appropriate for the Court to review

Reply Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 9 of 13

privilege log entries 37, 39, and 40 to determine whether they truly have a religious purpose. Furthermore, and as set forth herein, both Mapley Sr. and Hain waived their claim of clergy-penitent privilege over any confession made about their sexual molestation of Tracy Caekaert. Thus, even if the subject documents have a religious purpose, the privilege was waived by the penitents.

IV.     Plaintiffs' Motion is About All Evidence Surrounding Mapley Sr.'s and Hain's Sexual Molestation of Tracy Caekaert.

Plaintiffs anticipate that WTNY will instruct witnesses not to answer any questions related to Mapley Sr.'s and Hain's admitted sexual abuse of Ms. Caekaert. For instance, if Plaintiffs choose to depose elders at the Hardin Congregation regarding what they knew, when they knew it, and who they told about Mapley Sr.'s and Hain's sexual abuse of Ms. Caekaert, WTNY will instruct those elders not to answer by asserting clergy-penitent privilege. Plaintiffs' Motion is intended to resolve all questions about whether the clergy penitent privilege may be used as a basis to withhold evidence regarding or related to Mapley Sr.'s and Hain's admitted sexual abuse of Tracy Caekaert. If the Court agrees with Plaintiffs and concludes that Mapley Sr. and Hain waived clergy-penitent privilege over their admitted sexual abuse of Ms. Caekaert, Plaintiffs respectfully request an Order making it clear that there is no basis to claim clergy-penitent privilege over any evidence related to or stemming from Mapley Sr.'s and

Reply Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 10 of 13

Hain's admitted sexual molestation of Tracy Caekaert.

## CONCLUSION

The law establishes that voluntary disclosure constitutes a full and final waiver of clergy-penitent privilege over the disclosed information. WTNY cites no case, statute, or other legal support for its proposition that Mapley Sr. and Hain could freely disclose their sexual abuse of Tracy Caekaert one day, then claim that the same information is privileged the next day because they shared it with a member of the clergy. It is no surprise that the law does not recognize such a proposition because it would make a mockery of testimonial privileges by permitting people to claim privilege over information that they failed to keep confidential.

Based on the foregoing, and because WTNY has no good faith legal basis for its continued assertion of clergy-penitent privilege as it relates to the admissions by Mapley Sr. and Hain that they sexually molested Tracy Caekaert, Plaintiffs respectfully request that the Court enter an Order with the following relief:

1. A holding that Mapley Sr. and Hain waived any right to assert clergy-penitent privilege over their admitted sexual molestation of Tracy Caekaert;

2. WTNY shall produce all documents pertaining to the sexual molestation of Tracy Caekaert that are being withheld based on claims of clergy-penitent

Reply Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 11 of 13

privilege held by Mapley Sr. or Hain; and

3. No attorney appearing in this case, either through representation of a party or a witness, may instruct a witness not to answer questions based on a claim of clergy-penitent privilege over Mapley Sr.'s and Hain's admitted sexual molestation of Tracy Caekaert.

DATED this 8th day of September, 2022

                MEYER, SHAFFER & STEPANS PLLP

                By: /s/ Ryan Shaffer
                     Ryan R. Shaffer
                     MEYER, SHAFFER & STEPANS PLLP

                *Attorneys for Plaintiffs*

Reply Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 12 of 13

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
 Ryan R. Shaffer
 MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 2,475 words, excluding the caption, certificates of service and compliance, table of contents and authorities, and exhibit index.

By: /s/ Ryan Shaffer
 Ryan R. Shaffer
 MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

Reply Brief in Support of Plaintiffs' Motion to Compel re: Waived Privilege
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 13 of 13