Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com
*Attorneys for Plaintiffs*

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
1863 Wazee Street, #3A
Denver, CO  80202
Tel: (303) 947-4453
matthew@merrillwaterlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br><br> Defendants, <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., <br> Cross Claimant, <br><br> BRUCE MAPLEY, SR., <br> Cross Defendant. | Case No. CV-20-52-BLG-SPW <br><br> **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL DEPOSITIONS** |

Plaintiffs submit the following brief in support of their Motion to Compel Depositions:

## Summary of Plaintiffs' Motion

WTNY has withheld from production substantial evidence bearing on Plaintiffs' claims, including many documents referencing the child sex abuse that occurred in Hardin, MT at issue in this case. Plaintiffs' attempts to understand the foundation of WTNY's privilege log have not yielded meaningful information, and it remains unclear if the claims of privilege are entirely sound. For instance, while the privilege log makes blanket assertions that many of the documents are related to "seeking spiritual guidance," WTNY will not tell Plaintiffs what type of spiritual guidance is being discussed. WTNY's lack of candor has made it impossible for Plaintiffs to assess whether the documents are genuinely protected from disclosure by the clergy-penitent privilege, or are actually secular in nature and should be produced.

There is already good reason to be skeptical of WTNY's privilege log. A letter, previously reviewed and characterized as secular in nature by this Court has been subsequently re-characterized and withheld by WTNY as being

Plaintiffs' Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **2** of **11**

religious/spiritual in nature.[1]  Moreover, while it is possible that the withheld documents contain some legitimately privileged information, careful application of the testimonial privileges at issue requires detailed redacting so that non-privileged information may, and indeed should, be produced.[2]  However, WTNY has not done this.  Instead, it has withheld every word on every document.

    WTNY is essentially asserting that any and all correspondence about child sex abuse between a local congregation and the Jehovah's Witness Organization's (the "Organization") headquarters in New York is protected from disclosure by various testimonial privileges.  Yet, in truth, this correspondence is likely the result of an effort by the Organization to get a handle on the scope of its child sexual abuse problem.  This is the same rational - and purely secular - step that any entity facing serious and growing child sex abuse accusations would undertake.

---

[1] ECF Doc. 82 at 3, referencing "Document 1" produced by the Hardin Congregation, which corresponds to entry No. 29 in WTNY's First and Second Supplemental Privilege Log.

[2] By way of example, while some of these documenst may include a confession that is arguably protected from disclosure by the clergy-penitent privilege, other parts of these documents may establish that elders in Hardin or New York knew about the sexual abuse at issue and failed to report it, or take other corrective action.  Thus, while a true confession may arguably be withheld, other words in the subject documents may simply be evidence of WTNY's knowledge of the child sex abuse through its appointed elders, and would not be subject to the clergy-penitent privilege for this purpose.

Plaintiffs' Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **3** of **11**

WTNY's privilege log fails to identify anything uniquely religious or spiritual about those withheld documents.

Ultimately, WTNY has the burden of proving that its broad, sweeping claims of testimonial privilege permit it to withhold every word in the documents it has refused to produce.  WTNY's privilege log is far too vague to do this.  As a result, Plaintiffs wish to obtain testimony to assist in a thorough evaluation of WTNY's privilege claims.  However, WTNY is now obstructing this effort by refusing to produce witnesses for deposition, and demanding that Plaintiffs depose WTNY right now on all conceivable topics in this case.

WTNY's refusal to produce key fact witnesses for deposition has no legitimate basis and appears to be an effort to hide witnesses with significant material knowledge from Plaintiffs.  Moreover, WTNY's demand that Plaintiffs must now depose WTNY on all conceivable topics in this case - before significant questions about the scope of the testimonial privileges are resolved - would render the deposition useless because WTNY's counsel will instruct the corporate representatives not to answer any question related to the abuse in Hardin, MT based on the sweeping privilege claims.

In sum, it is now apparent that WTNY wants to withhold material evidence from Plaintiffs, while simultaneously obstructing Plaintiffs' efforts to understand the basis for doing so.  WTNY's conduct is not consistent with the rules of

Plaintiffs' Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **4** of **11**

discovery, it is not reasonable, and it is not intended to facilitate the timely and orderly discovery of evidence. Rather, WTNY's conduct appears solely intended to obstruct the timely and orderly discovery of evidence.

## Argument

Plaintiffs wish to take depositions to assist in a thorough and fair evaluation of the sweeping claims of testimonial privilege relied on by WTNY to withhold evidence of the child sex abuse at issue in this case.

1. <u>Depositions of New York Elders Allen Shuster, Gary Breaux, and Gene Smalley.</u>

Plaintiffs have asked WTNY to make three elders at the Jehovah's Witness New York headquarters available for deposition. WTNY has stated that it will not do so.

Elder Allen Shuster has served in the Organization's New York headquarters since 1976, where according to previous testimony, he was personally involved in providing "spiritual guidance" to local congregations who reported allegations of child sex abuse to the Organization, reviewed the qualifications for the appointment of elders to local congregations of Jehovah's Witnesses in the United States, and has knowledge of how correspondence between the Organization's New York headquarters and local congregations involving child sex abuse was handled over time. Mr. Shuster has previously testified to these matters in child

Plaintiffs' Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **5** of **11**

sex abuse cases. Mr. Shuster is a person with knowledge material to many aspects of Plaintiffs' case and Plaintiffs are entitled to depose him. However, WTNY refuses to produce him.

Elder Gary Breaux is the "overseer" of the Organization's Service Department and has served at the New York headquarters during times material to Plaintiffs' claims. Among other things, Mr. Breaux's Service Department is responsible for corresponding with local congregations about allegations of child sex abuse. Mr. Breaux has previously testified as the designee with the most knowledge of the Jehovah's Witness Organization's policies pertaining to the handling and reporting of child sex abuse allegations going back to 1970. Mr. Breaux's knowledge of how the Organization has handled accusations of child sex abuse going back to 1970 certainly makes him a witness with knowledge pertaining to many aspects of Plaintiffs' case and Plaintiffs are entitled to depose him. However, WTNY refuses to produce him.

Elder Gene Smalley has served in a senior position within the Organization's Writing Department at the New York headquarters for decades. Because the Writing Department was directly involved in the Organization's efforts to get a handle on the scope and scale of its child sex abuse problems, he has knowledge of correspondence with local congregations related to child sex abuse going back to the 1970s. Mr. Smalley is a witness with knowledge material to several aspects of

Plaintiffs' Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **6** of **11**

Plaintiffs' case and Plaintiffs are entitled to depose him. However, WTNY refuses to produce him.

WTNY has stated that it will not produce New York elders Shuster, Breaux, and Smalley for depositions because they "do not have direct knowledge of the claims, none of them have met your clients or co-defendant Mr. Mapley, and none of them were executive officers or members of the boards of directors of either corporation during the relevant time period." These assertions are red herrings. There is obviously no requirement that Plaintiffs can only depose witnesses who have met our clients, or served on the Defendants' boards of directors.

The fact that elders Shuster, Breaux, and Smalley have personal knowledge of the Organization's practices and policies regarding the handling of child sex abuse allegations going back to the 1970s makes them critically unique witnesses. Mr. Shuster and Mr. Breaux have in fact previously been designated by the Organization as witnesses with significant knowledge about the manner in which the Defendants have historically handled information regarding child sex abuse at local congregations. Mr. Smalley has significant, personal knowledge of the process established by the Organization to get a handle on its growing child sex abuse problems during the 1980s and 1990s. These three New York elders are unquestionably people that Plaintiffs are entitled to depose and WTNY's effort to hide them from deposition is a troubling sign that its only goal is to hide

Plaintiffs' Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **7** of **11**

discoverable information from the Plaintiffs. Plaintiffs, therefore, request that WTNY be ordered to produce New York elders Shuster, Breaux, and Smalley for deposition without delay.

2. <u>Staggered Deposition of WTNY.</u>

Federal district courts have broad discretion to "dictate the sequence of discovery" to "facilitate prompt and efficient resolution of the lawsuit." *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). Courts have "found staged discovery as the most suitable means to achieve proportionality and to efficiently and effectively dispose of the issues of the case." *Jacobs v. Fareportal, Inc.*, 8:17CV362, 2018 WL 6592663, at *1 (D. Neb. Dec. 14, 2018). At the same time, "There is no aspect of the Rules which [] restricts a party to a single 30(b)(6) deposition[.]" *Quality Aero Tech., Inc. v. Telemetrie Elektronik GmbH*, 212 F.R.D. 313, 319 (E.D.N.C. 2002); *see also*, *Kimberly-Clark Corp. v. Tyco Healthcare Retail Group*, 05-C-985, 2007 WL 601837, at *2 (E.D. Wis. Feb. 23, 2007) (granting party's request to conduct two staggered 30(b)(6) depositions); *see also*, *Bldg. Materials Corp. of Am. v. Henkel Corp.*, 615CV548ORL22GJK, 2016 WL 11164043, at *1 (M.D. Fla. Apr. 29, 2016) (giving a party leave to conduct a third 30(b)(6) deposition on topics related to claims of privileged documents).

Plaintiffs' Motion seeks permission to complete the deposition of WTNY in two distinct stages. The first stage is to obtain testimony relevant to WTNY's

Plaintiffs' Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **8** of 11

claims of testimonial privilege over evidence of the child sex abuse that occurred in Hardin, MT. The purpose of the first stage is to obtain as much information as possible to assist the Court in resolving disputes over WTNY's sweeping claims of testimonial privilege. Then, after questions about the scope of those privileges and the availability of evidence are resolved, the second stage of the deposition would focus on the substance of Plaintiffs' claims against WTNY.

WTNY has objected to Plaintiffs' proposal and, without any rational justification, is insisting that Plaintiffs must notice all topics under Fed. R. Civ. Pro. 30(b)(6) at one time. The problem with Defendants' position is that Plaintiffs cannot meaningfully identify all topics for deposition until questions about the scope of the testimonial privileges and the availability of evidence have been resolved. Not only would that require Plaintiffs to depose WTNY without the benefit of knowing all of the evidence that may bear on such depositions, but WTNY will instruct its corporate designees to not answer any questions about sex abuse in Hardin, MT based on its sweeping assertions of testimonial privilege. This would render those portions of the deposition a waste of time.

Plaintiffs respectfully submit that, under the circumstances of this case, a staggered deposition of WTNY is reasonable, proportional, and necessary for the efficient resolution of issues in this case. Accordingly, Plaintiffs now seek the Court's permission to conduct a staggered deposition of WTNY, with topics

Plaintiffs' Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **9** of **11**

related to foundation for its privilege log and organizational structure to be taken now, and topics related to the substance of Plaintiffs' claims to be taken later.

DATED 6th day of October, 2022.

          MEYER, SHAFFER & STEPANS PLLP

          By: /s/ Ryan Shaffer
              Ryan R. Shaffer
              MEYER, SHAFFER & STEPANS PLLP

          *Attorneys for Plaintiffs*

Plaintiffs' Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **10** of **11**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 1,838 words, excluding the caption, certificates of service and compliance, table of contents and authorities, and exhibit index.

                              By: /s/ Ryan Shaffer
                                     Ryan R. Shaffer
                                     MEYER, SHAFFER & STEPANS PLLP

                              *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

                              By: /s/ Ryan Shaffer
                                     Ryan R. Shaffer
                                     MEYER, SHAFFER & STEPANS PLLP

                              *Attorneys for Plaintiffs*

Plaintiffs' Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **11** of **11**