

## BROWN LAW FIRM, PC

315 N. 24th Street | PO Drawer 849 | Billings, Montana 59103-0849
Phone: 406.248.2611 | Fax: 406.248.3128

Michael P. Heringer
Guy W. Rogers
Scott G. Gratton
Kelly J.C. Gallinger*
Jon A. Wilson
Seth A. Cunningham
Shane A. MacIntyre
Adam M. Shaw
Brett C. Jensen*
Nathan A. Burke
Alex J. Ames
Erik M. Anderson
Zachary A. Hixson

Of Counsel
Robert L. Sterup

Retired
Rockwood Brown
John Walker Ross
Margy Bonner
John J. Russell

*also licensed in
North Dakota

Jon A. Wilson
jwilson@brownfirm.com

Brett C. Jensen
bjensen@brownfirm.com

August 15, 2022

**VIA EMAIL and U.S. MAIL**
Robert L. Stepans / rob@mss-lawfirm.com
Ryan R. Shaffer / ryan@mss-lawfirm.com
James C. Murnion / james@mss-lawfirm.com
MEYER SHAFFER & STEPANS PLLP
430 Ryman Street
Missoula, MT 59802

Re:   *Tracy Caekaert and Camillia Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
USDC Billings Division 20-CV-52-SPW-TJC
File No. 78280.001

*Ariane Rowland and Jamie Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*
USDC Billings Division 20-CV-59-SPW-TJC
File No. 78280.002

Gentlemen:

We are writing to respond to Ryan's letter dated August 10, 2022, in response to our letter dated July 21, 2022. Based on Ryan's letter, we understand there are no further issues regarding medical and billing records; Interrogatory No. 7; Request for Production Nos. 12, 14, 15, 16; and Rowland/Schulze Interrogatory No. 10.

Considering Request for Production Nos. 1 and 9, we are not asking for an itemization of statements made by Plaintiffs to their counsel or your investigator. Rather, we are requesting that, separate from those communications, any documents that are either responsive to a specific discovery request or will be relied upon by Plaintiffs to prove their cases that are being withheld on the basis of privilege be included on a privilege log.

Brown Law Firm, P.C.
August 15, 2022
Page 2 of 2

Turning to Request for Production No. 11, our understanding was that Plaintiffs personally are not aware of any responsive documents tending to prove the existence of a "Jehovah's Witness Church." Also, unlike the Responses to Request for Production Nos. 12, 14, 15, and 16, no responsive documents were identified in the Responses to Request for Production No. 11. We are asking Plaintiffs to supplement their responses to confirm they personally are not aware of any responsive documents, and that such responses be promptly supplemented if Plaintiffs subsequently become aware of response documents.

As to the proposed 30(b)(6) deposition, our understanding is that elders were not formally instructed to call the Legal Department until July 1, 1989, (*see* CAEKAERT/MAPLEY 000020-000025) and that during all times relevant to the alleged abuse in these cases, the Legal Department only had handwritten notes of attorney calls, to the extent a note was created. Any existing handwritten notes were later converted to electronic records a decade or more after the alleged abuse and were later transferred to an updated note-taking system in 2019/2020 (all responsive records in all formats are identified on the privilege log). While WTNY continues to struggle to understand the relevancy of the deposition notice topics dealing with electronic note-taking systems that were created more than a decade after the alleged abuse in these cases, it has no objection to 30(b)(6) deposition topics that address record keeping and the like that is temporally limited to the time period of the alleged abuse or substantively related to the handling of a specific document on the privilege log.

Thank you for your attention to these matters, and please feel free to contact us with any questions or concerns.

Sincerely,

*Jon A. Wilson*

Jon A. Wilson
Brett C. Jensen
JAW / BCJ
cc:   Joel M. Taylor (via e-mail)