

**Meyer, Shaffer & Stepans, PLLP**

Ryan Shaffer | ryan@mss-lawfirm.com
Robert L. Stepans | rob@mss-lawfirm.com
James Murnion | james@mss-lawfirm.com

August 30, 2022

**Via Email and U.S. Mail**

Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
P.O. Drawer 849
Billings, MT 59103

jwilson@brownfirm.com
bjensen@brownfirm.com

   Re: *Caekaert & Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
    *Rowland & Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*

   I am following up to confirm scheduling of the foundational Rule 30(b)(6) deposition in these cases. I did not see any response from you to my letter dated August 18, 2022. Therefore, we understand that your concerns about the notice have been resolved and that you will adequately designate and prepare a witness for each topic in the notice. Since our letter, we have added a final topic (#11) which is intended to discovery how the WTNY Service Department handled phone calls about allegations of child sex abuse during the relevant time period. This is consistent with our overarching goal for this deposition, which is to obtain foundational testimony to help us better understand the Jehovah's Witness Organizations' policies and practices pertaining to the existence and management of information about child sex abuse. The Notice is enclosed.

   Our notice sets the deposition for September 27, 2022 at Joel Taylor's office. However, we can modify the date and location if necessary. Thank you again for working with us to resolve your concerns regarding the initial 30b6 deposition in this case.

          Sincerely,

          MEYER, SHAFFER & STEPANS, PLLP

          Ryan R. Shaffer

cc: Joel Taylor, Esq., via email and U.S. Mail

Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT 59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
1863 Wazee Street, #3A
Denver, CO 80202
matthew@merrillwaterlaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br>           Plaintiffs, <br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br>           Defendants, <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., <br>           Cross Claimant, <br><br> BRUCE MAPLEY, SR., <br>           Cross Defendant. | Case No. CV-20-52-BLG-SPW |

|  |  |
|---|---|
| ARIANE ROWLAND, and JAMIE SCHULZE )<br><br>Plaintiff, )<br><br>vs. )<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, )<br><br>Defendants. ) | Cause No. CV 20-59-BLG-SPW |

## NOTICE OF RULE 30(b)(6) FOUNDATIONAL DEPOSITION OF DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. REGARDING THE INFORMATION PERTAINING TO CHILD SEX ABUSE

**PLEASE TAKE NOTICE** that, Pursuant to Federal Rule of Civil Procedure 30(b)(6), and for the purpose of obtaining foundational testimony regarding the Jehovah's Witness Organization's policies and practices pertaining to the existence of information about child sex abuse, the Plaintiffs in the above-entitled actions will take the oral deposition of Defendant Watchtower Bible and Tract Society of New York, Inc. ("WTNY") on **Tuesday, September 27, 2022,** starting at **9:00 a.m. (ET)** and continuing thereafter until the same shall be completed. The deposition will take place at **Miller, McNamara & Taylor, LLP, 100 South Bedford Road, Suite 340, Mount Kisco, NY 10549**. The deposition

will be recorded by stenographic means before a duly qualified court reporter and may be recorded by audiovisual means.

WTNY shall designate and prepare one or more officers, officials, directors, managing agents, employees, or other person who has knowledge to testify on its behalf, setting forth in the designation, for each person designated, the matters on which the person will testify on the following topics:

1. Identification of each database[1] or filing system which contains, or previously contained, information about child sex abuse allegations involving a person or persons associated with the Jehovah's Witnesses organization (including all local congregations) in any capacity at any time.[2]

2. For each database or filing system responsive to Topic No. 1, the following information:

---

[1] For the purpose of this Notice, a "database" is commonly understood to be an organized collection of information, regardless of format or label.

[2] Because Plaintiffs do not know all of the organized collections of data with information about child sex abuse at Jehovah's Witness congregations, this topic is intended to require WTNY to prepare a witness to inform Plaintiffs about the existence of each such organized collections of data without limitation, but certainly including:

- Files maintained by the Service Department for each congregation. *See Lopez v. Watchtower Bible and Tract Socy. Of New York, Inc.*, 201 Cal. Rptr. 3d 156, 169 (Cal.App. 4th Dist. 2016);
- The CM database, as referenced by Joel Taylor in the attached transcript of proceedings. Reporter's Transcript, 25:16 – 26:11 (Aug. 11, 2021) (attached as **Exhibit A**);
- The raw data, electronic data, call logs, or whatever other information was collected and organized as referenced by Joel Taylor in the attached transcript of proceedings. **Ex A**, 27:1-12; and
- The HuB database.

**Notice of Rule 30(b)(6) Foundational Deposition of Defendant WTNY**
Cases: CV 20-52-BLG-SPW & CV 20-59-BLG-SPW
3

a. The date that the database or filing system was created;

b. The number of years the database or filing system was actively managed and maintained;

c. The format of the data and information contained in the database or filing system (i.e. was it digital, and if so, what format?);

d. Each category of information contained in the database or filing system;

e. The types of information contained in the database or filing system, including identification of whether the database or filing system contains (or contained) information about historical child sex abuse at Jehovah's Witness congregations;

f. The source material for all information contained in the database or filing system;

g. The location of the database or filing system, including identification of any digital platform, server, or computer system hosting the database or filing system;

h. The person(s) responsible for entering information into the database or filing system;

i. The person(s) responsible for maintaining the information in the database or filing system;

j. Identification of person(s) with access to the database or filing system, including members of the Governing Body;

k. Identification of person(s) who were excluded from having access to the database or filing system, including members of the Governing Body;

l. How information in the database or filing system is disseminated and/or retrieved by intended users;

m. The available methods of searching the database or filing system;

n. Whether the database or filing system still exists; and

o. For any database or filing system that no longer exists, the current location of all information previously contained in that database or filing system.

p. For any database or filing system that no longer exists, identification of the person(s) responsible for integrating the information previously contained therein into any other database or filing system.

3. All policies (written or unwritten) pertaining to the entry, maintenance, and deletion of information for all databases or filing systems responsive to Topic No. 1.

4. All policies (written or unwritten) pertaining to restricting access to each database or filing system responsive to Topic No. 1.

5. Identify each entity, department, individual, or group of individuals, regardless of corporate affiliation, who is responsible for obtaining and storing information about child sex abuse allegations involving a person or persons associated with the Jehovah's Witnesses organization (including all local congregations) in any capacity at any time.

6. Function and operation of the Legal Department, including but not limited to (1) all jobs, positions, roles, titles, etc. for personnel in the Legal Department, and the duties and qualifications of each; (2) the intake process for clients of the Legal Department, including whether conflict checks are conducted and conflict waivers are used, attorney-client agreements exist, how the scope of the representation is determined, how intake information is stored, who has access to the intake information, and whether reports of child sex abuse are handled differently than other reports of wrongdoing; (3) the representation process, including whether the scope of the representation is described to the client, how the client file is stored and maintained, who has access to the client file, any limitations on the type of legal work that may be performed by the Legal Department (civil, criminal, business, etc.); and (4) how documents generated by the Legal Department, or received directly from local congregations, are stored and maintained.

7. Function and operation of the Service Department, including but not limited to (1) all jobs, positions, roles, titles, etc. for personnel in the Service Department, and the duties and qualifications of each; (2) the intake process for anyone who talks to the Service Department about child sex abuse; (3) whether reports of child sex abuse are handled differently than reports of other types of wrongdoing; (4) how documents generated by the Service Department, or received directly from local congregations, are stored and maintained.

8. Please identify all written and unwritten policies and procedures that apply to the obtaining and storing of information about child sex abuse allegations occurring within Jehovah's Witness congregations.

9. Identify how elders have been instructed to report instances or allegations of child sex abuse to WTNY, WTPA, CCJW, or any other Jehovah's Witness entity or group responsible for managing and responding to instances or allegations of child sex abuse.

10. Procedures for receiving calls from elders about allegations of child sex abuse as they existed during the time period 1973 to 1992.

    a. How calls received from elders were passed from the Legal Department to the Service Department;

b. Documentation of the calls to and information received by the Service Department;

c. How the Service department information is stored in the HuB database; and

d. Sharing of information between legal department and service department regarding calls from elders about allegations of child sex abuse.

DATED this 30th day of August, 2022.

    MEYER, SHAFFER & STEPANS, PLLP

/s/ Ryan Shaffer
Ryan R. Shaffer

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of August, 2022, a true and accurate copy of the foregoing was served on the following via email and U.S. Mail:

Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
PO Drawer 849
Billings, MT  59103
jwilson@brownfirm.com
bjensen@brownfirm.com

Joel M. Taylor, Esq. *pro hac vice*
Miller McNamara & Taylor LLP
100 South Bedford Road, Suite 340
Mount Kisco, NY  10549
jtaylor@mmt-law.com

*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

Gerry P. Fagan
Christopher T. Sweeney
Jordan W. FitzGerald
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, MT  59103
gerry.fagan@moultonbellingham.com
christopher.sweeney@moultonbellingham.com
jordan.fitzgerald@moultonbellingham.com

*Attorneys for Defendant Watch Tower Bible and Tract Society of Pennsylvania*

Bruce G. Mapley, Sr.
3905 Caylan Cove
Birmingham, AL 35215
bruce_mapley@yahoo.com

/s/ Ryan Shaffer

*Exhibit A*

```
 1   MONTANA TWENTIETH JUDICIAL DISTRICT COURT, SANDERS COUNTY

 2   CAUSE NUMBER: DV-16-84

 3   ALEXIS NUNEZ and HOLLY McGOWAN,          )
                                              )
 4         Plaintiffs,                        )
                                              )
 5         vs.                                ) REPORTER'S TRANSCRIPT
                                              )
 6   WATCHTOWER BIBLE AND TRACT               )
     SOCIETY OF NEW YORK, INC.;               )
 7   WATCHTOWER BIBLE AND TRACT               )
     SOCIETY OF PENNSYLVANIA, INC.;           )
 8   CHRISTIAN CONGREGATION OF                )
     JEHOVAH'S WITNESSES and                  )
 9   THOMPSON FALLS CONGREGATION OF           )
     JEHOVAH'S WITNESSES,                     )
10                                            )
           Defendants.                        )
11   _____)
                                              )
12   WATCHTOWER BIBLE AND TRACT               )
     SOCIETY OF NEW YORK, INC,;               )
13   CHRISTIAN CONGREGATION OF                )
     JEHOVAH'S WITNESSES and                  )
14   THOMPSON FALLS CONGREGATION              )
     OF JEHOVAH'S WITNESSES,                  )
15                                            )
           Third-Party Plaintiffs,            )
16                                            )
           vs.                                )
17                                            )
     MAXIMO NAVA REYES and IVY                )
18   McGOWAN-CASTLEBERRY,                     )
                                              )
19         Third-Party Defendants.            )
     _____)
20

21              Taken at the Lake County Courthouse
                       106 Fourth Avenue East
22                       Polson Falls, Montana
                      Wednesday, August 11, 2021
23                            11:00 a.m.

24

25       Honorable Elizabeth Best (via Zoom), presiding
```

```
 1                    A P P E A R A N C E S

 2   D. NEIL SMITH, ESQ (via Zoom). and ROSS E.
     LEONOUDAKIS, ESQ. (via Zoom), of the law firm of
 3   Nix Patterson, LLP, 1845 Woodall Rodgers
     Fwy., Suite 1050, Dallas, Texas   75201
 4
     and
 5
     JAMES P. MOLLOY, ESQ. (via Zoom), of the law firm
 6   of Gallik, Bremer & Molloy, P.C., 777 East Main
     Street, Suite 203, P. O. Box 70, Bozeman, Montana
 7   59771-0070
             appearing on behalf of the Plaintiffs.
 8
     BRADLEY J. LUCK, ESQ. (via Zoom) and TESSA A.
 9   KELLER, ESQ. (via Zoom), of the law firm of
     Garlington, Lohn & Robinson, PLLP, 350 Ryman
10   Street, P. O. Box 7909, Missoula, Montana
     59807-7909
11
     and
12
     JOEL M. TAYLOR, ESQ. (via Zoom), Associate General
13   Counsel, Watchtower Bible and Tract Society of New
     York, Inc., 100 Watchtower Drive, Patterson,
14   New York 12563
             appearing on behalf of the Defendants and
15           Third-Party Defendants.

16

17

18

19

20

21

22

23
         Reported by Barbara J. Marshall, Professional
24   Shorthand Reporter for the State of Montana, residing in
     Polson, Montana.
25
```

```
 1              MR. LUCK:  Mr. Taylor can give you the
 2   details.  My understanding -- and I think it's important
 3   for me to tell you my understanding -- is it was a
 4   program.  It was a program that was being used and was
 5   out of date.  They didn't want to use it anymore and they
 6   got rid of it.  And because so much information has been
 7   repeatedly been provided to us, that nothing was retained
 8   in terms of raw data and some other things.  In some
 9   fashion -- and I don't know how you do it -- my belief
10   was that it no longer existed.
11              THE COURT:  Okay.
12              MR. LUCK:  I don't know what the right words
13   would be but it no longer existed.
14              THE COURT:  All right.  Thank you.  Anything
15   to add to that, Mr. Taylor?
16              Mr. TAYLOR:  Thank you, your Honor, for an
17   opportunity to speak.  I would just clarify a couple of
18   points that Brad mentioned.  He said virtually all the
19   documents that were responsive have been produced.  All
20   the documents that were responsive have been produced,
21   with the exception of documents that have been requested
22   that were outside of the CM data base.  And those issues
23   have not been worked out in the process yet.
24              Secondly, when the --
25              THE COURT:  Could I just stop you there.
```

```
 1  I've just got to catch up with you.  So you said there
 2  are documents that have not been produced that were not
 3  in the CM data base?
 4              MR. TAYLOR:  Yes, your Honor.  When you
 5  reopened discovery, you limited it to the CM data base
 6  but there were other documents on the privilege log,
 7  other legal communications between clients that were not
 8  the subject of the 10 pages.  And a request was made for
 9  those pages and we stated our objection with some law but
10  there has been no followup on those pages as of yet.
11              THE COURT:  Okay.  Thank you.
12              MR. TAYLOR:  And then as to raw data and
13  meta data, I understand it can be confusing, but the data
14  on the calls affecting the 10 pages was preserved.
15  Throughout the course of 2019 there was an extended
16  process to transition this data over.  And also
17  Watchtower was under -- how do I say this -- under
18  obligation to retain large amounts of data.  And in
19  connection with that process, political data was also
20  retained, including the raw data.  I'm not a tech person
21  but the original data perhaps is a better word related to
22  the 10 pages.
23              THE COURT:  So has that been produced then?
24              MR. TAYLOR:  Yes, it has, your Honor.
25              THE COURT:  Okay.
```

1    MR. TAYLOR: Then, as it relates to the 22
2 pages, those pages only existed in hard copy.  I
3 personally relied on them in some of my questioning in
4 depositions because those were communications that were
5 not responsive to any prior discovery.  I still have it.
6 I had them.  So they were listed on the log and produced.
7 Those calls were migrated over to the new system and we
8 produced the data -- the electronic data from those calls
9 as well.  And we even provided a printout of what it
10 looks like now in addition to -- so we sent them the
11 PDF's we had, the raw data that had migrated over, and
12 its new format.  We sent all of that over.
13    And, you know, I expect that Mr. Smith is going to
14 tell us that this has more questions than answers and
15 that we need to -- you know, your Honor, they're hiding
16 the ball.  And I just want to insure to the Court that
17 we're doing all we can to be compliant.
18    Professionally, I respect the Court.  I also
19 respect plaintiffs' counsel.  They're doing their job,
20 which is to be aggressive litigators.  I understand that
21 process.  We have not always had a meeting of the minds
22 with our words and my words in particular have been
23 imprecise, which resulted in your Honor's comments about
24 my competency and my ability to tell the truth.  And I
25 respect that.  And I'm determined, with Mr. Luck's