

**Meyer, Shaffer & Stepans, PLLP**

Ryan Shaffer | ryan@mss-lawfirm.com
Robert L. Stepans | rob@mss-lawfirm.com
James Murnion | james@mss-lawfirm.com

September 9, 2022

**Via Email and U.S. Mail**

Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
P.O. Drawer 849
Billings, MT 59103

jwilson@brownfirm.com
bjensen@brownfirm.com

Joel M. Taylor, Esq. *pro hac vice*
Miller McNamara & Taylor LLP
100 South Bedford Road, Suite 340
Mount Kisco, NY 10549

jtaylor@mmt-law.com

Re: *Caekaert & Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
*Rowland & Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*

Dear Jon, Brett, and Joel:

In advance of the WTNY Rule 30(b)(6) deposition set for September 27, 2022, at Mr. Taylor's office, we thought it would be worthwhile to express our expectations to ensure that the trip to New York will be an efficient use of time and resources.

As you know, Rule 30(b)(6) requires WTNY to fully prepare a designated representative to testify regarding the matters set forth in the Notice of Deposition. Fed. R. Civ. Pro. 30 Advisory Committee's Note, Sub. (b)(6) (1970 Amendment); *United States v. Taylor*, 166 F.R.D. 356, 361, aff'd 166 F.R.D. 356, 367 (M.D.N.C. 1996); *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000). Because the universe of institutional knowledge at WTNY of the matters set forth in the Notice of Deposition may not exist in any one person, Rule 30(b)(6) requires WTNY to compile all of the responsive information in one or more people who will testify on September 27, 2022.

Experience has taught us that responding organizations often fail to meet Rule 30(b)(6)'s obligations. Failure to properly designate and prepare representatives is akin to failing to answer a deposition question. *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co.*, 201 F.R.D. 33, 41 (D. Mass. 2001). The duty to prepare a representative requires that the person(s) designated be

prepared to testify about information known or **reasonably available** to WTNY. Fed. R. Civ. Pro. 30(b)(6); *Martin Cnty. Coal Corp. v. Universal Underwriters Ins. Servs., Inc.*, 2011 WL 836859, *3 (E.D. Ky. 2011). This obligation goes beyond matters personally known to any one designee, or matters that a designee was personally involved in, and requires preparation to testify to the collective knowledge of WTNY. Consistent with letter and spirit of Rule 30(b)(6), as well as the applicable case law, Plaintiffs expectation is that WTNY will designate and prepare representatives to testify to all information that WTNY knows, and that is reasonably available to it, about the topics set forth in Plaintiffs' Notice, and that preparation will include review of documents, prior testimony given on the topics at issue, WTNY files, and the interviews of WTNY representatives/employees/volunteers who have knowledge of the matters in the Notice of Deposition.

As is apparent from the Notice of Deposition, Plaintiffs are interested in learning everything about information storage over child sex abuse. For instance, Plaintiffs want to learn about the CM database that Mr. Taylor referenced during his argument to the Court in *Nunez*. To date, the Defendants have been less than clear and forthcoming about the existence and content of the CM database. During our first phone call about this deposition, Jon Wilson stated that he had been told there was no such thing as a CM database. That is certainly not what we understand, and we expect a designee to be fully prepared to discuss the CM database and any other database with child sex abuse information.

As it pertains to what information is reasonably available to WTNY, Plaintiffs believe that this includes information pertaining to child sex abuse that may be in the current possession of other Jehovah's Witness entities that WTNY has reasonable access to. For instance, if CCJW or some other JW entity maintained a database or has information that is responsive to the Notice of Deposition, Plaintiffs' expectation is that WTNY's designee will prepare by becoming familiar with this information because it is reasonably available to WTNY.

Please let me know if our expectations are inconsistent with yours for this deposition.

    Sincerely,

    MEYER, SHAFFER & STEPANS, PLLP

    Ryan R. Shaffer