
Meyer, Shaffer
& Stepans, PLLP

Ryan Shaffer | ryan@mss-lawfirm.com
Robert L. Stepans | rob@mss-lawfirm.com
James Murnion | james@mss-lawfirm.com

September 23, 2022

**Via Email and U.S. Mail**

Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
P.O. Drawer 849
Billings, MT 59103

jwilson@brownfirm.com
bjensen@brownfirm.com

Joel M. Taylor, Esq. *pro hac vice*
Miller McNamara & Taylor LLP
100 South Bedford Road, Suite 340
Mount Kisco, NY 10549

jtaylor@mmt-law.com

Re: *Caekaert & Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
*Rowland & Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*

Dear Jon and Joel:

Thanks for our call on Monday regarding the upcoming Rule 30(b)(6) deposition of WTNY. As it pertains to the scope of that deposition, and the preparation of designees to testify to the topics noticed, I wanted to summarize our understandings based on the call.

First, it is our understanding that any and all information pertaining to reports of child sex abuse occurring, or alleged to have occurred, at a U.S. Congregation prior to 2000 is in the possession of WTNY. Conversely, information about sex abuse occurring, or alleged to have occurred, at a U.S. Congregation prior to 2000 is not in the possession of WTPA or CCJW. Assuming that is true, and as we therefore understand it, there is no need for us to notice up a 30(b)(6) deposition of WTPA or CCJW to obtain information in their possession regarding allegations of child sex abuse at Jehovah's Witness congregations pre the year 2000 because those two entities do not have possession over such information. <u>Please let me know if our understanding is incorrect in this regard.</u>

Second, it is our understanding that there is no such thing as what has previously been referred to as a "CM database" or "child maltreatment database" that housed that topic of information exclusively. As we understood Joel's statements, past references to a "CM database" were the result of imprecise language, and "CM" was actually a code entered into a

September 23, 2022
2

Lotus database used by the WTNY Legal Department for tagging information related to child sex abuse. <u>Please let me know if our understanding is incorrect in this regard.</u>

    Third, one of the concerns we raised is that we do not know the differences between the various JW entities, departments, and offices and how that may impact where information regarding child sex abuse at U.S. Congregations is currently stored, or was stored previously. For instance, we don't know if files/information kept by the U.S. Branch Office are considered to be files/information under the control of WTNY. And if not, which entity would we need to notice up for a definition to obtain an understanding of what files/information is under the control of the U.S. Branch Office? I am sure you can appreciate that our goal in coming to NY for the foundational deposition is to obtain a complete understanding of where and how information about child sex abuse at U.S. congregations was obtained, stored, and managed over time. To the extent that this requires cooperation amongst counsel on questions such as whether information is in the possession of the U.S. Branch Office is also in the possession of WTNY, we appreciate your assistance in advance of our trip to New York so that we can ensure it is an efficient use of time for all parties. <u>Please confirm, one way or the other, whether information in files controlled by the U.S. Branch Office pertaining to child sex abuse allegations at U.S. Congregations that occurred before 2000 is under the control of WTNY.</u>

    Lastly, we wanted to make sure that counsel understands that the presently noticed Rule 30(b)(6) topics do not cover the entirety of testimony that Plaintiffs may seek from WTNY in this case. The purpose of the presently noticed deposition topics is to obtain foundational testimony regarding the manner in which information regarding child sex abuse at U.S. Congregations during the period 1973 to 1992 was obtained, stored, and managed over time. As discovery continues to progress in these cases, Plaintiffs anticipate deposing WTNY on other topics material to this case under Fed. R. Civ. Pro. 30(b)(6). However, Plaintiffs are not prepared to notice those topics because we first need to resolve disputes over WTNY's claims of testimonial privilege. Please let me know if you have any concerns or objections in this regard.

                                          Sincerely,

                                          MEYER, SHAFFER & STEPANS, PLLP

                                          Ryan R. Shaffer