**Jon Wilson**

---

**From:** Ryan Shaffer <ryan@mss-lawfirm.com>
**Sent:** Wednesday, September 28, 2022 5:01 PM
**To:** Christopher Sweeney
**Cc:** Jon Wilson; Joel Taylor; Gerry Fagan; Rob Stepans; Jessica Yuhas; Brett Jensen; Jordan W. FitzGerald
**Subject:** Re: NY Depos; Plaintiff Depos

Chris,

The status conference is to discuss Plaintiffs request to conduct staggered discovery (i.e. conducting part of the NY depo now, and the rest after discovery issues have been resolved), and the scheduling of this case going forward.

What shall we state your position to be on that conference?

It is hard to know if the depo set for 10/11 and 10/12 will go forward because we have a number of unresolved issues that now appear to require the judge to weigh in on. I don't like the uncertainty any more than you, and certainly understand and deal with the same transactional costs. We buy refundable tickets which alleviates most of those issues. Nevertheless, I understand your frustration on that front. However, as i am sure you can appreciate, when i am told by WTNY that it is unwilling to stagger the 30b6 topics as we have requested, it throws a bit of a wrench in things.

There is plenty of law on rule 30b6 establishing that staggering topics as the case progresses is not multiple depositions under the rules. In this case, where material evidence is not presently available to the Plaintiff, but may well become available later, there is no justification to make us notice up all 30b6 topics now. This is not really controversial and NY's position is not justified or helpful in getting discovery completed. So, we will need to have Judge Watters weigh in on this before we go through with the 30b6. I suppose that means that we should cancel them.

As you know, Rule 30 is silent on the location of Plaintiffs' depos. But I am certainly aware of the custom of making the Plaintiff available in the district where the case is pending.

We appreciate the accommodation to Ms. Mapley. Though, I would say that it is far from certain she would be required to travel from Australia for her 7 hour depo if it could be accomplished in other less burdensome ways.

As to the other Plaintiffs, because we are expecting them to be questioned about horribly traumatic experiences of sexual abuse that have left them severely compromised, we need to do what we can to make sure their mental health needs are looked after as best we can. For Ms. Schultze and Ms. Caekaert, this requires some mental health attention both before and after the depositions, and Missoula is where we can do this best. Your position seems to be that we have to make them available at the location of your choosing in the district, irregardless of other factors.

I assume that you are aware of the same general authority on depo locations that i am aware of. There are no hard and fast rules. In general, courts want the parties to work it out. If that fails, the court will listen to the nature of the disagreement, consider reasons for the competing locations, and do its best to resolve the dispute in a reasonable way. We have made Ms. Rowland available in Billings. We have made Ms. Schultze and Ms. Caekaert available in Missoula for the reasons identified above, which is certainly in line with the general custom of making the Plaintiff available in the district where he/she filed.

I am not sure why you need a depo notice for Breaux, Smalley, or Shuster to evaluate our request to depose them, but i can have my office send you a notice if that is truly what you need.

1

Finally, i asked Jon and Joel about the status of former Circuit Overseer Joseph Polakowski and have not heard back on that. Let's add that to the list of things to sort out.

I would much prefer to handle all of this amongst counsel. That is how the overwhelming majority of our cases go. But I could not get counsels' response to a request for a phone call on these matters. Your email does not give me much hope for cooperative problem solving. Let me know if I am incorrect, and i will make myself available.

Otherwise, let's just get all of this in front of the court so we can get on with it.

Ryan


Sent from my iPhone


> On Sep 28, 2022, at 3:56 PM, Christopher Sweeney <Christopher.Sweeney@moultonbellingham.com> wrote:
>
> Ryan –
>
> I am writing regarding your email below. I have spoken with Joel, Jon and Brett, and am providing a combined response to your email.
>
> We can't tell if you intend to take the two depositions in New York on October 11th and 12th or not. Please let us know by 12:00 p.m. noon tomorrow, Thursday, September 29th, whether you will be taking those two depositions in New York. We need time to make travel arrangements, some of which may not be refundable, prepare witnesses and otherwise arrange our schedules. Your office has set depositions a number of times in these cases, only to later cancel them. This costs the law firms, our clients, and the potential deponents time and money. If you intend to take those two depositions in October, let us know. If not, then the next time you notice up the depositions, we will assume you intend to take them as noticed and we will book travel and prepare witnesses accordingly. If you again change your mind after sending the notice, we intend to request the Court that we be reimbursed for our costs and fees incurred.
>
> Regarding the 30(b)(6) issues, I understand WTNY informed you by letter dated September 26, 2022, of its position that it does not envision producing 30(b)(6) representatives on multiple occasions.
>
> Regarding the plaintiffs' depositions, the general rule is that the plaintiffs are required to make themselves available in Billings to be deposed since that is the venue in which they chose to file their lawsuits. In good faith, we've agreed that Cami Mapley's deposition can occur remotely because she is in another country. We received your email stating Tracey Caekaert and Jamie Schulze are available to be deposed in Missoula. Can you let us know on what authority you are relying that would require the defendants to travel to Missoula to depose Tracey and Jamie when they chose to file their lawsuits in Billings? If

the two depositions are in Missoula, will plaintiffs reimburse defendants the cost of travel and accommodations, as well as the attorney's fees for ten hours of travel per attorney?

Regarding the depositions of Gene Smalley, Gary Breaux and Allen Shuster, we understand that they are members of the faith in New York, but neither WTPA nor WTNY has ever communicated with them regarding any potential depositions. As such, we would need to consult with them and evaluate any notices addressed to them individually to assess next steps.

Last, we received your email this afternoon inquiring about a status conference with the Court. What do you intend to discuss at a status conference?

**Chris Sweeney**
(406) 248-7731

MOULTONBELLINGHAM

**From:** Ryan Shaffer <ryan@mss-lawfirm.com>
**Sent:** Tuesday, September 27, 2022 6:25 PM
**To:** Jon Wilson <jwilson@brownfirm.com>; Joel Taylor <jtaylor@mmt-law.com>; Gerry Fagan <Gerry.Fagan@moultonbellingham.com>; Christopher Sweeney <Christopher.Sweeney@moultonbellingham.com>
**Cc:** Rob Stepans <rob@mss-lawfirm.com>; Jessica Yuhas <jessica@mss-lawfirm.com>
**Subject:** NY Depos; Plaintiff Depos

Do you guys have time for a call in the next day or so to discuss depo scheduling and related issues?

As far as Depos in NY on 10/11 and 10/12 go, I am concerned that we are not going to be ready. I understand WTNY's position is that we must notice up all 30b6 topics at one time. If we cannot come to an agreement on that issue, we may need to get some time with the Judge before we go. Additionally, we have been considering adding a couple topics related to corporate hierarchy / organization. We would also like to get Gene Smalley, Gary Breaux and Allen Shuster deposed. This all leaves me uncertain about the presently set dates of 10/11 and 10/12. We may need to look towards Nov.

We are still working on Plaintiffs' availability.
Ariane Rowland in Billings (not sure if 10/31/22 works, hope to know this week);
Cami Mapley remote, possibly on 10/24/22 (Montana), but we are working on logistics of setting up a location in Australia with a video feed that will accommodate a 4:00 am Australian start time (noon Mountain time);
Tracey Caekaert in Missoula (waiting on confirmation for 10/28);
Jamie Schulze in Missoula (late Nov. or early Dec. due to work and other scheduling issues)

With Ms. Caekaert and Ms. Schulze being deposed in Missoula, consider whether you would like them scheduled on consecutive days.

Thanks,


Ryan R. Shaffer

3



**Meyer, Shaffer & Stepans, PLLP**

*Montana Office:*
430 Ryman St.
Missoula, MT 59802
Tel: 406-543-6929
Fax: 406-721-1799

*Wyoming Office:*
3490 Clubhouse Drive, Suite 104
Wilson, WY 83014
Tel: 307-734-9544
Fax: 307-733-3449

The information contained in this email is confidential and privileged. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake. This email may be subject to the attorney-client privilege and attorney work product doctrine. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake.

4