**Jon Wilson**

| | |
|---|---|
| **From:** | Brett Jensen |
| **Sent:** | Wednesday, October 5, 2022 2:05 PM |
| **To:** | Ryan Shaffer; Rob Stepans; James Murnion |
| **Cc:** | Gerry Fagan; 'Christopher Sweeney'; Jordan W. FitzGerald; Jon Wilson; Sylvia Basnett; Barbara Bessey |
| **Subject:** | Caekaert and Rowland Cases |

Hi Ryan:

We are writing in response to your October 4, 2022 letter addressed to all defense counsel that references your September 29, 2022 letter. To be clear, no one at the Brown Law Firm or Miller McNamara & Taylor received your September letter until yesterday when we received it in the U.S. Mail. It appears the only electronic recipients of the letter were at Moulton Bellingham.

First, as to the Brumley deposition and the deposition of your clients, Moulton Bellingham will coordinate the response on behalf of WTNY and WTPA.

Second, as to the proposed depositions of Messrs. Breaux, Shuster, and Smalley, we are concerned that the requests may be inappropriate, premature, or ultimately unnecessary. None of them have any direct knowledge of any of the claims, none of them have ever met your clients or co-defendant Mr. Mapley, and none of them were executive officers or members of the boards of directors of either corporation during the relevant time period. Moreover, because of their important roles in connection with the religion, they may be subject to protection under the apex doctrine. In addition, Mr. Smalley is over 82 years old. Can you provide the basis for the necessity of these depositions, especially since there has yet to be a Rule 30(b)(6) deposition of the defendants? Thereafter, we will decide whether to seek the Court's assistance with protective orders.

Third and finally, we would like to respond to the Rule 30(b)(6) issues raised in your September letter. We have been unable to locate any authority for the staggering of the corporate deponent(s). It appears you want us to agree in advance to multiple depositions on topics yet to be determined. Absent some authority to the contrary, it would seem prudent to schedule the deposition when you deem appropriate, take it, and then if you feel there is a legitimate need to reopen the deposition, that you then seek leave of Court to obtain permission. At that point, your arguments and our response will be concrete rather than hypothetical.

I think I have covered everything here, but let me know if there is anything else currently pending that we need to discuss.

Sincerely,

Brett C. Jensen
Brown Law Firm, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Telephone: (406) 248-2611
Fax: (406) 248-3128

**Confidentiality Notice:** *The information contained in this e-mail communication and any attached documentation may be privileged, confidential or otherwise protected from disclosure and is intended only for the use of the designated*

1

recipient(s). This information, along with any attachments, constitutes attorney-client and/or attorney work product and is confidential in nature. This information is not intended for transmission to, or receipt by, any unauthorized person. The use, distribution, transmittal or re-transmittal by an unintended recipient of this communication is strictly prohibited without our express approval in writing or by e-mail. If you are not the intended recipient of this e-mail, please delete it from your system without copying it and notify the above sender so that our e-mail address may be corrected. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.