Gerry P. Fagan
Christopher T. Sweeney
Jordan W. FitzGerald
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Fax: (406) 248-7889
Gerry.Fagan@moultonbellingham.com
Christopher.Sweeney@moultonbellingham.com
Jordan.FitzGerald@moultonbellingham.com

*Attorneys for Defendant Watch Tower Bible and Tract Society of Pennsylvania*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY, | Case CV-20-52-SPW-TJC |
| Plaintiffs, | |
| -vs- | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | **DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S BRIEF IN RESPONSE TO PLAINTIFFS' AFFIDAVIT OF RYAN SHAFFER** |
| Defendants. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, | |
| Cross-Claimants, | |
| -vs- | |
| BRUCE MAPLEY SR., | |
| Cross-Defendant. | |

# TABLE OF CONTENTS

BREAKDOWN OF FEES AND EXPENSES SOUGHT ........................................2

ARGUMENT .........................................................................................................5

    I.    PLAINTIFFS' FEE REQUEST IS UNREASONABLE AND EXCESSIVELY HIGH. ....................................................................10

        A.    Rob Stepans Time Should Not Be Compensable Because His Work Involved Passive Review of Other Attorneys' Work. ....10

        B.    Matt Merrill's Time Should Not Be Compensable Because he was Not an Attorney of Record and His Work was Duplicative. ..............................................................12

        C.    The Reconstructed Time is Grossly Excessive and Unreasonable, and Most of It is Unrelated to the WTPA Jurisdictional Dispute. ................................................13

        D.    Jessica Yuhas' Time Should Not Be Awarded Because It Is For Clerical and Administrative Tasks or Unnecessarily Duplicative. ..............................................................19

    II.    THE COURT SHOULD STAY PAYMENT OF SANCTIONS PENDING APPEAL. ..............................................................20

CONCLUSION ...................................................................................................27

i

# TABLE OF AUTHORITIES

## **CASES**

*1507 Corp. v. Henderson*, 447 F.2d 540 (7th Cir. 1971)..........................................25

*Ackerman v. W. Elec. Co.*, 643 F. Supp. 836 (N.D. Cal. 1986)...............................11

*AF Holdings LLC v. Navasca*, No. C-12-2396-EMC, 2013 WL 5701104 (N.D. Cal. Oct. 16, 2013)..........................................................................................26

*Alter Fin. Corp. v. Citizens & S. Int'l Bank of New Orleans*, 817 F.2d 349 (5th Cir. 1987) .....................................................................................................................21

*Bartlett v. CitiBank N.A.*, 2018 WL 1178326 (N.D. Cal. Mar. 7, 2018)..................9

*Borja v. Razon*, 340 F.R.D. 400 (D. Or. 2021) ........................................................6

*Browning v. Kramer*, 931 F.2d 340, (5th Cir. 1991) ................................................5

*City of Detroit v. Grinnell Corp.,* 560 F.2d 1093 (2d Cir. 1977) ...........................11

*Democratic Party of Wash. v. Reed*, 388 F.3d 1281 (9th Cir. 2004).......................10

*Dreiling v. Peugeot Motors of Am.*, 768 F.2d 1159 (10th Cir. 1985).....................24

*F.D.I.C. v. Calhoun*, 34 F.3d 1291, (5th Cir. 1994) .................................................5

*Federal Trade Commission v. Alaska Land Leasing, Inc.*, 799 F.2d 507 (9th Cir. 1986) ........................................................................................................................25

*Fox v. Vice*, 563 U.S. 826  (2011).............................................................................7

*Friends of Maha'ulepu, Inc. v. Hawai'i Dairy Farms, LLC*, 2017 WL 11683805 (D. Haw. Nov. 13, 2017)............................................................................................21

*Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S. Ct. 1178 (2017)6,  7, 18

*Grendel's Den, Inc. v. Larkin,* 749 F.2d 945  (1st Cir. 1984) ...................................12

*Grimes v. City and County of San Francisco*, 951 F.2d 236 (9th Cir. 1991). ...........8

*Hensley v. Eckerhart,* 461 U.S. 424 (1983) ................................. 8, 13, 15, 16, 18, 20

*Herrington v. Cnty. Of Sonoma*, 883 F.2d 739 (9th Cir. 1989) ................................9

*Irvine Unified Sch. Dist. V. Landers*, 2021 WL 4572016 (C.D. Cal. July 8, 2021) ................................................................................................................................ 10, 14

*LaSalle Nat. Bank v. First Connecticut Holding Grp.*, 287 F.3d 279 (3d Cir. 2002) ........................................................................................................................24

**MOULTON BELLINGHAM PC**
ATTORNEYS AT LAW

*Leiva–Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011) ...................................... 23, 29

*Leventhal v. New Valley Corp.*, 148 F.R.D. 109 (S.D.N.Y. 1993) .........................27

*Lipsett v. Blanco,* 975 F.2d 934 (1ˢᵗ Cir. 1992) ..........................................10

*Lowery v. County of Riley*, 738 F. Supp. 2d 1159 (D. Kan. 2010) ..........................28

*Manez v. Bridgestone Firestone North American Tire*, 533 F.3d 578 (7th Cir. 2008) ...........................................................................................28

*Marrocco v. Hill*, 291 F.R.D. 586 (D. Nev. 2013) ....................................................8

*Matta v. May*, 118 F.3d 410 (5th Cir. 1997) ...........................................................27

*Meadowbriar Home for Child., Inc. v. Gunn*, 81 F.3d 521 (5th Cir. 1996) ..... 24, 25

*Missouri v. Jenkins*, 491 U.S. 274 (1989) ...............................................................21

*Mone v. Comm'r*, 774 F.2d 570 (2d Cir. 1985) .................................................5, 24

*Pearson v. Fair*, 980 F.2d 37 (1ˢᵗ Cir. 1992) ................................................... 10, 14

*Popa-Verdecia v. Marco Trucking, Inc.*, No. 8:18-CV-1869-T-02AEP, 2019 WL 527974 (M.D. Fla. Feb. 11, 2019). ..........................................................................29

*Raynor v. G4S Secure Sols. (USA) Inc.*, 327 F. Supp. 3d 925 (W.D.N.C. 2018),...11

*Redding v. Prosight Specialty Mgmt. Co., Inc.*, 2017 WL 5526353 (D. Mont. Nov. 17, 2017) .........................................................................................................6

*Scott Hutchison Enters., Inc. v. Cranberry Pipeline Corp.*, 318 F.R.D. 44 (S.D.W. Va. 2016) .................................................................................................11

*Sec'y of Lab., United States Dep't of Lab. V. Valley Wide Plastering Constr. Inc.*, 2022 WL 2390950 (D. Ariz. July 1, 2022) .................................................9, 21

*Serrano v. Ritz-Carlton San Juan Hotel Spa & Casino*, 808 F. Supp. 2d 393 (D.P.R. 2011) ......................................................................................................9

*Sneller v. City of Bainbridge Island*, 606 F.3d 636 (9th Cir. 2010 .................. 26, 29

*Speiker v. FCA US, LLC*, 2021 WL 4353273 (C.D. Cal. June 4, 2021)....... 8, 13, 15

*Stanley v. Woodford*, 449 F.3d 1060  (9ᵗʰ Cir. 2006) ..........................................7, 21

*Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 248 F.R.D. 64 (D.D.C. 2008)....9

*United States v. Ross*, 535 F.2d 346 (6th Cir. 1976) ...............................................24

*Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041 (9ᵗʰ Cir. 2000) .................8

*W. Sec. Bank v. Schneider Ltd. P'ship*, No. CV 15-10-BLG-SPW-CSO, 2015 WL 9641678 (D. Mont. Dec. 21, 2015 ....................................................................23

iii

**<u>STATUTES</u>**

28 U.S.C. § 1927 ....................................................... 1, 5, 7, 19, 21, 22, 23, 24, 25, 26

**Moulton Bellingham PC**
Attorneys at Law

Defendant Watch Tower Bible and Tract Society of Pennsylvania ("WTPA") submits this response on behalf of it and Philip Brumley[1].

In response to Plaintiffs' Motion for Sanctions, this Court ordered that Mr. Brumley was personally liable for sanctions under 28 U.S.C. § 1927. (*See* Order, Dkt. 135, at 14.) Specifically, this Court ordered him to satisfy "the **excess costs**, expenses, and attorney's fees incurred by Plaintiffs as a result of Brumley's affidavit and WTPA's resulting motion to dismiss." (*Id.*) This Court further ordered Plaintiffs to submit a "financial affidavit of all costs, expenses, and attorney's fees **directly resulting** from their efforts to respond to WTPA's motion to dismiss and conducting jurisdictional discovery in response to WTPA's motion to dismiss and Brumley's affidavit…" (*Id.* at 15, emphasis added.)

In response, Plaintiffs asserted in the Affidavit of Ryan R. Shaffer[2] (Dkt. 144) that the excess costs and expenses directly resulting from the motion to dismiss and jurisdictional discovery is **$190,723.11**. While Plaintiffs attempt to assure this Court

---

[1] Mr. Brumley is not a paid employee of WTPA or any other entity. He is a minister and member of a religious order serving full-time under a vow of poverty—this has been his way of life for over 35 years. Like all members of the religious order, he receives housing, food, health care, and a monthly allowance for personal expenses. His title of General Counsel has no financial benefits. (See Third Affidavit of Philip Brumley, attached as Exhibit 3, ⁋⁋ 3-6)

[2] Plaintiffs appear to have placed Mr. Shaffer's Affidavit on a combined pleading heading which includes both the Caekaert case (CV-20-52) and Rowland case (CV-20-59) captions one after the other.

1

that their demand is "a modest amount" and "very conservative" (*see* Affidavit, at pp. 4 & 5), their demand is on its face staggering and grossly unreasonable. Plaintiffs reviewed documents, drafted and served three sets of discovery requests addressing the jurisdictional dispute, took one deposition, and drafted and argued one motion for sanctions.

To accomplish those tasks, Plaintiffs seek compensation for **819.35** billable hours for **five** persons (four attorneys and one paralegal). Plaintiffs seek **128.80** hours alone just for **talking** together about the case. They seek 224.85 hours for drafting and editing and 226.4 hours for reviewing documents (many of which are the Plaintiffs' own documents). In total, Plaintiffs seek $176,261 in legal fees and $14,363.11 in expenses.

Plaintiffs seek a windfall, rather than reasonable and fair compensation. Their request is especially egregious because it is unsupported by any contemporaneous records. Their demand is so far-fetched and riddled with redundant excess that it should be rejected as unreliable, or at the very least, drastically reduced.

## **BREAKDOWN OF FEES AND EXPENSES SOUGHT**

Plaintiffs submitted Declarations from four attorneys (Ryan Shaffer, Rob Stepans, James Murnion, and Matt Merrill) and a paralegal (Jessica Yuhas). These Declarations are summarized as follows:

| Hours Claimed by **Ryan Shaffer** (Exh. B, Dkt. 144-2) | | | | | | |
|---|---|---|---|---|---|---|
| Rate | Meetings/ Conf. calls | Drafting | Editing | Reviewing | Travel | Court/Depos |
| $300 | 27.3 | 130 | 15.3 | 20.3 | 40 | 10.5 |
| Total Hours: **246.9** Total Fees sought: **$68,070** | | | | | | |

| Hours Claimed by **Rob Stepans** (Exh. C, Dkt. 144-3) | | | | | | |
|---|---|---|---|---|---|---|
| Rate | Meetings/ Conf. calls | Drafting | Editing | Reviewing | Travel | Court/Depos |
| $300 | 21.8 | 0 | 0 | 10 | 23.2 | 2.6 |
| Total Hours: **57.6** Total Fees sought: **$13,800** | | | | | | |

| Hours Claimed by **James Murnion** (Exh. D, Dkt. 144-4) | | | | | | | |
|---|---|---|---|---|---|---|---|
| Rate | Meetings/ Conf. calls | Drafting | Editing | Reviewing | Travel | Court/ Depos | Research |
| $200 | 26.3 | 55.5 | 3.25 | 176.5 | 10 | 1 | 17 |
| Total Hours: **289.95** Total Fees sought: **$56,990.00** | | | | | | | |

| Hours Claimed by **Matt Merrill** (Exh. E, Dkt. 144-5) | | | | | | |
|---|---|---|---|---|---|---|
| Rate | Meetings/ Conf. calls | Drafting | Editing | Reviewing | Court/Depos | Research |
| $300 | 30 | 6.5 | 14.3 | 39.9 | 0 | 1 |
| Total Hours: **91.7** | | | | | | |

| Total Fees sought: **$27,501.00** |
| --- |

| Hours Claimed by **Jessica Yuhas** (Exh. F, Dkt. 144-6) | | | | |
| --- | --- | --- | --- | --- |
| Rate | Meetings/ Conf. calls | Bates- numbering docs | Preparing docs to be filed/mailed | Filing docs |
| $75 | 23.4 | 50 | 40.2 | 19.6 |
| Total Hours: **133.2** | | | | |
| Total Fees sought: **$9,900** | | | | |

### Noteworthy Issues from these Declarations:

- No one kept contemporaneous time records. Rather, each "reconstructed" their time entries and then estimated how long it took them. (*See* Dkts. 144-2, ¶¶ 7-8; 144-3, ¶¶ 7-8; 144-4, ¶¶ 6-8; 144-5, ¶¶ 6-7; 144-6, ¶ 8)

- Messrs. Shaffer and Murnion billed **28** and **33** hours respectively in one 24-hour day.

- Some billers billed in excess of 16 hours on one day.

- All of the billable time sought for attorney Matt Merrill occurred *before he was ever an attorney of record* in this case. Mr. Merrill billed for time between July 9, 2020, and March 16, 2022. (Dkt. 144-5, pp. 7-10) He was admitted pro hac vice on April 26, 2022.

- On the day WTPA withdrew its motion to dismiss, November 5, 2021, Plaintiffs block billed **66 hours** from **4 persons**, for time purportedly drafting their response brief to WTPA's motion. No response was ever filed, of course.

- **819.35** hours total billed by all 5 (including 686.15 hours for the attorneys)

- **105.4** hours ($30,745) billed by all 5 in meetings and calls with each other. This constitutes nearly 13 percent of all time presented.

- **192** hours for drafting documents.

- **226.4** hours for document review. This constitutes nearly 28 percent of all time presented.

## ARGUMENT

The Court awarded sanctions pursuant to 28 U.S.C. § 1927. "Punishment under this statute is sparingly applied…" *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994) (*quoting Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991)). However, the power to issue sanctions under § 1927 "carries with it the potential for abuse, and therefore the statute should be construed narrowly and with great caution, so as not to 'stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.'" *Mone v. Comm'r*, 774 F.2d 570, 574 (2d Cir. 1985) (citation omitted).[3]

The Ninth Circuit has adopted a but-for test when determining the scope of allowable sanctions under § 1927, as delineated by the Supreme Court in *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S. Ct. 1178 (2017). *See Redding*

---

[3] While not seeking to re-litigate the issue, but simply to highlight that WTPA's motion to dismiss and Mr. Brumley's affidavits were not unwarranted, it should be emphasized that the singular issue WTPA was addressing in its motion to dismiss was the absence of any contacts with Montana. It was timely withdrawn under the safe harbor provision of Rule 11, yet the Order awarding sanctions does not reference Mr. Brumley's second Declaration that clarified WTPA's position on some of the documents the Court relied on in awarding sanctions, none of which relate to Montana jurisdiction and/or the relevant time period (Docs. 21-3, 21-4, 29-1, 29-2, 29-3, 29-4) (3rd Aff. of Brumley, Ex. 3, ¶¶ 9-16). Additionally, the Order does not reflect that Mr. Brumley offered himself for deposition at Plaintiffs' request where he could have clarified statements made in his affidavits. Plaintiffs unilaterally cancelled the deposition request. These factors further warrant a cautious hand in assessing Plaintiffs' sanctions award request.

*v. Prosight Specialty Mgmt. Co., Inc.*, 2017 WL 5526353, at \*1-3 (D. Mont. Nov. 17, 2017); *de Borja v. Razon*, 340 F.R.D. 400, 411 (D. Or. 2021). According to *Haeger*, sanctions under § 1927 "must be compensatory rather than punitive in nature." *Haeger*, 137 S.Ct. at 1186 (citation omitted). As such, courts "can shift only those attorney's fees incurred because of the misconduct at issue." *Id*.  The Supreme Court explained in *Haeger* that it was critical that the court determining an award under § 1927 ensure that the award is directly tied to the event that caused the sanction to be issued; otherwise the award improperly "crosses the boundary from compensation to punishment." *Id*. (internal citations omitted). Notably, the *Haeger* Court further admonished that, if the requesting party " 'would have incurred [an] expense in any event[,] he has suffered no incremental harm from the [misconduct],' and so the court lacks a basis for shifting the expense." *Id.* at 1187, *quoting Fox v. Vice*, 563 U.S. 826, 836 (2011). In other words, "when 'the cost[ ] would have been incurred in the absence of" the [misconduct], then the court (possessing only the power to compensate for harm the misconduct has caused) must leave it alone." *Id*., *quoting Fox*, 563 U.S. at 838.

Finally, the *Haeger* Court explained the district court's role in applying the but-for test:

> This but-for causation standard generally demands that a district court assess and allocate specific litigation expenses—yet still allows it to exercise discretion and judgment. The court's fundamental job is to

determine whether a given legal fee—say, for taking a deposition or drafting a motion—would or would not have been incurred in the absence of the sanctioned conduct.

*Haeger*, 137 S. Ct. at 1187 (internal citations omitted).

The Ninth Circuit has analogized the award of sanctions under § 1927 and its inherent power to sanctions under Rule 11 and Rule 37.  *See Stanley v. Woodford*, 449 F.3d 1060, 1064 (9th Cir. 2006) ("the policies undergirding Rule 37(a) sanctions are not relevantly different from those justifying sanctions under § 1927 or a court's inherent powers"); *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

On an attorney fees application, the claimant seeking fees has the initial burden of documenting and proving its claims. *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method (i.e., multiplying reasonable hours by a reasonable rate). *Marrocco v. Hill*, 291 F.R.D. 586, 587-88 (D. Nev. 2013).

Hours sought in a fee request that are "excessive, redundant, or otherwise unnecessary" should be excluded. *Hensley,* 461 U.S. at 434. Indeed, "Courts are required to eliminate 'excessive, redundant, or unnecessary' hours from any lodestar" calculation. *Speiker v. FCA US, LLC*, 2021 WL 4353273, at *3 (C.D. Cal. June 4, 2021), *citing Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Accordingly, many courts have reduced or denied fee requests when

there is redundant or duplicative time entries. *See e.g., Sec'y of Lab., United States Dep't of Lab. V. Valley Wide Plastering Constr. Inc*., 2022 WL 2390950, at *6 (D. Ariz. July 1, 2022) ("Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary" ); *Herrington v. Cnty. Of Sonoma*, 883 F.2d 739, 747 (9th Cir. 1989) (identifying duplication of effort by co-counsel, which necessitated reduction of the hours claimed); *Bartlett v. CitiBank N.A.*, 2018 WL 1178326, at *2 (N.D. Cal. Mar. 7, 2018) (reducing hours awarded for unnecessarily duplicative work on motion); *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*, 248 F.R.D. 64, 71 (D.D.C. 2008) ("Parties cannot be reimbursed for nonproductive time or duplicative activities."); *Serrano v. Ritz-Carlton San Juan Hotel Spa & Casino*, 808 F. Supp. 2d 393, 398 (D.P.R. 2011) (fees may be "reduced because of (1) the overstaffing of a case, (2) the excessiveness of the hours expended on the legal research or the discovery proceedings, (3) the redundancy of the work exercised, or (4) the time spent on needless or unessential matters.") (internal citations omitted); *Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013) (reducing hours requested related to discovery motion briefing by more than half because it was unreasonable and unnecessarily duplicative to have two partners and a senior associate work on it).

Therefore, when—as here—a party seeks to be compensated for hours incurred by multiple attorneys for the same task, such as writing motions or

participating in hearings or depositions, the Court is instructed to examine the claim with skepticism. *Irvine Unified Sch. Dist. V. Landers*, 2021 WL 4572016, at *3 (C.D. Cal. July 8, 2021) ("Courts ought to examine with skepticism claims that several lawyers were needed to perform a task and should deny compensation for such needless duplication," *quoting Democratic Party of Wash. V. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004). *See also Pearson v. Fair*, 980 F.2d 37, 47 (1st Cir. 1992) (courts "should ordinarily greet a claim that several lawyers were required to perform a single set of tasks with healthy skepticism," *citing Lipsett v. Blanco,* 975 F.2d 934, 938 (1st Cir. 1992)).

In addition, only time actually expended on the particular issue for which fees were awarded should be allowed. *See e.g., Scott Hutchison Enters., Inc. v. Cranberry Pipeline Corp.*, 318 F.R.D. 44, 57 (S.D.W. Va. 2016) (reducing purported attorney hours for document review by one-half because review of documents was also necessary as part of ongoing litigation); *Raynor v. G4S Secure Sols. (USA) Inc.*, 327 F. Supp. 3d 925, 949–50 (W.D.N.C. 2018), *aff'd,* 805 F. App'x 170, 2020 WL 917060 (4th Cir. 2020) (concluding 30% reduction of fees to avoid awarding compensation for efforts not caused by discovery failure at issue).

In the absence of contemporaneous records, reconstruction of billing records may be used as a basis for an award of attorney's fees. *Ackerman v. W. Elec. Co.*, 643 F. Supp. 836, 864-65 (N.D. Cal. 1986), *citing City of Detroit v. Grinnell Corp.,*

9

560 F.2d 1093, 1102-03 (2d Cir. 1977). However, in reviewing reconstructed records, the Court must "subject the retrospectively created record to a more exacting scrutiny than [it] would bring to contemporaneous and detailed records." *Ackerman, citing Grendel's Den, Inc. v. Larkin,* 749 F.2d 945, 952 (1st Cir. 1984). The Court may exercise discretion to find that the "absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance." *Grendel's Den, supra,* at 952.

## I.   PLAINTIFFS' FEE REQUEST IS UNREASONABLE AND EXCESSIVELY HIGH.

### A.   Rob Stepans Time Should Not Be Compensable Because His Work Involved Passive Review of Other Attorneys' Work.

Plaintiffs seek $13,800 for 57.6 hours reconstructed by attorney Rob Stepans. Mr. Stepans admits that his primary role was reviewing briefs and discovery and talking with others who did the actual legal work.[4] The bulk of his time was not proactive or productive work, and it was  duplicative of work done by other attorneys.

---

[4] Stepans billed 21.8 hours to meet and talk to others, 10 hours for reviewing documents, 23.2 hours for traveling, and 2.6 hours for attending a hearing and a deposition. (Dkt. 144-3, ¶ 7 & Exh. 1)

Mr. Stepans' is not properly compensable. The jurisdictional issue at hand was not so complex that it was necessary or reasonable to have a fourth attorney involved, especially when his involvement was passive, essentially talking with and observing what the other attorneys were doing. His time in talking, reviewing, traveling, and watching is therefore "excessive, redundant, or otherwise unnecessary." *See Hensley, supra*, at 461 U.S. 434. This Court should eliminate it from an any award. *See Speiker* , 2021 WL 4353273, at *3.

Furthermore, the bulk of Mr. Stepans' reconstructed time for reviewing documents is both block billed and undefined. He reconstructed 8.6 hours to review documents covering an eight-month period (7/13/20–3/20/21). (Dkt. 144-3, p. 7) He simply wrote, identically to Mr. Shaffer, "Review of Jehovah's Witness documents obtained from Defendants and Third Parties re: WTPA's role in the church and contacts with Montana." (*Id.*) Therefore, Plaintiffs have not met their burden to document and prove their claim for fees regarding Mr. Stepans' purported review time. *See Hensley* 461 U.S. at 437 (claimant on attorney fees application has initial burden of documenting and proving its claims). Mr. Stepans does include a spreadsheet listing documents produced by Plaintiffs that he allegedly reviewed (Dkt. 144-3, p. 10). However, this spreadsheet does not include a single document produced by Defendants. Plaintiffs are not entitled to fees associated with reviewing their own documents.

11

**B.     Matt Merrill's Time Should Not Be Compensable Because he was Not an Attorney of Record and His Work was Duplicative.**

Plaintiffs seek $27,501 for 91.7 hours by Colorado attorney, Matt Merrill.[5] But he was neither counsel of record nor admitted in Montana during this period. Mr. Merrill's time should not be compensable as attorney fees in this case because he was not counsel of record nor even admitted in Montana during this period and his work was entirely duplicative of the work done by the other attorneys of record in this case. Plaintiffs' assertion that his time was necessary and reasonable must be considered with skepticism. *See e.g., Irvine Unified Sch. Dist.*, 2021 WL 4572016, at *3 (C.D. Cal. July 8, 2021); *Pearson,* 980 F.2d at 47. There was no need for four attorneys to duplicate the same tasks.

Moreover, Mr. Merrill block billed for an entry to review documents that was identical to Mr. Stepans' reconstructed block bill for review time, albeit Mr. Merrill billed over three times as much for reviewing documents than did Mr. Stepans. Mr. Merrill reconstructed 27.4 hours to review documents during an eight-month period (7/13/20–3/20/21). (Dkt. 144-5, p. 7) His reconstructed entry is identical to the entry made for the same thing by Mr. Stepans, even down to the alleged review period. (*Compare* to Dkt. 144-3, p. 7) Just as Mr. Stepans failed to do, Mr. Merrill failed to

---

[5] Mr. Merrill primarily billed for time meeting and talking with the others (30 hours), reviewing documents (39.9 hours), and editing other's writings (14.3 hours). (*See* Dkt. 144-5)

identify in his entry what or how many documents he actually reviewed. He simply repeated the same entry as Mr. Stepans noted. (*Id.*) As with Mr. Stepans, Plaintiffs have not meet their burden to document and prove their claim for fees regarding Mr. Merrill's purported review time. *See Hensley,* 461 U.S. at 437. And just as with Mr. Stepans' document review, Mr. Merrill's document review is likely the same documents that other attorneys in this case purported to review and bill for. His review work is therefore not awardable because it is "excessive, redundant, or otherwise unnecessary." *See Hensley,* 461 U.S. at 434; *Speiker,* 2021 WL 4353273, at *3.

### C.   The Reconstructed Time is Grossly Excessive and Unreasonable, and Most of It is Unrelated to the WTPA Jurisdictional Dispute.

Plaintiffs seek compensation for four attorneys purportedly spending 686.15 hours on the jurisdictional dispute, including 226.4 hours reviewing documents, 192 hours drafting documents, and 105.4 hours for meeting and talking. Plaintiffs' demand requires significant reduction.

#### 1.  Review time should be reduced as unreliable and duplicative.

The 226.4 hours of review time is grossly unreasonable on its face. Review of documents constituted nearly 28 percent of all time sought.

As mentioned, each of the four attorneys who reconstructed time has the identical entry for purportedly reviewing documents in this case: "Review of

Jehovah's Witness documents obtained from Defendants and Third Parties re: WTPA's role in the church and contacts with Montana." (*See* Dkt. 144-2, p. 9 (Shaffer); Dkt. 144-3, p. 7 (Stepans); Dkt. 144-4, p. 10 (Murnion); Dkt. 144-5, p. 7 (Merrill)) Only Mr. Murnion specified in his entry what documents he reviewed. Mr. Murnion purported to review some 6,923 pages of documents and specified the bates numbered ranges. (Dkt. 144-4, p. 10) Shaffer, Stepans, and Merrill block billed their review time without any details whatsoever.

This vast amount of time to review documents should be viewed with skepticism. First, three of the attorneys could not specify in their entry what documents they purportedly reviewed. That alone is a cause for concern. Second, all of the attorneys apparently reviewed in full or in part the same documents. That level of review is obviously redundant and should be excluded. *Hensley,* 461 U.S. at 434 ("excessive, redundant, or otherwise unnecessary" time should be excluded from fee awards).

Third, many of the documents that were specified as reviewed by Mr. Murnion were actually produced **by Plaintiffs** and almost certainly were reviewed for purposes of preparing Plaintiffs' own complaint. Well over 1,800 of the documents Mr. Murnion reviewed were documents held and produced by Plaintiffs, as they were bates numbered by Plaintiffs. (Dkt. 144-4, p. 10) Indeed, Plaintiffs even attached some of those same documents (for which they now seek compensation for

14

reviewing for the WTPA jurisdictional issue) to their original complaint. (*See* Doc. 1-4, Ex. D, and CAEKERT/MAPLEY 316-320, attached hereto as Ex. 1) Obviously, Plaintiffs had possession of these documents and, just as obviously, they must have reviewed them well **before** WTPA filed its motion to dismiss on jurisdictional grounds. Plaintiffs should not be compensated for reviewing documents they had before the jurisdictional issue arose and which they had already reviewed.

In addition, Mr. Murnion block billed a separate 41.6 hours to review *even more* documents, this time from allegedly 8/1/21 – 11/4/21. (Doc. no. 144-4, p. 13) He failed to specify them, other than to state they were "documents flagged in document management spreadsheet as potentially PJ relevant." (*Id.*) This time must also be viewed with skepticism, since there is no detail whatsoever.

Fourth, it is obvious that Plaintiffs would need to review—and almost certainly had already—these same documents to prepare the merits of their case. Many or even most of the documents had absolutely nothing to do with the WTPA jurisdictional issue, but potentially had some relevance to the merits of Plaintiffs' overall action. For example, the first document reviewed by Mr. Murnion, purportedly in response to the WTPA jurisdictional issue (CAERKERT/MAPLEY 001-002), has on its face nothing to do with WTPA or the jurisdictional issues. It is a 1983 letter from WTNY to the Body of Elders. The letter is not from WTPA, about WTPA, nor even refers to WTPA. (*See* Ex. 2, attached hereto) As a further example,

the document that Plaintiffs attached to their complaint but for which they now seek compensation for reviewing due to the WTPA jurisdictional issue, also obviously has nothing to do with jurisdiction over WTPA. The document is a copy of a portion of the 1974-75 Revised Codes of Montana. (*See* Ex. 1, attached) Plaintiffs are not entitled to fees for reviewing documents that they would have reviewed anyway in preparing their case. *See Haeger*, 137 S.Ct. at 1187.

It is Plaintiffs' burden to establish their claim for fees and support it with evidence. *See Hensley, supra,* 461 U.S. at 437. Plaintiffs fail to satisfy their burden by block billing reconstructed time entries without any specification of what they actually reviewed, or how it related to the jurisdictional issue, or by listing piles of documents by bates number alone, or by specifying documents that they had already reviewed well before WTPA filed its motion to dismiss, or documents that they would have reviewed anyway. The Court should reject their claim for fees for this reason alone.

### 2. Tasks unrelated to the jurisdictional dispute are not compensable.

Despite this Court's admonition that they can only seek fees "directly resulting from their efforts to respond to WTPA's motion to dismiss and conducting jurisdictional discovery in response to WTPA's motion to dismiss and Brumley's affidavit" (Dkt. 135, at 15), Plaintiffs seek recovery for working on unrelated tasks,

including motions to compel and their efforts to seek sanctions against Mr. Brumley. None of that time should be allowed.

Plaintiffs reconstructed a substantial amount of time for working on their motions to compel with non-party the Hardin Congregation. They seek time for drafting the subpoena to it and correspondence with its counsel, as well as the motion and briefs, meeting together to talk about the motion, and two attorneys traveling to and appearing at the court hearing. We estimate they have reconstructed 50 hours or more for their work on their motion to compel directed to the Hardin Congregation. However, the dispute with the Hardin Congregation was about the assertion of the clergy-penitent privilege, not jurisdiction over WTPA. That time is not compensable as a result.

Plaintiffs also seek a substantial amount of fees for their purported time devoted to attempting to obtain sanctions. Removing the time for purportedly drafting an unfiled response to WTPA's motion to dismiss, we estimate from their reconstruction that Plaintiffs seek 82 hours among all 5 for working on drafting and editing the sanctions motion, conducting a "mock" hearing with all five of them, and participating in the court hearing, including travel.

None of that should be compensable. This Court expressly granted as a sanction "those costs and expenses directly stemming from their efforts to respond to WTPA's motion to dismiss and their efforts to compel jurisdictional discovery."

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

(Dkt. 135, at 14) This Court did not grant Plaintiffs the ability to seek fees for their time incurred attempting to impose sanctions.

Finally, Plaintiffs created an entry for approximately 66 hours total from each of their five billers for purported time drafting a response brief to WTPA's motion to dismiss. This entry is highly suspect. Each of the five block billed their time on November 5, 2021, which is the day WTPA provided notice it was withdrawing its motion to dismiss. For example, Mr. Shaffer block billed 28 hours for November 5, 2021, for "response brief WTPA's MTD." (Dkt. 144-2, at 13) Mr. Murnion did the same, for 35.5 hours. (Dkt. 144-4, at 13) Seeking 66 hours for drafting a responsive brief is also an excessive amount of time, especially considering that days only have 24 hours in them. The block billed time for allegedly writing a brief that was never filed should not be awarded.

### 3.  Meeting time should be drastically reduced.

Plaintiffs billed over 105 hours for meeting and talking with each other. This is astonishing. Their time meeting and talking with each other in this case is clearly "excessive, redundant, or otherwise unnecessary" and should be excluded. *See Hensley, supra*, at 461 U.S. 434, 103 S. Ct. at 1939-40. The jurisdictional discovery issue and motion to dismiss did not justify five billers for over 105 hours of talking and meeting. It is very difficult to see how anything more than 10 hours is not excessive and unnecessary.

18

**D.** **Jessica Yuhas' Time Should Not Be Awarded Because It Is For Clerical and Administrative Tasks or Unnecessarily Duplicative.**

Plaintiffs seek $9,900 for 133.20 hours for paralegal Ms. Yuhas. Nearly 110 hours of her time is for bates-numbering documents, preparing documents to be filed or mailed, and filing documents. The remaining time, 23.4 hours, is for sitting in meetings and conference calls with the others. (*See* Dkt. 144-5)

None of this time should be awarded. Most of her time is not awardable because it concerns administrative and clerical tasks. *See Missouri v. Jenkins*, 491 U.S. 274 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them"); *Sec'y of Lab.*, 2022 WL 2390950, at *7 (time spent on tasks such as "upload[ng] & download[ing] docs; organiz[ing and] convert[ing] to PDF files; bates stamp" not compensable); *Friends of Maha'ulepu, Inc. v. Hawai'i Dairy Farms, LLC*, 2017 WL 11683805, at *17 (D. Haw. Nov. 13, 2017) ("[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate."); *Alter Fin. Corp. v. Citizens & S. Int'l Bank of New Orleans*, 817 F.2d 349, 350 (5th Cir. 1987) (paralegal fees under § 1927 allowed only for work done by paralegals and law clerks for work traditionally performed by an attorney).

Her remaining time for sitting in meetings and talking with the attorneys—23.4 hours—is not awardable either, as discussed above.

19

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

In total, the Plaintiffs have submitted time entries of well in excess of $100,000 for redundant tasks and tasks unrelated to the issue of WTPA's jurisdiction. The Court should view the entire submission with a healthy dose of skepticism and make significant reductions.

## II.    THE COURT SHOULD STAY PAYMENT OF SANCTIONS PENDING APPEAL.

WTPA takes any award of sanctions very seriously. Even more so, Mr. Brumley certainly does too. While he serves as General Counsel to WTPA, Mr. Brumley is first and foremost a Minister. He leads his local congregation in worship every Sunday. He has officiated at baptisms, weddings and funerals. His good name is extremely important to him. As a result, he would like the opportunity to clear his name by way of an appeal.

A court generally considers four factors when considering a stay pending appeal: (1) whether the stay applicant has made a strong showing of likelihood of success on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies. *W. Sec. Bank v. Schneider Ltd. P'ship*, No. CV 15-10-BLG-SPW-CSO, 2015 WL 9641678, at *2 (D. Mont. Dec. 21, 2015) (*citing Nken v. Holder*, 556 U.S. 418, 425-26 (2009)). Mr. Brumley makes a strong showing on each factor.

For the first factor, Mr. Brumley need not show that it is "more likely than not" he will succeed on the merits, but rather that substantial or serious legal questions exist for appeal. *Id.* (*quoting Leiva–Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011)); *see Nken*, 556 U.S. at 435. Here, serious legal questions exist as to whether this Court has authority to issue sanctions under § 1927 against Mr. Brumley, who is neither an attorney of record in this case nor admitted to practice before this Court—nor any other court in Montana.

Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

While this language is broad enough to suggest that admission in "any" federal court can suffice, the Ninth Circuit has not addressed whether an in-house attorney or a non-attorney-of-record, especially one not admitted to the court imposing the sanctions, can be sanctioned under § 1927. The Second Circuit has held that § 1927 "should be construed narrowly and with great caution, so as not to 'stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.'" *Mone v. Comm'r*, 774 F.2d 570, 574 (2d Cir. 1985) (citations omitted); *see LaSalle Nat. Bank v. First Connecticut Holding Grp.*, 287 F.3d 279, 289 (3d Cir. 2002) (*quoting Mone* for this principle); *see also Dreiling v. Peugeot Motors of Am.*, 768 F.2d 1159, 1165

(10th Cir. 1985) ("The power to assess costs against an attorney under § 1927, however, is a power that must be strictly construed and utilized only in instances evidencing a 'serious and standard disregard for the orderly process of justice.'" (citations omitted)); *United States v. Ross*, 535 F.2d 346, 350 (6th Cir. 1976) ("Because [§] 1927 is penal in nature, we believe that it should be strictly construed"); *Meadowbriar Home for Child., Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996) ("Punishment under [§ 1927] is sparingly applied").

In addition, legislative history notes that § 1927 requires a "high standard" so as to avoid infringing upon the advocacy of an "attorney *in representing his client*." H.R. Conf. Rep. No. 96-1234, at 8 (1980), reprinted in 1980 U.S.C.A.C.A.N. 2782 ("The high standard which must be met to trigger section 1927 insures that the provision in no way will dampen the legitimate zeal of an attorney in representing his client.") (emphasis added). This suggests that § 1927 is limited to attorneys representing the parties before the Court.

In *Federal Trade Commission v. Alaska Land Leasing, Inc*., 799 F.2d 507, 508-10 (9th Cir. 1986), the Ninth Circuit overturned sanctions awarded under § 1927 against a financial consultant employed by attorneys representing two of the parties to the suit. In vacating the sanctions, the court held that "Section 1927 does not authorize recovery from a party or an employee, but '*only* from an attorney or otherwise admitted representative of a party.'" *Id*. at 510 (*quoting 1507 Corp. v.*

*Henderson*, 447 F.2d 540, 542 (7th Cir. 1971)) (additional citation omitted). In this case, Mr. Brumley is an in-house attorney of a party but he is not an admitted representative of a party, which makes § 1927 sanctions against him impermissible under *Alaska Land Leasing*. The Ninth Circuit reaffirmed this principle in *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 640 (9th Cir. 2010), where the Court overturned an award of sanctions under § 1927 because "[t]he sanction here was imposed jointly on counsel and the client, but § 1927 authorizes sanctions only upon counsel."

While the Ninth Circuit has not yet specifically addressed whether a district court can sanction someone like Mr. Brumley—a non-party, affiant-witness, who also happens to be an attorney—*Alaska Land Leasing* and *Sneller* suggest a court lacks such authority. In addition, courts in the Ninth Circuit have determined they lack authority to sanction an attorney under § 1927 who is not counsel of record. For example, the Northern District of California adopted the recommendation of a Magistrate Judge to deny sanctions under § 1927 because "there was insufficient authority to support the proposition that 'an attorney who is not of record can be sanctioned pursuant to Section 1927.'" *See AF Holdings LLC v. Navasca*, No. C-12-2396-EMC, 2013 WL 5701104, at *2 (N.D. Cal. Oct. 16, 2013).

Courts in other circuits have reached the same conclusion. In *Leventhal v. New Valley Corp.*, 148 F.R.D. 109, 112 (S.D.N.Y. 1993), the court determined that a

senior vice present and general counsel (Walters) could not be sanctioned for an affidavit he submitted in opposition to plaintiff's summary judgment motion. While the court initially discussed sanctions under Rule 11, it then concluded that "[f]or comparable reasons I also decline to sanction Walters under § 1927 or the Court's inherent powers," explaining that:

> Rule 11 sanctions are not available against Walters because he was neither "an attorney of record" nor "a party" within the contemplation of the Rule. Brown and Fischer were the attorneys of record. New Valley was the party. Walters was an affiant-witness, who happened also to be an attorney. His corporate office is sufficient to visit liability for sanctions upon New Valley, if Walters' conduct upon behalf of that party was in fact sanctionable; but there is no basis in the Rule for sanctioning Walters himself.

In *Matta v. May*, 118 F.3d 410, 414 (5th Cir. 1997), the Fifth Circuit reversed a sanctions award against a party who, like Mr. Brumley, also happened to be an attorney, explaining:

It is clear from the record that Matta was represented by an attorney throughout this case. Neither his status as a licensed attorney nor his *pro se* brief filed in the related case make him liable for attorney fees under § 1927. Therefore, § 1927 cannot serve as the basis of the .... attorney fee award in this case. In *Manez v. Bridgestone Firestone North American Tire*, 533 F.3d 578 (7th Cir. 2008), the Seventh Circuit held that it could not sanction a Mexican attorney under § 1927. The case arose out of a fraudulent attempt to escape a dismissal based upon forum *non*

*conveniens*. The district court dismissed the case, but then the plaintiff hired the Mexican attorney who obtained a fraudulent document from the Mexican court system purporting to decline jurisdiction over the case. *See id.* at 582-85. The court explained that the attorney "'played a double role in this attempted fraud on the court,' both by orchestrating the proceedings in [Mexico] and by submitting an 'expert affidavit' to the Seventh Circuit in support of the plaintiffs' arguments while the initial appeal was pending." *Id.* at 585. Nonetheless, the court concluded that "Section 1927 permits sanctions only against '[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof.' Pereznieto is neither, and so the court's sanction was not authorized by § 1927." *Id.*

In *Lowery v. County of Riley*, 738 F. Supp. 2d 1159, 1170 (D. Kan. 2010), the court declined to impose sanctions against an insurer's general counsel for conduct relating to a mediation, explaining:

> To the extent that the City/County Defendants seek to apply 28 U.S.C. § 1927 against Arbuckle, the general counsel of FAMI, the Court has additional concerns. FAMI was not a party to this case at the time of the mediation. The basis for the claimed sanctions sought by the City/County Defendants all occurred before FAMI sought to intervene in this case. Thus, while Arbuckle was acting as an attorney when he appeared at the mediation on behalf of FAMI, he was not in the normal position of an attorney of record for a party ….

The Middle District of Florida likewise denied a motion for attorney's fees against an attorney because "movants have not provided the Court with a case

showing that fees under 28 U.S.C. § 1927 are available against a lawyer who was never counsel of record in the present proceeding." *Popa-Verdecia v. Marco Trucking, Inc.*, No. 8:18-CV-1869-T-02AEP, 2019 WL 527974, at *1 (M.D. Fla. Feb. 11, 2019).

Based upon *Alaska Land Leasing, Inc*., 799 F.2d at 508-10 and *Sneller*, 606 F.3d at 640, as well as the persuasive authority from throughout the country discussed above, Mr. Brumley makes a strong showing that substantial or serious legal questions exist for appeal. *See Leiva–Perez*, 640 F.3d at 965.

With respect to the second factor, Mr. Brumley will be irreparably harmed without the stay because he will be forced to pay an award of sanctions. Depending on the amount, this could impose financial hardship on Mr. Brumley. If he ultimately prevails on appeal, he would need to takes steps to reverse any penalties. A stay pending appeal will avoid any impact on his personal finances, as well as his career and reputation.

With respect to the final two factors, Plaintiffs will not be "substantially" injured by a stay, and no public interest exists sufficient to overcome the hardship imposed on Mr. Brumley. Accordingly, Mr. Brumley respectfully requests that this Court stay payment of any sanctions issued pending appeal.

Should a stay be denied, Mr. Brumley requests that rather than pay Plaintiffs' counsel, he be allowed to deposit any sanctions award with the Court, to be held in

trust pending the outcome of his appeal. This escrow arrangement will ensure that Plaintiffs would have ready access to the award, should it be affirmed on appeal, and that Mr. Brumley would have ready access to recouping the payment should he prevail on appeal.

## **CONCLUSION**

The amount of sanctions sought is far too high. It is not narrowly tailored to the jurisdictional at issue, and instead is premised on too many people doing too much duplicative work. Any award should be drastically reduced from Plaintiffs' excessive and unjustified demand, and payment should be stayed pending appeal, as well.

**DATED** this 24th day of October, 2022.

MOULTON BELLINGHAM PC


By    */s/* Gerry Fagan
       GERRY P. FAGAN
       CHRISTOPHER T. SWEENEY
       JORDAN W. FITZGERALD
       27 North 27th Street, Suite 1900
       P.O. Box 2559
       Billings, Montana 59103-2559

       *Attorneys for Watch Tower Bible and*
       *Tract Society of Pennsylvania*

27

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(d)(2)(E), I certify that this brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double-spaced, with left, right, top, and bottom margins of one inch; and that the word count calculated by Microsoft Word is 6,378 words, excluding the Table of Contents, Table of Authorities, Certificate of Compliance, and Certificate of Service.


By   */s/*Gerry P. Fagan
GERRY P. FAGAN

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of October, 2022, a copy of the foregoing was served on the following persons:

1.   U.S. District Court, Billings Division

2.   Robert L. Stepans       Matthew L. Merrill (*pro hac vice*)
     Ryan R. Shaffer         MERRILL LAW, LLC
     James C. Murnion      1863 Wazee Street, #3A
     MEYER, SHAFFER &    Denver, CO 80202
     STEPANS, PLLP
     430 Ryman Street
     Missoula, MT 59802
     *Attorneys for Plaintiffs*

3.   Jon A. Wilson          Joel M. Taylor, Esq. (*pro hac vice*)
     Brett C. Jensen         MILLER MCNAMARA & TAYLOR LLP
     BROWN LAW FIRM, P.C.   100 South Bedford Road, Suite 340
     315 North 24th Street     Mount Kisco, NY 10549
     P.O. Drawer 849
     Billings, MT 59103-0849
     *Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

4.   Bruce G. Mapley, Sr.
     3905 Caylan Cove
     Birmingham, AL 35215
     *Pro se*

By the following means:

   <u>1, 2, 3</u>   CM/ECF            <u>     </u>Fax
   <u>        </u>Hand Delivery    <u>     </u>E-Mail
     <u> 4 </u>   U.S. Mail           <u>     </u>Overnight Delivery Services

By   <u>*/s/ Gerry P. Fagan*</u>
         GERRY P. FAGAN

4857-8768-9475, v. 2

29

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW