Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com
*Attorneys for Plaintiffs*

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
1863 Wazee Street, #3A
Denver, CO  80202
Tel: (303) 947-4453
matthew@merrillwaterlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | | |
|---|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | ) ) ) | Case No. CV-20-52-BLG-SPW |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DEPOSITIONS** |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., | ) ) ) | |
| Cross Claimant, | ) ) | |
| BRUCE MAPLEY, SR., | ) ) | |
| Cross Defendant. | ) ) | |

## INTRODUCTION TO REPLY

Parties who withhold material evidence from production in discovery should not be surprised when their adversaries want to verify the foundation for the privilege claims.  Here, WTNY is withholding substantial evidence bearing on the sex abuse at issue in this case, but it is unwilling to cooperate in discovery so that Plaintiffs can independently evaluate its expansive privilege claims.  Plaintiffs have made two deposition requests:

1. First, Plaintiffs asked to complete the deposition of WTNY in two stages so that litigation over its expansive privilege claims can be resolved prior to other depositions being taken in this case.  Plaintiffs are <u>not</u> asking to depose WTNY two times on the same topics.  Plaintiffs are <u>not</u> asking to go beyond the prescribed time limits for depositions.  Plaintiffs are simply proposing a common sense, staggered approach that is consistent with the efficient resolution of issues in this case.  WTNY is unable to articulate any legitimate objection to Plaintiffs' proposal.[1]

2. Second, Plaintiffs have asked to depose the people at the Jehovah's Witness Organization's ("Organization") headquarters who have the most personal

---

[1] WTNY's counterproposal for Plaintiffs to go forward with limited topics now, and then seek leave for other topics later, effectively invited this motion because it required Plaintiffs to risk the ability of taking a full deposition of WTNY.

Plaintiffs' Reply Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **2** of **15**

and detailed knowledge about the way that the Organization (including its local congregations) handled allegations of child sex abuse during the 1970s, 1980s, and 1990s.  Allen Shuster, Gary Breaux and Gene Smalley are elders who have served in various supervisory roles at the Organization's headquarters since the 1970s.  These men have unique, personal knowledge of the policies, practices, and events that are central to this case, including information that is foundational to WTNY's privilege claims.  Shuster and Breaux have previously been designated by the Organization for deposition as ***People Most Knowledgeable/Qualified*** on these very subjects.

It stands to reason that if WTNY wants to continue withholding evidence of the child sex abuse at issue in this case, Plaintiffs should be entitled to explore WTNY's purported foundation for doing so.

**REPLY**

1. **<u>Plaintiffs' Counsel Conferred in Good Faith While Defendants' Ignored Plaintiffs' Invitation for a Phone Conference</u>**

Plaintiffs' counsel complied with the requirements of L.R. 26.3(c)(1) through direct, good faith engagement with defense counsel.  The discovery disputes are not complicated, and after nearly two weeks of conferring, no agreement was possible; the motions were ripe.  Furthermore, WTNY fails to tell the Court that it never responded to Plaintiffs' invitation to convene a phone call

Plaintiffs' Reply Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **3** of **15**

for additional conferral.

    a.  <u>Plaintiffs' conferral efforts regarding bifurcated / staggered Rule 30(b)(6)</u>
<u>deposition.</u>

Between September 23, 2022, and October 5, 2022, counsel for the parties exchanged multiple rounds of written communication whereby Plaintiffs stated the basis for a staggered deposition of WTNY, and WTNY responded that there was no legal authority for a staggered deposition, and it would not agree to it.[2] Declaration of Ryan Shaffer (Nov. 2, 2022) (attached as **Exhibit A**).  On September 27, 2022, Plaintiffs' counsel requested a phone call for the purpose of discussing a way to reach some sort of compromise.  **Ex. A**, ¶ 3c.  Counsel for WTNY never responded to this request.  **Ex. A**, ¶ 3d.

Over the course of thirteen days, Plaintiffs' counsel conferred in good faith about staggering the Rule 30(b)(6) deposition of WTNY.  WTNY would simply not agree to do so and in fact chose to ignore Plaintiffs' request for a phone conference.  Plaintiffs' counsel complied with their duty to confer in good faith, while WTNY did not.

///

---

[2] WTNY's "no legal authority" argument intentionally glosses over the fact that the parties can cooperatively sequence discovery in a way that is most efficient for the posture of the case if that is what they would like to do.  Fed. R. Civ. Pro. 26(d)(3). It's argument also ignores well-established law vesting federal district courts with authority to order the same.  *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998).

Plaintiffs' Reply Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 4 of 15

b.  <u>Conferral efforts regarding depositions of Shuster, Breaux, and Smalley.</u>

Between September 27, 2022, and October 5, 2022, counsel exchanged correspondence regarding whether WTNY would produce Allen Shuster, Gary Breaux, and Gene Smalley for deposition in this case.  Plaintiffs' request was a relatively routine and simple one to depose people with unique, personal knowledge relevant to central issues in this case.

First, WTNY requested notices of the depositions so that it could "assess next steps."  **Ex. A**, ¶ 4b.  While it is entirely unclear how drafting notices could impact WTNY's decision, Plaintiffs complied with the request and provided draft notices.  **Ex. A**, ¶ 4c-d.  Next, counsel for WTNY stated that it had concerns with the depositions, asking why the depositions were necessary, and stating that it would then evaluate whether it was going to file for a protective order.  **Ex. A**, ¶ 4e.  WTNY would not agree to producing Shuster, Breaux, and Smalley for deposition.

If WTNY was genuinely interested in good faith conferral, it could have offered to produce alternative witnesses with comparable first-hand knowledge of how the Organization was responding to reports of child sex abuse during the 1970s, 1980s, and 1990s.  At no time did it do so.  Instead, WTNY has attempted to limit Plaintiffs to a partial Rule 30(b)(6) deposition where WTNY gets to select

Plaintiffs' Reply Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **5** of **15**

its own witness.[3]  That does not constitute good faith conferral; it constitutes

obstruction of Plaintiffs' right under the rules to depose witnesses with personal

knowledge in the order and sequence that Plaintiffs deem appropriate.

## 2. **WTNY's Improper Use of the Meet and Confer Process**

WTNY's argument that Plaintiffs failed to properly confer should be viewed

in context of its repeated efforts to delay the filing of motions to compel evidence

it does not want to produce.  After nearly two months of conferring on Plaintiffs'

recent Motion to Compel re: Waived Privileges (Docs. 132 & 133), WTNY's

counsel attempted to prevent Plaintiffs from filing their motion by asserting a

failure to confer.[4]  WTNY chose not to raise this argument with the Court, but the

message was clear: WTNY will try to delay the filing of a ripe motion by

demanding more conferral.

WTNY's counsel (who previously represented WTPA) engaged in the same

---

[3] WTNY asserts that it needed to know why Plaintiffs' counsel wanted to take these depositions now, as opposed to some other time in this case.  **Ex. A**, ¶ 4e.  While every attorney would like to know why his or her adversary wants to take a deposition at a particular time, such inquiries are not about good faith conferral; they are designed to obtain insight into an adversaries strategic thinking, which is not permitted.  *See*, *Palmer by Diacon v. Farmers Ins. Exchange*, 261 Mont. 91, 116 (1993) ("At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.").

[4] WTNY's counsel stated "I don't think the below emails and the call from last Thursday satisfy the meet and confer requirements per Rule 37(a)(5)(A)(i) . . ."

Plaintiffs' Reply Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **6** of 15

tactic during jurisdictional discovery, where a three-month conferral process over vague and non-responsive interrogatory answers resulted in additional requests to confer "so we can understand where Plaintiffs are coming from." **Ex. A, ¶¶** 5-6. This was not genuine, good faith conferring. Plaintiffs' counsel had repeatedly and explicitly expressed where we were coming from: the interrogatory answers were so vague as to be meaningless. The Court agreed and held that "Defendants' answers were vague to the point of non-responsive." Doc. 85 at 11–12.

The Court's good faith conferral requirements serve an important purpose when litigants are genuinely interested in cooperating in discovery. However, in this case, conferral efforts on just two motions spanned five (5) months. WTNY's endless demands for more conferral over routine issues are not about resolving discovery disputes; they are about delaying and obstructing.

### 3. Depositions of Allen Shuster, Gary Breaux, and Gene Smalley

Front and center in in this case is how the Organization's headquarters handled reports of child sex abuse during the 1970s, 1980s, and 1990s. Such information will bear directly on the foundation for WTNY's expansive claims of testimonial privilege by revealing whether the conditions for maintaining such privileges exist and were honored.[5] Beyond questions of privilege, the unique,

---

[5] For instance, WTNY's privilege log entries pertaining to clergy-penitent privilege identify the recipient of such documents as the "Service Department." Shuster and

Plaintiffs' Reply Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 7 of 15

personal knowledge of Shuster, Breaux, and Smalley will also be directly relevant to other issues in this case, such as what WTNY knew about child sex abuse occurring in Hardin during the 1970s, 1980s, and 1990s (either directly, or through its agents) and when it knew it.  There are only a handful of people still alive with such personal, firsthand knowledge, and Plaintiffs would like to depose them.

      a.  <u>Gary Breaux</u>

      WTNY is being deceptive with the information provided to the Court about Gary Breaux.  While WTNY asserts that Mr. Breaux does "not know more than any other person" it told a California court that Mr. Breaux was the **Person Most Knowledgeable** about, *inter alia*:

> ➢ Any and all policies that the Organization had for handling accusations and proof of child sex abuse <u>from 1970 to the present</u>; and

> ➢ Any and all policies that the Organization had for warning congregations and their members when a known child molester joined the congregation <u>from 1970 to the present</u>.

*See* Memorandum of Points and Authorities in Support of Motion for Protective Order Regarding the Notice of Deposition Re: J.R. Brown and Declaration of WTNY attorney Robert J. Schnack (attached as **Exhibit B**).

———————————————

Breaux effectively oversaw the Service Department during all times relevant to WTNY's claims of clergy-penitent privilege.

Plaintiffs' Reply Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **8** of 15

WTNY took other liberties in this case with its representations about Mr. Breaux.  While WTNY implies that Mr. Breaux's involvement with WTNY is limited and effectively ended in 2001, the evidence shows that he was signing sworn statements as WTNY's "Assistant Secretary" as recently as 2009.  Amended Certificate of Incorporation of WTNY (Feb. 26, 2009); Application for Real Property Tax Exemption for WTNY (Feb. 27, 2009) (collectively attached as **Exhibit C**).

The Defendants' propensity to say whatever serves their immediate litigation interest, without regard for genuine accuracy, is increasingly concerning.[6] WTNY's representations about Mr. Breaux are misleading because they attempt to convince the Court of something that is not true, i.e. that he does not have personal knowledge of facts at issue in this case.  WTNY's representations are not reliable and cannot be taken at face value.

b. <u>Allen Shuster</u>

Missing from Allen Shuster's Declaration to this Court is the following:

➤ He began working at the Organization's New York headquarters in 1976.

---

[6] As the Court well knows, Plaintiffs were already forced to spend eighteen (18) months litigating WTPA's Motion to Dismiss that was based on the highly misleading affidavits of WTPA general counsel, Philip Brumley.  Doc. 135. WTNY's deceptive representations about Mr. Breaux, which contradict representations made in other child sex abuse cases, indicate that the Defendants have no intention of changing their conduct.

Plaintiffs' Reply Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **9** of **15**

Aff. Of Shuster, ¶ 3 (Sept. 21, 2011) (attached as **Exhibit D**).

➢ Beginning in 1981 he worked in the Organization's Service Department, which was responsible for communicating with local congregations about reports of child sex abuse.  **Ex. D**, ¶¶ 3–4.

➢ He was responsible for reviewing the qualifications for the appointments of elders and ministerial servants (such as the alleged perpetrators in this case) who served in local congregations and has provided sworn testimony regarding this practice for the period "1970s through the 1990s".  **Ex. D**, ¶¶ 3–4, 43–46.

WTNY previously designated Mr. Shuster as the **Person Most Qualified** to be deposed about: (a) correspondence back and forth between the Organization's headquarters and local congregations about child sex abuse; (b) the corporate administrative structure of the Organization; and (c) managerial staff functions within the Organization.  Dep. of Allen Shuster, 9:9–12:17 (Feb. 15, 2012) (attached as **Exhibit E**).  During that deposition, Mr. Shuster's testimony indicated significant firsthand knowledge of the information bearing on application of the clergy-penitent privilege, **Ex. E**, 27:8–32:24; the administrative structure of the Jehovah's Witness Organization before 2001, **Ex. E**, 33:19–34:20, 107:14–109:2, 111:8–113:11; policies and procedures that guided the Service Department's determination as to what sorts of communications are considered "confidential"

Plaintiffs' Reply Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **10** of **15**

**Ex. E**, 35:18–36:13; and how the Organization, including its local congregations, respond to reports of child sexual abuse **Ex. E** 37:6–44:22.

Mr. Shuster's personal experience working at the Organization's New York headquarters since 1976 on child sex abuse matters is truly unique. The events at issue in this case go back 40 to 50 years. There are not many witnesses still alive who have the sort of personal, first-hand knowledge that Mr. Shuster has for this period. Indeed, WTNY offers no plausible alternative witness with such first-hand knowledge. Contrary to WTNY's suggestions, Mr. Shuster's extensive personal knowledge and experience with child sex abuse matters dating back to the 1970s makes him a unique and important witness on many issues in this case.

    c. <u>Gene Smalley</u>

Gene Smalley has worked for decades at the Organization's New York headquarters in the Writing Department. Plaintiffs have reason to believe that he has knowledge relevant to many issues in this case and have no intention of perpetuating his deposition if he does not.

Despite its clear desire to do so, WTNY is not entitled to dictate which depositions Plaintiffs choose to take. *See, e.g., In re Deposition Subpoenas of David Garlock,* 463 F.Supp.2d 478, 481 (S.D.N.Y.2006) ("We begin with the proposition that plaintiffs have no burden to show that the deponents have any relevant knowledge."); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 282 F.R.D.

Plaintiffs' Reply Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **11** of **15**

259, 263 (N.D. Cal. 2012) (A claimed lack of knowledge is not a legitimate basis to preclude a deposition).  WTNY has presented no valid justification for its decision to hide Smalley from deposition.

### 4.  The Apex Doctrine Does Not Apply to Shuster or Breaux

The apex doctrine only applies "when those at the top of the company don't have personal knowledge about [facts in dispute] that might be of interest to the plaintiffs, or the attorneys, or the jury, or the court."  *McNamara v. Hess Corp*. 120-CV-00060-WAL-GWC, 2021 WL 4204335, at *3 (D.V.I. Sept. 15, 2021). Even senior and high-level executives are not exempt from deposition if they have personal knowledge of facts relevant to the lawsuit.  *Hunt v. Cont'l Cas. Co.,* No. 13-CV-05966-HSG, 2015 WL 1518067, at *2 (N.D. Cal. Apr. 3, 2015).  The party seeking to prevent a deposition based on the apex doctrine "carries a heavy burden to show why discovery should be denied" and it is very unusual "for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances." *Apple Inc., Ltd.*, 282 F.R.D. at 263; *Chevron Corp. v. Donzinger*, 11-CV-0691-LAK-JCF, 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013) ("It is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition.").

WTNY has not established that Breaux and Shuster qualify as "apex witnesses," let alone that they should be protected from giving testimony in this

Plaintiffs' Reply Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **12** of **15**

case.  WTNY presents no evidence that either Breaux or Shuster are the sort of high-level decision makers, such as a CEO or head of a government agency, that the apex doctrine typically applies to.  WTNY presents no evidence how providing testimony in this case would impact their respective duties, and other than their purported titles as President and Vice President of CCJW, there is no evidence that either man has high level decision-making authority.  To the contrary, Shuster testified in his 2012 deposition that he and Breaux reported to the "Branch Committee" while conducting work on behalf of WTNY.  **Ex. E**, 13:3–20.  Even now, it is the "Governing Body" that is responsible for making the high-level policies and decisions which govern the Organization's operations.  **Ex. E**, 111:19–113:11.

While WTNY cites to Judge Morris's holding in *Brewer*, it does not acknowledge that: (1) the witness at issue in that case, Mr. Ice, was the President and Chief Executive Officer of BNSF Railway Co.; and (2) Judge Morris agreed that the Plaintiff could depose Mr. Ice on matters of personal knowledge.   *Brewer v. BNSF Railway Co.*, 2015 WL 13810744 (D. Mont. 2015).  Thus, if anything, *Brewer* suggests Plaintiffs should be permitted to depose Shuster and Breaux on their substantial personal knowledge based on decades of working at the Organization's headquarters.  WTNY's effort to obstruct these depositions has no factual or legal support and should be rejected.

Plaintiffs' Reply Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **13** of **15**

### 5. <u>**Staggered Deposition of WTNY**</u>

WTNY is withholding an unknown number of documents evidencing the sexual abuse in this case.  At the same time, WTNY is refusing to permit a deposition about the foundation for doing so unless Plaintiffs are willing to give up the ability to obtain testimony on other topics.  WTNY's position is unreasonable, and given the posture of this case, lacks any legitimate basis.  It is WTNY that has decided to withhold substantial, material evidence from production.  Plaintiffs should be permitted to explore the foundation for doing so without giving up the right to a full corporate deposition with the benefit of all discoverable documents WTNY is withholding.  WTNY's opposition to such a common sense, reasonable proposal is further proof that its only interest is in obstruction.

### CONCLUSION

WTNY's opposition to Plaintiffs' depositions have no good faith basis and should be rejected.

DATED 2nd day of November, 2022.

MEYER, SHAFFER & STEPANS PLLP


By: /s/ Ryan Shaffer_____
      Ryan R. Shaffer
      MEYER, SHAFFER & STEPANS PLLP

      *Attorneys for Plaintiffs*

Plaintiffs' Reply Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **14** of **15**

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby certifies that this brief

complies with the length requirement for briefs, and that this brief contains 2,906

words, excluding the caption, certificates of service and compliance, table of

contents and authorities, and exhibit index.

By: /s/ Ryan Shaffer
      Ryan R. Shaffer
      MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*


## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Local Rule 1.4, this document has been served on all parties via

electronic service through the Court's Case Management/Electronic Case Filing

(CM/ECF) system.

By: /s/ Ryan Shaffer
      Ryan R. Shaffer
      MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

Plaintiffs' Reply Brief in Support of Their Motion to Compel Depositions
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **15** of **15**