*Exhibit B*

1  Robert J. Schnack, SBN 191987
   BULLIVANT HOUSER BAILEY PC
2  11335 Gold Express Drive, Suite 105
   Sacramento, California  95670-4491
3  Telephone: 916.852.9100
   Facsimile: 916.852.5777
4  E-Mail: bob.schnack@bullivant.com

5  Attorneys for The Church Defendants

**FILED**

SEP 3 0 2005

Clerk of the Napa Superior Court
By: _Sara O'Deers_
         Deputy

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF NAPA

10 CHARISSA W. and NICOLE D.            Case No.: 26-22191

11              Plaintiffs,             Judicial Council Coordination Proceeding no.
                                        4374
12     v.
                                        **MEMORANDUM OF POINTS AND**
13 WATCHTOWER BIBLE AND TRACT           **AUTHORITIES IN SUPPORT OF**
   SOCIETY OF NEW YORK, INC., et        **MOTION FOR PROTECTIVE ORDER**
14 al.,                                 **REGARDING THE NOTICE OF**
                                        **DEPOSITION RE J.R. BROWN**
15              Defendants.
                                        DATE:    October 12, 2005
16                                      TIME:    8:30 a.m.
                                        DEPT:    C
17
                                        TRIAL DATE: Not yet set **RECEIVED**
18 ─────────────────────────
                                                   SEP 3 0 2005
19 AND COORDINATED CASES

20                                                 COURT EXECUTIVE OFFICER

21              **I. STATEMENT OF FACTS**

22     Plaintiffs in the two Track I cases of *Tim W.* and *Wimberley*[1] have noticed the deposition

23 of J.R. Brown, Director of the Office of Public Information (hereafter "OPI") for defendant

24 Watchtower Bible and Tract Society of New York, Inc. (hereafter "Watchtower NY").  This

25 deposition was noticed based on a May 9, 2002 letter signed by J.R. Brown as Director of

26 ─────────────────────────
27 [1] A number of cases were earlier ordered coordinated under Judicial Council rules, and the Napa
   County Superior Court is the court designated to oversee the coordinated cases. Thus, although
28 the notice of deposition at issue is for the Track I cases only, this motion is filed on the caption
   for the *Charissa W.* case, which has been designated as the so-called "lead" case.

─ 1 ─

1  Watchtower NY's OPI, in response to a facsimile letter received from Betsan Powys of BBC

2  (British Broadcasting Corporation) Panorama.

3      The May 9, 2002 letter signed by Mr. Brown that was sent to Betsan Powys of BBC

4  Panorama addressed in general terms the way in which Jehovah's Witnesses handle child abuse

5  matters.  It was written for the purpose of responding to a television program the BBC was

6  planning to air regarding that issue.  While J.R. Brown signed the May 9, 2002 letter as the

7  Director of the OPI for Watchtower NY,[2] his declaration filed herewith reveals that he does not

8  have any unique, special, or superior personal knowledge regarding the topics and categories of

9  information in the letter about which plaintiffs want to inquire.  In addition, his declaration

10  reveals that he does not have any personal knowledge regarding any of these coordinated cases.

11      At the same time that plaintiffs served the notice of deposition for J.R. Brown, plaintiffs

12  also served a notice of deposition for the person most knowledgeable, or "PMK," regarding

13  certain topics or categories of information addressed in the May 9, 2002 letter signed by J.R.

14  Brown.  With regard to that PMK deposition notice, Watchtower NY has designated Gary

15  Breaux as the person most knowledgeable.  Gary Breaux has knowledge of each of the topics or

16  categories identified in the notice of PMK deposition regarding the May 9, 2002 letter and can

17  competently and knowingly testify regarding each such topic.  *See* declaration of Robert J.

18  Schnack filed herewith.

19      Defense counsel for Watchtower NY has met and conferred with one of plaintiffs'

20  attorneys prior to filing this motion for protective order, as required by California's Code of

21  Civil Procedure.  Defense counsel advised plaintiffs' counsel that J.R. Brown has no personal

22  knowledge regarding these coordinated cases and that he has no unique or superior personal

23  knowledge regarding the contents of the May 9, 2002 letter.  In that same conversation, defense

24  counsel advised plaintiffs' counsel that Gary Breaux has been designated by Watchtower NY as

25  the person most knowledgeable regarding the topics identified about the May 9, 2002 letter in

26
27  [2] The May 9, 2002 letter was written on letterhead of Watch Tower Bible and Tract Society of
Pennsylvania ("Watch Tower PA") because the letter was sent to the BBC in England.  All
28  letters from the OPI sent to locations outside of the United States are placed on Watch Tower
PA letterhead.

1   the PMK deposition notice and that Watch Tower PA would produce Mr. Breaux for deposition

2   on a mutually agreeable date in October or November 2005.  Despite this information, plaintiffs

3   have declined to withdraw the deposition notice for J.R. Brown's deposition.

4       It is important to note that defendant Watchtower NY is *not* attempting here to quash

5   deposition testimony regarding the topics identified in the PMK deposition notice concerning

6   the May 9, 2002 letter.  Rather, defendant is seeking a protective order only regarding the

7   deposition notice for J.R. Brown.  While J.R. Brown signed the letter in his capacity as the

8   Director of the OPI, he does not have any unique or superior personal knowledge of the subject

9   matter contained therein.  In addition, he does not have personal knowledge of any of these

10  coordinated cases.

11      As noted, Watchtower NY is prepared to and will produce Gary Breaux for examination

12  by deposition because he has been designated by Watchtower NY as the person most

13  knowledgeable regarding the topics identified by plaintiffs in the May 9, 2002 letter.  However,

14  Watchtower NY seeks to protect having to produce J.R. Brown for a deposition regarding a

15  matter of which he does not have unique or superior personal knowledge and regarding lawsuits

16  of which he has no knowledge. To allow such a deposition to proceed would cause unwarranted

17  annoyance, oppression, and undue burden or expense. *See* CCP §2023.010.

18  ## II. POINTS AND AUTHORITIES

19      **Overview of discovery rules.** California Code of Civil Procedure section 2017.010 sets

20  forth the general discovery provisions in California.  In general, "any party may obtain

21  discovery regarding any matter, not privileged, that is relevant to the subject matter involved in

22  the pending action or to the determination of any motion made in that action, if the matter either

23  is itself admissible in evidence or appears reasonably calculated to lead to the discovery of

24  admissible evidence."  CCP §2017.010.  "The court shall limit the scope of discovery if it

25  determines that the burden, expense, or intrusiveness of the discovery clearly outweighs the

26  likelihood that the information sought will lead to the discovery of admissible evidence."  CCP

27  §2017.020.

28      A court shall restrict the use and frequency of a discovery method if it determines that

-3-

1  the "discovery sought is unreasonably cumulative or duplicative, or is obtainable from some

2  other source that is more convenient, less burdensome, or less expensive." CCP

3  §2019.030(a)(1).  "Misuses of the discovery process include, but are not limited to ... employing

4  a discovery method in a manner or to an extent that causes unwarranted annoyance,

5  embarrassment, or oppression, or undue burden and expense."  CCP §2023.010(c).

6          California Code of Civil Procedure section 2025.010, *et seq.*, governs the taking of oral

7  depositions.  Generally speaking, parties and non-parties can be deposed in California.

8  However, "[b]efore, during or after a deposition, any party, any deponent, or any other affected

9  natural person or organization may promptly move for a protective order ...."  CCP

10  §2025.420(a).  "The court, for good cause shown, may make any order that justice requires to

11  protect any party, deponent, or other natural person or organization from unwarranted

12  annoyance, embarrassment, or oppression, or undue burden and expense ...."  CCP

13  §2025.420(b).  In this case, defendants are seeking a protective order regarding the noticed

14  deposition of J.R. Brown, Director of the OPI for Watchtower NY.

15          **Discussion.**  It has previously been held in the *Liberty Mutual Ins. Co.* case that before a

16  high level executive can be deposed, less intrusive discovery methods must be employed.  "We

17  conclude it amounts to an abuse of discretion to withhold a protective order when a plaintiff

18  seeks to depose a corporate president, or corporate officer at the apex of the corporate hierarchy,

19  absent a reasonable indication of the officer's personal knowledge of the case and absent

20  exhaustion of less intrusive discovery methods." *Liberty Mutual Ins. Co. v. Superior Court*

21  (1992) 10 Cal.App.4th 1282, 1287, 13 Cal.Rptr.2d 363, 365.  "At the outset it would seem

22  sensible to prevent a plaintiff from leap-frogging to the apex of the corporate hierarchy in the

23  first instance, without the intermediate steps of seeking discovery from lower level employees

24  more involved in everyday corporate operations. The head of a large national corporation will

25  generally not have knowledge of a specific incident or case handled several levels down the

26  corporate pyramid." *Id.*

27          Here, a letter was drafted in response to an inquiry from the British Broadcasting

28  Corporation, or BBC, regarding a scheduled BBC television segment.  J.R. Brown signed the

1  letter as the Director of the OPI.  That May 9, 2002 letter did not relate to these coordinated

2  cases -- indeed, none of these coordinated cases had even then been filed.  Plaintiffs now want

3  to depose J.R. Brown regarding certain subject matter contained in the letter despite having been

4  advised that, although Mr. Brown signed the letter, he does not have any unique or superior

5  personal knowledge about the topics in the letter or any personal knowledge concerning these

6  coordinated cases.

7       At the same time plaintiffs served the J.R. Brown deposition notice, they also served a

8  PMK deposition notice for the person most knowledgeable regarding certain topics or categories

9  of information, including topics concerning the letter signed by J.R. Brown.  The validity of the

10  PMK deposition notice is not being challenged here, and Watchtower NY has already agreed to

11  produce Gary Breaux for deposition as the designated PMK.  Gary Breaux is the person most

12  knowledgeable about the topics regarding the May 9, 2002 letter described in plaintiffs' PMK

13  deposition notice, and he will testify in the PMK deposition.

14       "'[A]pex' depositions such as the one in this case, when conducted *before* less intrusive

15  discovery methods are exhausted, raise a tremendous potential for discovery abuse and

16  harassment.*" Liberty Mutual*, 10 Cal.App.4th at 1287 (emphasis added).  Because the issue was

17  a case of first impression and because the California Discovery Act of 1986 had brought

18  California into close alignment with the federal rules governing discovery, the *Liberty Mutual*

19  court first analyzed federal cases that dealt with noticed depositions of high-level executives.

20  After review and analysis of several cases, the *Liberty Mutual* court concluded:

21       "Consistent with these federal decisions, we hold that when a
         plaintiff seeks to depose a corporate president or other official at
22       the highest level of corporate management, and that official moves
         for a protective order to prohibit the deposition, *the trial court*
23       *should first determine whether the plaintiff has shown good*
         *cause that the official has unique or superior personal*
24       *knowledge of discoverable information*.  If not, as will
         presumably often be the case in the instance of a large national or
25       international corporation, *the trial court should issue the*
         *protective order and first require the plaintiff to obtain the*
26       *necessary discovery through less intrusive methods.  These would*
         *include interrogatories directed to the high-level official to*
27       *explore the state of his or her knowledge or involvement in*
         *plaintiff's case*; the deposition of lower level employees with
28       appropriate knowledge and involvement in the subject matter of
         the litigation; *and the organizational deposition of the*

*corporation itself, which will require the corporation to produce*
*for deposition the most qualified officer or employee to testify on*
*its behalf as to the specified matters to be raised at the deposition.*
(§ 2025, subd. (d)(6).)  Should these avenues be exhausted, and the
plaintiff make a colorable showing of good cause that the high-
level official possesses necessary information to the case, the trial
court may then lift the protective order and allow the deposition to
proceed."

*Id.* at 1289 (emphasis added).

The *Liberty Mutual* case involved taking the deposition of the president of an insurance

company. The president of the company had been copied on two letters he claimed not to have

seen.  Other than that, there was no showing the president had any involvement in the lawsuit

against the company.  As discussed in the above excerpt, the *Liberty Mutual* court permitted

entry of a protective order.

In this case, J.R. Brown is a high-ranking official in the Office of Public Information.

He is the Director of the Office of Public Information and oversees staff members in that office.

As the person in charge of the OPI, he signed a letter regarding general issues involving sex

abuse that are not distinctly related to these pending coordinated cases.  He signed the letter in

his capacity as the Director of the OPI, but he has no unique or superior personal knowledge

regarding the matters addressed therein.  In addition, he does not have personal knowledge

regarding these coordinated actions filed against the Church Defendants.

Watchtower NY has already designated the person most knowledgeable about the topics

identified in the notice of PMK deposition regarding the May 9, 2002 letter, and defense counsel

has already advised plaintiffs' counsel that Gary Breaux will be produced on an agreed date for

that PMK deposition.

Thus, under the reasoning and holding of *Liberty Mutual* and the underlying federal

cases, this motion for protective order should be granted. Then, if plaintiffs do not obtain the

information they apparently are seeking in Mr. Breaux's deposition, plaintiffs can still serve

special interrogatories regarding the extent of J.R. Brown's knowledge.  (In addition, J.R.

Brown has filed a declaration in conjunction with this motion stating he does *not* have such

unique or superior personal knowledge.) Therefore, if, after the deposition of designated PMK

1   Gary Breaux is completed, and if, after special interrogatories inquiring about the knowledge of

2   J.R. Brown are completed, plaintiffs can still present a colorable basis for taking Mr. Brown's

3   deposition, the court could thereafter consider lifting the protective order.

4          The federal cases relied on by the *Liberty Mutual* court include several cases in which

5   plaintiffs tried first to take the depositions of high ranking officials of large companies who did

6   not have either unique or superior personal knowledge of relevant facts or any knowledge of the

7   of the case(s) at issue. For example, "[i]n *Salter v. Upjohn Co.* (5th Cir. 1979) 593 F.2d 649, the

8   plaintiff's decedent was fatally injured from ingestion of a prescription drug manufactured by

9   Upjohn. Plaintiff attempted to depose Upjohn's president, but the trial court granted a protective

10  order. The Fifth Circuit affirmed, on the basis of Upjohn's 'reasonable assertion[] that [the

11  president] ... did not have any direct knowledge of the facts.' (*Id.* at p. 651.)" *Liberty Mutual* at

12  1288.

13         The *Liberty Mutual* court also relied on *Baine v. General Motors Corp*, where the

14  plaintiff tried to depose the vice-president of General Motors in relation to a fatal injury

15  sustained by plaintiff's decedent.  The court stated:

16              "[I]n *Baine v. General Motors Corp.* (M.D.Ala. 1991) 141 F.R.D.
                332, the plaintiff attempted to depose a vice-president of General
17              Motors. Plaintiff's decedent was fatally injured by a faulty seat
                restraint system, and the vice-president had written a memorandum
18              describing his observations of the system's performance in
                prototype. The federal district court issued a protective order
19              against the deposition, finding that the deposition would be unduly
                burdensome to a high-level official in the absence of any showing
20              plaintiff could not obtain the necessary information from less
                intrusive avenues of discovery. The trial court required
21              plaintiff to first depose lower level engineering analysts and others
                with knowledge of the restraint system, and to serve interrogatories
22              on the vice- president to explore whether he had superior
                knowledge of the system."

23  *Liberty Mutual* at 1289.

24         Again, given J.R. Brown's lack of unique or superior personal knowledge regarding the

25  topics in the May 9, 2002 letter and his lack of personal knowledge regarding these coordinated

26  cases, Watchtower NY respectfully requests that a protective order be issued regarding the

27  notice of deposition for J.R. Brown, at least until after Gary Breaux's PMK deposition is taken

28

-7-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
REGARDING THE NOTICE OF DEPOSITION RE J.R. BROWN

1   and some other less obtrusive discovery methods are employed.

2        Finally, Code of Civil Procedure section 2017.010 provides that discovery is permissible

3   if it is relevant to the subject matter of the litigation, is admissible into evidence, or is

4   reasonably calculated to lead to the discovery of admissible evidence. *See* CCP §2017.010.

5   However, J.R. Brown does not have any personal knowledge regarding the facts underlying

6   these California coordinated cases. Therefore, his deposition testimony in that regard would not

7   be even remotely, much less reasonably, calculated to lead to the discovery of admissible

8   evidence.

9        If plaintiff were allowed to proceed with Mr. Brown's deposition, it would promote

10   abuse of the discovery process and harassment of the Church Defendants, particularly given that

11   a PMK has been identified and will be made available for deposition with regard to the

12   identified topics on which plaintiff is seeking to obtain discovery.

### III. CONCLUSION

14        For each of the foregoing reasons, Watchtower NY seeks a protective order from this

15   court, ordering that J.R. Brown not be required to sit for deposition. Watchtower NY will

16   produce Gary Breaux for a PMK deposition and, thereafter, plaintiffs can serve written

17   interrogatories to establish the extent of J.R. Brown's personal knowledge on the PMK topics

18   concerning the May 9, 2002 letter. However, to start with the deposition of J.R. Brown, who

19   has provided a sworn declaration stating that he does not have any unique, special, or superior

20   knowledge of the identified topics in the May 9, 2002 letter and also has no knowledge of these

21   coordinated lawsuits, is burdensome, unreasonable, and not reasonably calculated to lead to the

22   discovery of admissible evidence in these coordinated cases.

23   DATED: September 29, 2005

24                     BULLIVANT HOUSER BAILEY PC

26              By _____

                        Robert J. Schnack

27

28               Attorneys for the Church Defendants

5033040.1

*****

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
REGARDING THE NOTICE OF DEPOSITION RE J.R. BROWN

## PROOF OF SERVICE

1

2    I am a citizen of the United States and am employed in Sacramento County, where this mailing occurs.  My business address is 11335 Gold Express Drive, Suite 105, Gold River, California 95670.  I

3    am over the age of eighteen (18) and not a party to this within cause.

4    On **September 29, 2005**, the following ordinary business practice, I served the foregoing document(s) described as:

5

6    **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGARDING THE DEPOSITION NOTICE OF J.R. BROWN**

7    in the following manner, by placing a true copy(ies) thereof in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| **Attorneys for Plaintiffs   BY FAX & MAIL**<br>Rudy Nolen<br>NOLEN SAUL BRELSFORD<br>350 University Ave., Suite 280<br>Sacramento, CA  95825<br>Fax: 916-564-9991 | **Attorneys for defendant Harriman**<br>Craig Diamond<br>Diamond, Baker, Phillips & Walters LLP<br>PO Box 1147<br>Cedar Ridge, CA  95924<br>**Fax: 530-272-8463** |
| **Attorneys for Plaintiffs BY FAX & MAIL**<br>Gregory S. Love<br>LOVE & NORRIS<br>314 Main St., Ste 300<br>Fort Worth, TX 76102<br>Fax: 817-335-2912 | **BY FAX & MAIL**<br>Hartley Hampton<br>Fibich, Hampton & Leebron<br>Five Houston Center<br>1401 McKinney, Ste. 1800<br>Houston, TX  77010<br>Fax 713-751-0030 |
| **In Pro Per**<br>James Henderson<br>25 Gilmore Rd., #17<br>Red Bluff, CA  96080 | |
| **Attorneys for Defendant Carlos Vasquez**<br>William E. Bernard<br>1624 Santa Clara Dr., #210<br>Roseville, CA  95661<br>Fax:916-789-7557 | **Defendant in pro per**<br>Alvin Heard<br>Two Rivers Correctional Institute<br>82911 Beach Access Road<br>Umatilla, OR  97882 |

**XXX**    (BY MAIL)    I caused such envelope(s) with First Class postage thereon fully prepaid to be placed in the U.S. Mail in Gold River, California. I am readily familiar with my employer's normal business practice for collection and processing of correspondence and other material for mailing with the U.S. Postal Service, and that practice is that said material is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

_____    (BY MESSENGER) I caused such envelope(s) to be hand delivered to

_____    (BY FEDERAL EXPRESS) I caused such envelope(s) to be hand-delivered by an authorized Federal Express agent, this date to.

**XXX**    (BY FACSIMILE) I caused to be transmitted the aforementioned document, via facsimile machine, to each of the above identified parties' FAX numbers

– 1 –

3022

the hours of 9:00 a.m. and 5:00 p.m. on September 29, 2005 and received verification of each complete transmission.

[ X ]   (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[   ]   (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on **September 29, 2005**, at Gold River, California.

By   _Claudia Voz_
     Claudia Pohlman

1    Robert J. Schnack, SBN 191987
     BULLIVANT HOUSER BAILEY PC
2    11335 Gold Express Drive, Suite 105
     Sacramento, California  95670-4491
3    Telephone: 916.852.9100
     Facsimile: 916.852.5777
4    E-Mail: bob.schnack@bullivant.com

5    Attorneys for The Church Defendants

**FILED**

SEP 3 0 2005

Clerk of the Napa Superior Court
By: _____
           Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF NAPA

| | |
|---|---|
| CHARISSA W. and NICOLE D. | Case No.: 26-22191 |
|          Plaintiffs, | Judicial Council Coordination Proceeding no. 4374 |
| v. | **DECLARATION OF ROBERT J. SCHNACK IN SUPPORT OF MOTION FOR PROTECTIVE ORDER REGARDING THE DEPOSITION NOTICE FOR J.R. BROWN** |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., et al., | |
|          Defendants. | DATE:     October 12, 2005<br>TIME:     8:30 a.m.<br>DEPT:     C |
| | TRIAL DATE:  Not yet set |
| AND COORDINATED CASES | |

**RECEIVED**

SEP 3 0 2005

COURT EXECUTIVE OFFICER

I, Robert J. Schnack, declare as follows:

     1.     I am an attorney licensed to practice law in California and Oregon, a shareholder in the law firm of Bullivant Houser Bailey PC, and one of the Church Defendants' attorneys of record in these coordinated actions.  I am legally competent in all respects and make the following statements from personal knowledge, or on information and belief where so stated.

     2.     On September 15, 2005 I received plaintiffs' notice of deposition for the deposition of J.R. Brown.  I am advised that Mr. Brown is the Director of the Office of Public Information for Watchtower Bible and Tract Society of New York, Inc. ("Watchtower NY").

– 1 –

1    Plaintiffs' counsel have since issued a first amended deposition notice for a later date for the

2    noticed deposition of J.R. Brown. A true and correct copy of the first amended deposition notice

3    for J.R. Brown is attached hereto as Exhibit A.

4          3.    On September 15, 2005, I also received a notice of deposition for the person

5    most knowledgeable, or "PMK," regarding certain topics or categories of subjects contained in a

6    May 9, 2002 letter addressed to Betsan Powys of BBC Panorama. The letter reveals that J.R.

7    Brown signed the letter in his capacity as Director of the Office of Public Information ("OPI").

8    Plaintiffs' counsel have since issued a first amended PMK deposition notice for a later date for

9    this noticed deposition. A true and correct copy of that first amended PMK deposition notice,

10   with the May 9, 2002 letter attached as Exhibit 1 to the PMK deposition notice, is attached

11   hereto as Exhibit B.

12         4.    On September 20, 2005, I spoke by telephone with one of plaintiffs' attorneys,

13   Hartley Hampton, regarding the above-referenced deposition notices. I advised him that while

14   J.R. Brown had signed the May 9, 2002 letter as the Director of the OPI, I had been advised that

15   Mr. Brown does not have any unique or superior personal knowledge regarding the contents of

16   the letter.  In addition, I told plaintiffs' attorney that I had been advised that Mr. Brown does not

17   have any personal knowledge regarding the California coordinated cases. I also told plaintiffs'

18   attorney that Watchtower NY had designated Gary Breaux as the person most knowledgeable

19   about the topics identified in the original PMK deposition notice regarding the May 9, 2002

20   letter and that Gary Breaux would sit for the PMK deposition on a mutually agreeable date in

21   October or November 2005.  Given that Mr. Brown has no unique or superior personal

22   knowledge regarding the May 9, 2002 letter and signed only as the Director of the OPI, I asked

23   that plaintiffs withdraw the deposition notice regarding J.R. Brown.  Plaintiffs have declined to

24   withdraw the notice for J.R. Brown's deposition. Therefore, Watchtower NY had no option but

25   to file the instant motion for protective order.

26         I declare under penalty of perjury under the laws of the State of California that the

27   foregoing is true and correct, except where stated on information and belief, in which case I am

28   informed and believe the information to be true and correct.

-2-

1

Executed this 29th day of September, 2005 at Gold River, California.

2

3

By _____

4

Robert J. Schnack

5   5033042.1

\*\*\*\*\*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

– 3 –

1  Rudy Nolen, Esq., SBN 59808
   Jonathan Saul, Esq., SBN 189271
2  William L. Brelsford, Esq.,
   SBN 202839
3  NOLEN SAUL BRELSFORD
   350 University Avenue, Suite 280
4  Sacramento, CA 95825
   Telephone: (916) 564-9990
5  Facsimile: (916) 564-9991

6  Hartley Hampton, Esq.,
   SBN 0227400
7  FIBICH, HAMPTON & LEEBRON, LLP
   Five Houston Center
8  1401 McKinney, Suite 1800
   Houston, TX 77010
9  Telephone: (713) 751-0025

10  Greg Love, Esq., SBN 12592020
    LOVE & NORRIS
11  314 Main Street, Suite 300
    Fort Worth, TX 76102-7423
12  Telephone: (817) 335-2800
    Facsimile: (817) 335-2912

13
    Attorneys for Plaintiffs
14  CHARISSA W. and NICOLE D.

15

16                SUPERIOR COURT OF CALIFORNIA

17                    COUNTY OF NAPA

18  CHARISSA W. and NICOLE D.,            )  CASE NO: 26-22191
                                          )
19              Plaintiffs,               )  Judicial Council Coordination
                                          )  Proceeding No. 4374
20  vs.                                   )
                                          )  FIRST AMENDED NOTICE OF
21  WATCHTOWER BIBLE AND TRACT            )  TAKING DEPOSITION DUCES
    SOCIETY OF NEW YORK, INC., et al.     )  TECUM
22                                        )
              Defendants.                 )
23  ────────────────────────────────────

24  TO ALL PARTIES HEREIN, AND TO THEIR ATTORNEYS OF RECORD:

25          DATE:      October 25, 2005

26          TIME:      1:00 p.m.

27          PLACE:     New York Marriott at the Brooklyn Bridge
                       333 Adams Street, Brooklyn, New York
28
            WITNESS:   J.R. BROWN

EXHIBIT A

1
FIRST AMENDED NOTICE OF TAKING DEPOSITION - J.R. BROWN

3027

1       At the date, time and place specified above, the parties represented by Attorney

2   Hartley Hampton of Fibich, Hampton & Leebron, LLP, will take the deposition of the above

3   named witness before a certified shorthand reporter or before any notary public authorized

4   to administer oaths in the State of New York who is present at the specified time and date.

5   In addition, the parties intend to record the deposition by videotape as well as

6   
7   stenographically.

8       The deposition will continue day to day, excepting Saturdays, Sundays and

9   holidays, until completed.

10

11   Date: September 20, 2005

12                                 NOLEN SAUL BRELSFORD

13

14                                 William Brelsford

15                                 Attorney for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NAME:   Charissa W., et al. v. Watchtower Bible Tract and Society of New York, Inc., et al.

COURT:   Napa County Superior Court

CASE NO.:   26-22191

## PROOF OF SERVICE

I am a citizen of the United States, employed in the County of Sacramento, State of California. My business address is 350 University Avenue, Suite 280, Sacramento, California 95825. I am over the age of 18 years and not a party to the above-entitled action.

On September 20, 2005, I caused the within **FIRST AMENDED NOTICE OF TAKING DEPOSITION DUCES TECUM,** the original of which was produced on recycled paper, to be served as follows:

__X__   **MAIL --**I am readily familiar with the Nolen Saul Brelsford's practice for collection and processing of correspondence for mailing with the United States Postal Services. Pursuant to said practice, each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon and the sealed envelope is placed in the office mail receptacle. Each day's mail is collected and deposited in a U.S. mailbox at Sacramento, California at or before the close of each day's business. (CCP Section 1013a(3).)ss

___   **FACSIMILE –** On September 20, 2005 at _____ a.m./p.m., by use of facsimile machine telephone number (916) 564-9991, I served a true copy of the aforementioned document(s) on the parties in said action by transmitting by facsimile machine to the numbers as set forth above. The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2008(e), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this Declaration.

*Attorney for Watchtower Defendants*
Robert J. Schnack
BULLIVANT HOUSER BAILEY
11335 Gold Express Drive, Suite 105
Gold River, CA 95670-6310
Facsimile No. (916) 852-5777

*Co Counsel for Plaintiffs*

Greg Love
Kimberlee Norris
LOVE & NORRIS
314 Main Street, Suite 300
Fort Worth, TX 76104

Tommy Fibich, Esq.
Hartley Hampton, Esq.
Mike Leebron, Esq.
FIBICH, HAMPTON & LEEBRON
1401 McKinney, Suite 1800
Five Houston Center
Houston, TX 77010

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on September 20, 2005, at Sacramento, California.

Susan Gilbert

3029

Rudy Nolen, Esq., SBN 59808
Jonathan Saul, Esq., SBN 189271
William L. Brelsford, Esq.,
SBN 202839
NOLEN SAUL BRELSFORD
350 University Avenue, Suite 280
Sacramento, CA 95825
Telephone: (916) 564-9990
Facsimile: (916) 564-9991

Hartley Hampton, Esq.,
SBN 0227400
FIBICH, HAMPTON & LEEBRON, LLP
Five Houston Center
1401 McKinney, Suite 1800
Houston, TX 77010
Telephone: (713) 751-0025

Greg Love, Esq., SBN 12592020
LOVE & NORRIS
314 Main Street, Suite 300
Fort Worth, TX 76102-7423
Telephone: (817) 335-2800
Facsimile: (817) 335-2912

Attorneys for Plaintiffs
CHARISSA W. and NICOLE D.

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF NAPA

| | |
|---|---|
| CHARISSA W. and NICOLE D., | CASE NO: 26-22191 |
| Plaintiffs, | Judicial Council Coordination Proceeding No. 4374 |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., et al. | FIRST AMENDED NOTICE OF TAKING DEPOSITION DUCES TECUM |
| Defendants. | |

TO ALL PARTIES HEREIN, AND TO THEIR ATTORNEYS OF RECORD:

DATE: October 25, 2005

TIME: 9:00 a.m.

PLACE: New York Marriott at the Brooklyn Bridge
333 Adams Street, Brooklyn, New York

WITNESS: Person Most Knowledgeable

EXHIBIT B

1
FIRST AMENDED NOTICE OF TAKING DEPOSITION - PMK

At the date, time and place specified above, the parties represented by Attorney Hartley Hampton of Fibich, Hampton & Leebron, LLP, will take the deposition of the above named witness before a certified shorthand reporter or before any notary public authorized to administer oaths in the State of New York who is present at the specified time and date. In addition, the parties intend to record the deposition by videotape as well as stenographically.

NOTICE IS FURTHER GIVEN that the matters on which examination is requested are as follows:

(1)     Person most knowledgeable regarding information contained in May 9, 2002, letter from J.R. Brown, director for the office of public information, Watch Tower Bible and Tract Society of Pennsylvania, to Ms. Betsan Powys with the BBC Panorama, attached as Exhibit 1 to this notice;

(2)     Person most knowledgeable regarding the "records" referred to in the 11th paragraph of the May 9, 2002 letter that J.R. Brown wrote to Ms. Betsan Powys (attached as Exhibit 1 to this notice).

(3)     Person most knowledgeable regarding the process by which the "records", referred to in the 11th paragraph o f the May 9, 2002 letter that J.R. Brown wrote to Ms. Betsan Powys and attached as Exhibit 1 to this notice, are maintained, updated and accessed.

(4)     Person most knowledgeable regarding the Jehovah's Witness organization's efforts to utilize the "records", referred to in the 11th paragraph of the May 9, 2002 letter that J.R. Brown wrote to Ms. Betsan Powrys and attached as Exhibit 1 to this notice, to "protect the flock from harm," as that phrase is used in the 11th paragraph of such letter.

(5)    Person most knowledgeable regarding the position of elder within the Jehovah's Witness organization including, but not limited to, the appointment and removal of elders, the duties, responsibilities and authority of elders, and the relationship between elders and members of their congregation.

(6)    Person most knowledgeable regarding the position of ministerial servant within the Jehovah's Witness organization including, but not limited to, the appointment and removal of ministerial servants, the duties, responsibilities and authority of ministerial servants, and the relationship between ministerial servants and members of their congregation.

(7)    Person most knowledgeable regarding the role, responsibility and duties of judicial committees within the Jehovah's Witness organization including the process by which judicial committees are comprised and their proceedings are conducted.

(8)    Person most knowledgeable regarding any and all policies that the Jehovah's Witness organization had for handling accusations and proof of child sexual abuse from 1970 to the present.

(9)    Person most knowledgeable regarding any and all policies that the Jehovah's Witness organization had for warning congregations and their members when a known child molester joined the congregation from 1970 to the present.

NOTICE IS FURTHER GIVEN that the Person Most Knowledgeable shall bring and produce at the deposition the following:

1.    Any and all drafts of the May 9, 2002 letter that J.R. Brown wrote to Ms. Betsan Powys, attached as Exhibit 1 to this notice;

2.   Any other correspondence between J.R. Brown and Ms. Betsan Powrys other than J.R. Brown's May 9, 2002 letter, which is attached hereto as Exhibit 1;

3.   A blank or redacted copy of any form(s) used in connection with the "records" referred to in the May 9, 2002 letter that J.R. Brown wrote to Ms. Betsan Powrys and attached hereto as Exhibit 1;

4.   A blank or redacted copy of any form(s) used in connection with allegations or proof of child sexual abuse;

5.   A blank or redacted copy of the form used when an elder is appointed;

6.   A blank or redacted copy of the form used when an elder is removed;

7.   A blank or redacted copy of the form used when a ministerial servant is appointed;

8.   A blank or redacted copy of the form used when a ministerial servant is removed;

9.   Any and all documents that pertain in any way to any policies that the Jehovah's Witness organization had for handling accusations and proof of child sexual abuse from 1970 to the present; and,

10.  Any and all documents that pertain in any way to any policies that the Jehovah's Witness organization had for warning congregations and their members when a known child molester joined the congregation from 1970 to the present.

The deposition will continue day to day, excepting Saturdays, Sundays and holidays, until completed.

///

1   Date: September 20, 2005

2                                          NOLEN SAUL BRELSFORD

3

4                                          William Brelsford
                                           Attorney for Plaintiffs
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28