Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br><br> Defendants. | Cause No. CV 20-52-BLG-SPW <br><br> **DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.'S MOTION TO AMEND ANSWER TO ASSERT SETTLED PARTY DEFENSE** |

| | |
|---|---|
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. | ) ) ) ) ) |
| Cross-Claimant, | ) ) ) |
| vs. | ) ) ) |
| BRUCE MAPLEY SR., | ) ) ) |
| Cross-Claim Defendant. | ) ) ) |

COMES NOW Defendant Watchtower Bible and Tract Society of New York , Inc. (hereinafter "WTNY"), by and through its counsel of record, and pursuant to Rule 15(a)(2), Fed. R. Civ. P., respectfully moves the Court for leave to amend its original Answer to First Amended Complaint (Doc. 27), so that WTNY can assert as a defense that Plaintiffs' damages were caused in full or in part by Bruce Mapley, a settled or otherwise released party, as allowed by Mont. Code Ann. § 27-1-703(6)(a).

Mont. Code Ann. § 27-1-703(6)(a) provides "[i]n an action based on negligence, a defendant may assert as a defense that the damages of the claimant were caused in full or in part by a person with whom the claimant has settled or whom the claimant has released from liability." Mont. Code Ann. § 27-1-703(6)(f) provides the following requirements for such amendments:

> (f) A defendant alleging that a settled or released person is at fault in the matter shall  affirmatively plead the settlement or release as a defense in the answer.  A defendant who gains actual knowledge of a settled or released

person after the filing of that defendant's answer may plead the defense of settlement or release with reasonable promptness, as determined by the trial court, in a manner that is consistent with:
> (i) giving the defendant a reasonable opportunity to discover the existence of a settled or released person;
> (ii) giving the settled or released person an opportunity to intervene in the action to defend against claims affirmatively asserted, including the opportunity to be represented by an attorney, present a defense, participate in discovery, cross-examine witnesses, and appear as a witness of either party; and
> (iii) giving the claimant a reasonable opportunity to defend against the defense.

Here, all of the (6)(f) requirements are satisfied because: (1) WTNY has actual notice of the existence of Bruce Mapley, the party whom Plaintiffs have settled with or have released from liability, and it has moved with reasonable promptness in amending its Answer following Plaintiffs' November 16, 2022, Notice of Dismissal (Doc. 175); (2) Mr. Mapley previously represented himself in this action and he will have a reasonable opportunity to intervene in this action should additional claims be asserted; and (3) Plaintiffs will have a reasonable opportunity to defend against this defense because the parties will have ample time to conduct additional discovery if warranted.

Additionally, Mont. Code Ann. § 27-1-703(6)(g) provides:

> If a defendant alleges that a settled or released person is at fault in the matter, the defendant shall notify each person who the defendant alleges caused the claimant's injuries, in whole or in part. Notification must be made by mailing the defendant's answer to each settled or released person at the person's last-known address by certified mail, return receipt requested.

Here, as shown in WTNY's certificate of service, Mr. Mapley will be provided such notice in conformity with this provision.

Counsel for WTNY has contacted counsel for the Plaintiffs. As of the filing of this Motion, Plaintiffs have not supplied their position on the motion and have instead indicated they would like to research the issue. A proposed First Amended Answer is attached as Exhibit A.

DATED this 2nd day of December, 2022.

By: /s/ Jon A. Wilson
Jon A. Wilson
BROWN LAW FIRM, P.C.
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 2, 2022, a copy of the foregoing was served on the following person(s):

1. U.S. District Court, Billings Division

2. Robert L. Stepans/Ryan R. Shaffer/James C. Murnion
   MEYER, SHAFFER & STEPANS, PLLP
   430 Ryman Street
   Missoula, MT 59802

3. Matthew L. Merrill (appearing *pro hac vice*)
   MERRILL LAW, LLC
   1863 Wazee Street, Suite 3A
   Denver, CO 80202

4. Gerry P. Fagan/Christopher T. Sweeney/Jordan W. FitzGerald
   MOULTON BELLINGHAM PC
   P.O. Box 2559
   Billings, MT 59103-2559

5. Bruce G. Mapley Sr.
   3905 Caylan Cove
   Birmingham, AL 35215

by the following means:

| | | | |
|---|---|---|---|
| 1-4 | CM/ECF | ___ | Fax |
| ___ | Hand Delivery | ___ | E-Mail |
| ___ | U.S. Mail | ___ | Overnight Delivery Services |
| 5 | Certified Mail | | |

By: /s/ Jon A. Wilson
Jon A. Wilson
BROWN LAW FIRM, P.C.
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*