| | |
|---|---|
| Robert L. Stepans | Matthew L. Merrill (appearing *pro hac vice*) |
| Ryan R. Shaffer | Merrill Law, LLC |
| James C. Murnion | 1863 Wazee Street, #3A |
| Meyer, Shaffer & Stepans, PLLP | Denver, CO  80202 |
| 430 Ryman Street | Tel: (303) 947-4453 |
| Missoula, MT  59802 | matthew@merrillwaterlaw.com |
| Tel: (406) 543-6929 | |
| Fax: (406) 721-1799 | |
| rob@mss-lawfirm.com | |
| ryan@mss-lawfirm.com | |
| james@mss-lawfirm.com | |

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Case No. CV-20-52-BLG-SPW |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO DEFENDANT WTNY'S MOTION TO AMEND ANSWER TO ASSERT SETTLED PARTY DEFENSE (DOC. 177)** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | |
| Defendants, | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., | |
| Cross Claimant, | |
| BRUCE MAPLEY, SR., | |
| Cross Defendant. | |

Plaintiffs Tracy Caekaert and Camillia Mapley respond in opposition to Defendant Watchtower Bible and Tract Society of New York's ("WTNY") Motion to Amend Answer to Assert Settled Party Defense as follows:

## INTRODUCTION

Plaintiff Camillia Mapley and her counsel have both told WTNY's counsel that there is no settlement or release associated with Plaintiffs' voluntary dismissal of Bruce Mapley, Sr.:

1. When asked whether she had entered into a settlement with Bruce Mapley, Sr., Ms. Mapley was permitted to answer and very clearly said, "No." Dep. Tr. of Camillia Mapley, 61:23–25 (Nov. 30, 2022) (relevant portions attached as **Exhibit A**).[1]

2. In case there was any lingering doubt on the matter, and after having an opportunity to review Defendants' proposed Amendments, Plaintiffs' counsel notified defense counsel that "No Plaintiff has settled with or released Bruce Mapley, Sr." Declaration of Ryan Shaffer (Dec. 7, 2022) (attached as **Exhibit B**).

Because no Plaintiff has settled with or released Bruce Mapley Sr. from liability – and because WTNY's proposed amendment includes a demonstrably false

---

[1] This transcript is a rough copy that contains several immaterial spelling errors.

Plaintiffs' Opposition to WTNY's Motion to Amend Answer to Add Settled Party Defense
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **2** of **8**

allegation about the events of Ms. Mapley's deposition that would be properly stricken under Fed. R. Civ. P. 12(f) – there is no reason to permit WTNY's Proposed Amendment and its Motion should be denied.

## ARGUMENT IN OPPOSITION

Stated simply, WTNY's Motion to Amend to add a settled party defense should be denied because there is no settled or released party. Moreover, WTNY's proposed amendment contains false, immaterial, and impertinent statements regarding the conduct of Ms. Mapley's counsel during her deposition that have no place in a pleading. WTNY has not provided the Court a legitimate, good faith basis for its proposed amendment. Indeed, there is none, and WTNY's proposed amendment contains demonstrably false allegations that, if permitted, would immediately be subject to a Rule 12(f) motion to strike. As a result, there is no reason to grant WTNY's Motion and there are good reasons to deny it.

"The general rule that parties are allowed to amend their pleadings … does not extend to cases in which any amendment would be an exercise in futility or where the amended [pleading] would also be subject to dismissal." *Novak v. U.S.*, 795 F.3d 1012, 1020 (9th Cir. 2015). Just the same, district courts are authorized to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Pro. 12(f).

///

Plaintiffs' Opposition to WTNY's Motion to Amend Answer to Add Settled Party Defense
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 3 of 8

1. <u>WTNY's Proposed Amendment is Futile and Would be Subject to Immediate Dismissal.</u>

Here, while WTNY asks to amend to add a "settled party defense", there is no settled party.  **Ex. A; Ex. B**.  Plaintiffs have not released or settled with Bruce Mapley, Sr.  Plaintiffs simply dismissed him pursuant to Fed. R. Civ. Pro. 41(a)(1), without prejudice.  During Ms. Mapley's deposition, she explicitly told defense counsel that there was no settlement with Bruce Mapley, Sr.:

> Page 61
> 23 **Q. I'll ask you then, have you entered into a**
> 24 **written settlement agreement with Bruce Senior?**
> 25 A. No.

**Ex. A**, 61:23–25.  Ms. Mapley also testified that she did not know whether Mr. Mapley had been released from liability:

> Page 61
> 10 **Q. Do you know if you have released him from**
> 11 **being liable for the allegations in your complaint?**
> 12 A. I have no idea.

**Ex. A**, 61:10–12.  Because Ms. Mapley, who is not a lawyer, does not know what it means to "release" a party from liability, Plaintiffs' counsel clearly and unequivocally told the defense counsel that no Plaintiff has settled with or released Bruce Mapley, Sr. from liability.  **Ex. B**.  There is no factual basis for WTNY's

Plaintiffs' Opposition to WTNY's Motion to Amend Answer to Add Settled Party Defense
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **4** of **8**

proposed "settled party defense", and its Motion should be denied as futile and subject to immediate dismissal.  *Novak*, 795 F.3d at 1020.

## 2. WTNY's Proposed Amendment Includes False and Immaterial Allegations.

WTNY's proposed amendment should also be rejected because it includes false and immaterial allegations that are subject to an immediate Rule 12(f) motion to strike.  Namely, WTNY's proposed amendment includes the following factual allegation:

> *The basis for the dismissal of Plaintiffs' claims against Bruce Mapley Sr. is unknown, as Plaintiff Camillia Mapley was instructed by counsel during her deposition on November 29, 2022, not to answer questions regarding whether Plaintiffs had settled their claims against Bruce Mapley Sr. or released him from liability for their claims.*

WTNY's Proposed Twenty-Fifth Affirmative Defense (Doc. 177-1 at 4).

There is no legitimate place in the pleadings for allegations about conduct of counsel during a deposition.  Such an allegation is "immaterial" to a settled party defense under Mont. Code. Ann. § 27-1-703(6)(a).  Worse, the allegation is false. The transcript from Ms. Mapley's deposition makes clear that her lawyers allowed her to answer questions regarding whether she settled or released her claims against Bruce Mapley, Sr.:

> Page 61
> 2 **Q. Did you reach a settlement with Bruce**
> 3 **Senior?**

Plaintiffs' Opposition to WTNY's Motion to Amend Answer to Add Settled Party Defense
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **5** of **8**

> 4 A. I have no contact with the man.
>
> 5 **Q. I appreciate that, but do you know if you**
>
> 6 **have entered into a settlement agreement with Bruce**
>
> 7 **SEnior?**
>
> 8 A. If I hav no contact, I have no contact.
>
> 9 How can I settle an agreeennt with him?
>
> 10 **Q. Do you know if you have released him from**
>
> 11 **being liable for the allegations in your complaint?**
>
> 12 A. I have no idea.
>
> 13 **Q. And I think you're testifying that you**
>
> 14 **don't know if you entered into a written settlement**
>
> 15 **agreement with Bruce Senior, is that accurate?**
>
> 16 **MR. SHAFFER:** Object to form. She said --
>
> 17 **BY MR. SWEENEY:**
>
> 18 A. I never said I --
>
> 19 **Q. All right.**
>
> 20 A. I never said I didn't know.
>
> 21 **MR. SHAFFER:** Misstates her testimony.
>
> 22 **BY MR. SWEENEY:**
>
> 23 **Q. I'll ask you then, have you entered into a**
>
> 24 **written settlement agreement with Bruce Senior?**
>
> 25 A. No.

**Ex. A.**[2]  The rules do not permit WTNY to make false and immaterial amendments

---

[2] After Ms. Mapley told lawyers for the Defendants that she left the decision to dismiss Mr. Mapley up to the discretion of her lawyers, defense counsel continued

Plaintiffs' Opposition to WTNY's Motion to Amend Answer to Add Settled Party Defense
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **6** of **8**

to the pleadings.  Fed. R. Civ. P. 12(f).

## CONCLUSION

WTNY has no legitimate basis for the amendment it seeks to make.  There is no settled party.  There is no released party.  And there is therefore no factual basis to support a "settled party defense" that a jury would be entitled to consider.  Making matters worse, WTNY's proposed amendment includes immaterial and obviously false statements about the conduct of counsel during Ms. Mapley's deposition.  There is no place in the pleadings for such allegations.  Based on the foregoing, Plaintiffs respectfully assert that the Court should deny WTNY's Motion.

DATED 7th day of December, 2022.

                                MEYER, SHAFFER & STEPANS PLLP

                                By: /s/ Ryan Shaffer
                                    Ryan R. Shaffer
                                    MEYER, SHAFFER & STEPANS PLLP

                                *Attorneys for Plaintiffs*

---

to badger her with questions about that decision.  At this point, the questioning became objectionable and Ms. Mapley's attorney instructed her not to answer the questions because they infringed on both attorney-client privilege (i.e. communication between Ms. Mapley and her lawyers about the reasons for dismissing Mr. Mapley) and attorney work-product (i.e. the reasons Plaintiffs' lawyers recommended dismissing Mr. Mapley from the lawsuit).  **Ex. A**, 62:1–63:22.

Plaintiffs' Opposition to WTNY's Motion to Amend Answer to Add Settled Party Defense
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **7** of **8**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 1,188 words, excluding the caption, certificates of service and compliance, table of contents and authorities, and exhibit index.

                              By: /s/ Ryan Shaffer
                                     Ryan R. Shaffer
                                     MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

                              By: /s/ Ryan Shaffer
                                     Ryan R. Shaffer
                                     MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

Plaintiffs' Opposition to WTNY's Motion to Amend Answer to Add Settled Party Defense
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **8** of **8**