Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br><br> Defendants. | Cause No. CV 20-52-BLG-SPW <br><br> **DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO AMEND ANSWER TO ASSERT SETTLED PARTY DEFENSE** |

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC.

            Cross-Claimant,

vs.

BRUCE MAPLEY SR.,

            Cross-Claim Defendant.

      COMES NOW Defendant Watchtower Bible and Tract Society of New York , Inc. (hereinafter "WTNY"), by and through its counsel of record, and respectfully submits its Reply Brief in Support of Motion to Amend its original Answer to First Amended Complaint (Doc. 177) to assert the settled party defense. For the reasons explained both in WTNY's Motion and herein, WTNY's proposed defense as to Bruce Mapley is proper because Plaintiffs made him a settled or released party within the meaning of Mont. Code Ann. § 27-1-703(6)(a), when they voluntarily dismissed him from this litigation.  Plaintiffs' subjective intent to dismiss Mr. Mapley without releasing or settling with him are irrelevant to the applicability of this defense, particularly since any attempt by Plaintiffs to bring Mr. Mapley back into the litigation now would be met by a statute of limitations bar. Because WTNY is entitled under Montana law to argue apportionment of liability to Mr. Mapley, WTNY respectfully requests the Court grant its Motion to

Amend. Alternatively, WTNY requests the Court reinstate its Crossclaim against Mr. Mapley, which would authorize apportionment to him as a named party.

## **INTRODUCTION**

Plaintiffs have identified their father Mr. Mapley as one of their sexual abusers, and they originally asserted claims against him including negligence and negligence per se. *See* Doc. 22, ¶¶ 61-72. Plaintiffs then, without conferring with WTNY, dismissed Mr. Mapley from this litigation, *see* Doc. 175, and now claim that the same was done without a settlement or a release of liability. WTNY takes umbrage with Plaintiffs' characterization of its opening motion and brief as containing "false, immaterial, and impertinent statements," when the deposition of Plaintiff Camillia Mapley contains repeated objections by Plaintiffs' counsel and express directions for her not to answer questions regarding the circumstances of Mr. Mapley's dismissal pursuant to the attorney-client privilege. *See* Depo. Camillia Mapley, p. 60, ln. 22, through p. 65, ln. 1.[1] Furthermore, Plaintiffs' counsel's subjective belief as to the effect of dismissing Bruce Mapley is irrelevant considering the presence of WTNY in the litigation, its asserted Crossclaim, and the fact Plaintiffs have dismissed Mr. Mapley outside of the statute of limitations that authorized their claims in the first instance.

---

[1] Cited portions of Camillia Mapley's deposition are attached as Exhibit A.

## **ARGUMENT**

Plaintiffs dismissed Mr. Mapley (Doc. 175) pursuant to Fed. R. Civ. P. 41(a)(1)(A), which states:

> (a) Voluntary Dismissal.
>    (1) By the Plaintiff.
>       (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>          (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>          (ii) a stipulation of dismissal signed by all parties who have appeared.

Here, WTNY has appeared and filed an Answer and Crossclaim against Mr. Mapley, co-defendant Watchtower Bible and Tract Society of Pennsylvania, Inc. (hereinafter "WTPA") has appeared and filed an Answer and Crossclaim against Mr. Mapley (Doc. 100), and Mr. Mapley has appeared via various letters to the Court (Docs. 11, 12, 97, 131). Doc. 97, while perhaps unartfully drafted, was styled as an Answer. Therefore, the only way Plaintiffs' notice of dismissal was proper under Rule 41 is if there was a stipulation of dismissal signed by all parties who have appeared pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)—which did not occur given that WTNY and WTPA did not stipulate to Mr. Mapley's dismissal. Plaintiffs' unilateral dismissal of Mr. Mapley pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) was not procedurally proper since all defendants have filed Answers, and both WTNY and WTPA have filed Crossclaims.

There is a well-recognized exception to the Rule 41 dismissal requirement when a plaintiff settles with a defendant directly. In *Durden v. Hydroflame Corp.*, 1999 MT 186, 295 Mont. 318, 983 P.2d 943, the plaintiff filed a products liability claim seeking damages for carbon monoxide poisoning alleged to have resulted from defendants' defective furnace; the claim named two defendants—one, the finished-product manufacturer, and the other, a component manufacturer. The two defendants filed crossclaims for indemnity against one another. Thereafter, the component manufacturer settled the underlying tort claim with the plaintiff. The crossclaims were dismissed, and the finished-product manufacturer appealed the district court's refusal to reinstate its crossclaim for indemnity. The Montana Supreme Court held the crossclaim for indemnity against the component manufacturer was extinguished upon that defendant's settlement of the underlying tort claim.  The Court supported this ruling with a strong policy rationale: the promotion of settlements is to be encouraged, and without such a rule precluding claims for indemnity and contribution, defendants would be unwilling to settle tort claims with injured parties. *Durden*, ¶¶ 9, 19-21, 28.  This rule applies irrespective of the nature of the underlying tort claim.  *Id.*, at ¶ 31. The *Durden* rationale was followed by this Court in a recent wrongful death action, *Estate of Ostby v. Yellowstone Cty.*, 2018 WL 4350281 (D. Mont. 2018)

Pursuant to the reasoning in *Durden* and *Ostby*, WTNY's Crossclaim was not extinguished and Mr. Mapley was not properly dismissed from this case unless Plaintiffs settled with him or otherwise released him from liability. This rationale is even more compelling considering Plaintiffs only had the right to sue Mr. Mapley in the first instance because of the Montana Legislature's 2019 amendment to Mont. Code Ann. § 27-2-216(5), which authorized a Plaintiff to bring a cause of action that would otherwise be time barred so long as the action was commenced by May 7, 2020. Otherwise, Plaintiffs' claims, which arose from allegations of sexual abuse occurring in the 1970's and 1980's, would have been time barred decades ago regardless of the legal theory presented. Plaintiffs' dismissal of Mr. Mapley on November 16, 2022, well after the May 7, 2020, deadline, means they can never reassert their claims against Mr. Mapley for the conduct they allege. Their dismissal of Mr. Mapley was therefore in effect a release of liability, and WTNY is entitled to assert the settled party defense authorized by Mont. Code Ann. § 27-1-703(6)(a).

In the event the Court determines there was not a release or settlement entitling WTNY to assert the settled party defense, it logically follows that Plaintiffs' voluntary dismissal of Mr. Mapley could not have extinguished WTNY's Crossclaim against him pursuant to *Durden*. The Court should then reinstate WTNY's Crossclaim against Mr. Mapley and allow the jury to consider

and apportion liability to him as a named defendant. In either event, Plaintiffs cannot voluntarily dismiss Mr. Mapley and avoid his liability from being considered at trial.

## **CONCLUSION**

WTNY has a right under Montana law, specifically Mont. Code Ann. § 27-1-703, to argue apportionment of liability to Mr. Mapley. Plaintiffs cannot avoid the application of these well-settled rules by unilaterally dismissing their claims against him under these circumstances. WTNY therefore respectfully requests the Court grant its Motion to Amend or, alternatively, reinstate its Crossclaim against Mr. Mapley.

DATED this 28th day of December, 2022.

By:   /s/ Jon A. Wilson
       Jon A. Wilson
       BROWN LAW FIRM, P.C.
       *Attorneys for Defendant Watchtower*
       *Bible and Tract Society of New York,*
       *Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 28, 2022, a copy of the foregoing was served on the following person(s):

1.    U.S. District Court, Billings Division

2.    Robert L. Stepans/Ryan R. Shaffer/James C. Murnion
MEYER, SHAFFER & STEPANS, PLLP
430 Ryman Street
Missoula, MT 59802

3.    Matthew L. Merrill (appearing *pro hac vice*)
MERRILL LAW, LLC
1863 Wazee Street, Suite 3A
Denver, CO 80202

4.    Gerry P. Fagan/Christopher T. Sweeney/Jordan W. FitzGerald
MOULTON BELLINGHAM PC
P.O. Box 2559
Billings, MT 59103-2559

5.    Bruce G. Mapley Sr.
3905 Caylan Cove
Birmingham, AL 35215

by the following means:

| | | | |
|---|---|---|---|
| _1-4_ | CM/ECF | _____ | Fax |
| _____ | Hand Delivery | _____ | E-Mail |
| _____ | U.S. Mail | _____ | Overnight Delivery Services |
| _5_ | Certified Mail | | |

By: ___/s/ Jon A. Wilson_____
Jon A. Wilson
BROWN LAW FIRM, P.C.
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*