Gerry P. Fagan
Christopher T. Sweeney
Jordan W. FitzGerald
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Fax: (406) 248-7889
Gerry.Fagan@moultonbellingham.com
Christopher.Sweeney@moultonbellingham.com
Jordan.FitzGerald@moultonbellingham.com

*Attorneys for Defendant Watch Tower Bible and Tract Society of Pennsylvania*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>-vs-<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>Defendants.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, | Case No. CV-20-00052-SPW-TJC<br><br>**DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY'S REPLY IN SUPPORT OF ITS MOTION TO FILE AMENDED ANSWER TO FIRST AMENDED COMPLAINT, CROSS-CLAIM, AND DEMAND FOR JURY TRIAL, PURSUANT TO Fed.R.Civ.P. 15(a)(2).** |

|  |
|---|
| Cross-Claimants, |
| -vs- |
| BRUCE MAPLEY SR., |
| Cross-Defendant. |

Defendant Watch Tower Bible and Tract Society of Pennsylvania ("WTPA") has moved to amend its answer to assert the settled-party defense under Mont. Code Ann. § 27-1-703(6).

Plaintiffs objected on two grounds. Those objections do not have merit and WTPA should be permitted to file its amended answer to include the settled party defense. If the Court does not permit WTPA to file its amended answer, then WTPA's crossclaim should be reinstated.

1.   **Plaintiffs' first objection – that they have not settled with or released Mapley, Sr. from liability – is without merit.**

Without citation to any law and without providing any legal analysis, plaintiffs simply conclude in their response that they have neither settled with nor released Mapley, Sr. from liability, and therefore WTPA cannot assert the settled party defense. This argument fails because Mapley, Sr. has been released from liability.

Mont. Code Ann. § 27-1-703(6)(a) provides, "In an action based on negligence, a defendant may assert as a defense that the damages of the claimant

were caused in full or in part by a person with whom the claimant has **settled** or whom the claimant has **released from liability**." Here, it is plain that once plaintiffs dismissed their claims against Mapley, Sr., he has been released from liability for purposes of § 27-1-703(6).

Plaintiffs have asserted claims against WTPA, WTNY and Mapley Sr. for negligence and negligence per se for alleged sexual misconduct that occurred in the 1970s and 1980s when plaintiffs were children. Plaintiffs also asserted a claim against Mapley, Sr. for battery. The statute of limitations for the two negligence claims is three years and the statute of limitations for the battery claim is two years. Mont. Code Ann. § 27-2-204(1) and (3), 27-1-206(1).

Normally, plaintiffs' claims against the defendants, which they first brought in 2020, would have been time-barred by a matter of decades. However, in 2019, the Montana Legislature amended Mont. Code Ann. § 27-2-216 to provide that a plaintiff can bring a cause of action against an individual for childhood sexual abuse that would otherwise be time-barred if the action was commenced by May 7, 2020, so long as certain conditions are met. § 27-2-216 (4). Plaintiffs utilized that statute and filed their claims against Mapley, Sr. on April 24, 2020.

Plaintiffs voluntarily dismissed all of their claims against Mapley, Sr. on November 16, 2022. At that point, the one-year window provided by the Legislature for plaintiffs to bring those claims had closed. As a result, plaintiffs cannot bring

3

those claims against Mapley, Sr. again because they are time-barred. Plaintiffs' choice to voluntarily dismiss their claims against Mapley, Sr. released him from liability to them because, as a result of the dismissal, they are barred from suing him again for damages based on the past sexual abuse described in their complaint.

Mont. Code Ann. § 27-1-703(6) allows a defendant to assert the settled-party defense when a plaintiff has released a defendant from liability. Because plaintiffs' dismissal of Mapley, Sr. foreclosed their ability to sue him again for the alleged sexual abuse in the 1970s and 1980s, he has been released from liability. Accordingly, WTPA is entitled to assert the settled party defense.

Plaintiffs refer to their own counsel's conclusion in arguing that Mapley Sr. has not been dismissed from liability. ". . . Plaintiffs' counsel clearly and unequivocally told the defense counsel that no Plaintiff has settled with or released Bruce Mapley, Sr. from liability." Pls.' Resp., p. 4 (Doc. 180). Plaintiffs provided no legal analysis or legal authority to support that argument.

Regardless, the fact is that once plaintiffs dismissed their claims against Mapley, Sr., it became legally impossible for plaintiffs to sue him or assert their claims against him again. Therefore, plaintiffs did in fact release him from liability once plaintiffs dismissed their claims against him. Therefore, it is appropriate for WTPA to assert the settled-party defense.

Plaintiffs also point to Camillia Mapley's deposition testimony to argue that no settlement was reached with Mapley, Sr. Camillia was deposed about two weeks after she dismissed her claims against Mapley, Sr. What plaintiffs fail to tell the Court is that Camillia did not even know her claims against Mapley, Sr., had been dismissed.

> **Q.** Cami, do you think Bruce Senior should still be a defendant in this lawsuit?
>
> **A.** Well, his name's still on it, so isn't he?
>
> **Q.** He has been dismissed by order of court, so inaccurately his name was represented as being in the caption, but the claims have been dismissed, to clear that up for you.
>
> **A.** Well, I think the truth should come out, and that's what our goal is here, isn't it?
>
> **Q.** And I appreciate that, but my question is: Do you think Bruce Senior should still be a 25 defendant in this lawsuit?
>
> **A.** Don't know.

Depo. of Camillia Mapley, pp. 64-65 (Nov. 29, 2022), attached as Exhibit A.

To the extent plaintiffs point to Camillia's deposition testimony to support their objection, the Court should disregard those arguments because Camillia – a

named plaintiff – did not even know her claims had been dismissed against her own father.

In sum, plaintiffs released Mapley, Sr. from liability on November 16, 2022, when they dismissed their claims against him, which trigged the settled-party defense. WTPA timely moved to amend its answer, and the Court should permit the amendment.

**2. Plaintiffs' second objection – that WTPA's proposed affirmative defense is inaccurate – is also without merit.**

Plaintiffs' other complaint about WTPA's proposed amendment is that it contains false and immaterial information. It does not.

Plaintiffs take issue with this part of WPTA's proposed affirmative defense:

Plaintiff Camillia Mapley was deposed on November 29, 2022, and was instructed by her counsel not to answer questions regarding whether she settled with Mapley, Sr. or released him from liability.

First, that statement is accurate. During Camillia's deposition, she was asked about the circumstances regarding Mapley, Sr.'s dismissal and plaintiffs' counsel routinely obstructed those questions and instructed Camillia to not answer why Bruce was dismissed from the lawsuit. That conclusion is very clear from the deposition transcript. *See* Depo. Mapley, pp. 60-65, attached as Exhibit A.

Second, this statement is material to the affirmative defense. The affirmative defense is applicable if plaintiffs settled with Mapley, Sr. or released him from liability. Counsel for WTPA attempted to discover that information from Camillia

during her deposition, and the affirmative defense identifies those efforts. There is nothing immaterial about the statement; it is included based on the language directly from Mont. Code Ann. § 27-1-703(6).

3. **<u>If the Court denies WTPA's motion to amend, then WTPA's crossclaim should be reinstated.</u>**

WTPA filed its answer to plaintiffs amended complaint on November 19, 2021. (Doc. 100). In the same filing, WTPA also asserted a crossclaim against co-defendant Mapley, Sr. for contribution. WTPA has never dismissed its crossclaim against Mapley, Sr.

On November 16, 2022, plaintiffs filed their "Notice of Dismissal of All Claims Against Defendant Bruce Mapley Sr.", in which plaintiffs gave notice that all of their claims against Mapley, Sr. were dismissed. (Doc. 175). The notice was filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Later that day, the Court issued an order stating that all of plaintiffs' claims against Mapley, Sr. were dismissed. (Doc. 176). Neither plaintiffs' notice of dismissal nor the Court's related order addressed WTPA's related crossclaim, or the similar crossclaim filed by the other defendant, WTNY.

Plaintiffs' notice of dismissal did not comply with the Federal Rules of Civil Procedure. Plaintiffs specifically stated their notice of dismissal was made pursuant to Rule 41(a)(1)(A)(i). Under that rule, a plaintiff may dismiss an action by filing a

notice of dismissal before the opposing party serves an answer or files a motion for summary judgment, or by a stipulation signed by all parties who have appeared.

Here, all parties have appeared and filed an answer. WTNY filed its answer to the original complaint on June 22, 2020 (Doc. 15), and its answer to the amended complaint on July 27, 2020 (Doc. 27). WTPA filed its answer to the amended complaint on November 19, 2021 (Doc. 100). Mapley, Sr. has appeared and filed a number of documents with the Court, including his original answer on November 15, 2021 (Doc. 97) and what appears to be an amended or supplemental answer on August 9, 2022 (Doc. 131). As a result, it was not proper for plaintiffs to dismiss their claims against Mapley, Sr. on the premise that he had not served an answer to their complaint. Instead, plaintiffs were required to obtain a stipulation signed by all parties to allow for the dismissal of their claims against Mapley, Sr. Plaintiffs did not do so.

The Court's order dismissing plaintiffs' claims against Mapley, Sr. did not address the crossclaims asserted by either WTPA or WTNY. Those crossclaims have never been dismissed and are still being pursued. To the extent the Court's order dismissing plaintiffs' claims against Mapley, Sr. inadvertently acted to also dismiss the crossclaims, WTPA requests an order from the Court reinstating those crossclaims.

This request to reinstate those crossclaims is timely. Montana case law makes clear that when a plaintiff settles with one of several defendants, any crossclaims for contribution or indemnity against that settled defendant are dismissed. *Durden v. Hydro Flame Corp.*, 1999 MT 186, ¶ 31. This follows from Montana's public policy that encourages settlements among parties, and settlements would be chilled if a settling defendant could still be liable for contribution or indemnity. *Id.*, ¶ 28.

In plaintiffs' response, they deny they have settled with Mapley, Sr. Pls. Resp. pp. 2-3 (Doc. 180). Without a settlement, the rule from *Durden* does not apply; that is, because plaintiffs did not settle with Mapley, Sr., the public policy articulated in *Durden* is not invoked and WTPA's and WTNY's crossclaims for contribution have not been extinguished. Accordingly, to the extent the Court's order dismissing plaintiffs' claims against Mapley, Sr. affected WTPA's crossclaim, WTPA requests an order from the Court reinstating that crossclaim because WTPA has not dismissed it.

## **CONCLUSION**

The statute of limitations bars plaintiffs from asserting their claims against Mapley, Sr. again, and therefore, once plaintiffs dismissed their claims against Mapley, Sr., he has been released from liability. Because Mapley, Sr. has been released from liability, WTPA is entitled to amend its answer to assert the settled-party defense under Mont. Code Ann. § 27-1-703(6). If the Court does not permit

WTPA to assert the settled party defense, then WTPA respectfully requests that the Court issue an order that WTPA may still pursue its crossclaim against Mapley, Sr. because that crossclaim has never been dismissed.

**DATED** this 28th day of December, 2022.

        MOULTON BELLINGHAM PC

        By   /s/    *Gerry P. Fagan*
            GERRY P. FAGAN
            CHRISTOPHER T. SWEENEY
            JORDAN W. FITZGERALD

            *Attorneys for Watch Tower Bible and Tract Society of Pennsylvania*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(d)(2)(E), I certify that this brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double-spaced, with left, right, top, and bottom margins of one inch; and that the word count calculated by Microsoft Word is 1,763 words, excluding the Table of Contents, Table of Authorities, Certificate of Compliance, and Certificate of Service.

By   */s/ Gerry P. Fagan*
       GERRY P. FAGAN

# **CERTIFICATE OF SERVICE**

I hereby certify that on 28th day of December, 2022, a copy of the foregoing was served on the following persons:

1. U.S. District Court, Billings Division

2. Robert L. Stepans
   Ryan R. Shaffer
   James C. Murnion
   MEYER, SHAFFER & STEPANS, PLLP
   430 Ryman Street
   Missoula, MT 59802
   *Attorneys for Plaintiffs*

3. Guy W. Rogers                   Joel M. Taylor, Esq. (*pro hac vice*)
   Jon A. Wilson                   MILLER MCNAMARA & TAYLOR LLP
   Brett C. Jensen                 100 South Bedford Road, Suite 340
   BROWN LAW FIRM, P.C.            Mount Kisco, NY 10549
   315 North 24th Street
   P.O. Drawer 849
   Billings, MT 59103-0849
   *Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

4. Bruce G. Mapley, Sr.
   3905 Caylan Cove
   Birmingham, AL 35215

By the following means:

|   |   |   |   |
|---|---|---|---|
| __1, 2, 3__ | CM/ECF | _____ | Fax |
| _____ | Hand Delivery | _____ | E-Mail |
| _____ | U.S. Mail | _____ | Overnight Delivery Services |
| __4__ | Certified Mail, Return Receipt Requested | | |

By   */s/ Gerry P. Fagan*
       GERRY P. FAGAN

4887-5739-4246, v. 3