*Exhibit C*

DOCUMENTS WITHHELD BY WTNY BASED ON
CLERGY-PENITENT PRIVILEGE
*Caekaert et al. v. Watchtower et al.*
*Rowland et al. v. Watchtower et al.*

| Description of Document Being Withheld | Discovery Request | Privilege Log Entry |
|---|---|---|
| Reports of Known Child Molesters in Montana Sent to WTNY in Response to the March 14, 1997 "All Bodies of Elders" Letter | RFP No. 10 (Caekaert / Mapley)<br><br>RFP No. 9 - 11 (Rowland / Schulze) | 27-36 |
| Correspondence Between the Hardin Congregation and WTNY About known child molester, Gunnar Hain | RFP No. 13 (Caekaert / Mapley)<br><br>RFP No. 11 (Rowland / Schulze) | 37, 39 |
| Correspondence Between the Hardin Congregation and WTNY About elder Martin Svenson | RFP No. 10 & 11 (Rowland / Schulze) | 38 |
| Disfellowship / Disassociation Form (S-77) for Bruce Mapley, Sr. | RFPs No. 11, 12 (Caekaert / Mapley)<br><br>RFP No. 11 (Rowland / Schulze) | 40 |

Caekaert / Mapley RFP Nos. 10, 11, 12, and 13

**REQUEST FOR PRODUCTION NO. 10:** Please produce all letters, emails, facsimiles, or other documentary, tangible, or electronically stored information of any kind you, or any other entity associated with Jehovah's Witnesses, received from congregations in Montana in response to the Body of Elder Letter dated March 14, 1997.

**RESPONSE:** WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production. (Doc. 82, pp. 3-4) The same analysis applies if any other congregations in Montana wrote responsive letters. In addition, this request is overbroad and unduly burdensome as to scope, is not reasonably calculated to lead to the discovery of admissible information, and is not proportional to the needs of the case. Additionally, this request violates Responding Defendant and third-parties' privacy rights under the United States and Montana Constitutions.

Without waiving said objections, responsive letters are described in WTNY's privilege log (Privilege Log Nos. 27-36).

**REQUEST FOR PRODUCTION NO. 11:** Please produce all tangible or electronically stored information of any kind pertaining to any Plaintiff, including

but not limited to documents, database information, and letters, emails, facsimiles, any communication or information received from the Hardin Congregation, anyone associated with the Hardin Congregation, or any overseer whose territory includes or included the Hardin Congregation. This request specifically includes, but is not limited to, all records of communications to or from the Service Department and Legal Department pertaining to any Plaintiff.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.   Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803). Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production.  (Doc. 82,

pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 1-3, 7-8, 10-11, 29, and 40-43). *See also* document produced as WTNY000214.

**REQUEST FOR PRODUCTION NO. 12:** Please produce all tangible or electronically stored information of any kind pertaining to Bruce Mapley Sr., including but not limited to documents, database information, and letters, emails, facsimiles, any communication or information received from the Hardin Congregation, anyone associated with the Hardin Congregation, or any overseer whose territory includes or included the Hardin Congregation. This request specifically includes, but is not limited to, all records of communications to or from the Service Department and Legal Department pertaining to Bruce Mapley Sr.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production. (Doc. 82, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 1-3, 7-8, 10-11, 29, and 40-44). *See also* document produced as WTNY000213.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all tangible or electronically stored information of any kind pertaining to Gunner Hain, including but not limited to documents, database information, and letters, emails, facsimiles, any communication or information received from the Hardin Congregation, anyone associated with the Hardin Congregation, or any overseer whose territory includes or included the Hardin Congregation. This request specifically includes, but is not limited to, all records of communications to or from the Service Department and Legal Department pertaining to Gunner Hain.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the

Cross-Claimant,  )
          )
          )
vs.           )
          )
BRUCE MAPLEY SR.,  )
          )
    Cross-Claim Defendant. )
          )
          )
_____ )

TO: Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C. Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street, Missoula, MT 59802.

COMES NOW Defendant Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), by and through its attorneys, and provides its first supplemental responses to Plaintiffs' First Set of General Discovery as follows:

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 13:** Please produce all tangible or electronically stored information of any kind pertaining to Gunner Hain, including but not limited to documents, database information, and letters, emails, facsimiles, any communication or information received from the Hardin Congregation, anyone associated with the Hardin Congregation, or any overseer whose territory includes or included the Hardin Congregation. This request specifically includes, but is not

limited to, all records of communications to or from the Service Department and

Legal Department pertaining to Gunner Hain.

**RESPONSE:** WTNY objects to this Request for Production as many of the

documents involve (1) a communication by an elder or elders; (2) to an attorney; (3)

in which legal advice was sought by an elder or elders and legal advice was given

by an attorney; (4) in the course of the professional relationship.   Therefore, the

records of the subject communications as described in WTNY's produced privilege

log are protected from disclosure by the attorney-client privilege under Montana law.

*See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State*

*ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District*

*Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Further, WTNY objects to this Request for Production as it is contrary to Judge

Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July

30, 2021, that addressed the nature and content of a responsive letter from the Hardin

Congregation in Montana and applied Montana's clergy-penitent privilege under

Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production.  (Doc. 82,

pp. 3-4). Without waiving said objections, responsive communications are described

in WTNY's privilege log (Privilege Log Nos. 10, 11, 37, and 39). *See also*

documents produced as WTNY000211-212 and 215.

**FIRST SUPPLEMENTAL RESPONSE:**  WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.  Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law.  *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).   Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production.   (Doc. 82, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 10, 11, 37, and 39).   WTNY corrects its previous bates numbering, *see also* documents produced as WTNY000215 and 222-223.

Rowland / Schulze RFP Nos. 9, 10, and 11

**RESPONSE:**  WTNY objects to this Request for Production as many of the documents involve (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, *see* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos 3, 4, 7-9, and 11-26).

**REQUEST FOR PRODUCTION NO. 9:**  Please produce all letters, emails, facsimiles, or other documentary, tangible, or electronically stored information of any kind you, or any other entity associated with the Jehovah's Witnesses, received from congregations in Montana in response to the Body of Elder Letter dated March 14, 1997.

**RESPONSE:**  WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena

dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production. (Doc. 77, pp. 3-4) The same analysis applies if any other congregations in Montana wrote responsive letters. In addition, this request is overbroad and unduly burdensome as to scope, is not reasonably calculated to lead to the discovery of admissible information, and is not proportional to the needs of the case. Additionally, this request violates Responding Defendant and third-parties' privacy rights under the United States and Montana Constitutions.

Without waiving said objections, responsive letters are described in WTNY's privilege log (Privilege Log Nos. 27-36).

**REQUEST FOR PRODUCTION NO. 10:** Please produce all tangible or electronically stored information of any kind pertaining to any Plaintiff, including but not limited to documents, database information, and letters, emails, facsimiles, any communication or information received from the Hardin Congregation, anyone associated with the Hardin Congregation, or any overseer whose territory includes or included the Hardin Congregation. This request specifically includes, but is not limited to, all records of communications to or from the Service Department and Legal Department pertaining to any Plaintiff.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.  Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803). Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production.  (Doc. 77, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. Nos. 5-7, 10-11, 16, 29, 38, and 41-42).

**REQUEST FOR PRODUCTION NO. 11:** Please produce all tangible or electronically stored information of any kind pertaining to Quintin Means, Phoebe Means, Gunner Hain, Joyce Hain, Martin Svenson, Millie Svenson, Bruce Mapley

COMES NOW Defendant Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), by and through its attorneys, and provides its first supplemental responses to Plaintiffs' First Set of General Discovery as follows:

**REQUEST FOR PRODUCTION NO. 11:** Please produce all tangible or electronically stored information of any kind pertaining to Quintin Means, Phoebe Means, Gunner Hain, Joyce Hain, Martin Svenson, Millie Svenson, Bruce Mapley Sr., Gary Baker, Jay Donavan, Dale Hiebert, or Bill O'Neil, including but not limited to documents, database information, and letters, emails, facsimiles, any communication or information received from the Hardin Congregation, anyone associated with the Hardin Congregation, or any overseer whose territory includes or included the Hardin Congregation. This request specifically includes, but is not limited to, all records of communications to or from the Service Department and Legal Department.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law.

*See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803). Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production. (Doc. 77, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 1-11, 24, 29, 37-44). *See also* documents produced as WTNY000211-WTNY000213; WTNY000215-WTNY000221.

**FIRST SUPPLEMENTAL RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v.*

*Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989);

Mont. Code Ann. § 26–1–803).   Further, WTNY objects to this Request for

Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin

Congregation's Subpoena dated July 30, 2021, that addressed the nature and content

of a responsive letter from the Hardin Congregation in Montana and applied

Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny

Plaintiffs' request for production.   (Doc. 77, pp. 3-4). Without waiving said

objections, responsive communications are described in WTNY's privilege log

(Privilege Log Nos. 1-11, 24, 29, 37-44). WTNY corrects its previous bates

numbering, *see also* documents produced as WTNY000213, 215-223.

DATED this 31st day of March, 2022.

By: _____

Jon A. Wilson / Brett C. Jensen
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower
Bible and Tract Society of New York,
Inc.,*

*TRACY CAEKAERT, ET AL. V. WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., ET AL*
**CAUSE NO. 1:20-CV-00052-SPW; UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION**

*ARIANE ROWLAND, ET AL. V. WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., ET AL*
**CAUSE NO. 1:20-CV-00059-SPW; UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION**

**WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC'S SECOND SUPPLEMENTAL PRIVILEGE LOG**

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| | | | | | **Watchtower Legal Department Records** | | |
| 1. | 07/22/1992 | Notes | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Bruce Mapley, Sr.** | PDF | A/C |
| 2. | 07/22/1992 through 10/01/2019 | Running series of Notes | Legal Department | None | Attorney/Paralegal Notes of Separate Calls with Congregations: Ashland, WI; Iron River, WI; Shawano, WI; Forsyth, MT; Hardin, MT; West Laurel, MT; Livingston, MT; Park Place, Oregon City, OR; Center Point, AL; Roebuck, Birmingham, AL. **Re: Legal Advice concerning Bruce Mapley, Sr., and Martin Svenson** | Lotus Notes PDF | A/C; TP |
| 3. | 07/22/1992 through 10/01/2019 | Call Summaries | Legal Department | None | Attorney/Paralegal Notes of Separate Calls with Congregations: Iron River, WI; Shawano, WI; Forsyth, MT; Hardin, MT; Ashland, MT; West Laurel, MT; Livingston, MT; Park Place, Oregon City, OR; Center Point, AL; Roebuck, Birmingham, AL. **Re: Legal Advice Bruce Mapley, Sr., and Martin Svenson** | HuB PDF | A/C; TP |

1

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 4. | 04/08/2020 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Roebuck, Birmingham, AL, Congregation.<br>**Re: Legal Advice concerning Bruce Mapley, Sr.** | HuB PDF | A/C |
| 5. | 03/26/1994 | Notes | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation.<br>**Re: Legal Advice concerning Martin Svenson, Nellie Means, David Means, and Third Parties [P.M., A.A., and M.R.]** | PDF | A/C; TP |
| 6. | 03/26/1994 through 12/10/2018 | Running series of Notes | Legal Department | None | Attorney/Paralegal Notes of Separate Calls with Congregations: Chamisa Taos, NM; Hardin, MT; Forsyth, MT; East Laurel, MT.<br>**Re: Legal Advice concerning Martin Svenson, Nellie Means, David Means, Bruce Mapley, Sr., and Third Parties [P.M., A.A., and M.R.]** | Lotus Notes PDF | A/C; TP |
| 7. | 03/26/1994 through 12/10/2018 | Call Summaries | Legal Department | None | Attorney/Paralegal Notes of Separate Calls with Congregations: Chamisa Taos, NM; Hardin, MT; Forsyth, MT; East Laurel, MT.<br>**Re: Legal Advice concerning Martin Svenson, Nellie Means, David Means, Bruce Mapley, Sr., and Third Parties [P.M., A.A., and M.R.]** | HuB PDF | A/C; TP |
| 8. | 05/01/2020 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with West Laurel, MT, Congregation.<br>**Re: Legal Advice concerning Martin Svenson** | HuB PDF | A/C |

2

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 9. | 05/07/2020 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with West Laurel, MT, Congregation. **Re: Legal Advice concerning Martin Svenson** | HuB PDF | A/C |
| 10. | 10/17/2019 and 12/13/2019 | Running series of Notes | Legal Department | None | Attorney/Paralegal Notes of Calls with Hardin, MT Congregation. **Re: Legal Advice concerning Gunnar Hain** | Lotus Notes PDF | A/C; TP |
| 11. | 10/17/2019 and 12/13/2019 | Call Summaries | Legal Department | None | Attorney/Paralegal Notes of Calls with Hardin, MT Congregation. **Re: Legal Advice concerning Gunnar Hain** | HuB PDF | A/C; TP |
| 12. | 08/05/2014 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [A.A.]** | HuB PDF | A/C; TP |
| 13. | 07/29/2019 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [J.C.]** | HuB PDF | A/C; TP |
| 14. | 01/16/2006 through 10/09/2019 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [R.H.]** | HuB PDF | A/C; TP |
| 15. | 08/05/2014 through 09/16/2014 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Nellie Means** | HuB PDF | A/C; TP |
| 16. | 08/05/2014 through 09/16/2014 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [P.M.]** | HuB PDF | A/C; TP |

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 17. | 09/07/2015 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [A.M.]** | HuB PDF | A/C; TP |
| 18. | 04/02/2021 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [R.M.]** | HuB PDF | A/C; TP |
| 19. | 12/05/2003 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [J.N.]** | HuB PDF | A/C; TP |
| 20. | 11/01/2014 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [K.R.]** | HuB PDF | A/C; TP |
| 21. | 05/24/2018 through 06/15/2018 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [M.R.]** | HuB PDF | A/C; TP |
| 22. | 08/05/2014 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party James Rowland** | HuB PDF | A/C; TP |
| 23. | 04/23/2020 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [M.S.]** | HuB PDF | A/C; TP |
| 24. | 08/05/2014 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Mildred Svenson** | HuB PDF | A/C; TP |

4

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 25. | 11/01/2014 through 09/07/2015 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [T.V.]** | HuB PDF | A/C; TP |
| 26. | 09/07/2015 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [C.W.]** | HuB PDF | A/C; TP |
| | | | | | **Correspondence (March 14, 1997, BOE Letter Responses)** | | |
| 27. | 04/19/1997 | Letter | C.F. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [C.R.]** | PDF | CP; TP |
| 28. | 04/24/1997 | Letter | H.P. Congregation | Service Department | Confidential communication **Re: seeking or receiving religious guidance, admonishment, or advice concerning Third Party [B.M.]** | PDF | CP; TP |
| 29. | 04/25/1997 | Letter | Hardin Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party Gunnar Hain [This specific communication has already been reviewed *in camera* by this Court and determined to be protected under Montana's clergy-penitent privilege under § 26–1–804 (see Court's order dated July 30, 2021, Doc #82 at pp. 3-4)]** | PDF | CP; TP |

5

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 30. | 05/14/1997 | Letter | E. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [M.C.]** | PDF | CP; TP |
| 31. | 05/29/1997 | Letter | L. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [L.J.]** | PDF | CP; TP |
| 32. | 08/06/1997 | Letter | T.B. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [G.J.]** | PDF | CP; TP |
| 33. | 08/12/1997 | Letter | B. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [T.M.]** | PDF | CP; TP |
| 34. | 02/02/1999 | Letter | E. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [N.O.]** | PDF | CP; TP |
| 35. | 02/07/2000 | Letter | Be. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [K.M.]** | PDF | CP; TP |
| 36. | 04/06/2000 | Letter | B.H. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [R.G.]** | PDF | CP; TP |
| **Correspondence (Other)** | | | | | | | |
| 37. | 09/15/1997 | Letter | Hardin Congregation | Pacific WA Congregation | Confidential communication **Re: Providing religious guidance, admonishment, or advice concerning Gunnar Hain** | PDF | CP; TP |

6

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 38. | 09/14/1998 | Letter | Hardin Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Martin Svenson** | PDF | CP; TP |
| 39. | 09/27/1999 | Letter | Service Department | Hardin Congregation | Confidential communication **Re: Providing religious guidance, admonishment, or advice concerning Gunnar Hain** | PDF | CP; TP |
| 40. | 10/14/1999 | Form | Canyon Ferry Congregation, Helena, MT | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Bruce Mapley, Sr.** | PDF | CP; TP |
| 41. | 05/05/2011 | Letter | Hardin Congregation | Legal Department | Letter seeking legal advice **Re: Threat of legal action in relation to Bruce Mapley, Sr., Gunnar Hain, and Martin Svenson** | PDF | A/C |
| 42. | 06/15/2011 | Memorandum | Legal Department | Service Department | Attorney providing legal advice. **Re: Bruce Mapley, Sr., Gunnar Hain, and Martin Svenson** | PDF | A/C |
| 43. | 12/26/2014 | Memorandum | Service Department | Legal Department | Memo seeking legal advice. **Re: Bruce Mapley, Sr.** | PDF | A/C |
| 44. | 01/02/2015 | Memorandum | Legal Department | Service Department | Attorney providing legal advice. **Re: Bruce Mapley, Sr.** | PDF | A/C |
| **Watchtower Legal Department Client Intake Forms** | | | | | | | |
| 45. | 09/07/2014 | Client Intake Form | Hardin Congregation | Legal Department | Client seeking legal advice. **Re: Seeking legal advice involving David Means and Nellie Means** | PDF | A/C; TP |
| 46. | 09/07/2014 | Client Intake Form | Hardin Congregation | Legal Department | Client seeking legal advice. **Re: Seeking legal advice involving David Means and Third Party [P.M.]** | PDF | A/C; TP |
| 47. | 10/18/2019 | Client Intake Form | Hardin Congregation | Legal Department | Client seeking legal advice. **Re: Seeking legal advice involving third party unrelated to this litigation [R.H.]** | PDF | A/C; TP |

7

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 48. | 10/18/2019 | Client Intake Form | Hardin Congregation | Legal Department | Client seeking legal advice. **Re: Seeking legal advice involving third party unrelated to this litigation [R.H.]** | PDF | A/C; TP |
| 49. | 04/30/2020 | Client Intake Form | Hardin Congregation | Legal Department | Client seeking legal advice. **Re: Legal issue involving third party unrelated to this litigation [M.S.]** | PDF | A/C; TP |
| Amended Entries [09/26/2022] | | | | | | | |
| 50. | 01/06/1996 | Notes | Hardin Congregation | N/A | Internal note documenting legal advice received by the Hardin Congregation from Watchtower New York Legal Department. **[*See* Hardin Congregation Privilege Log]** | PDF | A/C; TP |
| 51. | 01/04/1997 | Notes | Hardin Congregation | N/A | Internal notes by Hardin congregation elders documenting ecclesiastical communications made in confidence to the elders for the purpose of seeking or receiving religious guidance, admonishment, or advice. **[This specific document has already been reviewed *in camera* by this Court and certain portions were determined to be protected under Montana's clergy-penitent privilege under § 26–1–804 (see Court's order dated September 20, 2021, Doc #77 at pp. 3-4). This item has already been produced by the Hardin Congregation (*see* ROW_HARDIN000105-108) and is being reproduced in identical redacted form in accordance with this Court's decision. *See* document bates-numbered WTNY 000770-000773]** | PDF | CP; TP |

8

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 52. | 02/19/1997 | Notes | Hardin Congregation | N/A | Internal notes by Hardin Congregation elders documenting ecclesiastical communications made in confidence to the elders for the purpose of seeking or receiving religious guidance, admonishment, or advice. [*see* **Hardin Congregation Privilege Log. This specific document has already been reviewed *in camera* by this Court and determined to be protected under Montana's clergy-penitent privilege under § 26–1–804 (see Court's order dated September 20, 2021, Doc #77 at p. 5)].** | PDF | CP; TP |

Key:
A/C = Attorney-Client Privilege
CP = Clergy-Penitent Privilege
TP = Third-Party Privacy
Date: September 26, 2022
Submitted by Brown Law Firm, P.C., on behalf of Defendant Watchtower Bible and Tract Society of New York, Inc.