***Exhibit E***

# "PAY ATTENTION TO YOURSELVES AND TO ALL THE FLOCK"

## ACTS 20:28

## Kingdom Ministry School Textbook

A copy of this textbook is issued to each appointed elder, and he may retain it as long as he continues to serve as an elder in any congregation. At such time as he should cease to serve in that capacity, his copy of the book must be handed over to the Congregation Service Committee, since this publication is congregation property. No copies are to be made of any part of this publication.

© 1991
WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA
All rights reserved

Publishers
WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.
INTERNATIONAL BIBLE STUDENTS ASSOCIATION
Brooklyn, New York, U.S.A.
Prior editions in English: 1977, 1979, 1981

Unless otherwise indicated, *New World Translation of the Holy Scriptures—With References* is used.

*"Pay Attention to Yourselves and to All the Flock"* English (*ks91*-E) Made in the United States of America

When the witness is a victim of the wrongdoer as in cases of incest or rape.

When the witness is extremely timid.

In such cases, or when other extenuating circumstances exist, two elders may discuss the matter with the accused, or an elder may accompany the witness to discuss the matter with the accused.

Of course, if it is determined that a judicial committee should be formed, the witness may need to testify at the hearing if the accused denies wrongdoing.

If there is another witness to the same type of sin on the part of the accused, this would be basis for forming a judicial committee. (See Unit 5 (b), page 111.)

# Judicial Committee Hearing Procedure

**After opening with prayer, the chairman states the reason for the meeting.**

He may offer a Scriptural point at the outset, such as from Proverbs 28:13 or James 5:14, 15.

Elders, by expressing the desire to be helpful, can do much to put the accused at ease. (*w*89 9/15 pp. 19-20)

The chairman invites the accused to make a personal statement.

**Present the witnesses one at a time unless the wrongdoer confesses.**

If the accused does not admit guilt, he should be informed as to the source of the charge(s) made against him.

Accusers should be willing to assume their responsibility, as was required in Israel. (Deut. 17:6, 7; 19:16-21)

The accused may also present witnesses whose testimony would have a bearing on the case.

The witnesses should not be present for the entire hearing, since they do not need to hear details and testimony that do not affect them.

However, witnesses to the wrongdoing should be present if it becomes necessary to continue the reproof of the accused "before all onlookers." (1 Tim. 5:20)

**The committee probes with pertinent questions in an effort to establish facts and ascertain the attitude of the accused.**

Is there sufficient evidence to establish by two witnesses or otherwise that the person is clearly guilty of serious wrongdoing? (Unit 5 (b) p. 111) Isolate specific offenses and available evidence.

While it is not appropriate to make extraordinary efforts or to prolong the case unnecessarily, skillful use of God's Word may reach the person's heart and bring him to repentance.

**Elders should be quick to listen but slow to indicate a preference or a leaning one way or the other.**

Wait until you have heard all the facts before reaching conclusions and making decisions. (Prov. 18:13)

If guilt is established, use God's Word to reprove the wrongdoer, showing the wrongness of the sin and of the steps that may have led to it.

You may need to do so in front of the witnesses of the sin ("onlookers") who have testified.

**After Scriptural discussion and after all evidence has been presented, dismiss the accused and any witnesses, and carefully review evidence and the attitude of the accused.**

If the accusation, or charge, has been proved true, is the wrongdoer repentant? If repentance is manifest, how was it demonstrated? (Unit 5 (b) pp. 112-15)

Depending on whether guilt is established and repentance shown, determine what action, if any, needs to be taken.

In complex cases, defer making a decision if you are not sure of the Bible's direction and the Society's counsel.

However, do not unduly prolong making a decision, as this can have a detrimental effect on the accused and the congregation.

Seek Jehovah's wisdom through prayer.

If the wrongdoer is guilty of gross sin but gives evidence of godly repentance, even as recently as at the hearing, the judicial reproof given by the committee may suffice; disfellowshipping may not be necessary. (2 Tim. 4:1, 2; Titus 1:9; *w*83 1/1 pp. 30-1)

Some wrongdoers have gone so far into a practice of sin or have been so persistently deceptive that it may be difficult to accept a claim of repentance. (1 Cor. 5: 3-5, 13)

If the person is guilty of a serious sin such as those listed in Unit 5 (a), pages 92-6, and is unrepentant, having a truly bad heart, and/or is determined to pursue a God-dishonoring course, he must be disfellowshipped, expelled.

**When the decision is made, inform the individual of it orally.**

If disfellowshipping is necessary, proceed as outlined under the next heading.

If disfellowshipping is not necessary, yet the accused is guilty of gross sin, see "Matters Regarding Judicial Reproof," pages 123-4.

## If the Decision Is to Disfellowship

**Tell the guilty person the Scriptural reason(s) for the action.**

**Inform the wrongdoer that he may appeal in writing within seven days if he feels a serious error in judgment has occurred. (*om* p. 147; *km* 1/80 p. 4)**

Outline steps necessary for future reinstatement.

Be positive, assuring him that forgiveness is possible if he truly repents; the person may be in a distressed state of mind.

**If an appeal is lodged within the allotted time, no announcement is made pending the outcome of the appeal.**

In the meantime the accused person will be restricted

from commenting and praying at meetings or enjoying special privileges of service. (*om* pp. 147-8)

If the accused lodges an appeal but then deliberately fails to appear for the appeal hearing, the disfellowshipping action should be announced after reasonable efforts to contact the individual have been made either in person or by telephone.

**If an appeal is not made within seven days, announce the disfellowshipping.**

Allow the seven-day appeal period to elapse even if the person states he does not wish to appeal.

The presiding overseer should check the announcement to make sure that it conforms to the guidelines outlined by the Society.

An elder, perhaps the chairman of the judicial committee, should read the announcement.

Disfellowshipping *takes effect when the announcement is made* to the congregation.

**Using the forms provided by the Society, the branch office should be notified of the person's name, the Scriptural reason for the disfellowshipping, and the date of the action. (S-77 and S-79 forms)**

A brief review of the evidence that was presented should also be given.

A similar report is made when a person disassociates himself from the organization. (S-77 and S-79 forms)

A written summary of the case should be prepared by the committee and put in a sealed envelope to be placed in the congregation file.

**If a disfellowshipped individual moves to a different area, no announcement of his disfellowshipped status should be made from the platform of the new congregation.**

Publishers can be advised individually if they are inadvertently having association with such a one.

## Matters Regarding Judicial Reproof

**Reproof involves establishing wrongdoing and convincing the wrongdoer of the error.**

Thus, administering judicial reproof includes more than just making a decision or announcing it. (*w*77 11/15 pp. 691-2)

The aim is to help the person stop doing what is bad and establish himself as a practicer of what is good.

Help him to understand how there may have been related sins, which were less serious, that led to his serious deflection from Jehovah's law.

**Some wrongdoers may need to be judicially reproved with severity to bring them to repentance. (Titus 1:13)**

**At times it is appropriate to administer judicial reproof "before all onlookers." (1 Tim. 5:20)**

Be sure to adhere to Scriptural and organizational guidelines when this is done. (*w*81 9/1 pp. 24, 26)

The "onlookers" may be those present as witnesses at the committee hearing or those who know of the sin.

If there are *good reasons* for it, an announcement of judicial reproof may be made to the congregation. (*w*88 11/15 p. 18; *w*81 9/1 pp. 26-7)

The degree or seriousness of the sin *is not* the determining factor for an announcement regarding judicial reproof.

In cases where sin is widely known or will no doubt become known, an announcement may be needed to safeguard the reputation of the congregation.

The committee may have *specific reasons* why the congregation needs to be somewhat on guard concerning the repentant wrongdoer. Perhaps he had been counseled several times concerning steps leading to the same wrongdoing.

In some cases the elders may feel it is necessary to warn the congregation about the type of conduct practiced.

If so and if no announcement is made, a talk may be

given at any time outlining clearly what the Scriptures have to say on the subject.

If an announcement regarding judicial reproof is made, a few weeks after the announcement such a talk may be given.

Nothing should be said that would connect anyone with the type of sin being discussed. Rather, cover Scriptural principles outlining the seriousness of such sinful conduct and how to avoid it.

**In all cases of judicial reproof, restrictions will be imposed.**

If the wrongdoer is an elder, a ministerial servant, or a pioneer, he should be removed. (*w*77 11/15 pp. 697-8)

It is important that the judicial committee monitor the spiritual progress of a person who has been judicially restricted; appropriate counsel and spiritual encouragement should be given periodically. (*w*81 9/1 p. 27; *km* 3/75 p. 4)

Restrictions should be removed in due course as warranted by the individual's observed spiritual recovery.

If a brother who has recently been judicially reproved moves to another congregation, it is necessary to inform the elders of that congregation about any restrictions that may be in effect.

This will enable the elders in his new congregation to continue supervising the restoration of his privileges and help him toward full spiritual recovery.

No announcement of such previous judicial reproof is made in the new congregation. (*km* 3/75 p. 4)

## Appealing Judicial Decisions

**If the accused believes that an error in judgment was committed, he should make known in writing his reason for requesting an appeal, doing so within seven days from the time he was notified of the decision of the committee.**

His written statement should be addressed to the judicial committee that decided the matter.

The judicial committee chairman will promptly contact the circuit overseer, who will then designate elders to serve on the appeal committee.

If possible, elders selected by the circuit overseer for hearing the appeal should not be from the same congregation as the original committee.

If the basis for the appeal is not clear in the written statement, try to determine which of the following is claimed:

He contends that a disfellowshipping offense was not committed.

He denies committing the alleged wrong.

He admits to wrongdoing but believes he was repentant.

The appeal should be heard even if the basis for it may not appear sound. (*km* 1/80 p. 4)

If the person should appeal after seven days, immediately contact the Society for direction.

**The hearing is conducted in a manner similar to the first judicial committee hearing.**

It may be necessary to rehear all the evidence relevant to the case, including that which was presented originally and any new evidence now available.

The judicial committee that heard the original case should be present at the appeal hearing(s).

Prior to the appeal hearing, the original committee should furnish the appeal committee with the completed S-77 and S-79 forms along with whatever written records it has from the first hearing(s).

If either the original committee or the accused believes that earlier testimony or evidence is being changed, this can be so stated following the presentation of the alleged altered evidence.

Following the presentation of the evidence, the appeal committee should deliberate in private.

The appeal committee may need to question either the original committee or the accused separately.

**The appeal committee is to determine whether there was an error in judgment or the decision was basically sound according to information available; it should also determine the attitude of the accused at the original committee hearing(s).**

The appeal committee is to ascertain whether there was a Scriptural basis for the original action taken and whether the individual was repentant *at the time of the hearing by the original judicial committee.*

There may be mitigating circumstances the committee overlooked, such as a history of some type of abuse when a child, emotional or mental disorders, or other.

While these do not justify wrongdoing, understanding the underlying reason or causes of emotional or mental problems can help the committee to reach a balanced and compassionate judgment. (*w*90 2/15 pp. 21-3; *w*83 10/1 pp. 27-31)

The wrongdoer may admit guilt on a disfellowshipping charge but claim that at the time of the original judicial committee hearing, he was repentant. (*w*83 1/1 pp. 30-1)

The appeal committee will examine evidence to see if he had genuinely repented. (Unit 5 (b) pp. 112-15; *w*81 9/1 pp. 25-6)

The appeal committee may find that while the original basis for disfellowshipping was invalid, other valid grounds for disfellowshipping exist.

If this happens, the individual should be given sufficient time, even several days if needed, to present any evidence or witnesses that he feels will disprove the new allegations.

If the new allegations are nonetheless established and if the person does not demonstrate genuine repentance, the appeal committee may decide to disfellowship on these new grounds.

The appeal committee should then inform the accused of its decision to uphold the disfellowshipping and

should also inform him of the steps he needs to take to gain reinstatement.

New S-77 and S-79 forms should be made out giving the proper information, and these along with the original forms and correspondence related to the case should be sent to the branch office.

**When the disfellowshipping is upheld by the appeal committee, there is no further right to appeal. However, if an individual persists in believing a serious error in judgment has occurred, the appeal committee should inform him that he may submit his allegations in writing to the appeal committee within seven days for transmittal to the branch office.**

The appeal committee will include this statement along with the information being sent to the branch office.

*No announcement of disfellowshipping should be made until observations are received from the branch office.*

If no written claim of a serious error in judgment has been provided to the appeal committee within seven days (as outlined above), the appeal committee should send in the S-77 and S-79 forms and tell the original committee to announce the disfellowshipping.

**If the appeal committee disagrees with the decision to disfellowship, the decision should be discussed with the original judicial committee privately.**

If both committees agree that the person should not be disfellowshipped, the individual should be so advised.

The appeal committee will send the branch office a brief explanation of the mutual conclusion not to disfellowship reached by both committees, which should clearly state that the original judicial committee agrees with the decision.

The original committee will receive a copy of the letter, which will be kept in a sealed envelope in the congregation's confidential file.



CAEKAERT/MAPLEY 001623

At times the original committee and the appeal committee may hold conflicting opinions.

When this occurs, the individual should not be given any indication of the conclusions of the appeal committee. Simply tell the person that the decision is pending.

The appeal committee should send the S-77 and S-79 forms to the branch office with a letter giving reasons for its decision and should include a letter from the original committee expressing the reason(s) for disagreement.

The appeal committee gives the original committee a copy of its report. Both committees await a reply from the branch office.

It may be that certain important factors are being overlooked by one or both of the committees.

The branch office will be glad to comment on any such factors and offer additional Scriptural assistance as may be needed. Such information will be supplied for the appeal committee.

Further meetings with the accused or between the committees may or may not be necessary to conclude the case.

Once any differences between the committees have been resolved in the light of the Scriptural principles cited by the branch office, the appeal committee should inform the individual of the decision.

If the decision is to disfellowship, the original judicial committee will arrange to make the announcement to the congregation.

## Reinstatement

**While there should be no hasty action in reinstating disfellowshipped individuals, consideration should be given to a plea for reinstatement when this is requested.**

**Once a year the body of elders reviews a list of those in the congregation territory who are disfellowshipped or**