Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com
*Attorneys for Plaintiffs*

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
6631 Mariposa Ct.
Denver, CO  80221
Tel: (303) 947-4453
matthew@merrillwaterlaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, <br><br> Defendants, <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., <br> Cross Claimant, <br><br> vs. <br><br> BRUCE MAPLEY, SR., <br> Cross Defendant. | Case No. CV-20-52-BLG-SPW <br><br> **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO AMEND COMPLAINT** |

# INTRODUCTION

Plaintiffs seek leave from the Court to amend their Complaint for three reasons:

1. To add allegations related to the relationship between Defendants Watchtower Bible & Tract Society of New York, Inc. ("WTNY") and Watch Tower Bible & Tract Society of Pennsylvania ("WTPA);

2. To remove Bruce Mapley Sr. ("Mapley Sr.") as a Defendant to Plaintiffs' claims; and

3. To fix simple typos and update Plaintiff Tracy Caekaert's place of residence.

A redlined copy of Plaintiffs' proposed Second Amended Complaint and Jury Demand, showing each of the proposed amendments is attached as **Exhibit 1**.[1]

# APPLICABLE LAW

"[L]eave to amend lies 'within the sound discretion of the trial court.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  A party may amend its pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires." *Id.*  The Ninth Circuit has noted, "on several occasions ... that the

---

[1] A clean copy of the Plaintiffs' proposed Second Amended Complaint and Jury Demand was filed as "Exhibit A" to Plaintiffs' Motion.  Doc. 189-1.

Plaintiffs' Brief in Support of Their Motion to Amend Complaint
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **2** of **8**

Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires." *DCD Programs*, 833 F.2d at 186 (internal quotation marks omitted) (quoting *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir.1986). As such, "[r]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Id.* (quoting *Webb*, 655 F.2d at 979).

"In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing cases). The party opposing amendment "bears the burden of showing prejudice." *Eminence Capital, LLC. V. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Absent a strong showing of prejudice, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*.

## ARGUMENT

Plaintiffs' Motion seeks leave to make amendments adding allegations regarding the relationship between the corporate defendants and fix other lingering inaccuracies and typographical errors from previous complaints. These are routine, timely amendments that are not based on any bad faith or dilatory motive,

Plaintiffs' Brief in Support of Their Motion to Amend Complaint
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 3 of 8

and they will not result in undue prejudice.

**1. Allegations Regarding the WTNY and WTPA Corporate Relationship.**

Plaintiffs seek leave to add allegations regarding the shared efforts and corporate relationship between WTNY and WTPA.  **Ex. 1,** ¶¶ 11, 16–34, 44, 46–49, 74–76, 81–83, 90, and Plaintiffs' "Prayer for Relief" (identifying the proposed amendments through redline track changes).  These proposed amendments are supported by evidence obtained since Plaintiffs filed their First Amended Complaint and are intended to put Defendants on more specific notice of what Plaintiffs will prove at trial regarding the lack of any meaningful distinction between them and their shared culpability under the law.

When Plaintiffs filed their original and First Amended Complaints (Doc. 1 & 22) no discovery and limited investigation had been conducted into the exact nature of the relationship and coordination between WTNY and WTPA.  Accordingly, at that time, Plaintiffs made a general allegation that WTNY and WTPA were "alter egos of each other."  (Doc. 22, ¶ 32).  Subsequent discovery and investigation uncovered evidence adding significant detail to the nature of the Defendants' relationship and their shared work to promulgate, publish and disseminate policies and procedures that protected pedophiles within the Jehovah's Witness church.  For instance, during the time-period at issue in this case, WTPA and WTNY shared, *inter alia*, the same board members, office space, and lawyers.

Plaintiffs' Brief in Support of Their Motion to Amend Complaint
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **4** of **8**

During the time-period in question, WTNY and WTPA worked in concert to draft, publish, and disseminate the policies and procedures that local congregations, including the Hardin Congregation, enforced to protect pedophiles within the Jehovah's Witness church.

Plaintiffs' proposed amendments will not result in any conceivable "undue prejudice." Defendants have been on notice regarding Plaintiffs' "alter ego" theory for over two years. (Doc. 22, ¶ 32). Moreover, the current scheduling order permits discovery through March 31, 2023, which provides Defendants more than enough time to conduct additional discovery should they decide to do so. (Doc. 174). Finally, all the documents and information upon which Plaintiffs base their amended allegations - such as corporate records, financial records, corporate meeting minutes, etc. - have been in the possession and control of Defendants since the inception of this case. Thus, Defendants cannot claim some sort of unfair surprise or disadvantage by amendments at this stage in the litigation.

It is well settled that Rule 15 amendments should be granted liberally. As the U.S. Supreme Court has noted in the context of Rule 15: "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Plaintiffs' proposed Second Amended Complaint simply sets forth newly identified "facts or circumstances" being relied

Plaintiffs' Brief in Support of Their Motion to Amend Complaint
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **5** of **8**

upon by Plaintiffs as a basis for the relief sought against WTNY and WTPA. This is consistent with what is contemplated, permitted, and intended by Rule 15.

### 2. Plaintiffs' Other Amendments

Plaintiffs' Motion seeks leave to amend the Complaint to reflect Mapley Sr.'s dismissal by Plaintiffs. *See, e.g.* **Ex. 1,** caption and ¶¶ 5, 50, 64, 71, 73–76. Plaintiffs' claims against Mapley Sr. were dismissed on November 16, 2022 (Doc. 176) and it is, therefore, appropriate to amend the operative pleadings to reflect this reality. At the same time, while the operative pleadings are being amended, it makes sense to fix typographical errors and update Plaintiff Tracy Caekaert's state and county of residence. None of these amendments are controversial, untimely, in bad faith, or could possibly result in undue burden on Defendants.

## CONCLUSION

As contemplated by Rule 15, Plaintiffs seek leave to amend their complaint to reflect the recent discovery of facts and circumstances that are being relied on in support of their claims. The purpose of doing so is to provide Defendants more precise and detailed notice of those facts and circumstances. While Defendants are certainly permitted to deny the allegations, there is no basis to prevent Plaintiffs from making them. The rest of the proposed amendments are appropriate in light of the recent dismissal of Plaintiffs' claims against Bruce Mapley, Sr. At the same time, if the complaint is going to be amended, Plaintiffs believe it makes sense to

Plaintiffs' Brief in Support of Their Motion to Amend Complaint
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **6** of **8**

clean up typographical errors and amend Plaintiff Tracy Caekaert's place of residence which has changed since this case was filed.  Based on the foregoing, Plaintiffs respectfully request leave to file their proposed Second Amended Complaint (Doc. 189-1).

DATED 6th day of January, 2023.

        MEYER, SHAFFER & STEPANS PLLP


        By: /s/ Ryan Shaffer
           Ryan R. Shaffer
           MEYER, SHAFFER & STEPANS PLLP

        *Attorneys for Plaintiffs*

Plaintiffs' Brief in Support of Their Motion to Amend Complaint
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **7** of **8**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), Plaintiffs hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 1,167 words, excluding the caption, certificates of service and compliance, table of contents and authorities, and exhibit index.

                By: /s/ Ryan Shaffer
                      Ryan R. Shaffer
                      MEYER, SHAFFER & STEPANS PLLP

                *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

                By: /s/ Ryan Shaffer
                      Ryan R. Shaffer
                      MEYER, SHAFFER & STEPANS PLLP

                *Attorneys for Plaintiffs*

Plaintiffs' Brief in Support of Their Motion to Amend Complaint
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **8** of **8**