Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br><br> Defendants. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. | Cause No. CV 20-52-BLG-SPW <br><br> **DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF GENERAL DISCOVERY** |

<pre>
                    Cross-Claimant,      )
                                         )
                                         )
vs.                                      )
                                         )
BRUCE MAPLEY SR.,                        )
                                         )
                    Cross-Claim Defendant.)
                                         )
                                         )
_____      )
</pre>

TO:   Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C.
      Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street,
      Missoula, MT 59802.

      COMES NOW Defendant Watchtower Bible and Tract Society of New

York, Inc. (hereinafter "WTNY"), by and through its attorneys, and provides its

responses to Plaintiffs' First Set of General Discovery as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1:**  Please describe all actions or steps you took

to prevent acts of unlawful sexual conduct against Tracy Caekaert by Bruce Mapley

Sr. or Gunner Hain.

**ANSWER:** WTNY objects to the form of this Interrogatory, which

improperly begs the question of liability without any supporting evidence and

instead improperly assumes WTNY had a legal duty to prevent the unlawful sexual

conduct alleged by Plaintiff Tracy Caekaert from occurring.

Without waiving said objections, Ms. Caekaert alleges in her discovery responses that she was abused by Bruce Mapley starting in 1971 and ending in 1983 and by Gunnar Hain starting in 1975 and ending in 1977. *See* Plaintiff Tracy Caekaert's Resp. to Def. WTNY's Int. No. 2. Ms. Caekaert alleges she told various people about the abuse, *see* Plaintiff Tracy Caekaert's Resp. to Def. WTNY's Int. No. 5, yet none of the people identified were agents, employees, or legal representatives of WTNY. Therefore, WTNY did not have knowledge of the allegations made by Ms. Caekaert against Mr. Mapley or Mr. Hain, nor did it have reason to know of the allegations, during the relevant timeframe.

**INTERROGATORY NO. 2:** Please describe all actions or steps you took to prevent acts of unlawful sexual conduct against Camilla Mapley by Bruce Mapley Sr. or Gunner Hain.

**ANSWER:** WTNY objects to the form of this Interrogatory, which improperly begs the question of liability without any supporting evidence and instead improperly assumes WTNY had a legal duty to prevent the unlawful sexual conduct alleged by Plaintiff Camillia Mapley from occurring.

Without waiving said objections, Ms. Mapley alleges in her discovery responses that she was abused by Mr. Mapley starting in 1971 and ending in 1983 and by Mr. Hain starting in 1975 and ending in 1977. *See* Plaintiff Camillia Mapley's Resp. to Def. WTNY's Int. No. 2. Ms. Mapley alleges she told various

people about the abuse, *see* Plaintiff Camillia Mapley's Resp. to Def. WTNY's Int. No. 5, yet none of the people identified were agents, employees, or legal representatives of WTNY. Therefore, WTNY did not have knowledge of the allegations made by Ms. Mapley against Mr. Mapley or Mr. Hain, nor did it have reason to know of the allegations, during the relevant timeframe.

**INTERROGATORY NO. 3:** Please describe all actions or steps you took to mitigate injury or harm suffered by Tracy Caekaert resulting from unlawful sexual contact initiated by Bruce Mapley Sr. or Gunner Hain.

**ANSWER:** WTNY objects to the form of this Interrogatory, which improperly begs the question of liability without any supporting evidence and instead improperly assumes WTNY had a legal duty to mitigate the unlawful sexual conduct alleged by Ms. Caekaert from occurring.

Without waiving said objections, Ms. Caekaert alleges in her discovery responses that she was abused by Mr. Mapley starting in 1971 and ending in 1983 and by Mr. Hain starting in 1975 and ending in 1977. *See* Plaintiff Tracy Caekaert's Resp. to Def. WTNY's Int. No. 2. Ms. Caekaert alleges she told various people about the abuse, *see* Plaintiff Tracy Caekaert's Resp. to Def. WTNY's Int. No. 5, yet none of the people identified were agents, employees, or legal representatives of WTNY. Therefore, WTNY did not have knowledge of the allegations made by Ms.

Caekaert against Mr. Mapley or Mr. Hain, nor did it have reason to know of the allegations, during the relevant timeframe.

**INTERROGATORY NO. 4:**  Please describe all actions or steps you took to mitigate injury or harm suffered by Camilla Mapley result from unlawful sexual contact initiated by Bruce Mapley Sr. or Gunner Hain.

**ANSWER:**  WTNY objects to this Interrogatory, which improperly begs the question of liability without any supporting evidence and instead improperly assumes WTNY had a legal duty to mitigate the unlawful sexual conduct alleged by Plaintiff Camillia Mapley from occurring.

Without waiving said objections, Ms. Mapley alleges in her discovery responses that she was abused by Mr. Mapley starting in 1971 and ending in 1983 and by Mr. Hain starting in 1975 and ending in 1977.  *See* Plaintiff Camillia Mapley's Resp. to Def. WTNY's Int. No. 2.  Ms. Mapley alleges she told various people about the abuse, *see* Plaintiff Camillia Mapley's Resp. to Def. WTNY's Int. No. 5, yet none of the people identified were agents, employees, or legal representatives of WTNY.  Therefore, WTNY did not have knowledge of the allegations made by Ms. Mapley against Mr. Mapley or Mr. Hain, nor did it have reason to know of the allegations, during the relevant timeframe.

**INTERROGATORY NO. 5:**  Regarding what is commonly referred to as the "child maltreatment database," or "CM database", please (1) identify the records

custodian of the database; (2) identify the person or persons who inputted the data into the database and describe that process; (3) state what the source material for the database consisted of; (4) state whether the source material still exists (if not, describe when and why it was destroyed and who destroyed it); (5) state where the database is located; and (6) describe what format(s) the database is maintained in (paper files, excel spreadsheets, PDFs, etc.).

**ANSWER:** WTNY objects to the form of this Interrogatory, which incorrectly assumes that WTNY maintains a "CM database". WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, WTNY must necessarily limit its responses to the following Interrogatory sub-parts: (1) WTNY's legal department is the records

custodian for the records maintained in that department; (2) any reports from local elders would be inputted by an attorney or paralegal staff; (3) the "source material," as WTNY understands the question, would be the reports from local elders; (4) to the extent WTNY's legal department has records concerning the plaintiffs in this litigation and the accused, the form of the documents have been described in WTNY's privilege log. WTNY objects to this Interrogatory sub-part to the extent it is directed to records not pertaining to the plaintiffs in this litigation or the accused, as that question would be overbroad, not limited in duration, unduly burdensome, not proportionate to the needs of this case, and violating the privacy rights of third parties which are protected by the United States and Montana Constitutions. As written, this Interrogatory subpart calls for a narrative describing the record keeping practices of WTNY's legal department from its inception, along with an accounting of all records from legal matters extending beyond even childhood sexual abuse or the Hardin Congregation; (5) the database no longer exists; (6) *See* WTNY's privilege log for a discussion of the format(s) of the documents.

**INTERROGATORY NO. 6:**  Regarding what is commonly referred to as the "Headquarters Unity Branch database" or "HUB database", please (1) identify the records custodian of the database; (2) identify the person or persons who inputted the data into the database and describe that process; (3) state what the source material for the database consisted of; (4) state whether the source material still exists (if not,

describe when and why it was destroyed and who destroyed it); (5) state where the database is located; and (6) describe what format(s) the database is maintained in (paper files, excel spreadsheets, PDFs, etc.).

**ANSWER:** WTNY objects to this Interrogatory as being vague and ambiguous as to the term "database" as it applies to HuB. This Interrogatory is also overbroad and unduly burdensome as to time and scope, is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case. As written, this Interrogatory also potentially implicates the attorney-client privilege, attorney work product doctrine, the clergy-penitent privilege, the First Amendment to the United States Constitution, Article II, Section 5 of the Montana Constitution, and the privacy rights of third parties' privacy rights under the United States and Montana Constitution.

Without waiving said objections, WTNY must necessarily limit its responses to the following Interrogatory sub-parts: (1) there is no records custodian; (2) HuB is a data management system operated on Enterprise Resource Planning software in which individual members of the religious order who number in the thousands input data based upon their assignment in the order; (3) this interrogatory subpart is vague and ambiguous as to the term "source material." Data input into HuB could come from oral communications, documents, vendors, and any other number of internal or external sources, and consist of a variety of information, including legal, financial,

and accounting information; (4) this interrogatory subpart is vague and ambiguous as to the term "source material." See also the response to subpart 3 above; (5) it is located on servers in the United States; (6) it is a data management system using SQL, PDF, Word, Excel, or any other software package used to facilitate the entry of data into the Enterprise Resource Planning software.

**INTERROGATORY NO. 7:** Regarding the documents responsive to Request for Production No. 5 below, please: (1) identify their records custodian; (2) identify the person or persons who originally received the documents from local congregations; (3) state whether the original documents still exist (if not, describe when and why it was destroyed, who destroyed it, and whether the information was preserved, in what format, and where it is located today); (4) state where the documents are located; and (5) describe what format(s) the documents are maintained in (paper files, excel spreadsheets, PDFs, etc.).

**ANSWER:** (1) WTNY's legal department is the records custodian for the records maintained in that department; (2) the reports were received by attorneys working in WTNY's legal department; (3) the status of the individual documents are described in WTNY's privilege log; (4) the records are located within WTNY's legal department; (5) the format(s) of the individual documents are described within WTNY's privilege log.

**INTERROGATORY NO. 8:** Regarding the documents responsive to Interrogatory for Production No. 10 below, please: (1) identify their records custodian; (2) identify the person or persons who originally received the documents from local congregations; (3) state whether the original documents still exist (if not, describe when and why it was destroyed, who destroyed it, and whether the information was preserved, in what format, and where it is located today); (4) state where the documents are located; and (5) describe what format(s) the documents are maintained in (paper files, excel spreadsheets, PDFs, etc.).

**ANSWER:** WTNY objects to this Interrogatory as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under § 26–1–804 to deny Plaintiffs' request for production. (Doc. 82, pp. 3-4) The same analysis applies if any other congregations in Montana wrote responsive letters. In addition, this request is overbroad and unduly burdensome as to time and scope, is not reasonably calculated to lead to the discovery of admissible information, and is not proportional to the needs of the case. Additionally, this request violates WTNY's and third-parties' privacy rights under the United States and Montana Constitutions.

Without waiving said objections, responsive letters are described in WTNY's privilege log.

**INTERROGATORY NO. 9:**  Please identify your records custodian from 1970 to the present.

**ANSWER:** WTNY has no records custodian, but, corporate records are maintained by Mark Questell, Corporate Secretary.

### REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Please produce all documents and data in what is commonly referred to as the "child maltreatment database," or "CM database" that pertains to Bruce Mapley Sr., or Gunner Hain

**RESPONSE:**  WTNY objects to the form of this Request for Production, which incorrectly assumes that WTNY maintains a "CM database". WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained.

The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice.  Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from

disclosure by the attorney-client privilege under Montana law.  *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

*See* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 2 and 10).

**REQUEST FOR PRODUCTION NO. 2:** Please produce all documents and data in what is commonly referred to as the "child maltreatment database," or "CM database" that pertains to any Plaintiff.

**RESPONSE:** WTNY objects to the form of this Request for Production, which incorrectly assumes that WTNY maintains a "CM database".  WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained.

The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice.  Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law.  *See Moe v. System*

*Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

*See* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 2, 6, and 10).

**REQUEST FOR PRODUCTION NO. 3:** Please produce all documents and data in what is commonly referred to as the "child maltreatment database," or "CM database" that pertains to any person who is, or was at the time of the maltreatment, a member, ministerial servant, elder, or otherwise affiliated with the Hardin Congregation.

**RESPONSE:** WTNY objects to the form of this Request for Production, which incorrectly assumes that WTNY maintains a "CM database". WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained. WTNY additionally objects to the scope of this Request for Production in that it is overbroad and unduly burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in

duration, and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

*See* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 2, 6, and 10).

**REQUEST FOR PRODUCTION NO. 4:** Please produce all documents and data in what is commonly referred to as the "child maltreatment database," or "CM database" that pertains to any person who is, or was at the time of the maltreatment, a circuit overseer whose territory included Montana.

**RESPONSE:** WTNY objects to the form of this Request for Production, which incorrectly assumes that WTNY maintains a "CM database". WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney;

(3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained. WTNY additionally objects to the scope of this Request for Production in that it is overbroad and unduly burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in duration, and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, WTNY has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:** Please produce all copies of CSA [Child Sexual Abuse] Intake Forms that relate to any child abuse allegations in

Hardin, Montana, or any digital scans, records, or data formatted and entered from their original forms into any databases maintained or accessed by the Jehovah's Witness Legal and Service Departments, including but not limited to the Admin 2000 databases, HUB databases, or any document archives or databases maintained or accessible to the Legal and Service Departments of Jehovah's Witnesses, including the United States Branch Committee and the Christian Congregation of Jehovah's Witnesses.

**RESPONSE:** WTNY objects to the scope of this Request for Production in that it is overbroad and unduly burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in duration, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

Furthermore, these communications involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.  The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice.  Therefore, the records of the subject communications as described in WTNY's produced privilege log

(Privilege Log Nos. 45-49) are protected from disclosure by the attorney-client privilege under Montana law.  *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

*See* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 45-49).

**REQUEST FOR PRODUCTION NO. 6:**  Please produce all documents and data in what is commonly referred to as the "Headquarters Unity Branch database" or "HUB database" that pertains to any Plaintiff.

**RESPONSE:** WTNY objects to this Request for Production as the documents involve (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.  Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, *see* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 3, 7, and 11). *See also* document produced as WTNY000214.

**REQUEST FOR PRODUCTION NO. 7:** Please produce all documents and data in what is commonly referred to as the "Headquarters Unity Branch database" or "HUB database" that pertains to Bruce Mapley, Sr.

**RESPONSE:** WTNY objects to this Request for Production as the documents involve (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, *see* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 3 and 4). *See also* document produced as WTNY000213.

**REQUEST FOR PRODUCTION NO. 8:**  Please produce all documents and data in what is commonly referred to as the "Headquarters Unity Branch database" or "HUB database" that pertains to Gunner Hain.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court*, 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, *see* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log No. 11). *See also* document produced as WTNY000215.

**REQUEST FOR PRODUCTION NO. 9:**  Please produce all documents and data in what is commonly referred to as the "Headquarters Unity Branch database" or "HUB database" that pertains to child sex abuse or child maltreatment involving members, elders, or ministerial servants at the Hardin Congregation or

district or circuit overseers whose territory includes or included the Hardin Congregation.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad and unduly burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in duration, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

The documents involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, *see* WTNY's produced privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 3, 4, 7-9, and 11-26).

**REQUEST FOR PRODUCTION NO. 10:** Please produce all letters, emails, facsimiles, or other documentary, tangible, or electronically stored information of any kind you, or any other entity associated with Jehovah's Witnesses, received from congregations in Montana in response to the Body of Elder Letter dated March 14, 1997.

**RESPONSE:** WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production. (Doc. 82, pp. 3-4) The same analysis applies if any other congregations in Montana wrote responsive letters. In addition, this request is overbroad and unduly burdensome as to scope, is not reasonably calculated to lead to the discovery of admissible information, and is not proportional to the needs of the case. Additionally, this request violates Responding Defendant and third-parties' privacy rights under the United States and Montana Constitutions.

Without waiving said objections, responsive letters are described in WTNY's privilege log (Privilege Log Nos. 27-36).

**REQUEST FOR PRODUCTION NO. 11:** Please produce all tangible or electronically stored information of any kind pertaining to any Plaintiff, including

but not limited to documents, database information, and letters, emails, facsimiles, any communication or information received from the Hardin Congregation, anyone associated with the Hardin Congregation, or any overseer whose territory includes or included the Hardin Congregation. This request specifically includes, but is not limited to, all records of communications to or from the Service Department and Legal Department pertaining to any Plaintiff.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.   Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803). Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production.  (Doc. 82,

pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 1-3, 7-8, 10-11, 29, and 40-43). *See also* document produced as WTNY000214.

**REQUEST FOR PRODUCTION NO. 12:** Please produce all tangible or electronically stored information of any kind pertaining to Bruce Mapley Sr., including but not limited to documents, database information, and letters, emails, facsimiles, any communication or information received from the Hardin Congregation, anyone associated with the Hardin Congregation, or any overseer whose territory includes or included the Hardin Congregation. This request specifically includes, but is not limited to, all records of communications to or from the Service Department and Legal Department pertaining to Bruce Mapley Sr.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.  Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production. (Doc. 82, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 1-3, 7-8, 10-11, 29, and 40-44). *See also* document produced as WTNY000213.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all tangible or electronically stored information of any kind pertaining to Gunner Hain, including but not limited to documents, database information, and letters, emails, facsimiles, any communication or information received from the Hardin Congregation, anyone associated with the Hardin Congregation, or any overseer whose territory includes or included the Hardin Congregation. This request specifically includes, but is not limited to, all records of communications to or from the Service Department and Legal Department pertaining to Gunner Hain.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the

records of the subject communications as described in WTNY's produced privilege

log are protected from disclosure by the attorney-client privilege under Montana law.

*See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State*

*ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District*

*Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Further, WTNY objects to this Request for Production as it is contrary to Judge

Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July

30, 2021, that addressed the nature and content of a responsive letter from the Hardin

Congregation in Montana and applied Montana's clergy-penitent privilege under

Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production.  (Doc. 82,

pp. 3-4). Without waiving said objections, responsive communications are described

in WTNY's privilege log (Privilege Log Nos. 10, 11, 37, and 39). *See also*

documents produced as WTNY000211-212 and 215.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**     Please admit you trained elders

of the Hardin Congregation from 1960 to 1995 to not report serious wrongdoing,

including child sex abuse, to secular authorities.

**ANSWER:** Deny.

**REQUEST FOR ADMISSION NO. 2:**    Please admit your books and manuals from 1960 to 1995 instructed elders of the Hardin Congregation to not report serious wrongdoing, such as child sex abuse, to secular authorities.

**ANSWER:** Deny.

**REQUEST FOR ADMISSION NO. 3:**    Please admit you trained elders of the Hardin Congregation from 1960 to 1995 that allegations or findings of serious wrongdoing, including child sex abuse, would be confidential.

**ANSWER:** Deny.

**REQUEST FOR ADMISSION NO. 4:**    Please admit that books and manuals that you created, published, or distributed from 1960 to 1995 instructed members and elders of the Hardin Congregation that allegations or findings of serious wrongdoing, including child sex abuse, would be confidential.

**ANSWER:** WTNY can neither admit nor deny this Request for Admission as written.  Responding Defendant admits that elders in the faith of Jehovah's Witnesses treat communications by congregants regarding serious sin as confidential.  WTNY denies that "books and manuals that [WTNY] created, published, or distributed instructed members and elders" as it is WTNY's belief that any instruction regarding confidentiality comes from the Bible and not from WTNY. Responding Defendant denies the remainder of this Request for Admission.

**REQUEST FOR ADMISSION NO. 5:**     Please admit that by 1985, you were aware that child sexual abuse was being committed by members, ministerial servants, and elders of the Hardin Congregation.

**ANSWER:** Deny.

**REQUEST FOR ADMISSION NO. 6:**     Please admit that in the 1970s and 80s, you instructed members, ministerial servants, or elders of the Hardin Congregation to not report child sexual abuse involving members of the Congregation to secular authorities.

**ANSWER:** Deny.

**REQUEST FOR ADMISSION NO. 7:**     Please admit you did not take reasonable steps to prevent future acts of child sexual abuse committed by members, ministerial servants, and elders of the Hardin Congregation in the 1970s and 80s.

**ANSWER:** Deny.

**REQUEST FOR ADMISSION NO. 8:**     Please admit you trained elders of the Hardin Congregation from 1960 to 1995 to apply the "two-witness rule" when investigating allegations of wrongdoing, including child sexual abuse.

**ANSWER:** Deny.

**REQUEST FOR ADMISSION NO. 9:**     Please admit your books and manuals from 1960 to 1995 instructed elders at the Hardin Congregation to apply

the "two-witness rule" when investigating allegations of wrongdoing, including child sexual abuse.

**ANSWER:** Deny.

**REQUEST FOR ADMISSION NO. 10:**   Please admit the "two-witness rule" requires that child sex abusers receive no discipline if the victim is the only witness and the abuser does not confess.

**ANSWER:** Deny.

**REQUEST FOR ADMISSION NO. 11:**   Please admit that between 1960 and 1990, you trained elders of the Hardin Congregation on how to investigate and handle allegations of wrongdoing involving members of the Hardin Congregation, including child sexual abuse.

**ANSWER:** Deny.

**REQUEST FOR ADMISSION NO. 12:**   Please admit local congregation elders were your agents from 1960 to 1995.

**ANSWER:** Deny.

**REQUEST FOR ADMISSION NO. 13:**   Please   admit   ministerial servants within local congregations were your agents from 1960 to 1995.

**ANSWER:** Deny.

**REQUEST FOR ADMISSION NO. 14:**   Please admit district overseers were your agents from 1960 to 1995.

**ANSWER:** Deny.

**REQUEST FOR ADMISSION NO. 15:**   Please admit circuit overseers were your agents from 1960 to 1995.

**ANSWER:** Deny.

**REQUEST FOR ADMISSION NO. 16:**   Please admit circuit overseers were informed in the 1970s and 80s that members, ministerial servants, and elders of the Hardin Congregation were committing child sexual abuse.

**ANSWER:** Deny.

**REQUEST FOR ADMISSION NO. 17:**   Please admit district overseers were informed in the 1970s and 80s that members, ministerial servants, and elders of the Hardin Congregation were committing child sexual abuse.

**ANSWER:** Deny.

DATED this 25th day of March, 2022.

By: _Jon A. Wilson_

Jon A. Wilson / Brett C. Jensen
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower
Bible and Tract Society of New York,
Inc.,*

## **VERIFICATION**

Thomas Jefferson, Jr., states that he has read the foregoing *(Defendant WTNY's Responses to Plaintiffs' First Set of General Discovery)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers. Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

Thomas Jefferson, Jr.

Dated: 3/28/2022

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 25, 2022, a copy of the foregoing *(Defendant WTNY's Responses to Plaintiffs' First Set of General Discovery)* was served on the following person(s):

1.    U.S. District Court, Billings Division

2.    Robert L. Stepans
      Ryan R. Shaffer
      James C. Murnion
      MEYER, SHAFFER & STEPANS, PLLP
      430 Ryman Street
      Missoula, MT 59802

3.    Gerry P. Fagan
      Christopher T. Sweeney
      Jordan W. FitzGerald
      MOULTON BELLINGHAM PC
      27 North 27th Street, Suite 1900
      P.O. Box 2559
      Billings, Montana 59103-2559

4.    Bruce G. Mapley Sr.
      3905 Caylan Cove
      Birmingham, AL 35215

by the following means:

|          |                |          |                            |
|----------|----------------|----------|----------------------------|
| _____ | CM/ECF         | _____   | Fax                        |
| _____ | Hand Delivery  | _2-3_    | E-Mail                     |
| _2-4_    | U.S. Mail      | _____   | Overnight Delivery Services|

By: _____

　　　Jon A. Wilson / Brett C. Jensen
　　　BROWN LAW FIRM, P.C.
　　　*Attorneys for Defendants Watchtower*
　　　*Bible and Tract Society of New York,*
　　　*Inc.,*

Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Cause No. CV 20-52-BLG-SPW |
| Plaintiffs, | **DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC.'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF GENERAL DISCOVERY** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | |
| Defendants. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. | |

<pre>
                   Cross-Claimant,          )
                                            )
                                            )
vs.                                         )
                                            )
BRUCE MAPLEY SR.,                           )
                                            )
                   Cross-Claim Defendant.   )
                                            )
                                            )
_____     )
</pre>

TO:   Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C.
      Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street,
      Missoula, MT 59802.

      COMES NOW Defendant Watchtower Bible and Tract Society of New

York, Inc. (hereinafter "WTNY"), by and through its attorneys, and provides its

first supplemental responses to Plaintiffs' First Set of General Discovery as

follows:

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 13:** Please produce all tangible or

electronically stored information of any kind pertaining to Gunner Hain, including

but not limited to documents, database information, and letters, emails, facsimiles,

any communication or information received from the Hardin Congregation, anyone

associated with the Hardin Congregation, or any overseer whose territory includes

or included the Hardin Congregation. This request specifically includes, but is not

limited to, all records of communications to or from the Service Department and

Legal Department pertaining to Gunner Hain.

**RESPONSE:** WTNY objects to this Request for Production as many of the

documents involve (1) a communication by an elder or elders; (2) to an attorney; (3)

in which legal advice was sought by an elder or elders and legal advice was given

by an attorney; (4) in the course of the professional relationship.  Therefore, the

records of the subject communications as described in WTNY's produced privilege

log are protected from disclosure by the attorney-client privilege under Montana law.

*See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State*

*ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District*

*Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Further, WTNY objects to this Request for Production as it is contrary to Judge

Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July

30, 2021, that addressed the nature and content of a responsive letter from the Hardin

Congregation in Montana and applied Montana's clergy-penitent privilege under

Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production.  (Doc. 82,

pp. 3-4). Without waiving said objections, responsive communications are described

in WTNY's privilege log (Privilege Log Nos. 10, 11, 37, and 39). *See also*

documents produced as WTNY000211-212 and 215.

**FIRST SUPPLEMENTAL RESPONSE:**   WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.   Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).   Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production.   (Doc. 82, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 10, 11, 37, and 39).   WTNY corrects its previous bates numbering, *see also* documents produced as WTNY000215 and 222-223.

DATED this 31st day of March, 2022.

By: _____

Jon A. Wilson / Brett C. Jensen
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower
Bible and Tract Society of New York,
Inc.,*

## **VERIFICATION**

Thomas Jefferson, Jr., states that he has read the foregoing *(Defendant WTNY's First Supplemental Responses to Plaintiffs' First Set of General Discovery)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers. Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

Thomas Jefferson, Jr.

Dated: 4/1/2022

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 31, 2022, a copy of the foregoing *(Defendant WTNY's First Supplemental Responses to Plaintiffs' First Set of General Discovery)* was served on the following person(s):

1.     U.S. District Court, Billings Division

2.     Robert L. Stepans
    Ryan R. Shaffer
    James C. Murnion
    MEYER, SHAFFER & STEPANS, PLLP
    430 Ryman Street
    Missoula, MT 59802

3.     Gerry P. Fagan
    Christopher T. Sweeney
    Jordan W. FitzGerald
    MOULTON BELLINGHAM PC
    27 North 27th Street, Suite 1900
    P.O. Box 2559
    Billings, Montana 59103-2559

4.     Bruce G. Mapley Sr.
    3905 Caylan Cove
    Birmingham, AL 35215

by the following means:

| | |
|---|---|
| _____ CM/ECF | _____ Fax |
| _____ Hand Delivery | _2-3_ E-Mail |
| _2-4_ U.S. Mail | _____ Overnight Delivery Services |

By: _____

Jon A. Wilson / Brett C. Jensen
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc.,*

Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Cause No. CV 20-52-BLG-SPW |
| Plaintiffs, | **DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC.'S RESPONSES TO PLAINTIFFS' SECOND SET OF COMBINED INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | |
| Defendants. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. | |

|                       |   |
|-----------------------|---|
| Cross-Claimant,       | ) |
|                       | ) |
|                       | ) |
| vs.                   | ) |
|                       | ) |
|                       | ) |
| BRUCE MAPLEY SR.,     | ) |
|                       | ) |
| Cross-Claim Defendant.| ) |
|                       | ) |
|                       | ) |

TO:   Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C. Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street, Missoula, MT 59802

COMES NOW Defendant Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), by and through its attorneys, and provides its responses to Plaintiffs' Second Set of Combined Interrogatories, Requests for Production, and Requests for Admission to Defendant WTNY:

## **INTERROGATORIES**

**INTERROGATORY NO. 10:** Please <u>identify</u> all persons who supplied information that counsel used to answer and respond to this combined set of discovery requests and Plaintiffs' first set of combined discovery requests.

**ANSWER:**  The following persons supplied information used to answer and respond to Plaintiffs' discovery requests, which answers and responses were prepared with the assistance of counsel:

Thomas Jefferson, Jr.—Service Department elder

Louis Walker—Service Department elder

Sebastien Delgrande—Computer Department Support

Paul Frazier, Esq.—Associate General Counsel

Noe Hinojosa—Paralegal to Paul Frazier, Esq.

**INTERROGATORY NO. 11:** Please <u>identify</u> all overseers, including but not limited to circuit overseers, district overseers, and traveling overseers, that served, were in any way associated with, or had contact with the Hardin Congregation between 1970 and 1995, please include the dates of such service, association, or contact.

**ANSWER:** After a diligent search, WTNY has been unable to locate any information responsive to this request.

**INTERROGATORY NO. 12:** Please describe the conduct at issue which resulted in the phone calls and notes you claim to be privileged in entries 1-26 and 39 of your privilege log, including the nature of the conduct and the time period that the conduct is alleged to have occurred. This Interrogatory does not seek disclosure of any advice from a lawyer to a client or the content of any communication between a lawyer and a client.

**ANSWER:** WTNY objects to this Interrogatory in that it is overbroad and unduly burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights

protected by the United States and Montana Constitutions, not limited in duration, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. WTNY further objects to this Interrogatory as the communications inquired about involve (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Disclosing the "conduct at issue" and the "time period" would constitute disclosing the "content of the communication." Therefore, this information is protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

**INTERROGATORY NO. 13:** For each year between 1973 and 1992, please identify the person or persons with the most knowledge of how correspondence you received from local congregations regarding child sexual abuse was handled. For each such person identified, please state their position and what department/branch/office they worked for.

**ANSWER:** Thomas Jefferson, Jr.—Service Department elder.

**INTERROGATORY NO. 14:** For each year between 1973 and 1992, please state your procedure and process for receiving correspondence from local congregations regarding child sexual abuse. Please specifically include where such correspondence was received, who received it, what was done with it, and identify everyone who had access to the substance of such correspondence.

**ANSWER:** Between 1973 and 1992, congregations of Jehovah's Witnesses in the United States were free to confidentially write to WTNY about any matter involving serious sin, including child sexual abuse, in order to receive religious advice. (Proverbs 15:22) That correspondence could be submitted in a blue colored envelope (starting in 1983) if the elders had such envelopes in their possession otherwise any color envelope could be used. Each body of elders would determine if it was necessary to write to WTNY for spiritual assistance, except that WTNY specifically requested that it be notified in writing if a congregant was disfellowshipped or disassociated himself. The correspondence would be received by a mailroom, sorted by state of origin, and routed to an elder in the Service Department for processing. Elders would review the correspondence, pray, and locate scriptural passages that might assist the congregation in handling the matter. Depending on the religious need, the correspondence might have been maintained for a period of time in a secure filing cabinet in the Service Department during the

years of 1973-1992 accessible only to elders in the Service Department with a specific need to know.  Envelopes were not maintained in the ordinary course.

**INTERROGATORY NO. 15:** Please <u>identify</u> <u>your</u> records custodian between 1970 and today.

**ANSWER:**  WTNY has no records custodian, but corporate records are maintained by Mark Questell, Corporate Secretary.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 14:** Please produce all documents and data that are or were contained in or conveyed using "special blue envelopes" that pertain to any person who is, or was at the time of the underlying child maltreatment, located in Montana.

**RESPONSE:**  WTNY is unable to respond to this Request for Production because it did not retain the envelopes correspondence came in and therefore does not know how it received any particular piece of correspondence. *See* Answer to Interrogatory No. 14.

**REQUEST FOR PRODUCTION NO. 15:** Please produce all documents and data that are or were contained in or conveyed using "special blue envelopes" that pertain to any person who is, or was at the time of the underlying child maltreatment, a member, ministerial servant, elder, or otherwise known by members of the Hardin Congregation.

**RESPONSE:**   WTNY is unable to respond to this Request for Production because it did not retain the envelopes correspondence came in and therefore does not know how it received any particular piece of correspondence.  *See* Answer to Interrogatory No. 14.

**REQUEST FOR PRODUCTION NO. 16:** Please produce all documents and data that are or were contained in or conveyed using "special blue envelopes" that pertain to Bruce Mapley Sr. or Gunner Hain.

**RESPONSE:**   WTNY is unable to respond to this Request for Production because it did not retain the envelopes correspondence came in and therefore does not know how it received any particular piece of correspondence.  *See* Answer to Interrogatory No. 14.  WTNY has no additional documents relating to Mr. Mapley or Mr. Hain, other than those previously produced or listed in WTNY's privilege log.

**REQUEST FOR PRODUCTION NO. 17:** Please produce all documents and data contained in "special blue envelopes" that pertain to any Plaintiff.

**RESPONSE:**   WTNY is unable to respond to this Request for Production because it did not retain the envelopes correspondence came in and therefore does not know how it received any particular piece of correspondence.  *See* Answer to Interrogatory No. 14.  WTNY has no additional documents relating to Plaintiffs, other than those previously produced or listed in WTNY's privilege log.

**REQUEST FOR PRODUCTION NO. 18:** Please produce all S2 forms that pertain to any person who is, or was, a member, ministerial servant, elder, or otherwise affiliated with the Hardin Congregation.

**RESPONSE:** After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:** Please produce all S2 forms that pertain to Bruce Mapley Sr. or Gunner Haines.

**RESPONSE:** After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 20:** Please produce all documents that pertain to judicial committees involving Bruce Mapley Sr. or Gunner Haines.

**RESPONSE:** WTNY objects to this Request for Production to the extent it seeks documents which involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship, as such documents are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court*, 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26-1-803). WTNY further objects to this Request for Production as it is

contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production.    (Doc. 82, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 29, 37, 39, and 43).

**REQUEST FOR PRODUCTION NO. 21:** Please produce all documents that pertain to judicial committees involving any Plaintiff.

**RESPONSE:**  After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:** Please produce all documents and data in the Headquarters Unity Branch (HuB) database that pertain to any person known to have committed child sexual abuse in Montana.

**RESPONSE:**  WTNY objects to this Request for Production on the grounds that it is vague and ambiguous as to the term "known to have committed…"  WTNY further objects to this Request for Production in that it is overbroad and unduly burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in duration, not reasonably

calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. WTNY further objects to this Request for Production to the extent it seeks documents which involve (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship, as such documents are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803). Without waiving said objections, *see* portions of WTNY's privilege log (Privilege Log Nos. 3, 4, 7-9, 11-26) and documents (WTNY000213-WTNY000215) identified in WTNY's Responses to Request for Production Nos. 6-9 regarding Plaintiffs, Bruce Mapley, Sr., Gunner Hain, and the Hardin Congregation.

**REQUEST FOR PRODUCTION NO. 23:** Please produce all documents and data in the child maltreatment (CM database) that pertain to any person known to have committed child sexual abuse in Montana.

**RESPONSE:** WTNY objects to this Request for Production on the grounds that it is vague and ambiguous as to the term "known to have committed…" WTNY further objects to this Request for Production in that it is overbroad and unduly

burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in duration, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

WTNY further objects to the form of this Request for Production, which incorrectly assumes that WTNY maintains a "CM database". WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained.

The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, *see* portions of WTNY's privilege log (Privilege Log Nos. 2, 6, and 10) identified in WTNY's Responses to Request for Production Nos. 1-3 regarding Bruce Mapley, Sr., Gunner Hain, Plaintiffs, and the Hardin Congregation.

**REQUEST FOR PRODUCTION NO. 24:** Please produce your most recent year-end balance sheet, annual profit, and loss statement, and/or income statement.

**RESPONSE:** WTNY objects on the grounds that this request is premature and improper at this time, as Plaintiffs are not entitled to financial information regarding WTNY unless Plaintiffs' claims can survive summary judgment. *See Corp. Air v. Edwards Jet Center*, 2008 MT 283, ¶ 54, 345 Mont. 336, 190 P.3d 1111. If Plaintiffs claims for punitive damages survive summary judgment, WTNY will either enter into a stipulation concerning its net worth or move the Court for a protective order implementing appropriate limits of Plaintiffs' request for WTNY's financial information and safeguarding WTNY's privacy interests. *See, e.g., Ray v. Connell*, 2015 WL 11236594, *2 (Mont. Thirteenth Jud. Dist. Co. 2015); *In re Bergeson*, 112 F.R.D. 692, 696 (D. Mont. 1986); *Todd v. AT&T Corp.*, 2017 WL 1398271, *2 (N.D. Cal. 2017); and *Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 855831 (N.D. Cal. 2011).

**REQUEST FOR PRODUCTION NO. 25:** Please produce all documents evidencing your net worth.

**RESPONSE:**  WTNY objects on the grounds that this request is premature and improper at this time, as Plaintiffs are not entitled to financial information regarding WTNY unless Plaintiffs' claims can survive summary judgment.  *See Corp. Air v. Edwards Jet Center*, 2008 MT 283, ¶ 54, 345 Mont. 336, 190 P.3d 1111. If Plaintiffs claims for punitive damages survive summary judgment, WTNY will either enter into a stipulation concerning its net worth or move the Court for a protective order implementing appropriate limits of Plaintiffs' request for WTNY's financial information and safeguarding WTNY's privacy interests.  *See, e.g., Ray v. Connell*, 2015 WL 11236594, *2 (Mont. Thirteenth Jud. Dist. Co. 2015); *In re Bergeson*, 112 F.R.D. 692, 696 (D. Mont. 1986); *Todd v. AT&T Corp.*, 2017 WL 1398271, *2 (N.D. Cal. 2017); and *Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 855831 (N.D. Cal. 2011).

**REQUEST FOR PRODUCTION NO. 26:** Please produce the "Index to Letters for Bodies of Elders (S-22)" that is identified in document Caekaert 001351.

**RESPONSE:**  After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 27:** Please produce all documents consisting of or related to the "child abuse telememo form" as described at Caekaert 000349-000353 (attached) that contain information related to child abuse, or child

abuse allegations, involving any members of the Hardin Montana congregation of Jehovah's Witnesses between 1970 and 1995.

**RESPONSE:**  WTNY objects to this Request for Production in that it is overbroad and unduly burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in duration, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

WTNY further objects to this Request for Production to the extent it seeks documents which involve (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship, as such documents are protected from disclosure by the attorney-client privilege under Montana law.  *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, *see* WTNY's privilege log for a description of the only documents potentially responsive to this request (Privilege Log Nos. 1 and 5).

**REQUEST FOR PRODUCTION NO. 28:** Please produce all documents related to the July 1, 1989 All Bodies of Elders in the United States letter, including but not limited to all drafts of the letter, all internal communications regarding the letter, and communications between WTNY and any other Jehovah's Witnesses entity, including but not limited to Bethel, the Governing Body, or any of its members, other congregations, the Service Department, the Legal Department, the Writing Department, any branch office, the Christian Congregation of Jehovah's Witnesses, etc. discussing the letter.

**RESPONSE:** After a diligent search, WTNY has been unable to locate any drafts of or internal communications regarding the letter.

**REQUEST FOR PRODUCTION NO. 29:** Please produce all versions of the "Shepherding textbook", as referenced at Bates CAEKAERT 001319, in effect from the years 1970 to 1995.

**RESPONSE:** *See* documents bates-numbered WTNY 000224 – WTNY 000575.

**REQUEST FOR PRODUCTION NO. 30:** Please produce all versions of the Circuit Overseer Guidelines in effect from the years 1970 to 1995.

**RESPONSE:** None existed for the time-period in question.

**REQUEST FOR PRODUCTION NO. 31:** Please produce all versions of the Kingdom Ministry School Course in effect from the years 1970 to 1995.

**RESPONSE:** *See* Response to Request for Production No. 29.

**REQUEST FOR PRODUCTION NO. 32:** Please produce all correspondence from any circuit or district overseer that mentions any Plaintiff or Bruce Mapley Sr. or Gunner Hain.

**RESPONSE:** After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 33:** Please produce the "supplemental letter" referred to in ROW_HARDIN000058.

**RESPONSE:** After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 34:** Please produce all S309a forms for any circuit overseer who served the Hardin Congregation at any time during 1970-1995.

**RESPONSE:** After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 35:** Please produce all documents, including but not limited to drafts, redlines, and internal communications, related to The Watchtower article, "Comfort for those with a 'stricken spirit'" (produced at Bates CAEKAERT/MAPLEY 003258–003262).

**RESPONSE:**  After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 36:**  Please produce all documents, including but not limited to drafts, redlines, and internal communications, related to The Watchtower article, "Questions from Readers" (produced at Bates CAEKAERT/MAPLEY 000385–000387).

**RESPONSE:**  After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 37:** Please produce any document received by you containing information which resulted in, requested, or precipitated the phone calls referenced in your privilege log entries 1-26, and entry 39.

**RESPONSE:**    WTNY objects to this Request for Production as the communications inquired about involve (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.  Therefore, this information is protected from disclosure by the attorney-client privilege under Montana law.  *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objection, *see* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log No. 41).

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 18:**    Please admit that the document at Bates No. CAEKAERT/MAPLEY 002801–002833 was published by WTPA.

**ANSWER:**  Admit that, as indicated on the second page of the referenced document, it was "issued" by WTPA.

**REQUEST FOR ADMISSION NO. 19:**    Please admit that the document at Bates No. CAEKAERT/MAPLEY 002801–002833 was provided to Jehovah's Witness congregations in the United States, including the Hardin Montana congregation.

**ANSWER:**   WTNY admits that the document identified by Bates No. CAEKAERT/MAPLEY 002801–002833, was provided to congregations of Jehovah's Witnesses in the United States that were in existence in the 1960s. WTNY has made reasonable inquiry, and the information it knows or can readily obtain is insufficient to enable it to admit or deny whether such document was provided to the Hardin Congregation, which upon information and belief was formed in the 1970s.

**REQUEST FOR ADMISSION NO. 20:**    Please admit that people in the Service Department have access to the child maltreatment database (CM database).

**ANSWER:**  WTNY objects to the form of this Request for Admission, which incorrectly assumes that WTNY maintains a "CM database".  WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained. The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice.  Without waiving said objection, deny.

**REQUEST FOR ADMISSION NO. 21:**   Please admit that members of the Governing Body have access to the child maltreatment database (CM database).

**ANSWER:**  WTNY objects to the form of this Request for Admission, which incorrectly assumes that WTNY maintains a "CM database".  WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained. The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice.  Without waiving said objection, deny.

**REQUEST FOR ADMISSION NO. 22:**   Please admit that the United States Branch Committee has access to the child maltreatment database (CM database).

**ANSWER:**  WTNY objects to the form of this Request for Admission, which incorrectly assumes that WTNY maintains a "CM database".  WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained. The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice.  Without waiving said objection, deny.

**REQUEST FOR ADMISSION NO. 23:**   Please     admit     that     circuit overseers in the United States have access to the child maltreatment database (CM database).

**ANSWER:**  WTNY objects to the form of this Request for Admission, which incorrectly assumes that WTNY maintains a "CM database".  WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given

by an attorney; (4) in the course of the professional relationship were maintained. The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice.  Without waiving said objection, deny.

**REQUEST FOR ADMISSION NO. 24:**   Please admit that the child maltreatment database (CM database) is part of the Headquarters Unity Branch (HuB) database.

**ANSWER:**  WTNY objects to the form of this Request for Admission, which incorrectly assumes that WTNY maintains a "CM database".   WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained. The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice.  Without waiving said objection, deny.

**REQUEST FOR ADMISSION NO. 25:**    Please admit that Harold Rimby was your employee, officer, director, official, volunteer, representative, or agent while he served as an elder and ministerial servant of the Hardin Congregation.

**ANSWER:**  Deny.

DATED this 16th day of June, 2022.

By: _____

Jon A. Wilson / Brett C. Jensen
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc.,*

# **VERIFICATION**

Thomas Jefferson, Jr., states that he has read the foregoing *(Defendant WTNY's Responses to Plaintiffs' Second Set of Combined Interrogatories, Requests for Production, and Requests for Admission)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers. Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

                                        _____

                                        Thomas Jefferson, Jr.

                                        Dated: _____

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June _16_, 2022, a copy of the foregoing *(Defendant WTNY's Responses to Plaintiffs' Second Set of Combined Interrogatories, Requests for Production, and Requests for Admission)* was served on the following person(s):

1.    U.S. District Court, Billings Division

2.    Robert L. Stepans / Ryan R. Shaffer / James C. Murnion
      MEYER, SHAFFER & STEPANS, PLLP
      430 Ryman Street
      Missoula, MT 59802

3.    Matthew L. Merrill (appearing pro hac vice)
      Merrill Law, LLC
      1863 Wazee Street #3A
      Denver, CO 80202

4.    Gerry P. Fagan / Christopher T. Sweeney / Jordan W. FitzGerald
      MOULTON BELLINGHAM PC
      P.O. Box 2559
      Billings, MT 59103-2559

5.    Bruce G. Mapley Sr.
      3905 Caylan Cove
      Birmingham, AL 35215

by the following means:

| _____ CM/ECF | _____ Fax |
|---|---|
| _____ Hand Delivery | _____ E-Mail |
| _2-5___ U.S. Mail | _____ Overnight Delivery Services |

By: _____

Jon A. Wilson / Brett C. Jensen
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower
Bible and Tract Society of New York,
Inc.,*

Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Cause No. CV 20-52-BLG-SPW |
| Plaintiffs, | **DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC.'S FIRST AMENDED RESPONSES TO PLAINTIFFS' THIRD SET OF COMBINED INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | |
| Defendants. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. | |

                    Cross-Claimant,          )
                                             )
                                             )
vs.                                          )
                                             )
BRUCE MAPLEY SR.,                            )
                                             )
                                             )
                    Cross-Claim Defendant.   )
                                             )
                                             )

_____

_____

TO:   Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C.
      Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street,
      Missoula, MT 59802

      COMES NOW Defendant Watchtower Bible and Tract Society of New

York, Inc. (hereinafter "WTNY"), by and through its attorneys, and provides its

first amended responses[1] to Plaintiffs' Third Set of Combined Interrogatories,

Requests for Production, and Requests for Admission to Defendant WTNY:

## **INTERROGATORIES**

**INTERROGATORY NO. 16:** Please set forth the date and time of all

communication between Phillip Marshall and any representative of WTNY,

including the name of the WTNY representative(s) that participated in the

communication and any statement(s) made by Phillip Marshall.

---

[1] WTNY's original responses inadvertently failed to include Interrogatory No. 18 and the
Answer thereto.

**ANSWER:** WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Subject to and without waiving this objection, WTNY responds as follows:  None.

**INTERROGATORY NO. 17:** For each year between 1973 and 1995, please describe all policies and procedures applicable to traveling overseers regarding: (1) reporting allegations of child sexual abuse involving congregation members; (2) "direction regarding judicial matters" that involve allegations of child sexual abuse; and (3) encouraging and consoling victims of child sexual abuse.

**ANSWER:** WTNY objects to this Interrogatory in that it is overbroad as to time and scope.  *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims).  WTNY further objects to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "policies and procedures" and "reporting allegations."  WTNY also objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020).  WTNY additionally objects to this Interrogatory as violative of the Establishment Clause and Equal Protection Clause of the United States Constitution by improperly seeking information and

documents that are related to the religious beliefs, faith, custom, practices, and internal governance or discipline of the Religion because the First Amendment of the United States Constitution and its Montana analog bar civil courts from evaluating or interpreting such religious evidence in order to reach a decision. *See Serbian Eastern Orthodox Diocese for U.S. of America and Canada v. Milivojevich*, 426 U.S. 696, 724-25 (1976). Subject to and without waiving these objections, WTNY responds as follows:

(1)     WTNY is unable to answer this Interrogatory subpart as written because it is unclear what is meant by "reporting allegations" and to whom such reporting allegedly occurred.

(2)     For the years of 1973 to 1995, allegations of any biblical sin, including child abuse, were addressed Scripturally by the elders in the congregation where the wrongdoer (sinner) attended. The elders were free to contact their traveling overseer in order to receive Bible-based guidance if the elders had any questions. WTNY refers Plaintiffs to documents bates-numbered WTNY000280-000301; WTNY000387-000410; WTNY000507-000560; and documents produced by co-Defendant WTPA (WTPA028868-028883; WTPA033998-034013; WTPA039465-39468) along with Acts 26:20; 1 Corinthians 5:5, 11-13; 1 Timothy 5:20; Hebrews 12:12, 13; James 5:14, 15; Jude 21-23; for a general discussion of the Scripturally-based process elders

followed and considered when they became aware of allegations of serious sin during the relevant time-period. WTNY is unaware of any other "policies and procedures" responsive to this Interrogatory subpart.

(3)     All elders, including traveling overseers, endeavored to use God's Word to provide comfort and support for victims of child abuse.  Such Scriptures that may be used included Job 34:22-28; Psalm 62:8; Isaiah 41:10, 13; Isaiah 32:1, 2; 1 Corinthians 13:4, 5; and 1 John 3:19, 20, among others. WTNY is unaware of any other "policies and procedures" responsive to this Interrogatory subpart.

**INTERROGATORY NO. 18:**  For each year between 1973 and 1995, please describe all policies and procedures applicable to elders regarding: (1) reporting allegations of child sexual abuse involving congregation members; (2) "direction regarding judicial matters" that involve allegations of child sexual abuse; and (3) encouraging and consoling victims of child sexual abuse.

**ANSWER:** *See* Objections and Answer to Interrogatory No. 17.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 38:** Please produce a copy of all notes or statements taken during any communication with Phillip Marshall.

**RESPONSE:**  None.

**REQUEST FOR PRODUCTION NO. 39:** Please produce a list of all attorneys and paralegals in the WTNY Legal Department from 1970 to 1995.

**RESPONSE:**   WTNY objects to this Request for Production in that it is overbroad as to time and scope.  *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving this objection, see document bates numbered WTNY000576-000577, which is being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 40:** Please produce a copy of all Attorney-Client agreements between the WTNY Legal Department and the Hardin Congregation, or any <u>person</u> associated with the Hardin Congregation, executed between 1970 to 1995.

**RESPONSE:**   WTNY objects to this Request for Production in that it is overbroad as to time and scope.  *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving this objection, none.

**REQUEST FOR PRODUCTION NO. 41:** Please produce a copy of all documents from 1970 to 1995 that show the policy and procedures for maintaining Clergy-Penitent Privilege and Attorney-Client Privilege information received by the WTNY Legal Department.

**RESPONSE:**   WTNY objects to this Request for Production in that it is overbroad as to time and scope.  *See* Doc. 85, p. 7 (Court concluding documents and

information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving this objection, WTNY has maintained no independent policy for attorneys and paralegals, however attorneys in WTNY's Legal Department adhered to guidelines established by their respective bars and paralegals working under their direction adhered to the same.

**REQUEST FOR PRODUCTION NO. 42:** Please produce a copy of all documents from 1970 to 1995 that indicate who qualifies as Clergy in the Jehovah's Witnesses organization.

**RESPONSE:**    WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). WTNY further objects to this Interrogatory on the grounds that it is vague and ambiguous as to the term "clergy." Subject to and without waiving these objections, WTNY responds as follows: While Jehovah's Witnesses reject the *religious* term, clergy, as it is used in other faiths, WTNY refers Plaintiffs to documents bates-numbered WTNY000280-000301; WTNY000387-000410; WTNY000507-000560 and documents produced by co-defendant WTPA, bates numbered WTPA028758-028784; WTPA033888-033914 for purposes of establishing that elders meet the *legal* definition of clergy.

**REQUEST FOR PRODUCTION NO. 43:** Please produce a copy of all documents from 1970 to 1995 that define the term religious guidance as stated in your Privilege Logs.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving this objection, WTNY refers Plaintiffs to documents bates numbered WTNY000280-000301; WTNY000387-000410; WTNY000507-000560; and documents produced by co-Defendant WTPA (WTPA015743-015744; WTPA016394; WTPA016396; WTPA016890; WTPA016938; WTPA016954; WTPA016960; WTPA016974; WTPA028868-028883; WTPA033998-034013; WTPA039465-039468; WTPA055101-055102).

**REQUEST FOR PRODUCTION NO. 44:** Please produce a copy of the July 1, 2018 Service Department Secretary Manual.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving this objection, after a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 45:** Please produce all versions of the Service Department Secretary Manual in effect from the years 1970 to 1995.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving this objection, after a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 46:** Please produce a copy of the February 1, 2021 Service Department Manual.

**RESPONSE:**   WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving this objection, after a diligent search, WTNY has been unable to locate any information responsive to this request.  To WTNY's knowledge, there is no document entitled "Service Department Manual."

**REQUEST FOR PRODUCTION NO. 47:** Please produce all versions of the Service Department Manual in effect from the years 1970 to 1995.

**RESPONSE:**   WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims).

Subject to and without waiving this objection, after a diligent search, WTNY has been unable to locate any information responsive to this request. To WTNY's knowledge, there is no document entitled "Service Department Manual."

**REQUEST FOR PRODUCTION NO. 48:** Please produce any documents that describe, set forth, or limit an Elder's authority to act on behalf of Congregations.

**RESPONSE:** WTNY objects to this Request for Production on the grounds that it is vague and ambiguous as to the term "Elder's authority." Subject to and without waiving these objections, please see documents bates-numbered WTNY000280-000301; WTNY000387-000410; WTNY000507-000560 and documents produced by co-defendant WTPA, bates numbered WTPA028758-028784; WTPA033888-033914.

**REQUEST FOR PRODUCTION NO. 49:** Please produce any documents that describe, set forth, or limit an Elder's authority to act on behalf of WTNY.

**RESPONSE:** WTNY objects to this Request for Production to the extent it is based on the false premise that elders have authority to act on behalf of WTNY. This Request for Production is also vague and ambiguous as to the term "Elder's authority." Subject to and without waiving these objections, WTNY responds as follows: None, because elders have no authority to act on behalf of WTNY.

**REQUEST FOR PRODUCTION NO. 50:** Please produce a copy of all manuals, policy, and/or procedure documents between 1970-1995 that pertain to the HuB database.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving this objection, none.

**REQUEST FOR PRODUCTION NO. 51:** Please produce a copy of all appointment, discipline, and disfellowship documents, including but not limited to all S-77 and S-80 forms, pertaining to the Hardin Congregation from 1970 to 1995.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving this objection, after a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 52:** Please produce a full copy of the Hardin Congregations' permanent congregation files.

**RESPONSE:** None. WTNY does not maintain Congregations' permanent files.

**REQUEST FOR PRODUCTION NO. 53:** Please produce a copy of all documents marked "Do Not Destroy" pertaining to the Hardin Congregation.

**RESPONSE:** *See* Response to Request for Production No. 52.

**REQUEST FOR PRODUCTION NO. 54:** Please produce a copy of the supplemental letter referred to on Bates No. MAP_HARDIN000058.

**RESPONSE:** After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 55:** Please produce the December 5, 1985, 2-page letter from WTNY to All circuit and district overseers in the U.S. about reporting child abuse to authorities.

**RESPONSE:** WTNY objects to this Request for Production to the extent it mischaracterizes the requested documents as being "about reporting child abuse to authorities" because on its face, the document discusses a number of topics. Subject to and without waiving this objection, *see* document bates numbered WTNY000578-000579, which is being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 56:** Please produce the 1992 outline for elders attending kingdom ministry school titled "Updated Direction Regarding Judicial Matters".

**RESPONSE:** *See* document bates numbered WTNY000580-000584, which is being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 57:** Please produce the 1992 addendum to the outline for elders attending kingdom ministry school titled "Updated Direction Regarding Judicial Matters".

**RESPONSE:** *See* document bates numbered WTNY000585-000586, which is being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 58:** Please produce the January 25, 1994 letter from WTNY to circuit and district overseers about helping elders console abuse victims.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). WTNY also objects to this Request for Production on the grounds it mischaracterizes the requested document as being "about helping elders console abuse victims" because on its face, the document discusses a number of topics. Subject to and without waiving these objections, *see* document bates numbered WTNY000587-

000590, which is being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 59:** Please    produce    the    1995 training from WTNY to circuit and district overseers on helping abuse victims scripturally.

**RESPONSE:**   WTNY objects to this Request for Production in that it is overbroad as to time and scope.  *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). WTNY also objects to this Request for Production on the grounds that it is vague and ambiguous as to the term "1995 training from WTNY."  Subject to and without waiving these objections, *see* Response to Request for Production No. 60.

**REQUEST FOR PRODUCTION NO. 60:** Please    produce    the    1995 outlines from WTNY to elders attending K.M. school, portions 19-22, regarding helping abuse victims scripturally.

**RESPONSE:**   WTNY objects to this Request for Production in that it is overbroad as to time and scope.  *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving this objection, *see* document bates numbered WTNY000591-000607, which is being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 61:** Please produce the September 25, 1995 letter from WTNY to circuit and district overseers reminding them to read the August 1, 1995 letter which contains cautions about appointments.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving this objection, *see* document bates numbered WTNY000608-000611, which is being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 62:** Please produce the March 14, 1997, 3-page letter from WTNY to all elders that clarifies "child molestation" and other terms and provides directions.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving this objection, *see* document bates numbered WTNY000612-000614, which is being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 63:** Please produce the 1997 outline from WTNY to elders attending K.M. school, section 5(b) concerning "known child molester".

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving this objection, *see* document bates numbered WTNY000615-000620, which is being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 64:** Please produce the January 1, 1998 outline from WTNY to circuit overseers regarding meeting with congregation service committee elders

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving this objection, *see* document bates numbered WTNY000621-000624, which is being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 65:** Please produce the May 1998 outline from WTNY to circuit overseers containing information about abuse victims.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving this objection, *see* document bates numbered WTNY000625-000629, which is being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 66:** Please produce the June 1, 1998 exception to the March 14, 1997 letter from WTNY to district and circuit overseers.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving this objection, *see* document bates numbered WTNY000630-000632, which is being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 67:** Please produce the July 20, 1998 clarification of the March 14, 1997 letter from WTNY to elders.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving this objection, *see* document bates numbered

WTNY000633-000635, which is being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 68:** Please produce the April 6, 1999, traveling overseer guidelines on abusers from WTNY to traveling overseers.

**RESPONSE:** WTNY objects to this Request for Production on the grounds that it mischaracterizes the document as "guidelines on abusers." WTNY also objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving these objections, *see* document bates numbered WTNY000636-000646, which is being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 69:** Please produce the October 4, 1999, traveling overseer guidelines on abusers from WTNY to traveling overseers.

**RESPONSE:** WTNY objects to this Request for Production on the grounds that it mischaracterizes the document as "guidelines on abusers." WTNY also objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving these objections, *see* document bates numbered WTNY000647-000748, which is

being produced subject to the Stipulated Confidentiality Agreement and Protective

Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 70:** Please produce the July 5, 2000

reminder from WTNY to traveling overseers regarding if molester moves.

**RESPONSE:** WTNY objects to this Request for Production in that it is

overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and

information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims).

Subject to and without waiving this objection, *see* document bates numbered

WTNY000749-000750, which is being produced subject to the Stipulated

Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 71:** Please produce the September 7,

2001 outlines 16 and 23, regarding reproof and appointments, respectively, from

WTNY to traveling overseers.

**RESPONSE:** WTNY objects to this Request for Production in that it is

overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and

information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims).

Subject to and without waiving this objection, *see* document bates numbered

WTNY000751-000761, which is being produced subject to the Stipulated

Confidentiality Agreement and Protective Order (Doc. 110-1).

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 26:**    Please admit that you do not have a copy of the July 13, 2011 correspondence from the Hardin Congregation to the WTNY Legal Department seeking legal advice.

**ANSWER:**   WTNY admits that it has conducted a diligent search and has been unable to locate correspondence from the Hardin Congregation dated July 13, 2011.

DATED this _7th_ day of September, 2022.

By: _Jon A. Wilson_

Jon A. Wilson / Brett C. Jensen
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower
Bible and Tract Society of New York,
Inc.,*

## **VERIFICATION**

Thomas Jefferson, Jr., states that he has read the foregoing *(Defendant WTNY's First Amended Responses to Plaintiffs' Third Set of Combined Interrogatories, Requests for Production, and Requests for Admission)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers.  Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

Thomas Jefferson, Jr.

Dated: 8/7/2022

## CERTIFICATE OF SERVICE

I hereby certify that, on September _7th_, 2022, a copy of the foregoing

*(Defendant WTNY's First Amended Responses to Plaintiffs' Third Set of Combined*

*Interrogatories, Requests for Production, and Requests for Admission)* was served

on the following person(s):

1.   U.S. District Court, Billings Division

2.   Robert L. Stepans / Ryan R. Shaffer / James C. Murnion
     MEYER, SHAFFER & STEPANS, PLLP
     430 Ryman Street
     Missoula, MT 59802

3.   Matthew L. Merrill (appearing pro hac vice)
     Merrill Law, LLC
     1863 Wazee Street #3A
     Denver, CO 80202

4.   Gerry P. Fagan / Christopher T. Sweeney / Jordan W. FitzGerald
     MOULTON BELLINGHAM PC
     P.O. Box 2559
     Billings, MT 59103-2559

5.   Bruce G. Mapley Sr.
     3905 Caylan Cove
     Birmingham, AL 35215

by the following means:

|          |                  |        |                            |
|----------|------------------|--------|----------------------------|
| _____ | CM/ECF           | _____ | Fax                        |
| _____ | Hand Delivery    | _____ | E-Mail                     |
| _2-5___  | U.S. Mail        | _____ | Overnight Delivery Services |

By: _____

Jon A. Wilson / Brett C. Jensen
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc.,*

Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>       Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>       Defendants.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. | Cause No. CV 20-52-BLG-SPW<br><br>**DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC.'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' THIRD SET OF COMBINED INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION** |

```
                    Cross-Claimant,        )
                                           )
                                           )
    vs.                                    )
                                           )
    BRUCE MAPLEY SR.,                      )
                                           )
                                           )
                    Cross-Claim Defendant. )
                                           )
                                           )
```

TO:   Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C. Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street, Missoula, MT 59802

COMES NOW Defendant Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), by and through its attorneys, and provides its first supplemental responses to Plaintiffs' Third Set of Combined Interrogatories, Requests for Production, and Requests for Admission to Defendant WTNY:

**REQUEST FOR PRODUCTION NO. 52:** Please produce a full copy of the Hardin Congregations' permanent congregation files.

**RESPONSE:** None. WTNY does not maintain Congregations' permanent files.

**FIRST SUPPLEMENTAL RESPONSE:** WTNY objects to this Request for Production as vague and ambiguous as to the term "Hardin Congregations' permanent congregation files." Without waiving said objection, while WTNY does not and never has had access to the file the Hardin Congregation maintains at its

place of worship, *see* documents bates-numbered WTNY000762-000776 and

WTNY's Second Supplemental Privilege Log, PL Nos. 50-52.

DATED this 26th day of September, 2022.

By: _____
    Jon A. Wilson / Brett C. Jensen
    BROWN LAW FIRM, P.C.
    *Attorneys for Defendants Watchtower*
    *Bible and Tract Society of New York,*
    *Inc.,*

## **VERIFICATION**

Thomas Jefferson, Jr., states that he has read the foregoing *(Defendant WTNY's First Supplemental Responses to Plaintiffs' Third Set of Combined Interrogatories, Requests for Production, and Requests for Admission)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers. Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

Thomas Jefferson, Jr.

Dated: 9/30/2022

## CERTIFICATE OF SERVICE

I hereby certify that, on September 26th, 2022, a copy of the foregoing

*(Defendant WTNY's First Supplemental Responses to Plaintiffs' Third Set of*

*Combined Interrogatories, Requests for Production, and Requests for Admission)*

was served on the following person(s):

1.  U.S. District Court, Billings Division

2.  Robert L. Stepans / Ryan R. Shaffer / James C. Murnion
    MEYER, SHAFFER & STEPANS, PLLP
    430 Ryman Street
    Missoula, MT 59802

3.  Matthew L. Merrill (appearing pro hac vice)
    Merrill Law, LLC
    1863 Wazee Street #3A
    Denver, CO 80202

4.  Gerry P. Fagan / Christopher T. Sweeney / Jordan W. FitzGerald
    MOULTON BELLINGHAM PC
    P.O. Box 2559
    Billings, MT 59103-2559

5.  Bruce G. Mapley Sr.
    3905 Caylan Cove
    Birmingham, AL 35215

by the following means:

| | |
|---|---|
| _____CM/ECF | _____Fax |
| _____Hand Delivery | _2-5__E-Mail |
| _2-5_____U.S. Mail | _____Overnight Delivery Services |

By: _____

Jon A. Wilson / Brett C. Jensen
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc.*

*TRACY CAEKAERT, ET AL. V. WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., ET AL*
**CAUSE NO. 1:20-CV-00052-SPW; UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION**

*ARIANE ROWLAND, ET AL. V. WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., ET AL*
**CAUSE NO. 1:20-CV-00059-SPW; UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION**

**WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC'S SECOND SUPPLEMENTAL PRIVILEGE LOG**

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| | | | | | **Watchtower Legal Department Records** | | |
| 1. | 07/22/1992 | Notes | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation.  **Re: Legal Advice concerning Bruce Mapley, Sr.** | PDF | A/C |
| 2. | 07/22/1992 through 10/01/2019 | Running series of Notes | Legal Department | None | Attorney/Paralegal Notes of Separate Calls with Congregations: Ashland, WI; Iron River, WI; Shawano, WI; Forsyth, MT; Hardin, MT; West Laurel, MT; Livingston, MT; Park Place, Oregon City, OR; Center Point, AL; Roebuck, Birmingham, AL.  **Re: Legal Advice concerning Bruce Mapley, Sr., and Martin Svenson** | Lotus Notes PDF | A/C; TP |
| 3. | 07/22/1992 through 10/01/2019 | Call Summaries | Legal Department | None | Attorney/Paralegal Notes of Separate Calls with Congregations: Iron River, WI; Shawano, WI; Forsyth, MT; Hardin, MT; Ashland, MT; West Laurel, MT; Livingston, MT; Park Place, Oregon City, OR; Center Point, AL; Roebuck, Birmingham, AL.  **Re: Legal Advice Bruce Mapley, Sr., and Martin Svenson** | HuB PDF | A/C; TP |

1

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 4. | 04/08/2020 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Roebuck, Birmingham, AL, Congregation. **Re: Legal Advice concerning Bruce Mapley, Sr.** | HuB PDF | A/C |
| 5. | 03/26/1994 | Notes | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Martin Svenson, Nellie Means, David Means, and Third Parties [P.M., A.A., and M.R.]** | PDF | A/C; TP |
| 6. | 03/26/1994 through 12/10/2018 | Running series of Notes | Legal Department | None | Attorney/Paralegal Notes of Separate Calls with Congregations: Chamisa Taos, NM; Hardin, MT; Forsyth, MT; East Laurel, MT. **Re: Legal Advice concerning Martin Svenson, Nellie Means, David Means, Bruce Mapley, Sr., and Third Parties [P.M., A.A., and M.R.]** | Lotus Notes PDF | A/C; TP |
| 7. | 03/26/1994 through 12/10/2018 | Call Summaries | Legal Department | None | Attorney/Paralegal Notes of Separate Calls with Congregations: Chamisa Taos, NM; Hardin, MT; Forsyth, MT; East Laurel, MT. **Re: Legal Advice concerning Martin Svenson, Nellie Means, David Means, Bruce Mapley, Sr., and Third Parties [P.M., A.A., and M.R.]** | HuB PDF | A/C; TP |
| 8. | 05/01/2020 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with West Laurel, MT, Congregation. **Re: Legal Advice concerning Martin Svenson** | HuB PDF | A/C |

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 9. | 05/07/2020 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with West Laurel, MT, Congregation. **Re: Legal Advice concerning Martin Svenson** | HuB PDF | A/C |
| 10. | 10/17/2019 and 12/13/2019 | Running series of Notes | Legal Department | None | Attorney/Paralegal Notes of Calls with Hardin, MT Congregation. **Re: Legal Advice concerning Gunnar Hain** | Lotus Notes PDF | A/C; TP |
| 11. | 10/17/2019 and 12/13/2019 | Call Summaries | Legal Department | None | Attorney/Paralegal Notes of Calls with Hardin, MT Congregation. **Re: Legal Advice concerning Gunnar Hain** | HuB PDF | A/C; TP |
| 12. | 08/05/2014 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [A.A.]** | HuB PDF | A/C; TP |
| 13. | 07/29/2019 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [J.C.]** | HuB PDF | A/C; TP |
| 14. | 01/16/2006 through 10/09/2019 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [R.H.]** | HuB PDF | A/C; TP |
| 15. | 08/05/2014 through 09/16/2014 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Nellie Means** | HuB PDF | A/C; TP |
| 16. | 08/05/2014 through 09/16/2014 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [P.M.]** | HuB PDF | A/C; TP |

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 17. | 09/07/2015 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [A.M.]** | HuB PDF | A/C; TP |
| 18. | 04/02/2021 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [R.M.]** | HuB PDF | A/C; TP |
| 19. | 12/05/2003 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [J.N.]** | HuB PDF | A/C; TP |
| 20. | 11/01/2014 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [K.R.]** | HuB PDF | A/C; TP |
| 21. | 05/24/2018 through 06/15/2018 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [M.R.]** | HuB PDF | A/C; TP |
| 22. | 08/05/2014 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party James Rowland** | HuB PDF | A/C; TP |
| 23. | 04/23/2020 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [M.S.]** | HuB PDF | A/C; TP |
| 24. | 08/05/2014 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Mildred Svenson** | HuB PDF | A/C; TP |

4

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 25. | 11/01/2014 through 09/07/2015 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [T.V.]** | HuB PDF | A/C; TP |
| 26. | 09/07/2015 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [C.W.]** | HuB PDF | A/C; TP |
| **Correspondence (March 14, 1997, BOE Letter Responses)** | | | | | | | |
| 27. | 04/19/1997 | Letter | C.F. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [C.R.]** | PDF | CP; TP |
| 28. | 04/24/1997 | Letter | H.P. Congregation | Service Department | Confidential communication **Re: seeking or receiving religious guidance, admonishment, or advice concerning Third Party [B.M.]** | PDF | CP; TP |
| 29. | 04/25/1997 | Letter | Hardin Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party Gunnar Hain [This specific communication has already been reviewed *in camera* by this Court and determined to be protected under Montana's clergy-penitent privilege under § 26–1–804 (see Court's order dated July 30, 2021, Doc #82 at pp. 3-4)]** | PDF | CP; TP |

5

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 30. | 05/14/1997 | Letter | E. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [M.C.]** | PDF | CP; TP |
| 31. | 05/29/1997 | Letter | L. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [L.J.]** | PDF | CP; TP |
| 32. | 08/06/1997 | Letter | T.B. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [G.J.]** | PDF | CP; TP |
| 33. | 08/12/1997 | Letter | B. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [T.M.]** | PDF | CP; TP |
| 34. | 02/02/1999 | Letter | E. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [N.O.]** | PDF | CP; TP |
| 35. | 02/07/2000 | Letter | Be. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [K.M.]** | PDF | CP; TP |
| 36. | 04/06/2000 | Letter | B.H. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [R.G.]** | PDF | CP; TP |
| Correspondence (Other) | | | | | | | |
| 37. | 09/15/1997 | Letter | Hardin Congregation | Pacific WA Congregation | Confidential communication **Re: Providing religious guidance, admonishment, or advice concerning Gunnar Hain** | PDF | CP; TP |

6

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 38. | 09/14/1998 | Letter | Hardin Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Martin Svenson** | PDF | CP; TP |
| 39. | 09/27/1999 | Letter | Service Department | Hardin Congregation | Confidential communication **Re: Providing religious guidance, admonishment, or advice concerning Gunnar Hain** | PDF | CP; TP |
| 40. | 10/14/1999 | Form | Canyon Ferry Congregation, Helena, MT | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Bruce Mapley, Sr.** | PDF | CP; TP |
| 41. | 05/05/2011 | Letter | Hardin Congregation | Legal Department | Letter seeking legal advice **Re: Threat of legal action in relation to Bruce Mapley, Sr., Gunnar Hain, and Martin Svenson** | PDF | A/C |
| 42. | 06/15/2011 | Memorandum | Legal Department | Service Department | Attorney providing legal advice. **Re: Bruce Mapley, Sr., Gunnar Hain, and Martin Svenson** | PDF | A/C |
| 43. | 12/26/2014 | Memorandum | Service Department | Legal Department | Memo seeking legal advice. **Re: Bruce Mapley, Sr.** | PDF | A/C |
| 44. | 01/02/2015 | Memorandum | Legal Department | Service Department | Attorney providing legal advice. **Re: Bruce Mapley, Sr.** | PDF | A/C |
| **Watchtower Legal Department Client Intake Forms** | | | | | | | |
| 45. | 09/07/2014 | Client Intake Form | Hardin Congregation | Legal Department | Client seeking legal advice. **Re: Seeking legal advice involving David Means and Nellie Means** | PDF | A/C; TP |
| 46. | 09/07/2014 | Client Intake Form | Hardin Congregation | Legal Department | Client seeking legal advice. **Re: Seeking legal advice involving David Means and Third Party [P.M.]** | PDF | A/C; TP |
| 47. | 10/18/2019 | Client Intake Form | Hardin Congregation | Legal Department | Client seeking legal advice. **Re: Seeking legal advice involving third party unrelated to this litigation [R.H.]** | PDF | A/C; TP |

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 48. | 10/18/2019 | Client Intake Form | Hardin Congregation | Legal Department | Client seeking legal advice. **Re: Seeking legal advice involving third party unrelated to this litigation [R.H.]** | PDF | A/C; TP |
| 49. | 04/30/2020 | Client Intake Form | Hardin Congregation | Legal Department | Client seeking legal advice. **Re: Legal issue involving third party unrelated to this litigation [M.S.]** | PDF | A/C; TP |
| colspan | | | | **Amended Entries [09/26/2022]** | | | |
| 50. | 01/06/1996 | Notes | Hardin Congregation | N/A | Internal note documenting legal advice received by the Hardin Congregation from Watchtower New York Legal Department. **[*See* Hardin Congregation Privilege Log]** | PDF | A/C; TP |
| 51. | 01/04/1997 | Notes | Hardin Congregation | N/A | Internal notes by Hardin congregation elders documenting ecclesiastical communications made in confidence to the elders for the purpose of seeking or receiving religious guidance, admonishment, or advice. **[This specific document has already been reviewed *in camera* by this Court and certain portions were determined to be protected under Montana's clergy-penitent privilege under § 26–1–804 (see Court's order dated September 20, 2021, Doc #77 at pp. 3-4). This item has already been produced by the Hardin Congregation (*see* ROW_HARDIN000105-108) and is being reproduced in identical redacted form in accordance with this Court's decision. *See* document bates-numbered WTNY 000770-000773]** | PDF | CP; TP |

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 52. | 02/19/1997 | Notes | Hardin Congregation | N/A | Internal notes by Hardin Congregation elders documenting ecclesiastical communications made in confidence to the elders for the purpose of seeking or receiving religious guidance, admonishment, or advice. [**see Hardin Congregation Privilege Log. This specific document has already been reviewed *in camera* by this Court and determined to be protected under Montana's clergy-penitent privilege under § 26–1–804 (see Court's order dated September 20, 2021, Doc #77 at p. 5)**]. | PDF | CP; TP |

Key:
A/C = Attorney-Client Privilege
CP = Clergy-Penitent Privilege
TP = Third-Party Privacy
Date: September 26, 2022
Submitted by Brown Law Firm, P.C., on behalf of Defendant Watchtower Bible and Tract Society of New York, Inc.

Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br><br> Defendants. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. | Cause No. CV 20-52-BLG-SPW <br><br> **DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF COMBINED INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION** |

```
                    Cross-Claimant,        )
                                           )
vs.                                        )
                                           )
                                           )
BRUCE MAPLEY SR.,                          )
                                           )
                    Cross-Claim Defendant. )
                                           )
                                           )
```

TO:   Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C. Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street, Missoula, MT 59802

COMES NOW Defendant Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), by and through its attorneys, and provides its responses to Plaintiffs' Fourth Set of Combined Interrogatories, Requests for Production, and Requests for Admission to Defendant WTNY:

## **INTERROGATORIES**

**INTERROGATORY NO. 19:** Please identify the "Deskmen" for Montana in the Service and Legal Departments for the period 1973 to 2020 (this includes the period of time when the abuse alleged in this case occurred, as well as the period of time set forth in WTNY's Second Supplemental Privilege Log).

**ANSWER:** WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). WTNY further

objects to this Interrogatory in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving these objections, WTNY responds as follows:

The Legal Department does not, and never has had, "Deskmen." As to Montana "Deskmen", WTNY does not have any listing of Montana "Deskmen" from any time period. However, WTNY's Legal Department transferred the calls identified on its Privilege Log to deskmen in the Service Department; these elders may have been assigned to the Montana desk or were temporarily covering the Montana desk for the Service Department:

Burnett, Michael

Chappel, Douglas

Chilton, Richard

**INTERROGATORY NO. 20:** For the period 1973 to 1992 identify the Departments (e.g., Service Department), Offices (e.g., Branch Office), Committees (e.g., Service Committee), Bodies (e.g., Governing Body), Corporations (e.g., WTPA), and any other groups or entities that were utilized by the Jehovah's Witnesses to carry out the purposes, goals, functions, ministries, and work of the Jehovah's Witness faith. For each Department, Office, Committee, Body,

Corporation, or other group/entity identified, please set forth the dates within the time period that each was utilized.

**ANSWER:** WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). WTNY further objects to this Interrogatory as compound and overbroad, as it is not limited in scope, subject matter, or geographic region.  Subject to and without waiving these objections, WTNY responds as follows:

As to the Service Department (located in Brooklyn, NY), between the years of 1973 and 1992, experienced elders provided Scripturally-based guidance to elders in congregations of Jehovah's Witnesses, as needed.  Elders in the Service Department were also responsible for reviewing the Scriptural qualifications of elders and ministerial servants in local congregations of Jehovah's Witnesses, and acknowledging any appointments on WTNY letterhead.   The names of those in this department have been previously provided. *See* WTNY's Second Supplemental Responses to Plaintiffs' Second Set of Jurisdictional Discovery, First Supplemental Answer to Interrogatory No. 6, dated September 21, 2021.  During the relevant  time period the Service Department acted through WTNY.

The Service Department Committee (located in Brooklyn, NY) was an ad-hoc group of Service Department elders who were responsible for oversight of the

Service Department.  No records exist of those comprising this committee because each elder was also a member of the Service Department, but the following names are located in documents previously produced as having served on this committee during some portion of the relevant time period: Joel Adams, Harley Miller, David A. Olson, Martin Poetzinger, William Van De Wall, Leon Weaver, and Charles Woody (*See* documents produced by co-Defendant WTPA bates numbered WTPA052128; WTPA050214; WTPA049015-049020 WTPA050593; WTPA052512; WTPA055199; WTPA052745; WTPA052897; WTPA055965; WTPA05821; WTPA054053).

As to the Legal Department (located in Brooklyn, NY), none existed in the 1970s and it wasn't until the early-1980s that one was initially staffed with paralegals with legal assistance provided by private attorneys. Toward the mid to late 1980s, WTNY obtained in-house counsel. The Legal Department serves to assist Jehovah's Witnesses in a wide variety of ways including but not limited to assisting with medical matters, formation of corporate entities to carry out the work of Jehovah's Witnesses, child custody disputes, human rights issues, and freedom of religion and speech violations. After July 1, 1989, it also began receiving phone calls from elders in congregations of Jehovah's Witnesses in the United States and provided legal advice in connection with reporting obligations for ministers. During the relevant time period the Legal Department acted through WTNY.

As to WTNY (located in Brooklyn and Wallkill NY), it is a 50l(c)(3) not-for-profit corporation organized under the corporate laws of the State of New York with current offices in Patterson, New York. The corporate purpose of WTNY includes supporting the faith of Jehovah's Witnesses as they carry out Jesus' commands at Matthew 24:14 and Matthew 28:19-20, to preach the good news of God's Kingdom. WTNY supports the faith of Jehovah's Witnesses by printing Bible-based literature and by owning real estate to provide housing and office facilities for members of the Worldwide Order of Special Full-Time Servants of Jehovah's Witnesses ("the Order") in the United States. The Order is an unincorporated Scriptural order whose members serve under vows of poverty and obedience. Prior to 2001, WTNY also supported the faith of Jehovah's Witnesses by entering into contracts to rent facilities for Jehovah's Witnesses to hold conventions and by providing services to facilitate communications between the Service Department and congregations of Jehovah's Witnesses throughout the United States, and any other business/religious needs of Jehovah's Witnesses. The names of the members of the Board of Directors have been previously provided. *See* WTNY's Third Supplemental Responses to Plaintiffs' First Set of Jurisdictional Discovery, Answer to Interrogatory No. 2, dated September 21, 2021.

The Governing Body of Jehovah's Witnesses (located in Brooklyn, NY) is an ecclesiastical group of men who care for the spiritual interests of Jehovah's

Witnesses worldwide. The Governing Body provides spiritual guidance and direction to all Jehovah's Witnesses, including, but not limited to, setting forth the Scriptural beliefs and practices of the faith in conformance with the model set by first century Christians as recorded in the Bible. Although the members of the Governing Body have changed over the years, during the relevant time-period of this lawsuit (1973-1992) the Governing Body as an ecclesiastical group has been (and still is) in existence. The Governing Body considers its leader to be Jesus Christ (*The Bible*, Matthew 23:10). WTNY refers Plaintiffs to WTPA's Answer to Interrogatory No. 23, dated September 21, 2021, for a listing of the individual members of the Governing Body during the relevant time-period.

**INTERROGATORY NO. 21:** For all Departments, Offices, Committees, Bodies, Corporations, or other groups or entities identified in your answer to the previous interrogatory, please identify: a) the years it was active; b) its purpose; c) the Corporation it communicated through; d) the Department, Office, Committee, Body, Corporation, or other group or entity if reported to; d) its physical location; e) the person(s) in charge; and f) identification of the people serving such Department, Office, Committee, Body, Corporation, or entity.

**ANSWER:** WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). WTNY further

objects to this Interrogatory to the extent that it violates individuals' associational right to privacy under the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution. *See, NAACP v. Alabama* (1958) 357 U.S. 449.  WTNY also objects to this Interrogatory and compound and  overbroad, as it is not limited in scope, subject matter, or geographic region.  Subject to and without waiving these objections, WTNY responds as follows: *See* Answer to Interrogatory No. 20.

**INTERROGATORY NO. 22:** For the time period of 1973 to 1992, please describe how the money from the sale of books, literature, magazines, songs, and other media to which WTPA holds copyrights was collected, received, and accounted for by you.

**ANSWER:**  WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). WTNY further objects to the use of the term "sale of" in this Interrogatory, as such term could improperly give the impression that there was some commercial or secular objective in the production of religious literature or that it resulted in monetary profit. Subject to and without waiving these objections, WTNY responds as follows: In the United States and up until 1990, religious literature was offered to any individual who had a desire to obtain such literature on a suggested donation basis. After 1990, such literature was offered on a voluntary donation basis.

During all relevant time periods, the donations (funds) were collected at local congregations and remitted to WTNY to offset the cost of production, materials, and shipping.  WTNY refers Plaintiffs to documents bates numbered WTNY000092-WTNY000195 and WTNY000799-000802 for how such items were "accounted for" by WTNY.

**INTERROGATORY NO. 23:** For the period 1973 to 1992 – and for all men who were serving concurrently on the Boards of Directors for WTNY and WTPA, as well as on the Governing Body – please identify the evidence (or types of evidence) in your possession that the Court or Jury could refer to which would indicate which of those entities those men were acting on behalf of while performing tasks related to the purpose of the Jehovah's Witness faith.

**ANSWER:**  WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). WTNY further objects to this Interrogatory as compound and ambiguous.  Subject to and without waiving these objections, WTNY responds as follows:

As to those who served on the Board of Directors of WTNY and occupied a religious role concurrently as a member of the Governing Body between 1973 and 1992, WTNY identifies the following individuals:

W.L. Barry
J.E. Barr

J.C. Booth
F.W. Franz
J.O. Groh
M.G. Henschel
W.K. Jackson
T. Jaracz
N.H. Knorr
G. Suiter
L.A. Swingle

For each of the individuals identified above, during the time they were acting in their role as directors of WTNY, they were governed by WTNY's Bylaws (*see* WTNY00084-WTNY000091); during the time they were acting as members of the ecclesiastical Governing Body of Jehovah's Witnesses, they were governed by the Bible.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 72:** Please produce a copy of all affidavits, declarations, or any other sworn statements by Jehovah's Witness Organization officials (whether representatives of WTNY, WTPA, CCJW, or otherwise) regarding the following issues: attorney-client privilege; clergy-penitent privilege; storage or retention of information regarding child sex abuse at Jehovah's Witness congregations; and the organization of the various Jehovah's Witness entities, departments, and offices over time.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and

information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims).

WTNY further objects to this Request for Production as vague and ambiguous as to

the terms "Jehovah's Witness Organization officials" and "child sex abuse at

Jehovah's Witness congregations." WTNY also objects to this Request for

Production as overbroad as to time and scope and not proportional to the needs of

this case in that it requests sworn statements on behalf of entities other than the

Responding Defendant, including a corporate entity (CCJW) that was not formed

until years after the relevant time-period in this case.  Subject to and without waiving

these objections, *see* documents bates numbered WTNY00803-WTNY001047,

which are being produced subject to the Stipulated Confidentiality Agreement and

Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 73:** Please produce all documents

identifying the WTNY Legal Department's staff for the period 1992 to 2020 (the

period of time set forth in WTNY's Second Supplemental Privilege Log).

**RESPONSE:**   WTNY objects to this Request for Production in that it is

overbroad as to time and scope.  *See* Doc. 85, p. 7 (Court concluding documents and

information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims).

WTNY further objects to this Request for Production as compound, not proportional

to the needs of the case, irrelevant, overbroad, and vague and ambiguous as to the

request for "all documents identifying the WTNY's Legal Department's staff" in

that it could be interpreted to mean every document that conceivably contains the name of any attorney, paralegal, or other staff. WTNY also objects to this Request for Production in that it violates the attorney-client privilege, attorney work-product, and the privacy and confidentiality of other clients. Subject to and without waiving these objections, WTNY has already provided a list of WTNY Legal Department personnel from 1960 to 1990 (*see* WTNY's Second Supplemental Responses to Plaintiffs' Second Set of Jurisdictional Discovery, First Supplemental Answer to Interrogatory No. 7, dated September 21, 2021), along with the identities of all individuals in the Legal Department involved in the specific communications referenced in WTNY's Privilege Log (*see* letter from Jon Wilson dated May 2, 2022).

**REQUEST FOR PRODUCTION NO. 74:** Please produce all documents identifying the Service Department's staff for the period 1973 to 2020 (this includes the period of time when the abuse alleged in this case occurred, as well as the period of time set forth in WTNY's Second Supplemental Privilege Log).

**RESPONSE:**  WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). WTNY further objects to this Request for Production as compound, overbroad, not proportional to the needs of the case, and vague and ambiguous as to the request for

"all documents identifying the Service Department's staff" in that it could be interpreted to mean every document that conceivably contains the name of any person who assisted the Service Department.  WTNY also objects to this Request for Production in that it violates the clergy-penitent privilege and the privacy and confidentiality of penitents.  Subject to and without waiving these objections, *see* document bates numbered WTNY001048-WTNY001082, which is being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 75:** Please produce any document related to the disfellowshipping or disassociation of Bruce Mapley, Sr., Gunner Hain, Marin Svenson, James Rowland, Quentin Means, Gary Baker, Jay Donavan, Dale Hiebert, and Bill O'Neil.

**RESPONSE:**  WTNY objects to this Request for Production in that it violates the clergy-penitent privilege. Subject to and without waiving this objection, WTNY has no responsive documents except for privilege log item number 40.

**REQUEST FOR PRODUCTION NO. 76:** Please produce all leases, agreements, arrangements, and contracts between WTPA and WTNY that were in effect at any time between 1973 and 1992.

**RESPONSE:**   None.

**REQUEST FOR PRODUCTION NO. 77:** Please produce all documents (including but not limited to records of corporate decisions) memorializing how WTNY and WTPA chose to handle the sharing of revenue resulting from the sale of things copyrighted by WTPA.

**RESPONSE:** WTNY objects to this Request for Production as irrelevant and not proportional to the needs of the case. WTNY further objects to the use of the term "sale of" and "sharing of revenue" in this Request for Production, as such terms could improperly give the impression that there was some corporate or secular objective in the production of religious literature or that it resulted in monetary profit. Subject to and without waiving these objections, *see* document bates numbered WTNY00133-WTNY00135, which is being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 78:** Please produce all documents evidencing the transfer of funds between WTNY and WTPA during the time-period 1973 to 1992, including any associated corporate minutes or other official corporate record of such transactions.

**RESPONSE:** WTNY objects to this Request for Production as irrelevant and not proportional to the needs of the case. Subject to and without waiving these objections, *see* documents bates numbered WTNY000130; WTNY000149; WTNY000152; WTNY000167-000168; WTNY000172; WTNY000175;

WTNY000179;      WTNY000183;      WTNY000185-000186;      WTNY000189;

WTNY000192; WTNY000194; WTNY000198; WTNY000200; WTNY000201;

WTNY000205-000206;      WTNY000208-000209;      WTNY000799;      and

WTNY001084-WTNY001150, which are being produced, or previously have been

produced, subject to the Stipulated Confidentiality Agreement and Protective Order

(Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 79:** Please  produce  any  document

showing WTNY's capitalization relative to its obligations during the time period

1973 to 1992.

**RESPONSE:** WTNY objects to this Request for Production as irrelevant and

not proportional to the needs of the case.  Subject to and without waiving these

objections, *see* documents bates numbered WTNY000092-WTNY000195 and

WTNY000799-000802.

**REQUEST FOR PRODUCTION NO. 80:** Please      produce      documents

showing your corporate budget for the time period 1973 to 1992.

**RESPONSE:**   None.

**REQUEST FOR PRODUCTION NO. 81:** Please      produce      documents

showing who WTNY's members were during the period 1973 to 1992.

**RESPONSE:** WTNY objects to this Request for Production in that it violates

individuals' associational right to privacy under the Due Process Clause of the

Fourteenth Amendment of the U.S. Constitution. *See, NAACP v. Alabama* (1958) 357 U.S. 449.

**REQUEST FOR PRODUCTION NO. 82:** Please produce any document related to the formation, governance, purpose, and control of what is commonly referred to as the U.S. Branch Office.

**RESPONSE:**   WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving, *see* WTNY's Response to Interrogatory No. 11, dated March 8, 2021, and documents produced by co-defendant WTPA, bates-numbered WTPA026371-026618 and WTPA030311-030574.

**REQUEST FOR PRODUCTION NO. 83:** Please produce all documents showing any arrangements, agreements, and contracts between you and what is commonly referred to as the U.S. Branch Office.

**RESPONSE:**   WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving these objections, none.

**REQUEST FOR PRODUCTION NO. 84:** Please produce all documents showing any arrangements, agreements, and contracts between you and the Governing Body.

**RESPONSE:**   WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving these objections, none.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 27:**   Please admit that during the time period 1973 to 1992, elders at the Hardin congregation were agents of WTNY.

**ANSWER:**  Deny.

**REQUEST FOR ADMISSION NO. 28:**   Please admit that during the time period 1973 to 1992, elders in the Service Department were agents of WTNY.

**ANSWER:** WTNY admits that certain elders in the Service Department were agents of WTNY when communicating by means of WTNY letterhead, and answering phone calls related to spiritual topics.  WTNY denies the remainder of this Request for Admission.

**REQUEST FOR ADMISSION NO. 29:**    Please admit that prior to March 2001, communications from the U.S. Branch Office to local congregations about how to handle reports of child sex abuse were done on behalf of WTNY

**ANSWER:**  WTNY objects to this Request for Admission on the grounds that the term "how to handle reports" is vague and ambiguous.  Subject to and without waiving this objection, WTNY admits that prior to 2001, communications between the Service Department and/or Legal Department and congregations of Jehovah's Witnesses in the United States were done on behalf of WTNY.   WTNY denies the remainder of this Request for Admission.

**REQUEST FOR ADMISSION NO. 30:**    Please admit that prior to March 2001, the U.S. Branch Office acted solely through WTNY.

**ANSWER:**  Deny.

**REQUEST FOR ADMISSION NO. 31:**    Please admit that during the time period of 1973 to 1992 the qualifications for the appointment of elders to congregations of Jehovah's Witnesses were reviewed by the Service Department which was communicating and acting on behalf of WTNY.

**ANSWER:**  Admit.

**REQUEST FOR ADMISSION NO. 32:**    Please admit that during the time period 1973 to 1992 the appointment of elders to congregations of Jehovah's

Witnesses throughout the U.S. was communicated to those congregations through WTNY.

**ANSWER:**  Admit.

**REQUEST FOR ADMISSION NO. 33:**   Please admit that during the time period 1973 to 1992 elders in the Service Department, communicating on behalf of WTNY monitored the functioning, organization, and staffing of congregations of Jehovah's Witnesses throughout the U.S., to include the Hardin Congregation.

**ANSWER:**  WTNY objects to this Request for Admission on the grounds that the term "monitored" is vague and ambiguous. To the extent that the term "monitored" is limited to WTNY receiving periodic reports about congregations' preaching activities and bi-annual reports from circuit overseers, WTNY admits.

DATED this 2nd day of December, 2022.

By: _____

Jon A. Wilson / Brett C. Jensen
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc.,*

## **VERIFICATION**

Thomas Jefferson, Jr., states that he has read the foregoing *(Defendant WTNY's Responses to Plaintiffs' Fourth Set of Combined Interrogatories, Requests for Production, and Requests for Admission)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers. Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

Thomas Jefferson, Jr.

Dated: 12/24/2022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 2<u>nd</u>, 2022, a copy of the foregoing

*(Defendant WTNY's Responses to Plaintiffs' Fourth Set of Combined*

*Interrogatories, Requests for Production, and Requests for Admission)* was served

on the following person(s):

1.     U.S. District Court, Billings Division

2.     Robert L. Stepans / Ryan R. Shaffer / James C. Murnion
       MEYER, SHAFFER & STEPANS, PLLP
       430 Ryman Street
       Missoula, MT 59802

3.     Matthew L. Merrill (appearing pro hac vice)
       Merrill Law, LLC
       1863 Wazee Street #3A
       Denver, CO 80202

4.     Gerry P. Fagan / Christopher T. Sweeney / Jordan W. FitzGerald
       MOULTON BELLINGHAM PC
       P.O. Box 2559
       Billings, MT 59103-2559

5.     Bruce G. Mapley Sr.
       3905 Caylan Cove
       Birmingham, AL 35215

by the following means:

| _____CM/ECF | _____Fax |
| _____Hand Delivery | _____E-Mail |
| \_2-5\_\_\_\_\_U.S. Mail | _____Overnight Delivery Services |

By: _____

Jon A. Wilson / Brett C. Jensen
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc.,*