*Exhibit B*

DOCUMENTS WITHHELD BY WTNY BASED ON
ATTORNEY-CLIENT PRIVILEGE
*Caekaert et al. v. Watchtower et al.*
*Rowland et al. v. Watchtower et al.*

| Description of Document Being Withheld | Discovery Request | Privilege Log Entry |
|---|---|---|
| Documents and data in what is commonly referred to as the child maltreatment database, or "CM database" | RFP Nos. 1–3, 23 (Caekaert / Mapley)<br><br>RFP Nos. 1–3, 21 (Rowland / Schulze) | 2, 6, 10 |
| Copies of Child Sexual Abuse Intake Forms | RFP No. 5 (Both cases) | 45–49 |
| Documents and data in what is commonly referred to as the Headquarters Unity Branch database, or "HUB database" | RFP Nos. 6–9, 22 (Caekaert / Mapley)<br><br>RFP Nos. 6–8, 20 (Rowland / Schulze) | 3, 4, 7–9, 11–26 |
| Documents and data related to Plaintiffs | RFP No. 11 (Caekaert / Mapley)<br><br>RFP No. 10 (Rowland / Schulze) | 1–3, 5–8, 10, 11, 16 40–43 |
| Documents and data related to named perpetrators of abuse | RFPs Nos. 12, 13 (Caekaert / Mapley)<br><br>RFP No. 11 (Rowland / Schulze) | 1–11, 24, 40–44 |
| Documents related to judicial committees involving Bruce Mapley Sr. | RFP No. 20 (Caekaert / Mapley)<br><br>RFP No. 18 (Rowland / Schulze) | 43 |

| | | |
|---|---|---|
| Documents related to the "child abuse telememo form" | RFP No. 25 (Caekaert / Mapley)<br><br>RFP No. 27 (Rowland / Schulze) | 1, 5 |
| Documents related to the phone calls referenced in privilege log entries 1–26 and 39 | RFP No. 35 (Caekaert / Mapley)<br><br>RFP No. 37 (Rowland / Schulze) | 41 |

Caekaert / Mapley Requests for Production

Without waiving said objections, responsive letters are described in WTNY's privilege log.

**INTERROGATORY NO. 9:**  Please identify your records custodian from 1970 to the present.

**ANSWER:** WTNY has no records custodian, but, corporate records are maintained by Mark Questell, Corporate Secretary.

### REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Please produce all documents and data in what is commonly referred to as the "child maltreatment database," or "CM database" that pertains to Bruce Mapley Sr., or Gunner Hain

**RESPONSE:**  WTNY objects to the form of this Request for Production, which incorrectly assumes that WTNY maintains a "CM database".  WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained.

The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice.  Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from

disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.,* 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

*See* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 2 and 10).

**REQUEST FOR PRODUCTION NO. 2:** Please produce all documents and data in what is commonly referred to as the "child maltreatment database," or "CM database" that pertains to any Plaintiff.

**RESPONSE:** WTNY objects to the form of this Request for Production, which incorrectly assumes that WTNY maintains a "CM database". WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained.

The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System*

*Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

*See* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 2, 6, and 10).

**REQUEST FOR PRODUCTION NO. 3:** Please produce all documents and data in what is commonly referred to as the "child maltreatment database," or "CM database" that pertains to any person who is, or was at the time of the maltreatment, a member, ministerial servant, elder, or otherwise affiliated with the Hardin Congregation.

**RESPONSE:** WTNY objects to the form of this Request for Production, which incorrectly assumes that WTNY maintains a "CM database". WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained. WTNY additionally objects to the scope of this Request for Production in that it is overbroad and unduly burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in

duration, and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice.   Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

*See* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 2, 6, and 10).

**REQUEST FOR PRODUCTION NO. 4:** Please produce all documents and data in what is commonly referred to as the "child maltreatment database," or "CM database" that pertains to any person who is, or was at the time of the maltreatment, a circuit overseer whose territory included Montana.

**RESPONSE:** WTNY objects to the form of this Request for Production, which incorrectly assumes that WTNY maintains a "CM database". WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney;

(3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained. WTNY additionally objects to the scope of this Request for Production in that it is overbroad and unduly burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in duration, and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, WTNY has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:** Please produce all copies of CSA [Child Sexual Abuse] Intake Forms that relate to any child abuse allegations in

Hardin, Montana, or any digital scans, records, or data formatted and entered from their original forms into any databases maintained or accessed by the Jehovah's Witness Legal and Service Departments, including but not limited to the Admin 2000 databases, HUB databases, or any document archives or databases maintained or accessible to the Legal and Service Departments of Jehovah's Witnesses, including the United States Branch Committee and the Christian Congregation of Jehovah's Witnesses.

**RESPONSE:** WTNY objects to the scope of this Request for Production in that it is overbroad and unduly burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in duration, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

Furthermore, these communications involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice. Therefore, the records of the subject communications as described in WTNY's produced privilege log

(Privilege Log Nos. 45-49) are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

*See* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 45-49).

**REQUEST FOR PRODUCTION NO. 6:**  Please produce all documents and data in what is commonly referred to as the "Headquarters Unity Branch database" or "HUB database" that pertains to any Plaintiff.

**RESPONSE:** WTNY objects to this Request for Production as the documents involve (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.  Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, *see* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 3, 7, and 11). *See also* document produced as WTNY000214.

**REQUEST FOR PRODUCTION NO. 7:** Please produce all documents and data in what is commonly referred to as the "Headquarters Unity Branch database" or "HUB database" that pertains to Bruce Mapley, Sr.

**RESPONSE:** WTNY objects to this Request for Production as the documents involve (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, *see* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 3 and 4). *See also* document produced as WTNY000213.

**REQUEST FOR PRODUCTION NO. 8:**  Please produce all documents and data in what is commonly referred to as the "Headquarters Unity Branch database" or "HUB database" that pertains to Gunner Hain.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, *see* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log No. 11). *See also* document produced as WTNY000215.

**REQUEST FOR PRODUCTION NO. 9:**  Please produce all documents and data in what is commonly referred to as the "Headquarters Unity Branch database" or "HUB database" that pertains to child sex abuse or child maltreatment involving members, elders, or ministerial servants at the Hardin Congregation or

district or circuit overseers whose territory includes or included the Hardin Congregation.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad and unduly burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in duration, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

The documents involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, *see* WTNY's produced privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 3, 4, 7-9, and 11-26).

**REQUEST FOR PRODUCTION NO. 10:** Please produce all letters, emails, facsimiles, or other documentary, tangible, or electronically stored information of any kind you, or any other entity associated with Jehovah's Witnesses, received from congregations in Montana in response to the Body of Elder Letter dated March 14, 1997.

**RESPONSE:** WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production. (Doc. 82, pp. 3-4) The same analysis applies if any other congregations in Montana wrote responsive letters.  In addition, this request is overbroad and unduly burdensome as to scope, is not reasonably calculated to lead to the discovery of admissible information, and is not proportional to the needs of the case. Additionally, this request violates Responding Defendant and third-parties' privacy rights under the United States and Montana Constitutions.

Without waiving said objections, responsive letters are described in WTNY's privilege log (Privilege Log Nos. 27-36).

**REQUEST FOR PRODUCTION NO. 11:** Please produce all tangible or electronically stored information of any kind pertaining to any Plaintiff, including

but not limited to documents, database information, and letters, emails, facsimiles, any communication or information received from the Hardin Congregation, anyone associated with the Hardin Congregation, or any overseer whose territory includes or included the Hardin Congregation. This request specifically includes, but is not limited to, all records of communications to or from the Service Department and Legal Department pertaining to any Plaintiff.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court*, 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803). Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production. (Doc. 82,

pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 1-3, 7-8, 10-11, 29, and 40-43). *See also* document produced as WTNY000214.

**REQUEST FOR PRODUCTION NO. 12:** Please produce all tangible or electronically stored information of any kind pertaining to Bruce Mapley Sr., including but not limited to documents, database information, and letters, emails, facsimiles, any communication or information received from the Hardin Congregation, anyone associated with the Hardin Congregation, or any overseer whose territory includes or included the Hardin Congregation. This request specifically includes, but is not limited to, all records of communications to or from the Service Department and Legal Department pertaining to Bruce Mapley Sr.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production. (Doc. 82, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 1-3, 7-8, 10-11, 29, and 40-44). *See also* document produced as WTNY000213.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all tangible or electronically stored information of any kind pertaining to Gunner Hain, including but not limited to documents, database information, and letters, emails, facsimiles, any communication or information received from the Hardin Congregation, anyone associated with the Hardin Congregation, or any overseer whose territory includes or included the Hardin Congregation. This request specifically includes, but is not limited to, all records of communications to or from the Service Department and Legal Department pertaining to Gunner Hain.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the

                    Cross-Claimant,          )
                                             )
                                             )
vs.                                          )
                                             )
BRUCE MAPLEY SR.,                            )
                                             )
                    Cross-Claim Defendant.   )
                                             )
                                             )
_____              )

TO:   Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C.
      Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street,
      Missoula, MT 59802.

      COMES NOW Defendant Watchtower Bible and Tract Society of New

York, Inc. (hereinafter "WTNY"), by and through its attorneys, and provides its

first supplemental responses to Plaintiffs' First Set of General Discovery as

follows:

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 13:** Please produce all tangible or

electronically stored information of any kind pertaining to Gunner Hain, including

but not limited to documents, database information, and letters, emails, facsimiles,

any communication or information received from the Hardin Congregation, anyone

associated with the Hardin Congregation, or any overseer whose territory includes

or included the Hardin Congregation. This request specifically includes, but is not

limited to, all records of communications to or from the Service Department and Legal Department pertaining to Gunner Hain.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.  Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803). Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production.  (Doc. 82, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 10, 11, 37, and 39). *See also* documents produced as WTNY000211-212 and 215.

**FIRST SUPPLEMENTAL RESPONSE:**   WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.   Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).   Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production.   (Doc. 82, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 10, 11, 37, and 39).   WTNY corrects its previous bates numbering, *see also* documents produced as WTNY000215 and 222-223.

**REQUEST FOR PRODUCTION NO. 18:** Please produce all S2 forms that pertain to any person who is, or was, a member, ministerial servant, elder, or otherwise affiliated with the Hardin Congregation.

**RESPONSE:** After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:** Please produce all S2 forms that pertain to Bruce Mapley Sr. or Gunner Haines.

**RESPONSE:** After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 20:** Please produce all documents that pertain to judicial committees involving Bruce Mapley Sr. or Gunner Haines.

**RESPONSE:** WTNY objects to this Request for Production to the extent it seeks documents which involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship, as such documents are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court*, 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26-1-803). WTNY further objects to this Request for Production as it is

contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production.    (Doc. 82, pp. 3-4).  Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 29, 37, 39, and 43).

**REQUEST FOR PRODUCTION NO. 21:** Please produce all documents that pertain to judicial committees involving any Plaintiff.

**RESPONSE:**  After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 22:** Please produce all documents and data in the Headquarters Unity Branch (HuB) database that pertain to any person known to have committed child sexual abuse in Montana.

**RESPONSE:**  WTNY objects to this Request for Production on the grounds that it is vague and ambiguous as to the term "known to have committed…"  WTNY further objects to this Request for Production in that it is overbroad and unduly burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in duration, not reasonably

calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.  WTNY further objects to this Request for Production to the extent it seeks documents which involve (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship, as such documents are protected from disclosure by the attorney-client privilege under Montana law.  *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).  Without waiving said objections, *see* portions of WTNY's privilege log (Privilege Log Nos. 3, 4, 7-9, 11-26) and documents (WTNY000213-WTNY000215) identified in WTNY's Responses to Request for Production Nos. 6-9 regarding Plaintiffs, Bruce Mapley, Sr., Gunner Hain, and the Hardin Congregation.

**REQUEST FOR PRODUCTION NO. 23:** Please produce all documents and data in the child maltreatment (CM database) that pertain to any person known to have committed child sexual abuse in Montana.

**RESPONSE:**  WTNY objects to this Request for Production on the grounds that it is vague and ambiguous as to the term "known to have committed…"  WTNY further objects to this Request for Production in that it is overbroad and unduly

burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in duration, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

WTNY further objects to the form of this Request for Production, which incorrectly assumes that WTNY maintains a "CM database". WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained.

The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, *see* portions of WTNY's privilege log (Privilege Log Nos. 2, 6, and 10) identified in WTNY's Responses to Request for Production Nos. 1-3 regarding Bruce Mapley, Sr., Gunner Hain, Plaintiffs, and the Hardin Congregation.

**REQUEST FOR PRODUCTION NO. 24:** Please produce your most recent year-end balance sheet, annual profit, and loss statement, and/or income statement.

**RESPONSE:**  WTNY objects on the grounds that this request is premature and improper at this time, as Plaintiffs are not entitled to financial information regarding WTNY unless Plaintiffs' claims can survive summary judgment. *See Corp. Air v. Edwards Jet Center*, 2008 MT 283, ¶ 54, 345 Mont. 336, 190 P.3d 1111. If Plaintiffs claims for punitive damages survive summary judgment, WTNY will either enter into a stipulation concerning its net worth or move the Court for a protective order implementing appropriate limits of Plaintiffs' request for WTNY's financial information and safeguarding WTNY's privacy interests. *See, e.g., Ray v. Connell*, 2015 WL 11236594, *2 (Mont. Thirteenth Jud. Dist. Co. 2015); *In re Bergeson*, 112 F.R.D. 692, 696 (D. Mont. 1986); *Todd v. AT&T Corp.*, 2017 WL 1398271, *2 (N.D. Cal. 2017); and *Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 855831 (N.D. Cal. 2011).

**REQUEST FOR PRODUCTION NO. 25:** Please produce all documents evidencing your net worth.

**RESPONSE:**  WTNY objects on the grounds that this request is premature and improper at this time, as Plaintiffs are not entitled to financial information regarding WTNY unless Plaintiffs' claims can survive summary judgment. *See Corp. Air v. Edwards Jet Center*, 2008 MT 283, ¶ 54, 345 Mont. 336, 190 P.3d 1111. If Plaintiffs claims for punitive damages survive summary judgment, WTNY will either enter into a stipulation concerning its net worth or move the Court for a protective order implementing appropriate limits of Plaintiffs' request for WTNY's financial information and safeguarding WTNY's privacy interests. *See, e.g., Ray v. Connell*, 2015 WL 11236594, *2 (Mont. Thirteenth Jud. Dist. Co. 2015); *In re Bergeson*, 112 F.R.D. 692, 696 (D. Mont. 1986); *Todd v. AT&T Corp.*, 2017 WL 1398271, *2 (N.D. Cal. 2017); and *Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 855831 (N.D. Cal. 2011).

**REQUEST FOR PRODUCTION NO. 26:** Please produce the "Index to Letters for Bodies of Elders (S-22)" that is identified in document Caekaert 001351.

**RESPONSE:**  After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 27:** Please produce all documents consisting of or related to the "child abuse telememo form" as described at Caekaert 000349-000353 (attached) that contain information related to child abuse, or child

**RESPONSE:** *See* Response to Request for Production No. 29.

**REQUEST FOR PRODUCTION NO. 32:** Please produce all correspondence from any circuit or district overseer that mentions any Plaintiff or Bruce Mapley Sr. or Gunner Hain.

**RESPONSE:** After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 33:** Please produce the "supplemental letter" referred to in ROW_HARDIN000058.

**RESPONSE:** After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 34:** Please produce all S309a forms for any circuit overseer who served the Hardin Congregation at any time during 1970-1995.

**RESPONSE:** After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 35:** Please produce all documents, including but not limited to drafts, redlines, and internal communications, related to The Watchtower article, "Comfort for those with a 'stricken spirit'" (produced at Bates CAEKAERT/MAPLEY 003258–003262).

**RESPONSE:**  After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 36:**  Please produce all documents, including but not limited to drafts, redlines, and internal communications, related to The Watchtower article, "Questions from Readers" (produced at Bates CAEKAERT/MAPLEY 000385–000387).

**RESPONSE:**  After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 37:** Please produce any document received by you containing information which resulted in, requested, or precipitated the phone calls referenced in your privilege log entries 1-26, and entry 39.

**RESPONSE:**   WTNY objects to this Request for Production as the communications inquired about involve (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.  Therefore, this information is protected from disclosure by the attorney-client privilege under Montana law.  *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Rowland / Schulze Requests for Production

**ANSWER:**  WTNY objects to this Interrogatory as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under § 26–1–804 to deny Plaintiffs' request for production.  (Doc. 77, pp. 3-4) The same analysis applies if any other congregations in Montana wrote responsive letters.  In addition, this request is overbroad and unduly burdensome as to time and scope, is not reasonably calculated to lead to the discovery of admissible information, and is not proportional to the needs of the case.  Additionally, this request violates WTNY's and third-parties' privacy rights under the United States and Montana Constitutions.

Without waiving said objections, responsive letters are described in WTNY's privilege log.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Please produce all documents and data in what is commonly referred to as the "child maltreatment database," or "CM database" that pertains to Quintin Means, Phoebe Means, Gunner Hain, Joyce Hain, Martin Svenson, Millie Svenson, Bruce Mapley Sr., Gary Baker, Jay Donavan, Dale Hiebert, or Bill O'Neil.

**RESPONSE:**   WTNY objects to the form of this Request for Production, which incorrectly assumes that WTNY maintains a "CM database".   WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained.

The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice.   Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law.  *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

*See* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos.2, 6 and 10).

**REQUEST FOR PRODUCTION NO. 2:**   Please produce all documents and data in what is commonly referred to as the "child maltreatment database," or "CM database" that pertains to any Plaintiff.

**RESPONSE:**   WTNY objects to the form of this Request for Production, which incorrectly assumes that WTNY maintains a "CM database". WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained.

The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice.   Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law.   *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

*See* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 2, 6, and 10).

**REQUEST FOR PRODUCTION NO. 3:** Please produce all documents and data in what is commonly referred to as the "child maltreatment database," or "CM database" that pertains to any person who is, or was at the time of the

maltreatment, a member, ministerial servant, elder, or otherwise affiliated with the Hardin Congregation.

**RESPONSE:**   WTNY objects to the form of this Request for Production, which incorrectly assumes that WTNY maintains a "CM database". WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained. WTNY additionally objects to the scope of this Request for Production in that it is overbroad and unduly burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in duration, and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States*

*Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

*See* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 2, 6, and 10).

**REQUEST FOR PRODUCTION NO. 4:** Please produce all documents and data in what is commonly referred to as the "child maltreatment database," or "CM database" that pertains to any person who is, or was at the time of the maltreatment, a circuit overseer whose territory included Montana.

**RESPONSE:** WTNY objects to the form of this Request for Production, which incorrectly assumes that WTNY maintains a "CM database". WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained. WTNY additionally objects to the scope of this Request for Production in that it is overbroad and unduly burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in duration, and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, WTNY has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5:** Please produce all copies of CSA [Child Sexual Abuse] Intake Forms that relate to any child abuse allegations in Hardin, Montana, or any digital scans, records, or data formatted and entered from their original forms into any databases maintained or accessed by the Jehovah's Witness Legal and Service Departments, including but not limited to the Admin 2000 databases, HUB databases, or any document archives or databases maintained or accessible to the Legal and Service Departments of Jehovah's Witnesses, including the United States Branch Committee and the Christian Congregation of Jehovah's Witnesses.

**RESPONSE:**  WTNY objects to the scope of this Request for Production in that it is overbroad and unduly burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in duration, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

Furthermore, these communications involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.   The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice.   Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

*See* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 45-49).

**REQUEST FOR PRODUCTION NO. 6:** Please produce all documents and data in what is commonly referred to as the "Headquarters Unity Branch database" or "HUB database" that pertains to any Plaintiff.

**RESPONSE:** WTNY objects to this Request for Production as the documents involve (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, *see* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 3, 7, 11 and 16).

**REQUEST FOR PRODUCTION NO. 7:** Please produce all documents and data in what is commonly referred to as the "Headquarters Unity Branch database" or "HUB database" that pertains to Quintin Means, Phoebe Means, Gunner Hain, Joyce Hain, Martin Svenson, Millie Svenson, Bruce Mapley Sr., Gary Baker, Jay Donavan, Dale Hiebert, or Bill O'Neil.

**RESPONSE:** WTNY objects to this Request for Production as the documents involve (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.  Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, *see* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos. 3, 4, 7-9, 11, and 24). *See also* documents produced as WTNY000213; WTNY000215-WTNY000221.

**REQUEST FOR PRODUCTION NO. 8:**  Please produce all documents and data in what is commonly referred to as the "Headquarters Unity Branch database" or "HUB database" that pertains to child sex abuse or child maltreatment involving members, elders, or ministerial servants at the Hardin Congregation or district or circuit overseers whose territory includes or included the Hardin Congregation.

**RESPONSE:**  WTNY objects to this Request for Production as many of the documents involve (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, *see* WTNY's privilege log for a description of documents potentially responsive to this request (Privilege Log Nos 3, 4, 7-9, and 11-26).

**REQUEST FOR PRODUCTION NO. 9:**  Please   produce   all   letters, emails, facsimiles, or other documentary, tangible, or electronically stored information of any kind you, or any other entity associated with the Jehovah's Witnesses, received from congregations in Montana in response to the Body of Elder Letter dated March 14, 1997.

**RESPONSE:**  WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena

dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production. (Doc. 77, pp. 3-4) The same analysis applies if any other congregations in Montana wrote responsive letters. In addition, this request is overbroad and unduly burdensome as to scope, is not reasonably calculated to lead to the discovery of admissible information, and is not proportional to the needs of the case. Additionally, this request violates Responding Defendant and third-parties' privacy rights under the United States and Montana Constitutions.

Without waiving said objections, responsive letters are described in WTNY's privilege log (Privilege Log Nos. 27-36).

**REQUEST FOR PRODUCTION NO. 10:** Please produce all tangible or electronically stored information of any kind pertaining to any Plaintiff, including but not limited to documents, database information, and letters, emails, facsimiles, any communication or information received from the Hardin Congregation, anyone associated with the Hardin Congregation, or any overseer whose territory includes or included the Hardin Congregation. This request specifically includes, but is not limited to, all records of communications to or from the Service Department and Legal Department pertaining to any Plaintiff.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.  Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803). Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production.  (Doc. 77, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. Nos. 5-7, 10-11, 16, 29, 38, and 41-42).

**REQUEST FOR PRODUCTION NO. 11:** Please produce all tangible or electronically stored information of any kind pertaining to Quintin Means, Phoebe Means, Gunner Hain, Joyce Hain, Martin Svenson, Millie Svenson, Bruce Mapley

COMES NOW Defendant Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), by and through its attorneys, and provides its first supplemental responses to Plaintiffs' First Set of General Discovery as follows:

**REQUEST FOR PRODUCTION NO. 11:** Please produce all tangible or electronically stored information of any kind pertaining to Quintin Means, Phoebe Means, Gunner Hain, Joyce Hain, Martin Svenson, Millie Svenson, Bruce Mapley Sr., Gary Baker, Jay Donavan, Dale Hiebert, or Bill O'Neil, including but not limited to documents, database information, and letters, emails, facsimiles, any communication or information received from the Hardin Congregation, anyone associated with the Hardin Congregation, or any overseer whose territory includes or included the Hardin Congregation. This request specifically includes, but is not limited to, all records of communications to or from the Service Department and Legal Department.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.  Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law.

*See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court*, 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803). Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production.  (Doc. 77, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 1-11, 24, 29, 37-44). *See also* documents produced as WTNY000211-WTNY000213; WTNY000215-WTNY000221.

**FIRST SUPPLEMENTAL RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.  Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v.*

*Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).   Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production.   (Doc. 77, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 1-11, 24, 29, 37-44). WTNY corrects its previous bates numbering, *see also* documents produced as WTNY000213, 215-223.

DATED this 31st day of March, 2022.

By: _____
Jon A. Wilson / Brett C. Jensen
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower
Bible and Tract Society of New York,
Inc.,*

**RESPONSE:**  After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 17:** Please produce all S2 forms that pertain to B (sic) Quintin Means, Phoebe Means, Gunner Hain, Joyce Hain, Martin Svenson, Millie Svenson, Bruce Mapley Sr., Gary Baker, Jay Donavan, Dale Hiebert, or Bill O'Neil.

**RESPONSE:**  After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 18:** Please produce all documents that pertain to judicial committees involving Quintin Means, Phoebe Means, Gunner Hain, Joyce Hain, Martin Svenson, Millie Svenson, Bruce Mapley Sr., Gary Baker, Jay Donavan, Dale Hiebert, or Bill O'Neil.

**RESPONSE:**  WTNY objects to this Request for Production to the extent it seeks documents which involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney: (4) in the course of the professional relationship, as such documents are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court*, 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code

Ann. § 26-1-803).  WTNY further objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26–1–804 to deny Plaintiffs' request for production.    (Doc. 77, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 29, 37, 39, and 43).

**REQUEST FOR PRODUCTION NO. 19:** Please  produce  all  documents that pertain to judicial committees involving any Plaintiff.

**RESPONSE:**  After a diligent search, WTNY has been unable to locate any information responsive to this request.

**REQUEST FOR PRODUCTION NO. 20:** Please  produce  all  documents and data in the Headquarters Unity Branch (HuB) database that pertain to any person known to have committed child sexual abuse in Montana.

**RESPONSE:**  WTNY objects to this Request for Production on the grounds that it is vague and ambiguous as to the term "known to have committed..."  WTNY further objects to this Request for Production in that it is overbroad and unduly burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the

United States and Montana Constitutions, not limited in duration, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. WTNY further objects to this Request for Production to the extent it seeks documents which involve (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship, as such documents are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803). Without waiving said objections, *see* portions of WTNY's privilege log (Privilege Log Nos. 3, 4, 7-9, 11-26) and documents (WTNY000213; WTNY000215-WTNY000221) identified in WTNY's Responses to Request for Production Nos. 6-8 regarding Plaintiffs, Quintin Means, Phoebe Means, Gunner Hain, Joyce Hain, Martin Svenson, Millie Svenson, Bruce Mapley, Sr., Gary Baker, Jay Donovan, Dale Hiebert, Bill O'Neil, and the Hardin Congregation.

**REQUEST FOR PRODUCTION NO. 21:** Please produce all documents and data in the child maltreatment (CM database) that pertain to any person known to have committed child sexual abuse in Montana.

**RESPONSE:**  WTNY objects to this Request for Production on the grounds that it is vague and ambiguous as to the term "known to have committed..."  WTNY further objects to this Request for Production in that it is overbroad and unduly burdensome in seeking information about individuals which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in duration, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.

WTNY further objects to the form of this Request for Production, which incorrectly assumes that WTNY maintains a "CM database".  WTNY's legal department did maintain an attorney note-taking system, in which notes that involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship were maintained.

The information received by WTNY's legal department was never disseminated outside of the legal department, and the purpose of the communications were solely to provide legal advice.   Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law.  *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States*

*Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803).

Without waiving said objections, *see* portions of WTNY's privilege log (Privilege Log Nos. 2, 6, and 10) identified in WTNY's Responses to Request for Production Nos. 1-3 regarding Plaintiffs, Quintin Means, Phoebe Means, Gunner Hain, Joyce Hain, Martin Svenson, Millie Svenson, Bruce Mapley, Sr., Gary Baker, Jay Donovan, Dale Hiebert, Bill O'Neil, and the Hardin Congregation.

**REQUEST FOR PRODUCTION NO. 22:** Please produce your most recent year-end balance sheet, annual profit, and loss statement, and/or income statement.

**RESPONSE:** WTNY objects on the grounds that this request is premature and improper at this time, as Plaintiffs are not entitled to financial information regarding WTNY unless Plaintiffs' claims can survive summary judgment. *See Corp. Air v. Edwards Jet Center*, 2008 MT 283, ¶ 54, 345 Mont. 336, 190 P.3d 1111. If Plaintiffs claims for punitive damages survive summary judgment, WTNY will either enter into a stipulation concerning its net worth or move the Court for a protective order implementing appropriate limits of Plaintiffs' request for WTNY's financial information and safeguarding WTNY's privacy interests. *See, e.g., Ray v. Connell*, 2015 WL 11236594, *2 (Mont. Thirteenth Jud. Dist. Co. 2015); *In re Bergeson*, 112 F.R.D. 692, 696 (D. Mont. 1986); *Todd v. AT&T Corp.*, 2017 WL

Without waiving said objections, *see* WTNY's privilege log for a description of the only documents potentially responsive to this request (Privilege Log Nos. 1 and 5).

**REQUEST FOR PRODUCTION NO. 26:** Please produce all documents related to the July 1, 1989 All Bodies of Elders in the United States letter, including but not limited to all drafts of the letter, all internal communications regarding the letter, and communications between WTNY and any other Jehovah's Witnesses entity, including but not limited to Bethel, the Governing Body, or any of its members, other congregations, the Service Department, the Legal Department, the Writing Department, any branch office, the Christian Congregation of Jehovah's Witnesses, etc. discussing the letter.

**RESPONSE:** After a diligent search, WTNY has been unable to locate any drafts of or internal communications regarding the letter.

**REQUEST FOR PRODUCTION NO. 27:** Please produce all versions of the "Shepherding textbook", as referenced at Bates CAEKAERT 001319, in effect from the years 1970 to 1995.

**RESPONSE:** *See* document bates numbered WTNY 000224 – WTNY 000575.

**REQUEST FOR PRODUCTION NO. 28:** Please produce all versions of the Circuit Overseer Guidelines in effect from the years 1970 to 1995.

2; 1 Corinthians 13:4, 5; and 1 John 3:19, 20, among others. WTNY is unaware of any other "policies and procedures" responsive to this Interrogatory subpart.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 36:** Please produce a copy of all notes or statements taken during any communication with Phillip Marshall.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 37:** Please produce a list of all attorneys and paralegals in the WTNY Legal Department from 1970 to 1995.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 72, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving this objection, see document bates numbered WTNY000576-000577, which is being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 38:** Please produce a copy of all Attorney-Client agreements between the WTNY Legal Department and the Hardin Congregation, or any person associated with the Hardin Congregation, executed between 1970 to 1995.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 72, p. 7 (Court concluding documents and

*TRACY CAEKAERT, ET AL. V. WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., ET AL*
**CAUSE NO. 1:20-CV-00052-SPW; UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION**

*ARIANE ROWLAND, ET AL. V. WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., ET AL*
**CAUSE NO. 1:20-CV-00059-SPW; UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF MONTANA, BILLINGS DIVISION**

**WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC'S SECOND SUPPLEMENTAL PRIVILEGE LOG**

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
|  | | | | **Watchtower Legal Department Records** | | | |
| 1. | 07/22/1992 | Notes | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation.  **Re: Legal Advice concerning Bruce Mapley, Sr.** | PDF | A/C |
| 2. | 07/22/1992 through 10/01/2019 | Running series of Notes | Legal Department | None | Attorney/Paralegal Notes of Separate Calls with Congregations: Ashland, WI; Iron River, WI; Shawano, WI; Forsyth, MT; Hardin, MT; West Laurel, MT; Livingston, MT; Park Place, Oregon City, OR; Center Point, AL; Roebuck, Birmingham, AL.  **Re: Legal Advice concerning Bruce Mapley, Sr., and Martin Svenson** | Lotus Notes PDF | A/C; TP |
| 3. | 07/22/1992 through 10/01/2019 | Call Summaries | Legal Department | None | Attorney/Paralegal Notes of Separate Calls with Congregations: Iron River, WI; Shawano, WI; Forsyth, MT; Hardin, MT; Ashland, MT; West Laurel, MT; Livingston, MT; Park Place, Oregon City, OR; Center Point, AL; Roebuck, Birmingham, AL.  **Re: Legal Advice Bruce Mapley, Sr., and Martin Svenson** | HuB PDF | A/C; TP |

1

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 4. | 04/08/2020 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Roebuck, Birmingham, AL, Congregation. **Re: Legal Advice concerning Bruce Mapley, Sr.** | HuB PDF | A/C |
| 5. | 03/26/1994 | Notes | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Martin Svenson, Nellie Means, David Means, and Third Parties [P.M., A.A., and M.R.]** | PDF | A/C; TP |
| 6. | 03/26/1994 through 12/10/2018 | Running series of Notes | Legal Department | None | Attorney/Paralegal Notes of Separate Calls with Congregations: Chamisa Taos, NM; Hardin, MT; Forsyth, MT; East Laurel, MT. **Re: Legal Advice concerning Martin Svenson, Nellie Means, David Means, Bruce Mapley, Sr., and Third Parties [P.M., A.A., and M.R.]** | Lotus Notes PDF | A/C; TP |
| 7. | 03/26/1994 through 12/10/2018 | Call Summaries | Legal Department | None | Attorney/Paralegal Notes of Separate Calls with Congregations: Chamisa Taos, NM; Hardin, MT; Forsyth, MT; East Laurel, MT. **Re: Legal Advice concerning Martin Svenson, Nellie Means, David Means, Bruce Mapley, Sr., and Third Parties [P.M., A.A., and M.R.]** | HuB PDF | A/C; TP |
| 8. | 05/01/2020 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with West Laurel, MT, Congregation. **Re: Legal Advice concerning Martin Svenson** | HuB PDF | A/C |

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 9. | 05/07/2020 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with West Laurel, MT, Congregation. **Re: Legal Advice concerning Martin Svenson** | HuB PDF | A/C |
| 10. | 10/17/2019 and 12/13/2019 | Running series of Notes | Legal Department | None | Attorney/Paralegal Notes of Calls with Hardin, MT Congregation. **Re: Legal Advice concerning Gunnar Hain** | Lotus Notes PDF | A/C; TP |
| 11. | 10/17/2019 and 12/13/2019 | Call Summaries | Legal Department | None | Attorney/Paralegal Notes of Calls with Hardin, MT Congregation. **Re: Legal Advice concerning Gunnar Hain** | HuB PDF | A/C; TP |
| 12. | 08/05/2014 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [A.A.]** | HuB PDF | A/C; TP |
| 13. | 07/29/2019 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [J.C.]** | HuB PDF | A/C; TP |
| 14. | 01/16/2006 through 10/09/2019 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [R.H.]** | HuB PDF | A/C; TP |
| 15. | 08/05/2014 through 09/16/2014 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Nellie Means** | HuB PDF | A/C; TP |
| 16. | 08/05/2014 through 09/16/2014 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [P.M.]** | HuB PDF | A/C; TP |

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 17. | 09/07/2015 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [A.M.]** | HuB PDF | A/C; TP |
| 18. | 04/02/2021 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [R.M.]** | HuB PDF | A/C; TP |
| 19. | 12/05/2003 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [J.N.]** | HuB PDF | A/C; TP |
| 20. | 11/01/2014 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [K.R.]** | HuB PDF | A/C; TP |
| 21. | 05/24/2018 through 06/15/2018 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [M.R.]** | HuB PDF | A/C; TP |
| 22. | 08/05/2014 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party James Rowland** | HuB PDF | A/C; TP |
| 23. | 04/23/2020 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [M.S.]** | HuB PDF | A/C; TP |
| 24. | 08/05/2014 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Mildred Svenson** | HuB PDF | A/C; TP |

4

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 25. | 11/01/2014 through 09/07/2015 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [T.V.]** | HuB PDF | A/C; TP |
| 26. | 09/07/2015 | Call Summary | Legal Department | None | Attorney/Paralegal Notes of Call with Hardin, MT, Congregation. **Re: Legal Advice concerning Third Party [C.W.]** | HuB PDF | A/C; TP |
| | | | | **Correspondence (March 14, 1997, BOE Letter Responses)** | | | |
| 27. | 04/19/1997 | Letter | C.F. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [C.R.]** | PDF | CP; TP |
| 28. | 04/24/1997 | Letter | H.P. Congregation | Service Department | Confidential communication **Re: seeking or receiving religious guidance, admonishment, or advice concerning Third Party [B.M.]** | PDF | CP; TP |
| 29. | 04/25/1997 | Letter | Hardin Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party Gunnar Hain [This specific communication has already been reviewed *in camera* by this Court and determined to be protected under Montana's clergy-penitent privilege under § 26–1–804 (see Court's order dated July 30, 2021, Doc #82 at pp. 3-4)]** | PDF | CP; TP |

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 30. | 05/14/1997 | Letter | E. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [M.C.]** | PDF | CP; TP |
| 31. | 05/29/1997 | Letter | L. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [L.J.]** | PDF | CP; TP |
| 32. | 08/06/1997 | Letter | T.B. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [G.J.]** | PDF | CP; TP |
| 33. | 08/12/1997 | Letter | B. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [T.M.]** | PDF | CP; TP |
| 34. | 02/02/1999 | Letter | E. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [N.O.]** | PDF | CP; TP |
| 35. | 02/07/2000 | Letter | Be. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [K.M.]** | PDF | CP; TP |
| 36. | 04/06/2000 | Letter | B.H. Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Third Party [R.G.]** | PDF | CP; TP |
| | | | | | **Correspondence (Other)** | | |
| 37. | 09/15/1997 | Letter | Hardin Congregation | Pacific WA Congregation | Confidential communication **Re: Providing religious guidance, admonishment, or advice concerning Gunnar Hain** | PDF | CP; TP |

6

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 38. | 09/14/1998 | Letter | Hardin Congregation | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Martin Svenson** | PDF | CP; TP |
| 39. | 09/27/1999 | Letter | Service Department | Hardin Congregation | Confidential communication **Re: Providing religious guidance, admonishment, or advice concerning Gunnar Hain** | PDF | CP; TP |
| 40. | 10/14/1999 | Form | Canyon Ferry Congregation, Helena, MT | Service Department | Confidential communication **Re: Seeking or receiving religious guidance, admonishment, or advice concerning Bruce Mapley, Sr.** | PDF | CP; TP |
| 41. | 05/05/2011 | Letter | Hardin Congregation | Legal Department | Letter seeking legal advice **Re: Threat of legal action in relation to Bruce Mapley, Sr., Gunnar Hain, and Martin Svenson** | PDF | A/C |
| 42. | 06/15/2011 | Memorandum | Legal Department | Service Department | Attorney providing legal advice. **Re: Bruce Mapley, Sr., Gunnar Hain, and Martin Svenson** | PDF | A/C |
| 43. | 12/26/2014 | Memorandum | Service Department | Legal Department | Memo seeking legal advice. **Re: Bruce Mapley, Sr.** | PDF | A/C |
| 44. | 01/02/2015 | Memorandum | Legal Department | Service Department | Attorney providing legal advice. **Re: Bruce Mapley, Sr.** | PDF | A/C |
| **Watchtower Legal Department Client Intake Forms** | | | | | | | |
| 45. | 09/07/2014 | Client Intake Form | Hardin Congregation | Legal Department | Client seeking legal advice. **Re: Seeking legal advice involving David Means and Nellie Means** | PDF | A/C; TP |
| 46. | 09/07/2014 | Client Intake Form | Hardin Congregation | Legal Department | Client seeking legal advice. **Re: Seeking legal advice involving David Means and Third Party [P.M.]** | PDF | A/C; TP |
| 47. | 10/18/2019 | Client Intake Form | Hardin Congregation | Legal Department | Client seeking legal advice. **Re: Seeking legal advice involving third party unrelated to this litigation [R.H.]** | PDF | A/C; TP |

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 48. | 10/18/2019 | Client Intake Form | Hardin Congregation | Legal Department | Client seeking legal advice. **Re: Seeking legal advice involving third party unrelated to this litigation [R.H.]** | PDF | A/C; TP |
| 49. | 04/30/2020 | Client Intake Form | Hardin Congregation | Legal Department | Client seeking legal advice. **Re: Legal issue involving third party unrelated to this litigation [M.S.]** | PDF | A/C; TP |
| | | | | | **Amended Entries [09/26/2022]** | | |
| 50. | 01/06/1996 | Notes | Hardin Congregation | N/A | Internal note documenting legal advice received by the Hardin Congregation from Watchtower New York Legal Department. **[See Hardin Congregation Privilege Log]** | PDF | A/C; TP |
| 51. | 01/04/1997 | Notes | Hardin Congregation | N/A | Internal notes by Hardin congregation elders documenting ecclesiastical communications made in confidence to the elders for the purpose of seeking or receiving religious guidance, admonishment, or advice. **[This specific document has already been reviewed *in camera* by this Court and certain portions were determined to be protected under Montana's clergy-penitent privilege under § 26–1–804 (see Court's order dated September 20, 2021, Doc #77 at pp. 3-4). This item has already been produced by the Hardin Congregation (*see* ROW_HARDIN000105-108) and is being reproduced in identical redacted form in accordance with this Court's decision. *See* document bates-numbered WTNY 000770-000773]** | PDF | CP; TP |

| PL No. | Date | Document Type | Author(s) | Recipient | Description | Format | Privilege Asserted |
|---|---|---|---|---|---|---|---|
| 52. | 02/19/1997 | Notes | Hardin Congregation | N/A | Internal notes by Hardin Congregation elders documenting ecclesiastical communications made in confidence to the elders for the purpose of seeking or receiving religious guidance, admonishment, or advice. [*see* **Hardin Congregation Privilege Log. This specific document has already been reviewed *in camera* by this Court and determined to be protected under Montana's clergy-penitent privilege under § 26–1–804 (see Court's order dated September 20, 2021, Doc #77 at p. 5)].** | PDF | CP; TP |

Key:
A/C = Attorney-Client Privilege
CP = Clergy-Penitent Privilege
TP = Third-Party Privacy
Date: September 26, 2022
Submitted by Brown Law Firm, P.C., on behalf of Defendant Watchtower Bible and Tract Society of New York, Inc.

9