Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>Defendants. | Cause No. CV 20-52-BLG-SPW<br><br>**DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT (DOC. 189)** |

| | |
|---|---|
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. | )<br>)<br>)<br>)<br>) |
| Cross-Claimant, | )<br>) |
| vs. | )<br>)<br>) |
| BRUCE MAPLEY SR., | )<br>) |
| Cross-Claim Defendant. | |

**COMES NOW**, Defendant Watchtower Bible and Tract Society of New York, Inc. ("WTNY"), and hereby submits its Response Brief in Opposition to Plaintiffs' Motion to Amend Their Complaint ("Motion"). For the reasons set forth herein, WTNY respectfully requests the Court deny Plaintiffs' Motion.

## I. INTRODUCTION

The Court should deny Plaintiffs' Motion because of the exceptional, undue amount of delay, the fact Plaintiffs do not even attempt to provide a justification for the delay (which, in any case, is wholly without justification), and the prejudice that WTNY would suffer. This litigation is nearly three-years old, and the parties have engaged in exhaustive discovery and motion practice during that time. Plaintiffs' primary argument in support of their Motion is that they have discovered specific details about the structure of WTNY's relationship with Defendant Watchtower Bible and Tract Society of Pennsylvania ("WTPA") since the time of their last amended complaint in July of 2020. (Doc. 190, p. 4) However, they fail to elaborate

on these "specifics" and instead make vague allegations aimed at establishing a joint venture based on: (1) the structure of WTNY and WTPA; and (2) that they "worked in concert" via dissemination of publications, which Plaintiffs allege without support included policies and procedures to protect pedophiles. Plaintiffs received discovery on these categories as early as November 20, 2020, December 29, 2020, and January 15, 2021, and have thus been in position to seek amendment for nearly two years or more. Compounding the egregiousness of this delay, Plaintiffs do not even attempt to explain why they waited until just now to move for amendment, nearly a year after the Court-ordered deadline of February 14, 2022, for amendments. (Doc. 105). Amendment now would also require WTNY to reopen the deposition of Ariane Rowland, and possibly others, in order to explore the basis of the new theories and allegations Plaintiffs seek to add. Federal courts and the Federal Rules of Civil Procedure do not reward such dilatory tactics, and the Court should thus deny the Motion.

## II. LEGAL STANDARD

Leave to amend a complaint is granted when "justice so requires." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The liberal amendment policy reflected in Rule 15 does not mean all cases warrant leave to amend. *See Acosta-Mestre v. Hilton Intern. of Puerto Rico, Inc.*, 156 F.3d 49, 51 (1st Cir. 1998). In determining whether justice requires amendment, Courts analyze the

following factors: (1) presence or absence of undue delay; (2) bad faith; (3) dilatory motive; (4) repeated failure to cure deficiencies with earlier amendments; (5) prejudice to the opposing party; and (6) futility of the proposed amendment. *Moore*, 885 F.2d. at 538. These factors are referred to as the "*Foman* factors." *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The purpose of Rule 15 is to facilitate a determination of the action on the merits. *Bob Marshall Alliance v. Lujan*, 804 F.Supp. 1292, 1298 (D. Mont. 1992). A motion to amend should be made as soon as the reasons for altering the pleading become apparent. *See Washington Gas Light Co. v. Prince George's County Council Sitting as Dist. Council*, 784 F. Supp. 2d 565 (D. Md. 2011). An unduly delayed motion to amend is contrary to the spirit of the rule and should be denied—with or without a showing of prejudice. *See, e.g., First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1133 (10th Cir. 1987).

There is no presumption in favor of granting leave to amend where there is some prejudice, "*or* a strong showing of *any* of the remaining *Foman* factors", such as undue delay. *See Eminence Cap..*, 316 F.3d at 1052 (emphases added)(internal citations omitted). Accordingly, the non-moving party does not have to satisfy all or even several of the *Foman* factors in order to defeat a motion to amend. *Id.*

The decision to grant leave to amend ultimately remains within the Court's discretion. *See Mende v. Dunn & Bradstreet, Inc.*, 670 F.2d 129, 131 (9th Cir.1982); *Jordan v. County of Los Angeles*, 669 F.2d 1311 (9th Cir.1982); and *Bob Marshall, supra,* 804 F. Supp. at 1298.

## III. ARGUMENT

Several factors weigh heavily in favor of denying Plaintiffs' Motion: (1) undue delay; (2) prejudice; and (3) futility. These are taken up separately below, but multiple factors are sometimes implicated in the analysis.

### a. Undue Delay

Courts have repeatedly found undue delay justifying denial of a motion to amend where the moving party learned the information added in the proposed amendment long before filing a motion. *See, e.g., Johnson v. Cypress Hill*, 641 F.3d 867 (7th Cir. 2011); *Barrett v. Foster Grant Co.*, 450 F.2d 1146, 1149 (1st Cir. 1971)(denying defendant's leave to amend; even if defendant could have proven the defense of workmen's compensation exclusivity, defendant had waited over a year to raise that defense and thus district court was within its discretion to deny amendment). In *Cypress Hill*, a copyright-infringement case, the 7th Circuit upheld denial of a motion to amend where, inter alia, the plaintiff-songwriter sought amendment seven months after learning the defendant hip-hop group used a version of the allegedly-infringed material that was not subject to federal copyright, and years after the plaintiff

discovered the copyright he possessed did not cover the allegedly-infringing recording. *See Cypress Hill*, 641 F.3d at 872.

Plaintiffs' Motion should be denied for reasons similar to those in *Cypress Hill*. Plaintiffs claim that, since their last amended complaint in July of 2020, they have learned specific information about the structure and relationship of WTNY and WTPA. (Doc. 190, pp. 4-6). Yet, they do not provide any specifics, rather only vague categories of information. (*Id.*, pp. 4-6). Information regarding the relationship between WTNY and WTPA as to the publication of materials has been available to Plaintiffs since November 20, 2020. *See* WTPA's Responses to Plaintiffs' First Set of Jurisdictional Discovery, pp. 5-6 (Nov. 20, 2020).[1] Information regarding the respective structures of WTNY and WTPA has been available to Plaintiffs since January 15, 2021. *See* WTPA's Responses to Plaintiffs' Second Set of Jurisdictional Discovery, pp. 14-15 (Dec. 29, 2020);[2] and WTPA's First Supplemental Responses to Plaintiffs' Second Set of Jurisdictional Discovery, pp. 5-8 (Jan. 15, 2021).[3] Plaintiffs provide no explanation why they waited so long since discovering this "new" information to seek amendment of their Complaint.

Numerous courts have denied leave to amend in similar cases of delay. *See Zubulake v. UBS Warburg LLC*, 231 F.R.D. 159, 162 (S.D. N.Y. 2005) (denying

---

[1] A true and correct copy of these responses, without exhibits, is attached as Exhibit A.
[2] A true and correct copy of these responses, without exhibits, is attached as Exhibit B.
[3] A true and correct copy of these responses is attached as Exhibit C.

party leave to amend to add new affirmative defense based on after-acquired evidence due to the unexplained 22-month delay in asserting the defense); *McCarthy v. Komori America Corp.*, 200 F.R.D. 507 (E.D. Pa. 2001) (noting although leave to amend is freely given when justice so requires and defendant was apparently aware of the factual core of the punitive-damages claim through plaintiffs' complaint, plaintiffs failed to offer any justification whatsoever for the delay in filing the motion to amend to include the punitive-damages claim); *Dubuc v. Green Oak Tp.*, 117 F. Supp. 2d 610 (E.D. Mich. 2000), decision aff'd, 312 F.3d 736 (6th Cir. 2002) (denying motion to amend complaint to add additional and more specific retaliation claims where, inter alia, such addition was untimely due to the thirteen-month delay in filing the motion with respect to the defendant's latest allegedly unlawful retaliatory behavior); and *Komie v. Buehler Corp.*, 449 F.2d 644, 648 (9th Cir. 1971) (upholding denial of amendment where motion to amend was made 31 months after the answer was filed, 11 months after the pretrial statement was signed, and more than six months after a date was set for trial, there had been extensive discovery and the proposed amendment was not based on any facts that were not known when the pretrial statement was signed).

Since relevant information has been available to them for nearly two years or more, Plaintiffs have shown an incredible lack of diligence in seeking their amendments, particularly since it has been nearly a year since the Court's

amendment deadline of February 14, 2022. Plaintiffs have failed to identify any information they have learned since the amendment deadline to justify their proposed amendments: there has been no new information provided regarding the structure and organization of WTNY or WTPA, and the bulk of Plaintiffs' proposed amendments relate to that topic. (Doc. 190, pp. 4-6.) For all of these reasons, Plaintiffs have evinced undue delay in moving to amend, and their Motion should be denied.

### b. Prejudice to WTNY

WTNY would also be prejudiced if the Motion is granted. As noted, Plaintiffs' proposed amendments include allegations WTNY and WTPA "worked in concert" to disseminate "policies and procedures that local congregations, including the Hardin Congregation, enforced to protect pedophiles." (Doc. 190, p. 5). Similar theory changes were considered in *Pine Mountain Oil and Gas, Inc. v. Equitable Production Co.*, 446 F. Supp. 2d 643, 651 (W.D. Va. 2006), where the Western District of Virginia denied leave to amend where the new theories plaintiff sought to add were available from the outset of the case. *Pine Mountain*, 446 F. Supp. 2d at 651. *Pine Mountain* also found the non-moving party would be prejudiced because it had not been fully apprised of the movant's position earlier. *Id.* Like the denied amendment in *Pine Mountain*, Plaintiffs admittedly want to just add more specific allegations to their original "alter ego" theory. (Doc. 190, pp. 4-6.) The Ninth Circuit

disfavors amendment for this kind of addition. *See Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (holding district court could deny amendment of the pleadings, in a securities-fraud case, to allege four more statements claimed to be misrepresentations; parties had engaged in voluminous discovery, and two documents containing two of the statements were known to the complainant from the beginning of the litigation)(overruled on other grounds by *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 616 (9th Cir. 2017))

Key fact witnesses, such as Ariane Rowland, have already been deposed. Should these amendments be allowed, WTNY would be prejudiced by having to reopen depositions of fact witnesses to explore their knowledge of the vague allegations, and new theories of joint venture, Plaintiffs seek to add. Amendment under these circumstances should not be granted. *See, e.g., U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1527 (9th Cir. 1995), *judgment vacated on other grounds*, 520 U.S. 939, (1997) (denying amendment where allowing it after undue delay would have required the government subcontractor to address new legal theories and would have required extensive additional discovery, these would have been prejudicial, and plaintiff had already amended the complaint once before the motion was filed); *Laber v. Long View R.V., Inc.*, 454 F. Supp. 3d 158 (D. Conn. 2020) (denying motion to amend, and finding undue delay and prejudice, where the

case had been pending for several years, extensive motion practice had already occurred, and allowing amendment could potentially restart discovery); and *J.P. Morgan Chase Bank, N.A. v. Drywall Service & Supply Co., Inc.*, 265 F.R.D. 341 (N.D. Ind. 2010) (denying amendment that would introduce new theory of the case at a late stage in the proceedings requiring opposing party to reopen discovery).

### c. Futility

The *Foman* factor of futility also weighs in favor of denying amendment here, as the joint venture theory Plaintiffs seek to add requires proof of an agency relationship. *See Stricker v. Blaine Co.*, 2019 MT 280, ¶ 16, 398 Mont. 43, 453 P.3d 897. For agency to occur, one party has to completely delegate its control and authority to another party, and there is no evidence that occurred here between WTNY and WTPA. Thus, amendment would be futile as Plaintiffs have no facts supporting an agency theory, and thus cannot meet their burden of establishing a prima facie case of joint venture.

Plaintiffs also seek to remove Bruce Mapley, Sr. from the case. (Doc. 190, p. 2). Plaintiffs filed a Notice of Dismissal of all their claims against Mapley, but failed to explain, or provide a basis, for dismissal in their notice. (Doc. 175). WTNY thus moved to amend its Answer and assert a settled-party defense. (Doc. 177). WTNY is entitled under Montana law to assert apportionment of liability against Mr. Mapley. WTNY's Motion to Amend its Answer is currently pending, and has raised

the issue of whether and to what extent Mr. Mapley will remain in this litigation. Until the Court rules on that Motion, Plaintiffs' proposed amendment regarding Mr. Mapley is premature and should also be denied.

## IV. CONCLUSION

It is inexplicable why Plaintiffs have waited so long to move for an amendment. Surely, the protracted motion practice, if not the extensive discovery, would have put them on notice that their pleading was lacking. It makes no sense to make the proposed amendments at this late stage in the proceedings because Plaintiffs have had ample opportunity and time to do so in a manner more respectful to the resources of the Court.

For all of these reasons, WTNY respectfully requests the Court deny the Motion.

DATED this 20th day of January, 2023.

By: /s/ Jon A. Wilson
Jon A. Wilson
BROWN LAW FIRM, P.C.
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(d)(2)(E), the undersigned hereby certifies this brief complies with L.R. 7.1(d)(2)(A). According to the word-processing unit used to prepare this brief, the word count is 2,265 words excluding caption, table of contents and authorities, exhibit index, and certificates of service and compliance.

DATED this 20th day of January, 2023.

By: /s/ Jon A. Wilson
Jon A. Wilson
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that, on January 20, 2023, a copy of the foregoing was served on the following person(s):

1. U.S. District Court, Billings Division

2. Robert L. Stepans/Ryan R. Shaffer/James C. Murnion
   MEYER, SHAFFER & STEPANS, PLLP
   430 Ryman Street
   Missoula, MT 59802

3. Matthew L. Merrill (appearing *pro hac vice*)
   MERRILL LAW, LLC
   1863 Wazee Street, Suite 3A
   Denver, CO 80202

4. Gerry P. Fagan/Christopher T. Sweeney/Jordan W. FitzGerald
   MOULTON BELLINGHAM PC
   P.O. Box 2559
   Billings, MT 59103-2559

5. Bruce G. Mapley Sr.
   3905 Caylan Cove
   Birmingham, AL 35215

by the following means:

| | | |
|---|---|---|
| __1-4__ CM/ECF | | _____ Fax |
| _____ Hand Delivery | | _____ E-Mail |
| __5__ U.S. Mail | | _____ Overnight Delivery Services |

By: __/s/ Jon A. Wilson__
Jon A. Wilson
BROWN LAW FIRM, P.C.
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*