Guy W. Rogers
Jon A. Wilson
Aaron M. Dunn
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.,
and Watch Tower Bible and Tract Society of Pennsylvania*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Cause No. CV 20-52-BLG-SPW |
| Plaintiffs, | **DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S RESPONSES TO PLAINTIFFS' SECOND SET OF JURISDICTIONAL DISCOVERY** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | |
| Defendants. | |

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC.

    Cross-Claimant,

vs.

BRUCE MAPLEY SR.,

    Cross-Claim Defendant.

_____

ARIANE ROWLAND, and JAMIE
SCHULZE,

    Plaintiffs,

vs.

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC., WATCH TOWER BIBLE AND
TRACT SOCIETY OF
PENNSYLVANIA, and BRUCE
MAPLEY SR.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Cause No. CV 20-59-BLG-SPW

**DEFENDANT WATCH TOWER
BIBLE AND TRACT SOCIETY OF
PENNSYLVANIA'S RESPONSES
TO PLAINTIFFS' SECOND SET OF
JURISDICTIONAL DISCOVERY**

TO: Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C.
Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street,
Missoula, MT 59802

  COMES NOW Defendant Watch Tower Bible and Tract Society of

Pennsylvania (hereinafter "WTPA"), by and through its attorneys, and responds to

Plaintiffs' Second Set of Jurisdictional Discovery to Defendant WTPA as follows:

## GENERAL OBJECTIONS

I.   **First General Objection: By Providing the Following Answers and Responses, WTPA Does Not Waive its Claim it is Not Subject to Personal Jurisdiction in Montana.**

The following Answers and Responses are supplied to Plaintiffs in accordance with: (1) the Court's Orders Providing for Jurisdictional Discovery (Doc. 32 in the *Caekaert* matter[1]; Doc. 24 in the *Rowland* matter[2]); (2) the Joint Jurisdictional Discovery Plan (Doc. 36 in the *Caekaert* matter; Doc. 28 in the *Rowland* matter); (3) the Jurisdictional Discovery Orders issued by the Court (Doc. 42 in the *Caekaert* matter; Doc. 34 in the *Rowland* matter); and (4) the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland* matter). Nothing herein is intended to waive, explicitly or implicitly, WTPA's claim it is not subject to personal jurisdiction in Montana. *See* Docs. 13, 14, and 25 in the *Caekaert* matter; and Docs. 9, 10, and 18 in the *Rowland* matter (all explaining WTPA's position regarding personal jurisdiction). Should a waiver argument be made, WTPA disputes the same and affirmatively avers any such argument is directly contradictory to WTPA's position on personal jurisdiction. Accordingly, if made, any waiver argument should be wholly rejected.

//

---

[1] References to the *Caekaert* matter means Cause No. CV 20-52-BLG-SPW
[2] References to the *Rowland* matter means Cause No. CV 20-59-BLG-SPW.

II.   <u>Second General Objection</u>: **Requests Seeking Information Beyond the Scope of Jurisdictional Discovery are Improper.  Any Responses do not Waive WTPA's Claim it is not Subject to Personal Jurisdiction in Montana.**

The Court has only allowed jurisdictional, not general, discovery to take place.  *See* (Doc. 32 in the *Caekaert* matter; Doc. 24 in the *Rowland* matter).  Thus, any discovery requests from Plaintiffs seeking information that goes beyond jurisdictional discovery are improper and are not permitted at this time.  Again, as discussed above, any Answers or Responses herein are not intended as a waiver of WTPA's claim it is not subject to personal jurisdiction in Montana.  As a corollary, any argument that any Answers or Responses herein answer or respond to matters outside the scope of jurisdictional discovery shall not be deemed an explicit or implicit waiver of WTPA's claim it is not subject to personal jurisdiction, nor shall any Answers or Responses herein be deemed a waiver of the scope of discovery allowed by the Court at this time.

III.   <u>Third General Objection</u>: **Requests Seeking Information Beyond the Scope of the Court-Ordered Limitations are Improper.**

In the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland* matter), the Court concluded "[d]iscovery regarding WTPA's corporate relationship with WTNY from 1973 to 1992 is...appropriate."  *See* Doc. 47 (in the *Caekaert* matter), p. 5; Doc. 37 (in the *Rowland* matter), p. 5.  Accordingly, any discovery requests seeking information

before 1973 or after 1992 are improper and outside the scope of Court-ordered limitations on jurisdictional discovery.

## INTERROGATORIES

**INTERROGATORY NO. 20**: Please identify all directors of WTPA from 1970 to 1995, including the dates each individual served as a director.

**ANSWER**: Objection. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. Subject to and without waiving this objection, WTPA provides the following names of individuals (all of whom are now deceased):

**1973** N. H. Knorr      President and Director
F. W. Franz      Vice President and Director
G. Suiter      Secretary and Treasurer
J. O. Groh      Assistant Secretary—Treasurer and Director
M. G. Henschel      Director
W. K. Jackson      Director
L. A. Swingle      Director

**1974** N. H. Knorr      President and Director
F. W. Franz      Vice President and Director
G. Suiter      Secretary and Treasurer and Director
J. O. Groh      Assistant Secretary—Treasurer and Director
M. G. Henschel      Director
W. K. Jackson      Director
L. A. Swingle      Director

**1975** N. H. Knorr      President and Director
F. W. Franz      Vice President and Director
G. Suiter      Secretary and Treasurer and Director
W. K. Jackson      Assistant Secretary—Treasurer and Director
M. G. Henschel      Director

L. A. Swingle          Director

**1976** N. H. Knorr          President and Director
F. W. Franz          Vice President and Director
W. L. Barry          Vice President and Director
G. Suiter          Secretary and Treasurer and Director
W. K. Jackson          Assistant Secretary—Treasurer and Director
M. G. Henschel          Director
L. A. Swingle          Director

**1977** F. W. Franz          President and Director
M. G. Henschel          Vice President and Director
W. L. Barry          Vice President and Director
G. Suiter          Secretary and Treasurer and Director
W. K. Jackson          Assistant Secretary—Treasurer and Director
L. A. Swingle          Assistant Secretary—Treasurer and Director
J. C. Booth          Director

**1978** F. W. Franz          President and Director
M. G. Henschel          Vice President and Director
W. L. Barry          Vice President and Director
G. Suiter          Secretary and Treasurer and Director
W. K. Jackson          Assistant Secretary—Treasurer and Director
L. A. Swingle          Assistant Secretary—Treasurer and Director
J. C. Booth          Director

**1979** F. W. Franz          President and Director
M. G. Henschel          Vice President and Director
W. L. Barry          Vice President and Director
G. Suiter          Secretary and Treasurer and Director
W. K. Jackson          Assistant Secretary—Treasurer and Director
L. A. Swingle          Assistant Secretary—Treasurer and Director
J. C. Booth          Director

**1980** F. W. Franz          President and Director
M. G. Henschel          Vice President and Director
W. L. Barry          Vice President and Director
G. Suiter          Secretary and Treasurer and Director
W. K. Jackson          Assistant Secretary—Treasurer and Director

|       |                 |                                              |
|-------|-----------------|----------------------------------------------|
|       | L. A. Swingle   | Assistant Secretary—Treasurer and Director   |
|       | J. C. Booth     | Director                                     |
| 1981  | F. W. Franz     | President and Director                       |
|       | M. G. Henschel  | Vice President and Director                   |
|       | W. L. Barry     | Vice President and Director                   |
|       | G. Suiter       | Secretary and Treasurer and Director          |
|       | W. K. Jackson   | Assistant Secretary—Treasurer and Director   |
|       | L. A. Swingle   | Assistant Secretary—Treasurer and Director   |
|       | J. C. Booth     | Director                                     |
| 1982  | F. W. Franz     | President and Director                       |
|       | M. G. Henschel  | Vice President and Director                   |
|       | W. L. Barry     | Vice President and Director                   |
|       | G. Suiter       | Secretary and Treasurer and Director          |
|       | L. A. Swingle   | Assistant Secretary—Treasurer and Director   |
|       | J. E. Barr      | Assistant Secretary—Treasurer and Director   |
|       | J. C. Booth     | Director                                     |
| 1983  | F. W. Franz     | President and Director                       |
|       | M. G. Henschel  | Vice President and Director                   |
|       | W. L. Barry     | Vice President and Director                   |
|       | G. Suiter       | Secretary and Treasurer and Director          |
|       | L. A. Swingle   | Assistant Secretary—Treasurer and Director   |
|       | J. E. Barr      | Assistant Secretary—Treasurer and Director   |
|       | J. C. Booth     | Director                                     |
| 1984  | F. W. Franz     | President and Director                       |
|       | M. G. Henschel  | Vice President and Director                   |
|       | W. L. Barry     | Vice President and Director                   |
|       | L. A. Swingle   | Secretary and Treasurer and Director          |
|       | J. E. Barr      | Assistant Secretary—Treasurer and Director   |
|       | J. C. Booth     | Assistant Secretary—Treasurer and Director   |
|       | T. Jaracz       | Assistant Secretary—Treasurer and Director   |
| 1985  | F. W. Franz     | President and Director                       |
|       | M. G. Henschel  | Vice President and Director                   |
|       | W. L. Barry     | Vice President and Director                   |
|       | L. A. Swingle   | Secretary and Treasurer and Director          |
|       | J. E. Barr      | Assistant Secretary—Treasurer and Director   |

| | | |
|---|---|---|
| | J. C. Booth | Assistant Secretary—Treasurer and Director |
| | T. Jaracz | Assistant Secretary—Treasurer and Director |
| 1986 | F. W. Franz | President and Director |
| | M. G. Henschel | Vice President and Director |
| | W. L. Barry | Vice President and Director |
| | L. A. Swingle | Secretary and Treasurer and Director |
| | J. E. Barr | Assistant Secretary—Treasurer and Director |
| | J. C. Booth | Assistant Secretary—Treasurer and Director |
| | T. Jaracz | Assistant Secretary—Treasurer and Director |
| 1987 | F. W. Franz | President and Director |
| | M. G. Henschel | Vice President and Director |
| | W. L. Barry | Vice President and Director |
| | L. A. Swingle | Secretary and Treasurer and Director |
| | J. E. Barr | Assistant Secretary—Treasurer and Director |
| | J. C. Booth | Assistant Secretary—Treasurer and Director |
| | T. Jaracz | Assistant Secretary—Treasurer and Director |
| 1988 | F. W. Franz | President and Director |
| | M. G. Henschel | Vice President and Director |
| | W. L. Barry | Vice President and Director |
| | L. A. Swingle | Secretary and Treasurer and Director |
| | J. E. Barr | Assistant Secretary—Treasurer and Director |
| | J. C. Booth | Assistant Secretary—Treasurer and Director |
| | T. Jaracz | Assistant Secretary—Treasurer and Director |
| 1989 | F. W. Franz | President and Director |
| | M. G. Henschel | Vice President and Director |
| | W. L. Barry | Vice President and Director |
| | L. A. Swingle | Secretary and Treasurer and Director |
| | J. E. Barr | Assistant Secretary—Treasurer and Director |
| | J. C. Booth | Assistant Secretary—Treasurer and Director |
| | T. Jaracz | Assistant Secretary—Treasurer and Director |
| 1990 | F. W. Franz | President and Director |
| | M. G. Henschel | Vice President and Director |
| | W. L. Barry | Vice President and Director |
| | L. A. Swingle | Secretary and Treasurer and Director |

|  | J. E. Barr | Assistant Secretary—Treasurer and Director |
|---|---|---|
|  | J. C. Booth | Assistant Secretary—Treasurer and Director |
|  | T. Jaracz | Assistant Secretary—Treasurer and Director |
| **1991** | F. W. Franz | President and Director |
|  | M. G. Henschel | Vice President and Director |
|  | W. L. Barry | Vice President and Director |
|  | L. A. Swingle | Secretary and Treasurer and Director |
|  | J. E. Barr | Assistant Secretary—Treasurer and Director |
|  | J. C. Booth | Assistant Secretary—Treasurer and Director |
|  | T. Jaracz | Assistant Secretary—Treasurer and Director |
| **1992** | F. W. Franz | President and Director |
|  | M. G. Henschel | Vice President and Director |
|  | W. L. Barry | Vice President and Director |
|  | L. A. Swingle | Secretary and Treasurer and Director |
|  | J. E. Barr | Assistant Secretary—Treasurer and Director |
|  | J. C. Booth | Assistant Secretary—Treasurer and Director |
|  | T. Jaracz | Assistant Secretary—Treasurer and Director |

**INTERROGATORY NO. 21**:  Please identify all executives of WTPA

from 1970 to 1995, including the dates each individual served as an executive and

their title(s).

**ANSWER**: Objection.  Please refer to WTPA's Third General Objection,

above, for an explanation as to why the time period requested in this Interrogatory

is improper.  Subject to and without waiving this objection, please see Answer to

Interrogatory No. 20.

**INTERROGATORY NO. 22**:  Please identify all general counsels of

WTPA from 1970 to 1995, including the dates each individual served as a general

counsel.

**ANSWER**: Objection. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. Subject and without waiving this objection:

1973 – 1988: None.

December, 1988 – Present: Philip Brumley.

**INTERROGATORY NO. 23**: Please identify all members of the Jehovah's Witnesses' governing body from 1970 to 1995, including the dates each individual was on the governing body.

**ANSWER**: Objection. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. Subject to and without waiving this objection: WTPA does not maintain a list of members of the Governing Body of Jehovah's Witnesses. However, upon information and belief WTPA provides the following names of individuals (all of whom are now deceased):

**1973**: Frederick W. Franz, Raymond V. Franz, George D. Gangas, Leo K. Greenlees, John O. Groh, Milton G. Henschel, William K. Jackson, Nathan H. Knorr, Grant Suiter, Thomas J. Sullivan, and Lyman A. Swingle.

**1974**: Frederick W. Franz, Raymond V. Franz, George D. Gangas, Leo K. Greenlees, John O. Groh, Milton G. Henschel, William K. Jackson, Nathan H. Knorr, Grant Suiter, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Ewart C. Chitty, Charles J. Fekel, Theodore Jaracz, Karl F. Klein, Albert D. Schroeder, and Daniel Sydlik.

**1975**: Frederick W. Franz, Raymond V. Franz, George D. Gangas, Leo K. Greenlees, Milton G. Henschel, William K. Jackson, Nathan H. Knorr, Grant Suiter, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Ewart C. Chitty, Charles J. Fekel, Theodore Jaracz, Karl F. Klein, Albert D. Schroeder, and Daniel Sydlik.

**1976**: Frederick W. Franz, Raymond V. Franz, George D. Gangas, Leo K. Greenlees, Milton G. Henschel, William K. Jackson, Nathan H. Knorr, Grant Suiter, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Ewart C. Chitty, Charles J. Fekel, Theodore Jaracz, Karl F. Klein, Albert D. Schroeder, and Daniel Sydlik.

**1977**: Frederick W. Franz, Raymond V. Franz, George D. Gangas, Leo K. Greenlees, Milton G. Henschel, William K. Jackson, Grant Suiter, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Ewart C. Chitty, Theodore Jaracz, Karl F. Klein, Albert D. Schroeder, Daniel Sydlik, Carey W. Barber, John E. Barr, and Martin Poetzinger.

**1978**: Frederick W. Franz, Raymond V. Franz, George D. Gangas, Leo K. Greenlees, Milton G. Henschel, William K. Jackson, Grant Suiter, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Ewart C. Chitty, Theodore Jaracz, Karl F. Klein, Albert D. Schroeder, Daniel Sydlik, Carey W. Barber, John E. Barr, and Martin Poetzinger.

**1979**: Frederick W. Franz, Raymond V. Franz, George D. Gangas, Leo K. Greenlees, Milton G. Henschel, William K. Jackson, Grant Suiter, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Theodore Jaracz, Karl F. Klein, Albert D. Schroeder, Daniel Sydlik, Carey W. Barber, John E. Barr, and Martin Poetzinger.

**1980**: Frederick W. Franz, George D. Gangas, Leo K. Greenlees, Milton G. Henschel, William K. Jackson, Grant Suiter, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Theodore Jaracz, Karl F. Klein, Albert D. Schroeder, Daniel Sydlik, Carey W. Barber, John E. Barr, and Martin Poetzinger.

**1981**: Frederick W. Franz, George D. Gangas, Leo K. Greenlees, Milton G. Henschel, Grant Suiter, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Theodore Jaracz, Karl F. Klein, Albert D. Schroeder, Daniel Sydlik, Carey W. Barber, John E. Barr, and Martin Poetzinger.

**1982**: Frederick W. Franz, George D. Gangas, Leo K. Greenlees, Milton G. Henschel, Grant Suiter, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Theodore Jaracz, Karl F. Klein, Albert D. Schroeder, Daniel Sydlik, Carey W. Barber, John E. Barr, and Martin Poetzinger.

**1983**: Frederick W. Franz, George D. Gangas, Leo K. Greenlees, Milton G. Henschel, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Theodore Jaracz, Karl F. Klein, Albert D. Schroeder, Daniel Sydlik, Carey W. Barber, John E. Barr, and Martin Poetzinger.

**1984**: Frederick W. Franz, George D. Gangas, Leo K. Greenlees, Milton G. Henschel, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Theodore Jaracz, Karl F. Klein, Albert D. Schroeder, Daniel Sydlik, Carey W. Barber, John E. Barr, and Martin Poetzinger.

**1985**: Frederick W. Franz, George D. Gangas, Milton G. Henschel, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Theodore Jaracz, Karl F. Klein, Albert D. Schroeder, Daniel Sydlik, Carey W. Barber, John E. Barr, and Martin Poetzinger.

**1986**: Frederick W. Franz, George D. Gangas, Milton G. Henschel, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Theodore Jaracz, Karl F. Klein,

Albert D. Schroeder, Daniel Sydlik, Carey W. Barber, John E. Barr, and Martin Poetzinger.

**1987**: Frederick W. Franz, George D. Gangas, Milton G. Henschel, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Theodore Jaracz, Karl F. Klein, Albert D. Schroeder, Daniel Sydlik, Carey W. Barber, John E. Barr, and Martin Poetzinger.

**1988**: Frederick W. Franz, George D. Gangas, Milton G. Henschel, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Theodore Jaracz, Karl F. Klein, Albert D. Schroeder, Daniel Sydlik, Carey W. Barber, and John E. Barr.

**1989**: Frederick W. Franz, George D. Gangas, Milton G. Henschel, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Theodore Jaracz, Karl F. Klein, Albert D. Schroeder, Daniel Sydlik, Carey W. Barber, and John E. Barr.

**1990**: Frederick W. Franz, George D. Gangas, Milton G. Henschel, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Theodore Jaracz, Karl F. Klein, Albert D. Schroeder, Daniel Sydlik, Carey W. Barber, and John E. Barr.

**1991**: Frederick W. Franz, George D. Gangas, Milton G. Henschel, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Theodore Jaracz, Karl F. Klein, Albert D. Schroeder, Daniel Sydlik, Carey W. Barber, and John E. Barr.

**1992**: George D. Gangas, Milton G. Henschel, Lyman A. Swingle, W. Lloyd Barry, John C. Booth, Theodore Jaracz, Karl F. Klein, Albert D. Schroeder, Daniel Sydlik, Carey W. Barber, and John E. Barr.

**INTERROGATORY NO. 24**: Please identify all individuals and entities with an ownership interest in WTPA from 1970 to 1995, including the dates each individual or entity held such interest.

**ANSWER**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.   Subject to and without waiving this objection: None

**INTERROGATORY NO. 25**:  Please describe the relationship between the Governing Body, WTPA and WTNY for each year during the period 1970-1995 as it pertains to directing the affairs of Jehovah's Witness congregations in the United States.

**ANSWER**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  Subject to and without waiving this objection: The Watch Tower Bible and Tract Society of Pennsylvania is a nonprofit corporation formed in 1884 under the laws of the Commonwealth of Pennsylvania, U.S.A. It is used by Jehovah's Witnesses to support their worldwide work, which includes publishing Bibles and Bible-based literature. Besides the Watch Tower Bible and Tract Society of Pennsylvania, Jehovah's Witnesses have other legal entities that perform various legal tasks associated with fulfilling Jesus' commission recorded at Matthew 28:19, 20.  One such legal entity is Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), which prints Bibles and Bible-based literature that is used by Jehovah's Witnesses. Some of that literature is used in connection with the ministry done by Jehovah's Witnesses, again in connection

with Jesus' commission in Matthew 28:19-20. Congregations form for the purpose of allowing Jehovah's Witnesses and others interested in attending their meetings to gather together to worship God. At their own choice, congregations may form corporations or trusteeships to own property used as Kingdom Halls (meeting places). Those that do not form a corporation or trusteeship typically remain unincorporated associations. Each legal entity is separate and distinct from one another. The Governing Body of Jehovah's Witnesses is an ecclesiastical group of men who care for the spiritual interests of Jehovah's Witnesses. It has no legal or corporate control over any entity used by Jehovah's Witnesses.

**INTERROGATORY NO. 26**: Please describe the relationship between the Governing Body, WTPA and WTNY for each year during the period 1970-1995 as it pertains to responding to reports of child sex abuse by members of the congregations of Jehovah's witnesses in the United States.

**ANSWER**: Objection. Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts." *See* Fed.R.Civ.P. 33(a)(1) (emphasis added). Here, there is no order from the Court, nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit. Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory.

Doing so could constitute a waiver of the objection based on Rule 33(a)(1), Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4). WTPA has no intention of waiving the 25 interrogatory limit.

WTPA further objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.

**INTERROGATORY NO. 27**: Please identify all years between 1970 and 1995 during which WTNY was a subsidiary of WTPA.

**ANSWER**: Objection. Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts." *See* Fed.R.Civ.P. 33(a)(1) (emphasis added). Here, there is no order from the Court, nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit. Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory. Doing so could constitute a waiver of the objection based on Rule 33(a)(1), Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4). WTPA has no intention of waiving the 25 interrogatory limit.

WTPA further objects to the time period requested.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.

**INTERROGATORY NO. 28**:  Please identify all years between 1970 and 1995 during which WTPA was a subsidiary of WTNY.

**ANSWER**: Objection.  Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts."  *See* Fed.R.Civ.P. 33(a)(1) (emphasis added).  Here, there is no order from the Court, nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit.  Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory.  Doing so could constitute a waiver of the objection based on Rule 33(a)(1), Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4).  WTPA has no intention of waiving the 25 interrogatory limit.

WTPA further objects to the time period requested.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.

**INTERROGATORY NO. 29**:  Please identify each treasurer who served for WTPA between 1970 and present.

**ANSWER**: Objection.  Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts." *See* Fed.R.Civ.P. 33(a)(1) (emphasis added).  Here, there is no order from the Court, nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit.  Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory.  Doing so could constitute a waiver of the objection based on Rule 33(a)(1), Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4).  WTPA has no intention of waiving the 25 interrogatory limit.

WTPA further objects to the time period requested.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.

**INTERROGATORY NO. 30**:  Please identify each corporate officer (e.g. Chief Executive Officer, Chief Financial Officer, etc.) by year, for WTPA between 1970 and present.

**ANSWER**: Objection.  Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts." *See* Fed.R.Civ.P. 33(a)(1) (emphasis added).  Here, there is no order from the Court,

nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit. Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory. Doing so could constitute a waiver of the objection based on Rule 33(a)(1), Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4). WTPA has no intention of waiving the 25 interrogatory limit.

WTPA further objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.

**INTERROGATORY NO. 31**: Please identify all members of the board of directors of WTPA, by year, between 1970 and present.

**ANSWER**: Objection. Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts." *See* Fed.R.Civ.P. 33(a)(1) (emphasis added). Here, there is no order from the Court, nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit. Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory. Doing so could constitute a waiver of the objection based on Rule 33(a)(1),

Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4).  WTPA has no intention of waiving the 25 interrogatory limit.

WTPA further objects to the time period requested.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.

**INTERROGATORY NO. 32**:  Please identify all members of the Governing Body, by year, between 1970 and the present.

**ANSWER**: Objection.  Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts." *See* Fed.R.Civ.P. 33(a)(1) (emphasis added).  Here, there is no order from the Court, nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit.  Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory. Doing so could constitute a waiver of the objection based on Rule 33(a)(1), Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4).  WTPA has no intention of waiving the 25 interrogatory limit.

WTPA further objects to the time period requested.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.

**INTERROGATORY NO. 33**: Please identify the headquarters address for WTPA, by year, between 1970 and present.

**ANSWER**: Objection. Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts." *See* Fed.R.Civ.P. 33(a)(1) (emphasis added). Here, there is no order from the Court, nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit. Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory. Doing so could constitute a waiver of the objection based on Rule 33(a)(1), Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4). WTPA has no intention of waiving the 25 interrogatory limit.

WTPA further objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 53**: Please produce a copy of all documents that identify the directors of WTPA from 1970 to 1995.

**RESPONSE**: Objection. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for

Production is improper.  This request is also unduly burdensome to Defendant WTPA inasmuch as it has already produced over 62,000 pages in discovery and identified each and every director of WTPA during the relevant time period (see Answer to Interrogatory No. 20). There is no valid reason to ask WTPA to search through all publications to find those that describe its directors between 1973 and 1992 when the names have been provided. If there is an issue that is in dispute for which this records search may be merited, please advise so we may reconsider our objection.

**REQUEST FOR PRODUCTION NO. 54**:  Please produce a copy of all documents that identify the executives of WTPA from 1970 to 1995.

**RESPONSE**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.   This request is also unduly burdensome to Defendant WTPA as it has already produced over 62,000 pages in discovery and identified each and every "executive" of WTPA during the relevant time period (see Answer to Interrogatory No. 20). There is no valid reason to ask WTPA to search through all publications to find those that describe its executive officers between 1973 and 1992 when the names have been provided. If there is an issue that is in dispute for which this records search may be merited, please advise so we may reconsider our objection.

**REQUEST FOR PRODUCTION NO. 55**:  Please produce a copy of all documents that identify the general counsel(s) of WTPA from 1970 to 1995.

**RESPONSE**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  This request is also unduly burdensome to Defendant WTPA inasmuch as it has already produced over 62,000 pages in discovery and identified its only General Counsel during the relevant time period (see Answer to Interrogatory No. 22). There is no valid reason to ask WTPA to search through all publications to find those that describe its General Counsel between 1973 and 1992 when the names have been provided. If there is an issue that is in dispute for which this records search may be merited, please advise so we may reconsider our objection.

**REQUEST FOR PRODUCTION NO. 56**:  Please produce a copy of all documents that identify the members of Jehovah's Witnesses governing body from 1970 to 1995.

**RESPONSE**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper This request is also unduly burdensome to Defendant WTPA inasmuch as it has already produced over 62,000 pages in discovery and has identified all of the members of the Governing Body of Jehovah's Witnesses

during the relevant time period (see Answer to Interrogatory No. 23). There is no valid reason to ask WTPA to search through all publications to find those that identify the members of the governing body between 1973 and 1992 when the names all of them have been provided. If there is an issue that is in dispute for which this records search may be merited, please advise so we may reconsider our objection.

**REQUEST FOR PRODUCTION NO. 57**: Please produce a copy of all documents that identify the owners of WTPA from 1970 to 1995.

**RESPONSE**: Objection. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.   Subject to and without waiving this objection: None.

**REQUEST FOR PRODUCTION NO. 58**: For each year between 1970-1995 for WTPA, please produce year-end balance sheets, annual profit and loss (aka "P&L") and/or income statements, and any document that includes any consolidation of financial information for either WTPA and WTNY corporation.

**RESPONSE**: Objection. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.

WTPA also objects on grounds this Request for Production seeks financial information, which is improper at this time. Indeed, Plaintiffs are not entitled to

financial information regarding WTPA unless Plaintiffs' claims can survive summary judgment. *Corp. Air v. Edwards Jet Center*, 2008 MT 283, ¶ 54, 345 Mont. 336, 190 P.3d 1111. If Plaintiffs' claims for punitive damages survive summary judgment, WTPA will move the Court for a protective order implementing appropriate limits on Plaintiffs' request for WTPA's financial information, as well as safeguard WTPA's privacy interests. *See, e.g., Ray v. Connell*, 2015 WL 11236594, *2 (Mont. Thirteenth Jud. Dist. Ct. 2015); *In re Bergeson*, 112 F.R.D. 692, 696 (D. Mont. 1986); *Todd v. AT&T Corp.*, 2017 WL 1398271, *2 (N.D. Cal. 2017); and *Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 855831 (N.D. Cal. 2011).

**REQUEST FOR PRODUCTION NO. 59**: Please produce all lists of holders of stock in WTPA between 1970 and the present.

**RESPONSE**: Objection. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.   Subject to and without waiving this objection: None.

**REQUEST FOR PRODUCTION NO. 60**: Please produce all versions of the articles of incorporation of WTPA in effect between 1970 and the present.

**RESPONSE**: Objection. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for

Production is improper.   Subject to and without waiving this objection: See documents bates numbered WTPA062965-062974.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 13**:  Please admit that the same Society Legal Department served both WTNY and WTPA between 1970 and 1995.

**RESPONSE**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Admission is improper.  This request is also vague as to the term "Society Legal Department" and ambiguous as to the term "served." Subject and without waiving these objections: All references in literature to the "Society's" Legal Department refer to the legal department of WTNY.  However, the WTNY Legal Department also provided general counsel services to WTPA.

**REQUEST FOR ADMISSION NO. 14**:  Please admit that at all times between 1970 and the present, WTPA works and has worked under the direction of the faithful and discrete slave class and its Governing Body.

**RESPONSE**: Objection.  Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Admission is improper.  This request is also ambiguous as to the term "worked under the direction" and unintelligible as to the term "its Governing Body" as the

two terms "faithful and discreet slave" and "Governing Body" are religiously understood to be one in the same. Subject to and without waiving these objections, WTPA denies this Request to extent that it suggests any legal direction or oversight.

**REQUEST FOR AMISSION NO. 15**: Please admit that WTPA currently has custody or control over the Jehovah's Witness database of documents relating to child abuse by Jehovah's Witnesses in the United States.

**RESPONSE**: Objection: This request is unintelligible as to the term "Jehovah's Witness database." Subject to and without waiving this objection: Denied.

**REQUEST FOR ADMISSION NO. 16**: Please admit that between about 1896 and about 1955, WTPA had the name Watch Town Bible and Tract Society.

**RESPONSE**: Objection. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Request for Admission is improper.  Subject to said objection, denied.

//

//

//

//

//

DATED this 29th day of December, 2020.

By: _____

Guy W. Rogers / Jon A. Wilson /
Aaron M. Dunn
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc., and Watch Tower Bible and*
*Tract Society of Pennsylvania*

## **VERIFICATION**

Philip Brumley states that he has read the foregoing *(Defendant WTPA's Responses to Plaintiffs' Second Set of Jurisdictional Discovery)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers.  Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

Philip Brumley

Dated: Dec. 30, 2020

## CERTIFICATE OF SERVICE

I hereby certify that, on December 29th, 2020, a copy of the foregoing

*(Defendant WTPA's Responses to Plaintiffs' Second Set of Jurisdictional Discovery)*

was served on the following person(s):

1. U.S. District Court, Billings Division

2. Robert L. Stepans
  Ryan R. Shaffer
  James C. Murnion
  MEYER, SHAFFER & STEPANS, PLLP
  430 Ryman Street
  Missoula, MT 59802

3. Bruce G. Mapley Sr.
  3905 Caylan Cove
  Birmingham, AL 35215

by the following means:

_____CM/ECF   _____Fax
_____Hand Delivery  _____E-Mail
\_\_2-3\_\_\_\_U.S. Mail   _____Overnight Delivery Services

By: _Jon A. Wilson_
  Guy W. Rogers / Jon A. Wilson /
  Aaron M. Dunn
  BROWN LAW FIRM, P.C.
  *Attorneys for Defendants Watchtower*
  *Bible and Tract Society of New York,*
  *Inc., and Watch Tower Bible and*
  *Tract Society of Pennsylvania*