Guy W. Rogers
Jon A. Wilson
Aaron M. Dunn
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>Defendants. | Cause No. CV 20-52-BLG-SPW<br><br>**DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND SET OF JURISDICTIONAL DISCOVERY** |

| | |
|---|---|
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.,<br><br>   Cross-Claimant,<br><br>vs.<br><br>BRUCE MAPLEY SR.,<br><br>   Cross-Claim Defendant.<br><br>―――――――――――――<br><br>ARIANE ROWLAND, and JAMIE SCHULZE,<br><br>   Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>   Defendants. | Cause No. CV 20-59-BLG-SPW<br><br>**DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND SET OF JURISDICTIONAL DISCOVERY** |

TO: Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C. Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street, Missoula, MT 59802

COMES NOW Defendant Watch Tower Bible and Tract Society of Pennsylvania (hereinafter "WTPA"), by and through its attorneys, and provides its

first supplemental responses to Plaintiffs' Second Set of Jurisdictional Discovery to Defendant WTPA as follows:

## GENERAL OBJECTIONS

I. **First General Objection**: By Providing the Following Answers and Responses, WTPA Does Not Waive its Claim it is Not Subject to Personal Jurisdiction in Montana.

The following Answers and Responses are supplied to Plaintiffs in accordance with: (1) the Court's Orders Providing for Jurisdictional Discovery (Doc. 32 in the *Caekaert* matter[1]; Doc. 24 in the *Rowland* matter[2]); (2) the Joint Jurisdictional Discovery Plan (Doc. 36 in the *Caekaert* matter; Doc. 28 in the *Rowland* matter); (3) the Jurisdictional Discovery Orders issued by the Court (Doc. 42 in the *Caekaert* matter; Doc. 34 in the *Rowland* matter); and (4) the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland* matter). Nothing herein is intended to waive, explicitly or implicitly, WTPA's claim it is not subject to personal jurisdiction in Montana. *See* Docs. 13, 14, and 25 in the *Caekaert* matter; and Docs. 9, 10, and 18 in the *Rowland* matter (all explaining WTPA's position regarding personal jurisdiction). Should a waiver argument be made, WTPA disputes the same and affirmatively avers any such argument is

---

[1] References to the *Caekaert* matter means Cause No. CV 20-52-BLG-SPW.
[2] References to the *Rowland* matter means Cause No. CV 20-59-BLG-SPW.

directly contradictory to WTPA's position on personal jurisdiction. Accordingly, if made, any waiver argument should be wholly rejected.

II. <u>Second General Objection</u>: **Requests Seeking Information Beyond the Scope of Jurisdictional Discovery are Improper. Any Responses do not Waive WTPA's Claim it is not Subject to Personal Jurisdiction in Montana.**

The Court has only allowed jurisdictional, not general, discovery to take place. *See* (Doc. 32 in the *Caekaert* matter; Doc. 24 in the *Rowland* matter). Thus, any discovery requests from Plaintiffs seeking information that goes beyond jurisdictional discovery are improper and are not permitted at this time. Again, as discussed above, any Answers or Responses herein are not intended as a waiver of WTPA's claim it is not subject to personal jurisdiction in Montana. As a corollary, any argument that any Answers or Responses herein answer or respond to matters outside the scope of jurisdictional discovery shall not be deemed an explicit or implicit waiver of WTPA's claim it is not subject to personal jurisdiction, nor shall any Answers or Responses herein be deemed a waiver of the scope of discovery allowed by the Court at this time.

III. <u>Third General Objection</u>: **Requests Seeking Information Beyond the Scope of the Court-Ordered Limitations are Improper.**

In the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the *Caekaert* matter; Doc. 37 in the *Rowland* matter), the Court concluded "[d]iscovery regarding WTPA's corporate relationship with WTNY from 1973 to 1992

is...appropriate." *See* Doc. 47 (in the *Caekaert* matter), p. 5; Doc. 37 (in the *Rowland* matter), p. 5. Accordingly, any discovery requests seeking information before 1973 or after 1992 are improper and outside the scope of Court-ordered limitations on jurisdictional discovery.

## INTERROGATORIES

**INTERROGATORY NO. 26**: Please describe the relationship between the Governing Body, WTPA and WTNY for each year during the period 1970-1995 as it pertains to responding to reports of child sex abuse by members of the congregations of Jehovah's Witnesses in the United States.

**ORIGINAL ANSWER**: Objection. Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts." *See* Fed.R.Civ.P. 33(a)(1) (emphasis added). Here, there is no order from the Court, nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit. Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory. Doing so could constitute a waiver of the objection based on Rule 33(a)(1), Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4). WTPA has no intention of waiving the 25 interrogatory limit.

WTPA further objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.

**FIRST SUPPLEMENTAL ANSWER**: WTPA objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. WTPA also objects on grounds Plaintiffs' Interrogatory No. 26 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Subject to and without waiving said objections, as well as the objections in the Original Answer to Interrogatory No. 26: None known.

**INTERROGATORY NO. 27**: Please identify all years between 1970 and 1995 during which WTNY was a subsidiary of WTPA.

**ORIGINAL ANSWER**: Objection. Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts." *See* Fed.R.Civ.P. 33(a)(1) (emphasis added). Here, there is no order from the Court, nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit. Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory.

Doing so could constitute a waiver of the objection based on Rule 33(a)(1), Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4). WTPA has no intention of waiving the 25 interrogatory limit.

WTPA further objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.

**FIRST SUPPLEMENTAL ANSWER**: WTPA objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. WTPA also objects on grounds Plaintiffs' Interrogatory No. 27 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Subject to and without waiving said objections, as well as the objections in the Original Answer to Interrogatory No. 27: None.

**INTERROGATORY NO. 28**: Please identify all years between 1970 and 1995 during which WTPA was a subsidiary of WTNY.

**ORIGINAL ANSWER**: Objection. Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts." *See* Fed.R.Civ.P. 33(a)(1) (emphasis added). Here, there is no order from the Court,

nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit. Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory. Doing so could constitute a waiver of the objection based on Rule 33(a)(1), Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4). WTPA has no intention of waiving the 25 interrogatory limit.

WTPA further objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.

**FIRST SUPPLEMENTAL ANSWER**: WTPA objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. WTPA also objects on grounds Plaintiffs' Interrogatory No. 28 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Subject to and without waiving said objections, as well as the objections in the Original Answer to Interrogatory No. 28: None.

**INTERROGATORY NO. 29**: Please identify each treasurer who served for WTPA between 1970 and present.

**ORIGINAL ANSWER**: Objection. Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts." *See* Fed.R.Civ.P. 33(a)(1) (emphasis added). Here, there is no order from the Court, nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit. Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory. Doing so could constitute a waiver of the objection based on Rule 33(a)(1), Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4). WTPA has no intention of waiving the 25 interrogatory limit.

WTPA further objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.

**FIRST SUPPLEMENTAL ANSWER**: WTPA objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. WTPA also objects on grounds Plaintiffs' Interrogatory No. 29 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Subject to and without

waiving said objections, as well as the objections in the Original Answer to Interrogatory No. 29, *see* Answer to Interrogatory No. 20.

**INTERROGATORY NO. 30**: Please identify each corporate officer (e.g. Chief Executive Officer, Chief Financial Officer, etc.) by year, for WTPA between 1970 and present.

**ORIGINAL ANSWER**: Objection. Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts." *See* Fed.R.Civ.P. 33(a)(1) (emphasis added). Here, there is no order from the Court, nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit. Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory. Doing so could constitute a waiver of the objection based on Rule 33(a)(1), Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4). WTPA has no intention of waiving the 25 interrogatory limit.

WTPA further objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.

**FIRST SUPPLEMENTAL ANSWER**: WTPA objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. WTPA also objects on grounds Plaintiffs' Interrogatory No. 30 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Subject to and without waiving said objections, as well as the objections in the Original Answer to Interrogatory No. 30, *see* Answer to Interrogatory No. 20.

**INTERROGATORY NO. 31**: Please identify all members of the board of directors of WTPA, by year, between 1970 and present.

**ORIGINAL ANSWER**: Objection. Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts." *See* Fed.R.Civ.P. 33(a)(1) (emphasis added). Here, there is no order from the Court, nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit. Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory. Doing so could constitute a waiver of the objection based on Rule 33(a)(1), Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4). WTPA has no intention of waiving the 25 interrogatory limit.

WTPA further objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.

**FIRST SUPPLEMENTAL ANSWER**: WTPA objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. WTPA also objects on grounds Plaintiffs' Interrogatory No. 31 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Subject to and without waiving said objections, as well as the objections in the Original Answer to Interrogatory No. 31, *see* Answer to Interrogatory No. 20.

**INTERROGATORY NO. 32**: Please identify all members of the Governing Body, by year, between 1970 and the present.

**ORIGINAL ANSWER**: Objection. Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts." *See* Fed.R.Civ.P. 33(a)(1) (emphasis added). Here, there is no order from the Court, nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit. Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory.

Doing so could constitute a waiver of the objection based on Rule 33(a)(1), Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4). WTPA has no intention of waiving the 25 interrogatory limit.

WTPA further objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.

**FIRST SUPPLEMENTAL ANSWER**: WTPA objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. WTPA also objects on grounds Plaintiffs' Interrogatory No. 32 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Subject to and without waiving said objections, as well as the objections in the Original Answer to Interrogatory No. 32, *see* Answer to Interrogatory No. 23.

**INTERROGATORY NO. 33**: Please identify the headquarters address for WTPA, by year, between 1970 and present.

**ORIGINAL ANSWER**: Objection. Under Rule 33(a)(1), Fed.R.Civ.P., "[u]nless otherwise stipulated or ordered by the court, a party serve on any other party *no more* than 25 written interrogatories, including all discrete subparts." *See* Fed.R.Civ.P. 33(a)(1) (emphasis added). Here, there is no order from the Court,

nor is there a stipulation, allowing Plaintiffs to propound more than the specified 25 interrogatory limit. Thus, under the plain language of Rule 33(a)(1), Fed.R.Civ.P., WTPA is not required to provide an Answer to this Interrogatory. Doing so could constitute a waiver of the objection based on Rule 33(a)(1), Fed.R.Civ.P., and pursuant to Local Rule 26.3(a)(4). WTPA has no intention of waiving the 25 interrogatory limit.

WTPA further objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.

**FIRST SUPPLEMENTAL ANSWER**: WTPA objects to the time period requested. Please refer to WTPA's Third General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. WTPA also objects on grounds Plaintiffs' Interrogatory No. 33 goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). Subject to and without waiving said objections, as well as the objections in the Original Answer to Interrogatory No. 33:

**1973-1981**: 124 Columbia Heights Brooklyn, New York, 11201, U.S.A.

**1982-1992**: 25 Columbia Heights Brooklyn, New York, 11201, U.S.A.

DATED this 15th day of January, 2021.

By: _____
Guy W. Rogers / Jon A. Wilson /
Aaron M. Dunn
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*

## VERIFICATION

Philip Brumley states that he has read the foregoing *(Defendant WTPA's First Supplemental Responses to Plaintiffs' Second Set of Jurisdictional Discovery)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers. Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

*/s/ Philip Brumley*
Philip Brumley

Dated: January 15, 2021

## CERTIFICATE OF SERVICE

I hereby certify that, on January 15th, 2021, a copy of the foregoing (*Defendant WTPA's First Supplemental Responses to Plaintiffs' Second Set of Jurisdictional Discovery*) was served on the following person(s):

1. U.S. District Court, Billings Division

2. Robert L. Stepans
   Ryan R. Shaffer
   James C. Murnion
   MEYER, SHAFFER & STEPANS, PLLP
   430 Ryman Street
   Missoula, MT 59802

3. Bruce G. Mapley Sr.
   3905 Caylan Cove
   Birmingham, AL 35215

by the following means:

|          | CM/ECF         |       | Fax                        |
|----------|----------------|-------|----------------------------|
|          | Hand Delivery  |       | E-Mail                     |
| 2-3      | U.S. Mail      |       | Overnight Delivery Services |

By: /s/ Jon A. Wilson
Guy W. Rogers / Jon A. Wilson / Aaron M. Dunn
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc., and Watch Tower Bible and Tract Society of Pennsylvania*