Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT 59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
6631 Mariposa Court
Denver, CO 80221
Tel: (303) 947-4453
matthew@merrillwaterlaw.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, <br><br> Defendants, <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, <br><br> Cross Claimants, <br><br> BRUCE MAPLEY, SR., <br><br> Cross Defendant. | Case No. CV-20-52-BLG-SPW <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO AMEND (DOC. 189)** |

## INTRODUCTION

Plaintiffs' Motion to Amend seeks leave to make three general categories of amendment: (1) account for Plaintiffs' dismissal of claims against former Defendant Bruce Mapley, Sr.; (2) update Plaintiff Tracy Caekaert's place of residence and fix several other typographical errors; and (3) add allegations that WTNY and WTPA were working in concert with one another and share liability for each other's conduct.

The Defendants – who have engaged in persistent obstruction and rules violations throughout this litigation, including withholding discoverable information and filing a frivolous Motion to Dismiss that wasted seventeen months of the parties' and the court's time – claim that Plaintiffs' Motion to Amend constitutes a dilatory tactic. (Doc. 198 at 3). In truth, it is the Defendants' persistent and consistent obstruction of discovery at every turn that has delayed this litigation. They now ask this Court to reward their obstruction in a way that the law does not permit.

The purpose of the federal rules, and in particular Rule 15(a), is to liberally permit amendments of pleadings so that the case can be decided on the merits. *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). Here, Plaintiffs' amendments allege that WTNY and WTPA worked in concert to draft, publish, distribute, and ultimately enforce policies that permitted known pedophiles within

Plaintiffs' Reply in Support of Their Motion to Amend
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **2** of **12**

the Jehovah's Witnesses church to sexually abuse Plaintiffs without consequence. Defendants have not raised a legitimate reason to deny Plaintiffs' Motion to Amend. Accordingly, consistent with the purpose of the federal rules, Plaintiffs should be permitted to amend their complaint.

## PLAINTIFFS DISMISSED BRUCE MAPLEY SR.

WTNY incorrectly argues that Plaintiffs "seek to remove Bruce Mapley, Sr. from the case." (Doc. 198 at 10). This is not true. Plaintiffs' proposed amendments do not remove Mr. Mapley from the case, they only remove Plaintiffs' claims and allegations against him because those claims have been dismissed. (Docs. 175, 176). Defendants fail to articulate any good-faith reason for persisting with pleadings that include claims against Bruce Mapley, Sr. when those claims are no longer part of this case. This is not a controversial issue. The pleadings should be amended to reflect reality; Plaintiffs' claims against former Defendant Bruce Mapley, Sr. have been dismissed.

## ALLEGED "UNDUE DELAY"

Defendants cite First and Seventh Circuit cases for the proposition that Plaintiffs' Motion to Amend should be denied because it is, in their view, an unduly delayed motion. (Doc. 198 at 5–6). As an initial matter, the Ninth Circuit's consideration of "undue delay" asks whether the proposed amendments would produce an "undue delay" in the litigation. *AmerisourceBergen Corp. v.*

Plaintiffs' Reply in Support of Their Motion to Amend
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **3** of **12**

*Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).  That is certainly not the case here.  Discovery is ongoing and Plaintiffs' Motion was made nearly nine (9) months before the currently scheduled trial.

Defendants are concerned about proposed amendments alleging that they are indistinguishable and worked in concert with each other during times relevant to this case and that they are therefore liable for each other's conduct under applicable rules of liability.  The evidence supporting these allegations, i.e., the evidence that Defendants are indistinguishable and worked in concert with each other as alleged, cannot be a mystery to the Defendants because it is their own conduct.  Indeed, nobody should know how WTNY and WTPA worked together to draft, publish, distribute, and enforce the policies at issue in this case better than WTNY and WTPA.[1]

Where "the discovery deadline ha[d] not passed, no dispositive motions ha[d] been filed, and depositions ha[d] only recently been taken" there is no basis to deny a motion to amend.  *Ronan Tel. Co. v. Verizon Select Servs., Inc.*, 340 F.R.D. 167, 172 (D. Mont. 2021) (noting that even if the amendment resulted in

---

[1] Both Defendants assert that Plaintiffs' Motion to Amend should be denied because it was filed after the amendment deadline in the scheduling order.  This is not a basis for denial.  Plaintiffs are still permitted to amend under Rule 15(a), which provides that courts should "freely give leave [to amend] when justice so requires."  Just the same, it should go without saying that WTPA's Rule 16 "good cause" argument does not apply because Plaintiffs have not moved under Rule 16.

Plaintiffs' Reply in Support of Their Motion to Amend
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **4** of 12

additional discovery, that is insufficient "to overcome Rule 15's liberal policy of allowing amendments"). Here, discovery is ongoing, no dispositive motions have been filed, many depositions have yet to be taken, and trial is not set to begin until September of 2023.

Defendants assert that they may have to re-open Ariane Rowland's deposition to understand the basis for Plaintiffs' proposed amendments. This makes no sense. Ms. Rowland was born in 1978 and was not even born when the Defendants were working in concert (in New York) to draft, publish, distribute, and enforce the policies which protected known pedophiles within the Jehovah's Witnesses church who serially abused her and the other Plaintiffs. WTNY offers no coherent explanation as to what they expect to learn from Ms. Rowland about events that occurred in New York before she was born. It's the Defendants that are in possession of this information and their argument has no merit.

But even if Defendants seek to re-open Ms. Rowland's deposition to ask her what she knows about their conduct in New York before she was born, this does not constitute an "undue delay" justifying denial of Plaintiffs' Motion. *Id*. WTNY's lone Ninth Circuit citation, *Komie v. Buehler Corp.*, 449 F.2d 644, 648 (9th Cir. 1971), involved a moving party that sought to amend three weeks before trial. Suffice to say that is not the case here. Ultimately, Defendants fail to

Plaintiffs' Reply in Support of Their Motion to Amend
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **5** of 12

identify any reason that Plaintiffs' proposed amendments would result in "undue delay" of this litigation. [2]

**DEFENDANTS' PERSISTENT AND DELIBERATE OBSTRUCTION OF THE JUDICIAL PROCESS HAS CAUSED THE DELAYS IN THIS CASE.**

Because Defendants assert that Plaintiffs' have exhibited "an incredible lack of diligence in seeking their amendments" it is appropriate to briefly summarize the history of this litigation:

1. Plaintiffs filed their case on April 24, 2020.  (Doc. 1).

2. Defendant WTPA then filed a frivolous Motion to Dismiss based solely on the "conscious decision" of WTNY/WTPA's in-house counsel, Philip Brumley, to submit a sworn statement that was in "reckless disregard" of the truth.  (Docs. 13, 135).

3. Plaintiffs were forced to litigate the frivolous Motion for seventeen (17) months before WTPA withdrew it to avoid Rule 11 sanctions.  (Docs. 94, 135).

4. During that 17-months of litigation, the Defendants and their congregation in Hardin unreasonably obstructed Plaintiffs' discovery forcing Plaintiffs to file multiple motions to compel.  (Docs. 79, 82, 85, 93).

---

[2] The Court has set a telephonic scheduling conference for February 7, 2023 to address the scheduling order in this matter.  Doc. 200.

Plaintiffs' Reply in Support of Their Motion to Amend
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **6** of 12

5. Of particular importance to the present Motion, the Court determined that Defendants' interrogatory answers regarding the relationship between WTNY, WTPA, and the Governing Body were "vague to the point of non-responsive" and both Defendants were ordered to "fully and completely" answer Plaintiffs' discovery regarding the relationship between WTNY, WTPA, and the Governing Body.  (Doc. 85 at 11).

6. Despite the Court's order, Defendants have yet to provide any meaningful information responsive to those interrogatories.

7. Rather than burden the Court with another motion to compel and waste more time with Defendants' lawyers' refusal to describe the relationship between WTNY and WTPA, Plaintiffs sought to depose three corporate representatives who have the most knowledge of the ways that WTNY and WTPA worked together to promulgate the policies at issue in this case.

8. However, Defendants refused to produce the witnesses for deposition, thereby forcing Plaintiffs to file an additional motion to compel just to learn basic information regarding the relationship between WTNY and WTPA that should have been disclosed in written discovery more than a year ago. (Docs. 153, 154).

At every turn, the Defendants have obstructed Plaintiffs' attempts to discover the relationship between WTNY and WTPA.  Now, they claim that Plaintiffs are

Plaintiffs' Reply in Support of Their Motion to Amend
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page 7 of 12

engaging in "dilatory tactics."  Defendants should not be permitted to obstruct discovery for years and then use that obstruction as a basis to blame the Plaintiffs for failing to make more timely amendments. [3]

## PLAINTIFFS HAVE BEEN DILIGENT

As Defendants point out, they have provided Plaintiffs some basic information regarding the corporate composition and purpose of the Defendants. (Docs. 198-1, 198-2).  This information establishes that the two corporate defendants were controlled by the exact same group of men and had inseparable purposes that were intended to achieve a common goal.

But, as described above, Defendants have obstructed Plaintiffs' other discovery into the ways that they worked together to promulgate the policies that permitted known pedophiles to hold positions of authority in the Jehovah's Witness church while sexually abusing Plaintiffs.  As a result, Plaintiffs have been forced to independently obtain such evidence outside of the discovery process.

---

[3] The internal inconsistency in Defendants' opposition reveals the extent of their intellectual dishonesty.  On the one hand, WTNY tells the Court that Plaintiffs have had all evidence necessary to make the proposed amendments for the last two years, and therefore Plaintiffs' Motion should be denied because they should have amended sooner.  (Doc. 198 at 6–8 (referencing Docs. 198-1, 198-2)).  Then, in the same breath, WTNY tells the Court that it will be prejudiced because it cannot possibly understand the basis for the proposed amendments without re-opening Ariane Rowland's deposition.  (Doc 198 at 9–10).  Thus, according to WTNY, the evidence supporting the amendments is both obvious and a mystery at the same time.

Plaintiffs' Reply in Support of Their Motion to Amend
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **8** of 12

*See, e.g.,* (Doc. 192 at 11–17 (providing extensive examples of the ways that the corporate Defendants are endlessly intertwined with each other)). This evidence comes entirely from the Defendants' representations in prior cases and took Plaintiffs' counsel significant time to obtain, review, and summarize.

Had Defendants openly and honestly disclosed the relationship between WTNY and WTPA when ordered to do so by the Court, Plaintiffs likely could have amended earlier in the case. But Plaintiffs have been forced to work around Defendants' obstruction by obtaining evidence outside of the discovery process. Plaintiffs have been diligent, and Defendants have not presented the Court with a valid reason to deny the Motion to Amend.

## DEFENDANTS HAVE NOT SHOWN ANY PREJUDICE

In order to overcome Rule 15's liberal amendment policy, the non-moving party must show substantial prejudice or substantial negative effect if the amendment is allowed. Such prejudice has been found where the amendments would have greatly altered the nature of the litigation and would have required a defendant to undertake an entirely new course of defense close to trial. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Here, Defendants assert that they will be prejudiced because they do not understand the basis of Plaintiffs' proposed amendments and would have to re-open the deposition of Ariane Rowland to do so. This argument has no merit.

Plaintiffs' Reply in Support of Their Motion to Amend
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **9** of 12

Defendants are uniquely in sole possession of all the evidence proving that they worked in concert with each other in the 1970s, 1980s, and early 1990s to promulgate the policies at issue in this case.  Defendants don't need to depose Ariane Rowland, or anyone else, to understand how they worked in concert with each other.  Defendants have not established any prejudice resulting from the proposed amendments, let alone the sort of significant prejudice that would justify denying a motion to amend.

## PLAINTIFFS' AMENDMENTS ARE NOT FUTILE

An amendment is only "futile" if it would clearly be subject to dismissal. *DCD Programs, Ltd., Leighton*, 833 F.2d 183, 188 (9th Cir. 1987); *Moore v. Kayport Package Express*, 885 F.2d 531, 542 (9th Cir. 1989).  For instance, an amended claim is "futile" if it would be subject to a Rule 12(b)(6) motion for failing to state a claim.  *Novak*, 795 F.3d at 1020–21 (holding that plaintiffs' Commerce Clause claim would not survive a motion to dismiss because the Commerce Clause was not implicated by the case).

Defendants state that Plaintiffs' proposed amendments are futile because, in their view, Plaintiffs cannot prove that WTNY and WTPA were in a joint venture. (Doc. 198 at 10).  Plaintiffs are not required to prove their allegations at this stage of the case. *DCD Programs, Ltd. v. Leighton*, 883 F.2d 183, 186 (9th Cir. 1987) (A motion to make an "amendment is to be liberally granted where from the

Plaintiffs' Reply in Support of Their Motion to Amend
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **10** of **12**

underlying facts or circumstances, the plaintiff may be able to state a claim."). Here, Plaintiffs have proposed amendments which properly plead multiple legal theories by which the corporate Defendants may be liable for each other's conduct as well as their combined conduct. Moreover, the underlying facts and circumstances show that both corporate defendants were controlled by the same group of men and worked together to draft, publish, distribute, and enforce the policies that are at issue in this case. *See e.g.* (Docs. 198-1, 198-2, 192 at 11–17). The Ninth Circuit has made it clear that this is plainly sufficient at the pleadings stage. *Id*.

## CONCLUSION

None of the Defendants' arguments meet their burden to overcome "[r]ule 15's policy of favoring amendments to pleadings" that is to "be applied with 'extreme liberality.'" *Id*. Ultimately, the Defendants are asking the Court to ignore and abandon federal law favoring amendments to the pleadings so that cases may be decided on their merits. Accordingly, Plaintiffs respectfully request that their Motion be granted.

DATED 25th day of January, 2023.

            MEYER, SHAFFER & STEPANS PLLP

            By: /s/ Ryan Shaffer
              Ryan R. Shaffer
              MEYER, SHAFFER & STEPANS PLLP
              *Attorneys for Plaintiffs*

Plaintiffs' Reply in Support of Their Motion to Amend
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **11** of **12**

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 2,218 words, excluding the caption, certificates of service and compliance, table of contents and authorities, and exhibit index.

> By: /s/ Ryan Shaffer
> Ryan R. Shaffer
> MEYER, SHAFFER & STEPANS PLLP
>
> *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

DATED 25th day of January, 2023.

> MEYER, SHAFFER & STEPANS PLLP
>
> By: /s/ Ryan Shaffer
> Ryan R. Shaffer
> MEYER, SHAFFER & STEPANS PLLP
>
> *Attorneys for Plaintiffs*

Plaintiffs' Reply in Support of Their Motion to Amend
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
Page **12** of **12**