*Exhibit A*

# Ethics Opinion
## 870513

**QUESTION PRESENTED:** If a lawyer represents a partnership, and one of the partnership members is expelled, can the lawyer sue the expelled partner without violating the conflict of interest former client Rule 1.9?

**ANSWER:** Yes.

**ANALYSIS:** The lawyer represents the partnership as a separate jural entity, not the expelled member individually. The applicable rule is Model Rule 1.13, in particular 1.13(a), which provides:

"A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents."

This rule has been adopted by the Montana Supreme Court and has been effective since July 1. 1985. The comments to the rule provide that the duties defined apply equally to unincorporated entities, and that constituents (here, partners) are persons acting for "organizational" clients that are not corporations.

The basic precept of Rule 1.13 is that a lawyer representing an entity client does not thereby become the lawyer for any of the entity's members, agents, officers, or other constituents as they are referred to in this rule. This has been the traditional view (see Ethical Consideration 5-18 of the Code of Professional Responsibility), but the Model Rules give this entity theory more prominence. In contrast with the competing "group theory" (that the lawyer would be regarded as acting on behalf of a group of individuals who are associated with each other), the ABA and the Montana Supreme Court -- in rejecting this group theory -- adopted the entity approach, which postulates that the lawyer has only one client -- the entity itself. Under the entity approach, the interest of the other players must still be taken into account, but they are the interests of nonclients. The reason for rejecting the group theory in favor of the entity concept is the separate jural personality of the entity. It can enter legal relationships in its own right, including the lawyer-client relationship. By the same token, the individuals involved are agents of the jural personality.

The lawyer has no conflict of loyalties under the entity approach taken by the Model Rules, for the lawyer was only on one side to begin with. The lawyer is required to stay loyal to the one client -- the entity; that, in turn, might very well require the lawyer to be "disloyal" to a particular individual. This policy is legally correct and a necessary consequence of the well established principles of agency law upon which the entity theory rests.

**THIS OPINION IS ADVISORY ONLY**

# Ethics Opinion

## 940202

**QUESTION PRESENTED:** Does a staff attorney employed by a department of state government represent the department as an agency or its individual members?

**ANSWER:** An attorney employed by a state agency represents the agency as a whole rather than its individual members.

**ANALYSIS:** Rule 1.6 of the Model Rules of Professional Conduct (Model Rules) provides for the confidentiality of information relating to representation of a client. Comment [6] to Rule 1.6 clearly extends to the government lawyer the ethical obligation to preserve the confidentiality of client information. Further, the ABA has stated that "the lawyer's status as a Government employee does not exempt him or her from professional obligations, including those to preserve a client's confidences and secrets, that are imposed upon other lawyers." Committee on Ethics and Professional Responsibility; ABA Informal Opinion 1413; June 23, 1978.

Application of the Model Rules, including Rule 1.6, to a government lawyer for a state administrative agency requires proper identification of the government lawyer's client. Charles W. Wolfram, Modern Legal Ethics, § 13-9-2 (1986). Identification of the client allows an effective determination of the lawyer's duties and clarifies to whom they are owed. Roger C. Cramton, The Lawyer as Whistleblower: Confidentiality and the Government Lawyer, 5 Georgetown Journal of Legal Ethics 291, 297 (1991).

Rule 1.13 of the Model Rules offers a preliminary framework for analyzing the identity of the government lawyer's client. Rule 1.13(a) provides:

> "A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents."

Rule 1.13(b) further provides:

> "If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law which reasonably might be imputed to the organization, and is likely to result in substantial injury to the organization, the lawyer shall proceed as is reasonably necessary in the best interest of the organization."

The Montana Bar Association Ethics Committee has adopted the "organization as client" approach dictated by Rule 1.13 in the corporate context. Montana Ethics Opinion 870513.

The next logical extension of the "organization as client" approach is to adopt the suggested "agency as client" approach in the governmental context of an attorney for a state administrative agency. Comment [7] to Rule 1.13 explicitly applies the "entity as client" principle to representation of government organizations. While Comment [7] states that the duty defined in Rule 1.13 applies to government lawyers, it acknowledges the difficulty of establishing the exact identity of the client in the government context.

The possibilities when attempting to identify the lawyer's governmental client include: (1) the public; (2) the government as a whole; (3) the agency for which the attorney works, or; (4) individual officers within the agency. Charles W. Wolfram, Modern Legal Ethics, § 13.9.2 (1986). Research indicates that the two primary but conflicting theories most often relied upon are the governmental approach and the agency approach. Id. See also Comment [7]. In contrast, little support appears for the theory that a lawyer employed by a governmental agency represents only individual members of the agency.

A strong argument against analyzing the government attorney's client as the government or public interest is that these approaches present amorphous standards which fail to provide concrete and adequate standards for regulating lawyer conduct. Roger C. Crampton, The Lawyer as Whistleblower: Confidentiality and the Government Lawyer, 5 Georgetown Journal of Legal Ethics, 291, 299 (1991). Agency officials must not view their attorney as an independent actor able to arrive at an individual perception of the "public interest" and act accordingly. The agency official must believe the lawyer will represent the legitimate interests of the agency as a governmental client.

Identifying the client as the state or federal government agency employing the attorney provides a more practical standard. The Federal Bar Association has adopted the agency approach to identifying the government lawyer's client. Federal Bar Association Professional Ethics Committee: Opinion 73-1 (1973). Reprinted in 32 Federal Bar Journal 71, 72 (1973). The Federal Bar Association identified the client of a federally employed staff attorney as the agency employing the lawyer. 32 Federal Bar Journal at 72. The Federal Bar Association states explicitly:

> "The client of the federally employed lawyer, using the term in the sense of where lies his immediate professional obligation and responsibility, is the agency where he is employed, including those charged with its administration insofar as they are engaged in the conduct of the public business. The relationship is a confidential one, an attribute of the lawyer's profession which accompanies him in his government service." Id.

A more recent District of Columbia Bar Committee Report offers additional support for the position that the agency employing the government lawyer is the lawyer's client. ABA/BNA Lawyers' Manual on Professional Conduct, Current Reports, October 26, 1988. The District of Columbia Bar Committee chose to identify the agency as client because such a discrete classification provides a clearly definable client with identifiable lines of authority. Id. In contrast, the District of Columbia Bar Committee refused to define the government attorney's client as the public interest because it provided too amorphous a standard to regulate lawyer conduct and provide ethical guidelines. Nor did the committee define the government attorney's client as the government as a whole, reasoning that such an approach would destroy the lawyer client confidentiality because the lawyer could reveal allegedly confidential client information to essentially any branch of government. Id.

As a public servant, the government attorney has ethical duties which extend beyond the Model Rules and has authority to question the conduct of government officials more extensively than that of a lawyer for a private organization in similar circumstances. Bruce W. Kent, Ethics and the

Government Lawyer, Kansas Bar Association (February/March 1993). A government agency is considered an organization under Rule 1.13, and the government attorney owes a duty of confidentiality to his client, the government agency. A lawyer must disclose to his client that an agency employee intends to commit or has committed a wrongful act that may materially injure the organization. Accordingly, it follows that an attorney for a state administrative agency owes no ethical duty to individual employees to preserve the confidentiality of information received from state administrative agency employees; rather, the ethical duty is owed only to the agency which is his client.

**CONCLUSION:** Under the agency approach and in accordance with Rule 1.13, it appears that a staff attorney for a state government administrative agency represents the agency as a discrete entity. The attorney must proceed as is reasonably necessary in the best interest of the organization and owes a duty of confidentiality to the agency as a whole, not to its individual members.

**THIS OPINION IS ADVISORY ONLY**