Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Victoria K.M. Gannon
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com
katy@mss-lawfirm.com
*Attorneys for Plaintiffs*

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
6631 Mariposa Court
Denver, CO  80221
Tel: (303) 947-4453
matthew@merrillwaterlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | ) ) Case No. CV-20-52-BLG-SPW |
| Plaintiffs, | ) ) |
| vs. | ) ) **PLAINTIFFS' OPPOSITION** |
| | ) **TO DEFENDANT WTNY'S** |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., AND WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, | ) **MOTION FOR LEAVE TO** ) **FILE SURREPLY PURSUANT** ) **TO LOCAL RULE 7.1(d)(1)(D)** ) ) |
| Defendants, | ) ) |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., AND WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, | ) ) ) ) |
| Cross Claimants, | ) ) |
| BRUCE MAPLEY, SR., | ) ) |
| Cross Defendant. | ) |

Plaintiffs Tracy Caekaert and Camillia Mapley respond in opposition to Defendant Watchtower Bible and Tract Society of New York's ("WTNY") Motion for Leave to File Surreply.

## INTRODUCTION

1. WTNY has been withholding notes of phone calls made by local Jehovah's Witnesses elders (clergy) to WTNY's corporate Legal Department regarding child sex abuse within the Jehovah's Witnesses church.  Many of the notes involve the pedophiles and child sex abuse that is at issue in this case. WTNY asserts that the elders were clients of its corporate Legal Department, and the notes are therefore protected by the attorney-client privilege.

2. Plaintiffs filed a Motion seeking *in camera review* of the withheld documents.  Plaintiffs' argument was straightforward: According to the law the client of the corporate legal department is the corporation, and because WTNY insists that its elders are not corporate agents there is no evidence that the elders are clients of the corporate Legal Department.  Doc. 196 at 6-12.

3. WTNY responded by arguing that because it is part of a larger religious organization a different set of rules regarding the establishment of an attorney-client relationship apply.  According to WTNY, these special rules

dictate that the WTNY Legal Department's client is the entire Jehovah's Witnesses "faith" which would include any members of the church who call the corporate Legal Department to report their personal knowledge of child sex abuse within the Jehovah's Witnesses church. *See generally* Doc. 204.

4. On February 15, 2023, Plaintiffs filed a Reply Brief, again arguing that under applicable law, the client of the corporate legal department is the corporation and WTNY failed to produce any evidence that its corporate Legal Department had an attorney-client relationship with the elders who called to report child sex abuse. *See generally* Doc. 208. Furthermore, because WTNY did not produce any evidence to meet its burden for withholding the subject documents, Plaintiff proposed that there was no longer a need for *in camera review* and that the notes should be produced.[1]

Plaintiffs' argument has stayed consistent and never changed: Because WTNY will not admit that elders are corporate agents, it cannot meet its burden of establishing

---

[1] Indicating that WTNY failed to produce any evidence of an attorney-client relationship and that therefore the documents should just be produced was not a new substantive argument regarding application of the attorney-client privilege to the withheld documents. It was simply noting that when a party is withholding evidence without a valid basis to do so, like WTNY, the evidence should be produced. *See Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 700 (D. Nev. 1994) (*In-camera review* is not to be used as a substitute for a party's obligation to justify its withholding of documents).

the existence of an attorney-client relationship between its corporate Legal Department and the elders.

## APPLICABLE LAW

Surreply briefs are permitted when a moving party introduces new arguments or new evidence in a reply brief. *Sekera v. Allstate Ins. Co.*, 763 F. App'x 629, 632 (9th Cir. 2019). The party requesting permission to file a surreply has the obligation of identifying the new argument that it believes justifies additional briefing. *Edwards v. Mondora*, 700 F. App'x 661, 664 (9th Cir. 2017).

## ARGUMENT IN OPPOSITION

Plaintiffs' reply brief did not introduce new arguments or new evidence into the dispute over WTNY's assertion of attorney-client privilege. Plaintiffs' argument has remained the same from day one. Because WTNY insists that its elders are not corporate agents, it has not established the requisite attorney-client relationship between its corporate Legal Department and the elders who called to report what they knew about child sex abuse within the Jehovah's Witnesses church. That was the argument made in Plaintiffs' opening brief and that was the argument made again in Plaintiffs' Reply.

WTNY's Motion does not identify any new, substantive argument regarding application of the attorney-client privilege that was raised by Plaintiffs' Reply brief. Under the law, this means that its Motion for permission to file more

briefing should be denied. *Mondora*, 700 F. App'x at 664 (A party moving for a surreply who fails to identify a specific new argument raised by the other party is not entitled to relief).

WTNY argues that because Plaintiffs modified the relief sought in their Motion from *in camera review* to production of the withheld documents that "Plaintiffs have switched course entirely . . . thereby depriving WTNY of any substantive response." Doc. 212 at 3. This is not true. Plaintiffs' argument about the application of the attorney-client privilege to the withheld documents has remained the same and WTNY not only had a sufficient opportunity to respond to those arguments, it did so. For example, WTNY's response brief asserted:

➢ "[T]here is a common understanding that has been in place since at least 1989 that when elders call the WTNY Legal Department in their capacity as ministers (clergy), there is an attorney-client relationship and an expectation of confidentiality. Doc. 204 at 9.

➢ "There is no doubt that when elders call the WTNY Legal Department, they understand that an attorney-client relationship exists and that their communications are privileged and confidential." Doc. 204 at 10.

➢ "WTNY Legal Department functions as in-house counsel for ministers affiliated to it in the faith of Jehovah's Witnesses." Doc. 204 at 12.

➢ "WTNY Legal Department exists to provide legal guidance and advice to
elders of the religious community of believers known as Jehovah's
Witnesses.  Advising ministers regarding reporting obligations is surely
reasonably related to that practice."  Doc. 204 at 13.

➢ "The WTNY Legal Department is not like a typical in-house corporate legal
team that simply represents the corporation.  That is because WTNY is not a
typical corporation.  Its existence is not co-extensive with the religious body
of believers known as Jehovah's Witnesses.  WTNY exists to support a
religious purpose and the ecclesiastical ministers of a religious faith
community.  The WTNY Legal Department exists for the same purpose.  It
can only do that if it can provide legal advice to local elders in their
ecclesiastical (clergy) capacity."  Doc. 204 at 14.

WTNY's response brief illustrates that it understood Plaintiffs' substantive
argument and responded directly to it.  WTNY was not deprived of an opportunity
to respond to Plaintiffs' argument; it simply chose to do so with the conclusory
assertions of counsel rather than with evidence of an attorney-client relationship.

WTNY then implies that it should get more briefing because it did not
realize Plaintiffs' Motion presented a "risk of disclosure of privileged documents."
Doc. 212 at 3.  This is not a credible position.  The law is clear that the purpose of
*in camera review* is to put a party's claim of privilege to the test.  *U.S. v. Zolin*, 491

U.S. 554, 570 (1989); *In Re Grand Jury Subpoena,* 662 F.3d 65, 70 (1st Cir. 2011)

("[T]he very purpose of conducting an in camera review is to determine which, if

any, of a group of documents are privileged.").  WTNY's own brief cites a Ninth

Circuit case upholding a district court's order to produce a withheld document after

*in camera review*.  Doc. 204 at 14 (Citing to *Brown v. Bank of Am. N.A.*, 660 Fed.

Appx. 506, 507 (9th Cir. 2016)).  Moreover, the Court in this case has already

ordered production of withheld documents after conducting an *in camera review*.

Doc. 82.  It is simply not believable that WTNY's lawyers did not understand that

Plaintiffs' Motion put the withheld documents at risk of disclosure.  But even if it

is true, ignorance of the law is not a basis to file a surreply.

## CONCLUSION

WTNY has not set forth any legitimate basis entitling it to a surreply.[2]  Its

arguments are not credible, and it appears that WTNY just wants to get the last

word in, which is not permitted.  *Afifeh v. Ahmadabadi*, 2022 WL 3016147, at \*1

(C.D. Cal. July 5, 2022).  If WTNY had believed in the righteousness of its

privilege claim and wanted to get the last word in, it could have moved for a

protective order.  Fed. R. Civ. Pro. 26(c).  Instead, it chose to just withhold the

documents, force Plaintiffs to file a motion to compel, and then when presented

---

[2] WTNY also asks the Court to ignore Plaintiffs' Reply brief.  WTNY cites to no
legal authority or valid factual basis for this request and it should be rejected.

with argument demanding proof of an actual attorney-client relationship, it

produced none.  Those were WTNY's decisions.  Based on the foregoing,

Plaintiffs respectfully assert that WTNY is not entitled to a surreply.

DATED this 13th day of March, 2023.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
      Ryan R. Shaffer
      MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 1,423 words, excluding the caption, certificates of service and compliance, table of contents and authorities, and exhibit index.

By: /s/ Ryan Shaffer
      Ryan R. Shaffer
      MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*