IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIERY OF PENNSYLVANIA, <br><br> Defendants. | CV 20-52-BLG-SPW <br><br> ORDER ON MOTION TO COMPEL RE: WAIVED PRIVILEGE |

Before the Court is Plaintiffs Tracy Caekaert and Camilia Mapley's Motion to Compel. (Doc. 132). Plaintiffs seek to compel production of four documents withheld as privileged by Defendant Watchtower Bible and Tract Society of New York, Inc. ("WTNY"), on the basis that the privilege has been waived because the privilege holders, Bruce Mapley, Sr., and Gunnar Hain, disclosed their abuse of Tracy Caekaert to third parties. (Doc. 133 at 2). WTNY opposes the motion and argues that it correctly asserted the clergy-penitent privilege set forth in Montana Code Annotated §26-1-804. The Court has reviewed the four documents at issue *in camera* and denies Plaintiffs' motion for the following reasons.

1

I.  **Background**

The Court has laid out the full background of this case in several prior orders and accordingly will only recite the facts as necessary to resolve the instant motion. At issue are four documents, identified in the provided privilege log (Doc. 133-3) as Nos. 29, 37, 39, and 40. Defendant WTNY asserts that clergy-penitent privilege protects all four because each was for the purpose of seeking or receiving religious guidance, admonishment, or advice concerning either Mapley or Hain. According to the deposition of Shirley Gibson, Mapley's ex-wife, Mapley admitted to his family in 1977 that he had sexually abused his daughter, Tracy Caekaert. Additionally, according to a recorded conversation between Mapley and a private investigator, from sometime in the late 1970s, Hain admitted and apologized to Mapley for sexually abusing Caekaert.

II. **Legal Standards**

Federal Rule of Civil Procedure 45(e)(2)(A) states:

> A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

In civil cases, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Montana Code Annotated § 26-1-804 provides that "[a] member of the

2

clergy or priest may not, without the consent of the person making the confession, be examined as to any confession made to the individual in the individual's professional character in the course of discipline enjoined by the church to which the individual belongs." Montana Rule of Evidence 503 states that "[a] person upon whom these rules confer a privilege against disclosure waives the privilege if the person ... voluntarily discloses or consents to disclosure of any significant part of the privileged matter."

### III. Analysis

#### A. Sufficiency of the Initial Privilege Assertion

WTNY has the initial burden of proving that the requested documents are covered by the asserted privilege. Fed. R. Civ. P. 45(e)(2)(A). After reviewing the privilege log and the documents, the Court concludes that it has done so. Document 29 is a 1997 letter the Court has already ruled is covered by the privilege because it is a confidential communication that contains a confession made to a congregation elder acting in his official capacity. (*See* Doc. 82 at 4).

Document 37 is an undated letter from a Hardin Congregation Elder to a Pacific, Washington Congregation Elder that WTNY claims was written in 1997. The Court finds that the letter does not seem to be written for the purpose of religious advice or guidance but discusses in detail information

3

obtained from a confession by Hain to Elders. Accordingly, it is protected by the privilege.

Document 39 is a letter from Experienced Elders at Watchtower New York to the Hardin Congregation Elders on September 27, 1999. The letter likewise discusses pentitential statements made by Hain to Elders and is covered by the privilege.

Document 40 is a document sent from the Canyon Ferry, Helena, Montana Elders to Experienced Elders at Watchtower New York. The document is not written for religious advice or guidance but, like the others, discusses penitential statements made by Mapley. As such, it is entitled to protection under the privilege.

B. *Whether the Privilege has been Waived*

Because all four of the documents are facially covered by the privilege, Plaintiffs must demonstrate that the privilege has been waived. Plaintiffs argue that Mapley's "confession" to his family and Hain's "confession" to Mapley constitutes the privileged matter, as defined by Mont. R. Evid. 503, such that the privilege has been waived regarding confession to the clergy decades later. (Doc. 133 at 11). Plaintiffs request that the Court rule that Mapley and Hain waived any potential claim of clergy-penitent privilege when they voluntarily disclosed their sexual abuse

4

of Caekaert to third parties, order WTNY to produce all documents withheld pursuant to such claims of privilege and prohibit defense counsel from instructing deposition witnesses not to answer questions based on such claims of privilege. (Doc. 133 at 10).

Defendants assert that a privilege cannot be waived until after the privilege is created, and that no authority supports Plaintiffs' position. (Doc. 136 at 12). Defendants correctly point out that each case cited by Plaintiffs involved disclosure to a third party contemporaneously or after the privileged conversation at issue. Defendants also discuss the public policy reasoning supporting their position. (Doc. 136 at 15-16).

The core of Plaintiffs' contention is that the matter protected by the privilege is the bad act itself—that is, the reason for seeking religious guidance. They believe that because Mapley and Hain admitted to sexually abusing Caekaert, any assertion of privilege over confessions of the same to religious advisors has been waived.

This does not seem to square with the common understanding of privilege. Plaintiffs' sole support for their argument is an eccentric reading of Mont. Rule Evid. 503. The more natural reading is that the conversation between clergy and penitent is protected, analogous to the attorney-client privilege. *See Sweeney v. Mont. Third Jud. Dist. Court*, 416 P.3d 187, 190

(Mont. 2018) ("A statute must be read as a whole, and its terms should not be isolated from the context in which they were used by the Legislature.").

Although the Montana Supreme Court has ruled that the presence of third parties during the confession destroys the privilege, there is no caselaw addressing Plaintiffs' novel theory that the privilege can be waived decades prior to the privileged communications. Ultimately, the better view is to treat the communication itself as the privileged matter. *See Montana v. MacKinnon*, 957 P.2d 23, 28 (Mont. 1998).

It is the conversation between the clergy and penitent and the facts disclosed therein that are protected from disclosure. If Mapley or Hain later communicated the nature and content of their conversations with church elders to third parties, the analysis would be different, and the privilege would likely be waived. But here, Plaintiffs seek to circumvent that privilege based on prior disclosure of some facts that were later discussed with elders, and the same analysis does not apply. The Court holds that the privilege that WTNY asserts protects the documents has not been waived. Accordingly, because the documents are covered by the privilege, they were properly withheld from disclosure.

## IV. Conclusion

Plaintiffs' Motion to Compel (Doc. 132) is DENIED.

DATED this 20th day of March, 2023.

/s/ Susan P. Watters
SUSAN P. WATTERS
U.S. DISTRICT JUDGE