Jon A. Wilson
Brett C. Jensen
Michael P. Sarabia
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>Defendants. | Cause No. CV 20-52-BLG-SPW<br><br>**DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SURREPLY PURSUANT TO LOCAL RULE 7.1(d)(1)(D).** |

| | |
|---|---|
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. | )<br>)<br>)<br>) |
| Cross-Claimant, | )<br>) |
| vs. | )<br>) |
| BRUCE MAPLEY SR., | )<br>) |
| Cross-Claim Defendant. | )<br>) |

**COMES NOW**, Defendant Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), by and through its attorneys of record, and respectfully submits its Reply Brief in Support of its Motion for Leave to File a Surreply Pursuant to Local Rule 7.1(d)(1)(D). For the reasons explained in its initial Brief in Support and for the reasons explained herein, WTNY is entitled to respond to the new arguments raised and different relief sought by Plaintiffs in their Reply (Doc. 208) in support of their Motion to Compel *In Camera* Review of Documents Withheld on the Basis of Attorney-Client Privilege (Doc. 196). Therefore, WTNY respectfully requests leave to file a surreply to Doc. 208.

## ARGUMENT

Plaintiffs absurdly claim in their Opposition (Doc. 215) that because WTNY was on notice the Court could order them to produce documents over which the attorney-client privilege is claimed, it should have treated Plaintiffs' Motion for *In*

*Camera* review as a Motion to Compel and responded accordingly, even though that relief was not the subject of Plaintiffs' Motion and was not addressed in Plaintiffs' opening Brief. The Court should not overlook that Plaintiffs slyly changed the caption of their Reply Brief (Doc. 208) to reflect a completely new request for relief. Contrary to Plaintiffs' position, no rule of procedure requires WTNY to respond to unasserted arguments beyond the scope of the relief requested in a motion, and such a rule would lack any level of good sense. By that same rationale, a party could, for instance, transform a discovery motion into a motion for summary judgment in a reply brief without affording an opportunity for the opposing party to respond. L.R. 7.1(d)(1)(d) was designed for the exact type of situation presently before the Court.

Plaintiffs ask the Court to deny WTNY an opportunity to file a surreply in order to address Plaintiffs' new request for document production without in camera review, while simultaneously taking a second (or even third) bite at the apple themselves: they continue to argue, in essence, that no in camera inspection of privileged documents is required, which is precisely the new argument—and new request/motion—that WTNY has asked to address in a surreply. (*See* Doc. 215, p. 3). Their response to WTNY's Motion for Leave to File Surreply gives further reason why the Court should allow a surreply.

Plaintiffs argue WTNY failed to point to new, substantive arguments warranting a surreply, and failed to provide supporting authority. (Doc. 215, pp. 3-

5). This is untrue. As already demonstrated in WTNY's initial brief supporting its Motion for Leave to File Surreply, Fn1 on page 3 of Doc. 208 *is* a new argument for a completely new motion: the motion they should have supported was one for in camera review, and thus they asked the Court to first review the privileged documents to determine the issue of privilege; now, however, they ask the documents be sent to them directly without first obtaining this Court's decision as to whether any or all of the documents are privileged. WTNY cited authority supporting that a new motion/request for relief, such as Plaintiffs' here, warrants a surreply. (*See* Doc. 212, p. 3)(citing *Harris v. Escamilla*, 2016 WL 7210113, at *2 (E.D. Cal. Dec. 12, 2016)). Accordingly, Plaintiffs' have no basis for their contentions.

Notably, Plaintiffs make yet another misrepresentation: they claim WTNY provided no evidence substantiating its claims of privilege. (Doc. 215, p. 3). This is also untrue: WTNY provided the Affidavit of Mario Moreno, a former attorney in WTNY's legal department, and in that affidavit Mr. Moreno established the criteria for the attorney-client privilege to apply to the subject documents. (Doc. 204, p. 5; Doc. 204-1, Aff. of Mario Moreno). In addition, Plaintiffs knowingly withheld pertinent information from the Court that bears directly on the new arguments raised in their Reply brief, which they unilaterally converted to a motion to compel. Importantly, Plaintiffs knew that the congregations, as represented by their elders,

had already asserted attorney-client privilege over communications between elders and WTNY's Legal Department. They mention none of that, which is why WTNY has filed this motion for a sur-reply. Those client congregations/elders have already gone on record regarding the existence of the privilege. (*See* Doc. 79 at 21, ("Documents 2 and 3, withheld due to attorney-client privilege issues, are not at issue in this order and need not be provided."); *see also* Hardin and West Laurel Congregations' privilege logs provided to Plaintiffs in response to Plaintiffs subpoenas, attached as Exhibits A and B, respectively). Plaintiffs' current opposition is a continuing pattern of material misrepresentations/omissions and speaks to the Plaintiffs' larger strategy of overloading the Court with baseless discovery motions instead of litigating the merits of their claims.

In short, Plaintiffs have no basis, and provide no authority, to oppose WTNY's Motion for Leave to File Surreply. Accordingly, the Court should grant WTNY's Motion.[1]

DATED this 27th day of March, 2023.

By: /s/ Jon A. Wilson
Jon A. Wilson
BROWN LAW FIRM, P.C.
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

---

[1] Attached as Exhibit C is a draft of WTNY's surreply to Plaintiffs Motion to Compel In Camera Review of Documents Withheld on the Basis of Attorney-Client Privilege at Doc. 195.

# **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(d)(2)(E), the undersigned hereby certifies this brief complies with L.R. 7.1(d)(2)(A). According to the word-processing unit used to prepare this brief, the word count is 869 words excluding caption, table of contents and authorities, exhibit index, and certificates of service and compliance.

DATED this 27th day of March, 2023.

By: /s/ Jon A. Wilson
Jon A. Wilson
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on March 27th, 2023, a copy of the foregoing was served on the following person(s):

1. U.S. District Court, Billings Division

2. Robert L. Stepans/Ryan R. Shaffer/James C. Murnion
   MEYER, SHAFFER & STEPANS, PLLP
   430 Ryman Street
   Missoula, MT 59802

3. Matthew L. Merrill (appearing *pro hac vice*)
   MERRILL LAW, LLC
   1863 Wazee Street, Suite 3A
   Denver, CO 80202

4. Gerry P. Fagan/Christopher T. Sweeney/Jordan W. FitzGerald
   MOULTON BELLINGHAM PC
   P.O. Box 2559
   Billings, MT 59103-2559

5. Bruce G. Mapley Sr.
   3905 Caylan Cove
   Birmingham, AL 35215

by the following means:

| | | | |
|---|---|---|---|
| _1-4_ | CM/ECF | _____ | Fax |
| _____ | Hand Delivery | _____ | E-Mail |
| _5_ | U.S. Mail | _____ | Overnight Delivery Services |

By: /s/ Michael P. Sarabia
Michael P. Sarabia
BROWN LAW FIRM, P.C.
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*