Kevin M. Funyak
STACEY & FUNYAK
The Grand Building, Suite 700
100 North 27th Street
P.O. Box 1139
Billings, MT 59103-1139
Phone: (406) 259-4545
Fax: (406) 259-4540
KFunyak@staceyfunyak.com

*Attorneys for Non-Party Hardin Congregation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAERKAERT and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCHTOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA,<br><br>Defendants. | Cause No. CV 20-52-BLG-SPW<br><br>**HARDIN CONGREGATION'S RESPONSE TO PLAINTIFFS' SUBPOENA DUCES TECUM** |

The Hardin Congregation hereby responds to the plaintiff's *Subpoena Duces Tecum* as follows:

The Hardin Congregation is not a party in the above referenced action. In providing this response to the plaintiffs' *Subpoena Duces Tecum*, the Hardin Congregation does not waive, and expressly reserves the right to formally large any and all objections that may be available to it

under the Federal Rules of Civil Procedure regarding the form, substance and/or scope of the plaintiffs' *Subpoena Duces Tecum*, including but not be limited to the following:

- The *Subpoena Duces Tecum* is not properly signed by counsel [Rule 45(a)(3)];
- The *Subpoena Duces Tecum* requires the production of requested information and documents in excess of 100 miles away from the Hardin Congregation [Rule 45(c)(2)(A) and Rule 45(d)(3)(A)(ii)];
- The *Subpoena Duces Tecum* imposes an undue burden on the Hardin Congregation in that it requests the production of information and documents for an undefined period of time (see ¶¶5, 6, 7 & 11) [Rule 45(d)(1)];
- The *Subpoena Duces Tecum* imposes an undue burden on the Hardin Congregation in that it requests the production of information and documents dating back to a period of time between 36 to 51 years ago (see ¶¶1-4, 8-10 & 12-13) [Rule 45(d)(1)];
- Considering the timeframe contemplated, the *Subpoena Duces Tecum* fails to allow for a reasonable time for compliance [Rule 45(d)(3)(A)(i)]; and
- The scope of the *Subpoena Duces Tecum* can be interpreted as seeking the production of confidential information and/or documentation protected under the §26-1-804, MCA and related case law

In an effort to comply with requirements of Rule 45 of the Federal Rules of Civil Procedure, after conducting a thorough review of documents maintained by the Hardin Congregation, and without waiving those objections listed above or otherwise available to it, the Hardin Congregation provides the following responses and production of responsive documentation to the plaintiffs' *Subpoena Duces Tecum*:

1. <u>A copy of all membership records for the years 1970 to 1995.</u>

<u>RESPONSE</u>: Objection. This request is objected to as it constitutes an unwarranted invasion of the right of privacy of unnamed persons. Without waiving this objection, Hardin Congregation responds as follows:

The Hardin Congregation does not have any responsive information for the period set forth.

2. <u>A copy of all correspondence from Watch Tower Bible and Tract Society of Pennsylvania between the years 1970 and 1995.</u>

<u>RESPONSE:</u> After conducting a thorough search of the records of the Hardin Congregation, no responsive documentation was located for the period of time from 1970 to 1995.

3. <u>A copy of all correspondence from Watch Tower Bible and Tract Society of New York between the years 1970 and 1995.</u>

<u>RESPONSE:</u> After conducting a thorough search of the records of the Hardin Congregation, the Hardin Congregation has identified the following correspondence from the Watch Tower Bible and Tract Society of New York:

- Letter dated December 14, 1987;
- Letter dated April 21, 1989;
- Letter dated August 1, 1991;
- Letter dated January 15, 1992;
- Letter dated July 20, 1993; and
- Letter dated February 3, 1993.

4. <u>A copy of each Kingdom Ministry School Course in your possession from years 1972 to 1995.</u>

<u>RESPONSE:</u> After conducting a thorough search of the documents currently in the possession of the Hardin Congregation, no responsive documentation was located for the period of time from 1972 to 1995.

5. <u>A copy of each document in your possession of that was provided to you by the Watchtower Bible and Tract Society of Pennsylvania.</u>

<u>RESPONSE:</u> After conducting a thorough search of the documents currently in the possession of the Hardin Congregation, no responsive documentation was located as having been provided by the Watch Tower Bible and Tract Society of Pennsylvania. The Hardin Congregation does periodically receive documents in the form of books, booklets, pamphlets, flyers and DVDs from the Watch Tower Bible and Tract Society of New York as the Publisher of these items. A roster of those items currently in the possession of the Hardin Congregation is attached. It is the

current understanding of the Hardin Congregation's counsel that all of these items were previously produced to plaintiffs and their counsel in the course of their lawsuit involving the Watch Tower entities. To extent that plaintiff's counsel would like to view some or all of these items, arrangements can be made to do so at the office of the Hardin Congregation's counsel upon request.

6. <u>A copy of each document in your possession indicating how much financial support Watch Tower Bible and Tract Society of Pennsylvania has provided to the Hardin Congregation.</u>

<u>RESPONSE:</u> None. The Hardin Congregation has received no financial support from the Watch Tower and Tract Society of Pennsylvania.

7. <u>A copy of each document in your possession indicating the amount of donations collected by the Hardin Congregation that were sent to Watch Tower Bible and Tract Society of Pennsylvania.</u>

<u>RESPONSE:</u> None. The Hardin Congregation does not send any donations to the Watch Tower and Tract Society of Pennsylvania.

8. <u>A copy of all documents in your possession identifying one or more Elders in the Hardin Congregation between 1970 and 1995.</u>

<u>RESPONSE:</u> After searching its records, the Hardin Congregation identified the attached documentation.

9. <u>A copy of all documents in your possession identifying one or more Ministerial Servants in the Hardin Congregation between 1970 and 1995.</u>

<u>RESPONSE:</u> See that documentation attached in response to Request No. 8 above.

10. <u>A copy of all documents in your possession identifying one or more Branch Overseers, for the Hardin Congregation between 1970 and 1995.</u>

<u>RESPONSE:</u> After searching its records, the Hardin Congregation has identified no responsive documentation.

11. <u>A copy of all documents in your possession relating to abuse of Tracy Caekaert and Camillia Mapley.</u>

<u>RESPONSE</u>: See attached Privilege Log.

12. <u>A copy of all documents in your possession identifying one or more Circuit Overseers, for the Hardin Congregation between 1970 and 1995.</u>

<u>RESPONSE</u>: See that documentation attached in response to Request No. 8 above.

13. <u>A copy of all documents in your possession identifying one or more District Overseers, for the Hardin Congregation between 1970 and 1995.</u>

<u>RESPONSE</u>: After searching its records, the Hardin Congregation identified the attached documentation.

The Hardin Congregation will supplement this response to plaintiffs' *Subpoena Duces Tecum* with any additional, responsive documentation it may later identify.

Dated this 11th day of February, 2021.

STACEY & FUNYAK

By: _____
Kevin M. Funyak
Attorney for Non-Party Hardin Congregation

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of February, 2021, a true and correct copy of the foregoing **Hardin Congregation's Response To Plaintiffs' Subpoena Duces Tecum** was served upon the following person(s) by depositing the same in the U.S, Mail, postage prepaid, and by email addressed as follows:

Ryan R. Shafer
MEYER, SHAFFER & STEPANS, PLLP
430 Ryman Street
Missoula, Montana 59802
ryan@mss-lawfirm.com

STACEY & FUNYAK

By: *Brenda L Smith*

# Privilege Log

# PRIVILEGE LOG

*Tracy Caekaert & Camilla Mapley v. Watchtower Bible & Tract Society of New York, e.al.*

(Cause No. CV 20-52-BLG-SPW)

|    | Date           | Title/Type                                                                                                                                                                 | Basis for Withholding                                                                                              |
|----|----------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------|--------------------------------------------------------------------------------------------------------------------|
| 1. | April 23, 1997 | Correspondence from Hardin Congregation elders made in confidence to Watchtower New York for the purpose of seeking or receiving religious guidance, admonishment, or advice. | Clergy-Penitent Privilege § 26–1–804; Third Party Privacy; Elders Expectation of Confidentiality                   |
| 2. | May 5, 2011    | Correspondence from the Hardin Congregation to Watchtower New York Legal Department seeking legal advice.                                                                   | Attorney-Client Privilege                                                                                          |
| 3. | July 13, 2011  | Correspondence from the Hardin Congregation to Watchtower New York Legal Department seeking legal advice.                                                                   | Attorney-Client Privilege                                                                                          |
| 4. | Undated        | Correspondence from Congregant to Hardin Congregation elders made in confidence to the elders for the purpose of seeking or receiving religious guidance, admonishment, or advice. | Clergy-Penitent Privilege § 26–1–804; Third Party Privacy; Congregant Expectation of Confidentiality               |
| 5. | Undated        | Correspondence from Hardin Congregation made in confidence to Wisconsin elder for the purpose of seeking or receiving religious guidance, admonishment, or advice.          | Clergy-Penitent Privilege § 26–1–804; Third Party Privacy; Congregant Expectation of Confidentiality               |
| 6. | Undated        | Correspondence from Hardin Congregation made in confidence to Watchtower New York for the purpose of seeking or receiving religious guidance, admonishment, or advice.      | Clergy-Penitent Privilege § 26–1–804; Congregant Expectation of Confidentiality                                    |
| 7. | Undated        | Internal note by Hardin Congregation concerning ecclesiastical investigation method.                                                                                        | Clergy-Penitent Privilege § 26–1–804; Third Party Privacy                                                          |