IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY, | CV 20-52-BLG-SPW |
| Plaintiffs, | ORDER |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIERY OF PENNSYLVANIA, | |
| Defendants. | |

Defendant Watchtower Bible and Tract Society of New York, Inc. ("WTNY") moves to amend its Answer to assert the settled party defense against Bruce Mapley, Sr. ("Mapley Sr."). (Doc. 177). Plaintiffs Tracy Caekaert and Camillia Mapley oppose the motion, arguing that the settled party defense does not apply. (Doc. 179). WTNY filed a reply (Doc. 185), and the motion is ripe. For the following reasons, the Court grants in part and denies in part WTNY's motion.

I. **Background**

The Court is well-acquainted with the facts of this case. (*See* Doc. 135). It reiterates only those necessary to the instant motion.

Plaintiffs are family members of Mapley Sr. who Mapley Sr. allegedly sexually abused about twice a week for several years. (Doc. 22 at 7). During the

1

time of the abuse, Mapley Sr. was a Ministerial Servant with the Hardin, Montana Congregation of Jehovah Witnesses and allegedly confessed his abuse to Hardin Congregation elders. (*Id.*).

In May 2020, Plaintiffs sued Mapley Sr. for negligence, negligence per se, and battery. (*Id.* at 12-15). During the two and a half years after Mapley Sr. was served with Plaintiffs' Complaint, he sent nine letters to the Court. Most described his personal history, inability to find or afford a lawyer, and inability to participate in the case due to his poor health. (*See* Docs. 3, 11, 97, 131, 134). Mapley Sr. also filed letters stating that he had never been charged with or arrested for the alleged crimes, had never been informed of his Miranda rights, and was invoking his rights under the Fifth and Fourteenth Amendments. (Docs. 12, 46). The only other filings from Mapley Sr. were an objection to Plaintiffs' deposition testimony as hearsay and speculation because he was not able to attend the deposition, and a notification to the Court that he planned to attend the October 21, 2022, hearing.[1] (Docs. 142, 147). All his filings were docketed as letters to the Court.

On November 16, 2022, Plaintiffs filed a notice of dismissal of their claims against Mapley Sr. under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Doc. 175). Pursuant to the notice, the Court "ordered that the action and all Plaintiffs' claims" against Mapley Sr. be dismissed. (Doc. 176).

---

[1] Mapley Sr. did not attend the hearing.

2

## II. Legal Standard

### A. *Amendment of the Pleadings*

Rule 15(a)(2) allows a party to amend its pleading with the Court's leave or the opposing party's written consent. The Court should "freely give leave when justice so requires." Fed. Rule Civ. P. 15(a)(2). However, leave to amend should not "be granted automatically." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). The Court considers five factors in assessing whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether [the party] has previously amended [their pleading]." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

### B. *Dismissal of a Party*

A plaintiff may dismiss an action against a defendant without a court order by either: (1) filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment, or (2) filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A).

## III. Analysis

WTNY moves to add the settled party defense to its Answer. Under Montana law, the settled party defense allows a defendant to assert "that the damages of the claimant were caused in full or in part by a person with whom the claimant has settled or whom the claimant has released from liability." Mont.

3

Code Ann. § 27-1-703(6)(a). To properly assert the defense, the defendant must "affirmatively plead the settlement or release as a defense in the answer" and notify the settled or released person by mailing the answer to them at their last-known address by certified mail. *Id.* § 27-1-703(6)(f), (g).

WTNY argues it is entitled to assert the settled party defense against Mapley Sr. because Plaintiffs' dismissal of him resulted from a settlement or his release from liability. (Doc. 177). WTNY first contends that Plaintiffs did not properly dismiss him under Rule 41(a)(1)(A)(i) because Mapley Sr. filed an answer—Doc. 97—prior to his dismissal. (Doc. 185 at 4). "Therefore, the only way Plaintiffs' notice of dismissal was proper under Rule 41 is if there was a stipulation of dismissal signed by all parties who have appeared pursuant to Fed. R. Civ. P 41(a)(1)(A)(ii)." (*Id.*). Since neither WTNY nor Defendant Watch Tower Bible and Tract Society of Pennsylvania stipulated to dismissal, dismissal under Rule 41 was not proper. (*Id.*). However, WTNY notes, "[t]here is a well-recognized exception to the Rule 41 dismissal requirement when a plaintiff settles with a defendant directly." (*Id.* at 5 (citing *Durden v. Hydro Flame Corp.*, 983 P.2d 943 (Mont. 1999); *Estate of Ostby v. Yellowstone County*, CV 17-124-BLG-SPW, 2018 WL 4350281 (D. Mont. Sept. 12, 2018))). As such, WTNY argues that Mapley Sr. was only properly dismissed if Plaintiffs settled with him or otherwise released him from liability. (*Id.* at 6). WTNY thus may assert the settled party defense.

4

Plaintiffs disagree, contending they have not released or settled with Mapley Sr.; they merely dismissed him pursuant to Rule 41(a)(1)(A)(i) without prejudice. (Doc. 179 at 4). In support of this assertion, Plaintiffs cite Camillia Mapley's testimony that she did not enter a settlement agreement with Mapley Sr. and does not know if she released him from liability. (*Id.*). Plaintiffs' counsel maintains that Camillia does not know what it means to be released from liability, so Plaintiffs' counsel filed an affidavit declaring that Plaintiffs did not release Mapley Sr. from liability. (Doc. 179-2). Because nothing in the record shows Plaintiffs settled with Mapley Sr. or released him from liability, the settled party defense does not apply, amendment is futile, and WTNY's request to amend should be denied. (Doc. 179 at 4).

Dismissal under Rule 41(a)(1)(A)(i) was proper here because Mapley Sr. never served an answer. None of Mapley Sr.'s filings admit or deny the allegations Plaintiffs lodged against him, which is one of two requirements for an answer. *See* Fed. R. Civ. P. 8(b)(1). Doc. 97, which WTNY contends is styled as an answer, only contains Mapley Sr.'s personal history and general beliefs about forgiveness and the will of God. Not once does he address the veracity of the allegations against him. As such, Mapley Sr. appeared in the litigation by filing letters but never served an answer. Since Plaintiffs properly dismissed Mapley Sr.

5

under Rule 41(a)(1)(A)(i), WTNY's theory of why Plaintiffs must have settled with Mapley Sr. is meritless.

The Court still must decide whether the record shows Plaintiffs otherwise settled with Mapley Sr. or released him from liability. As to settlement, the record is clear that Plaintiffs did not settle with Mapley Sr. In her deposition, Camillia answered, "No" when asked if she had entered into a written settlement agreement with him, and her attorney confirmed that in his affidavit. (*See* Docs. 185-1 at 5; 179-2 at 3). WTNY's assertion that Camillia's attorney instructed her not to answer its questions about settlement is inaccurate.

As to whether Plaintiffs released Mapley Sr. from liability, the Montana Supreme Court explained that release refers to the "abandonment of a claim to the party against whom it exists." *Sperry v. Mont. State Univ.*, 778 P.3d 895, 898 (Mont. 1989). The release is effective if it includes words "that show an intention to discharge." *Id.* (citation omitted).

The parties did not cite, nor could the Court find, a case discussing whether dismissal under Rule 41(a)(1)(A)(i) constitutes a release from liability. However, *Sperry*'s definition of release as the abandonment of a claim compels the Court to find that Plaintiffs' Rule 41(a)(1)(A)(i) dismissal released Mapley Sr. from liability. Plaintiffs dismissed their claims against Mapley Sr. despite their inability to revive them because of the May 7, 2020, statute of limitations. *See* Mont. Code

6

Ann. § 27-2-216(4), (5). The statute of limitations would bar their claims regardless of whether Plaintiffs dismissed them without prejudice.[1] Because Plaintiffs' claims against Mapley Sr. are dead, Plaintiffs' dismissal constitutes an abandonment and thus Mapley Sr.'s release from liability. Since Mapley Sr. was released from liability, WTNY's assertion of the settled party defense is valid, and amendment would not be futile.

As to the other factors relevant to a motion to amend, the Court finds that none apply. WTNY moved to amend its answer less than three weeks after Mapley Sr.'s dismissal, so there was no undue delay. Also, nothing in the record indicates that its motion was in bad faith. The only prejudice to Plaintiffs is the assertion of the defense itself, which exists because of Plaintiffs' own actions. Accordingly, WTNY may amend its Answer to assert the settled party defense.

However, WTNY may not amend its Answer as proposed because its draft amendment contradicts the record. WTNY's draft amendment describes the filing of Plaintiffs' notice of dismissal and the Court's subsequent order. (Doc. 177-1 at 3-4). It next states, "The basis for the dismissal of Plaintiffs' claims against Bruce Mapley Sr. is unknown, as Plaintiff Camillia Mapley was instructed by counsel during her deposition on November 29, 2022, not to answer questions regarding

---

[1] Plaintiffs' assertion that they can revive their claims because they were dismissed without prejudice also overlooks the fact that their notice and the Court's order were silent on whether dismissal was with or without prejudice. (Docs. 156, 176).

7

whether Plaintiffs had settled their claims against Bruce Mapley Sr. or released him from liability for their claims." (*Id.* at 4). WTNY then asserts that Plaintiffs' damages were caused in full or in part by Mapley Sr. (*Id.*).

WTNY's description of why it does not know Plaintiffs' reasons for dismissal is false. During Camillia's deposition, her attorney objected to WTNY's questions concerning settlement with Mapley Sr. and his release from liability but did not prevent Camillia from answering them. (Doc. 185-1 at 2-5). She answered each. (*Id.*). WTNY's attorney then asked why Plaintiffs dismissed Mapley Sr. (*Id.*). Camillia's attorneys instructed her not to answer that question, though she previously stated it was her lawyer's decision. (*Id.* at 3, 5).

Thus, if WTNY amends its Answer to assert the settled party defense, it may not state or suggest that Plaintiffs' counsel instructed Camillia not to answer questions about settlement or release from liability. Further, WTNY may not state or suggest that Plaintiffs settled with Mapley Sr. Rather, any statement on the applicability of the settled party defense must conform with this order's findings.

## IV. Conclusion

For these reasons, Defendant Watchtower Bible and Tract Society of New York, Inc.'s Motion to Amend its Answer to Asserted Settled Party Defense (Doc. 177) is GRANTED as to the addition of the settled party defense to its Answer and DENIED as to the wording of its proposed amendment.

DATED the __14th__ day of April, 2023.

_/s/ Susan P. Watters_
SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE