IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIERY OF PENNSYLVANIA, INC. <br><br> Defendants. | CV 20-52-BLG-SPW <br><br> ORDER |

Defendant Watch Tower Bible and Tract Society of Pennsylvania, Inc. ("WTPA") moves to amend its Answer to assert the settled party defense against Bruce Mapley, Sr. ("Mapley Sr."). (Doc. 178). Plaintiffs Tracy Caekaert and Camillia Mapley oppose the motion, arguing that the settled party defense does not apply. (Doc. 180). WTPA filed a reply (Doc. 186), and the motion is ripe. For the following reasons, the Court grants in part and denies in part WTPA's motion.

I.  **Background**

The Court is well-acquainted with the facts of this case. (*See* Doc. 135). It reiterates only those necessary to the instant motion.

Plaintiffs are family members of Mapley Sr. who Mapley Sr. allegedly sexually abused about twice a week for several years. (Doc. 22 at 7). During the

1

time of the abuse, Mapley Sr. was a Ministerial Servant with the Hardin, Montana Congregation of Jehovah Witnesses and allegedly confessed his abuse to Hardin Congregation elders. (*Id.*).

In May 2020, Plaintiffs sued Mapley Sr. for negligence, negligence per se, and battery. (*Id.* at 12-15). During the two and a half years after Mapley Sr. was served with Plaintiffs' Complaint, he sent nine letters to the Court. (Docs. 3, 11, 12, 46, 97, 131, 134, 142, 147). None admitted or denied the allegations in Plaintiffs' Complaint. (Doc. 220).

On November 16, 2022, Plaintiffs filed a notice of dismissal of their claims against Mapley Sr. under Federal Rule of Civil Procedure 41(a)(1)(A)(i).[1] (Doc. 175). Pursuant to the notice, the Court "ordered that the action and all Plaintiffs' claims" against Mapley Sr. be dismissed. (Doc. 176).

## II.  Legal Standard

Rule 15(a)(2) allows a party to amend its pleading with the Court's leave or the opposing party's written consent. The Court should "freely give leave when justice so requires." Fed. Rule Civ. P. 15(a)(2). However, leave to amend should not "be granted automatically." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). The Court considers five factors in assessing whether to grant

---

[1] Rule 41(a)(1)(A)(i) states: "….the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment…."

leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether [the party] has previously amended [their pleading]." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

### III. Analysis

WTPA moves to add the settled party defense to its Answer. Under Montana law, the settled party defense allows a defendant to assert "that the damages of the claimant were caused in full or in part by a person with whom the claimant has settled or whom the claimant has released from liability." Mont. Code Ann. § 27-1-703(6)(a). To properly assert the defense, the defendant must "affirmatively plead the settlement or release as a defense in the answer" and notify the settled or released person by mailing the answer to them at their last-known address by certified mail. *Id.* § 27-1-703(6)(f), (g).

The Montana Supreme Court explained that release refers to the "abandonment of a claim to the party against whom it exists." *Sperry v. Mont. State Univ.*, 778 P.3d 895, 898 (Mont. 1989). The release is effective if it includes words "that show an intention to discharge." *Id.* (citation omitted).

WTPA argues it is entitled to assert the settled party defense against Mapley Sr. because Plaintiffs' dismissal of him released him from liability. (Doc. 178). The dismissal served as a release because the statute of limitations would bar Plaintiffs from reviving their claims against him. (Doc. 186 at 2-4 (citing Mont.

3

Code Ann. § 27-2-216(4) (requiring suits against an individual for childhood sexual abuse that were otherwise time-barred to be filed by May 7, 2020)).

Plaintiffs disagree, contending they have not released or settled with Mapley Sr.; they merely dismissed him without prejudice. (Doc. 180 at 4). In support of this assertion, Plaintiffs cite Camillia Mapley's testimony that she did not enter a settlement agreement with Mapley Sr. and does not know if she released him from liability. (*Id.*). Plaintiffs' counsel maintains that Camillia does not know what it means to be released from liability, so Plaintiffs' counsel filed an affidavit declaring that Plaintiffs did not release Mapley Sr. from liability. (Doc. 180-2). Because nothing in the record shows Plaintiffs settled with Mapley Sr. or released him from liability, the settled party defense does not apply, amendment is futile, and WTPA's request to amend should be denied. (Doc. 180 at 4).

The parties did not cite, nor could the Court find, a case discussing whether dismissal under Rule 41(a)(1)(A)(i) constitutes a release from liability. However, *Sperry*'s definition of release as the abandonment of a claim compels the Court to find that Plaintiffs' Rule 41(a)(1)(A)(i) dismissal released Mapley Sr. from liability. Plaintiffs dismissed their claims against Mapley Sr. despite their inability to revive them because of the May 7, 2020, statute of limitations. *See* Mont. Code Ann. § 27-2-216(4). The statute of limitations would bar their claims regardless of

4

whether Plaintiffs dismissed them without prejudice.[2] Because Plaintiffs' claims against Mapley Sr. are dead, Plaintiffs' dismissal constitutes an abandonment and thus Mapley Sr.'s release from liability. Since Mapley Sr. was released from liability, WTPA's assertion of the settled party defense is valid, and amendment would not be futile.

As to the other factors relevant to a motion to amend, the Court finds that none apply. WTPA moved to amend its Answer less than three weeks after Mapley Sr.'s dismissal, so there was no undue delay. Also, nothing in the record indicates that its motion was in bad faith. The only prejudice to Plaintiffs is the assertion of the defense itself, which exists because of Plaintiffs' own actions. Accordingly, WTPA may amend its Answer to assert the settled party defense.

However, WTPA may not amend its Answer as proposed because its draft amendment contradicts the record. WTPA's draft amendment describes the filing of Plaintiffs' notice of dismissal and the Court's subsequent order. (Doc. 178-1 at 2-3). It next states, "Plaintiff Camillia Mapley was deposed on November 29, 2022, and was instructed by her counsel not to answer questions regarding whether she settled with Mapley Sr. or released him from liability." (*Id.*). WTPA then asserts that Plaintiffs' damages were caused in full or in part by Mapley Sr. (*Id.*).

---

[2] Plaintiffs' assertion that they can revive their claims because they were dismissed without prejudice also overlooks the fact that their notice and the Court's order were silent on whether dismissal was with or without prejudice. (Docs. 175, 176).

5

WTPA falsely states that Camillia's attorney instructed her not to answer questions regarding whether she settled with Mapley Sr. or released him from liability. During Camillia's deposition, her attorney objected to WTPA's questions concerning settlement with Mapley Sr. and his release from liability but did not prevent Camillia from answering them. (Doc. 186-1 at 3-4). She answered each. (*Id.* (answering "No" when asked if she had entered into a written settlement agreement with him and that she did not know why her lawyers chose to dismiss the claims against Mapley Sr.)). WTPA's attorney continued to ask why Plaintiffs dismissed Mapley Sr. (*Id.*). Only then did Camillia's attorneys instruct her not to answer the question. (*Id.*).

Thus, if WTPA amends its Answer to assert the settled party defense, it may not state or suggest that Plaintiffs' counsel instructed Camillia not to answer questions about settlement or release from liability. Further, WTPA may not state or suggest that Plaintiffs settled with Mapley Sr. Rather, any statement on the applicability of the settled party defense must conform with this order's findings.

## IV. Conclusion

For these reasons, Defendant Watch Tower Bible and Tract Society of Pennsylvania, Inc.'s Motion to Amend its Answer (Doc. 178) is GRANTED as to the addition of the settled party defense to its Answer and DENIED as to the wording of its proposed amendment.

6

DATED the 17th day of April, 2023.

*Susan P. Watters*
SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE