# MOULTONBELLINGHAM PC

Suite *1900*
27 North 27th Street
P.O. Box 2559
Billings, Montana *59103-2559*

*Phone* (406) 248-7731
*Fax* (406) 248-7889

Christopher T. Sweeney
Christopher.Sweeney@moultonbellingham.com
(406) 248-7731

July 21, 2022

**Via Email**

Ryan Shaffer
ryan@mss-lawfirm.com
Rob Stepans
rob@mss-lawfirm.com
James Murnion
james@mss-lawfirm.com

RE:   **Caekaert et al. v. Watchtower Bible and Tract Society of New York, Inc. et al.**
**Rowland et al. v. Watchtower Bible and Tract Society of New York, Inc. et al.**

Dear gentlemen:

I am writing regarding your and your clients woefully deficient responses to Watchtower Bible and Tract Society of Pennsylvania's ("WTPA") first discovery requests. Please consider this letter as WTPA's good faith attempt to confer before filing a motion to compel, as required by Fed.R.Civ.P. 37(a)(1). The responses provided by both plaintiffs in the *Caekaert* matter and both plaintiffs in the *Rowland* matter are nearly identical and suffer the same deficiencies. Accordingly, I am sending only one letter to address all four sets of responses. Further, reference to a particular discovery request and response below, i.e., answer to Interrogatory No. 3, refers to the same discovery request and response in all four sets of responses unless otherwise indicated. We also want to put you on notice that we will seek an award from your clients of the attorney fees incurred in filing a motion to compel if we are forced to file one, given that the discovery we have requested merely seeks the information that is basic to your clients' allegations and your objections lack merit, as discussed below.

**Interrogatory No. 3**

Interrogatory No. 3 asked your clients to "state with particularity all facts that are relevant to your allegations of negligence against WTPA." Your clients provided absolutely no answer. Instead, objections were lodged because the request was overly broad, unduly burdensome, constituted a contention interrogatory, because the interrogatory was supposedly directed to her attorneys and asked about legal theories, and because the plaintiffs are not lawyers and cannot determine what may be relevant to their legal theories. These objections are frivolous and asserted in bad faith.

Your clients have only two claims against WTPA – a claim for negligence and a claim for negligence per se. Fed.R.Civ.P. 26(b)(1) provides:

**EXHIBIT 1**

**2** | P a g e

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

WTPA is entitled to be informed, through discovery, of all facts that your clients believe are relevant to their claim of negligence. Requesting that your clients "Please state with particularity all facts that are relevant to your allegation of negligence against WTPA" is wholly consistent with Rule 26 and must be answered. There is no basis to claim it is overly broad or unduly burdensome. The request is exactly what is envisioned by Rule 26.

Your reliance on the *Shqeirat v. U.S. Airways Group, Inc.*, 2008 WL 4322018 case is misplaced. You cherry picked a quote from the case to support your objection, but overlook the context of the case. The Court acknowledged that contention interrogatories are allowed under Rule 33(a)(2), but cautioned that "a contention interrogatory will be considered overly broad and unduly burdensome if it seeks all facts supporting a claim or defense, <u>such that the answering party is required to provide a narrative account of its case.</u>" The Court in that case held that the answering party sufficiently answered the interrogatories in question because it pointed to the facts that supported the claim. Here, WTPA is not asking the plaintiffs to provide a narrative account of its case. Instead, as with the interrogatories in the *Shqeirat* case, WTPA is asking the plaintiffs to identify the facts that support its claim of negligence. In response, contrary to what the Court said a responding party should do in the *Shqeirat* case, the plaintiffs did not identify one fact that supports their claims of negligence. Rule 33 expressly allows WTPA to request, and expressly requires the plaintiffs to identify, facts that support their claims.

Last, you objected claiming that your clients are incapable of identifying what is relevant to their claims of negligence because they are not lawyers. That objection is meritless. Rule 26 allows WTPA to "obtain discovery regarding any nonprivileged matter **that is relevant to any party's claim** or defense." The rule uses the word "relevant" in describing what may be requested in discovery. Consistent with the rule, WTPA asked your clients to identify all facts that are "relevant" to their claim of negligence. To claim they cannot determine what is "relevant" because they are not lawyers is absurd. If your objection was valid, the only time a party would have to identify relevant facts when responding to discovery is if the party was also a trained lawyer. That is obviously not the case. Your clients have the burden of proof, and your clients have an obligation to identify facts relevant to their claims if asked in discovery. WTPA plainly asked your clients that question in discovery. Please supplement the response to Interrogatory No. 3 by identifying the facts that are relevant to the negligence claim against WTPA. If the plaintiffs are not aware of any facts relevant to their claims of negligence, they are required to say so.

**<u>Requests for Production Nos. 2, 3, 5, 6 in the *Caekaert* and *Rowland* matters, 16 in the *Caekaert* matter and 14 in the *Rowland* matter.</u>**

These discovery requests asked your clients to produce documents related to their answers to the interrogatories immediately preceding the requests for production. The response to all was the same: "Plaintiff has already produced all responsive, non-privileged documents in her possession." This answer does not comply with Rule 34(b)(2)(E)(i), which requires a party responding to a request for production to either "produce documents as they are kept in the usual course of business" or "organize and label them to correspond to the categories in the request." "This rule is meant to prevent a party from obscuring the significance of documents by giving some structure to the production." *Kwasniewski v. Sanofi-Aventis U.S. LLC*, 2013 WL 3297182, at *1 (D. Nev. June 28, 2013). When a responding party does not have a business, the responding party "must organize and label the production to correspond with each specific category in [the requesting party's] Document Requests." *Prado v. Fed. Express Corp.*, 2014 WL 11412632, at *1 (N.D. Cal. July 29, 2014). Simply stating that plaintiffs have produced documents in the past does not satisfy Rule 34. Instead, they have to identify which documents are responsive to the particular discovery requests so that WTPA may know which documents are referenced and whether the referenced documents are responsive to the discovery requests. Please supplement the responses to these requests.

**Interrogatory No. 5**

Your clients' response and your objections to Interrogatory No. 5 suffer from the same problems as their response to Interrogatory No. 3. Interrogatory No. 5 asked your clients the following:

> Regarding the individuals who you have alleged sexually abused yourself or the other Plaintiffs, please state with particularity all facts that in any way show WTPA knew that any of those persons had sexually abused a minor prior to his/her sexual abuse of you.

You asserted the same objections as to Interrogatory No. 3 – overly broad, unduly burdensome, contention interrogatory, and the plaintiffs are incapable of identifying relevant facts related to their claims because they are not lawyers. For the reasons stated above in addressing Interrogatory No. 3, those objections are not valid.

You also object because the discovery requests call for information of which the plaintiffs do not have personal knowledge. That is not a valid objection either. The requirement of personal knowledge is a trial evidentiary rule (Fed.R.Evid. 602). Lack of personal knowledge is not an excuse to refuse to answer discovery. Further, it appears that you, also, understand lack of personal knowledge is not a valid objection. One need look no further than your clients' responses to Interrogatory No. 4 where you, as plaintiffs' counsel, expressly state that the information provided in response to that interrogatory came from you and not the plaintiffs.

Last, the response states that, "testimony from Shirley Gibson establishes that the abuse at issue continued after representatives of WTPA/WTNY were notified that Plaintiff had been sexually abused." Interrogatory No. 5 did not ask if the alleged abuse continued after WTPA was allegedly notified. Rather, Interrogatory No. 5 requested that your clients "state with particularity

all facts that in any way show WTPA knew that any of those persons had sexually abused a minor **prior** to his/her sexual abuse of you." Please supplement the response to Interrogatory No. 5. If your clients do not have any facts to show WTPA knew that any of the persons had sexually abused a minor prior to the alleged sexual abuse of the plaintiffs, they must say so.

## Request for Production No. 4

This request directed your clients to produce documents that demonstrate WTPA instructed the Hardin Congregation not to report instances of suspected childhood sexual abuse to law enforcement or other government agencies charged with the protection of children. This discovery request is specifically related to allegations throughout the respective complaints, such as, "The Church, through Watchtower NY and Watchtower PA, instructs and commands its local congregations to not report child sexual abuse to law enforcement or child protective services." *See* Caekaert's and Mapley's Second Amended Complaint, ¶ 20. Your clients responded in a number of ways, none of which comply with Rule 34.

First, they claim they've already produced all responsive, non-privileged documents. As stated above, such a response does not satisfy Rule 34's requirement to specify which documents are responsive to a particular request for production.

Second, your clients state that approximately 72,000 documents have been produced and you have not looked through them yet. Keep in mind that the reason such a large number of documents have been produced is because you requested them. That does not change your clients' obligation to identify documents responsive to WTPA's requests.

Third, you state that some documents responsive to this Request were referred to in response to WTPA's motion to dismiss. WTPA is not required to dig through pleadings and guess which documents you may be referencing. The specific documents must be identified.

Last, you state that WTPA is in possession of documents that are responsive to this Request. WTPA is left to guess what you may be referencing. Please supplement this response and identify the documents requested. If your clients are not aware of any responsive documents, they must say so.

## Interrogatory No. 6

The discovery sent to the plaintiffs in the *Caekaert* matter included this interrogatory that asked your clients to identify all facts that establish that Mr. Svensen, Mr. Mapley Sr., and Mr. Haines were agents of WTPA. The discovery sent to the plaintiffs in the *Rowland* matter asked the same question with respect to the Svensens, the Haines, the Means, Mr. Mapley Sr., Mr. Baker, Mr. Donavan, Mr. Hiebert, and Mr. O'Neil. The complaints in the respective lawsuits alleged that these individuals were agents of WTPA. Absolutely no response was given to this interrogatory. Instead, you lodged the same objections as you did with respect to Interrogatory No. 3. For the same reasons set forth above with respect to Interrogatory No. 3, those objections are without merit. Please supplement this response.

5 | P a g e

**Interrogatory No. 7**

This interrogatory asked about actions the plaintiffs believe WTPA should have taken. The response was a number of objections, and then an answer that specifically states it came from "Plaintiffs' lawyers" instead of plaintiffs themselves. Rule 33(b)(1) states that when discovery is sent to an individual, the individual must provide the response, not the individuals' lawyers. Please supplement to include a response from the plaintiffs themselves. Further, the risk you run by including your own position in the interrogatories is that you become a necessary witness at trial and therefore unable to represent you clients at trial under Rule 3.7 of the Montana Rules of Professional Conduct.

**Request for Production No. 8**

This request asked for information regarding social networking postings. You objected, claiming that WTPA needed to make a threshold showing that private social media data will lead to relevant information, and cited *Keller v. Natl. Farmers Union Prop. & Cas. Co.*, 2013 WL 27731 in support of that position. In that case, the court still required the responding party to provide a list of all the social networking sites to which they belong. Your clients did not do that. Please have your clients supplement this response to provide a list of social networking sites to which they belong.

**Request for Production no. 13 in the *Caekaert* matter, Request for Production No. 12 in the *Rowland* Matter**

These discovery request asked for all documents related to communications you had with attorneys or staff (other than counsel in this case) regarding the allegations in this case. You objected, claiming attorney-client privilege. WTPA is not seeking details of communications the plaintiffs had with their own counsel. Rather, this request is seeking documents related to communications that either plaintiffs or their counsel had with other attorneys and their staff related to the allegations in the litigation. For instance, if either you or any of the plaintiffs talked to another attorney regarding the claims in that case, documents related to those communications fall within the scope of this discovery request and are discoverable. I would note that in response to WTNY's Request for Production No. 9 in the *Rowland* matter, the response stated, "Plaintiff's counsel have communicated with other lawyers that have litigated against Defendants, such communications are not listed in the privilege log because they are far beyond the scope of discovery." Per that response, communications with other attorneys regarding the allegations in this case have occurred. Please supplement this response. If you are claiming they are privileged, they need to be identified on a privilege log pursuant to Fed.R.Civ.P. 26(b)(5). Failure to do so will result in a waiver of the privilege.

**Request for Production No. 28 in *Caekaert*, Request for Production No. 26 in *Rowland***

These requests asked your clients to identify documents that support their claim for punitive damages against WTPA. You objected that the request was overbroad, and then pointed

6 | P a g e

to essentially every document produced in the case. As stated above, Rule 34 requires your clients to point to specific documents, as opposed to generally pointing at every document produced, so that WTPA can determine if they are responsive. Please supplement this response to identify the documents that support a claim for punitive damages. If there are none, you clients must say so.

**Interrogatory 12 in the *Rowland* matter**

This interrogatory asked your clients to identify all facts relevant to their allegation that the Svensens built a basement room to be "dedicated" for the sexual abuse of children, and to identify all witnesses related to that allegation. This interrogatory was derived from ¶ 42 of the Second Amended Complaint in the *Rowland* matter, which specially alleges, "In or around 1979, the Svensens built a new house with a room in the basement dedicated to sexually abusing children, including Rowland and Schulze." You, again, included the same objections as to Interrogatory No. 3 above and your clients did not provide any answer whatsoever. For the reasons stated above, those objections are without merit. Please have your clients supplement this response.

Please let me know if you wish to discuss.

Sincerely,