

**Meyer, Shaffer & Stepans, PLLP**

Ryan Shaffer | ryan@mss-lawfirm.com
Robert L. Stepans | rob@mss-lawfirm.com
James Murnion | james@mss-lawfirm.com

August 16, 2022

**Via Email and U.S. Mail**

Christopher T. Sweeney
Gerry P. Fagan
Jordan W. FitzGerald
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, MT  59103

christopher.sweeney@moultonbellingham.com
gerry.fagan@moultonbellingham.com
jordan.fitzgerald@moultonbellingham.com

    Re: *Caekaert & Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
        *Rowland & Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*

Dear Chris,

Thank you for your letter of July 21, 2022 and our subsequent call on the issues raised therein.

**ROG No. 3:** We understand your concern with our original response was we, as lawyers, and not our clients, responded to your interrogatory seeking all relevant facts to our clients' claim of negligence against WTPA. As we previously stated, these types of questions are inherently difficult and unfair for any non-lawyer to answer because the question presupposes the answerer knows (a) what distinguishes relevant from irrelevant facts and (b) the elements of a claim of negligence. Our clients are not lawyers and do not have the same understanding of these legal terms as you and I do. Moreover, our clients do not have a working knowledge of all of the documents and facts in the case; that is why they hired lawyers.

During our call, you correctly noted that FRCP 26 permits discovery into any matter that is "relevant" to any party's claim. Along those lines, if you want to ask our clients the who, what, where, when, etc. of the abuse they suffered, or how it has affected their lives, those are questions that they have personal knowledge to address would constitute discovery into matters relevant to their claims. WTPA's interrogatory does not do this. Instead, WTPA asks Plaintiffs to engage in an exercise that they are not equipped to engage in, i.e. applying knowledge of "all facts" in the case to legal concepts like *agency, alter ego,* and *negligence*. We continue to disagree about the propriety of Int. No. 3. Nevertheless, since WTPA really wants the Plaintiffs' personal opinions about which facts are relevant to the claims of negligence that their attorneys have drafted and filed, and for the purpose of avoiding wasted time with a Motion to the Court,

Missoula, MT: (406) 543-6929 | Jackson, WY: (307) 734-9544
430 Ryman St, Missoula, MT 59802 | mss-lawfirm.com



EXHIBIT 2

August 16, 2022
Page 2

we agreed to ask our clients your interrogatory as written and will supplement with their answers.

**RFP Nos. 2, 3, 5, 6, and 16 in *Caekaert* and 2, 3, 5, 6, and 14 in *Rowland*:** We understood that your general concern was our original responses stated all responsive documents were already produced and referred to specific documents that were filed with the Court instead of actually referencing the actual Bates numbers of those documents. You requested that we supplement our responses by transcribing the Bates numbers of those specific documents that we have already directed you to. We believe that our reference to very specific documents that were filed with the Court clearly meets our obligations under the rules of discovery. That said, with the understanding that we have not reviewed every line of every document and may supplement these responses again at a later date, we will write in the Bates numbers of those documents for you.

**ROG No. 5:** *See* Int. No. 3.

**RFP No. 4:** Like the RFPs referenced above, we understood part of your concern is that we referred to documents filed in this case instead of listing the bates numbers of those documents, we agreed to supplement accordingly.

**ROG No. 6:** We understand your concern is, like ROG No. 3 above, that we, as lawyers, responded to your request. We did this because (a) the request is directed to an allegation in the complaint that was drafted, filed, and signed by Plaintiffs' attorneys, and (b) it relates to the question of agency, which requires the answerer to understand agency as a legal concept. *See* our position on Int. No. 3 for further explanation as to why we think that this is not a proper discovery request to Plaintiffs. Nevertheless, since WTPA really wants the Plaintiffs' personal opinions about which facts pertain to whether certain individuals were *agents* of WTPA, we agreed to ask our clients your interrogatory as written and will supplement with their answers.

**ROG No. 7:** *See* Int. No. 3, 5, 6.

**RFP No. 8:** We agreed to provide you with a list of social media for each of our clients.

**RFP No. 13 in *Caekaert* and No. 12 in *Rowland*:** As we understand your letter, you are seeking every communication that Plaintiffs' lawyers have had with other attorneys. To the extent that this discovery request is intended to obtain communications that Plaintiffs' lawyers have had with other lawyers, it is not a good faith discovery request within what is permitted by FRCP 26. To be sure, it is unclear how my phone calls with other lawyers bear on any fact dispute in this case. We will not be producing our communications with our consultants or other attorneys, nor will we be spending our time itemizing such communications on a privilege log. We have seen no authority, nor have you produced any to date, that would make our communications with other lawyers discoverable. While you demand we itemize and date such communications, you

August 16, 2022
Page 3

have yet to articulate how that information is necessary for you, or the Court, to evaluate the privilege claim.

At this point, it appears that your efforts to learn about my phone calls with my consultants and other lawyers do not have a good faith basis. Rather, it appears intended to harass Plaintiffs' counsel. Therefore, unless you agree to withdraw the demand that I itemize my calls with my consultants and other lawyers, Plaintiffs intend to seek an Order of Protection. Please advise on your position.

**RFP No. 28 in *Caekaert* and No. 26 in *Rowland*:** This request sought all documents relevant to the claim of punitive damages against WTPA. At this point, we have not evaluated the claim for punitive damages beyond the necessary inquiry under Rule 11 that was made prior to filing the lawsuits. We are aware of no authority, nor have you produced any, that requires a party to marshal all evidence relevant to a claim for punitive damages through a request for production and prior to any motions to strike or motions for summary judgment have been filed.

**ROG No. 12:** *See* Int. No. 3, 5, 6, and 7.

Sincerely,

MEYER, SHAFFER & STEPANS, PLLP

Ryan R. Shaffer