# MOULTONBELLINGHAM PC
### ATTORNEYS

27 North 27th Street
Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559

Phone (406) 248-7731
Fax (406) 248-7889

Gerry P. Fagan
Gerry.Fagan@moultonbellingham.com
406-238-1570

January 6, 2023

Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT 59802

Matthew L. Merrill
Merrill Law, LLC
1863 Wazee Street, Suite 3A
Denver, CO 80202

RE:   *Caekaert/Mapley v. WTPA, et al.*
      Discovery Responses of Camillia Mapley

Dear Rob, Ryan, James, and Matthew:

      We are writing to you to address responses of your client Camillia Mapley to the First Set of Discovery Requests served by our client, Watch Tower Bible and Tract Society of Pennsylvania ("WTPA"), including supplemental responses Ms. Mapley served. The responses we are addressing include responses made by Ms. Mapley to the First Set which she served to us on June 29, 2022, as well as supplemental responses she served on August 26, 2022. We do not believe that the responses and supplemental responses meet Ms. Mapley's obligations under the Rules of Civil Procedure. We are addressing the shortcomings in this letter in an effort to resolve a discovery dispute without being forced to bring the issue to the Court on a motion to compel. Please consider this our effort to confer and resolve these disputed issues, pursuant to Local Rule 26.3(c)(1) and Fed.R.Civ.P. 37(a)(1). If you are unable to resolve the issues in a manner that we agree complies with your client's obligations under the Rules of Civil Procedure, please be advised we will be forced to file a motion to compel proper responses.

      There are a number of issues with Ms. Mapley's responses and supplemental responses that need to be resolved. First, there is an overriding issue with Ms. Mapley's first supplemental responses. After devoting some time to trying to figure out what was going on with the supplemental responses, we have determined that your client misnumbered all of them. That is, the supplemental responses changed the request number from what the request number was in the original set of discovery requests to a different number for the same request in the supplemental responses. We assume that this mistake was inadvertent, but it has understandably caused quite a bit of confusion. Your client needs to rectify that issue.

      If you compare the initial requests and responses from WTPA to Ms. Mapley with the supplemental responses served by Ms. Mapley, you can see that she changed all the original

**EXHIBIT 4**

January 6, 2023
Page 2

request numbers on her supplemental responses. These changes make it very difficult to track which request Ms. Mapley is actually supplementing. However, after a fair amount of time, we have determined that each of the supplemental responses have the wrong number stated in them. For example, Ms. Mapley's supplemental response to what she purports in her supplemental response to be Interrogatory No. 1 (*see* pages 3-7 of Ms. Mapley's Supplemental Responses) is not actually a supplemental response to Interrogatory No. 1. Her supplemental response No. 1 actually responds to WTPA's Interrogatory No. 3. Similarly, the next supplemental response, which purports to supplement her response to Request for Production No. 1 (*see* pages 7-8 of supplemental response), actually supplements her response to Request for Production No. 2, rather than Request for Production No. 1 as stated. It appears to us that every one of her supplemental responses employs an incorrect request number. We request that your client serve a second supplemental response that uses the correct request numbers so there is no longer any confusion about which request she actually attempted to supplement.

Second, your client needs to address her supplemental responses to Interrogatory No. 6 (your response no. 3), Interrogatory No. 5 (your response no. 2), and Interrogatory No. 3 (your response no. 1). You had served objections initially to these Interrogatories, but your client served supplemental responses after we wrote to you to explain that the decision you relied upon for your objection, *Shqeirat v. U.S. Airways Group, Inc.*, 2008 WL 4232018, did not support the objection.

Your client's supplemental responses to these three Interrogatories are clearly improper and need to be revised. Each of her supplemental responses included a long narrative objection about how you felt that the request was "inherently fraught and unfair" because WTPA requested your client to identify facts which were relevant to her allegations and that the request "should be answered by Plaintiff's lawyers" because lawyers are trained in some of the legal concepts involved here, such as agency, while your client is not. Your objections contained no legal support. In addition, you, as counsel, also referred WTPA in all three supplemental responses to some batches of documents that were relevant. Subject to your objections, your client purported to provide a supplemental response to all three Interrogatories, but she did not identify in any of the responses any facts whatsoever. Instead, she mostly responded by asking questions of WTPA, along with copying a Wikipedia post on Watch Tower and giving her own thoughts on the teachings of Jehovah's Witnesses.

Both the objections and your client's responses are plainly inadequate. We are clearly allowed by the Rules of Civil Procedure to request the identification of facts or documents that are relevant to your client's allegations. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…"). We pointed this out to you months ago in our meet and confer phone call. In addition, an "interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact…" *See* Fed. R. Civ. P. 33(a)(2). Even the case you cited to support some of your objections clearly ruled that contention interrogatories are proper and allowed. *See Shqeirat*, at *4. And your client's own supplemental responses are obviously inadequate. She did not identify any facts at all.

January 6, 2023
Page 3

    Your client needs to provide an actual answer to Interrogatory No. 6 (your response no. 3), to Interrogatory No. 5 (your response No. 2), and to Interrogatory No. 3 (your response no. 1). WTPA is entitled to have responses by your client, rather than by her lawyers, and responses that actually answer the request rather than posting her own thoughts and questions. Your position that only lawyers can or should respond to Interrogatories is not supported by the law, violates the discovery rules, and seems to be a thinly veiled effort to have your client avoid answering interrogatories.

    Third, and without trying to be rude, your client's supplemental response to Request for Production No. 4 (designated as Request for Production No. 3 by your client (*see* pp. 12-13)) is a confusing mess. The supplemental response simply stated: "*See* Supp. Resp. to RFP No. 3 and the documents referenced therein." Since this response actually *is* supposed to be your client's Supplemental Response to No. 3, we cannot tell what response you were actually attempting to refer to. Please correct this supplemental response.

    Fourth, your client did not provide an actual answer to Interrogatory No. 7 (your supplemental response No. 4, pp. 22-24). She merely posed more of her questions back to WTPA, as well as requesting that WTPA provide her facts to prove both it and WTNY have accreditation. (*See* pp. 23-24) Her response plainly does not satisfy her obligations under the Rules of Civil Procedure. Please have her supplement her response in order to comply with her obligations.

    Fifth, your client refused to produce any documents in response to Request for Production No. 10 (and did not serve any supplementary response to it). RFP No. 10 requested production of documents in your client's possession or control related to the allegations of child sexual abuse by or against Jehovah's Witnesses. You made a five-line objection that was little more than a boilerplate objection, seeming to object mainly about work product privilege and relevancy.

    We also want to tie in your client's response to WTPA's Request For Production No. 36 from WTPA's Second Set of Discovery Requests because the requests have similarities as do your objections. WTPA requested in No. 36 that your client produce documents you have received from third parties that are relevant to alleged sexual abuse by Jehovah's Witnesses. You made another narrative objection that the request was a "fishing expedition" to find out what you, as the attorneys, know about the sexual abuse allegations, and also that the documents requested were not relevant to any disputed fact in this case. You also claimed the documents would constitute attorney work product.

    You and I spoke on the phone about your objection. You sent a follow-up letter dated September 30, 2022, in which you admitted you did have the requested documents ("newspaper articles, magazine articles, internet articles, etc. that are related to child sex abuse perpetrated by members of religious organizations that are in my file.") but stated you still felt the documents requested did not "bear on a particular fact issue in our case" and would not produce anything unless WTPA could identify a specific fact at issue that the documents would be relevant to.

    There are several reasons why your objections to Requests For Production No. 10 and 36 are not well taken. First, obviously, you certainly do possess the requested documents. Indeed,

January 6, 2023
Page 4

your September 30th letter admitted that you do. Second, these documents are certainly relevant, and potentially highly relevant to your allegations against WTPA (as well as to WTNY). How do we know that they are relevant? We know they are relevant for several reasons. First, you admitted in your letter that they are relevant to the child sexual abuse allegations at issue in this case. ("newspaper articles, magazine articles, internet articles, etc. <u>that are related to child sex abuse perpetrated by members of religious organizations</u> that are in my file." (emphasis added)) Second, we know that the documents are relevant because you have recently begun to use the documents in pleadings in this case; obviously, you believe the documents are relevant, at least when you want to use them for your purposes. For example, based upon allegations made in Plaintiffs' Brief in Support of Their Motion to Compel Depositions, filed on 10/6/22 (Doc. no. 154), at pages 5-8, you obviously have documents related to Allen Shuster, Gary Breaux, and Gene Smalley that you have referred to in forming your arguments. The documents appear likely to be transcripts of some kind of testimony, either in court or in depositions, or perhaps testimony contained in affidavits. These are obviously relevant documents about child sexual abuse allegations involving Jehovah's Witnesses that should have been –and must still be – produced by your client. Those documents would certainly be responsive to RFP No. 10 (documents related to the allegations of child sexual abuse by or against Jehovah's Witnesses) and No. 36 (documents you have received from third parties that are relevant to alleged sexual abuse by Jehovah's Witnesses).

In addition, these materials would not be privileged as attorney work product because they are not documents you "<u>prepared</u> in anticipation of litigation or for trial" (*see* Fed. R. Civ. P. 26(b)(3)(A) (emphasis added)), and even if they were, you waived any privilege by 1) failing to identify them in a privilege log with sufficient information about them to allow us to assess the privilege claim (*see* Fed. R. Civ. P. 26(b)(5)), and/or 2) you waived the privilege by deciding to use some of them for your own purposes.

It is, to use your phrase, "inherently fraught and unfair," to refuse to produce documents that you admittedly possess under the guise of irrelevancy or privilege and then later proceed to use those documents when you see fit to do so in the case. Your client has a clear obligation to produce relevant documents upon request in discovery. *See* Fed. R. Civ. P. 26(b)(1). You obviously have them. Please have your client supplement her responses to Requests For Production Nos. 10 and 36.

Please provide supplemental responses to us no later than January 19, 2023. As you are aware, we have both expert and discovery deadlines fast approaching and your clients' supplemental responses will be necessary for us to meet those deadlines.

Sincerely,

GERRY P. FAGAN
CHRIS SWEENEY
JORDAN FITZGERALD