

**Meyer, Shaffer & Stepans, PLLP**

Ryan Shaffer | ryan@mss-lawfirm.com
Robert L. Stepans | rob@mss-lawfirm.com
James Murnion | james@mss-lawfirm.com
Katy Gannon | katy@mss-lawfirm.com

May 15, 2023

**Via Email and U.S. Mail**

Jon A. Wilson
Brett C. Jensen
Michael P. Sarabia
BROWN LAW FIRM, P.C.
PO Drawer 849
Billings, MT 59103
jwilson@brownfirm.com
bjensen@brownfirm.com
msarabia@brownfirm.com

Joel M. Taylor, Esq. *pro hac vice*
Miller McNamara & Taylor LLP
100 South Bedford Road, Suite 340
Mount Kisco, NY 10549

jtaylor@mmt-law.com

   Re: *Caekaert & Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
     *Rowland & Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*

Dear Jon:

Given the significant fact questions in this case about the JW Organization's practices and policies surrounding child sex abuse during the 1970s, 1980s, and 1990s, as well as fact questions about what each of the named defendant corporations were doing individually and in concert during the same time-period, the testimony of Mr. Shuster, Mr. Breaux, and Mr. Smalley are very important in this case. These are simple facts witness depositions, the likes of which occur routinely in civil litigation without question, objection, or obstruction. For instance, Mr. Smalley's work in the writing department prior to the Organization's efforts to get a better handle on its child sex abuse problems in the 1990s makes him a unique witness regarding what the organization knew about child sex abuse in general and how information was being received about child sex abuse during the time-period at issue in this case. We don't understand why you will not let us depose him. With regard to Mr. Shuster and Mr. Breaux, these are two gentlemen that you yourselves have identified as most knowledgeable on child sex abuse policies during the time-period at issue in this case. Both of these gentlemen also have extensive and discoverable information about the corporate structure of the named defendants and how the named defendants have worked together over the years. Despite our request, you have failed to identify how you determined that they are "apex" witnesses, and even if they are, how that prevents Plaintiffs from deposing them on matters of their unique personal knowledge and experience working with both WTNY and WTPA during the time-period in question.

May 15, 2023
Page 2

We understand that you would prefer that we depose a witness of your choosing on these matters. You have not provided us with any law which would justify such a position and we respectfully assert that there is none. So long as a deposition is intended to obtain discoverable evidence, parties are clearly entitled to choose who they depose and in what order.

On May 1 we received a letter from you stating that unless we agreed not to depose Mr. Shuster, Mr. Breaux, and Mr. Smalley WTNY would file for a protective order. Then, on May 3 we received another letter from you stating that "when and if" we noticed up those depositions WTNY would file for a protective order. It is therefore clear that WTNY will not produce these gentlemen for depositions voluntarily and we have a ripe dispute for the Court to resolve. If WTNY wishes to file for a protective order, please do so by 5/22/23 so that we can get this matter resolved in a timely fashion. If WTNY does not do so, Plaintiffs will file a Motion to Compel.

                    Sincerely,

                    MEYER, SHAFFER & STEPANS, PLLP

                    James C. Murnion