IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY,<br><br>               Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, INC.<br><br>               Defendants. | CV 20-52-BLG-SPW<br><br><br>ORDER |

Before the Court is Plaintiffs Tracy Caekaert and Camillia Mapley's Motion

to Amend/Correct their Complaint, filed January 6, 2023. (Doc. 189). Plaintiffs

seek to add additional facts demonstrating the legal relationship between

Defendants Watchtower Bible and Tract Society of New York, Inc. ("WTNY")

and Watch Tower Bible and Tract Society of Pennsylvania, Inc. ("WTPA"). (Doc.

190). Plaintiffs also ask to amend the complaint to reflect Plaintiffs' dismissal of

former defendant Bruce Mapley Sr. and to fix typographical errors. (*Id.*).

WTNY and WTPA oppose the motion as it relates to the addition of new

facts. (Docs. 198, 199). WTNY also opposes the motion with respect to Mapley

Sr., and WTPA opposes the motion with respect to the typographical errors. (Doc.

198 at 10-11; Doc. 199 at 3).

1

For the following reasons, the Court grants in part and denies in part Plaintiffs' motion.

## I.    Discussion

### A.    Legal Standard

A motion for leave to amend pleadings generally is governed by Federal Rule of Civil Procedure 15(a).  However, under Ninth Circuit law, when the deadline for amendments to pleadings has passed, Rule 16(b) applies and requires the movant to show good cause for not seeking leave to amend within the Court's scheduling order.  *Butler v. Unified Life Ins. Co.*, CV 17-50-BLG-SPW-TJC, 2018 WL 10811782, at *2 (D. Mont. Dec. 3, 2018) (citing Fed. R. Civ. P. 16(b)(4); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000)).  *See also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (finding that Rule 16 governs motions to amend pleadings filed after the deadline for amending the pleadings).  "If good cause exists for seeking amendment after the scheduling order's deadline, the Court then turns to Rule 15(a) to determine if amendment should be allowed."  *Butler*, 2018 WL 10811782 at *3.

The parties disagree on the legal standard that applies to Plaintiffs' motion.  Plaintiffs argue Federal Rule of Civil Procedure 15(a)(2) governs and instructs the Court to grant leave freely when justice so requires.  (Doc. 190 at 2-3; Doc. 201 at n.1).  WTPA argues Rule 16(b)'s good cause standard applies because Plaintiffs

2

filed their motion after the deadline for amending pleadings in the Court's

December 20, 2021, scheduling order. (Doc. 199 at 7 (citing *Jackson v. Laureate,*

*Inc.*, 186 F.R.D. 605, 606-07 (E.D. Cal. 1999))).

Here, Plaintiffs filed their motion to amend nearly 11 months after the

February 14, 2022, deadline to amend pleadings. (*See* Doc. 105 at 1).

Accordingly, Rule 16(b) governs.

B.    *Facts Concerning the Legal Relationship Between WTPA and WTNY*

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad

faith of the party seeking to interpose an amendment and the prejudice to the

opposing party, Rule 16(b)'s 'good cause' standard primarily considers the

diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. *See*

*also Coleman*, 232 F.3d at 1294.  Good cause for noncompliance with the

scheduling order exists if the pretrial schedule "cannot reasonably be met despite

the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.

(quoting Fed. R. Civ. P. 16 Advisory Committees Notes (1983 Amendment)).

Existence or degree of prejudice to the opposing party "might supply additional

reasons to deny a motion," but the movant's reasons for seeking modification are

the focus of the Court's inquiry. *Id.*  If the moving party "was not diligent, the

inquiry should end." *Id.*

To show diligence, a party must demonstrate:

> (1) that [they were] diligent in assisting the Court in creating a workable
> Rule 16 order ....; (2) that [their] noncompliance with a Rule 16 deadline
> occurred or will occur, notwithstanding [their] diligent efforts to comply,
> because of the development of matters which could not have been
> reasonably foreseen or anticipated at the time of the Rule 16 scheduling
> conference ....; and (3) that [they were] diligent in seeking amendment of the
> Rule 16 order, once it became apparent they could not comply with the
> order...

*Richland Partners, LLC v. Cowry Enters., Ltd.*, CV 14-14-BLG-SPW, 2014 WL
4954475, at *3 (D. Mont. Sept. 29, 2014) (quoting *Jackson*, 186 F.R.D. at 608).
Carelessness is incompatible with a finding of diligence and "offers no good
reason for a grant of relief." *Id.* (internal citation and quotations omitted).

The movant must provide more than unsupported assertions to show they
acted diligently. *See Russo-Wood v. Yellowstone County*, CV 17-38-BLG-TJC,
2019 WL 1102680, at *5 (D. Mont. Mar. 7, 2019); *Ramos v. FCA US LLC*, No.
1:17-CV-973, 2019 WL 2106172, at *7 (E.D. Cal. May 14, 2019). Specifically
with respect to the third diligence element, this Court has held that the movant
must point to the discovery that produced the additional facts they wish to add to
their pleading, and when they received such discovery. *Russo-Wood*, 2019 WL
1102680, at *5. For instance, in *Ramos*, the court denied the plaintiffs' motion
because they "repeatedly assert that they 'recently' discovered" facts they sought
to add to their complaint but "totally avoid explaining when, exactly, the discovery
occurred." 2019 WL 2106172, at *7. The court also noted the plaintiffs
"repeatedly assert" they learned certain facts "due to their attorneys' extensive

research and diligence," but "totally avoid explaining how, exactly, the discovery occurred." *Id.*

Here, Plaintiffs argue that they satisfy the diligence requirement of Rule 16(b) because, despite Defendants' obstruction of Plaintiffs' discovery, Plaintiffs found evidence outside discovery. (Doc. 161 at 5-8). But Plaintiffs' efforts to obtain relevant evidence, however commendable, are not relevant to whether their noncompliance with the scheduling order was excusable or whether they were diligent in moving to amend once they obtained such evidence.

Plaintiffs cannot demonstrate that their noncompliance was excusable and that they acted diligently in moving to amend once they obtained the relevant discovery because they fail to specify what discovery provided the new facts and when they obtained such discovery. Like the plaintiffs in *Ramos*, Plaintiffs only assert that "discovery and independent investigation" uncovered details about the nature of WTPA and WTNY's relationship. (Doc. 190 at 4). As for any timeline for discovering such facts, Plaintiffs only state that they obtained the new facts since they filed their most recent complaint on July 13, 2020 (Doc. 22). (Doc. 190 at 4). Neither explanation is specific enough for the Court to determine whether Plaintiffs failed to meet the February 14, 2022, deadline for amending their complaint despite their efforts to comply and because of unforeseeable developments in the case. Nor are they specific enough for the Court to determine

if Plaintiffs acted diligently to move to amend their complaint upon obtaining the relevant information.

Without a more detailed outline of Plaintiffs' actions with respect to amending their complaint, the Court cannot find Plaintiffs acted diligently.[1] Thus, Plaintiffs fail to show good cause to amend exists. The Court denies the motion.

C.    *Dismissal of Mapley Sr.*

As to Plaintiffs' request to amend their complaint to reflect the dismissal of Mapley Sr., the scheduling order contains no deadlines for dismissing parties. Thus, Rule 15's standard would apply. "In deciding whether justice requires granting leave to amend [under Rule 15], factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Exp., Inc.,*

---

[1] Notwithstanding the Court's findings on Plaintiffs' diligence, WTNY's argument that Plaintiffs had the facts they seek to add to their complaint as early as November 20, 2020, December 29, 2020, or January 15, 2021, is unpersuasive and made in bad faith. (Doc. 198 at 6-8). First, the Court already has held that the December 29, 2020, responses are "vague to the point of non-responsive." (Doc. 85 at 11). WTNY's invocation of these responses as evidence that Plaintiffs had the information necessary to amend its complaint as early as December 29, 2020, is expressly dismissive of the Court's prior ruling. As for the November 20, 2020, response, nothing in it suggests WTPA and WTNY have a legal relationship, as Plaintiffs seek to allege in their complaint. Instead, the response merely lists the publications to which WTPA held a copyright and states that WTPA and WTNY never published for the church at the same time. (Doc. 198-1 at 5-6). Lastly, the January 15, 2021, responses are objections to Plaintiffs' requests and provide no information Plaintiffs could have used to amend their complaint. (Doc. 198-3 at 5-8). Again, WTNY's use of these responses as evidence of Plaintiffs' ability to amend their complaint is baseless.

885 F.2d 531, 538 (9th Cir. 1989). The party opposing amendment "bears the burden of showing prejudice." *Eminence Cap., LLC. V. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (internal citation omitted).  Absent a strong showing of prejudice, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

WTNY argues the Court should deny Plaintiffs' motion because WTNY intendeds to assert the settled-party defense against Mapley Sr. and, at the time WTNY filed its brief, the Court had not ruled on whether WTNY could amend their answer to assert that defense.[2]  (Doc. 198 at 10-11).  However, regardless of how the Court ruled on WTNY's motion, WTNY did not explain how amendment of Plaintiffs' complaint to reflect Mapley Sr.'s dismissal would impact its ability to assert the settled-party defense.  Without further explanation, the Court does not see how WTNY's assertion of its defense would be prejudiced.  To the contrary, such amendments would likely provide clarity.  Further, Plaintiffs dismissed Mapley Sr. less than two months prior to filing the instant motion, so there was no undue delay.

---

[2] The Court granted WTNY's motion on April 14, 2023 (Doc. 220), and WTNY filed its amended answer on April 26, 2023 (Doc. 225).

Absent a showing a prejudice by WTNY, the Court grants Plaintiffs' motion to amend with respect to Mapley Sr.  Plaintiffs are permitted to fix typographic errors in the course of amending their complaint.

## II.     Conclusion

For these reasons, IT IS SO ORDERED that Plaintiffs' Tracy Caekaert and Camillia Mapley's Motion to Amend/Correct their Complaint (Doc. 189) is GRANTED as to the amendments concerning Mapley Sr. and the typographic errors and DENIED in all other respects.

DATED the 22nd day of May, 2023.

Susan P. Watters

SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE