# MOULTONBELLINGHAM PC

27 North 27th Street
Suite 1900
P. O. Box 2559
Billings, Montana 59103-2559

Phone (406) 248-7731
Fax (406) 248-7889

### ATTORNEYS

Gerry P. Fagan
Gerry.Fagan@moultonbellingham.com
406-238-1570

April 27, 2023

**VIA EMAIL**

Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT 59802
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com

Matthew L. Merrill
Merrill Law, LLC
1863 Wazee Street, Suite 3A
Denver, CO 80202
matthew@merrillwaterlaw.com

RE: *Caekaert/Mapley v. WTPA, et al.*
Discovery Responses of Camillia Mapley

Dear Rob, Ryan, James, and Matthew:

We are writing to you to respond to Ryan's letter dated April 25, 2023. Ryan's letter was in response to WTPA's Motion to Compel filed in regard to responses by Camillia Mapley to WTPA's Interrogatory Nos. 3 and 5-7 and Requests for Production Nos. 10 and 36.

First, I address your arguments on the Interrogatories. Ryan wrote it was not clear to you what WTPA is asking for in the Motion to Compel in regard to the Interrogatories. We think WTPA's Motion is clear on that, but nevertheless, we are willing to restate it: WTPA seeks, and deserves, answers to the Interrogatories Nos. 3 and 5-7 that comply fully with the Rules of Civil Procedure. We do not believe either the initial objections, the additional objections made in the supplemental responses, and certainly not the supplemental responses made by Ms. Mapley comply with the Rules of Civil Procedures for the multiple reasons spelled out in the Brief in Support. The responses simply do not specifically identify the relevant facts requested and we believe the Rules required that specific identification. And to be very clear, we do not expect or want you or your client to serve answers to "appease" me; we have never asked for that. In response to your argument referring to her subsequent deposition as apparently resolving any inadequacies in Ms. Mapley's written discovery responses, if you have any legal authority which supports your argument, please provide it and we will consider it. However, we do not believe that a subsequent deposition absolves previously served written discovery responses that do not comply with the Rules of Civil Procedure.

Second, I address your arguments on Requests for Production Nos. 10 and 36. We do not agree with your interpretation of the Requests. We do not believe they are overbroad. We also think the fact you have gathered and maintained these documents yourself indicates that a request

*A Professional Corporation ~ Attorneys at Law*

WWW.MOULTONBELLINGHAM.COM

EXHIBIT
tabbies
A

April 27, 2023
Page 2

for them is not overbroad. Also, we disagree that your clients have limited their own Requests to "the Plaintiffs, the alleged perpetrators, and the state of Montana." The following are some examples of requests propounded by Plaintiffs to WTPA that are not so limited:

- REQUEST FOR PRODUCTION NO. 8: Please produce a copy of all books, magazines, publications, or other materials for which WTPA owns the copyright that were published between 1970 and 1995.

- REQUEST FOR PRODUCTION NO. 35: Please produce all documents, including but not limited to drafts, redlines, and internal communications, related to The Watchtower article, "Comfort for those with a 'stricken spirit'" (produced at Bates CAEKAERT/MAPLEY 003258-003262).

- REQUEST FOR PRODUCTION NO. 68: Please produce a copy of all affidavits, declarations, or any other sworn statements by Jehovah's Witness Organization officials (whether representatives of WTNY, WTPA, CCJW, or otherwise) regarding the following issues: attorney-client privilege; clergy-penitent privilege; storage or retention of information regarding child sex abuse at Jehovah's Witness congregations; and the organization of the various Jehovah's Witness entities, departments, and offices over time.

WTPA responded to these above requests, too, by the way. There are other examples of broad requests by Plaintiffs that were not limited to "the Plaintiffs, the alleged perpetrators, and the state of Montana," but we do not believe it is necessary here to specify them.

However, as always, we are certainly willing to discuss this on a telephone call if you believe that would help resolve the issues, but since we have previously held multiple calls on these responses and issues without resolution, it would not seem to have a high chance of a fruitful discussion. But please let us know.

Sincerely,

For GERRY P. FAGAN
CHRIS SWEENEY
JORDAN FITZGERALD