

MOULTON BELLINGHAM PC

ATTORNEYS

27 North 27th Street
Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559

Phone (406) 248-7731
Fax (406) 248-7889

Gerry P. Fagan
Gerry.Fagan@moultonbellingham.com
406-238-1570

May 5, 2023

Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT 59802

Matthew L. Merrill
Merrill Law, LLC
1863 Wazee Street, Suite 3A
Denver, CO 80202

RE: *Caekaert/Mapley v. WTPA, et al.*
Discovery Responses of Camillia Mapley

Dear Ryan:

We are responding to another letter from you about WTPA's Motion to Compel, dated May 2, 2023. You complained about my alleged "refusal to provide meaningful identifications about how a particular rule is being violated and what exactly [my] proposed remedy is for these alleged violations." You also wrote that my alleged refusal "indicates that [my] motion is without legal merit, vexatious, and intended to harass Plaintiffs."

I am going to do the best I can to ignore your efforts to personalize a Motion to Compel as well as your accusations about our intentions in filing the Motion to Compel, although for the record, we absolutely deny all of that. We have provided many times to you our position on your client's responses to the Interrogatories at issue – we have written multiple letters and emails, held I believe at least two phone calls with you about our position, and also detailed well our position in a Brief in Support of WTPA's Motion to Compel. As of January 19, 2023, you informed us that your clients disagreed with our position and were not going to supplement any further. You obviously disagree with our position, but it is simply incorrect that we have refused to identify what is improper with your client's discovery responses.

But I will attempt to briefly summarize it again. The objections you stated in the original responses are improper. *Shqeirat v. U.S. Airways Group, Inc.*, 2008 WL 4322018, does not stand for the proposition you claimed it stood for. The rest of the original objections were boilerplate objections that are disproved of the Montana Federal Court and Ninth Circuit. The objections stated in the supplemental responses are also improper. They are also boilerplate objections and there is no support for the proposition that it is "inherently fraught and unfair" to request Plaintiff to identify facts which are relevant to her claims and allegations. That is actually what discovery is for. Your client's actual supplemental responses are not proper responses because she did not

May 5, 2023
Page 2

answer the requests. That is, she did not identify any of the relevant facts requested. Instead, she did such things as ask her own questions to WTPA or accuse it of further wrongdoing, quote biblical verses, and copy Wikipedia entries.

I am not in the habit of advising opposing counsel how they and their clients should answer discovery. In fact, I am pretty certain I have never done that before. But since you attack me for allegedly failing to identify how you and your client should properly respond to the Interrogatories, I will try: your client, with your assistance as her counsel, needs to specifically identify the facts we have requested identification of in the respective Interrogatories. Your client should not merely provide her own questions or accusations back to WTPA, should not quote biblical verses, and should not paste in entries from Wikipedia. The reason she should not do any of those things is because WTPA's Requests at issue did not ask to do any of that. WTPA simply requested the identification of certain relevant facts. You, as her counsel, should assist her in identifying the relevant facts; it is one of the most basic things she retained you to assist her with. You in fact attempted to identify some facts in the supplemental responses, but your attempts were improper because you did not identify specific facts. You merely referred to broad swathes of documents. We have provided the law establishing that it is improper to merely reference other documents in an interrogatory response and refer to our brief for it, but one decision worth noting is *Lawman v. City and Cnty. of San Francisco*, 159 F. Supp. 3d 1130, 1140 (N.D. Cal. 2016). You and your client need to take the next step now and actually identify <u>specific</u> facts.

Your client, with your assistance as counsel, should answer Interrogatory No. 3 by identifying specific facts which are relevant to her allegations that WTPA acted negligently.

Your client, with your assistance as counsel, should answer Interrogatory No. 5 by identifying specific facts which are relevant to her allegations that WTPA knew that individuals had sexually abused a minor before they allegedly abused Plaintiff.

Your client, with your assistance as counsel, should answer Interrogatory No. 6 by identifying specific facts which are relevant to her allegations that individuals who allegedly abused Plaintiff were agents of WTPA.

Your client, with your assistance as counsel, should answer Interrogatory No. 7 by identifying what specific actions she contends WTPA should have taken in response to the abuse she alleged had occurred to her.

We also address your arguments about Requests for Production Nos. 10 and 36. We have reviewed your proposed stipulation on the scope of discovery. We are not willing to agree to your stipulation on the scope of discovery. The Rules of Civil Procedure do not provide for responses to production that are based on a reciprocal agreement with the propounding party, some type of

May 5, 2023
Page 3

"tit for tat" agreement. If you believe the scope of the request is too broad, you have the right to argue that to the Court.

Sincerely,

GERRY P. FAGAN
CHRIS SWEENEY
JORDAN FITZGERALD