# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY,<br><br>             Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, INC.,<br><br>             Defendants. | CV 20-52-BLG-SPW<br><br><br>ORDER |

Before the Court is Defendant Watch Tower Bible and Tract Society of Pennsylvania, Inc.'s ("WTPA") Motion to Compel Responses by Plaintiff Camillia Mapley, filed April 21, 2023. (Doc. 223). WTPA asks the Court to compel Mapley to properly respond to two requests for production and four interrogatories. (Doc. 224). Mapley filed a response on May 5, 2023, opposing the motion. (Doc. 229). WTPA filed a reply on May 26, 2023, one week after the Court's deadline. *See* L.R. 7.1 (d)(1)(C). Because WTPA's reply was not timely, the Court declines to consider it.

For the following reasons, the Court denies the motion as to Requests for Production ("RFP") 10 and 36, grants the motion as to Interrogatories 3, 6, and 7, and grants in part and denies in part the motion as to Interrogatory 5.

1

## I.   Discussion

A litigant is generally entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).  Though "relevance" is defined broadly, *Moe v. Sys. Transp., Inc.*, 270 F.R.D. 613, 618 (D. Mont. 2010), "[t]he 2015 Amendment to Rule 26(b)(1) emphasized the importance of proportionality in discovery requests," *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1134 (D. Mont. 2016) (citing 2015 Committee Notes).  When resolving discovery disputes, the party seeking discovery has the burden to show the relevancy of the request." *Nei v. Travelers Home Marine Ins. Co.*, 326 F.R.D. 652, 656 (D. Mont. 2018).  However, the parties and the court also "'have a collective responsibility to consider the proportionality of all discovery.'" *Id.* (quoting *McCall v. State Farm Mut. Auto. Ins. Co.*, No. 2:16-cv-01058-JAD-GWF, 2017 WL 3174914, at *6 (D. Nev. July 26, 2017)).

If a party fails to disclose requested information, the requesting party may move to compel the opposing party to produce the requested discovery materials. Fed. R. Civ. P. 37(a)(1).  Specifically, a party's failure to answer an interrogatory or to respond to a request for production are grounds for moving to compel disclosure.  Fed. R. Civ. P. 37(a)(3)(B).

The burden lies on the opposing party to show the discovery request is improper. *Russell v. Daiichi-Sankyo, Inc.*, No. CV 11-34-BLG-CSO, 2012 WL 1161435, at *2 (D. Mont. Apr. 6, 2012). The opposing party must state their objections to discovery requests and the bases for them with specificity. Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 34(b)(2)(B); L.R. 26.3(a)(2)-(3) (requiring an objection "be followed by a statement of reasons."). "Where a party's objections are themselves vague and impermissibly overbroad, and no specifics are given, the objecting party fails to carry its burden." *Russell*, 2012 WL 1161435, at *2. "The recitation of 'boilerplate objections or blanket refusals' is therefore not consistent with the requirements of the discovery rules." *Nei*, 326 F.R.D. at 656 (quoting *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005)). *See also Russell*, 2012 WL 1161435 at *3 (overruling objections that "largely repeat, word-for-word, language found in Rule 26, without further elaboration to make the objections specific to [the] case."). "Nonetheless, the Court has an obligation to review the discovery requests to ensure that they are not frivolous." *Nei*, 326 F.R.D. at 657.

A.    *Requests for Production*

"Courts routinely disfavor overly broad discovery requests that ask opposing parties to produce everything under the sun that relates to the ongoing litigation." *Aldapa v. Fowler Packing Co. Inc.*, 310 F.R.D. 583, 591 (E.D. Cal 2015)

(collecting cases). A typical overly broad discovery request tasks parties "with laying out every jot and tittle of their evidentiary case[.]" *Id.* (quoting *Tubbs v. Sacramento Cty. Jail*, No. CIV S-06-0280 LKK GGH P, 2008 WL 863974, at *1 (E.D. Cal. Mar 28, 2008)). "In the context of document production requests, an even greater burden is placed on [the opposing party] in responding to requests to produce each and every document that relates to the claims" brought by the plaintiffs. *Id.* Thus, requests for production asking for all documents related to a claim are overly burdensome on the opposing party, and thus impermissible. *Id.* (denying request for production seeking "all documents related to any of the allegations in the complaint."); *see also FTC v. Am. eVoice, Ltd.*, CV 13-03-M-DLC, 2017 WL 476617, at *7 (D. Mont. Feb. 3, 2017) (denying requests for production asking for all documents "supporting, negating or otherwise relating to" allegations in certain paragraphs of the plaintiff's complaint).

WTPA seeks an order compelling compliance with RFPs 10 and 36, which read:

> RFP 10: Please produce all written or electronic information in your possession, custody, or control about alleged child sexual abuse by, or claims against, religious entities and members of Jehovah's Witnesses, including newspapers, magazines, books, the internet, or information from counselors, therapists, or other mental health professionals about these subjects.

> RFP 36: Please produce any documents that you or your attorneys have received from any third parties relating to alleged child sexual abuse by, or claims against, religious entities and members of Jehovah's Witnesses, including but not limited to newspapers magazines, books, and/or internet

articles. If you withhold such responsive documents on the basis of privilege and/or work product, please identify the withheld documents in your Privilege Log pursuant to WTPA's Interrogatory No. 14.

(Doc. 224-6 at 2-3; Doc. 224-7 at 2-3).

Mapley objects to both requests. As to RFP 10, Mapley objects on the grounds that the request is "vague, ambiguous, overbroad, and work product because it is not clear whether this RFP is seeking such material in the possession of [Mapley's] lawyers." (Doc. 224-6 at 3). Mapley also asserts RFP 10 "is not reasonably calculated to lead to the discovery of admissible evidence because it has nothing to do with any fact at issue in the case." (*Id.*).

As to RFP 36, Mapley argues it is beyond the scope of Rule 26(b)(1) because it does not seek evidence bearing on any fact in dispute in this case and "is instead a fishing expedition for anything and everything in the files of Plaintiffs' attorneys related to child sex abuse." (Doc. 224-7 at 3). Additionally, identifying such documents "would require disclosing attorney work product." (*Id.*).

WTPA asserts in briefing that the Court should compel production of the requested documents because (1) Mapley admitted to having possession of the documents, as defined by Rule 34; and (2) the documents are relevant. (Doc. 224 11-12). As to the documents' relevancy, WTPA argues that the documents seek information relevant to Mapley's allegations of sexual abuse of children by Jehovah's Witnesses, which are central to the case. (*Id.* at 12-13).

WTPA also notes that "blanket relevancy objections such as made here" by Mapley "are generally rejected by courts." (*Id.* at 13 (citing *Rogers v. Giurbino*, 288 F.R.D. 469, 483 (S.D. Cal. 2012))). Further, Mapley's "attempt to shift the burden to WTPA to identify why the Request is relevant is improper." (*Id.* at 15 (citing *Painters Joint Comm. v. Emp. Painters Trust Health & Welfare Fund*, No. 2:10-cv-01385-JCM-PAL, 2011 WL 4573349, at *5 (D. Nev. Sept. 29, 2011))). The burden to show the request is improper, according to WTPA, lies with Mapley. (*Id.*). Since Mapley only provided boilerplate objections to RFPs 10 and 36, she failed to meet her burden.

In response, Mapley argues that RFPs 10 and 36 are objectionable because they would not lead to relevant evidence. (Doc. 229 at 14 (citing *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987); *Nugget Hydroelectric, L.P. v. P. Gas and Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992))). Instead, RFPs 10 and 36 "seek production of <u>any</u> document in Plaintiffs' possession relating to <u>any</u> alleged child sex abuse involving Jehovah's Witnesses at <u>any</u> time, and <u>anywhere</u>." (*Id.* at 13). Additionally, WTPA "certainly ha[s] better access to Jehovah's Witnesses child sex abuse documents" than Mapley, so there is no reason "why it would need to obtain from the Plaintiff documents pertaining to unrelated Jehovah's Witnesses child sex abuse." (*Id.* at 15). At the same time, Mapley, her attorneys, and their staff would have to spend hours searching their paper and

6

digital files and collecting, Bates stamping, indexing, and producing documents responsive to WTPA's "limitless requests." (*Id.* at 14-15).

The Court agrees with WTPA that Mapley's boilerplate objections are deficient. Mapley's objection to RFP 10 lacks the requisite specificity because it merely recites language found in Rule 26 rather than explaining why the request is vague, ambiguous, overbroad, work product, and not reasonably calculated to lead to relevant evidence. Likewise, Mapley's objection to RFP 36 does not explain why the requested documents would not lead to relevant information. Relying on such conclusory statements without making the objections specific to RFPs 10 and 36 is insufficient to meet Mapley's burden. *Russell*, 2012 WL 1161435 at *3.

Mapley's attempt to cast RFP 36 as an impermissible fishing expedition also fails under the current construction of Rule 34. As Wright & Miller explain, when the 'good cause' requirement for requests for production existed, Rule 34 prevented fishing expeditions. 88 Wright & Miller, *Federal Practice & Procedure* § 2206 (3d ed. 2023). However, the 1970 amendments eliminated the good cause requirement, and such broad requests for production became permissible. *Id.* Thus, "an objection that a request for inspection is a fishing expedition should be given a short shrift. It is true that the party seeking discovery must still designate what it wishes to inspect, but all this obstacle means is that the would-be angler must have a general idea of what kind of fish he or she is hoping to catch." *Id.*

7

Notwithstanding the insufficiency of Mapley's objection, the Court is obligated to assess the requests' proportionality and frivolity. *Id.*; *Nei*, 326 F.R.D. at 657. In assessing for itself RFPs 10 and 36, the Court finds they are overly broad and burdensome. *See Aldapa*, 583 F.R.D. at 591; *Am. eVoice*, 2017 WL 476617 at *7. Like in *Aldapa*, RFPs 10 and 36 seek production of any documents related to effectively all the allegations in Mapley's complaint, since all her allegations concern child sex abuse by members of Jehovah's Witnesses. In fact, the request is even broader than those in *American eVoice*, which at least narrowed the requests to documents related to specific paragraphs in the complaint. Requiring production thus would be overly burdensome to Mapley.

Furthermore, RFPs 10 and 36 seek irrelevant evidence. Both request documents relating to alleged child sexual abuse or claims against "religious entities," not just Jehovah's Witnesses. (Doc. 224-6 at 2; Doc. 224-7 at 2). However, allegations against other religious entities are not relevant here, and WTPA did not meet its burden to show otherwise. *Nei*, 326 F.R.D. at 656. Thus, RFPs 10 and 36 seek information outside the scope of Rule 26, and the Court denies the motion.

The Court recognizes that its conclusion generally reflects Mapley's objection that RFPs 10 and 36 seek evidence outside the scope of Rule 26(b)(1). However, Mapley's failure to explain in her objection why the requests sought

irrelevant evidence rendered her objection insufficient. WTPA committed the same specificity errors with respect to its requests for production, which required the Court to deny this portion of its motion to compel. The Court notes this to communicate to Mapley and WTPA that specificity is paramount to good faith engagement in the discovery process. Providing the opposing parties and the Court with specific information regarding discovery has been a persistent challenge for all parties in this case, despite their obligations under the Federal Rules of Civil Procedure, the Local Rules, and this Court's orders. Future objections and related discovery requests/responses should conform with the requirements outlined by the Court in this Order.

### B.    *Interrogatories*

Rule 33 governs interrogatories, which are lists of written questions one party sends to another as part of discovery. Rule 33(a)(2) provides: "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." The phrase "contention interrogatory" is often used imprecisely, but courts seem to agree that such interrogatories may "'call for the application of law to fact' so they may 'narrow[] and sharpen[] the issues, which is a major purpose of discovery." *Santos v. Baca*, No. 2:11-cv-01251-KJD-NJK, 2016 WL 1611584, at *1-2 (D. Nev. Apr. 21, 2016) (quoting *In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 332 (N.D.

Cal. 1985)) (allowing an interrogatory that asked for the basis for the defendant's argument that the disputed policy was not applied arbitrarily or capriciously). *See also Cable & Comput. Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 651-52 (C.D. Cal. 1997) (allowing interrogatories that asked the plaintiff to state all facts upon which a particular allegation in the complaint was based); *Astafan v. BRK Hosp., Inc.*, No. EDCV 21-240-JWH (KKx), 2022 WL 2102879, at *5 (C.D. Cal. Apr. 1, 2022) (allowing request for admission that asked whether a hotel room was "accessible to disabled individuals," as defined by the Americans with Disabilities Act). In contrast, a contention interrogatory that extends to legal issues unrelated to the facts of the case, *Hardy v. Moreno*, No. 1:21-cv-00327-ADA-EPG (PC), 2023 WL 2725928, at *2 (E.D. Cal. Mar. 30, 2023) (citing *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1029-30 (E.D. Cal. 2010)), or asks purely legal questions, *Everest Nat'l Ins. Co. v. Santa Cruz Cty. Bank*, No. 15-cv-02085-BLF (HRL), 2016 WL 6311876, at *4 (N.D. Cal. Oct. 28, 2016), is not permissible.

WTPA seeks an order compelling Mapley to answer four interrogatories:

Interrogatory 3: Please state with particularity all facts that are relevant to your allegations of negligence against WTPA

Interrogatory 5: Regarding the individuals who you have alleged sexually abused yourself or the other Plaintiffs, please state with particularity all facts that in any way show WTPA knew that any of those persons had sexually abused a minor prior to his/her sexual abuse of you.

Interrogatory 6: Regarding your allegations in paragraph 44 of the First Amended Complaint, please state with particularity all facts that in any way

establish that Mr. Svensen, Mr. Mapley Sr., and Mr. Haines were agents of WTPA.

Interrogatory 7: Regarding your allegations of sexual abuse, please state with particularity what actions you contend that WTPA should have taken, when it should have taken those actions, and why those actions should have been taken by WTPA.

(Doc. 224-8 at 2-21).

Mapley objected to each of these requests as overly burdensome contention interrogatories and improperly requiring Mapley to apply law to facts. (Doc. 224-8 at 2-21 (citing *Shqeirat v. U.S. Airways Grp., Inc.*, CIV.07-1513 ADM/AJB, 2008 WL 4232018, at *4 (D. Minn. Sept. 9, 2008))). She also objected to Interrogatory 5 as vague and calling for information that Mapley does not have personal knowledge of. (*Id.* at 7). Notwithstanding her objections, Mapley provided responses and referred to documents filed in the case or given to WTPA during discovery. (*Id.* at 2-21).

In briefing, WTPA argues the Court should overrule Mapley's objections because they are boilerplate, provide no authority for the contention that Mapley cannot answer questions that require an understanding of factual relevancy, and erroneously characterize the interrogatories as overly burdensome contention interrogatories. (Doc. 224 at 26-27). Mapley also effectively admitted that the interrogatories are proper by answering with facts relevant to the request. (*Id.* at

27-28). Lastly, Mapley's attorneys improperly listed other documents in lieu of responding. (*Id.* at 28-29).

Mapley primarily maintains the interrogatories are overly broad contention interrogatories because they "demand [Mapley] provide a comprehensive list of every fact supporting her claims and provide her position on the legal issues well before discovery has concluded." (Doc. 229 at 6). Mapley also frames WTPA's demand that Mapley personally answer the interrogatories despite their invocation of legal concepts as improper and constituting harassment. (*Id.* at 9-13). Lastly, Mapley maintains that the interrogatories are premature because the parties still have another nine months of discovery. (*Id.* at 5-6 (citing *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. at 336 ("the wisest general policy is to defer propounding and answering contention interrogatories until near the end of the discovery period."))). Given the time left for discovery, Mapley asserts she could not provide meaningful responses that clarify the issues raised in the interrogatories and inevitably would need to supplement her responses closer to or at the end of discovery. (*Id.* at 6).

The Court finds that Interrogatories 3, 5, 6, and 7 are proper, with limitations imposed on Interrogatory 5. As an initial matter, Mapley's objections that the requests are overly burdensome contention interrogatories are boilerplate. Mapley does not explain why the specific interrogatories are overly burdensome, and

instead just cites to *Shqeirat*—a District of Minnesota case commenting on contention interrogatories. (Doc. 224-8 at 2-21 (citing 2008 WL 4232018 at *4)). As the Court noted with Mapley's objections to RFPs 10 and 36, such broad objections are not sufficient to meet Mapley's burden.

More importantly, contention interrogatories are not per se impermissible, and other districts in the Ninth Circuit have overruled objections similar to Mapley's. *E.g. Cable & Comput. Tech.*, 175 F.R.D. at 651; *Santos*, 2016 WL 1611584 at *1-2. For instance, Interrogatory 3 asks about the facts supporting negligence—Mapley's First Claim in the Amended Complaint (Doc. 22 at 12-13)—just as the interrogatories in *Cable & Computer Technology* asked about the facts supporting specific claims in the complaint. Likewise, Interrogatory 5 asks what facts show WTPA knew that any of Mapley's alleged perpetrators had sexually abused a minor prior to his/her sexual abuse of her, just as the party in *Santos* asked the basis for the argument that the disputed policy was not applied arbitrarily or capriciously. Given the parallels between the contested interrogatories here and those allowed by other courts in this circuit, the Court overrules Mapley's objection that they are improper contention interrogatories.

The Court also overrules Mapley's objection that she cannot personally answer questions that require an understanding of legal concepts such as relevancy, agency, etc. Rule 33(b)(1)(A) is clear that interrogatories must be answered by the

party to whom they are directed. Fed. R. Civ. P. 33(b)(1)(A) ("The interrogatories must be answered by the party to whom they are directed."). *See also* Wright & Miller, *supra*, § 2172 ("Rule 33(b)(1)(A) provides that interrogatories addressed to an individual party must be answered by that party."). "It is improper for the party's attorney to answer them, though undoubtedly the common practice is for the attorney to prepare the answers and have the party swear to them." *Id.* Further, as stated, this circuit's caselaw is clear that parties may be required to answer interrogatories applying law to facts. *See Astafan*, 2022 WL 2102879 at *5; *Cable & Comput. Tech., Inc.*, 175 F.R.D. at 651; *Santos*, 2016 WL 1611584 at *2. Thus, Mapley's argument that she is not required to answer interrogatories generally and is not required to answer interrogatories applying law to facts is incorrect. Given these requirements, Mapley's characterization of WTPA's insistence that she respond personally to the interrogatories as "harassment" is misplaced.

However, the Court agrees with Mapley that Interrogatory 5 calls for information that Mapley does not have personal knowledge of and therefore should be limited. Interrogatory 5 asks Mapley, in part, about individuals who allegedly sexually abused all plaintiffs in this case. Though such information is relevant to the case more broadly, it is not relevant to the case with respect to Mapley. Therefore, the Court limits Interrogatory 5 to read: "Regarding the individuals who you have alleged sexually abused you, please state with particularly all facts that in

any way show WTPA knew that any of those persons had sexually abused a minor prior to his/her sexual abuse of you."

As to Mapley's timing argument, the Court recognizes that, based on the most recent scheduling order, discovery will continue until the end of February 2024 (Doc. 205), giving the parties ample time to uncover new information and develop their legal theories.  However, given discovery also has been going on for years in this case, the Court orders Mapley to respond to Interrogatories 3, 5, 6, and 7 to the extent feasible, with the obligation to supplement as needed.  The cases cited by Mapley are not analogous because they involve cases in which the parties had not completed any substantial discovery.  *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. at 332 ("In this section the court develops a framework for handling contention interrogatories that are served *before* substantial discovery has been completed through other means.") (emphasis in original); *McCrink v. Peoples Benefit Life Ins. Co.*, No. Civ.A.2:04CV01068LDD, 2004 WL 2743420, at *1 (E.D. Penn. Nov. 29, 2004) (litigation going on for less than a year before motion to compel responses were filed); *United States v. Educ. Mgmt. LLC*, 2:07-CV-00461, 2013 WL 3854458, at *24 (W.D. Penn. May 14, 2013) (formal discovery had "just begun").  Here, the parties have completed substantial discovery, even though the discovery window has not closed, thus justifying the Court's order compelling responses now.

Additionally, Mapley's argument that any responses will not meaningfully clarify the issues in the case, narrow the scope of dispute, or set up early settlement discussions is undermined by the fact that Mapley provided substantive responses, notwithstanding her objections, which her attorneys characterized as "remarkably on point for a layperson." (Doc. 229 at 6, n.2). Mapley cannot contend that providing answers at this stage in discovery would be futile while at the same time providing answers that she deems useful.

Mapley's practice of lodging boilerplate objections then providing substantive responses notwithstanding her objections disregards this district's consistent disapproval of that practice. *See Gersh v. Anglin*, CV 17-50-M-DLC-JCL, 2019 WL 265800, at *4 (D. Mont. Jan. 18, 2019); *Russell*, 2012 WL 1161445 at *4. "[D]oing so confuses the issue of 'whether the requested information was provided in full.'" *Gersh*, 2019 WL 265800 at *4 (quoting *Russell*, 2012 WL 1161445 at *4)). Further, "[t]hat it is a common practice does not make it acceptable." *Russell*, 2012 WL 1161435 at *3.

Mapley's incorporation by reference materials outside of her responses, including documents previously filed in the case also is improper under this district's caselaw. *Gersh*, 2019 WL 265800 at *7. The prohibition on incorporating other documents ensures conformity with Rule 33's requirement that answers "should be complete within themselves," insofar as practical. *Id.* (internal

citation and quotation marks omitted). Thus, Mapley again defied the rules of this district by referencing documents previously filed in this case and/or provided to WTPA another time during discovery.

These legal errors, and others committed by all the parties throughout discovery, have led the Court to ask whether the parties are fully researching the caselaw of this district and this circuit. The parties frequently rely on out of circuit caselaw in their interactions with each other and in briefing, even when in-circuit and in-district caselaw exists. (*E.g.* Doc. 224-8 at 7 (Mapley citing caselaw on contention interrogatories from the District of Minnesota)). They also fail to cite to caselaw supporting specific arguments, (*e.g.* Doc. 224 at 12-13 (providing no citations for relevancy arguments)), and ignore long-standing practices of this district. The Court understands in-district and in-circuit caselaw is not always available and out-of-circuit caselaw is sometimes necessary for a rule or to supplement an argument. However, out-of-circuit caselaw cannot replace in-district and in-circuit caselaw. Furthermore, the Court expects the parties to know, or learn through research, the practices of this Court and the district.

Given the experience of the attorneys on this case, the Court should not have to issue such a reprimand. However, the persistence of these problems, and the headaches they have caused throughout discovery in this case, compels the Court to do so.

17

## II.    Conclusion

IT IS SO ORDERED that Defendant Watch Tower Bible and Tract Society

of Pennsylvania, Inc.'s ("WTPA") Motion to Compel Responses by Plaintiff

Camillia Mapley is DENIED with respect to Requests for Production 10 and 36,

GRANTED with respect to Interrogatories 3, 6, and 7, and GRANTED IN PART

and DENIED IN PART with respect to Interrogatory 5.

DATED the _2nd_ day of June, 2023.

_Susan P. Watters_

SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE