Jon A. Wilson
Brett C. Jensen
Michael P. Sarabia
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>Defendants. | Cause No. CV 20-52-BLG-SPW<br><br>**DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(c).** |

```
WATCHTOWER BIBLE AND            )
TRACT SOCIETY OF NEW YORK,      )
INC.                            )
                                )
                                )
        Cross-Claimant,          )
                                )
                                )
vs.                             )
                                )
BRUCE MAPLEY SR.,               )
                                )
        Cross-Claim Defendant.   )
                                )
```

Defendant Watchtower Bible and Tract Society of New York, Inc. ("WTNY"), by and through its attorneys, respectfully submits this Reply Brief in Support of its Motion for Protective Order.

## LEGAL STANDARDS

"Only a party to litigation may be compelled to give testimony pursuant to a notice of deposition." *Calderon v. Experian Info. Sols., Inc.,* 290 F.R.D. 508, 516 (D. Idaho 2013). A Rule 45 subpoena is required for all non-party deponents. *See id.*

The party noticing a deposition pursuant to Rule 30(b)(1), Fed. R. Civ. P., bears the burden of demonstrating that the deponent is an officer, director, or managing agent of a party. *Id.* at 517. An individual's status as a managing agent is "determined as of the time of the deposition, not as of the time when the activities disputed in the litigation occurred." *International Swimming League, Ltd. v.*

*Federation Internationale de Natation,* 2021 WL 629493 at *2 (N.D. Cal. 2021) (quoting *E.I. DuPont de Nemours and Co. v. Kolon Industries, Inc.,* 268 F.R.D. 45, 49 (E.D. Vir. 2010)); *see also In re Lithium Ion Batteries Antitrust Litig.,* 2015 WL 5440789 at *5 (N.D. Cal. 2015) (quoting *E.I. DuPont, supra.*)

Rule 26(c)(i), Fed. R. Civ. P., requires courts to limit discovery that can be obtained from some source that is more convenient, less burdensome, or less expensive.

## ARGUMENT

### 1. The depositions should not be held as noticed because Plaintiffs have not served subpoenas.

Plaintiffs argue it is proper to depose "a specific officer or agent of a corporation" beyond the witness(es) the corporation designates under Rule 30(b)(6). (*See* Plaintiffs' Response Brief in Opposition to WTNY's Mot. for Protective Order (Doc. 243) (hereafter, "Plaintiffs' Response"), p.17). Yet, they also argue that, because the depositions are "personal," WTNY "has no obligation to prepare" Messrs. Shuster, Breaux and Smalley to testify. (*Id.*, pp. 23, 26). The problem with such logic is that Plaintiffs only served deposition notices: "personal" depositions of non-party witnesses require a subpoena, not a deposition notice. *Calderon,* 290 F.R.D. at 516. "If the person is not an "officer, director, or managing agent" of the corporation, the party seeking discovery must proceed as though the person is an ordinary non-party witness and obtain a subpoena to secure the attendance of the

deponent." *Calderon v. Experian Info. Sols. Inc.*, 287 F.R.D. 629, 631 (D. Idaho 2012) *aff'd*, *Calderon*, 290 F.R.D. at 521.

## 2. The Court should protect WTNY from the burden of producing Messrs. Shuster, Breaux and Smalley because they are not corporate officers, directors, or managing agents of any defendant.

Instead of issuing Rule 45 subpoenas, Plaintiffs improperly attempt to require WTNY, pursuant to mere notices, to produce three non-party witnesses for deposition. Plaintiffs apparently want WTNY to produce witnesses whose testimony can be used "for any purpose" under Rule 32, Fed. R. Civ. P., without being allowed to prepare them to testify. Such a ploy is a misuse of the discovery process.

When addressing a motion for protective order, United States District Judge Brian Morris commented,"[c]ourts have observed a high risk of potential abuse or harassment when a party seeks an apex deposition." *Brewer v. BNSF Ry. Co.*, 2015 WL 13810744 at *1 (D. Mont. Nov. 5, 2015) (internal citation omitted). He affirmed Magistrate Judge John Johnston's Order that prevented the plaintiff from deposing an apex witness until *after* other witnesses had been deposed and limited the length of time the witness could be questioned. *Id.*, 2015 WL 13810744 at *2.

As explained in their declarations attached to Document 160 as Exhibits A and B, respectively, Messrs. Shuster and Breaux have a good deal of responsibility in their roles as corporate officers of CCJW, as well as their religious roles within the religion of Jehovah's Witnesses. However, they are not officers, directors, or

managing agents of WTNY or Watch Tower Bible and Tract Society of Pennsylvania ("WTPA"). Neither is Mr. Smalley. WTNY should not be required to produce any of them as corporate officers, directors, and managing agents because they do not hold such positions <u>at the time of the deposition</u>. *International Swimming League,* 2021 WL 629493 at *2 (quoting *E.I. DuPont de Nemours and Co. v. Kolon Industries, Inc.*, 268 F.R.D. 45, 49 (E.D. Vir. 2010)); *see also In re Lithium Ion Batteries Antitrust Litig.,* 2015 WL 5440789 at *5 (quoting *E.I. DuPont*). That limitation is clearly stated in many cases, including one on page 17 of Plaintiffs' Response: *United States v. One Parcel of Real Estate at 5860 North Bay Road,* 121 F.R.D. 439, 440 (S.D. Fla 1988).

The party noticing the deposition of a corporate officer bears the burden of demonstrating that the deponent actually is an officer, director or managing agent of a party at the time of the deposition. *Calderon,* 290 F.R.D. at 517. Plaintiffs have not met, nor can they meet, their burden of demonstrating that Messrs. Shuster, Breaux or Smalley are officers, directors, or managing agents of WTNY or WTPA.[1]

---

[1] Plaintiffs did not name as a party "the JW Organization." They sued WTNY and WTPA, two of several corporations that facilitate the work of Jehovah's Witnesses in one fashion or another. Instead, Plaintiffs conflate all corporate and non-corporate components of the faith to attribute to WTNY and WTPA all knowledge and conduct that could contribute to what plaintiffs call "the known, but unreported, sexual abuse of young girls" in Hardin, Montana between 1973 and 1992. (*See* Plaintiffs' Response, p. 1).

### 3. The Court Should Protect WTNY from the burden of producing non-corporate officers and non-managing agents.

Plaintiffs are dissatisfied with WTNY's and WTPA's respective discovery responses that decline knowledge of any <u>legal</u> relationships existing between the defendants. (*See* Plaintiffs' Response, pp. 12-13). Rather than first seeking clarification from the designated 30(b)(6) witnesses, Plaintiffs describe Messrs. Shuster, Breaux and Smalley as "three Jehovah's Witnesses officials who served at the Defendants' headquarters during the 1970s, 1980s, and 1990s," *id.*, p. 1, conceding these religious "officials" are <u>not</u> corporate officers, directors, or managing agents.[2] Plaintiffs have not met their burden, as the parties seeking to depose an organizational party through named individuals, of proving the capacity of any one of these individuals is that of an officer, director, or current managing agent. *Odsather v. Fay Servicing, LLC,* 2019 WL11005500 at *1 (W.D. Wash. 2019) (citing *Calderon,* 290 F.R.D. at 516); *see also USE Techno Corp v. Kenko USA, Inc.,* 2007 WL2403556, at *1 (N.D. Cal. 2007) (*quoting United States v. Afram Lines (USA), Ltd.,* 159 F.R.D. 408, 413 (S.D.N.Y. 1994)). Thus, the Court should protect WTNY from the burden of producing non-party witnesses for deposition.

---

[2] Conflating the positions Messrs. Breaux, Shuster and Smalley have held within the <u>religion</u>, i.e. serving as elders in their respective local congregations as practicing members of the faith, and being members of the Religious Order, working at the branch office of Jehovah's Witnesses, Plaintiffs want WTNY to produce the men for depositions – outside the provisions for corporate designation under Rule 30(b)(6). (*See* Plaintiffs' Response, p. 17). However, as explained above, without a subpoena, such depositions must be limited to individuals who serve as an "officer, director or managing agent" <u>of WTNY or WTPA</u> – not an official within a non-party religious construct.

Defendant Watchtower Bible and Tract Society of New York, Inc.'s Reply Brief in Support of Motion for Protective Order - 6

As to Mr. Smalley, Plaintiffs are not aware of any prior testimony because Mr. Smalley has never been designated as a 30(b)(6) witness for WTNY. The <u>only evidence</u> before the Court of Mr. Smalley's involvement with the religion is his Declaration attached as Exhibit C to Document 160. Plaintiffs have produced no evidence in support of the purported "factual basis" for the deposition of Mr. Smalley found at page 11, n.2 of Plaintiffs' Response. Counsel argument couched as facts is insufficient to form a factual basis for Mr. Smalley's deposition and should be ignored.

A potential deponent's status as a "managing agent" of a corporate party is "determined as of the time of the deposition, not as of the time when the activities disputed in the litigation occurred." *International Swimming League, Ltd.*, 2021 WL 629493 at *2 (quoting *E.I. DuPont de Nemours and Co. v. Kolon Industries, Inc.*, 268 F.R.D. 45 (E.D. Vir. 2010)); *In re Lithium Ion Batteries Antitrust Litigation*, 2015 WL 5440789 (N.D. Cal. 2015) (quoting *E.I. DuPont*). Courts consider four factors when determining whether a proposed witness is a "managing agent" and subject to a noticed deposition:

(1) Whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters;

(2) Whether the individual can be relied upon to give testimony, at his employer's request, in response to the demand of the examining party;

(3) Whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which information is sought by the examination; and

(4) The general responsibilities of the individual respecting the matters involved in the litigation.

*In re Lithium Ion Batteries Antitrust Litig.*, 2015 WL 5440789 at *5, citing *Calderon*, 287 F.R.D. at 632 (emphasis removed).

Considering the first prong of the test, Plaintiffs do not allege that Messrs. Shuster, Breaux, or Smalley have such a relationship with WTNY or WTPA. They refer to *past* relationships, including deposition testimony given some years ago. It is undisputed that each one of these individuals is connected to the religion known as Jehovah's Witnesses, but the religion is not a defendant. As explained in their respective Declarations, Shuster and Breaux work at the non-party branch office of Jehovah's Witnesses, with primary duties related to the Service Department, which works cooperatively with non-party CCJW. There is no evidence that any of the three individuals Plaintiffs want to depose have general powers to exercise discretion in corporate matters of WTNY or WTPA. Thus, the first prong of the test must be answered in the negative and in favor of WTNY.

There is also evidence that the second prong is answered in favor of WTNY because WTNY sought a protective order and will not direct any of these three individuals to testify in this case.

The third prong of the test addresses positions within corporate authority. Again, it is important to note that the individuals Plaintiffs want to depose are not employees of WTNY or WTPA. Also, examination of the religion's internal structure runs afoul of constitutional prescriptions.[3] WTNY and WTPA have offered 30(b)(6) witnesses to testify on topics related to the issues identified by Plaintiffs, and, in relation to the issues in this case, these proposed 30(b)(6) witnesses have positions of higher authority than Messrs. Shuster, Breaux, and Smalley. Thus, the third prong, too, is answered in favor of WTNY.

Finally, the fourth prong is also in WTNY's favor: Messrs. Shuster, Breaux, and Smalley have no direct knowledge about the claims in this case, have not met Plaintiffs or any of the accused in this lawsuit, have no personal knowledge about any of the people or claims involved in this lawsuit, and their knowledge about the beliefs and practices of Jehovah's Witnesses is not unique. (*See* Doc. 235, p. 9).

---

[3] *See, e.g., Watson v. Jones*, 80 U.S. 679 (1871) (civil courts must defer to the final decisions by the church's highest authorities, who have exclusive power to decide all internal church disputes which concern religious discipline, faith, ecclesiastical rule, custom, or law); *Gonzalez v. Roman Archbishop of Manila*, 280 U.S. 1, 19 (1929) (selection and appointment of a church's clergy is a canonical act); *and Kedroff v. St. Nicholas Cathedral*, 344 U.S. 94, 116 (1952) (matters of church government/administration" including "the selection/appointment of clergy" are within the exclusive jurisdiction of churches). The matters about which Plaintiffs complain are not a proper basis for liability against "the JW Organization."

As their respective Declarations demonstrate, Messrs. Shuster and Breaux hold office in non-party corporation CCJW, and there is no evidence that Mr. Smalley is an officer in WTNY or WTPA. As such, none of them qualifies as a "managing agent" of WTNY or WTPA at the time of depositions in this case. In cases like this, where a [purported] employee or agent does not qualify as an officer, director or managing agent, he is not subject to deposition by notice. *Calderon,* 290 F.R.D. at 516 (internal citation omitted). Plaintiffs improperly insist that WTNY produce these non-party fact witnesses for personal depositions without issuing a subpoena. That position is contrary to the rules of procedure because "only a party to litigation may be compelled to give testimony pursuant to a notice of deposition." *Estate of Levingston v. County of Kern,* 320 F.R.D. 520, 524 (E.D. Cal. 2017) (internal citation omitted). Should such a subpoena be served, the individual deponents can request protection.

## CONCLUSION

Since Messrs. Shuster, Breaux, and Smalley are not officers, directors, or managing agents of WTNY or WTPA, the Court should protect WTNY from the burden of producing any of them for deposition. To proceed with these depositions, Plaintiffs should be required to serve subpoenas on the individuals and allow them to seek protection under Rule 26, Fed. R. Civ. P.

Defendant Watchtower Bible and Tract Society of New York, Inc.'s Reply Brief in Support of Motion for Protective Order - 10

Further, under Rule 26(c)(1)(A)-(D), Fed. R. Civ. P., this Court should "forbid" the depositions and "prescribe" an alternate method for obtaining the information Plaintiffs seek by requiring the examination of designated Rule 30(b)(6), Fed. R. Civ. P., witnesses. Such provisions are appropriate because all of the information Plaintiffs seek can be obtained from designated 30(b)(6) witnesses - a source that is more convenient, less burdensome, and less expensive. This requested course meets the requirements of Rule 26, Fed. R. Civ. P., because, as WTNY has previously explained, all the information Plaintiffs seek about the religion will be provided through alternate witnesses. (*See* Doc. 235, p. 8).

Accordingly, WTNY respectfully requests the Court protect it from the burden of producing non-party witnesses for deposition, especially since Messrs. Shuster and Breaux are apex witnesses within a non-party corporation and Mr. Smalley is over eighty years old.

DATED this 15th day of June, 2023.

By: /s/ Jon A. Wilson
Jon A. Wilson
BROWN LAW FIRM, P.C.
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

# CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), the undersigned hereby certifies this brief complies with L.R. 7.1(d)(2)(A). According to the word-processing unit used to prepare this brief, the word count is 2,336 words excluding caption, table of contents and authorities, exhibit index, and certificates of service and compliance.

DATED this 15th day of June, 2023.

By: /s/ Jon A. Wilson
Jon A. Wilson
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.*


# CERTIFICATE OF SERVICE

I hereby certify that, on June 15, 2023, a copy of the foregoing was served on the following person(s):

1. U.S. District Court, Billings Division

2. Robert L. Stepans/Ryan R. Shaffer/James C. Murnion
   MEYER, SHAFFER & STEPANS, PLLP
   430 Ryman Street
   Missoula, MT 59802

3. Matthew L. Merrill (appearing *pro hac vice*)
   MERRILL LAW, LLC
   1863 Wazee Street, Suite 3A
   Denver, CO 80202

4. Gerry P. Fagan/Christopher T. Sweeney/Jordan W. FitzGerald
   MOULTON BELLINGHAM PC
   P.O. Box 2559
   Billings, MT 59103-2559

5. Bruce G. Mapley Sr.
   3905 Caylan Cove
   Birmingham, AL 35215

by the following means:

| | | |
|---|---|---|
| __1-4__ CM/ECF | | ____ Fax |
| ____ Hand Delivery | | ____ E-Mail |
| __5__ U.S. Mail | | ____ Overnight Delivery Services |

By: /s/ Michael P. Sarabia
Michael P. Sarabia
BROWN LAW FIRM, P.C.