*Exhibit H*



# BROWN LAW FIRM, PC

315 N. 24th Street | PO Drawer 849 | Billings, Montana 59103-0849
Phone: 406.248.2611 | Fax: 406.248.3128

Michael P. Heringer
Guy W. Rogers
Scott G. Gratton
Kelly J.C. Gallinger*
Jon A. Wilson
Seth A. Cunningham
Shane A. MacIntyre
Brett C. Jensen*
Nathan A. Burke
Alex J. Ames
Zachary A. Hixson
Michael Sarabia
John R. Knisely
Kai B. Thorsgard

*Of Counsel*
Robert L. Sterup

*Retired*
Rockwood Brown
John Walker Ross
Margy Bonner
John J. Russell

Jon A. Wilson
jwilson@brownfirm.com

Brett C. Jensen
bjensen@brownfirm.com

Michael P. Sarabia
msarabia@brownfirm.com

May 1, 2023

**VIA EMAIL and U.S. MAIL**
Robert L. Stepans / rob@mss-lawfirm.com
Ryan R. Shaffer / ryan@mss-lawfirm.com
James C. Murnion / james@mss-lawfirm.com
MEYER SHAFFER & STEPANS PLLP
430 Ryman Street
Missoula, MT 59802

Re:     *Tracy Caekaert and Camillia Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
        USDC Billings Division 20-CV-52-SPW-TJC
        File No. 78280.001

        *Ariane Rowland and Jamie Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*
        USDC Billings Division 20-CV-59-SPW-TJC
        File No. 78280.002

Counsel:

        This letter responds to James's letter and email of April 26, 2023. Generally, we were a little surprised at his characterization of the teleconference we had on April 25, 2023. In his letter, James stated we "did not offer any information about" how a witness is determined to be an apex-doctrine witness, and that we "did not come to the call with any potential alternative witnesses" to take the place of Mr. Breaux, Mr. Shuster, and Mr. Smalley. This is an incomplete characterization. The call began with our attempt to confer by asking James to identify the topics you want to address in depositions of Mr. Breaux, Mr. Shuster, and Mr. Smalley in order for us to evaluate whether your unilateral

*also licensed in North Dakota

Brown Law Firm, P.C.
May 1, 2023
Page 2 of 3

designation of these individuals as witnesses with "personal knowledge" is an attempt to take multiple 30(b)(6) depositions;[1] importantly, we cannot identify witnesses who are best suited as alternatives without knowing the topics you want to discuss. The majority of the call thereafter was a back-and-forth on this issue, with us repeatedly asking James to identify topics, and James responding with prolonged pauses suggesting his lack of preparedness and refusing and/or objecting to identify topics.

Judge Watters ruled that WTNY cannot meaningfully respond to the request for these depositions because Plaintiffs "did not identify the relevant parts of the case, the kind of relevant information sought, or why the men were qualified to provide such information." (Order Denying Motion to Compel, Doc. 222 at 8.) Apparently, Judge Watters, like us, was unable to discern potential deposition topics from your briefing, despite James' labored suggestions otherwise. None of the three potential witnesses has ever met the Plaintiffs or Mr. Mapley. And none of them was an officer, director, or managing agent of WTNY during the relevant period. They simply have no personal knowledge. As we repeated on the call, if you provide your 30(b)(6) topics, we can identify the individual(s) most knowledgeable thereof and best suited to address those topics with you. James was not prepared to identify topics—he merely stated "policies and procedures" of WTNY would be a topic, and that he wanted the ability to ask these witnesses about *anything* else. However, at the end of the call we thought we had reached an agreement: James was going to identify additional topics and send them over to us for our evaluation.

His letter appears to identify a few additional topics, and also raises a few issues. First, as to your question about how WTNY determines who qualifies as an apex-doctrine witness, the reasons why Gary Breaux and Alan Shuster are apex witnesses are set forth in paragraph 4 of their respective Declarations (In *Caekaert*, Doc. 160-1, and Doc. 160-2). The additional reason, of course, is the apex doctrine itself: Breaux, who did not arrive in New York until 1994, and Shuster, who never dealt with Montana after becoming a deskman in 1985, are high-level corporate officers of Christian Congregation of Jehovah's Witnesses who do not possess unique, first-hand knowledge of the facts of the case[2], and there are other, less intrusive means of obtaining the discovery you want. Namely, alternative witnesses/deponents.

As to alternative witnesses, to the extent your topics, as suggested in James's letter, are

---

[1] This is an issue precisely because **you are not allowed** to depose a 30(b)(6) witness multiple times without leave of court. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii); (*see also Caekaert*, Doc. 222, pp. 10-11). The main topic you seem to want to depose these individuals about—WTNY's policies and procedures—is squarely within the purview of 30(b)(6) testimony.

[2] It bears repeating that in addition to being 82 years old, Mr. Smalley lacks unique, first-hand knowledge of the facts of the case.

Brown Law Firm, P.C.
May 1, 2023
Page 3 of 3

(1) the policies and procedures of WTNY for handling accusations of child sex abuse;

(2) WTNY's corporate structure;

(3) "…WTNY's activities within the United States during the period 1960 to 1990"[3];

(4) how the Service Department communicated with local congregations; and

(5) the appointment and deletion of elders and ministerial servants,

WTNY identifies, and has already identified in response to your Interrogatories,[4] the following individuals as the most knowledgeable alternative witnesses: Thomas Jefferson, Jr. (minister and Service Department elder); Mario Moreno (former attorney for WTNY); and Alan Browning (accounting). Mr. Browning's potential testimony would be limited to locating financial records responsive to discovery demands. He has no personal knowledge of the facts of this case.

Since we have identified appropriate and alternative witnesses, **we ask that you let us know, by May 2, 2023**, whether these witnesses are acceptable to you and that you are willing to depose them in lieu of Mr. Breaux, Mr. Shuster, and Mr. Smalley. If we do not receive your agreement on this issue, we intend to file a motion for protective order as mentioned during the meet-and-confer call on April 25, 2023.

We look forward to a prompt response.

Sincerely,

Jon A. Wilson
Michael P. Sarabia
JAW/MPS
cc:    Joel M. Taylor (via e-mail)
       Gerry Fagan, Christopher Sweeney, Jordan Fitzgerald (via e-mail)

---

[3] This language is taken from Plaintiffs' Interrogatory No. 22 to WTNY.
[4] *See* Answers to Interrogatory No. 22 (In *Caekaert*, WTNY's Responses to Plaintiffs' Second Set of Jurisdictional Discovery, March 8, 2021) and Interrogatory No. 13 (In *Caekaert*, WTNY's Responses to Plaintiffs' Second Set of Combined [Discovery], June 16, 2022).