*Exhibit K*

**From:** Ryan Shaffer
**Sent:** Wednesday, September 28, 2022 5:01 PM
**To:** Christopher Sweeney <Christopher.Sweeney@moultonbellingham.com>
**Cc:** Jon Wilson <jwilson@brownfirm.com>; Joel Taylor <jtaylor@mmt-law.com>; Gerry Fagan
<Gerry.Fagan@moultonbellingham.com>; Rob Stepans <rob@mss-lawfirm.com>; Jessica Yuhas <jessica@mss-
lawfirm.com>; Brett Jensen <BJensen@brownfirm.com>; Jordan W. FitzGerald
<Jordan.FitzGerald@moultonbellingham.com>
**Subject:** Re: NY Depos; Plaintiff Depos

Chris,

The status conference is to discuss Plaintiffs request to conduct staggered discovery (i.e. conducting part of the NY depo
now, and the rest after discovery issues have been resolved), and the scheduling of this case going forward.

What shall we state your position to be on that conference?

It is hard to know if the depo set for 10/11 and 10/12 will go forward because we have a number of unresolved issues
that now appear to require the judge to weigh in on.  I don't like the uncertainty any more than you, and certainly
understand and deal with the same transactional costs.  We buy refundable tickets which alleviates most of those
issues.  Nevertheless, I understand your frustration on that front.  However, as i am sure you can appreciate, when i am
told by WTNY that it is unwilling to stagger the 30b6 topics as we have requested, it throws a bit of a wrench in things.

There is plenty of law on rule 30b6 establishing that staggering topics as the case progresses is not multiple depositions
under the rules.  In this case, where material evidence is not presently available to the Plaintiff, but may well become
available later, there is no justification to make us notice up all 30b6 topics now.  This is not really controversial and NY's
position is not justified or helpful in getting discovery completed.  So, we will need to have Judge Watters weigh in on
this before we go through with the 30b6.  I suppose that means that we should cancel them.

As you know, Rule 30 is silent on the location of Plaintiffs' depos.  But I am certainly aware of the custom of making the
Plaintiff available in the district where the case is pending.

We appreciate the accommodation to Ms. Mapley.  Though, I would say that it is far from certain she would be required
to travel from Australia for her 7 hour depo if it could be accomplished in other less burdensome ways.

As to the other Plaintiffs, because we are expecting them to be questioned about horribly traumatic experiences of
sexual abuse that have left them severely compromised, we need to do what we can to make sure their mental health
needs are looked after as best we can.  For Ms. Schultze and Ms. Caekaert, this requires some mental health attention
both before and after the depositions, and Missoula is where we can do this best. Your position seems to be that we
have to make them available at the location of your choosing in the district, irregardless of other factors.

I assume that you are aware of the same general authority on depo locations that i am aware of.  There are no hard and
fast rules.  In general, courts want the parties to work it out.  If that fails, the court will listen to the nature of the
disagreement, consider reasons for the competing locations, and do its best to resolve the dispute in a reasonable
way.  We have made Ms. Rowland available in Billings.  We have made Ms. Schultze and Ms. Caekaert available in
Missoula for the reasons identified above, which is certainly in line with the general custom of making the Plaintiff
available in the district where he/she filed.

I am not sure why you need a depo notice for Breaux, Smalley, or Shuster to evaluate our request to depose them, but i
can have my office send you a notice if that is truly what you need.

Finally, i asked Jon and Joel about the status of former Circuit Overseer Joseph Polakowski and have not heard back on
that.  Let's add that to the list of things to sort out.

I would much prefer to handle all of this amongst counsel.  That is how the overwhelming majority of our cases go.  But I could not get counsels' response to a request for a phone call on these matters.  Your email does not give me much hope for cooperative problem solving.  Let me know if I am incorrect, and i will make myself available.

Otherwise, let's just get all of this in front of the court so we can get on with it.

Ryan