*Exhibit L*

**From:** Jon Wilson <jwilson@brownfirm.com>
**Sent:** Thursday, September 29, 2022 12:19 PM
**To:** Ryan Shaffer <ryan@mss-lawfirm.com>; Christopher Sweeney <Christopher.Sweeney@moultonbellingham.com>
**Cc:** Joel Taylor <jtaylor@mmt-law.com>; Gerry Fagan <Gerry.Fagan@moultonbellingham.com>; Rob Stepans <rob@mss-lawfirm.com>; Jessica Yuhas <jessica@mss-lawfirm.com>; Brett Jensen <BJensen@brownfirm.com>; Jordan W. FitzGerald <Jordan.FitzGerald@moultonbellingham.com>
**Subject:** RE: NY Depos; Plaintiff Depos

Ryan,

I have had a chance to communicate with Joel and Chris, and am responding to your last e-mail. I take it from your last e-mail that you are cancelling the depositions set for October 11 and 12. If that is incorrect, please let me know immediately.

As to the 30(b)(6) deposition, you did not advise us until your letter dated September 23, 2022, that you intend to propose additional deposition topics in the future. You also have not provided any indication as to what those additional topics would be. The Advisory Committee notes to the 2000 amendment to 30(d), which sets the 7 hour deposition limit, provides: "For purposes of this durational limit, the deposition of each person designated under 30(b)(6) should be considered a separate deposition." Without knowing these additional topics, WTNY has no way of determining who would be the appropriate representative for such topics, and WTNY does not consent to any of its representatives being deposed for longer than the 7 hour limit. Ultimately, it is WTNY's position that, if there are additional topics you intend to seek testimony on, provide those topics now. Otherwise, they are waived. If you later contend new information has been developed to justify raising new topics, you are free to seek leave from the Court to re-open the 30(b)(6) deposition at that time, but WTNY is unwilling to agree to potential unidentified future topics. Information about such additional topics would also be necessary before any status conference, which I suspect the Court would not have been able to accommodate before October 11. Additionally, while you indicate the status conference would address the schedule of the case moving forward, the parties have until October 11 to respond to your recent motions for new scheduling orders.

As to the depositions of Tracey Caekaert and Jamie Schulze, the general rule is that "'plaintiff will be required to make himself or herself available for examination in the district in which suit was brought", as the plaintiff elects where to file suit. *Perdana Capital Inc. v. Chowdry*, 2010 WL 11475933, *3 (N.D. Cal. 2010) (quoting Wright & Miller, *Federal Practice & Procedure*, sec. 2112 at 75). While you contend you can provide mental health attention to your clients before and after the deposition in Missoula, you have provided no indication that such attention cannot be provided in Billings, which is where suit will ultimately be filed. If there is some reason why such attention cannot be provided in Billings, please let us know.

Turning to Joseph Polakowski, our understanding is he is located in Wisconsin, and you do not need to go through us to schedule his deposition.

Jon A. Wilson
Brown Law Firm, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Telephone: (406) 248-2611
Fax: (406) 248-3128

**Confidentiality Notice:** *The information contained in this e-mail communication and any attached documentation may be privileged, confidential or otherwise protected from disclosure and is intended only for the use of the designated recipient(s). This information, along with any attachments, constitutes attorney-client and/or attorney work product and is confidential in nature. This information is not intended for transmission to, or receipt by, any unauthorized person. The use, distribution, transmittal or re-transmittal by an unintended recipient of this communication is strictly prohibited without our express approval in writing or by e-mail. If you are not the intended recipient of this e-mail, please delete it from your system without copying it and notify the above sender so that our e-mail address may be corrected. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.*