*Exhibit N*

# Rule 4.2 Communication With Person Represented By Counsel - Comment

Share:

*Transactions With Persons Other Than Clients*

[1] This Rule contributes to the proper functioning of the legal system by protecting a person who has chosen to be represented by a lawyer in a matter against possible overreaching by other lawyers who are participating in the matter, interference by those lawyers with the client-lawyer relationship and the uncounselled disclosure of information relating to the representation.

[2] This Rule applies to communications with any person who is represented by counsel concerning the matter to which the communication relates.

[3] The Rule applies even though the represented person initiates or consents to the communication. A lawyer must immediately terminate communication with a person if, after commencing communication, the lawyer learns that the person is one with whom communication is not permitted by this Rule.

[4] This Rule does not prohibit communication with a represented person, or an employee or agent of such a person, concerning matters outside the representation. For example, the existence of a controversy between a government agency and a private party, or between two organizations, does not prohibit a lawyer for either from communicating with nonlawyer representatives of the other regarding a separate matter. Nor does this Rule preclude communication with a represented person who is seeking advice from a lawyer who is not otherwise representing a client in the matter. A lawyer may not make a communication prohibited by this Rule through the acts of another. See Rule 8.4(a). Parties to a matter may communicate directly with each other, and a lawyer is not prohibited from advising a client concerning a communication that the client is legally entitled to make. Also, a lawyer having independent justification or legal authorization for communicating with a represented person is permitted to do so.

[5] Communications authorized by law may include communications by a lawyer on behalf of a client who is exercising a constitutional or other legal right to communicate with the government. Communications authorized by law may also include investigative activities of lawyers representing governmental entities, directly or through investigative agents, prior to the commencement of criminal or civil enforcement proceedings. When communicating with the accused in a criminal matter, a government lawyer must comply with this Rule in addition to honoring the constitutional rights of the accused. The fact that a communication does not violate a state or federal constitutional right is insufficient to establish that the communication is permissible under this Rule.

[6] A lawyer who is uncertain whether a communication with a represented person is permissible may seek a court order. A lawyer may also seek a court order in exceptional circumstances to authorize a communication that would otherwise be prohibited by this Rule, for example, where communication with a person represented by counsel is necessary to avoid reasonably certain injury.

[7] In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability. Consent of the organization's lawyer is not required for communication with a former constituent. If a constituent of the organization is represented in the matter by his or her own counsel, the consent by that counsel to a communication will be sufficient for purposes of this Rule. Compare Rule 3.4(f). In communicating with a current or former constituent of an organization, a lawyer must not use methods of obtaining evidence that violate the legal rights of the organization. See Rule 4.4.

[8] The prohibition on communications with a represented person only applies in circumstances where the lawyer knows that the person is in fact represented in the matter to be discussed. This means that the lawyer has actual knowledge of the fact of the representation; but such actual knowledge may be inferred from the circumstances. See Rule 1.0(f). Thus, the lawyer cannot evade the requirement of obtaining the consent of counsel by closing eyes to the obvious.

[9] In the event the person with whom the lawyer communicates is not known to be represented by counsel in the matter, the lawyer's communications are subject to Rule 4.3.

Back to Rule | Table of Contents | Next Comment





American Bar Association
/content/aba-cms-dotorg/en/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_4_2_communication_with_person_represented_by_counsel/comment_on_rule_4_2