Jon A. Wilson
Brett C. Jensen
Michael P. Sarabia
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>       Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>       Defendants. | Cause No. CV 20-52-BLG-SPW<br><br>**DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE AND ORDER DEPOSITIONS TAKEN AS NOTICED** |

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC.

        Cross-Claimant,

vs.

BRUCE MAPLEY SR.,

        Cross-Claim Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Defendant Watchtower Bible and Tract Society of New York, Inc. ("WTNY"), by and through its attorneys, respectfully submits this Response Brief in Opposition to Plaintiffs' Motion to Strike and Order Depositions Taken as Noticed (Doc. 248) (hereafter, "Motion to Strike").

## INTRODUCTION

Plaintiffs ask the Court to strike an argument in WTNY's Reply Brief in Support of its Motion for Protective Order (Doc. 247) (hereafter "Reply Brief") that rebuts Plaintiffs' own argument in their Response Brief in Opposition to Defendant WTNY's Motion for Protective Order (Doc. 243) (hereafter "Response Brief"). It is axiomatic that the purpose of a reply brief is to address arguments raised in a response. That alone is grounds to deny Plaintiffs' Motion to Strike.

Plaintiffs' Motion to Strike is also incorrect to complain that WTNY did not confer in good faith—it provides an incomplete and mischaracterized account of the

meet-and-confer communications about Plaintiffs' request to depose Messrs. Shuster, Breaux, and Smalley (hereafter "Proposed Deponents") that have been exchanged starting on September 27, 2022. A more thorough summary can be found in WTNY's counsel's June 21, 2023, letter to Plaintiffs' counsel,[1] as well as in the Factual Background section below. These summaries show WTNY made an honest, good-faith effort to confer with Plaintiffs about their requests.

Generally, the conferral process with Plaintiffs focused on certain categories of information Plaintiffs wanted, which were understood in the context of traditional 30(b)(6) topics. WTNY objected at the outset by arguing the Proposed Deponents were not the best individuals to provide Plaintiffs this information. WTNY never represented the Proposed Deponents were currently officers, directors, or managerial agents of WTNY. In fact, in October 2022, WTNY made clear these individuals were non-party witnesses by informing Plaintiffs' counsel they were not employees of WTNY at any relevant time, and that Messrs. Shuster and Breaux were officers of non-party Christian Congregation of Jehovah's Witnesses ("CCJW"). That should have been enough information for Plaintiffs' counsel to apply the Rules of Civil Procedure and determine the appropriate course of action for the requested depositions. Instead, they persisted in trying to force WTNY to produce these non-

---

[1] *See* Foundational Affidavit of Jon A. Wilson in Support of Response Brief in Opposition to Plaintiffs' Motion to Strike (hereafter "Wilson Affidavit"), Ex. 1., which is filed contemporaneously herewith.

parties for the purpose of providing 30(b)(6) testimony about WTNY. Of course, WTNY objected to producing them: they are not the most suitable witnesses to address Plaintiffs' 30(b)(6) topics, and they are not officers, directors, or managing agents of WTNY.

## FACTUAL BACKGROUND

The genesis of this dispute is a June 29, 2022, email from Plaintiffs' counsel indicating he wanted to take "a foundation deposition of WTNY" per an attached 30(b)(6) notice. (Doc. 161-4). Thereafter, Plaintiffs repeatedly indicated they wanted deposition testimony regarding traditional 30(b)(6) topics. After a few exchanges about the parameters of the requested 30(b)(6) deposition, it appeared the parties had come to an agreement and that Plaintiffs would take a 30(b)(6) deposition: an August 18, 2022, letter from Plaintiffs' counsel confirmed as much, and that "**the intent of the questions will be the procedures and relationships that Defendants claim establish and preserve privilege[.]**" (Doc. 161-7, p. 1) (emphasis added).

This apparent agreement was short-lived. In a September 9, 2022, letter, Plaintiffs' counsel asked to change the scope of the previously-agreed-to 30(b)(6) deposition, which had been scheduled for September 27, 2022: he now wanted WTNY's designee to discuss not only any information about child sex abuse in WTNY's possession, but also any information that "CCJW or some other JW entity maintained[.]" (Doc. 161-9). WTNY's counsel responded on September 15, 2022,

and objected to any attempt to change the scope of the 30(b)(6) deposition. (*See* Doc. 161-11).

The parties continued throughout September 2022 to discuss 30(b)(6) issues, with Plaintiffs' counsel indicating they would notice additional 30(b)(6) topics—and thus additional 30(b)(6) deposition(s)—in the future. (Doc. 161-12, p. 2; *see also* Doc. 161-13). Then, in a September 27, 2022, email, Plaintiffs' counsel suggested he would not be ready for the 30(b)(6) depositions which had been rescheduled for October 11 and 12, 2022, including the deposition of WTNY's designee. (Doc. 161-14). In that email, Plaintiffs' counsel mentioned, for the first time and in the context of asking for additional 30(b)(6) topics, his desire to depose the Proposed Deponents. (*Id.*, p. 1). Precisely because of the 30(b)(6)-related context in which Plaintiffs' counsel first requested to depose the Proposed Deponents, WTNY understood Plaintiffs wanted to depose them regarding traditional 30(b)(6) topics. Thereafter, in a September 28, 2022, email, counsel for Watch Tower Bible and Tract Society of Pennsylvania ("WTPA") told Plaintiffs' counsel he understood the Proposed Deponents were members of the faith in New York, and that "neither WTNY nor WTPA has ever communicated with them regarding any potential depositions. As such, we would need to consult with them and evaluate any notices addressed to them individually to assess next steps." (Doc. 161-15).

At no time did counsel for WTNY or WTPA state the Proposed Deponents were officers, directors, or managing agents of WTNY. Rather, Plaintiffs assumed from the outset they could depose these individuals through WTNY to have them testify about traditional 30(b)(6) topics regarding WTNY. In fact, WTNY's counsel informed Plaintiffs' counsel by email dated October 5, 2022, that it "may be inappropriate, premature, or ultimately unnecessary" to depose the Proposed Deponents, and asked for the basis of their depositions "…especially since there has yet to be a Rule 30(b)(6) deposition[.]" (Doc. 161-18, p. 1). WTNY's counsel, in that same email, informed Plaintiffs' counsel these Proposed Deponents were not "executive officers or members of the boards of directors of either corporation during the relevant time period." (*Id.*). Plaintiffs filed their Motion to Compel the next day, asking the Court, in part, to force WTNY to make these "three elders at the Jehovah's Witness New York headquarters available for deposition." (Doc. 154, p. 5). Such actions further suggested to WTNY that Plaintiffs' counsel wanted the Proposed Deponents to testify about potential 30(b)(6) topics.

In their October 6, 2022, Brief in Support of Motion to Compel Depositions (Doc. 154), Plaintiffs acknowledged WTNY argued it would not produce the Proposed Deponents because, inter alia, "none of them were executive officers or members of the boards of directors of either corporation during the relevant time period." (Doc. 154, p. 7). The Declarations of the Proposed Deponents, attached to

WTNY's Response in Opposition to Plaintiffs' Motion to Compel Depositions (Doc. 160), established this fact. (Docs. 160-1, 160-2, 160-3). Moreover, Messrs. Shuster and Breaux indicated they were officers of non-party CCJW. (Docs. 160-1, 160-2).

From the outset, WTNY has refused Plaintiffs' demand that it produce the Proposed Deponents not only because they were not officers, directors, or managing agents of WTNY at any relevant time, but also because: (1) "Messrs. Shuster and Breaux do not know more than any other person who may be designated by WTNY as its 30(b)(6) deponent to address the beliefs and practices of Jehovah's Witnesses, including the topics Plaintiffs say they want to explore[;]" and (2) as to Mr. Smalley, "[f]or the sake of judicial economy, it simply makes more sense to depose a 30(b)(6) deponent whose memory is keen, who can withstand the rigors of a deposition, who knows how Jehovah's Witnesses handle allegations of child abuse, and who is younger than Mr. Smalley." (Doc. 160, pp. 19-20).

WTNY has conferred in good faith by attempting, multiple times, to schedule 30(b)(6) depositions precisely because Plaintiffs have repeatedly expressed their desire for testimony about topics and knowledge traditionally within the purview of 30(b)(6) deponents: "The fact that elders Shuster, Breaux, and Smalley have personal knowledge of the Organization's practices and policies regarding the handling of child sex abuse allegations going back to the 1970s makes them critically unique witnesses." (Doc. 154, p. 7). In their Reply Brief in Support of Their Motion

to Compel, Plaintiffs reaffirmed their desire to address traditional 30(b)(6) topics with the Proposed Deponents: "These men have unique, personal knowledge of the policies, practices, and events that are central to this case, including information **that is foundational to WTNY's privilege claims**." (Doc. 170, p. 3) (emphasis added).

Following the Court's Order Denying the Motion to Compel Depositions (Doc. 222), Plaintiffs' counsel sent an email dated April 19, 2023, requesting:

> Identification of individuals that you will produce for deposition who have substantially similar personal history and personal knowledge (for all time periods at issue in this case) of the JW Organization's corporate structure, the policies and procedures in place for handling accusations of child sex abuse, how the Service Department communicated with local congregations, and the process for the appointment and deletion of elders and ministerial servants.

(Doc. 249-6). Then, in a letter dated April 26, 2023, Plaintiffs' counsel asked WTNY for alternative witnesses with similar 30(b)(6)-knowledge of "the Jehovah's Witness Organization's corporate structure, the policies and procedures in place for handling accusations of child sex abuse, how the Service Department communicated with local congregations, and the process for the appointment and deletion of elders and ministerial servants." (*See* Wilson Affidavit, Ex. 2, p. 2).

In another good-faith effort to resolve this dispute, WTNY identified alternative individuals who would be more suitable 30(b)(6) deponents to address Plaintiffs' desired topics: Thomas Jefferson, Jr. (minister and Service Department elder); Mario Moreno (former attorney for WTNY); and Alan Browning

(accounting). (Doc. 249-8, pp. 3-4). Plaintiffs' counsel rejected these witnesses by letter dated May 1, 2023, simply asserting, without support or justification, that they were not as knowledgeable as the Proposed Deponents. (*See* Wilson Affidavit, Ex. 3, p. 1).

It was then, because the parties appeared to be at an impasse, that WTNY's counsel, in a letter dated May 3, 2023, stated notices would be needed only to make the issue ripe for the Court's consideration. (Doc. 249-9, pp. 2-3). Plaintiffs' counsel's letter dated May 15, 2023, responded by, once again, framing these Proposed Deponents in the context of 30(b)(6):

> Given the significant fact questions in this case about the JW Organization's practices and policies surrounding child sex abuse...the testimony of Mr. Shuster, Mr. Breaux, and Mr. Smalley are very important to this case.

(Wilson Affidavit, Ex. 4, p. 1). Accordingly, WTNY's Brief in Support of Motion for Protective Order argued the Proposed Deponents were not the most suitable to address the purported topics, and that WTNY proposed alternatives "as part of its earnest meet-and-confer efforts[.]" (*See* Doc. 235, pp. 2-3).

In total, up until Plaintiffs' Response Brief (Doc. 243), all communications and briefing regarding the Proposed Deponents had been in the context of arguing Plaintiffs' desired and traditional 30(b)(6) topics, leading WTNY to believe it was conferring in good faith by offering alternative witnesses with as good as, if not superior, knowledge about those topics. Additionally, until their Response Brief,

Plaintiffs had never argued WTNY had to produce the Proposed Deponents because of Plaintiffs' mistaken belief they were officers, directors, or managing agents of WTNY. Then, in their Response Brief, Plaintiffs made precisely that argument:

> '[A] party who wishes the deposition of a specific officer or agent of a corporation may still obtain it and is not required to allow the corporation to decide for itself whose testimony the other party may have.' *U.S. v. One Parcel of Real Est. at 5860 N. Bay Rd., Miami Beach, Fla.*, 121 F.R.D. 439, 440 (S.D. Fla. 1998).

(Doc. 243, p. 22 of 33). Plaintiffs' Response Brief continued this line of argument applicable to officers and managerial agents of a corporation: "**4. A corporation's agents may be deposed personally regardless of whether a Rule 30(b)(6) deposition is conducted[.]**" (Doc. 243, p. 22 of 33) (emphasis in the original).

WTNY rebutted this newly-raised argument in its Reply Brief by reminding Plaintiffs the Proposed Deponents are *not* "officers, directors, or managing agents of WTNY or [WTPA]", (Doc. 247, pp. 4-5). Therefore, contrary to Plaintiffs' argument, mere notices do not suffice, and a Rule 45 subpoena is required. (*See, e.g., id.*, pp. 2-5, 10-11). WTNY was within its rights to ask the Court, in its Reply Brief, to protect it from producing non-party witnesses. (*Id.*, pp. 6, 10). Plaintiffs now ask the Court to strike WTNY's appropriate rebuttal to their argument and assertion— without evidence or support—that the Proposed Deponents are officers or managerial agents of WTNY for whom a mere notice of deposition suffices.

## LEGAL STANDARDS

### 1. Deposing non-party witnesses – Rule 45, Fed. R. Civ. P.

"Only a party to litigation may be compelled to give testimony pursuant to a notice of deposition." *Calderon v. Experian Info. Sols., Inc.,* 290 F.R.D. 508, 516 (D. Idaho 2013). A Rule 45 subpoena is required for all non-party deponents. *See id.*

The party noticing a deposition pursuant to Rule 30(b)(1), Fed. R. Civ. P., bears the burden of demonstrating that the deponent is an officer, director, or managing agent of a party. *Id.* at 517. An individual's status as a managing agent is "determined as of the time of the deposition, not as of the time when the activities disputed in the litigation occurred." *International Swimming League, Ltd. v. Federation Internationale de Natation,* 2021 WL 629493 at *2 (N.D. Cal. 2021) (quoting *E.I. DuPont de Nemours and Co. v. Kolon Industries, Inc.,* 268 F.R.D. 45, 49 (E.D. Vir. 2010)); *see also In re Lithium Ion Batteries Antitrust Litig.,* 2015 WL 5440789 at *5 (N.D. Cal. 2015) (quoting *E.I. DuPont*).

### 2. A party's reply brief may rebut arguments raised in the response brief.

Courts in the Ninth Circuit recognize the proper scope of a reply brief includes arguments made in response to the opposition brief. *See El Pollo Loco, Inc. v. Hashim,* 316 F.3d 1032, 1040-1041 (9th Cir. 2003); *see also Applied Materials, Inc. v. Demaray, LLC,* 2020 WL 8515132, at *1 (N.D. Cal. 2020) (citing *Synopsys, Inc.*

*v. Mentor Graphics Corp.*, 2013 WL 6577143, at *1 (N.D. Cal. 2013)). Likewise, the Montana Supreme Court has stated: "The purpose of a reply brief is to respond to arguments raised in a response brief; we will not fault a party for waiting until the reply brief to respond to an argument or evidence that was first raised in a response brief." *WLW Realty Partners, LLC v. Cont'l Partners VIII, LLC*, 2015 MT 312, ¶ 20, 381 Mont. 333, 360 P.3d 1112.

## ARGUMENT

**1. The Court should deny Plaintiffs' Motion to Strike WTNY's subpoena arguments in its Reply Brief precisely because those arguments permissibly responded to arguments in Plaintiffs' Response Brief.**

Plaintiffs argue WTNY should have raised their Rule 45, Fed. R. Civ. P. argument months earlier. (Doc. 249, p. 14). However, as the Montana Supreme Court has determined, courts should not "fault a party for waiting until the reply brief to respond to an argument or evidence that was first raised in a response brief." *WLW Realty Partners, LLC*, ¶ 20. The Ninth Circuit is in harmony with Montana on this point. *See El Pollo Loco,* 316 F.3d at 1040-1041 (upholding district court decision denying motion to strike an argument "'raised for the first time in the reply brief,' because EPL was responding to Hashim's argument that EPL's complaint was time-barred. Denying EPL the opportunity to counter this potentially dispositive argument would have effectively stripped EPL of its right to argue against Hashim's defense.").

Here, if Plaintiffs' counsel mistakenly believed the Proposed Deponents were officers, directors, or managing agents of WTNY so that mere notices alone required WTNY to produce them as witnesses, they could have let WTNY know much earlier than their Response Brief. Striking WTNY's Rule 45 subpoena argument would strip it of the right to argue against Plaintiffs' newly-raised argument that the Proposed Deponents had to be produced pursuant to notices because they are "officers, directors, or managing agents" of WTNY, although Plaintiffs have not established, and cannot establish, the Proposed Deponents have such roles. Indeed, Plaintiffs have been informed numerous times, and as early as October 2022 during the briefing on their Motion to Compel, that these individuals are non-party witnesses who are not officers, directors, or managerial agents of WTNY. (*See, e.g.*, Docs. 160-1, 160-2, 160-3). WTNY reminded Plaintiffs of this well-established fact in its Reply Brief: precisely because the Proposed Deponents are not officers, directors, or managing agents of any corporate defendant, mere notices do not require any corporate defendant to produce these individuals as witnesses. (Doc. 247, pp. 2-5, 10-11).

2. **The Court should deny Plaintiffs' Motion to Strike because the Plaintiffs had the opportunity to file a sur-reply to the Motion for Protective Order and request the very same relief they now request in the instant motion.**

If Plaintiffs believed they needed a chance to argue why Rule 45 subpoenas are not required in this case, they could have filed a sur-reply to the Motion for

Protective Order: WTNY informed Plaintiffs' counsel it would not have opposed a request to file such a sur-reply. (*See* Wilson Affidavit, Ex. 1, p. 7). The relief Plaintiffs request with their Motion to Strike is pursuant to the Rule of Civil Procedure governing the Motion for Protective Order: namely, Rule 26(c), Fed. R. Civ. P. (*See* Doc. 249, p. 16). This rule was already in play in the other briefing, and Plaintiffs could have thus raised this argument in a sur-reply instead of filing their Motion to Strike.

## CONCLUSION

For the reasons explained herein, and until the filing of Plaintiffs' Response Brief, WTNY's understanding based on the communications of Plaintiffs' counsel was that the depositions of the Proposed Deponents were being sought in the context of 30(b)(6) topics. It was not until Plaintiffs' Response Brief that Plaintiffs argued the Proposed Deponents had to be produced pursuant to notices of deposition because they are officers or managerial agents of WTNY. WTNY had the right to rebut that argument by reminding Plaintiffs the Proposed Deponents do not have roles as officers, directors, or managing agents so that a Rule 45 subpoena, rather than a mere notice, is required.

Therefore, WTNY respectfully requests the Court deny Plaintiffs' Motion to Strike.

DATED this 13th day of July, 2023.

By:   /s/ Jon A. Wilson     
           Jon A. Wilson
           BROWN LAW FIRM, P.C.
           *Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), the undersigned hereby certifies this brief complies with L.R. 7.1(d)(2)(A). According to the word-processing unit used to prepare this brief, the word count is 3,028 words excluding caption, table of contents and authorities, exhibit index, and certificates of service and compliance.

DATED this 13th day of July, 2023.

By: _/s/ Jon A. Wilson_____
Jon A. Wilson
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 13, 2023, a copy of the foregoing was served on

the following person(s):

1.  U.S. District Court, Billings Division

2.  Robert L. Stepans/Ryan R. Shaffer/James C. Murnion
    MEYER, SHAFFER & STEPANS, PLLP
    430 Ryman Street
    Missoula, MT 59802

3.  Matthew L. Merrill (appearing *pro hac vice*)
    MERRILL LAW, LLC
    1863 Wazee Street, Suite 3A
    Denver, CO 80202

4.  Gerry P. Fagan/Christopher T. Sweeney/Jordan W. FitzGerald
    MOULTON BELLINGHAM PC
    P.O. Box 2559
    Billings, MT 59103-2559

5.  Bruce G. Mapley Sr.
    3905 Caylan Cove
    Birmingham, AL 35215

by the following means:

|        |                           |       |                             |
|--------|---------------------------|-------|-----------------------------|
| 1-4    | CM/ECF                    | _____ | Fax                         |
| _____  | Hand Delivery             | _____ | E-Mail                      |
| 5      | U.S. Mail                 | _____ | Overnight Delivery Services |

By: __/s/ Jon A. Wilson____
    Jon A. Wilson
    BROWN LAW FIRM, P.C.