

**Meyer, Shaffer & Stepans, PLLP**

Ryan Shaffer | ryan@mss-lawfirm.com
Robert L. Stepans | rob@mss-lawfirm.com
James Murnion | james@mss-lawfirm.com
Katy Gannon | katy@mss-lawfirm.com

May 1, 2023

<u>**Via Email and U.S. Mail**</u>

Jon A. Wilson
Brett C. Jensen
Michael P. Sarabia
BROWN LAW FIRM, P.C.
PO Drawer 849
Billings, MT 59103
jwilson@brownfirm.com
bjensen@brownfirm.com
msarabia@brownfirm.com

Joel M. Taylor, Esq. *pro hac vice*
Miller McNamara & Taylor LLP
100 South Bedford Road, Suite 340
Mount Kisco, NY 10549

jtaylor@mmt-law.com

   Re: *Caekaert & Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
    *Rowland & Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*

Counsel:

We received your letter demanding that we agree not to depose critical fact witnesses, or else you will file a motion for protective order tomorrow. While the Court ordered that Plaintiffs could re-file their Motions to Compel if the parties could not reach an agreement about these depositions, it is obvious that you are now using the Court's conferral requirement as nothing more than an opportunity to file your own motion before we re-file our motion to compel.

For the first time, your letter of today identifies people you want us to depose in lieu of Mr. Shuster, Mr. Breaux, and Mr. Smalley. None of those people have close to the same personal experience and knowledge that Mr. Shuster, Mr. Breaux, and Mr. Smalley have on issues critical to this case. You have failed to identify any legal authority which justifies your obstruction of these depositions. Even the apex doctrine does not justify your continued obstruction of these depositions. *See Apple Inv., Ltd.*, 282 F.R.D. 259 (N.D. Cal. 2012); *Brewer v. BNSF Railway Co.*, 2015 WL 13810744 (D. Mont. 2015).

Your letter of today references "prolonged pauses" during our conference call last week and characterizes them as me being unprepared for the call. In truth, I was attempting to be thoughtful and find documents that had the information you were asking about so that we could have a legitimate and good faith conversation about these depositions. For instance, because you

May 1, 2023
Page 2

asked for them, I searched for the documents regarding Mr. Breaux's prior identification as the **person most knowledgeable** on a variety of child sex abuse topics. Had you alerted me to this issue prior to our call, I would have had the documents ready before the call. Instead, you raised the issue for the first time during our call, necessitating "prolonged pauses" while I searched through my files. Today, rather than address those documents that you requested from me, you chose to criticize my genuine effort to confer with you. You also chose to conveniently ignore Judge Watter's observation that Plaintiffs had laid out the reasons for deposing Mr. Shuster, Mr. Breaux, and Mr. Smalley "with sufficient specificity" in Doc. 170 at pages 8-11. *See* Doc. 222 at 8.

Your criticisms of my good faith conferral efforts, refusal to acknowledge applicable law, and refusal to acknowledge that Plaintiffs have identified the reasons for wanting to depose Mr. Shuster, Mr. Breaux, and Mr. Smalley "with sufficient specificity" long before our call make it clear that you don't care about conferring, and your only goal is to obstruct Plaintiffs' ability to conduct discovery.

                                      Sincerely,

                                      MEYER, SHAFFER & STEPANS, PLLP

                                      James C. Murnion