IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIERY OF PENNSYLVANIA, INC.<br><br>Defendants. | CV 20-52-BLG-SPW<br><br>ORDER |

This matter comes before the Court on Plaintiffs Tracy Caekaert and Camilla Mapley's Motion to Compel Production of Non-Privileged Information in Documents Withheld on the Basis of Attorney-Client Privilege (Doc. 187), filed January 3, 2023. The Court stayed the motion in part pending an *in camera* review of 10 documents withheld by Defendant Watchtower Bible and Tract Society of New York, Inc. ("WTNY"). (Doc. 239). Having reviewed the submitted documents, the Court grants Plaintiffs' motion with respect to Documents 27, 28, 29, 32, 37, and 38, with the redactions described in this order. The Court denies the motion with respect to Documents 30, 31, 33, 34, and 36.

## I. Legal Standard

Under Federal Rule of Civil Procedure 45(e)(2)(A):

1

A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

In civil cases, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. Montana Code Annotated § 26-1-804 provides that "[a] member of the clergy or priest may not, without the consent of the person making the confession, be examined as to any confession made to the individual in the individual's professional character in the course of discipline enjoined by the church to which the individual belongs." A party asserting clergy-penitent privilege has the burden to prove the withheld documents/communications contain (1) a confession or other non-penitential statement made to a member of the clergy; (2) in confidence; (3) for the purpose of seeking or receiving religious guidance, admonishment, or advice; (4) so long as the cleric was acting in their religious role pursuant to the established practices of the subject church. *Montana v. MacKinnon*, 957 P.2d 23, 28 (Mont. 1998).

## II.  Analysis

### A.  Document 27

Document 27 is a letter sent from the Columbia Falls Congregation in Columbia Falls, Montana to elders at WTNY in response to a request from WTNY for information on all known child sex abusers currently or formerly in appointed

2

positions in the congregation. (Doc. 188-4 at 3-4 ("WTNY Letter")). It outlines the allegations of sexual misconduct against a congregation member not named in this litigation. WTNY argues that the letter is privileged because it is a confidential communication seeking religious guidance, admonishment, or advice concerning a third party.

Having reviewed the letter, the Court finds that the letter is not privileged. First, the letter is not a confession and does not indicate that the information obtained is from a confession. Rather, the letter describes the alleged child molester as denying all the accusations, stating that the third party articulated that "he did nothing to apologize for." Second, the letter is not seeking religious guidance or advice. Instead, it merely supplies the information requested by the WTNY Letter. In fact, the elders who drafted the letter state, "We hope that this information will be of assistance to you brothers in assessing this situation," then offer their assistance as WTNY needs. Accordingly, the letter is not privileged, and the Court orders its production. Since the letter mentions persons not named or implicated in this litigation, the Court orders Document 27's production with the redaction of those names.

*B.    Document 28*

Document 28 is a letter sent from the Harvest Park Congregation of Jehovah's Witnesses in Billings, Montana to WTNY in response to the WTNY

3

Letter. It outlines the allegations of sexual misconduct against a congregation member not named in this litigation. WTNY argues that the letter is privileged because it is a confidential communication seeking religious guidance, admonishment, or advice concerning a third party.

Nothing in the letter except Line 6 is privileged. Like Document 27, Document 28's introduction paragraph, Lines 1-5, and Line 7 state the facts of the accusations without any indication that they were gleaned from a confession. Further, the letter does not ask for religious advice or guidance. Its only stated purpose is to provide the information requested in the WTNY letter.

Line 6, on the other hand, describes the accused's confession and the internal judicial action taken in response. Both are privileged and must be redacted, along with the names of any persons not named in this litigation, since they are not implicated in this litigation. Thus, the Court orders Document 27 be produced with such redactions.

C. *Document 29*

Document 29 is a letter sent from the Hardin Congregation in Hardin, Montana to WTNY in response to the WTNY letter. It outlines the allegations of sexual misconduct against Gunnar Hain. WTNY argues that the letter is privileged because it is a confidential communication seeking religious guidance, admonishment, or advice concerning a third party.

The Court reviewed Document 29 *in camera* in 2021 and found that it contained information from a confession by Hain, so it was privileged. (Doc. 82 at 3-4). However, at that time, Plaintiffs did not know that the letter was a corporate report in response the WTNY Letter. They now argue that they could not brief how clergy-penitent privilege may or may not apply. As such, Plaintiffs request the Court re-review the document and redact any parts that contain a confession. The Court granted this request. (Doc. 239 at 9).

Having reviewed Document 29 in this new context, the Court finds portions of the letter do not contain privileged information and can be produced. The majority of the letter is a recitation of the facts of the incidents and accusations, though it also contains confessions and descriptions of the congregation's disciplinary actions. Accordingly, the Court orders the letter be produced with the following redactions:

- Paragraph one, sentence two and three
- Paragraph one, sentence four ending at "after"
- Paragraph two, sentence one
- Paragraph two, sentence five beginning at "the information"
- Paragraph three, sentence one, clause between "girls" and "who no longer"
- Paragraph three, sentence seven
- Paragraph three, sentences nine, ten, and eleven
- The names of any persons not named in this litigation

D.   *Document 30*

Document 30 is a letter sent from a third-party congregation to WTNY in response to the WTNY Letter. It outlines the allegations of sexual misconduct against a congregation member not named in this litigation. WTNY argues that the letter is privileged because it is a confidential communication seeking religious guidance, admonishment, or advice concerning a third party.

The Court finds this letter is privileged because it expressly seeks religious advice on how to proceed with respect to the accusations. Accordingly, the Court orders Document 30 be withheld.

E.   *Document 31*

Document 31 is a letter sent from a third-party congregation to WTNY in response to the WTNY Letter. It outlines the allegations of sexual misconduct against a congregation member not named in this litigation. WTNY argues that the letter is privileged because it is a confidential communication seeking religious guidance, admonishment, or advice concerning a third party.

The Court finds this letter is privileged because it is entirely based on information from the confession of the accused abuser and seeks religious guidance or advice from WTNY. Accordingly, the Court orders Document 31 be withheld.

### F.   Document 32

Document 32 is a letter sent from the Twin Bridges Congregation in Twin Bridges, Montana to WTNY in response to the WTNY Letter. It outlines the allegations of sexual misconduct against a congregation member not named in this litigation. WTNY argues that the letter is privileged because it is a confidential communication seeking religious guidance, admonishment, or advice concerning a third party.

Document 32 is not privileged because it does not contain information from a confession. Nor does it detail any internal judicial process or ask for religious advice. Thus, the Court orders the production of Document 32. Since third parties not involved in this litigation are named, the Court orders their names be redacted.

### G.   Document 33

Document 33 is a letter sent from a third-party congregation to WTNY in response to the WTNY Letter. It outlines the allegations of sexual misconduct against a congregation member not named in this litigation. WTNY argues that the letter is privileged because it is a confidential communication seeking religious guidance, admonishment, or advice concerning a third party.

The Court finds this letter is privileged because it is based on information learned from internal judicial proceedings and the accused's confession. Accordingly, the Court orders Document 33 be withheld.

*H.     Document 34*

Document 34 is a letter sent from a third-party congregation to WTNY in response to the WTNY Letter. It outlines the allegations of sexual misconduct against a congregation member not named in this litigation. WTNY argues that the letter is privileged because it is a confidential communication seeking religious guidance, admonishment, or advice concerning a third party.

The Court finds this letter is privileged because it is entirely based on information from the confession of the accused abuser and from the religious guidance given during the confession. Accordingly, the Court orders Document 34 be withheld.

*I.     Document 36*

Document 36 is a letter sent from a third-party congregation to WTNY in response to the WTNY Letter. It outlines the allegations of sexual misconduct against a congregation member not named in this litigation. WTNY argues that the letter is privileged because it is a confidential communication seeking religious guidance, admonishment, or advice concerning a third party.

The Court finds this letter is privileged because it is entirely based on information from the confession of the accused abuser to elders and the resulting judicial action taken by the elders. Accordingly, the Court orders Document 36 be withheld.

*J.     Document 37*

Document 37 is a letter from the Hardin Congregation elders to the Pacific Washington Congregation elders "introducing" Hain, pursuant to a requirement in the WTNY Letter that congregations with known child molesters notify other congregations if the molesters moved congregations. (Doc. 188-4 at 3). WTNY argues it is privileged because it provides religious guidance, admonishment, or advice concerning Hain.

The Court finds that the letter contains some privileged information that can be redacted but is otherwise unprivileged. Paragraphs one and two are not privileged because they describe facts unrelated to sexual abuse or the allegations. Paragraph three contains some non-privileged information, information from confessions, and information concerning the judicial proceedings related to Hain. Accordingly, the Court orders the production of Document 37 with the following redactions:

- Paragraph 3, sentence two after "about ten years old and"
- Paragraph 3, sentences seven through twenty
- Paragraph 3, final three sentences

*K.     Document 38*

Document 38 is a letter from Tom Meyers of the Hardin Congregation to WTNY generally about the abuse by Martin Svenson, who is named in this

9

litigation. WTNY argues it is privileged because it provides religious guidance, admonishment, or advice concerning Svenson.

The Court finds Document 38 is not privileged. It does not contain information from any confessions or concern judicial proceedings. Further, it does not seek religious guidance. Rather, it appears to discuss Meyers' general concerns about Svenson and his conduct in the congregation. Accordingly, the Court orders Document 38 be produced. However, since third parties not involved in this litigation are named, the Court orders the redaction of their names.

### III. Conclusion

IT IS HEREBY ORDERED that Plaintiffs Tracy Caekaert and Camillia Mapley's Motion to Compel Production of Non-Privileged Information in Documents Withheld on the Basis of Attorney-Client Privilege (Doc. 187) is GRANTED with respect to Documents 27, 28, 29, 32, 37, and 38, with the redactions described in this order. The motion is DENIED with respect to Documents 30, 31, 33, 34, and 36.

DATED the 14th day of July, 2023.

SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE