Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Victoria K.M. Gannon
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT 59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com
katy@mss-lawfirm.com

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
6631 Mariposa Court
Denver, CO 80221
Tel: (303) 947-4453
matthew@merrillwaterlaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | | |
|---|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | ) ) ) | Case No. CV-20-52-BLG-SPW |
| Plaintiffs, | ) ) | **PLAINTIFFS' REPLY BRIEF** |
| vs. | ) ) ) | **IN SUPPORT OF THEIR MOTION TO STRIKE AND** |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA., | ) ) ) ) ) | **ORDER DEPOSITIONS TAKEN AS NOTICED (DOC. 248)** |
| Defendants, | ) ) | |

Plaintiffs submit the following Reply in support of their Motion to Strike

and Order Depositions Taken as Noticed (Doc. 248).

///

## 1. The Witnesses' Depositions Have Always Been Personal Depositions

WTNY proposes that for the last nine months, it was confused about the "context" in which Plaintiffs were intending to take the personal depositions of Allen Shuster, Gary Breaux, and Gene Smalley (the "Witnesses"). WTNY's argument is a fiction of its own making. Plaintiffs have always and only communicated with WTNY about the depositions of Shuster, Breaux, and Smalley as personal depositions under Rule 30(b)(1):

> From the very start, Plaintiffs' counsel requested to take the Witnesses' personal depositions as separate and distinct from a Rule 30(b)(6) deposition:

> > I understand WTNY's position is that we must notice up all 30b6 topics at one time. If we cannot come to an agreement on that issue, we may need to get some time with the Judge before we go. Additionally, we have been considering adding a couple topics related to corporate hierarchy / organization. **We would also like to get Gene Smalley, Gary Breaux and Allen Shuster deposed.**

> (Doc 249-1).

> In response to WTNY's specific request, Plaintiffs served the first set of Rule 30(b)(1) personal deposition notices for the Witnesses.

> When WTNY objected, alleging that the Witnesses did not have personal, discoverable knowledge, Plaintiffs filed a Motion to Compel setting forth the

personal knowledge and experience of the Witnesses that made their testimony discoverable.  (Doc. 154).

➢ WTNY then filed a brief with this Court arguing that the noticed depositions should not be permitted because the Witnesses did not have personal knowledge of certain matters involved in this case.  (Doc. 160).

➢ At WTNY's request, Plaintiffs served a second set of Rule 30(b)(1) notices for the personal depositions of the Witnesses.  (Doc. 236-9).

➢ WTNY then filed a Motion for Protective Order, again arguing that the Witnesses did not have discoverable, personal knowledge.  (Doc. 235).

There has never been anything confusing or unclear about the "context" of the noticed Rule 30(b)(1) depositions.  WTNY's own submissions to the Court, where it argued that the Witnesses should not be deposed because they did not have personal knowledge about certain things involved in this case, makes it clear that WTNY's counsel knew that the depositions were about the Witnesses' personal knowledge.[1]

/ / /

/ / /

---

[1] In truth, it is now patently obvious that WTNY's goal is to limit Plaintiffs to only a Rule 30(b)(6) deposition whereby WTNY gets to choose who Plaintiffs depose. But that is contrary to the letter and spirit of discovery, where each side is entitled to select who it deposes and in what order.  *See, e.g.*, Fed. R. Civ. P. 30(a)(1).

## 2. WTNY's Bait and Switch

For the last nine months, WTNY's counsel chose to act on behalf of the Witnesses by: (1) requesting service of their deposition notices; (2) meeting with the Witnesses about the depositions; (3) and representing the Witnesses' interests before this Court.  This is not surprising: Allen Shuster and Gary Breaux have both been appointed previously to testify on behalf of WTNY, and Gene Smalley works at the Jehovah's Witnesses headquarters in its Writing Department.  (Doc. 243). All objective evidence and information indicates that when it suits WTNY's interests it acts on the Witnesses' behalf for the purpose of arranging their depositions.  But now, in what appears to be an intentional bait-and-switch, WTNY's counsel has switched course in a reply brief, asking the Court to ignore the fact that they have acted on the Witnesses' behalf for the last nine months.  Not only is such conduct highly unreasonable, it is also prohibited by applicable rules and law which required WTNY to raise the absence of a subpoena as an obstacle to the depositions long ago if it was a genuine issue.  *E.g.* L.R. 26.3(c)(1); *Rocky Mt. Biologicals, Inc. v. Microbix Biosystems, Inc.*, 986 F.Supp 2d 1187, 1197 (D. Mont. 2013) (*citing State of Nevada v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990) ("the Court need not address arguments raised for the first time in a reply brief"); *U.S. v. Rocha*, CR 15-20-M-DLC, 2015 WL 6440958 at *3 (D. Mont. Oct. 15, 2015) (citing Ninth Circuit cases for the rule that "it is axiomatic that nothing

may be raised for the first time in reply that has not been raised in an opening brief.").  Under applicable rules and law WTNY's last minute argument should be rejected.

### 3.  A Sur-reply is Not the Proper Remedy

WTNY argues that Plaintiffs' Motion should be denied because they should have filed a sur-reply instead of a motion to strike.  But briefing the merits of an unreasonable and untimely argument, that was never raised during the conferral process and is not properly before the Court in the first place, is no remedy at all. The proper remedy in such circumstances is for the Court to strike the argument. *Thompson v. City of Bozeman*, CV 18-75-BU-BMM-KLD, 2019 WL 4307965, at *1 (D. Mont. Sept. 11, 2019); *Star Ins. Co. v. Iron Horse Tools, Inc.*, CV-16-48-BLG-SPW, 2018 WL 1378751, at *1 (D. Mont. Mar. 19, 2018).  WTNY's counsel wants to turn the simple task of setting a deposition into an endless cat and mouse game.  Plaintiffs request that the Court reject WTNY's effort, strike the improper subpoena argument, and order the depositions taken as noticed.

DATED this 18th day of July, 2023.

By: /s/ Ryan Shaffer
    Ryan R. Shaffer
    MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 902 words, excluding the caption, certificates of service, and compliance, table of contents and authorities, and exhibit index.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*