Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Victoria K.M. Gannon
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com
katy@mss-lawfirm.com

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
6631 Mariposa Court
Denver, CO  80221
Tel: (303) 947-4453
matthew@merrillwaterlaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA., <br><br> Defendants, | Case No. CV-20-52-BLG-SPW <br><br> **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER RE: WTPA'S FOURTH DISCOVERY REQUESTS TO PLAINITFFS** |

Plaintiffs Tracy Caekaert and Camillia Mapley, by and through undersigned

counsel, submit the following Brief in Support of their Motion for Protective Order

seeking protection from Watch Tower Bible and Tract Society's ("WTPA") Fourth Discovery Requests.

## INTRODUCTION TO THE ISSUES

Philip Brumley has filed an appeal of this Court's August 23, 2022, Order sanctioning him for making sworn statements in reckless disregard for the truth. Mr. Brumley is being represented by the same attorneys who represent WTPA in this case. Those attorneys are now attempting to use Mr. Brumley's appeal, and the documents filed therein, as a basis to conduct discovery in this case. They are also attempting to use those same appellate briefs as a basis for discovering the results of the prefiling investigation completed by Plaintiffs' lawyers.

Legal briefs filed at the Ninth Circuit Court of Appeals by Plaintiffs' lawyers do not create factual disputes in this case. Fed. R. Civ. Pro. 26 does not permit WTPA's and Brumley's lawyers to conduct discovery on assertions made in legal briefs submitted by Plaintiffs' lawyers to the Ninth Circuit Court of Appeals. Just the same, the prefiling investigation completed by Plaintiffs' lawyers is not an issue in dispute in this case and is therefore not a proper subject of discovery.

The language and wording in discovery requests matter. Plaintiffs have offered to answer the discovery if WTPA would modify the Requests to seek information on matters being disputed in *this case* rather than seeking discovery on assertions being made by Plaintiffs' counsel at the Ninth Circuit Court of Appeals.

WTPA's and Brumley's lawyers are not willing to make such simple modifications, and they will not explain why discovery into assertions made by Plaintiffs' lawyers in legal briefs at the Ninth Circuit Court of Appeals is either proper or necessary in this case. Plaintiffs therefore seek an order from the Court protecting them from the Requests.

## FACTUAL BACKGROUND

1. On July 12, 2023, WTPA served its Fourth Discovery Requests on Plaintiffs. A copy of WTPA's Fourth Discovery Requests and Amended Fourth Discovery Requests (the "Requests") are attached as **Exhibit 1**.

2. The Requests include three interrogatories and three requests for production that correspond to each of the interrogatories. **Ex. 1**.

3. The interrogatories seek discovery of facts "relevant to" briefing recently filed at the Ninth Circuit Court of Appeals in Appeal No. 23-35329. **Ex. 1**.

4. Appeal No. 23-35329 is Philip Brumley's consolidated appeal of this Court's Order sanctioning him for submitting sworn statements that were made in reckless disregard for accuracy and truth that caused a seventeen (17) month delay in this case. *See* Doc. 135 at 13; Doc. 233; Doc. 258.

5. Mr. Brumley is being represented by WTPA's attorneys in Appeal No. 23-35329. *See* Brumley's Mediation Questionnaire (Doc. 2), filed by WTPA counsel Christopher T. Sweeney attached as **Exhibit 2**.

6. Plaintiffs' counsel asked WTPA to modify the phrasing of the interrogatories so that they would be tied to disputes in this case, rather than being tied to assertions made by Plaintiffs' lawyers in legal briefs filed in Appeal No. 23-35329.  Correspondence from Ryan Shaffer to Christopher Sweeney and Gerry Fagan (August 21, 2023) (attached as **Exhibit 3**).

7. WTPA's counsel stated that such modifications would reflect "a distinction without a difference" and would not modify the requests.[1]  Correspondence from Christopher Sweeney to Ryan Shaffer, p. 2 (August 31, 2023) (attached as **Exhibit 4**).

8. Plaintiffs' counsel also expressed concern with Interrogatory No. 22's effort to obtain the results of Plaintiffs' counsel's prefiling investigation because the results of that investigation are not at issue in this case.  **Ex. 3**.

9. WTPA responded by stating that because Plaintiffs' counsel made a representation about the prefiling investigation to the Ninth Circuit Court of Appeals in Appeal No. 23-35 that Plaintiffs themselves "have put that prefiling investigation directly at issue . . ." and therefore it is an appropriate area of discovery in this case.  **Ex. 4**, p. 3.

---

[1]  Plaintiff disagrees that the suggested modifications represent a "distinction without a difference" as asserted by WTPA's counsel.  Nevertheless, if that is true WTPA should have had no qualms about modifying the discovery requests so that they are tied to this case rather than being tied to Appeal 23-35329.

## APPLICABLE LAW[2]

1. <u>The Scope of Discovery Under Rule 26 is Tied to Claims and Defenses in *This Case*.</u>

Discovery is permitted as to nonprivileged matters that are "relevant to any party's claim or defense and proportional to the needs of the case . . ."  Fed. R. Civ. Pro. 26(b).  In general, the scope of discovery is understood to include matters bearing on disputed issues in the case.  *BNSF Railway Co. on behalf of United States v. Ctr. for Asbestos Related Disease, Inc.*, No. 19-40-M-DLC, 2022 WL 1442854, at *3 (D. Mont. May 6, 2022).  A party may use an interrogatory to ask about "any matter that may be inquired into under Rule 26(b)."  Fed. R. Civ. Pro. 33(a)(2).  However, district courts should limit discovery that "is outside the scope permitted by Rule 26(b)(1)" and have wide latitude to do so.  Fed. R. Civ. Pro. 26(b)(2)(C)(iii); *U.S. Fid. And Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, n.10 (9th Cir. 2011).

2. <u>Plaintiffs' Counsel's Prefiling Investigation is Not at Issue and Therefore is Outside the Scope of Discovery.</u>

Where the pleadings have been tested and have withstood scrutiny, the results of a prefiling investigation are not a proper topic of discovery.  *In re Bofi Holding, Inc. Securities Litig.*, 2021 WL 3700749, at *4, 15-CV-2324-GPC-KSC

---

[2] Plaintiffs' counsel endeavored to find and cite in-district and in-circuit case law for all legal principles herein.  Citations to out-of-circuit case law were made only where in-district and in-circuit case law was not found.

(S.D. Cal. July 27, 2021).  "[T]here is a difference between information that is 'relevan[t] to the disposition of the action' (which is discoverable) and information that would facilitate a '*post hoc* investigation into the sourcing of a complaint's allegations' (which is not)."  *Grae v. Corrections Corp. of Am.*, 326 F.R.D. 482, 486 (M.D. Tenn. 2018).  Counsel's prefiling investigation "is wholly divorced from the subject matter and claims in the underlying action itself" and therefore discovery related to that investigation fails to pass the basic *prima facie* showing of relevance.  *In re Symbol Techs., Inc. Sec. Litig.*, 2017 WL 1233842, at *13 (E.D.N.Y. Mar. 31, 2017).

## ARGUMENT

1. <u>Plaintiffs should be protected from discovery into assertions their counsel made in Appeal No. 23-35329.</u>

Plaintiffs are concerned about answering discovery requests that are, on their face, inquiring into assertions made by their counsel in legal briefing submitted to the Ninth Circuit Court of Appeals because that is outside of what is contemplated by Rule 26.  Rule 26 limits the scope of discovery to matters "relevant to any party's claim or defense and proportional to the needs of the case."  Simply put, assertions made by Plaintiffs' counsel at the Ninth Circuit Court of Appeals are not relevant to any party's claim or defense in *this case*.

Nevertheless, Plaintiffs want to provide WTPA with substantive information pertaining to the claims and defenses in this case and have repeatedly offered to do

so if WTPA would make minor modifications to the wording of the Requests.  For

instance, WTPA's Interrogatory No. 21 presently states:

> You have alleged in an appellate pleading that WTPA and WTNY "worked
> in concert to promulgate and enforce policies and procedures that effectively
> instructed local officials to keep child sex abuse secret and to permit known
> pedophiles to have continued access to their victims." Please identify the
> facts which are relevant to your allegation that WTPA and WTNY worked
> in concert to promulgate and enforce these alleged policies and procedures,
> including facts which support that they worked in concert together, as well
> as the identification of the alleged policies and procedures.

**Ex. 1**.  Plaintiffs asked WTPA to modify the language of Interrogatory No. 21

slightly so that it was not seeking discovery on an assertion made to the Ninth

Circuit, but was instead seeking discovery about the pending District Court case,

such as:

> If you are alleging in this case that WTPA and WTNY worked in concert to
> promulgate and enforce policies and procedures that effectively instructed
> local officials to keep child sex abuse secret and to permit known pedophiles
> to have continued access to the victims, please identify the facts which
> support your allegation.

**Ex. 3**.  Indeed, if Plaintiffs are not asserting that WTPA and WTNY worked in

concert to promulgate and enforce policies and procedures that protected known

pedophiles **in this case** then it is not a permissible area of discovery **in this case**.

*See* Fed. R. Civ. Pro. 26(b) (limiting the scope of discovery into the claims and

defenses at issue in the district court); *BNSF Railway Co. on behalf of United

States*, No. 19-40-M-DLC, 2022 WL 1442854, at *3.

The wording used in interrogatories matters, and answers can only be understood in the context of the questions being asked.  Plaintiffs want to answer discovery seeking information that is relevant to the claims and defenses at issue in this case and have offered to do so.  **Ex. 3**.  That is exactly what the plain language of Rule 26 contemplates.  *Id.*

WTPA's lawyers in this case also represent Mr. Brumley in Appeal No. 23-35329.  Those lawyers are presently seeking discovery in this case that is, on its face, about issues pending in the appellate matter where they only represent Mr. Brumley.  Thus, Plaintiffs' counsel is concerned that WTPA and Mr. Brumley are attempting to use the Requests for an improper purpose.

Plaintiffs' counsel does not know WTPA's/Brumley's counsel's true motivations for serving discovery about the Ninth Circuit appellate briefing.  However, WTPA could easily eliminate all concerns about impermissible discovery, and obtain the information it allegedly wants, if it would simply modify the Requests so that they were about disputed issues in this case rather than being about appellate briefing.  To be sure, WTPA's counsel has stated that the distinctions between Plaintiffs' proposed modifications (which would focus the Requests on this case) and WTPA's Requests are "without a difference."  If that is true, then WTPA should have no problem making Plaintiffs' proposed

modifications.  Yet, they refuse to do so, which only further heightens the concerns of improper discovery.

WTPA is entitled to conduct discovery into the basis for Plaintiffs' claims that are at issue in this case.  That is the established and recognized proper scope of discovery under Rule 26.  By the same token, they are not entitled to conduct discovery on behalf of Mr. Brumley in Appeal No. 23-35329.  Their dual representation, combined with their refusal to make slight modifications to the Requests that would put them squarely within what is contemplated by Rule 26 raises significant concerns about the purpose of the Requests.  Plaintiffs would like to provide substantive answers to discovery requests about this case that are contemplated by and permissible under Rule 26.  Because WTPA's Requests fail this fundamental test, Plaintiffs should be protected from answering them.

2. <u>Plaintiffs should be protected from WTPA's Int. No. 22 because the results of counsel's prefiling investigation is not an issue in this case and is protected from disclosure by the work-product doctrine.</u>

In addition to the concerns set forth above, Plaintiffs also seek protection from answering WTPA's Int. No. 22 because the results of Plaintiffs' counsel's prefiling investigation is not in dispute in this case, is protected by attorney work product doctrine, and is therefore not subject to discovery.  Specifically, WTPA's Interrogatory No. 22 asks:

> You have alleged in an appellate pleading that a "prefiling investigation showed that WTPA and WTNY, through their appointed, local officials in

Hardin, MT (known as "elders" and "ministerial servants") and regionally (known as "travelling overseers") were on notice that at least some of the abusers were molesting children but failed to act reasonably to prevent it." Please identify the facts your prefiling investigation uncovered that were relevant to this allegation.

**Ex. 1**.

The scope of discovery is limited to information "relevant to any party's claim or defense and proportional to the needs of the case . . ."  Fed. R. Civ. Pro. 26(b).  The results of Plaintiffs' counsel's prefiling investigation is not "relevant to any party's claim or defense" at this point in the case and is therefore outside of what is permitted under the plain language of Rule 26.  Consistent with the plain language of Rule 26, trial court holdings confirm that once the pleadings have withstood scrutiny the case is about proving and disproving the allegations in those pleadings, and "discovery into the conduct of plaintiff's counsel's prefiling investigation is neither relevant nor 'importan[t] … [to] resolving the issues" in the case."  *In re Bofi Holding*, 2021 WL 3700749, at *4 (citing Fed. R. Civ. Pro. 26(b)(1)).  A "*post hoc* investigation into the sourcing of a complaint's allegations" is not discoverable once the pleadings have been tested.  *Grae*, 326 F.R.D. at 486.

When asked to explain why the pre-filing investigation completed by Plaintiffs' attorneys was a valid area of discovery WTPA's counsel responded by stating that it became relevant once Plaintiffs' lawyers referenced it in the appellate brief:

Your clients have put that prefiling investigation directly at issue, years after the litigation began, and are relying on that prefiling investigation to advance their position in this case.

**Ex. 4**.  Thus, as WTPA would have it, any statement or assertion made by Plaintiffs' lawyers in Appeal No. 23-35329 – simply by virtue of being recited in appellate briefing - becomes a valid area of discovery in *this case*.  That is certainly not what Rule 26 prescribes.

Appeal No. 23-35329 is not *this case*.  Appeal No. 23-35329 is Philip Brumley's interlocutory appeal of this Court's order sanctioning him for making misleading, inaccurate, and untruthful statements about WTPA's activities. Moreover, the reference to Plaintiffs' counsel's prefiling investigation contained in the Ninth Circuit briefing was made in the "Background" section of a motion to dismiss Mr. Brumley's appeal as premature.  Plaintiffs' counsel's prefiling investigation is not at issue in Appeal No. 23-35329, nor is it at issue in *this case*. WTPA's Interrogatory No. 22 seeks information that is "wholly divorced from the subject matter and claims in the underlying action."  *In re Bofi Holding*, 2021 WL 3700749, at *4; *See also Grae*, 326 F.R.D. at 486.

Additionally, as the *Bofi* court noted, the results of a prefiling investigation by counsel and its investigator includes matters protected by attorney work product.  *In re Bofi Holding*, 2021 WL 3700749, at *6 (citing Fed. R. Civ. Pro. 26(b)(3)(A)).  Here, Plaintiffs have already produced all discoverable materials

obtained during their prefiling investigation as part of answers and responses to other discovery requests and pursuant to Rule 26(a).  Thus, Interrogatory No. 22, and its corresponding Request for Production No. 39, are effectively asking Plaintiffs' counsel to identify when they obtained such materials, what Plaintiffs' counsel knew, and when they knew it.  This information is protected by the work product doctrine.  *American Zurich Ins. Co. v. Montana Thirteenth Judicial Dist. Court*, 364 Mont. 299, 307-08, 280 P.3d 240, 248 (Mont. 2012); *Palmer by Diacon v. Farmers Ins. Exchange*, 261 Mont. 91, 117, 861 P.2d 895, 911 (Mont. 1993) (work product doctrine protects the mental impressions of opposing counsel from discovery).

Plaintiffs' concern is that WTPA is attempting to use the appellate briefing process in Appeal No. 23-35329 as a mechanism for fabricating disputes and serving improper discovery in this case.  There is no dispute about the prefiling investigation conducted by Plaintiffs' counsel in this case (or in Appeal No. 23-35329) and there is no legitimate basis for WTPA to learn what Plaintiffs' counsel knew and when they knew it.

## CONCLUSION

Rule 26(c) allows a court to issue a protective order upon a showing of good cause by the moving party.  Fed. R. Civ. P. 26(c). This rule "confers broad discretion on the trial court to decide when a protective order is appropriate and

what degree of protection is required." *Seattle Times Co., v. Rhinehart*, 467 U.S. 20, 104 S. Ct. 2199, 81 L.Ed.2d 17 (1984). Here, WTPA cannot establish that its discovery is within what is contemplated by Rule 26 because it is not drafted to seek information "relevant to any party's claim or defense and proportional to the needs of the case . . ." Fed. R. Civ. Pro. 26(b).

Given the dual representation of WTPA and Mr. Brumley, combined with the unconventional reference to appellate briefing as a basis for the Requests, Plaintiffs are concerned about the ways in which WTPA and Mr. Brumley intend to use the Requests. As a result, Plaintiffs proposed a common-sense solution: modify the Requests so that they would explicitly seek information at issue in *this case* rather than seek information about legal briefing filed at the Ninth Circuit Court of Appeals. WTPA failed to articulate any reasonable or logical basis for resisting such modifications. In fact, WTPA's counsel stated that the proposed modifications did not make a difference to the Requests. If that is true, then why wouldn't WTPA make the modifications?

Because WTPA cannot show that its Requests fall within what is contemplated by Rule 26, and in fact, Interrogatory No. 22 seeks information protected by the attorney work product doctrine, Plaintiffs respectfully request that the Court exercise its discretion and protect Plaintiffs from the Requests.

///

DATED this 8th day of September 2023.

By: /s/ Ryan Shaffer
        Ryan R. Shaffer
        MEYER, SHAFFER & STEPANS PLLP

        *Attorneys for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby certifies that this brief

complies with the length requirement for briefs, and that this brief contains 2,897

words, excluding the caption, certificates of service, and compliance, table of

contents, and authorities, and exhibit index.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 1.4, this document has been served on all parties via

electronic service through the Court's Case Management/Electronic Case Filing

(CM/ECF) system.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*