*Exhibit 2*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 7. Mediation Questionnaire

*Instructions for this form: https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** | 23-35329; 23-35330

**Case Name** | Caekaert / Rowland v. WTNY & WTPA

**Counsel submitting this form** | Christopher T. Sweeney

**Represented party/parties** | Appellant Philip Brumley

*Briefly describe the dispute that gave rise to this lawsuit.*

The underlying lawsuits involve claims by Plaintiffs-Appellees for negligence and negligence per se against Defendants Watchtower Bible and Tract Society of New York, Inc. ("WTNY") and Watch Tower Bible and Tract Society of Pennsylvania ("WTPA"), which are both non-profit religious entities that provide services for the religion known as Jehovah's Witnesses. Plaintiffs-Appellees' claims are based on allegations that they were sexually abused during the 1970s and 1980s when they attended the Congregation of Jehovah's Witnesses in Hardin, Montana, and that the Defendants failed to investigate, report, and/or prevent their abuse.

On June 22, 2020, WTPA responded to the complaints in both cases by filing a Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) (Doc. 13/Doc. 9). In support, WTPA filed two affidavits by Appellant Philip Brumley ("Brumley"), its General Counsel, which included statements with examples of WTPA's functions, about its lack of contacts with the state of Montana, and addressing certain documents filed by Plaintiffs-Appellees in opposition to the motion (Doc. 14-1/Doc. 10-1; Doc. 26/Doc. 18-1). After approximately 14 months of jurisdictional discovery, as ordered by the District Court, Plaintiffs-Appellees demanded that WTPA withdraw its Motions to Dismiss, which it did on November 5, 2021 (Doc. 94/Doc. 84).

Plaintiffs-Appellees then filed a Motion for Sanctions against Brumley in each case based on his affidavits pursuant to 28 U.S.C. § 1927 and the Court's inherent authority (Doc. 101/Doc. 90).

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 7                                                                                      *Rev. 09/01/22*

1

*Briefly describe the result below and the main issues on appeal.*

The District Court granted Plaintiffs-Appellees' Motion for Sanctions for both cases under 28 U.S.C. § 1927 (Doc. 135/Doc. 120) and imposed sanctions against Brumley, a non-party corporate officer of WTPA who has never appeared as counsel of record in the underlying cases, in the amount of $154,448.11 (Doc. 219/Doc. 175).

The main issues on appeal are whether the District Court correctly applied 28 U.S.C. § 1927 against Brumley, and whether it correctly determined that his affidavit statements warranted sanctions under 28 U.S.C. § 1927 in the amount of $154,448.11.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

The underlying lawsuits (D.C. No. 1:20-cv-00052-SPW/D.C. No. 1:20-cv-00059-SPW) are proceeding without a stay.

Given that the District Court entered the same order in both cases and Brumley has appealed both orders, resulting in two identical appeals, the Court should consolidate appeals No. 23-35329 and No. 23-35330. We welcome the Mediation Office's help in effectuating such a consolidation.

Beyond that procedural assistance, however, in light of the litigation's status and the issues to be raised on appeal, it does not appear that a settlement assessment conference will be useful or that a settlement could be reached to resolve these appeals.

**Signature** s/ Christopher T. Sweeney          **Date** May 17, 2023
*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                              *Rev. 09/01/22*

2