***Exhibit 3***



**Ryan Shaffer** | ryan@mss-lawfirm.com
**Robert L. Stepans** | rob@mss-lawfirm.com
**James Murnion** | james@mss-lawfirm.com
**Katy Gannon** | katy@mss-lawfirm.com

August 21, 2023

**Via Email and U.S. Mail**

Gerry P. Fagan
Christopher T. Sweeney
Jordan W. FitzGerald
MOULTON BELLINGHAM PC
P.O. Box 2559
Billings, MT 59103

gerry.fagan@moultonbellingham.com
christopher.sweeney@moultonbellingham.com
jordan.fitzgerald@moultonbellingham.com

Re: WTPA's 4th Discovery to Plaintiffs Caeakert & Mapley
*Caekaert & Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*

Chris and Gerry:

Thank you for the call Friday. We were disappointed that we could not make any progress on any of our concerns with WTPA's discovery requests. We wanted to put our concerns in writing with the hope that you would consider them further. Our suggestions would permit us to provide you with substantive responses to the discovery.

**All Discovery Requests: Discovery Into Allegations Submitted to the Ninth Circuit Court of Appeals**

We remain concerned about discovery requests that seek information and documents supporting allegations made to the Ninth Circuit Court of Appeals rather than allegations at issue in the District Court. To the extent that the allegations are the same in both courts, we are happy to provide substantive responses so long as the discovery is geared to seek information and documents supporting allegations being pursued in the District Court. Therefore, we are requesting that references in the discovery requests to the Ninth Circuit pleadings be removed so that Plaintiffs are not answering discovery about the Ninth Circuit allegations. By way of example:

WTPA's Interrogatory No. 21 presently states:

> You have alleged in an appellate pleading that WTP A and WTNY "worked in concert to promulgate and enforce policies and procedures that effectively instructed local officials to keep child sex abuse secret and to permit known pedophiles to have continued access

> to their victims." Please identify the facts which are relevant to your allegation that WTP A and WTNY worked in concert to promulgate and enforce these alleged policies and procedures, including facts which support that they worked in concert together, as well as the identification of the alleged policies and procedures.

If WTPA would change the discovery request slightly, so that it was not seeking discovery on an assertion made to the Ninth Circuit and was instead seeking discovery about the pending District Court case, Plaintiffs will answer it. While it would ultimately be up to you to select the language, something along these lines would alleviate Plaintiffs' concerns:

> If you are alleging in this case that WTPA and WTNY worked in concert to promulgate and enforce policies and procedures that effectively instructed local officials to keep child sex abuse secret and to permit known pedophiles to have continued access to the victims, please identify the facts which support your allegation.

Making this modification (or some variation of it) would focus the discovery on the District Court case and alleviate Plaintiffs' concern so that we could identify the facts / documents WTPA is inquiring about. Ultimately, if WTPA's goal is to have Plaintiff identify the facts and documents supporting the referenced allegations, we will do so, but we want to do it in the context of the case for which discovery is permitted: the District Court case. We are working in good faith to get WTPA the documents and information it is seeking and would therefore ask that you reconsider your position (and ours) so that we can provide substantive answers/responses.

**Asking Plaintiffs' Counsel to Identify Documents We Believe Are "Relevant" to Certain Allegations**

In order to provide a full response to your RFPs as presently written, we have determined that we would have to provide an index of every document that we believe is relevant to the referenced allegations. This raises a couple of concerns. First, we do not see a way to do what is asked without reviewing every single document in the case (whether Plaintiffs intend to rely on it to prove their claims or not), come to our own opinion about its relevance, and then share our opinion with you. This will take hundreds of hours without providing WTPA any notice of documents Plaintiffs will use to prove their claims. We would urge you to review the Court's Order in this case which cites a series of cases instructing that such RFPs are not permissible. Doc. 245 at 4.

We are also concerned about being forced to provide Defense counsel an index of documents that Plaintiffs' counsel believes to be "relevant." During our call, we stated that we would provide substantive responses if WTPA would modify its requests to seek production of documents Plaintiffs will use to prove the referenced allegations at trial (rather than production of all documents that may be "relevant" to those allegations). Chris stated that this would permit Plaintiffs to withhold production of documents in our possession that are detrimental to their

cases (since Plaintiffs would not use such documents to prove their case at trial). While we understand Chris's concern, it is not well founded here because as we stated, we have produced **every single document in our possession** (whether it is detrimental to our case or not) except those identified in our privilege log. Thus, our responses to your RFPs will not result in the production of a single new document but will instead be references to Bates numbers of documents already produced. This gets to the heart of our concern with the requests because we do not believe we are required to go through all 80,000 documents produced in the case and perform a "relevancy" analysis for you.

We would ask that you read Doc. 245 at 4 and reconsider your position. If you would reformulate your RFP to seek all documents "supporting" instead of "relevant to" the allegations, we could provide such a list as it currently stands.

**Discovery Into Plaintiffs' Counsel's Prefiling Investigation**

WTPA's Int. No. 22 asks Plaintiffs to identify the facts obtained during their prefiling investigation. As we said during the call, we do not believe that the investigative results of Plaintiffs' prefiling investigation is a proper matter for discovery. The jury is not going to be tasked with determining what facts Plaintiffs' counsel knew or didn't know before filing Plaintiffs' cases because it has no bearing on any of Plaintiffs' claims or Defendants' defenses.

We searched and could not find any MT or Ninth Circuit case on point, but we found a trial court opinion holding that discovery into the pre-filing investigation conducted by Plaintiff's counsel is not permissible once motions to dismiss on the pleadings have passed because it is not geared to towards the discovery of any information that is relevant to a question for the jury to answer. In re Bofi Holding, Inc. Securities Litig., 15-CV-2324-GPC-KSC, 2021 WL 3700749, at *4 (S.D. Cal. July 27, 2021). This comports with our general understanding of the scope of discovery (i.e. "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ."). Fed. R. Civ. Pro. 26(b). We genuinely want to understand your position as to why the results of Plaintiffs' counsel's prefiling investigation is a legitimate matter of discovery at this stage in the litigation. When we asked during our call, you stated that it was a legitimate topic of discovery because of representations made to the Ninth Circuit Court of Appeals. For the reasons stated herein, we could not disagree more.

**Conferral Efforts to Avoid Motions**

We are working hard to try and provide WTPA substantive discovery responses so that it will have a full understanding of the evidence that Plaintiffs intend to bring to trial to prove their factual allegations. So far, we have seen nothing to indicate that you are willing to acknowledge that any of Plaintiffs' concerns have an iota of legitimacy. Instead, your response seems to be that we are trying to shirk our responsibilities or hide evidence that is detrimental to our case. Neither is true: we have produced every non-privileged document in our possession and if we

wanted to stone-wall we would have just served responses with objections. We are attempting to proactively work with you to identify the information and documents you seek but to do so with more appropriately worded discovery requests. Please spend some time reconsidering our positions and let us know if there is any way to resolve the concerns stated herein.

You had agreed to give Plaintiffs two extra weeks to answer and respond to the discovery which expires Friday, August 25th. To permit further efforts to resolve these matters without an immediate Motion for Protective Order, we would ask for an additional week. Lastly, I left Chris a message on Friday and have not heard back from him.

We look forward to hearing from you.

Sincerely,

MEYER, SHAFFER & STEPANS, PLLP

Ryan R. Shaffer