*Exhibit 4*

**MOULTON**BELLINGHAM PC

Suite 1900
27 North 27th Street
P.O. Box 2559
Billings, Montana 59103-2559

Phone (406) 248-7731
Fax (406) 248-7889

Christopher T. Sweeney
Christopher.Sweeney@moultonbellingham.com
(406) 248-7731

August 31, 2023

Ryan Shaffer
Meyer, Shaffer & Stepans, PLLP
430 Ryanm St.
Missoula, MT 59802
ryan@mss-lawfirm.com
rob@mss-lawfirm.com
james@mss-lawfirm.com
katy@mss-lawfirm.com

**RE:     Response to Ryan's August 21, 2023, letter re: WTPA's fourth discovery**

Dear Ryan:

I am writing to respond to your August 21, 2023, letter, which followed our phone call regarding WTPA's fourth discovery requests to Ms. Caekaert and Ms. Mapley.

As I understand it, your first issue is that you have concern that we have propounded interrogatories related to allegations made by your clients to the Ninth Circuit as part of their effort to dismiss Mr. Brumley's appeal of the sanctions order entered against him. Based on that concern, you have asked that we revise our interrogatories. We have considered your request to amend our interrogatories but have determined that it is not necessary as we believe our interrogatories, as written, are proper.

As an initial matter, you have not contended that the interrogatories are vague or that you do not understand what is requested. Indeed, in our view, the interrogatories are clear and concise.

Second, your clients, through counsel, made specific allegations in their Ninth Circuit filings. Our interrogatories quoted those allegations exactly and then specifically asked your clients to identify the facts relevant to those allegations. You have seemed to indicate that we are trying to improperly conduct discovery in the Ninth Circuit and instead should conduct discovery about the pending District Court case. That position does not seem to have any basis in law or the rules of civil procedure, nor have you cited any authority to support your position. The fact is that your clients, through their counsel, made specific allegations about WTPA and WTNY in their Ninth Circuit filing. WTPA is entitled to conduct discovery related to those allegations the same as it would with respect to statements made by your clients about WTPA anywhere else, i.e., in district court, on Facebook, to a neighbor, etc. We are not aware of, and you have not cited any, authority

that would allow your clients to make allegations to the Ninth Circuit in an appeal arising from this case while at the same time being immune from responding to discovery directly about those allegations.

I understand from our phone call preceding your August 21st letter that the allegations in our interrogatories are directly at issue in the district court case. The heart of your concern regarding the interrogatories seems to be what you state on the first page of your letter, which is that the interrogatories "seek information and documents supporting allegations made to the Ninth Circuit Court of Appeals rather than allegations at issue in the District Court." In our view, this is a distinction without a difference. Claims, allegations or assertions made by your clients against WTPA about its alleged wrong doing are fertile ground for discovery regardless of where made. WTPA is allowed to conduct discovery on your clients' allegations against WTPA, and especially those made to a court in this very case about matters that are very much at issue in this case.

Regarding the requests for production, we have read and understand your concerns, but disagree with your assessment. Rule 26 allows us to conduct discovery on any matter that is relevant to a party's claim. Consistent with this rule, our requests for production ask for documents relevant to the allegations your clients made in the Ninth Circuit. We reviewed the Court order your referenced, which cited *FTC v. Am. eVoice, Ltd.*, 2017 U.S. Dist. LEXIS 15813. That case lends support to our discovery requests. There, a party submitted 12 contention interrogatories, each with subparts. The Court denied the motion to compel because the interrogatories sought the vast majority of the facts supporting the complaint at issue and therefore were overly burdensome for the other party to respond.

Conversely, our three requests for production are aimed at three discreet allegations made by your clients. We do not believe these fall within Judge Watters' caution against propounding requests for production for all documents related to all claims, or within the factual scenario of the *FTC* case cited by Judge Watters. Rather, because the three requests are narrowly tailored to specific statements made to the Ninth Circuit, we believe they are permissible.

That being said, we would agree to revise the three requests for production to switch the words "relevant to" to "support" as you suggest in your letter. We do so while reserving the right to propound requests for production as originally drafted in WTPA's fourth discovery requests. Accordingly, please consider requests for production 38, 39, and 40 in WTPA's fourth discovery to Ms. Caekaert and Ms. Mapley amended as follows:

REQUEST FOR PRODUCTION NO. 38:  Please produce any documents that support your preceding Answer to Interrogatory No. 21.

REQUEST FOR PRODUCTION NO. 39:  Please produce any documents that support your preceding Answer to Interrogatory No. 22.

REQUEST FOR PRODUCTION NO. 40:  Please produce any documents that support your preceding Answer to Interrogatory No. 23.

Last, regarding the prefiling investigation, your clients specially alleged the following to advance its position with the Ninth Circuit: "Prefiling investigation showed that WTPA and WTNY, through their appointed, local officials in Hardin, MT (known as 'elders' and 'ministerial servants') and regionally (known as 'travelling overseers') were on notice that at least some of the abusers were molesting children but failed to act reasonably to prevent it." Your clients have put that prefiling investigation directly at issue, years after the litigation began, and are relying on that prefiling investigation to advance their position in this case. We do not believe it is proper for your clients to rely on the prefiling investigation to advance its position while at the same time not allowing discovery into that prefiling investigation. Such sword-and-shield tactics are disfavored by courts.

I have reviewed the *Bofi Holding* case you cite, and we do not believe your assessment of that trial order is accurate. First, the entire case is couched in plaintiffs' claims for violation of the Securities Exchange Act and the magistrate's recognition that the use of confidential witnesses in securities litigation is common as is the need to protect such witnesses. This is not securities litigation, and we are not aware of any similar precedent that requires protection of the underlying sources of plaintiffs prefiling investigation. Further, although that court restricted what discovery could be conducted with respect to the information supplied by the confidential witnesses as part of the prefiling investigation, it required that the names of the witnesses be provided. You state in your letter that the court found the discovery is not permissible. The court in that case did allow for the discovery of the names of those involved in the prefiling investigation.

I would also note that a subsequent order in the same case found that communications had by those potential witnesses involved in the pretrial investigation with others besides attorneys were discoverable. *In re Bofi Holding, Inc. Secs. Litig.*, 2022 U.S. Dist. LEXIS 8074.

We're not aware of any blanket rule that prohibits discovery into a prefiling investigation. In *Masterobjects, Inc. v. eBay, Inc.*, 2013 U.S. Dist. LEXIS 118943, such discovery was allowed. We're also not aware of any rule that allows the assertion of work-product protection when a party puts the prefiling discovery directly at issue in a court filing as plaintiffs have done here.

We believe our requests for production regarding plaintiffs' prefiling investigation are permitted under Rule 26, and we ask that plaintiffs fully respond.

Sincerely,

Christopher T. Sweeney

4876-9286-0797, v. 1