<u>Memorandum of Agreement
Regarding Independent Medical Examinations in the Pending Causes:</u>

*Tracy Caekaert and Camillia Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.* USDC Billings Division 20-CV-52-SPW-TJC
AND
*Ariane Rowland and Jamie Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.* USDC Billings Division 20-CV-59-SPW-TJC

    Defendants Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), and Watch Tower Bible and Tract Society of Pennsylvania (hereinafter "WTPA") (hereinafter collectively "Defendants"), have requested that Plaintiffs Tracy Caekaert, Camillia Mapley, Ariane Rowland, and Jamie Schulze (hereinafter collectively "Plaintiffs") submit to Rule 35, Fed. R. Civ. P., mental examinations with Michael Bütz, Ph.D., who Defendants expect will assist the triers of fact in determining the existence, nature, and extent of the psychological conditions Plaintiffs have placed at issue in the above causes of action by claiming injuries and damages secondary to various instances of childhood sexual abuse.

    The parties stipulate as a threshold matter that Dr. Bütz is a suitably licensed and certified examiner to conduct the subject mental examinations. The parties further stipulate as a threshold matter that there is "good cause" within the meaning of Rule 35(a)(2)(A), Fed. R. Civ. P., for the subject mental examinations to occur. Plaintiffs reserve the right to challenge Dr. Bütz as a witness and any part of his examination reports in later briefing or at trial.

    Pursuant to Rule 35(a)(2)(B), Fed. R. Civ. P., the parties stipulate that the subject mental examinations will occur subject to the following time, place, manner, conditions, and scope:

1. Ariane Rowland's mental examination will occur at a time to be agreed to by the parties at the offices of Dr. Bütz located at the Transwestern 1 Building, 404 North 31st Street, Suite 202 in Billings, Montana.

2. Jamie Rowland's mental examination will occur at a time to be agreed to by the parties at the offices of Dr. Bütz located at the Transwestern 1 Building, 404 North 31st Street, Suite 202 in Billings, Montana.



3. Tracy Caekaert's mental examination will occur at a time and place to be agreed to by the parties in Littlerock, Arkansas or, alternatively, at the offices of Dr. Bütz located at the Transwestern 1 Building, 404 North 31st Street, Suite 202 in Billings, Montana, if Ms. Caekaert is healthy enough to travel. Dr. Bütz has specifically agreed to become appropriately licensed and certified to conduct Ms. Caekaert's mental examination within the state of Arkansas, if necessary, as part of this agreement.

4. Camillia Mapley's mental examination will occur at a time and place to be agreed to by the parties at the offices of Dr. Bütz located at the Transwestern 1 Building, 404 North 31st Street, Suite 202 in Billings, Montana, or, alternatively, in Mansfield, VIC, Australia. Dr. Bütz has specifically agreed to become appropriately licensed and certified to conduct Ms. Mapley's mental examination in Mansfield, VIC, Australia, if necessary, as part of this agreement.

5. As to each of the subject mental examinations, the manner, conditions, and scope have been set forth in Dr. Bütz's letters dated April 25, 2023, and May 26, 2023, which are attached hereto as Exhibits XX and XX and are incorporated herein by reference. Dr. Bütz has also provided a list of general categories of testing in his letter dated July 17, 2023, which is attached hereto as Exhibit XX and is incorporated herein by reference. The parties generally understand that the scope of the subject examinations will be to determine the existence, nature, and extent of the psychological conditions Plaintiffs have placed at issue in the above causes of action by claiming injuries and damages secondary to various instances of childhood sexual abuse.

6. Dr. Bütz agrees to keep and provide Plaintiffs' counsel an account of the testing administered to each Plaintiff. The account shall include, at a minimum, the specific name and version of the test given, the time that the administration of each test started and stopped, and the time and duration of breaks in testing. Dr. Bütz will not be required to time stamp any recording as part of the assessment process.

7. As to recordation, the parties agree that Dr. Butz shall audio record from the moment an examinee begins interacting with Dr. Bütz until the conclusion of the history and mental status interview portions of the examinations. No party will be authorized to send a representative to

attend any portion of the examinations, nor will an audio recording be made of the testing portions of the examinations. The subject recordings will be automatically subject to the Stipulated Protective Orders (Doc. 110-1 in Caekaert/Mapley; Doc. 99-1 in Rowland/Schulze). It is further agreed that recordation will be conducted in keeping with Dr. Bütz's Authorization for Audio/Visual Recording (see attached Exhibit XX).

8. As to the expert reports to be generated by Dr. Bütz, such reports will be automatically subject to the Stipulated Protective Orders (Doc. 110-1 in Caekaert/Mapley; Doc. 99-1 in Rowland/Schulze).

The parties dispute, and do not stipulate to, the conditions of the subject mental examinations set forth in parts 9-14 below. Such disputes notwithstanding, the parties stipulate the subject mental examinations will proceed concurrently with the below disputes being submitted to the Court for resolution.

9. Defendants and Dr. Bütz contend the subject mental examinations must occur in person within the United States District Court for the District of Montana, Billings Division, where Plaintiffs filed suit. To the extent any of the subject mental examinations cannot occur within the Billings Division due to circumstances personal to the Plaintiff(s), Defendants and Dr. Bütz contend Plaintiffs must bear all additional costs associated with Dr. Bütz's travel outside of the Billings Division to complete the subject mental evaluations in person. This includes the costs associated with Dr. Bütz obtaining the required certification(s) to conduct the subject mental examination(s) within the venue(s) at issue, all travel costs, and Dr. Bütz's time in transit at his regular rate of pay.

10. Plaintiffs Tracy Caekaert and Camillia Mapley contend their travel to the Billings Division for the purpose of completing the subject mental examinations is not necessary and is unduly burdensome under the circumstances. Plaintiffs contend Defendants should bear all costs associated with Dr. Bütz's mental evaluations of the Plaintiffs because remote forensic evaluations are available to them and are adequate under the circumstances.

11. Defendants and Dr. Bütz have proposed the following conditions considering the handling and treatment of Dr. Bütz's test raw data in the above pending causes:

    a. In the authorizations completed by the Plaintiffs' parties individually, the Authorization for Forensic Psychological Assessment: Informed Consent & Fee Agreement, attached as Exhibits XXX-XXX, specifically describes Dr. Bütz's long-held policy on the handling and management of test raw data and copywritten materials from test vendors. As part of this agreement, Dr. Bütz has specifically agreed that his test raw data will only be transmitted to Plaintiffs' expert Dr. Jonathan D. Bone. Further, at no point will Dr. Bütz be requested to release copywritten forms for psychological instruments/tests as this would violate his user agreements with various instrument/test vendors.

12. Plaintiffs have proposed the following language considering the handling and treatment of Dr. Bütz's test raw data in the above pending causes:

    a. Dr. Butz's report shall include a data sheet that identifies the tests given, with a corresponding score and T score/percentile rank for each such test. Furthermore, Defendants and Dr. Bütz acknowledge and agree that to the extent Dr. Bütz relies on the raw testing data for his opinions in this case, while such data is only being provided to Plaintiffs' retained expert Dr. Bone, Plaintiffs' counsel and retained expert Dr. Trent Holmberg shall be permitted to discuss and reference the raw testing data provided to Dr. Bone for the purpose of this litigation.

13. Defendants and Dr. Bütz have proposed the following language considering the issue of Plaintiffs' potential disclosure of attorney-client privilege communications during the subject mental examinations:

    a. As to attorney-client privilege, Dr. Bütz will not ask any questions during the subject mental examinations intended to elicit responses from Plaintiffs concerning privileged communications with their counsel, law firm staff, or consultants. In the event of an inadvertent disclosure of attorney-client privileged information within the meaning of Rule 502(b), Fed. R. Evid., Plaintiffs' counsel shall follow the procedure set forth in subsection (3) and promptly meet and confer with counsel for Defendants. In the event the parties cannot agree as to the proper procedure/remedy, Plaintiffs shall promptly file a motion requesting the assistance of the Court.

14. Plaintiffs have proposed the following language considering the issue of Plaintiffs' potential disclosure of attorney-client privilege communications during the subject mental examinations:

   a. As to attorney-client privilege, Dr. Bütz will not ask any questions during the subject mental examinations intended to elicit responses from Plaintiffs concerning privileged communications with their counsel, law firm staff, or consultants. Plaintiffs' counsel will instruct the Plaintiffs not to voluntarily divulge the contents of any such privileged communications. However, it is further acknowledged that for the purpose of the examinations Dr. Bütz is a retained representative of the Defendants and the Plaintiffs are not trained in identifying questions that may elicit a privileged communication. Therefore, if a Plaintiff unintentionally or inadvertently discloses a privileged communication during her exam, the privilege shall be maintained and any such communications shall be stricken from the record of the mental examination.

APPROVED BY:

_____
Ryan R. Shaffer
MEYER SHAFFER & STEPANS PLLP
*Attorneys for Plaintiffs*


_____
Brett C. Jensen
BROWN LAW FIRM, P.C.
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*


_____
Christopher T. Sweeney
MOULTON BELLINGHAM, P.C.
*Attorneys for Defendant Watch Tower Bible and Tract Society of Pennsylvania*


_____
Michael R. Bütz, Ph.D.
ASPEN PRACTICE, P.C.
*Independent Medical Evaluator*

Page 5 of 5 – Memorandum of Agreement