

**Meyer, Shaffer & Stepans, PLLP**

Ryan Shaffer | ryan@mss-lawfirm.com
Robert L. Stepans | rob@mss-lawfirm.com
James Murnion | james@mss-lawfirm.com
Katy Gannon | katy@mss-lawfirm.com

August 8, 2023

**Via Email and U.S. Mail**

Jon A. Wilson
Brett C. Jensen
Michael P. Sarabia
BROWN LAW FIRM, P.C.
PO Drawer 849
Billings, MT 59103
jwilson@brownfirm.com
bjensen@brownfirm.com
msarabia@brownfirm.com

Christopher T. Sweeney
Gerry P. Fagan
Jordan W. FitzGerald
Moulton Bellingham
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, MT 59103
christopher.sweeney@moultonbellingham.com
gerry.fagan@moultonbellingham.com
jordan.fitzgerald@moultonbellingham.com

Joel M. Taylor, Esq. *pro hac vice*
Miller McNamara & Taylor LLP
100 South Bedford Road, Suite 340
Mount Kisco, NY 10549
jtaylor@mmt-law.com

Re: Response to August 7, 2023 Email re Rule 35 Independent Medical Examinations
*Caekaert & Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
*Rowland & Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*

Dear Brett,

Regarding the release of the raw testing data, we are fine with the data only being released to Dr. Bone so long as we have the following language included in the MOA:

> *Dr. Butz's report shall include a data sheet that identifies the tests given, with a corresponding score and T score/percentile rank for each such test. Furthermore, Defendants and Dr. Butz acknowledge and agree that to the extent Dr. Butz relies on the raw testing data for his opinions in this case, while such data is only being provided to Plaintiffs' retained expert Dr. Bone, Plaintiffs' counsel and retained expert Dr. Trent Holmberg shall be permitted to discuss and reference the raw testing data provided to Dr. Bone for the purpose of this litigation.*

Or something along these lines.

As to Dr. Butz's travel costs to Australia, we really think that the most reasonable solution is to conduct her exam and testing remotely, as Plaintiffs' experts did. We understand that the preference is for in-person, and we are making that happen for 3 of our 4 clients at great expense to them. However, the cost of doing so for Ms. Mapley under Dr. Butz's proposed terms does

August 8, 2023
Page 2

not justify the marginal benefit (if any) of the in-person exam for her. Thus, if Dr. Butz wants to insist on an in-person exam in Australia, when a virtual exam is certainly within the standard of care and routine in a post-covid world, we think he needs to waive his professional fees for travel time. Again, if he is willing to do so, we will have an agreement on Ms. Mapley's exam. If he is not, we will be asking the Court to order that one exam be taken remotely.

I am not sure where we stand on the other issues in the MOA, but I think we have sorted through most of them. How about handling the inadvertent disclosure of attorney-client privileged information?

                Sincerely,

                MEYER, SHAFFER & STEPANS, PLLP

                Ryan R. Shaffer

| | |
|---|---|
| **From:** | Ryan Shaffer |
| **To:** | Brett Jensen; Jessica Yuhas; Gerry.Fagan@moultonbellingham.com; Christopher Sweeney; Jon Wilson; Michael Sarabia; Jordan.FitzGerald@moultonbellingham.com; Joel Taylor (jtaylor@mmt-law.com |
| **Cc:** | Rob Stepans; Jared Brannan; carrie.nance@moultonbellingham.com; Barbara Bessey; Sylvia Basnett; Katy Gannon; James Murnion; Matthew Merrill; Debbie Braaten |
| **Subject:** | RE: Caekaert/Mapley & Rowland Schulze: Response to WTNY"s 7/27/2023 Ltr. re Rule 35 Exam |
| **Date:** | Tuesday, August 8, 2023 4:03:25 PM |

Brett,

Regarding the release of the raw testing data, we are fine with the data only being released to Dr. Bone so long as we have the following language included in the MOA:

> *Dr. Butz's report shall include a data sheet that identifies the tests given, with a corresponding score and T score/percentile rank for each such test. Furthermore, Defendants and Dr. Butz acknowledge and agree that to the extent Dr. Butz relies on the raw testing data for his opinions in this case, while such data is only being provided to Plaintiffs' retained expert Dr. Bone, Plaintiffs' counsel and retained expert Dr. Trent Holmberg shall be permitted to discuss and reference the raw testing data provided to Dr. Bone for the purpose of this litigation.*

Or something along these lines.

As to Dr. Butz's travel costs to Australia, we really think that most reasonable solution is to conduct her exam and testing remotely, as Plaintiffs' experts did. We understand that the preference is for in-person, and we are making that happen for 3 of our 4 clients at great expense to them. However, the cost of doing so for Ms. Mapley under Dr. Butz's proposed terms does not justify the marginal benefit (if any) of the in-person exam for her. Thus, if Dr. Butz wants to insist on in-person exam in Australia, when a virtual exam is certainly within the standard of care and routine in a post-covid world, we think he needs to waive his professional fees for travel time. Again, if he is willing to do so, we will have agreement on Ms. Mapley's exam. If he is not, we will be asking the Court to order that one exam taken remotely.

I am not sure where we stand on the other issues in the MOA, but I think we have sorted through most of them. How about handling the inadvertent disclosure of attorney-client privileged information?

Best,

Ryan

**From:** Brett Jensen <BJensen@brownfirm.com>
**Sent:** Monday, August 7, 2023 4:12 PM
**To:** Ryan Shaffer <ryan@mss-lawfirm.com>; Jessica Yuhas <jessica@mss-lawfirm.com>; Gerry.Fagan@moultonbellingham.com; Christopher Sweeney <Christopher.Sweeney@moultonbellingham.com>; Jon Wilson <jwilson@brownfirm.com>; Michael Sarabia <MSarabia@brownfirm.com>; Jordan.FitzGerald@moultonbellingham.com; Joel Taylor (jtaylor@mmt-law.com <jtaylor@mmt-law.com>

**Cc:** Rob Stepans <rob@mss-lawfirm.com>; Jared Brannan <jbrannan@mmt-law.com>; carrie.nance@moultonbellingham.com; Barbara Bessey <BBessey@brownfirm.com>; Sylvia Basnett <SBasnett@brownfirm.com>; Katy Gannon <katy@mss-lawfirm.com>; James Murnion <james@mss-lawfirm.com>; Matthew Merrill <matthew@merrillwaterlaw.com>; Debbie Braaten <debbie.braaten@moultonbellingham.com>
**Subject:** RE: Caekaert/Mapley & Rowland Schulze: Response to WTNY's 7/27/2023 Ltr. re Rule 35 Exam

Hi Ryan:

I just heard back from Dr. Bütz, and this is where things stand:

Regarding the release of raw testing data, Dr. Bütz will agree to release to Dr. Bone; however, Dr. Holmberg has not demonstrated through the information provided that he has adequate training, supervision, and experience conducting psychological assessments. I have Dr. Bütz's supporting information that I can provide you if you want. To keep things simple, can the MOA stipulate to the release of raw testing data to <u>Dr. Bone only</u> for full resolution of this issue?

As for Dr. Bütz's time in transit, I unfortunately do not have authority for further concession on the issue of cost. As you read in Dr. Bütz's July 17th letter, he has already limited his time in transit costs to a full 8-hour day. Obviously the trip to Australia is going to involve much longer days.

Let me know if you'd like to chat further.

Sincerely,

Brett C. Jensen
Brown Law Firm, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Telephone: (406) 248-2611
Fax: (406) 248-3128

**Confidentiality Notice:** *The information contained in this e-mail communication and any attached documentation may be privileged, confidential or otherwise protected from disclosure and is intended only for the use of the designated recipient(s). This information, along with any attachments, constitutes attorney-client and/or attorney work product and is confidential in nature. This information is not intended for transmission to, or receipt by, any unauthorized person. The use, distribution, transmittal or re-transmittal by an unintended recipient of this communication is strictly prohibited without our express approval in writing or by e-mail. If you are not the intended recipient of this e-mail, please delete it from your system without copying it and notify the above sender so that our e-mail address may be corrected. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.*

*a waiver of any attorney-client or work-product privilege.*

**From:** Ryan Shaffer <ryan@mss-lawfirm.com>
**Sent:** Monday, July 31, 2023 1:51 PM
**To:** Brett Jensen <BJensen@brownfirm.com>; Jessica Yuhas <jessica@mss-lawfirm.com>; Gerry.Fagan@moultonbellingham.com; Christopher Sweeney <Christopher.Sweeney@moultonbellingham.com>; Jon Wilson <jwilson@brownfirm.com>; Michael Sarabia <MSarabia@brownfirm.com>; Jordan.FitzGerald@moultonbellingham.com; Joel Taylor (jtaylor@mmt-law.com <jtaylor@mmt-law.com>
**Cc:** Rob Stepans <rob@mss-lawfirm.com>; Jared Brannan <jbrannan@mmt-law.com>; carrie.nance@moultonbellingham.com; Barbara Bessey <BBessey@brownfirm.com>; Sylvia Basnett <SBasnett@brownfirm.com>; Katy Gannon <katy@mss-lawfirm.com>; James Murnion <james@mss-lawfirm.com>; Matthew Merrill <matthew@merrillwaterlaw.com>; Debbie Braaten <debbie.braaten@moultonbellingham.com>
**Subject:** RE: Caekaert/Mapley & Rowland Schulze: Response to WTNY's 7/27/2023 Ltr. re Rule 35 Exam

Brett,

Following up on our call, so long as Dr. Butz agrees to provide the raw test data to our experts (Bone and Holmberg) we are good not requiring disclosure to Plaintiffs' counsel.

Thanks,


Ryan R. Shaffer



Meyer, Shaffer & Stepans, PLLP

*Montana Office:*
430 Ryman St.
Missoula, MT 59802
Tel: 406-543-6929
Fax: 406-721-1799

*Wyoming Office:*
3490 Clubhouse Drive, Suite 104
Wilson, WY 83014
Tel: 307-734-9544
Fax: 307-733-3449

The information contained in this email is confidential and privileged. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake. This email may be subject to the attorney-client privilege and attorney work product doctrine. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake.