| | |
|---|---|
| **From:** | Brett Jensen |
| **To:** | Ryan Shaffer |
| **Cc:** | Jon Wilson; Michael Sarabia |
| **Subject:** | RE: Rule 35 exams |
| **Date:** | Tuesday, August 15, 2023 4:37:02 PM |

Hi Ryan:

I think that's a great idea. We will polish up the MOA with the agreed upon terms and get our motion ready to file. I will be back in touch with you soon.

Brett C. Jensen
Brown Law Firm, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Telephone: (406) 248-2611
Fax: (406) 248-3128

**Confidentiality Notice:** *The information contained in this e-mail communication and any attached documentation may be privileged, confidential or otherwise protected from disclosure and is intended only for the use of the designated recipient(s). This information, along with any attachments, constitutes attorney-client and/or attorney work product and is confidential in nature. This information is not intended for transmission to, or receipt by, any unauthorized person. The use, distribution, transmittal or re-transmittal by an unintended recipient of this communication is strictly prohibited without our express approval in writing or by e-mail. If you are not the intended recipient of this e-mail, please delete it from your system without copying it and notify the above sender so that our e-mail address may be corrected. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.*

**From:** Ryan Shaffer <ryan@mss-lawfirm.com>
**Sent:** Tuesday, August 15, 2023 3:40 PM
**To:** Brett Jensen <BJensen@brownfirm.com>
**Subject:** RE: Rule 35 exams

Brett,

Can we agree to litigate the fights over raw data / testing materials and a-c privilege so that we can get at least three of the evaluations going while that stuff is being briefed and decided by the Court? The MOA would have to be silent on both of those issues, except to say that the parties have a disagreement (we could set forth our respective positions) and we will submit them to the Court for resolution.

This would allow us to get the evaluations going and litigate whether Mapley is virtual or in person (and if in person, under what terms) in the meantime.

EXHIBIT 20

Let me know what you think.

Ryan

Ryan R. Shaffer



Meyer, Shaffer
& Stepans, PLLP

*Montana Office:*
430 Ryman St.
Missoula, MT 59802
Tel: 406-543-6929
Fax: 406-721-1799

*Wyoming Office:*
3490 Clubhouse Drive, Suite 104
Wilson, WY 83014
Tel: 307-734-9544
Fax: 307-733-3449

The information contained in this email is confidential and privileged. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake. This email may be subject to the attorney-client privilege and attorney work product doctrine. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake.


**From:** Brett Jensen <BJensen@brownfirm.com>
**Sent:** Monday, August 14, 2023 2:35 PM
**To:** Ryan Shaffer <ryan@mss-lawfirm.com>
**Cc:** Jon Wilson <jwilson@brownfirm.com>; Michael Sarabia <MSarabia@brownfirm.com>
**Subject:** RE: Rule 35 exams

Hi Ryan:

It was a nice trip. I hope you had a good trip as well. Here is the response I received from Dr. Bütz. I'm just going to send you the whole response so we're not playing a bad game of telephone:

"Yes, there's an issue with this, and I'll break it down sentence by sentence.

1. *Dr. Butz's report shall include a data sheet that identifies the tests given – So, two problems, first a "data sheet" is not something that identifies the tests given. That's listed under instruments or tests administered in most reports, and I don't have a problem listing what has been administered. Second, a "data sheet" lists "data", so this needs to be clear. The pertinent heading my reports is: Instruments Administered.*

2. *with a corresponding score and T score/percentile rank for each such test – **Several problems here that confound the request for test raw data. First, this is entirely too burdensome for a number of instruments that may be administered, at the low end there are tests with a few such scores while others have as many as 100. Second, by raising this matter and wanting to get into this dialogue, Inherently, they are asking what instruments will be administered. Third, given how the sentence is written, with rare exception is there one T-Score or Percentile Range for each instrument. And, whomever is advising them knows that.***

   ***Thus, this sentence has five problems with it, and I would suggest great caution in discussing the problems – since its sorta a fishing expedition. Also, be aware that Dr. Bone will certainly know some of these scores, since as required they will be in the report. But, the whole point of providing test raw data is for him to run his own independent analysis scientifically and check my interpretation. Its just this kind of stuff we wrote the article to address.***

3. *Furthermore, Defendants and Dr. Butz acknowledge and agree that to the extent Dr. Butz relies on the raw testing data for his opinions in this case… **So, this is not only a run-on sentence, but it is a trap as well. First, I will of course rely on the test raw data for my opinion, but then we move on to the next part of the sentence.***

4. *while such data is only being provided to Plaintiffs' retained expert Dr. Bone – **This sentence, on its face, looks good, but this is not what the sentence goes on to say.***

5. <u>*Plaintiffs' counsel*</u> *and* <u>*retained expert Dr. Trent Holmberg*</u> *shall be permitted to* <u>*discuss and reference the raw testing data*</u> *– **DEFINITELY NOT OKAY.***

6. *provided to Dr. Bone for the purpose of this litigation… **So, the whole of the sentence in 3, 4, 5, and 6, says one thing (4), then entirely another thing (5), and then attempts to distract and placate with its end (6).***

So, this is just not okay, nor reasonable, as they are parsing words, sentence structure, and semantics to get at what instruments will be administered and to have counsel and Dr. Holmberg to have access to the test raw data. I can write something that is reasonable if you wish, but given this I am leaning toward the notion that they would not be fond of it."

This is my proposed language for Paragraph No. 8 that I think Dr. Bütz is tentatively agreeable with:

> In the authorizations completed by the Plaintiffs' parties individually, the Authorization for Forensic Psychological Assessment: Informed Consent & Fee Agreement, attached as Exhibits XXX-XXX, specifically describes Dr. Bütz's long-held policy on the handling and management of test raw data and copywritten materials from test vendors. As part of this agreement, Dr. Bütz has specifically agreed that his test raw data will only be transmitted to Plaintiffs' expert Dr. Jonathan D. Bone. Further, at no point will Dr. Bütz be requested to release copywritten forms for psychological instruments/tests as this would violate his user

agreements with various instrument/test vendors.

So from what I can tell, we cannot agree as to the following:

1. Who bears the travel burden for Ms. Mapley's examination. As previously discussed, remote forensic evaluations are a non-starter for WTNY and Dr. Bütz, but you are certainly free to request that remedy from the Court;
2. The handling procedure for Dr. Bütz's raw test data; and
3. The procedure for inadvertent disclosure of attorney client communications. I provided you with my proposed language last week, and it seemed like you were not agreeable to it based on our brief chat.

If we have reached an impasse as to these issues, perhaps we can execute the MOA with our agreed upon terms, we can promptly file a motion for order directing Rule 35 exams, and we can request a conference with the judge to try and get a quick ruling and keep things on track. Let me know.

Sincerely,

Brett C. Jensen
Brown Law Firm, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Telephone: (406) 248-2611
Fax: (406) 248-3128

**Confidentiality Notice**: *The information contained in this e-mail communication and any attached documentation may be privileged, confidential or otherwise protected from disclosure and is intended only for the use of the designated recipient(s). This information, along with any attachments, constitutes attorney-client and/or attorney work product and is confidential in nature. This information is not intended for transmission to, or receipt by, any unauthorized person. The use, distribution, transmittal or re-transmittal by an unintended recipient of this communication is strictly prohibited without our express approval in writing or by e-mail. If you are not the intended recipient of this e-mail, please delete it from your system without copying it and notify the above sender so that our e-mail address may be corrected. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.*

**From:** Ryan Shaffer <ryan@mss-lawfirm.com>
**Sent:** Monday, August 14, 2023 2:21 PM
**To:** Brett Jensen <BJensen@brownfirm.com>
**Subject:** Rule 35 exams

Brett,

Hope you enjoyed the rest of your CA trip.

Any word on Dr. Butz's position to our proposed language on the raw test data?

Let me know if you want to talk about identifying the specific issues we disagree on and trying to get a quick ruling from the Court...

Ryan R. Shaffer



*Montana Office:*
430 Ryman St.
Missoula, MT 59802
Tel: 406-543-6929
Fax: 406-721-1799

*Wyoming Office:*
3490 Clubhouse Drive, Suite 104
Wilson, WY 83014
Tel: 307-734-9544
Fax: 307-733-3449

The information contained in this email is confidential and privileged. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake. This email may be subject to the attorney-client privilege and attorney work product doctrine. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake.