| | |
|---|---|
| **From:** | Ryan Shaffer |
| **To:** | Brett Jensen |
| **Cc:** | Rob Stepans; James Murnion; Katy Gannon; Jessica Yuhas; Joel Taylor; Jared Brannan; Gerry Fagan; "Christopher Sweeney"; Jordan W. FitzGerald; Jon Wilson; Michael Sarabia |
| **Subject:** | RE: Dr. Butz |
| **Date:** | Wednesday, August 23, 2023 11:24:00 AM |

Brett,

Thanks for your email. I actually had several concerns with Dr. Butz's Authorization form. I would say the central concern is that it requires my clients to agree to things that are inconsistent with our agreement and the applicable rules, including Rule 35 which requires Dr. Butz to provide his report "together with like reports of all earlier examinations of the same kind." It is also inconsistent to his own agreement to provide the raw test data to Plaintiffs' expert Dr. Bone.

While Dr. Butz's Authorization form may be a good fit for many of the exams or assessments he performs, it is not a good fit for Plaintiffs' Rule 35 exams. I don't understand why he is demanding my clients sign an authorization that is contrary to the plain language of Rule 35 and the agreement we have worked so hard to reach.

We are willing to move forward with 3 of the 4 exams under the MOA (with a few modifications that we have yet to address because we are now hung up on the Authorization form) and have no problem executing a basic consent form that would permit Dr. Butz to conduct his exams. This is something that we as lawyers should be able to take care of for our respective clients; Dr. Butz should not be dictating the legal rights and obligations of the parties under Rule 35. But that is exactly what is happening. At this point, his insistence on using an inappropriate Authorization form is the only thing preventing the immediate scheduling of 3 of the 4 exams while we submit the remaining areas of disagreement to the Court to resolve.

In summary, as I understand it, this is where we are:

1. Plaintiffs have agreed to pay for all travel to have 3 of the 4 Plaintiffs (Caekaert, Schulze, and Rowland) examined by Dr. Butz in person and in Billing (or Arkansas if Ms. Caekaert is not cleared to travel).
2. Plaintiffs offered to pay for Dr. Butz to travel to Australia to do Ms. Mapley's exam in person, but we were unwilling to agree to his demand that we buy him a business class upgrade and pay his professional fees for the hours he is travelling because we don't think such expenses can be justified by the minimal (if any) benefit gained of an in-person exam when it could be done remotely, as Plaintiffs' experts did. Thus, the parties agreed to submit this issue to Judge Watters to resolve.
3. The parties have agreed to the general categories of testing that Dr. Butz will administer.
4. The parties agree that Dr. Butz will record the social history interviews, but we appear to disagree about whether he will provide copies of the recordings to Plaintiffs (please let me know if this is not correct as I cannot tell from the latest version of the MOA).
5. The parties agree that Dr. Butz will keep a record of the testing as set forth in the latest version of the MOA.
6. The parties agree that Dr. Butz will provide his raw testing data to Plaintiffs' expert Dr. Bone,

EXHIBIT

22

but we disagree about whether Plaintiffs' counsel and retained expert Dr. Trent Holmberg can have access to such data for the purpose of witness examination (trial or depo) and we have agreed to get the examinations going and submit this to Judge Watters to resolve.

7. The parties disagree about whether the inadvertent disclosure of attorney-client communication by one of our clients during their exams is fair game to be used in the case and we will submit this to Judge Watters to resolve.

8. Plaintiffs agree to have our clients sign a basic consent or authorization that would permit Dr. Butz to conduct his exams, but we are unwilling to have our clients sign the Authorization he is currently proposing because it is inconsistent with Rule 35 and our agreement.

My proposal is that we stick with the agreement you and I have reached, unimpeded by Dr. Butz. I am therefore requesting that you inform him that his Authorization is not appropriate for the Rule 35 exams of Plaintiffs and then you and I can agree on a basic, non-controversial consent form that would permit the exams to go forward after we finalize the language of the MOA. If he insists that Plaintiffs sign his proposed Authorization, Plaintiffs will have to move for a Protective Order.

I am available to discuss if that would be helpful.

Thanks,


Ryan R. Shaffer

 **Meyer, Shaffer & Stepans, PLLP**

*Montana Office:*
430 Ryman St.
Missoula, MT 59802
Tel: 406-543-6929
Fax: 406-721-1799

*Wyoming Office:*
3490 Clubhouse Drive, Suite 104
Wilson, WY 83014
Tel: 307-734-9544
Fax: 307-733-3449

The information contained in this email is confidential and privileged. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake. This email may be subject to the attorney-client privilege and attorney work product doctrine. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake.

**From:** Brett Jensen <BJensen@brownfirm.com>
**Sent:** Monday, August 21, 2023 4:59 PM
**To:** Ryan Shaffer <ryan@mss-lawfirm.com>
**Cc:** Rob Stepans <rob@mss-lawfirm.com>; James Murnion <james@mss-lawfirm.com>; Katy Gannon <katy@mss-lawfirm.com>; Jessica Yuhas <jessica@mss-lawfirm.com>; Joel Taylor <jtaylor@mmt-law.com>; Jared Brannan <jbrannan@mmt-law.com>; Gerry Fagan <Gerry.Fagan@moultonbellingham.com>; 'Christopher Sweeney' <Christopher.Sweeney@moultonbellingham.com>; Jordan W. FitzGerald <Jordan.FitzGerald@moultonbellingham.com>; Jon Wilson <jwilson@brownfirm.com>; Michael Sarabia <MSarabia@brownfirm.com>
**Subject:** RE: Dr. Butz

Hi Ryan:

Thank you for this and for your call earlier. I have discussed this issue with Dr. Bütz, and I need you to be aware he is probably not budging on this issue. His authorization was drafted by his personal attorney and was carefully considered to provide him and those he evaluates with proper protection. I also do not think going back and renegotiating the terms of this Authorization is going to get us closer to a resolution than we are right now.

I understood your main concern to be that we, as defense counsel for WTNY and WTPA, could use the authorizations as a possible admission against interest at trial, for example by asserting Plaintiffs agreed Dr. Bütz was a neutral evaluator. I frankly never would have considered using the authorizations in this manner, but I suppose you need to cover your bases. What if we entered into some kind of stipulation that Plaintiffs sign the authorizations as is, but Defendants agree the authorizations are not admissible at trial as impeachment evidence—something to that effect. In other words, Plaintiffs sign the authorizations for the purpose of getting the exams going, but Defendants agree we cannot use the fact of them signing the authorizations against them as evidence. Let me know if that would assuage your concerns. Otherwise, I think it is doubtful we can keep on the current schedule for trial considering the time needed to get a decision on these issues.

Sincerely,

Brett C. Jensen
Brown Law Firm, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Telephone: (406) 248-2611
Fax: (406) 248-3128

**Confidentiality Notice:** *The information contained in this e-mail communication and any attached documentation may be privileged, confidential or otherwise protected from disclosure and is intended only for the use of the designated recipient(s). This information, along with any attachments, constitutes attorney-client and/or attorney work product and is confidential in nature. This*

*information is not intended for transmission to, or receipt by, any unauthorized person. The use, distribution, transmittal or re-transmittal by an unintended recipient of this communication is strictly prohibited without our express approval in writing or by e-mail. If you are not the intended recipient of this e-mail, please delete it from your system without copying it and notify the above sender so that our e-mail address may be corrected. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.*

**From:** Ryan Shaffer <ryan@mss-lawfirm.com>
**Sent:** Monday, August 21, 2023 1:02 PM
**To:** Brett Jensen <BJensen@brownfirm.com>
**Cc:** Rob Stepans <rob@mss-lawfirm.com>; James Murnion <james@mss-lawfirm.com>; Katy Gannon <katy@mss-lawfirm.com>; Jessica Yuhas <jessica@mss-lawfirm.com>
**Subject:** Dr. Butz

Hey Brett,

Thanks for the call. I think we could probably work through some wording in the MOA itself that we would want changed. The MOA itself is probably not an obstacle to getting the exams going, with the exception of **paragraph 5** which integrates Dr. Butz's authorization. As we discussed, I also suspect Dr. Butz will not conduct the exams unless our clients were to sign his authorizations. Thus, I fear we have a threshold issue that will not permit us to get the exams going without litigation. Hopefully, I am wrong.

We are accustomed to having our clients sign a "consent" or "authorization" to be examined by retained defense experts in litigation. I can provide you acceptable examples of these if that would be helpful. Our review of Dr. Butz's "Authorization for Forensic Consultation/Psychological Assessment: *Informed Consent & Fee Agreement*" suggests that this form is likely meant to be executed by people who are actually referred to him by courts for exams in divorce or child custody proceedings. It is not well suited for a situation like this, where he has been hired by defense counsel to examine opposing parties in litigation and is going to offer opinions under FRE 702 and prepare a report per FRCP 26.

Our goal remains to get the exams going and consolidate our disputes for timely resolution by the Court. We would certainly agree to have our clients sign a basic consent that would permit Dr. Butz to perform the Rule 35 exams that Defendants are asking for. I will attempt to provide you with a tick list of our concerns so that you can discuss them with Dr. Butz with the hope that he will agree to a much different consent form:

- Title to the Form and use of the term "consultation": Our clients are not agreeing to a forensic consultation; they are agreeing to a Rule 35 exam.
- Use of the word "referral": Our clients have not been referred to Dr. Butz as that term is used in the medical profession, they are agreeing to be examined by him under FRCP 35 because that is what the defense has asked.
- Confidentiality: Our clients want to specifically consent to the release of all information and material used in and produced by Dr. Butz to Plaintiffs' counsel and experts.

- Release of Report, opinions, raw data, hand written notes, recording of social history interview, etc. (final paragraph of page 1, first paragraphs of page 2): Dr. Butz's form requires my clients to agree that Dr. Butz is under no obligation to release everything that the applicable federal rules require him to produce if he intends to offer opinions in this case; we will not permit our clients to sign a form with such language. While you and I have agreed that we could litigate this issue (as reflected in the MOA), integrating Dr. Butz's Authorization into the MOA's paragraph 5 would require my clients to consent to and sign an authorization that is contrary to their attorneys' positions and contrary to our agreement to leave the MOA silent on these issues so that they may be resolved by the Court later.
- Fees / Retainer: There is no need for any provision related to "fees" or "retainers" to be in the consent form for my clients to sign.
- References to "neutral and objective work product" or other references to Dr. Butz being an independent consultant or evaluator: These are all inappropriate provisions. Dr. Butz has been retained as a defense expert and is an agent of the defense. To the extent that this form paints him as an independent and neutral examiner, it is not accurate. The jury will get to decide whether he is neutral, objective, independent, etc. It is not appropriate or necessary for us to agree about, or comment on, his neutrality, independence, or his work product as part of a consent form for the exams.
- Audio recording of social history interview: we do not agree to include the audio recording of the social history interview in the same category as the "raw data" from the test exams. The recording must be released so that Plaintiffs' lawyers can review it to ensure that representations made by Dr. Butz in his reports are consistent with the interviews themselves.

I am probably leaving some details out. But this is meant to give you a flavor of our concerns so that you can speak with Dr. Butz to see whether he will agree to conduct the evaluations with a different consent/authorization form. We propose the simplest form possible so that he has consent from the Plaintiffs to perform his examination under Rule 35 on behalf of the Defendants.

Thanks,


Ryan R. Shaffer

 Meyer, Shaffer & Stepans, PLLP

*Montana Office:*
430 Ryman St.
Missoula, MT 59802
Tel: 406-543-6929
Fax: 406-721-1799

*Wyoming Office:*
3490 Clubhouse Drive, Suite 104
Wilson, WY 83014
Tel: 307-734-9544

Fax: 307-733-3449

The information contained in this email is confidential and privileged. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake. This email may be subject to the attorney-client privilege and attorney work product doctrine. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake.

-----Original Message-----
From: Ryan Shaffer <ryan@mss-lawfirm.com>
Sent: Monday, August 21, 2023 10:25 AM
To: Brett Jensen <BJensen@brownfirm.com>
Subject: Butz Exam

Brett,

I just called to discuss the MOA.  Give me a call on my cell (406) 207-5423.

Sent from my iPhone