

**Meyer, Shaffer & Stepans, PLLP**

Ryan Shaffer | ryan@mss-lawfirm.com
Robert L. Stepans | rob@mss-lawfirm.com
James Murnion | james@mss-lawfirm.com
Katy Gannon | katy@mss-lawfirm.com

September 20, 2023

**Via Email and U.S. Mail**

Brett C. Jensen
BROWN LAW FIRM, P.C.
PO Drawer 849
Billings, MT 59103
bjensen@brownfirm.com

  Re: Response to 9/19/2023 Email re Rule 35 Independent Medical Examinations
   *Caekaert & Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
   *Rowland & Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*

Dear Brett,

Thanks for your email yesterday. I had not heard from you for three weeks, which is why I wanted to check in and see where we were. I am quite familiar with how long Dr. Butz takes to respond to questions; that has certainly been an obstacle to getting our agreement done. I do know how frustrating it can be when an expert and/or client is not responsive to requests from counsel. That said, I don't think we should let that be the reason that we file unnecessary motions.

After receiving your 8/16/23 draft MOU, we had several productive phone calls. While we had some concerns with the way your 8/16/23 draft was written, our biggest concerns were with Dr. Butz's forms. Namely, they were drafted for family law cases where he is appointed by a court, and they are not appropriate for Rule 35 exams where he intends to offer opinions as an expert in federal court. For instance, his forms conflicted with Rule 35's obligation to provide Plaintiffs a copy of his reports (and all like reports he has prepared), conflicted with our agreement on production of his raw data, conflicted with Rule 26's obligation to produce raw data supporting his conclusions, and require our clients to pay any unpaid bills incurred by your firm. Despite all of this, you and I reached a common-sense solution by agreeing that our MOU (which would be signed by Dr. Butz and all counsel) would trump any conflicting terms contained in his forms and that we would litigate other issues later.

Our 8/29/23 draft, that I have yet to hear back from you on, memorialized the entirety of our agreements and disagreements. Specifically, it provides:

- The parties agreed there was good cause for the exams;
- The parties agreed Butz is suitably licensed and certified to do the exams;
- The parties agreed Butz's exam of Ms. Rowland would take place in Billings, and we would pay for her travel;

EXHIBIT 26

September 20, 2023
Page 2

- The parties agreed Butz's exam of Ms. Schulze would take place in Billings, and we would pay for her travel;
- The parties agreed that Ms. Caekaert's exam would either take place in Billings or Arkansas and we would pay for her travel, or that of Dr. Butz to go to Arkansas;
- The parties agreed to the scope of the exam (with the only point of clarification being whether he was proposing neuropsych testing, which I believe we are entitled to know);
- The parties agreed on how Dr. Butz would keep an account of the exams;
- The parties agreed on recording the exams and that those recordings would be provided to Plaintiffs' counsel;
- The parties agreed on the reports being provided per Rule 35;
- The parties agreed on raw test data being provided to Plaintiff's expert Jonathon Bone; and
- The parties agreed that where our agreement conflicted with Dr. Butz's terms and conditions, our agreement would govern.

We then further agreed that our remaining areas of disagreement could be litigated later:

- Whether Ms. Mapley's exam would be in person or virtual, and if in person who was paying for it
- Whether Plaintiffs' counsel and Dr. Holmberg would be permitted to view and discuss Butz's raw data
- Handling of Attorney-Client information disclosed during the exams

While you say that our draft "was completely unacceptable" you don't identify a single term that deviates from our agreement. I think a careful read reveals that it captures our agreement completely, but please let me know if that is not accurate. I am available to talk on the phone about any terms in the latest draft that are unacceptable to you.

If you are intent on filing a contested motion please clarify the exact relief you are seeking so that Plaintiffs can state what components of your relief we oppose, and which parts we do not.

Sincerely,

MEYER, SHAFFER & STEPANS, PLLP

Ryan R. Shaffer

cc: John Wilson (jwilson@brownfirm.com); Michael Sarabia (msarabia@brownfirm.com); Joel Taylor (jtaylor@mmt-law.com); Gerry Fagan (gerry.fagan@moultonbellingham.com); Christopher Sweeney (christopher.sweeney@moultonbellingham.com); and Jordan FitzGerald (jordan.fitzgerald@moultonbellingham.com)