Gerry P. Fagan
Christopher T. Sweeney
Jordan W. FitzGerald
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Fax: (406) 248-7889
Gerry.Fagan@moultonbellingham.com
Christopher.Sweeney@moultonbellingham.com
Jordan.FitzGerald@moultonbellingham.com

*Attorneys for Defendant Watch Tower Bible and Tract Society of Pennsylvania*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>-vs-<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>Defendants.<br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA,<br><br>Cross-Claimants, | Case No. CV-20-00052-SPW-TJC<br><br><br>**DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S OBJECTION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER RE: FOURTH DISCOVERY REQUESTS TO PLAINTIFFS** |

|   -vs-   |
| BRUCE MAPLEY SR., |
|                    Cross-Defendant. |

Watch Tower Bible and Tract Society of Pennsylvania objects to plaintiffs' motion for a protective order related to WTPA's fourth discovery requests. Plaintiffs have failed to meet their burden to obtain a protective order. Indeed, plaintiffs try to shift their burden to WTPA to explain why WTPA cannot just revise their discovery requests in a way that plaintiffs like. Plaintiffs have the burden to establish why a protective order is justified, and they have not done so.

## I.   Background.

Philip Brumley has appealed the Court's order of sanctions against him. In their May 26, 2023, motion to dismiss that appeal, plaintiffs made the followings allegations against WTPA to the Ninth Circuit Court of Appeals:

> Pre-litigation investigation showed that two of the Jehovah's Witnesses' corporations, Defendant/Appellant Watch Tower Bible and Tract Society of Pennsylvania ("WTPA") and Defendant Watchtower Bible and Tract Society of New York, Inc. ("WTNY"), worked in concert to promulgate and enforce policies and procedures that effectively instructed local officials to keep child sex abuse secret and to permit known pedophiles to have continued access to their victims, including the Mapley sisters.

***

> Prefiling investigation showed that WTPA and WTNY, through their appointed, local officials in Hardin, MT (known as "elders" and "ministerial servants") and regionally (known as "travelling overseers") were on notice of at least some of the abuse but failed to act reasonably to prevent it.
>
> ***
>
> In particular, despite a mandatory reporting statute in Montana, the local elders followed WTPA's and WTNY's policy of not reporting known child sex abuse to secular authorities. As such, the sexual abuse continued unhindered and unknown to law enforcement for years, giving rise to claims of negligence and negligence per se against WTPA and WTNY.

*See* plaintiffs' motion to dismiss for lack of appellate jurisdiction and sanctions, pp. 2-3 (May 26, 2023) attached as Exhibit A (Docket Entry 4-1 in Case: 23-35329, Ninth Circuit)[1].

In response to these specific allegations made by plaintiffs, and because plaintiffs put these claims directly at issue, WTPA properly sent the plaintiffs three interrogatories that quoted the above allegations they made to the Ninth Circuit and asked them for the facts that supported each. *See* WTPA's Fourth Discovery Requests, attached as Exhibit B and C. WTPA also included three requests for production requesting the documents that supported each of the allegations.

---

[1] Philip Brumley has appealed the same sanctions order in the companion case of *Rowland et al. v. WTNY et al.*, and plaintiffs have made the same allegations in their motion to dismiss the appeal in that case as well. WTPA has served the discovery requests at issue only on the plaintiffs in this matter and not the plaintiffs in the *Rowland* matter.

3

Plaintiffs refuse to answer.

The parties met and conferred. As part of that process, plaintiffs specifically asked WTPA:

> Thus, our responses to your RFPs will not result in the production of a single new document but will instead be references to Bates numbers of documents already produced. This gets to the heart of our concern with the requests because we do not believe we are required to go through all 80,000 documents produced in this case and perform a "relevancy" analysis for you.
>
> We would ask that you read Doc 245 at 4 and reconsider your position. <u>If you would reformulate your RFP to seek all documents "supporting" instead of "relevant to" the allegations, we could provide such a list as it currently stands.</u>

*See* Letter from plaintiffs' counsel (August 21, 2023) (emphasis added), attached as Exhibit D.

WTPA agreed to do exactly as plaintiffs suggested with respect to the requests for production. In its response letter, WTPA stated, "…we would agree to revise the three requests for production to switch the words 'relevant to' to 'support' as you request in your letter. [followed by the reformulated requests for production that plaintiffs asked for]. See Letter from WTPA's counsel (August 31, 2023), attached as Exhibit E.

By email to WTPA's counsel on September 1, 2023, plaintiffs' counsel stated that he was disappointed that an agreement could not be reached on the interrogatories and that:

4

> Finally, please send over an amended set of requests reflecting the modifications to the RFPs. We will treat them as served on the original date and subject to responses by next Friday (9/8).

*See* email from plaintiffs' counsel (September 1, 2023), attached as Exhibit F.

Knowing that WTPA did not intend to revise the interrogatories, plaintiffs agreed to respond to the requests for production that were modified as plaintiffs' counsel suggested. Per plaintiffs' request, WTPA sent the revised requests for production to plaintiffs on September 6, 2023. *See* WTPA's Amended Fourth Discovery Requests to Plaintiffs, attached as Exhibits G and H.

Plaintiffs did not do what they agreed to do – they did not respond to the revised requests for production. Instead of responding to the requests for production, which were specifically modified as plaintiffs requested, they still refused to answer, and instead filed a motion for a protective order. One wonders if the interrogatories were modified as plaintiffs suggested if plaintiffs would have taken the same course of action by refusing to answer and still move for a protective order. The fact is that WTPA did exactly what plaintiffs requested in their meet-and-confer with respect to the requests for production and they still refuse to answer.

## II. **Plaintiffs, and not WTPA, have the burden to show good cause before a protective order may be issued.**

Under Fed.R.Civ.P. 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Father M. v. Various Tort Claimants (In re Roman Catholic*

*Archbishop)*, 661 F.3d 417, 424 (9th Cir. 2011). "The party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." *Id*. (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)); *see also Beckman Indus. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *Phillips v. GMC*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

**III. <u>Plaintiffs have failed to establish good cause for a protective order.</u>**

Plaintiffs make two arguments why a protective order should be issued: first, they claim that their allegations made to the Ninth Circuit in this case are off-limits for discovery, and second, they have unspecified concerns about WTPA's "true motivations." *See* Pls.' Br., pp. 5-9 (Doc. 262). The first argument is devoid of any legal support, and the second argument is not good cause for purposes of obtaining a protective order.

**A. <u>Nothing prohibits discovery on claims plaintiffs made in their Ninth Circuit filing.</u>**

As to their first argument, plaintiffs claim that Rule 26 allows discovery only as it relates to "this case." Rule 26 contains no such limitation, and plaintiffs do not articulate at all what "this case" even means.

6

A party is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case…" Fed.R.Civ.P. 26. Generally, to be relevant, the discovery requested must involve "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978).

With respect to WTPA's discovery requests, plaintiffs do not claim that the information sought is privileged.[2] They do not claim they are confused as to what is being asked or that they do not have the information requested. They do not claim that the information sought is irrelevant to their claims. They do not claim that the allegations they made to the Ninth Circuit are any different than the claims they are making in this case or that they will attempt to prove at trial. Instead, they argue that they should not have to answer discovery requests regarding their allegations made to the Ninth Circuit.

The discovery requests are permitted by Rule 26. First, WTPA's Interrogatory No. 21 concerns plaintiffs' allegations to the Ninth Circuit that WTPA and WTNY "worked in concert" related to procedures and instructions given to local officials to

---

[2] Plaintiffs claim that their prefiling investigation is non-discoverable work product. To the extent the work product doctrine is also considered a privilege, plaintiffs do claim that privilege as to their prefiling investigation. Plaintiffs waived that privilege by putting the prefiling investigation at issue, discussed below.

7

keep information about sex abuse and pedophiles a secret. *See* Exhibit C, pp. 3-4. The information underlying this allegation is relevant to plaintiffs' negligence claims against WTPA and WTPA is entitled to ask for the information supporting this allegation. Indeed, whether WTPA and WTNY "worked in concert" as plaintiffs allege directly invokes Mont. Code Ann. § 27-1-703, which states that defendants in a negligence claim may be jointly and severally liable if they "acted in concert" in contributing to the plaintiff'' damages.

Second, WTPA's Interrogatory No. 2 concerns plaintiffs' allegation to the Ninth Circuit that a "prefiling investigation showed that WTPA and WTNY, through their appointed, local officials in Hardin, MT (known as 'elders' and 'ministerial servants') and regionally (known as 'travelling overseers') were on notice that at least some of the abusers were molesting children but failed to act reasonably to prevent it." *Id*., p. 4. This allegation is a large theme of plaintiffs' entire case, and it cannot be comprehended how Rule 26 would not permit discovery into this allegation.

Third, WTPA's Interrogatory No. 23 concerns plaintiffs' allegation to the Ninth Circuit that "the local elders followed WTPA's and WTNY's policy of not reporting known child sex abuse to secular authorities." *Id*., p. 5. Again, this is an underpinning of plaintiffs' entire case, and the information pertaining to this allegation is relevant to plaintiffs' claims against WTPA and WTPA's defense.

Plaintiffs make the unsupported argument that because these allegations were made to the Ninth Circuit in an appeal arising from this case, they do not have to answer discovery related to the allegations. Rule 26 contains no such limit.

Statements made to the Ninth Circuit are no different than statements plaintiffs may make in this case, on Facebook, to a neighbor, to each other, or anywhere else. The rules of civil procedure do not limit discovery based on the venue in which the matter arose or in which a statement or allegation is made. Instead, Rule 26 allows WTPA to "obtain discovery regarding **any** nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case…" Plaintiffs' are attempting to immunize themselves against providing information for the allegations they made to the Ninth Circuit, but Rule 26 provides no such inoculation.

Plaintiffs go on to baldly assert:

> Legal briefs filed at the Ninth Circuit Court of Appeals by Plaintiffs' lawyers do not create factual disputes in this case. Fed R. Civ. Pro. 26 does not permit WTPA's and Brumley's lawyers to conduct discovery on assertions made in legal briefs submitted by Plaintiffs' lawyers to the Ninth Circuit Court of Appeals.

*See* Pls.' Br., pp. 2 (Doc. 262).

This assertion is rife with error. First, it is irrelevant that the same lawyers who are representing Mr. Brumley on appeal are the same lawyers representing WTPA. Second, there is no distinction between plaintiffs and plaintiffs' lawyers. A

lawyer is an agent of the client, and statements made by a lawyer to an appellate court are directly attributable to the client.

Plaintiffs then try to turn the burden onto WTPA to show why WTPA does not just modify the interrogatories to remove plaintiffs' specific allegations to the Ninth Circuit:

> To be sure, WTPA's counsel has stated that the distinction between Plaintiffs' proposed modifications (which would focus the Requests on this case) and WTPA's Requests are "without a difference." If that is true then WTPA should have no problem making Plaintiffs' proposed modifications."

*See* Pls.' Br., pp. 2 (Doc. 262). The glaring problem with this argument is that it is plaintiffs' burden to show good cause why the protective order should be issued; it is not WTPA's burden to reword interrogatories to plaintiffs' satisfaction. The other problem is that WTPA did revise its three requests for production as specifically requested by plaintiffs, and they still refused to answer.

### B. **Plaintiffs' unsubstantiated "concerns" do not support a protective order.**

Plaintiffs' second argument is based on their concern about why the interrogatories are being asked in the first place.

> Thus, Plaintiffs' counsel is concerned that WTPA and Mr. Bruley are attempting to use the Requests for an improper purpose.

> Plaintiffs' counsel does not know WTPA's/Brumley's counsel's true motivations for serving discovery about the Ninth Circuit appellate briefing.

*See* Pls.' Br., p. 8 (Doc. 262). Plaintiffs also claim, "By the same token, they are not entitled to conduct discovery on behalf of Mr. Brumley in Appeal No. 23-35329." *Id.*, p. 9.

Again, plaintiffs have the burden to show good cause for issuance of a protective order, and "[b]road allegations of harm, **unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test**."). *Beckman Indus.*, 966 F.2d at 476. To establish good cause, Plaintiffs bear the burden of showing specific prejudice or harm will result if no protective order is granted. *Phillips*, 307 F.3d at 1210-11.

Plaintiffs' claimed concerns about why WTPA is seeking the discovery are unsubstantiated and not supported by articulated reasoning. Further, their claimed concerns do not constitute the required showing of specific prejudice or harm. Plaintiffs simply conclude they are concerned about WTPA's true motivations. To be sure, WTPA's motivation is to find the information that supports the allegations plaintiffs made to the Ninth Circuit. Plaintiffs' presumption that WTPA might have some ulterior motivation is baseless and does not come close to meeting the Rule 26(c) test. Further, if simply having unsubstantiated concerns about discovery was sufficient grounds for a protective order, one could easily imagine that almost all discovery requests would be prone to a motion for a protective order. Plaintiffs have

the burden of articulating specific reasons for the protective order, and specific harm that would occur if such order is not issued, and they have not done so.

Furthermore, although plaintiffs are fond of reminding the court that WTPA's counsel is also representing Brumley on his appeal, that fact is irrelevant to plaintiffs' motion for a protective order. Plaintiffs misrepresent to the Court that the discovery was conducted "on behalf of Mr. Brumley in Appeal No. 23-35329." *See* Pls.' Br., pp. 9 (Doc. 262). That is false. The discovery at issue was propounded by WTPA, not Brumley. *See* Exhibits B and C.

Plaintiffs have failed to carry their burden of establishing good cause under Rule 26(c). They cannot run from the allegations they made to the Ninth Circuit. They should be required to respond to the discovery, which is based directly on their own allegations.

**IV.    Plaintiffs put their prefiling investigation directly at issue, and waived any claim that it is not discoverable.**

Plaintiffs have specifically alleged in the Ninth Circuit:

Pre-litigation investigation showed that two of the Jehovah's Witnesses' corporations, Defendant/Appellant Watch Tower Bible and Tract Society of Pennsylvania ("WTPA") and Defendant Watchtower Bible and Tract Society of New York, Inc. ("WTNY"), worked in concert to promulgate and enforce policies and procedures that effectively instructed local officials to keep child sex abuse secret and to permit known pedophiles to have continued access to their victims, including the Mapley sisters.

*See* Exhibit A, p. 1. Plaintiffs put their prefiling investigation directly at issue to advance their case. Plaintiffs made the choice to do so. They have now waived any sort of claim that their prefiling investigation is off-limits for discovery.

Plaintiffs rely heavily on a district court order in *In re Bofi Holding Sec. Litig.*, 2021 WL 3700749 2021 U.S. Dist. LEXIS 156966, at *3 (S.D. Cal. July 27, 2021) to support their argument that they should not have to answer discovery regarding their prefiling investigation. That case is distinguishable in several respects, as was explained to plaintiffs' counsel during the meet-and-confer process. First, the case concerned claimed violations of the Securities and Exchange Act. The magistrate in that case recognized that the use of confidential witnesses in securities litigation is common as is the need to protect such witnesses. This is not a Securities and Exchange Act case, and WTPA is unaware of a similar need to keep prefiling investigation information protected as in those types of cases.

Second, even though the court restricted the discovery that could be conducted with respect to pre-trial discovery, it did order the production of the names of the witnesses at issue.

Last, the party in the *Bofi* case opposing discovery did not directly rely on that prefiling investigation to support its arguments to a court, as is the case here. In fact, plaintiffs have not cited any authority that allows them to make arguments based on

13

a prefiling investigation in court filings and then be allowed to refuse to provide discovery on the same prefiling investigation.

Plaintiffs put their prefiling investigation directly at issue in the Ninth Circuit case and as a means of advancing their case. Their refusal to allow discovery on that very issue is improper. The Ninth Circuit does not tolerate such sword and shield tactics:

> Clearly, the process of discovery has become increasingly recognized as one of the primary and essential elements in making federal court business flow and in contributing to the accomplishing of trial justice or settlement termination of litigation. The scales of justice would hardly remain equal in these respects, if a party can assert a claim against another and then be able to block all discovery attempts against him by asserting a Fifth Amendment privilege to any interrogation whatsoever upon his claim. If any prejudice is to come from such a situation, it must, as a matter of basic fairness in the purposes and concepts on which the right of litigation rests, be to the party asserting the claim and not to the one who has been subjected to its assertion. It is the former who has made the election to create an imbalance in the pans of the scales.

*Lyons v. Johnson*, 415 F.2d 540, 542 (9th Cir. 1969)

Plaintiffs are weaponizing their prefiling investigation, and yet refusing to provide discovery. They have selectively disclosed the alleged fruits of their prefiling investigation but are now refusing to disclose the contents of their actual prefiling investigation. The Ninth Circuit in *Lyons* made clear that such tactics are not permitted based on concepts of basic fairness.

Plaintiffs' argue last that their prefiling investigation is not discoverable because it is work product. That argument fails because they waived any such work product protection. "The privilege derived from the work-product doctrine is not absolute. Like other qualified privileges, it may be waived. Similar to the waiver of the attorney-client privilege, a litigant can waive work-product protection to the extent that he reveals or places the work product at issue during the course of litigation." *United States v. Sanmina Corp. & Subsidiaries*, 968 F.3d 1107, 1119 (9th Cir. 2020).

"This kind of waiver rests on principles of fairness. In practical terms, this means that parties in litigation may not abuse the [work product] privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Vans, Inc. v. Walmart, Inc.*, No. 8:21-cv-01876-DOC-KESx, 2023 U.S. Dist. LEXIS 97709, at *23 (C.D. Cal. June 5, 2023) (citing *Sanmina Corp. & Subsidiaries*, 968 F.3d at 1117).

Plaintiffs chose to put their prefiling investigation directly at issue by relying on it in their Ninth Circuit filing. Therefore, they waived any work product protection they may have had with respect to that investigation.

## V.  Conclusion.

WTPA's fourth discovery requests are directly based on allegations plaintiffs made to the Ninth Circuit. The discovery seeks information relevant to plaintiffs'

claims and is permitted under Rule 26. Plaintiffs have not met their burden of showing good cause for a protective order. By choosing to put their prefiling investigation at issue, plaintiffs have waived any work production protection that may have applied. Plaintiffs should be required to answer WTPA's fourth discovery requests.

**DATED** this 4th day of October, 2023.

                                        MOULTON BELLINGHAM PC

                              By   */s/ Christopher T. Sweeney*
                                       Gerry Fagan
                                       Christopher Sweeney
                                       Jordan Fitzgerald

                                       *Attorneys for Watch Tower Bible and Tract Society of Pennsylvania*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), I certify that this brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double-spaced, with left, right, top, and bottom margins of one inch; and that the word count calculated by Microsoft Word is 3,319 words, excluding the Table of Contents, Table of Authorities, Certificate of Compliance, and Certificate of Service.

By */s/ Christopher T. Sweeney*
Christopher T. Sweeney

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of October, 2023, a copy of the foregoing was served on the following persons:

1. U.S. District Court, Billings Division

2. Robert L. Stepans  
   Ryan R. Shaffer  
   James C. Murnion  
   Victoria K. M. Gannon  
   MEYER, SHAFFER & STEPANS, PLLP  
   430 Ryman Street  
   Missoula, MT 59802  
   *Attorneys for Plaintiffs*

   Matthew L. Merrill (pro hac vice)  
   MERRILL LAW, LLC  
   1863 Wazee Street, #3A  
   Denver, CO 80202

3. Jon A. Wilson  
   Brett C. Jensen  
   Michael P. Sarabia  
   BROWN LAW FIRM, P.C.  
   315 North 24th Street  
   P.O. Drawer 849  
   Billings, MT 59103-0849  
   *Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

   Joel M. Taylor, Esq. (*pro hac vice*)  
   MILLER MCNAMARA & TAYLOR LLP  
   100 South Bedford Road, Suite 340  
   Mount Kisco, NY 10549

4. Bruce G. Mapley, Sr.  
   3905 Caylan Cove  
   Birmingham, AL 35215

By the following means:

```
 1, 2, 3   CM/ECF                    _____ Fax
 _____    Hand Delivery             _____ E-Mail
 _____    U.S. Mail                 _____ Overnight Delivery Services
    4      Certified Mail, Return Receipt Requested
```

By   */s/ Christopher T. Sweeney*  
     Christopher T. Sweeney