| | |
|---|---|
| Robert L. Stepans | Matthew L. Merrill (appearing *pro hac vice*) |
| Ryan R. Shaffer | Merrill Law, LLC |
| James C. Murnion | 6631 Mariposa Court |
| Victoria K.M. Gannon | Denver, CO 80221 |
| Meyer, Shaffer & Stepans, PLLP | Tel: (303) 947-4453 |
| 430 Ryman Street | matthew@merrillwaterlaw.com |
| Missoula, MT 59802 | |
| Tel: (406) 543-6929 | |
| Fax: (406) 721-1799 | |
| rob@mss-lawfirm.com | |
| ryan@mss-lawfirm.com | |
| james@mss-lawfirm.com | |
| katy@mss-lawfirm.com | |

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Case No. CV-20-52-BLG-SPW |
| Plaintiffs, | **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA., | |
| Defendants, | |

Plaintiffs Tracy Caekaert and Camillia Mapley submit the following Brief in Support of their Motion for Leave to File Motion for Reconsideration regarding

production of Document 39 ("Doc. 39")[1] that is being withheld by the Watchtower Bible and Tract Society of New York ("WTNY").

## INTRODUCTION

On May 22, 2023, the Court relied on WTNY's description of Doc. 39 to conclude that there was no basis to review it *in camera*. Since that Order was issued, it has become clear that WTNY's descriptions of withheld documents are often materially incomplete and highly misleading. WTNY's practice is to withhold entire documents that contain both privileged and non-privileged information, but only describe the privileged portions while leaving out any mention of the non-privileged portions. This leads the trusting reader to believe that the entire document is privileged, when in fact only small portions (if any) are privileged.

The subject of this Motion, Doc. 39, is a 1999 letter from the Jehovah's Witnesses Service Department to Jehovah's Witnesses officials in Hardin, MT. According to WTNY's lawyers, at least some of this letter pertains to "spiritual guidance" regarding known child molester, Gunnar Hain. WTNY's description of Doc. 39 follows the familiar pattern: WTNY makes an affirmative statement that the document contains a category of information that is arguably privileged.

---

[1] Document 39 refers to the document identified in entry No. 39 of WTNY's Privilege Logs.

However, there is no indication that this is the only information in the letter. As a result, on August 17, 2023, Plaintiffs' counsel asked WTNY's counsel to re-review Doc. 39 and certify that it does not include non-privileged information that should be produced pursuant to recent orders of this Court. WTNY's counsel refused to re-review Doc. 39 to certify that it does not include non-privileged information.[2]

Plaintiffs bring this Motion seeking leave to file a Motion for Reconsideration of whether Doc. 39 should be reviewed *in camera* because the recent, compelled production of documents by WTNY establishes that WTNY's document descriptions relied on by the Court, including its description of Doc. 39, are intentionally misleading. This constitutes new, material facts indicating that the Court should not simply rely on WTNY's document descriptions when ruling on a Motion for *in camera* review. Accordingly, Plaintiffs respectfully request leave to file a motion for reconsideration of the Court's prior decision not to review Document 39 *in camera*.

## FACTUAL BACKGROUND

The following facts - all learned after the Court relied on WTNY's description of Doc. 39 to hold that the document should not be reviewed *in camera* - reveal that such reliance is not warranted and should be reconsidered:

---

[2] WTNY's counsel maintained that the Court had already ruled that Document 39 was privileged so no further review of the document was appropriate.

1. On March 25, 2022, WTNY described Document 29 ("Doc. 29") in its privilege log as a "Confidential communication Re: Providing religious guidance, admonishment, or advice concerning Third Party Gunnar Hain." WTNY's Privilege Log, 6 (March 25, 2022) (attached as **Exhibit A**).

2. After reviewing Doc. 29 for the third time, the Court determined that substantial portions of the letter were not actually privileged and ordered it produced with limited redaction. ECF Doc. 251 at 5.

3. On July 26, 2023, WTNY produced a redacted version of Doc. 29 pursuant to this Court's order. (attached as **Exhibit B**).

4. Contrary to WTNY's description of Doc. 29 as only containing religious guidance concerning Gunnar Hain, the letter contains substantial discoverable, material, non-privileged information, including:

    a. Statements indicating that Jehovah's Witnesses officials received repeated reports of child sexual abuse committed by Bruce Mapley and Martin Svenson;

    b. Statements indicating that the Jehovah's Witnesses officials never convened a Judicial Committee to review Gunnar Hain's known and admitted sexual molestation of young girls;

    c. Statements indicating the Jehovah's Witnesses officials received a letter from one of Gunnar Hain's victims alleging that the Jehovah's

        Witnesses failed to properly deal with his known and admitted sexual abuse of young girls;

    d. Statements indicating that some members of the Jehovah's Witnesses church in Hardin feel that the known and admitted child sexual abuse occurring in Hardin was not handled correctly and that there has been a cover-up; and

    e. Statements indicating that the elders in the Hardin Congregation feel constrained in their ability to deal with known child sexual abuse by the Jehovah's Witnesses' "two witness rule" and the church's requirement that knowledge of child sexual abuse be kept secret.

5. While WTNY withheld the entirety of Doc. 29 from Plaintiffs for over a year, approximately 80% of the letter is clearly and obviously not privileged. **Ex. B**.

6. WTNY's description of Doc. 29 as a letter that contains nothing more than the provision of spiritual and religious guidance regarding Gunnar Hain is a gross and intentional mischaracterization of the document that was intended to mislead Plaintiffs and the Court.

7. WTNY's dishonest description of Doc. 29 is not an outlier or an accident. Rather, it fits within an established pattern of conduct whereby WTNY misleads Plaintiffs and the Court with an incomplete document description.

*See generally* ECF Doc. 251 (requiring WTNY to produce Docs. 27, 28, 29, 32, 37, and 38); *compare to* ECF Doc. 193 (WTNY's representations about Docs. 27, 28, 29, 32, 37, and 38).

8. In each instance, WTNY followed the familiar pattern of withholding the entire document, describing only the portions that may be privileged, and intentionally omitting descriptions of the non-privileged portions.

9. For instance, Document 28 is a letter from a third-party Montana congregation to WTNY. WTNY withheld the entire document and represented that it contained a confession and sought religious guidance and advice. ECF Doc. 193 at 18. In truth, the bulk of the document is not privileged at all. ECF Doc. 251 at 3-4. Of the eight paragraphs contained in the document, only one contains privileged information. *Id*.

10. As another example, Document 38 is a letter from the Hardin Congregation to WTNY's Service Desk. WTNY withheld the entire document by representing that it was for "no purpose other than being a communication seeking spiritual guidance and advice on how to handle a difficult situation." (ECF Doc. 193 at 21). In truth, nothing in the document can be accurately characterized as seeking spiritual advice, but is instead a factual reporting of problems with Martin Svenson, including accusations of child sexual abuse. ECF Doc. 251 at 10.

11. The recent, compelled production of previously withheld documents by WTNY has exposed its misleading practice and constitutes newly obtained facts indicating that the Court should not rely on WTNY's document descriptions when deciding on whether to review a document *in camera*.

12. Plaintiffs had no way of understanding that WTNY was misleading them with its document descriptions until seeing the recently produced documents.

13. Like its description of Doc. 29, WTNY's privilege log describes Doc. 39 as "Confidential communication Re: Providing religious guidance, admonishment, or advice concerning Gunnar Hain."   **Ex. A**.

14. More recently, WTNY described PL No. 39 to this Court as:

> Document 39 is an elder-to-elder letter from WTNY to the Body of Elders in the Hardin Congregation, dated September 27, 1999.  After "prayerful consideration" of the matter, and based on the Scriptural teachings in the Watchtower Article, the letter offers spiritual guidance and advice to the Hardin Congregation elders regarding Gunnar Hain.  Because this is a letter from clergy giving spiritual advice and guidance, and because it contains a privileged confession, it is privileged.

ECF Doc. 193 at 21-22.

15. While everything WTNY asserts about Doc. 39 *could* be true, Plaintiffs and the Court now know that it is the things that WTNY chooses to leave out of its document descriptions that really matters.  *See generally* ECF Doc. 251.

16. Given the foregoing, on August 17, 2023, Plaintiffs' counsel asked WTNY's counsel to re-review Doc. 39 and certify that it does not contain non-privileged information with the Court's recent orders compelling production of similar documents in mind.

17. WTNY's counsel refused to make such a review, instead resting on the fact that its prior description—which is almost certainly incomplete—convinced this Court not to review the document *in camera*.

## APPLICABLE LAW

Motions for reconsideration are not permitted to be filed without prior leave of Court.  L.R. 7.3(a).  A party seeking leave to file a motion for reconsideration must show at least one of the following:

    (1)    (A)    the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, *and*

            (B)    despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; *or*

    (2)    new material facts arose or a change of law occurred after entry of the order.

L.R. 7.3(b).

## ARGUMENT

Prior to the recent, compelled production of documents by WTNY, Plaintiffs did not know that WTNY's lawyers were routinely providing materially

incomplete – and effectively dishonest - descriptions of the documents being withheld under claims of clergy penitent privilege. The record now establishes that WTNY's lawyers routinely provide partial document descriptions that are intended to mislead the reader by describing only the allegedly privileged portions while not disclosing that large portions are not privileged. In the parlance of L.R. 7.3, this constitutes the discovery of "new material facts."

A review of Doc. 29 is a glaring example of WTNY tactics, whereby its lawyers made an ostensibly accurate statement about privileged information in the document regarding Gunnar Hain, but completely omitted any description of the voluminous, material information about other perpetrators of child sexual abuse in Hardin and the apparent "cover-up" that occurred.[3] Plaintiffs did not learn of this tactic until the Court recently ordered WTNY to produce the mischaracterized documents.

In holding that there was no reason for *in camera* review of Doc. 39 the Court relied on WTNY's description of the letter. ECF Doc. 239 at 15. But that

---

[3] This practice of making ostensibly true statements, while simultaneously omitting obviously material facts, is reminiscent of WTPA's conduct during the jurisdictional phases of this case, where its lawyers made representations about WTPA's conduct in Montana that may have been technically accurate, but were grossly misleading because they omitted substantial amounts of material information that was contrary to WTPA's position. *See e.g.* ECF Doc. 135. It is now clear that the Defendants' lawyers have a clear practice of attempting to get this Court to believe things that are not true by intentionally withholding material facts.

description mirrors the misleading description that WTNY used for Doc. 29, which has now been revealed to contain predominantly non-privileged, yet highly probative and material, information. Even the description in WTNY's briefing that was cited by the Court fails to certify that there is no other non-privileged information in the letter. ECF Doc. 239 at 15 (referencing ECF Doc. 193 at 21-22). So, while it may be true that Doc. 39 includes the provision of spiritual guidance concerning Gunnar Hain as WTNY represents, it has now become apparent that the letter also very likely contains non-privileged information that WTNY's lawyers chose to leave out of its document description. *See e.g.* ECF 251.

Plaintiffs tried to avoid this Motion by asking WTNY's counsel to re-review Doc. 39 and certify that, consistent with this Court's recent Order, that it does not contain non-privileged information. But WTNY's counsel refuses to do so. Accordingly, Plaintiffs respectfully request leave to file a motion for reconsideration of the Court's prior decision regarding *in camera* review of Doc. 39.

DATED this 6th day of October, 2023.

> By: /s/ Ryan Shaffer
> Ryan R. Shaffer
> MEYER, SHAFFER & STEPANS PLLP
>
> *Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 1,928 words, excluding the caption, certificates of service, and compliance, table of contents, and authorities, and exhibit index.

By: /s/ Ryan Shaffer
    Ryan R. Shaffer
    MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
    Ryan R. Shaffer
    MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*