Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Victoria K.M. Gannon
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com
katy@mss-lawfirm.com

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
6631 Mariposa Court
Denver, CO  80221
Tel: (303) 947-4453
matthew@merrillwaterlaw.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA., <br><br> Defendants, | Case No. CV-20-52-BLG-SPW <br><br> **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER RE: WTPA'S FOURTH DISCOVERY REQUESTS TO PLAINTIFFS (DOC. 261)** |

Plaintiffs, Tracey Caekaert and Camillia Mapley, reply to WTPA's Objection to Plaintiffs' Motion for Protective Order RE: WTPA's Fourth Discovery Requests to Plaintiffs as follows:

1. **WTPA fails to explain why it did not make the requested modifications to its interrogatories.**

Plaintiffs engaged in exhaustive efforts to avoid this Motion. *See, e.g.,* Letter from Ryan Shaffer to Chris Sweeney (Aug. 21, 2023) (ECF No. 271-4); Email from Ryan Shaffer to Chris Sweeney (Sept. 1, 2023) (ECF No. 271-6). Plaintiffs' counsel repeatedly offered to provide WTPA substantive interrogatory answers if it modified them to eliminate objectionable components and focus only on what is discoverable, i.e., the information and evidence supporting the claims and defenses in *this case*. *Id*. For reasons that it will not disclose, WTPA would not do so.

Interrogatory No. 22 is a prime example. Plaintiffs agree that discovery into the facts establishing that the Defendants were on notice of the sexual abuse at issue in this case and failed to act reasonably to prevent the abuse is permissible because it bears on the claims and defenses. However, instead of just asking for identification of those facts, WTPA's Interrogatory No. 22 is loaded with objectionable language about Ninth Circuit appellate briefing and Plaintiffs' counsels' pre-filing investigation, neither of which are at issue in this case.

WTPA never explains why it would not make the simple modifications requested by Plaintiffs. Doing so would have reflected a common sense, cooperative approach to discovery that would have permitted Plaintiffs to provide substantive answers. WTPA's refusal to remove the reference to Ninth Circuit

**Plaintiff's Reply in Support of Their Plaintiff's Motion for
Protective Order RE: WTPA's Fourth Discovery Requests to Plaintiffs**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
2

briefing is especially puzzling given its stated position that the modifications constituted a "distinction without a difference." Thus, either WTPA is not being candid and the references to Ninth Circuit briefing really do matter, or WTPA is not taking seriously its duty to avoid wasting the Court's time with a discovery issue that can and should have been resolved amongst counsel.

2. **WTPA's requests for production are tied directly to the objectionable interrogatories.**

WTPA tells the Court that Plaintiffs reneged on an agreement to produce documents in response to its requests for production. WTPA's Objection (Oct. 4, 2023) (ECF No. 271 at 4–5). The issue is not nearly as clear as WTPA attempts to portray.

It is true that after reviewing this Court's prior order regarding over-broad and overly burdensome discovery that WTPA agreed to modify its requests for production. *See* Order (June 2, 2023) (ECF No. 245 at 4–8); Letter from Chris Sweeny to Ryan Shaffer (Aug. 31, 2023) (ECF No.271-5 at 2). The problem is that WTPA's requests for production specifically sought documents that are "relevant to or referred to" in the interrogatory answers. WTPA's Fourth Disc. to Plaintiffs (July 12, 2023) (ECF No. 262-1). Because WTPA would not modify the interrogatories, and because Plaintiffs are seeking a protective order as a result, no interrogatory answers were made and therefore no responsive documents could be identified/produced. WTPA also fails to acknowledge that on August 31, 2023 –

Plaintiff's Reply in Support of Their Plaintiff's Motion for
Protective Order RE: WTPA's Fourth Discovery Requests to Plaintiffs
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
3

when it agreed to modify its requests for production – the parties were still conferring on the interrogatories, and Plaintiffs hoped that a resolution could be reached.

Plaintiffs want to provide WTPA the facts and documents in their possession that bear on the claims and issues in this case. At the same time, the law does not permit WTPA to conduct discovery into Plaintiffs' lawyers' prefiling investigation or statements made in appellate briefing. That is why Plaintiffs asked for simple modifications to the interrogatories and have come to the Court seeking relief.

**3. WTPA is limited to discovery on material disputes at issue in this case.**

While the authority cited by WTPA explicitly limits discovery to the claims, defenses, and issues before the court in **this case**, WTPA asserts that no such limitation exists. Rule 26 states that WTPA may obtain discovery on any matter "relevant to the claims and defenses and is proportional to the needs of **the case**." Fed. R. Civ. P. 26(b). Similarly, *Oppenheimer* provides that WTPA may conduct discovery on "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in **the case**." *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978).

It is hardly controversial to state that discovery in "this case" is limited to matters that are relevant to the claims, defenses, and issues disputed by the parties

**Plaintiff's Reply in Support of Their Plaintiff's Motion for
Protective Order RE: WTPA's Fourth Discovery Requests to Plaintiffs**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
4

in "this case."[1]  Rather than doing so, WTPA is intent on serving discovery that is about things Plaintiffs' lawyers stated in their Ninth Circuit appellate briefs and their prefiling investigations.  Simply put, making a statement in an appellate brief does not make it a disputed issue in this case.  This is why Plaintiffs' counsel spent weeks trying to work with WTPA's counsel to get revised requests that focused only on the matters at issue in this case.  For reasons that WTPA will not explain, it refused to do so.

**4. Plaintiffs' prefiling investigation is not at issue in this case and the work product privilege has not been waived.**

Despite WTPA's repeated insistence that Plaintiffs' prefiling investigation is "directly at issue", it failed to identify a single issue, claim, or defense before this Court in which Plaintiffs' lawyers' prefiling investigation is or will be relevant.  As such, Interrogatory No. 22 seeks information that is outside the scope of discovery permitted by Rule 26 and *Oppenheimer*.

Next, WTPA argues that Plaintiffs waived work product protection over their prefiling investigation.  "'The burden of proving any claimed waiver of

---

[1] WTPA is wrong when it states that Plaintiffs "do not claim that the information sought in the interrogatories is irrelevant to their claims."  WTPA's Objection (ECF No. 271 at 7).  That is exactly what Plaintiffs claim, and it is stated repeatedly in their opening brief.  Pls.' Brief in Supp. (ECF No. 262 at 5, 6, 11 (stating that their prefiling investigation is "not at issue", is not "a proper topic of discovery", "fails to pass the basic prima facia showing of relevance" and is "wholly divorced from the subject matter and claims in the underlying action.")).

**Plaintiff's Reply in Support of Their Plaintiff's Motion for
Protective Order RE: WTPA's Fourth Discovery Requests to Plaintiffs**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
5

protection ... rests on the party seeking discovery.'" *Exxon Mobil Corp. v. AECOM Energy & Constr., Inc.*, No. CV19107BLGSPWTJC, 2021 WL 1688481, at *3 (D. Mont. Apr. 29, 2021) (quoting *U.S. Inspection Services, Inc. v. NL Engineered Sols., LLC*, 268 F.R.D. 614, 617–18 (N.D. Cal. 2010)). WTPA has not met its burden.[2]

WTPA argues without support that Plaintiffs are "weaponizing" their prefiling investigation by referencing the reasons WTPA was named as a defendant in this case. Statements made in the background section of Plaintiffs' Ninth Circuit briefing that explain why WTPA was named as a party do not "weaponize" Plaintiffs' prefiling investigation any more than filing the Complaints in this case did. In fact, the background statements from the Ninth Circuit briefing referenced by WTPA mirror what was already plead in Plaintiffs' First Amended Complaint three years ago. First Amend. Comp. (Jul. 13, 2020) (ECF No. 22 at 4–7, 8–10). It is axiomatic from the operation of Rule 11 that Plaintiffs' prefiling investigation supported these allegations. Nothing new was revealed in Plaintiffs' Ninth Circuit briefing, and it certainly did not divulge or "weaponize" the particulars of what was learned during the prefiling investigation.

---

[2] WTPA does not even identify what the analysis or standard that the Court should apply when addressing the issue. This alone shows WTPA's position is untenable.

Plaintiff's Reply in Support of Their Plaintiff's Motion for
Protective Order RE: WTPA's Fourth Discovery Requests to Plaintiffs
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
6

None of the cases cited by WTPA leads to a conclusion that Plaintiffs' lawyers waived the work product privilege over their prefiling investigation:

- ➢ *Lyons* was about whether a plaintiff could refuse to submit to any discovery after filing a complaint. *Lyons v. Johnson*, 415 F.2d 540, 542 (9th Cir. 1969). That is obviously not close to analogous to any facts at issue in this case and nothing in *Lyons* supports a conclusion that Plaintiffs' lawyers have waived work product privilege over the details of their prefiling investigation.

- ➢ The implied work product waiver discussed in *Vans* applied where a "client put 'the lawyer's performance at issue during the course of litigation.'" *Vans, Inc v. Walmart, Inc*, No. 821CV01876DOCKESX, 2023 WL 4291986, at *7 (C.D. Cal. June 5, 2023). Thus, in that case, the prefiling investigation was actually a disputed matter at issue in the case. Here, there is no dispute about the particulars of what Plaintiffs' lawyers learned during their prefiling investigation and the holding in *Vans* is not applicable.

- ➢ In *U.S. v. Sanmina Corp.* one party disclosed an "Attorney Memo" to a third party, and the opposing party argued this constituted waiver. 968 F.3d 1107, 1122 (9th Cir. 2020). There is nothing remotely close to the disclosure of an "Attorney Memo" at issue here. Rather, Plaintiffs disclosed exactly what was already included in their Amended Complaint: namely, that their prefiling investigation supported allegations that Defendants were on notice

**Plaintiff's Reply in Support of Their Plaintiff's Motion for**
**Protective Order RE: WTPA's Fourth Discovery Requests to Plaintiffs**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
7

of the child sex abuse at issue in this case and failed to act reasonably to prevent it.

WTPA failed to establish any right to invade work product resulting from Plaintiffs' prefiling investigation.

### 5. Plaintiffs' concerns about harm from WTPA's Ninth Circuit discovery are well founded.

WTPA argues that Plaintiffs' motion should be denied because Plaintiffs did not put forth specific examples or "articulated reasoning" supporting a conclusion that they will be harmed by the discovery. Plaintiffs disagree, and point the Court to the following:

1. WTPA's counsel also represents Philip Brumley. It cannot be a coincidence that those lawyers have now served discovery in this case that is about statements made in Mr. Brumley's appeal. This creates, at a minimum, the possibility and appearance that the discovery is being served in this case to achieve undisclosed purposes in the appellate matter.

2. WTPA is trying to invade the work product privilege regarding Plaintiffs' lawyers' prefiling investigation, yet they cannot identify a single claim, defense, or issue in this case that would justify such discovery, let alone establish that the privilege has been waived.

**Plaintiff's Reply in Support of Their Plaintiff's Motion for
Protective Order RE: WTPA's Fourth Discovery Requests to Plaintiffs**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
8

3. WTPA will not explain why its discovery requests are focused on statements made by Plaintiffs' lawyers in Philip Brumley's appellate briefing rather simply focusing on issues in this case.

4. WTPA cannot explain why it would not modify its interrogatories by removing the objectionable language while simultaneously maintaining that such modifications would not change the requests in a material way.  If that is true, why not make the modifications so that the interrogatories did not contain the parts that Plaintiffs found objectionable?

5. The Jehovah's Witnesses Defendants in this case, and in other cases around the country, have time and again conducted themselves in bad faith, with a lack of candor, and without due respect for the rules that govern litigation and make it a fair process.  This repeated course of conduct is not unsubstantiated or hypothetical: it is a fact about how these Defendants litigate.  Courts are not accustomed to seeing this sort of deliberate conduct, but it is a reality that is pervading this case as well.  *See, e.g.,* Order (Aug. 24, 2021) (ECF No. 85); Order (Aug. 23, 2022) (ECF No. 135); Order (Sept. 29, 2023) (ECF No. 268).

Given the foregoing, Plaintiffs have made a sufficient showing that they should be protected from WTPA's discovery requests as they are currently written.  WTPA's lawyers offer no plausible explanation as to why they made their discovery about

**Plaintiff's Reply in Support of Their Plaintiff's Motion for
Protective Order RE: WTPA's Fourth Discovery Requests to Plaintiffs**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
9

statements made in Mr. Brumley's appeal.  Indeed, there is no good explanation for it.

If WTPA wants to conduct discovery on the claims, defenses, and issues in this case, then it should serve discovery focused on such.  As Plaintiffs repeatedly stated during the conferral process, if WTPA's lawyers would remove the objectionable language that made its discovery about Ninth Circuit appellate briefing and the privileged information obtained during Plaintiffs' prefiling investigation, Plaintiffs would provide substantive answers.

DATED this 12th day of October, 2023.

> By: /s/ Ryan Shaffer
> Ryan R. Shaffer
> MEYER, SHAFFER & STEPANS PLLP
>
> *Attorneys for Plaintiffs*

**Plaintiff's Reply in Support of Their Plaintiff's Motion for
Protective Order RE: WTPA's Fourth Discovery Requests to Plaintiffs**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
10

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 1,972 words, excluding the caption, certificates of service and compliance, table of contents, and authorities, and exhibit index.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

**Plaintiff's Reply in Support of Their Plaintiff's Motion for
Protective Order RE: WTPA's Fourth Discovery Requests to Plaintiffs**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
11