*Exhibit A*

| | | |
|---|---|---|
| STATE OF WYOMING ) | | IN THE DISTRICT COURT |
| ) ss. | | |
| COUNTY OF CONVERSE ) | | EIGHTH JUDICIAL DISTRICT |

JOHN SHEPHERD, )
)
    Plaintiff, )
)
JACOB T. BATES and BRIANNA BATES, )
)
    Plaintiffs-Intervenors, )
)
v. ) Civil Number: 17594
)
MATRIX PRODUCTION COMPANY, )
a Texas corporation; JAMES MILLER, )
individually; JIM BLISS, individually, )
FRED BRYLA, individually; )
DOES I-V, individually, )
)
    Defendants. )

*[Filed for Record this 9 day of April A.D. 2021, Pamela McCullough, Clerk of the District Court, Converse County, Wyoming]*

## ORDER REQUIRING PRODUCTION OF RAW TEST DATA AND ESTABLISHING A PROTECTIVE ORDER

THIS MATTER came before the Court on the Parties' *Joint Motion for Entry of Protective Order* ("Motion"). The Parties, Plaintiffs Jacob T. Bates and Brianna Bates; and Defendants Matrix Production Company, a Texas corporation; James Miller, individually; Jim Bliss, individually; and Fred Bryla, individually (hereinafter individually referred to as a "Party" or by name, and collectively referred to as the "Parties"), agreed that information, documents, and other materials from Plaintiffs' expert Michael Butz, Ph.D. provided to Defendants may contain confidential and sensitive information.

Therefore, to expedite the production of information, documents and other materials from Dr. Butz to Defendants, to facilitate the prompt resolution of disputes over confidentiality, and to adequately protect such information entitled to be kept confidential, it is, by agreement of the

Parties, and pursuant to the Court's authority under Rule 26 of the Wyoming Rules of Civil Procedure, ORDERED that:

A. Michael Butz, Ph.D. shall provide to Plaintiffs' counsel within ~~five (5)~~ ten (10) business days of this Order, and Plaintiffs' counsel shall thereupon promptly provide to Defense counsel, the following materials to the extent Dr. Butz has any such materials in his possession, custody or control:

*[handwritten annotations: "ten (10) JV", "entry of JV150"]*

1. All time records for Dr. Butz's time spent on the case, including interview, records review, testing and expenses for Plaintiff(s).

2. All billing records for Dr. Butz's time spent on the case for Plaintiff(s).

3. All reports, e-mails, notes, correspondence and other documents between Dr. Butz and any other person, including Plaintiffs' attorneys, concerning Plaintiffs, their employment, the facts of the accident, or transmittal of any other information concerning Plaintiffs, as it pertains to this case.

4. All reports, e-mails, notes, correspondence and other documents between Dr. Butz and John E. Meyers, Psy.D., ABN, ABPdN concerning Plaintiffs or any aspect of this matter.

5. Curriculum vitae of any person who performed tests on Plaintiff(s).

6. Notes of any and all interview sessions and observations of Plaintiff(s) or any other family members of Plaintiff, or of any other observers.

7. All school, military and testing records of Plaintiff(s) that reveal any baseline and pre-accident condition(s).

8. All medical and other records provided to Dr. Butz by Plaintiffs' attorneys.

9. All notes made by Dr. Butz or his team regarding this matter.

This information, documents, and other materials shall be marked as "Confidential Information" as defined in Paragraph H below and shall be governed by this Order.

The Parties agree, and the Court FINDS, the production of this information, documents, and other materials ordered in this matter will not violate any copyright protection attached to the materials provided and that the information is properly subject to this Court's direction.

The Confidential Information disclosed in this lawsuit shall be used solely for purpose of the preparation and trial of the Litigation, for any related appellate proceeding, and for no other purpose including, but not limited to, being used as a basis for any other lawsuit.

**B.** Confidential Information disclosed in this lawsuit will not be copied, scanned, disseminated, or otherwise divulged or revealed in any way to anyone, except that such information may be disclosed to:

1. The Parties;

2. The attorneys, paralegals, secretaries and assistants who are actively working on this case and/or have been retained by the Parties for representation in this case;

3. Persons regularly employed with the attorneys actively working on the case whose assistance is required by said attorneys;

4. Insurance claim adjuster (or other insurance company employee), expert witness, consultant, or staff of any insurance company, expert witness, or consultant employed or retained to investigate, adjust, examine, or otherwise assist counsel regarding any claims or defenses pertinent to these proceedings. Prior to the disclosure of Confidential Information to each person described above, a copy of this Protective Order must be provided to them for their review and he or she must sign the *Consent to Terms of Protective Order* attached hereto as "Exhibit A," representing that the person understands the Protective Order and agrees to be bound by it and not to disclose Confidential Information except as provided herein;

5. The Court and its employees ("Court Personnel");

6. Stenographic/court reporters who are engaged in proceedings necessarily incidental to the conduct of this case;

7. Witnesses or deponents and then only to the extent such disclosure is necessary for their testimony, preparation, or work. Prior to the disclosure of Confidential Information to each person described above, a copy of this Protective Order must be provided to them for their review and he or she must sign the *Consent to Terms of Protective Order* attached hereto as "Exhibit A," representing that the person understands the Protective Order and agrees to be bound by it and not to disclose Confidential Information except as provided herein;

8. Any mediator agreed to by the Parties; and

9. Persons who were originally involved in the creation or receipt of the Confidential Information.

C. Confidential Information will not be used in any document of public record, including, but not limited to, exhibits for trial, hearings, depositions, motions, or affidavits filed with the Court, unless filed under seal and/or as a "non-public" document, or unless the Parties have agreed otherwise in writing or otherwise ordered by the Court. Whenever a deposition, hearing, or trial involves the disclosure of Confidential Information, the transcript of such proceedings, or portions thereof, may be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the proceedings, whenever possible, but a Party may designate portions of transcripts as Confidential Information by providing written notice of the designation to all counsel of record within thirty (30) days after completion of the transcript.

D. During depositions, Counsel may exclude non-Parties from the room during periods when Confidential Information is discussed or is the subject of the deposition testimony. Portions of deposition transcripts containing discussions of Confidential Information shall be

treated as provided herein. A Party seeking to designate portions of a transcript as Confidential must provide written notice of the page and line numbers containing the Confidential Information to the other Party in order to have it so designated.

E. In addition the Confidential Information discussed above, Michael Butz, Ph.D. shall promptly provide to David Hartman, Ph.D. the following materials to the extent Dr. Butz has any such materials in his possession, custody or control:

1. True and accurate xerox or scanned copies of all original pages of materials completed by the patient, or administered to the patient, along with all hand-scored and/or computer scored test results and interpretative test boilerplate of all tests employed by Dr. Butz in this matter for Plaintiff(s) including, but not limited to, actual copies of the individual test forms, computer scores of all data for which computer scores exist, hand scored data, and all original forms and computer scored and interpreted output from the Meyers Neuropsychological Battery. Of note, it is expressly recognized that a summary of, transcript of, or any secondary copy of the scores is not sufficient.

2. Copies of all original test forms and questionnaires filled out / completed by Plaintiff(s).

3. A reference to or a document evidencing the order of each test Dr. Butz administered to Plaintiff(s).

4. Intake information and non-test questionnaires prepared by or concerning Plaintiff(s).

5. If any tests are hand-scored, but not computer-scored, a citation referencing the published norms is requested. If the norms are not published, then a true and accurate copy of these norms relied upon by Dr. Butz is requested.

6. True and accurate copies of scores and computer output (if applicable) all performance validity scales, symptom validity tests, embedded validity tests or other measures Dr. Butz used for evaluating Plaintiff(s)' effort, symptom plausibility, straightforwardness and/or cooperation, along with a complete list of citations that Dr. Butz used to reference and support his conclusions about test validity in this case.

This information, documents, and other materials shall be considered "Neuropsychological Confidential Information" – whether marked as "Neuropsychological Confidential Information"

as defined in Paragraph H below or not – and shall be governed by this Order.

The Parties agree, and the Court FINDS, the production of this information, documents, and other materials ordered in this matter will not violate any copyright protection attached to the materials provided and that the information is properly subject to this Court's direction.

The Neuropsychological Confidential Information disclosed in this lawsuit shall be used solely for purpose of the preparation and trial of the Litigation, for any related appellate proceeding, and for no other purpose including, but not limited to, being used as a basis for any other lawsuit.

F. Neuropsychological Confidential Information disclosed in this lawsuit will not be copied, scanned, disseminated, or otherwise divulged or revealed in any way to anyone, except that such information may be disclosed to:

1. David Hartman, Ph.D.; and

2. Persons who were originally involved in the creation or receipt of the Neuropsychological Confidential Information.

G. Neuropsychological Confidential Information will not be used in any document of public record including, but not limited to, exhibits for trial, hearings, depositions, motions, or affidavits filed with the Court, unless filed under seal and/or as a "non-public" document, or unless the Parties have agreed otherwise in writing or otherwise ordered by the Court.

H. The terms "Confidential Information" and "Neuropsychological Confidential Information" as used herein mean any Document that is designated as confidential or otherwise considered confidential pursuant to the terms of this Order . For the purposes of this Order, "Document" includes, but is not limited to, every means of recording any information, form of communication, or representation upon any tangible thing, including letters, numbers, words,

pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of electronically stored information, and all other tangible things which come within the meaning of "writing" contained in Rule 1001 of the Wyoming Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Wyoming Rules of Civil Procedure. "Confidential Information" also includes information revealed during depositions and information revealed in answer to written discovery requests, which information has been designated as confidential.

**I.** This Order shall continue to be binding throughout and after the conclusion of the trial in this case, including any appeal thereof, unless modified by the Court upon application of any Party, such modification being expressly reserved to accommodate the Parties' changing discovery needs as this case develops.

**J.** Upon final termination of this case, whether by judgment, settlement, or otherwise, all Confidential Information (and all copies thereof) and Neuropsychological Confidential Information (and all copies thereof) shall be destroyed. Upon request, a receiving Party shall provide a certification that it destroyed all Confidential Information and Neuropsychological Information. All briefs, pleadings, or other filings with the Court, or attorney work product that incorporates or discloses Confidential Information, may remain in the possession of counsel, and need not be destroyed, but shall remain subject to this Protective Order, unless otherwise agreed to in writing.

**K.** By agreeing to the entry of this Protective Order, the Parties adopt no positions as to the authenticity or admissibility of documents produced subject to it.

DATED this 9th day of April 2021.

_____
WYOMING DISTRICT COURT JUDGE

DISTRICT COURT
STATE OF WYOMING } ss.
Converse County
CERTIFIED to be a full true and correct copy of the original in my custody.
DATED April 9 A.D. 2021
PAMELA McCULLOUGH
Clerk of the District Court
_____ Deputy
MY TERM WILL EXPIRE ON THE 1st MONDAY IN JANUARY 2023

Approved as to Form by:

_John R. Vincent_ Dated: March 2, 2021.

John R. Vincent, W.S.B. # 5-1350
Aaron J. Vincent, W.S.B. # 6-4110
Janet E. Millard, W.S.B. # 5-1884
VINCENT DAVEY LAW FIRM
301 East Adams
P.O. Box 433
Riverton, Wyoming 82501
Telephone:   (307) 857-6005
Facsimile:   (307) 857-6192
Emails:   john@vincentdaveylaw.com
          aaron@vincentdaveylaw.com
          janet@vincentdaveylaw.com

-and-

Ann E. Davey, W.S.B. # 7-4689
VINCENT DAVEY LAW FIRM
P.O. Box 1207
Columbus, Montana 59019
Telephone:   (406) 322-8557
Facsimile:   (406) 322-599
Emails:   ann@vincentdaveylaw.com

*Attorneys for Plaintiffs*

_[signature: Keith J. Dodson]_   Dated: 3/11/2021

Stuart R. Day, W.S.B. # 5-2244
Keith J. Dodson, W.S.B. # 6-4254
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 No. Wolcott, Suite 400
P.O. Box 10700
Casper, Wyoming 82602
Telephone:   (307) 265-0700
Facsimile:   (307) 266-2306
Emails:      sday@wpdn.net
             kdodson@wpdn.net

-and-

Casie Collignon
Justin T. Winquist
Alexander K. Obrecht
BAKERHOSTETLER
1801 California Street, Suite 4400
Denver, Colorado 80202-2662

*Attorneys for CTI Defendants*

# EXHIBIT "A"

| | | |
|---|---|---|
| STATE OF WYOMING )<br>) ss.<br>COUNTY OF CONVERSE ) | | IN THE DISTRICT COURT<br><br>EIGHTH JUDICIAL DISTRICT |

JOHN SHEPHERD, )
)
    Plaintiff, )
)
JACOB T. BATES and BRIANNA BATES, )
)
    Plaintiffs-Intervenors, )
)
v. )    Civil Number: 17594
)
MATRIX PRODUCTION COMPANY, )
a Texas corporation; JAMES MILLER, )
individually; JIM BLISS, individually, )
FRED BRYLA, individually; )
DOES 1-V, individually, )
)
    Defendants. )

## CONSENT TO TERMS OF PROTECTIVE ORDER

    I have been informed by counsel that certain documents or information to be disclosed to me in connection with this matter have been designated as Confidential Information. I have been informed that any such documents or information labeled "Confidential" is confidential by and pursuant to the PROTECTIVE ORDER entired by the Court.

    I have been presented with and reviewed the PROTECTIVE ORDER, and hereby agree to be bound by its terms and conditions. Accordingly, I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation. Furthermore, upon conclusion of this matter, I agree to either return the documents to the individual from whom I received them or destory them within 30 days after dismissal of this matter.

Page 1 of 2

Initials

_____    _____
Signature                          Date


_____
Name (Print)

CLERK OF THE
DISTRICT COURT

2021 FEB -5 P 4: 26

FILED

**MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY**

| IN RE THE MARRIAGE OF | |
|---|---|
| BRANDY HORTON, | Cause No.: DR 11-978 |
| Petitioner, | Judge Gregory R. Todd |
| vs. | **ORDER GRANTING PETITIONER'S MOTION TO RELEASE INVESTIGATIVE FILE AND DENYING COURT APPOINTED INVESTIGATOR'S MOTION TO QUASH** |
| STEPHEN HORTON, | |
| Respondent. | |

## INTRODUCTION

This matter comes before the Court by Petitioner Brandy Horton's (hereinafter "Brandy") Motion to Release the Investigative File filed on January 14, 2021. Respondent Stephen Horton (hereinafter "Stephen") filed a Response in Opposition on January 22, 2021, and Brandy replied on January 26, 2021.

In addition, the Court Appointed Investigator Dr. Michael R. Butz (hereinafter "Dr. Butz") filed a Response and Motion to Quash on January 28, 2021. This matter was discussed with all parties' counsel on January 27, 2020. Brandy replied to Dr. Butz on January 29, 2021. The matter is fully briefed and ripe for review.

## STATEMENT OF FACTS

In April 2020, this Court ordered a parenting evaluation in this matter. The parties stipulated to a parenting evaluation on the premise that Stephen would pay all costs associated with the evaluation. Dr. Butz was selected as the Court Appointed Investigator. Dr. Butz and Stephen entered into a financial arrangement, and Brandy signed only an Informed Consent agreement. On January 6, 2021, Dr. Butz's 118-page report was released to the parties.

Brandy has engaged Burke/Newell Consulting Group to review a potential contest to Dr. Butz's findings. While the Consulting Group could form some opinions based on a preliminary review, they represent that access to the investigative file and raw data is required to conduct a comprehensive review of Dr. Butz's evaluation.

Dr. Butz has challenged Brandy's Subpoena Duces Tecum for the materials. He alleges ethical obligations, legal concerns, and requests payment for its production.

## DISCUSSION

Dr. Butz alleges ethical concerns in contending that he cannot release the investigative file except to a qualified expert. In support, he references 24.189.2309(4)(f), Admin.R.Mont. However, this rule applies to general psychological practice. There are separate administrative rules for psychologists who perform parenting plan evaluations, as Dr. Butz was appointed for in this case. *See* 24.189.801-.823, Admin.R.Mont.

Under these rules, the psychologist "**must** keep comprehensive and detailed records," and that "**all** raw data . . . **must** be saved and made available for review, if necessary." 24.189.820(3), Admin.R.Mont. (emphasis added). Furthermore, Mont. Code Ann. § 40-4-215 states that the investigator "[w]hen consistent with state and federal law, the investigator **shall make available to counsel and to any party not**

**represented by counsel** the investigator's file of underlying data and reports." There is no qualification allowing the investigator to condition disclosure only to another qualified expert.

Dr. Butz's ethical and legal obligations are clear. He must produce the file, including the raw data, to counsel. Any clause in the informed consent conditioning this production is contrary to statute and public policy and is void. *See* § 28-2-701, MCA. Furthermore, any objection as to intellectual property law is avoided by this Court's order that the investigative materials shall not be disclosed outside of this litigation.

Pursuant to this obligation, Dr. Butz additionally requests "$2,115.00 for his time and expense in gathering and preparing the information requested by the Subpoena." Dr. Butz's Res. Br. Mtn. Quash, 3. This includes $1,200 in printing costs and $915 for his case work.

However, even if Dr. Butz did incur undue expense, this expense did not accrue from his case work. As described above, Dr. Butz had a pre-existing ethical and legal duty to make detailed records and to further produce these records. This cost is inherent to the duties of his evaluation and should have been addressed in his fee agreement with Stephen.

In addition, the Rules of Civil Procedure are clear. If Dr. Butz felt the burden of production to be unduly burdensome, he was obligated to explain his position in an affidavit. 45(d)(3)(B), 26(b)(4)(C) M.R.Civ. P. At that time, this Court could have ruled on alternative means of production or similar cost-saving measures.

Instead, Dr. Butz has already made 4 hard copies of approximately 500 documents. He has cited a charge of $0.50 cents per page—in comparison, the courthouse charges $0.10 cents a page for printing after the first 10 pages. Ultimately, his request for printing costs totaled $1,200.

This Court believes that these 4 copies were perhaps intended for separate parties—a copy to this Court, a copy to Stephen's counsel, a copy to Brandy's counsel, and a final copy to Burke/Newell Consulting Group. Since the copies are already produced, this Court will allow a reasonable charge for printing fees at $0.10 cents per page. As 2 copies were presumably intended for Brandy's counsel and the Consulting Group, Brandy can pay for two of the copies.

## CONCLUSION

Therefore,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Release Investigative File is **GRANTED**, and the Court Appointed Investigator's Motion to Quash is **DENIED**.

**IT IS FURTHER ORDERED** that the produced documents shall not be disclosed outside of this litigation.

**IT IS FURTHER ORDERED** that Petitioner shall pay for two copies of the documents produced at the fee of $0.10 per page.

**DATED AND ORDERED** this ___7___ day of February, 2021.

_____
Gregory R. Todd, District Court Judge
DR 11-978

cc: Amanda G. Hunter, Attorney for Petitioner
Kevin T. Sweeney, Attorney for Respondent
Kenneth S. Frazier & Joseph A. Soueidi, Attorneys for Dr. Michael Butz

ORDER - 4

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was caused to be served upon the parties or their attorneys of record at their last-known address on this ___3rd___ day of February, 2021.

By _____
Bethany Jones
Law Clerk to HON. GREGORY R. TODD

```
                                              CLERK OF THE
                                              DISTRICT COURT
                                              TERRY HALPIN

                                              2021 OCT 27 A 11: 16

                                              FILED  (87)

                                              BY_____
                                                      DEPUTY
```

MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
YELLOWSTONE COUNTY

| | |
|---|---|
| IN RE THE MARRIAGE OF | ) Cause No. DR 20-0160 |
| CLARK R. RAMSEY, | ) Judge: Colette B. Davies |
| Petitioner, | ) |
| and | ) **ORDER TO RELEASE** |
| | ) **THE INVESTIGATIVE FILE OF DR. BUTZ** |
| WHITNEY LYNN RAMSEY, | ) |
| Respondent. | ) |

This matter comes before the Court on Respondent's Motion to Release Dr. Butz' Investigative File. Based upon § 40-4-215, M.C.A., and good cause appearing:

**IT IS HEREBY ORDERED** that Dr. Butz shall release his Investigative File to Respondent's Counsel on or before the ___5___ day of ~~October~~ November, 2021.

DATED this 26 day of October, 2021.

_____
DISTRICT COURT JUDGE

cc:  Jeff A. Turner
     Kevin Sweeney
     Dr. Butz