*Exhibit B*

**Aspen Practice P.C.**
dba, Michael R. Bütz, Ph.D.

# AUTHORIZATION FOR FORENSIC CONSULTATION/PSYCHOLOGICAL ASSESSMENT: *INFORMED CONSENT & FEE AGREEMENT*

I _____, have been referred by_____,

my_____, for a forensic consultation/psychological assessment. Forensic, per *Merriam-Webster*, "…relating to or dealing with the application of scientific knowledge to legal problems." In other words, the term means pertaining to or employed in legal proceedings. In the most focused application forensic work applies to court ordered, requested, or associated work, and at the same time the term may also apply to the spectrum of matters that may end up in court as well.

Prior to commencing interviews or the assessment/consultation process, I have been informed by the Aspen Practice, P.C. evaluator that the information obtained by the evaluator during the assessment/consultation process may not remain confidential. It was explained that confidentiality cannot be guaranteed in a forensic consultation or psychological assessment. I understand that information obtained in this process as memorialized in a final report may be discoverable or admissible as evidence in a criminal, civil, or other legal or administrative action.

I further understand the evaluator's role to be that of a neutral, objective evaluator, and that forensic assessment/consultation is not psychological treatment. If I have legal counsel, my counsel has agreed to have me proceed with the assessment/consultation. If I do not have legal counsel, the evaluator has informed me of my right to legal counsel in deciding to proceed. I understand that the final report may help my case, have no effect on my case, or harm my case as a neutral and objective work product. I agree to proceed with the forensic assessment/consultation.

I further understand that the results of the consultation/evaluation will be released directly to, and discussed with, the party who referred me to Aspen Practice, P.C. (the "Referral Source").
I agree that a verbal presentation of the results will be given to: _____
A written report will be completed at the Referral Source's discretion. After my legal matter has been resolved, and upon the agreement of the evaluator and the Referral Source, I understand that I may meet with the evaluator about the results of the assessment at my own expense and I must pay for these services in advance per the Standard Forensic Financial Policies of Aspen Practice, P.C., dba Michael R. Bütz, Ph.D. I further understand that Aspen Practice, P.C., dba Michael R. Bütz, Ph.D. is under no obligation to provide a report to me, or to discuss the results with me or any other parties other than the Referral Source. Furthermore, I have been advised and understand that HIPAA Privacy Regulations and Montana's Uniform Healthcare Information Act do not apply to forensic psychological services, which are legal matters and not healthcare matters.

 **ASPEN PRACTICE, P.C.**

I understand as follows: (1) it is the policy of Aspen Practice, P.C., dba Michael R. Bütz, Ph.D. not to release raw psychological instrument (test) data directly to attorneys or other individuals; (2) Professional ethics and legal constraints, allow psychologists to refuse to release information in the record to any person regarding a psychological instrument such as raw data; (3) Such a release could compromise the objectivity or fairness of the instrument or the assessment/ consultation process or violate the copyright protections of instrument developers and publishers; (4) Raw psychological instrument data may be discoverable or admissible as evidence in a criminal, civil, domestic, or other legal or administrative action; and (5) Raw psychological instrument data can only be released if so determined by the court or administrative hearing officer and, under the condition that it is released to an expert appropriately qualified by rigorous training, supervision and experience to both score and interpret these results accurately (typically a licensed psychologist, see also *Standards for Educational and Psychological Testing* (2014)). It is understood that Aspen Practice, P.C., dba Michael R. Bütz, Ph.D. will request and require proof of the professional's qualifications before releasing any raw data. I also understand that the evaluator may consult with other suitably trained professionals for consultation regarding the psychological instrument results and other information from this forensic assessment/consultation.

I understand that Aspen Practice, P.C., dba Michael R. Bütz, Ph.D. reserves the right to withhold any information not relevant to the matter under question, the disclosure of which might be harmful to any potential participants (adults, agencies, or children) in the assessment/consultation. I hereby consent to the disclosure of all information obtained in the course of the assessment to any court, attorney, or agency having responsibility for this matter or for the safety of children, vulnerable adults and the public. I understand this condition may constitute a waiver of my Fifth Amendment protections (right against self-incrimination), should criminal action pursue. Also, any information obtained during this assessment/consultation may be disclosed for the purpose of corroboration to any other individual identified in the *Authorization for the Mutual Release and Exchange of Confidential Information and Privileged Information* executed by me.

The fees charged by Aspen Practice, P.C. for the forensic psychological assessment have been included in the document entitled *Standard Forensic Financial Policy* which has been provided to me.

If applicable, any retainer requested by Aspen Practice, P.C. has been developed on a case-by-case basis. I understand that the retainer required prior to the initiation of any work and/or the scheduling of any appointment for me will be $_____, and that **this retainer, and all other fees, must be paid 10 days prior to the initiation of any work and in the form of a cashier's check or other immediately verifiable, and agreed, form of payment**. I also understand that the retainer establishes priority at Aspen Practice, P.C., and it must be received before an appointment is scheduled or work is commenced. It is estimated that the expenses associated with the case will be $_____, and that the total fee may be as high as
$ <u>To Be Discussed as necessary.</u> I further understand that additional retainers may be required before further services are provided by Aspen Practice, P.C.

INFORMED CONSENT & FEE AGREEMENT



**ASPEN PRACTICE, P.C.**

I have been advised that estimated fees for services will include <u>estimated and discussed</u> hours for (but not limited to) review of collateral materials, interviews, consultation with the referral source, instrument administration, scoring and interpretation, and if requested the written integration of findings, writing a letter summarizing findings, and/or a final assessment/consultation report. It is possible that additional services may be needed, and additional verbal and/or written reports requested. I have further been advised that this is, however, an 'estimate' based on the known case complexities and dynamics at the time that this document was executed. I understand that Aspen Practice, P.C., dba Michael R. Bütz, Ph.D. shall be under no obligation to disclose information, prepare any report, or testify in court unless all fees are paid in accordance with the *Standard Forensic Financial Policy*, including retainers for court appearances, depositions, hearings, etc.

I agree that if it becomes necessary for the evaluator to withdraw from the assessment for any reason, including but not limited to the failure of any individual, including me, to provide requested information deemed by the evaluator to be relevant to the assessment/consultation, Aspen Practice, P.C., dba Michael R. Bütz, Ph.D. shall be entitled to all fees earned to date of such termination. In such case, after all fees earned to date have been paid, the balance of any retainer shall be returned in a fashion consistent with the *Standard Forensic Financial Policy*.

I understand that payment of fees has no influence on the content of any report or consultation or any particular finding or recommendation within an assessment on the matter in question. I further understand that the Aspen Practice, P.C. evaluator approaches this investigation with no particular result in mind, and that s/he will exercise independent professional judgment on all aspects of this assessment/consultation without regard to any agreement for the payment of fees.

By signing this document, it is agreed that pursuant to Rule 11, Montana Rules of Civil Procedure, no frivolous lawsuits will be filed against Aspen Practice, P.C., dba Michael R. Bütz, Ph.D., and that if a suit is brought, it is only initiated after consultation with a provider possessing equal to, or greater than, those credentials possessed by the consultant or evaluator at Aspen Practice, P.C. It is further understood that should a deposition be requested that this will be conducted in good faith and bearing in mind the conventions of Rule 26 of Montana Rules of Civil Procedure. Moreover, if another party fails to pay any portion of the Aspen Practice, P.C. provider's fee in association with my case, that I will be responsible for these fees and expected to pay them in accordance with the fee schedule in the *Standard Forensic Financial Policy*.

INFORMED CONSENT & FEE AGREEMENT


**ASPEN PRACTICE, P.C.**

By signing and dating below I acknowledge and agree to all terms stated herein. I understand that information used or disclosed pursuant to this informed consent may be subject to re-disclosure by the recipient of this information and is not protected by the HIPAA Privacy Rule or Montana's Uniform Healthcare Information Act. Recognizing this, I hereby release Aspen Practice, P.C. and Michael R. Bütz, Ph.D. from any and all liability arising from the release of this information.

_____     _____
Client Signature                                                                    Date

_____     _____
Parent/Guardian/ Guarantor                                                  Date

_____     _____

Approved and agreed:

Aspen Practice, P.C.

By: _____     _____
                                                                                              Date

Its: _____

1.2020

**Aspen Practice P.C.**
dba, Michael R. Bütz, Ph.D.

# AUTHORIZATION FOR AUDIO/VISUAL RECORDING

I hereby authorize the recording of the assessment/consultation via audio and video for the services provided by Aspen Practice, P.C. for_____ (the "Client"). I further understand that this recording will be maintained in the same fashion as other records held by Aspen Practice, P.C., and that the nature of these records and the Client's relationship to Aspen Practice, P.C. will remain as described in the *Authorization for Forensic Consultation/Psychological Assessment: Informed Consent & Fee Agreement* and *Authorization for the Mutual Release and Exchange of Confidential Information and Privileged Information.*

Before undertaking the recording process, I understand that the Client's identity, and those of others involved in the audio/visual recording, will be confirmed to be accurate and valid identifications of those individuals (Source): _____

It is further understood that this authorization is to make explicit the recording of material in the course of performing duties related to reporting to authorities or legal proceedings as addressed under 2. b. (iii) of the Montana Code Annotated § 45-8-213, *Privacy in Communications*.

By signing below I am acknowledging that I am authorized to allow the recording of these services on behalf of myself or an individual under my care as a parent/guardian, and that the above correctly states our agreement.

_____          _____
Signature/Print Name (Client, Parent/Guardian)          Date


_____          _____
Provider, Aspen Practice, P.C.          Date


Rev. 10.19

**Aspen Practice P.C.**
dba, Michael R. Bütz, Ph.D.

## CLIENT PREPARATION FOR PSYCHOLOGICAL ASSESSMENT
### *DISCLOSURE*

Unfortunately, there has been a demonstrated trend in forensic assessments of preparation for taking psychological instruments (tests) by attorneys and others. Advance preparation for psychological instrument taking in forensic psychological assessment to produce a desired outcome could potentially invalidate the findings of these instruments and could impede the objective, neutral findings of the psychological evaluation.

The release of specific psychological instrument information in such preparation compromises test security requirements and the objectivity or fairness of the instrument or the assessment process and may also violate the copyright protections of test developers and publishers.

***Please inform your evaluator immediately if you have been involved in such preparation***, so that the evaluator can assess its impact on the likelihood of obtaining objective results. If under Court Order for a forensic psychological assessment, failure to inform the evaluator of such preparation may be viewed as an attempt to thwart the Court's mandates and requirements.

☐ I affirm that I have not prepared for psychological assessment in this or other past legal matters through:

|  | Initial |
|---|---|
| Direct preparation by an attorney or other staff on how to take psychological instruments. |  |
| Use of Internet resources that instruct how to take psychological tests. |  |
| Hiring of any other individual, including, but not limited to, other psychologists, to instruct how psychological tests |  |
| Reading professional books or testing manuals in order to obtain instruct how to take psychological tests. |  |
| Any other method for preparing for a psychological test that may invalidate the results. |  |

**OR**

☐ I affirm that I have, or may have, prepared or been prepared for this psychological assessment.
    (Describe briefly on reverse side)

If the above correctly states our agreement, please so indicate by initialing each section above and signing and dating the appropriate spaces below.

_____     _____
Client                                Date

_____     _____
Provider, Aspen Practice, P.C.        Date

Rev 1.20

P.O. Box 81546, Billings, MT 59108
Phone (406) 294-9677 • Fax (406) 371-5535 • www.AspenPractice.net