IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIERY OF PENNSYLVANIA, INC.<br><br>Defendants. | CV 20-52-BLG-SPW<br><br>ORDER |

Before the Court is Plaintiffs Tracy Caekaert and Camillia Mapley's Motion for Protective Order Re: WTPA's Fourth Discovery Requests to Plaintiffs. (Doc. 261). Plaintiffs request a hearing on the motion, which Defendant Watch Tower Bible and Tract Society of Pennsylvania, Inc. ("WTPA") does not oppose. (Doc. 265).

Plaintiffs do not explain why they believe a hearing is necessary. After reviewing the briefing and the applicable law, the Court finds that the facts pertinent to the motion are undisputed, and there is no other need for the Court to hold a hearing. The Court denies Plaintiffs' request for a hearing.

The Court also denies Plaintiffs' protective order motion, while reserving for Plaintiffs the right to lodge objections to specific discoverable information and documents on a case-by-case basis.

## I. Background

Plaintiffs' motion for a protective order stems from WTPA's May 8, 2023, interlocutory appeal of the Court's sanctions order against WTPA's General Counsel, Philip Brumley. (Doc. 230). Plaintiffs moved on May 26 to dismiss the appeal for lack of appellate jurisdiction. (Doc. 271-1). In the "Background" section of the brief, Plaintiffs describe how their pre-litigation investigation showed that WTPA and Defendant Watchtower Bible and Tract Society of New York, Inc. ("WTNY"):

> worked in concert to promulgate and enforce policies and procedures that effectively instructed local officials to keep child sex abuse secret and to permit known pedophiles to have continued access to their victims, including [Plaintiffs]. Prefiling investigation showed that WTPA and WTNY, through their appointed, local officials in Hardin, MT ... and regionally ... were on notice of at least some of the abuse but failed to act reasonably to prevent it. In particular, despite a mandatory reporting statute in Montana, the local elders followed WTPA's and WTNY's policy of not reporting known child sex abuse to secular authorities.

(*Id.* at 2–3). Plaintiffs go on to describe the procedural history of the case as it relates to the WTPA's motion to dismiss, Brumley's affidavit, and the Court's sanctions order. (*Id.* at 3–7). Plaintiffs then argue that the Ninth Circuit does not

2

have jurisdiction to hear an interlocutory appeal on a sanctions order made pursuant to 28 U.S.C. § 1927. (*Id.* at 9–12).

On July 12, 2023, WTPA sent Plaintiffs the following requests for answers to interrogatories in the case in front of this Court:

> Interrogatory No. 21: You have alleged in an appellate pleading that WTPA and WTNY "worked in concert to promulgate and enforce policies and procedures that effectively instructed local officials to keep child sex abuse secret and to permit known pedophiles to have continued access to their victims." Please identify the facts which are relevant to your allegation that WTPA and WTNY worked in concert to promulgate and enforce these alleged policies and procedures, including facts which support that they worked in concert together, as well as the identification of the alleged policies and procedures.
>
> Interrogatory No. 22: You have alleged in an appellate pleading that a "prefiling investigation showed that WTPA and WTNY, through their appointed local officials in Hardin, MT … and regionally … were on notice that at least some of the abusers were molesting children but failed to act reasonably to prevent it." Please identify the facts your prefiling investigation uncovered that were relevant to this allegation.
>
> Interrogatory No. 23: You have alleged in an appellate pleading "the local elders followed WTPA's and WTNY's policy of not reporting known child sex abuse to secular authorities." Please specify the facts that are relevant to or support this allegation, including facts which show that this alleged policy existed.

(Doc. 262-1 at 4–6). WTPA also asked Plaintiffs to "produce any documents that are relevant or referred to" in each answer to Interrogatories No. 21, and 22, 23. (*Id.*). At Plaintiffs' request (doc. 262-3 at 3), WTPA amended its requests for production to ask Plaintiffs to "produce any documents that support" each answer to the interrogatories. (Doc. 262-1 at 11).

3

Plaintiffs requested WTPA amend Interrogatory No. 21 so it sought "discovery about the pending District Court case" rather than about Plaintiffs' assertions made to the Ninth Circuit. (Doc. 262-3 at 3). Plaintiffs proposed the following amended interrogatory:

> If you are alleging in this case that WTPA and WTNY worked in concert to promulgate and enforce policies and procedures that effectively instructed local officials to keep child sex abuse secret and to permit known pedophiles to have continued access to the victims, pleases identify the facts which support your allegation.

(*Id.* at 3). Plaintiffs also objected to Interrogatory No. 22 because they "do not believe the investigative results of Plaintiffs' prefiling investigation is a proper matter for discovery." (*Id.* at 4).

WTPA refused to amend Interrogatory No. 21. (Doc. 262-4 at 2–3). With respect to Interrogatory No. 22, WTPA asserts that Plaintiffs put the prefiling investigation directly at issue by using it to advance their position on appeal. (*Id.* at 4). Plaintiffs cannot, according to WTPA, "rely on the prefiling investigation to advance their position while at the same time not allowing discovery into that prefiling investigation." *Id.*

## II. Discussion

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery. Under Rule 26(b)(1), "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged


matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). A party from whom discovery is sought may move for a protective order to forbid or limit discovery. Fed. R. Civ. P. 26(c)(1). Upon a showing of good cause by the movant, the Court may issue an order to protect the party from annoyance, embarrassment, oppression, or undue burden or expense. *Id.*

Plaintiffs filed its motion for protective order to prevent discovery into their appellate briefing and their prefiling investigation. (Doc. 261). As to discovery into Plaintiffs' appellate briefing, Plaintiffs contend that Rule 26 limits discovery to the disputed issues in "this case," meaning the district court case. (Doc. 262 at 6–7 (citing *BNSF Ry. Co. on behalf of United States v. Ctr. for Asbestos Related Disease, Inc.*, No. 19-40-M, 2022 WL 1442854, at *3 (D. Mont. May 6, 2022))). Plaintiffs argue this limit stems from Rule 26(b)(1)'s language on discovery being "proportional to the needs of *the case*." Fed. R. Civ. P. 26(b)(1) (emphasis added).

With respect to the prefiling investigation, Plaintiffs assert it is not in dispute because "once the pleadings have withstood scrutiny," *aka* a motion to dismiss, "the case is about proving and disproving the allegations in those pleadings[.]" (Doc. 262 at 10). Further, Plaintiffs contend they did not put the prefiling investigation into dispute by referencing it in their appellate brief, since the appeal is a separate case from the district court case. (*Id.* at 10–11). Plaintiffs also note

that the reference was only in the Background section and not argumentative. (*Id.* at 11). Last, Plaintiffs argue that the prefiling investigation is protected by the work product privilege. (*Id.* at 11–12).

Plaintiffs generally hypothesize that WTPA's and Brumley's lawyers (who are the same) may be using discovery in this case "for an improper purpose," namely to access information to litigate the appeal. (*Id.* at 8). Otherwise, WTPA would have agreed to amend the interrogatories as Plaintiff suggested. (*Id.* at 8–9).

WTPA primarily asserts that Rule 26 does not limit discovery to the instant case. (Doc. 271 at 6–10). Rather, Rule 26 limits discovery to that which is relevant, proportional, and nonprivileged. (*Id.* at 7). Notwithstanding Plaintiffs' work product privilege assertion, WTPA contends that Plaintiffs do not assert that the discovery request is either irrelevant or disproportional, and therefore did not meet their burden to show good cause for a protective order. (*Id.* at 7–8). WTPA maintains that its discovery seeks information at the heart of Plaintiffs' negligence claims and is therefore relevant under Rule 26. (*Id.* at 8).

As to Plaintiffs' work product privilege argument, WTPA argues that because Plaintiffs invoked the prefiling investigation in their appellate brief, Plaintiffs waived any privilege. (*Id.* at 13). Again, WTPA maintains that Plaintiffs cannot "weaponize[]" the investigation and at the same time "refus[e]" to produce it in discovery. (*Id.* at 14).

6

WTPA also rejects Plaintiffs' assertion that it is utilizing the discovery process for an improper purpose. (*Id.* at 10–11). WTPA frames its only motivation as "to find the information that supports the allegations plaintiffs made to the Ninth Circuit." (*Id.* at 11).

On reply, Plaintiffs repeat their arguments about discovery being limited to "this case." (Doc. 278 at 4–5). Plaintiffs also note they precisely alleged that the Ninth Circuit case is irrelevant to the scope of the district court case, contrary to WTPA's argument that Plaintiffs do not make a valid objection under Rule 26. (*Id.* at 5 n.1). As to the relevancy of the prefiling investigation, Plaintiff retorts that WTPA has "not identif[ied] a single issue, claim or defense before this Court in which Plaintiffs' lawyers' prefiling investigation is or will be relevant." (*Id.* at 5). Additionally, Plaintiffs maintain that their invocation of the prefiling investigation in the Background of their brief is not "weaponizing" it. (*Id.* at 6).

As an initial matter, the Court disagrees with WTPA that Plaintiffs did not argue that the disputed discovery is irrelevant, disproportional, or privileged. Plaintiffs' argument is two-pronged: Plaintiffs contend that the discovery into the Ninth Circuit case and the prefiling investigation is irrelevant because it is beyond the scope of permissible discovery, and that discovery into the prefiling investigation is also privileged.

7

Turning to the merits of the briefing, the Court agrees with Plaintiffs that Rule 26(b)(1) limits discovery to the disputed issues in the present case is correct. However, the Court does not agree that this limit automatically puts any other case off limits. Rule 26(b)(1) has three limitations on discovery: a party may only discover (1) nonprivileged matter (2) that is "relevant to any party's claim or defense" and (3) that is "proportional to the needs of the case." Breaking down the rule as such, it is clear that a party can discover anything that is relevant to a party's claim or defense.[1]

Accordingly, if a party invokes another case, the threshold question is whether the issues in the other case are relevant to the issues in the present case. *Federal Practice & Procedure* addresses this issue:

> The courts are alert to preventing discovery procedures in federal civil actions from being employed merely as a device to obtain evidence for use in some other proceeding in which discovery is less extensive. The scope of discovery may be limited to prevent this from happening, or discovery in the civil action may be stayed pending termination of the other proceeding, or other remedies may be resorted to. *But again this is not an absolute rule and if the discovery sought is truly relevant to the federal civil action, the court may allow it despite the pendency of a criminal action or some other civil proceeding.*

8A Richard L. Marcus, *Federal Practice and Procedure* § 2040 (3d ed. 2023) (internal citations omitted) (emphasis added).

---

[1] Plaintiffs do not argue that the requested discovery is disproportional, despite their attempts to capitalize on the language in the proportionality clause in Rule 26. Even if Plaintiffs argued proportionality, nothing in the language of the rule indicates that discovery concerning other cases is per se disproportional.

Here, WTPA seeks information pertaining to the core of Plaintiffs' complaint, rendering it relevant to the claims and issues in the case in this Court. Interrogatory 21 seeks information about WTPA and WTNY's alleged collaborative efforts to "promulgate and enforce" policies and procedures that told local officials to keep child sex abuse secret and permitted known pedophiles to have continued access to their victims. Paragraphs 23, 28, 48, 63, and 77 to 79 of the Complaint speak directly to this allegation. Interrogatory No. 22 asks about how local and regional Jehovah's Witness officials in Hardin allegedly knew of the sex abuse and failed to do anything to prevent it. Paragraphs 47, 49, 50, 51, 54, and 63 of the Complaint address this issue. Interrogatory No. 23 asks about Plaintiffs' allegation that Hardin elders followed WTPA's and WTNY's policy of not reporting sexual abuse to secular authorities. Plaintiffs make that exact claim in ¶¶ 23, 28, 46, 48, 49, 63, and 66 to 72 of the Complaint.[2]

In briefing, WTPA lays out the relevance of Plaintiffs' statements to their negligence claims, including citations to the portions of the Montana code that contains identical language. (Doc. 271 at 8). Yet Plaintiffs fail to respond to this demonstration of relevancy or otherwise argue why the claims invoked in WTPA's

---

[2] Though Plaintiffs generally object to discovery requests that seek information about their appellate briefing, Plaintiffs do not specifically object to Interrogatory No. 23 in their correspondence with WTPA or their briefing on the motion. However, WTPA addresses Interrogatory No. 23 in the correspondence and in its response. Additionally, since both Interrogatories Nos. 21 and 23 both reference the appellate briefing, the same analysis applies to both. Thus, the Court will decide if Interrogatory No. 23 is within the scope of Rule 26.

discovery requests are irrelevant to the claims in the Complaint. Instead, they reiterate their argument that matters in any other case are per se irrelevant under Rule 26 without providing the Court any on-point caselaw or other source to support their contention.

Plaintiffs cite to *BNSF Railway Co. on behalf of United States*, 2022 WL 1442854, at *3, and *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978). The only relevant portion of *BNSF Railway* states that relevant discovery is "any matter that could bear on any issue that is or may be in the case." 2022 WL 1442854, at *3. Likewise, in *Oppenheimer*, the Supreme Court wrote that discovery is appropriate into "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." 437 U.S. at 351. Both cases essentially restate Rule 26(b)(1): if a topic is relevant to an issue or claim in the case, then it is discoverable. Again, Plaintiffs have not explained why the topics WTPA seeks discovery on do not bear on their claims here.

As for the relevancy of the prefiling investigation, the Court reaches a similar conclusion. In Plaintiffs' appellate brief, Plaintiffs essentially say that their prefiling investigation supports the claims they made in their Complaint. The Court would hope that is the case. In Interrogatory No. 22, WTPA asks Plaintiffs to provide the facts that gave them the ability to plead that the Hardin elders and regional officials were on notice of child sex abuse and failed to act reasonably to

prevent it. In essence, WTPA is asking for the facts that support the claims in Plaintiffs' Complaint. The Court does not see how this is beyond the scope of the case; rather, the inquiries are as relevant as they get.

Notwithstanding the relevancy of the prefiling investigation, the Court agrees with Plaintiffs that some or all the investigation may be protected by work product privilege. However, the Court cannot preemptively decide that the privilege applies because the Court does not know what kind of information Plaintiffs have that could be discoverable. "The immunity offered by the work-product doctrine depends on the type of work product being sought." *Diacon ex rel. Palmer v. Farmers Ins. Exch.*, 861 P.2d 895, 910 (Mont. 1993).[3] "Ordinary work product, which relates to factual matters," may be discoverable "to the extent that it is not privileged," "upon showing of substantial need and inability to obtain the substantial equivalent without undue hardship." *Nelson v. City of Billings*, 412 P.3d 1058, 1070 n.4 (Mont. 2018) (citing *Diacon ex rel. Palmer*, 861 P.2d at 910; Mont. R. Civ. P. 26(b)(3)(A)). "Opinion work product, which relates to mental impressions, opinions, conclusions, or legal theories, enjoys broader protection." *Id.* (citing Mont. R. Civ. P. 26(b)(3)(B)).

---

[3] Under Federal Rules of Evidence 501, the existence and scope of a privilege in a civil diversity case is determined by state law.

11

The Court does not know what kinds of potentially discoverable information Plaintiffs have and whether they are discoverable factual matter or opinion work product. Plaintiffs would first have to assert that in a privilege log. WTPA can then challenge the privilege assertions, and, if necessary, the Court can decide on a case-by-case basis if the privilege applies. Given how extensively the parties have engaged in this process in this case, the parties should be familiar with it.

The Court does not find Plaintiffs waived work product privilege over the prefiling investigation by referencing it in their appellate brief. Plaintiffs invoke the prefiling investigation in the Background section to frame the allegations they made in the Complaint. The reference seems only to serve to show that the allegations in the Complaint were researched and corroborated prior to filing. The meat of the brief discusses the Ninth Circuit's lack of jurisdiction to hear the appeal and has nothing to do with the allegations in the Complaint. Thus, far from "weaponizing" the prefiling investigation in their appellate brief, the reference only established the context for the motion.

Accordingly, the Court finds the contested discovery is discoverable to the extent the work product privilege does not apply. The Court denies Plaintiffs' request for a protective order, while reserving for Plaintiffs the right to object, including based on work product privilege, to producing specific information and documents in a privilege log.

## III. Conclusion

IT IS SO ORDERED that Plaintiffs Tracy Caekaert and Camillia Mapley's Motion for Protective Order Re: WTPA's Fourth Discovery Requests to Plaintiffs. (Doc. 261) is DENIED.

DATED the 30th day of October, 2023.

*Susan P. Watters*
SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE