IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIERY OF PENNSYLVANIA, INC.<br><br>Defendants. | CV 20-52-BLG-SPW<br><br>ORDER |

Before the Court is Defendant Watchtower Bible and Tract Society of New York, Inc.'s ("WTNY") Motion for Leave to File a Motion for Reconsideration. (Doc. 282). Defendant argues the Court should reconsider its grant of Plaintiffs Tracy Caekaert and Camillia Mapley's motion for leave to file a motion for reconsideration.

The Court granted Plaintiffs' motion because WTNY failed to file a response in opposition to the motion. (Doc. 281). WTNY asserts it did not file a response brief because under Local Rule 7.3(d), it may not do so unless ordered by the Court. (Doc. 283).

WTNY misreads Local Rule 7.3. Under Rule 7.3, moving to reconsider an interlocutory order has two parts. First, the movant must fulfill the criteria for

1

leave to file under 7.3(b). In other words, the movant must demonstrate that either (1) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before the entry of the order for which reconsideration is sought, and the movant did not know of such facts or law before entry of the order; or (2) new material facts arose or a change of law occurred after the entry of the order. D. Mont. L.R. 7.3(b). Subsection (b) does not say anything about a limit on filing a response in opposition to leave.

Second, once the movant demonstrates that they have satisfied one of these criteria and is granted leave to file the motion, the movant then can argue in a motion for reconsideration that the materially different or new material facts/law justify the Court overturning its previous ruling. The prohibition on a response without an order from the Court only applies to this step in the reconsideration process, as Rule 7.3(d) only states states that, "no response may be filed to a *motion seeking reconsideration*." D. Mont. L.R. 7.3(d). Subsection (d) does not say anything about the limit applying to responses to motions for leave to file.

Here, Plaintiffs argued that new material facts arose after the entry of the Court's May 22, 2023, Order denying Plaintiffs' request to order production of Document 39. (Doc. 273). Such material facts are that the Court's in camera review of certain documents demonstrated that "WTNY's lawyers routinely provide partial document descriptions that are intended to mislead the reader by

2

describing only the allegedly privileged portions while not disclosing that large portions are not privileged." (*Id.* at 9). Under the Local Rules, WTNY could have filed a response brief without an order of the Court to argue that the potential pattern of WTNY withholding unprivileged portions of certain documents is not a new material fact that arose after the entry of the order and does not justify leave to file. WTNY did not file such a response, so the Court deemed the motion well-taken.

In deciding to grant Plaintiffs' motion, the Court concluded that Plaintiffs had presented a new material fact that arose after the entry of its interlocutory order, though it did not elaborate on the basis for this finding. Plaintiffs correctly note that the Court determined on in camera review that multiple documents withheld by WTNY contained only small portions of privileged material and ordered the production of those documents with the redaction of those privileged portions. (*See* Doc. 251). Some of the documents were entirely unprivileged, save the names of certain third parties. (*E.g. id.* at 9–10). The Court's findings indicated a potential pattern of discovery abuse, which constitutes a new material fact.

IT IS SO ORDERED that Defendant Watchtower Bible and Tract Society of New York, Inc.'s ("WTNY") Motion for Leave to File a Motion for Reconsideration (Doc. 282) is DENIED.

3

DATED the 31st day of October, 2023.

*Susan P. Watters*
SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE