*Exhibit N*

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN DIEGO
CENTRAL

MINUTE ORDER

DATE: 06/24/2016                TIME: 09:00:00 AM        DEPT: C-75
JUDICIAL OFFICER PRESIDING: Richard E. L. Strauss
CLERK: Andrea Taylor
REPORTER/ERM: Paula Rahn CSR# 11510
BAILIFF/COURT ATTENDANT: P. Darvin

CASE NO: **37-2013-00067529-CU-PO-CTL**  CASE INIT.DATE: 09/18/2013
CASE TITLE: **Padron vs. Doe 1 [IMAGED]**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: PI/PD/WD - Other

**EVENT TYPE**: Motion Hearing (Civil)
MOVING PARTY: Osbaldo Padron
CAUSAL DOCUMENT/DATE FILED: Motion for Sanctions, 04/11/2016

**EVENT TYPE**: Summary Judgment / Summary Adjudication (Civil)
MOVING PARTY: PLAYA PACIFICA SPANISH CONGREGATION
CAUSAL DOCUMENT/DATE FILED: Motion for Summary Judgment and/or Adjudication Notice of Motion and Motion for Summary Judgment, 02/11/2016

**EVENT TYPE**: Summary Judgment / Summary Adjudication (Civil)
MOVING PARTY: WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC
CAUSAL DOCUMENT/DATE FILED: Motion for Summary Judgment and/or Adjudication, 02/11/2016

**APPEARANCES**
Devin M Storey, counsel, present for Plaintiff(s).
Irwin M Zalkin, counsel, present for Plaintiff(s).
John R Clifford, counsel, present for Defendant(s).
DEAN A OLSON, counsel, present for Defendant,Plaintiff(s).
Francis J McNamara, counsel, present for Defendant(s).

The Court hears oral argument and confirms the tentative ruling as follows:Plaintiff Osbaldo Padron's Motion for Monetary Sanctions Against Watchtower Bible and Tract Society of New York, Inc. is granted.

CCP Section 2023.030 authorizes sanctions for the misuse of the discovery process including monetary, issue, evidence, and terminating sanctions. The purpose of any discovery sanctions should be enable the party seeking the discovery to obtain the object of the discovery sought. (*Do It Urself Moving & Storage, Inc. v. Brown, Leifer, Slatkin & Berns* (1992) 7 Cal.App.4th 27, 35.) The court should begin with lesser sanctions to determine their effectiveness before issuing terminating sanctions. (*Lopez v. Watchtower Bible and Tract Society of New York, Inc.* (2016) 246 Cal.App.4th 566, 604, *review filed*

| CASE TITLE: Padron vs. Doe 1 [IMAGED] | CASE NO: **37-2013-00067529-CU-PO-CTL** |
|---|---|

(May 25, 2016).) "The power to impose discovery sanctions is a broad discretion subject to reversal only for arbitrary, capricious, or whimsical action. [Citations.] Only two facts are absolutely prerequisite to imposition of the sanction: (1) there must be a failure to comply ... and (2) the failure must be wilful...." (*R.S. Creative, Inc. v. Creative Cotton, Ltd.* (1999) 75 Cal.App. 4th 486, 496 [citations omitted].)

This discovery dispute began in January 2015 when Plaintiff sought to depose Watchtower's PMQ and served a notice of deposition which included several requests for production of documents. (Storey Dec. ¶2.) Subsequent to that notice of deposition, Watchtower sought a protective order via motion regarding the deposition. On March 13, 2015, this court issued an order denying in part and granting in part the protective order. The order stated that Request No. 12 sought information directly relevant to the issues in this case but that "all personal, identifying information pertaining to any third party/victim should be redacted from the documents to address any privacy concerns." (Storey Dec., Ex. 3.)

After Watchtower began production of the documents, Plaintiff notified Watchtower that its production was not compliant with the court order. (Storey Dec. ¶23, Ex. 10.) Thereafter, Thomas Sharkey was appointed Discovery Referee over the dispute. Mr. Sharkey heard the matter on January 27, 2016. On February 15, 2016, Mr. Sharkey issued Recommendation that Watchtower comply with the court's March 13, 2015 order and "produce all documents in its possession, custody or control that are responsive to the March 14, 1997 Body of Elders letter regardless of whether addressed to Watchtower or CCJW, redacting therefrom only the names and identifying information of victims of childhood sexual abuse, other than plaintiff, and the names of the elders who authored the responses to the March 14, 1997 Body of Elders letter." (Storey Dec., Ex. 12.)

Watchtower timely objected to the Recommendation, Plaintiff filed a response and on March 25, 2016, the court adopted the Recommendation. At the March 25, 2016 hearing, the court set a status conference to hear from Watchtower regarding a timeline for production in compliance with the Recommendation. (Storey Dec. ¶30.)

At the April 8, 2016 hearing, counsel for Watchtower stated, unequivocally, that it would not comply with the order. Plaintiff then sought a hearing date on a motion for terminating sanctions. The court set that motion for April 29, 2016. Plaintiff filed its moving papers on April 11, 2016.

On April 11, 2016, the Fourth District Court of Appeal issued a published decision in *Lopez v. Watchtower Bible and Tract Society of New York, Inc.* (2016) 246 Cal.App.4th 566. The *Lopez* decision involves the same defendants, the same plaintiff's counsel and some of the same documents, and thus, the opinion was relevant to the issues in this case. The instant hearing was continued to June 24, 2016 so that the parties could properly address the issues discussed in the *Lopez* opinion to the facts present here.

In this case, there is a clear failure to comply with a discovery order on the part of Watchtower. First, Watchtower failed to properly comply with the court's March 13, 2015 and produced documents with excessive redactions. After the court adopted the Discovery Referee's Recommendation as an order, Watchtower has unequivocally stated it will not comply. By the time of the hearing on the motion for sanctions, it will have been over a year since the initial order and almost three months since the Recommendation was adopted. In the period since the Recommendation was adopted, Watchtower has shown no effort or willingness to comply with the discovery order.

Based upon the history in this case and Watchtower's statements at the April 8, 2016, the court finds that Watchtower's failure to comply is willful. Watchtower argues that its failure is not willful because it

| CASE TITLE: Padron vs. Doe 1 [IMAGED] | CASE NO: **37-2013-00067529-CU-PO-CTL** |
|---|---|

has no control over CCJW documents. However, Watchtower clearly has control over the documents it has already produced and could revise the redactions with regard to those documents. This is obviously and clearly within the scope of Watchtower's powers which it chooses not to exercise. Continuing to repeat its prior unsuccessful arguments in opposition to the discovery order further illustrates Watchtower's obstinacy in compliance. Further, based upon the unambiguous statements made by Watchtower's counsel, there is no reasonable dispute that Watchtower is simply refusing even to attempt to comply with the court's order.

Much of Watchtower's opposition focuses on the jurisdiction of this court to order the production at issue and, essentially, seeks reconsideration of the discovery order. Specifically, Watchtower contends the court's order violates third party privacy rights. As a preliminary issue, this motion is not a motion for reconsideration. Watchtower has had its opportunity to seek review and did so. At this point, the court's order is valid and binding. Reconsideration is not appropriate at this juncture. In addition, Watchtower has had ample opportunity to brief the issues underlying this discovery dispute, particularly since it involved multiple underlying hearings. Thus, the court will not consider any new or further arguments on the merits of the discovery order when determining whether sanctions are appropriate.

The court grants the request to impose monetary sanctions against Watchtower. As discussed in *Lopez*, the court must first determine whether compliance could be obtained with lesser sanctions than terminating sanctions. Further, as also suggested by *Lopez*, the imposition of a significant monetary penalty for every day Watchtower does not search for the documents or fails to produce documents is an appropriate first step in issuing discovery sanctions. (*Lopez* at 605.) The court orders monetary sanctions of $2,000 per day for every day that Watchtower does not produce responsive documents and an additional $2,000 per day for every day that Watchtower does not search for responsive documents. In view of the acknowledged substantial net worth of Defendant, the court determines that the total daily amount of sanctions of $4,000 per day should be sufficient to determine if Defendant will comply with the discovery order and is not overly harsh.

The court sets a status conference for July 22, 2016 to hear from the parties whether the monetary sanctions have been effective.

Defendant's motion for summary judgment is off-calendar. "A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state." (*MacPherson v. MacPherson* (1939) 13 Cal.2d 271, 277.) Similarly, here, Defendant should not benefit from its refusal to comply with the discovery order by having a determination on the merits which could potentially be in its favor.

Defendant's evidentiary objections are overruled.

---

Defendant Playa Pacific Spanish Congregation's Motion for summary Judgment or, in the Alternative, Summary Adjudication is denied.

A defendant moving for summary judgment has met his or her burden of showing a cause of action has no merit if the defendant can show one or more elements of the plaintiff's cause of action cannot be established. (Code Civ. Proc., § 437c(*o*)(2).) The defendant bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) If the defendant carries the burden of production, the burden shifts to the plaintiff to make his or her own prima facie showing of the existence of a triable issue of fact.

| CASE TITLE: Padron vs. Doe 1 [IMAGED] | CASE NO: **37-2013-00067529-CU-PO-CTL** |
|---|---|

(*Ibid.*) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof. [Fn. omitted.]" (*Ibid.*)

Here, Defendant has failed to meet its burden by setting forth sufficient undisputed material facts that it had no special relationship between itself, Campos and/or Defendant. In addition, Defendant has failed to meet its burden that it did not owe a duty to Plaintiff or negate the contention that Defendant was the proximate cause of Plaintiff's injuries. In addition, with regard to the fifth and sixth causes of action, Defendant has failed to establish the absence of ratification.

Defendant's evidentiary objections are overruled.

Sealed exhibits are returned to Plaintiff's counsel. Court and counsel will discuss trial dates at next hearing.

The Civil Jury Trial set for 8/19/16 at 8:50 a.m. is vacated.

The Trial Readiness Conference (Civil) set for 8/5/16 at 8:55 a.m. is vacated.

The Status Conference (Civil) is scheduled for 07/22/2016 at 09:00AM before Judge Richard E. L. Strauss.

Parties waive notice.