*Exhibit O*

IRWIN M. ZALKIN, ESQ. (#89957)
DEVIN M. STOREY, ESQ. (#234271)
LISA J. GARY, ESQ. (#272936)
ALEXANDER S. ZALKIN, ESQ. (#280813)
The Zalkin Law Firm, P.C.
12555 High Bluff Drive, Suite 260
San Diego, CA 92130
Tel: 858-259-3011
Fax: 858-259-3015
Email: Irwin@zalkin.com
  dms@zalkin.com
  lisa@zalkin.com
  alex@zalkin.com

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| Jose Lopez, Individually, | Case No: 37-2012-00099849-CU-PO-CTL |
| Plaintiff, | **NOTICE OF RULING** |
| v. | Dept: 65<br>Judge: Hon. Joan M. Lewis |
| Defendant Doe 1, Linda Vista Church; Defendant Doe 2, Supervisory Organization; Defendant Doe 3, Perpetrator; and Does 4 through 100, inclusive, | Trial Date: None<br>**"IMAGED FILE"** |
| Defendants. | |

NOTICE OF RULING

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please find attached the executed statement of decision regarding Plaintiff's Motion for Sanctions, Including Terminating Sanctions and Monetary Sanctions in the Amount of $37,799.21, Against Watchtower Bible and Tract Society of New York, Inc., For Failure to Comply With This Court's Orders.

Respectfully Submitted,

Dated: 7-2-14

Devin M. Storey
Attorney for Plaintiff

FILED
Clerk of the Superior Court

MAY 30 2014

By: _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| Jose Lopez, Individually, | Case No: 37-2012-00099849-CU-PO-CTL |
| Plaintiff, | **STATEMENT OF DECISION REGARDING PLAINTIFF'S MOTION FOR MONETARY AND TERMINATING SANCTIONS** |
| v. | |
| Defendant Doe 1, Linda Vista Church; Defendant Doe 2, Supervisory Organization; Defendant Doe 3, Perpetrator; and Does 4 through 100, inclusive, | Date: May 2, 2014<br>Time: 8:30 a.m.<br>Dept: 65<br>Judge: Hon. Joan M. Lewis |
| Defendants. | Trial Date: 6-27-14<br>**"IMAGED FILE"** |

Plaintiff's Motion for Sanctions Including Terminating Sanctions and Monetary Sanctions in the Amount of $37,799.21, Against Watchtower Bible and Tract Society of New York, Inc., for Failure to Comply with this Court's Orders came on regularly for hearing at 8:30

1

STATEMENT OF DECISION REGARDING PLAINTIFF'S MOTION FOR MONETARY AND
TERMINATING SANCTIONS

a.m. on Friday, May 2, 2014 in Department 65 of the San Diego County Superior Court located at 330 W. Broadway, San Diego, California 92101. Plaintiff Jose Lopez was represented by Irwin M. Zalkin, Esq., and Devin M. Storey, Esq. Defendant Watchtower Bible and Tract Society of New York, Inc. (hereinafter "Watchtower") was represented by Rocky K. Copley, Esq. This Court considered:

1. Plaintiff's Motion for Sanctions Including Terminating Sanctions and Monetary Sanctions in the Amount of $37,799.21, Against Watchtower Bible and Tract Society of New York, Inc., for Failure to Comply with this Court's Orders; the memorandum of points and authorities filed in connection therewith, the declaration of Devin M. Storey, the declaration of Irwin M. Zalkin, and Plaintiff's Exhibits 1-50;

2. Defendant's memorandum of points and authorities in opposition to Plaintiff's motion; the Declaration of Rocky K. Copley, and Defendant's Exhibits 1-8;

3. Plaintiff's reply memorandum; the declaration of Devin M. Storey, and Plaintiff's Exhibits 51-54;

4. Defendant's objection to new evidence and issues raised in Plaintiff's reply and sur-reply; the declaration of Richard Ashe, Jr.;

5. The seven page document entitled "Key Opinions" electronically signed by Monica Appelwhite, Ph.D. and dated November 30, 2013, and the two page document entitled "Examples of WT Efforts to Raise Public Awareness about Child Abuse from 1981 to 1986", which contained nine pages of exhibits, that were offered into evidence by Watchtower at the hearing on Plaintiff's motion and, hearing no objection by Plaintiff, were accepted into evidence as Defendant's Exhibits 9 and 10; and

2

STATEMENT OF DECISION REGARDING PLAINTIFF'S MOTION FOR MONETARY AND TERMINATING SANCTIONS

6. This Court also heard argument from counsel representing Plaintiff and Watchtower. This Court considered its own prior discovery orders, but did not consider any discovery rulings issued by other courts in other cases.

Having thoroughly considered these items, and good cause appearing, this Court GRANTS Plaintiff's Motion for Sanctions Including Terminating Sanctions and Monetary Sanctions in the Amount of $37,799.21, Against Watchtower Bible and Tract Society of New York, Inc., for Failure to Comply with this Court's Orders.

## HISTORY

The sanctions sought concern this Court's earlier orders requiring (1) the production of documents relating to Watchtower's knowledge of the prevalence of childhood sexual abuse within its organization; and (2) the production of its managing agent Gerrit Losch for deposition.

On September 20, 2013, Plaintiff served by mail the Notice of Taking the Deposition of Person Most Qualified to Testify on Behalf of Defendant Watchtower Bible and Tract Society of New York, Inc., With Documents Required – Videorecorded for Use at Trial ("PMQ Notice"). (Declaration of Storey at ¶ 35; Plaintiff's Exhibit 19, PMQ Notice.) The PMQ Notice designated 30 testimonial topics to be addressed during the deposition, and articulated 29 categories of documents to be produced. (Plaintiff's Exhibit 19, PMQ Notice.) Among the documents to be produced were two categories involving Watchtower's knowledge of individual complaints of childhood sexual abuse by individuals other than Gonzalo Campos (the alleged perpetrator herein. (Plaintiff's Exhibit 19, PMQ Notice.) Plaintiff's request number 5 sought:

> [a]ny and all individual written accounts, reports, summaries, letters, emails, facsimiles and records, whether or not compiled, concerning reports of sexual abuse of children by members of the Jehovah's Witnesses, including but not limited to, Governing Body

3

STATEMENT OF DECISION REGARDING PLAINTIFF'S MOTION FOR MONETARY AND
TERMINATING SANCTIONS

members, district overseers, circuit overseers, elders, ministerial servants, pioneers, baptized publishers and individuals from 1979 to the present[.]

Plaintiff's request number 12 sought:

[a]ll letters, emails, facsimiles, or other documentary, tangible, or electronically stored information of any kind, Watchtower Bible and Tract Society of New York, Inc. received in response to the Body of Elder Letter Dated March 14, 1997.

(Plaintiff's Exhibit 19, PMQ Notice at pp. 4, 5.)

On October 9, Watchtower served by mail Defendant Watchtower's Objection to Plaintiff's Notice of Taking Deposition of Person Most Qualified and Request for Production of Documents ("PMQ Objections.") (Defendant's Exhibit B, PMQ Objections.) Watchtower objected to all 30 testimonial topics identified in the PMQ Notice, and to all 29 categories of document production. (Defendant's Exhibit B, PMQ Objections.) Watchtower specifically objected to Plaintiff's request for production number 5, as follows:

[o]bjections: This Defendant objects to this request to the extent that it is overly broad as to time and scope since the relevant time period ended in 1986. This Defendant also objects to this request to the extent that it seeks information specifically protected from discovery by the minister-communicant privilege. (California Evidence Code § 1034.) This Defendant also objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege and the attorney work product doctrine. This Defendant also objects to this request to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence in this case. This Defendant also objects to this request to the extent that it seeks information that would violate the privacy of persons who are not parties to this litigation. Finally Defendant objects to this request as unduly burdensome with the intended purpose to harass and solicit other clients.

Watchtower similarly objected to Plaintiff's request for production number 12, as follows:

[o]bjections: This Defendant objects to this request to the extent that it is overly broad as to time and scope since the relevant time period ended in 1986. This Defendant also objects to this request to the extent that it seeks information specifically protected from discovery by the minister-communicant privilege. (California Evidence Code § 1034.) Defendant further specifically objects to this request to the extent that it seeks information related to religious beliefs, practices and internal governance because the First Amendment of the U.S. Constitution and its California analog bars civil courts from evaluating or interpreting such religious evidence in order to reach a decision. (*See*

4

STATEMENT OF DECISION REGARDING PLAINTIFF'S MOTION FOR MONETARY AND TERMINATING SANCTIONS

*Serbian Eastern Orthodox Diocese v. Milivojevich* (1976) 426 U.S. 696.) This Defendant also objects to this request to the extent that it seeks information that is protected from discovery by the attorney-client privilege and attorney work product doctrine. Finally, this Defendant also objects to this request to the extent that it seeks information not reasonably calculated to lead to the discovery of admissible evidence in this case.

(Defendant's Exhibit 1B, PMQ Objections at pp. 20-21, 25.)

On October 25, 2014, following the hearing on Defendants' Joint Motion for Summary Judgment, the parties and this Court discussed the outstanding discovery issues in the case, and this Court ordered the appointment of Judge Vincent Di Figlia (Ret.) as discovery referee. (Plaintiff's Exhibit 21, Minute Order Dated October 25, 2013.)

On November 7, 2013, Plaintiff served by mail the Notice of Taking Deposition of Gerrit Losch, with Production of Document Required – Videorecorded for Use at Trial ("Losch Notice.") (Defendant's Exhibit 1C, Losch Notice.) The deposition was noticed to occur at 100 Watchtower Drive, Patterson, NY 12563. (Defendant's Exhibit 1C, Losch Notice.)

On December 13, 2013, Judge Di Figlia heard argument on Plaintiff's motions regarding the depositions of the PMQ and Gerrit Losch. (Declaration of Storey at ¶ 44.) On December 20, 2013, Judge Di Figlia issued his recommendations that Plaintiff be allowed to take the depositions of Gerrit Losch and the PMQ, and that the requested documents be produced. (Defendant's Exhibit 1L, Recommendations of Discovery Referee.)

On December 27, 2013, Watchtower filed objections to the discovery referee's recommendation. (Defendant's Exhibit 1, Objection to Recommendation of Referee.) On January 2, 2014, this Court heard Plaintiff's ex parte application to compel compliance with the discovery referee's recommendations. (Plaintiff's Exhibit 27, Minute Order Dated January 2, 2014.) This Court considered the recommendations of the discovery referee, as well as Watchtower's objections thereto, and adopted the recommendations as the order of this Court. (Plaintiff's Exhibit 27, Minute Order Dated January 2, 2014.) This Court ordered that "Counsel

5

STATEMENT OF DECISION REGARDING PLAINTIFF'S MOTION FOR MONETARY AND TERMINATING SANCTIONS

have 90 days to take depositions and produce documents." (Plaintiff's Exhibit 27, Minute Order Dated January 2, 2014.)

On January 15, 2014, Plaintiff's counsel wrote to Watchtower's attorneys proposing dates, times and locations for the depositions of Mr. Losch and the PMQ. (Plaintiff's Exhibit 29, January 15, 2014 Letter from Devin M. Storey.) On January 22, 2014, Plaintiff's lawyers contacted Watchtower's attorneys via email requesting a response to the January 15, 2014 letter and proposing the same dates. (Plaintiff's Exhibit 30, January 22, 2014 Email from Irwin M. Zalkin.) On January 22, 2014, Watchtower's attorney responded that Watchtower would seek a stay of this Court's order and did not agree to the dates proposed by Plaintiff, nor did he suggest alternative dates. (Plaintiff's Exhibit 31, January 22, 2014 Letter from Rocky K. Copley.)

On January 30, 2014, Watchtower appeared ex parte seeking to set a motion for leave to file a First Amended Answer to Plaintiff's First Amended Complaint, and Mr. Losch also appeared ex parte requesting the *pro hac vice* admission of his personal counsel. (Plaintiff's Exhibit 32, Transcript of the January 30, 2014 Hearing.) In discussing this Court's prior discovery orders, this Court encouraged Watchtower and Mr. Losch to cooperate with Plaintiff in setting the deposition dates. (Plaintiff's Exhibit 32, Transcript of the January 30, 2014 Hearing at pp. 10:10-11:9.)

On February 3, 2014, Plaintiff's Counsel again informally requested Watchtower's cooperation in setting the date for the deposition of the PMQ. (Plaintiff's Exhibit 33, February 3, 2014 Letter from Irwin M. Zalkin.) On February 4, 2014, Plaintiff's Counsel informally requested the cooperation of Mr. Losch's local counsel in establishing the date of Mr. Losch's deposition. (Plaintiff's Exhibit 34, February 4, 2014 Letter from Irwin M. Zalkin.) On February 5, 2014, Mr. Losch's attorney denied that Mr. Losch was the subject of a valid deposition notice, request for production of documents, or court order, and did not agree to

work with Plaintiff's Counsel in setting deposition dates. (Plaintiff's Exhibit 35, February 5, 2014 Letter from Megan S. Wynne.)

On February 6, 2014, Watchtower appeared ex parte seeking an order staying the January 2, 2014 order for 60 days while it pursued appellate review. (Defendant's Exhibit 3, Watchtower's ex parte Application for Stay.) The requested order was denied. (Plaintiff's Exhibit 36, Minute Order Dated February 6, 2014.) This Court instructed "Attorney Copley to inform counsel for Mr. Losch, that there is a court order re taking Mr. Losch's deposition and the order should be followed." (Plaintiff's Exhibit 36, Minute Order Dated February 6, 2014.) This Court warned that non-compliance with the order to produce Mr. Losch for his deposition could result in a contempt proceeding. (Plaintiff's Exhibit 37, Transcript of the February 6, 2014 Hearing at pp. 9:26-10:14.)

On March 5, 2014, Plaintiff appeared ex parte for an order setting deposition dates for Mr. Losch and the PMQ. (Plaintiff's Exhibit 39, Transcript of the March 5, 2014 Hearing.) Based on the stipulation of the parties, this Court ordered that the PMQ Deposition must take place on March 31, 2014 and April 1, 2014 in Brooklyn, NY. (Plaintiff's Exhibit 38, Minute Order Dated March 5, 2014.) This Court also ordered the deposition of Gerrit Losch to occur on April 2, 2014 and April 3, 2014 in Brooklyn, NY. (Plaintiff's Exhibit 38, Minute Order Dated March 5, 2014.) This Court advised that Watchtower's failure to provide the ordered documents may result in motions for sanctions. (Plaintiff's Exhibit 39, Transcript of the March 5, 2014 Hearing at pp. 25:23-27:8.)

On March 12, 2014, Watchtower's attorneys informed Plaintiff's Counsel that Watchtower intended to challenge this Court's order by filing a petition for writ of mandate, and if necessary, a petition for review with the Supreme Court of California, challenging this Court's order requiring the production of child abuse documents. (Declaration of Rocky K.

7

STATEMENT OF DECISION REGARDING PLAINTIFF'S MOTION FOR MONETARY AND TERMINATING SANCTIONS

Copley at ¶ 9; Plaintiff's Exhibit 41, March 12, 2014 Letter from Rocky K. Copley.) Watchtower also announced its intention to similarly challenge the portion of this Court's order requiring Watchtower to produce its managing agent Gerrit Losch to be deposed. (Plaintiff's Exhibit 41, March 12, 2014 Letter from Rocky K. Copley.) Watchtower made clear that it would not produce the ordered child abuse documents, but offered to produce its PMQ on other topics. (Declaration of Rocky K. Copley at ¶ 9; Plaintiff's Exhibit 41, March 12, 2014 Letter from Rocky K. Copley.)

On March 13, 2014, personal counsel for Gerrit Losch advised Plaintiff's Counsel that Mr. Losch intended to file a petition for writ of mandate challenging this Court's order, and if necessary a petition for review with the Supreme Court of California. (Plaintiff's Exhibit 42, March 13, 2014 Letter from Megan S. Wynne.) Mr. Losch's Counsel noted that if Mr. Losch's appellate efforts were unsuccessful, then his Counsel would notify Plaintiff's attorneys "if Mr. Losch will voluntarily appear for his deposition." (Plaintiff's Exhibit 42, March 13, 2014 Letter from Megan S. Wynne.)

On March 20, 2014, Watchtower filed a petition for writ of mandate challenging this Court's January 2, 2014 order. (Declaration of Rocky K. Copley at ¶ 13.) On March 24, Gerrit Losch also filed a petition for writ of mandate. (Declaration of Rocky K. Copley at ¶ 8.) Both Watchtower and its managing agent requested an immediate stay of this Court's order. (Declaration of Devin M. Storey at ¶ 84.) On March 27, 2014, both petitions for writ of mandate, and the associated stay requests, were denied. (Declaration of Rocky K. Copley at ¶¶ 8, 13; Plaintiff's Exhibit 45, Order Denying Losch Petition for Writ of Mandate; Plaintiff's Exhibit 46, Order Denying Watchtower Petition for Writ of Mandate.)

On March 31, 2014 and April 1, 2014, Watchtower produced Richard Ashe, Jr. and Mario Moreno, Esq., to provide the PMQ testimony. (Declaration of Rocky K. Copley at ¶ 15;

8

Declaration of Devin M. Storey at ¶¶ 91, 92.) Neither Mr. Ashe, nor Mr. Moreno, produced the ordered documents regarding instances of childhood sexual abuse that were known to Watchtower. (Declaration of Devin M. Storey at ¶ 91.)

On April 1, 2014, Mr. Losch's personal counsel filed a petition for review with the Supreme Court of California and requested an immediate stay of this Court's January 2, 2014 and March 5, 2014 orders requiring Mr. Losch to appear and be deposed beginning on April 2, 2014. (Declaration of Rocky K. Copley at ¶ 8.) The Supreme Court did not issue the requested emergency stay. (Declaration of Devin M. Storey at ¶¶ 94, 95.)

On April 2, 2014, Gerrit Losch did not appear to be deposed. (Plaintiff's Exhibit 54, Transcript of Deposition of Gerrit Losch.) Plaintiff made a record of Mr. Losch's non-appearance. (Plaintiff's Exhibit 54, Transcript of Deposition of Gerrit Losch.) Later that day the Supreme Court denied Mr. Losch's petition for review. (Declaration of Rocky K. Copley at ¶ 8.)

On April 8, 2014, Plaintiff filed and personally served Plaintiff's Motion for Sanctions Including Terminating Sanctions and Monetary Sanctions in the Amount of $37,799.21, Against Watchtower Bible and Tract Society of New York, Inc., for Failure to Comply with this Court's Orders.

## DECISION

Plaintiff contends that Watchtower's refusal to comply this Court's orders requiring the production of Gerrit Losch, and the PMQ's failure to produce documents establishing Watchtower's knowledge of childhood sexual abuse complaints each constitute a misuse of the discovery process. *See* Cal. Code Civ. Proc. § 2023.010. Plaintiff contends that only the terminating and monetary sanctions requested by Plaintiff can adequately respond to Watchtower's misuse of the discovery process. This Court agrees.

9

STATEMENT OF DECISION REGARDING PLAINTIFF'S MOTION FOR MONETARY AND TERMINATING SANCTIONS

The only facts prerequisite to imposition of a discovery sanction are the party's failure to comply with ordered discovery, and that the failure was willful. *Calvert Fire Ins. Co. v. Cropper* (1983) 141 Cal.App.3d 901, 904. This Court finds that Defendant failed to comply with this Court's orders requiring Watchtower to produce Mr. Losch for deposition, and to produce the documents requested by Plaintiff in connection with the PMQ Notice. This Court further finds that Watchtower's refusal to comply with this Court's orders was willful. Watchtower's actions are a misuse of the discovery process warranting the imposition of sanctions. *See* Cal. Code Civ. Proc. § 2023.010, subd. (g).

In opposing the motion, Watchtower made various arguments including that Mr. Losch was not Watchtower's managing agent. Notwithstanding Defendant's contention regarding Mr. Losch's position relative to Watchtower, this Court has found to the contrary and has ordered his deposition to proceed.

Defendant also contends that it was not required to comply with this Court's orders because it is exercising its appellate rights to challenge the validity of the underlying court orders, and the Supreme Court of California had not definitively rejected its appellate efforts prior to the dates ordered for the depositions of Gerrit Losch and the PMQ. The Court agrees that Watchtower is within its rights to seek appellate review. However, in the absence of a stay of this Court's orders, compliance therewith is required notwithstanding any pending writ petition or petition for review. To date, no reviewing court has ordered this Court's earlier orders stayed. As a result, there is no basis in the law for Watchtower to not fully comply with these orders.

At the hearing of this motion, Watchtower devoted substantial time expressing its disagreement with the underlying orders of this Court requiring the deposition of Mr. Losch, and the production of documents relating to childhood sexual abuse complaints. However, the

10

STATEMENT OF DECISION REGARDING PLAINTIFF'S MOTION FOR MONETARY AND TERMINATING SANCTIONS

validity of these orders is not at issue in the present motion. The issues raised by Plaintiff's motion involve Watchtower's non-compliance with this Court's orders. This Court's discovery orders are valid and remain in effect, and whether Defendant agrees with the orders is inconsequential. Watchtower was ordered to provide discovery and did not do so.

In its sur-reply Defendant – citing to Richard Ashe Jr.'s declaration – states that to produce the documents sought would be so time-consuming as to take years to search the relevant records. However, the Court was unable to locate any evidence that Watchtower at any time since the Court first ordered production months ago has even attempted to locate responsive documents. Even at the hearing of this motion, Watchtower did not provide any assurances that the documents were in the process of being gathered, or that any effort had been made to comply with this Court's orders.

Having considered the evidence and argument before the Court – including this Court's earlier orders and Watchtower's failure to comply and Defendant's failure to offer a valid basis for the failure to comply – the Court grants Plaintiff's motion for terminating sanctions and orders Watchtower's answer stricken.

This Court considered ordering the imposition of either issue sanctions or evidence sanctions in lieu of the terminating sanctions requested by Plaintiff. However, Plaintiff has made a showing that the materials requested are relevant to nearly aspect of Plaintiff's claim, including his negligence based causes of action, ratification based cause of action, and his prayer for punitive damages, as well as to Defendants' claimed statute of limitations defenses. Given Watchtower's willful refusal to comply with multiple orders of this Court, and the fact that Watchtower produced no evidence of any attempt to comply with this Court's orders, this Court finds that only terminating sanctions can effectively respond to Watchtower's willful refusals.

STATEMENT OF DECISION REGARDING PLAINTIFF'S MOTION FOR MONETARY AND TERMINATING SANCTIONS

1  This Court additionally grants Plaintiff's request for monetary sanctions in the amount
2  of $37,799.21 for the reasons argued in Plaintiff's papers, including the expenses associated
3  with traveling to New York relative to the scheduled Losch deposition.

DATED: 6/4/14

JUDGE OF THE SUPERIOR COURT
JOAN M. LEWIS

12

STATEMENT OF DECISION REGARDING PLAINTIFF'S MOTION FOR MONETARY AND
TERMINATING SANCTIONS

## PROOF OF SERVICE

Lopez v. Defendant Doe 1, Linda Vista Church, et al.
San Diego County Superior Court Case No: 37-2012-00099849-CU-PO-CTL

FILED
CIVIL BUSINESS OFFICE 8
CENTRAL DIVISION

14 MAY 30 PM 12: 41

I, Karen L. Waldvogel, am employed in the city and county of San Diego, State of California. I am over the age of 18 and not a party to the action; my business address is 12555 CA High Bluff Drive, Suite 301, San Diego, CA 92130.

SAN DIEGO COUNTY, CA

On May 30, 2014, I caused to be served:

**STATEMENT OF DECISION REGARDING PLAINTIFF'S MOTION FOR MONETARY AND TERMINATING SANCTIONS; REQUEST FOR ENTRY OF DEFAULT;**

in this action by placing a true and correct copy of said documents(s) in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

XX  (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(By E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the party to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the email address listed below. I did not receive, within a reasonable time after the transmission, any electronic messages or other indication that the transmissions were unsuccessful.

XX  (BY PERSONAL SERVICE) By causing to be delivered by hand on the date listed above to the following parties by Knox Attorney Service:

Rocky K. Copley, Esq.
Law Office of Rocky K. Copley
225 Broadway, Suite 2100
San Diego, CA 92101

James M. McCabe, Esq.
The McCabe Law Firm, APC
4817 Santa Monica Avenue, Suite B
San Diego, CA 92107

1

PROOF OF SERVICE

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 30, 2014

*Karen L. Waldvogel*

2

PROOF OF SERVICE

## SERVICE LIST

**VIA PERSONAL SERVICE AND U.S. MAIL**

Rocky K. Copley, Esq.
Law Office of Rocky K. Copley
225 Broadway, Suite 2100
San Diego, CA 92101
Tel: 619232-3131
Fax: 619-232-1690
email: rkcopley@rkc-rocklaw.com
Attorney for Defendant
Supervisory Organization, Watchtower Bible and Tract Society of New York, Inc.

James M. McCabe, Esq.
The McCabe Law Firm, APC
4817 Santa Monica Avenue, Suite B
San Diego, CA 92107
Tel: 619-224-2848
Fax: 619-224-0089
email: jim@mccabelaw.net
Attorneys for Defendant
Linda Vista Church

**VIA U.S. MAIL**

Calvin A. Rouse, Esq.
Watchtower Bible & Tract Society of New York, Inc.
Legal Department
100 Watchtower Drive
Patterson, NY 12563-90204
Tel: 845-306-0700 x 46760
Fax: 845-306-0709
email: crouse@jw.org
Co-Counsel for Defendant
Supervisory Organization, Watchtower Bible and Tract Society of New York, Inc.

3

PROOF OF SERVICE

# PROOF OF SERVICE

Lopez v. Defendant Doe 1, Linda Vista Church, et al.
San Diego County Superior Court Case No: 37-2012-00099849-CU-PO-CTL

I, Lisa E. Maynes, am employed in the city and county of San Diego, State of California. I am over the age of 18 and no a party to the action; my business address is 12555 High Bluff Drive, Suite 260, San Diego, CA 92130.

July 2, 2014, I caused to be served:

## NOTICE OF RULING

in this action by placing a true and correct copy of said documents(s) in sealed envelopes addressed as follows:

### SEE ATTACHED SERVICE LIST

XX      (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    (BY PERSONAL SERVICE) By causing to be delivered by hand to the offices of the addressee(s) on the date listed above.

    (BY OVERNIGHT DELIVERY – FEDERAL EXPRESS) I enclosed the documents in an envelope or package provided by an Federal Express and addressed to the persons at the addresses listed below. I placed the envelope or package for collection and overnight delivery at an office of a regularly utilized drop box for Federal Express. Overnight Delivery to Calvin A. Rouse, Esq. - Watchtower Bible & Tract Society of New York, Inc.

    (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the party to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the email address listed below. I did not receive, within a reasonable time after the transmission, any electronic messages or other indication that the transmissions were unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 7-2-14

Lisa E. Maynes

## MAILING LIST

Rocky K. Copley, Esq.
Law Office of Rocky K. Copley
225 Broadway, Suite 2100
San Diego, CA 92101
Tel: 619232-3131
Fax: 619-232-1690
email: rkcopley@rkc-rocklaw.com
Attorney for Defendant
Doe 2, Supervisory Organization, Watchtower Bible and Tract Society of New York, Inc.


James M. McCabe, Esq.
The McCabe Law Firm, APC
4817 Santa Monica Avenue, Suite B
San Diego, CA 92107
Tel: 619-224-2848
Fax: 619-224-0089
email: jim@mccabelaw.net
Attorneys for Defendant
Doe 1, Linda Vista Church


Calvin A. Rouse, Esq.
Watchtower Bible & Tract Society of New York, Inc.
Legal Department
100 Watchtower Drive
Patterson, NY 12563-90204
Tel: 845-306-0700 x 46760
email: crouse@jw.org
Co-Counsel for Defendant
Doe 2, Supervisory Organization, Watchtower Bible and Tract Society of New York, Inc.