Guy W. Rogers
Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.,*
*and Watch Tower Bible and Tract Society of Pennsylvania*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

TRACY CAEKAERT, and CAMILLIA MAPLEY,

      Plaintiffs,

vs.

WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Cause No. CV 20-52-BLG-SPW

**DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND SET OF JURISDICTIONAL DISCOVERY**

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC.

    Cross-Claimant,

vs.

BRUCE MAPLEY SR.,

    Cross-Claim Defendant.

_____

ARIANE ROWLAND, and JAMIE
SCHULZE,

    Plaintiffs,

vs.

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC., WATCH TOWER BIBLE AND
TRACT SOCIETY OF
PENNSYLVANIA, and BRUCE
MAPLEY SR.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Cause No. CV 20-59-BLG-SPW

**DEFENDANT WATCH TOWER
BIBLE AND TRACT SOCIETY OF
NEW YORK, INC.'S SECOND
SUPPLEMENTAL RESPONSES TO
PLAINTIFFS' SECOND SET OF
JURISDICTIONAL DISCOVERY**

TO: Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C.
   Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street,
   Missoula, MT 59802

   COMES NOW Defendant Watch Tower Bible and Tract Society of New

York, Inc. (hereinafter "WTNY"), by and through its attorneys, and provides its

second supplemental responses to Plaintiffs' Second Set of Jurisdictional

Discovery as follows:

## **GENERAL OBJECTION**

Per the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the

*Caekaert* matter[1]; Doc. 37 in the *Rowland* matter[2]), and Orders Re Motion to Compel

Jurisdictional Discovery Responses and for Fees and Costs (Doc. 85 in the *Caekaert*

matter; Doc. 72 in the *Rowland* matter), any discovery requests seeking information

after 1992 are improper and outside the scope of Court-ordered limitations on

jurisdictional discovery.

## **INTERROGATORIES**

**INTERROGATORY NO. 6:** Identify each person who worked in the

church's Service Department between 1960 and 1990.

**ORIGINAL ANSWER:** Objection. Please refer to the General Objection,

above, for an explanation as to why the time period requested in this Interrogatory

is improper. This request is also vague as to the term "church's Service

Department." Further, this request is overbroad, is not reasonably calculated to

lead to the discovery of admissible information, is not proportional to the needs of

the case, and infringes on the privacy rights of third parties.

---

[1] References to the *Caekaert* matter means Cause No. CV 20-52-BLG-SPW
[2] References to the *Rowland* matter means Cause No. CV 20-59-BLG-SPW.

**FIRST SUPPLEMENTAL ANSWER:**  Subject to and without waiving the objections noted above: WTNY has no employees and those who provided services on behalf of the Service Department during the relevant time-period were unsalaried members of a religious order. After a diligent search of all records now in existence, WTNY identifies the following individuals who were in the Service Department during some part of the relevant years.  In 1998, electronic records of members of the religious order who provided services to the Service Department began to be maintained. Records on individuals who were already deceased in 1998 were not maintained.  Therefore, to the best of WTNY's knowledge the below list is non-exhaustive and some of the individuals are deceased:

Adams, Dolores
Adams, Joel
Aiena, John Louis
Aleman, Francisco Limas
Amrein, Ronald James
Annis, Daniel James
Balzer, Robert Lee
Barber, Carey
Barnes, Daniel
Barraza, Anita
Bay, Andrea
Beltran del Rio, Alicia
Booker, Reginald Earl Jr.
Borroto, Yadin
Boyd, Iola J.
Brekke, Joanna
Brenca, Jon
Breneman, Allen Keith
Buchanan, Darrell
Buchanan, Mirta

Cambronero, Marvin
Campbell, Merton
Canfield, Kenneth
Carter, Richard
Chain, Cyril
Chappel, Douglas
Chyke, Zelda
Clark, Dean Cameron
Clark, Grant
Clay, Henry Berwind
Costa, Alan Mathew
Couch, Fern
Cox, Brett
Crockett, David Dennis
David, Earl Norman
DePriest, David Charles
Dinolfo, Anthony
Doerschler, Cam Rodney
Dubose, Jeffrey
Edmett, Donna Sue
Eng, Pak Kan, Ken
Flowers, Alan
Forrest, Ivan
Fredean, April
Froystad, John Richard
Garcia, Jesus
Gelman, Joel David
Gibbard, John
Gingrich, Jack M.
Gipe, Virginia Carroll
Gish, Terry Douglas
Graulich, Uwe Heinz Georg
Gregory, Sonja Lisa
Griffin, Anthony
Haferbecker, Debra
Hoefnagels, Hubertus Mathias
Gerardus
Hood, Marion
Hurley, Laura Elizabeth
Jackson, Alice

Jackson, Harold
Johnson, Calvin
Johnson, Robert P.
Johnson, Shelly K.
Jones, Robert Lavern Sr.
Keighley, Martin Paul
Kimes, Jennifer Alyce
Knipfer, Brent J.
Kraker, Simon
Krowicki, Robert Adam
Kutch, Maxine
LaFranca, Patrick
Leeds, Verna
Loosli, Marc Andre
Loosli, Yolanda
Lowe, Darren Audell
Lucas, Keith
Malenfant, William
Marler, Laura Campbell
Martin, Charlene
Martin, Peter Andrew
Martinez, Santiago Jr.
Masterson, Scott Ryan
Mattson, Mark David
Mavor, Christopher
May, Gary Paul
Miles, Thomas
Miller, Brook
Miller, Harley Eugene
Molohan, Lila
Moonen, De heer Martin J.
Morgan, Jeffery N.
Moser, Earl
Nash, Bobby
Negron, Enrique
Nelson, Shirley
Nonkes, William
Norgaard, Steven James
Olson, David
Pake, Warren Eugene

Pankonin, Gary
Perez, Anthony
Perla, Baltasar Jr.
Peterson, Cora Gail
Plumhoff, Amelia
Plumhoff, Howard
Poetzinger, Martin
Prueitt, Larry
Robins, Rosie
Robinson, Alphonso
Ronco, Gerald
Rosa, Adeline
Rose, Ann Marian
Schaefer, Ralph
Schafer, David W.
Schmidli, Roy
Shuster, Allen
Sokolowski, Carol
Splane, David
St. Jean, Michael Peter
Stevens, Michele Marino
Strandberg, John
Stripling, Stephen Alan
Summers, Gary
Swingle, Crystal Levenia
Van De Wall, William
Vencebi, Manfred
Waters, Lee Jr.
Weaver, Leon Jr.
Weaver, Ruby
Weigel, John
Williams, Ernest Emly
Williams, Jeanette C.
Wolff, Keith
Wollin, Gary Duane
Wollin, Karen Lynn
Woody, Charles
Young, William
Young, William
Zenke, Albina

Zenke, Howard Winston

WTNY has been unable to locate any additional information responsive to this interrogatory.

**INTERROGATORY NO. 7**: Identify each person who worked in the church's Legal Department between 1960 and 1990.

**ORIGINAL ANSWER:** Objection. Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. This request is also vague as to the term "church's Legal Department." Further, this request is overbroad, is not reasonably calculated to lead to the discovery of admissible information, is not proportional to the needs of the case, and infringes on the privacy rights of third parties.

**FIRST SUPPLEMENTAL ANSWER:** Subject to and without waiving the objections noted above: WTNY has no employees and those who provided services on behalf of the Legal Department during the relevant time-period were unsalaried members of a religious order. After a diligent search of all records now in existence, WTNY identifies that follow individuals who were in the Legal Department during some part of the relevant years. In 1998, electronic records of members of the religious order who provided services to the Legal Department began to be maintained. Records on individuals who were already deceased in 1998 were not

maintained. Therefore, to the best of WTNY's knowledge the below list is non-exhaustive and some of the individuals are deceased:

Addington, John Wrisley
Allen, Gregory
Andrik, James
Apltauer, Kathleen Wetzel
Bell, William III
Biles, Roger Timothy
Bower, Mary Ann Ann
Browning, Alan
Brumley, Philip
Budrecki, Robert
Cain, Haydee
Cain, Ronald Gregory
Carter, Richard
Castro, Nitza
Chow, Brian Edward
Chow, Edward
Chow, Poy Chiung
Creger, Charles Winton II
Dorrell, Darren Lawrence
Dyson, Bonnie
Flores, Raymond
Garza, Philip Paul
Giglio, Consuelo
Gruesbeck, Margaret
Gucwa, Darryl David
Hafferkamp, Maria Carmen
Hartman, George H.
Ihrig, Helen Hae Won
James, Robert C
Jandrokovic, Joseph Thomas
Johnson, Allen B.
Johnson, Diana Clyburn
Jones, Joanne Frances
Jones, Lisa Vanelle
Jones, Shareen
Kaywood, Rosaline Jane

Kildahl, Susan Anne
Kimball, Kenneth Michael
Lang, Amy
Lewis, Fernetta Maye
Lewis, Michael E.
Long, Leslie Rankin
McCabe, James
McCabe, Melinda
Moore, Billy Earnest
Moore, Heathe
Nead, Michelle Ann
Olds, Gregory
Olds, Martha
Parker, Cynthia L.
Pluta, Jeffrey Lin
Polidoro, Paul
Pond, Nancy J
Pulcifer, Ken
Quandt, Kathryn
Reimer, Donna
Reyes, Vincent John Jr.
Ridley, Donald
Seale, Carol Jean
Shammas, Arnhild
Smith, Phyllis
Steele, Charles Arthur
Stribling, Sue Carole
Temple, Diane Rochelle
Vincent, Rosemarie
Wah, Carolyn
Ware, Iris
Webber, Robert
Yasovsky, Sandra R

WTNY has been unable to locate any additional information responsive to this interrogatory.

**INTERROGATORY NO. 8**:  Please state how elders in each local congregation are selected and approved.

**ORIGINAL ANSWER**:  Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.   Subject to and without waiving this objection: Please see documents produced by Watch Tower Bible and Tract Society of Pennsylvania (hereinafter "WTPA"), bates-numbered WTPA0028758-0028784.

**FIRST  SUPPLEMENTAL  ANSWER:**   Without  waiving  any  previously asserted objections, responsive documents have previously been produced by WTPA as WTPA0028758-0028784.

**INTERROGATORY NO. 9:** Identify what the governing body does, where it is located, what it is responsible for, how it makes decisions, etc.?

**ORIGINAL ANSWER:** Objection. Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. This request is also irrelevant, is not reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous as to the term "etc." Subject to and without waiving these objections: The Governing Body is a small group of spiritually-mature Christians who provide spiritual guidance to Jehovah's Witnesses worldwide. The Governing Body follows the pattern set by "the apostles and elders in Jerusalem" in the first century, who made important decisions on behalf

of the entire Christian congregation. (Acts 15:2) Like those faithful men, the members of the Governing Body are not the leaders of Jehovah's Witnesses. The Governing Body serves in Warwick, New York, U.S.A.

**FIRST SUPPLEMENTAL ANSWER:** WTNY restates and reiterates its objections and response noted above.  Subject to and without waiving its objection: WTNY further responds that it is not the Governing Body of Jehovah's Witnesses, but upon information and belief, the Governing Body provides spiritual guidance and direction to all Jehovah's Witnesses, including, but not limited to, setting forth the scriptural beliefs and practices of the faith in conformance with the model set by first century Christians as recorded in the Bible.  The Governing Body does not direct the day-to day affairs of any congregation of Jehovah's Witnesses, but, during the time period in  question, experienced elders in New York (members of the religious  order) acknowledged the appointment of congregation elders and ministerial servants.  Acknowledgement of these appointments was communicated to congregations by WTNY.

**INTERROGATORY NO. 10**:   Where is the church's United States "Branch Office" located?

**ORIGINAL ANSWER**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  This request is also vague and ambiguous as to the term "church."

Subject to and without waiving these objections: The religious construct known as the U.S. Branch Office for Jehovah's Witnesses is located at 900 Red Mills Road, Wallkill, New York 12589-3223, United States.

**FIRST SUPPLEMENTAL ANSWER:** Without waiving any previously asserted objections, the religious construct known as the U.S. Branch Office for Jehovah's Witnesses is located at 900 Red Mills Road, Wallkill, New York 12589-3223, United States.

**INTERROGATORY NO. 11**:   Identify all documents provided to the church's United States' Branch Office which provide any guidance, policies, or direction in how the Branch Office is to operate.

**ORIGINAL ANSWER**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  This request is also vague and ambiguous as to the term "church." Subject to and without waiving these objections: There was no United States Branch Office during the relevant time period.  However, operations in the United States were loosely based on *Branch Organization* (1977 and 1986 editions) which have been produced by WTPA. *See* WTPA026371-026618; WTPA030311-030574.

**FIRST SUPPLEMENTAL ANSWER:** Without waiving any previously asserted objections, responsive documents have previously been produced by WTPA as WTPA026371-026618 and WTPA030311-030574.

**INTERROGATORY NO. 12**:   Identify all documents provided to the church's District Offices in the United States, which provide any guidance, policies, or direction in how the District Offices are to operate.

**ORIGINAL ANSWER**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  This request is also vague and ambiguous as to the term "church" and "District Offices."   Subject to and without waiving these objections:  None, as WTNY has never had "District Offices."

**FIRST SUPPLEMENTAL ANSWER:** Without waiving any previously asserted objections, WTNY's original Answer confirmed the Answer is none, as no such documents exist..

**INTERROGATORY NO. 13**:   Identify all documents provided to the church's Circuit Offices in the United States, which provide any guidance, policies, or direction in how the District Offices are to operate.

**ORIGINAL ANSWER**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  This request is also vague and ambiguous as to the terms "church," "Circuit Offices," and "District Offices."   Subject to and without waiving these objections:  None, as WTNY has never had "Circuit Offices" or "District Offices."

**FIRST SUPPLEMENTAL ANSWER:** Without waiving any previously asserted objections, WTNY's original Answer confirmed the Answer is none, as no such documents exist.

**INTERROGATORY NO. 14**:   Please identify how the people working in the church's Branch, District, and Circuit offices knew how to do their jobs.

**ORIGINAL ANSWER**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  This request is also vague and ambiguous as to the terms "church," "working in," and "knew how to do their jobs." This request also seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections:  WTNY has never had "Circuit Offices," "District Offices," or "Branch Offices."  However, the United States Branch Office of Jehovah's Witnesses (located in New York and never in Montana) is staffed by unsalaried members of a religious order who follow Bible principles in carrying out their assignments.  Members of the religious order also consulted *Branch Organization* and *Organized to Accomplish Our Ministry,* which WTNY believes were previously produced by WTPA, in carrying out their roles.

**FIRST SUPPLEMENTAL ANSWER:** Without waiving any previously asserted objections, WTNY's original Answer included responsive information.

**INTERROGATORY NO. 15:** Please set forth your description of the relationships between the following: Governing Body, WTPA, WTNY, United States Branch Office, United States District Offices, United States Circuit Offices, and local Kingdom Halls/congregations (including whether any of these bodies oversee or direct, in any way, the activities of any other of these bodies).

**ORIGINAL ANSWER:** Objection. Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. This request is also vague and ambiguous as to the terms "Circuit Offices" and "District Offices." Subject to and without waiving these objections: WTNY is a not-for-profit corporation formed in 1909 under the laws of the State of New York, U.S.A. It is used by Jehovah's Witnesses in the United States to print Bibles and Bible-based literature. Some of that literature is used in connection with the ministry done by Jehovah's Witnesses, again in connection with Jesus' commission in Matthew 28: 19, 20. WTPA is a nonprofit corporation formed in 1884 under the laws of the Commonwealth of Pennsylvania, U.S.A. It is used by Jehovah's Witnesses to support their worldwide work, which includes publishing Bibles and Bible-based literature. Congregations form for the purpose of allowing Jehovah's Witnesses and others interested in attending their meetings to gather together to worship God. At their own choice, congregations may form corporations or trusteeships to own property used as Kingdom Halls (meeting places). Those that do

not form a corporation or trusteeship typically remain unincorporated associations. Each legal entity is separate and distinct from one another.

The United States Branch Office of Jehovah's Witnesses is a religious construct that cares for the spiritual interests of Jehovah's Witnesses in the United States. It has no legal or corporate control over any entity used by Jehovah's Witnesses.

The Governing Body of Jehovah's Witnesses is an ecclesiastical group of men who care for the spiritual interests of Jehovah's Witnesses worldwide. It has no legal or corporate control over any entity used by Jehovah's Witnesses. WTNY is unaware of any "United States District Offices" or "United States Circuit Offices" associated with the faith of Jehovah's Witnesses.

**FIRST SUPPLEMENTAL ANSWER:**   WTNY restates and reiterates its objections and response noted above.  Subject to and without waiving its objection: WTNY further responds that it is not the Governing Body of Jehovah's Witnesses, but upon information and belief, the Governing Body provides spiritual guidance and direction to all Jehovah's Witnesses, including, but not limited to, setting forth the scriptural beliefs and practices of the faith in conformance with the model set by first century Christians as recorded in the Bible.  The Governing Body does not direct the day-to-day affairs of any congregation of Jehovah's Witnesses, but, during the time period in  question, experienced  elders  in  New  York (members  of  the

religious order) acknowledged the appointment of congregation elders and ministerial servants. Acknowledgement of these appointments was communicated to congregations by WTNY.

**INTERROGATORY NO. 16**: Please set forth your complete understanding of the location of each congregation in the state of Montana between 1960 and today.

**ORIGINAL ANSWER**: Objection. Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. Subject to and without waiving this objection: WTNY has been unable to locate any historical data concerning the location of Kingdom Halls in Montana during the relevant time-period based on the information in its possession, custody, or control. Discovery is ongoing and WTNY will supplement its answer if responsive information is located. As to current congregations in Montana, a listing can be found at the following hyperlink,

https://apps.jw.org/ui/E/meeting-search.html#/weekly-meetings

and clicking on Montana on the map. As this information is available on the internet, it is as easily accessible to Plaintiffs as it is to WTNY.

**FIRST SUPPLEMENTAL ANSWER:** Without waiving any previously asserted objections, WTNY has made a further inquiry and has located a list of congregations in Montana believed to be in existence during the relevant time-

period. Some congregations may no longer be in existence. *See* documents bates numbered WTNY000211-000212.

**INTERROGATORY NO. 17**: Please identify the documents that "members of the religious order of Jehovah's Witnesses" provided to local congregations as part of providing "ecclesiastical oversight."

**ORIGINAL ANSWER**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.   WTNY further objects on the grounds that this request seeks information outside the scope of the Court-permitted jurisdictional discovery, is irrelevant to the extent it seeks information concerning congregations outside of Montana, is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, and is not proportional to the needs of the case.

**FIRST SUPPLEMENTAL ANSWER:** Without waiving any previously asserted objections, WTNY remains willing to determine if it has any responsive documents that have not previously been identified or produced once Plaintiffs define what they mean by "ecclesiastical oversight".

**INTERROGATORY NO. 18**: Please identify who constituted "members of the religious order of Jehovah's Witnesses" that provided ecclesiastical oversight and assistance to Montana congregations during the period 1960 to 2001.

**ORIGINAL ANSWER**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  This request also infringes on the privacy rights of third parties. Subject to and without waiving these objections:  During the relevant time-period, elders in the Service Department were the members of the religious order who provided spiritual assistance and Scriptural guidance to elders in congregations of Jehovah's Witnesses when congregation elders requested such spiritual assistance.  It is unknown to WTNY based on the information in its possession, custody, or control whether there was any communication between Service Department elders and elders in Montana during the relevant time-period.  Discovery is ongoing, and WTNY will supplement its answer if responsive information is located.

**FIRST SUPPLEMENTAL ANSWER:** Without waiving any previously asserted objections, WTNY has made a further inquiry to the Service Department and has been unable to locate any identities of members of the religious order who may have provided ecclesiastical oversight and assistance to  elders in Montana during the relevant time-period.  If responsive information is located, WTNY will further supplement this Answer.

**INTERROGATORY NO. 19**: Please describe how "members of the religious order of Jehovah's Witnesses" were trained or instructed to provide "ecclesiastical oversight" to local congregations during the period 1960 to 2001.

**ORIGINAL ANSWER**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  Subject to and without waiving this objection:  They were trained by the Bible. The ecclesiastical oversight they provided was helping local elders find relevant Bible verses that applied to questions the elders had.

**FIRST SUPPLEMENTAL ANSWER:** Without waiving any previously asserted objections, WTNY's original Answer included responsive information.

**INTERROGATORY NO. 20**: For the period 1960 to 1990, did Circuit, District, or Branch Overseers participate in the training and oversight of local congregation elders described in your Ans. To Int. No. 19, and if so, please describe such participation.

**ORIGINAL ANSWER**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  Subject to and without waiving this objection:  Circuit and District Overseers may have provided Bible-based research and guidance to elders in Montana during the relevant time period on an as-needed basis, but the exact nature and extent of any such assistance is unknown based on the information in WTNY's possession, custody, or control.

**FIRST SUPPLEMENTAL ANSWER:** Without waiving any previously asserted objections, WTNY's original Answer included responsive information.

**INTERROGATORY NO. 21**: Please identify all your legal and "doing business as" names from 1950 to 1995, including the date(s) each name was used.

**ORIGINAL ANSWER**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  Subject to and without waiving this objection:  Watchtower Bible and Tract Society of New York, Inc.

**FIRST SUPPLEMENTAL ANSWER:** Without waiving any previously asserted objections, WTNY's original Answer included responsive information.

**INTERROGATORY NO. 22**: Please identify three people that are still alive who have the most knowledge of WTNY's activities within the United States during the period 1960 to 1990.

**ORIGINAL ANSWER**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  Subject to and without waiving this objection:  Thomas Jefferson, Jr. (minister), Mario Moreno (attorney), and Alan Browning (accounting).

**FIRST SUPPLEMENTAL ANSWER:** Without waiving any previously asserted objections, WTNY's original Answer included responsive information.

**INTERROGATORY NO. 23**: Please identify each person who provided information that counsel used to answer and respond to discovery requests served on WTNY.

**ORIGINAL ANSWER**: Thomas Jefferson, Jr. (minister), Alan Browning (accounting), and James Defibaugh (paralegal).

**FIRST SUPPLEMENTAL ANSWER:** Without waiving any previously asserted objections, WTNY's original Answer included responsive information.

**INTERROGATORY NO. 24**:  For each Request for Admission that is not answered with an unqualified admission, please set forth the factual basis for the denial or qualification.

**ANSWER**: Objection.  This is an improper question that requires Defendant to repair Plaintiffs' Requests for Admissions.  Subject to and without waiving said objection: *See* Response to Request for Admission No. 1.

**FIRST SUPPLEMENTAL ANSWER:** Without waiving any previously asserted objections, WTNY's original Answer included responsive information.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 5**: Please produce a copy of each document memorializing the appointment of persons to the Governing Body.

**ORIGINAL RESPONSE**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.   This request also seeks information already in the possession of Plaintiffs.  Other than various Watchtower articles printed by WTNY throughout the relevant time-period, WTNY is in possession of no other documents.

**FIRST SUPPLEMENTAL RESPONSE:** Without waiving any previously asserted objections, WTNY's original Response confirmed the Response is none other than various Watchtower articles printed by WTNY throughout the relevant time-period that have already been produced..

**REQUEST FOR PRODUCTION NO. 6**:  Please produce a copy of each corporate record memorializing the affirmative vote or appointment of all corporate directors who served on the Board of Directors.

**ORIGINAL RESPONSE**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  Subject to and without waiving this objection, WTNY has certain responsive documents bates numbered WTNY000014-000083 it will produce subject to the Stipulated Protective Order once it has been entered by the Court.

**FIRST SUPPLEMENTAL RESPONSE**: Objection.   Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.   Subject to and without waiving this objection, pursuant to the Court's March 23, 2021 Orders Granting Unopposed Motion for Entry of Stipulated Protective Order (Doc. 51 in the *Caekaert* matter and Doc. 41 in the *Rowland* matter), wherein the Court agreed to and entered the Stipulated Protective Orders Plaintiffs and both WTNY and co-Defendant WTPA

agreed to (Doc. 50-1 in the *Caekaert* matter and Doc. 40-1 in the *Rowland* matter), please see WTNY 000014-000083, attached.   Such documents constitute "Confidential Information" as set forth in the Stipulated Protective Orders and are therefore subject to the terms of the Stipulated Protective Orders (Doc. 50-1 in the *Caekaert* matter and Doc. 40-1 in the *Rowland* matter), which terms are incorporated herein by reference.

**SECOND SUPPLEMENTAL RESPONSE:**   Without waiving any previously asserted objections, responsive documents have previously been produced as WTNY000014-000083.   Such documents constitute "Confidential Information" as set forth in the Stipulated Protective Orders and are therefore subject to the terms of the Stipulated Protective Orders (Doc. 50-1 in the Caekaert matter and Doc. 40-1 in the Roland matter), which terms are incorporated herein by reference.

**REQUEST FOR PRODUCTION NO. 7**:   Please produce a copy of each document identified in the answer to Interrogatory No. 11.

**ORIGINAL RESPONSE**: Objection.   Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.   Subject to and without waiving this objection: *See* WTPA's document production bates-numbered WTPA026371-026618; WTPA030311-030574.

**FIRST SUPPLEMENTAL RESPONSE:** Without waiving any previously asserted objections, responsive documents have previously been produced by WTPA as WTPA026371-026618 and WTPA030311-030574.

**REQUEST FOR PRODUCTION NO. 8**:  Please produce a copy of each document identified in the answer to Interrogatory No. 12.

**ORIGINAL RESPONSE**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  Subject to and without waiving this objection: None.

**FIRST SUPPLEMENTAL RESPONSE:** Without waiving any previously asserted objections, WTNY's original Response confirmed the Response is none, as no such documents exist.

**REQUEST FOR PRODUCTION NO. 9**:  Please produce all records evidencing the existence of local congregations between 1960 and today, including an lists or databases evidencing the existence of location congregations.

**ORIGINAL RESPONSE**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  This request is also overbroad to the extent it is seeking information on congregations outside of Montana.  Subject to and without waiving this objection: None during the relevant time-period.  Discovery is ongoing, and WTNY will supplement its response if responsive documents are located.

**FIRST SUPPLEMENTAL RESPONSE:** Without waiving any previously asserted objections, WTNY has made a further inquiry and has located a list of congregations in Montana believed to be in existence during the relevant time-period. Some congregations may no longer be in existence. *See* documents bates numbered WTNY000211-000212. WTNY's original Answer to Interrogatory No. 16 also included a hyperlink listing current congregations in Montana.

**REQUEST FOR PRODUCTION NO. 10**:   Please produce a copy of each document identified in the answer to Interrogatory No. 13.

**ORIGINAL RESPONSE**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  Subject to and without waiving this objection: None.

**FIRST SUPPLEMENTAL RESPONSE:** Without waiving any previously asserted objections, WTNY's original Response confirmed the Response is none, as no such documents exist.

**REQUEST FOR PRODUCTION NO. 11**:   Please produce an unmodified copy of the document (i.e. without underlining and modifications to the original type) produced by Plaintiffs as Bates CAEKAERT/MAPLEY 001818-002081.

**ORIGINAL RESPONSE**:   *See* WTPA's document production bates numbered WTPA026371-026618.

**FIRST SUPPLEMENTAL RESPONSE:** Without waiving any previously asserted objections, responsive documents have previously been produced by WTPA as WTPA026371-026618.

**REQUEST FOR PRODUCTION NO. 12**:  Please produce an unmodified copy of the document (i.e. without underlining and modifications to the original type) produced by Plaintiffs as Bates CAEKAERT/MAPLEY 000484-000623.

**ORIGINAL RESPONSE**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  Subject to and without waiving this objection: *See* WTPA's document production bates numbered WTPA000001-000136.

**FIRST SUPPLEMENTAL RESPONSE:** Without waiving any previously asserted objections, responsive documents have previously been produced by WTPA as WTPA000001-000136.

**REQUEST FOR PRODUCTION NO. 13**:  Please produce a copy of every version of WTNY charter and all articles of amendment, including documents prepared under previous corporate names for this entity.

**ORIGINAL RESPONSE**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.   Subject to and without waiving this objection: *See* documents bates numbered WTNY000001-000013.

**FIRST SUPPLEMENTAL RESPONSE:** Without waiving any previously asserted objections, responsive documents have previously been produced as WTNY000001-000013.

**REQUEST FOR PRODUCTION NO. 14**:  Please produce a copy of every version of WTNY's bylaws.

**ORIGINAL RESPONSE**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.   Subject to and without waiving this objection: *See* documents attached hereto as bates numbered WTNY000084-000091.

**FIRST SUPPLEMENTAL RESPONSE:** Without waiving any previously asserted objections, responsive documents have previously been produced as WTNY000084-000091.

**REQUEST FOR PRODUCTION NO. 15**:  Please produce a copy of every version of WTNY's shareholder agreement.

**ORIGINAL RESPONSE**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.  Subject to and without waiving this objection: None.

**FIRST SUPPLEMENTAL RESPONSE:** Without waiving any previously asserted objections, WTNY's original Response confirmed the Response is none, as no such documents exist.

**REQUEST FOR PRODUCTION NO. 16:** Please produce a copy of meeting minutes for all meetings of WTNY directors from 1940 to 2005.

**ORIGINAL RESPONSE:** Objection. Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper. Further, this request is irrelevant, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections: *See* Response to Request for Production No. 6.

**FIRST SUPPLEMENTAL RESPONSE:** Without waiving any previously asserted objections, responsive documents have previously been produced as WTNY000014-000083. Such documents constitute "Confidential Information" as set forth in the Stipulated Protective Orders and are therefore subject to the terms of the Stipulated Protective Orders (Doc. 50-1 in the Caekaert matter and Doc. 40-1 in the Roland matter), which terms are incorporated herein by reference.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**: With the exception of any obvious underlining and modifications to the original type, please admit the authenticity of documents produced by Plaintiffs as Bates CAEKAERT/MAPLEY 2767-2770, 2735, 2780-2787, 2791-2793, 2796 and 3168.

**RESPONSE**: Objection. Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Admission is improper. WTNY further objects on the grounds that the Court has limited discovery to the topic of the relationship between WTNY and WTPA during the relevant time period. Subject to and without waiving these objections: As to CAEKAERT/MAPLEY 002767-002770, 002735, 002780-002781, 002796, WTNY has made a reasonable inquiry, and the information it knows or can readily obtain is insufficient to enable it to either admit nor deny this request to the extent the referenced documents originated with another entity. As to CAEKAERT/MAPLEY 002782-002787, WTNY admits. As to CAEKAERT/MAPLEY 002791-002793, 003168, WTNY stands on its objections as they are outside the relevant time-period.

**FIRST SUPPLEMENTAL RESPONSE:** Without waiving any previously asserted objections, WTNY previously responded as to CAEKAERT/MAPLEY 002767-002770, 002735, 002780-002781, and 002796 that it has made a reasonable inquiry, and the information it knows or can readily obtain is insufficient to enable it to either admit or deny Request for Admission No. 1 to the extent the referenced documents originated with another entity; WTNY admitted Request for Admission No. 1 as to CAEKAERT/MAPLEY 002782-002787; and WTNY stands on its objections as to CAEKAERT/MAPLEY 002791-002793 and 003168 as those documents are dated after 1992.

DATED this ____21st____ day of September, 2021.

By: _____

Guy W. Rogers / Jon A. Wilson /
Brett C. Jensen
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc., and Watch Tower Bible and*
*Tract Society of Pennsylvania*

## **VERIFICATION**

Thomas Jefferson, Jr., states that he has read the foregoing *(Defendant WTNY's Second Supplemental Responses to Plaintiffs' Second Set of Jurisdictional Discovery)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers.  Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

Thomas Jefferson, Jr.

Dated: ___9/17/2021___

## CERTIFICATE OF SERVICE

I hereby certify that, on September 21st, 2021, a copy of the foregoing

*(Defendant WTNY's Second Supplemental Responses to Plaintiffs' First Set of*

*Jurisdictional Discovery)* was served on the following person(s):

    1.    U.S. District Court, Billings Division

    2.    Robert L. Stepans
            Ryan R. Shaffer
            James C. Murnion
            MEYER, SHAFFER & STEPANS, PLLP
            430 Ryman Street
            Missoula, MT 59802

    3.    Bruce G. Mapley Sr.
            3905 Caylan Cove
            Birmingham, AL 35215

by the following means:

| | | |
|---|---|---|
| _____ CM/ECF | _____ Fax | |
| _____ Hand Delivery | __2__ E-Mail | |
| __2-3__ U.S. Mail | _____ Overnight Delivery Services | |

By: *Jon A. Wilson*
        Guy W. Rogers / Jon A. Wilson /
        Brett C. Jensen
        BROWN LAW FIRM, P.C.
        *Attorneys for Defendants Watchtower*
        *Bible and Tract Society of New York,*
        *Inc., and Watch Tower Bible and*
        *Tract Society of Pennsylvania*