

315 N. 24th Street | PO Drawer 849 | Billings, Montana 59103-0849
Phone: 406.248.2611 | Fax: 406.248.3128

Michael P. Heringer
Guy W. Rogers
Scott G. Gratton
Kelly J.C. Gallinger*
Jon A. Wilson
Seth A. Cunningham
Shane A. MacIntyre
Adam M. Shaw
Brett C. Jensen*
Nathan A. Burke
Alex J. Ames
Zachary A. Hixson
John R. Knisely

Of Counsel
Robert L. Sterup

Retired
Rockwood Brown
John Walker Ross
Margy Bonner
John J. Russell

*also licensed in
North Dakota

Jon A. Wilson
jwilson@brownfirm.com

Brett C. Jensen
bjensen@brownfirm.com

October 28, 2022

**VIA EMAIL and U.S. MAIL**
Robert L. Stepans / rob@mss-lawfirm.com
Ryan R. Shaffer / ryan@mss-lawfirm.com
James C. Murnion / james@mss-lawfirm.com
MEYER SHAFFER & STEPANS PLLP
430 Ryman Street
Missoula, MT 59802

Re:   *Tracy Caekaert and Camillia Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
USDC Billings Division 20-CV-52-SPW-TJC
File No. 78280.001

*Ariane Rowland and Jamie Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*
USDC Billings Division 20-CV-59-SPW-TJC
File No. 78280.002

Dear Ryan:

This letter responds to your meet and confer letter dated October 13, 2022, which addresses various discovery concerns. Also enclosed are the documents requested by James in his letters dated October 18 and 19, 2022.

**Diligent Search**

As an initial matter, it is not clear what responses Plaintiffs take issue with in regards to the diligent search requirement. If you have concerns about specific discovery requests, we may be able to answer your questions more concretely. As a general proposition, WTNY has repeatedly taken issue with the term "Jehovah's Witness Organization," as that is not an entity in existence. To the contrary, we have repeatedly explained WTNY is a corporation that facilitates the work of Jehovah's Witnesses in the United States.

Brown Law Firm, P.C.
October 28, 2022
Page 2 of 6

WTNY is not the Governing Body, it is not a committee of the Governing Body, it is not the Christian Congregation of Jehovah's Witnesses, and it is not the U.S. Branch Committee. WTNY does not control or have custody of records that belong third parties, and it has not searched the files of any such third parties.

WTNY does have control over all of its religious records, communications, documents, and forms involving the Hardin Congregation, the Plaintiffs, and the alleged perpetrators through 2001, to the extent any remain in existence. It also has control over all of its legal records, communications, documents, and forms involving the Hardin Congregation, the Plaintiffs, and the alleged perpetrators through the present, to the extent any remain in existence.

It is WTNY's understanding that it is the exclusive repository of these types of records in the United States for the relevant years. If any communications were directed to some other entity associated with Jehovah's Witnesses in New York, it is WTNY's understanding that the practice would have been for those communications to be forwarded to WTNY for handling.

### First Amendment, Establishment Clause, and Equal Protection Clause Objections/Clarify Documents Being Withheld Based on Objections

While we disagree with your contention that WTNY's objections lack merit, the issue is irrelevant because WTNY has withheld no documents on the basis of the First Amendment or Equal Protection Clause. Rather, all responsive documents in WTNY's custody or control have either been produced or are listed on WTNY's privilege log pursuant to different objections.

### Privilege Log

Your statements regarding the privilege log add nothing to our previous discussions and, in fact, do not meet Plaintiffs burden to confer in good faith as required by Fed. R. Civ. P. 37(a). Plaintiffs have already filed a motion to compel regarding the application of clergy-penitent privilege to certain documents in WTNY's privilege log, and that issue is fully briefed and pending before the Court. If you take issue with other specific entries in the log, please advise. WTNY will not and cannot be expected to respond to Plaintiffs' positions in the abstract.

### Interrogatory No. 8 (Caekaert/Rowland) and Request for Production No. 10 (Caekaert) and No. 9 (Rowland)

Your repeated misunderstanding of the Court's Order is concerning. The Court specifically ruled that "Document 1 is privileged under Montana's clergy-penitent privilege and **need not be produced.**" *See* Doc. 84, p. 4 (emphasis added). Contrary to what is stated in your letter, the Court did not rule that the document should be produced with the confession redacted. Rather, the Court, after reviewing the document in camera, found that the entirety of the document should be withheld because it was protected under the clergy-penitent privilege. This is the law

Brown Law Firm, P.C.
October 28, 2022
Page 3 of 6

of the case, and the information sought in Interrogatory No. 8 (Caekaert/Rowland) and Request for Production No. 10 (Caekaert) and No. 9 (Rowland) is a blatant attempt to undermine not only what has been ruled on by this Court, but also the Montana Supreme Court in *Nunez v. Watchtower Bible and Tract Society of New York, Inc.*, 2020 MT 3, 398 Mont. 261, 455 P.3d 829. Additionally, our objections that the requests are overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, are indeed valid objections. Your requests also violate third-party privacy rights. For example, Request for Production No. 10 (Caekaert) 9 (Rowland), seeks documents created in response to a letter sent in 1997, long after the alleged abuse of your clients ceased. Further, you seek not just information involving your clients, the alleged perpetrators of your clients, and the Hardin Congregation, but allegations of abuse against any person involving any alleged victim, and any congregation in the State of Montana. WTNY does not understand how documents created after the relevant time period involving non-parties are in any way relevant to your clients' claims.

**Interrogatory No. 11 (Caekaert) and No. 10 (Rowland)**

The document bates numbered WTNY000764-765 was provided by the client but simply overlooked in the first production. While forms of this type were routinely discarded in the ordinary course, this particular form was apparently missed during the exercise of retention and therefore preserved. Since it identifies a circuit overseer, WTNY supplemented Interrogatory No. 11 (Caekaert) and No 10 (Rowland) to name Joseph Polakowski as a circuit overseer. WTNY has been unable to locate any other such documents.

**Interrogatory No. 14 (Caekaert) and No. 13 (Rowland)**

As an initial matter, these Interrogatories were limited to the time period of 1973-1992, and WTNY answered the Interrogatories as drafted by you. Your efforts to now expand the scope of Interrogatories by seeking information about "what happened to the documents once placed in the secure filing cabinet" "where the documents are now" "whether they were scanned into a system" and "whether the hard copies were thrown away" are improper and do not comply with the Rules of Civil Procedure. However, in the spirit of good faith, we provide the following additional information. The documents referenced in Response to Interrogatory No. 14 (Caekaert) and No. 13 (Rowland) remained in the secure filing cabinet in the Service Department (if there was a religious need to keep the documents, otherwise they were discarded in the ordinary course) until the 2000s. Over the next decade or so, hard-copy documents still in existence were scanned and converted into pdf. Once a document was scanned and converted into pdf, the hard copy was discarded. Access to the documents (in any form) was and has always been limited to elders in the Service Department who had a religious need to know. Later in the 2010s, in response to litigation holds, WTNY's Legal Department took possession of the pdf documents. Those documents remain in the possession of WTNY's Legal Department and are only accessible by Legal Department staff in connection with litigation.

Brown Law Firm, P.C.
October 28, 2022
Page 4 of 6

### Interrogatory No. 15 (Caekaert) and No. 14 (Rowland)

WTNY had no records custodian during the relevant time period. Other than corporate records that were maintained by the corporate secretary, individuals caring for non-corporate matters had wide latitude to maintain or discard documents as they saw fit in the ordinary course. WTNY does not and has never had a list of individuals who were involved in that process during the relevant time period. The Rule 30(b)(6) deponent will be prepared to address questions regarding records management during the relevant time.

### Request for Production No.'s 14-17 (Caekaert) and No.'s 12-15 (Rowland)

No documents were produced in response to RFP 10. All responsive documents are logged and privileged pursuant to the rationale in Judge Watters' order. It is unknown whether these documents were delivered in blue envelopes, as the envelopes have long been discarded. As we have previously explained, the blue envelopes were simply a mail sorting device, and had no further significance.

### Request for Production No. 28 (Caekaert) and 26 (Rowland)

WTNY responded to these Requests for Production by stating it has "been unable to locate any drafts of or internal communications regarding the letter." To the extent its response requires clarification, WTNY has no responsive documents.

### Request for Production No. 31 (Caekaert) and No. 29 (Rowland)

The Shepherding Textbook and the Kingdom Ministry School Course are not the same documents; however, WTNY provided all books/booklets specifically used by elders during the relevant time period in response to these Requests for Production.

### Request for Production No. 33 (Caekaert) and No. 31 (Rowland)

WTNY cannot say for certain whether the supplemental letter was ever in its possession because it does not have the document now. If WTNY received the supplemental letter, it was discarded in the ordinary course.

### Interrogatories No. 17-18 (Caekaert) and No. 16-17 (Rowland)

Prior to July 1, 1989, WTNY provided no specific direction in regards to the reporting of child sexual abuse. It is possible that an S77 report, which applies to a wide range of potential wrongdoing, or a circuit overseer's report could have been submitted to WTNY during this time period. No such reports were submitted to WTNY pre-July 1989 regarding Plaintiffs or any of

Brown Law Firm, P.C.
October 28, 2022
Page 5 of 6

the accused perpetrators. Post-July 1, 1989, local elders were directed to contact WTNY's Legal Department.

### Request for Production No. 41 (Caekaert) and No. 39 (Rowland)

As explained in the response, WTNY has no such policies or procedures. All responsive documents for which the clergy-penitent privilege has been asserted are on the privilege log.

### Request for Production No. 43 (Caekaert) and No. 41 (Rowland)

Request for Production No. 43 is not an Interrogatory. The documents provided explain how elders provide confidential religious guidance. No further definition is required. To WTNY's knowledge, all responsive communications for which a religious privilege has been asserted have only been shared amongst elders with a specific religious need to know and legal counsel.

### Request for Production No. 46 (Caekaert) and No. 44 (Rowland)

WTNY has no knowledge of a "Service Department Manual" or similarly titled document in existence at any time during the relevant time period.

### Request for Production No. 52-53 (Caekaert) and No. 50-51 (Rowland)

WTNY has either produced or listed on its privilege log every now-existing document/record/form that was in the Hardin Congregation file through 2001. After a diligent search, WTNY has no other documents.

### Request for Production No. 54 (Caekaert) and No. 52 (Rowland)

WTNY cannot say for certain whether the supplemental letter was ever in its possession because it does not have the document now. If WTNY received the supplemental letter, it was discarded in the ordinary course.

Thank you for your attention to this matter, and please feel free to contact us with any additional questions or concerns.

Sincerely,

*[signature]*

Jon A. Wilson
Brett C. Jensen

Brown Law Firm, P.C.
October 28, 2022
Page 6 of 6

BCJ
Enclosures

cc:    Joel M. Taylor (via e-mail with enclosures)
       Gerry P. Fagan / Christopher T. Sweeney / Jordan W. FitzGerald (via e-mail with enclosures)