

**Meyer, Shaffer & Stepans, PLLP**

Ryan Shaffer | ryan@mss-lawfirm.com
Robert L. Stepans | rob@mss-lawfirm.com
James Murnion | james@mss-lawfirm.com
Katy Gannon | katy@mss-lawfirm.com

November 4, 2022

**Via Email and U.S. Mail**

Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
P.O. Drawer 849
Billings, MT 59103
jwilson@brownfirm.com
bjensen@brownfirm.com

Joel M. Taylor, Esq. *pro hac vice*
Miller McNamara & Taylor LLP
100 South Bedford Road, Suite 340
Mount Kisco, NY 10549
jtaylor@mmt-law.com

   Re: *Caekaert & Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
     *Rowland & Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*

Counsel,

  I'm writing regarding WTNY's letter dated October 28, 2022 in response to our meet and confer letter dated October 13, 2022 addressing our discovery concerns. We are familiar with the obligation to confer in good faith to avoid needless discovery motions. Our experience in this case has been that WTNY would prefer to spend months on end trading letters that repeat its position, without actually offering any sort of meaningful concession to resolve a dispute without presenting it to the Court. We don't think that is actually good faith conferring.

  Alternatively, if WTNY wishes to come forward with a specific proposal or concession that would assist in resolving any of the disputes identified below, now is the time to do so. By way of example, when Defendants were insistent that Ariane Rowland's general health records were discoverable, and we were insistent that they were not because her general health is not at issue in this case and those records are protected from production under Montana's heightened privacy interests, we made a concession that permitted you to come to our office and view those records. We then produced the records you asserted were discoverable and retained the rest. In our view, that is the sort of good faith conduct that helps resolve a discovery dispute, and we have yet to see WTNY propose any such concession in this case.

**Failure to Describe Diligent Search:**

We referred you to the Court's prior order in this case, where Judge Watters noted that representations about "diligent searches" are to be accompanied by a description of the search

November 4, 2022
Page 2

that permits an independent evaluation.[1] Your discovery responses that assert you conducted a "diligent search" do not comply with this requirement, and you failed to address this concern from our letter. We believe that this issue is now ready for the Court to resolve.

**Possession/ Custody/ Control:**

We disagree about what constitutes possession, custody, or control under FRCP 34. But separately, we understand your letter to say that WTNY is the exclusive repository of certain categories of documents. However, it is not clear that all information and documents requested by Plaintiffs would fall within those categories. WTNY's refusal to provide any detail about the extent of its "diligent searches," combined with its narrow view of "possession, custody, and control" under FRCP 34 makes it is impossible for Plaintiffs to evaluate whether all discoverable information and documents have been searched for, located and produced. We believe that this issue is now ready for the Court to resolve.

**Privilege Log:**

WTNY has failed to provide sufficient information to establish that the privileges asserted are appropriate for any of the content in the withheld documents, let alone all of the content in those documents. Over six months ago we asked for specific information needed to assess the validity of WTNY's broad claims of testimonial privilege. While some of this information was addressed in a letter from Jon Wilson, some of the information was not provided. Moreover, none of the information was added to WTNY's privilege log.

We intend to challenge all of the entries on the privilege log. Our position remains that you have not provided information sufficient to establish that actual privileges exist for each and every word, of each and ever document, in its entirety. For example, with regard to claims of attorney client privilege, we don't believe that the privilege log even establishes the basic threshold of establishing that an attorney-client relationship exists between WTNY's corporate legal department and people who call it to report child sex abuse. Even if it does, that privilege would only protect legal advice that was communicated, it would not cover facts that were disclosed about events in Hardin. As it pertains to clergy-penitent privilege, it is obvious that we disagree about the law and the scope of the asserted privilege. Ultimately, our concerns about the privilege log are global and significant enough to make it clear that we have fundamental disagreement about the asserted privileges that will need to be resolved by the Court.

If you have a specific proposal to resolve this dispute, such as establishing conditions by which Plaintiffs' counsel may inspect portions of the documents that do not include legal advice or a confession, then we would like to hear it. If you do not have such a proposal that would assist in

---

[1] WTNY claims it conducted a diligent search in 18 different discovery responses. Plaintiffs have directed you to the Court's order which describes, in detail, WTNY's obligation regarding such responses. We assume that WTNY's counsel is well aware of these requirements under the Federal Rules of Civil Procedure, and we don't consider having to repeatedly point you to clear rules and court orders as being a part of good faith conferral. Nevertheless, we have done so because you have indicated that you do not understand those rules and court orders.

November 4, 2022
Page 3

resolving this dispute, then we believe this matter is ready to be presented to the Court for resolution.

### Interrogatory No. 8 (Caekaert/ Rowland) and RFP No. 10(Caekaert) and RFP No. 9 (Rowland):

We continue to disagree with you broadly applying the Court's ruling regarding one letter to any other letters that are responsive to these requests.

### Interrogatory No. 11 (Caekaert) and No. 10 (Rowland):

It is concerning that your response to this only identifies 2 pages of the documents that were produced as a supplementation. Were the additional documents that were produced also overlooked?

### Interrogatory No. 15 (Caekaert) and No. 14 (Rowland):

It appears we still disagree regarding this issue.

### Request for Production No. 14-17 (Caekaert) and No. 12-15 (Rowland):

This answer is non-responsive.

### Request for Production No. 31 (Caekaert) and No. 29 (Rowland):

This answer is non-responsive.

### Request for Production No. 31 (Caekaert) and No. 29 (Rowland):

It is clear from this response that we are not in agreement with your position on "control and custody".

If you have a specific proposal to resolve any of our concerns expressed herein, now is the time to communicate such. Otherwise, it appears that we have reached the end of anything resembling a good faith conferral process.

Sincerely,

MEYER, SHAFFER & STEPANS, PLLP

Ryan R. Shaffer