# BROWN LAW FIRM, PC

315 N. 24th Street | PO Drawer 849 | Billings, Montana 59103-0849
Phone: 406.248.2611 | Fax: 406.248.3128

Michael P. Heringer
Guy W. Rogers
Scott G. Gratton
Kelly J.C. Gallinger*
Jon A. Wilson
Seth A. Cunningham
Shane A. MacIntyre
Adam M. Shaw
Brett C. Jensen*
Nathan A. Burke
Alex J. Ames
Zachary A. Hixson
John R. Knisely

Of Counsel
Robert L. Sterup

Retired
Rockwood Brown
John Walker Ross
Margy Bonner
John J. Russell

*also licensed in
North Dakota

Jon A. Wilson
jwilson@brownfirm.com

Brett C. Jensen
bjensen@brownfirm.com

November 11, 2022

**VIA EMAIL and U.S. MAIL**
Robert L. Stepans / rob@mss-lawfirm.com
Ryan R. Shaffer / ryan@mss-lawfirm.com
James C. Murnion / james@mss-lawfirm.com
MEYER SHAFFER & STEPANS PLLP
430 Ryman Street
Missoula, MT 59802

Re:   *Tracy Caekaert and Camillia Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
      USDC Billings Division 20-CV-52-SPW-TJC
      File No. 78280.001

      *Ariane Rowland and Jamie Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*
      USDC Billings Division 20-CV-59-SPW-TJC
      File No. 78280.002

Dear Ryan:

We are writing in response to your letter dated November 4, 2022, and we agree that some discovery issues are likely ripe for assistance from the Court.

First among them is your repeated insertion of attorney answers to interrogatories that were posed to your clients. WTNY is entitled to know what your clients know, not what you as their attorney hope to prove at trial. Consider the following:

Brown Law Firm, P.C.
November 11, 2022
Page 2 of 6

In Response to WTNY's Second Set of Combined Discovery Demands, you produced responses on behalf of Tracy Caekaert dated September 16, 2022[1]. Therein, you responded to the following Request for Admission No. 1:

> **REQUEST FOR ADMISSION NO. 1:** Please admit that you are not aware of any facts to establish that Martin Svensen, Bruce Mapley, Sr., or Gunnar Hain were agents of WTNY as alleged in Paragraph No. 44 of your First Amended Complaint and Jury Demand (hereinafter "First Amended Complaint").
>
> **RESPONSE:** Deny

Rather than producing a certification page signed by Plaintiff Caekaert, you as counsel signed a "Certificate of Objections and Answers to Contention Interrogatories Answered By Counsel" Further, in the same set of responses, answer to Interrogatory No. 10, once again fails to provide an answer from Plaintiff but contains the phrase: "Plaintiff's counsel answers this Interrogatory as follows..."

As we have repeatedly explained, our client is entitled to know what **your clients know**.[2] Your pattern of inserting your own answers to Interrogatories and Requests for Admissions is improper, out of harmony with the Federal Rules of Civil Procedure, and appears as nothing more than a transparent attempt to prejudice and stonewall our client. If Plaintiffs lack personal knowledge and instead intend to prove their claims through other competent evidence, that is fine. It is not acceptable to obscure Plaintiffs' lack of personal knowledge through repeated baseless testimonial objections. If you are so intent on testifying in this matter, we will happily notice your discovery deposition.

Second, at the deposition of Ariane Rowland, it became evident that your previous assertions of privilege in connection with interview notes were wholly improper. In particular, your investigator interviewed Ms. Rowland for the purpose of bolstering the *Caekaert/Mapley* case, yet there has been no production or listing on a log of that communication. Your belated suggestion that Ms. Rowland was a prospective client only underscores the extent to which you have gone to avoid producing clearly non-privileged and relevant information.

---

[1] While we provide the responses of Tracy Caekaert as a sample, the same deficiencies exist in the corresponding responses and answers of Plaintiffs Camillia Mapley, Ariane Rowland, and Jamie Schulze.

[2] In response to WTNY's First Set of Discovery Demands, you Answered Interrogatory No. 7 with the phrase: "Plaintiff's counsel can state..." and then went on to provide an answer. We addressed this discovery response deficiency in our letter dated June 29, 2022. While you responded in your letter dated July 12, 2022, and admitted that Plaintiffs themselves are not aware of any facts responsive to Interrogatory No. 7, to date, some four months later, my client is still not in possession of certified amended answers removing Plaintiffs' counsel's improper answer and clarifying that Plaintiffs themselves are not in possession of responsive information.

Brown Law Firm, P.C.
November 11, 2022
Page 3 of 6

Third, Ms. Rowland seemed to indicate that she may have records related to the legal cases involving David Means. This calls into serious question whether your clients have conducted any search for any records WTNY has requested in this case. Please describe the diligent search your clients conducted in response to WTNY's requests for production, specifically, RFP Nos. 1, 9, 10 (for all Plaintiffs) and 24 (Rowland/Schulze). We will now turn to the substance of your November 4th letter.

**Diligent Search/Possession, Custody, or Control**

Turning first to your concerns regarding the 18 references to a diligent search in response to Plaintiffs' various Requests for Production, please see as follows:

> RFPs 18, 19, 33, 34, 51, 52, 53, 54. WTNY did a manual search of every now existing record from, to, or about the Hardin Congregation through 2001 and stands on its response (and any supplemental response in our letter dated October 28, 2022).
>
> RFPs 21, 32. WTNY did a keyword search of every now existing record through 2001 based on the names in the RFP and stands on its response (and any supplemental response in our dated October 28, 2022).
>
> RFP 26. WTNY did a manual search for the specific S-22 referenced in the RFP and stands on its response (and any supplemental response in our letter dated October 28, 2022).
>
> RFP 28. WTNY did not maintain communications of any type or drafts of the letter referenced in the RFP other than the letter itself and therefore stands on its response (and any supplemental response in our letter dated October 28, 2022).
>
> RFPs 35, 36. WTNY was not the author or copyright owner of the article referenced in the RFP and has never had any such documents. WTNY stands on its response and refers Plaintiffs to WTPA's response to a similarly worded RFP.
>
> RFP 44. WTNY stands on its response. WTNY believes no such document ever existed prior to 2001 and no document bearing the date in the RFP exists.
>
> RFPs 45, 47. WTNY stands on its response. WTNY believes no responsive document ever existed.
>
> RFP 46. WTNY stands on its supplemental response (and any supplemental response in our letter dated October 28, 2022).

Brown Law Firm, P.C.
November 11, 2022
Page 4 of 6

As to your comments about possession/custody/control, we have no understanding of what you believe you are missing. If WTNY does not have a document from its legal files (1970-present) or its religious records (1970-2001), it is because the document: (i) never existed, (ii) was discarded in the ordinary course, (iii) or was produced by co-defendant WTPA. If you have a specific RFP issue that has not been resolved by this paragraph or the preceding diligent search discussion, we can address the same over the phone.

**Privilege Log**

As to your privilege log concerns, WTNY supplemented the privilege log by letter dated May 2, 2022.[3] That letter addressed all the questions Plaintiffs raised about the attorney/client entries on the log. We are unaware of any other questions. The attorney/client communications on the log involved (1) a communication by a congregation elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. *See Moe v. System Transp., Inc.*, 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court*, 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26–1–803). Your current letter suggests that facts are discoverable, and we agree, just not from this source. Plaintiffs are free to use whatever discovery tools they wish to obtain any underlying facts from non-privileged sources; what Plaintiffs cannot do is invade the attorney-client privilege to obtain them.

By way of example, your clients have communicated with you in your professional capacity as an attorney—they likely have described many facts relating to their claims. We are free to explore with them what facts they know, but we are not permitted to ask them what they told you or to ask you what facts they disclosed, because those communications are protected. Notably, you vehemently objected to questioning about the false and disappearing allegations against Jim Warnock, and you instructed your client Ariane Rowland not to answer. If those communications are now discoverable to obtain facts, like who decided to include Mr. Warnock in the original complaint and who decided to remove him later are discoverable, are you agreeing to have Ms. Rowland's deposition re-noticed to get those facts?

Also, while we are on the topic, we wonder if now is an appropriate time to address your clients' privilege log deficiencies. The logs do not contain anywhere near the information WTNY's privilege log contains. The logs do not contain dates of the purported communications, they do not contain the name(s) of the attorney(s) involved, they do not contain the format of the communications, and the general descriptions are not nearly as robust as WTNY's. This pattern of practice is particularly alarming in light of Plaintiffs' repeated practice of attaching surprise

---

[3] Your letter suggests that the information provided by letter needs to be added to the privilege log, we are unaware of any such obligation. The log combined with the letter is sufficient.

Brown Law Firm, P.C.
November 11, 2022
Page 5 of 6

exhibits to court filings, particularly to their motions to compel, that were never produced in discovery or identified on a privilege log. *See* i.e. Docs. 170-3-5 (Caekaert/Mapley) for the most recent examples. Can we expect a supplemental privilege log within 10 days of the date of this letter?

Now moving on to address specific interrogatories.

**Interrogatory No. 8 (Caekaert/Rowland) and FRP No. 10 (Caekaert) and RFP No. 9 (Rowland)**

WTNY stands on its response in our October 28, 2022, letter.

**Interrogatory No. 11 (Caekaert) and No. 10 (Rowland)**

The two pages (WTNY000764-765) were the only ones related to the discovery requests regarding circuit overseer names. Some of the remaining pages (WTNY000766-776) produced were provided by WTNY but simply misfiled in the attorney file. The remaining pages produced (WTNY000762-763) related to Mr. Mapley's wife (who was never the subject of any discovery demand), but because she is referred to as "Mrs. **Bruce Mapley**" WTNY supplemented its production out of an abundance of openness.

**Interrogatory No. 15 (Caekaert) and No. 14 (Rowland)**

WTNY stands on its answer and its response in our October 28, 2022, letter.

**Request for Production No. 14-17 (Caekaert) and No. 12-15 (Rowland)**

WTNY stands on its response and its supplement in our October 28, 2022, letter.

**Request for Production No. 31 (Caekaert) and No. 29 (Rowland)**

WTNY stands on its response and its supplement in our October 28, 2022, letter.

**Request for Production No. 33 (Caekaert) and No. 31 (Rowland) (misidentified by you as Nos. 31 and 29)**

We assume you misidentified the specific RFDs to which you lodge a concern. WTNY stands on its response and its supplement in our October 28, 2022, letter.

Brown Law Firm, P.C.
November 11, 2022
Page 6 of 6

In light of these matters, please provide us with a substantive response in regards to our noted discovery deficiencies within the next 10 days.

Sincerely,

*Jon A. Wilson* (signature)

Jon A. Wilson
Brett C. Jensen

JAW / BCJ

cc: Joel M. Taylor (via e-mail)
    Gerry P. Fagan / Christopher T. Sweeney / Jordan W. FitzGerald (via e-mail)