Gerry P. Fagan
Christopher T. Sweeney
Jordan W. FitzGerald
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559
Gerry.Fagan@moultonbellingham.com
Christopher.Sweeney@moultonbellingham.com
Jordan.FitzGerald@moultonbellingham.com

*Attorneys for Defendant Watch Tower Bible and Tract Society of Pennsylvania*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> -vs- <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br><br> Defendants. | Case No. CV-20-00052-SPW-TJC <br><br> **DEFENDANT WTPA'S RESPONSE BRIEF TO PLAINTIFFS' MOTION FOR SANCTIONS RE: WTNY'S NON-COMPLIANCE WITH COURT ORDER (ECF NO. 85)** |

Pursuant to leave of Court (doc. no. 292) granted to Defendant Watch Tower Bible and Tract Society of Pennsylvania ("WTPA"), WTPA respectfully provides the following Response to Plaintiffs' Motion for Sanctions Re: WTNY's Non-Compliance with Court Order (ECF No. 85), filed on November 6, 2023. (Doc. No.

287) WTPA responds in order to address the remedies specifically requested by Plaintiffs in their "Brief in Support of Their Motions for Sanctions Re: WTNY's Non-Compliance With Court Order (ECF No. 85)." (*See* doc. no. 288) WTPA does not herein set forth a position on the merits of Plaintiffs' Motion because the merits do not involve WTPA.

Plaintiffs seek sanctions against Defendant Watch Tower Bible and Tract Society of New York ("WTNY") for alleged violations of an Order that this Court issued more than two years ago. The Court's Order that Plaintiffs made the subject of their Motion for Sanctions had granted a Motion to Compel on August 24, 2021. (*See* Order at doc. no 85)

Plaintiffs argued in their Motion for Sanctions that they request "sanctions against Defendant Watch Tower Bible and Tract Society of New York, Inc. ("WTNY") for its willful violation of the Court's Order, ECF No. 85." (Doc. no. 287, pp. 1-2) Plaintiffs specified in their Brief in Support of Their Motion for Sanctions the remedies they seek against WTNY. Plaintiffs seek four separate sanctions:

- An order prohibiting WTNY from defending against Plaintiffs' claims by introducing evidence or arguing that the acts, omissions, knowledge, policies, and conduct of WTNY, WTPA, the Branch Office, the Governing Body, and local congregations are not attributable to WTNY. Fed. R. Civ. P. 37(b)(2)(A)(ii).

- An order prohibiting WTNY from defending against Plaintiffs' claims by introducing evidence or arguing asserting that the acts, omissions,

2

- knowledge, policies, and conduct of the Governing Body are distinct from the acts, knowledge, policies, and conduct of the WTNY. Fed. R. Civ. P. 37(b)(2)(A)(ii), (iii).

- Striking all WTNY Affirmative Defenses that rely on the assertion that WTNY is not responsible for the acts and conduct of other Jehovah's Witnesses entities, including the Governing Body, WTPA, the U.S. Branch Office, and the Hardin Congregation. Fed. R. Civ. P. 37(b)(2)(A)(iii).

- A ruling that WTNY, WTPA, the U.S. Branch Office, the Governing Body, and local congregations are all alter egos of each other and are (1) vicariously liable for each other's actions during the time period at issue in this case; and (2) notice of the child sexual abuse occurring in Hardin to one of these entities constituted notice to all. Fed. R. Civ. P. 37(b)(2)(A)(i).

(Doc. no. 288, pp. 16-17) Although Plaintiffs' Motion for Sanctions is not directed at WTPA, nor addressed WTPA's alleged conduct, three of their demanded sanctions - sanctions number 1, 3, and 4 - undisputedly addressed WTPA and would significantly impact WTPA if they are granted.

For example, Plaintiffs requested as sanction number 4 a ruling that WTNY, WTPA, the US Branch Office, the Governing Body, and local congregations "are all alter egos of each other" and are "vicariously liable for each other's actions." (*Id.*, p. 17) This sanction would obviously and drastically impact WTPA even though it is not a party to Plaintiffs' Motion for Sanctions. Whether WTPA is an "alter ego" of WTNY, and/or "vicariously liable" for WTNY's conduct, is of critical importance to Plaintiffs' ability to hold WTPA liable in this case. This sanction, if granted, would clearly have a dispositive impact on WTPA. Similarly, Sanctions Number 1

3

and 3 also seek to at the very least restrict – if not eliminate – WTPA's ability to contend that it is not liable for conduct of other parties, including WTNY.

However, as a matter of law, Plaintiffs clearly cannot impose sanctions upon WTPA as a non-party to Plaintiffs' Motion or for conduct which WTNY allegedly did. "Rule 37 provides generally for sanctions against parties or persons unjustifiably resisting discovery." *See* Fed. R. Civ. P. 37, Notes of Advisory Committee on 1970 amendments. "The court's imposition and selection of sanctions pursuant to Rule 37(b) must be consistent with due process requirements." *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 783 (9th Cir. 1983) (citations omitted). Sanctions issued arbitrarily and in violation of due process rights will render judgment void. *See Brown v. McCormick*, 608 F.2d 410, 414 (10th Cir. 1979) (citation omitted).

A respected treatise on Federal Civil Procedure notes that "[t]wo things are required as conditions precedent before the gears of the sanction machinery of Rule 37(b) may be engaged: (1) a court order or direction must be in effect, and (2) that order or direction must be violated." *See* 7 Moore's Federal Practice - Civil § 37.42(1) (footnotes omitted); *see also Yukos Capital S.A.R.L. v. Feldman*, 977 F.3d 216, 234-35 (2d Cir. 2020).

The treatise further recognizes that the "court order or direction must be directed at the party against whom the sanctions are sought to be imposed." *Id.*

(*citing Daval Steel Prods., Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991)). The treatise cited as an example a Second Circuit Court of Appeals decision which held that sanctions could not be imposed on a Turkish corporation when the order compelling discovery was directed only to its codefendant. *Id.* "Because there was no prior court order directed at the Turkish corporation, it could not be sanctioned for noncompliance." *Id.*

More importantly, "one party to litigation will not be subjected to sanctions [for failure to cooperate in discovery] because of the failure of another to comply with discovery, absent a showing that the other party controlled the actions of the non-complying party." *See Letelier v. Republic of Chile*, 748 F.2d 790, 795 n.2 (2d Cir. 1984) (*citing* 4A J. Moore, Moore's Federal Practice para. 37.05 at 37-106, 107 (2d ed. 1984)) (emphasis added); *see also Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 606 (6th Cir. 1985); *Ill. C. R. Co. v. Templar*, 463 F.2d 972, 975 (10th Cir. 1972).

In short, there is no authority to allow the Court to impose sanctions upon WTPA. WTPA is not a party to Plaintiffs' Motion for Sanctions. Plaintiffs' arguments about the alleged violations of the Court's Order are directed only at WTNY. Plaintiffs' requested Sanctions numbers 1, 3 and 4 should not be imposed because they impact WTPA.

**DATED** this 27th day of November, 2023.

                MOULTON BELLINGHAM PC

                By   */s/* Gerry Fagan
                      GERRY P. FAGAN
                      CHRISTOPHER T. SWEENEY
                      JORDAN W. FITZGERALD
                      27 North 27th Street, Suite 1900
                      P.O. Box 2559
                      Billings, Montana 59103-2559

                      *Attorneys for Watch Tower Bible and Tract Society of Pennsylvania*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(d)(2)(E), I certify that this brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double-spaced, with left, right, top, and bottom margins of one inch; and that the word count calculated by Microsoft Word is 1,050 words, excluding the Table of Contents, Table of Authorities, Certificate of Compliance, and Certificate of Service.

By */s/*  Gerry Fagan
Gerry Fagan

## CERTIFICATE OF SERVICE

I hereby certify that on 27th day of November, 2023, a copy of the foregoing was served on the following persons:

1. U.S. District Court, Billings Division

2. Robert L. Stepans  
Ryan R. Shaffer  
James C. Murnion  
MEYER, SHAFFER & STEPANS, PLLP  
430 Ryman Street  
Missoula, MT 59802  
*Attorneys for Plaintiffs*

    Matthew L. Merrill (*pro hac vice*)  
MERRILL LAW, LLC  
1863 Wazee Street, #3A  
Denver, CO 80202

3. Jon A. Wilson  
Brett C. Jensen  
BROWN LAW FIRM, P.C.  
315 North 24th Street  
P.O. Drawer 849  
Billings, MT 59103-0849  
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

    Joel M. Taylor, Esq. (*pro hac vice*)  
MILLER MCNAMARA & TAYLOR LLP  
100 South Bedford Road, Suite 340  
Mount Kisco, NY 10549

4. Bruce G. Mapley, Sr.  
3905 Caylan Cove  
Birmingham, AL 35215  
*Pro se*

By the following means:

| | | | |
|---|---|---|---|
| 1, 2, 3 | CM/ECF | _____ | Fax |
| _____ | Hand Delivery | _____ | E-Mail |
| 4 | U.S. Mail | _____ | Overnight Delivery Services |

By   */s/* Gerry Fagan  
     [Atty Name]