MONTANA LEGISLATIVE HISTORY

Chapter __292__  19 _93_

Bill H _____  S __408__  Original bill & history ____C

H. Committee on _Public Health Welfare & Safety_   S. Committee on _Public Health Welfare & Safety_

Hearing Date(s) _Feb 22_ ✓ C    Hearing Date(s) _Feb 02_ ✓ C

_____ ____C    _____ ____C

_____ ____C    _____ ____C

_____ ____C    _____ ____C

Date Out   _Feb 22_ ✓ C         _Feb 02_ ✓ C

Did this bill originate in an interim committee?  ____Yes  ____No

Committee _____   Report _____

**Exhibit A**

SENATE COMMITTEE ON PUBLIC HEALTH, WELFARE & SAFETY

<u>Minutes</u>                                        February 2, 1973

The Public Health, Welfare and Safety Committee meeting was called to order by Chairman Elmer Flynn on February 2, 1973, at 10:00 a.m., in Room 415 of the State Capitol Building.

Roll Call found all members in attendance.

Chairman Flynn first called for discussion on Senate Bill 141 and Senator Vainio, as chief sponsor, first spoke on the bill. He explained it briefly, and quoted the following figures, stating that there has been only one increase in welfare since 1959:

|                       | Received in 1967 | Receives Now |
|-----------------------|------------------|--------------|
| One Adult             | $110.00          | $116.00      |
| Two Adults            | 173.00           | 185.00       |
| Two Adults, 2 Children| 243.00           | 243.00       |
| One Adult   2 Children| 187.00           | 193.00       |

Senator Vainio introduced other proponents of the bill, and testimony was heard from the following: Steve Coldiron of Just Us, Inc.; Mary Tevebaugh, Missoula; Bonnie Reichart, Helena; Peggy Curry, Missoula; Hazel Roberts, Missoula; Annabelle Johnson of Butte; Josie Acebedo of Butte; also Harley Evanson of Great Falls. He introduced Betty Curran, Kathy Evanson, Nora Dyson, all of Great Falls.

Senator Vainio also introduced Steve McAskill of Lewis & Clark County Welfare Department; Feral Wagner, OutReach Worker from Wolf Point; Paul S. Capino, Missoula; Frieda Sandau, Missoula; John Higgins of Helena. R. Neil Sanders, Dept. of Social & Rehabilitations Service also spoke, using the Fiscal Note of SB141 as the basis for his information.

Chairman Flynn asked for other proponents of the bill and testifiers included also Margaret Selway and Pamela McBride, both of Missoula; there were no opponents present to testify against the bill. Chairman Flynn thanked those who appeared on behalf of the bill, and moved the discussion to SB408.

Senator McDonald, chief sponsor of this bill introduced James Pippard of the 4 C's who spoke on the bill. He said the bill is a result of a meeting held last summer attended by a group of legislators and physicians, and that this bill was the result of their experiences with child neglect cases. Vince Matule, Dept of S.R.S. explained the bill and said he thought this law would better protect the children. Proponents also stated the new law would make reporting of child neglect cases easier. Frank R. Sennett, Dept of S.R.S. also spoke as a proponent of the bill, as did Norma Cutone of S.R.S. It was brought out that the S.R.S. can handle this legislation without any additional staff.

Chairman Flynn asked for opponents of the bill and there were none present to testify.

Senator Bollinger then explained briefly SJR 34 saying he felt

that a study should be made in Montana to look into the health maintenance organizations, and this resolution would call for such a study. Another proponent of the SJR 34 was Paul S. Carpenter of the Missoula-Mineral Co. Human Resources, and Bill Ikerd of the Department of S.R.S.

Jerry Willis and Ken Rohyons of the Association for Retarded Children, addressed the committee on HJR11, explained it briefly and asked for the committee's support when the bill comes before the body.

Chairman Flynn then called for voting on the previously heard bills, and Senator Bollinger moved for a DO PASS on SJR34 with Senator Zody seconding the motion. Voting was unanimous.

Voting was then conducted on SB408 and Senator Bollinger moved a DO PASS On SB408, with Senator Story seconding the motion, all present voting "Aye".

Chairman Flynn than asked for a vote on SB141, and Senator Vainio moved the bill DO PASS, with Senator Bollinger seconding the motion. There were two "Nay" votes and they were Senators Story and Cochrane, it was so noted for the record. The other committee members present voted "Aye".

_____
Senator Elmer Flynn,
Chairman

# PUBLIC HEALTH

2/2/73

## VISITOR'S REGISTER

| NAME | REPRESENTING | Bill No. | Support | Oppose |
|---|---|---|---|---|
| Cathy ? Cienen | ? ? ? | 141 | ✓ | |
| ? ? | ? ? | 141 | ✓ | |
| ? ? | ? ? | 141 | ✓ | |
| Ellen Anderson | self | | | |
| Neil ? | ? | | | |
| ? ? | ? | | | |
| Len Robinson | Montana Assn for Retarded Children | HJR 11 | ✓ | |
| ? ? | ? | | | |
| Lednice Acton | self | | | |
| ? ? ? | ? | | ✓ | |
| ? M. ? | Just Us, Inc | 141 | ✓ | |
| ? ? | ? | 141 | ✓ | |
| ? ? | ? | 141 | ✓ | |
| ? ? | H.O.P.E. | | ✓ | |
| Mildred ? | H.O.P.E. | | ✓ | |
| ? Munson | ? | | ✓ | |
| ? Curren | Myself | 141 | ✓ | |
| ? Milton ? | Dept Soc ? ? | | | |
| ? ? | ? | | | |
| ? ? | MSHA | | ✓ | |
| Betty Ellsworth | Stevensville | 141 | ✓ | |
| Susan ? Coldim | Just Us, Inc. | 141 | ✓ | |
| ? Martin | Mali ? ? ? | ? | ✓ | |
| ? Eric Rowe | Just Us, Inc. | 141 | ✓ | |
| ? ? | ? | 408 | ✓ | |
| ? ? | SRS | 408 | ✓ | |

(Please leave prepared statement with Secretary)



COMMITTEE ON _____ BILL NO. _____

VISITOR'S REGISTER

| NAME | REPRESENTING | Bill No. | Check One | |
|------|--------------|----------|-----------|---|
| | | | Support | Oppose |
| Frank R. Jewett | Dept. of [illegible] Relat. [illegible] | 108 | ✓ | |
| [illegible] | | | ✓ | |
| | | | ✓ | |
| | | | | |
| [illegible] | | | ✓ | |
| [illegible] | Self | | ✓ | |
| | | | | |
| | | | | |
| Patty Maloy | | 141 | ✓ | |
| [illegible] | | | | |
| [illegible] | | | ✓ | |
| [illegible] | | | | |
| | | | ✓ | |
| [illegible] | | | ✓ | |
| [illegible] Emmerson | | | ✓ | |
| [illegible] | | | | |
| [illegible] | | | | |
| [illegible] | Self | | | ✓ |
| Patricia [illegible] | | | | |
| [illegible] | | | | |

February 22, 1973

PUBLIC HEALTH, WELFARE AND SAFETY COMMITTEE PROCEEDINGS:

A meeting of the Public Health, Welfare and Safety Committee was held on Thursday, February 22, 1973 at 10:30 a.m. in Room 428A with Chairman Bob Lee presiding. All members were present except Reps. Fagg and McKittrick.

SENATE BILL # 349 -- SPONSOR: Sen. Harrison -- Senator Drake originally requested this bill. It is a change in the title of "chiropodist" to "podiatrist". The only other change the bill contains is from the number two,to three,people, which is just a typographical change. The change is a professional name change. Questions followed.

SENATE BILL # 290 -- SPONSOR: Sen. Moore -- Sen. Story explained the bill. It is a companion bill to SB 349. The Board of Medical Doctors would rather be called the Board of Medical Examiners, and the "chiropodists" would rather be called "podiatrists". That is all the bill does. Questions followed.

SENATE BILL # 408 -- SPONSOR: Sen. McDonald explained that the bill has to do with child abuse. The testimony was turned over to Jim Poppard, SRS--the present law simply does not do the job. He attended a child abuse seminar last summer--presented a letter from Dr. Welch. The bill does three things: (1) The complaint goes directly to the local child welfare unit at the county office. (2) of the four professions required to report, two new ones have been added--law enforcement personnel and Attorneys. (3) neighbors and friends would be included. (4) It would require SRS to maintain a central registry and inform any other counties if the family in question moved into them. Another proponent, Bill Minor, also of SRS, -- this bill would be an updating of what is actually already going on. Questions followed; Frank Sennett answered some -- he felt that a team concept between the Dept. and the county attorney could be worked out to satisfy everyone better.

SENATE BILL # 437 -- sponsor: Sen. McDonald called the bill a "controlling bureaucracy bill" It would require that a personal letter be sent out announcing that a district was being contemplated. OPPONENTS: Dean Zinnicker, Mont. Assoc. of County Commissioners -- the cost would be too much, and it would further hold up the establishing of a district. The present method is enough to inform the public. Terrence Carmady, Dept. of Health-- agreed that the public should be well aware of the possibility of making a new district. A public meeting would be a better idea though, he felt. Questions followed.

SENATE BILL # 241 -- SPONSOR: Sen. McKeon was unable to appear. Jerry Loendorf, Mont. Medical Assoc., gave testimony in his place. The bill allows epileptics to apply for a drivers' license and receive it. The requirements have been changed.

WITNESS STATEMENT

Name: James Shappard
Address: 416 - So Calif
Representing: SRS & 4-C's
Which Bill? SB 408.

Date: 2-22-73
Support? ✓
Oppose? ___
Amend? ___

Comments:

Much needed

Please leave prepared statement with the committee secretary.

WITNESS STATEMENT

Name: Bill Miner  Date: 2/22/73
Address: 1113 9th Ave, Helena  Support? ✓
Representing: SK  Oppose? ___
Which Bill? SB 408  Amend? ___
Comments: Should be brought up to date.

Please leave prepared statement with the committee secretary.

the subject. He feels that an error was made when typing the bill and that is why the measurement has been designated in feet instead of meters. He presented a summary of laws in other states, and a chart showing noise relationships between snowmobiles and other devices. The present law, if enforced, would eliminate virtually any snowmobile from being operated in Montana. Ray Stubbs, teacher at Bozeman High School -- in concurrence with Mr. Smith's statements. Mr. Clinton Mogen, Big Sky Snow Riders, -- also feels there is a typographical error in the law. OPPONENTS: Larry Lloyd, Dept. of Health -- presented with his written statement a written statement from Mr. Robert Chaney. If enacted, this bill would destroy the attempts of snowmobile manufacturers to produce quieter machines. Patricia Antonick, Sierra Club-- the peacefulness and quiet of the mountains has been destroyed enough already. Sen. Story closed -- snowmobiles should not be outlawed in Montana and if this bill is not enacted, they will be, in essence. Questions followed. (Reps. Healy and Fagg were excused for other meetings) Sen. Story presented copies of a Fish and Game order concerning snowmobile noise.

SENATE BILL # 301 -- SPONSOR: Senator Mather -- this bill repeals the Thompson Act. It has been agreed to by the Mont. Medical Assoc. and the Mont. Hospital Assoc. Chad Smith, representing the Mont. Hosp. Assoc. -- the purpose of the bill is to allow hospitals to establish rules of competency relating to persons performing services in the hospital. A typographical amendment was offered by Jerry Loendorf, Mont. Medical Assoc. Dr. John McMahon, Mont. Medical Assoc. -- statement attached. Rod Gudgel, Mont. Nursing Home Assoc., arose in support of the bill. No opponents; questions followed.

The following action was taken:

HB # 202 -- Rep. McKittrick moved that it BE HELD OVER until next year. Discussion followed. Motion carried; Brown and Hall opposed.

SB # 408 -- Rep. Marbut gave the subcommittee report and then moved adoption of their proposed amendments. Motion carried unanimously. Marbut then moved that it BE CONCURRED IN AS AMENDED. Motion carried; Turner, Hall, Jones and Olson were opposed.

SJR # 34 -- Rep. McKittrick moved it BE CONCURRED IN. Discussion followed. Motion carried; Turner opposed.

SB # 209 -- Rep. Hall moved that it BE NOT CONCURRED IN. Motion carried; Jones, Olson, Brown and Turner opposed.

SB # 233 -- Rep. Hall moved it DO NOT BE CONCURRED IN. Discussion followed. Rep. Turner moved as a substitute motion that it DO BE CONCURRED IN. Rep. Hall moved as a substitute motion to all motions pending the bill be amended on page 3, line 19. Hall's substitute motion carried, Olson opposed. Rep. Holmes moved that

We, your ~~xxxxxxxxxx~~ committee on RULES AMEND IN PART

having had under consideration............ SENATE ........................................... Bill No. 408

A BILL FOR AN ACT ENTITLED: "AN ACT AMENDING SECTIONS 10-901, 10-902, AND 10-903, R.C.M. 1947, CHANGING THE DECLARATION OF POLICY IN REGARD TO REPORTING OF CASES OF CHILD NEGLECT OR ABUSE BY PROVIDING THAT THE REPORTS ARE MADE TO THE DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES OR ITS LOCAL AFFILIATE RATHER THAN TO THE COUNTY ATTORNEY; EXPANDING THE PERSONS REQUIRED TO REPORT; CHANGING THE DEFINITION BY INCLUDING T WITH PHYSICAL ABUSE, SEXUAL AND PSYCHOLOGICAL ABUSE."

Respectfully report as follows: That........ Senate ............................................ Bill No. 408

Be amended in the title of the Senate Third Reading Bill, lines 10 ~~and 11~~, after the word "SERVICES" by inserting a comma "," and on line 11 by deleting the word "OR", and after the word "AFFILIATE" by deleting the words "RATHER-THAN-TO" and inserting in lieu thereof the word "AND" and

further amend page 2, line 7, of the Senate Third Reading bill, by deleting the following: "be-brought-to-bear-on-the-situation-in-an effort" and inserting in lieu thereof the word "seek" and

further amend page 3, line 24 and 25 of the Senate Third Reading bill, after the word "services" on line 24, by inserting a comma ",", and deleting the word "or" and after the word "affiliate," on line 25, by deleting the words "the-social-services-unit" and inserting in lieu thereof "and the county attorney" and

further amend page 4, line 1 of the Senate Third Reading bill, by deleting the following: "welfare-department" and

further amend page 5, line 19 of the Senate Third Reading bill, after the word "department" by deleting the words "further-has-the-responsibility-of-advising" and inserting in lieu thereof the words "will advise" and

further amend page 5, lines 20 ~~through 24~~ of the Senate Third Reading bill by inserting a period "." after the word "investigation" ~~on line 20,~~ and deleting the following material: "and-if-further-action-is necessary,-(1)-refer-the-case-to-the-county-attorney-for-prosecution, or-(2)-file-a-petition-of-neglect-in-the-district-court.

Committee Report form
Revised 1968                                                                                              Chairman.
FORM 19

overhead trolley wires, but not operated upon rails, *excluding motorcycles.*

(c) Farm tractor. Every motor vehicle designed and used primarily as a farm implement for drawing plows, mowing machines, and other implements of husbandry.

(d) School bus. Every motor vehicle owned by a public or governmental agency and operated for the transportation of children to or from school or privately owned and operated for compensation for the transportation of children to or from school.

(e) Bus. Every motor vehicle designed for carrying more than ten (10) passengers and used for the transportation of persons; and every motor vehicle, other than a taxicab, designed and used for the transportation of persons for compensation.

(f) Motorcycle. Every motor vehicle having a seat or saddle for the use of the rider and designed to travel on not more than three (3) wheels in contact with the ground, but *excluding a tractor.*"

Approved: March 15, 1973.

---

## CHAPTER NO. 292

An Act Amending Sections 10-901, 10-902, and 10-903, R.C.M. 1947, Changing the Declaration of Policy in Regard to Reporting of Cases of Child Neglect or Abuse By Providing That the Reports Are Made to the Department of Social and Rehabilitation Services, Its Local Affiliate and the County Attorney; Expanding the Persons Required to Report; Changing the Definition By Including With Physical Abuse, Sexual and Psychological Abuse.

Be it enacted by the Legislative Assembly of the State of Montana:

Section 1. Section 10-901, R.C.M. 1947, is amended to read as follows:

"10-901. **Declaration of policy.** It is the policy of this state to provide for the protection of children whose *health and welfare are adversely affected and further threatened by the conduct of those responsible for their care and protection. It is intended that the mandatory reporting of such cases by professional people and other community members to the appropriate authority will cause the protective services of the state to seek to prevent further abuses, protect and enhance the welfare of these children, and preserve family life wherever possible.*"

Section 2. Section 10-902, R.C.M. 1947, is amended to read as follows:

"10-902. **Reports.** *Any physician who examines, attends or treats a person under the age of majority, or any nurse, teacher, social worker, attorney or law enforcement officer or any other person who has reason to believe that a child has had serious injury or injuries inflicted upon him or her as a result of abuse or neglect, or has been willfully neglected, shall report the matter promptly to the department of social and rehabilitation services, its local affiliate, and the county attorney of the county where the child resides.* This report shall contain the names and addresses of the child and his or her parents or other persons responsible for his or her care; to the extent known, the child's age, the nature and extent of the child's injuries, including any evidence of previous injuries, and any other information that the maker of the report believes might be helpful in establishing the cause of the injuries or showing the *willful neglect and the identity of person or persons responsible therefor;* and the facts which led the person reporting to believe that the child has suffered injury or *injuries, or willful neglect, within the meaning of this act.*"

Section 3. Section 10-903, R.C.M. 1947, is amended to read as follows:

"10-903. **Action on reporting.** If from said report it shall appear that the child suffered such injury or injuries or willful neglect, *the social worker shall conduct a thorough investigation into the home of the child involved and into the circumstances surrounding the injury of the child and into all other matters which, in the discretion of the social worker, shall be relevant and material to the investigation. If from the investigation it shall appear that the child suffered such injury or injuries or willful neglect, the department shall provide protective services to protect the child and preserve the family. The department will advise the county attorney of its investigation.*

*The investigating social worker shall also furnish a written report to the department of social and rehabilitation services who shall have the responsibility of maintaining a central registry on child abuse or willful neglect cases.*"

Approved: March 15, 1973.

---

## CHAPTER NO. 293

An Act Amending Sections 69-6004, 69-6005 and 69-6006, R.C.M. 1947, to Provide Certain Notice Requirements Prior to Creation of Refuse Disposal Districts.