*Exhibit B*

**Aspen Practice P.C.**
dba, Michael R. Bütz, Ph.D.

# AUTHORIZATION FOR FORENSIC PSYCHOLOGICAL ASSESSMENT:
## *INFORMED CONSENT & FEE AGREEMENT*
## Case #CV 20-52-BLG-SPW

I _____ have been referred for this forensic psychological assessment as part of the action, *Caekaert & Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.* and *Rowland & Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*, by opposing counsel for a Rule 35 Examination (note *Motion for Order Directing Rule 3 5 Examinations, Order* 11.20.23). Forensic, per *Merriam-Webster*, "...relating to or dealing with the application of scientific knowledge to legal problems." In other words, the term means pertaining to or employed in legal proceedings. In the most focused application forensic work applies to court ordered, requested, or associated work, and at the same time the term may also apply to the spectrum of matters that may end up in court as well.

Prior to commencing interviews and/or the assessment process, I have been informed by the Aspen Practice, P.C. evaluator that the information obtained by the evaluator during the assessment/consultation process may not remain confidential. It was explained that confidentiality cannot be guaranteed in a forensic consultation or psychological assessment. I understand that information obtained in this process as memorialized in a final report may be discoverable or admissible as evidence in a criminal, civil, or other legal or administrative action.

If I have legal counsel, my counsel has agreed to have me proceed with the assessment. If I do not have legal counsel, the evaluator has informed me of my right to legal counsel in deciding to proceed. I understand that the final report may help my case, have no effect on my case, or harm my case. I agree to proceed with the forensic assessment.

I further understand that the results of the assessment will be memorialized in a final report and that this report will be released directly to both Defendant's and Plaintiff's counsel. Further, the evaluator will be made available for deposition and hearing/trial testimony with reasonable notice that recognizes the practicalities of previously scheduled cases and time out of the office.

After my legal matter has been resolved, and upon the agreement of the evaluator and the Referral Source, I understand that I may meet with the evaluator about the results of the assessment at my own expense and I must pay for these services in advance per the Standard Forensic Financial Policies of Aspen Practice, P.C. I further understand that Aspen Practice, P.C., Furthermore, I have been advised and understand that HIPAA Privacy Regulations and Montana's Uniform Healthcare Information Act do not apply to forensic psychological services, which are legal matters and not healthcare matters.



**ASPEN PRACTICE, P.C.**

I understand as follows: (1) it is the policy of Aspen Practice, P.C. not to release raw psychological instrument (test) data directly to attorneys or other individuals; (2) Professional ethics and legal constraints, allow psychologists to refuse to release information in the record to any person regarding a psychological instrument such as raw data; (3) Such a release could compromise the objectivity or fairness of the instrument or the assessment process or violate the copyright protections of instrument developers and publishers; (4) Raw psychological instrument data may be discoverable or admissible as evidence in a criminal, civil, domestic, or other legal or administrative action; and (5) Raw psychological instrument data can only be released if so determined by the court or administrative hearing officer and, under the condition that it is released to an expert appropriately qualified by rigorous training, supervision, and experience to both score and interpret these results accurately (typically a licensed psychologist, see also *Standards for Educational and Psychological Testing* (2014)). It is understood that Aspen Practice, P.C. will request and require proof of the professional's qualifications before releasing any raw data. In this case, Jonathan Bone, Psy.D., has been identified as the Plaintiff's expert. He is a licensed psychologist in the State of Utah, license #6314549-2501. I also understand that the evaluator may consult with other suitably trained professionals for consultation regarding the psychological instrument results and other information from this forensic assessment.

I understand that Aspen Practice, P.C. reserves the right to withhold any information not relevant to the matter under question, the disclosure of which might be harmful to any potential participants (adults, agencies, or children) in the assessment. I hereby consent to the disclosure of all information obtained in the course of the assessment to any court, attorney, or agency having responsibility for this matter or for the safety of children, vulnerable adults and the public. I understand this condition may constitute a waiver of my Fifth Amendment protections (right against self-incrimination), should criminal action pursue. Also, any information obtained during this assessment may be disclosed for the purpose of corroboration to any other individual identified in the *Authorization for the Mutual Release and Exchange of Confidential Information and Privileged Information* executed by me.

The fees charged by Aspen Practice, P.C. for the forensic psychological assessment have been included in the document entitled *Standard Forensic Financial Policy* which has been provided to me. I understand that Watchtower Bible and Tract Society of New York, Inc., et al will be responsible for the majority of costs involved with my assessment, and that per the Court's *Order* of November 20, 2023, that *Caekaert & Mapley* will be responsible for the following costs:

> "Camillia Mapley must be deposed in-person, and Plaintiffs will pay for Dr. Bütz's reasonable travel costs to Australia, including coach-class airfare, hotels, in-transit professional fees for an eight-hour day, and other expenses the parties agreed to in their conferral. Plaintiffs also must pay for Dr. Bütz's travel costs to Arkansas for Tracy Caekaert's deposition, including coach- class airfare, hotels, in-

 **ASPEN PRACTICE, P.C.**

*transit professional fees for up to an eight-hour day, and other expenses the parties agreed to in their conferral;"*

I have been advised that estimated fees for services will include <u>estimated and discussed </u>hours for (but not limited to) review of collateral materials, travel, interviews, consultation with the referral source, instrument administration, scoring and interpretation, and a final assessment report. The parties above are responsible for possible that additional services may be needed, and/or travel complications involved with conducting assessments. I have further been advised that this is, however, an 'estimate' based on the known case complexities and dynamics at the time that this document was executed. I understand that Aspen Practice, P.C. shall be under no obligation to disclose information, prepare any report, or testify in court unless all fees are paid in accordance with the *Standard Forensic Financial Policy*, including retainers for court appearances, depositions, hearings, etc.

I agree that if it becomes necessary for the evaluator to withdraw from the assessment for any reason, including but not limited to the failure of any individual, including me, to provide requested information deemed by the evaluator to be relevant to the assessment, Aspen Practice, P.C. shall be entitled to all fees earned to date of such termination. In such case, after all fees earned to date have been paid, the balance of any retainer shall be returned in a fashion consistent with the *Standard Forensic Financial Policy*.

I understand that payment of fees has no influence on the content of any report or consultation or any particular finding or recommendation within an assessment on the matter in question. I further understand that the Aspen Practice, P.C. evaluator approaches this investigation with no particular result in mind, and that he/she will exercise independent professional judgment on all aspects of this assessment without regard to any agreement for the payment of fees.

By signing this document, it is agreed that pursuant to Rule 11, Montana Rules of Civil Procedure, no frivolous lawsuits will be filed against Aspen Practice, P.C. and that if a suit is brought, it is only initiated after consultation with a provider possessing equal to, or greater than, those credentials possessed by the consultant or evaluator at Aspen Practice, P.C. It is further understood that should a deposition be requested that this will be conducted in good faith and bearing in mind the conventions of Rule 26 of Montana Rules of Civil Procedure.

By signing and dating below I acknowledge and agree to all terms stated herein.[1] I understand that information used or disclosed pursuant to this informed consent may be subject to re-disclosure by the recipient of this information and is not protected by the HIPAA Privacy Rule or

---

[1] Typically, this *Authorization for Forensic Psychological Assessment: Informed Consent & Fee Agreement* includes the following language, but this language was specifically ordered (*Order*, 11.20.23, pp. 16-17) to be excluded in this case (p. 1, ¶ 3;   ):
- ~~I further understand the evaluator's role to be that of a neutral, objective evaluator, and that forensic assessment/consultation is not psychological treatment.~~
- I understand that the final report may help my case, have no effect on my case, or harm my case ~~as a neutral and objective work product~~.

3 | P a g e

**INFORMED CONSENT & FEE AGREEMENT**
**CASE #CV 20-52-BLG-SPW**


**ASPEN PRACTICE, P.C.**

Montana's Uniform Healthcare Information Act. Recognizing this, I hereby release Aspen Practice, P.C. from any and all liability arising from the release of this information.

_____          _____
Client Signature                                                                    Date

_____          _____
Parent/Guardian/ Guarantor                                                 Date

_____          _____

Approved and agreed:

Aspen Practice, P.C.

By: _____          _____
                                                                                                    Date

Its: _____

Revised 12.10.23 for Case # CV 20-52-BLG-SPW

4 | Page