# Michael Sarabia

| | |
|---|---|
| **From:** | Brett Jensen |
| **Sent:** | Friday, December 22, 2023 5:03 PM |
| **To:** | Ryan Shaffer |
| **Cc:** | Katy Gannon; Rob Stepans; Jon Wilson; Michael Sarabia; James Murnion; Jessica Yuhas |
| **Subject:** | Re: Caekaert et al. v. WTNY et al. - Rule 35 Follow-Up |

Hi Ryan:

Considering the Judge has already ruled on the issue, her ruling is just not clear to us, I think a whole new briefing schedule is a waste of even more time and judicial resources. It remains my opinion we should file a joint for clarification. If you insist on this course of action, please note WTNY objects.

Get Outlook for iOS

---

**From:** Ryan Shaffer <ryan@mss-lawfirm.com>
**Sent:** Friday, December 22, 2023 1:45:56 PM
**To:** Brett Jensen <BJensen@brownfirm.com>
**Cc:** Katy Gannon <katy@mss-lawfirm.com>; Rob Stepans <rob@mss-lawfirm.com>; Jon Wilson <jwilson@brownfirm.com>; Michael Sarabia <MSarabia@brownfirm.com>; James Murnion <james@mss-lawfirm.com>; Jessica Yuhas <jessica@mss-lawfirm.com>
**Subject:** RE: Caekaert et al. v. WTNY et al. - Rule 35 Follow-Up

Brett,

We are still evaluating the best way forward here.

Given the Court's conclusion that you did not establish good cause for neuropsyche testing, would you object to a motion seeking an order of protection from neuropsyche testing?


Ryan R. Shaffer



*Montana Office:*
430 Ryman St.
Missoula, MT  59802
Tel: 406-543-6929
Fax: 406-721-1799

*Wyoming Office:*
3490 Clubhouse Drive, Suite 104
Wilson, WY 83014
Tel: 307-734-9544
Fax: 307-733-3449

1

The information contained in this email is confidential and privileged. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake. This email may be subject to the attorney-client privilege and attorney work product doctrine. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake.

**From:** Brett Jensen <BJensen@brownfirm.com>
**Sent:** Tuesday, December 19, 2023 11:06 AM
**To:** Ryan Shaffer <ryan@mss-lawfirm.com>
**Cc:** Katy Gannon <katy@mss-lawfirm.com>; Rob Stepans <rob@mss-lawfirm.com>; Jon Wilson <jwilson@brownfirm.com>; Michael Sarabia <MSarabia@brownfirm.com>
**Subject:** RE: Caekaert et al. v. WTNY et al. - Rule 35 Follow-Up

Hi Ryan:

I'm really not sure where to go from here. As you pointed out, Judge Watters' Order appears to be internally inconsistent on this issue. On the one hand, she states we must disclose whether Dr. Bütz intends to conduct neuropsych testing. On the other, she held you are not entitled to the specific tests. Dr. Bütz feels strongly that disclosing specific tests undermines testing integrity, so that is a non-starter for us. Dr. Bütz also had back surgery last week, and will be out of pocket until at least the end of next week. I will not be able to get more info from him until then.

I want to get these on the calendar and start moving forward. We have stalled over the details for far too long. I propose if we can't agree to just have Dr. Bütz move forward like he proposed and with the explanations he offered, we should submit a joint petition asking the Court for clarification on the scope of Dr. Bütz's disclosure requirements. Hopefully that way we can get something back quickly from the Judge and don't have to endure another 6-week briefing schedule.

It also appears we need clarification on whether the Court is allowing the general categories of tests Dr. Butz intends to administer—i.e., "academic, cognitive, and personality assessments"—or regards them as part of neuropsychological tests. On page 5 of the Court's Order (Caekaert Doc. 293), the Court acknowledges that a "[neuropsychological evaluation covers the same general functions as are assessed by tests that are commonly employed in other contexts and fields…", and further acknowledged "…though some of the tests used in a neuropsychological exam may overlap with tests not objected to by Plaintiffs, it appears that other types of neuropsychological tests are distinct."

Let me know what you think,

Brett C. Jensen
Brown Law Firm, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Telephone: (406) 248-2611
Fax: (406) 248-3128

**Confidentiality Notice:** *The information contained in this e-mail communication and any attached documentation may be privileged, confidential or otherwise protected from disclosure and is intended only for the use of the designated recipient(s).  This information, along with any attachments, constitutes attorney-client and/or attorney work product and is confidential in nature.  This information is not intended for transmission to, or receipt by, any unauthorized person.  The use, distribution, transmittal or re-transmittal by an unintended recipient of this communication is strictly prohibited without our express approval in writing or by e-mail.  If you are not the intended recipient of this e-mail, please delete it from your system without copying it and notify the above sender so that our e-mail address may be*

*corrected. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.*

**From:** Ryan Shaffer <ryan@mss-lawfirm.com>
**Sent:** Monday, December 18, 2023 12:33 PM
**To:** Brett Jensen <BJensen@brownfirm.com>
**Cc:** Katy Gannon <katy@mss-lawfirm.com>; Rob Stepans <rob@mss-lawfirm.com>; Jon Wilson <jwilson@brownfirm.com>; Michael Sarabia <MSarabia@brownfirm.com>
**Subject:** RE: Caekaert et al. v. WTNY et al. - Rule 35 Follow-Up

Brett,

I am trying to find a way forward to get these exams done without more litigation and delay.  We are really concerned about Dr. Butz's refusal to answer the simple question that we have been asking since last summer: is he proposing to conduct neuropsychological testing?  He has simply refused to answer that question, and it starts to make us nervous and concerned that he is going to conduct testing that is inappropriate and not permitted by the Court.

I appreciate your citations to the Court's Order, but they do not help us achieve a practical solution.  They also omit substantial, substantive components:
1. The court specifically ordered Dr. Butz to answer that question of whether he was proposing neuropsyche testing, noting that "Plaintiffs must have the opportunity to object, particularly because the exam risks re-traumatizing Plaintiffs."  Order, p. 6.
2. However, re-traumatization was not the only issue.  She also noted, "internal contradictions between Dr. Butz and WTNY's statements further justify the need for explicit clarification from Dr. Butz and WTNY" on the issue of neuropsyche testing.  Order, p. 7.
3. She went on to state that WTNY "has not met its burden to show good cause" for neuropsyche testing because Plaintiffs are not asserting neuropsyche harm.  Order, p. 8.  "Thus, the results of those tests would be irrelevant."  *Id*.

To answer your question about what our precise objections are: Plaintiffs' objections to IQ testing, reading level testing, spelling ability, math skills, and the like, is that they are irrelevant because Plaintiffs are not asserting diminishment in those capacities as a result of the sexual abuse, and WTNY "has not met its burden to show good cause" for such tests.

Here are my suggestions for a path forward: (1) Dr. Butz disclose whether he proposing to conduct neuropsychological testing, and if so, provide enough detail so that Plaintiffs can evaluate whether they object to such testing; and (2) Dr. Butz remove his "protest" footnote from Page 3 of his authorization.

I look forward to your response, including any proposal you have for how we move this forward without more litigation.

Best,

**From:** Brett Jensen <BJensen@brownfirm.com>
**Sent:** Friday, December 15, 2023 4:21 PM
**To:** Ryan Shaffer <ryan@mss-lawfirm.com>
**Cc:** Katy Gannon <katy@mss-lawfirm.com>; Rob Stepans <rob@mss-lawfirm.com>; Jon Wilson <jwilson@brownfirm.com>; Michael Sarabia <MSarabia@brownfirm.com>
**Subject:** RE: Caekaert et al. v. WTNY et al. - Rule 35 Follow-Up

Hi Ryan:

We will not be disclosing Dr. Bütz's specific battery of tests to be administered. Judge Watters stated on page 6 of her Orders "Importantly, Plaintiffs do not have the right (nor did they assert one) to the identification of specific tests that will be conducted." To the extent you are looking for that, Judge Watters has already ruled you are not entitled to that information.

As stated in Dr. Bütz's letter as was cited with approval by the Court, the kinds of tests you are classifying as neuropsychological tests also serve other functions. Judge Watters agreed that, for instance, "PTSD can impact a person's neuropsychology." *See* p. 6. Your clients have been diagnosed with PTSD in various records, which they claim is due to various instances of CSA.

Let's take the examples you listed below. Assuming for argument's sake Dr. Bütz intended to administer tests of your clients' IQs, reading levels, spelling ability, and math skills. What would be your precise objection to those categories of tests? How would those tests go beyond the scope of a mental status exam for allegations of CSA? If your objection is just that they're not necessary, I don't think that rises to the level of re-traumatization, which was the precise concern Judge Watters raised on this issue.

My position from the start is that Dr. Bütz should be allowed the deference to conduct his mental status examinations consistent with his ordinary clinical practice. The Court required that he answer the question of whether he intends to conduct neuropsychological testing. He has answered this question in a technically and scientifically accurate manner.

Brett C. Jensen
Brown Law Firm, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Telephone: (406) 248-2611
Fax: (406) 248-3128

**Confidentiality Notice:** *The information contained in this e-mail communication and any attached documentation may be privileged, confidential or otherwise protected from disclosure and is intended only for the use of the designated recipient(s).  This information, along with any attachments, constitutes attorney-client and/or attorney work product and is confidential in nature.  This information is not intended for transmission to, or receipt by, any unauthorized person.  The use, distribution, transmittal or re-transmittal by an unintended recipient of this communication is strictly prohibited without our express approval in writing or by e-mail.  If you are not the intended recipient of this e-mail, please delete it from your system without copying it and notify the above sender so that our e-mail address may be corrected.  Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.*

**From:** Ryan Shaffer <ryan@mss-lawfirm.com>
**Sent:** Friday, December 15, 2023 9:26 AM
**To:** Brett Jensen <BJensen@brownfirm.com>
**Cc:** Katy Gannon <katy@mss-lawfirm.com>; Rob Stepans <rob@mss-lawfirm.com>; Jon Wilson <jwilson@brownfirm.com>; Michael Sarabia <MSarabia@brownfirm.com>
**Subject:** RE: Caekaert et al. v. WTNY et al. - Rule 35 Follow-Up

Brett,

I rely on our experts, and they tell me that tests for things like reading levels, IQ testing, spelling, and math are all understood to be neurospsyche testing because they attempt to measure how well the brain is working.  That is not an exhaustive list of such tests, but it is demonstrative of the types of testing that fall into the category of neuropsyche testing.

As it relates to this case, we are not alleging that the sexual abuse impacted things like our clients' IQs, reading levels, spelling ability, math skills, and we are not seeking damages for diminishment of those capacities. This is why our experts did not test for those capacities and it is why we object to such testing by Dr. Butz.

On the other hand, our experts did note that tests for malingering, exaggeration, or dissimulation could be characterized as neuropsyche tests <u>and would be appropriate for Plaintiffs in this case</u>, therefore we do not object to those.

My suggestion is that we try to come to an agreement on the specific battery of tests to be conducted. We can certainly provide you the battery of tests conducted by our experts as a reference point.

I look forward to hearing your thoughts.

Thanks,


Ryan R. Shaffer



*Montana Office:*
430 Ryman St.
Missoula, MT  59802
Tel: 406-543-6929
Fax: 406-721-1799

*Wyoming Office:*
3490 Clubhouse Drive, Suite 104
Wilson, WY 83014
Tel: 307-734-9544
Fax: 307-733-3449

The information contained in this email is confidential and privileged. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake. This email may be subject to the attorney-client privilege and attorney work product doctrine. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake.

---

**From:** Brett Jensen <BJensen@brownfirm.com>
**Sent:** Thursday, December 14, 2023 12:36 PM
**To:** Ryan Shaffer <ryan@mss-lawfirm.com>
**Cc:** Katy Gannon <katy@mss-lawfirm.com>; Rob Stepans <rob@mss-lawfirm.com>; Jon Wilson <jwilson@brownfirm.com>; Michael Sarabia <MSarabia@brownfirm.com>
**Subject:** RE: Caekaert et al. v. WTNY et al. - Rule 35 Follow-Up

Hi Ryan:

I hate to answer your question with a question, but what is your definition "neuropsychological testing"? If I am answering as the lawyer who hired Dr. Bütz, I want to make sure we are talking about the same thing.

Brett C. Jensen
Brown Law Firm, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Telephone: (406) 248-2611
Fax: (406) 248-3128

**Confidentiality Notice:** *The information contained in this e-mail communication and any attached documentation may be privileged, confidential or otherwise protected from disclosure and is intended only for the use of the designated recipient(s). This information, along with any attachments, constitutes attorney-client and/or attorney work product and is confidential in nature. This information is not intended for transmission to, or receipt by, any unauthorized person. The use, distribution, transmittal or re-transmittal by an unintended recipient of this communication is strictly prohibited without our express approval in writing or by e-mail. If you are not the intended recipient of this e-mail, please delete it from your system without copying it and notify the above sender so that our e-mail address may be corrected. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.*

**From:** Ryan Shaffer <ryan@mss-lawfirm.com>
**Sent:** Thursday, December 14, 2023 10:09 AM
**To:** Brett Jensen <BJensen@brownfirm.com>
**Cc:** Katy Gannon <katy@mss-lawfirm.com>; Rob Stepans <rob@mss-lawfirm.com>; Jon Wilson <jwilson@brownfirm.com>; Michael Sarabia <MSarabia@brownfirm.com>
**Subject:** RE: Caekaert et al. v. WTNY et al. - Rule 35 Follow-Up

Brett,

We want to get these evaluations done. At the same time, we need to understand the types and categories of testing that Dr. Butz is intending to conduct.

If I asked my experts whether they conducted neuropsyche testing on the plaintiffs they would be able to provide a direct and clear answer: No.

I am not sure what to do, but I would like to find a way to avoid having to burden the Court with this issue.

From your perspective, as the lawyer hiring Dr. Butz, do you know whether Dr. Butz is going to conduct neuropsyche testing?


Ryan R. Shaffer



*Montana Office:*
430 Ryman St.
Missoula, MT  59802
Tel: 406-543-6929
Fax: 406-721-1799

*Wyoming Office:*

6

3490 Clubhouse Drive, Suite 104
Wilson, WY 83014
Tel: 307-734-9544
Fax: 307-733-3449

The information contained in this email is confidential and privileged. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake. This email may be subject to the attorney-client privilege and attorney work product doctrine. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake.

**From:** Brett Jensen <BJensen@brownfirm.com>
**Sent:** Wednesday, December 13, 2023 3:31 PM
**To:** Ryan Shaffer <ryan@mss-lawfirm.com>
**Cc:** Katy Gannon <katy@mss-lawfirm.com>; Rob Stepans <rob@mss-lawfirm.com>; Jon Wilson <jwilson@brownfirm.com>; Michael Sarabia <MSarabia@brownfirm.com>
**Subject:** RE: Caekaert et al. v. WTNY et al. - Rule 35 Follow-Up

Hi Ryan:

My thought is Dr. Bütz has answered the question in a technically and scientifically accurate manner. I think you are confusing nuance as lack of directness. I really don't know how we can make this any clearer. Would you like to proceed as outlined, or shall we submit the letter as a supplement to the Court?

Brett C. Jensen
Brown Law Firm, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Telephone: (406) 248-2611
Fax: (406) 248-3128

**Confidentiality Notice:** *The information contained in this e-mail communication and any attached documentation may be privileged, confidential or otherwise protected from disclosure and is intended only for the use of the designated recipient(s).  This information, along with any attachments, constitutes attorney-client and/or attorney work product and is confidential in nature.  This information is not intended for transmission to, or receipt by, any unauthorized person.  The use, distribution, transmittal or re-transmittal by an unintended recipient of this communication is strictly prohibited without our express approval in writing or by e-mail.  If you are not the intended recipient of this e-mail, please delete it from your system without copying it and notify the above sender so that our e-mail address may be corrected.  Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.*

**From:** Ryan Shaffer <ryan@mss-lawfirm.com>
**Sent:** Wednesday, December 13, 2023 2:55 PM
**To:** Brett Jensen <BJensen@brownfirm.com>
**Cc:** Katy Gannon <katy@mss-lawfirm.com>; Rob Stepans <rob@mss-lawfirm.com>
**Subject:** RE: Caekaert et al. v. WTNY et al. - Rule 35 Follow-Up

Hey Brett,

On the first point, we cannot tell where this issue stands.

The Court ordered Dr. Butz to state whether he intends to conduct "neuropsychological testing." Dr. Butz's response states that he will not be conducting a "neuropsychological assessment" but never states whether he will be conducting "neuropsychological testing."

I suppose there is a world where they are one in the same. But I also suppose there is a world where he conducts "neuropsychological testing" and is not conducting a "neuropsychological assessment." Regardless, we don't want to hold this up on some silly semantics. At the same time, it strikes us as odd that Butz will not just answer the direct question posed by the Court, i.e. yes or no on neuropsych testing?

Let me know your thoughts here.

Thanks,

Ryan R. Shaffer



*Montana Office:*
430 Ryman St.
Missoula, MT  59802
Tel: 406-543-6929
Fax: 406-721-1799

*Wyoming Office:*
3490 Clubhouse Drive, Suite 104
Wilson, WY 83014
Tel: 307-734-9544
Fax: 307-733-3449

The information contained in this email is confidential and privileged. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake. This email may be subject to the attorney-client privilege and attorney work product doctrine. If you are not the intended recipient, please ignore and delete this message and inform the sender of the mistake.

**From:** Brett Jensen <BJensen@brownfirm.com>
**Sent:** Wednesday, December 13, 2023 1:22 PM
**To:** Rob Stepans <rob@mss-lawfirm.com>; Ryan Shaffer <ryan@mss-lawfirm.com>; James Murnion <james@mss-lawfirm.com>; Katy Gannon <katy@mss-lawfirm.com>; Matthew Merrill <matthew@merrillwaterlaw.com>
**Cc:** Gerry Fagan <Gerry.Fagan@moultonbellingham.com>; 'Christopher Sweeney' <Christopher.Sweeney@moultonbellingham.com>; Jordan W. FitzGerald <Jordan.FitzGerald@moultonbellingham.com>; Jon Wilson <jwilson@brownfirm.com>; Michael Sarabia <MSarabia@brownfirm.com>; Barbara Bessey <BBessey@brownfirm.com>; Samantha Schweigert <sschweigert@brownfirm.com>
**Subject:** Caekaert et al. v. WTNY et al. - Rule 35 Follow-Up

Counsel:

Please see my letter of today's date, attached.

Brett C. Jensen
Brown Law Firm, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Telephone: (406) 248-2611
Fax: (406) 248-3128

**Confidentiality Notice:** *The information contained in this e-mail communication and any attached documentation may be privileged, confidential or otherwise protected from disclosure and is intended only for the use of the designated recipient(s).  This information, along with any attachments, constitutes attorney-client and/or attorney work product and is confidential in nature.  This information is not intended for transmission to, or receipt by, any unauthorized person.  The use, distribution, transmittal or re-transmittal by an unintended recipient of this communication is strictly prohibited without our express approval in writing or by e-mail.  If you are not the intended recipient of this e-mail, please delete it from your system without copying it and notify the above sender so that our e-mail address may be corrected.  Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.*