Jon A. Wilson
Brett C. Jensen
Michael P. Sarabia
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

~~Joel M. Taylor, Esq.~~ (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br><br> Defendants. | Cause No. CV 20-52-BLG-SPW <br><br><br><br><br> **DECLARATION OF MICHAEL R. BÜTZ, PH.D.** |

I, Michael R. Bütz, Ph.D. (Dr. Michael Bütz) declare under penalty of perjury as follows:

1. This Declaration further clarifies matters established in my prior Affidavit executed on November 8, 2023, and clarified in my letter of December 12, 2023.

2. This Declaration is in response to the *Plantiffs' Brief in Support of Their Notice of Non-Compliance with Court Order (ECF No. 293) and Motion for Protective Order*.

3. In Judge Watter's *Order*, she made it clear she understood the following (p. 5, apx. lines 11-14):

    "a '[n]europsychological evaluation covers the same general functions as are assessed by test that are commonly employed in other contexts and fields,' including psychological testing."

4. Still, Plaintiffs' counsel insists otherwise, and that academic and cognitive functioning measures are the sole province of neuropsychology. Yet, clinical and school psychologists make use of these instruments/tests every day in their work.

5. As described in my prior Affidavit, the focus of use goes to intent; specifically, does the evaluator plan to do a psychoeducational evaluation,

2

Bütz Declaration Responding to *Plantiffs' Brief in Support of Their Notice of Non-Compliance with Court Order*

a psychological assessment, or a neuropsychological assessment. I have stated, repeatedly, I plan to conduct psychological assessments, not neuropsychological assessments.

6. To be clear, an academic measure is necessary in order to assure that the examinee has adequate academic skills to read the instruments/tests proposed to be administered. This is important to ensure the reliability and validity of their responses across the protocol that speak to the integrity of the findings. Some personality measures, for example, have a fifth-grade level cut off, others seventh grade, etc. To conduct an assessment without such knowledge would be, in my estimation, poor practice.

7. Then, we have the matter of cognitive assessment. It is likewise fundamentally important to know the cognitive capabilities of a Plaintiff. Do they have the capacity to make abstractions, to learn, and to deal with novel situations? This translates into whether or not a Plaintiff may have adequate abilities to appreciate their environment, matters involved in their case, the quality of their interpersonal interactions, and even the reasonableness of their statements as well as those of others. Thus, cognitive assessment is used to gauge if a Plaintiff has limitations in these areas of functioning or whether or not they possess a certain level of sophistication about these matters. Either way, these considerations are

basic to day-to-day functioning in adult life, and like reading, conducting an assessment absent measuring cognitive abilities would be remiss.

8. The academic, cognitive, and personality tests I intend to administer are commonly employed in psychological assessments, and they are relevant to an assessment of the Plaintiffs in this case.

9. The academic, cognitive, and personality tests I intend to administer to Plaintiffs will not be part of a neuropsychological assessment, and there is no intention to use them as neuropsychological tests; they will be administered as part of a psychological assessment.

10. Plaintiffs remark on a footnote I included in my revised Authorization form. I included that footnote, with language marked by a strikethrough, only to make clear that I consider myself a neutral evaluator who honors the standards of my profession. I agree, however, to remove that footnote from the Authorization.

I, Michael R. Bütz, declare under penalty of perjury that the foregoing is true and correct. Executed on January 9, 2024.

Michael R. Bütz, Ph.D.
Fellow, American Psychological Association
Licensed Psychologist
Montana #365
Wyoming #818

# **CERTIFICATE OF SERVICE**

I hereby certify that, on January 11th, 2024, a copy of the foregoing was served on the following person(s):

1. U.S. District Court, Billings Division

2. Robert L. Stepans/Ryan R. Shaffer/James C. Murnion
   MEYER, SHAFFER & STEPANS, PLLP
   430 Ryman Street
   Missoula, MT 59802

3. Matthew L. Merrill (appearing *pro hac vice*)
   MERRILL LAW, LLC
   1863 Wazee Street, Suite 3A
   Denver, CO 80202

4. Gerry P. Fagan/Christopher T. Sweeney/Jordan W. FitzGerald
   MOULTON BELLINGHAM PC
   P.O. Box 2559
   Billings, MT 59103-2559

5. Bruce G. Mapley Sr.
   3905 Caylan Cove
   Birmingham, AL 35215

by the following means:

| | | | |
|---|---|---|---|
| _1-4_ | CM/ECF | _____ | Fax |
| _____ | Hand Delivery | _____ | E-Mail |
| _5_ | U.S. Mail | _____ | Overnight Delivery Services |

By: /s/ Brett C. Jensen
Jon A. Wilson / Brett C. Jensen / Michael P. Sarabia
BROWN LAW FIRM, P.C.
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

1