Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Victoria K.M. Gannon
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT 59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com
katy@mss-lawfirm.com

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
1401 Delgany St. #404
Denver, CO 80202
Tel: (303) 947-4453
matthew@merrillwaterlaw.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>           Plaintiffs,<br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA.,<br><br>           Defendants, | Case No. CV-20-52-BLG-SPW<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR NOTICE OF NON-COMPLIANCE WITH COURT ORDER (ECF NO. 293) AND MOTION FOR PROTECTIVE ORDER (ECF NO. 307)** |

Plaintiffs submit the following reply in support of their Notice of Non-Compliance with Court Order (ECF No. 293) and Motion for Protective Order (ECF No. 307).

# REPLY

Plaintiffs reply to each of the points made by Dr. Bütz and Watchtower Bible and Tract Society of New York, Inc. ("WTNY") below:

## 1. Characterization of Proposed Testing

WTNY and Dr. Bütz propose that his proposed "academic, cognitive, and personality tests" are not *neuropsychological tests* because he is using them as part of a psychological assessment (as opposed to a *neuropsychological assessment*). ECF No. 311 at 4.

Plaintiffs' Reply:  Regardless of how Dr. Bütz characterizes his assessment, it is commonly understood that tests measuring brain function such as memory, cognition, problem-solving, language, I.Q., visual-spatial skills, and academic skills are considered *neuropsychological tests*.  ECF No. 308 at 6-7.  Dr. Bütz does not say otherwise, and the fact that he intends to use the results of these *neuropsychological tests* as part of a psychological assessment does not change the fact that they are *neuropsychological tests*.  Plaintiffs have not put their cognitive function at issue in this case.  They are not claiming a diminishment in cognitive functioning or brain functioning.  That is why Plaintiffs' experts did not conduct such testing.  ECF No. 280 at 12-13; ECF No. 280-4 at ¶¶ 7-11.

///

///

2. **<u>Limited Academic Testing to Establish Reading Level</u>**

According to Dr. Butz, he is proposing limited academic testing for the purpose of measuring the Plaintiffs' reading ability. He says this is necessary so that he can be assured Plaintiffs have sufficient reading skills to read the other instruments and tests that he intends to administer. ECF No. 311 at 5; ECF No. 312 at ¶ 6.

<u>Plaintiffs' Reply</u>: Plaintiffs do not object to Dr. Bütz administering an academic test to measure the Plaintiffs' reading skills so that he can be assured Plaintiffs have the ability to read the other instruments and tests he intends to administer. If Dr. Bütz had disclosed that the only "academic" testing he needed to complete was to obtain an assurance that the Plaintiffs could read then this would have never been an issue.

3. **<u>Cognitive Testing</u>**

Dr. Bütz asserts that it is important to know the cognitive capabilities of the Plaintiffs, and whether they have "limitations in these areas of functioning" and he would be remiss not to do so. ECF No. 312 at ¶ 7.

<u>Plaintiffs' Reply</u>: The stated purpose of Dr. Butz's proposed cognitive testing remains vague. Unlike the need to test the Plaintiffs' reading level, Dr. Bütz does not state why cognitive testing is important to evaluating any of the issues Plaintiffs have put at issue in this case. Left unanswered is why cognitive testing, such as I.Q. tests or problem-solving ability tests, is necessary to evaluate the

issues Plaintiffs have put into controversy in this case, namely psychological injuries, such as depression, post-traumatic stress disorder, and dissociative identity disorder?

Plaintiffs have not put their cognitive functioning (i.e. their brain functioning, I.Q., problem-solving ability, visual-spatial skills) at issue in this case and Plaintiffs' experts evaluated the full range of Plaintiffs' alleged injuries without conducting cognitive testing.  ECF No. 280 at 12-13; ECF No. 280-4 at ¶¶ 7-11.  As the Court has already noted, WTNY and Dr. Bütz have not established good cause to conduct neuropsychological testing.  ECF No. 293 at 6-8, 16.  This includes testing the cognitive functioning of their brains.  Plaintiffs continue to object to Dr. Bütz's stated intent to conduct cognitive testing because it is not at issue in this case, and he has failed to establish what purpose it would serve in evaluating their psychological injuries.

**4. <u>Footnote in Authorization Form</u>**

Dr. Bütz now agrees to remove the footnote in his authorization about being a "neutral and objective" evaluator.

<u>Plaintiffs' Reply</u>:  Issue resolved.

///

///

///

## 5. Further Clarification Regarding Level of Testing Disclosure

WTNY and Dr. Bütz request further direction from the Court regarding the level of disclosure required for the types of tests he intends to conduct during his evaluation of Plaintiffs.

Plaintiffs' Reply:  Based on the record, Dr. Bütz is entitled to conduct personality testing (understood to be psychological testing) and limited academic testing to ensure Plaintiffs read at a sufficient level to read the personality tests. The record does not support any further academic or cognitive testing and there should therefore not be a need for further clarification from the Court.

Nevertheless, if the Court is inclined to consider Dr. Butz's request to conduct neuropsychological testing, he should disclose the categories with sufficient specificity to permit Plaintiffs and the Court to evaluate whether there is good cause for such testing.  As Plaintiffs' experts noted, Dr. Butz can disclose more information about the tests he is proposing without disclosure of the specific tests to be administered.  ECF No. 280-4 at ¶¶ 17-18.  For instance, the "Boston Diagnostic Aphasia Examination" is a specific neuropsychological test used to identify aphasia in adults.  However, there are many other tests that neuropsychologists can use to identify and measure aphasia.  There is no reason that Dr. Butz could not disclose whether he intends to administer aphasia testing without identifying the exact test he intends to use.

As it stands, the scope of Dr. Butz's proposed exam is still too vague to understand. Is Dr. Butz proposing memory testing, I.Q. testing, visual-spatial testing, problem-solving testing? If so, he should disclose this and explain why such testing is necessary for examinees who have not put their cognitive functioning at issue in this case. Dr. Butz should be candid about the scope of the exam he intends to administer, which is something he has been unwilling to do to date.

Plaintiffs agree that Dr. Butz should not be required to identify any specific test that he intends to administer. However, he needs to provide information about the general categories of testing that he is proposing so that Plaintiffs and the Court can assess whether there is good cause to do so. For instance, such disclosure would not undermine his ability to administer such tests because it would not require him to disclose the exact test he wants to administer. It does require him to be candid with Plaintiffs and the Court about the scope of the examination he is proposing, something he has been unwilling to do to date.

DATED this 19th day of January, 2024.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 1,059 words, excluding the caption, certificates of service, and compliance, table of contents, and authorities, and exhibit index.

> By: /s/ Ryan Shaffer
> Ryan R. Shaffer
> MEYER, SHAFFER & STEPANS PLLP
>
> *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

> By: /s/ Ryan Shaffer
> Ryan R. Shaffer
> MEYER, SHAFFER & STEPANS PLLP
>
> *Attorneys for Plaintiffs*