Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Victoria K.M. Gannon
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com
katy@mss-lawfirm.com

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
1401 Delgany St. #404
Denver, CO  80202
Tel: (303) 947-4453
matthew@merrillwaterlaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | | |
|---|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | ) ) ) | Case No. CV-20-52-BLG-SPW |
| Plaintiffs, | ) ) ) | **PLAINTIFFS' BRIEF IN RESPONSE TO DEFENDANTS WTNY'S AND WTPA'S JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56 (ECF NO. 302)** |
| vs. | ) ) | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA., | ) ) ) ) ) | |
| Defendants, | ) ) | |

///

///

///

# TABLE OF CONTENTS

SUMMARY OF PLAINTIFFS' NEGLIGENCE PER SE CLAIMS ......................1

STANDARD ON SUMMARY JUDGMENT...........................................................2

LAW APPLYING TO PLAINTIFFS' NEGLIGENCE PER SE CLAIMS ..............3

    1.  Negligence per se in Montana......................................................3

    2.  Corporate principals are vicariously liable for the negligent conduct of their agents. ...............................................................................5

ARGUMENT ..............................................................................................................6

  I.  The MRS is a proper statute for negligence per se............................................6

    a.  The MRS is the type of statute endorsed by the Montana Supreme Court for use in a negligence per se claim. ....................................................6

    b.  The reasoning in *Doyle* does not apply to the MRS because it does not include enforcement provisions when a person fails to report known abuse.8

    c.  Defendants are asking this Court to apply law unrelated to negligence per se to Plaintiffs' negligence per se claim. ..........................................................10

  II. Defendants can be held vicariously liable for the negligence per se of their designated agents in Montana.........................................................................12

    a.  If Plaintiffs prove that Defendants' Montana clergy were negligent per se for violating the MRS that negligence is imputed as a matter of law to the Defendants. ...............................................................................................13

    b.  Violations of the MRS by Defendants' Montana clergy is imputed to the Defendants. ...............................................................................................15

    c.  The MRS regulated Defendants through their agents. ................................16

    d.  *Cooper* does not apply because Defendants' Montana clergy chose not to report Hain and Mapley, Sr. at the direction of the Defendants. .................18

    e.  Duties owed to the Plaintiffs under the MRS...............................................19

    f.  The statute reviving Plaintiffs' claims has no bearing on the question before the Court. ...................................................................................................20

**Plaintiffs' Brief in Response to Defendants' Motion for Partial Summary Judgment re: Negligence Per Se**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*

i

III. Defendants' Proximate Cause Argument Is Not a Valid Basis for Summary Judgment. .......................................................................................22

  a.  Defendants' Montana Clergy Had a Reason to Report Hain under the MRS no later than 1976 ...........................................................................22

IV. Additional Basis to Deny Defendants' Motion ..............................................23

  a.  Defendants are not entitled to withhold material evidence and make arguments for dispositive relief implicating that evidence. ........................24

  b.  Defendants sanctionable conduct, including spoliation of evidence. ..........25

CONCLUSION ...................................................................................................25

**Plaintiffs' Brief in Response to Defendants' Motion for Partial Summary Judgment re: Negligence Per Se**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*

ii

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*Albino v. Baca*,
   747 F.3d 1162 (9th Cir. 2014) (en banc) .............................................................2

*Anderson v. Liberty Lobby*,
   477 U.S. 242 (1986).......................................................................................3

*Bittaker v. Woodford*,
   331 F.3d 715 (9th Cir. 2003)............................................................... 23, 24, 25

*Cannon v. Univ. of Chicago*,
   441 U.S. 677 (1979).....................................................................................10

*Conway v. Monidah Tr. Co.*,
   132 P. 26 (Mont. 1913)............................................................................ 4, 7, 8

Cooper Clinic, P.A. v. Barnes,
   237 S.W.3d 87 (Ark. 2006)...........................................................................18

*Craig v. Schell*,
   975 P.2d 820 (1999).....................................................................................22

*Daly v. Swift 7 Co.*,
   300 P. 265 (Mont. 1931)...............................................................................13

*Dick Irvin Inc. v. State*,
   310 P.3d 524 (Mont. 2013)................................................................. 14, 15, 20

Doyle v Clark,
   254 P.3d 570 (Mont. 2011).................................................................. 7, 8, 9, 10

*Essex Ins. Co. v. Moose's Saloon, Inc.*,
   166 P.3d 451 (Mont. 2007)...........................................................................10

*Estate of Schwabe v. Custer's Inn*,
   15 P.3d 903 (Mont. 2000)...............................................................................4

*Faust v. Util. Sols.*, LLC,
   173 P.3d 1183 (Mont. 2007)..........................................................................11

**Plaintiffs' Brief in Response to Defendants' Motion for Partial Summary Judgment re: Negligence Per Se**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
iii

*Frlekin v. Apple, Inc.*,
    979 F.3d 639 (9th Cir. 2020) .................................................................................2

*Giambra v. Kelsey*,
    162 P.3d 134 (Mont. 2007)..............................................................................3, 4

*H-D Irrigating, Inc. v. Kimble Properties, Inc.*,
    8 P.3d 95 (Mont. 2000) ................................................... 5, 12, 14, 15, 20

*In re Agric. Research and Tech. Group, Inc.*,
    916 F.2d 528 (9th Cir. 1990) ..............................................................................3

*Kornec v. Mike Horse Mining & Milling Co.*,
    180 P.2d 252 (Mont. 1947)...............................................................................6, 13

*L.B. v. United States*,
    515 P.3d 818 (Mont. 2022)..................................................................................5

*Larson v. State By and Through Stapleton*,
    434 P.3d 241 (Mont. 2019)........................................................................ 10, 11

*Lee v. Detroit Medical Center*,
    775 N.W.2d 326 (Mich. 2009)...........................................................................19

*Maki v. Anaconda Copper Mining Co.*,
    287 P. 170 (Mont. 1930).....................................................................................13

*Mark Ibsen, Inc. v. Caring for Montanans, Inc.*,
    371 P.3d 446 (Mont. 2016)..................................................................................10

*Maryland Casualty Co. v. Asbestos Claims Court*,
    460 P.3d 882 (Mont. 2020)..................................................................................21

*May Dept. Store v. Graphic Process Co.*,
    637 F.2d 1211 (9th Cir. 1980) .............................................................................2

*Nehring v. LaCounte*,
    712 P.2d 1329 (Mont. 1986)................................................................................5

*Palmer v. Great N. Ry. Co.*,
    170 P.2d 768 (Mont. 1946).................................................................................17

**Plaintiffs' Brief in Response to Defendants' Motion for Partial Summary Judgment re: Negligence Per Se**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*

iv

*Peterson v. Great Falls Sch. Dist. No. 1 & A, Cascade Cnty., Mont.*,
   773 P.2d 316 (Mont. 1989) ..................................................................... 5, 14, 15, 20

*Real v. Driscoll Strawberry Assocs.*,
   603 F.2d 748 (9th Cir. 1979) ...................................................................................2

*Schultz v. Brown*,
   256 F. 187 (9th Cir. 1919) ........................................................................................6

*SJL of Montana Assocs. Ltd. P'ship. v. City of Billings*,
   867 P.2d 1084 (1993) ..............................................................................................17

*Staff v. Montana Petroleum Co.*,
   291 P. 1042 (Mont. 1930) .......................................................................................13

*Stricker v. Blaine Cnty.*,
   453 P.3d 897 (Mont. 2019) ...................................................................... 14, 15, 19

*Strzelczyk v. Jett*,
   870 P.2d 730 (Mont. 1994) .....................................................................................20

*VanLuchene v. State*,
   797 P.2d 932 (Mont. 1990) ...................................................................................3, 5

*Wombold v. Associates Fin. Services Co. of Montana, Inc.*,
   104 P.3d 1080 (Mont. 2004) ............................................................................. 10, 12

## **Statutes**

Montana Code Annotated
   § 1-1-201 (1976) .....................................................................................................17

   § 27-2-216(3) ..........................................................................................................20

   § 28-10-602 ............................................................................... 12, 14, 15, 19

   § 28-10-602(1) ....................................................................................................5, 16

   § 28-10-602(2) ....................................................................................................5, 16

   § 75-10-542(3) .........................................................................................................9

Revised Codes of Montana
  § 10-1303 ................................................................................................1
  § 10-1304 (1977).................................................................. 1, 8, 17, 20
  § 10-1305 ..............................................................................................10
  § 10-1310 ..............................................................................................10
  § 10-1315 ..............................................................................................10
  §§ 10-1301–1322 ................................................................................8, 9

## **Other Authorities**

*Black's Law Dictionary* 1057 (Bryan A. Garner ed., 7th ed., West 1999) ...............3

Keeton, *The Law of Torts* § 36, at 230.......................................................4

Manual of Model Civil Jury Instructions, 4.2 Liability of Corporations –  Authority Not in Issue ...................................................................... 14, 17

Mont. Pattern Instruction 2d 10.03 ....................................... 5, 14, 15, 19

Recycling and Disposal Act........................................................................9

Restatement (Second) of Agency§ 218 .................................................5

Plaintiffs submit the following Brief in Response to Defendants Watchtower Bible and Tract Society of New York, Inc.'s (WTNY) and Watch Tower Bible and Tract Society of Pennsylvania's (WTPA) Motion for Partial Summary Judgment (Motion) on Plaintiffs' negligence per se claims (ECF No. 302).

## SUMMARY OF PLAINTIFFS' NEGLIGENCE PER SE CLAIMS

Through October of 1979, Montana's mandatory reporting statute (MRS) required any person who had reason to believe that a minor was being sexually abused to report those reasons to the Montana department of social and rehabilitation services.  R.C.M. § 10-1304 (1977) (chapter attached for the Court's convenience as Ex. A).  The explicit purpose of the MRS was to protect the health and welfare of children who had been abused.  R.C.M. § 10-1303.

Contrary to this statutory duty, the Defendants trained and instructed their Montana clergy, known as elders, to keep known sexual abuse of children quiet so that it would not be reported to government authorities.  The Defendants' training and instruction was enforced by the admonition that violating such a policy was a sin and would ultimately be judged by God.  Defendants' Montana clergy were their agents, and they did as they were instructed:

➢ After learning about Gunnar Hain's sexual abuse of a minor girl in 1976 the Montana clergy did not report it to secular authorities and Hain went on to molest other young girls, including Plaintiffs in this case.

➢ After learning about Bruce Mapley, Sr.'s sexual abuse of Tracey Caekaert in 1977, the Montana clergy advised Ms. Caekaert's mother that reporting was not necessary, they did not report it themselves, and Mapley, Sr. continued to sexually abuse the Plaintiffs for many more years.

The decisions of the Jehovah's Witnesses' Montana clergy to violate the MRS and keep known child sexual abuse quiet was directed by and for the benefit of the Defendants.  Accordingly, those decisions are a valid basis for negligence per se claims in this case and Defendants' Motion should be denied.

## STANDARD ON SUMMARY JUDGMENT

"Summary judgment may properly be granted only when no genuine issue of material fact exists and the moving party is clearly entitled to prevail as a matter of law." *May Dept. Store v. Graphic Process Co.*, 637 F.2d 1211, 1214 (9th Cir. 1980) (citing *Real v. Driscoll Strawberry Assocs.*, 603 F.2d 748, 753 (9th Cir. 1979)).  "[S]ummary judgment is an extreme remedy.  It should not be granted unless the movant has established its right to judgment with such clarity as to leave no room for controversy.  It must be found that the other party is not entitled to recover under any discernable circumstances." *Id.*  "The evidence is viewed 'in the light most favorable to the non-moving party.'" *Frlekin v. Apple, Inc.*, 979 F.3d 639, 643 (9th Cir. 2020) (quoting *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc)).  "All reasonable inferences from the evidence are drawn in favor

of the non-moving party." *In re Agric. Research and Tech. Group, Inc.*, 916 F.2d 528, 534 (9th Cir. 1990) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986)).

### LAW APPLYING TO PLAINTIFFS' NEGLIGENCE PER SE CLAIMS

Plaintiffs' negligence per se claims rely on two well-established principles of tort liability in Montana:

1. Negligence per se claims may be based on the failure to comply with the duties set forth in statutes like the MRS; and

2. The knowledge, conduct, and liability of corporate agents acting within the course and scope of their agency is imputed to their corporate principals.

### 1.  Negligence per se in Montana

"Negligence per se is simply '[n]egligence established as a matter of law,' and negligence per se usually 'arises from a statutory violation.'" *Giambra v. Kelsey*, 162 P.3d 134, 144 (Mont. 2007) (quoting *Black's Law Dictionary* 1057 (Bryan A. Garner ed., 7th ed., West 1999)).

> One key distinction between negligence per se and ordinary negligence is that once a violation of a statute is proven, and the standards under *VanLuchen*e [reciting the five criteria that a plaintiff must prove in a negligence per se case in order to prevail] are met, a defendant is negligent, as a matter of law.  This contrasts to ordinary or common law negligence where the element of duty is a question of law, but the element of breach is generally a question of fact suitable for resolution by the fact finder at trial.

*Id.* (quoting *Estate of Schwabe v. Custer's Inn*, 15 P.3d 903, 908 (Mont. 2000),

*overruled on other grounds, Giambra*, 162 P.3d at 147.  "[T]he effect of such a

rule [negligence per se] is to stamp the defendant's conduct as negligence, with all

of the effects of common law negligence, but with no greater effect[.]" Id. (quoting

Keeton, *The Law of Torts* § 36, at 230).  As with any negligence claim, Plaintiffs

are still required to prove causation and damages.  *Id.*

 As early as 1913, the Montana Supreme Court recognized that plaintiffs are

permitted to use a statute to establish the duty element of negligence in what is

recognized as negligence per se:

> where a statute makes a requirement, or prohibits a thing, for the
> benefit of a person or class of persons, one injured by reason of a
> violation of it is entitled to maintain an action against him by whose
> disobedience he has suffered injury; and this is true whether the
> statute is penal or not.

*Conway v. Monidah Tr. Co.*, 132 P. 26, 27 (Mont. 1913).  More contemporarily,

the Montana Supreme Court has set forth the requirements of negligence per se in

five familiar elements:

 1. The defendant violated the particular statute.

 2. The statute was enacted to protect a specific class of persons.

 3. Plaintiff is a member of that class.

 4. Plaintiff's injury is of the sort the statute was enacted to prevent.

 5. The statute was intended to regulate members of defendant's class.

*VanLuchene v. State*, 797 P.2d 932, 935 (Mont. 1990) (citing *Nehring v. LaCounte*, 712 P.2d 1329, 1333 (Mont. 1986)).[1]

### 2. Corporate principals are vicariously liable for the negligent conduct of their agents.

It is black letter law in Montana that "a principal is responsible to third persons for the negligence of the principal's agent in the transaction of the business of the agency . . ." Mont. Code Ann. § 28-10-602(1); *see also H-D Irrigating, Inc. v. Kimble Properties, Inc.*, 8 P.3d 95, 106 (Mont. 2000); *L.B. v. United States*, 515 P.3d 818, 827–28 (Mont. 2022). The applicable Montana jury instruction makes clear the conduct of the agent is deemed to be the conduct of the principal:

> Any act or omission of an agent [name of agent] is the act or omission of a principal [name of principal].

Mont. Pattern Instruction 2d 10.03.

Even where an agent is not transacting the business of the principal, the principal is still liable if it "authorized or ratified the acts." Mont. Code Ann. § 28-10-602(2); *Peterson v. Great Falls Sch. Dist. No. 1 & A, Cascade Cnty., Mont.*, 773 P.2d 316, 318 (Mont. 1989) (Where an agent performs an act which is later ratified by their principal, that act is considered an action of the principal) (citing *Restatement of Agency 2d*, § 218). The question of whether a servant was acting

---

[1] Defendants' Motion only challenges Plaintiffs' ability to satisfy the first and fifth elements. Defs.' Br. at 22, ECF No. 303 (all references to "Defs.' Br." herein are to the ECF page designation). As such, Plaintiffs only address those two elements.

within the scope of its agency for the purpose of vicarious liability is one for the jury to determine. *Kornec v. Mike Horse Mining & Milling Co.*, 180 P.2d 252, 257 (Mont. 1947); *Schultz v. Brown*, 256 F. 187 (9th Cir. 1919) (applying Montana law and noting that questions about scope of agency are "to be determined by the jury from the surrounding facts and circumstances.").

## ARGUMENT

### I.   The MRS is a proper statute for negligence per se.

Not all statutes are appropriate for use as the basis of a negligence per se claim. Because the MRS imposes duties to the benefit of a certain class of people, and because there are no state enforcement provisions for breaches of that duty, the MRS is precisely the type of statute that the Montana Supreme Court has endorsed for use in a negligence per se case.

### a.   The MRS is the type of statute endorsed by the Montana Supreme Court for use in a negligence per se claim.

Going back to 1913 the Montana Supreme Court identified the types of statutory duties that may be used as the basis of negligence per se claims:

> (a) Those imposing duties to or for the benefit of the municipality or to the public considered as an entity. From such statutes no private right of action arises. (b) Those imposing duties to persons of a particular class. To have a right of action from such a statute one must clearly belong to the contemplated class. (c) Those imposing duties to the public, considered as a composite of individuals, in which case a right of action does arise in one of the public when, and only when, he has sustained some special injury by reason of noncompliance.

*Conway*, 132 P. at 28 (internal citations omitted).  *Conway* was a negligence per se case where the court held the plaintiff could use a Montana statute requiring the defendant to safely secure a mine shaft as the applicable duty for the defendant's conduct.  *Id*. at 28–29.  *Conway* has not been reversed, and in it, the court noted that whether or not a statute could be used for negligence per se depended on "the nature of the duty enjoined, and the benefits to be derived from its performance." *Id.* at 28.

The proposition expressed over a hundred years ago in *Conway*, i.e., use of a statute for negligence per se depends upon the duty enjoined and the benefits to be derived from the statute's performance, was expressed again in *Doyle v Clark*, 254 P.3d 570, 577 (Mont. 2011) .  According to the *Doyle* court: "if the statute in question **may be enforced only by the state**, a private individual may not attempt to recover for violation of the statute under a negligence per se claim."  *Id.* (emphasis added).

Plaintiffs' negligence per se claims allege that the Defendants' Montana clergy breached the standard of care owed to the Plaintiffs by failing to comply with the MRS, which provided:

> Any physician who examines, attends or treats a person under the age of majority, or any nurse, teacher, social worker, attorney or law enforcement officer or any other person who has reason to believe that a child has had serious injury or injuries inflicted upon him or her as a result of abuse or neglect, or has been willfully neglected **shall report the matter promptly** to the department of social and rehabilitation

services, its local affiliate, and the county attorney of the county
where the child resides.

R.C.M. § 10-1304 (emphasis added).[2]

The MRS is a valid statute for use in a negligence per se claim under both
*Conway* and *Doyle*.  First, the MRS fits into the category of cases recognized by
the *Conway* court as providing a private cause of action because it imposed a duty
"to persons of a particular class", i.e., children who had been harmed by abuse.
132 P. at 28.  Second, the MRS also satisfies *Doyle* because it is not a statute that is
"enforced only by the state."  254 P.3d at 577.  In fact, the MRS has no
enforcement provisions for when a person fails to report abuse of a minor.  *See*
R.C.M. §§ 10-1301–1322.

> ### b. The reasoning in *Doyle* does not apply to the MRS because it does not include enforcement provisions when a person fails to report known abuse.

Citing *Doyle*, Defendants ask the Court to dismiss Plaintiffs' negligence per
claims by concluding that the MRS is not the type of statute that allows for a
private cause of action.  Defendants' position is unsupportable because the
reasoning in *Doyle* only applies to statutes imposing duties "enforced only by the
state."  254 P.3d at 577.   In particular, the statute at issue in *Doyle* was the

---

[2] All of Plaintiffs' negligence per se claims are based on the failure of Defendants'
Montana clergy to report Hain and Mapley, Sr. to secular authorities while R.C.M.
§ 10-1304 was in effect.  No claims of negligence per se are alleged under
subsequent mandatory reporting statutes.

Recycling and Disposal Act (MVRDA), which imposed duties on landowners regarding storage of junk. *Id*. at 573. Importantly, the MVRDA explicitly delegated both criminal and administrative enforcement for violations of those duties directly to the state. *Id*. at 577. The MVRDA contained a "Penalties" section that set forth criminal and administrative consequences for violating its provisions and expressly stated: "The penalties provided for in this section are recoverable in an enforcement or collection action brought by the department." Mont. Code Ann. § 75-10-542(3). It was precisely because the MVRDA provided state enforcement of the junk storage duties in the MVRDA that the *Doyle* court determined it could not be used in a negligence per se claim. *Id*. at 577.

Unlike the MVRDA, the MRS has no enforcement provisions for when a person failed to properly report known child abuse to secular authorities. There are no penalty provisions in the MRS if a person fails to report abuse and there are no state actors authorized to enforce a failure to report child abuse as required by the MRS. *See* R.C.M. §§ 10-1301–1322. None of the statutory enforcement provisions which rendered the MVRDA unfit for a negligence per se claim in *Doyle* exist in the MRS.

Rather than acknowledge that the MRS has no state enforcement provisions when a person breached the duty to report sexual abuse, Defendants reference numerous, irrelevant R.C.M. sections. For instance:

➢ Defendants cite a social worker's duty to investigate reports of known child abuse, R.C.M. § 10-1305.

➢ Defendants cite the county attorneys' duty to file petitions alleging abuse, R.C.M. § 10-1310.

➢ Defendants cite the duty of various state agencies to provide for protective services, R.C.M. § 10-1315.

Defs.' Br. at 14.  None of the provisions authorize the state to enforce violations of the mandatory reporting requirement in the MRS.  Defendants cannot point the Court to a single enforcement provision that the state may employ if a person violated the duty to report known child abuse to secular authorities.  That is because there are none, and the reasoning in *Doyle* does not apply to this case.

### c. Defendants are asking this Court to apply law unrelated to negligence per se to Plaintiffs' negligence per se claim.

Separate and apart from negligence per se, Montana law recognizes a distinct cause of action that permits private individuals to enforce certain types of statutes against other parties.  *See e.g. Wombold v. Associates Fin. Services Co. of Montana, Inc.*, 104 P.3d 1080, 1085 (Mont. 2004), *overruled on other grounds, Essex Ins. Co. v. Moose's Saloon, Inc.*, 166 P.3d 451 (Mont. 2007) (quoting *Cannon v. Univ. of Chicago*, 441 U.S. 677, 694 (1979)); *Mark Ibsen, Inc. v. Caring for Montanans, Inc.*, 371 P.3d 446, 452 (Mont. 2016); *Larson v. State By and Through Stapleton*, 434 P.3d 241, 255 (Mont. 2019); *Faust v. Util. Sols.*, LLC, 173

P.3d 1183, 1185 (Mont. 2007).  In these types of cases, rather than filing a negligence per se claim, the plaintiff files a claim under the authority of a statute seeking to enforce that statute against someone else.  *Id*.  These are not negligence per se cases.

Defendants wrongly ask this court to apply these *private enforcement of statute* cases to Plaintiffs' negligence per se claims.  Defs.' Br. at 12–22.   But this case is not a *private enforcement of statute* case because Plaintiffs have not filed claims under the authority of the MRS seeking to enforce the mandatory reporting requirement against the Defendants, i.e., Plaintiffs are not seeking an order requiring Defendants to make a report about Hain and Mapley, Sr..  Such a claim would be useless at this point because both Hain and Mapley Sr. already engaged in additional child sexual abuse.  The Court should not apply the *private enforcement of statute* cases cited by Defendants to Plaintiffs' negligence per se claims because there is no legal basis to do so, and it would constitute plain error.

However, even if the *private enforcement of statute* cases applied to Plaintiffs' negligence per se claims the outcome would be the same.  In particular, when the statutes in those cases left a gap in their means of enforcement, like the MRS here, the claims were deemed valid.  As the Montana Supreme Court noted in *Larson*:

> the Legislature is presumed as a matter of law to be "aware of the doctrine of implied statutory causes of action" when it acts.  In order

to avoid a "meaningless" construction of a statute, courts must
presume that the Legislature would not enact a statute protecting or
benefitting "an identifiable class without enabling members of th[e]
class to enforce" the rights or protections afforded by the statute.

434 P.3d at 256 (quoting *Wombold*, 104 P.3d at 1085). In such cases, "Without an
implicit creation of a remedy, the statute is meaningless." *Wombold*, 104 P.3d at
1085. As such, if the Court is inclined to graft the *private enforcement of statute*
analysis on to Plaintiffs' negligence per se claims, to avoid the absurd and
meaningless result of a duty without a remedy, the Court should interpret the MRS
as providing a valid basis for Plaintiffs' negligence per se claims.

## II.    Defendants can be held vicariously liable for the negligence per se of their designated agents in Montana. [3]

It is black letter law that corporate principals, like the Defendants, are liable
for the negligence of their agents. Mont. Code Ann. § 28-10-602; *H-D Irrigating*,
8 P.3d at 106 ("A principal is liable for wrongs committed by an agent while the

---

[3] For purposes of their Motion, Defendants do not contest that at all relevant times
their designated Montana clergy (local elders and traveling overseers) were
Defendants' agents acting within the course and scope of their agency. For
instance, there is no argument in Defendants' brief regarding agency or scope of
agency, and there are no alleged "undisputed facts" regarding agency of scope of
agency in Defendants' Statement of Undisputed Facts. Rather, Defendants
maintain the arguments in their brief entitle them to relief, assuming arguendo,
their officials were agents acting within the course and scope of their agency.
Defs.' Br. at 23, 25. Nevertheless, in the event Defendants argue on Reply that
Plaintiffs cannot prove agency, Plaintiffs' Statement of Disputed Facts includes
citation to some of the evidence that does so. Plfs.' Statement of Disp. Facts, ¶¶ 1–
4 (hereinafter "SDF").

agent acts within the scope of his employment."). The law recognizes such vicarious liability because "when the servant acts it is as if the master were acting." *Kornec,* 180 P.2d at 256. Vicarious liability is based on the idea that a servant is in such close relation to, and under such control of, its principle that its wrongful conduct is effectively that of the principle. Restatement (Second) of Agency § 219 (1958) (Cmt. On Subsection (1)); 57B Am. Jur. 2d Negligence § 1018. The Montana Supreme Court has noted that vicarious liability for tortious conduct is "especially applicable 'where the master is absent'". *Staff v. Montana Petroleum Co.*, 291 P. 1042, 1045 (Mont. 1930).

> **a. If Plaintiffs prove that Defendants' Montana clergy were negligent per se for violating the MRS that negligence is imputed as a matter of law to the Defendants.**

Defendants' Motion asks this Court to ignore Montana's vicarious liability and agency law. There is no basis for the Court to do so. That law exists, the MRS does not abrogate that law, and it applies to Plaintiffs' negligence per se claims. Therefore, if Plaintiffs can prove that Defendants' agents were negligent per se then the Defendants are liable for that tortious conduct.

Corporations can only act through their agents, they are deemed to have the knowledge of their agents, and they are liable for the tortious acts and omissions of their agents. *Maki v. Anaconda Copper Mining Co.*, 287 P. 170, 173 (Mont. 1930); *see also Daly v. Swift 7 Co.*, 300 P. 265, 268 (Mont. 1931); Mont. Code Ann. § 28-

10-602; Mont. Pattern Instruction 2d 10.03; *Stricker v. Blaine Cnty.*, 453 P.3d 897, 902 (Mont. 2019); *Dick Irvin Inc. v. State*, 310 P.3d 524, 532 (Mont. 2013); *H-D Irrigating*, 8 P.3d at 106; *Peterson*, 773 P.2d at 318.  The applicable Ninth Circuit jury instruction echoes this same principle:

> Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

4.2 Liability of Corporations – Scope of Authority Not in Issue, Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit.

Here, the Plaintiffs' evidence establishes that the Defendants trained and instructed their Montana clergy to keep the child sexual abuse committed by Hain and Mapley, Sr. secret rather than to report it to secular authorities.  SDF ¶¶ 3, 4c, 4d, 5, 6.  Defendants' Montana clergy did as they were trained and instructed in violation of their duty to the Plaintiffs under the MRS.  SDF ¶¶ 9, 15.  This conduct constitutes negligence per se and as a matter of law that conduct is deemed to be the conduct of the Defendants.  Mont. Code Ann. § 28-10-602; Mont. Pattern Instruction 2d 10.03; *Stricker*, 453 P.3d at 902; *Dick Irvin*, 310 P.3d at 532; *H-D Irrigating*, 8 P.3d at 106; *Peterson*, 773 P.2d at 318.

### b. Violations of the MRS by Defendants' Montana clergy is imputed to the Defendants.

Defendants argue that Plaintiffs' negligent per se claim should be dismissed because they cannot prove that Defendants violated the MRS.  Defs.' Br. at 22. Defendants' argument misconstrues Plaintiffs' claim and ignores Montana's vicarious liability and agency law.  *See generally,* Mont. Code Ann. § 28-10-602. The proper question is whether Plaintiffs can prove that Defendants' agents violated the MRS.  If Plaintiffs prove that violation, then that conduct is imputed to the Defendants under principles of vicarious liability and agency.  Mont. Code Ann. § 28-10-602; Mont. Pattern Instruction 2d 10.03; *Stricker*, 453 P.3d at 902; *Dick Irvin*, 310 P.3d at 532; *H-D Irrigating,* 8 P.3d at 106; *Peterson*, 773 P.2d at 318.

///

///

///

///

///

///

///

///

///

Here, Plaintiffs can establish that Defendants' Montana clergy knew about
Hain and Mapley, Sr.'s sexual abuse of minors and failed to report it to the
Montana department of social and rehabilitation services in violation of the MRS.
SDF ¶¶ 8, 9, 14, 15.  This constitutes a violation of the MRS and under applicable
law this violation is imputed to the Defendants.  Mont. Pattern Instruction 2d
10.03; Mont. Code Ann. § 28-10-602(1).[4]

### c.  The MRS regulated Defendants through their agents.

Defendants argue that Plaintiffs' negligence per se claim should be
dismissed because the MRS does not regulate corporations.  While Plaintiffs do not
concede that the MRS does not regulate corporations, Defendants again
misconstrue the nature of Plaintiffs' negligence per se claim, which alleges
Defendants are vicariously liable for the tortious conduct of their Montana clergy.
Thus, the relevant question is whether the MRS was intended to regulate the
conduct of Defendants' designated Montana clergy, who knew about Hain and
Mapley, Sr.'s sexual abuse of minors but chose not to report it?  The answer is
clearly, "yes" because the MRS regulates any person who had reason to believe a

---

[4] Plaintiffs can also establish that the Defendants ratified the decision of their
Montana agents not to report Hain's and Mapley, Sr.'s child sexual abuse because
that is exactly what the Defendants taught them to do.  *See* Mont. Code. Ann. § 28-
10-602(2).

minor had been injured by the sexual abuse of Hain and Mapley, Sr.  R.C.M. § 10-1304.

Defendants also fail to recognize that the term "person" in the MRS includes corporations.  Mont. Code Ann. § 1-1-201 (1976) (definition of "person" in the Montana code includes corporations); *see also SJL of Montana Assocs. Ltd. P'ship. v. City of Billings*, 867 P.2d 1084, 1087 (1993) ("when a word is defined in the code, that definition is applicable to other parts of the code except where the contrary is plainly indicated.").  The applicable Ninth Circuit pattern instruction leads to the same conclusion, noting that "[u]nder the law, a corporation is considered to be a person."  Manual of Model Civ. Jury Instrs., 4.2 Liability of Corporations – Scope of Authority Not in Issue.  Thus, with regard to the MRS, the Court may certainly conclude that Defendants are "persons" who had knowledge of reportable abuse through the knowledge of their designated Montana clergy, and they are therefore within the classification regulated by the MRS.  *See Palmer v. Great N. Ry. Co.,* 170 P.2d 768, 775–76 (Mont. 1946) (a corporation is charged with knowledge of all material facts acquired by its agents acting in the scope of their authority).

### d. *Cooper* does not apply because Defendants' Montana clergy chose not to report Hain and Mapley, Sr. at the direction of the Defendants.

Defendants ask the court to rely on an Arkansas case, *Cooper Clinic, P.A. v. Barnes*, , as a basis for dismissing Plaintiffs' negligence per se claims.  Defs.' Br. at 25 (citing 237 S.W.3d 87, 91–93 (Ark. 2006)).  As an initial matter, Defendants fail to establish how or why courts applying Montana law should be bound by an Arkansas case.  But more importantly, a close look at *Cooper* reveals that the vicarious liability reasoning does not apply to this case.

In *Cooper*, the Arkansas Supreme Court determined that a health clinic was not vicariously liable for the decision of a doctor who failed to report suspected child abuse because the doctor's decision was deemed outside of the "object and purpose" of the doctor's employment at the clinic.  237 S.W.3d at 93 (Ark. 2006). In coming to its vicarious liability conclusion, the *Cooper* court specifically found that the doctor's decision not to report was made "exclusively in [her] interest" and not the clinic's interest.

In contrast to *Cooper*, the evidence in this case is that Defendants trained and instructed their Montana agents to keep their knowledge of Hain's and Mapley, Sr.'s child sexual abuse secret.  SDF ¶¶ 3, 4c, 4d, 5, 6. The factual distinction is critical because the *Cooper* court's vicarious liability conclusion was based solely on the factual determination that when the doctor chose not to report

she was acting purely in her own interest and not that of the clinic's.  That is

definitively not the case here, where Defendants' Montana clergy chose not to

report because they were instructed to keep knowledge of abuse by Hain and

Mapley, Sr. confidential.  Thus, when Defendants' Montana clergy chose not to

report Hain and Mapley, Sr. to secular authorities they were directly serving the

Defendants' interests.[5]  Thus, the reasoning applied by the *Cooper* court does not

apply to Plaintiffs' vicarious liability claims in this case.

### e.  Duties owed to the Plaintiffs under the MRS.

Defendants' Brief wrongly states that "[t]he Court should grant summary

judgment to WTNY and WTPA because the reporting statute does not create

vicarious liability."  Defs.' Br. at 27.  The MRS did not need to "create" vicarious

liability because vicarious liability exists in Montana independent from the MRS.

Mont. Code Ann. § 28-10-602; Mont. Pattern Instruction 2d 10.03; *Stricker*, 453

---

[5] Plaintiffs searched and did not find Montana cases discussing the vicarious
liability of a principal for the negligence per se of an agent who violates a
mandatory reporting statute.  However, a Michigan case is instructive as to how the
issue would be resolved under Montana law.  In *Lee v. Detroit Medical Center*,
285 Mich. App. 51, 775 N.W.2d 326 (2009), the Michigan intermediate appellate
court concluded that where a mandatory reporting statute did not explicitly abolish
the already established, independent legal doctrine of vicarious liability, it could
not do so by implication.  775 N.W.2d 326, 255 (Mich. 2009).  The same principle
holds true in Montana.  Vicarious liability is an independently established legal
doctrine by which Plaintiffs can hold Defendants liable for the tortious conduct of
their agents.  Here, the Defendants fail to provide any legal support for their
argument that vicarious liability law in Montana does not apply to Plaintiffs'
negligence per se claims.

P.3d at 902; *Dick Irvin*, 310 P.3d at 532; *H-D Irrigating,* 8 P.3d at 106; *Peterson*, 773 P.2d at 318.  The MRS did not abolish vicarious liability.  *Strzelczyk v. Jett*, 870 P.2d 730, 732 (Mont. 1994) (the Montana Supreme Court will not read things into statutes that are not there).

As a result, the question is whether the MRS placed a duty on the Defendants' Montana clergy who learned that Hain and Mapley, Sr. had sexually abused minors.  There is no question that it did so; the MRS placed an affirmative duty on any person who learned that a minor had been injured by abuse to report it to secular authorities.  R.C.M. 10-1304.

### f.  The statute reviving Plaintiffs' claims has no bearing on the question before the Court.

In 2019, the Montana legislature passed a law reviving child sexual abuse claims against:

> any entity that owed a duty of care to the plaintiff, where a wrongful or negligent act by an employee, officer, director, official, volunteer, representative, or agent of the entity was a legal cause of the childhood sexual abuse that resulted in the injury to the plaintiff.

Mont. Code Ann. § 27-2-216(3).  Thus, for Plaintiffs' claims to be revived under Section 27-2-216(3), Plaintiffs must show that: (1) the Defendants are an entity that owed them a duty of care; and (2) that a wrongful or negligent act by Defendants' agent was the legal cause of childhood sexual abuse resulting in an injury.

Section 27-2-216(3) does not affect or implicate whether Plaintiffs' negligence per se claims are recognized by Montana law.  To the extent Defendants imply that Plaintiffs must satisfy Section 27-2-216(3) in order to pursue *any* claims in this case, they fail to make such argument or allege undisputed facts entitling them to such relief.  Nevertheless, Plaintiffs can certainly satisfy Section 27-2-216(3).

First, Defendants trained and instructed their Montana clergy to intercede and handle any problems in the lives of congregation members, including handling reports of child molestation.  SDF ¶¶ 3, 4c, 4d, 5, 6.  Defendants then trained and instructed those Montana clergy to keep reports of child sexual abuse confidential which permitted both Hain and Maply, Sr. to continue sexually abusing minors in Hardin, including Plaintiffs.  SDF ¶¶ 3, 4c, 4d, 5, 6.  By virtue of doing so, the Defendants chose to accept the duty to protect Plaintiffs from known child molesters Hain and Mapley, Sr.  *See, e.g., Maryland Casualty Co. v. Asbestos Claims Court*, 460 P.3d 882, 894 (Mont. 2020) (a defendant owes the plaintiff a duty of care if the harm at issue is "reasonably foreseeable under the circumstances and it comports with public policy).  Second, Plaintiffs can prove that Defendants' agents acted wrongfully and negligently when they failed to take action to protect Plaintiffs from known child molesters Hain and Mapley, Sr., and that this conduct was the cause of childhood sexual abuse and injury.  SDF ¶¶ 8–16.

III.    **Defendants' Proximate Cause Argument Is Not a Valid Basis for Summary Judgment.**

Defendants argue that they are entitled to summary judgment on Plaintiffs' negligence per se claims because "Plaintiffs do not allege that Gunner Haines abused them after he confessed to the elders." Defs.' Br. at 28. To begin with, Defendants' argument does not seek dismissal of negligence per se claims based on the failure to report Mapley, Sr. Thus, Defendants' *proximate cause* argument is limited only to Hain's sexual abuse. More fundamentally, questions of causation are questions of fact and are not susceptible to summary judgment. *Craig v. Schell*, 975 P.2d 820, 822 (1999). That principle is especially true here.

a.   **Defendants' Montana Clergy Had a Reason to Report Hain under the MRS no later than 1976**

Defendants are not entitled to summary judgment on *proximate cause* related to Hain's abuse because they do not establish an undisputed date that their Montana clergy had reason to report Hain under the MRS. Instead, they refer to an allegation in Plaintiffs' Complaint that Hain confessed "around 1979." ECF No. 304 at ¶ 7. First, this is not an accurate recitation of Plaintiffs' Complaint. ECF No 22 at ¶ 39. But even if it was, it does not create an undisputed fact about when Defendants' Montana clergy had a duty to report Hain.

In truth, Plaintiffs do not know – and Defendants do not assert - the first date that Defendants' Montana clergy "had reason" to report Hain to secular authorities

for sexually abusing minor girls in the Hardin Congregation because Defendants insist on withholding this information from Plaintiffs.  SDF ¶ 17.  Defendants are not permitted to withhold what they know about when their Montana clergy first learned of Hain's sexual abuse and then use Plaintiffs' lack of knowledge of these dates as a sword to try and escape liability.  *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003).[6]

Moreover, Plaintiffs' evidence establishes that Defendants' Montana clergy had reason to report Hain as early as 1974, and no later than 1976.  SDF ¶ 8.  This predates his abuse of both Plaintiffs.  SDF ¶¶ 10, 11.  Therefore, Plaintiffs' can establish *proximate cause* and Defendants' argument has no merit on summary judgment.

## IV.   Additional Basis to Deny Defendants' Motion

There are additional reasons for the Court to deny or delay resolution of Defendants' Motion.

---

[6] As stated in *Bittaker*, such use of privileged evidence is specifically prohibited by the "fairness principle" which provides that parties who may enjoy the ability to exercise a privilege get a choice to either: (1) exercise that privilege; or (2) make arguments that rely on the privileged information, but they don't get to do both because it would obviously be unfair to allow a party to withhold evidence and then pursue a dispositive outcome based on the absence of that evidence.

### a. Defendants are not entitled to withhold material evidence and make arguments for dispositive relief implicating that evidence.

Defendants continue to withhold material evidence regarding the sexual abuse that is at issue in this case, including evidence that may bear on what Defendants knew and when they knew it.  For instance, WTNY is withholding numerous documents pertaining to the sexual abuse perpetrated by Hain and Mapley, Sr.  SDF ¶ 17.  Even in documents that they were forced to produce WTNY is still withholding material evidence through redactions.  SDF ¶ 17.  The same is true of documents Plaintiffs sought from the Hardin Congregation.  SDF ¶ 17.

Basic principles of fairness have been adopted by courts to prevent parties from simultaneously withholding material evidence and pursuing arguments that implicate such evidence.  *Bittaker*, 331 F.3d at 719.  Here, Defendants ask the Court to dismiss Plaintiffs negligence per se claim arguing that Plaintiffs cannot prove that they were abused after the duty to report Hain to secular authorities arose.  Defs.' Br. at 28.  This argument directly implicates the details of when Plaintiffs were abused by Hain, and when the Defendants' Montana clergy had reason to report Hain to secular authorities.  To the extent that any of the evidence still being withheld by Defendants bears on these factual questions, Defendants either need to produce it or abandon their argument.  The law does not permit

Defendants to pursue dispositive relief or make arguments implicating the evidence that they refuse to produce. *Bittaker*, 331 F.3d at 719.

### b. Defendants sanctionable conduct, including spoliation of evidence.

Plaintiffs anticipate filing one or more motions by the dispositive motion deadline (April 12, 2024) seeking relief for sanctionable conduct, including relief for the spoliation of evidence that may bear on what Defendants and their Montana clergy knew about the sexual abuse at issue in this case and when they knew it. Plaintiffs therefore request that the Court withhold consideration of Defendants' present Motion until Plaintiffs' anticipated motion(s) are before the Court.

## CONCLUSION

Defendants trained and instructed their Montana clergy to keep information about Hain's and Mapley, Sr.'s sexual abuse of minors confidential. Following this guidance, Defendants' Montana clergy chose not to report Hain and Mapley, Sr. to Montana secular authorities. This breached a clear statutory duty owed to the Plaintiffs to protect them from Hain's and Mapley, Sr.'s abuse and constitutes negligence per se. Under Montana law, Plaintiffs' claims are valid, and Defendants' Motion should be denied.

DATED this 6th day of February, 2024.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP
*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 6,119 words, excluding the caption, certificates of service, and compliance, table of contents, and authorities, and exhibit index.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*