*Exhibit A*

MONTANA
STATE LAW LIBRARY

# REVISED CODES

## OF

# MONTANA

### VOLUME 1

### Part 1

### 1974 Cumulative Pocket Supplement

*Containing*

THE 1972 CONSTITUTION OF THE STATE OF MONTANA AND
AMENDMENTS TO PROVISIONS AND NEW PROVISIONS
APPROVED SINCE PUBLICATION OF REPLACEMENT
VOLUME 1 (PART 1) OF THE 1947 REVISED CODES

ANNOTATIONS SUPPLEMENTING REPLACEMENT VOLUME 1
(PART 1) THROUGH VOLUME 518, PACIFIC
REPORTER (2ND SERIES)

AND

PARALLEL REFERENCE TABLES SUPPLEMENTING
REPLACEMENT VOLUME 1 (PART 1)

*Edited by*

MALCOLM K. McCLINTICK, A.B., J.D.

and

THE PUBLISHERS' EDITORIAL STAFF

*Editorial Supervisor*

WESLEY W. WERTZ

**THE ALLEN SMITH COMPANY**

Publishers

Indianapolis, Indiana 46202



10-1315.   Responsibility of providing protective services.
10-1316.   [Transferred from Chapter 5.]
10-1317.   License required.
10-1318.   Issuance of license—authority of issuing agency.
10-1319.   [Transferred from Chapter 5.]
10-1320.   Payment for board, clothing, personal needs, and room of dependent and neg-
           lected children—reimbursement by county.
10-1321.   Recovery from parents—division between state and county.
10-1322.   Punishment of parents and other adults.

**10-1300.   Declaration of policy.**  It is hereby declared to be the policy of the state of Montana:

(1)   to ensure that all youth are afforded an adequate physical and emotional environment to promote normal development;

(2)   to compel in proper cases the parent or guardian of a youth to perform the moral and legal duty owed to the youth;

(3)   to achieve these purposes in a family environment whenever possible; and

(4)   to preserve the unity and welfare of the family whenever possible.

**History: En. 10-1300 by Sec. 1, Ch. 328,**
**L. 1974.**

**Title of Act**
An act for the general revision of the

laws relating to abused, neglected and de-
pendent children or youth; and repealing
sections 10-501 through 10-519, R. C. M.
1947.

**10-1301.   Definitions.**  (1)   "Child" or "youth," for purposes of this act, means any person under eighteen (18) years of age.

(2)   "Abuse" or "neglect" means:

(a)   The commission or omission of any act or acts which materially affect the normal physical or emotional development of a youth, any excessive physical injury, sexual assault or failure to thrive, taking into account the age and medical history of the youth, shall be presumptive of "material affect" and nonaccidental; or

(b)   The commission or omission of any act or acts by any person in the status of parent, guardian or custodian who thereby and by reason of physical or mental incapacity or other cause, refuses, or with state and private aid and assistance is unable to discharge the duties and responsibilities for proper and necessary subsistence, education, medical or any other care necessary for his physical, moral and emotional well-being.

(3)   "Dependent youth" means a youth who is abandoned, dependent upon the public for support, and who is destitute or is without parents or guardian or under the care and supervision of a suitable adult or who has no proper guidance to provide for his necessary physical, moral and emotional well-being. A child may be considered dependent and legal custody transferred to a licensed agency if the parent or parents voluntarily relinquish custody of said child.

(4)   "Youth in need of care" means a youth who is dependent or is suffering from abuse or neglect within the meaning of this act.

**History: En. 10-1301 by Sec. 2, Ch. 328,**
**L. 1974.**

### DECISIONS UNDER FORMER LAW

**Fitness of Parents**

Evidence of mother's use of welfare funds to supply her alcoholic needs, lack of medical care for her children, threats to kill the children and other failures to make proper provision for the children,

warranted a finding that the children were neglected and the entry of an order committing them to custody of the state. In re Corneliusen, — M —, 494 P 2d 908.

A child was properly found dependent and neglected based on mother's declaration in waiver and the consent to adoption that she could not provide care and guidance and could not perform duties of a parent. Application of Hendrickson, — M —, 496 P 2d 1115.

Minor children were dependent and neglected within meaning of the statutory definition, notwithstanding possible fitness of natural mother for their custody, where she had acquiesced and permitted them to remain in care and custody of welfare department. In re Bad Yellow Hair, — M —, 509 P 2d 9, 12.

**10-1302.   Jurisdiction and venue.**   (1)  In all matters arising under this act, the youth court shall have concurrent jurisdiction with the district courts over all youths who are within the state of Montana for any purpose, or any youth or other person subject to this act who under a temporary or permanent order of the court has voluntarily or involuntarily removed himself from the state or the jurisdiction of the court, or any person who is alleged to have abused, neglected or caused the dependency of a youth who is in the state of Montana for any purpose.

(2)  Venue shall be determined pursuant to section 10-1207, R. C. M. 1947.

History:  En. 10-1302 by Sec. 3, Ch. 328, L. 1974.

**10-1303.   Declaration of policy.**   It is the policy of this state to provide for the protection of children whose health and welfare are adversely affected and further threatened by the conduct of those responsible for their care and protection. It is intended that the mandatory reporting of such cases by professional people and other community members to the appropriate authority will cause the protective services of the state to seek to prevent further abuses, protect and enhance the welfare of these children, and preserve family life wherever possible.

History:  En. Sec. 1, Ch. 178, L. 1965; amd. Sec. 1, Ch. 292, L. 1973; Sec. 10-901, R. C. M. 1947; redes. 10-1303 by Sec. 14, Ch. 328, L. 1974.

Amendments

The 1973 amendment rewrote this section which read: "It is the policy of this

state to provide for the protection of children who have had physical injury or willful neglect inflicted upon them and who, in the absence of appropriate reports concerning their condition and circumstances, may be further threatened by the conduct of those responsible for their care and protection."

**10-1304.   Reports.**   Any physician who examines, attends or treats a person under the age of majority, or any nurse, teacher, social worker, attorney or law enforcement officer or any other person who has reason to believe that a child has had serious injury or injuries inflicted upon him or her as a result of abuse or neglect, or has been willfully neglected, shall report the matter promptly to the department of social and rehabilitation services, its local affiliate, and the county attorney of the county where the child resides. This report shall contain the names and addresses of the child and his or her parents or other persons responsible for his or her care; to the extent known, the child's age, the nature and extent of the child's injuries, including any evidence of previous injuries, and any other information that the maker of the report believes might be helpful in establishing the cause of the injuries or showing the willful neglect and the identity of person or persons responsible therefor; and the facts which led the per-

271

son reporting to believe that the child has suffered injury or injuries, or willful neglect, within the meaning of this act.

History: En. Sec. 2, Ch. 178, L. 1965; amd. Sec. 2, Ch. 292, L. 1973; Sec. 10-902, R. C. M. 1947; redes. 10-1304 by Sec. 14, Ch. 328, L. 1974.

Amendments

The 1973 amendment substituted "physician" at the beginning of the section for "licensed physician and surgeon, resident or intern"; substituted "any nurse, teacher, social worker, attorney or law enforcement officer or any other person" in the first sentence for "any registered nurse, practical nurse, any visiting nurse, any schoolteacher, or any social worker

acting in his or her official capacity"; inserted "the department of social and rehabilitation services, its local affiliate, and" before "the county attorney" near the end of the first sentence; substituted "where the child resides" at the end of the first sentence for "where such examination is made or such child is located"; deleted from the end of the first sentence a proviso relating to reports through the head of an institution; deleted from the beginning of the second sentence a clause requiring reduction to writing of reports initially made verbally; and made minor changes in phraseology.

**10-1305. Action on reporting.** If from said report it shall appear that the child suffered such injury or injuries or willful neglect, the social worker shall conduct a thorough investigation into the home of the child involved and into the circumstances surrounding the injury of the child and into all other matters which, in the discretion of the social worker, shall be relevant and material to the investigation. If from the investigation it shall appear that the child suffered such injury or injuries or willful neglect, the department shall provide protective services to protect the child and preserve the family. The department will advise the county attorney of its investigation.

The investigating social worker shall also furnish a written report to the department of social and rehabilitation services who shall have the responsibility of maintaining a central registry on child abuse or willful neglect cases.

History: En. Sec. 3, Ch. 178, L. 1965; amd. Sec. 3, Ch. 292, L. 1973; Sec. 10-903, R. C. M. 1947; redes. 10-1305 by Sec. 14, Ch. 328, L. 1974.

Amendments

The 1973 amendment rewrote this section to provide for investigation by the social worker and protective services by the department rather than investigation by the county attorney.

## 10-1306, 10-1307.   [Transferred from Chapter 9.]

Compiler's Notes

These sections were originally numbered 10-904 and 10-905. Section 14, Ch. 328, Laws of 1974 renumbered them to appear

here. Because there has been no change in text, the sections are not reprinted here but may be found in bound Volume 1, part 2, as secs. 10-904 and 10-905.

**10-1308. Confidentiality.** The case records of the department of social and rehabilitation services, its local affiliate, the county welfare department, the county attorney and the court concerning actions taken under this act shall be kept confidential unless the court determines that they should be released.

History: En. 10-1308 by Sec. 4, Ch. 328, L. 1974.

**10-1309. Emergency protective service.** Any social worker of the department of social and rehabilitation services, the county welfare department, peace officer or county attorney who has reason to believe any youth is in immediate or apparent danger of violence or serious injury shall

have the authority to immediately remove the youth and place him in a protective facility. The department may make a request for further assistance from the law enforcement agency or take such legal action as may be appropriate.

A petition shall be filed within forty-eight (48) hours of emergency placement of a child unless arrangements acceptable to the agency for the care of the child have been made by the parents.

The department of social and rehabilitation services and the county welfare department shall comply with the judicial procedures set forth in section 10-1305, R. C. M. 1947.

The department of social and rehabilitation services and the county welfare department shall make such necessary arrangements for the youth's well-being as are required prior to the court hearing.

History: En. 10-1309 by Sec. 5, Ch. 328,
L. 1974.

**10-1310. Petitions.** (1)   The county attorney shall be responsible for filing all petitions alleging abuse, neglect and dependency. He may require all state, county and municipal agencies, including law enforcement agencies, to conduct such investigations and furnish such reports as may be necessary.

(2)   Such petitions shall be given preference by the court in setting hearing dates.

(3)   A petition alleging abuse, neglect or dependency, is a civil action brought in the name of the state of Montana. The Rules of Civil Procedure shall apply except as herein modified. Proceedings under a petition shall not be a bar to criminal prosecution.

(4)   The parents or parent, guardian or other person or agency having legal custody of the youth named in the petition, if residing in the state, shall be served personally with a copy of the petition and summons at least five (5) days prior to the date set for hearing; if such person or agency resides out of state or is not found within the state, the Rules of Civil Procedure relating to service of process in such cases shall apply.

(5)   In the event service cannot be made upon the parents or parent, guardian or other person or agency having legal custody, the court shall appoint an attorney to represent the unavailable party where in the opinion of the court the interests of justice require.

(6)   Where a parent of the child is a minor notice shall be given to the minor parent's guardian and if there is no guardian the court shall appoint one.

(7)   Any person interested in any cause under this act shall have the right to appear.

(8)   Except where the proceeding is instituted or commenced by a representative of social and rehabilitation services, a citation shall be issued and served upon a representative of social and rehabilitation services prior to the court hearing.

(9)   The petition shall:

(a)   state the nature of the alleged abuse, neglect or dependency;

(b)   state the full name, age and address of the youth, his parents or guardian or person having legal custody of the youth;

(c)   state the names, addresses and relationship to the youth and all persons who are necessary parties to the action.

(10)   The petition may ask for the following relief:

(a)   temporary investigative authority and protective services;

(b)   temporary legal custody;

(c)   limited legal custody;

(d)   permanent legal custody, including the right to consent to adoption;

(e)   appointment of guardian ad litem;

(f)   any combination of the above or such other relief as may be required for the best interest of the youth.

(11)   The petition may be modified for different relief at any time within the discretion of the court.

(12)   The court may at any time on its own motion, or the motion of any party, appoint a guardian ad litem for the youth, or counsel for any indigent party.

(13)   This section shall not apply to a petition for temporary investigative authority and protective services.

**History:** En. 10-1310 by Sec. 6, Ch. 328, L. 1974.

### DECISIONS UNDER FORMER LAW

#### Jurisdiction Based on Service

District court had jurisdiction over petition by state seeking permanent custody and right to consent to adoption of three children despite the facts that proper citation was not issued or served on the parents, where father of one of the children had consented to the proceeding, father of other two children was deceased, mother who was represented by counsel appeared at the hearing voluntarily and the hearing on the petition in question was preceded by a series of hearings and postponements regarding temporary custody of the children. Bonser v. County of Cascade, — M —, 507 P 2d 1064.

#### Residence

Where child was taken from Indian reservation and abandoned outside the reservation, district court for the county where the child was found could take jurisdiction and provide for the child despite the fact that the mother remained on the reservation and committed no acts of neglect outside the reservation. In re Cantrell, — M —, 495 P 2d 179.

**10-1311.   Petition and order for temporary investigative authority and protective services.**   (1)   In cases where it appears that a youth is abused or neglected or is in danger of being abused or neglected the county attorney may file a petition for temporary investigative authority and protective services.

(2)   A petition for temporary investigative authority and protective services shall state the specific authority requested and the facts establishing probable cause that a youth is abused or neglected or is in danger of being abused or neglected.

(3)   The petition for temporary investigative authority and protective services shall be supported by an affidavit signed by the county attorney or a social and rehabilitation services report stating in detail the facts upon which the request is based.

(4)   Upon the filing of a petition for temporary investigative authority and protective services, the court may issue an order:

(a)  granting such relief as may be required for the immediate protection of the youth.

(b)  The order shall be served by a peace officer or a representative of the state social and rehabilitation services on the person or persons named therein.

(c)  The order shall require the person served to immediately comply with the terms thereof or upon failure to so comply to appear before the court issuing the order on the date specified and show cause why he has not complied with the order. Except as otherwise provided herein, the Rules of Civil Procedure shall apply.

(d)  Upon a failure to comply or show cause the court may hold the person in contempt or place temporary legal custody of the youth with the state social and rehabilitation services until further order.

(e)  The court may grant the following kinds of relief:

(i)  right of entry by peace officer or state social and rehabilitation services worker;

(ii)  medical and psychological evaluation of youth or parents, guardians, or person having legal custody;

(iii)  require the youth, parents, guardians or person having legal custody to receive counseling services;

(iv)  place the youth in temporary medical facility or facility for protection of the youth;

(v)  require the parents, guardian or other person having custody to furnish such services as the court may designate;

(vi)  such other temporary disposition as may be required in the best interest of the youth.

History: En. 10-1311 by Sec. 7, Ch. 328,
L. 1974.

**10-1312.  Hearing.**  (1)  In a hearing on a petition under section 10-1310, R. C. M. 1947, the court shall determine whether said youth is an abused, neglected or dependent child, and ascertain, as far as possible, the cause thereof.

(2)  The court shall hear evidence regarding the residence of the child, whereabouts of the parents, guardian or nearest adult relative, the financial ability of any such parents or parent, to pay the cost of care of the child, whether or how long the child has been maintained in whole or in part by public or private charity, and may take into consideration the report of the county welfare department filed with the clerk of the court, pursuant to section 10-1313, R. C. M. 1947.

(3)  In all civil and criminal proceedings relating to abuse, neglect or dependency the doctor-patient privilege and husband-wife privilege shall not apply to the extent any testimony relates to such matters.

History: En. 10-1312 by Sec. 8, Ch. 328,
L. 1974.

**10-1313.  Investigation of parents' financial ability.**  Whenever any petition is filed with the clerk of the district court alleging abuse, neglect or dependency, the clerk of such court shall immediately deliver to the county welfare department of the county in which the petition is filed, a

10-1314          CHILDREN AND CHILD WELFARE

copy of the petition with a notation thereon giving the day and time fixed by the court for hearing the petition. Upon receipt of such copy of petition the county welfare department shall make an investigation for the purpose of ascertaining whether the parent or parents, if any, of the child live within the county and the financial ability of such parent or parents, if any, to pay the cost of supporting the child in a foster home, and shall file with the clerk of such court, before the time fixed for the hearing, a written report of such investigation. If, upon hearing, the court finds and determines that the child has parents, or a parent, who is financially able to pay a part or the whole of such cost, and the child is ordered placed in a foster home, the court shall make an order requiring such parents, or parent, to pay such amount as the court may deem proper. A copy of the written report shall be provided to all parties to the proceeding before the time filed for hearing.

If the child is placed in a foster home, the state department of social and rehabilitation services shall pay one-half (½) of the cost thereof, and the county in which such child has residence shall pay the other one-half (½) thereof. Any amount collected from a parent or parents, when a child is placed in a foster home, shall be transmitted to the state department of social and rehabilitation services. The department shall then pay to the county one-half (½) of the amount so collected.

History: En. 10-1313 by Sec. 9, Ch. 328, L. 1974.

**10-1314. Judgment.** (1) If a youth is found to be abused, neglected, or dependent, the court may enter its judgment making any of the following dispositions to protect the welfare of the youth:

(a)   permit the youth to remain with his parents or guardian subject to those conditions and limitations the court may prescribe;

(b)   transfer legal custody to any of the following:

(i)   department of social and rehabilitation services;

(ii)   a child-placing agency willing and able to assume responsibility for the education, care and maintenance of the youth and which is licensed or otherwise authorized by law to receive and provide care of the youth; or

(iii)   a relative or other individual who, after study by a social service agency designated by the court, is found by the court to be qualified to receive and care for the youth;

(c)   order any party to the action to do what is necessary to give effect to the final disposition, including undertaking medical and psychological evaluations, treatment and counseling;

(d)   order such further care and treatment as the court may deem in the best interest of the youth.

(2)   Whenever the court vests legal custody in any agency, institution or department it shall transmit with the dispositional judgment copies of any medical report, and such other clinical, predisposition or other reports and information as may be pertinent to the care and treatment of the youth.

(3)   Any youth found to be abused, neglected or dependent may be committed to the Montana children's center, and if the center is unable to

276

receive the child, or if, for any other reason, it appears to be in the best interest of the child, the court may make such other disposition of the child as the court deems best for his social and physical welfare. The form of commitment shall be as follows:

### ORDER OF COMMITMENT

State of Montana, County of ..................... ss:

In the District Court for the ..................... Judicial District.

On the ............. day of ........., 19.... ..................... minor of this county, was charged on the petition of ..................... of county attorney of ..................... county, with being an abused or neglected or dependent child. Upon due proof I find that it is for the best interests of the child that he be taken from the custody of his parents, guardian or other person having custody of him.

The names, addresses and occupations of the parents are:

| Name | Address | Occupation |
|------|---------|------------|
| ....................................................................................................................................... | | |
| ....................................................................................................................................... | | |

The child's guardian is ...............................................................................................

The child is in the custody of ......................................................................................

It is ordered that ..................... be committed to ..................... until discharged as provided by law.

Witness my hand this ............. day of ..................... A.D. 19.....

...............................................................
Judge

(4)   Transfer of legal custody of a child shall include guardianship of any assets or estate of the child, unless otherwise specified by the court.

(5)   Except in cases in which the court permanently terminates all parental rights or rights of the guardian of the youth, the court shall retain jurisdiction over the case and may subsequently modify any disposition ordered pursuant to this section.

**History: En. 10-1314 by Sec. 10, Ch. 328, L. 1974.**

### DECISIONS UNDER FORMER LAW

**Child's Best Interests**

Once a child has been found dependent and neglected, the primary concern is for the child's best interests and welfare, not that of the mother, and the fact that the mother's consent may have been obtained by undue influence does not necessarily invalidate a judgment awarding permanent custody to the welfare department with the power to consent to adoption. In re Bad Yellow Hair, — M —, 509 P 2d 9, 12.

**10-1315.   Responsibility of providing protective services.** The department of social and rehabilitation services and the county welfare department shall have the primary responsibility to provide the protective services authorized by this act and shall have the authority pursuant to this act to take temporary, limited or permanent custody of a child when ordered to do so by the court, including the right to give consent to adoption.

**History: En. 10-1315 by Sec. 11, Ch. 328, L. 1974.**

## 10-1316.  [Transferred from Chapter 5.]

**Compiler's Notes**

This section was originally numbered 10-520. Section 14, Ch. 328, Laws of 1974 renumbered it to appear here. Because there has been no change in text, the section is not reprinted here but may be found in bound Volume 1, part 2, as sec. 10-520.

**10-1317.  License required.**  No person shall maintain or operate a foster or boarding home for any child or children within the meaning of this act without first securing a license in writing from the state department of social and rehabilitation services. No fee shall be charged for such license.

**History: En. Sec. 2, Ch. 178, L. 1947; amd. Sec. 47, Ch. 121, L. 1974; Sec. 10-521, R. C. M. 1947; redes. 10-1317 by Sec. 14, Ch. 328, L. 1974.**

**Amendments**

The 1974 amendment substituted "state department of social and rehabilitation services" for "state department of public welfare."

**10-1318.  Issuance of license—authority of issuing agency.**  The state department of social and rehabilitation services is hereby authorized to issue licenses to persons conducting boarding or foster homes and to prescribe the conditions upon which such licenses shall be issued, and making such rules and regulations as it may deem advisable for the operation and regulation of foster and boarding homes for minor children consistent with the welfare of such children. Such licensing agency shall have the power and authority to inspect all such licensed foster and boarding homes through its duly authorized representatives and to cancel licenses theretofore issued for the failure to observe such rules and regulations. The person operating such homes shall give to such representative such information as may be required and afford them every reasonable facility for observing the operation of such homes.

**History: En. Sec. 3, Ch. 178, L. 1947; amd. Sec. 47, Ch. 121, L. 1974; Sec. 10-522, R. C. M. 1947; redes. 10-1318 by Sec. 14, Ch. 328, L. 1974.**

**Amendments**

The 1974 amendment substituted "The state department of social and rehabilitation services" for "The division of child welfare services of the state department of public welfare" at the beginning of the section.

## 10-1319.  [Transferred from Chapter 5.]

**Compiler's Notes**

This section was originally numbered 10-523. Section 14, Ch. 328, Laws of 1974 renumbered it to appear here. Because there has been no change in text, the section is not reprinted here but may be found in bound Volume 1, part 2, as sec. 10-523.

**10-1320.  Payment for board, clothing, personal needs, and room of dependent and neglected children—reimbursement by county.**  Whenever agreements are entered into by the state department of social and rehabilitation services for placing dependent and neglected children in approved family foster homes or licensed private institutions, it shall be the duty of the state department to pay by its check or draft, each month, from any funds appropriated for that purpose, the entire amount agreed upon for board, clothing, personal needs, and room of such children.

On or before the twentieth of each month the state department shall present a claim to the county of residence of such children for one-half

the payments so made during the month. The county must make **reimburse-**ment to the state department within twenty days after such claim is presented.

History: En. Sec. 1, Ch. 48, L. 1949; amd. Sec. 1, Ch. 194, L. 1965; amd. Sec. 1, Ch. 264, L. 1971; amd. Sec. 48, Ch. 121, L. 1974; Sec. 10-524, R. C. M. 1947; redes. 10-1320 by Sec. 14, Ch. 328, L. 1974.

**Amendments**

The 1974 amendment substituted "state department of social and rehabilitation services" for "department of public welfare" in the first paragraph.

**10-1321. Recovery from parents—division between state and county.** In the event any recovery is made from the parent or parents of children for whom board, clothing, personal needs and room has been paid by the state and county any amount so recovered shall be divided equally between the state department and the county of residence of such child or children.

History: En. Sec. 2, Ch. 48, L. 1949; amd. Sec. 1, Ch. 264, L. 1971; Sec. 10-525, R. C. M. 1947; redes. 10-1321 by Sec. 14, Ch. 328, L. 1974.

**Amendments**

The 1971 amendment inserted "clothing, personal needs."

**10-1322. Punishment of parents and other adults.** (1) If the evidence indicates violation of the Criminal Code, it shall be the responsibility of the county attorney to file appropriate charges against the alleged offender.

(2) District court shall have original jurisdiction under this section.

History: En. 10-1322 by Sec. 12, Ch. 328, L. 1974.

**Repealing Clause**

Section 13 of Ch. 328, Laws 1974 read "Sections 10-501 through 10-519, R. C. M. 1947, are repealed."

# REVISED CODES

## OF

# MONTANA

### VOLUME 1

### Part 1

### 1977 Cumulative Supplement

*Containing*

THE 1972 CONSTITUTION OF THE STATE OF MONTANA AND
AMENDMENTS TO PROVISIONS AND NEW PROVISIONS
APPROVED SINCE PUBLICATION OF REPLACEMENT
VOLUME 1 (PART 1) OF THE 1947 REVISED CODES

ANNOTATIONS SUPPLEMENTING REPLACEMENT VOLUME 1
(PART 1) THROUGH VOLUME 557, PACIFIC
REPORTER (2ND SERIES)

AND

PARALLEL REFERENCE TABLES SUPPLEMENTING
REPLACEMENT VOLUME 1 (PART 1)

*Edited by*

THE PUBLISHERS' EDITORIAL STAFF

**THE ALLEN SMITH COMPANY**

Publishers

Indianapolis, Indiana 46202



History: En. Sec. 10, Ch. 427, L. 1971;
Sec. 10-1110, R. C. M. 1947; redes. 10-1251
by Sec. 51, Ch. 329, L. 1974; amd. Sec. 16,
Ch. 100, L. 1977.

Amendments

The 1977 amendment deleted "regula-
tions" before "and standards"; and made
minor changes in phraseology.

**10-1252.   Federal assistance.**  The department of institutions may make
application for and receive federal-aid money or other assistance which
might become available for programs in the nature of the one created by
10-1242 through 10-1252.

History: En. Sec. 11, Ch. 427, L. 1971;
Sec. 10-1111, R. C. M. 1947; redes. 10-1252
by Sec. 52, Ch. 329, L. 1974; amd. Sec. 17,
Ch. 100, L. 1977.

Amendments

The 1977 amendment made minor changes
in phraseology.

Separability Clause

Section 12 of Ch. 427, Laws 1971 read
"It is the intent of the legislative assem-
bly that if a part of this act is invalid,
all valid parts that are severable from the
invalid part remain in effect. If a part of
this act is invalid in one (1) or more of
its applications, the part remains in effect
in all valid applications that are severable
from the invalid applications."

CHAPTER 13—ABUSED, NEGLECTED AND DEPENDENT CHILDREN
OR YOUTH

Section
10-1300.   Declaration of policy.
10-1301.   Definitions.
10-1302.   Jurisdiction and venue.
10-1303.   Declaration of policy.
10-1304.   Reports.
10-1305.   Action on reporting.
10-1306, 10-1307.   [Transferred from Chapter 9.]
10-1308.   Confidentiality.
10-1309.   Emergency protective service.
10-1310.   Petitions.
10-1311.   Petition for temporary investigative authority and protective services.
10-1312.   Hearing.
10-1313.   Investigation of parents' financial ability.
10-1314.   Judgment.
10-1315.   Responsibility of providing protective services.
10-1316.   [Transferred from Chapter 5.]
10-1317.   License required.
10-1318.   Issuance of license—authority of issuing agency.
10-1319.   [Transferred from Chapter 5.]
10-1320.   Payment for support of dependent and neglected children—reimbursement
           by county.
10-1321.   Recovery from parents—division between state and county.
10-1322.   Punishment of parents and other adults.

**10-1300.   Declaration of policy.**  It is hereby declared to be the policy
of the state of Montana:

(1)   to ensure that all youth are afforded an adequate physical and
emotional environment to promote normal development;

(2)   to compel in proper cases the parent or guardian of a youth to
perform the moral and legal duty owed to the youth;

(3)   to achieve these purposes in a family environment whenever pos-
sible; and

(4)   to preserve the unity and welfare of the family whenever possible.

History: En. 10-1300 by Sec. 1, Ch. 328,
L. 1974.

Title of Act

An act for the general revision of the

laws relating to abused, neglected and dependent children or youth; and repealing

sections 10-501 through 10-519, R. C. M. 1947.

**10-1301. Definitions.** (1) "Child" or "youth", for purposes of this act, means any person under 18 years of age.

(2) "Abuse" or "neglect" means:

(a) the commission or omission of any act or acts which materially affect the normal physical or emotional development of a youth. Any excessive physical injury, sexual assault, or failure to thrive, taking into account the age and medical history of the youth, shall be presumed to be nonaccidental and to "materially affect" the normal development of the youth.

(b) the commission or omission of any act or acts by any person in the status of parent, guardian, or custodian who thereby and by reason of physical or mental incapacity or other cause refuses or, with state and private aid and assistance is unable, to discharge the duties and responsibilities for proper and necessary subsistence, education, medical, or any other care necessary for the youth's physical, moral, and emotional well-being.

(3) "Dependent youth" means a youth who is abandoned, dependent upon the public for support, destitute, without parents or guardian or under the care and supervision of a suitable adult, or who has no proper guidance to provide for his necessary physical, moral, and emotional well-being. A child may be considered dependent and legal custody transferred to a licensed agency if the parent or parents voluntarily relinquish custody of the child.

(4) "Youth in need of care" means a youth who is dependent or is suffering from abuse or neglect within the meaning of this act.

**History:** En. 10-1301 by Sec. 2, Ch. 328, L. 1974; amd. Sec. 18, Ch. 100, L. 1977.

**Amendments**

The 1977 amendment substituted "presumed to be nonaccidental and to 'materially affect' the normal development of the youth" at the end of subdivision (2) (a) for "presumptive of 'material affect' and nonaccidental"; and made minor changes in phraseology, punctuation and style.

**Constitutionality**

This section is not unconstitutionally vague, ambiguous or uncertain. Matter of Burgdorf, — M —, 551 P 2d 656.

**Neglect**

Children who have become mentally retarded due to emotional deprivation and lack of environmental stimulation are neglected children within the meaning of the law. In re Olson, — M —, 524 P 2d 779.

DECISIONS UNDER FORMER LAW

**Fitness of Parents**

Evidence of mother's use of welfare funds to supply her alcoholic needs, lack of medical care for her children, threats to kill the children and other failures to make proper provision for the children, warranted a finding that the children were neglected and the entry of an order committing them to custody of the state. In re Corneliusen, 159 M 6, 494 P 2d 908.

A child was properly found dependent and neglected based on mother's declaration in waiver and the consent to adoption

that she could not provide care and guidance and could not perform duties of a parent. Application of Hendrickson, 159 M 217, 496 P 2d 1115.

Minor children were dependent and neglected within meaning of the statutory definition, notwithstanding possible fitness of natural mother for their custody, where she had acquiesced and permitted them to remain in care and custody of welfare department. In re Bad Yellow Hair, — M —, 509 P 2d 9, 12.

**10-1302. Jurisdiction and venue.** (1) In all matters arising under this act, the youth court shall have concurrent jurisdiction with the district courts over all youths who are within the state of Montana for any purpose, or any youth or other person subject to this act who under a temporary or permanent order of the court has voluntarily or involuntarily removed himself from the state or the jurisdiction of the court, or any person who is alleged to have abused, neglected or caused the dependency of a youth who is in the state of Montana for any purpose.

(2) Venue shall be determined pursuant to section 10-1207, R. C. M. 1947.

History: En. 10-1302 by Sec. 3, Ch. 328,
L. 1974.

**10-1303. Declaration of policy.** It is the policy of this state to provide for the protection of children whose health and welfare are adversely affected and further threatened by the conduct of those responsible for their care and protection. It is intended that the mandatory reporting of such cases by professional people and other community members to the appropriate authority will cause the protective services of the state to seek to prevent further abuses, protect and enhance the welfare of these children, and preserve family life wherever possible.

History: En. Sec. 1, Ch. 178, L. 1965; amd. Sec. 1, Ch. 292, L. 1973; Sec. 10-901, R. C. M. 1947; redes. 10-1303 by Sec. 14, Ch. 328, L. 1974.

Amendments

The 1973 amendment rewrote this section which read: "It is the policy of this state to provide for the protection of children who have had physical injury or willful neglect inflicted upon them and who, in the absence of appropriate reports concerning their condition and circumstances, may be further threatened by the conduct of those responsible for their care and protection."

**10-1304. Reports.** Any physician who examines, attends or treats a person under the age of majority, or any nurse, teacher, social worker, attorney or law enforcement officer or any other person who has reason to believe that a child has had serious injury or injuries inflicted upon him or her as a result of abuse or neglect, or has been willfully neglected, shall report the matter promptly to the department of social and rehabilitation services, its local affiliate, and the county attorney of the county where the child resides. This report shall contain the names and addresses of the child and his or her parents or other persons responsible for his or her care; to the extent known, the child's age, the nature and extent of the child's injuries, including any evidence of previous injuries, and any other information that the maker of the report believes might be helpful in establishing the cause of the injuries or showing the willful neglect and the identity of person or persons responsible therefor; and the facts which led the person reporting to believe that the child has suffered injury or injuries, or willful neglect, within the meaning of this act.

History: En. Sec. 2, Ch. 178, L. 1965; amd. Sec. 2, Ch. 292, L. 1973; Sec. 10-902, R. C. M. 1947; redes. 10-1304 by Sec. 14, Ch. 328, L. 1974.

Amendments

The 1973 amendment substituted "physician" at the beginning of the section for "licensed physician and surgeon, resident or intern"; substituted "any nurse, teacher, social worker, attorney or law enforcement officer or any other person" in the first sentence for "any registered nurse, practical nurse, any visiting nurse,

any schoolteacher, or any social worker acting in his or her official capacity"; inserted "the department of social and rehabilitation services, its local affiliate, and" before "the county attorney" near the end of the first sentence; substituted "where the child resides" at the end of the first sentence for "where such exam-ination is made or such child is located"; deleted from the end of the first sentence a proviso relating to reports through the head of an institution; deleted from the beginning of the second sentence a clause requiring reduction to writing of reports initially made verbally; and made minor changes in phraseology.

**10-1305.  Action on reporting.**  If from said report it shall appear that the child suffered such injury or injuries or willful neglect, the social worker shall conduct a thorough investigation into the home of the child involved and into the circumstances surrounding the injury of the child and into all other matters which, in the discretion of the social worker, shall be relevant and material to the investigation.  If from the investigation it shall appear that the child suffered such injury or injuries or willful neglect, the department shall provide protective services to protect the child and preserve the family.  The department will advise the county attorney of its investigation.

The investigating social worker shall also furnish a written report to the department of social and rehabilitation services who shall have the responsibility of maintaining a central registry on child abuse or willful neglect cases.

**History: En. Sec. 3, Ch. 178, L. 1965; amd. Sec. 3, Ch. 292, L. 1973; Sec. 10-903, R. C. M. 1947; redes. 10-1305 by Sec. 14, Ch. 328, L. 1974.**

**Amendments**

The 1973 amendment rewrote this section to provide for investigation by the social worker and protective services by the department rather than investigation by the county attorney.

## 10-1306, 10-1307.  [Transferred from Chapter 9.]

**Compiler's Notes**

These sections were originally numbered 10-904 and 10-905. Section 14, Ch. 328, Laws of 1974 renumbered them to appear here. Because there has been no change in text, the sections are not reprinted here but may be found in bound Volume 1, part 2, as secs. 10-904 and 10-905.

**10-1308.  Confidentiality.**  The case records of the department of social and rehabilitation services, its local affiliate, the county welfare department, the county attorney and the court concerning actions taken under this act shall be kept confidential unless the court determines that they should be released.

**History: En. 10-1308 by Sec. 4, Ch. 328, L. 1974.**

DECISIONS UNDER FORMER LAW

**Exception to Confidentiality**

Confidentiality of privileged communications does not prevent disclosure of information obtained by school nurse, public nurse, and social welfare workers as evidence at custody hearing for dependent and neglected children. Matter of Declaring Jones and Peterson Children, — M —, 539 P 2d 1193.

**10-1309.  Emergency protective service.**  (1)  Any social worker of the department of social and rehabilitation services, the county welfare department, a peace officer, or county attorney who has reason to believe any youth is in immediate or apparent danger of violence or serious injury may

immediately remove the youth and place him in a protective facility. The department may make a request for further assistance from the law enforcement agency or take such legal action as may be appropriate.

(2)   A petition shall be filed within 48 hours of emergency placement of a child unless arrangements acceptable to the agency for the care of the child have been made by the parents.

(3)   The department of social and rehabilitation services and the county welfare department shall comply with the procedure set forth in 10-1305.

(4)   The department of social and rehabilitation services and the county welfare department shall make such necessary arrangements for the youth's well-being as are required prior to the court hearing.

**History: En. 10-1309 by Sec. 5, Ch. 328, L. 1974; amd. Sec. 19, Ch. 100, L. 1977.**

**Amendments**

The 1977 amendment divided the section into numbered subsections; substituted "procedure" for "judicial procedures" in subsection (3); and made minor changes in phraseology, punctuation and style.

**10-1310.   Petitions.**   (1)   The county attorney shall be responsible for filing all petitions alleging abuse, neglect, or dependency. He may require all state, county, and municipal agencies, including law enforcement agencies, to conduct such investigations and furnish such reports as may be necessary.

(2)   Such petitions shall be given preference by the court in setting hearing dates.

(3)   A petition alleging abuse, neglect, or dependency is a civil action brought in the name of the state of Montana. The rules of civil procedure shall apply except as herein modified. Proceedings under a petition are not a bar to criminal prosecution.

(4)   The parents or parent, guardian, or other person or agency having legal custody of the youth named in the petition, if residing in the state, shall be served personally with a copy of the petition and summons at least 5 days prior to the date set for hearing. If such person or agency resides out of state or is not found within the state, the rules of civil procedure relating to service of process in such cases shall apply.

(5)   In the event service cannot be made upon the parents or parent, guardian, or other person or agency having legal custody, the court shall appoint an attorney to represent the unavailable party where in the opinion of the court the interests of justice require.

(6)   If a parent of the child is a minor, notice shall be given to the minor parent's parents or guardian, and if there is no guardian the court shall appoint one.

(7)   Any person interested in any cause under this act has the right to appear.

(8)   Except where the proceeding is instituted or commenced by a representative of the department of social and rehabilitation services, a citation shall be issued and served upon a representative of the department prior to the court hearing.

(9)   The petition shall:

(a)   state the nature of the alleged abuse, neglect, or dependency;

(b)   state the full name, age, and address of the youth and the name and address of his parents or guardian or person having legal custody of the youth;

(c)   state the names, addresses, and relationship to the youth of all persons who are necessary parties to the action.

(10)   The petition may ask for the following relief:

(a)   temporary investigative authority and protective services;

(b)   temporary legal custody;

(c)   limited legal custody;

(d)   permanent legal custody, including the right to consent to adoption;

(e)   appointment of guardian ad litem;

(f)   any combination of the above or such other relief as may be required for the best interest of the youth.

(11)   The petition may be modified for different relief at any time within the discretion of the court.

(12)   The court may at any time on its own motion or the motion of any party appoint a guardian ad litem for the youth or counsel for any indigent party.

(13)   This section does not apply to a petition for temporary investigative authority and protective services.

**History:** En. 10-1310 by Sec. 6, Ch. 328, L. 1974; amd. Sec. 20, Ch. 100, L. 1977.

**Amendments**

The 1977 amendment substituted "or" for "and" near the end of the first sentence of subsection (1); inserted "parents or" after "parent's" in subsection (6); inserted "and the name and address of" in subdivision (9)(b); and made minor changes in phraseology, punctuation and style.

**Constitutionality**

Fact that under subsection (12) the appointment of separate counsel for the child in a dependent and neglected child proceeding is discretionary, not mandatory, does not render the provision violative of due process. Stubben v. Flathead County Department of Public Welfare, — M —, 556 P 2d 904.

## DECISIONS UNDER FORMER LAW

**Jurisdiction Based on Service**

District court had jurisdiction over petition by state seeking permanent custody and right to consent to adoption of three children despite the facts that proper citation was not issued or served on the parents, where father of one of the children had consented to the proceeding, father of other two children was deceased, mother who was represented by counsel appeared at the hearing voluntarily and the hearing on the petition in question was preceded by a series of hearings and postponements regarding temporary custody of the children. Bonser v. County of Cascade, — M —, 507 P 2d 1064.

**Residence**

Where child was taken from Indian reservation and abandoned outside the reservation, district court for the county where the child was found could take jurisdiction and provide for the child despite the fact that the mother remained on the reservation and committed no acts of neglect outside the reservation. In re Cantrell, 159 M 66, 495 P 2d 179.

**Temporary Custody**

Where petitioners had requested temporary custody of neglected children, and no petition had been filed by the welfare department for permanent custody, the court was without authority to enter an order of permanent custody. Flathead County Welfare Department v. Endres, — M —, 533 P 2d 959.

**10-1311. Petition for temporary investigative authority and protective services.** (1) In cases where it appears that a youth is abused or neglected or is in danger of being abused or neglected, the county attorney may file a petition for temporary investigative authority and protective services.

(2) A petition for temporary investigative authority and protective services shall state the specific authority requested and the facts establishing probable cause that a youth is abused or neglected or is in danger of being abused or neglected.

(3) The petition for temporary investigative authority and protective services shall be supported by an affidavit signed by the county attorney or a department of social and rehabilitation services report stating in detail the facts upon which the request is based.

(4) (a) Upon the filing of a petition for temporary investigative authority and protective services, the court may issue an order granting such relief as may be required for the immediate protection of the youth.

(b) The order shall be served by a peace officer or a representative of the department of social and rehabilitation services on the person or persons named therein.

(c) The order shall require the person served to comply immediately with the terms thereof or, upon failure to so comply, to appear before the court issuing the order on the date specified and show cause why he has not complied with the order. Except as otherwise provided herein, the rules of civil procedure shall apply.

(d) Upon a failure to comply or show cause the court may hold the person in contempt or place temporary legal custody of the youth with the department of social and rehabilitation services until further order.

(5) The court may grant the following kinds of relief:

(a) right of entry by a peace officer or department of social and rehabilitation services worker;

(b) medical and psychological evaluation of youth or parents, guardians, or person having legal custody;

(c) require the youth, parents, guardians, or person having legal custody to receive counseling services;

(d) place the youth in temporary medical facility or facility for protection of the youth;

(e) require the parents, guardian, or other person having custody to furnish such services as the court may designate;

(f) such other temporary disposition as may be required in the best interest of the youth.

**History: En. 10-1311 by Sec. 7, Ch. 328, L. 1974; amd. Sec. 21, Ch. 100, L. 1977.**

**Amendments**
The 1977 amendment substituted references to department of social and rehabilitation services for state social and rehabilitation services; and made minor changes in phraseology, punctuation and style.

**10-1312. Hearing.** (1) In a hearing on a petition under section 10-1310, R. C. M. 1947, the court shall determine whether said youth is an abused, neglected or dependent child, and ascertain, as far as possible, the cause thereof.

(2) The court shall hear evidence regarding the residence of the child, whereabouts of the parents, guardian or nearest adult relative, the financial ability of any such parents or parent, to pay the cost of care of the child, whether or how long the child has been maintained in whole or in part by public or private charity, and may take into consideration the report of the county welfare department filed with the clerk of the court, pursuant to section 10-1313, R. C. M. 1947.

(3) In all civil and criminal proceedings relating to abuse, neglect or dependency the doctor-patient privilege and husband-wife privilege shall not apply to the extent any testimony relates to such matters.

History: En. 10-1312 by Sec. 8, Ch. 328,
L. 1974.

**10-1313. Investigation of parents' financial ability.** Whenever any petition is filed with the clerk of the district court alleging abuse, neglect or dependency, the clerk of such court shall immediately deliver to the county welfare department of the county in which the petition is filed, a copy of the petition with a notation thereon giving the day and time fixed by the court for hearing the petition. Upon receipt of such copy of petition the county welfare department shall make an investigation for the purpose of ascertaining whether the parent or parents, if any, of the child live within the county and the financial ability of such parent or parents, if any, to pay the cost of supporting the child in a foster home, and shall file with the clerk of such court, before the time fixed for the hearing, a written report of such investigation. If, upon hearing, the court finds and determines that the child has parents, or a parent, who is financially able to pay a part or the whole of such cost, and the child is ordered placed in a foster home, the court shall make an order requiring such parents, or parent, to pay such amount as the court may deem proper. A copy of the written report shall be provided to all parties to the proceeding before the time filed for hearing.

If the child is placed in a foster home, the state department of social and rehabilitation services shall pay one-half ($\frac{1}{2}$) of the cost thereof, and the county in which such child has residence shall pay the other one-half ($\frac{1}{2}$) thereof. Any amount collected from a parent or parents, when a child is placed in a foster home, shall be transmitted to the state department of social and rehabilitation services. The department shall then pay to the county one-half ($\frac{1}{2}$) of the amount so collected.

History: En. 10-1313 by Sec. 9, Ch. 328,
L. 1974.

**10-1314. Judgment.** (1) If a youth is found to be abused, neglected, or dependent, the court may enter its judgment making any of the following dispositions to protect the welfare of the youth:

ABUSED, NEGLECTED AND DEPENDENT YOUTH        10-1314

(a)   permit the youth to remain with his parents or guardian subject to those conditions and limitations the court may prescribe;

(b)   transfer legal custody to any of the following:

(i)   department of social and rehabilitation services;

(ii)   a child-placing agency willing and able to assume responsibility for the education, care and maintenance of the youth and which is licensed or otherwise authorized by law to receive and provide care of the youth; or

(iii)   a relative or other individual who, after study by a social service agency designated by the court, is found by the court to be qualified to receive and care for the youth;

(c)   order any party to the action to do what is necessary to give effect to the final disposition, including undertaking medical and psychological evaluations, treatment and counseling;

(d)   order such further care and treatment as the court may deem in the best interest of the youth.

(2)   Whenever the court vests legal custody in any agency, institution or department it shall transmit with the dispositional judgment copies of any medical report, and such other clinical, predisposition or other reports and information as may be pertinent to the care and treatment of the youth.

(3)   Any youth found to be abused, neglected or dependent may be committed to the Montana children's center, and if the center is unable to receive the child, or if, for any other reason, it appears to be in the best interest of the child, the court may make such other disposition of the child as the court deems best for his social and physical welfare. The form of commitment shall be as follows:

## ORDER OF COMMITMENT

State of Montana, County of ..................... ss:

In the District Court for the ................... Judicial District.

On the ............ day of ........, 19...., ..................... minor of this county, was charged on the petition of ..................... of county attorney of ..................... county, with being an abused or neglected or dependent child. Upon due proof I find that it is for the best interests of the child that he be taken from the custody of his parents, guardian or other person having custody of him.

The names, addresses and occupations of the parents are:

| Name | Address | Occupation |
|------|---------|------------|
| | | |
| | | |

The child's guardian is ..........................................................................................

The child is in the custody of ....................................................................................

It is ordered that ..................... be committed to ..................... until discharged as provided by law.

Witness my hand this ............ day of ..................... A.D. 19.....

...........................................................
Judge

(4)   Transfer of legal custody of a child shall include guardianship of any assets or estate of the child, unless otherwise specified by the court.

(5)   Except in cases in which the court permanently terminates all parental rights or rights of the guardian of the youth, the court shall retain jurisdiction over the case and may subsequently modify any disposition ordered pursuant to this section.

**History: En. 10-1314 by Sec. 10, Ch. 328, L. 1974.**

### DECISIONS UNDER FORMER LAW

**Child's Best Interests**

Once a child has been found dependent and neglected, the primary concern is for the child's best interests and welfare, not that of the mother, and the fact that the mother's consent may have been obtained by undue influence does not necessarily invalidate a judgment awarding permanent custody to the welfare department with the power to consent to adoption. In re Bad Yellow Hair, — M —, 509 P 2d 9, 12.

**10-1315.   Responsibility of providing protective services.**   The department of social and rehabilitation services and the county welfare department shall have the primary responsibility to provide the protective services authorized by this act and shall have the authority pursuant to this act to take temporary, limited or permanent custody of a child when ordered to do so by the court, including the right to give consent to adoption.

**History: En. 10-1315 by Sec. 11, Ch. 328, L. 1974.**

**10-1316.   [Transferred from Chapter 5.]**

**Compiler's Notes**

This section was originally numbered 10-520. Section 14, Ch. 328, Laws of 1974 renumbered it to appear here. Because there has been no change in text, the section is not reprinted here but may be found in bound Volume 1, part 2, as sec. 10-520.

**10-1317.   License required.**   No person shall maintain or operate a foster or boarding home for any child or children within the meaning of this act without first securing a license in writing from the state department of social and rehabilitation services. No fee shall be charged for such license.

**History: En. Sec. 2, Ch. 178, L. 1947; amd. Sec. 47, Ch. 121, L. 1974; Sec. 10-521, R. C. M. 1947; redes. 10-1317 by Sec. 14, Ch. 328, L. 1974.**

**Amendments**

The 1974 amendment substituted "state department of social and rehabilitation services" for "state department of public welfare."

**10-1318.   Issuance of license—authority of issuing agency.**   The state department of social and rehabilitation services is hereby authorized to issue licenses to persons conducting boarding or foster homes and to prescribe the conditions upon which such licenses shall be issued, and making such rules and regulations as it may deem advisable for the operation and regulation of foster and boarding homes for minor children consistent with the welfare of such children. Such licensing agency shall have the power and authority to inspect all such licensed foster and boarding homes through its duly authorized representatives and to cancel licenses theretofore issued for the failure to observe such rules and regulations.

The person operating such homes shall give to such representative such information as may be required and afford them every reasonable facility for observing the operation of such homes.

History: En. Sec. 3, Ch. 178, L. 1947; amd. Sec. 47, Ch. 121, L. 1974; Sec. 10-522, R. C. M. 1947; redes. 10-1318 by Sec. 14, Ch. 328, L. 1974.

**Amendments**
The 1974 amendment substituted "The state department of social and rehabilitation services" for "The division of child welfare services of the state department of public welfare" at the beginning of the section.

### 10-1319.   [Transferred from Chapter 5.]

**Compiler's Notes**
This section was originally numbered 10-523. Section 14, Ch. 328, Laws of 1974 renumbered it to appear here. Because there has been no change in text, the section is not reprinted here but may be found in bound Volume 1, part 2, as sec. 10-523.

### 10-1320.   Payment for support of dependent and neglected children—reimbursement by county.   (1)   Whenever agreements are entered into by the department of social and rehabilitation services for placing dependent and neglected children in approved family foster homes or licensed private institutions, the department shall pay by its check or draft each month from any funds appropriated for that purpose the entire amount agreed upon for board, clothing, personal needs, and room of such children.

(2)   On or before the 20th of each month the department shall present a claim to the county of residence of such children for one-half the payments so made during the month. The county must make reimbursement to the department within 20 days after such claim is presented.

History: En. Sec. 1, Ch. 48, L. 1949; amd. Sec. 1, Ch. 194, L. 1965; amd. Sec. 1, Ch. 264, L. 1971; amd. Sec. 48, Ch. 121, L. 1974; Sec. 10-524, R. C. M. 1947; redes. 10-1320 by Sec. 14, Ch. 328, L. 1974; amd. Sec. 22, Ch. 100, L. 1977.

**Amendments**
The 1971 amendment inserted "clothing, personal needs" near the end of the first paragraph.

The 1974 amendment substituted "state department of social and rehabilitation services" for "department of public welfare" in the first paragraph.

The 1977 amendment inserted the subsection designations; and made minor changes in phraseology, punctuation and style.

### 10-1321.   Recovery from parents—division between state and county.
In the event any recovery is made from the parent or parents of children for whom board, clothing, personal needs and room has been paid by the state and county any amount so recovered shall be divided equally between the state department and the county of residence of such child or children.

History: En. Sec. 2, Ch. 48, L. 1949; amd. Sec. 1, Ch. 264, L. 1971; Sec. 10-525, R. C. M. 1947; redes. 10-1321 by Sec. 14, Ch. 328, L. 1974.

**Amendments**
The 1971 amendment inserted "clothing, personal needs."

### 10-1322.   Punishment of parents and other adults.   (1)   If the evidence indicates violation of the Criminal Code, it shall be the responsibility of the county attorney to file appropriate charges against the alleged offender.

461

(2)   District court shall have original jurisdiction under this section.

**History: En. 10-1322 by Sec. 12, Ch. 328,**     **Repealing Clause**
**L. 1974.**                        Section 13 of Ch. 328, Laws 1974 read
"Sections 10-501 through 10-519, R. C. M.
1947, are repealed."

CHAPTER 14—INTERSTATE COMPACT ON PLACEMENT OF CHILDREN

Section
10-1401.   Enactment—provisions.
10-1402.   Financial responsibility.
10-1403.   Appropriate public authorities defined.
10-1404.   Appropriate authority in the receiving state.
10-1405.   Agreements.
10-1406.   Requirements for visitation, inspection and supervision.
10-1407.   Certain laws not applicable.
10-1408.   Court jurisdiction retained.
10-1409.   Executive head defined.

**10-1401.  Enactment—provisions.** The interstate compact on the placement of children is hereby enacted into law and entered into with all other jurisdictions legally joining therein in the form substantially as follows:

Article I.  Purpose and Policy

It is the purpose and policy of the party states to co-operate with each other in the interstate placement of children to the end that:

(a)   Each child requiring placement shall receive the maximum opportunity to be placed in a suitable environment and with persons or institutions having appropriate qualifications and facilities to provide a necessary and desirable degree and type of care.

(b)   The appropriate authorities in a state where a child is to be placed may have full opportunity to ascertain the circumstances of the proposed placement, thereby promoting full compliance with applicable requirements for the protection of the child.

(c)   The proper authorities of the state from which the placement is made may obtain the most complete information on the basis of which to evaluate a projected placement before it is made.

(d)   Appropriate jurisdictional arrangements for the care of children will be promoted.

Article II.  Definitions

As used in this act:

(a)   "Child" means a person who, by reason of minority, is legally subject to parental, guardianship or similar control.

(b)   "Sending agency" means a party state, officer or employee thereof; a subdivision of a party state, or officer or employee thereof; a court of a party state; a person, corporation, association, charitable agency or other entity which sends, brings, or causes to be sent or brought any child to another party state.

(c)   "Receiving state" means the state to which a child is sent, brought, or caused to be sent or brought, whether by public authorities or private