| | |
|---|---|
| Robert L. Stepans | Matthew L. Merrill (appearing *pro hac vice*) |
| Ryan R. Shaffer | Merrill Law, LLC |
| James C. Murnion | 1401 Delgany St. #404 |
| Victoria K.M. Gannon | Denver, CO  80202 |
| Meyer, Shaffer & Stepans, PLLP | Tel: (303) 947-4453 |
| 430 Ryman Street | matthew@merrillwaterlaw.com |
| Missoula, MT  59802 | |
| Tel: (406) 543-6929 | |
| Fax: (406) 721-1799 | |
| rob@mss-lawfirm.com | |
| ryan@mss-lawfirm.com | |
| james@mss-lawfirm.com | |
| katy@mss-lawfirm.com | |

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | ) ) Case No. CV-20-52-BLG-SPW |
| Plaintiffs, | ) ) **PLAINTIFFS' STATEMENT** |
| vs. | ) **OF EXPENSES AND FEES** ) **RE: ECF NO. 318** |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA., | ) ) ) ) ) |
| Defendants, | ) ) |

Pursuant to the Court's Order of February 6, 2024, Plaintiffs hereby submit the following statement setting forth the amount of expenses and attorney's fees (1) "for their work finding the attached exhibits not disclosed to them in discovery"

and (2) "preparing the instant motion." Ord. at 40, ECF No. 318. As ordered, attached hereto as **Exhibit A** is the Affidavit of James C. Murnion.

### 1. Expenses and fees related to finding exhibits not disclosed in discovery.

As set forth in counsel's affidavit, Plaintiffs' counsel cannot identify the precise amount of time spent locating and reviewing documents used to support the Motion for Sanctions re: WTNY's Non-Compliance with Court Order (ECF No. 86), ECF No. 287 (hereinafter "Motion"), because counsel does not keep contemporaneous time records. Ex. A at ¶ 3. In general terms, the project was substantial and has been ongoing for nearly two years. Plaintiffs' counsel has endeavored to identify conservative estimations of the time incurred in preparing the motion and finding the exhibits used in support of it. Defendants will not doubt criticize, impugn, and quibble with Plaintiffs' counsel's conservative estimates.

Sometime in 2022, Plaintiffs concluded that Defendants were unwilling to disclose the truth about the Jehovah's Witness Organization's structure, the relationships between the Organization's various legal and non-legal entities, and the roles and responsibilities of each entity. *Id.* at ¶ 4. Because Defendants' discovery answers were vague and obviously devoid of specific material facts, Plaintiffs' counsel and their staff endeavored to find evidence of these matters from other cases involving one or both Defendants. Only through this substantial

research project – which has entailed nearly two years of combing through docket reports, obtaining pleadings, sworn statements, and depositions transcripts from other cases, reviewing all of this information, and organizing it into a useable and searchable database – were Plaintiffs able to obtain information that the Defendants refused to willingly provide in discovery that was ultimately submitted to the Court. *Id.*

Paralegal, Jessica Yuhas, coordinated the research effort and was responsible for obtaining and organizing the information that was eventually reviewed by an attorney. This included obtaining and reviewing the docket reports from 45 separate cases, coordinating with counsel to determine which documents from each docket report needed to be requested, and then scanning and organizing documents received from each court. Ms. Yuhas ultimately obtained 736 separate documents constituting 34,917 pages of information to be reviewed. **Ex. B, Dec. Yuhas**. A description and account of Ms. Yuhas's time is set forth in her declaration. *Id*. As set forth in her declaration, Ms. Yuhas very conservatively estimates that finding, obtaining, and cataloguing these documents in the tracking spreadsheet took her 176.25 hours. Billed at the ordinary and customary rate of $75 per hour, this amounts to $13,218.75.

Between May of 2022 and the date Plaintiffs' Motion was filed, Plaintiffs' counsel expended $964.44 obtaining documents from various courts that were part

of the research project.  Each of these expenditures is set forth in the declaration of Patti L. Gruwell.  **Ex. C, Dec. Gruwell**.

As set forth in Mr. Murnion's Affidavit, Plaintiffs' counsel is only requesting fees for reviewing 6,839 pages of these documents because review of these were contemporaneously noted in a document tracking spreadsheet.  Ex. A, ¶ 6.  While it is a certainty that many, many more of the 34,917 pages were reviewed in order to find the documents that were eventually submitted to the Court, Plaintiffs' counsel has no way to objectively track which were reviewed and when, and therefore is not requesting fees for this untracked work.  *Id.* at ¶ 5.  However, the spreadsheet reflects that Associate James Murnion reviewed 3,241 pages of documents and Associate Katy Gannon reviewed 1,311 pages of documents for a total of 4,552 pages reviewed by associate attorneys, estimated at 75.86 hours spent.  *Id.*  Partner Ryan Shaffer reviewed 987 Pages of documents and Partner Rob Stepans reviewed 2,287 pages for a total of 3,274 pages reviewed by partners, estimated at 54.56 hours spent.  *Id.*

Plaintiffs are requesting a mere one minute per page of documents that their spreadsheet shows were reviewed prior to the filing of Plaintiffs' Motion as a reasonable fee, which is undoubtedly a gross underestimate of the time actually spent reviewing each page.  Plaintiffs' counsel ordinarily and customarily bills associate time at $200 per hour and partner time at $300 per hour in cases that are

*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
4

billed by the hour. *Id*. This amounts to $31,543 of attorneys' fees for review of documents from other cases. *Id*.

### 2. Fees related to preparing the Motion.

Plaintiffs' counsel likewise did not contemporaneously track their time spent drafting the Motion granted by the Court. However, in their experience, well-prepared briefs take approximately one-hour per page. *Id*. at ¶ 7. The opening brief contained sixteen pages of substantive content, ECF No. 288, and the reply brief contained thirteen pages of substantive content, ECF No. 299. Plaintiffs' counsel estimates that Associate Murnion and Partner Shaffer each completed fifty percent of the briefing. *Id*. As such, Plaintiffs are requesting fees for twenty-nine hours of attorney time spent preparing the Motion, half billed at the associate rate of $200 per hour and half billed at the partner rate of $300 per hour, for a total of $7,250.00. *Id*.

### 3. Itemized expenses and fees.

As set forth above and as supported by the attached declarations and affidavits, the fees and expenses requested for time spent finding the documents attached to Plaintiffs' Motion and preparing the motion total $52,976.19:

| Item | Dollar Amount |
|---|---|
| Paralegal time obtaining and cataloguing documents | $13,218.75 |
| Attorney time reviewing documents | $31,543.00 |

| Attorney time preparing Plaintiffs' Motion | $7,250.00 |
| --- | --- |
| Expenses for obtaining documents | $964.44 |
| **Total** | $52,976.19 |

**4. Plaintiffs are not attempting to collect unearned or unjustified fees.**

If past is prologue, WTNY will argue that Plaintiffs fees and expenses are unreasonable, inflated, and perhaps even dishonest. Plaintiffs address this argument now.

As an initial point, while clearly entitled to fees and costs, Plaintiffs did not request them in their Motion. Plfs.' Br. at 15, ECF No. 288. Thus, any insinuation that Plaintiffs are somehow inflating or setting forth unreasonable fees and costs for illicit financial gain has no merit. Nevertheless, Plaintiffs appreciate the Court's reasoning and order and have tried their best to provide the Court with a very conservative basis for a reasonable award of fees and costs.

Plaintiffs' counsel's method was to use the known number of documents and pages obtained, as well as the known number of documents reviewed by lawyers, and apply conservative amounts of time required to obtain, organize, and review such documents and pages. It is hard to overstate just how time-consuming it has been to uncover the truth in the face of constant lies and half-truths by Defendants. Every statement made by Defendants in discovery has to be analyzed for game

playing, checked against other sources for veracity, conferred about endlessly to no avail, and in the instances this Court has seen, litigated in contested motions.  Not included anywhere in this filing are the hours upon hours of phone calls and meetings amongst counsel spent discussing discovery answers, reviewing documents, and coordinating efforts.  A conservative effort of this time is easily 100 hours of attorney time and 100 hours of paralegal time.  Yet, Plaintiffs are not seeking fees and costs for any of this.  Any complaints about the extremely conservative estimates of time spent in conjunction with Plaintiffs' Motion should be rejected outright.

DATED this 7th day of March, 2024.

By: /s/ James C. Murnion
James C. Murnion
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ James C. Murnion
James C. Murnion
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*