*Exhibit F*

Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>Defendants.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. | Cause No. CV 20-52-BLG-SPW<br><br>**DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC.'S RESPONSES TO PLAINTIFFS' SEVENTH SET OF COMBINED INTERROGATORIES AND REQUESTS FOR PRODUCTION** |

The WTNY Legal Department maintained attorney notes and other legal records regarding crimes, as defined by respective state and federal law (including but not limited to allegations of child abuse), along with any other matters that necessitated legal advice. These legal records were maintained: 1) in hard-copy format in a secure filing cabinet; and 2) Lotus Notes; accessible only to Legal Department attorneys and paralegals.

**INTERROGATORY NO. 33:** For all "communications/correspondence" referenced in your answer to RFP No. 94-96 that no longer exists, please state the following: (a) identify whether a paper copy of the document existed, and if so when it was created and when it was discarded; (b) identify whether a digital copy existed, and if so when it was created and when it was discarded; (c) describe the chain of custody for all paper and digital versions of the document that identifies all Departments and people who possessed the document; (d) whether a litigation hold was ever placed on the document, and if so who issued the hold, when the hold was issued, and when the hold expired; and (e) the document destruction / retention policy that governed the decision to discard the document.

**ANSWER:** WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. See, e.g., *Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). When a party is confronted with what it believes to be an excessive number of interrogatories, the

appropriate course of action is to either move for a protective order before answering any interrogatories or "answer up to the numerical limit and object to the remainder without answering." *Capacchione v. Charlotte-Mecklenburg Schs.*, 182 F.R.D. 486, 493 n.4 (W.D.N.C. 1998) (citing 7 Moore's Federal Practice § 33.30[1]). *See also Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98, 103, 106 Fed. R. Serv. 3d 1833, 2020 WL 2761156 (W.D. Tex. 2020) (upholding specific objection to interrogatories exceeding twenty-five interrogatory without leave of Court and striking them); *Traina v. Blanchard*, No. CIV.A. 97-348, 1998 WL 178762, at *4 (E.D. La. Apr. 15, 1998) (interrogatories exceeding 25 without leave of court are improper and do not need to be answered). Subject to and without waiving these objections, WTNY answers as follows:

WTNY is unable to answer this Interrogatory and subparts because it has no way of knowing whether any such documents ever existed. When the Memorandums of Record were created, the elder in the Service Department had the liberty to rely on any then existing religious documents and had the option to call the elders for details contained in the Memorandums. WTNY cannot reverse engineer how the Service Department elder created the Memorandums of Record and therefore would only be guessing what specific records and/or documents formed the factual basis for the Memorandums. Every existing document that could have formed the basis for the Memorandums has either been produced or identified

in the privilege log. If there were any other records/documents that formed the factual basis for the Memorandums of Record when they were created, such records/documents were discarded once the memorandums were completed.

## REQUESTS FOR PRODUCTION

For all the following requests for production, Plaintiffs specifically request that all responsive documents be produced in their native formats with all metadata intact.

**REQUEST FOR PRODUCTION NO. 97:** Please produce a copy of all written guidance or instruction that Circuit Overseers were to follow during the period 1973 to 1992, including but not limited to any instructions to not inquire into the reasons that local elders and ministerial servants were being restricted.

**RESPONSE:** WTNY objects to this Interrogatory on the grounds that it is based on the false premise that Circuit Overseers were instructed "not inquire into the reasons that local elders and ministerial servants were being restricted." Subject to and without waiving these objections, WTNY responds as follows: See documents bates-numbered WTNY003981-004243.

**REQUEST FOR PRODUCTION NO. 98:** Please produce a copy of all document destruction and retention policy documents in effect from 1973 to present.

**RESPONSE:** None.

## VERIFICATION

Thomas Jefferson, Jr., states that he has read the foregoing *(Defendant WTNY's Responses to Plaintiffs' Seventh Set of Combined Interrogatories and Requests for Production)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers. Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

_____
Thomas Jefferson, Jr.

Dated: 11/8/2023