*Exhibit G*



# BROWN LAW FIRM, PC

315 N. 24th Street | PO Drawer 849 | Billings, Montana 59103-0849
Phone: 406.248.2611 | Fax: 406.248.3128

Michael P. Heringer
Guy W. Rogers
Scott G. Gratton
Kelly J.C. Gallinger*
Jon A. Wilson
Seth A. Cunningham
Shane A. MacIntyre
Adam M. Shaw
Brett C. Jensen*
Nathan A. Burke
Alex J. Ames
Erik M. Anderson
Anthony P. Reed
Zachary A. Hixson

Of Counsel
Robert L. Sterup

Retired
Rockwood Brown
John Walker Ross
Margy Bonner
John J. Russell

*also licensed in
North Dakota

Jon A. Wilson
jwilson@brownfirm.com

Brett C. Jensen
bjensen@brownfirm.com

May 2, 2022

**VIA EMAIL and U.S. MAIL**
Robert L. Stepans / rob@mss-lawfirm.com
Ryan R. Shaffer / ryan@mss-lawfirm.com
James C. Murnion / james@mss-lawfirm.com
MEYER SHAFFER & STEPANS PLLP
430 Ryman Street
Missoula, MT 59802

Re:   *Tracy Caekaert and Camillia Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
USDC Billings Division 20-CV-52-SPW-TJC
File No. 78280.001

*Ariane Rowland and Jamie Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*
USDC Billings Division 20-CV-59-SPW-TJC
File No. 78280.002

Gentlemen:

I am writing in response to Ryan's letter dated April 13, 2022, requesting additional information regarding the Privilege Log of Watchtower Bible and Tract Society of New York (hereinafter "WTNY"). While it is WTNY's position that the Privilege Log satisfies the requirements of Rule 26(b)(5)(A)(ii), Fed.R.Civ.P., WTNY provides the following information in the spirit of cooperation.

The primary legal basis for the Third-Party Privacy Privilege asserted in WTNY's Privilege Log is Article II, Section 10 of the Montana Constitution, which provides a right to privacy exceeding such right provided by the United States Constitution. *State v. Ellis*, 2009 MT 192, ¶ 22, 351 Mont. 95, 210 P.3d 144. This right extends to informational privacy including, for example, the release of patient names without the consent of the patient. *St. James Community Hosp., Inc. v Dist. Ct.*, 2003 MT 261, ¶ 8,

317 Mont. 419, 77 P..3d 534. *See also Favalora v. Sidaway*, 996 So.2d 895 (Fla. Dist. App. 2008) (producing names of alleged victims and perpetrators not connected with litigation against Catholic Archdiocese of Miami for sexual abuse claims would violate their privacy rights). In total, the right to privacy applies to all persons who are not involved in the current litigation. Individual Jehovah's Witnesses also have the right to pursue their lawful private interests privately and to associate freely with others in so doing under the protection of the Fourteenth Amendment to the United States Constitution as recognized in *Natl. Assn. for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 466, 78 S.Ct. 1163, 1174 (1958).

Concerning the documents identified in WTNY's Privilege Log for which the Attorney-Client Privilege is asserted, all attorneys and associated staff were members of WTNY's Legal Department, the address of which is 100 Watchtower Drive, Patterson, NY 12563. For associated telephone calls, the person with WTNY's Legal Department would have been located at that address. The clients were those who sought or were provided legal advice by WTNY's Legal Department, including the elders who communicated with WTNY's Legal Department individually and on behalf of their Congregations. The physical location of the elders who were on the telephone calls referenced in the documents identified in the Privilege Log is not known, although their Congregation address is identified below. Only those individuals listed below were party to the communications.

Considering the documents identified in WTNY's Privilege Log for which the Clergy-Penitent Privilege is asserted, such privilege is held by those persons regarding whom the elders writing the letters sought religious guidance, admonishment, or advice based on information learned through communications with elders such as confessions and through proceedings before a judicial committee. *See* Order Re Motion to Compel Hardin Congregation's Subpoena, Doc. 82 in the *Caekaert* litigation, pp. 3-4.

Turning to the specific documents identified in WTNY's Privilege Log:

- PL No. 1: On 07/22/1992, elders Scott Duy and Howard Earl of the Hardin Congregation (704 4th St., Hardin, MT) communicated with WTNY's Legal Department; James Andrik (paralegal at the time, now an attorney) handled the call and authored the handwritten privileged document; the subject matter was the callers' legal obligations involving Bruce Mapley, Sr.'s alleged conduct.

- PL No. 2 & 3: Includes notes from 19 calls.

  On 07/22/1992, elders Scott Duy and Howard Earl of the Hardin Congregation communicated with WTNY's Legal Department; James Andrik (paralegal at the time, now an attorney) handled the call and handwritten privileged document was converted to an electronic record; the subject matter was the callers' legal obligations involving Bruce Mapley, Sr.'s alleged conduct.

Brown Law Firm, P.C.
May 2, 2022
Page 3 of 13

>On 06/28/2011, elder Delbert Hiebert of the Hardin Congregation communicated with WTNY's Legal Department; Mario Moreno (attorney) & Steve Sadowski (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was a litigation threat involving Martin Svenson and Bruce Mapley, Sr.
>
>On 06/28/2011, elder Kenneth Pratt of the Forsyth Congregation (110 N. 7th Ave, Forsyth, MT) communicated with WTNY's Legal Department; Mario Moreno (attorney) & Steve Sadowski (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was a litigation threat involving Martin Svenson and Bruce Mapley, Sr.
>
>On 06/29/2011, elder Rusell Finkbeiner of the West Laurel Congregation (1007 W 4th St., Laurel, MT) communicated with WTNY's Legal Department; Anthony Montoya (attorney) & Steve Sadowski (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was a litigation threat involving Bruce Mapley, Sr.
>
>On 06/29/2011, elder Russell Viers, Sr. of the Livingston Congregation (155 E. Gallatin St., Livingston, MT) communicated with WTNY's Legal Department; Anthony Montoya (attorney) & Steve Sadowski (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was a litigation threat involving Bruce Mapley, Sr.
>
>On 04/08/2003, elder Thomas Gengler of the Iron River Congregation (68540 County Hwy A, Iron River, WI) communicated with WTNY's Legal Department; Bernardo Bueno (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving Bruce Mapley, Sr.'s alleged conduct.
>
>On 05/20/2011 & 06/28/2011, elder Larry Stute of the Iron River Congregation communicated with WTNY's Legal Department; Anthony Montoya (attorney) and Bernard Thomas/Steve Sadowski (paralegals) handled the calls and the paralegals recorded the privileged notes; the subject matter was the callers' legal obligations involving Bruce Mapley, Sr.'s alleged conduct and a litigation threat involving Bruce Mapley, Sr.
>
>On 05/20/2011 & 06/28/2011, elder Eugene Figlinski of the Shawano Congregation (N4764 Willow Ln., Shawano, WI) communicated with WTNY's Legal Department; Anthony Montoya (attorney) and Bernard Thomas/Steve Sadowski (paralegals) handled the calls and the paralegals recorded the privileged notes; the subject matter was the callers' legal obligations involving Bruce Mapley, Sr.'s alleged conduct and a litigation threat involving Bruce Mapley, Sr.

Brown Law Firm, P.C.
May 2, 2022
Page 4 of 13

On 05/20/2011, 05/23/2011 & 07/04/2011, elders Eugene Figlinski and Robert Brecken of the Shawano Congregation communicated with WTNY's Legal Department; Anthony Montoya (attorney) and Bernard Thomas/James Defibaugh (paralegals) handled the calls and the paralegals recorded the privileged notes; the subject matter was the callers' legal obligations involving Bruce Mapley, Sr.'s alleged conduct and a litigation threat involving Bruce Mapley, Sr.

On 06/28/2011, elder David Kennedy of the Ashland Congregation (700 Sanborn Ave., Ashland, WI) communicated with WTNY's Legal Department; Anthony Montoya (attorney) and Steve Sadowski (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was a litigation threat involving Bruce Mapley, Sr.

On 05/30/2019, elders David Safstrom & Keith Hinkle of the Park Place Congregation (19862 S. South End Rd., Oregon City, OR) communicated with WTNY's Legal Department; Bianjelo Maldonado (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was a litigation threat involving Bruce Mapley, Sr.

On 07/25/2019, elders David Safstrom & Timothy Foote of the Park Place Congregation communicated with WTNY's Legal Department; Victor Villalobos (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving Bruce Mapley, Sr.'s alleged conduct.

On 06/12/2019 & 09/23/2019, elders William Stringfellow & Steve Prettyman of the Center Point Congregation (5363 Old Springville Rd., Pinson, AL) communicated with WTNY's Legal Department; Alfred Silva/Bianjelo Maldonado (paralegals) handled the calls and the paralegals recorded the privileged notes; the subject matter was the callers' legal obligations involving Bruce Mapley, Sr.'s alleged conduct and a litigation threat involving Bruce Mapley, Sr.

On 10/01/2019, elder Joshua Frazure of the Roebuck Congregation (5363 Old Springville Rd., Pinson, AL) communicated with WTNY's Legal Department; Brandon Broughton (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving Bruce Mapley, Sr.'s alleged conduct.

- PL No. 4: On 04/08/2020, elders Nicolas Patterson & Steve Prettyman of the Roebuck Congregation communicated with WTNY's Legal Department; Patrick Cordova (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving Bruce Mapley, Sr.'s alleged conduct.

- PL No. 5: On 03/26/1994, elders Howard Earl and Scott Duffy of the Hardin Congregation communicated with WTNY's Legal Department; Robert Budrecki

Brown Law Firm, P.C.
May 2, 2022
Page 5 of 13

    (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party P.M.'s, Martin Svenson's, third-party A.A.'s, third-party M.R.'s, Nellie Means', and David Means' alleged conduct.

·   PL No. 6 & 7: Includes notes from 10 calls.

    On 03/26/1994, elders Howard Earl and Scott Duffy of the Hardin Congregation communicated with WTNY's Legal Department; Robert Budrecki (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party P.M.'s, Martin Svenson's, third-party A.A.'s, third-party M.R.'s, Nellie Means', and David Means' alleged conduct.

    On 01/06/1997, elder Norman Kufner of the Hardin Congregation communicated with WTNY's Legal Department; Robert Wood (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving Martin Svenson's alleged conduct.

    On 05/18/2011 and 06/28/2011, elder Delbert Hiebert of the Hardin Congregation communicated with WTNY's Legal Department; Anthony Montoya (attorney) & Bernard Thomas/Steve Sadowski (paralegals) handled the calls and the paralegals recorded the privileged notes; the subject matter was the callers' legal obligations involving Martin Svenson's alleged conduct and a litigation threat involving Martin Svenson and Bruce Mapley, Sr.

    On 08/05/2014, elders Sean Williams, Donald Mouat & Tom Meyers of the Hardin Congregation communicated with WTNY's Legal Department; Anthony Montoya (attorney) & Richard Delgado (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving Martin Svenson's alleged conduct.

    On 01/22/2009, elder Glenn Karschnick of the Chamisa Taos Congregation (1309 Gusdorf Rd., Taos, NM) communicated with WTNY's Legal Department; William Bell (attorney) & Bernardo Bueno (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the caller's legal obligations involving Martin Svenson's alleged conduct.

    On 06/29/2011, elder Glenn Karschnick of the Chamisa Taos Congregation communicated with WTNY's Legal Department; Anthony Montoya (attorney) & Steve Sadowski (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was a litigation threat involving Martin Svenson and Bruce Mapley, Sr.

Brown Law Firm, P.C.
May 2, 2022
Page 6 of 13

> On 05/19/2011, elders Kenneth Pratt and Clifton Pratt of the Forsyth Congregation communicated with WTNY's Legal Department; Anthony Montoya (attorney) & Bernard Thomas (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the caller's legal obligations involving Martin Svenson's alleged conduct.
>
> On 06/28/2011, elder Kenneth Pratt of the Forsyth Congregation communicated with WTNY's Legal Department; Anthony Montoya (attorney) & Steve Sadowski (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was a litigation threat involving Martin Svenson and Bruce Mapley, Sr.
>
> On 12/10/2018, elders Marty Merrifield and Brett Merrifield of the East Laurel Congregation (1007 W. 4th St., Laurel, MT) communicated with WTNY's Legal Department; Noe Hinojosa (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was a litigation threat involving Martin Svenson.
>
> - PL No. 8: On 05/01/2020, elders Marty Merrifield and Todd Benson of the West Laurel Congregation (1007 W. 4th St., Laurel, MT) communicated with WTNY's Legal Department; Gerard Djate (attorney) & Christopher Lee (paralegal) handled the call and the paralegal recorded the privileges notes; the subject matter was the caller's legal obligations involving Martin Svenson's alleged conduct.
>
> - PL No. 9: On 05/01/2020, elders Marty Merrifield and Todd Benson of the West Laurel Congregation (1007 W. 4th St., Laurel, MT) communicated with WTNY's Legal Department; Ben Gompper (paralegal) handled the call and the paralegal recorded the privileges notes; the subject matter was the caller's legal obligations involving Martin Svenson's alleged conduct.
>
> - PL No. 10 & 11: Includes notes from 2 calls.
>
> On 10/17/2019 and 12/13/2019, elders Delbert Hiebert and Tom Meyers of the Hardin Congregation communicated with WTNY's Legal Department; Ben Gompper/Patrick Cordova (paralegals) handled the calls and the paralegals recorded the privileged notes; the subject matter was the callers' legal obligations involving Gunnar Hain's alleged conduct.
>
> - PL No. 12: On 08/05/2014, elders Sean Williams, Donald Mouat, and Tom Meyers of the Hardin Congregation communicated with WTNY's Legal Department; Anthony Montoya (attorney) and Richard Delgado (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party A.A's alleged conduct.

- PL No. 13: On 07/29/2019, elders Rustin Haley and Ronnie Reinoso of the Hardin Congregation communicated with WTNY's Legal Department; Michael Workman (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party J.C.'s alleged conduct.

- PL No. 14: Includes notes from three calls.

  On 01/16/2006, elders Robert Hulsey and Tom Meyers of the Hardin Congregation communicated with WTNY's Legal Department; William Bell (attorney) and Robert Webber (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party R.H.'s alleged conduct.

  On 03/22/2006, elders Donald Mouat, and Tom Meyers of the Hardin Congregation communicated with WTNY's Legal Department; William Bell (attorney) and Aaron Maki (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party R.H.'s alleged conduct.

  On 10/09/2019, elders William Hasch and Curtis Clark of the Hardin Congregation communicated with WTNY's Legal Department; Noe Hinojosa (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party R.H.'s alleged conduct.

- PL No. 15: Includes notes from three calls.

  On 08/05/2014, elders Sean Williams, Donald Mouat, and Tom Meyers of the Hardin Congregation communicated with WTNY's Legal Department; Anthony Montoya (attorney) and Richard Delgado (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party Nellie Means' alleged conduct.

  On 08/25/2014, elder Sean Williams of the Hardin Congregation communicated with WTNY's Legal Department; Anthony Montoya (attorney) and Toby Turcot (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the caller's legal obligations involving third-party Nellie Means' alleged conduct.

  On 09/16/2014, elder Sean Williams of the Hardin Congregation communicated with WTNY's Legal Department; William Niebel (attorney) and Richard Delgado (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the caller's legal obligations involving third-party Nellie Means' alleged conduct.

Brown Law Firm, P.C.
May 2, 2022
Page 8 of 13

- PL No. 16: Includes notes from three calls.

  On 08/05/2014, elders Sean Williams, Donald Mouat, and Tom Meyers of the Hardin Congregation communicated with WTNY's Legal Department; Anthony Montoya (attorney) and Richard Delgado (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party P.M.'s alleged conduct.

  On 08/25/2014, elder Tom Meyers of the Hardin Congregation communicated with WTNY's Legal Department; Anthony Montoya (attorney) and Toby Turcot (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the caller's legal obligations involving third-party P.M.'s alleged conduct.

  On 09/16/2014, elder Sean Williams of the Hardin Congregation communicated with WTNY's Legal Department; William Niebel (attorney) and Richard Delgado (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the caller's legal obligations involving third-party P.M.'s alleged conduct.

- PL No. 17: On 09/07/2015, elders Carlos Mendoza and Robert Hulsey of the Hardin Congregation communicated with WTNY's Legal Department; Anthony Montoya (attorney) and Raul Carmenate (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party A.M.'s alleged conduct.

- PL No. 18: On 04/02/2021, elders Rustin Haley and Vern Moehr of the Hardin Congregation communicated with WTNY's Legal Department; Noe Hinojosa (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party R.M.'s alleged conduct.

- PL No. 19: On 12/05/2003, elders Robert Hulsey & Donald Mouat, and Michael Riddle of the Hardin Congregation communicated with WTNY's Legal Department; William Bell (attorney) and Bernard Thomas (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party J.N.'s alleged conduct.

- PL No. 20: On 11/01/2014, elders Sean Williams and Bruce Haley of the Hardin Congregation communicated with WTNY's Legal Department; William Niebel (attorney) and Melvin Sanchez (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the caller's legal obligations involving third-party K.R.'s alleged conduct.

- PL No. 21: Includes notes from four calls.

On 05/24/2018, elders Rustin Haley and Tom Meyers of the Hardin Congregation communicated with WTNY's Legal Department; Jin Soo Lee (attorney) and Gabriel Portugal (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party M.R.'s alleged conduct.

On 05/30/2018, elders Rustin Haley and Carlos Mendoza of the Hardin Congregation communicated with WTNY's Legal Department; Gerard Djate (attorney) and Raul Pelayo (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party M.R.'s alleged conduct.

On 06/13/2018, elders Rustin Haley and Tom Meyers of the Hardin Congregation communicated with WTNY's Legal Department; Richard Maxwell (attorney) and Ben Gompper (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party M.R.'s alleged conduct.

On 06/15/2018, elders Rustin Haley and Tom Meyers of the Hardin Congregation communicated with WTNY's Legal Department; David Humenik (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party M.R.'s alleged conduct.

- PL No. 22: On 08/05/2014, elders Sean Williams, Donald Mouat, and Tom Meyers of the Hardin Congregation communicated with WTNY's Legal Department; Anthony Montoya (attorney) and Richard Delgado (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party James Rowland's alleged conduct.

- PL No. 23: On 04/23/2020, elders Rustin Haley and Ronnie Reinoso of the Hardin Congregation communicated with WTNY's Legal Department; Gerard Djate (attorney) and Noe Hinojosa (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party M.S.'s alleged conduct.

- PL No. 24: On 08/05/2014, elders Sean Williams, Donald Mouat, and Tom Meyers of the Hardin Congregation communicated with WTNY's Legal Department; Anthony Montoya (attorney) and Richard Delgado (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party Mildred Svenson's alleged conduct.

Brown Law Firm, P.C.
May 2, 2022
Page 10 of 13

- PL No. 25: Includes notes from two calls.

  On 11/01/2014, elders Sean Williams and Bruce Haley of the Hardin Congregation communicated with WTNY's Legal Department; William Niebel (attorney) and Melvin Sanchez (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party T.V.'s alleged conduct.

  On 07/03/2015, elders Sean Williams and Delbert Hiebert of the Hardin Congregation communicated with WTNY's Legal Department; Williams Niebel (attorney) and Marc Linder (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party T.V.'s alleged conduct.

- PL No. 26: On 09/07/2015, elders Carlos Mendoza and Robert Hulsey of the Hardin Congregation communicated with WTNY's Legal Department; Anthony Montoya (attorney) and Raul Carmenate (paralegal) handled the call and the paralegal recorded the privileged notes; the subject matter was the callers' legal obligations involving third-party C.W.'s alleged conduct.

- PL No. 27: The letter, which is dated April 19, 1997, was written by the elders of the Columbia Falls Congregation in Montana to the Service Department in response to a letter from WTNY dated March 14, 1997, and seeks religious guidance concerning Third Party C.R's conduct. The letter was signed by six elders, and while the signatures are difficult to read, their initials appear to be J.M., C.M., F.L., M.D., C.J., and M.B.

- PL No. 28: The letter, which is dated April 24, 1997, was written by the elders of the Harvest Park Congregation in Billings, Montana, to the Service Department in response to a letter from WTNY dated March 14, 1997, and seeks religious guidance concerning Third Party B.M's conduct. The letter was signed by three elders, and while the signatures are difficult to read, their initials appears to be D.P., J.S., and J.R.

- PL No. 29: No additional information regarding this letter is needed because it was previously determined by the Court to be protected under the Clergy-Penitent Privilege. *See* Order Re Motion to Compel Hardin Congregation's Subpoena, Doc. 82 in the *Caekaert* litigation, pp. 3-4 (referring to the letter as Document 1).

- PL No. 30: The letter, which is dated May 14, 1997, was written by the elders of the Evergreen Congregation in Kalispell, Montana, to the Service Department in response to a letter from WTNY dated March 14, 1997, and seeks religious guidance concerning Third Party M.C's conduct. The letter was signed by the following elders: Daroll

      Mitchell, Mike Thompson, Randy Hanscom, James Currier, James Durham, Robert Holland, Brian Twiest, Lloyd Anderson, and Check Wenrich.

- PL No. 31: The letter, which is dated May 29, 1997, was written by the elders of the Lonepine Congregation in Kalispell, Montana, to the Service Department in response to a letter from WTNY dated March 14, 1997, and seeks religious guidance concerning Third Party L.J.'s conduct. The letter was signed by seven elders, and while the signatures are difficult to read, their initials appear to be C.M., D.B., J.S., D.B., H.B., B.A, and D.H.

- PL No. 32: The letter, which is dated August 6, 1997, was written by the elders of the Twin Bridges Congregation in Montana at the recommendation of a Circuit Overseer to the Service Department in response to a letter from WTNY dated March 14, 1997, and seeks religious guidance concerning Third Party G.J's conduct. The letter was signed by Glenn Lindsey.

- PL No. 33: The letter, which was received on August 12, 1997, was written by the elders of the Billings Congregation, MT to the Service Department in response to a letter from WTNY dated March 14, 1997, and seeks religious guidance concerning Third Party T.M's conduct. The letter was signed by Bill O'Connor and Mike Glenn.

- PL No. 34: The letter, which is dated February 2, 1999, was written by the elders of the East Congregation in Libby, Montana, to the Service Department in response to a letter from WTNY dated March 14, 1997, and seeks religious guidance concerning Third Party N.O's conduct. The letter was signed by Marc Lutsko and Gerald Robins.

- PL No. 35: The letter, which is dated February 7, 2000, was written by the elders of the Belgrade Congregation in Montana to the Service Department in response to a letter from WTNY dated March 14, 1997, and seeks religious guidance concerning Third Party K.M's conduct. The letter was signed by Adrian Terrell, Dan Howell, and Keith Blanchard.

- PL No. 36: The letter, which is dated April 6, 2000, was written by the elders of the Billings Heights Congregation in Montana to the Service Department in response to a letter from WTNY dated March 14, 1997, and seeks religious guidance concerning Third Party R.G's conduct. The letter was signed by William Frates, Dan Weis, and H. Craig Kiner.

- PL No. 37: The letter was written by the elders of the Hardin Congregation, MT to elders in the Pacific Congregation, Washington, providing religious guidance regarding Gunnar Hain. The approximate date of the letter is mid-late 1997. The letter was signed by Tom Meyers.

Brown Law Firm, P.C.
May 2, 2022
Page 12 of 13

- PL No. 38: The letter, which is dated September 14, 1998, was written by the elders of the Hardin Congregation to the Service Department seeking religious guidance regarding Martin Svenson's conduct. The letter was signed by Tom Meyers.

- PL No. 39: The letter, which is dated September 27, 1999, was written by the Service Department to the Hardin Congregation in Montana, and provided religious guidance, admonishment, and advice in response to, and requested additional information regarding, the letter marked as PL No. 29, which was previously determined by the Court to be protected under the Clergy-Penitent Privilege. *See* Order Re Motion to Compel Hardin Congregation's Subpoena, Doc. 82 in the *Caekaert* litigation, pp. 3-4 (referring to the letter as Document 1).

- PL No. 40: The Notification of Disfellowshipping or Disassociation, which is dated October 14, 1999, was sent by the Canyon Ferry Congregation in Montana to the Service Department and references confidential statements made by Bruce Mapley, Sr., regarding matters of serious sin. The Notification was signed by Douglas Smith, John O'Leary, and Jim White.

- PL No. 41: The letter, which is dated May 5, 2011, was sent to WTNY's Legal Department by Delbert Hiebert with the Hardin Congregation in Montana seeking legal advice regarding threatened legal action in relation to Bruce Mapley, Sr., Gunnar Hain, and Martin Svenson's alleged conduct.

- PL No. 42: The Memorandum, which is dated June 15, 2011, was sent by attorney Anthony Montoya with WTNY's Legal Department to the Service Department and provided legal advice regarding the letter marked as PL No. 41 and the legal action threatened therein.

- PL No. 43: The Memorandum, which is dated December 26, 2014, was sent by the Service Department to WTNY's Legal Department and requested legal advice regarding Bruce Mapley, Sr.'s alleged conduct.

- PL No. 44: The Memorandum, which is dated January 2, 2015, was sent by attorney William Niebel with WTNY's Legal Department to the Service Department and provided legal advice in response to the Memorandum marked as PL No. 43.

- PL No. 45: The Client Intake Form, which is dated September 7, 2014, was sent to WTNY's Legal Department by Sean Dean Williams, Thomas Meyers, Bruce Mark Haley, Robert Gary Hulsey, Donald David Moaut, Rusty Mark Haley, and Carlos Francisco Mendoza on behalf of the Hardin Congregation, MT, and the subject matter was legal advice concerning David Means' and Nellie Means' alleged conduct.

Brown Law Firm, P.C.
May 2, 2022
Page 13 of 13

- PL No. 46: The Client Intake Form, which is dated September 7, 2014, was sent to WTNY's Legal Department by Sean Dean Williams, Thomas Meyers, Bruce Mark Haley, Robert Gary Hulsey, Donald David Mouat, Rusty Mark Haley, and Carlos Francisco Mendoza on behalf of the Hardin Congregation, MT and the subject matter was legal advice concerning David Means' and Third Party P.M.'s conduct.

- PL No. 47: The Client Intake Form, which is dated October 10, 2019, was sent to WTNY's Legal Department by Tom Meyers, William Hasch, Del Heibert, and Gary Hulsey on behalf of the Hardin Congregation, MT and the subject matter was legal advice concerning Third Party R.H.'s alleged conduct.

- PL No. 48: The Client Intake Form, which is dated October 10, 2019, was sent to WTNY's Legal Department by Tom Meyers, William Hasch, Del Heibert, and Gary Hulsey on behalf of the Hardin Congregation in Montana, and the subject matter was legal advice concerning Third Party R.H.'s alleged conduct.

- PL No. 49: The Client Intake From, which is dated April 30, 2020, was sent to WTNY's Legal Department by Ronni Reinoso, Delbert Marcel Hiebert, and Rustin Mark Haley of the Hardin Congregation, MT and the subject matter was legal advice concerning Third Party M.S.'s alleged conduct.

After reviewing this letter, please let me know if you have any remaining questions regarding the documents identified in WTNY's Privilege Log. Also, enclosed please find a First Supplemental Privilege Log including revisions in the "Description" category as to the person or persons referenced in certain documents. Thank you for your attention to this matter.

Sincerely,

Jon A. Wilson
JAW
enclosure
cc:     Joel M. Taylor (via e-mail) (w/enclosure)