| | |
|---|---|
| Robert L. Stepans | Matthew L. Merrill (appearing *pro hac vice*) |
| Ryan R. Shaffer | Merrill Law, LLC |
| James C. Murnion | 1401 Delgany Street, #404 |
| Victoria K.M. Gannon | Denver, CO  80202 |
| Meyer, Shaffer & Stepans, PLLP | Tel: (303) 947-4453 |
| 430 Ryman Street | matthew@merrillwaterlaw.com |
| Missoula, MT  59802 | |
| Tel: (406) 543-6929 | |
| Fax: (406) 721-1799 | |
| rob@mss-lawfirm.com | |
| ryan@mss-lawfirm.com | |
| james@mss-lawfirm.com | |
| katy@mss-lawfirm.com | |

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Case No. CV-20-52-BLG-SPW |
| Plaintiffs, | **PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT RE: HARDIN ELDERS ARE AGENTS OF WTNY** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA., | |
| Defendants, | |

Plaintiffs submit this brief in support of their Motion for Partial Summary Judgment re: Hardin Elders are Agents of WTNY and respectfully request the Court establish as a matter of law the agency relationship between Defendant

Watchtower Bible and Tract Society of New York, Inc. ("WTNY") and all Hardin Congregation elders during the relevant time period of 1973 to 1992 ("Hardin Elders").

## INTRODUCTION

Plaintiffs have alleged throughout this case that the corporate Defendants are liable for the acts and omissions of their designated agents, the Hardin Elders, who permitted the child sexual abuse of Plaintiffs to continue unhindered. Indeed, corporations like Defendants can only act through their designated agents. The evidence that local elders are agents of WTNY is overwhelming. In fact, WTNY has admitted that local congregation elders are its agents in other cases. But it refuses to make such an admission in this case.

While Plaintiffs will ultimately prove the Hardin Elders were acting as the agents of both Defendants, the instant motion seeks summary judgment on the agency relationship between WTNY and the Hardin Elders because the undisputed evidence establishes that WTNY was the principal corporate entity that: (1) appointed the Hardin Elders to their positions; (2) could remove the Hardin Elders from their positions; (3) assigned the Hardin Elders their duties and responsibilities through various written materials that set forth the policies and procedures they were to follow; (4) trained the Hardin Elders how to perform such duties at in person trainings known as Kingdom Ministry Schools; and (5) appointed and paid

**Plaintiffs' Brief in Support of Motion for Partial Summary Judgment Re:**
**Hardin Elders Are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
2

the Circuit Overseers (akin to regional managers) that visited the Hardin Congregation and reported on its activities, including the wrongdoing of its appointed officials, to WTNY. No genuine issue of material fact relating to the agency relationship between WTNY and the Hardin Elders exists and Plaintiffs are entitled to judgment as a matter of law as to the existence of the agency relationship.

## FACTUAL BACKGROUND

The Jehovah's Witnesses Organization ("Organization") is structured hierarchically and governed from the top down by the Governing Body. Plaintiffs' Statement of Undisputed Facts, ¶ 2a (hereinafter, "SUF"). In this role, "The Governing Body oversees the promulgation of policies and procedures for all persons associated with the Jehovah's Witnesses." SUF, ¶¶ 2b, c. Critically, this includes "policies and procedures for local congregation elders to investigate and respond to allegations of serious sin, including child sex abuse." SUF, ¶ 6i.

However, the Governing Body does not act on its own, rather, it uses WTNY (among other entities). SUF, ¶¶ 3a–d. WTNY was at all times relevant "subject to and work[ed] under the direction of" the Governing Body. SUF, ¶ 3d. In turn, during all times relevant, WTNY was the primary entity used to control and manage local congregations in the United States, including the Hardin

**Plaintiffs' Brief in Support of Motion for Partial Summary Judgment Re:**
**Hardin Elders Are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
3

Congregation. SUF, ¶¶ 4a–i. Indeed, "WTNY is the legal parent organization of all congregations in the U.S." SUF, ¶ 4f.

At all times relevant, WTNY was the corporate entity that appointed local congregation elders to their positions. SUF, ¶ 5a–f. Stated more specifically: the Governing Body delegated its authority to the Service Department of the U.S. Branch Office to approve or deny the recommendations for local elders, and the decision was communicated to the local congregation elders on a letter from WTNY, and prior to 2001, every activity carried out by the U.S. Branch Office (and its Service Department) under WTNY letterhead or on behalf of WTNY has been ratified by WTNY. SUF, ¶¶ 3e, 5d. There is no other method to becoming a local congregation elder; stated another way: every local congregation elder in the United States during the relevant time period was appointed by the Service Department through WTNY. SUF, ¶ 5e. Likewise, the only way to remove a local elder against his will was through WTNY. SUF, ¶¶ 5f–g. WTNY has accordingly admitted in two prior cases that local congregation elders were its agents. SUF, ¶¶ 1a, b.

Local congregation elders are so appointed to, *inter alia*, investigate and handle wrongdoing within their congregation pursuant to the written policies and

**Plaintiffs' Brief in Support of Motion for Partial Summary Judgment Re:**
**Hardin Elders Are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
4

procedures set forth in Defendants' publications and letters.[1] SUF, ¶ 6a, g, h. Local congregation elders were required to follow such policies and procedures, and they could be removed from their positions for failing to do so. SUF, ¶ 6b. WTNY, both directly and as the corporate entity through which the Organization's noncorporeal entities acted, trained local congregation elders on applicable policies and procedures for handling child sexual abuse at trainings known as Kingdom Ministry Schools. SUF, ¶¶ 6c, 6k. WTNY provided local congregation elders legal advice and guidance. SUF, ¶6o.

The Governing Body then appointed Circuit Overseers (akin to regional managers) through WTNY to visit and monitor local congregations and report on their activities. SUF, ¶¶ 4h, 6l, 6m. These overseers were expected to know of serious sins, such as child sexual abuse, committed by local congregation elders and ministerial servants. SUF, ¶ 6n.

Elders in the U.S. Branch Office and its Service Department in New York answered local congregation elder's questions on how to follow the policies and procedures in Defendants' publications. SUF, ¶ 4i. The U.S. Branch Office also

---

[1] Defendants worked in concert to write, publish, disseminate, teach, and enforce policies and procedures to be implemented and followed at local congregations in the United States, including policies and procedures that governed how local congregations were to handle reports of child sex abuse. SUF, ¶¶ 6d–f.

**Plaintiffs' Brief in Support of Motion for Partial Summary Judgment Re:
Hardin Elders Are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
5

"assisted local elders in administering discipline to local congregation members who committed serious sin." SUF, ¶ 6j.

Specific to this case, the Hardin Elders were appointed and controlled by the Governing Body acting primarily through WTNY. SUF, ¶ 7a–h. They were appointed by the Governing Body and WTNY. SUF, ¶ 7b. Upon appointment, they were instructed to become familiar with their duties as outlined in Defendants' publications, provided to them by WTNY. SUF, ¶ 7c. The Hardin Elders learned how to perform their various duties from Defendants' publications, "All Bodies of Elders" letters, and trainings/schools, all of which were provided to/for them by Defendants. SUF, ¶ 7d, h. They were appointed to, *inter alia*, investigate and handle wrongdoing within their congregation pursuant to the written policies set forth in Defendants' publications and letters. SUF, ¶ 7e. If they had questions about how to handle wrongdoing in their congregation, they were to call the WTNY Legal Department for advice and guidance. SUF ¶ 6o. The Hardin Elders could only be removed against their will by WTNY. SUF, ¶ 7f. Voluminous evidence shows the Hardin Congregation and its elders sought and followed the direction from the top of the Jehovah's Witnesses' hierarchy, including WTNY. SUF, ¶ 7g.

///

///

**Plaintiffs' Brief in Support of Motion for Partial Summary Judgment Re:**
**Hardin Elders Are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
6

## SUMMARY JUDGMENT STANDARD

"A party claiming relief may move…for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(a).  Partial summary judgment is "intended to avoid a useless trial of facts and issues over which there was really never any controversy and which would tend to confuse and complicate a lawsuit." *In re Lau Capital Funding, Inc.*, 321 B.R. 287, 295 (Bankr. C.D. Cal. 2005); § 2737 Cases Not Fully Adjudicated on Motion, 10B Fed. Prac. & Proc. Civ. § 2737 (4th ed.). The existence of an agency relationship is one such issue.  *See, e.g.*, g *Vinion v. Amgen Inc.*, No. CV 03-202-M-DWM, 2005 WL 6763338, at *6 (D. Mont. Nov. 9, 2005), *aff'd*, 272 Fed. Appx. 582 (9th Cir. 2008)(unpublished) (deciding agency issue on summary judgment); *see also Read v. Teton Springs Golf & Casting Club, LLC,* No. CV 08-CV-00099, 2010 WL 11531376, at *7–9 (D. Idaho Aug. 13, 2010), *report and recommendation adopted*, No. CV08-099-E-EJL-REB, 2010 WL 11531377 (D. Idaho Sept. 28, 2010) (granting in part motion for partial summary judgment regarding agency).

"Summary judgment may properly be granted only when no genuine issue of material fact exists and the moving party is clearly entitled to prevail as a matter of law." *May Dept. Store v. Graphic Process Co.*, 637 F.2d 1211, 1214 (9th Cir. 1980) (citing *Real v. Driscoll Strawberry Assocs.*, 603 F.2d 748, 753 (9th Cir. 1979)).  "[T]he mere existence of some alleged factual dispute between the parties

**Plaintiffs' Brief in Support of Motion for Partial Summary Judgment Re:
Hardin Elders Are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
7

will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Even if the Court "does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g). "[T]he primary purpose of the rule is to salvage some results from the effort involved in the denial of a motion for summary judgment." § 2737 Cases Not Fully Adjudicated on Motion, 10B Fed. Prac. & Proc. Civ. § 2737 (4th ed.) (citing cases).

## AGENCY LAW

"An agent is one who represents another, called the principal, in dealings with third persons. Such representation is called agency." MPI2d 10.00 (2003) (citing Mont. Code Ann. § 28-10-101). "Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control." *Weingart v. C & W Taylor Partn.*, 809 P.2d 576, 579 (Mont. 1991) (citing cases). "Integral to any agency relationship are the elements of consent and control." *Wolfe v. Schulz Refrigeration*, 614 P.2d 1015, 1018 (Mont. 1979).

**Plaintiffs' Brief in Support of Motion for Partial Summary Judgment Re:**
**Hardin Elders Are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
8

"Any person [corporation] may appoint an agent and any person [corporation] may be an agent." MPI2d 10.01 (citing Mont. Code Ann. § 28-10-104). "One may be an agent although he/she receives no payment for his/her services." MPI2d 10.02 (citing Mont. Code Ann. § 28-10-202). "An agency may be created and an authority may be conferred by a precedent authorization or a subsequent ratification." Mont. Code Ann. § 28-10-201.

"An agent has the authority that the principal actually or ostensibly confers upon the agent." Mont. Code Ann. § 28-10-401. "Actual authority is authority that the principal intentionally confers upon the agent or intentionally or by want of ordinary care allows the agent to believe that the agent possesses." Mont. Code Ann. § 28-10-402. "Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess." Mont. Code Ann. § 28-10-403. "An agent has authority to . . . do everything necessary and proper and usual, in the ordinary course of business, for effecting the purpose of the agency[.]" Mont. Code Ann. § 28-10-405.

While the issue of agency "often involve questions of fact which preclude resolution by summary judgment . . . summary judgment is appropriate where a party 'fail[s] to present sufficient evidence to give rise to a genuine issue of material fact regarding an agency relationship[.]'" *Semenza v. Kniss*, 189 P.3d 1188, 1191 (Mont. 2008) (citing cases). Stated differently, if the undisputed

**Plaintiffs' Brief in Support of Motion for Partial Summary Judgment Re:**
**Hardin Elders Are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
9

evidence gives rise to but one reasonable inference, the question of legal relationship is one purely of law.  *See Id.*

# ARGUMENT

The undisputed facts unequivocally establish that the Hardin Elders were the agents of WTNY.  First, WTNY appointed the Hardin Elders to their positions and WTNY alone could remove them from their positions.  Thus, so long as the Hardin Elders were in their appointed positions, they were in those positions with the consent of WTNY.  Second, WTNY controlled the Hardin Elders by providing them written materials and manuals - much of it published by WTNY - setting forth their duties and responsibilities as elders, including handling reports of child sexual abuse.  WTNY arranged and paid for the Kingdom Ministry Schools that trained them in such duties and responsibilities using Defendants' written materials.  WTNY provided the Hardin Elders legal advice and guidance if they ever had a question about how to apply and enforce WTNY's policies regarding child sexual abuse.  This is also direct, undisputed evidence of control.  The Hardin Congregation would not even exist—and consequently would not have any appointed elders—without the express permission of WTNY.  In the end analysis, WTNY consented to the Hardin Elders responding to and investigating the child sexual abuse at issues in this case, by tasking them with such, and controlled these

**Plaintiffs' Brief in Support of Motion for Partial Summary Judgment Re:**
**Hardin Elders Are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
10

actions through the voluminous publications setting forth the policies and procedures the Hardin Elders were to follow.

In *Moses v. Diocese of Colorado,* the jury found an agency relationship between a priest and the Diocese defendant.[2] 863 P.2d 310, 323 (Colo. 1993). In upholding the jury's agency determination, the court noted "the structure of the Episcopal Church is basically hierarchal." *Id.* at 325. According to that structure, the Diocese, acting through its Bishop, hired the priest. *Id.* Likewise, the Diocese controlled the disciplining of priests, their training, and had printed regulations the priests were to follow. *Id.* at 327. "All of these facts indicate that a priest is not independent of the Diocese but is controlled by the Diocese and the bishop." *Id.*

Here, like in *Moses* where the Diocese hired its agent priest, WTNY appointed the Hardin Elders. Like in *Moses* where the Diocese controlled the disciplining of priests, here WTNY controlled the removal of elders. WTNY likewise provided and oversaw the training of the Hardin Elders, just like the Diocese in *Moses*. Finally, like in *Moses*, where the Diocese provided printed regulations to control the priest's conduct, here, WTNY provided the Hardin Elders printed regulations to control how they handled reports of child sexual

---

[2] Plaintiffs' counsel has been unable to locate any Montana case, state or federal, analyzing whether an agency relationship existed between clergy and a religious corporation.

**Plaintiffs' Brief in Support of Motion for Partial Summary Judgment Re:
Hardin Elders Are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
11

abuse. As such, *Moses* is persuasive authority that the Hardin Elders were the agents of WTNY.

## CONCLUSION

The undisputed facts show the Hardin Elders were the agents of WTNY. Despite this overwhelming and undisputed evidence, and despite the fact that WTNY has admitted local congregation elders are agents in other cases, they will not do so here. Thus, WTNY has forced Plaintiffs to bring this issue to the Court so that the parties do not waste time at trial on questions of agency that should be resolved in advance of trial. Accordingly, in the interest of judicial economy at trial, Plaintiffs respectfully request an order determining that for the period 1973 to 1992 the Hardin Elders were acting as agents of WTNY when they were investigating and responding to reports of child sexual abuse.

DATED this 11th day of April, 2024.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

**Plaintiffs' Brief in Support of Motion for Partial Summary Judgment Re:
Hardin Elders Are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
12

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 2,429 words, excluding the caption, certificates of service, and compliance, table of contents, and authorities, and exhibit index.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

**Plaintiffs' Brief in Support of Motion for Partial Summary Judgment Re:
Hardin Elders Are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
13