| | |
|---|---|
| Robert L. Stepans | Matthew L. Merrill (appearing *pro hac vice*) |
| Ryan R. Shaffer | Merrill Law, LLC |
| James C. Murnion | 1401 Delgany Street, #404 |
| Victoria K.M. Gannon | Denver, CO  80202 |
| Meyer, Shaffer & Stepans, PLLP | Tel: (303) 947-4453 |
| 430 Ryman Street | matthew@merrillwaterlaw.com |
| Missoula, MT  59802 | |
| Tel: (406) 543-6929 | |
| Fax: (406) 721-1799 | |
| rob@mss-lawfirm.com | |
| ryan@mss-lawfirm.com | |
| james@mss-lawfirm.com | |
| katy@mss-lawfirm.com | |

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | )<br>)<br>) Case No. CV-20-52-BLG-SPW |
| Plaintiffs, | )<br>) **PLAINTIFFS' STATEMENT** |
| vs. | ) **OF UNDISPUTED FACT IN**<br>) **SUPPORT OF THEIR** |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA., | ) **MOTION FOR PARTIAL**<br>) **SUMMARY JUDGMENT RE:**<br>) **HARDIN ELDERS ARE**<br>) **AGENTS OF WNTY**<br>) |
| Defendants, | )<br>) |

Pursuant to L.R. 56.1(a), Plaintiffs submit the following Statement of Undisputed Facts in support of their Motion for Partial Summary Judgment re: Hardin Elders are Agents of WTNY.

1. **WTNY Has Previously Admitted / Stipulated That Local Congregation Elders are Agents of WTNY.**

    a. In *Doe v. WTNY*, WTNY admitted that a local elder was its agent. Ex. A, *Doe* WTNY Resps. to RFA, 3–4.

    b. In *Lopez v. WTNY*, WTNY stipulated that it made the final determination about which men would serve as elders and ministerial servants in local congregations and such elders and ministerial servants were agents of WTNY. Ex. B, *Lopez* Stip., 7–9.

2. **The Jehovah's Witnesses are a Hierarchical Religion Governed from the Top Down by the Governing Body.**

    a. The Jehovah's Witnesses are a hierarchical religion that is governed from the top down by the Governing Body. Ex. C, *Cobb* Tr. of Proc., 4–5.

    b. "The Governing Body oversees the promulgation of policies and procedures for all persons associated with the Jehovah's Witnesses." Ord. at 38, ECF No. 318.

    c. "The Governing Body approves all letters to congregations concerning matters of policy." Ord. at 38, ECF No. 318.

3. **During All Times Relevant to this Case, WTNY was Controlled by the Governing Body.**

    a. With almost no exception, the group of men who comprised the Governing Body were the exact same men who sat on the board of

Plaintiffs' Statement of Undisputed Facts in Support of Their
Motion for Partial Summary Judgment re: Hardin Elders are Agents of WTNY
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
2

directors and served as the corporate officers for both WTNY and WTPA.  Ex. D, Summary and Comparison; Ex. E, 1970 Yearbook of JWs, 38 ("So really, the governing body of Jehovah's witnesses is the board of directors of the Watch Tower Bible and Tract Society of Pennsylvania[.]").

b. The Governing Body acted through WTNY when (1) appointing/removing local congregation elders and ministerial servants; and (2) providing to local elders the policies and procedures regarding allegations of child sexual abuse.  *See, e.g.,* Ex. F, WTNY 30(b)(6) Jefferson Dep., 71:11–72:24, 100:2–103:9; Ex. G, Adams Aff., ¶¶ 6–8; Ex. H, 1983 Organized to Accomplish Our Ministry, 26–27; Ex. F, WTNY 30(b)(6) Jefferson Dep., 100:2–103:9, 124:6–125:2; Ex. I, WTNY 30(b)(6) Moreno Dep., 15:14–18.

c. WTNY served as an instrument of the Governing Body.  Ex. J, 1972 Kingdom Ministry, 79.

d. "The Watch Tower Bible and Tract Society of Pennsylvania is the parent corporate agency of Jehovah's Witnesses.  It works with its subsidiary legal agencies such as the Watchtower Bible and Tract Society of New York, Inc. . . . for carrying on the business that must be done in order to print and ship the good news.  All these agencies

**Plaintiffs' Statement of Undisputed Facts in Support of Their
Motion for Partial Summary Judgment re: Hardin Elders are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
3

      are subject to and work under the direction of the 'faithful and discreet slave' class and its Governing Body." Ex. K, 1977 Branch Organization, 1-4 ¶ 34.

  e. Prior to 2001, every activity carried out by the U.S. Branch Office (and its Service Department) under WTNY letterhead or on behalf of WTNY has been ratified by WTNY. Ex. L, *Nunez* Chappel Dep., 44:13–25; Ex. M, *Nunez* Prop. Final Pretrial Ord., 18–19.

4. **During all times Relevant to this Case, Local Congregations were Controlled from the Top of the Hierarchical Structure Through WTNY.**

  a. "Local congregations could not exist without the express permission of the U.S. Branch Office, which includes WTNY and the Governing Body." Ord. at 40, ECF No. 318.

  b. "The operation of a local congregation's Kingdom Hall is done under the direction of the theocratic organization, i.e. the Governing Body, WTNY, and the U.S. Branch Office." Ord. at 39, ECF No. 318.

  c. "The U.S. Branch Office is the U.S. division of the Jehovah's Witnesses Organization where central control over U.S. Congregations is based." Ord. at 39, ECF No. 318.

  d. "A prospective local congregation must apply to WTNY or the U.S. Branch Office to be approved as an entity with the Organization." Ord. at 39, ECF No. 318.

**Plaintiffs' Statement of Undisputed Facts in Support of Their  
Motion for Partial Summary Judgment re: Hardin Elders are Agents of WTNY**  
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*  
4

e. WTNY and WTPA worked in concert to manage and oversee the operation of all local congregations in the United States.  Ex. G, Adams Aff., ¶¶ 3–17, 27; Ex. N, *Rodriguez* WTNY Ans., ¶ 5; Ex. K, 1977 Branch Organization, 1-4 ¶ 34; Ex. E, 1970 Yearbook of JWs, 38.

f. "WTNY is the legal parent organization of all congregations in the U.S."  Ord. at 39, ECF No. 318.

g. "Local congregations operate under the direction of the Governing Body."  Ord. at 39, ECF No. 318.

h. "Jehovah's Witnesses circuit overseers visit local congregations and report on their activities to the U.S. Branch Office."  Ord. at 39, ECF No. 318.

i. "Elders direct questions on how to follow Jehovah's Witnesses policies to the U.S. Branch Office" Ord. at 38, ECF No. 318.

5. **Local Elders are Appointed by the Governing Body through WTNY.**

a. "The Governing Body has the ultimate authority to bar a person from serving in positions of responsibility with the Jehovah's Witnesses Organization."  Ord. at 38, ECF No. 318.

b. When the Organization's leaders (i.e. the Governing Body) decide to remove an elder from service, that decision is final, binding, and that

Plaintiffs' Statement of Undisputed Facts in Support of Their
Motion for Partial Summary Judgment re: Hardin Elders are Agents of WTNY
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
5

    person no longer has authority in the local congregation.  Ex. C, *Cobb* Tr. of Proc., 4–5.

c. "The Governing Body adopts guidelines for the qualifications of for the appointment of local elders based on the Holy Scriptures."  Ord. at 38, ECF No. 318.

d. The Governing Body delegated its authority to the Service Department of the U.S. Branch Office to approve or deny the recommendations for local elder and ministerial servant appointment/removal, and the decision was communicated to the local congregation elders on a letter from WTNY.  Ex. O, WTNY's Ans. to Interrog. No. 20; Ex. F, WTNY 30(b)(6) Jefferson Dep., 54:15–57:6, 77:18–22; Ex. P, 1960 Preaching and Teaching in Peace and Unity, 27–28; Ex. H, 1983 Organized to Accomplish Our Ministry, 41; Ex. Q, *Vigue* Breaux Decl., ¶ 8; Ex. R, *Alston* Jefferson Decl, ¶ 11.

e. There is no other method to becoming a local congregation elder; stated another way: every local congregation elder is appointed by the Service Department through WTNY.  Ex. G, Adams Aff., ¶¶ 3–17, 27; *see also* Ex. C, *Cobb* Tr. of Proc., 4–5; *see also* Ex. N, *Rodriguez* WTNY Ans., ¶ 8; *see also* Ex. S, *Doe* Steele Aff., ¶¶ 4, 7.

**Plaintiffs' Statement of Undisputed Facts in Support of Their
Motion for Partial Summary Judgment re: Hardin Elders are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
6

    f. "From the 1970s to 2001, the U.S. Branch Office worked in concert with WTNY to inform local congregations of the appointment and removal of elders."  Ord. at 39, ECF No. 318.

    g. Local congregation elders could only be removed against their will by the Service Department acting through WTNY.  Ex. C, *Cobb* Tr. of Proc., 4–5; *see also* Ex. G Adams Aff., ¶¶ 3–17, 27; see also Ex. N, *Rodriguez* WTNY Ans., ¶ 6.

**6. Local Elders are Controlled by the Governing Body through WTNY.**

    a. Local congregation elders are so appointed to, *inter alia*, investigate and handle wrongdoing within their congregation pursuant to the written policies and procedures set forth in WTPA/WTNY publications and letters.[1]  *E.g.,* Ex. S, *Doe* Steele Aff., ¶¶ 8, 10, 11; Ex. T, *Lopez* Ashe Dep. Vol I, 190:25–192:18; Ex. U, *Lopez* Ashe Dep. Vol. II, 320:8–322:14; Ex. V, 1949 Counsel on Theocratic Organization for Jehovah's Witnesses, 57–58; Ex. J, 1972 Kingdom Ministry School Course, 72–74, 84–86, 114–17, 123–26, 131–35; Ex. W, 1977 Pay Attention to Yourselves and to All the Flock, 55–77; Ex. X, 1981 Pay Attention to Yourselves and to All the Flock, 160–82;

---

[1] There are tens of thousands of pages of WTNY/WTPA documents setting forth the way elders were supposed to carry out their duties.  The ones cited here are meant to be examples, not an exhaustive list.

Plaintiffs' Statement of Undisputed Facts in Support of Their
Motion for Partial Summary Judgment re: Hardin Elders are Agents of WTNY
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
7

Ex. Y, 1991 Pay Attention to Yourselves and to All the Flock, 90–142; Ex. Z, July 1, 1989 All Bodies of Elders Ltr.; Ex. H, 1983 Organized to Accomplish Our Ministry, 138–53.

b. Local congregation elders were required to follow the policies and procedures set forth in various WTNY/WTPA publications and letters, and they could be removed from their positions for failing to do so. *See* Ex. F, WTNY 30(b)(6) Jefferson Dep., 88:6–92:14; Ex. AA, Lovett Dep., 67:19–69:12, 72:20–74:15, 85:15–87:5; *see also* Ex. G, Adams Aff., ¶¶ 15, 16; *see also* Ex. C, *Cobb* Tr. of Proc., 4–5; Ex. BB, *Nunez* Trial Trans., 246:24–247:13; *see also* Ex. CC, April 1, 1971 Watchtower, 223; *see also* Ex. DD, James Rowland Dep., 79:13–80:19.

c. "The U.S. Branch Office puts on training conventions to teach local elders how to do their jobs." Ord. at 38, ECF No. 318.

d. WTNY and WTPA worked in concert to write, publish, disseminate, teach, and enforce policies and procedures to be implemented and followed at local congregations in the United States, including the Hardin Congregation, including policies and procedures that governed how local congregations were to handle reports of child sexual abuse. Ex. EE, Summary of Relevant Publication.

**Plaintiffs' Statement of Undisputed Facts in Support of Their
Motion for Partial Summary Judgment re: Hardin Elders are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
8

e. WTPA generally held the copyright for and published many of the Jehovah's Witnesses publications containing their policies and procedures.  Ex. FF, WTPA 30(b)(6) Devine Dep., 97:10–99:16, 121:25–122:23, 126:4–128:2, 130:3–131:8.

f. WTNY printed these publications, published the ones WTPA did not, and provided them to local congregation elders to guide them in their duties.  Ex. F, WTNY 30(b)(6) Jefferson Dep., 100:2–103:9, 124:6–125:2; Ex. I, WTNY 30(b)(6) Moreno Dep., 15:14–18.

g. "All Bodies of Elders" letters were sent by WTNY to all local congregation elders in the United States containing further explanation of the policies and procedures elders were to follow. *See* Ex. F, WTNY 30(b)(6) Jefferson Dep., 127:23–131:15; Ex. AA, Lovett Dep., 64:12–65:8.

h. These letters were created and sent under the direction of the Governing Body.  Ex. F, WTNY 30(b)(6) Jefferson Dep., 136:7–138:13.

i. "The Governing Body establishes policies and procedures for local congregation elders to investigate and respond to allegations of serious sin, including child sex abuse." Ord. at 38, ECF No. 318.

**Plaintiffs' Statement of Undisputed Facts in Support of Their
Motion for Partial Summary Judgment re: Hardin Elders are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
9

j. "From the 1970s to 2001, the U.S. Branch Office assisted local elders in administering discipline to local congregation members who committed serious sin." Ord. at 39, ECF No. 318.

k. WTNY paid for these training sessions and provided the written materials for them.  Ex. FF, WTPA 30(b)(6) Moreno Dep., 42:20–22; Ex. F, WTNY 30(b)(6) Jefferson Dep., 110:5–111:2, 216:25–218:3; Ex. I, WTNY 30(b)(6) Moreno Dep., 15:19–23.

l. WTNY paid circuit overseers a monthly stipend and other compensation that permitted them to devote their lives to overseeing local congregations.  Ex. FF, WTPA 30(b)(6) Moreno Dep., 39:17–41:2; Ex. AA, Lovett Dep. 117:20–118:23; 130:18–132:5, 221:11–22

m. The Governing Body appointed circuit overseers through WTNY.  Ex. F, WTNY 30(b)(6) Jefferson Dep., 142:22–144:5.

n. Circuit overseers were expected to know of any serious sins committed by elders or ministerial servants from the local congregations in their circuit.  Ex. F, WTNY 30(b)(6) Jefferson Dep., 163:1–8.

o. The WTNY Legal Department provided legal guidance and advice to the Hardin Elders regarding how they should handle reports of child

Plaintiffs' Statement of Undisputed Facts in Support of Their
Motion for Partial Summary Judgment re: Hardin Elders are Agents of WTNY
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
10

sex abuse in their official capacity as clergy.  Br. at 1, 5-6, 9, ECF No. 204 (citing Moreno Aff., ¶¶ 5-6, 8-9, ECF No. 204-1).

7. **At All Times Relevant to This Case, All Elders in Hardin Montana Were Appointed and Controlled by the Governing Body through WTNY.**

    a. The Hardin Congregation was established in 1971 with the approval of WTNY.  Ex. GG, Ltrs. from WTNY to Hardin Congregation.

    b. Recommendations for the position of Elder in Hardin were sent to WTNY for approval by the Governing Body and WTNY and then sent back to Hardin.  Ex. HH, Hardin Congregation Appointments; Ex. AA, Lovett Dep, 56:2–57:24; *see also* Ex. II, Meyers Dep., 74:1–24.

    c. Newly appointed elders were instructed by WTNY to become familiar with their duties as outlined in publications provided to them by WTNY.  Ex. AA, Lovett Dep., 36:23–38:15; Ex. GG, Ltrs. from WTNY to Hardin Congregation.

    d. Elders in the Hardin Congregation learned how to perform their various duties from WTNY/WTPA publications, "All Bodies of Elders" letters, and trainings/schools, all of which were provided to/for them by WTPA/WTNY.  Ex. AA, Lovett Dep., 61:25–62:16, 64:12–65:8, 66:25–67:6, 70:22–71:9, 79:22–80:25; *see also* Ex. JJ,

**Plaintiffs' Statement of Undisputed Facts in Support of Their
Motion for Partial Summary Judgment re: Hardin Elders are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
11

Hardin 30(b)(6) Dep., 61:15–64:4, 67:17–25; *see also* Ex. KK, Hiebert Dep., 42:3–11, 43:1–7, *see also* Ex. II, Meyers Dep., 45:3–47:17, 130:11–19, *see also* Ex. DD, James Rowland Dep., 66:16–67:7, 69:14–21.

e. Hardin Congregation elders were appointed to, *inter alia*, investigate and handle wrongdoing within their congregation pursuant to the written policies set forth in WTPA/WTNY publications and letters. *E.g.,* Ex. AA, Lovett Dep., 37:22–38:15, 61:25–62:16; Ex. DD, James Rowland Dep., 66:4–72:21; 104:25–113:13; Ex. LL, Gibson Dep., 66:21–68:10; 82:8–23.

f. The elders and other officials of the Hardin Congregation for all years material to this case could only be removed against their will by the Service Department acting through WTNY. *See* Ex. AA, Lovett Dep., 85:15–87:5; *see also* Ex. HH, Hardin Congregation Appointments.

g. The Hardin Congregation follows the direction from the top of the Organization's hierarchy, whether communicated by a Circuit Overseer, the Service Department, the "branch", WTNY or otherwise. Ex. MM, Report on CO's Visit with Hardin Congregation ("At the next elders meeting, which should be held soon, the brothers need to follow thru on the direction of the Society in their letter to this body

**Plaintiffs' Statement of Undisputed Facts in Support of Their
Motion for Partial Summary Judgment re: Hardin Elders are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
12

(SCL:SSN October 16, 1992). "Discussed with the elders what steps to take to follow thru on a pending judicial matter involving a young sister in the congregation. They will be corresponding with the Society in the near future to obtain further direction in this matter."); Ex. NN, Ltr. from Hardin Congregation to WTNY ("There is only so much we can do without two witnesses to a matter and while trying to maintain confidentiality."); Ex. OO, Society's Copy of Ltr. from Hardin Congregation to Pacific Wash. Congregation ("In harmony with the Societies letter last March we need to inform you that Gunnar is a child molester."); Ex. PP, Ltr. from Hardin Congregation to WTNY ("The next day I phoned the Service Department and asked if it was me who had the wrong understanding. I had heard several brothers comment that the Society was now leaning toward the idea that no repressed memories are valid. The brother said that the 11-1-95 Wt was still the current viewpoint and noted that they are not to be considered as Judicial matters. I agree. He suggested I put my question in writing and I did."); Ex. QQ, Ltr. from Hardin Congregation to CCJW ("We recently received the enclosed letter from the Body of Elders in Forsyth, Montana Congregation concerning Brother Martin Svenson. We have several questions about

**Plaintiffs' Statement of Undisputed Facts in Support of Their
Motion for Partial Summary Judgment re: Hardin Elders are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
13

this matter and would like some Direction so that we might act in a way that will demonstrate our loyalty to Jehovah's arrangement of things. We last wrote them a response via your direction through our circuit overseer[.]"); Ex. RR, Ltr. from Hardin Congregation ("Her mother tells me that Brother Polocowksi, the Circuit Overseer, recommended she get professional help. It is unclear if this professional help influenced her accusations or not." "Our Circuit Overseer instructed us to open the envelope in the file regarding the case."); Ex. SS, Ltr. from Bruce ("In my notes when Bro. Milneck was serving Ronda Bell was still making charges against Gunnar feeling nothing had been dealt with. Bro Milneck said to inform her that it had been dealt with and she would have to be satisfied."); Ex. TT, Ltr. from Hardin Congregation to CCJW ("When we learned of this several months later we called Brother Hall our CO and told him what happened. He called the Service Desk and then called us back. He told us that Brother Svensen would be a 'limited' MS and would not be used for public talks."); Ex. UU, Ltr. from Hardin CO to CCJW ("Apparently, the body of elders recently sent two letters to the branch in response to a letter from Brother Aafedt dated December 3, 2010, not the letter dated December 31, 2010. When I showed them the

**Plaintiffs' Statement of Undisputed Facts in Support of Their
Motion for Partial Summary Judgment re: Hardin Elders are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
14

December 31, 2010 letter, they said that was the first time that they had seen it. I encouraged them to examine that letter closely and then respond to the branch promptly, as requested."); Ex. VV, Ltr. from Hardin Congregation to CCJW ("Brother Rowland did meet with the Hardin and Forsyth elders about these matters in the early 1990's and Circuit Overseer Melneck presided over the meeting. It was a stormy meeting. Brother Melneck was a difficult brother and did side with Brother Svensen on many issues, all of which turned out to be wrong."); Ex. WW, Ltr. from Hardin Congregation to Deer Lodge Congregation ("our Circuit Overseer has instructed us to write you."); Ex. XX, Ltr. from Hardin Congregation to Service Department ("The Hardin body of elder's desires to call the Service desk very soon. We are requesting direction on how to proceed with a current situation . . . "); Ex. YY, Ltr. from Hardin Congregation to Branch Service Desk ("We await any direction you brothers have for us."); *see also* Ex. II, Meyers Dep., 45:3–47:17, 88:23-89:8, 93:8-20; *see also* Ex. KK, Hiebert Dep., 20:23 – 21:18, 22:11-24:25.

h. The elders of the Hardin Congregation in the mid-seventies attended Kingdom Ministry School. Ex. DD, James Rowland Dep., 66:16–67:7, 69:14–21.

**Plaintiffs' Statement of Undisputed Facts in Support of Their
Motion for Partial Summary Judgment re: Hardin Elders are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
15

DATED this 11th day of April, 2024.

                                  By: /s/ Ryan Shaffer
                                          Ryan R. Shaffer
                                          MEYER, SHAFFER & STEPANS PLLP

                                          *Attorneys for Plaintiffs*

**Plaintiffs' Statement of Undisputed Facts in Support of Their**
**Motion for Partial Summary Judgment re: Hardin Elders are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
16

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

**Plaintiffs' Statement of Undisputed Facts in Support of Their
Motion for Partial Summary Judgment re: Hardin Elders are Agents of WTNY**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
17