Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Victoria K.M. Gannon
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT 59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com
katy@mss-lawfirm.com

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
1401 Delgany St. #404
Denver, CO 80202
Tel: (303) 947-4453
matthew@merrillwaterlaw.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA., <br><br> Defendants, | Case No. CV-20-52-BLG-SPW <br><br> **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANTS' CROSSCLAIMS AGAINST BRUCE MAPLEY, SR.** |

Plaintiffs submit the following brief in support of their Motion for Judgment on the Pleadings re: Defendants' Crossclaims.

///

## INTRODUCTION

Defendants' answers asserted crossclaims against former defendant, Bruce Mapley, Sr. ("Mapley"). The Court's prior orders permit Defendants to allege that Mapley is at fault for some or all of Plaintiffs' damages under a released party defense. However, that defense is distinct from a crossclaim, which would require Defendants to allege a separate cause of action against Mapley. Defendants have not alleged a separate cause of action against Mapley, and they do not have a valid crossclaim against him. As a result, Plaintiffs now move for an order expressly dismissing the alleged crossclaims clarifying that Mapley is no longer a party to the case and has no right to participate.

## FACTUAL BACKGROUND

1. Defendant Watchtower Bible and Tract Society of New York, Inc.'s ("WTNY") Answer includes what it refers to as a "crossclaim" against Mapley, consisting of the following allegation:

   > Although WTNY denies any liability whatsoever on its part, it nonetheless asserts that any and all injuries and/or damages sustained by Plaintiffs were the proximate result of the negligence and wrongdoing of Defendant Bruce Mapley, Sr. and demand the relief and benefit of application of Mont. Code Ann.§ 27-1-703.

   ECF No. 15 at 18.

2. Likewise, Defendant Watch Tower Bible and Tract Society of Pennsylvania ("WTPA") plead the same "crossclaim." ECF No. 100 at 18.

3. Plaintiffs' counsel asked Defendants to stipulate to dismissal of the asserted crossclaims.  Defendants would not do so and stated that they would prefer that the crossclaims be "cleared up in the final pretrial order."  Ex. A, Counsel's correspondence regarding dismissal of Defendants crossclaims.

4. For the purpose of making a clear record and to prevent confusion before trial Plaintiffs now move for dismissal of Defendants' "crossclaims."

## LAW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the defense of "failure to state a claim for which relief can be granted" to be filed by motion.  Rule 12(h)(2) states that such defense may be raised in a Rule 7(a) pleading, a motion for judgment on the pleadings under Rule 12(c), or at trial.  Fed. R. Civ. P. 12(h)(2).  Rule 12(c), in turn, provides "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "Pursuant to Rule 12(b)(6), a complaint can be dismissed for: '(1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim.'"  *In re Sorrento Therapeutics, Inc. Securities Litigation*, 2024 WL 1245342 (9th Cir. 2024) (citing *SmileCare Dental Grp. V. Delta Dental Plan of Cal., Inc.,* 88 F.3d 780, 783 (9th Cir. 1996)).

///

///

# ARGUMENT

Defendants' "crossclaims" against Mapley should be dismissed because they do not plead a cognizable legal theory against him. A crossclaim against a co-party is a legal claim by a plaintiff against another plaintiff, or a claim by one defendant against another defendant. Fed. R. Civ. P. 13(g). Defendants' crossclaims do not allege that Mapley's conduct was the proximate cause of injury or damage to Defendants. Instead, Defendants' crossclaims allege that Mapley's conduct was the cause of harm to Plaintiffs. This is not a crossclaim; it is a defense to Plaintiffs' claims that allege Mapley, rather than Defendants, was the cause of Plaintiffs' injuries. While this may be a valid defense, it is not a crossclaim. Accordingly, Plaintiffs respectfully request that Defendants' crossclaims be dismissed.

DATED this 11th day of April, 2024.

By: /s/ Ryan Shaffer
    Ryan R. Shaffer
    MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 584 words, excluding the caption, certificates of service, and compliance, table of contents, and authorities, and exhibit index.

                          By: /s/ Ryan Shaffer
                                 Ryan R. Shaffer
                                 MEYER, SHAFFER & STEPANS PLLP

                                 *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

                          By: /s/ Ryan Shaffer
                                 Ryan R. Shaffer
                                 MEYER, SHAFFER & STEPANS PLLP

                                 *Attorneys for Plaintiffs*