Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Victoria K.M. Gannon
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT 59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com
katy@mss-lawfirm.com

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
1401 Delgany Street, #404
Denver, CO 80202
Tel: (303) 947-4453
matthew@merrillwaterlaw.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>        Plaintiffs,<br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA.,<br><br>        Defendants, | Case No. CV-20-52-BLG-SPW<br><br>**PLAINTIFFS' STATEMENT OF UNDISPUTED FACT IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT RE: HARDIN ELDERS ARE AGENTS OF A JOINT ENTERPRISE BETWEEN WTNY AND WTPA** |

Pursuant to L.R. 56.1(a), Plaintiffs submit the following Statement of Undisputed Facts in support of their Motion for Partial Summary Judgment re: Hardin Elders are Agents of a Joint Enterprise between WTNY and WTPA.

1. **At all times relevant WTNY and WTPA shared a common purpose and had fully aligned interests of facilitating the world-wide preaching of the word of God and printing, publishing, and disseminating Bibles and Bible based materials.**

   a. WTNY and WTPA's charters are similar and were set up to support the same goal of promoting Bible education throughout the world. WTNY and WTPA assist each other in accomplishing this goal: "The charters of these other corporations are similar to that of the Pennsylvania corporation." Ex. A., *1970 Yearbook of Jehovah's Witnesses* 38 (1970); Ex. B., WTPA 30(b)(6) Devine Dep., 37:15 – 39:9; *see also* Ex. C, WTNY Corp. Charter at 6(a); *see also* Ex. D, WTPA Corp. Charter.

   b. WTNY and WTPA work together and cooperate fully in order to accomplish their common purpose. Ex. E, *Branch Organization Manual* 1-4, ¶ 34 (1977); *see also* Ex. F, WTNY Ans. to Int. No. 15; *see also* Ex. A, *1970 Yearbook of Jehovah's Witnesses* 38 (1970); *see also* Ex. G, *1980 Yearbook of Jehovah's Witnesses* 257 (1980); *see also* Ex. B, WTPA 30(b)(6) Devine Dep., 37:15 – 39:9; *see also* Ex. H, *Organized to Accomplish Our Ministry* (1989) at 26-27.

///

2. **At all times relevant WTNY and WTPA were managed, directed, and operated by the same men and there is no way to distinguish who they were ever acting on behalf of at any given time.**

    a. During the period 1973 to 1992 the same group of men who were on the Organization's Governing Body also managed and directed WTNY and WTPA. Ex. I, 1973-1992 Summary and Comparison of WTPA and WTNY Corporate Officers and Governing Body Members (as identified in Def. WTPA's 2d Supp. Resps. To Plfs. 2d Set of Jurisdictional Disco., Interrog. Nos. 20-21, 23; Def. WTNY's 3d Supp. Resps. To Plfs.' 1st Set of Jurisdictional Disco., Interrog. Nos. 2-4).

    b. There is no way to determine which entity these men were acting on behalf of when advancing the interests of their respective corporations and the interests of the Jehovah's Witnesses' Organization. Ex. J, WTNY Ans. to Int. No. 23 and WTPA Ans. Int. No. 16.

3. **At all times relevant WTNY and WTPA were managed, directed, and operated from the same offices.**

    a. WTPA did not have its own offices but used WTNY's offices at the Organization's headquarters and did so without any written agreement. Ex. K, Rule 30(b)(6) WTPA Moreno Dep., 67:6-72:21.

///

4. **At all times relevant WTNY and WTPA shared the same legal department and lawyers.**

    a. The Organization's Legal Department (a.k.a. the Watchtower Legal Department) is part of, and operates through, WTNY.  Ex. L, Moreno Dep., 38:14 - 40:21, *Lopez v. Does*.; Ex. M, Shuster Dep., 22:13-23:8.

    b. WTNY's "Watchtower Legal Department's clients include various corporations of Jehovah's Witnesses in the United States."  Ex. N, Moreno Dec. at ¶ 2, *Charissa W. & Nicole D. v. WTNY, et al.*.

    c. Phillip Brumley is a lawyer who oversees the Watchtower Legal Department and serves as general counsel for both WTNY and WTPA.  Ex. O, Brumley Aff. at ¶ 3, *Does I–IV v. WTNY*; Ex. P, Brumley Aff. at ¶¶ 1-2, *Caekaert et al. v. WTNY, et al.*.

5. **At all times relevant WTNY and WTPA shared funds without any evidence of arms-length agreements between them and these funds were used by both to carry out their shared purpose.**

    a. There were no agreements or terms between WTNY and WTPA regarding the shared use of facilities between the two or the bills associated with the use of said facilities, WTNY owned the premises and paid all the bills: "the directors from Pennsylvania and the directors from New York never got together to work out an agreement, oral or written in that regard.  They have the same

purpose, the same function, and so there was never a need to do that." Ex. K, 30(b)(6) WTPA Moreno Dep., 67:6-72:21.

b. WTNY and WTPA used their funds to assist one another in achieving their common purpose and if WTNY was running a deficit WTPA would give it money. Ex. K, 30(b)(6) WTPA Moreno Dep., 39:17-41:2, 41:24-44:4, 47:22-48:18, 56:24-62:13, 86:9-89:11.

c. WTNY and WTPA's financial statements and disclosures demonstrate that they were not functioning as separate and distinct entities. Ex. Q. Yonce Expert Rep. at 2.

6. **At all times relevant WTPA worked in concert with WTNY in the appointment of the Hardin Elders by sending out the circuit overseers who communicated the elder recommendations to WTNY.**

a. WTPA "sends out special ministers, such as circuit and district servants, to visit all the congregations of Jehovah's Witnesses throughout the world. These servants come under the direction of branch servants who are appointed by the president of the Watch Tower Bible and Tract Society of Pennsylvania." Ex. A, 1970 Yearbook of Jehovah's Witnesses at 37-41.

b. The Overseers sent out by WTPA would receive a stipend from WTNY. Ex. K, 30(b)(6) WTPA Moreno Dep., 40:5-41:2.

    c. The Circuit Overseers sent by WTPA and paid for by WTNY met with the local congregations and filled out a form identifying recommendations for elders and sent the form to the "branch" for review and approval.  Ex. R, Lovett Dep., 56:2–57:25; Ex. S, Meyers Dep., 73:21-74:24.

    d. After the Governing Body reviewed and approved the recommendation WTNY communicated such approval back to the local congregation.  *See e.g.*  Ex. T, Hardin Congregation Appointments.

7. **At all times relevant to this case WTNY and WTPA worked in concert with each other to train and instruct the Hardin Elders on how to handle matters of serious sin, including child sex abuse.**

    a. Local congregation elders are responsible for responding to and investigating reports of serious sin within their congregation and are required to follow the Organization's policies when doing so.  Ex. U, Steele Aff., ¶¶ 8, 10, 11, *Doe v. Watchtower et al.*; Ex. V, Ashe Dep. Vol. I, 190:25–192:18, *Lopez*; Ex. W, Ashe Dep. Vol. II, 320:8–322:14, *Lopez*; Ex. X 1949 Counsel on Theocratic Organization for Jehovah's Witnesses, 57–58; Ex. Y, 1972 Kingdom Ministry School Course, 72–74, 84–86,114–17, 123–26, 131–35; Ex. Z, 1977 Pay Attention to Yourselves and to All the Flock, 55–77; Ex. AA, 1981

Pay Attention to Yourselves and to All the Flock, 160–82; Ex. BB, 1991 Pay Attention to Yourselves and to All the Flock, 90–142; Ex. CC, July 1, 1989 All Bodies of Elders Ltr.; Ex. DD, 1983 Organized to Accomplish Our Ministry, 138–53; Ex. B, WTPA 30(b)(6) Devine Dep., 97:10–99:16, 121:25–122:23, 126:4–128:2, 130:3–131:8; Ex. EE, WTNY 30(b)(6) Jefferson Dep., 100:2–103:9, 124:6–125:2; Ex. FF, WTNY 30(b)(6) Moreno Dep., 15:14–18; Ex. A, 1970 Yearbook of Jehovah's Witnesses at 38-39.

b. WTNY and WTPA worked in concert to publish and distribute printed material instructing the Hardin Elders on how to respond to reports of serious sin, including child sex abuse. WTPA was often the copyright holder of such material and WTNY would be the publisher. However, in other instances, WTNY would hold the copyright and publish the material. Ex. GG, Summary of Relevant Publications; *see also* ECF No. 341-31(documents supporting Summary of Relevant Publications).

c. The Hardin Elders learned how to perform their duties from the publications, schools, and instruction provided by WTNY and WTPA. Ex. R, Lovett Dep., 61:25–62:16, 64:12–65:8, 66:25–67:6, 70:22–71:9, 79:22–80:25; Ex. HH, Hardin 30(b)(6) Dep., 61:15–64:4, 67:17–

25; Ex. II, Hiebert Dep., 42:3–11, 43:1–7 ; Ex. R, Meyers Dep., 45:3–47:17, 130:11–19 ; Ex. JJ, James Rowland Dep., 66:16–67:7, 69:14–21.

d. The Governing Body, WTPA, and WTNY were all working in concert to organize and hold training sessions, a.k.a. Kingdom Ministry School, to teach local elders how to do their jobs.  Ex. A, 1970 Yearbook of JWs, 40; Ex. E, 1977 Branch Organization, 23-1 ¶¶ 1–3; Ex. K, WTPA 30(b)(6) Moreno Dep., 42:20–22; Ex. EE, WTNY 30(b)(6) Jefferson Dep., 110:5–111:2, 216:25–218:3; Ex. FF, WTNY 30(b)(6) Moreno Dep., 15:19–23.

e. WTNY, acting through the Service and Legal Departments answered questions that local elders had regarding implementation of the Organization's policies, including question on how to handle reports of child sex abuse.  Ord. at 38, ECF No. 318; Br. at 1, 5-6, 9, ECF No. 204 (citing Moreno Aff., ¶¶ 5-6, 8-9, ECF No. 204-1).

8. **The Jehovah's Witnesses' entities in New York were collectively and without distinction referred to as the "Society."**

a. The Jehovah's Witnesses' own Circuit Overseer acknowledged that the Organization's publications often simply referred to the "Society" without distinguishing between corporate entities.  Ex. R, Lovett Dep. 62:17–63:23.

b.  Jehovah's Witnesses commonly referred to the Organization's entities as the "Society."  Ex. B, WTPA 30(b)(6) Devine Dep., 108:25–109:13.

DATED this 12th day of April, 2024.

By: /s/ Ryan Shaffer  
Ryan R. Shaffer  
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

**Plaintiffs' Statement of Undisputed Facts in Support of Their Motion for Partial Summary Judgment re:
Hardin Elders are Agents of a Joint Enterprise Between WTNY and WTPA**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
9

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
    Ryan R. Shaffer
    MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

**Plaintiffs' Statement of Undisputed Facts in Support of Their Motion for Partial Summary Judgment re:
Hardin Elders are Agents of a Joint Enterprise Between WTNY and WTPA**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
10