*Exhibit D*

31-75-28 1467

# C H A R T E R

### WATCH TOWER BIBLE AND TRACT SOCIETY
### OF PENNSYLVANIA

[Formerly Watch Tower Bible and Tract Society,
formerly Zion's Watch Tower Tract Society]

Zion's Watch Tower )　　Be it Known, that the subscribers,
Tract Society- )
　Charter of- )　having associated themselves together
for the purpose of the dissemination of Bible Truths in various
languages, and being desirous of becoming incorporated agree-
ably to the provisions of the Act of the General Assembly of
the Commonwealth of Pennsylvania, entitled "An Act to provide
for the Incorporation and Regulation of Certain Corporations",
approved the Twenty-ninth day of April, Anno Domini, one thous-
and and eight hundred and seventy-four, and its supplements, do
hereby declare, set forth and certify that the following are
the purposes, objects, articles and conditions of their said
association for and upon which they desire to be incorporated:

　　I.　The name of the Corporation shall be Zion's
Watch Tower Tract Society.

　　II.　The purpose for which the Corporation is formed
is, the dissemination of Bible Truths in various languages by
means of the publication of tracts, pamphlets, papers and
other religious documents, and by the use of all other lawful

WTPA066546

3175281468

means which its board of directors, duly constituted, shall deem expedient for the furtherance of the purpose stated.

III.   The place where the business of the said corporation is to be transacted is the City of Allegheny, in the County of Allegheny, and State of Pennsylvania.

IV.   The corporation is to exist perpetually.

V.   The names and residences of the subscribers are as follows:

| | |
|---|---|
| Charles T. Russell | Allegheny City, Pennsylvania |
| William I. Mann | Benwood, West Virginia |
| Maria F. Russell | Allegheny City, Pennsylvania |
| Wm. C. McMillan | Latrobe, Pennsylvania |
| Simon O. Blunden | New York City, New York |
| J. B. Adamson | Allegheny City, Pennsylvania |
| Joseph F. Smith | Pittsburgh, Pennsylvania |

The corporation has no captial stock.  Each donation of Ten Dollars to the funds of said Corporation shall entitle the contributor, or his assigns, to one non-forfeitable, non-assessable, and non-dividend bearing share, and to one vote for every such share in said Corporation.  Certificates of membership, so acquired shall be issued by the Secretary, countersigned by the President, to the persons entitled thereto.

VI.   The Corporation is to be managed by a Board of Directors consisting of seven members, and the names and resi-

-2-

WTPA066547

3-1-75-28  1469

dences of those already choosen Directors are as follows:

President  Charles T. Russell, Allegheny City, Penna.

Vice Pres.  William I. Mann, Benwood, W. Va.

Sec. & Treas.  Maria F. Russell, Allegheny City, Penna.

Wm. C. McMillan, Latrobe, Penna.

Simon O. Blunden, New York City, N. Y.

J. B. Adamson, Allegheny City, Penna.

Joseph F. Smith, Pittsburgh, Penna.

VII.  The said Corporation by its Board of Directors, a majority of whom shall constitute a quorum for the transaction of business, shall have full power and authority to make and enact by-laws, rules, and ordinances, which shall be deemed and taken to be the law of said Corporation, and do any and everything useful for the good government and support of the affairs of the said Corporation; provided that the said by-laws, rules and ordi nces, or any of them, shall not be repugnant to this charter, to the constitution and laws of the Commonwealth of Pennsylvania, and the Constitution of the United States.

VIII.  The said Corporation shall have as officers a President, who shall preside at the meetings of the Board of Directors, a Vice President, who shall preside in the absence of the President, and a Secretary, who shall also be Treasurer; and these officers shall be chosen from among the members of the Board of Directors annually on the first Saturday of each year, by an election by ballot to be held at the principal of-fice of the Corporation in Allegheny City, Pennsylvania.  The

-3-

WTPA066548

3-175:28 1470

members of the Board of Directors shall hold their respective
offices for life, unless removed by a two-thirds vote of the
share holders, and vacancies in the Board occasioned by death,
resignation or removal shall be filled by vote of a majority of
the remaining members of the Board, who shall meet for that
purpose within twenty days from the time when such vacancy, or
vacancies, shall occur; and in the event of a failure to fill
such vacancy, or vacancies, in the manner aforesaid, within
thirty days from the time when such vacancy, or vacancies,
shall occur, then the said vacancy, or vacancies, shall be
filled by the appointment of the President, and the person, or
persons, so appointed shall hold his, or their, office, or
offices, until the next annual election of officers of the cor-
poration, when such vacancy, or vacancies, shall be filled by
election, in the same manner as the President, Vice President,
and Secretary and Treasurer are elected. The persons entitled
to vote at annual elections of the Corporation, shall be those
who hold certificates of membership acquired in the manner
aforesaid.

IX. The said Corporation, under the name, style, and
title aforesaid, shall have full power and authority to make,
have and use a common seal, with such device and inscription as
they may deem proper, and the same to alter and renew at their
pleasure; and by the name, style and title aforesaid, shall be
able in law and equity to sue and be sued, plead and be im-
pleaded in any Court or Courts, before any Judge or Justice of
the Peace, in all manner of suits and complaints, pleas, causes,

-4-

WTPA066549

3-1-75-28

1471

matters, and demands whatsoever, and all and every matter or thing therein to do in as full and ample a manner, and as effectually, as any other person, or persons, bodies politic or corporate within the Commonwealth of Pennsylvania, may or can do.

     X.  The said Corporation, by the name, style, and title aforesaid, shall have the right, power, and authority to take, receive and hold in fee simple, or any less estate, all such messuages, lots, lands, buildings, tenements, rents, annuities, franchises and hereditaments as may be necessary and proper for its purposes; and to sell, lease, mortgage, or otherwise dispose of the same or any part thereof; and it shall have the same right, power, and authority to take, receive and hold, and to sell, lease or dispose of any and all kinds of personal property and money.

     Witness our hands and seals this 12th day of November, A.D. 1884.

| | |
|---|---|
| Charles T. Russell | [Seal] |
| Wm. I. Mann | [Seal] |
| Maria F. Russell | [Seal] |
| Wm. C. MacMillan | [Seal] |
| Simon O. Blunden | [Seal] |
| J. B. Adamson | [Seal] |
| Jos. F. Smith | [Seal] |

WTPA066550

3-7528 1472

Commonwealth of Pennsylvania ) SS.
County of Allegheny )

Before me, the subscriber, Recorder of Deeds of
the County of Allegheny, personally appeared Charles T.
Russell, Maria F. Russell and Jos. F. Smith, three of the
subscribers to the above and foregoing certificate of In-
corporation of the Zion's Watch Tower Tract Society, and in
due form of law acknowledged the same to be their act and
deed.

Witness my hand and official seal this 12th day
of November, A.D. 1884.

Wm. H. Graham    [Official Seal]

Recorder

In the Court of Common Pleas No. 1 of Allegheny
County, No.              September Term, 1884.

And now this 13th day of December 1884, the within

Charter and Certificate of Incorporation having been presented

to me, a Law Judge of said County, accompanied by due proof

of publication of the notice of this application as required

by the Act of Assembly and rule of this Court in such case

made and provided, I certify that I have examined and perused

the said writing and have found the same to be in proper form

and within the purposes named in the first class specified

in Section second of the Act of General Assembly of the Common-

wealth of Pennsylvania, entitled "An Act to provide for the In-

corporation    and    Regulation of Certain Corporations" approved

April 29th, 1874, and the supplements thereto, and the same ap-

pearing to be lawful and not injurious to the Community, I do

hereby on motion of Weir and Garrison, Attorneys for the within

named subscribers and their associates, order and direct that

-6-

WTPA066551

317528    1473

the said Zion's Watch Tower Tract Society aforesaid be and the
same is hereby approved, and that upon the recording of the
same and of this order the subscribers thereto and their as-
sociates shall be a Corporation by the name of the Zion's Watch
Tower Tract Society for the purposes and upon the terms therein
stated.

F. H. Collier

Associate Judge, &c.

From the Record                                    Common Pleas No. 1,

J. O. Brown                                    Allegheny Co., Penna.

Pro.            [Court Seal]

Recorded Dec. 15th 1884.

State of Penna.    )
Allegheny Co.      )  SS.

   Recorded in the Office for recording Deeds, &c., in
& for said County, in Charter Book, Vol. 9, page 250.

   Given under my hand and seal this 15th day of Dec. 1884.

Wm. H. Graham

[Official Seal]

Recorder

-7-

WTPA066552

3-175-28   1474

[AMENDMENT OF 1896]

In re petition for change of name )
of Zion's Watch Tower Tract Society )
              to )   No.   September Term, 1896.
Watch Tower Bible and Tract Society )

      To the Honorable the Judges of the Court of Common
Pleas No. One of Allegheny County:

      The petition of Zion's Watch Tower Tract Society, re-
spectfully represents:

      That it is an Association incorporated under the laws
of the Commonwealth of Pennsylvania, by the Court of Common Pleas
No. One(1) of said County, on the 13th day of December, 1884,
for the purpose specified in Section Two(2) of its charter which
reads as follows:

      "II.   The purpose for which the Corporation is formed
is, the dissemination of Bible Truths in various languages by
means of the publication of tracts, pamphlets, papers, and other
religious documents and by the use of all other lawful means
which its Board of Directors, duly constituted, shall deem ex-
pedient for the furtherance of the purpose stated."

      That said purpose is embraced within the Corporations
of the first class, specified in Section Second, of an Act of
the General Assembly of this Commonwealth, entitled "An Act to
provide for the incorporation and regulation of certain corpora-
tions", approved the 29th day of April, A.D. 1874.

WTPA066552

3175.28     1475

That in pursuance of the provisions of the said Act of the General Assembly, the said Association is desirous of changing the name, style and title by which it was incorporated, and at a meeting of the said Corporation duly convened, the following change in the name, style and title as set forth in said charter was duly adopted:

"That the name, style and title of said Corporation be changed from "Zion's Watch Tower Tract Society" to "Watch Tower Bible and Tract Society."

In Witness Whereof, the said Zion's Watch Tower Tract Society has hereunto affixed its corporate seal, attested by its President and Secretary, this 8th day of August, A.D. 1896.

                         Zion's Watch Tower Tract Society

                              Charles T. Russell    [Corporate
                                                       Seal]
                                        President

                    Maria F. Russell

                                        Secretary

John K. Ewing


Commonwealth of Pennsylvania  )            Be it remembered that
County of Allegheny           )  ss.
                              )            on the 11th day of

August, 1896, before me, a Notary Public, in and for said County

and State, personally came Charles T. Russell, President of said

Corporation, and Maria F. Russell, Secretary of said Corpora-

-2-

WTPA066554

317528 1476

tion, who, being duly affirmed, did say that they were personally present at the execution of the within petition, and saw the common seal of said Corporation, Zion's Watch Tower Tract Society affixed thereto, and that said seal is the common and corporate seal, and that the foregoing petition was signed, sealed and duly delivered by, as and for the act and deed of said Corporation, for the uses and purposes therein mentioned, and that their signatures thereto are in their own proper handwriting and that the facts set forth in said petition are correct and true as they verily believe.

Charles T. Russell

Maria F. Russell

Affirmed and subscribed before me,
the day and year aforesaid.
          Witness my hand and Notarial seal.

John K. Ewing<br>Notary Public    [N. P. Seal]

### Interlocutory Decree

And now, to wit August 24th, 1896, the foregoing petition for change of the name, style and title of the charter of Zion's Watch Tower Tract Society, having been duly presented to this Court, in order that the same might be deemed and taken to be part of the charter of the said Corporation, and it appearing that such change in the name, style and title of said Cor-

WTPA066555

3-17528   1477

poration is lawful and beneficial, and does not conflict with
the requirements of the Act of the General Assembly of this
Commonwealth, entitled "An Act to provide for the incorpora-
tion and regulation of certain Corporations," approved the
29th day of April, 1874, nor with the Constitution of this
State, and proof having been produced to this Court, showing
that notice of the foregoing application has been duly given
to the Auditor General of the State of Pennsylvania, it is
hereby ordered and decreed that notice of this application
shall be given by publication in accordance with the statute
in such case made and provided.

By the Court.

## Final Decree

And now, to wit September 19, 1896, the within petition for
the change of name of the within designated Corporation,
having been presented to this Court, accompanied by due
proof of publication of notice thereof, and no cause having
been shown to the contrary, it is on motion of Charles W.
Dahlinger, Esq. ordered and decreed that upon the record-
ing of the same, that the name, style and title of "Zion's
Watch Tower Tract Society" be changed to "Watch Tower Bible
and Tract Society," and said change shall be deemed and taken
to be part of the charter of said Corporation.

By the Court.

Recorded September 22, 1896.

-4-

WTPA066556

317528    1478

COMMONWEALTH OF PENNSYLVANIA, } SS:
COUNTY OF ALLEGHENY

      Recorded on this 22nd day of September A.D., 1896

in the Recorder's Office of said County in Charter Book, Vol. 22

Page 415 Given under my hand and the Seal of the said Office

the day and year aforesaid.

                    Geo. M. Von Bornshorst

[Seal]                            Recorder

WTPA066557

3-1-75 28   1479

44 JAN 1945 D

ARTICLES OF AMENDMENT
(Officers' Certificate of Amendment to
the Articles of Incorporation of the
WATCH TOWER BIBLE AND TRACT SOCIETY
pursuant to the
Nonprofit Corporation Law of the
Commonwealth of Pennsylvania)

We, the undersigned Nathan H. Knorr and William
E. Van Amburgh, being respectively President and Secretary of
the WATCH TOWER BIBLE AND TRACT SOCIETY, hereby certify:

FIRST

The name of the corporation is Watch Tower Bible
and Tract Society. The location of its registered office
is Wabash Building, 410 Liberty Avenue, Pittsburgh, Al-
legheny County, Pennsylvania.

SECOND

The corporation was formed under the Act of the General
Assembly of the Commonwealth of Pennsylvania, entitled "An Act
to provide for the Incorporation and Regulation of certain
Corporations", approved April 29, 1874. The articles as ap-
plied for were granted on December 13, 1884, and recorded in
the office of the Recorder of Deeds of Allegheny County on De-
cember 15, 1884, and appear in the Charter Book, Volume 9,

WTPA066558

31-75:28    1480

page 250, of the records in said office.

### THIRD

Certain resolutions for the proposed amendment of
the articles of incorporation of said Society were duly adopted
under and by virtue of an Act of the Assembly of the Common-
wealth of Pennsylvania of May 5, 1933 (Public Law 289), known
as the "Nonprofit Corporation Law", as amended April 30, 1943
(Public Law 137):

### FOURTH

These said resolutions were adopted at a regular
annual meeting of the shareholder-members of the Watch Tower
Bible and Tract Society    held at Pittsburgh, Allegheny
County, Pennsylvania, on Monday, October 2, 1944, at 10 o'clock
a.m., which time and place of meeting were the time and place
required by the by-laws and the Nonprofit Corporation Law of
the Commonwealth of Pennsylvania.

### FIFTH

There were present at said meeting a quorum and more
than a majority of shareholders and voting shares.

### SIXTH

All of the shareholding members at said regular annual
meeting were duly notified by mailing to each member on or about
September 1, 1944 (more than ten days before the date of such
meeting) a copy of a written notice describing in detail each
of the amendments as hereinafter set forth.

-2-

WTPA066559

3-175.23   1481

**SEVENTH**

A resolution was offered to said meeting to amend Article II of the articles of incorporation. Said resolution as offered reads as follows:

BE IT RESOLVED by the members of the Watch Tower Bible and Tract Society, being a majority of the members entitled to vote for amendments to the articles of incorporation, that Article II of said articles, reading as follows:

"The purpose for which the corporation is formed is, the dissemination of Bible truths in various languages by means of the publication of tracts, pamphlets, papers and other religious documents, and by the use of all other lawful means which its Board of Directors, duly constituted, shall deem expedient for the furtherance of the purpose stated." be deleted and amended by changing the same to read as follows:

II. The purposes of this Society are: To act as the servant of and the legal world-wide governing agency for that body of Christian persons known as Jehovah's witnesses; to preach the gospel of God's kingdom under Christ Jesus unto all nations as a witness to the name, word and supremacy of Almighty God  JEHOVAH; to print and distribute Bibles and to disseminate Bible truths in various languages by means of making and publishing literature containing information and comment explaining Bible truths and prophecy concerning establishment of Jehovah's kingdom under Christ Jesus; to authorize and appoint agents, servants, employees, teachers, instructors, evangelists, missionaries and ministers to go forth to all the world publicly and from house to house to

WTPA066560

-3-

3-175-28    1482

preach and teach Bible truths to persons willing to listen
by leaving with such persons said literature and by conducting
Bible studies thereon; to improve men, women and children
mentally and morally by Christian missionary work and by chari-
table and benevolent instruction of the people on the Bible and
incidental scientific, historical and literary subjects; to es-
tablish and maintain private Bible schools and classes for gra-
tuitous instruction of men and women in the Bible, Bible lit-
erature and Bible history; to teach, train, prepare and equip
men and women as ministers, missionaries, evangelists, preachers,
teachers and lecturers; to provide and maintain homes, places
and buildings for gratuitous housing of such students, lecturers,
teachers and ministers; to furnish gratuitously to such students,
lecturers, teachers, educators and ministers suitable meals
and lodging and to prepare, support, maintain and send out to
various parts of the world Christian missionaries, teachers and
instructors in the Bible and Bible literature, and for public
Christian worship of Almighty God and Christ Jesus; to arrange
for and hold local and world-wide assemblies for such worship;
to use or operate radio broadcasting stations for preaching this
gospel of the kingdom; and to do any and all other lawful things
that its Board of Directors shall deem expedient for the purposes
stated.

The foregoing resolution for the said amendment of
Article II was discussed and considered and upon being sub-
mitted to vote of the members entitled to vote thereon was duly
adopted by a vote of more than a majority of said members who
voted as a class.

-4-

WTPA066561

3-175-28  1488

The total number of voting shares of shareholder-members of the corporation in good standing at the time of said meeting was 232,266.

The total number of voting shares of shareholder-members appearing in person and by proxy was 225,305.

The total vote upon the foregoing resolution when separately offered and adopted was: 225,302.

FOR the resolution 225,302 votes.

AGAINST the resolution  None votes.

### EIGHTH

A resolution was offered to said meeting to amend Article III of the articles of incorporation. Said resolution as offered reads as follows:

BE IT RESOLVED by the members of the Watch Tower Bible and Tract Society, being a majority of the members entitled to vote for amendments to the articles of incorporation, that Article III of said articles, reading as follows:

"The place where the business of the said corporation is to be transacted is the City of Allegheny, in the County of Allegheny, and State of Pennsylvania."

be deleted and amended by changing the same to read as follows:

III.  The location and post office address of the registered office of the Society is in the City of Pittsburgh, County of Allegheny, Commonwealth of Pennsylvania.

The foregoing resolution for the said amendment of Article III was discussed and considered and upon being submitted to vote of the members entitled to vote thereon was duly adopted by a vote of more than a majority of said members

-5-

WTPA066562

3-1-75-28

1484

who voted as a class.

The total number of voting shares of shareholder-members of the corporation in good standing at the time of said meeting was 232,266.

The total number of voting shares of shareholder-members appearing in person and by proxy was 225,305.

The total vote upon the foregoing resolution when separately offered and adopted was:  225,302.

FOR the resolution 225,302 votes.

AGAINST the resolution  None votes.

### NINTH

A resolution was offered to said meeting to amend Article V of the articles of incorporation.  Said resolution as offered reads as follows:

BE IT RESOLVED by the members of the Watch Tower Bible and Tract Society, being a majority of the members entitled to vote for amendments to the articles of incorporation, that Article V of said articles, reading as follows:

"The names and residences of the subscribers are as follows:

| | |
|---|---|
| Charles T. Russell, | Allegheny City, Pennsylvania. |
| William I. Mann, | Benwood, West Virginia. |
| Maria F. Russell, | Allegheny City, Pennsylvania. |
| Wm. C. McMillan, | Latrobe, Pennsylvania. |
| Simon O. Blunden, | New York City, New York. |
| J. B. Adamson, | Allegheny City, Pennsylvania. |
| Joseph F. Smith, | Pittsburgh, Pennsylvania. |

-6-

WTPA066563

3-175:28   1485

"The corporation has no capital stock.  Each donation
of Ten dollars to the funds of said corporation shall entitle
the contributor, or his assigns, to one non-forfeitable,
non-assessable, and non-dividend-bearing share, and to one vote
for every such share in said corporation.  Certificate of mem-
bership so acquired shall be issued by the Secretary, counter-
signed by the President, to the person entitled thereto."
be deleted and amended by changing the same to read as follows:

V.   The names and residences of the subscribers are
as follows:

| | |
|---|---|
| Charles T. Russell, | Allegheny City, Pennsylvania. |
| William I. Mann, | Benwood, West Virginia. |
| Maria F. Russell, | Allegheny City, Pennsylvania. |
| Wm. C. McMillan, | Latrobe, Pennsylvania. |
| Simon O. Blunden, | New York City, New York. |
| J. B. Adamson, | Allegheny City, Pennsylvania. |
| Joseph F. Smith, | Pittsburgh, Pennsylvania. |

The corporation has no capital stock.  It is not opera-
ted on a stock-share basis but on a non-stock basis.  It does not
contemplate pecuniary gain or profit, incidentally or otherwise,
to its members, directors or officers.  Its members shall be
only men who are mature, active and faithful witnesses of Jeho-
vah devoting full time to performance of one or more of its
chartered purposes under its direction and by its authority, or
such men who are devoting part time as active presiding minist rs
or servants of congregations of Jehovah's witnesses.

-7-

WTPA066564

3-1-75.28

1486

A man who is found to be in harmony with the purposes
of the Society and who possesses the above qualifications may
be elected as a member upon being nominated by a member, direc-
tor or officer, or upon written application to the President
or Secretary. Such nominee shall be elected upon a finding
by the Board of Directors that he possesses the necessary quali-
fications and by receiving a majority vote of the members pres-
ent at a meeting of the Board of Directors. Membership shall
be evidenced by a certificate bearing the statement that this
Society is a nonprofit corporation and the signatures of at
least two of its officers.

Membership at any one time shall be not more than
500 and not less than 300, including approximately seven
residents of each of the 48 states of the United States of
America on their becoming members.

All members shall be of the same class and each shall
be entitled to one vote at all meetings of members. Voting
may be by proxy when done in the manner provided by the by-laws.
No member shall sell, transfer or assign his vote. The right
to vote is personal and cannot be conveyed by will or other
instrument upon a member's death.

A meeting for electing directors and transaction of
other business shall be held annually at a time and place fixed
by the by-laws. At such meeting a majority of the members shall
constitute a quorum.

Any member may withdraw from the Society after ful-
filling all obligations to it by giving written notice of such

-8-

WTPA066565

31-7528    1487

intention to the Secretary, which notice shall be presented
to the Board of Directors by the Secretary at the first meet-
ing after its receipt.

A member may be suspended for a period or expelled for
cause upon wilfully violating any of the by-laws, reasonable
rules, or ordinances of the Society, or upon becoming out of
harmony with any of the Society's purposes or any of its work,
or for wilful conduct prejudicial to the best interests of the
Society and contrary to his duties as a member, or upon ceasing
to be a full-time servant of the Society or a part-time servant
of a congregation of Jehovah's witnesses.  Suspension or ex-
pulsion shall be by a majority vote of the directors, provided
that a statement of the cause therefor shall have been sent by
registered mail to the member at his last recorded address at
least ten (10) days before a regular or special meeting of the
directors; and such statement shall be accompanied by a notice
of the time when and place where the Board of Directors will
act in the premises, provided that said member shall have been
given opportunity to present a defense at the time and place
mentioned in such notice.  Expulsion of a member forfeits any
interest he has or had in and to the Society or any office therein,
and cancels the right to participate in any meeting as a member
and the right to vote, provided he shall have the right to be
heard before expulsion.

The foregoing resolution for the said amendment of
Article V was discussed and considered and upon being submitted
to vote of the members entitled to vote thereon was duly adopted

-9-

WTPA066566

31 75 28

1488

by a vote of more than a majority of said members who voted as a class.

The total number of voting shares of shareholder-members of the corporation in good standing at the time of said meeting was 232,266.

The total number of voting shares of shareholder-members appearing at said meeting in person and by proxy was 225,305.

The total vote upon the foregoing resolution when separately offered and adopted was: 225,302.

FOR the resolution 225,255 votes.

AGAINST the resolution 47 votes.

TENTH

A resolution was offered to said meeting to amend Article VII of the articles of incorporation. Said resolution as offered reads as follows:

BE IT RESOLVED by the members of the Watch Tower Bible and Tract Society, being a majority of the members entitled to vote for amendments to the articles of incorporation, that Article VII of said articles, reading as follows:

"The said corporation by its Board of Directors, a majority of whom shall constitute a quorum for the transaction of business, shall have full power and authority to make and enact by-laws, rules, and ordinances, which shall be deemed and taken to be the law of said corporation, and do any and everything useful for the good government and support of the

-10-

WTPA066567

3-1-75-28   1489

affairs of the said corporation; provided that the said by-laws
rules and ordinances, or any of them, shall not be repugnant to
this charter, to the constitution and laws of the Commonwealth
of Pennsylvania, and the Constitution of the United States."
be deleted and amended by changing the same to read as follows:

VII.  The government of the corporation vests in its
Board of Directors, a majority of whom shall constitute a quorum
for the transaction of business.  The directors shall have full
power and authority to make, amend and repeal by-laws, rules,
and ordinances, which shall be the law of the Society; to dis-
burse funds; to sell, or delegate to its officers authority to
sell, real estate and personal property owned by the Society;
to borrow money for the Society; to hold meetings at such times
and places as may be designated by the Board; to admit members
and suspend or expel them; to elect officers and employ agents,
all of which powers are in addition to and not in limitation
of the powers usually exercised by the directors; and also to
devise and carry into execution such other measures as they may
deem proper and expedient to promote the objects of the Society
and to protect the interests and welfare of its members and to
do any and every useful thing for the good government and sup-
port of the affairs of the Society.

The foregoing resolution for the said amendment of
Article VII was discussed and considered and upon being sub-
mitted to vote of the members entitled to vote thereon was duly
adopted by a vote of more than a majority of said members who
voted as a class.

The total number of voting shares of shareholder-

-11-

WTPA066568

3-175-28  1490

members of the corporation in good standing at the time of said meeting was 232, 266.

The total number of voting shares of shareholder-members appearing at said meeting in person and by proxy was 225,305.

The total vote upon the foregoing resolution when separately offered and adopted was: 225,302.

FOR the resolution 225,302 votes.

AGAINST the resolution None votes.

ELEVENTH

A resolution was offered to said meeting to amend Article VIII of the articles of incorporation. Said resolution as offered reads as follows:

BE IT RESOLVED by the members of the Watch Tower Bible and Tract Society, being a majority of the members entitled to vote for amendments to the articles of incorporation, that Article VIII of said articles, reading as follows:

"The said corporation shall have as officers a President, who shall preside at the meetings of the Board of Directors, a Vice President, who shall preside in the absence of the President, and a Secretary, who shall also be Treasurer; and these officers shall be chosen from among the members of the Board of Directors annually on the first Saturday of each year, by an election by ballot to be held at the principal office of the corporation in Allegheny City, Pennsylvania. The members of the Board of Directors shall hold their respective offices for life, unless removed by a two-thirds vote of the share

-12-

WTPA066569

3-1-7528 1491

holders, and vacancies in the Board occasioned by death, resig-
nation or removal shall be filled by vote of a majority of the
remaining members of the Board, who shall meet for that purpose
within twenty days from the time when such vacancy, or vacancies,
shall occur, and in the event of a failure to fill such vacancy,
or vacancies, in the manner aforesaid, within thirty days from
the time when such vacancy, or vacancies, shall occur, then
the said vacancy or vacancies shall be filled by the appoint-
ment of the President, and the person, or persons, so appointed
shall hold his, or their, office, or offices, until the next
annual election of officers of the corporation, when such
vacancy, or vacancies, shall be filled by election, in the
same manner as the President, Vice President, and Secretary
and Treasurer are elected. The persons entitled to vote at an-
nual elections of the corporation, shall be those who hold
certificates of membership acquired in the manner aforesaid."
be deleted and amended by changing the same to read as follows:

VIII. Directors shall be elected by the members at
an annual meeting and hold office until successors qualify.
At the annual meeting next held after this amendment to the
articles of incorporation there shall be an election by ballot
for seven directors of the Society, two of whom shall be elected
for a term of one year, two for two years and three for three
years. At each annual meeting thereafter a number of directors
equal to that of those whose terms have expired shall be elected
for the term of three years. At expiration of the said term of
three years, any director may be reelected. Directors shall be
selected from the membership of the Society.

WTPA066570

-13-

31-75.28  1492

Officers of the Society, chosen from among members
of the Board of Directors, shall be a President (who shall
preside at the meetings of the Board of Directors), a Vice Presi-
dent (who shall preside in the absence of the President) and a
Secretary and a Treasurer.  At the option of the Board of Di-
rectors the Secretary also may hold the office of Treasurer.
The Board of Directors shall elect officers, who shall hold
office for a term of one year, or until successors qualify.
Meetings for election of officers shall be held annually at a
time and place fixed by the by-laws.

Vacancies in any office or the Board occasioned by
death, resignation or removal shall be filled by vote of a
majority of the remaining members of the Board, who shall meet
for that purpose within thirty days from the time when such
vacancy or vacancies shall occur.  If the Board fails to fill
such vacancy or vacancies in the time and manner above provided,
then the President, or if the office of the President be va-
cant, then the Vice President, performing the duties of Presi-
dent, shall fill such vacancy or vacancies by appointing the
person or persons who shall hold office until the next annual
meeting when such vacancy or vacancies shall be filled by elec-
tion.

Officers may be removed from office upon a vote of
a majority of all the Directors.  Directors may be removed from
the Board upon a vote of two-thirds of the members of the Society.

The foregoing resolution for the said amendment of
Article VIII was discussed and considered and upon being sub-
mitted to vote of the members entitled to vote thereon was duly

-14-

WTPA066571

317528   1499

adopted by a vote of more than a majority of said members who voted as a class.

The total number of voting shares of shareholder-members of the corporation in good standing at the time of said meeting was 232,266.

The total number of voting shares of shareholder-members appearing at said meeting in person and by proxy was 225,305.

The total vote upon the foregoing resolution when separately offered and adopted was: 225,302.

FOR the resolution 225,302 votes.

AGAINST the resolution None votes.

### TWELFTH

A resolution was offered to said meeting to amend Article X of the articles of incorporation. Said resolution as offered reads as follows:

BE IT RESOLVED by the members of the Watch Tower Bible and Tract Society, being a majority of the members entitled to vote for amendments to the articles of incorporation, that Article X of said articles, reading as follows:

"The said corporation, by the name, style, and title aforesaid, shall have the right, power, and authority to take, receive and hold in fee simple, or any less estate, all such messuages, lots, lands, buildings, tenements, rents, annuities, franchises and hereditaments as may be necessary and proper for its purposes; and to sell, lease, mortgage, or otherwise dispose of the same or any part thereof; and it shall have the same right, power, and authority to take, receive and hold, and to sell, lease or dispose of any and all kinds of personal property and money."

-15-

WTPA066572

3-1-75-28   1494

be deleted and amended by changing the same to read as follows:

X.  The said corporation shall have the right, power,
and authority to take, receive and hold donations and contri-
butions of money and property, bequests and legacies to be
used to further the chartered purposes; to receive and hold in
fee simple, or any less estate, all such messuages, lots, lands,
buildings, tenements, rents, annuities, franchises and here-
ditaments as may be necessary and proper for its purposes; and
to sell, lease, mortgage, or otherwise dispose of the same or
any part thereof; and it shall have the same right, power, and
authority to take, receive and hold, and to sell, lease or dis-
pose of any and all kinds of personal property and money.

The foregoing resolution for the said amendment of
Article X was discussed and considered and upon being sub-
mitted to vote of the members entitled to vote thereon was
duly adopted by a vote of more than a majority of said members
who voted as a class.

The total number of voting shares of shareholder-
members of the corporation in good standing at the time of said
meeting was 232,266.

The total number of voting shares of shareholder-
members appearing at said meeting in person and by proxy was
225,305.

The total vote upon the foregoing resolution when
separately offered and adopted was:  225,302.

FOR the resolution 225,302 votes.

AGAINST the resolution  None votes.

WTPA066573

-16-

31 75 28   1495

## THIRTEENTH

A resolution was offered to said meeting to authorize and direct the application to the Court to have each of the foregoing amendments to the articles of incorporation approved by the Court. Said resolution as offered reads as follows:

BE IT RESOLVED by the members of the Watch Tower Bible and Tract Society, being a majority of the members entitled to vote for amendments to the articles of incorporation, that

WHEREAS the shareholder-voters, being the members entitled to vote for amendments to the articles of incorporation, have duly adopted Resolutions numbers 2, 3, 4, 5, 6 and 7 for the amendments to the articles of incorporation, and which said Resolutions have been duly adopted by a majority of the members entitled to vote thereon,

NOW THEREFORE the officers of the Watch Tower Bible and Tract Society are hereby directed to prepare the articles of amendment and officers' certificate of amendment to the articles of incorporation, and to certify the copies of each Resolution amending the articles of incorporation, and to file the same with the Prothonotary of the Common Pleas Court and cause to be advertised in the newspapers the necessary notice of the intention to apply to the Common Pleas Court for an order approving the articles of amendment and to take any and all other further steps necessary to effectuate the amendment to the articles of incorporation, pursuant to the resolution herein made at this annual meeting.

-17-

WTRA066574

3-1-75 28   1496

The foregoing resolution to authorize and direct the
application to the Court to have each of the foregoing amendments
to the articles of incorporation approved by the Court was dis-
cussed and considered and upon being submitted to vote of the
members entitled to vote thereon was duly adopted by a vote of
more than a majority of said members who voted as a class.

The total number of voting shares of shareholder-
members of the corporation in good standing at the time of said
meeting was 232,266.

The total number of voting shares of shareholder-
members appearing at said meeting in person and by proxy was
225,305.

The total vote upon the foregoing resolution when sep-
arately offered and adopted was:   225,302.

FOR the resolution 225,302 votes.

AGAINST the resolution  None votes

### FOURTEENTH

The total vote by which each of the aforesaid resolu-
tions amending the articles of incorporation and authorizing
the application to the Court was adopted is shown above under
each of said resolutions.  The undersigned officers do hereby
certify that the total vote thus shown is true and correct ac-
cording to the records of said annual meeting; and said of-
ficers do hereby further certify that the foregoing copies of
said resolutions adopted at the said meeting by the voting
shareholders are each, respectively, a true and correct copy
of each of said resolutions for the amendment of the articles

-18-

WTPA006575

31-75-28   1497

of incorporation and for authorizing the application to the Court, as the same was offered to and adopted by the voting shareholders at said meeting and as the said resolutions appear of record in the minutes of said annual meeting.

IN WITNESS WHEREOF the Watch Tower Bible and Tract Society has caused these Articles of Amendment to be signed by its President, and its corporate seal, duly attested by its Secretary, to be hereunto affixed this second day of October 1944.

Attest:                                  WATCH TOWER BIBLE AND TRACT
                                                SOCIETY   [Corp.Seal]
W. E. Van Amburgh,
        Secretary                         By N. H. Knorr,
                                              President

COMMONWEALTH OF PENNSYLVANIA )        BE IT REMEMBERED that on
COUNTY OF ALLEGHENY                )
CITY OF PITTSBURGH                 )  SS:  this second day of October
                                   )
1944, before me, a Notary Public in and for the County aforesaid,

personally appeared NATHAN H. KNORR, President, and WILLIAM E.

VAN AMBURGH, Secretary, of the WATCH TOWER BIBLE AND TRACT

SOCIETY, the corporation named in and which executed the fore-

going Articles of Amendment, who being duly sworn, did depose

and say that they were personally present at the execution of the

foregoing Articles of Amendment and saw the common or corporate

seal of the WATCH TOWER BIBLE AND TRACT SOCIETY affixed thereto;

-19-

WTPA066576

3-1-75:28  1498

that the seal affixed thereto is the common or corporate seal
of the corporation; that the foregoing Articles of Amendment
were duly signed, sealed and delivered by and as and for the
act and deed of the corporation by the authority and at the
direction of a majority of the members of the corporation, and
that the names of the said NATHAN H. KNORR as President and of
WILLIAM E. VAN AMBURGH as Secretary, subscribed thereto are in
their proper and respective handwriting.

Sworn to and subscribed before me    )    Nathan H. Knorr
this 2nd day of October 1944.    )    Wm. E. Van Amburgh
A. C. Swanson  Notary Public (N.P.Seal) )
My commission expires April 1, 1945  )

COMMONWEALTH OF PENNSYLVANIA )    NATHAN H. KNORR and
COUNTY OF ALLEGHENY        )
CITY OF PITTSBURGH         ) SS:  WILLIAM E. VAN AMBURGH,
                           )
being severally and duly sworn, do depose and say, and each
for himself deposes and says: That he, the said NATHAN H. KNORR,
is the President of the Watch Tower Bible and Tract Society, and
he, the said WILLIAM E. VAN AMBURGH, is the Secretary thereof.
That they have been duly authorized to execute, apply the cor-
porate seal and file the foregoing articles of amendment to the
articles of incorporation of said Society by the affirmative
vote cast in person and by proxy of the majority of shareholder-
members of said corporation who were entitled to vote on each
and all of the resolutions contained in the foregoing articles
of amendment, and that such vote was cast at the said annual
meeting of said members called for that purpose upon notice

-20-

WTPA066577

31 7528    1499

given in the time and manner required by law; that each deponent
has read the foregoing certificate and that each and every
statement of fact therein contained is true and correct.

Subscribed and sworn to before me          )  Nathan H. Knorr
this 2nd day of October 1944.               )  Wm. E. Van Amburgh
A. C. Swanson  Notary Public   (N.P.Seal) )
My commission expires April 1, 1945         )

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

IN RE                                )
PETITION OF WATCH TOWER BIBLE        )
AND TRACT SOCIETY, for approval of   )  No. 44 January Term, 1945
amendment to articles of             )
incorporation                        )

ORDER OF COURT

And Now, to-wit, this 15 day of February, A.D. 1945,
the foregoing petition and application for amendments to the
charter of the Watch Tower Bible and Tract Society having been
presented in open court and proper proofs of publication of
notice having been filed in connection therewith and said pe-
tition and articles of amendments having been filed with the
Prothonotary of the Court of Common Pleas of Allegheny County,
Pennsylvania, as provided by law, and the matter having been
referred to Horace Thomas, Jr., Esq., as Master, who has filed
his report recommending said application, and the court having

WTPA066578

-21-

3175528   1500

considered this application fully, the Master's report and his recommendation favoring and recommending the granting of said application, petition and amendments and being of the opinion that said petition and articles for the amendments prayed for are lawful and do not conflict with the requirements of the Act of May 5, A.D. 1933, P. L. 289 of the State of Pennsylvania known as the Non-Profit Corporation Act, and the amendments and supplements thereto,

IT IS THEREFORE HEREBY ORDERED AND DECREED that the foregoing articles of amendments of the Watch Tower Bible and Tract Society be and the same are hereby approved and upon the recording of said articles of amendments, together with this Order, with the Recorder of Deeds of Allegheny County, Pennsylvania, the amendments specified in the articles of amendments shall become a part of the original charter of the Watch Tower Bible and Tract Society aforesaid.

BY THE COURT

[Court Seal]

February 27, 1945
From the Record
David B. Roberts, Prothonotary

   by E. C. Kvatsak,
            Deputy

WTPA066579

3-175-28   1501

STATE OF PENNSYLVANIA, County of Allegheny, ss.

Recorded in the office for the recording of Deeds,
etc., in and for the said County, on the 27th day of February,
A.D. 1945, in Charter Book, Vol. 70, page 171.

WITNESS my hand and seal of said office, the day
and year aforesaid.

Anthony J. Gerard, Recorder [Seal]

-23-

WTPA066580