*Exhibit J*

Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Cause No. CV 20-52-BLG-SPW |
| Plaintiffs, | **DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF COMBINED INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | |
| Defendants. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. | |

Cross-Claimant,  )
)
)
vs.  )
)
BRUCE MAPLEY SR.,  )
)
)
Cross-Claim Defendant.  )
)
)

TO:  Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C. Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street, Missoula, MT 59802

COMES NOW Defendant Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), by and through its attorneys, and provides its responses to Plaintiffs' Fourth Set of Combined Interrogatories, Requests for Production, and Requests for Admission to Defendant WTNY:

## **INTERROGATORIES**

**INTERROGATORY NO. 19:** Please identify the "Deskmen" for Montana in the Service and Legal Departments for the period 1973 to 2020 (this includes the period of time when the abuse alleged in this case occurred, as well as the period of time set forth in WTNY's Second Supplemental Privilege Log).

**ANSWER:** WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). WTNY further

During all relevant time periods, the donations (funds) were collected at local congregations and remitted to WTNY to offset the cost of production, materials, and shipping.  WTNY refers Plaintiffs to documents bates numbered WTNY000092-WTNY000195 and WTNY000799-000802 for how such items were "accounted for" by WTNY.

**INTERROGATORY NO. 23:** For the period 1973 to 1992 – and for all men who were serving concurrently on the Boards of Directors for WTNY and WTPA, as well as on the Governing Body – please identify the evidence (or types of evidence) in your possession that the Court or Jury could refer to which would indicate which of those entities those men were acting on behalf of while performing tasks related to the purpose of the Jehovah's Witness faith.

**ANSWER:**  WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). WTNY further objects to this Interrogatory as compound and ambiguous.  Subject to and without waiving these objections, WTNY responds as follows:

As to those who served on the Board of Directors of WTNY and occupied a religious role concurrently as a member of the Governing Body between 1973 and 1992, WTNY identifies the following individuals:

W.L. Barry
J.E. Barr

> J.C. Booth
> F.W. Franz
> J.O. Groh
> M.G. Henschel
> W.K. Jackson
> T. Jaracz
> N.H. Knorr
> G. Suiter
> L.A. Swingle

For each of the individuals identified above, during the time they were acting in their role as directors of WTNY, they were governed by WTNY's Bylaws (*see* WTNY00084-WTNY000091); during the time they were acting as members of the ecclesiastical Governing Body of Jehovah's Witnesses, they were governed by the Bible.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 72:** Please produce a copy of all affidavits, declarations, or any other sworn statements by Jehovah's Witness Organization officials (whether representatives of WTNY, WTPA, CCJW, or otherwise) regarding the following issues: attorney-client privilege; clergy-penitent privilege; storage or retention of information regarding child sex abuse at Jehovah's Witness congregations; and the organization of the various Jehovah's Witness entities, departments, and offices over time.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and

## VERIFICATION

Thomas Jefferson, Jr., states that he has read the foregoing *(Defendant WTNY's Responses to Plaintiffs' Fourth Set of Combined Interrogatories, Requests for Production, and Requests for Admission)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers. Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

Thomas Jefferson, Jr.

Dated: 12/24 2022

Gerry P. Fagan
Christopher T. Sweeney
Jordan W. FitzGerald
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Fax: (406) 248-7889
Gerry.Fagan@moultonbellingham.com
Christopher.Sweeney@moultonbellingham.com
Jordan.FitzGerald@moultonbellingham.com

   *Attorneys for Defendant Watch Tower Bible and Tract Society of
   Pennsylvania*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY,<br><br>                    Plaintiffs,<br><br>     -vs-<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>                    Defendants. | Case No. CV-20-00052-SPW-TJC<br><br><br>**DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S RESPONSES TO PLAINTIFFS' FOURTH SET OF COMBINED DISCOVERY** |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and | |

1

WATCH TOWER BIBLE AND TRACT
SOCIETY OF PENNSYLVANIA,

Cross-Claimants,

-vs-

BRUCE MAPLEY SR.,

Cross-Defendant.

**TO: Plaintiffs and their attorneys of record, Robert L. Stepans, Ryan R. Shaffer and James C. Murnion, MEYER, SHAFFER & STEPANS, PLLP, and Matthew L. Merrill (*pro hac vice*), MERRILL LAW, LLC.**

**COMES NOW**, Defendant Watch Tower Bible and Tract Society of Pennsylvania ("WTPA"), by and through its counsel of record, and hereby provides its responses to Plaintiffs' Fourth Set of Combined Discovery as follows:

## INTERROGATORIES

**INTERROGATORY NO. 16:** For the period 1973 to 1992, and for all men who were serving concurrently on the Boards of Directors for WTNY and WTPA, as well as on the Governing Body, please identify the evidence (or types of evidence) in your possession that the Court or Jury could refer to which would indicate which of those entities those men were acting on behalf of while performing tasks related to the purpose of the Jehovah's Witness faith.

**ANSWER:** WTPA objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. because

previous Interrogatories contained discreet, multiple sub-parts. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). This Interrogatory is also compound, confusingly-worded, and ambiguous.   WTPA further objects to the extent this Interrogatory exceeds the scope of discovery as provided by Federal Rule of Civil Procedure Rule 26(b)(1) by seeking information which a "Court or Jury could refer to which would indicate which of those entities those men were acting on behalf of …" Rule 26(b)(1) requires only that a party provide information "that is relevant to any party's claim or defense." It does not require an answering party to decide what information a "Court or Jury could refer to." Subject to and without waiving these objections, WTPA responds as follows:

As to those who served on the Board of Directors of WTPA and occupied a religious role concurrently as a member of the Governing Body between 1973 and 1992, WTPA identifies the following individuals:

W.L. Barry
J.E. Barr
J.C. Booth
F.W. Franz
J.O. Groh
M.G. Henschel
W.K. Jackson
T. Jaracz
N.H. Knorr
G. Suiter
L.A. Swingle

3

For each of the individuals identified above, during the time they were acting in their role as directors of WTPA, they were governed by WTPA's Bylaws; during the time they were acting as members of the ecclesiastical Governing Body of Jehovah's Witnesses, they were governed by the Bible.

**INTERROGATORY NO. 17:** For the period 1973 to 1992 identify the Departments (e.g., Service Department), Offices (e.g., Branch Office), Committees (e.g., Service Committee), Bodies (e.g., Governing Body), Corporations (e.g., WTPA), and any other groups or entities that were utilized by the Jehovah's Witnesses to carry out the purposes, goals, functions, ministries, and work of the Jehovah's Witness faith. For each Department, Office, Committee, Body, Corporation, or other group/entity identified, please set forth the dates within the time period that each was utilized.

**ANSWER:** WTPA objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. because previous Interrogatories contained discreet, multiple sub-parts. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). This Interrogatory is also compound and overbroad as it is not limited in scope, subject matter, or geographic region.  To the extent this interrogatory is aimed at activities in Montana, WTPA refers plaintiffs to WTNY.  Subject to and without waiving these objections, WTPA responds as follows:

MOULTON BELLINGHAM PC
Attorneys at Law

## **VERIFICATION**

Richard Devine states that he has read the foregoing *(Defendant WTPA's Responses to Plaintiffs' Fourth Set of Combined Discovery)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers. Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

Richard Devine

Dated: _12/19/2022_

15

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW