*Exhibit N*

1  Robert J. Schnack, SBN 191987
   BULLIVANT HOUSER BAILEY PC
2  1415 L Street, Suite 1000
   Sacramento, California 95814
3  Telephone: 916.930.2500
   Facsimile: 916.930.2501
4  E-mail: bob.schnack@bullivant.com

5  Attorneys for The Church Defendants

**FILED**

SEP 2 9 2006

Clerk of the Napa Superior Court
By: _Sora O' Sherg_
           Deputy

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF NAPA

10

11  CHARISSA W. and NICOLE D.,                Case No.: 26-22191 (Lead Case)

12            Plaintiffs,                      JCCP No. 4374

13       v.                                    **DECLARATION OF MARIO F.
                                               MORENO, ESQ., IN SUPPORT OF
14  WATCHTOWER BIBLE AND TRACT                 OPPOSITION TO PLAINTIFFS'
    SOCIETY OF NEW YORK, INC., et al.,         MOTION TO COMPEL PMK
15                                             DEPOSITION AND DOCUMENT
            Defendants.                        REQUEST REGARDING THE
16                                             WATCHTOWER LEGAL
                                               DEPARTMENT**
17
                                               **(DISCOVERY MOTION NO. 3)**
18
                                               **Hearing Date: October 13, 2006
19                                             Time: 8:30 am
                                               Dept.: A
20                                             Before: Hon. Raymond A. Guadagni**

21

22  AND COORDINATED CASES

23

24       I, Mario F. Moreno, declare as follows:

25       1.  I am an attorney and associate general counsel for the Legal Department of

26  Watchtower Bible and Tract Society of New York, Inc. ("Watchtower Legal Department"). In

27  that capacity, from time to time I act and have acted as attorney and legal counsel for

28  Watchtower Bible and Tract Society of New York, Inc. ("Watchtower NY") and various

RECEIVED
SEP 2 9 2006
Napa ... Court

– 1 –

DECLARATION OF MARIO F. MORENO IN SUPPORT OF CHURCH DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PMK DEPOSITION AND DOCUMENT REQUEST REGARDING THE LEGAL DEPARTMENT

3503

CAEKAERT/MAPLEY 006623

1  congregations of Jehovah's Witnesses, including without limitation the congregation defendant

2  in the Track I cases, North Congregation of Jehovah's Witnesses, Red Bluff, California, and the

3  congregation defendants in the non-Track I cases. I am legally competent in all respects and

4  make the following statements based on my own personal knowledge.

5      2.   Watchtower NY is a not-for-profit religious corporation. The Watchtower Legal

6  Department is and functions as in-house legal counsel for Watchtower NY, similarly to in-house

7  legal departments for private companies and corporations. The Watchtower Legal Department

8  has a number of attorneys who serve as associate general counsel or associate legal counsel in

9  the Legal Department. The Watchtower Legal Department's clients include various corporations

10 of Jehovah's Witnesses in the United States, the Governing Body of Jehovah's Witnesses, the

11 United States Branch Committee, other departments at the United States branch offices in New

12 York, congregations of Jehovah's Witnesses in the United States, including congregations in

13 California, and the elders of those congregations. The Watchtower Legal Department thus has

14 an attorney-client relationship with the United States Service Department and congregations and

15 their elders. The Watchtower Legal Department considers its lawyers' communications from, to,

16 and with the United States Service Department and congregations and their elders to be

17 confidential and privileged under the attorney-client privilege and any other applicable

18 privileges. As a congregation elder and as associate general counsel for the Watchtower Legal

19 Department, it is my understanding and belief that United States Service Department and

20 congregation elders who have communicated with the Watchtower Legal Department attorneys

21 for legal advice consider those communications to be privileged and confidential, and the

22 attorneys in the Legal Department in fact frequently remind the elders that their communications

23 with the Legal Department are privileged and confidential under the attorney-client privilege.

24      3.   There are four blank forms (dated 1989, 1992, 1993, and 1993, respectively)

25 contained in Exhibit 3 to plaintiffs' discovery motion no. 3 concerning the Watchtower Legal

26 Department. Watchtower NY earlier produced each of those forms in discovery, and each was

27 stamped "CONFIDENTIAL" prior to being produced. The Watchtower Legal Department and

28 its attorneys used one of these forms when taking calls from congregation elders who sought

CAEKAERT/MAPLEY 006624

1  legal advice from the Legal Department on child abuse matters from about July 1989 until about
2  1995. Each of these forms, when used, was completed by attorneys and legal assistants working
3  under the attorneys' legal supervision within the Legal Department after attorneys and their
4  legal assistants obtained information through confidential and privileged communications with
5  congregation elders as clients of the Legal Department. The completed forms are used by
6  attorneys in the Legal Department to assist in providing legal advice to the elders as clients of
7  the Legal Department and document the legal advice given to the congregation elders. Thus, any
8  such completed forms retained in the Legal Department contain confidential and privileged
9  information obtained through confidential and privileged communications between a Legal
10  Department attorney and a client of the Legal Department. As such, disclosure in this litigation
11  or otherwise of any such completed forms or of the information contained in any such
12  completed forms would necessarily result in the disclosure of confidential and privileged
13  communications between a Legal Department attorney and a client of the Legal Department. In
14  addition, disclosure of any summary that might have been prepared by the Legal Department of
15  any of the confidential and privileged information contained in the completed forms would
16  likewise result in the disclosure of confidential and privileged communications between a Legal
17  Department attorney and a client of the Legal Department or potentially of attorney work
18  product information.
19      4.   This Court should not allow plaintiffs to here invade the attorney-client privilege or
20  the work product rule by granting any part of plaintiffs' discovery motion no. 3. To do
21  otherwise would violate and render meaningless the strong public policy considerations
22  underlying the confidential and privileged nature of attorney-client communications, thereby
23  chilling open and frank communications involving legal advice between attorneys in corporate
24  legal departments and their clients, regardless of whether such in-house legal departments are
25  within non-profit religious corporations or within private for-profit companies and corporations.
26  ///
27  ///
28  ///

– 3 –

DECLARATION OF MARIO F. MORENO IN SUPPORT OF CHURCH DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PMK DEPOSITION AND DOCUMENT REQUEST REGARDING THE LEGAL DEPARTMENT
3505

CAEKAERT/MAPLEY 006625

1    I declare under penalty of perjury under the laws of the United States and of the State of

2    California that the foregoing is true and correct upon my knowledge, information and belief.

3    Executed on September 27, 2006, at Patterson, New York.

4

5    _____
     Mario F. Moreno

6

7    4227184.1

8    *****

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

– 4 –

**DECLARATION OF MARIO F. MORENO IN SUPPORT OF CHURCH DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PMK DEPOSITION AND DOCUMENT REQUEST REGARDING THE LEGAL DEPARTMENT**

3506

CAEKAERT/MAPLEY 006626

# PROOF OF SERVICE

Charissa W. v. Watchtower Bible and Tract Society of New York, Inc., et al
Napa County Superior Court Coordinated Action No. 26-22191 (JCCP No. 4374)

I am a citizen of the United States and am employed in Sacramento County, where this mailing occurs. My business address is 1415 L Street, Suite 1000, Sacramento, California 95814. I am over the age of eighteen (18) and not a party to this within cause. On the date below, the following ordinary business practice, I served the foregoing document(s) described as:

**DECLARATION OF MARIO F. MORENO, ESQ., IN SUPPORT OF CHURCH DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PMK DEPOSITION AND DOCUMENT REQUEST REGARDING THE WATCHTOWER LEGAL DEPARTMENT**

in the following manner, by placing a true copy(ies) thereof in a sealed envelope(s) addressed as follows:

SEE ATTACHED SERVICE LIST

<u>XXX</u>   **(BY MAIL)**   I caused such envelope(s) with First Class postage thereon fully prepaid to be placed in the U.S. Mail in Sacramento, California. I am readily familiar with my employer's normal business practice for collection and processing of correspondence and other material for mailing with the U.S. Postal Service, and that practice is that said material is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

_____   **(BY MESSENGER)** I caused such envelope(s) to be hand delivered to

_____   **(FEDERAL EXPRESS)** I caused such envelope(s) to be hand-delivered by an authorized Federal Express agent, this date to

_____   **(BY FACSIMILE)** I caused to be transmitted the aforementioned document, via facsimile machine, to each of the above identified parties' FAX numbers the hours of 9:00 a.m. and 5:00 p.m. on _____ and received verification of each complete transmission.

[ X ]   **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]   **(Federal)** I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on September 28, 2006, at Sacramento, California.

By _____
Janet A. Schultz

– 5 –
3507

CAEKAERT/MAPLEY 006627

## SERVICE LIST

Charissa W. v. Watchtower Bible and Tract Society of New York, Inc., et al
Napa County Superior Court Coordinated Action No. 26-22191 (JCCP No. 4374)

| | |
|---|---|
| Attorneys for Plaintiffs<br>Rudy Nolen<br>Nolen & Associates<br>1501 – 28th Street<br>Sacramento, CA 95816<br>Fax: 916-733-0601<br>**Via Fed Ex** | Attorneys for Plaintiff<br>Hartley Hampton<br>Fibich, Hampton & Leebron<br>Five Houston Center<br>1401 McKinney, Ste. 1800<br>Houston, TX 77010<br>Fax 713-751-0030 |
| Attorneys for Plaintiffs<br>Gregory S. Love<br>LOVE & NORRIS<br>314 Main St., Ste 300<br>Fort Worth, TX 76102<br>Fax: 817-335-2912 | |
| In Pro Per<br>James Henderson<br>35 Gilmore Road, #10<br>Red Bluff, CA 96080 | Defendant In Pro Per<br>Alvin Heard<br>State ID #14002521<br>Two Rivers Correctional Institute<br>82911 Beach Access Road<br>Umatilla, OR 97882 |

CAEKAERT/MAPLEY 006628