Gerry P. Fagan
Christopher T. Sweeney
Jordan W. FitzGerald
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559
Gerry.Fagan@moultonbellingham.com
Christopher.Sweeney@moultonbellingham.com
Jordan.FitzGerald@moultonbellingham.com

*Attorneys for Defendant Watch Tower Bible and Tract Society of Pennsylvania*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>-vs-<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA,<br><br>Defendants. | Cause No. CV 20-52-BLG-SPW<br><br>**DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF SUMMARY JUDGMENT RE: VICARIOUS LIABILITY** |

Pursuant to Local Rule 56.1(a), Defendant Watchtower Bible and Tract Society of Pennsylvania ("WTPA") provides the following Statement of Undisputed Facts in support of its Motion for Summary Judgment regarding Plaintiffs'

allegations and claims that WTPA is vicariously liable for the underlying conduct alleged in this matter:

## STATEMENT OF UNDISPUTED FACTS

1.  Plaintiffs began attending non-party Hardin Congregation of Jehovah's Witnesses in Hardin, Montana (the "Congregation") in 1973 or 1974.  Depo. Tracy Caekaert 35:20-36:24 (Feb. 9, 2023), excerpts to be filed as Exhibit A under seal; Depo. Camillia Mapley 35:17-36:22 (Nov. 29, 2022), excerpts to be filed as Exhibit B under seal.

2.  Plaintiffs' father, Bruce Mapley Sr., had been molesting them as children "for several years" before they began associating with Jehovah's Witnesses in 1973.  Doc. 22 at ¶¶ 33-34.

3.  Plaintiffs also allege they were molested by Gunner Haines, another member of the Congregation, in 1977 or 1978.  *See* Doc. 320 at 11-12, ¶¶ 10-11.

4.  Plaintiffs allege that their father and Haines both confessed about their abuse of Plaintiffs to Congregation elders in or around 1977, and that the elders did not report the sexual abuse to law enforcement or child protective services.  Doc. 22 at ¶¶ 39-40, 46; Ex. A, Depo. Caekaert at 89:8-90:13, 95:12-96:17; Depo. Shirley Gibson 60:17-63:6 (Apr. 14, 2022), excerpts attached hereto as Exhibit C.

5.     Plaintiffs allege that their father continued abusing them after 1979, but not beyond 1983. *See* Doc. 22 at ¶ 48; Ex. A, Depo. Caekaert at 87:1-8; Ex. B, Depo. Mapley at 56:14-18.

6.     Haines, however, did not abuse them again after his confession to Congregation elders. *See* Doc. 22 at ¶¶ 36, 39-40, 46; Ex. A, Depo. Caekaert at 112:18-113:4; Ex. B, Depo. Mapley at 65:21-25.

7.     Plaintiffs allege that Martin Svensen, an elder in the Hardin Congregation, investigated the allegations of sexual abuse against Mapley Sr. and Haines while he was also sexually abusing children. Doc. 22 at ¶¶ 42-43.

## R<span>ELATIONSHIP</span> B<span>ETWEEN</span> WTPA <span>AND</span> L<span>OCAL</span> C<span>ONGREGATION</span>:

8.     WTPA's primary role during the relevant time period was to hold the copyright and publish some of the Jehovah's Witnesses publications, including their most prized possession, the New World Translation of Holy Scriptures. *See* Rule 30(b)(6) Depo. WTPA/Richard Devine 38:21-40:8, 97:10-99:16, 121:25-122:23, 126:4-128:2, 130:3-131:8 (Mar. 7, 2024), excerpts to be filed as Exhibit D under seal.

9.     During the relevant time period, WTPA was not responsible for or involved in the training schools for elders, the appointment or removal of elders, or the assignment of circuit overseers. *See* Ex. D, 30(b)(6) Depo. WTPA/Devine 112:3-113:10, 113:23-114:19, 121:14-130:2.

10. WTPA was also not involved in the application or approval of new congregations. Ex. D, 30(b)(6) Depo. WTPA/Devine 131:13-23.

11. From 1973 to 1992, WTPA was not responsible monitoring the functions or organization of local congregations. Ex. D, 30(b)(6) Depo. WTPA/Devine 129:8-13. Each congregation forms its own legal entity to operate its kingdom hall and other functions. Ex. D, 30(b)(6) Depo. WTPA/Devine 32:16-33:16. WTPA does not exercise control or authority over those congregational entities. *Id.*

**RELATIONSHIP BETWEEN WTPA AND WTNY:**

12. WTPA and Watchtower Bible and Tract Society of New York, Inc. ("WTNY") are separate legal entities, but they assist one another when needed to accomplish their shared purpose – to preach the good news of God's kingdom worldwide. *See* Ex. D, 30(b)(6) Depo. WTPA/Devine 38:21-40:8.

13. WTPA's corporate charter contains no indication that it controled or had authority over any other corporations used by Jehovah's Witnesses during the relevant time, including over WTNY. Ex. D, 30(b)(6) Depo. WTPA/Devine 32:16-33:16, 100:6-101:25. WTPA also was not the parent corporation of WTNY during that time. Ex. D, 30(b)(6) Depo. WTPA/Devine 100:6-106:21.

**DATED** this 12th day of April, 2024.

        MOULTON BELLINGHAM PC

        By:   */s/ Jordan W. FitzGerald*
             GERRY P. FAGAN
             CHRISTOPHER T. SWEENEY
             JORDAN W. FITZGERALD
             27 North 27th Street, Suite 1900
             P.O. Box 2559
             Billings, Montana 59103-2559

        *Attorneys for Defendant Watch Tower Bible and Tract Society of Pennsylvania*