# Exhibit 1

Jon A. Wilson
Brett C. Jensen
Michael P. Sarabia
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Cause No. CV 20-52-BLG-SPW |
| Plaintiffs, | **DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | |
| Defendants. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. | |

|                              |     |
|------------------------------|-----|
| Cross-Claimant,              | )   |
|                              | )   |
|                              | )   |
| vs.                          | )   |
|                              | )   |
|                              | )   |
| BRUCE MAPLEY SR.,            | )   |
|                              | )   |
| Cross-Claim Defendant.       | )   |
|                              | )   |
|                              | )   |

TO:   Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, James C. Murnion, and Victoria K.M. Gannon, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street, Missoula, MT 59802

COMES NOW Defendant Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), by and through its attorneys, and provides the following supplemental responses to Plaintiffs' Requests for Production to Defendant WTNY:

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 10:** Please produce all letters, emails, facsimiles, or other documentary, tangible, or electronically stored information of any kind you, or any other entity associated with Jehovah's Witnesses, received from congregations in Montana in response to the Body of Elder Letter dated March 14, 1997.

**RESPONSE:** WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena

dated July 30, 2021, that addressed the nature and content of a responsive letter from

the Hardin Congregation in Montana and applied Montana's clergy-penitent

privilege under Mont. Code Ann. § 26-1-804 to deny Plaintiffs' request for

production. (Doc. 82, pp. 3-4) The same analysis applies if any other congregations

in Montana wrote responsive letters. In addition, this request is overbroad and

unduly burdensome as to scope, is not reasonably calculated to lead to the discovery

of admissible information, and is not proportional to the needs of the case.

Additionally, this request violates Responding Defendant and third-parties' privacy

rights under the United States and Montana Constitutions.

Without waiving said objections, responsive letters are described in WTNY's privilege

log (Privilege Log Nos. 27-36).

**FIRST SUPPLEMENTAL RESPONSE:**   WTNY objects to this Request for

Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin

Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of

a responsive letter from the Hardin Congregation in Montana and applied Montana's

clergy-penitent privilege under Mont. Code Ann. § 26-1-804 to deny Plaintiffs' request

for production. (Doc. 82, pp. 3-4) The same analysis applies if any other congregations

in Montana wrote responsive letters. WTNY also objects to this Request for Production

in that it seeks documents that contain confidential statements made to elders in the

faith of Jehovah's Witnesses as part of the religion's disciplinary process, and are

therefore protected under Montana's clergy-penitent privilege under Mont. Code Ann.

§ 26-1-804 (Doc. 239). In addition, this request is overbroad and unduly burdensome as to scope and is not proportional to the needs of the case, because it seeks documents about non-defendant third-parties who have no connection to the Plaintiffs, alleged abusers, or the facts of *this* case. Additionally, this request violates Responding Defendant and third-parties' privacy rights under the United States and Montana Constitutions.  This request also violates third-parties' associational right to privacy. *See, NAACP v. Alabama* (1958) 357 U.S. 449. Without waiving said objections, *see* WTNY's Fourth Supplemental Privilege Log, Nos. 27-36; 55, 57-78.  All WTNY, CCJW, and Service Department documents responsive to this request have either been listed on a privilege log or produced.

**REQUEST FOR PRODUCTION NO. 11:** Please produce all tangible or electronically stored information of any kind pertaining to any Plaintiff, including but not limited to documents, database information, and letters, emails, facsimiles, any communication or information received from the Hardin Congregation, anyone associated with the Hardin Congregation, or any overseer whose territory includes or included the Hardin Congregation. This request specifically includes, but is not limited to, all records of communications to or from the Service Department and Legal Department pertaining to any Plaintiff.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given

by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.,* 270 F.R.D. 613, 622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911,914 (1989); Mont. Code Ann.§ 26-1-803). Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26-1-804 to deny Plaintiffs' request for production. (Doc. 82, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 1-3, 7-8, 10-11, 29, and 40-43). *See also* document produced as WTNY000214.

**FIRST SUPPLEMENTAL RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.,* 270 F.R.D. 613, 622 (D. Mont.

2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911,914 (1989); Mont. Code Ann.§ 26-1-803). Further, WTNY objects to this Request for Production in that it seeks documents that contain confidential statements made to elders in the faith of Jehovah's Witnesses as part of the religion's disciplinary process, and are therefore protected under Montana's clergy-penitent privilege under Mont. Code Ann. § 26-1-804 (Doc. 239). Without waiving said objections, *see* WTNY's Fourth Supplemental Privilege Log, Nos. 1-3, 7-8, 10-11, 29, 40-43, 56, 60-61, 88-89, 93. *See also* document produced as WTNY000214; and documents bates-numbered CCJW00004-00014; CCJW000017-000028, which are being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1). All WTNY, CCJW, and Service Department documents responsive to this request have either been listed on a privilege log or produced.

**REQUEST FOR PRODUCTION NO. 12:** Please produce all tangible or electronically stored information of any kind pertaining to Bruce Mapley Sr., including but not limited to documents, database information, and letters, emails, facsimiles, any communication or information received from the Hardin Congregation, anyone associated with the Hardin Congregation, or any overseer whose territory includes or included the Hardin Congregation. This request specifically includes, but is not limited to, all records of communications to or from the Service Department and Legal Department pertaining to Bruce Mapley Sr.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.,* 270 F.R.D. 613,622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann.§ 26-1-803). Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann.§ 26-1-804 to deny Plaintiffs' request for production. (Doc. 82, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 1-3, 7-8, 10-11, 29, and 40-44). *See also* document produced as WTNY000213.

**FIRST SUPPLEMENTAL RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship.

Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.,* 270 F.R.D. 613,622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann.§ 26-1-803). Further, WTNY objects to this Request for Production in that it seeks documents that contain confidential statements made to elders in the faith of Jehovah's Witnesses as part of the religion's disciplinary process, and are therefore protected under Montana's clergy-penitent privilege under Mont. Code Ann. § 26-1-804 (Doc. 239). Without waiving said objections, *see* WTNY's Fourth Supplemental Privilege Log, Nos. 1-3, 7-8, 10-11, 29, 40-44; 56, 60-61, and 93. *See also* document produced as WTNY000213; and documents bates-numbered CCJW00013-00014, which are being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1). All WTNY, CCJW, and Service Department documents responsive to this request have either been listed on a privilege log or produced.

**REQUEST FOR PRODUCTION NO. 13:** Please produce all tangible or electronically stored information of any kind pertaining to Gunner Hain, including but not limited to documents, database information, and letters, emails, facsimiles, any communication or information received from the Hardin Congregation, anyone associated with the Hardin Congregation, or any overseer whose territory includes or included the Hardin Congregation. This request specifically includes, but is not

limited to, all records of communications to or from the Service Department and Legal Department pertaining to Gunner Hain.

**RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.,* 270 F.R.D. 613,622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26-1-803). Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26-1-804 to deny Plaintiffs' request for production. (Doc. 82, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 10, 11, 37, and 39). *See also* documents produced as WTNY000211-212 and 215.

**FIRST SUPPLEMENTAL RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder

or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.,* 270 F.R.D. 613,622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911,914 (1989); Mont. Code Ann. § 26-1-803). Further, WTNY objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26-1-804 to deny Plaintiffs' request for production. (Doc. 82, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 10, 11, 37, and 39). WTNY corrects its previous bates numbering, *see also* documents produced as WTNY000215 and 222-223.

**SECOND SUPPLEMENTAL RESPONSE:** WTNY objects to this Request for Production as many of the documents involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship. Therefore, the records of the subject communications as described in

WTNY's produced privilege log are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.,* 270 F.R.D. 613,622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911,914 (1989);Mont. Code Ann. § 26-1-803). Further, WTNY objects to this Request for Production in that it seeks documents that contain confidential statements made to elders in the faith of Jehovah's Witnesses as part of the religion's disciplinary process, and are therefore protected under Montana's clergy-penitent privilege under Mont. Code Ann. § 26-1-804 (Doc. 239) Without waiving said objections, *see* WTNY's Fourth Supplemental Privilege Log, Nos. 10, 11, 37, 39, and 88. *See also* documents produced as WTNY 000215, WTNY000222-223 and documents bates-numbered CCJW00001-00002, CCJW00008-000014, and CCJW000018-000023; which are being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1). All WTNY, CCJW, and Service Department documents responsive to this request have either been listed on a privilege log or produced.

**REQUEST FOR PRODUCTION NO. 18:** Please produce all S2 forms that pertain to any person who is, or was, a member, ministerial servant, elder, or otherwise affiliated with the Hardin Congregation.

**RESPONSE:** After a diligent search, WTNY has been unable to locate any information responsive to this request.

**FIRST SUPPLEMENTAL RESPONSE:** *See* documents bates-numbered CCJW000015-000016, CCJW000137-000138, and CCJW000142-000143, which are being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1). All WTNY, CCJW, and Service Department documents responsive to this request have either been listed on a privilege log or produced.

**REQUEST FOR PRODUCTION NO. 20:** Please produce all documents that pertain to judicial committees involving Bruce Mapley Sr. or Gunner Haines.

**RESPONSE:** WTNY objects to this Request for Production to the extent it seeks documents which involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship, as such documents are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.,* 270 F.R.D. 613,622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26-1-803). WTNY further objects to this Request for Production as it is contrary to Judge Watters' Order Re Motion to Compel Hardin Congregation's Subpoena dated July 30, 2021, that addressed the nature and content of a responsive letter from the Hardin Congregation in Montana and applied Montana's clergy-penitent privilege under Mont. Code Ann. § 26-1-804 to deny Plaintiffs' request for production. (Doc.

82, pp. 3-4). Without waiving said objections, responsive communications are described in WTNY's privilege log (Privilege Log Nos. 29, 37, 39, and 43).

**FIRST SUPPLEMENTAL RESPONSE:**   WTNY objects to this Request for Production to the extent it seeks documents which involve (1) a communication by an elder or elders; (2) to an attorney; (3) in which legal advice was sought by an elder or elders and legal advice was given by an attorney; (4) in the course of the professional relationship, as such documents are protected from disclosure by the attorney-client privilege under Montana law. *See Moe v. System Transp., Inc.,* 270 F.R.D. 613,622 (D. Mont. 2010) (citing *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court,* 240 Mont. 5, 11, 783 P.2d 911, 914 (1989); Mont. Code Ann. § 26-1-803). Further, WTNY objects to this Request for Production in that it seeks documents that contain confidential statements made to elders in the faith of Jehovah's Witnesses as part of the religion's disciplinary process, and are therefore protected under Montana's clergy-penitent privilege under Mont. Code Ann. § 26-1-804 (Doc. 239). Without waiving said objections, responsive communications are described in WTNY's Fourth Supplemental Privilege Log, Nos. 29, 37, 39, 43, 56, 60-61, 88, and 93. *See also* documents bates-numbered CCJW000008-000014 and CCJW000021-000023, which are being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1). All WTNY, CCJW, and Service Department documents responsive to this request have either been listed on a privilege log or produced.

**REQUEST FOR PRODUCTION NO. 52:** Please produce a full copy of the Hardin Congregations' permanent congregation files.

**RESPONSE:** None. WTNY does not maintain Congregations' permanent files.

**FIRST SUPPLEMENTAL RESPONSE:** WTNY objects to this Request for Production as vague and ambiguous as to the term "Hardin Congregations' permanent congregation files." Without waiving said objection, while WTNY does not and never has had access to the file the Hardin Congregation maintains at its place of worship, *see* documents bates-numbered WTNY000762-000776 and WTNY's Second Supplemental Privilege Log, PL Nos. 50-52.

**SECOND SUPPLEMENTAL RESPONSE:** WTNY objects to this Request for Production as vague and ambiguous as to the term "Hardin Congregations' permanent congregation files." Further, WTNY objects to this Request for Production in that it seeks documents that contain confidential statements made to elders in the faith of Jehovah's Witnesses as part of the religion's disciplinary process, and are therefore protected under Montana's clergy-penitent privilege under Mont. Code Ann. § 26-1-804 (Doc. 239). In addition, this request is overbroad and unduly burdensome as to scope and is not proportional to the needs of the case, because it seeks documents about non-defendant third-parties who have no connection to the Plaintiffs, the alleged abusers, or the facts of *this* case. Additionally, this request violates Responding Defendant and third-parties' privacy rights under the United States and Montana

Constitutions.  This request also violates third-parties' associational right to privacy. *See, NAACP v. Alabama* (1958) 357 U.S. 449.  Without waiving said objection, while WTNY does not and never has had access to the file the Hardin Congregation maintains at its place of worship, *see* documents bates-numbered WTNY000762-000776,  CCJW000015-000023;  CCJW000025-000028;  CCJW000029-000143, CCJW000171-000199 and SD000001, which are being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1); and WTNY's Fourth Supplemental Privilege Log, Nos.  50-52, 79-85, and 87-93. All WTNY, CCJW, and Service Department documents responsive to this request have either been listed on a privilege log or produced.

**REQUEST FOR PRODUCTION NO. 75:** Please produce any document related to the disfellowshipping or disassociation of Bruce Mapley, Sr., Gunner Hain, Marin Svenson, James Rowland, Quentin Means, Gary Baker, Jay Donavan, Dale Hiebert, and Bill O'Neil.

**RESPONSE:** WTNY objects to this Request for Production in that it violates the clergy-penitent privilege. Subject to and without waiving this objection, WTNY has no responsive documents except for privilege log item number 40.

**FIRST SUPPLEMENTAL RESPONSE:** WTNY objects to this Request for Production in that it seeks documents that contain confidential statements made to elders in the faith of Jehovah's Witnesses as part of the religion's disciplinary process, and are therefore protected under Montana's clergy-penitent privilege under Mont.

Code Ann. § 26-1-804 (Doc. 239). Subject to and without waiving this objection, *See* WTNY's Fourth Supplemental Privilege Log Nos. 40, 56, 60, 61, and 93. All WTNY, CCJW, and Service Department documents responsive to this request have either been listed on a privilege log or produced.

**REQUEST FOR PRODUCTION NO. 87:**  Please produce a full copy of the Forsyth Congregation's permanent congregation files.  Per our prior conversations and letter dated October 13, 2022, it is our understanding that the Jehovah's Witnesses Organization maintains a permanent file for each congregation.  This RFP seeks documents from this permanent file.

**RESPONSE:** WTNY objects to this Request as vague and ambiguous as to the term "Jehovah's Witnesses Organization." WTNY also objects to this Request in that it is overbroad and unduly burdensome in seeking information about individuals and entities which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in duration, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case.  Subject to and without waiving these objections, WTNY responds as follows:  None.

**FIRST SUPPLEMENTAL RESPONSE:** WTNY objects to this Request for Production as vague and ambiguous as to the term "Forsyth Congregation's permanent

congregation files." In addition, this request is overbroad and unduly burdensome as to scope and is not proportional to the needs of the case, because it seeks documents about non-defendant third-parties who have no connection to the Plaintiffs, alleged abusers, or the facts of *this* case. Additionally, this request violates Responding Defendant and third-parties' privacy rights under the United States and Montana Constitutions. This request also violates third-parties' associational right to privacy. *See, NAACP v. Alabama* (1958) 357 U.S. 449. Without waiving said objections, *See* documents bates-numbered CCJW000158-000170, which are being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1). All WTNY, CCJW, and Service Department documents responsive to this request have either been listed on a privilege log or produced.

**REQUEST FOR PRODUCTION NO. 88:** Please produce a full copy of the Laurel Congregation's permanent congregation files. Per our prior conversations and letter dated October 13, 2022, it is our understanding that the Jehovah's Witnesses Organization maintains a permanent file for each congregation. This RFP seeks documents from this permanent file.

**RESPONSE:** WTNY objects to this Request as vague and ambiguous as to the term "Jehovah's Witnesses Organization." WTNY also objects to this Request in that it is overbroad and unduly burdensome in seeking information about individuals and entities which are not the claimants or the accused in this litigation

which implicates their privacy rights protected by the United States and Montana

Constitutions, not limited in duration, not reasonably calculated to lead to the

discovery of admissible evidence, and not proportional to the needs of the

case. Subject to and without waiving these objections, WTNY responds as

follows: *See* document bates-numbered WTNY003955-WTNY003956, which is

being produced subject to the Stipulated Confidentiality Agreement and Protective

Order (Doc. 110-1) and privilege log entries 53-54, regarding unrelated third-

parties.

**FIRST SUPPLEMENTAL RESPONSE:** WTNY objects to this Request for

Production as vague and ambiguous as to the term "Laurel Congregations' permanent

congregation files." Further, WTNY objects to this Request for Production in that it

seeks documents that contain confidential statements made to elders in the faith of

Jehovah's Witnesses as part of the religion's disciplinary process, and are therefore

protected under Montana's clergy-penitent privilege under Mont. Code Ann. § 26-1-

804 (Doc. 239). In addition, this request is overbroad and unduly burdensome as to

scope and is not proportional to the needs of the case, because it seeks documents about

non-defendant third-parties who have no connection to the Plaintiffs, alleged abusers,

or the facts of *this* case. Additionally, this request violates Responding Defendant and

third-parties' privacy rights under the United States and Montana Constitutions. This

request also violates third-parties' associational right to privacy. *See, NAACP v.

Alabama* (1958) 357 U.S. 449. Without waiving said objection, *see* WTNY's Fourth

Supplemental Privilege Log, Nos. 53-54, and 86. *See also* documents bates-numbered WTNY003955-WTNY003956, and CCJW000144-000157, which are being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1). All WTNY, CCJW, and Service Department documents responsive to this request have either been listed on a privilege log or produced.

**REQUEST FOR PRODUCTION NO. 89:** Please produce a full copy of the Lame Deer Congregation's permanent congregation files. Per our prior conversations and letter dated October 13, 2022, it is our understanding that the Jehovah's Witnesses Organization maintains a permanent file for each congregation. This RFP seeks documents from this permanent file.

**RESPONSE:** WTNY objects to this Request as vague and ambiguous as to the term "Jehovah's Witnesses Organization." WTNY also objects to this Request in that it is overbroad and unduly burdensome in seeking information about individuals and entities which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in duration, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Subject to and without waiving these objections, WTNY responds as follows: None.

**FIRST SUPPLEMENTAL RESPONSE:** WTNY objects to this Request as vague and ambiguous as to the term "Jehovah's Witnesses Organization." WTNY also objects to this Request in that it is overbroad and unduly burdensome in seeking information about individuals and entities which are not the claimants or the accused in this litigation which implicates their privacy rights protected by the United States and Montana Constitutions, not limited in duration, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. Subject to and without waiving these objections, WTNY responds as follows: WTNY, CCJW, and the Service Department have no documents responsive to this request and none are being withheld on the basis of the above-lodged objections.

DATED this 5th day of July, 2023.

By: _____

Jon A. Wilson / Brett C. Jensen /
Michael P. Sarabia
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc.,*

## **VERIFICATION**

Thomas Jefferson, Jr., states that he has read the foregoing *(Defendant WTNY's Supplemental Responses to Plaintiffs' Requests for Production)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers.  Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

Thomas Jefferson, Jr.

Dated: 7/6/2023

## CERTIFICATE OF SERVICE

I hereby certify that, on July 5th, 2023, a copy of the foregoing *(Defendant WTNY's Supplemental Responses to Plaintiffs' Requests for Production)* was served on the following person(s):

1.     U.S. District Court, Billings Division

2.     Robert L. Stepans / Ryan R. Shaffer / James C. Murnion / Victoria K.M. Gannon
MEYER, SHAFFER & STEPANS, PLLP
430 Ryman Street
Missoula, MT 59802

3.     Matthew L. Merrill (appearing pro hac vice)
Merrill Law, LLC
1863 Wazee Street #3A
Denver, CO 80202

4.     Gerry P. Fagan / Christopher T. Sweeney / Jordan W. FitzGerald
MOULTON BELLINGHAM PC
P.O. Box 2559
Billings, MT 59103-2559

5.     Bruce G. Mapley Sr.
3905 Caylan Cove
Birmingham, AL 35215

by the following means:

| | |
|---|---|
| _____CM/ECF | \_\_\_\_\_Fax |
| _____Hand Delivery | _2-4_ E-Mail |
| _2-5_ U.S. Mail | \_\_\_\_\_Overnight Delivery Services |

By: _Jon A. Wilson_

Jon A. Wilson / Brett C. Jensen /
Michael P. Sarabia

Defendant Watchtower Bible and Tract Society of New York, Inc.'s Supplemental Responses to
Plaintiffs' Requests for Production- 22

BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc.,*