# Exhibit 3



**Meyer, Shaffer & Stepans, PLLP**

Ryan Shaffer | ryan@mss-lawfirm.com
Robert L. Stepans | rob@mss-lawfirm.com
James Murnion | james@mss-lawfirm.com
Katy Gannon | katy@mss-lawfirm.com

August 2, 2023

**Via Email and U.S. Mail**
Jon A. Wilson
Brett C. Jensen
Michael P. Sarabia
BROWN LAW FIRM, P.C.
PO Drawer 849
Billings, MT 59103
jwilson@brownfirm.com
bjensen@brownfirm.com
msarabia@brownfirm.com

Joel M. Taylor, Esq. *pro hac vice*
Miller McNamara & Taylor LLP
100 South Bedford Road, Suite 340
Mount Kisco, NY 10549
jtaylor@mmt-law.com

      Re: Discovery Issues: Document Production and Privilege Log Entries
          *Caekaert & Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
          *Rowland & Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*

Dear Counsel,

We wanted to follow up on a few written discovery issues.

- Memorandums / Internal Summaries based on correspondence/communications: WTNY's privilege log entries state that internal memos and summaries were created based upon unidentified "correspondence/communications." See for example PL No. 87, 88, 89, 90, and 93 (this may not be an exhaustive list). Because Plaintiffs have requested every document in the possession of WTNY, WTPA, the Service Department, and CCJW regarding Plaintiffs and their alleged perpetrators (as well as other victims in MT) the "correspondence/communications" referenced in the privilege log has been requested for production by Plaintiffs. *See e.g.* RFPs 1-23, 32-34, 37, 51 and 75 (Caekaert/Mapley); RFPs 1-21, 30-32, 35, 49, and 73 (Rowland/Schulze). Based on the foregoing, please identify the Bates Nos or privilege log entries which correspond to the "correspondence/communications" referenced in WTNY's privilege log.

- December 23, 2017 Memorandum of Record Re: Martin Svenson: The December 23, 2017 Service Department Memorandum of Record regarding Martin Svenson (Bates SD000002) references "our records" which purport to memorialize the fact that Martin Svenson's accusers did not wish to have a face-to-face meeting with him about their accusations. Because Plaintiffs have requested every record in the possession of WTPA, WTNY, the Service Department, and CCJW pertaining to the Plaintiffs and their alleged

August 2, 2023
Page 2

abusers, those "records" have been requested for production. Please identify the Bates Nos. or privilege log entries which correspond to "our records" as set forth in SD000002.

➤ Overclaiming Privilege: In the Court's Order (Doc. 251), the Court made it clear that documents containing some privileged information must be produced with appropriate redactions. For instance, with regard to PL 29, the Court noted that "portions of the letter do not contain privileged information and can be produced." This is in stark contrast to WTNY's assertion that the entirety of the document was privileged. In reality, nearly the entire document was non-privileged. We believe that the Court's Order regarding the redaction applies to all documents set forth in WTNY's privilege log. For instance, while not a comprehensive list, PL entries 27-40 have the same privilege log description as Doc. 29, which indicates that they are the same sorts of documents, whereby WTNY should produce a redacted version per the Court's ruling about PL 29.

➤ Overclaiming Privilege: There are a number of privilege log entries that explicitly identify non-privileged information that is currently being withheld. For instance, the Court has ruled that statements of denial by an accused and statements of third parties regarding an accused's conduct are not privileged. While this sort of information is not privileged, it appears that several documents you have not produced contain such information. For instance, PL 88 includes "statements from other parties to the alleged serious sin." Similarly, PL 75 and 76 do not appear to contain any privileged information. Documented statements from third-party witnesses are not privileged. Please produce all documents in your privilege log with appropriate redactions that are in conformance with the Court's orders in this case so that non-privileged information is produced.

➤ Alleged Third Party Privilege PL 38 (WTNY003965-003967): The September 14, 1998, letter from Hardin Elder Tom Meyers to the Watchtower Bible & Tract Society regarding Martin Svenson contains the names of many fact witnesses who may have discoverable information about this case that WTNY redacted. The Court's Order (Doc. 251) provides that the "third parties not involved in this litigation" may be redacted. However, all of the people identified in this letter are "involved in this litigation" because they are fact witnesses to what occurred with Martin Svenson and the Rowland family. To be sure, we understand that Defendants intend to argue at trial that the Rowland daughters were not really abused in the Svenson's basement, and that they were really abused by their own parents. This letter is filled with the names of people who are likely to have information material to those propositions and those people are therefore involved in this case. Based on the foregoing, we believe it is appropriate for WTNY to produce an unredacted version of WTNY003965-003967.

Sincerely,

MEYER, SHAFFER & STEPANS, PLLP

Ryan R. Shaffer