# Exhibit 6

Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Cause No. CV 20-52-BLG-SPW |
| Plaintiffs, | **DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC.'S RESPONSES TO PLAINTIFFS' SEVENTH SET OF COMBINED INTERROGATORIES AND REQUESTS FOR PRODUCTION** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | |
| Defendants. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. | |



)
)
          Cross-Claimant,     )
)
vs.                         )
)
BRUCE MAPLEY SR.,      )
)
          Cross-Claim Defendant. )

TO:   Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C. Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street, Missoula, MT 59802

COMES NOW Defendant Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), by and through its attorneys, and provides its responses to Plaintiffs' Seventh Set of Combined Interrogatories, and Requests for Production to Defendant WTNY:

## **INTERROGATORIES**

**INTERROGATORY NO. 30:** Please identify all document destruction and retention policies in effect from 1973 to present.

**ANSWER:** WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright,* 2020 WL 1666787 (S.D. Fla. April 3, 2020). When a party is confronted with what it believes to be an excessive number of interrogatories, the appropriate course of action is to either move for a protective order before answering any interrogatories or "answer up to the numerical limit and object to

the remainder without answering." *Capacchione v. Charlotte-Mecklenburg Schs.*,182 F.R.D. 486, 493 n.4 (W.D.N.C. 1998) (citing 7 Moore's Federal Practice§33.30[1]). *See also Superior Sales W, Inc. v. Gonzalez, 335* F.R.D. 98, 103, 106 Fed. R. Serv. 3d 1833, 2020 WL 2761156 (W.D. Tex. 2020) (upholding specific objection to interrogatories exceeding twenty-five interrogatory without leave of Court and striking them); *Traina v. Blanchard*, No. CIV.A. 97-348, 1998 WL178762, at *4 (E.D. La. Apr. 15, 1998) (interrogatories exceeding 25 without leave of court are improper and do not need to be answered). Subject to and without waiving these objections, WTNY answers as follows:

From 1973 to the date of the filing of this lawsuit, WTNY had no retention policy.  Religious records were kept for as long as there was a religious need to keep them.  Legal records were kept for as long as there was a legal need to keep them. Upon the filing of this lawsuit, pursuant to a litigation hold, all documents associated with the subject matter of this lawsuit (i.e., any documents containing the names of any of the Plaintiffs or accused) are being retained indefinitely by WTNY's Legal Department.

**INTERROGATORY NO. 31:**  Please identify each computer database, data management system, file cabinet, document storage system, document repository, or other collection of documents which currently contains documents pertaining to (or evidencing) allegations of child sex abuse.

**ANSWER:** WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). When a party is confronted with what it believes to be an excessive number of interrogatories, the appropriate course of action is to either move for a protective order before answering any interrogatories or "answer up to the numerical limit and object to the remainder without answering." *Capacchione v. Charlotte-Mecklenburg Schs.*,182 F.R.D. 486, 493 n.4 (W.D.N.C. 1998) (citing 7 Moore's Federal Practice §33.30[1]). *See also Superior Sales W, Inc. v. Gonzalez, 335* F.R.D. 98, 103, 106 Fed. R. Serv. 3d 1833, 2020 WL 2761156 (W.D. Tex. 2020) (upholding specific objection to interrogatories exceeding twenty-five interrogatory without leave of Court and striking them); *Traina v. Blanchard*, No. CIV.A. 97-348, 1998 WL178762, at *4 (E.D. La. Apr. 15, 1998) (interrogatories exceeding 25 without leave of court are improper and do not need to be answered). WTNY also objects to this Interrogatory in that it is overbroad, not proportional to the needs of the case, and seeks information that is irrelevant to any party's claim or defense. Subject to and without waiving these objections, WTNY answers as follows:

WTNY and CCJW retain religious records regarding matters of serious sin generally, as defined by the Bible (including but not limited to allegations of child abuse). These religious records are maintained on 1) a secured network drive; and

2) a data management system operated on Enterprise Resource Planning software (HuB); accessible only to elders with a religious need to know.

The WTNY Legal Department maintains attorney notes and other legal records regarding crimes, as defined by respective state and federal law (including but not limited to allegations of child abuse), along with any other matters that necessitate legal advice. These Legal Department records are maintained on 1) a secured network drive; and 2) a data management system operated on Enterprise Resource Planning software (HuB); accessible only to Legal Department attorneys and paralegals.

**INTERROGATORY NO. 32:** Please identify each computer database, data management system, file cabinet, document storage system, document repository, or other collection of documents that no longer exists which previously contained documents pertaining to (or evidencing) allegations of child sex abuse.

**ANSWER:** WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). When a party is confronted with what it believes to be an excessive number of interrogatories, the appropriate course of action is to either move for a protective order before answering any interrogatories or "answer up to the numerical limit and object to the remainder without answering." *Capacchione v. Charlotte-Mecklenburg Schs.*,

182 F.R.D. 486, 493 n.4 (W.D.N.C. 1998) (citing 7 Moore's Federal Practice §

33.30[1]). *See also Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98, 103, 106

Fed. R. Serv. 3d 1833, 2020 WL 2761156 (W.D. Tex. 2020) (upholding specific

objection to interrogatories exceeding twenty-five interrogatory without leave of

Court and striking them); *Traina v. Blanchard*, No. CIV.A. 97-348, 1998 WL

178762, at *4 (E.D. La. Apr. 15, 1998) (interrogatories exceeding 25 without leave

of court are improper and do not need to be answered). WTNY also objects to this

Interrogatory in that it is overbroad, not proportional to the needs of the case, and

seeks information that is irrelevant to any party's claim or defense.  Subject to and

without waiving these objections, WTNY answers as follows:

WTNY maintained religious records regarding matters of serious sin

generally, as defined by the Bible (including but not limited to allegations of child

abuse).  These religious records were maintained in hard-copy format in a secure

filing cabinet accessible only to elders with a religious need to know.

CCJW maintained religious records regarding matters of serious sin

generally, as defined by the Bible (including but not limited to allegations of child

abuse), along with any other matters that necessitated spiritual advice.  These

religious records were maintained: 1) in hard-copy format in a secure filing

cabinet; and 2) Microsoft SharePoint; accessible only to elders with a religious

need to know.

The WTNY Legal Department maintained attorney notes and other legal records regarding crimes, as defined by respective state and federal law (including but not limited to allegations of child abuse), along with any other matters that necessitated legal advice. These legal records were maintained: 1) in hard-copy format in a secure filing cabinet; and 2) Lotus Notes; accessible only to Legal Department attorneys and paralegals.

**INTERROGATORY NO. 33:** For all "communications/correspondence" referenced in your answer to RFP No. 94-96 that no longer exists, please state the following: (a) identify whether a paper copy of the document existed, and if so when it was created and when it was discarded; (b) identify whether a digital copy existed, and if so when it was created and when it was discarded; (c) describe the chain of custody for all paper and digital versions of the document that identifies all Departments and people who possessed the document; (d) whether a litigation hold was ever placed on the document, and if so who issued the hold, when the hold was issued, and when the hold expired; and (e) the document destruction / retention policy that governed the decision to discard the document.

**ANSWER:** WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. See, e.g., *Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). When a party is confronted with what it believes to be an excessive number of interrogatories, the

appropriate course of action is to either move for a protective order before answering

any interrogatories or "answer up to the numerical limit and object to the remainder

without answering." *Capacchione v. Charlotte-Mecklenburg Schs.*, 182 F.R.D. 486,

493 n.4 (W.D.N.C. 1998) (citing 7 Moore's Federal Practice § 33.30[1]). *See also*

*Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98, 103, 106 Fed. R. Serv. 3d 1833,

2020 WL 2761156 (W.D. Tex. 2020) (upholding specific objection to interrogatories

exceeding twenty-five interrogatory without leave of Court and striking them);

*Traina v. Blanchard*, No. CIV.A. 97-348, 1998 WL 178762, at *4 (E.D. La. Apr. 15,

1998) (interrogatories exceeding 25 without leave of court are improper and do not

need to be answered). Subject to and without waiving these objections, WTNY

answers as follows:

WTNY is unable to answer this Interrogatory and subparts because it has no

way of knowing whether any such documents ever existed.    When the

Memorandums of Record were created, the elder in the Service Department had the

liberty to rely on any then existing religious documents and had the option to call

the elders for details contained in the Memorandums.   WTNY cannot reverse

engineer how the Service Department elder created the Memorandums of Record

and therefore would only be guessing what specific records and/or documents

formed the factual basis for the Memorandums. Every existing document that could

have formed the basis for the Memorandums has either been produced or identified

in the privilege log. If there were any other records/documents that formed the factual basis for the Memorandums of Record when they were created, such records/documents were discarded once the memorandums were completed.

## REQUESTS FOR PRODUCTION

For all the following requests for production, Plaintiffs specifically request that all responsive documents be produced in their native formats with all metadata intact.

**REQUEST FOR PRODUCTION NO. 97:** Please produce a copy of all written guidance or instruction that Circuit Overseers were to follow during the period 1973 to 1992, including but not limited to any instructions to not inquire into the reasons that local elders and ministerial servants were being restricted.

**RESPONSE:** WTNY objects to this Interrogatory on the grounds that it is based on the false premise that Circuit Overseers were instructed "not inquire into the reasons that local elders and ministerial servants were being restricted." Subject to and without waiving these objections, WTNY responds as follows: See documents bates-numbered WTNY003981-004243.

**REQUEST FOR PRODUCTION NO. 98:** Please produce a copy of all document destruction and retention policy documents in effect from 1973 to present.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 99:**  For the "source material" referenced in your answer to subpart 3 of Interrogatory No. 5, please produce all of it that pertains to any Plaintiff or person alleged to have abused a Plaintiff as set forth in Plaintiffs' Complaints.

**RESPONSE:** WTNY objects to this Request on the grounds that it is based on the false premise that the "source material" referenced in WTNY's Answer to subpart 3 of Interrogatory No. 5 meets the definition of a document, electronically stored information, or tangible things in Rule 34(a) Fed.R.Civ.P. As WTNY understands the "source material" sought in Plaintiffs' Interrogatory No. 5, to be oral communications from elders, WTNY is unable to produce any documents responsive to this request.

DATED this _8th_ day of November, 2023.

By: _Jon A. Wilson_

Jon A. Wilson / Brett C. Jensen /
Michael P. Sarabia
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower
Bible and Tract Society of New York,
Inc.,*

## VERIFICATION

Thomas Jefferson, Jr., states that he has read the foregoing *(Defendant WTNY's Responses to Plaintiffs' Seventh Set of Combined Interrogatories and Requests for Production)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers.  Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

Thomas Jefferson, Jr.

Dated: 11/8/2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on November *8th*, 2023, a copy of the foregoing

*(Defendant WTNY's Responses to Plaintiffs' Seventh Set of Combined*

*Interrogatories and Requests for Production)* was served on the following person(s):

1.    U.S. District Court, Billings Division

2.    Robert L. Stepans / Ryan R. Shaffer / James C. Murnion / Victoria K.M. Gannon
      MEYER, SHAFFER & STEPANS, PLLP
      430 Ryman Street
      Missoula, MT 59802

3.    Matthew L. Merrill (appearing pro hac vice)
      Merrill Law, LLC
      6631 Mariposa Court
      Denver, CO 80221

4.    Gerry P. Fagan / Christopher T. Sweeney / Jordan W. FitzGerald
      MOULTON BELLINGHAM PC
      P.O. Box 2559
      Billings, MT 59103-2559

5.    Bruce G. Mapley Sr.
      3905 Caylan Cove
      Birmingham, AL 35215

by the following means:

| | | | |
|---|---|---|---|
| _____ | CM/ECF | _____ | Fax |
| _____ | Hand Delivery | _2-5_ | E-Mail |
| _2-5_ | U.S. Mail | _____ | Overnight Delivery Services |

By: *Jon A. Wilson*
     Jon A. Wilson / Brett C. Jensen /
     Michael P. Sarabia

BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc.,*