# Exhibit 8



315 N. 24th Street | PO Drawer 849 | Billings, Montana 59103-0849
Phone: 406.248.2611 | Fax: 406.248.3128

Michael P. Heringer
Guy W. Rogers
Scott G. Gratton
Kelly J.C. Gallinger*
Jon A. Wilson
Seth A. Cunningham
Shane A. MacIntyre
Brett C. Jensen*
Nathan A. Burke
Alex J. Ames
Zachary A. Hixson
Michael Sarabia
John R. Knisely
Emily J. Dardis
Matthew S. Cranston

Of Counsel
Robert L. Sterup

Retired
Rockwood Brown
John Walker Ross
Margy Bonner
John J. Russell

*also licensed in
North Dakota

Jon A. Wilson
jwilson@brownfirm.com

Brett C. Jensen
bjensen@brownfirm.com

Michael P. Sarabia
msarabia@brownfirm.com

December 7, 2023

**VIA EMAIL**
Robert L. Stepans / rob@mss-lawfirm.com
Ryan R. Shaffer / ryan@mss-lawfirm.com
James C. Murnion / james@mss-lawfirm.com
Victoria K. Gannon / katy@mss-lawfirm.com
MEYER SHAFFER & STEPANS PLLP
430 Ryman Street
Missoula, MT 59802

Re:   *Tracy Caekaert and Camillia Mapley v. Watchtower Bible and Tract Society of New York, Inc., et al.*
      USDC Billings Division 20-CV-52-SPW-TJC
      File No. 78280.001

      *Ariane Rowland and Jamie Schulze v. Watchtower Bible and Tract Society of New York, Inc., et al.*
      USDC Billings Division 20-CV-59-SPW-TJC
      File No. 78280.002

Greetings:

We are writing in response to Ryan's letter dated November 20, 2023. For ease of reference, we will use your subheadings as a basis to outline our position.

**Reliance on Objections**

WTNY has only withheld or redacted documents on the basis of the attorney-client privilege, the clergy-penitent privilege, and third-party privacy. The other listed objections are there to preserve those issues for later judicial/appellate review if necessary.

Brown Law Firm, P.C.
December 7, 2023
Page 2 of 5

### Scope of search for documents where a "diligent search" resulted in no responsive documents

Your demand for WTNY to search U.S. Branch and Governing Body records is at odds with the Court's Order dated June 22, 2023 which expressly stated that "[a]s to the U.S. Branch Office, Plaintiffs did not meet their burden to provide evidence demonstrating WTNY has a right to command responsive documents. Plaintiffs state WTNY has control over the U.S. Branch Office's documents because (1) the Service Department is part of the U.S. Branch Office, (2) WTNY and the U.S. Branch Office have indistinguishable purposes, so they are the same entity, and (3) the U.S. Branch Office uses WTNY's letterhead to communicate with elders and congregations in the United States. (Doc. 192 at 15 (citing Doc. 192-4 at 11); Doc. 207 at 2-3 (citing Doc. 207-1 at 2-3; Doc. 207-2; Doc. 117-1 at 3-4)). None of these facts show WTNY has a legal right to command anything from the U.S. Branch Office. At most, they show the U.S. Branch Office and WTNY are affiliated. Given the weakness of Plaintiffs' evidence, Plaintiffs have not met their burden. The Court denies the motion as to the U.S. Branch Office." (Case 1:20-cv-00052-SPW, Doc 237, at 13-14).

That having been said, and without waiving any right to challenge this demand, as a courtesy WTNY reached out to counsel for the Governing Body (Carl Schaerf, Esq.), and based upon a search made at his request, he has advised us that the Governing Body does not presently have any records related to any of the individuals (alleged perpetrators or victims) or congregations connected to this lawsuit. He further advised that as a matter of practice, we would not expect the Governing Body to have ever possessed or maintained such records.

As to the U.S. Branch, to the extent any responsive records exist, they would only be in the possession of the Service or Legal Departments and all of those documents have either already been produced or listed on the privilege log.

To that end, WTNY (and its Legal Department), CCJW, and the Service Department have searched every now existing data source, including HuB and the Legal Department's secure network drive and have no further records. The Legal Department had also searched for records from its former attorney note-taking system (Lotus Notes) when the case began, all of which appear on the privilege log. No further records exist.

### Databases, File Cabinets, Other Collections of Documents (Int. No. 31 and 32)

For clarity, the attorney note-taking system (incorrectly called "CM database") was a program created using a proprietary IBM program named Lotus Notes. You will find Lotus Notes listed in the Answer to Interrogatory No. 32 as a database that no longer exists. WTNY's Answer to Interrogatory No. 32 also included file cabinets as a place that formerly held records, so it is unclear what additional information about those filing cabinets Plaintiffs are seeking. Please advise.

As to your remaining characterization of Interrogatories Nos. 31 & 32 as seeking information about WTNY's knowledge of other repositories of records, we disagree with that reading of the Interrogatory, however for the sake of expediency, WTNY has no knowledge of

Brown Law Firm, P.C.
December 7, 2023
Page 3 of 5

any record storage locations, databases, etc. beyond its answers to the two Interrogatories, except that it believes local congregations generally maintain records in their confidential files located at their respective Kingdom Halls.

**Document retention and destruction policies and practices**

Ordinary course means that elders in the Service Department had wide latitude in how they maintained congregation files. Basic retention guidance is located in the Branch Organization manual (Bates Nos. WTPA026371-026618) produced by co-defendant WTPA. You will note that religious records involving serious sin (located on pages Bates Nos. WTPA026460-026461) that resulted in a disfellowshipping or disassociation were marked or identified as "Do Not Destroy" and generally kept for 5 years after reinstatement of the person. While WTNY has never adopted this as a formal corporate policy or strictly practiced it, WTNY will supplement its Answer to Interrogatories Nos. 14. and 30 to include this reference.

Generally speaking, religious records of congregation reproof were not sent to WTNY thus no retention guidance for records of that sort exists. If such records were sent to WTNY, the records would be reviewed and discarded in the ordinary course.

It should be noted that the acronym DND or "Do Not Destroy," was used to identify religious records that came to include communications/records/reports to/from congregations regarding certain types of serious sins (even in the absence of a disfellowshipping or disassociation), those sins included apostasy, adulterous remarriage, child abuse, murder, theft of congregation funds, and the like. The exact date this practice began is unknown, but it is believed to have started in the late 1980s, with child abuse being added as a topic by late 1990s. To the extent, religious records involving child abuse pre-dated the late 1990's but where still in WTNY's possession and dealt with that topic those records could have been marked or segregated as DND per the Service Department elder's discretion.

WTNY's legal records (i.e. legal advice to elders) are generally kept for 7 years in accordance to NY attorney ethics rules. Beyond that, decisions about retention are left to the discretion of the attorney responsible for the matter.

**Files for local congregations at the U.S. Branch Office / Circuit**

All congregation records were previously produced inclusive of any circuit overseer reports, or listed on a privilege log. See Bates Nos. WTNY000762-000776, WTNY003955-WTNY003956, CCJW000025-000199, SD000001-000004, and WTNY's PL Nos. 50, 52, 53-54, and 87-93. Contrary to the assertion in your letter, WTNY's production has been anything but "extremely thin."

**Request for Production No. 44 – Service Department Secretary Manual**

WTNY has searched all of its records (both hard copy and electronic) relating to a Service Department Secretary Manual dated July 1, 2018. It has no such document. However, if you have a reference point or other information that indicates there is such a document, WTNY is willing to ask the Service Department to perform another search.

Brown Law Firm, P.C.
December 7, 2023
Page 4 of 5

### Redaction of the names of material witnesses

We have reviewed documents bates-numbered WTNY003957-003967 and 003978-003979. As you know, the Court has reviewed the majority of these documents *in camera* and ordered that the documents be produced with redactions to identities of persons not named or implicated in this litigation. (Case 1:20-cv-00052-SPW, Doc 251) However, in the spirit of good-faith discovery, WTNY produces revised versions of documents WTNY003960-003961, 003963-3964, and 003978-003979 with adjusted redactions. As to documents WTNY003957-003959, and 003962, the records do not involve any of the Plaintiffs, the accused individuals in this litigation, or the Hardin Congregation. Thus, WTNY stands on its redactions. As to document WTNY003965-003967, WTNY produced a revised version of this document with adjusted redactions on August 11, 2023. WTNY limited third party redactions to identities of persons not named or implicated in this litigation, in harmony with the Court's Order. If there are specific third-party redactions you believe are out of harmony with the Court's order, please identify those redactions by page and line number.

### Litigation Holds

A litigation hold was issued in *Jose Lopez v. WTNY, et al.,* Superior Court of the State of California, County of San Diego, Case No. 37-2012-00099849 for case specific records, but in 2013 during the course of discovery two document demands expanded the scope of the records needing to be held. The demands included all of the U.S. congregations' responses to the March 14, 1997 letter from WTNY and all records, communications, and reports relating to child abuse from 1979 to 2013. The hold was lifted at the conclusion of the case, but WTNY has maintained the responsive documents in the Legal Department because subsequent litigation involving the law firm representing Mr. Lopez included demands for the same records. Thus, the dates and subject matter of the discovery demands encompass records that have been produced or logged in this lawsuit. The Service Department had a redundant copy of some of the records until 2019 when it transitioned into HuB. It did not and does not have access to the Legal Department's copy of those records.

### WTNY's obligation to only withhold privileged information

WTNY disagrees with your assertion about its assertion of the privilege. As the Court has narrowed its ruling on scope of redactions, WTNY has promptly complied. However, in an effort to end the constant back and forth on the topic, attached are Documents 56 through 60 with limited redactions, bates-numbered CCJW000204-000213.

Brown Law Firm, P.C.
December 7, 2023
Page 5 of 5

Jon A. Wilson / Michael P. Sarabia
JAW/MPS

/s/ Joel M. Taylor
JMT

Enclosures
cc:     Joel M. Taylor (via e-mail) (w/enclosures)
        Gerry Fagan, Christopher Sweeney, Jordan Fitzgerald (via e-mail) (w/enclosures)
        Matthew L. Merrill (via e-mail) (w/enclosures)
        Bruce G. Mapley Sr. (via U.S. Mail) (w/enclosures)