Gerry P. Fagan
Christopher T. Sweeney
Jordan W. FitzGerald
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Fax: (406) 248-7889
Gerry.Fagan@moultonbellingham.com
Christopher.Sweeney@moultonbellingham.com
Jordan.FitzGerald@moultonbellingham.com

*Attorneys for Defendant Watch Tower Bible and Tract Society of Pennsylvania*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>-vs-<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>Defendants. | Case No. CV-20-00052-SPW-TJC<br><br>**DEFENDANT WTPA'S RESPONSE BRIEF TO PLAINTIFFS' MOTION FOR SANCTIONS RE: INTERROGATORY NOS. 9 AND 15 (ECF NO. 85 & 318)** |

Pursuant to leave of Court (doc. no. 338) granted to Defendant Watch Tower Bible and Tract Society of Pennsylvania ("WTPA"), WTPA respectfully provides the following Response to Plaintiffs' Motion for Sanctions Re: Interrogatory Nos. 9

and 15 (ECF No. 85 & 318), filed on April 4, 2024. (Doc. No. 331) WTPA responds in order to address two of the remedies specifically requested by Plaintiffs in their Brief in Support that Plaintiffs direct in part at WTPA. (*See* doc. no. 332, at p. 14)

Despite only asserting their Motion for Sanctions Re: Interrogatory Nos. 9 & 15 against WTNY (*see* Doc. No. 331), and making no argument that WTPA did anything improper whatsoever, Plaintiffs seek two sanctions which would significantly impact WTPA. Plaintiffs request in their Motion a ruling deeming admitted the alleged facts that "[d]uring the period 1973 to 1992, the Governing Body acted through WTNY and WTPA when it promulgated the policies and procedures elders at local congregations were to follow when handling allegations of child sexual abuse" and "[d]uring the period 1973 to 1992, the Governing Body was acting through WTNY and WTPA for all purposes relevant to this case." (Doc. No. 332, at p. 14, ¶¶ b & c)

This issue arose previously when Plaintiffs sought sanctions against WTNY and their proposed remedies included rulings that addressed and impacted WTPA. (*See* Docs. Nos. 287-88 & 290) As WTPA pointed out then, as a matter of law, Plaintiffs cannot impose sanctions upon WTPA as a non-party to Plaintiffs' Motion or for conduct which WTNY allegedly did. There clearly is no legal support to impose sanctions upon a party for alleged discovery abuse which did not involve that party. The availability of Rule 37 sanctions for discovery conduct applies only

to the **party** who allegedly abused the discovery rules or disobeyed a court order on discovery. *See* Fed. R. Civ. P. 37, Notes of Advisory Committee on 1970 amendments (rule provides generally for "sanctions against parties or persons unjustifiably resisting discovery."); *see also* 7 Moore's Federal Practice - Civil § 37.42(1) (footnotes & citations omitted) (discovery sanctions only proper against party that did not comply with discovery rules and court order compelling discovery); *Letelier v. Republic of Chile*, 748 F.2d 790, 795 n.2 (2d Cir. 1984) ("one party to litigation will not be subjected to sanctions [for failure to cooperate in discovery] because of the failure of another to comply with discovery, absent a showing that the other party controlled the actions of the non-complying party"), *citing* 4A J. Moore, Moore's Federal Practice para. 37.05 at 37-106, 107 (2d ed. 1984)); *see also Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 606 (6th Cir. 1985); *Ill. C. R. Co. v. Templar*, 463 F.2d 972, 975 (10th Cir. 1972). This is in part the rule because a "court's imposition and selection of sanctions pursuant to Rule 37(b) must be consistent with due process requirements." *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 783 (9th Cir. 1983) (citations omitted).

There is no authority to impose sanctions upon WTPA because it is not a party to Plaintiffs' Motion for Sanctions and it is not accused of any improper discovery conduct. Therefore, Plaintiffs' requested Sanctions b and c should not be granted. (*See* Doc. No. 332, at p. 14, ¶¶ b & c)

**DATED** this 17th day of April, 2024.

                      MOULTON BELLINGHAM PC

                By   */s/* Gerry Fagan
                      GERRY P. FAGAN
                      CHRISTOPHER T. SWEENEY
                      JORDAN W. FITZGERALD
                      27 North 27th Street, Suite 1900
                      P.O. Box 2559
                      Billings, Montana 59103-2559

                      *Attorneys for Watch Tower Bible and*
                      *Tract Society of Pennsylvania*

# CERTIFICATE OF SERVICE

I hereby certify that on 17th day of April, 2024, a copy of the foregoing was served on the following persons:

1. U.S. District Court, Billings Division

2. Robert L. Stepans  
   Ryan R. Shaffer  
   James C. Murnion  
   MEYER, SHAFFER & STEPANS, PLLP  
   430 Ryman Street  
   Missoula, MT 59802  
   *Attorneys for Plaintiffs*

   Matthew L. Merrill (*pro hac vice*)  
   MERRILL LAW, LLC  
   1863 Wazee Street, #3A  
   Denver, CO 80202

3. Jon A. Wilson  
   Brett C. Jensen  
   BROWN LAW FIRM, P.C.  
   315 North 24th Street  
   P.O. Drawer 849  
   Billings, MT 59103-0849  
   *Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

   Joel M. Taylor, Esq. (*pro hac vice*)  
   MILLER MCNAMARA & TAYLOR LLP  
   100 South Bedford Road, Suite 340  
   Mount Kisco, NY 10549

4. Bruce G. Mapley, Sr.  
   3905 Caylan Cove  
   Birmingham, AL 35215  
   *Pro se*

By the following means:

| 1, 2, 3 | CM/ECF | | Fax |
|---|---|---|---|
| | Hand Delivery | | E-Mail |
| 4 | U.S. Mail | | Overnight Delivery Services |

By    */s/* Gerry Fagan