Jon A. Wilson
Brett C. Jensen
Michael P. Sarabia
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
412 Clock Tower Commons Dr.
Brewster, NY 10509
Telephone/E-Fax: (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br><br> Defendants. | Cause No. CV 20-52-BLG-SPW <br><br> **DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS (DOC. 331).** |

i

**COMES NOW**, Defendant Watchtower Bible and Tract Society of New York, Inc. ("WTNY"), and submits its Response Brief in Opposition to Plaintiffs' Motion re: Sanctions Interrogatory Nos. 9 and 15 (Doc. 331).

## INTRODUCTION

Plaintiffs once again seek sanctions in relation to WTNY's responses to their Interrogatory Nos. 9 and 15. (*See* Docs. 287-288, Plaintiffs' original Motion and Brief). Apparently dissatisfied with this Court's Order which already granted sanctions in relation to these very Interrogatories (Doc. 318), Plaintiffs filed what is essentially a motion for reconsideration (or, what the Rules and courts regard as a motion to alter/amend judgment)[1] without even attempting to stylize it as such—nor do they attempt to satisfy the standard for such motions. This Court has already granted Plaintiffs relief and ruled on this issue, and Plaintiffs' attempt here to relitigate an old matter and raise arguments they could have presented prior to the Court's Order on the original motion is an improper Rule 59(e) request. Critically

---

[1] In determining whether a motion is governed by Rule 59(e), nomenclature/titling of the motion is not controlling—federal courts look to the substance of the requested relief. *Munden v. Ultra-Alaska Assocs.*, 849 F.2d 383, 386 (9th Cir. 1988). When a motion seeks a substantive alteration of a judgment/order, Rule 59(e) governs. *See Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992); and *Villanueva-Mendez v. Nieves Vazquez*, 360 F. Supp. 2d 320, 323 (D.P.R. 2005), *aff'd*, 440 F.3d 11 (1st Cir. 2006)("…any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e) if it seeks to change the order or judgment issued."). Plaintiffs' Motion (Doc. 331) seeks a substantive alteration of the Courts Order at Doc. 318 by requesting the Court "supplement[] the facts previously deemed established" in that Order. (*See* Doc. 332, pp. 13-14). A motion that calls into question the correctness of a judgment should be treated as one to alter or amend a judgment regardless of how the movant labels the motion. *See Piper v. U.S. Dep't of Just.*, 312 F. Supp. 2d 17, 20 (D.D.C. 2004), as amended (May 13, 2004).

and in any case, Plaintiffs missed the 28-day window they had to file such a motion under Rule 59(e).

## FACTUAL BACKGROUND

The factual background for Plaintiffs' second attempt for the precise sanctions they want is set forth in WTNY's Response to Plaintiffs' original motion for sanctions regarding Interrogatory Nos. 9 and 15 (*see* Doc. 290), which WTNY incorporates as if set forth herein, rather than repeating it verbatim.

In response to Plaintiffs' original Motion, the Court deemed as true sixteen facts in relation to Interrogatory Nos. 9 and 15. (Doc. 318, pp. 38-40). The Court also ordered reasonable attorney fees and expenses. (*Id.*, p. 40). No further relief was granted.

## LEGAL STANDARD

Rule 59(e), Fed. R. Civ. P., requires a party to file a "motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[A] Rule 59(e) motion is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted).

The Ninth Circuit has recognized three general grounds whereby a district court may grant a Rule 59(e) motion: (1) if the moving party presents newly discovery evidence; (2) if the district court committed clear error; or (3) if there is

an intervening change in controlling law. *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (internal citation omitted. Since 59(e) does not provide specific grounds, the district court does enjoy considerable discretion in deciding whether to grant or deny such a motion. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Nonetheless, it is axiomatic that Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal citation omitted). Further, courts have understood "newly discovered evidence" to mean that which is truly newly discovered or could not have been found by due diligence. *Atlantic States Legal Foundation, Inc. v. Karg Bros., Inc.*, 841 F. Supp. 51, 56 (N.D. N.Y. 1993); *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("…a party that fails to introduce facts in a motion or opposition cannot introduce them later in a motion to amend by claiming that they constitute "newly discovered evidence" unless they were previously unavailable.")(internal citation omitted).

## **LEGAL ARGUMENT**

**A.    THE COURT SHOULD DENY PLAINTIFFS' RENEWED MOTION BECAUSE IT WAS NOT FILED WITHIN THE 28-DAY WINDOW IMPOSED BY RULE 59(e).**

As noted, Plaintiffs take issue with the Court's Order (Doc. 318) granting them sanctions in re WTNY's Responses to Interrogatory Nos. 9 and 15, and ask the Court to reconsider its Order and grant further and more significant sanctions. (*See* Doc. 332, pp. 2-4, 13-14). Rule 59(e) governs, and it limits Plaintiffs' opportunity to seek such reconsideration/amendment to 28-days from entry of the Order.

Here, Plaintiffs filed the instant motion on April 4, 2024, 58 days after the Court's February 6, 2024 Order. Since Plaintiffs failed to timely file the instant motion, the Court should deny it.

**B.    THE COURT SHOULD DENY PLAINTIFFS' MOTION BECAUSE IT RAISES ARGUMENTS THAT COULD HAVE BEEN RAISED PRIOR TO ENTRY OF THE COURT'S FEBRUARY 6, 2024, ORDER.**

Plaintiffs ask the Court to provide "further explanation" for its Order (Doc. 332, p. 8), and deem additional facts admitted. (*Id.*, p. 14). Plaintiffs provide several exhibits supporting their motion, most of which do not constitute "newly discovered evidence" for purposes of Rule 59(e): Plaintiffs had this evidence prior to entry of the Court's February 6, 2024, Order. In any case, the relief Plaintiffs request and the arguments they now make could have been made prior to the Court's Order.

While Plaintiffs rely on the 30(b)(6) depositions which were taken after the Court's February 6, 2024 Order, facts gleaned from those depositions do not show how Plaintiffs could not have asked, prior to the Order, for the additional relief they

4

seek now. Indeed, Plaintiffs had already argued to the Court that the U.S. Branch Office "worked in concert with" WTNY regarding the appointment and removal of elders. (*See* Doc. 318, pp. 22, 24). At least two of the "additional facts" Plaintiffs ask the Court to deem admitted relate to this issue. (*See* Doc. 332, p. 14). The Plaintiffs also argued to the Court prior to entry of its original Order, and the Court discussed therein, the notions that WTNY is the parent organization of all congregations and exerts control over them. (*See* Doc. 318, pp. 27, 29-30). These, too, are topics of several of the facts Plaintiffs are now asking for, and the record clearly shows Plaintiffs could have requested this relief and raised arguments in support thereof prior to entry of the Court's Order.

Plaintiffs, unhappy with the Court's Order and wishing they had asked for further relief initially, are simply raising new arguments that they could have raised prior to the Court's Order—and that is not a proper ground for Rule 59(e) relief. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *see also Kona Enterprises, Inc. v. Est. of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

## **CONCLUSION**

In sum, Plaintiffs' motion is time-barred by Rule 59(e). Even if it were not, Plaintiffs do not present a proper Rule 59(e) motion: they raise arguments and request relief they could have prior to this Court's February 6, 2024 Order. Plaintiffs' motion accordingly has no merit: the Court has already granted them relief and

5

Plaintiffs have failed to show any clear error on the Court's part. Accordingly, Plaintiffs' motion and second attempt at sanctions on the same matters should be denied, and WTNY respectfully requests such relief.

DATED this 18th day of April, 2024.

> By: /s/ Michael P. Sarabia
> Jon A. Wilson / Brett C. Jensen / Michael P. Sarabia
> BROWN LAW FIRM, P.C.
> *Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.*

> By: /s/ Joel M. Taylor
> Joel. M. Taylor (appearing *pro hac vice*)
> MILLER MCNAMARA & TAYLOR LLP
> *Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(d)(2)(E), the undersigned hereby certifies this brief complies with L.R. 7.1(d)(2)(A). According to the word-processing unit used to prepare this brief, the word count is 1,401 words excluding caption, table of contents and authorities, exhibit index, and certificates of service and compliance.

DATED this 18th day of April, 2024.

> By: /s/ Michael P. Sarabia
> Jon A. Wilson / Brett C. Jensen /
> Michael P. Sarabia
> BROWN LAW FIRM, P.C.
> *Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that, on April 18th, 2024, a copy of the foregoing was served on the following person(s):

1. U.S. District Court, Billings Division

2. Robert L. Stepans/Ryan R. Shaffer/James C. Murnion
   MEYER, SHAFFER & STEPANS, PLLP
   430 Ryman Street
   Missoula, MT 59802

3. Matthew L. Merrill (appearing *pro hac vice*)
   MERRILL LAW, LLC
   1401 Delgany Street, #404
   Denver, CO 80202

4. Gerry P. Fagan/Christopher T. Sweeney/Jordan W. FitzGerald
   MOULTON BELLINGHAM PC
   P.O. Box 2559
   Billings, MT 59103-2559

5. Bruce G. Mapley Sr.
   3905 Caylan Cove
   Birmingham, AL 35215

by the following means:

| | | | |
|---|---|---|---|
| 1-4 | CM/ECF | ____ | Fax |
| ____ | Hand Delivery | ____ | E-Mail |
| 5 | U.S. Mail | ____ | Overnight Delivery Services |

By: /s/ Michael P. Sarabia
Jon A. Wilson / Brett C. Jensen /
Michael P. Sarabia
BROWN LAW FIRM, P.C.
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

8