*Exhibit A*

Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br><br> Defendants. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. | Cause No. CV 20-52-BLG-SPW <br><br> **DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF COMBINED INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION** |

```
            Cross-Claimant,        )
                                   )
                                   )
vs.                                )
                                   )
                                   )
BRUCE MAPLEY SR.,                  )
                                   )
                                   )
            Cross-Claim Defendant. )
                                   )
                                   )
```

TO: Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C. Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street, Missoula, MT 59802

COMES NOW Defendant Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), by and through its attorneys, and provides its responses to Plaintiffs' Fourth Set of Combined Interrogatories, Requests for Production, and Requests for Admission to Defendant WTNY:

## INTERROGATORIES

**INTERROGATORY NO. 19:** Please identify the "Deskmen" for Montana in the Service and Legal Departments for the period 1973 to 2020 (this includes the period of time when the abuse alleged in this case occurred, as well as the period of time set forth in WTNY's Second Supplemental Privilege Log).

**ANSWER:** WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(1), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). WTNY further

    J.C. Booth
    F.W. Franz
    J.O. Groh
    M.G. Henschel
    W.K. Jackson
    T. Jaracz
    N.H. Knorr
    G. Suiter
    L.A. Swingle

For each of the individuals identified above, during the time they were acting in their role as directors of WTNY, they were governed by WTNY's Bylaws (*see* WTNY00084-WTNY000091); during the time they were acting as members of the ecclesiastical Governing Body of Jehovah's Witnesses, they were governed by the Bible.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 72:** Please produce a copy of all affidavits, declarations, or any other sworn statements by Jehovah's Witness Organization officials (whether representatives of WTNY, WTPA, CCJW, or otherwise) regarding the following issues: attorney-client privilege; clergy-penitent privilege; storage or retention of information regarding child sex abuse at Jehovah's Witness congregations; and the organization of the various Jehovah's Witness entities, departments, and offices over time.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and

information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). WTNY further objects to this Request for Production as vague and ambiguous as to the terms "Jehovah's Witness Organization officials" and "child sex abuse at Jehovah's Witness congregations." WTNY also objects to this Request for Production as overbroad as to time and scope and not proportional to the needs of this case in that it requests sworn statements on behalf of entities other than the Responding Defendant, including a corporate entity (CCJW) that was not formed until years after the relevant time-period in this case. Subject to and without waiving these objections, *see* documents bates numbered WTNY00803-WTNY001047, which are being produced subject to the Stipulated Confidentiality Agreement and Protective Order (Doc. 110-1).

**REQUEST FOR PRODUCTION NO. 73:** Please produce all documents identifying the WTNY Legal Department's staff for the period 1992 to 2020 (the period of time set forth in WTNY's Second Supplemental Privilege Log).

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). WTNY further objects to this Request for Production as compound, not proportional to the needs of the case, irrelevant, overbroad, and vague and ambiguous as to the request for "all documents identifying the WTNY's Legal Department's staff" in

## VERIFICATION

Thomas Jefferson, Jr., states that he has read the foregoing *(Defendant WTNY's Responses to Plaintiffs' Fourth Set of Combined Interrogatories, Requests for Production, and Requests for Admission)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers. Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

_____
Thomas Jefferson, Jr.

Dated: 12/24/2022