*Exhibit D*

Robert J. Schnack, SBN 191987
BULLIVANT HOUSER BAILEY PC
1415 L Street, Suite 1000
Sacramento, California 95814
Telephone: 916.930.2500
Facsimile: 916.930.2501
E-mail: bob.schnack@bullivant.com

Attorneys for The Church Defendants

FILED
SEP 29 2006
Clerk of the Napa Superior Court
By: _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF NAPA

| | |
|---|---|
| CHARISSA W. and NICOLE D., <br><br> Plaintiffs, <br><br> v. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., et al., <br><br> Defendants. <br><br> AND COORDINATED CASES | Case No.: 26-22191 (Lead Case) <br><br> JCCP No. 4374 <br><br> **DECLARATION OF MARIO F. MORENO, ESQ., IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PMK DEPOSITION AND DOCUMENT REQUEST REGARDING THE WATCHTOWER LEGAL DEPARTMENT** <br><br> (DISCOVERY MOTION NO. 3) <br><br> Hearing Date: October 13, 2006 <br> Time: 8:30 am <br> Dept.: A <br> Before: Hon. Raymond A. Guadagni |

I, Mario F. Moreno, declare as follows:

1. I am an attorney and associate general counsel for the Legal Department of Watchtower Bible and Tract Society of New York, Inc. ("Watchtower Legal Department"). In that capacity, from time to time I act and have acted as attorney and legal counsel for Watchtower Bible and Tract Society of New York, Inc. ("Watchtower NY") and various

– 1 –
DECLARATION OF MARIO F. MORENO IN SUPPORT OF CHURCH DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PMK DEPOSITION AND DOCUMENT REQUEST REGARDING THE LEGAL DEPARTMENT

CAEKAERT/MAPLEY 006623

congregations of Jehovah's Witnesses, including without limitation the congregation defendant in the Track I cases, North Congregation of Jehovah's Witnesses, Red Bluff, California, and the congregation defendants in the non-Track I cases. I am legally competent in all respects and make the following statements based on my own personal knowledge.

2. Watchtower NY is a not-for-profit religious corporation. The Watchtower Legal Department is and functions as in-house legal counsel for Watchtower NY, similarly to in-house legal departments for private companies and corporations. The Watchtower Legal Department has a number of attorneys who serve as associate general counsel or associate legal counsel in the Legal Department. The Watchtower Legal Department's clients include various corporations of Jehovah's Witnesses in the United States, the Governing Body of Jehovah's Witnesses, the United States Branch Committee, other departments at the United States branch offices in New York, congregations of Jehovah's Witnesses in the United States, including congregations in California, and the elders of those congregations. The Watchtower Legal Department thus has an attorney-client relationship with the United States Service Department and congregations and their elders. The Watchtower Legal Department considers its lawyers' communications from, to, and with the United States Service Department and congregations and their elders to be confidential and privileged under the attorney-client privilege and any other applicable privileges. As a congregation elder and as associate general counsel for the Watchtower Legal Department, it is my understanding and belief that United States Service Department and congregation elders who have communicated with the Watchtower Legal Department attorneys for legal advice consider those communications to be privileged and confidential, and the attorneys in the Legal Department in fact frequently remind the elders that their communications with the Legal Department are privileged and confidential under the attorney-client privilege.

3. There are four blank forms (dated 1989, 1992, 1993, and 1993, respectively) contained in Exhibit 3 to plaintiffs' discovery motion no. 3 concerning the Watchtower Legal Department. Watchtower NY earlier produced each of those forms in discovery, and each was stamped "CONFIDENTIAL" prior to being produced. The Watchtower Legal Department and its attorneys used one of these forms when taking calls from congregation elders who sought

CAEKAERT/MAPLEY 006624

1  legal advice from the Legal Department on child abuse matters from about July 1989 until about
2  1995. Each of these forms, when used, was completed by attorneys and legal assistants working
3  under the attorneys' legal supervision within the Legal Department after attorneys and their
4  legal assistants obtained information through confidential and privileged communications with
5  congregation elders as clients of the Legal Department. The completed forms are used by
6  attorneys in the Legal Department to assist in providing legal advice to the elders as clients of
7  the Legal Department and document the legal advice given to the congregation elders. Thus, any
8  such completed forms retained in the Legal Department contain confidential and privileged
9  information obtained through confidential and privileged communications between a Legal
10  Department attorney and a client of the Legal Department. As such, disclosure in this litigation
11  or otherwise of any such completed forms or of the information contained in any such
12  completed forms would necessarily result in the disclosure of confidential and privileged
13  communications between a Legal Department attorney and a client of the Legal Department. In
14  addition, disclosure of any summary that might have been prepared by the Legal Department of
15  any of the confidential and privileged information contained in the completed forms would
16  likewise result in the disclosure of confidential and privileged communications between a Legal
17  Department attorney and a client of the Legal Department or potentially of attorney work
18  product information.
19      4.  This Court should not allow plaintiffs to here invade the attorney-client privilege or
20  the work product rule by granting any part of plaintiffs' discovery motion no. 3. To do
21  otherwise would violate and render meaningless the strong public policy considerations
22  underlying the confidential and privileged nature of attorney-client communications, thereby
23  chilling open and frank communications involving legal advice between attorneys in corporate
24  legal departments and their clients, regardless of whether such in-house legal departments are
25  within non-profit religious corporations or within private for-profit companies and corporations.
26  ///
27  ///
28  ///

CAEKAERT/MAPLEY 006625

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct upon my knowledge, information and belief.

Executed on September 27, 2006, at Patterson, New York.

_____
Mario F. Moreno

4227184.1

\*\*\*\*\*

—4—
DECLARATION OF MARIO F. MORENO IN SUPPORT OF CHURCH DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PMK DEPOSITION AND DOCUMENT REQUEST REGARDING THE LEGAL DEPARTMENT

3506

CAEKAERT/MAPLEY 006626