*Exhibit E*

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF NAPA**



FILED
FEB 0 2 2004
Clerk of the Napa Superior Court
By: _____ Deputy

CHARISSA W. and )
NICOLE D., )
  )
  Plaintiffs, )
  )
vs. ) Case No.: 26-22191
  )
WATCHTOWER BIBLE AND TRACT )
SOCIETY OF NEW YORK, INC., et al., )
  )
  Defendants. )
_____)

### SECOND AFFIDAVIT OF RICHARD E. ABRAHAMSON

STATE OF NEW YORK )
          ) ss.:
COUNTY OF KINGS )

I, Richard E. Abrahamson, after being duly sworn, depose and state as follows:

1. I am over 18 years of age, of sound mind, and competent to make this Affidavit. I have personal knowledge of the matters contained herein, and they are all true and correct.

2. I am the secretary and treasurer of Watch Tower Bible and Tract Society of Pennsylvania ("Watch Tower PA"), who is a Defendant in this proceeding.

3. Watch Tower PA coordinates the worldwide activities of Jehovah's Witnesses by providing copyrighted literature (text and images for various publications) and financial support. Historically, Watch Tower PA has also given powers of attorney to individuals in foreign countries to act on its behalf where the national laws require the appointment of a "chief" religious person. Few, if any, foreign countries now have such requirements.

4. In most countries where Jehovah's Witnesses are legally recognized, a local corporation has been formed to be legally responsible for the various appointments of individuals and is used to communicate with congregations in that country.

CAEKAERT/MAPLEY 006377

5. Watch Tower PA has never acted in a supervisory capacity to any congregation in the United States, other than providing infrequent spiritual direction by mail. Additionally, Watch Tower PA has never been responsible for the appointment of individual Elders or others in the United States. Furthermore, Watch Tower PA is not responsible for any assemblies or conventions of Jehovah's Witnesses held in California or in the United States.

6. Watch Tower PA, as a recognized charity, has received donations from individuals in California. Some of these donations are in the form of real property. In many cases, the individuals have deeded a part of their property to Watch Tower PA, but have retained a life estate in the property donated.

7. Watch Tower PA administers a fund for the construction of church buildings entitled the Kingdom Hall Fund. Through this fund, Watch Tower PA has provided financial assistance to congregations in the United States and around the world to build their places of worship known as Kingdom Halls and Assembly Halls. In return for the financial assistance, the congregations have executed promissory notes, or some mortgages before 1988, agreeing to pay back the loans.

8. Watch Tower PA has lent money to congregations in California through its Kingdom Hall Fund to assist in the construction of places of worship and received promissory notes or mortgages in return for the money lent. However, these financing arrangements have been conducted exclusively through the mails and over the telephone.

9. Watch Tower PA does not hold, and has never held, promissory notes or mortgages from the Napa Congregation of Jehovah's Witnesses in Napa, California, or from the Oak Knoll Congregation of Jehovah's Witnesses in Napa, California.

10. Watch Tower PA administers a fund named the Kingdom Hall Assistance Arrangement ("KHAA"). The KHAA is a fund created from voluntary donations and used for the discretionary purposes of Watch Tower PA. These discretionary purposes include paying for uninsured property damage to Kingdom Halls as well as expenses and liability claims arising from accidents at Kingdom Halls. No premiums have ever been collected for the KHAA. Similarly, the KHAA does not guarantee payment to any person or legal entity that contributes to the fund. Finally, the KHAA has been used by Watch Tower PA in all 50 States in the United States and in many countries around the world.

11. The Watchtower Bible School of Gilead ("School") has been owned and operated by Watchtower Bible and Tract Society of New York, Inc. ("WTNY") since its inception in 1942. The School does not have income, in the classical sense, because students do not pay tuition or other fees. WTNY underwrites all expenses for the School. All invitations to the School have been sent by WTNY to students in the United States and around the world since its inception.

CAEKAERT/MAPLEY 006378

12. Watch Tower PA maintains its own separate corporate meetings. Watch Tower PA maintains its own separate corporate books and records. Members of the Board of Directors and Officers of Watch Tower PA do not sit on any other corporations, including WTNY or Christian Congregation of Jehovah's Witnesses ("CCJW").

13. Watch Tower PA prepares its own annual financial reports. These financial reports are prepared separately from all other corporations, including WTNY and CCJW.

14. Watch Tower PA maintains separate bank accounts from all other corporations. Watch Tower PA does not commingle funds with any other corporation.

15. Watch Tower PA has provided funds to other corporations, including WTNY and CCJW. These funds have been recorded as long-term receivables by Watch Tower PA and long-term payables by the other corporations. Watch Tower PA has also made gifts to other corporations and recorded them as such.

16. Watch Tower PA is not held out as liable for the debts of any other corporation, including WTNY or CCJW.

17. Watch Tower PA occupies WTNY office space under a written lease. To some extent, some of the same personnel serve all of the corporations in providing legal, accounting, and risk management services.

18. Watch Tower PA maintains all corporate formalities required by Pennsylvania law. Watch Tower PA holds annual meetings of members and directors and documents all its meetings (annual, regular, or special), and all significant corporate actions.

SIGNED this the 26th day of January, 2004.

Richard E. Abrahamson
Secretary-Treasurer of Watch Tower Bible and Tract Society of Pennsylvania

SUBSCRIBED AND SWORN TO BEFORE ME on the 26th day of January, 2004, to certify which witness my hand and official seal.

Notary Public, State of New York
DANNY L. BLAND
Notary Public, State of New York
No. 24-4725296
Qualified in Kings County
Commission Expires February 28, 20__

- 3 -

1352

CAEKAERT/MAPLEY 006379

**PROOF OF SERVICE**

I am a citizen of the United States and am employed in Sacramento County, where this mailing occurs. My business address is 11335 Gold Express Drive, Suite 105, Gold River, California 95670. I am over the age of eighteen (18) and not a party to this within cause.

On January 30, 2004, the following ordinary business practice., I served the foregoing document(s) described as:

**SECOND AFFIDAVIT OF RICHARD E. ABRAHAMSON**

in the following manner, by placing a true copy(ies) thereof in a sealed envelope(s) addressed as follows:

Rudy Nolen
Nolen Saul Brelsford
350 University Ave., Suite 280
Sacramento, CA  95825

XXX   (BY MAIL)   I caused such envelope(s) with First Class postage thereon fully prepaid to be placed in the U.S. Mail in Gold River, California. I am readily familiar with my employer's normal business practice for collection and processing of correspondence and other material for mailing with the U.S. Postal Service, and that practice is that said material is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

____   (BY FEDERAL EXPRESS) I caused such envelope(s) to be hand-delivered by an authorized Federal Express agent, this date to the office(s) of the addressee(s).

____   (BY FACSIMILE) I caused to be transmitted the aforementioned document, via facsimile machine, to each of the above-listed parties' FAX numbers between the hours of 9:00 a.m. and 5:00 p.m. on _____ and received verification of each complete transmission.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]   (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on January 30, 2004, at Gold River, California.

By _____
Michelle A. Tinker

– 3 –
SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO QUASH
1353

CAEKAERT/MAPLEY 006380