*Exhibit F*

FILED __July 22__ 20 __21__
_____Candace Fisher_____
SANDERS COUNTY CLERK OF DISTRICT COURT
BY_____
                    DEPUTY

## MONTANA SEVENTH JUDICIAL DISTRICT COURT, SANDERS COUNTY

| | |
|---|---|
| ALEXIS NUNEZ, <br><br>         Plaintiff, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.; CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES and THOMPSON FALLS CONGREGATION OF JEHOVAH'S WITNESSES, <br><br>         Defendants. | Cause No. DV-16-084 <br><br><br> **ORDER ENFORCING MAY 26, 2021, ORDER, ASSESSING SANCTIONS AND ATTORNEY'S FEES** |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.; CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES and THOMPSON FALLS CONGREGATION OF JEHOVAH'S WITNESSES. <br><br>         Third-Party Plaintiffs, <br><br> vs. <br><br> IVY MCGOWAN-CASTLEBERRY, <br><br>         Third-Party Defendant. | |

This Court issued Orders on May 28, 2021 (Doc. 210) and on June 23, 2021

(Doc. 214) in which it set forth relevant law on discovery and its expectations of all

229

parties during discovery. The May 28, 2021, Order compelled production of certain specific documents by Watchtower. Watchtower not only flouted its disobedience of that Order, in subsequent pleadings it asserted that an order issued by Judge Manley (Doc. 116) was the "law of the case" and that, therefore, it is "confused" about this Court's orders, and seeks "guidance" before producing documents the Court has ordered produced. The Court finds Watchtower's arguments to be frivolous and specious, interposed solely to obstruct and delay.

Based on the Court's review of Watchtower's documents submitted for *in camera* review, the Court immediately recognized Watchtower's obstruction and issued another Order, this time assessing sanctions. (Doc. 214). Watchtower defied that Order and continues to refuse to produce 22 pages of documents, and unabashedly misrepresents the truth. As to documents the Court expressly ordered it to produce, Watchtower asserts that it complied and is simply waiting for the Court to address its embellished claims of privilege, and its "confusion" and its claim that a previous order issued by Judge Manley, before the first trial, supersedes this Court's Orders.

Watchtower's representations raise other very serious concerns about its candor with the Court from the outset. Before the Court's first Order of May 28, 2021, counsel Joel Taylor (Taylor), on behalf of Watchtower, signed and filed an

affidavit[1] in which he represented, *inter alia*, that the fourth page of one document at issue "contains no information." The document, later reluctantly produced, contains information about Max Reyes abusing Peter McGowan, and notably contains blank spaces in response to a question, "Efforts to protect the victim?" which is obviously potentially probative of Nuñez's claims of breach of a duty to protect minors. Failure to answer such a question is, actually, "information," which is apparent to any competent lawyer.

Likewise, Watchtower initially opposed the Motion to Compel by representing that withheld documents were "unrelated" to previously disclosed documents, and Taylor attested to the truth of this representation in his affidavit. It is clear that this representation was false. Documents 1a and 1b relate to Max's abuse of Peter and Holly beginning in 1994.[2] Watchtower pretended, in its initial briefing, not to understand the term, "database." It turns out, from the few documents now produced, that they were indeed part of an "electronic database" - in Watchtower's own words. (Defendant's Brief in Opposition to Plaintiff's Motion to Compel, Doc. 208).

Nuñez's discovery requests were based on an email from Watchtower lawyer Taylor, in which he described them as "the other 7 pages involve Peter/Alexis" and

---

[1] Taylor Affidavit, May 7, 2021, Ex. H to Plaintiffs' brief.
[2] Documents filed under seal as Sealed Ex. B.

"the remaining pages involve Peter Jr.'s confession [to] the Polson Congregation regarding his abuse of Alexis." [3]

After the Court's first order to produce the documents, Watchtower produced only seven pages of documents, <u>none</u> of which relate to <u>Peter</u> abusing Alexis. Rather, the produced documents relate to evidence already known to Nuñez, the abuse of Peter, Holly, and Alexis by <u>Max Reyes</u>. The missing pages regarding <u>Peter's abuse of Alexis</u> have not been produced at all. In sum, then, Watchtower has misrepresented to the Court that it has even partially complied with the Court's Order.

On June 11, 2021[4] (after the May 28, 2021, Order), Watchtower identified an additional 22 pages of documents that had, until that date, never been disclosed to Nuñez or the Court.[5] Simultaneously, it filed a new and improved privilege log listing documents in random order, many of which clearly refer to evidence of <u>Peter abusing Alexis,</u> which the Court had ordered produced. Appallingly, Watchtower continues to withhold documents about Peter's abuse of Alexis, and appears to be attempting a sleight of hand by offering a modified privilege log.

---

[3] Quoted passages are from an email authored by Taylor to Nuñez's lawyers in 2018, attached to Nuñez's briefing as Ex. A.
[4] Watchtower filed two different sets of documents, with the same title, "Notice of Submission for *In Camera* Review on June 11, 2021, as well as a supplemental privilege log, identifying 22 pages of newly disclosed documents. Ex. F to Nuñez's briefing.
[5] Notice of Sub. for *In Camera*, attached as Ex. F to Nuñez's briefing.

Watchtower has reasserted its claims of privilege, ignored the Court's Order overruling those claims, asserted "confusion" and lack of understanding of the Orders [asserting that it does not "understand" whether the Court's Orders apply to congregations, even though they briefed that very issue and claimed privilege for congregations starting in February 2021], and simultaneously inconsistently asked the Court to alter or amend Orders which it feigns not to understand. These arguments are frivolous, neither based on fact or law, and will not be tolerated, as the Court has previously warned. Watchtower's defiance is breathtaking and must, as the Montana Supreme Court has often said, not be dealt with leniently. Instead, courts are instructed to "intently punish transgressors rather than patiently encouraging their cooperation." *Morris v. Big Sky Thoroughbred Farms*, 1998 MT 229, ¶13, 291 Mont. 29, 965 P. 2d 890 (citations omitted).

Rule 37 (b)(2), Mont. R. Civ. P., authorizes sanctions for violations of an order compelling discovery. Sanctions may include judgment by default, "where counsel or a party has acted willfully or in bad faith [in violating rules or court orders or].... in flagrant disregard of those rules." *Kraft v. High Country Motors, Inc.*, 2012 MT 83, ¶37, 364 Mont. 465, 276 P. 3d 908. The Court has discretion to determine whether a party has chosen to "callously disregard" their opponents' rights and to determine appropriate sanctions. *Linn v. Whitaker*, 2007 MT 46, ¶13, 336 Mont. 131, 152 P. 3d 1282. The Montana Supreme Court expressly approved judgment by

default as a sanction in the face of blatant, systematic "willful and bad faith conduct." *Richardson v. State*, 2006 MT 43, ¶23, 331 Mont. 231, 130 P. 3d 634.

The Court concludes that Watchtower has been deliberate in its violations of the Court's orders, and the Plaintiffs' right to discovery. Its claims that it could not understand the plain language in the Court's orders are absurd and frivolous. Its decision to obstruct has wasted many hours of scarce time and resources for the Plaintiffs, and for the Court itself, and has prevented Nuñez from preparing for trial, which is obviously Watchtower's intent. Every time a party chooses attrition and stonewalling, not only the opposing party in the case involved, but parties in numerous other cases lose opportunities to exercise their fundamental right to access to the Courts.

Second chances for discovery abuse are not to be encouraged. *Spotted Horse v. BNSF Railway Co.*, 2015 MT 148, ¶ 21, 379 Mont. 314, 320, 350 P. 3d 52. To ensure compliance, "…the price for dishonesty must be made unbearable to thwart the inevitable temptation that zealous advocacy inspires." *Schuff v. A.T. Klemens & Son*, 2000 MT 357, ¶71, 303 Mont. 274, 16 P. 3d 1002. "[I]t is the attitude of unresponsiveness to the judicial process, regardless of the intent behind that attitude, which warrants sanctions." *McKenzie v. Scheeler*, 285 Mont. 500, 508; 949 P. 2d 1168 (1997). The Court expressly warned that it, "will not tolerate further

obstruction and will consider sanctions for similar conduct in the future." (Doc. 210).

While the Court is tempted to assess default judgment in light of the flagrance and felicity with which Watchtower willfully obstructed justice and wasted judicial resources, it is also mindful of the importance of trial by a jury on the merits. *Richardson*, ¶68.    The Court therefore has considered a sanction which, while preserving a trial on the merits, relates to the extent and nature of the discovery abuse, relates to the prejudice the abuse caused to the Plaintiffs, and is consistent with the Court's explicit warning.  See, *Linn v. Whitaker*, 2007 MT 46, ¶20, 336 Mont. 131, 152 P. 3d 1282. Among available sanctions, the Court considers fees and costs, deeming some of Nuñez's claims to have been established, foreclosing certain defenses or claims by Watchtower, or a combination.  See, Rule 37 (c)(1), 37(d)(3), 37(b)(2)(A)(i) and (ii), Mont. R. Civ. P.

The Court ordered: "Defendants shall immediately respond to the following discovery requests: Requests for Production 2-8 and Interrogatory No. 1, except for the "erroneous" page containing the name of Anthony Montoya."  Watchtower's refusal to comply, its lack of candor with the Court, and its frivolous and disrespectful treatment of the purpose of discovery and justice itself cannot be condoned or further tolerated.

Out of respect for juries and the rights of citizens to access to the courts, the Court at this time reluctantly declines to grant judgment on liability. However, it follows the guidance of the Montana Supreme Court and will not tolerate this level of discovery abuse, and will strongly consider the ultimate sanction of judgment on liability. Defendants are ORDERED to produce all withheld discovery, including any that they continue to claim is privileged, and including the 22 pages still in dispute. Further, the Court ORDERS SANCTIONS as follows:

1. Watchtower and all Defendants are prohibited from arguing, making innuendo, mentioning, offering evidence of any "advice of counsel" defense, and from offering any evidence about the advice their attorneys gave them at any time before trial.

2. Watchtower and all Defendants are prohibited from offering any evidence that they believed that they were "complying with" any law, regulation, or interpretation of law by any person, including their lawyers, when they failed or refused to protect Plaintiff from Max Reyes's abuse.

3. Watchtower and all Defendants shall be jointly and severally liable for a fine of $500 per day for each day after the date of this Order in which they have failed and refused to comply with this Order, and the Orders dated May 28, 2021, and June 23, 2021.

4. Watchtower and all Defendants shall pay to the Plaintiffs $11,075.00 to reimburse them for the attorneys' fees and costs associated with this discovery dispute.

DATED this 22nd day of July, 2021.

Elizabeth A. Best
District Court Judge

7/22/2021
Copies sent via email by JA Sheean Cobb.

cc:   James P. Molloy
D. Neil Smith/Ross Leonoudakis
Bradley J. Luck/Tessa A. Keller
Joel M. Taylor
Ivy McGowan-Castleberry