*Exhibit G*

Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Cause No. CV 20-52-BLG-SPW |
| Plaintiffs, | **DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC.'S SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIFTH SET OF INTERROGATORIES** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., | |
| Defendants. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. | |

```
                  Cross-Claimant,        )
                                         )
                                         )
    vs.                                  )
                                         )
    BRUCE MAPLEY SR.,                    )
                                         )
                  Cross-Claim Defendant. )
                                         )
                                         )
```

_____

TO:   Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C. Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street, Missoula, MT 59802

COMES NOW Defendant Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), by and through its attorneys, and provides its Supplemental Answers to Plaintiffs' Fifth Set of Interrogatories to Defendant WTNY:

## **INTERROGATORIES**

**INTERROGATORY NO. 26:**  Identify all complaints of inappropriate sexual contact that have ever been made against Bruce Mapley, Sr.  For each complaint, state:

      a)  When the complaint was made;

      b)  Who made the complaint;

      c)  What is alleged to have occurred;

      d)  Who was notified of the complaint;

      e)  Whether any WTNY was ever been notified of the complaint; and

f)  Whether WTNY took any action in response to the complaint.

**ANSWER:** WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020).  When a party is confronted with what it believes to be an excessive number of interrogatories, the appropriate course of action is to either move for a protective order before answering any interrogatories or "answer up to the numerical limit and object to the remainder without answering." *Capacchione v. Charlotte-Mecklenburg Schs.*, 182 F.R.D. 486, 493 n.4 (W.D.N.C. 1998) (citing 7 Moore's Federal Practice § 33.30[1]). *See also Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98, 103, 106 Fed. R. Serv. 3d 1833, 2020 WL 2761156 (W.D. Tex. 2020) (upholding specific objection to interrogatories exceeding twenty-five interrogatory without leave of Court and striking them); *Traina v. Blanchard*, No. CIV.A. 97-348, 1998 WL 178762, at *4 (E.D. La. Apr. 15, 1998) (interrogatories exceeding 25 without leave of court are improper and do not need to be answered). Accordingly, WTNY refuses to answer any further interrogatories as Plaintiffs have exceeded the limit imposed by Rule 33(a)(1), Fed.R.Civ.P. WTNY further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client and clergy-penitent privileges.  *See* WTNY's Second Supplemental Privilege Log. WTNY also objects to this Interrogatory in that it is vague and ambiguous as to the

terms "complaints" and "inappropriate sexual contact" and "took any action."
WTNY further objects to the extent Interrogatory subpart (f) assumes the existence
of a non-existent duty. WTNY also objects to the extent this Interrogatory is
unreasonably cumulative and duplicative of the immediately preceding
interrogatory.

    **FIRST SUPPLEMENTAL ANSWER:** WTNY objects on the grounds that
this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l),
Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3,
2020). WTNY further objects to this Interrogatory to the extent that it seeks
information protected by the attorney-client and clergy-penitent privileges. *See*
WTNY's Fourth Supplemental Privilege Log. WTNY also objects to this
Interrogatory in that it is vague and ambiguous as to the terms "complaints" and
"inappropriate sexual contact" and "took any action." WTNY further objects to the
extent Interrogatory subpart (f) assumes the existence of a non-existent duty.
Subject to and without waiving these objections, WTNY provides the only non-
privileged information in its possession as follows based on the allegations of
Plaintiffs Tracy Caekaert, Camillia Mapley, and Jamie Schulze:

    a) 2020.

    b) Plaintiffs Tracy Caekaert, Camillia Mapley, and Jamie Schulze.

c) According to Plaintffs, Bruce Mapley sexually abused them over the course of several years.

d) As to Tracy Caekaert, Shirley Mapley claims she was notified of the allegations. As to Camillia Mapley and Jamie Schulze, unknown. WTNY was notified in 2020 when it was served with Plaintiffs' lawsuits.

e) See answer to subpart d.

f) WTNY was precluded from taking action as it became aware only after the abuse had ended and Plaintiffs were legal adults.

**INTERROGATORY NO. 27:** Identify every individual that Gunnar Hain, has been alleged or accused of having inappropriate sexual contact with.  For each individual, please state:

a) The name of the individual he was accused of having inappropriate contact with;

b) When the inappropriate contact was alleged to have occurred;

c) How you received notice of the complaint of inappropriate contact; and

d) What action you took in response to the complaint of inappropriate contact.

**ANSWER:** WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020).  When a party is confronted with what it believes to be an excessive number of interrogatories, the appropriate course of action is to either move for a protective order before answering any interrogatories or "answer up to the numerical limit and object to the remainder without answering." *Capacchione v. Charlotte-Mecklenburg Schs.*, 182 F.R.D. 486, 493 n.4 (W.D.N.C. 1998) (citing 7 Moore's Federal Practice § 33.30[1]). *See also Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98, 103, 106 Fed. R. Serv. 3d 1833, 2020 WL 2761156 (W.D. Tex. 2020) (upholding specific objection to interrogatories exceeding twenty-five interrogatory without leave of Court and striking them); *Traina v. Blanchard*, No. CIV.A. 97-348, 1998 WL 178762, at *4 (E.D. La. Apr. 15, 1998) (interrogatories exceeding 25 without leave of court are improper and do not need to be answered). Accordingly, WTNY refuses to answer any further interrogatories as Plaintiffs have exceeded the limit imposed by Rule 33(a)(1), Fed.R.Civ.P. WTNY further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client and clergy-penitent privileges. *See* WTNY's Second Supplemental Privilege Log. WTNY also objects to this Interrogatory in that it is vague and ambiguous as to the terms "inappropriate sexual contact" and "complaint" and "action you took."

WTNY further objects to the extent Interrogatory subpart (d) assumes the existence of a non-existent duty.

**FIRST SUPPLEMENTAL ANSWER:** WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). WTNY further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client and clergy-penitent privileges. *See* WTNY's Fourth Supplemental Privilege Log. WTNY also objects to this Interrogatory in that it is vague and ambiguous as to the terms "inappropriate sexual contact" and "complaint" and "action you took." WTNY further objects to the extent Interrogatory subpart (d) assumes the existence of a non-existent duty. Subject to and without waiving these objections, WTNY provides the only non-privileged information in its possession as follows based on the allegations of Plaintiffs Tracy Caekaert, Camillia Mapley, Ariane Rowland, and Jamie Schulze:

  a) Plaintiffs Tracy Caekaert, Camillia Mapley, Ariane Rowland, and Jamie Schulze.

  b) Between 1975 and 1989.

  c) WTNY was notified when it was served with Plaintiffs' lawsuits in 2020.

d) WTNY was precluded from taking action as it became aware only

after the alleged abuse had ended and Plaintiffs were legal adults.

**INTERROGATORY NO. 28:**  Identify all complaints of inappropriate

sexual contact that have ever been made against Gunnar Hain.  For each complaint,

state:

a) When the complaint was made;

b) Who made the complaint;

c) What is alleged to have occurred;

d) Who was notified of the complaint;

e) Whether any WTNY was ever been notified of the complaint; and

f) Whether WTNY took any action in response to the complaint.

**ANSWER:** WTNY objects on the grounds that this Interrogatory goes

beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g.,*

*Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020).  When a party is

confronted with what it believes to be an excessive number of interrogatories, the

appropriate course of action is to either move for a protective order before

answering any interrogatories or "answer up to the numerical limit and object to

the remainder without answering." *Capacchione v. Charlotte-Mecklenburg Schs.*,

182 F.R.D. 486, 493 n.4 (W.D.N.C. 1998) (citing 7 Moore's Federal Practice §

33.30[1]). *See also Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98, 103, 106