*Exhibit K*

Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>        Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>        Defendants.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. | Cause No. CV 20-52-BLG-SPW<br><br>**DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC.'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' SECOND SET OF COMBINED INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION, AND SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' THIRD SET.** |

|                          |     |
|--------------------------|-----|
| Cross-Claimant,          | )   |
|                          | )   |
|                          | )   |
| vs.                      | )   |
|                          | )   |
| BRUCE MAPLEY SR.,        | )   |
|                          | )   |
|                          | )   |
| Cross-Claim Defendant.   | )   |
|                          | )   |
|                          | )   |

TO:   Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C. Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street, Missoula, MT 59802

COMES NOW Defendant Watchtower Bible and Tract Society of New York, Inc. (hereinafter "WTNY"), by and through its attorneys, and provides its First Supplemental Answers to Plaintiffs' Second Set of Combined Interrogatories, Requests for Production, and Requests for Admission, and Second Supplemental Responses to Plaintiffs' Third Set:

**INTERROGATORY NO. 14:** For each year between 1973 and 1992, please state your procedure and process for receiving correspondence from local congregations regarding child sexual abuse. Please specifically include where such correspondence was received, who received it, what was done with it, and identify everyone who had access to the substance of such correspondence.

**ANSWER (June 16, 2022):** Between 1973 and 1992, congregations of Jehovah's Witnesses in the United States were free to confidentially write to WTNY about any matter involving serious sin, including child sexual abuse, in order to

a list of individuals who were involved in that process during the relevant time period.

**INTERROGATORY NO. 17:** For each year between 1973 and 1995, please describe all policies and procedures applicable to traveling overseers regarding: (1) reporting allegations of child sexual abuse involving congregation members; (2) "direction regarding judicial matters" that involve allegations of child sexual abuse; and (3) encouraging and consoling victims of child sexual abuse.

**ANSWER (August 26, 2022):** WTNY objects to this Interrogatory in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). WTNY further objects to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "policies and procedures" and "reporting allegations." WTNY also objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a(l), Fed. R. Civ. P. *See, e.g.*, *Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). WTNY additionally objects to this Interrogatory as violative of the Establishment Clause and Equal Protection Clause of the United States Constitution by improperly seeking information and documents that are related to the religious beliefs, faith, custom, practices, and internal governance or discipline of the Religion because the First Amendment of the United States Constitution and its Montana analog bar civil courts from

evaluating or interpreting such religious evidence in order to reach a decision. *See Serbian Eastern Orthodox Diocese for U.S. of America and Canada v. Milivojevich*, 426 U.S. 696, 724-25 (1976). Subject to and without waiving these objections, WTNY responds as follows:

(1)    WTNY is unable to answer this Interrogatory subpart as written because it is unclear what is meant by "reporting allegations" and to whom such reporting allegedly occurred.

(2)    For the years of 1973 to 1995, allegations of any biblical sin, including child abuse, were addressed Scripturally by the elders in the congregation where the wrongdoer (sinner) attended. The elders were free to contact their traveling overseer in order to receive Bible-based guidance if the elders had any questions. WTNY refers Plaintiffs to documents bates-numbered WTNY000280-000301; WTNY000387-000410; WTNY000507-000560; and documents produced by co-Defendant WTPA (WTPA028868-028883; WTPA033998-034013; WTPA039465-39468) along with Acts 26:20; 1 Corinthians 5:5, 11-13; 1 Timothy 5:20; Hebrews 12:12, 13; James 5:14, 15; Jude 21-23; for a general discussion of the Scripturally-based process elders followed and considered when they became aware of allegations of serious sin during the relevant time-period. WTNY is unaware of any other "policies and procedures" responsive to this Interrogatory subpart.

**AMENDED ANSWER (September 7, 2022):** WTNY objects to this Interrogatory in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). WTNY further objects to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "policies and procedures" and "reporting allegations." WTNY also objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed. R. Civ. P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). WTNY additionally objects to this Interrogatory as violative of the Establishment Clause and Equal Protection Clause of the United States Constitution by improperly seeking information and documents that are related to the religious beliefs, faith, custom, practices, and internal governance or discipline of the Religion because the First Amendment of the United States Constitution and its Montana analog bar civil courts from evaluating or interpreting such religious evidence in order to reach a decision. *See Serbian Eastern Orthodox Diocese for U.S. of America and Canada v. Milivojevich*, 426 U.S. 696, 724-25 (1976). Subject to and without waiving these objections, WTNY responds as follows:

(1)     WTNY is unable to answer this Interrogatory subpart as written because it is unclear what is meant by "reporting allegations" and to whom such reporting allegedly occurred.

Defendant Watchtower Bible and Tract Society of New York, Inc.'s First Supplemental Responses to Plaintiffs'
Second Set of Combined Interrogatories, Requests for Production, and Requests for Admission, and Second
Supplemental Responses to Plaintiffs' Third Set - 7

(2)     For the years of 1973 to 1995, allegations of any biblical sin, including child abuse, were addressed Scripturally by the elders in the congregation where the wrongdoer (sinner) attended. The elders were free to contact their traveling overseer in order to receive Bible-based guidance if the elders had any questions. WTNY refers Plaintiffs to documents bates-numbered WTNY000280-000301; WTNY000387-000410; WTNY000507-000560; and documents produced by co-Defendant WTPA (WTPA028868-028883; WTPA033998-034013; WTPA039465-39468) along with Acts 26:20; 1 Corinthians 5:5, 11-13; 1 Timothy 5:20; Hebrews 12:12, 13; James 5:14, 15; Jude 21-23; for a general discussion of the Scripturally-based process elders followed and considered when they became aware of allegations of serious sin during the relevant time-period. WTNY is unaware of any other "policies and procedures" responsive to this Interrogatory subpart.

(3)     All elders, including traveling overseers, endeavored to use God's Word to provide comfort and support for victims of child abuse. Such Scriptures that may be used included Job 34:22-28; Psalm 62:8; Isaiah 41:10, 13; Isaiah 32:1, 2; 1 Corinthians 13:4, 5; and 1 John 3:19, 20, among others. WTNY is unaware of any other "policies and procedures" responsive to this Interrogatory subpart.

**FIRST SUPPLEMENTAL ANSWER (October 23, 2023):** Prior to 1985, WTNY provided no specific direction regarding the reporting of child sexual abuse.

Beginning in 1985, WTNY informed traveling overseers to direct elders to contact WTNY if the elders learned of allegations of child sexual abuse.

**INTERROGATORY NO. 18:** For each year between 1973 and 1995, please describe all policies and procedures applicable to elders regarding: (1) reporting allegations of child sexual abuse involving congregation members; (2) "direction regarding judicial matters" that involve allegations of child sexual abuse; and (3) encouraging and consoling victims of child sexual abuse.

**ANSWER (September 7, 2022):** *See* Objections and Answer to Interrogatory No. 17.

**FIRST SUPPLEMENTAL ANSWER (October 23, 2023):** Prior to July, 1989, WTNY provided no specific direction in regards to the reporting of child sexual abuse to congregation elders. Post July 1, 1989, congregation elders were directed to contact WTNY's Legal Department.

**REQUEST FOR PRODUCTION NO. 18:** Please produce all S2 forms that pertain to any person who is, or was, a member, ministerial servant, elder, or otherwise affiliated with the Hardin Congregation.

**RESPONSE (June 16, 2022):** After a diligent search, WTNY has been unable to locate any information responsive to this request.

**SUPPLEMENTAL RESPONSE (October 23, 2023):** To provide further detail to its June 16, 2022, Response: WTNY performed a manual search of every existing record from, to, or about the Hardin Congregation.

**REQUEST FOR PRODUCTION NO. 19:** Please produce all S2 forms that pertain to Bruce Mapley Sr. or Gunner Haines.

**RESPONSE:** After a diligent search, WTNY has been unable to locate any information responsive to this request.

**SUPPLEMENTAL RESPONSE (October 23, 2023):** To provide further detail to its June 16, 2022, Response: WTNY performed a manual search of every existing record from, to, or about the Hardin Congregation.

**REQUEST FOR PRODUCTION NO. 21:** Please produce all documents that pertain to judicial committees involving any Plaintiff.

**RESPONSE (June 16, 2022):** After a diligent search, WTNY has been unable to locate any information responsive to this request.

**SUPPLEMENTAL RESPONSE (October 23, 2023):** To provide further detail to its June 16, 2022, Response: WTNY performed a keyword search of every existing record based on the names of the Plaintiffs.

**REQUEST FOR PRODUCTION NO. 26:** Please produce the "Index to Letters for Bodies of Elders (S-22)" that is identified in document Caekaert 001351.

## VERIFICATION

Thomas Jefferson, Jr., states that he has read the foregoing *Defendant WTNY's First Supplemental Responses to Plaintiffs' Second Set of Combined Interrogatories, Requests for Production, and Requests for Admission, and Second Supplemental Responses to Plaintiffs' Third Set,* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers. Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

Thomas Jefferson, Jr.

Dated: 10/24/2023