| | |
|---|---|
| Robert L. Stepans | Matthew L. Merrill (appearing *pro hac vice*) |
| Ryan R. Shaffer | Merrill Law, LLC |
| James C. Murnion | 1401 Delgany Street, #404 |
| Victoria K.M. Gannon | Denver, CO  80202 |
| Meyer, Shaffer & Stepans, PLLP | Tel: (303) 947-4453 |
| 430 Ryman Street | matthew@merrillwaterlaw.com |
| Missoula, MT  59802 | |
| Tel: (406) 543-6929 | |
| Fax: (406) 721-1799 | |
| rob@mss-lawfirm.com | |
| ryan@mss-lawfirm.com | |
| james@mss-lawfirm.com | |
| katy@mss-lawfirm.com | |

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | ) <br> ) Case No. CV-20-52-BLG-SPW <br> ) |
| Plaintiffs, | ) **PLAINTIFFS' REPLY BRIEF** |
| vs. | ) **IN SUPPORT OF THEIR** <br> ) **MOTION RE: SANCTIONS** |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA., | ) **INTERROGATORIES 9 AND** <br> ) **15 (ECF No. 85 & 318)** <br> ) <br> ) <br> ) |
| Defendants, | ) <br> ) |

Plaintiffs, by and through counsel, submit the following Reply in support of their Motion re: Sanctions Interrogatories 9 and 15 (ECF No. 85 and 318).

///

# REPLY

WTNY's response blames Plaintiffs for not immediately filling in every factual gap created by its refusal to play by the rules and honestly answer interrogatories.  It is WTNY that has put Plaintiffs in the impossible situation of attempting to obtain bits and pieces of discoverable information from other sources to prove their cases.  It is WTNY that has forced these issues in front of the Court through repeated non-compliance.  And it is WTNY, not Plaintiffs, that should shoulder any consequences of that non-compliance.

Plaintiffs' present motion does not question or seek reconsideration of the Court's prior ruling, nor does it raise arguments Plaintiffs could, or should, have raised previously.  Rather, Plaintiffs' present Motion asks the Court to remedy WTNY's ongoing discovery abuses by applying its prior ruling to additional facts and information that WTNY refuses to provide in discovery.

1. **Plaintiffs' Motion is Not One for Reconsideration Under Rule 59(e).**

WTNY incorrectly argues that Plaintiffs' Motion is really a motion for reconsideration under Federal Rule of Civil Procedure 59(e).  Rule 59(e) provides a procedural avenue for a party to "alter or amend a judgment."  None of the cases cited by WTNY support the premise that Plaintiffs' present motion is a Rule 59(e) motion to "alter or amend a judgment."  That is because Plaintiffs' motion is not

one seeking to alter or amend a judgment, calling into question the correctness of a prior ruling, or seeking an alteration of a prior ruling.

But even if Plaintiffs' present motion is characterized as seeking "reconsideration" of the Court's prior order, Rule 59(e) does not pose a time bar. Motions for reconsideration of an interlocutory order (as opposed to motions for reconsideration of a judgment) may be entertained and decided on the merits so long as they are not filed "unreasonably late." *See, e.g., Standard Quimica De Venezuela v. Central Hispano Intern., Inc.*, 189 F.R.D. 202, 205 (D.P.R. 1999) ("With interlocutory orders, whether a motion for reconsideration has been timely filed or not rests solely on whether or not the motion was filed unreasonably late"); *see also Davis v. Bruce*, 215 F.R.D. 612, 615 (D. Kan. 2003) ("Motions for review of interlocutory orders fall within 'the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment, and, as such, did not call into play the timing and tolling considerations attendant upon motions to alter or amend judgment under Fed.R.Civ.P. 59(e).'"). Accordingly, Rule 59(e) and the cases cited by WTNY do not support denial of Plaintiffs' present Motion.

2. **The Evidence, Information, and Argument Presented in Plaintiffs' Prior Motion was Based on the Relief Sought in that Motion.**

Contrary to WTNY's argument, Plaintiffs are not guilty of failing to properly raise information and arguments in their prior motion. In particular,

Plaintiffs' prior motion regarding Interrogatories 9 and 15 asked the Court to eliminate WTNY's ability to defend this case by blaming other Jehovah's Witness entities. Br. in Supp. at 16–17 (ECF No. 288). Plaintiffs' logic was that a party who refuses to provide discoverable information about other Jehovah's Witnesses entities should not be permitted to defend the case by blaming those other entities. Accordingly, Plaintiffs produced evidence establishing that WTNY was refusing to provide easily discoverable information about other Jehovah's Witnesses' entities. However, because Plaintiffs were not seeking the establishment of discrete facts for trial as a sanction, Plaintiffs did not submit all of the information in their possession pertaining to Interrogatories 9 and 15.[1]

In short, the evidence and information submitted in Plaintiffs' prior motion was geared to support the relief sought in that motion, i.e. elimination of certain defenses. Had Plaintiffs known that the Court was considering alternative relief in the form of discrete factual findings, Plaintiffs would have submitted all of the information in their possession to fill in more gaps created by WTNY's refusal to properly answer Interrogatories 9 and 15.

///

///

---

[1] As the Court noted, "[t]hough Plaintiffs may have additional evidence that fills in the gaps, that evidence has not been presented in the instant motion." Ord. at 37 (ECF No. 318).

### 3. WTNY Completely Ignores Its Ongoing Obligation to Supplement Under Rule 26(e)(1)(A).

As pointed out in Plaintiffs' Motion, the federal rules require WTNY to supplement its answers to Interrogatories 9 and 15.  Fed. R. Civ. P. 26(e)(1)(A).  WTNY's response does not even try to address its ongoing failure to supplement.  WTNY's failure in this regard is material and substantive.  For instance, as pointed out in Plaintiffs' briefing, the recent Rule 30(b)(6) depositions in this case revealed that, prior to 2001, the U.S. "branch" was effectively the Departments in New York that currently make up what is now referred to as the "U.S. Branch Office."  *See* Br. in Supp. at 9–10 (ECF No. 332).  This information is directly responsive to Plaintiffs' Interrogatory 15, as well as other interrogatories served by Plaintiffs.  *See* Ex. A, Interrogatories 20 and 21.  Why hasn't WTNY supplemented its discovery answers with this information, and why did it take three (3) years for this basic information to be disclosed when Plaintiffs sought it during jurisdictional discovery?  WTNY's failure to provide full and complete answers to Plaintiffs' interrogatories is why these issues are before the Court, and WTNY must bear the burden and responsibility for its conduct.

///

///

///

**Plaintiffs' Reply Brief in Support of Their Motion re: Sanctions Interrogatories 9 and 15**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
5

### 4. Plaintiffs' Present Motion Asks the Court to Apply its Prior Ruling to Additional Evidence Plaintiffs Have Obtained that is Responsive to Interrogatories 9 and 15.

The current situation is not of Plaintiffs making. WTNY refuses to provide information responsive to Interrogatories 9 and 15 that is material to Plaintiffs' cases. WTNY has therefore put Plaintiffs and the Court in the difficult position of remedying its misconduct. It is increasingly apparent that filling in the gaps created by WTNY's refusal to participate in discovery is an imperfect process. Plaintiffs are doing the best that they can, and under no circumstances should Plaintiffs be the party that bears the burden of WTNY's ongoing refusal to answer Interrogatories 9 and 15.

Nothing is stopping WTNY from providing full and complete answers today. Indeed, Rule 26 and this Court's prior order demand it. Yet, WTNY refuses to do so and exhibits complete indifference to its discovery obligations and this Court's prior order.

Consistent with the Court's prior rulings regarding WTNY's failure to provide full and complete answers to Interrogatories 9 and 15, the Court should deem additional facts supported by Plaintiffs' evidence established for trial. This does not require alteration, amendment, or reconsideration of the Court's prior ruling. Rather, it serves to extend the Court's prior ruling to remedy WTNY's ongoing refusal to supplement its answers to Interrogatories 9 and 15.

DATED this 25th day of April, 2024.

        By: /s/ Ryan Shaffer
          Ryan R. Shaffer
          MEYER, SHAFFER & STEPANS PLLP

          *Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 1,139 words, excluding the caption, certificates of service, and compliance, table of contents, and authorities, and exhibit index.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*