Jon A. Wilson
Brett C. Jensen
Michael P. Sarabia
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
412 Clock Tower Commons Dr.
Brewster, NY 10509
Telephone/E-Fax: (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR., <br><br> Defendants. | Cause No. CV 20-52-BLG-SPW <br><br> **DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS RE: DEPOSITIONS OF GARY BREAUX AND ALLEN SHUSTER (DOC. 363).** |

i

**COMES NOW**, Defendant Watchtower Bible and Tract Society of New York, Inc. ("WTNY"), and submits its Response Brief in Opposition to Plaintiffs' Motion for Sanctions (Doc. 363).

## INTRODUCTION

After Defendants filed dispositive motions, Plaintiffs filed a series of three motions for sanctions. This brief is in response to the Motion for Sanctions regarding the depositions of Messrs. Gary Breaux and Allen Shuster. Plaintiffs' motion is not well founded in either law or fact. Rather, the motion reiterates Plaintiffs' preference to have a trial by sanctions instead of a trial on the merits.

Plaintiffs improperly request sanctions against a party for perceived misconduct by non-party witnesses without providing notice to either the non-party witnesses or their attorney. That request follows a blatant attempt to inflame this Court by outlining an unbalanced history of prior orders and arguing that the one and only explanation for the deponents' "inability to provide any meaningful testimony on topics . . . is a pre-meditated plan to obstruct and deceive." (Doc. 363 at 27.) Plaintiffs conveniently turn a blind eye to at least four crucial, undeniable facts that explain the testimony: (1) the witnesses were not given a list of topics on which they would be asked to testify; (2) each of the witnesses is now over the age of 70; (3) the relevant time period for this case dates back to the 1970s – a half

1

century ago; and (4) fact witnesses have no duty to review prior testimony to prepare for a deposition.

Further, Plaintiffs offensively mislead the Court by insisting they have been irreparably harmed by the inability to obtain information on relevant "topics." They did not need either Gary Breaux or Allen Shuster to provide that information because they identified the topics on subpoenas issued to WTNY's Rule 30(b)(6) witness and had ample opportunity to obtain the information. A copy of the Notice to WTNY pursuant to Rule 30(b)(6), identifying 41 topics, is attached as Exhibit 1. WTNY produced two Rule 30(b)(6) witnesses (Messrs. Mario Moreno and Thomas Jefferson) who testified at length about the topics Plaintiffs identified – including the organizational structure of Jehovah's Witnesses.

Finally, Plaintiffs accuse attorney Margaret Korgul of suborning perjury and obstructing discovery, based on an erroneous assumption that she was working for WTNY. Plaintiffs are clearly wrong. *See* Declaration of Margaret Korgul, attached as Exhibit 2. Plaintiffs jumped over basic due process requirements and did not even inform Ms. Korgul or Messrs. Breaux and Shuster of their request for sanctions. They simply ask the Court to use inherent powers to sanction WTNY as a "party" and 28 U.S.C. § 1927 to sanction WTNY's "attorney" for non-party testimony. (Doc. 363 at 22.)

2

## ARGUMENT

I. **Plaintiffs' Motion is Replete with Unsubstantiated Falsehoods**

In derogation of this Court's prior ruling that a subpoena was required because Messrs. Breaux and Shuster are non-parties not under WTNY's control, Plaintiffs insist the Court must now reverse that ruling and find that WTNY did in fact control the witnesses because they did not provide any useful testimony. (Doc. 363 at 27-28). Plaintiffs assume the lack of useful testimony had to be the result of WTNY's influence during the process of preparing for deposition, rather than counsel's failure to ask follow-up questions and use exhibits to refresh recollections.

After imputing bad motives, Plaintiffs mislead the Court by making the unsupported, false statement that "the WTNY Legal Department provided Breaux and Shuster a lawyer who worked in conjunction with WTNY's counsel to ensure that Breaux and Shuster would not provide meaningful information on key topics during their depositions." (*Id.* at 1.) That statement and others violate counsel's duty of candor to this Court and warrant this Court's use of inherent powers to deter such improper conduct. Indeed, the motion is replete with false statements about the deponents and their attorney. As the sworn Declarations of Margaret Korgul (Exhibit 2) and Joel Taylor (Exhibit 3) show, WTNY did <u>not</u> retain counsel for Breaux or Shuster. And WTNY's attorneys did not help prepare the witnesses for deposition. Mr. Shuster testified that he did <u>not</u> meet with attorneys from the WTNY's Legal

3

Department to prepare for his deposition – he only met with his private attorney, Ms. Korgul. (*See* Deposition Transcript of Allen Shuster ("Shuster Tr.") at 36, attached as Exhibit 4). Mr. Breaux was not questioned about preparation for deposition.

There is simply no basis for Plaintiffs' frivolous accusation against either witness or either attorney that they did something improper. An argument of counsel is <u>not</u> evidence to the contrary.[1]

## II.   A Deponent Should Not be Penalized for Forgetting

These two deponents were instructed to testify in their individual capacity about matters in their <u>personal</u> knowledge. *See e.g.,* Deposition Transcript of Gary Breaux, ((Breaux Tr.") attached as Exhibit 6, at 20. ("Any question I'm asking you is based on your personal knowledge. I'm not asking you to represent anyone else because that's not what you're here to do. Your personal knowledge is what we're here to understand."). The witnesses spoke comfortably about their <u>personal</u> activity as a Christian, their <u>personal</u> activity as a congregation elder. "I can tell you what I do as an elder. I can't talk about all the congregation elders." (Exh. 6, Breaux Tr. at 25.) And their <u>personal</u> activity within the Service Department at the U.S. Branch

---

[1] Notably, Plaintiffs' counsel is guilty of the very conduct about which counsel now complains. Excerpts of testimony wherein Plaintiffs' counsel coached Plaintiffs throughout their depositions is attached as Exhibit 5. WTNY had no need to run to the Court for assistance, because it has long known that this case has no merit on either the facts or the law.

Office. Mr. Breaux testified about the Service Department "from my perspective" but he knew that he was not testifying as a representative of the Service Department.

It is understandable that when asked about events that occurred decades earlier, the witnesses could not remember specifics. Mr. Breaux is now 77 years old. Mr. Shuster is over 70. Each witness answered hundreds of questions, often referencing the length of time that has elapsed since he may have known relevant information. *See e.g.,* Exh. 4 Shuster Tr. at 35 ("Beyond that, I – I don't remember. It's been a long time ago."); (Exh. 7, Shuster Tr. at 40) ("I have a vague recollection that this was sometime back maybe – I don't remember how long ago … I don't recall the specifics."); (Exh. 7, Shuster Tr. at 76) ("It's a long time ago, that's for sure."); (Exh. 7, Shuster Tr. at 142) ("I – it's been so long ago. I'd have to …"); (Exh. 7, Shuster Tr. at 144) ("It's been a long time ago. I just don't remember. 1992, what's – that's 30 – 30 some years, 31 years."). *See also* Exh. 6, Breaux Tr. at 22 (explaining there may have been a time in the 1990s when he was more educated about the workings of WTNY); Exh. 6, Breaux Tr. at 47 ("I do not remember. It's been too many years ago."); Exh. 6, Breaux Tr. at 70 ("I do not recall. It's been years ago."); Exh. 6, Breaux Tr. at 140 ("I do not remember. It's been years ago."); Exh. 6, Breaux Tr. at 156 ("I don't remember. It's been so many years ago."); Exh. 6, Breaux Tr. at 159 ("It's a long time ago. I'm sure there was some information, but I don't recall what we used.").

The deponents were neither required nor prepared to speak on behalf of a corporate defendant or on behalf of any other entity. Yet, Plaintiffs repeatedly refer to prior deposition testimony given at a time when the deponents were prepared to testify on behalf of a corporate defendant – not from personal knowledge – and accuse the deponents of lying now because they didn't have immediate recall of corporate (not personal) knowledge. Yet Plaintiffs made little, if any, attempt to refresh the witnesses' recollection.

It is not a sanctionable offense to not remember. The Motion for Sanctions should be denied.

## III. Plaintiffs' Proposed Sanctions are Unwarranted

Plaintiffs seek sanctions under the Court's inherent powers. But they offer no authority for the use of inherent power to penalize a party for the conduct of non-parties.

To be clear, WTNY does not question the Court's authority to sanction a party that acts in bad faith. Indeed, the Supreme Court of the United States has made it clear that a District Court does have the inherent authority to sanction a party, but there is no bad faith here and even if a sanction were proper under the circumstances (it is not), the scope of the sanction must be appropriate. *Lewis v. Tel. Emps. Credit Union,* 87 F.3d 1537, 1558 (9th Cir.1996). A sanction should be "carefully fashioned to deny [the party] the fruits of its misconduct yet not to interfere with [the party's

future rights]." *Id.* But the sanction must not be punitive. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108, 137 S. Ct. 1178, 1186 (2017).

Punitive sanctions under a court's inherent authority are "intended to vindicate the court's authority and the integrity of the judicial process." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1089 (9th Cir. 2021) (internal citation omitted). To level such a punitive penalty, a court must provide procedural guarantees applicable to criminal cases such as due process protections, a "presumption of innocence," and a "beyond a reasonable doubt" standard of proof. *Id.*; *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1139 (9th Cir. 2001) (citations omitted).

Affording these parties, the non-party deponents and their attorney, full protection of criminal law standards, they must be deemed "innocent until proven guilty." Plaintiffs offer no evidence – just counsel's arguments based on supposition and conjecture that there must be bad faith. But the Declarations of Margaret Korgul (Exhibit 2) and Joel M. Taylor (Exhibit 3) do more than just establish a reasonable doubt – they provide undisputed proof to the contrary. Neither the witnesses nor the attorneys did anything improper in relation to the depositions of Gary Breaux and Allen Shuster.[2] Punitive sanctions are unwarranted.

---

[2] Ms. Korgul did not engage in coaching when explaining in response to a question posed by Plaintiffs' counsel to her, the problem with the use of the term "policy". In addition, Mr. Taylor's head nod was simply a reflection of his displeasure with Plaintiffs' counsel's blatant attempt to misuse a leading question to trap the witness, and nothing more.

Plaintiffs seek an award of costs "including but not limited to costs of travel ... and for all time spent preparing, travelling, and taking the depositions." (Doc. 363 at 33) Plaintiffs fail to advise the Court that they traveled to New York for <u>three</u> depositions, not just the depositions of Messrs. Breaux and Shuster. They would have incurred travel expenses and spent time preparing for depositions regardless of anything connected to those two depositions. Thus, Plaintiffs cannot establish that they would not have incurred those expenses but for the conduct about which they complain. Since there is no but-for connection to those costs they should not be awarded. *Goodyear Tire & Rubber Company v. Haeger, supra*, 581 U.S. at 109, 137 S.Ct. at 1187.

Plaintiffs also inform the court that they will be seeking additional sanctions in a subsequent motion that includes *inter alia* acts that are addressed in this motion. (Doc. 363 at 30, ftn.). Duplicative relief for the same act constitutes an improper "double recovery." *See Lewis v. Tel. Emps. Credit Union,* 87 F.3d 1537, 1558 (9th Cir. 1996) (acknowledging that, even if a given sanction is available, the scope of the sanction must also be appropriate. A sanction should be "carefully fashioned to deny [the party] the fruits of its misconduct yet not to interfere with [the party's future rights]"); *Kissell Co. v. Gressley*, 591 F.2d 47, 51 (9th Cir. 1979) ("Double recovery" is disfavored [citation omitted] . . . It should be particularly avoided where,

as here, punitive as well as compensatory damages were assessed."). Such double jeopardy is also contrary to established protections against punitive sanctions.

## CONCLUSION

Plaintiffs improperly ask this Court to impose sanctions against a party for perceived misconduct by non-party witnesses without providing notice to either the non-party witnesses or their attorney. WTNY was not involved in the preparation of Messrs. Shuster and Breaux, did not pay for counsel on their behalf, and the attorney representing them is not a "WTNY attorney." For these reasons, and the fact that the non-party deponents did nothing wrong, WTNY respectfully requests the Court deny Plaintiffs' Motion (Doc. 363) and award reasonable fees and costs incurred in responding to this frivolous motion.

DATED this 2nd day of May, 2024.

By: /s/ Jon A. Wilson
Jon A. Wilson / Brett C. Jensen / Michael P. Sarabia
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.*

By: /s/ Joel M. Taylor
Joel. M. Taylor (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(d)(2)(E), the undersigned hereby certifies this brief complies with L.R. 7.1(d)(2)(A). According to the word-processing unit used to prepare this brief, the word count is 2,175 words excluding caption, table of contents and authorities, exhibit index, and certificates of service and compliance.

DATED this 2nd day of May, 2024.

By: /s/ Jon A. Wilson
Jon A. Wilson / Brett C. Jensen / Michael P. Sarabia
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 2nd, 2024, a copy of the foregoing was served on the following person(s):

1. U.S. District Court, Billings Division

2. Robert L. Stepans/Ryan R. Shaffer/James C. Murnion
   MEYER, SHAFFER & STEPANS, PLLP
   430 Ryman Street
   Missoula, MT 59802

3. Matthew L. Merrill (appearing *pro hac vice*)
   MERRILL LAW, LLC
   1401 Delgany Street, #404
   Denver, CO 80202

4. Gerry P. Fagan/Christopher T. Sweeney/Jordan W. FitzGerald
   MOULTON BELLINGHAM PC
   P.O. Box 2559
   Billings, MT 59103-2559

5. Bruce G. Mapley Sr.
   3905 Caylan Cove
   Birmingham, AL 35215

by the following means:

```
 1-4    CM/ECF                ____ Fax
  1     Hand Delivery         ____ E-Mail
  5     U.S. Mail             ____ Overnight Delivery Services
```

By: /s/ Jon A. Wilson
Jon A. Wilson / Brett C. Jensen / Michael P. Sarabia
BROWN LAW FIRM, P.C.
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*