# EXHIBIT 2

DECLARATION OF MARGARET KORGUL

I, Margaret Korgul, an attorney duly admitted to practice in the courts of the State of New York, declare under the penalty of perjury:

1. I represented Messrs. Gary Breaux, Allen Shuster, and M. Gene Smalley in connection with third party out-of-state subpoenas (the "Subpoenas") in Case Nos. CV-20-52-BLG-SPW and CV-20-59-BLG-SPW, pending in the United States District Court for the District of Montana, Billings Division (the "Litigation").

2. I respectfully submit this declaration to correct certain misstatements and misrepresentations contained in Plaintiffs' brief in support of motion for sanctions in the Litigation (the "Motion").

3. Plaintiffs' counsel contacted me on November 20, 2023, and emailed me deposition subpoenas for Mr. Breaux, Mr. Shuster and Mr. Smalley.

4. Prior to that date, I never represented Messrs. Shuster, Breaux or Smalley in connection with any deposition in any jurisdiction.

5. To save Plaintiffs' counsel time and Plaintiffs litigation costs I agreed to accept service of the Subpoenas via email and agreed produce witnesses for their depositions.

6. The Subpoenas were not Rule 30(b)(6) notices and they did not contain a list of deposition topics; instead the Subpoenas were issued pursuant to Rule 45 and commanded the appearance of Messrs. Breaux, Shuster and Smalley in their

personal capacities.

7. In the Motion, Plaintiffs' counsel refers to me as "WTNY lawyer" (Moving Brief p. 10); "WTNY provided attorney" (Moving Brief p. 25); "WTNY retained lawyers" (Moving Brief p.29).

8. I was never retained or paid by Watchtower Bible and Tract Society of New York, Inc., ("WTNY") to represent Messrs. Breaux, Shuster and Smalley in connection with the Subpoenas.

9. WTNY's representatives and/or attorneys did not participate and were not present during my meetings with Messrs. Breaux, Shuster, and Smalley in preparation for their depositions.

10. I will not address Plaintiffs' counsel's arguments related to "coaching" as the record speaks for itself and objections to form do not constitute coaching in New York.

11. With respect to the bolded text on page 12 of the Moving Brief, Plaintiffs' counsel asked me for clarification of the objection as to the use of the word "policy." Plaintiffs' counsel conveniently did not bold his question.

12. With respect to the issue of directing the witness not to answer raised on page 9-10 of the Moving Brief, Plaintiffs' counsel misstated (perhaps intentionally) Mr.

Shuster's prior testimony and the question was entirely false and improper[1] and would, if answered, cause significant prejudice to the witness.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: May 1, 2024

By: _____
MARGARET KORGUL, ESQ.

---

[1] The witness did not "previously testified … that the Governing Body approved the selection of elders during certain periods of history in the Jehovah's Witness."