# EXHIBIT D

Guy W. Rogers
Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendants Watchtower Bible and Tract Society of New York, Inc.,*
*and Watch Tower Bible and Tract Society of Pennsylvania*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>   Plaintiffs,<br><br> vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>   Defendants. | Cause No. CV 20-52-BLG-SPW<br><br>**DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF JURISDICTIONAL DISCOVERY** |

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC.

     Cross-Claimant,

vs.

BRUCE MAPLEY SR.,

     Cross-Claim Defendant.

_____

ARIANE ROWLAND, and JAMIE
SCHULZE,

     Plaintiffs,

vs.

WATCHTOWER BIBLE AND
TRACT SOCIETY OF NEW YORK,
INC., WATCH TOWER BIBLE AND
TRACT SOCIETY OF
PENNSYLVANIA, and BRUCE
MAPLEY SR.,

     Defendants.

Cause No. CV 20-59-BLG-SPW

**DEFENDANT WATCH TOWER
BIBLE AND TRACT SOCIETY OF
NEW YORK, INC.'S THIRD
SUPPLEMENTAL RESPONSES TO
PLAINTIFFS' FIRST SET OF
JURISDICTIONAL DISCOVERY**

TO: Plaintiffs and their counsel, Robert L. Stepans, Ryan R. Shaffer, and James C.
  Murnion, MEYER SHAFFER & STEPANS PLLP, 430 Ryman Street,
  Missoula, MT 59802

  COMES NOW Defendant Watch Tower Bible and Tract Society of New

York, Inc. (hereinafter "WTNY"), by and through its attorneys, and provides its

third supplemental responses to Plaintiffs' Second Set of Jurisdictional Discovery
as follows:

## GENERAL OBJECTION

Per the Court's Orders Re Scope of Jurisdictional Discovery (Doc. 47 in the
*Caekaert* matter[1]; Doc. 37 in the *Rowland* matter[2]), and Orders Re Motion to Compel
Jurisdictional Discovery Responses and for Fees and Costs (Doc. 85 in the *Caekaert*
matter; Doc. 72 in the *Rowland* matter), any discovery requests seeking information
after 1992 are improper and outside the scope of Court-ordered limitations on
jurisdictional discovery.

## INTERROGATORIES

**INTERROGATORY NO. 1**:  Please describe the role of the Society Legal
Department for WTNY, by year, from 1970-1995.

**ORIGINAL ANSWER**: Objection.  Please refer to the General Objection,
above, for an explanation as to why the time period requested in this Interrogatory
is improper.  The interrogatory is also vague as to the term "Society Legal
Department." Subject to and without waiving these objections: The Legal
Department for Watchtower Bible and Tract Society of New York, Inc., provided
general counsel services.

---

[1] References to the *Caekaert* matter means Cause No. CV 20-52-BLG-SPW
[2] References to the *Rowland* matter means Cause No. CV 20-59-BLG-SPW.
Defendant Watch Tower Bible and Tract Society of New York, Inc.'s Third Supplemental Responses to
Plaintiffs' First Set of Jurisdictional Discovery - 3

**FIRST SUPPLEMENTAL ANSWER**: Without waiving any previously asserted objections, WTNY's original Answer included responsive information.

**INTERROGATORY NO. 2**: Please identify each treasurer who served for WTNY between 1970 and present.

**ORIGINAL ANSWER**: Objection. Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. Subject to and without waiving this objection, WTNY produces the following names of individuals (all of whom are deceased):

**1973** N. H. Knorr       President
F. W. Franz       Vice President
G. Suiter       Secretary and Treasurer
J. O. Groh       Assistant Secretary—Treasurer
M. G. Henschel       Director
W. K. Jackson       Director
L. A. Swingle       Director

**1974** N. H. Knorr       President
F. W. Franz       Vice President
G. Suiter       Secretary and Treasurer
J. O. Groh       Assistant Secretary—Treasurer
M. G. Henschel       Director
W. K. Jackson       Director
L. A. Swingle       Director

**1975** N. H. Knorr       President
F. W. Franz       Vice President
G. Suiter       Secretary and Treasurer
W. K. Jackson       Assistant Secretary—Treasurer
M. G. Henschel       Director
L. A. Swingle       Director

**1976** N. H. Knorr       President

| | | |
|---|---|---|
| | F. W. Franz | Vice President |
| | W. L. Barry | Vice President |
| | G. Suiter | Secretary and Treasurer |
| | W. K. Jackson | Assistant Secretary—Treasurer |
| | M. G. Henschel | Director |
| | L. A. Swingle | Director |
| 1977 | F. W. Franz | President |
| | M. G. Henschel | Vice President |
| | W. L. Barry | Vice President |
| | G. Suiter | Secretary and Treasurer |
| | W. K. Jackson | Assistant Secretary—Treasurer |
| | L. A. Swingle | Assistant Secretary—Treasurer |
| | J. C. Booth | Director |
| 1978 | F. W. Franz | President |
| | M. G. Henschel | Vice President |
| | W. L. Barry | Vice President |
| | G. Suiter | Secretary and Treasurer |
| | W. K. Jackson | Assistant Secretary—Treasurer |
| | L. A. Swingle | Assistant Secretary—Treasurer |
| | J. C. Booth | Director |
| 1979 | F. W. Franz | President |
| | M. G. Henschel | Vice President |
| | W. L. Barry | Vice President |
| | G. Suiter | Secretary and Treasurer |
| | W. K. Jackson | Assistant Secretary—Treasurer |
| | L. A. Swingle | Assistant Secretary—Treasurer |
| | J. C. Booth | Director |
| 1980 | F. W. Franz | President |
| | M. G. Henschel | Vice President |
| | W. L. Barry | Vice President |
| | G. Suiter | Secretary and Treasurer |
| | W. K. Jackson | Assistant Secretary—Treasurer |
| | L. A. Swingle | Assistant Secretary—Treasurer |
| | J. C. Booth | Director |

Defendant Watch Tower Bible and Tract Society of New York, Inc.'s Third Supplemental Responses to
Plaintiffs' First Set of Jurisdictional Discovery - 5

| 1981 | F. W. Franz | President |
| | M. G. Henschel | Vice President |
| | W. L. Barry | Vice President |
| | G. Suiter | Secretary and Treasurer |
| | W. K. Jackson | Assistant Secretary—Treasurer |
| | L. A. Swingle | Assistant Secretary—Treasurer |
| | J. C. Booth | Director |
| | | |
| 1982 | F. W. Franz | President |
| | M. G. Henschel | Vice President |
| | W. L. Barry | Vice President |
| | G. Suiter | Secretary and Treasurer |
| | L. A. Swingle | Assistant Secretary—Treasurer |
| | J. E. Barr | Assistant Secretary—Treasurer |
| | J. C. Booth | Director |
| | | |
| 1983 | F. W. Franz | President |
| | M. G. Henschel | Vice President |
| | W. L. Barry | Vice President |
| | G. Suiter | Secretary and Treasurer |
| | L. A. Swingle | Assistant Secretary—Treasurer |
| | J. E. Barr | Assistant Secretary—Treasurer |
| | J. C. Booth | Director |
| | | |
| 1984 | F. W. Franz | President |
| | M. G. Henschel | Vice President |
| | W. L. Barry | Vice President |
| | L. A. Swingle | Secretary and Treasurer |
| | J. E. Barr | Assistant Secretary—Treasurer |
| | J. C. Booth | Assistant Secretary—Treasurer |
| | T. Jaracz | Assistant Secretary—Treasurer |
| | | |
| 1985 | F. W. Franz | President |
| | M. G. Henschel | Vice President |
| | W. L. Barry | Vice President |
| | L. A. Swingle | Secretary and Treasurer |
| | J. E. Barr | Assistant Secretary—Treasurer |
| | J. C. Booth | Assistant Secretary—Treasurer |
| | T. Jaracz | Assistant Secretary—Treasurer |

1986   F. W. Franz          President
       M. G. Henschel       Vice President
       W. L. Barry          Vice President
       L. A. Swingle        Secretary and Treasurer
       J. E. Barr           Assistant Secretary—Treasurer
       J. C. Booth          Assistant Secretary—Treasurer
       T. Jaracz            Assistant Secretary—Treasurer

1987   F. W. Franz          President
       M. G. Henschel       Vice President
       W. L. Barry          Vice President
       L. A. Swingle        Secretary and Treasurer
       J. E. Barr           Assistant Secretary—Treasurer
       J. C. Booth          Assistant Secretary—Treasurer
       T. Jaracz            Assistant Secretary—Treasurer

1988   F. W. Franz          President
       M. G. Henschel       Vice President
       W. L. Barry          Vice President
       L. A. Swingle        Secretary and Treasurer
       J. E. Barr           Assistant Secretary—Treasurer
       J. C. Booth          Assistant Secretary—Treasurer
       T. Jaracz            Assistant Secretary—Treasurer

1989   F. W. Franz          President
       M. G. Henschel       Vice President
       W. L. Barry          Vice President
       L. A. Swingle        Secretary and Treasurer
       J. E. Barr           Assistant Secretary—Treasurer
       J. C. Booth          Assistant Secretary—Treasurer
       T. Jaracz            Assistant Secretary—Treasurer

1990   F. W. Franz          President
       M. G. Henschel       Vice President
       W. L. Barry          Vice President
       L. A. Swingle        Secretary and Treasurer
       J. E. Barr           Assistant Secretary—Treasurer
       J. C. Booth          Assistant Secretary—Treasurer
       T. Jaracz            Assistant Secretary—Treasurer

| 1991 | F. W. Franz | President |
|------|-------------|-----------|
|      | M. G. Henschel | Vice President |
|      | W. L. Barry | Vice President |
|      | L. A. Swingle | Secretary and Treasurer |
|      | J. E. Barr | Assistant Secretary—Treasurer |
|      | J. C. Booth | Assistant Secretary—Treasurer |
|      | T. Jaracz | Assistant Secretary—Treasurer |

| 1992 | F. W. Franz | President |
|------|-------------|-----------|
|      | M. G. Henschel | Vice President |
|      | W. L. Barry | Vice President |
|      | L. A. Swingle | Secretary and Treasurer |
|      | J. E. Barr | Assistant Secretary—Treasurer |
|      | J. C. Booth | Assistant Secretary—Treasurer |
|      | T. Jaracz | Assistant Secretary—Treasurer |

**FIRST SUPPLEMENTAL ANSWER**: Without waiving any previously asserted objections, WTNY's original Answer included responsive information.

**INTERROGATORY NO. 3**: Please identify each corporate officer (e.g. Chief Executive Officer, Chief Financial Officer, etc.) by year, for WTNY between 1970 and present.

**ORIGINAL ANSWER**: Objection. Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. Subject to and without waiving this objection: See Response to Interrogatory No. 2.

**FIRST SUPPLEMENTAL ANSWER**: Without waiving any previously asserted objections, WTNY's original Answer included responsive information.

**INTERROGATORY NO. 4**:  Please identify all members of the board of directors of WTNY, by year, between 1970 and present.

**ORIGINAL ANSWER**:  Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper.  Subject to and without waiving this objection: See Response to Interrogatory No. 2. Each person identified there as an executive officer also served as a director.

**FIRST SUPPLEMENTAL ANSWER**: Without waiving any previously asserted objections, WTNY's original Answer included responsive information.

**INTERROGATORY NO. 5**:  Please identify the headquarters address for WTNY, by year, between 1970 and present

**ORIGINAL ANSWER**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Interrogatory is improper. Subject to and without waiving this objection:

**1973-1981**: 124 Columbia Heights Brooklyn, New York, 11201, U.S.A.

**1982-1992**: 25 Columbia Heights Brooklyn, New York, 11201, U.S.A.

**FIRST SUPPLEMENTAL ANSWER**: Without waiving any previously asserted objections, WTNY's original Answer included responsive information.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:  Please produce all documents that include solicitations of donations from Jehovah's Witnesses to WTNY.

**ORIGINAL RESPONSE**: Objection. This request is vague and ambiguous as to the term "solicitations of donations from Jehovah's Witnesses to WTNY." Subject to and without waiving this objection: None.

**FIRST SUPPLEMENTAL RESPONSE**: Without waiving any previously asserted objections, WTNY's original Response confirmed the Response is none, as no such documents exist.

**REQUEST FOR PRODUCTION NO. 2**:  For each year between 1970-1995 for WTNY, please produce year-end balance sheets, annual profit and loss (aka "P&L") and/or income statement, and any document that includes any consolidation of financial information for either WTPA and WTNY corporation.

**ORIGINAL RESPONSE**:  Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.

WTNY also objects on grounds this Request for Production seeks financial information, which is improper at this time.  Indeed, Plaintiffs are not entitled to financial information regarding WTNY unless Plaintiffs' claims can survive summary judgment. *Corp. Air v. Edwards Jet Center*, 2008 MT 283, ¶ 54, 345

Mont. 336, 190 P.3d 1111.  If Plaintiffs' claims for punitive damages survive summary judgment, WTNY will move the Court for a protective order implementing appropriate limits on Plaintiffs' request for WTNY's financial information, as well as safeguard WTNY's privacy interests.  *See, e.g., Ray v. Connell*, 2015 WL 11236594, *2 (Mont. Thirteenth Jud. Dist. Ct. 2015); *In re Bergeson*, 112 F.R.D. 692, 696 (D. Mont. 1986); *Todd v. AT&T Corp.*, 2017 WL 1398271, *2 (N.D. Cal. 2017); and *Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 855831 (N.D. Cal. 2011).

**FIRST SUPPLEMENTAL RESPONSE**:  Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.

Notwithstanding said objection and notwithstanding WTNY's other objections stated in its original Response, pursuant to the Court's March 23, 2021 Orders Granting Unopposed Motion for Entry of Stipulated Protective Order (Doc. 51 in the *Caekaert* matter and Doc. 41 in the *Rowland* matter), wherein the Court agreed to and entered the Stipulated Protective Orders Plaintiffs and both WTNY and co-Defendant WTPA agreed to (Doc. 50-1 in the *Caekaert* matter and Doc. 40-1 in the *Rowland* matter), as well as correspondence between counsel (i.e., letter from Plaintiffs' counsel dated January 26, 2021; letter dated February 12, 2021 to Plaintiffs' counsel; and letter dated March 10, 2021 from Plaintiffs' counsel),

please see WTNY 000092-000195, attached.  Such documents constitute "Confidential Information" as set forth in the Stipulated Protective Orders and are therefore subject to the terms of the Stipulated Protective Orders (Doc. 50-1 in the *Caekaert* matter and Doc. 40-1 in the *Rowland* matter), which terms are incorporated herein by reference.

    **SECOND SUPPLEMENTAL RESPONSE**: Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper.

    Notwithstanding said objection and notwithstanding WTNY's other objections stated in its original Response (as well as WTNY's First Supplemental Response), pursuant to the Court's March 23, 2021 Orders Granting Unopposed Motion for Entry of Stipulated Protective Order (Doc. 51 in the *Caekaert* matter and Doc. 41 in the *Rowland* matter), wherein the Court agreed to and entered the Stipulated Protective Orders Plaintiffs and both WTNY and co-Defendant WTPA agreed to (Doc. 50-1 in the *Caekaert* matter and Doc. 40-1 in the *Rowland* matter), as well as correspondence between counsel (i.e., letter from Plaintiffs' counsel dated January 26, 2021; letter dated February 12, 2021 to Plaintiffs' counsel; letter dated March 10, 2021 from Plaintiffs' counsel; and correspondence following WTNY's First Supplemental Responses to Plaintiffs' First Set of Jurisdictional Discovery to WTNY), please see the attached "notes" Plaintiffs requested in an e-

mail dated April 2, 2021, WTNY 000196-000210. Please note WTNY has conducted a diligent search for the requested "notes" and could only locate the attached WTNY 000196-000210. Such documents constitute "Confidential Information" as set forth in the Stipulated Protective Orders and are therefore subject to the terms of the Stipulated Protective Orders (Doc. 50-1 in the *Caekaert* matter and Doc. 40-1 in the *Rowland* matter), which terms are incorporated herein by reference.

**THIRD SUPPLEMENTAL RESPONSE**: Without waiving any previously asserted objections, responsive documents have previously been produced as WTNY000092-000195 and WTNY000196-000210. Such documents constitute "Confidential Information" as set forth in the Stipulated Protective Orders and are therefore subject to the terms of the Stipulated Protective Orders (Doc. 50-1 in the *Caekaert* matter and Doc. 40-1 in the *Rowland* matter), which terms are incorporated herein by reference.

**REQUEST FOR PRODUCTION NO. 3**: Please produce all lists of holders of stock in WTNY between 1970 and the present.

**ORIGINAL RESPONSE**: Objection. Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper. Subject to and without waiving this objection: None.

**FIRST SUPPLEMENTAL RESPONSE**: Without waiving any previously asserted objections, WTNY's original Response confirmed the Response is none, as no such documents exist.

**REQUEST FOR PRODUCTION NO. 4**: Please produce all versions of the articles of incorporation of WTNY in effect between 1970 and the present.

**ORIGINAL RESPONSE**: Objection. Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Production is improper. Subject to and without waiving this objection: See documents bates-numbered WTNY000001-000013.

**FIRST SUPPLEMENTAL RESPONSE**: Without waiving any previously asserted objections, WTNY's original Response included responsive information.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**: Please admit that at all times between 1970 and the present, WTNY works and has worked under the direction of the faithful and discrete slave class and its Governing Body.

**ORIGINAL RESPONSE**: Objection. Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Admission is improper. This request is also ambiguous as to the term "worked under the direction" and unintelligible as to the term "its Governing Body." Subject to and without waiving these objections, Responding Defendant

denies to extent that this Request suggests some type of legal control/oversight over WTNY by anyone other than its board of directors.

**FIRST SUPPLEMENTAL RESPONSE**: Without waiving any previously asserted objections, WTNY's original Response confirmed the Response is denied to the extent explained therein.

**REQUEST FOR ADMISSION NO. 2**:  Please admit that WTNY currently has custody or control over the Jehovah's Witness database of documents relating to child abuse at all times by Jehovah's Witnesses in the United States.

**ORIGINAL RESPONSE**: Objection: This request is unintelligible as to the term "Jehovah's Witness database." Subject to and without waiving this objection: Denied.

**FIRST SUPPLEMENTAL RESPONSE**: Without waiving any previously asserted objections, WTNY's original Response confirmed the Response is denied.

**REQUEST FOR ADMISSION NO. 3**:  Please admit that between about 1939 and about 1956, WTNY had the name Watch Town Bible and Tract Society, Inc.

**ORIGINAL RESPONSE**:  Objection.  Please refer to the General Objection, above, for an explanation as to why the time period requested in this Request for Admission is improper.  Subject to and without waiving this objection: Denied.

**FIRST SUPPLEMENTAL RESPONSE**: Without waiving any previously

asserted objections, WTNY's original Response confirmed the Response is denied.

DATED this 21ˢᵗ day of September, 2021.

By: _Jon A. Wilson_____

Guy W. Rogers / Jon A. Wilson /
Brett C. Jensen
BROWN LAW FIRM, P.C.
*Attorneys for Defendants Watchtower*
*Bible and Tract Society of New York,*
*Inc., and Watch Tower Bible and*
*Tract Society of Pennsylvania*

## **VERIFICATION**

Thomas Jefferson, Jr., states that he has read the foregoing *(Defendant WTNY's Third Supplemental Responses to Plaintiffs' First Set of Jurisdictional Discovery)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers.  Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

Thomas Jefferson, Jr.

Dated: _____9/17/2021_____

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 21st, 2021, a copy of the foregoing

*(Defendant WTNY's Third Supplemental Responses to Plaintiffs' First Set of*

*Jurisdictional Discovery)* was served on the following person(s):

1.      U.S. District Court, Billings Division

2.      Robert L. Stepans
      Ryan R. Shaffer
      James C. Murnion
      MEYER, SHAFFER & STEPANS, PLLP
      430 Ryman Street
      Missoula, MT 59802

3.      Bruce G. Mapley Sr.
      3905 Caylan Cove
      Birmingham, AL 35215

by the following means:

| | | |
|---|---|---|
| _____ CM/ECF | _____ Fax | |
| _____ Hand Delivery | _____ E-Mail | |
| __2-3___ U.S. Mail | _____ Overnight Delivery Services | |

By: _____

      Guy W. Rogers / Jon A. Wilson /
      Brett C. Jensen
      BROWN LAW FIRM, P.C.
      *Attorneys for Defendants Watchtower*
      *Bible and Tract Society of New York,*
      *Inc., and Watch Tower Bible and*
      *Tract Society of Pennsylvania*