*Exhibit A*

HON. JAMES A. MANLEY
20th Judicial District Court
Lake County Courthouse
106 Fourth Avenue East
Polson, MT 59860
(406) 883-7250

FILED Aug. 30 2018
Candace Fisher
SANDERS COUNTY CLERK OF DISTRICT COURT
BY _____ DEPUTY

## MONTANA TWENTIETH JUDICIAL DISTRICT COURT, SANDERS COUNTY

| | |
|---|---|
| ALEX NUNEZ and HOLLY McGOWAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YOUR, INC.; WATCHTOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, INC.; CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES and THOMPSON FALLS CONGREGATION OF JEHOVAH'S WITNESSES,<br><br>    Defendants.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.; CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES and THOMPSON FALLS CONGREGATION OF JEHOVAH'S WITNESSES,<br><br>    Third-Party Plaintiffs,<br><br>vs.<br><br>MAXIMO NAVA REYES, MARCO NUNEZ, IVY MCGOWAN-CASTLEBERRY,<br><br>    Third-Party Defendant. | Cause No. DV-16-84<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CLAIMS BROUGHT BY ALEXIS NUNEZ OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY ADJUDICATION OF INDIVIDUAL CLAIMS** |

1

107

## ORDER

Defendants' *Motion for Partial Summary Judgment as to Claims Brought by Alexis Nunez or, In the Alternative, Motion for Summary Adjudication of Individual Claims* is **DENIED**.

## RATIONALE

Generally, as it concerns this case, existence of a duty between 1998-2004 is a question of fact left to the jury. Genuine issues of material fact exist between the years 1998-2004. Plaintiff alleges reports, of abuse of Holly McGowan by Max Reyes, were made to Defendants in 1998. There remains an undisputed report of abuse that occurred in 2004, which will be discussed later. Plaintiffs allege that Holly McGowan went to Don Herberger's home and reported abuse by Max Reyes. Plaintiffs state that Holly McGowan believed Don Herberger was an Elder of the local congregation. Defendants deny 1.) that in 1998 a report of abuse on Holly McGowan by Max Reyes was reported to Don Herberger and 2.) Don Herberger was an Elder of the local congregation at the time the Plaintiffs allege the report occurred. A jury must decide if 1.) the abuse of Holly McGowan was reported in 1998 to Don Herberger and 2.) Don Herberger was an Elder in the local congregation at the time the Plaintiffs allege the report occurred. If the jury decides that Don Herberger was an Elder in the local congregation, then as a matter of law this Court finds Elders in the local congregation are members of the clergy, as defined by Mont. Code Ann. 15-6-201(2)(b)(ii), because similar Elders in the local congregation had authority to perform substantial religious duties of the church when they investigated, excommunicated in 2004, and reinstated Max Reyes in 2005. If the jury finds Don Herberger was an Elder in the local congregation at the time abuse of Holly McGowan by Max Reyes was reported in 1998, then as a matter of law this Court finds that Don Herberger was an agent of Defendants and Defendants breached their duty to report created by Mont. Code. Ann. § 41-3-201(2)(h). The question to the jury then will be what damages to award.

Regarding the report in 2004, this court finds no genuine issue of material fact as to whether a report was made to members of the clergy, agents of Defendants. Defendants failed to report as mandated by Mont. Code Ann. § 41-3-201(2)(h). Defendants are liable for the harm of Alexis Nunez caused by Max Reyes after the 2004 report of abuse, as a matter of law. The question left to the jury is what is the appropriate amount of damages to award Alexis Nunez.

IT IS SO ORDERED.

DATED this **30**th day of August, 2018.

                                                Hon. James A Manley
                                                District Judge

cc: James P. Molloy, Co-Counsel for Plaintiffs Alexis Nunez and Holly McGowen
    D. Neil Smith, Co-Counsel for Plaintiffs Alexis Nunez and Holly McGowen
   Kathleen L. DeSotto / Tessa A. Keller, Co-Counsel for Defendant and Third-Party Plaintiffs Watchtower Bible and Tract Society of New York, Inc., Christian Congregation of Jehovah's Witnesses, and Thompson Falls Congregation of Jehovah's Witnesses
   Joel M. Taylor, Co-Counsel for Defendant and Third-Party Plaintiffs Watchtower Bible and Tract Society of New York, Inc., Christian Congregation of Jehovah's Witnesses, and Thompson Falls Congregation of Jehovah's Witnesses
   Mathew M. Stevenson / David M. Maldonado, Attorneys for Third-Party Defendant Maximo Nava Reyes
   Matthew McKeon, Attorney for Third-Party Defendant Ivy McGowan-Castleberry
08/20/18 SCB