| | |
|---|---|
| Robert L. Stepans | Matthew L. Merrill (appearing *pro hac vice*) |
| Ryan R. Shaffer | Merrill Law, LLC |
| James C. Murnion | 1401 Delgany St. #404 |
| Victoria K.M. Gannon | Denver, CO  80202 |
| Meyer, Shaffer & Stepans, PLLP | Tel: (303) 947-4453 |
| 430 Ryman Street | matthew@merrillwaterlaw.com |
| Missoula, MT  59802 | |
| Tel: (406) 543-6929 | |
| Fax: (406) 721-1799 | |
| rob@mss-lawfirm.com | |
| ryan@mss-lawfirm.com | |
| james@mss-lawfirm.com | |
| katy@mss-lawfirm.com | |

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | Case No. CV-20-52-BLG-SPW |
| Plaintiffs, | **PLAINTIFFS' STATEMENT OF DISPUTED FACTS RE: WTNY'S AND WTPA'S JOINT MOTION FOR SUMMARY JUDGMENT (ECF NO. 346)** |
| vs. | |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA., | |
| Defendants, | |

Plaintiffs submit the following Statement of Disputed Facts re: Defendants

Watchtower Bible and Tract Society of New York, Inc.'s ("WTNY") and Watch

Tower Bible and Tract Society of Pennsylvania's ("WTPA") Joint Motion for Summary Judgment (ECF No. 346).

## PLAINTIFFS' RESPONSES TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS

1. Plaintiffs Tracy Caekaert and Camilla Mapley identify Bruce Mapley, Sr., and Gunnar Hain as their alleged sexual abusers. *See* Tracy Caekaert's Ans. to WTNY's Int. No. 1; Camillia Mapley's Ans. to WTNY's Int. No. 1.

   a. **Plaintiffs' position: <u>Undisputed.</u>**

   b. Evidence obtained since Plaintiffs' Complaints were filed establishes that Hain and Mapley confessed to abusing Plaintiffs. In fact, Defendants have withheld evidence based on the existence of such confessions. It is therefore undisputed that the abuse alleged in the Complaints occurred and it is not mere allegations.

2. Plaintiff Tracy Caekaert was born on May 21, 1966. Depo. Tracy Caekaert 11:25-12:3 (Feb. 9, 2023).

   a. **Plaintiffs' position: <u>Undisputed</u>**

3. Plaintiff Camillia Mapley was born on June 2, 1968. Depo. Camillia Mapley 12:25-13:1 (Nov. 29, 2022).

   a. **Plaintiffs' position: <u>Undisputed</u>**

4. Plaintiffs Tracy Caekaert and Camilla Mapley, along with their parents Bruce Mapley, Sr., and Shirley Gibson joined the Hardin Congregation of

Plaintiffs' Statement of Disputed Facts: re
**WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
2

Jehovah's Witnesses ("Hardin Congregation") in around 1973. *See* First Amended Complaint and Demand for Jury Trial ("FAC") (Doc. 22) at ¶ 33; Ex. C, Depo. Caekaert at 36:2-5; Ex. D, Depo. Mapley at 35:17-25.

    a. **Plaintiffs' position: <u>Disputed at Written.</u>**

    b. **Undisputed** as to the parts of the statement related to Bruce Mapley, Sr., and Shirley Gibson.

    c. **Disputed** as to Plaintiffs, who did not have the agency or capacity to join the Hardin Congregation in 1973.

5.     Plaintiffs allege that, at the time they joined the Hardin Congregation, their father Bruce Mapley, Sr., had been abusing them approximately twice per week for several years. *See* Doc. 22, FAC at ¶ 34; Ex. C, Depo. Caekaert at 83:9-22. The alleged abuse occurred at the Mapleys' private residence or in other private homes. *Id*. *See also* Ex. A, Tracy Caekaert's Ans. to WTNY's Int. No. 2 (identifying abuse timeframe as 1971-1983); Ex. B, Camillia Mapley's Ans. to WTNY's Int. No. 2 (identifying abuse timeframe as 1971-1983); Ex. C, Depo. Caekaert at 84:23-85:8; Ex. D, Depo. Mapley at 56:9-16.

    a. **Plaintiffs' position: <u>Disputed as Written.</u>**

    b. **Undisputed** as the statement relates to Plaintiff Caekaert.

    c. **Disputed** as the statement relates to Plaintiff Mapley who testified that she is unsure of the frequency of the abuse prior to the Mapley

**Plaintiffs' Statement of Disputed Facts: re**
**WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
3

family joining the Hardin Congregation. Ex. A, Mapley Dep., 56:9–20.

6. Plaintiffs allege Gunnar Hain abused Plaintiffs in his private residence in about 1976 or 1977. *See* Doc. 22, FAC at ¶ 36. *See also* Tracy Caekaert's Ans. to WTNY's Int. No. 2 (identifying abuse timeframe as 1975-1977); Camillia Mapley's Ans. to WTNY's Int. No. 2 (identifying abuse timeframe as 1975-1977). Tracy Caekaert and Camilla Mapley were allegedly abused by Gunnar Hain a single time. *See* Ex. C, Depo. Caekaert at 112:18-20; Ex. D, Depo. Mapley at 112:23-25.

    a. **Plaintiffs' position: <u>Undisputed.</u>**

    b. Plaintiffs' mother, Shirley Gibson, testified that Hain's abuse occurred during 1977. Ex. B, Gibson Dep., 60:18–63:6.

7. Gunnar Hain's relationship with the Mapley family arose from a friendship between him and Bruce Mapley, Sr. *See* Ex. C, Depo. Caekaert at 68:20-22.

    a. **Plaintiffs' position: <u>Disputed</u>**

    b. This statement misconstrues the testimony the Defendants are citing to, which simply states that Mapley and Hain were friends and would attend congregation related things outside of the church. The testimony actually establishes that the Mapley family's

**Plaintiffs' Statement of Disputed Facts: re**
**WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
4

relationship with the Hain's "arose" when the Hain's were performing their door-to-door proselytizing as members of the Jehovah's Witnesses and knocked on the Mapley's door. *See* Ex. C, Caekaert Dep., 82:14–83:8.

8. Gunnar Hain, Bruce Mapley, Sr., Tracy Caekaert, and Camilla Mapley are the only known eyewitnesses to the alleged abuse. *See* Ex. C, Depo. Caekaert at 88:21-25. *Accord* Ex. D, Depo. Mapley at 87:16-88:7 (additionally identifies Gunnar's daughter Rhonda Hain Klessens Bell as an eyewitness).

    a. **Plaintiffs' position: <u>Disputed</u>**

    b. The evidence establishes that Rhonda Klessens Bell was an eyewitness to the abuse of Tracy Caekaert and Camillia Mapley by Gunnar Hain, which Defendants seemingly recognize. Ex. D, Mapley's Ans. to WTNY's Interrog. No. 6; Ex. E, Caekaert's Ans. to WTNY's Interrog. No. 6.

    c. The evidence also establishes that Camillia Mapley and Tracy Caekaert witnessed the abuse of one another by Bruce Mapley, Sr., and that Bruce Mapley Jr., also possibly witnessed this abuse. Ex. D, Mapley's Ans. to WTNY's Interrog. No. 6; Ex. E, Caekaert's Ans. to WTNY's Interrog. No. 6.

**Plaintiffs' Statement of Disputed Facts: re
WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
5

    d. The evidence is also unambiguous that both Hain and Mapley Sr admitted to the abuse, so to the extent that this Statement is intended to make it seem like the Plaintiffs' allegations of sex abuse are uncorroborated or unconfirmed, it is untrue and disputed. Ex. F, CCJW000010–12; Ex. B, Gibson Dep., 60:18–63:24.

9. None of the alleged abuse by Bruce Mapley, Sr., or Gunnar Hain occurred on property owned or controlled by the Hardin Congregation, WTNY, or WTPA. *See* Ex. A, Tracy Caekaert's Ans. to WTNY's Int. No. 4; Ex. B, Camillia Mapley's Ans. to WTNY's Int. No. 4; Tracy Caekaert's Resp. to WTPA's RFA No. 1; Camillia Mapley's Resp. to WTPA's RFA No. 1.

    a. **Plaintiffs' position: <u>Undisputed.</u>**

10. Plaintiffs were not abused during the course of activities sanctioned by the Hardin Congregation, WTNY, or WTPA. Ex. D, Depo. Mapley at 114:15-116:2.

    a. **Plaintiffs' position: <u>Undisputed.</u>**

### ADDITIONAL FACTS RELIED ON BY PLAINTIFFS

11. For purposes of liability and agency there was no distinction between WTNY and WTPA during the relevant time-period. *See generally* Pls.' Mot. for PSMJ re: WTPA/WTNY Joint Venture, Br. in Supp., and SUF,

**Plaintiffs' Statement of Disputed Facts: re**
**WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
6

ECF Nos. 350–52; Pls.' Br. in Resp and SDF re: WTPA's MSJ re: Vicarious Liability, ECF Nos. 377, 378.

12. For all times material, WTNY and WTPA worked in concert to manage and oversee the operation of all local congregations in the United States, including the Hardin Congregation. Pls. SUF in Supp. of MPSJ re: Hardin Elders Agents of Joint Enterprise between WTNY and WTPA, ¶¶ 5–7, ECF No. 352 (hereinafter "Pls.' SUF re: JV").

13. For all material times, WTNY and WTPA worked in concert to write, publish, disseminate, teach, and enforce policies and procedures to be implemented and followed at local congregations in the United States, including policies and procedures that governed how local congregations were to handle reports of child sex abuse. Pls.' SUF re: JV, ¶ 7b.

14. At all times relevant to this case, WTNY and WTPA worked in concert with each other to train and instruct the Hardin Elders on how to handle matters of serious sin, including child sex abuse. Pls.' SUF re: JV, ¶ 7a–e.

15. At all times relevant to this case, all Elders in Hardin, Montana were appointed and controlled by WTNY and a joint enterprise between WTNY/WTPA.

**Plaintiffs' Statement of Disputed Facts: re**
**WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
7

a. The Hardin Congregation was established in 1971 with the approval of WTNY.  Pls.' SUF re: Hardin Elders are Agents of WTNY, ¶ 7a, ECF No. 341 (hereinafter "Pls.' SUF re: WTNY").

b. Recommendations for the position of Elder in Hardin were sent to WTNY for approval by the Governing Body and WTNY and then sent back to Hardin.  Pls.' SUF re: WTNY, ¶ 7b.

c. Newly appointed elders were instructed by WTNY to become familiar with their duties as outlined in the WTNY/WTPA publications provided to them by WTNY.  Pls.' SUF re: WTNY, ¶ 7c.

d. Elders in the Hardin Congregation learned how to perform their various duties from WTNY/WTPA publications, "All Bodies of Elders" letters, and trainings/schools, all of which were provided to/for them by WTPA/WTNY.  Pls.' SUF re: WTNY, ¶ 7d.

e. Hardin Congregation elders were appointed to, *inter alia*, investigate and handle wrongdoing within their congregation pursuant to the written policies set forth in WTPA/WTNY publications and letters.  Pls.' SUF re: WTNY, ¶ 7e.

f. The elders and other officials of the Hardin Congregation for all years material to this case could only be removed against their will

**Plaintiffs' Statement of Disputed Facts: re**
**WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
8

by the Service Department acting through WTNY.  Pls.' SUF re: WTNY, ¶ 7f.

g. The Hardin Congregation follows the direction from the top of the Organization's hierarchy, whether communicated by a WTPA Circuit Overseer, the Service Department, the "branch", WTNY or otherwise.  Pls.' SUF re: WTNY, ¶ 7g.

h. The elders of the Hardin Congregation in the mid-seventies attended Kingdom Ministry School, where they learned their duties as Elders.  Pls.' SUF re: WTNY, ¶ 7h.

16. Defendants developed and instituted policies that members of all local congregations are required to follow and these policies effectively supplanted secular law and authority.  Pls.' SUF re: JV, ¶ 7a–e.

17. These policies include, *inter alia*:

   a. congregation members are to bring all matters of wrongdoing (including allegations of child sex abuse) to the elders for investigation and resolution by the body of elders; (2) to keep all such matters confidential; and (3) if secular law and Jehovah's Witnesses' policies conflicted, to follow Jehovah's policies.  Ex. G, 1977 *Pay Attention to Yourselves and to All the Flock.*, 65, 89; Ex. H, 1972 *Kingdom Ministry School Course*, 18, 91–93; Ex. I,

**Plaintiffs' Statement of Disputed Facts: re**
**WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
9

April 1, 1971 *Watchtower*, 223; *see also* Ex. J, 1989 All Bodies of Elders Letter, 2 (citing pre-1979 policies); Ex. K, James Rowland Dep., 130:15–131:7; Ex. L, Lovett Dep., 72:20–74:15, 147:19–24; 202:8–212:5; Ex. M, Steele Aff., ¶¶ 7–14; Ex. B, Gibson Dep., 67:6–18.

b. When investigating allegations of child sex abuse, congregation elders shall employ the specific "judicial process" set forth by Defendants. Ex. N, WTNY 30(b)(6) Jefferson Dep., 172:8–173:7.

c. Congregation elders are vested and charged with the authority of investigating and determining whether allegations of child sex abuse are proven or not and when making such determination are required to apply Defendants policies. Pls.' SUF re: WTNY, ¶ 7e.

d. When investigating allegations of child sex abuse, congregation elders are to determine such accusations are not true unless the alleged perpetrator confesses or there are two witnesses to the abuse. Ex. O, Fraser Dep., 20:15–21:2, Ex. N, WTNY 30(b)(6) Jefferson Dep., 182:22–183:11, Ex. P, *Nunez* Trans. Vol. I at 199:3–203:14, 211:23–213:24.

e. When investigating allegations of child sex abuse, a refusal by the alleged victim to confront the alleged perpetrator can be used as a

**Plaintiffs' Statement of Disputed Facts: re**
**WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
10

basis to conclude that the abuse did not happen. Ex. Q, Ltr. from Hardin Congregation to CCJW; Ex. L, Lovett Dep., 213:8–216:14;[1] Ex. R, Memo. of Record Svenson; Ex. S, 1981 *Pay Attention to Yourselves and to All the Flock*, 163.

   f. When investigating allegations of child sex abuse, congregation elders are to determine if the alleged victim's memories of the abuse are the result of "demons" or can be characterized as "repressed" memories, and if so, the elders can conclude that the abuse did not happen. *See, e.g.,* Ex. T, Ltr. from Kufner to Hardin Congregation.

   g. Upon completion of their investigation, if the congregation elders conclude that the abuse did happen, they are vested with discretion on how to address the abuse, but they are under a duty to keep the things they learned confidential, including keeping known child sex abuse secret from secular authorities and other people in the congregation and surrounding community. Ex. U, Hiebert Dep., 85:8–87:10, Ex. P, *Nunez* Trans. Vol. I, 211:23–213:24.

---

[1] Defendants' agent Lovett acknowledges that a policy of this nature exists. To the extent he says this policy does not apply to child sexual abuse, the documents suggest otherwise, and show that Hardin Elders were applying this policy in cases of child sexual abuse.

Plaintiffs' Statement of Disputed Facts: re
**WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
11

    h. Congregation Elders told members that they should not report child sexual abuse to secular authorities. Ex. O, Fraser Dep., 21:3–23:2, 71:1–12.

    i. Congregation elders and members are taught that failure to follow Jehovah's policies, including the confidentiality policy, will be judged by God. Ex. L, Lovett Dep., 202:24–204:7.

    j. Congregation members who fail to follow the Watchtower Protocols are disfellowshipped or disassociated and will be shunned. Ex. N, WTNY 30(b)(6) Jefferson Dep., 212:9–213:9.

    k. Congregation members understood that Elders were in a position of trust. Ex. V, July 20, 1998 BOE Letter; Ex. W, March 23, 1992 BOE Letter; Ex. J, July 1, 1989 BOE Letter.

18. Consistent with the Watchtower Protocols, upon becoming members of the Jehovah's Witness church Plaintiffs' families were taught by the Hardin Elders to bring all matters of concern, i.e. wrongdoing of others, including reports of child sex abuse, to the Congregation's elders. Ex. B, Gibson Dep., 67:6–18.

19. Prior to appointing local congregation elders, Defendants do not conduct any due diligence to determine whether they are fit to perform the duties delegated to them, including implementation of the Watchtower

**Plaintiffs' Statement of Disputed Facts: re**
**WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
12

protocols.  Ex. L, Lovett Dep., 232:4–234:2, 235:4–240:10, Ex. N, WTNY 30(b)(6) Jefferson Dep., 46:13–49:25.

20. After appointing local congregation elders, Defendants fail to provide them any training sufficient to properly perform their designated tasks. For instance:

   a. While Defendants designate the task of investigating accusations of child sex abuse to local congregation elders, they fail to provide adequate training for such a task, including proper interview and investigative techniques.  Ex. U, Hiebert Dep., 48:5–9

   b. Instead, Defendants train local congregation elders to effectively dismiss allegations of child sex abuse unless there is a confession, and even then, they are trained to keep such abuse confidential so that it will stay secret.  Ex. Q, Ltr. from Hardin Congregation to CCJW; Ex. L, Lovett Dep., 213:8–216:14;[2] Ex. R, Memo. of Record Svenson; Ex. S, 1981 *Pay Attention to Yourselves and to All the Flock*, 163;  Ex. O, Fraser Dep., 20:15–21:2, Ex. N, WTNY

---

[2] Defendants' agent Lovett acknowledges that a policy of this nature exists.  To the extent he says this policy does not apply to child sexual abuse, the documents suggest otherwise, and show that Hardin Elders were applying this policy in cases of child sexual abuse.

Plaintiffs' Statement of Disputed Facts: re
WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
13

    30(b)(6) Jefferson Dep., 182:22–183:11, Ex. P, *Nunez* Trans. Vol. I at 199:3–203:14, 211:23–213:24. Ex. U, Hiebert Dep., 85:8–87:10.

21. Elders of the Hardin Congregation learned that Gunnar Hain was molesting children as early as 1974.  Ex. K, James Rowland Dep., 150:25–152:2.

22. Elders of the Hardin Congregation knew that Gunnar Hain was molesting children by 1976.  Ex. X, Klessens Dep., 11:15–16:9.

23. In or around 1976, Hain's wife went to the Hardin elders and reported that Hain had sexually abused his daughter, C.K.. Ex. X, Klessens Dep., 11:15–16:9.

24. According to C.K., Hardin elders Harold Rimby and Martin Svenson came to her house to investigate the allegations.  Ex. X, Klessens Dep., 56:22–58:2; 60:6–63:25.

25. When told by C.K.'s mother that she wanted to divorce Hain, Rimby and Svenson said no, that was not permitted.  According to C.K., the Hardin elders reported the abuse to "New York" to determine what discipline should be administered to Hain.  Ex. X, Klessens Dep., 12:15–25, 34:9–35:15.

26. Svenson instructed Hain to move out of the family home for two weeks.  Ex. X, Klessens Dep., 56:22–58:2; 60:6–63:25.

**Plaintiffs' Statement of Disputed Facts: re
WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
14

27. Defendants Agents removed Hain from his home for a two-week period, in order to handle the situation.  Ex. X, Klessens Dep., 13:1–16:19.

28. During that two-week period, Hain lived with Svenson.  Ex. X, Klessens Dep., 12:15–21.

29. According to C.K., the Hardin elders did not report what they knew about Hain in 1976 to the police or take any other reasonable steps to prevent him from continuing to abuse C.K. or other girls within the Hardin Congregation, including Plaintiffs.  Instead, the elders told C.K. "not to talk about it."  Ex. X, Klessens Dep., 33:7–22.

30. Gunnar Hain confessed to abusing Plaintiffs and other young children within the Hardin Congregation no later than 1977.  Ex. F, CCJW000010–12, Ex. B, Gibson Dep., 61:19–62:11.

31. The elders of the Hardin Congregation never reported Gunnar Hain's abuse of minors to Montana secular authorities or took other reasonable steps to prevent future abuse, including the abuse of Plaintiffs.

32. Gunnar Hain was reinstated and placed into a position of authority in the Hardin Congregation after confessing to sexually abusing children.  Ex. B, Gibson Dep., 94:19–95:6.

Plaintiffs' Statement of Disputed Facts: re
WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
15

33. Gunnar Hain continued to sexually abuse children after his confession in 1977, including Plaintiffs.  Ex. Y, Schulze Dep., 84:4–85:2; Ex. Z, Ariane Rowland Dep., 55:2–17.

34. Bruce Mapley, Sr. repeatedly sexually abused Plaintiff Mapley from a time she is too young to remember to 1982.  Ex. A, Mapley Dep., 56:9–57:6.

35. Bruce Mapley, Sr. repeatedly sexually abused Plaintiff Caekaert from approximately 1971 to 1983.  Ex. C, Caekaert Dep., 84:3–87:5.

36. Bruce Mapley, Sr. confessed to sexually abusing Tracy Caekaert in front of Shirley Gibson, Harold Rimby, Tracy Caekaert, Camillia Mapley, and Bruce Mapley, Jr. Ex. B, Gibson Dep., 60:18–63:24.

37. Elders in the Hardin Congregation were aware Bruce Mapley, Sr. was molesting children as early as 1977 when they informed Plaintiffs' mother that both Mapley, Sr. and Hain had molested her daughter.  Ex. B, Gibson Dep., 60:17–64:10; *see also* Ex. C, Caekaert Dep., 95:12–96:17; *see also* Ex. K, James Rowland Dep., 185:16–19.

38. The elders of the Hardin Congregation never reported Bruce Mapley, Sr.'s abuse of children to Montana secular authorities or took other reasonable steps to prevent future abuse, including the abuse of Plaintiffs.

**Plaintiffs' Statement of Disputed Facts: re**
**WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
16

39. As instructed by the Watchtower Protocols, Plaintiffs' mother went to the Hardin Congregation's Kingdom Hall to discuss Hain's and Mapley's abuse with elder Rimby.  When Plaintiffs' mother stated that they should report Hain and Mapley, Sr. to secular authorities, Defendants' Hardin clergy told her no and that he would "take care of it."  Ex. B, Gibson Dep., 77:14–80:24, 177:21–178:3; Ex. AA, Gibson Aff., ¶ 5.

40. Mapley, Sr. was not disciplined in any way by the Hardin Elders upon confessing to sexually abusing children in the Hardin Congregation in 1977.  Ex. B, Gibson Dep., 60:18–61:16.

41. At the time the Hardin elders learned Plaintiffs had been sexually abused by Hain and Mapley, Sr. (1977) they were required to report what they knew to secular authorities.  Ex. BB, R.C.M. § 10-1304.

42. At all times relevant, Hardin Elders were acting within the scope of their jobs as persons in positions of authority that they were appointed to by WTNY and WTPA, when "handling" the allegations and confessions of child sexual abuse committed by Hain and Mapley, Sr. Ex. B, Gibson Dep., 64:1–17.

43. Upon learning that Hain had sexually abused Klessens, Defendants' local Hardin elders failed to report Hain to secular authorities or take any other reasonable action to prevent Hain from continuing to abuse young girls,

**Plaintiffs' Statement of Disputed Facts: re**
**WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
17

including Plaintiffs. Ex. X, Klessens Dep., 33:7–22; Ex. B, Gibson Dep., 94:19–95:6.

44. Upon learning that Mapley, Sr. had sexually abused Plaintiffs Defendants' local Hardin elders failed to report Mapley Sr. to secular authorities or take any other reasonable action to prevent Mapley, Sr. from continuing to abuse Plaintiffs. Ex. B, Gibson Dep., 60:18–61:16, 177:21–178:3; Ex. AA, Gibson Aff., ¶ 5.

45. At all times relevant to Defendants' Motion, they did not have a policy that local congregation elders were to comply with secular mandatory reporting laws. *See* Ex. J, 1989 BOE Letter; Ex. L, Lovett Dep., 142:4–25.

46. Plaintiffs and their mother relied on Jehovah's Witness protocols, policies, procedures, and the assurance of the Defendants' Agents in the Hardin to appropriately handle the allegations and subsequent confessions of Gunnar Hain and Mapley, Sr. to child sexual abuse. Ex. B, Gibson Dep., 64:1–23, 66:21–68:1, 78:21–80:24, 82:8–23, 174:16–175:3.

47. As a result of this reliance, Plaintiffs remained at risk and suffered harm. Ex. A, Mapley Dep., 56:9–57:6, Ex. C, Caekaert Dep., 84:3–87:5.

**Plaintiffs' Statement of Disputed Facts: re**
**WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
18

48. Mapley, Sr., not only continued to sexually abuse Camillia Mapley and Tracy Caekaert, but also sexually abused several other children in Jehovah's Witness Congregations. Ex. Y, Shulze Dep., 118:7–21; Ex. CC, Ltr. from Hardin Congregation to CCJW.

DATED this 9th day of May, 2024.

                           By: /s/ Ryan Shaffer
                                  Ryan R. Shaffer
                                  MEYER, SHAFFER & STEPANS PLLP

                                  *Attorneys for Plaintiffs*

**Plaintiffs' Statement of Disputed Facts: re**
**WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
19

# CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

**Plaintiffs' Statement of Disputed Facts: re
WTNY's & WTPA's Joint Motion for Summary Judgment (ECF No. 346)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
20