| | |
|---|---|
| Robert L. Stepans | Matthew L. Merrill (appearing *pro hac vice*) |
| Ryan R. Shaffer | Merrill Law, LLC |
| James C. Murnion | 1401 Delgany Street, #404 |
| Victoria K.M. Gannon | Denver, CO  80202 |
| Meyer, Shaffer & Stepans, PLLP | Tel: (303) 947-4453 |
| 430 Ryman Street | matthew@merrillwaterlaw.com |
| Missoula, MT  59802 | |
| Tel: (406) 543-6929 | |
| Fax: (406) 721-1799 | |
| rob@mss-lawfirm.com | |
| ryan@mss-lawfirm.com | |
| james@mss-lawfirm.com | |
| katy@mss-lawfirm.com | |

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | ) )  Case No. CV-20-52-BLG-SPW |
| Plaintiffs, | ) ) **PLAINTIFFS' REPLY BRIEF** |
| vs. | ) **IN SUPPORT OF MOTION** |
| | ) **FOR SANCTIONS RE:** |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA., | ) **DEPOSITIONS OF** ) **GARY BREAUX AND** ) **ALLEN SHUSTER** ) **(ECF NO. 362)** ) |
| Defendants, | ) ) |

Plaintiffs respectfully submit the following Reply Brief in support of their Motion for Sanctions Re: Depositions of Gary Breaux and Allen Shuster (ECF No. 362).

1. **Plaintiffs' preference was for a trial on the merits as provided by the Federal Rules of Civil Procedure.**

Plaintiffs' lawyers – who have repeatedly and intentionally subverted Plaintiffs ability to obtain discoverable evidence and have a trial on the merits – attempt to characterize Plaintiffs' Motion for Sanctions re: Depositions of Gary Breaux and Allen Shuster ("Plaintiffs' Motion") as an end run to a trial based on the merits. WTNY's Resp. in Opp'n at 2, ECF No. 374 (hereinafter "Resp. Br.").[1] Plaintiffs would certainly have preferred unobstructed discovery of the facts and the truth. WTNY's effort to couch itself as the victim of unfair motion practice is undermined by its conduct. Plaintiffs' present Motion is about one thing: WTNY's discovery obstruction.

2. **Obstruction during the Shuster and Breaux depositions had nothing to do with memory.**

When trying to prevent the Shuster and Breaux depositions from happening WTNY told the Court that they were critical "apex witnesses" with "heavy responsibilities" that have only increased in recent years. Def. WTNY's Resp. Br. in Opp'n to Pls.' Mot. to Compel Depos at 18, ECF No. 160. Now, after they perjured themselves on basic matters of present-tense knowledge, WTNY tells the Court it is because they cannot remember things. Resp. Br. at 5–7. WTNY's

---

[1] All pinpoint references are to the ECF generated page number.

**Plaintiffs' Reply Brief in Support of Motion for Sanctions re:**
**Depositions of Gary Breaux and Allen Shuster (ECF No. 362)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*

2

attempt to characterize deposition obstruction as a memory problem does not hold up:

- ➢ Breaux testifying that he was not experienced with, and had limited knowledge of, the U.S. Branch Committee (which he has been a member of for the last seventeen (17) years) had nothing to do with his memory;

- ➢ Shuster testifying that he was "not sure" who he reported to at the Service Department, when he has reported to Gary Breaux since at least 2012 and reports to him today, had nothing to do with his memory;

- ➢ Breaux, who is the current Vice President of CCJW, testifying that he is not in a position to explain what CCJW does, had nothing to do with his memory;

- ➢ Shuster testifying contrary to his own affidavit in this case regarding the Service Department's authority to use WTNY's letterhead had nothing to do with his memory;

- ➢ Shuster pretending not to understand what the words "appointed" and "policies" mean had nothing to do with his memory;

- ➢ Breaux using a prepared, stock refusal to answer questions had nothing to do with his memory; and

**Plaintiffs' Reply Brief in Support of Motion for Sanctions re:
Depositions of Gary Breaux and Allen Shuster (ECF No. 362)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
3

> ➢ Shuster offering non-responsive answers over thirty (30) times after the lawyer WTNY provided for him made an objection had nothing to do with his memory.

Plaintiffs' Motion does not seek sanctions for poor memories. It seeks sanctions for an intentional effort to obstruct deposition testimony that began well before the depositions started and continued through those depositions.

3. **The record supports the conclusion that WTNY and its lawyers are responsible for Shuster's and Breaux's obstruction.**

Shuster and Breaux are voting members of WTNY. Pls.' Br. in Supp. of Plaintiffs' Motion at 7, ECF No. 363 (citing sources). WTNY routinely designates both men as its representative. *Id*. at 7–8 (citing sources). WTNY's lawyers have always asserted control over Shuster and Breaux when WTNY determined it was in its interest to do so. For instance:

> ➢ In conjunction with WTPA's counsel, WTNY's lawyers demanded that all contact related to the Shuster and Breaux depositions go through them and never indicated that they had independent counsel. *See, e.g.,* Pls.' Br. in Supp. of Mot. to Strike at 4, ECF No. 249.

> ➢ According to WTNY's lawyers, they met with Shuster and Breaux about Plaintiffs' proposed depositions, determined what they knew, and then responded to Plaintiffs' counsel on Shuster and Breaux's behalf. *Id*. at 4–

**Plaintiffs' Reply Brief in Support of Motion for Sanctions re:
Depositions of Gary Breaux and Allen Shuster (ECF No. 362)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
4

- 6 (referencing an email from WTNY's counsel regarding Shuster and Breaux's knowledge).

- ➢ WTNY then drafted and filed briefs and declarations on behalf of Shuster and Breaux in an effort to stop their depositions. Def. WTNY's Resp. Br. in Opp'n to Pls.' Mot. to Compel Deps., ECF No. 160; Shuster Dec., ECF No. 160-1; Breaux Dec., ECF No.160-2.

- ➢ According to Shuster, it was the WTNY Legal Department that helped him draft the Declaration that WTNY's counsel then submitted to this Court when it was trying and stop his deposition. Ex. A, Shuster Dep. at 37:13–39:9 and Dep. Ex. 2.

- ➢ WTNY's lawyers demanded that Plaintiffs serve notices for the Shuster and Breaux depositions on WTNY. Pls.' Br. in Supp. of Mot. to Strike at 8–9, ECF No. 249 (referencing correspondence between counsel).

- ➢ WTNY then filed a second round of briefing on behalf of Shuster and Breaux. Def. WTNY's Mot. for Prot. Ord. and Br. in Supp., ECF Nos. 234, 235.

Then, without explanation, in June of 2023, WTNY asserted for the first time that Margaret Korgul represented Shuster, Breaux, and fellow witness Gene Smalley, and Plaintiffs would need to contact her to arrange the depositions. *See* WTNY's

**Plaintiffs' Reply Brief in Support of Motion for Sanctions re:**
**Depositions of Gary Breaux and Allen Shuster (ECF No. 362)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
5

Reply Br. in Supp. of Prot. Ord. at 3–4, ECF No. 247; Ltr. from Brown Law Firm to MSS at 8, ECF No. 250-2.[2]

According to Smalley, he learned Korgul would be his lawyer two weeks before his December 2023 deposition when someone in the WTNY "legal department" set up the appointment for him:

> Tell me, when did you learn Ms. Korgul was going to be your lawyer?
> A. I guess two weeks ago.
> Q. Okay. And how did you learn that?
> A. I think that a brother in the legal department set up the appointment.

Ex. B, Smalley Dep. at 94:10–16.  Smalley then went on to disclose that it may have been WTNY litigation counsel, Joel Taylor, who informed him that Korgul would be appearing at his deposition and that he met with Taylor about the deposition:

> Q. I understand.
> I don't want to know about the

---

[2] It is important to note that Korgul's May 1, 2024 Declaration states that she did not represent Messrs. Shuster, Breaux, and Smalley until <u>November 20, 2023</u>.  ¶¶ 3, 4, ECF No. 374-2.  This is in direct conflict with the June 15, 2023 letter from WTNY's counsel stating that Korgul was representing all three men as of June 2023.

**Plaintiffs' Reply Brief in Support of Motion for Sanctions re:**
**Depositions of Gary Breaux and Allen Shuster (ECF No. 362)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
6

> contents of any discussions you've had in any of this line of questioning, but have you had a discussion about this case with Mr. Taylor?
>
>   A. With who?
>
>   Q. With Mr. Taylor.
>
>   A. He may be the one who informed me that Margaret would --
>
>   MS. KORGUL: Okay.
>
>   A. -- be here.

Ex. B, Smalley Dep. at 95:11–22.

The record establishes that it was either WTNY litigation counsel Taylor or another lawyer in the WTNY Legal Department who arranged for Smalley to be represented by attorney Korgul. While WTNY asserts that it did not "retain" Korgul, noticeably absent is any indication of who did. *See* Resp. Br. at 4. WTNY's effort to distance itself from Korgul, Shuster, and Breaux is part of its litigation playbook where it intentionally hides facts and relies on a lack of transparency for plausible deniability, i.e. *you cannot sanction us because we did not "retain" attorney Korgul, but we're not going to tell you who did*.

As usual, it is the facts that WTNY chooses to withhold from the Court that are far more telling than the carefully qualified representations it did make:

**Plaintiffs' Reply Brief in Support of Motion for Sanctions re:
Depositions of Gary Breaux and Allen Shuster (ECF No. 362)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
7

- If WTNY didn't retain Korgul, which one of the Jehovah's Witnesses Organization's departments or entities did retain her, e.g. the Legal Department, the Service Department, CCJW?

- How much did Korgul and WTNY's counsel (either in-house or litigation) coordinate on the strategy for obstructing Shuster's and Breaux's depositions?

- Why did WTNY's counsel tell Plaintiffs that Korgul was representing Smalley, Shuster, and Breaux in June of 2023, while Korgul states that she did not represent them until November of 2023?

- Why did WTNY assert control over Smalley, Shuster, and Breaux for nearly a year before switching course in June of 2023?

Shuster and Breaux are voting members of WTNY, and WTNY has always been able to control and produce them for depositions when it wants to. Its lawyers arranged for Korgul to represent Shuster, Breaux, and Smalley. Indeed, Smalley wasn't even informed about Korgul until two weeks before his deposition, which was six (6) months after Plaintiffs learned about her apparent involvement in the case. WTNY's attempt to distance itself from Korgul, Shuster, and Breaux is not supported by evidence or the record.

Ultimately, the Court has sufficient evidence to conclude that the obstruction which occurred during the depositions was a continuation of WTNY's obstruction

**Plaintiffs' Reply Brief in Support of Motion for Sanctions re:**
**Depositions of Gary Breaux and Allen Shuster (ECF No. 362)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
8

that occurred before the depositions. To be sure, the notion that Shuster's and Breaux's obstruction during the depositions was just a coincidence, completely untethered from WTNY's pre-deposition obstruction, defies common sense and has no evidentiary support. If the Court determines that Shuster and Breaux failed to testify honestly and as required under applicable law, the record supports a conclusion that this conduct can and should be attributed to WTNY.

**4. WTNY fails to address its pre-deposition conduct.**

WTNY's pre-deposition game of "bait and switch" where it asserted control over Shuster and Breaux only to later claim no such control resulted in nearly a year of wasted litigation. WTNY does not attempt to defend this conduct. This is an admission that Plaintiffs' Motion for Sanctions regarding this bad faith conduct is well taken and should be granted.

DATED this 16th day of May, 2024.

By: /s/ Ryan Shaffer
    Ryan R. Shaffer
    MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

**Plaintiffs' Reply Brief in Support of Motion for Sanctions re:
Depositions of Gary Breaux and Allen Shuster (ECF No. 362)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
9

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 1,584 words, excluding the caption, certificates of service, and compliance, table of contents, and authorities, and exhibit index.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

**Plaintiffs' Reply Brief in Support of Motion for Sanctions re:
Depositions of Gary Breaux and Allen Shuster (ECF No. 362)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
10