*Exhibit B*

Nos. 23-35329 and 23-35330

---

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE NINTH CIRCUIT

---

TRACY CAEKAERT and CAMILLIA MAPLEY,
*Plaintiffs-Appellees*,

and

ARIANE ROWLAND and JAMIE SCHULZE,
*Plaintiffs-Appellees*,

v.

PHILIP BRUMLEY,
*Appellant*,

and

WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA,
WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.,
*Defendants.*

On appeals from 28 U.S.C. § 1927 Sanction Orders against a non-party
District of Montana Nos. CV-20-52-BLG-SPW and CV-20-59-BLG-SPW
The Honorable Susan P. Watters

---

### APPELLANT'S OPENING BRIEF

---

Benjamin G. Shatz, Benjamin E. Strauss
MANATT, PHELPS & PHILLIPS, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067-3119
(310) 312-4000 ♦ Fax (310) 312-4224

Gerry P. Fagan, Christopher T. Sweeney, Jordan W. FitzGerald
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900, P.O. Box 2559
Billings, MT 59103-2559
(406) 248-7731 ♦ Fax (406) 248-7889

*Attorneys for Appellant* Philip Brumley

1

## INTRODUCTION

Appellant Philip Brumley is not a party to this litigation, nor is he counsel of record representing any party in this litigation—nor could he be, given that he is not admitted to the District of Montana where the action is pending. Instead, Mr. Brumley is in-house General Counsel for one of the defendants, Watch Tower Bible and Tract Society of Pennsylvania (WTPA). During the district court litigation, acting in his capacity as WTPA's representative on jurisdictional issues, Mr. Brumley signed affidavits, prepared with the assistance and advice of WTPA's counsel in the litigation. Based on his signing factual affidavits for WTPA, the district court sanctioned Mr. Brumley personally for over $150,000 under 28 U.S.C. § 1927. The district court's orders are unprecedented and should be reversed.

Section 1927 empowers courts to sanction an "attorney" who "unreasonably and vexatiously" "multiplies the proceedings" in a case. Section 1927 is designed to allow a court to sanction lawyers who are acting as counsel, i.e., conducting litigation, in a case pending before the court. Section 1927 was never intended to allow a fact-witness or party representative—who merely also happens to be a lawyer—to be sanctioned. Neither the district court nor the Plaintiffs-Appellees identified any case in which a court imposed § 1927 sanctions under such circumstances, i.e., against a non-party, non-counsel of record, who never appeared in the case (as party or counsel) and who is not even admitted to practice before the sanctioning court.

While this Court has not yet addressed whether a district court can impose sanctions against someone like Mr. Brumley—a non-party, affiant-witness, who also happens to be an attorney admitted in another jurisdiction—this Court should

8