Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Victoria K.M. Gannon
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com
katy@mss-lawfirm.com

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
1401 Delgany Street, #404
Denver, CO  80202
Tel: (303) 947-4453
matthew@merrillwaterlaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | | |
|---|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | ) ) ) | Case No. CV-20-52-BLG-SPW |
| Plaintiffs, | ) ) | **PLAINTIFFS' REPLY BRIEF** |
| vs. | ) ) | **IN SUPPORT OF THEIR MOTION FOR PARTIAL** |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA., | ) ) ) ) | **SUMMARY JUDGMENT RE: HARDIN ELDERS ARE AGENTS OF WTNY (ECF NO. 339)** |
| Defendants, | ) ) ) | |

## REPLY

WTNY's Response displays the culmination of years of Defendants' discovery abuse and intentional obfuscation of the facts.  Specifically, the majority

of WTNY's argument depends on the Court's prior findings about the role of the Jehovah's Witnesses' U.S. Branch Office, all of which were established as a sanction for WTNY's refusal to participate in discovery.  WTNY fails to tell the Court that, by its own deposition testimony, the U.S. Branch Office did not exist until 2001.  Thus, WTNY seeks to defeat Plaintiffs' Motion with "facts" it knows are inaccurate.  While the Court has since corrected the findings, nullifying the majority of WTNY's arguments, WTNY's Response demonstrates its relentless campaign to distort reality and convince this Court of things that are not true to obtain unjustified results.

**1.  The Court's recent findings void most of WTNY's argument.**

Plaintiffs have long been concerned that WTNY is refusing to provide accurate, discoverable information about the structure of the Jehovah's Witnesses' Organization so that it can use confusion about that structure as a defense.  *See, e.g.,* ECF Nos. 287, 288, 331, 332.  As predicted, WTNY is now attempting to do just that by arguing the U.S. Branch Office, not WTNY, was responsible for various acts relevant to the agency analysis:

> ➢ "Plaintiffs ignore this Court's prior order that established as a fact in this case that the U.S. Branch Office – not WTNY – has 'central control' over congregations and that congregations operate 'under the direction of the theocratic organization.'"  Def. WTNY's Resp. in

Plaintiffs' Reply Brief in Support of Their Motion for Partial Summary Judgment re:
Hardin Elders Are Agents of WTNY (ECF No. 339)
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
2

Opp'n to Pls.' Mot. at 2, ECF No. 379 (quoting Ord. at 39, ECF No. 318) (hereinafter "WTNY's Br.").[1]

> "Contrary to that prior order, Plaintiffs ask the court to conclude that it was not the U.S. Branch Office or the Governing Body, but WTNY that actually exercised control over the Hardin Congregation." *Id.* at 6.

> "This Court's prior Order speaks to this issue when it decided as a fact of this case that during the relevant time period 'the U.S. Branch Office worked in concert with WTNY to inform local congregations of the appointment and removal of elders.' [] This finding does not support Plaintiffs' contention that WTNY had authority to remove Hardin elders." *Id.* at 8 (quoting Ord. at 39, ECF No. 318).

> "Plaintiffs contend that WTNY trained Hardin elders to perform duties at in person training sessions known as Kingdom Ministry Schools.  [] But the Court previously found that it was 'The U.S. Branch Office' that held training conventions to teach local elders." *Id.* at 10 (quoting Ord. at 38, ECF No. 318).

---

[1] All pinpoint citations to ECF documents herein refer to the ECF page number at the top of the page.

**Plaintiffs' Reply Brief in Support of Their Motion for Partial Summary Judgment re:**
**Hardin Elders Are Agents of WTNY (ECF No. 339)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
3

WTNY fails to tell the Court that after the Court made the above-referenced findings, but before WTNY filed its Response, WTNY testified at its 30(b)(6) deposition that the U.S. Branch Office did not even formally exist during the relevant time period. [2]  Ex. A, WTNY 30(b)(6) Dep. (Jefferson), 77:13–17, 156:23–158:6.

After WTNY filed its Response, the Court corrected the findings to remove reference to the U.S. Branch Office because the U.S. Branch Office did not exist during the relevant time period of 1973 to 1992.  Ord. at 5, ECF No. 388.  The Court also found that during the relevant time period:

> ➢ "the Governing Body acted through WTNY when it appointed and removed elders at local congregations;"
>
> ➢ "the Governing Body acted through WTNY when it promulgated the policies and procedures elders at local congregations were to follow when handling allegations of child sexual abuse;" and
>
> ➢ "the Governing Body was acting through WTNY for all purposes relevant to this case."

---

[2] As WTNY knows, the referenced findings were the result of Plaintiffs and the Court attempting to piece together information from documents because WTNY refused to provide that information in written discovery.  WTNY's continuing discovery abuse as well as its attempt to use the Court's findings it knows are inaccurate to its benefit are the subject of a separate pending motion for sanctions. ECF No. 365.

Plaintiffs' Reply Brief in Support of Their Motion for Partial Summary Judgment re:
Hardin Elders Are Agents of WTNY (ECF No. 339)
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
4

*Id.*  These findings, in combination with the Court's prior findings, cannot be disputed and unequivocally establish that WTNY was the entity that appointed and authorized the Hardin Elders to handle allegations of child sexual abuse pursuant to its policies and procedures.  As such, the vast majority of WTNY's factual disputes are nullified and the arguments based on the same are void.  WTNY's Br. at 6–11.

### 2.  Many of WTNY's remaining "disputes" are not genuine.

WTNY "disputes" a number of Plaintiffs' facts, not because they are untrue or unsupported by the evidence, but because they do not also mention the Bible. WTNY's Br. at 9, 11; WTNY's SDF at 12–14, 21, ECF No. 380.  These are not genuine disputes, but rather WTNY's continued effort to improperly receive First Amendment protection for its actions in this case.[3]  Plaintiffs' case is not based on what is or is not in the Bible, nor is it asking the Court or the jury to decide matters of religious doctrine; rather, it is based on the policies and procedures Defendants put into their books and manuals that instructed and trained local congregation elders on how to handle allegations of child sexual abuse.

---

[3] WTNY repeats its suggestion that the First Amendment grants it immunity from scrutiny.  WTNY's Resp. at 3, n. 1.  As always, none of the cases it cites are applicable here because Plaintiffs are not asking the Court to decide matters of religious doctrine or resolve church employment disputes.  The First Amendment does not give WTNY "general immunity from secular law."  *Our Lady of Guadalupe School v. Morrissey-Berru*, 140 S. Ct. 2049, 2060 (2020).

Plaintiffs' Reply Brief in Support of Their Motion for Partial Summary Judgment re:
Hardin Elders Are Agents of WTNY (ECF No. 339)
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
5

Another category of WTNY's "disputes" that are not genuine consist of WTNY disagreeing with its own positions taken in the past. For example, WTNY disputes that the Jehovah's Witnesses Organization is hierarchical. WTNY's SDF at 3. However, during the relevant time period, WTNY filed an affidavit from its Assistant Secretary-Treasurer in a separate case that stated "To implement their decisions, the Governing Body uses **a hierarchical organization** together with corporate entities . . ." Pls.' SUF, Ex. G at ¶ 6, ECF No. 341-7 (emphasis added). "A party cannot create a genuine dispute of material fact merely by contradicting its prior sworn statements."[4] *See, e.g.*, *In re Cygnus Telecommunications Tech., LLC, Pat. Litig.*, 481 F. Supp. 2d 1029, 1050 (N.D. Cal. 2007) (citing cases), *aff'd*, 536 F.3d 1343 (Fed. Cir. 2008). WTNY cannot defeat summary judgment by disputing one of its statements with its own, contradictory statement.[5] If anything,

---

[4] This is akin to the "sham affidavit" rule: "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (citing cases).

[5] WTNY tries to distract from its own fluctuating positions by claiming Plaintiffs should be penalized for making contradictory statements about WTNY's relationship with WTPA and other Jehovah's Witnesses' entities and departments. WTNY's Resp. at 12. WTNY fails to identify a single contradictory statement made by Plaintiffs, but even if it were able to identify one, it would be the result of Defendants' campaign of deception and discovery abuse regarding the structure of the Organization for which sanctions motions against WTNY are currently pending. ECF No. 365. This is just another instance of WTNY attempting to benefit from the confusion it has sown by refusing to honestly answer discovery on this issue.

Plaintiffs' Reply Brief in Support of Their Motion for Partial Summary Judgment re:
Hardin Elders Are Agents of WTNY (ECF No. 339)
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
6

this only demonstrates that WTNY will say anything, regardless of its truth, if it thinks it can secure an advantage in litigation.

### 3.  WTNY's strained analogy to the bar association.

WTNY attempts to distance itself from the actions of its Hardin Elders by repeatedly arguing their relationship is more akin to lawyers and "the Montana Bar Association and Montana Courts" than a principal and agent.  WTNY's Br. at 6, 10–13.  But the Montana Bar Association was created by the Montana Supreme Court pursuant to its constitutional authority to do so, and the State and its judiciary (and their agents) enjoy judicial immunity from suit.  Mont. Const. art. VII, § 2(3); Mont. Code Ann. § 2-9-112(1), (2); *Application of Pres. of Montana B. Ass'n,* 518 P.2d 32, 32 (Mont. 1974).  WTNY was not created by a branch of any government pursuant to constitutional authority, it is not a licensing board, and it does not enjoy immunity from suit.  WTNY is a private corporation that undisputedly appointed and authorized private persons to handle allegations of child sexual abuse pursuant to its policies and procedures for doing so.  Moreover, the Montana Bar Association does not tell lawyers to go out and handle allegations of child sexual abuse between its members, nor does it provide training on the same, nor does it promulgate policies and procedures for the same.  If anything, the evidence shows WTNY is the law firm and local congregation elders are its agents tasked with handling allegations of wrongdoing within the law firm.

**Plaintiffs' Reply Brief in Support of Their Motion for Partial Summary Judgment re:**
**Hardin Elders Are Agents of WTNY (ECF No. 339)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
7

## CONCLUSION

The bulk of WTNY's Response was mooted by the Court's recent factual findings issued as a sanction for WTNY's continued contempt of the Court's order to respond to discovery.  The remaining "disputes" are not genuine and are not a basis to deny Plaintiffs' Motion.  Instead, the now undisputable facts - namely, that WTNY appointed, removed, and trained the Hardin Elders to enforce WTNY's policies and procedures for handling allegations of child sexual abuse - entitle Plaintiffs to judgment as a matter of law that the Hardin Elders were WTNY's agents for that purpose.

DATED this 22nd day of May, 2024.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

**Plaintiffs' Reply Brief in Support of Their Motion for Partial Summary Judgment re:**
**Hardin Elders Are Agents of WTNY (ECF No. 339)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
8

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 1,598 words, excluding the caption, certificates of service, and compliance, table of contents, and authorities, and exhibit index.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

**Plaintiffs' Reply Brief in Support of Their Motion for Partial Summary Judgment re:
Hardin Elders Are Agents of WTNY (ECF No. 339)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
9