Gerry P. Fagan
Christopher T. Sweeney
Jordan W. FitzGerald
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559
Gerry.Fagan@moultonbellingham.com
Christopher.Sweeney@moultonbellingham.com
Jordan.FitzGerald@moultonbellingham.com

> *Attorneys for Defendant Watch Tower Bible and Tract Society of Pennsylvania*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>-vs-<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA,<br><br>Defendants. | Cause No. CV 20-52-BLG-SPW<br><br>**DEFENDANT WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT RE: VICARIOUS LIABILITY** |

## <u>INTRODUCTION</u>

Plaintiffs Tracy Caekaert and Camillia Mapley (collectively "Plaintiffs") overwhelmingly rely on their unpled theory that Defendant Watch Tower Bible and

Tract Society of Pennsylvania ("WTPA") and co-Defendant Watchtower Bible and Tract Society of New York, Inc. ("WTNY") allegedly operated as a "joint enterprise" in order to defeat WTPA's present Motion for Summary Judgment re Vicarious Liability (Doc. 354).  (*See* Doc. 377 at 13-22.)  Indeed, Plaintiffs largely pull from their previously filed Motion for Partial Summary Judgment Re: Hardin Elders Are Agents of a Joint Enterprise Between WTNY and WTPA (Doc. 350), along with its supporting Brief (Doc. 351) and Statement of Undisputed Facts (Doc. 352), for their current responsive arguments.

However, as established in WTPA's Response Brief (Doc. 385) in Opposition to Plaintiffs' Joint Enterprise Motion, Plaintiffs' joint enterprise arguments should likewise be disregarded here based on their failure to plead such a claim or theory in this action.  Indeed, Plaintiffs' previous request to add such a joint enterprise theory to their Complaint was definitively rejected by this Court because Plaintiffs failed to establish that they acted diligently in seeking to add a joint enterprise claim.  (*See* Doc. 238 at 3-6.)  And as Plaintiffs have failed to plead a joint enterprise claim, they are precluded as a matter of law from using such a theory as a defense to summary judgment.

Plaintiffs' Response further fails to establish that an agency or alter ego relationship existed between WTPA and WTNY during the relevant time period, which may have created vicarious liability.  In order to do so, Plaintiffs seek to

distract the Court by conflating past discovery disputes in this action to somehow justify their position that WTPA's Motion should be denied. (*See* Doc. 377 at 22-24.)  Such a tactic is wholly invalid and inappropriate here, considering that Plaintiffs' allegations of discovery misconduct, and their corresponding and repetitive motion practice, have focused on WTNY, and not on WTPA.  Airing such alleged grievances now against WTPA at this summary judgement stage cannot form a basis to defeat summary judgment.

Finally, Plaintiffs' Response likewise fails to establish the existence of genuine issues of material fact that could preclude summary judgment regarding the alleged agency between WTPA and the Hardin Elders.  Namely, Plaintiffs' asserted evidence is comprised of their selective and skewed interpretation of facts, while the actual, admissible facts in the record demonstrate that no agency relationship existed.

Consequently, WTPA is entitled to judgment as a matter of law because Plaintiffs cannot use an unpled joint enterprise theory to defeat summary judgment. Moreover, the undisputed material facts demonstrate no agency or alter ego relationships existed between WTPA and the other relevant parties in this matter, including WTNY and the local members of the Hardin Congregation, during the relevant time period of 1973 to 1992.  As such, WTPA cannot be held vicariously liable for the alleged conduct of those other parties pursuant to Montana law and,

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

therefore, WTPA respectfully requests the Court enter an order precluding such claims by Plaintiffs.

## <u>LEGAL STANDARD</u>

A moving party is entitled to summary judgment on a claim when there are no genuine issues of material fact and the party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 316, 323, 106 S.Ct. 2548, 2552 (1986).  "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth."  *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).  A moving party can meet its burden of showing no genuine dispute by identifying those parts of the record—including any pleadings, depositions, interrogatories, or admissions and affidavits on file—that "indicate the absence of a genuine issue of material fact."  *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1048 (9th Cir. 1995) (internal citations omitted).  Once the moving party has made this showing, the nonmoving party must "designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

Federal courts draw inferences from facts in the light most favorable to the non-moving party, but the non-moving party must do more than simply show there is some "metaphysical doubt" regarding material facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 572, 586-87, 106 S.Ct. 1348, 1356 (1986).  There is no

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

issue for trial without "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986).  The non-movant does not defeat a motion for summary judgment by merely showing a "scintilla of evidence" in support of its claim. *Id*., 477 U.S. at 252.  Further, a non-moving party cannot defeat a motion for summary judgment with conclusory allegations. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).  Rather, the non-moving party must come forward with at least one sworn averment of fact essential to its claim or defense. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89, 110 S.Ct. 3177, 3188-89 (1990); *see also Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1049 (9th Cir. 1995).

According to the Montana Supreme Court, "allegations of agency often involve questions of fact which preclude resolution by summary judgment." *Semenza v. Kniss*, 2008 MT 238, ¶ 19, 344 Mont. 427, 189 P.3d 1188 (citation omitted).  However, "summary judgment is appropriate where a party fails to present sufficient evidence to give rise to a genuine issue of material fact regarding an agency relationship." *Id.* (internal quotations omitted).  Therefore, "[w]here the undisputed evidence concerning the status of the parties defendant to each other is reasonably susceptible of but a single inference, the question of their legal

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

relationship . . . is one purely of law." *Id.* (quoting *Contreraz v. Michelotti-Sawyers,* 271 Mont. 300, 311, 896 P.2d 1118, 1124 (1995)).

## ARGUMENT

### I.     PLAINTIFFS CANNOT DEFEAT WTPA'S MOTION FOR SUMMARY JUDGMENT BASED ON A LEGAL THEORY THEY FAILED TO PLEAD IN THIS CASE.

Under Sections 1 and 2 of their Response's Argument, Plaintiffs implore the Court to consider and analyze a "joint enterprise" theory of liability to justify denying WTPA's Motion for Summary Judgment on vicarious liability.  (*See* Doc. 377 at 13-22.)  These arguments are almost wholly derived from one of Plaintiffs' own motions for summary judgment, namely their request for the Court to declare that the Hardin Elders are agents of a Joint Enterprise between WTNY and WTPA. (*See* Doc. 350, 351, and 352.)  Unfortunately for Plaintiffs, no such theory or claim for joint enterprise liability has ever been properly pled in this matter.  Therefore, as a matter of law, Plaintiffs are precluded from now using that unpled theory to defeat a motion for summary judgment.

Looking to Plaintiffs' First Amended Compliant (Doc. 22), they simply failed to plead a claim for joint enterprise, or joint venture, or even an allegation of such. While Plaintiffs have alleged that the elders of local congregations are "all agents of their local congregations and Watchtower NY and PA," as well that "Watchtower PA and NY are the alter egos of each other" so that the "corporate veil" can be pierced (*see* Doc. 22 at ¶¶ 16, 32), Plaintiffs plainly and undisputedly do **not** have

6

any claim or allegation pleaded that WTNY and WTPA were part of a "joint enterprise" or acted pursuant to any "joint enterprise," or created a "joint enterprise," or that WTPA is vicariously liable for acts of the Hardin Congregation elders because it was part of a "joint enterprise."

In fact, over a year ago, Plaintiffs attempted to plead those very allegations and claims, but this Court expressly rejected that attempt because Plaintiffs' effort was untimely, and they failed to demonstrate that they acted diligently in seeking to add a joint enterprise claim. (*See* Doc. 238 at 3-6.) On January 6, 2023, Plaintiffs attempted to add allegations of what they called "shared efforts and corporate relationship between WTNY and WTPA" in their Motion to Amend Complaint through a Second Amended Complaint. (*See* Doc. 190 at 4.) To do so, Plaintiffs sought to add paragraphs 11, 16-34, 44, 46-49, 74-76,  81-83, and 90 in their proposed Second Amended Complaint. (*Id.*) Plaintiffs sought to add proposed allegations that the operations of WTNY and WTPA were so integrated that they effectively were one entity to carry out the common purpose of operating a church and acted in concert as a single enterprise to achieve a common purpose. (Doc. 189-1 at ¶¶ 28, 44.) Plaintiffs also sought to assert an allegation that WTNY and WTPA "had an implied or express agreement that created a joint venture to achieve a common purpose, including perpetuation of the Watchtower Protocols and asserting control over the manner in which local congregations, including the Hardin

congregation, handled allegations of child sex abuse." (*Id.*, ¶ 47.)  In addition, Plaintiffs sought to allege a joint venture existed between WTNY and WTPA. (*Id.*, ¶ 49.) Plaintiffs further sought to add to their negligence claim a proposed paragraph that alleged "Defendants Watchtower NY and Watchtower PA are vicariously liable for the acts and omissions of each other and their agents that caused Plaintiffs' damages." (*Id.*, ¶ 81.)

On May 22, 2023, this Court denied their Motion to Amend as untimely and for failing to establish the requisite diligence. (Doc. 238.)  Therefore, Plaintiffs have pleaded none of those allegations or claims in this case, including "single business enterprise." Despite the Court's express ruling on the matter, Plaintiffs attempt again to litigate allegations and claims that a joint enterprise existed between WTNY and WTPA so as to defeat WTPA's summary judgment motion on vicarious liability for alleged actions or inactions of local congregation members and elders. Plaintiffs' persistence on this matter in spite of the law of this case should not be condoned or allowed. The Court expressly denied their attempt to amend their pleadings to allege the existence of a joint venture and vicarious liability. Plaintiffs should not now be allowed to ignore the Court's previous ruling to litigate those issues anyway.

As a matter of law, Plaintiffs cannot now use an unpleaded claim to avoid WTPA's present Motion for Summary Judgment on vicarious liability. "A movant can neither obtain summary judgment **nor avoid the opposing party's summary**

**judgment motion based on an unpleaded claim**." *See Kirkindoll v. Nat'l Credit Union Admin. Bd.*, 2014 U.S. Dist. LEXIS 174675, at \*20 (N.D. Tex. Dec. 17, 2014) (emphasis added), citing *Fershtadt v. Verizon Commc'ns, Inc.*, 2010 U.S. Dist. LEXIS 13937, \*18, 2010 WL 571818, at \*7 (S.D.N.Y. Feb. 9, 2010) (denying motion for summary judgment that sought judgment on unpleaded claims because "[a]ny claims not raised in his complaint, including the 502(c) claim, are not properly before this Court.") and *Jacobs v. Tapscott*, 2006 U.S. Dist. LEXIS 68619, 2006 WL 2728827, at \*8 (N.D. Tex. Sept. 25, 2006) ("Plaintiffs cannot avoid summary judgment, however, based on unpleaded claims.").  Indeed, the Ninth Circuit has held that district courts do not err when they refuse to allow a plaintiff to litigate new claims at the summary judgment stage.  *See Dreamstime.com, LLC v. Google LLC*, 2022 U.S. App. LEXIS 33546, at \*2-3 (9th Cir. Dec. 6, 2022), citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  Plaintiffs simply have no claim pleaded or pending in this case about whether WTNY and WTPA had or created a joint enterprise, or a joint venture, or if WTPA is vicariously liable because it is in an alleged joint enterprise or venture.  Therefore, Plaintiffs cannot use that unpled claim to avoid summary judgment here.  *See Kirkindoll, supra; Fershtadt, supra; Jacobs, supra; Dreamstime.com, LLC; supra;* and *Coleman, supra*.

Beyond their failure to actually plead a claim for joint enterprise, Plaintiffs also cannot establish the required elements of a joint enterprise between WTPA and

WTNY, which is fully addressed in WTPA's Response Brief in Opposition to Plaintiffs' Joint Enterprise Motion for Summary Judgment.  (*See* Doc. 385 at 13-23.)

## II.   WTPA WAS NEVER PUT ON NOTICE OF A POTENTIAL JOINT ENTERPRISE THEORY BY PLAINTIFFS, ESPECIALLY CONSIDERING THE COURT EXPLICITLY DENIED PLAINTIFFS' REQUEST TO AMEND THEIR COMPLAINT WITH THOSE ALLEGATIONS.

Plaintiffs next argue that it doesn't matter what the particular theory of liability is called – "alter ego," "joint venture," or "joint enterprise" – only that they allegedly pled facts "establishing the relationship between WTPA and WTNY." (*See* Doc. 377 at 22-24.)  In this section of their argument, Plaintiffs first briefly assert that Defendants should have previously been on notice that Plaintiffs alleged WTPA and WTNY "acted together in concert."  (*See* Doc. 377 at 22-23.)  In doing so, Plaintiffs admit that they "originally alleged Defendants were 'alter egos' of one another and now allege they were operating a joint venture," while proclaiming such a distinction as immaterial.  (*See* Doc. 377 at 23, n. 3.)  Despite Plaintiffs' conclusory assertions to the opposite, agency, alter ego, and joint enterprise are not the same claims.  They each have different elements and caselaw interpreting them.  In addition, if that argument would be correct, why then did they attempt in the first place to amend their Complaint in order to plead new allegations of joint enterprise and vicarious liability?  Plaintiffs' new position on the applicable theory of liability is illogical and demonstrates their failure to plead joint enterprise.

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

For example, Plaintiffs' original "alter ego" theory of liability, which is actually pled in the First Amended Complaint, is critically distinguishable from a joint enterprise theory.  Namely, the "alter ego theory narrowly focuses on the personal liability of controlling shareholders."  *See* Jody J. Brewster, Comment, *Piercing the Corporate Veil in Montana*, 44 Mont. L. Rev. 91, 106-10.  "The doctrine is used to impose liability on an individual who uses an entity merely as an instrumentality to conduct his or her own personal business; such liability results from fraud or injustice perpetrated not on the corporation, but on third persons dealing with the corporation...."  *See* 114 Am. Jur. *Proof of Facts* 3d 403 § 5 (Westlaw 2014); 1 Fletcher Cyc. Corp. §§ 41.10 and 41.20.  Therefore, an "alter ego" theory clearly does not apply in this case because there is nothing to indicate that any of the individual controlling shareholders of WTPA or WTNY were using those entities to conduct their **own personal business**.  As alter ego clearly does not apply here, it is no surprise that Plaintiffs almost completely ignored that concept in their Response Brief.  (*See* Doc. 377 at 22-24.)

Plaintiffs then bizarrely pivot in Section 3 by arguing that WTPA's Motion should be denied based on previous discovery abuse in this case.  (*See* Doc. 377 at 23-24.)  This argument is wholly invalid and inappropriate.  Namely, the underlying alleged discovery abuse and motion practice has been directed almost exclusively at WTNY, **not** WTPA.  Of the five motions for sanctions filed by the Plaintiffs over

11

the last six months, each and every motion has been directed at WTNY.  (*See* Doc.

287, 328, 331, 362, 365.)  Therefore, Plaintiffs have no basis to assert that WTPA's

Motion should now be denied somehow based on alleged discovery abuse by another

party.  Moreover, it is an inappropriate defense to summary judgment to suddenly

argue for discovery sanctions against the party seeking summary judgment.  If

Plaintiffs had an actual, supported argument that WTPA did something improperly

in discovery, their remedy is to file a Rule 37 motion and seek appropriate remedies.

While Plaintiffs have had no compunction to date in seeking discovery sanctions,

they have failed to request any against WTPA, and, therefore, Plaintiffs should not

now be allowed to invoke such an argument to oppose WTPA's Motion for

Summary Judgment.

### III.   PLAINTIFFS' PURPORTEDLY DISPUTED FACTS REGARDING THE AGENCY RELATIONSHIP BETWEEN WTPA AND THE HARDIN ELDERS ARE INSUFFICIENT TO PRECLUDE SUMMARY JUDGMENT.

"An agent is one who represents another, called the principal, in dealings with

third persons. Such representation is called agency."  Mont. Code Ann. § 28-10-101.

"Agency is 'the fiduciary relation which results from the manifestation of consent

by one person to another' that the agent shall act on behalf of the principal subject

to the principal's control and consent."  *Associated Mgmt. Servs., Inc. v. Ruff*, 2018

MT 182, ¶ 36, 392 Mont. 139, 424 P.3d 571 (quoting *Butler Mfg. Co. v. J & L

Implement Co.*, 167 Mont. 519, 523, 540 P.2d 962, 965 (1975)).  "Integral to any

agency relationship are the **elements of consent and control**." *Wolfe v. Schulz Refrigeration,* 188 Mont. 511, 517, 614 P.2d 1015, 1018 (1979) (emphasis added); *see also Dick Irvin Inc. v. State*, 2013 MT 272, ¶ 49, 372 Mont. 58, 310 P.3d 524.

With that, Plaintiffs lastly argue that summary judgment should be precluded because there are disputed material facts relevant to the agency relationship between WTPA and the Hardin Elders.  (Doc. 377 at 24-27.)  However, Plaintiffs' purported facts are selective and skewed to Plaintiffs' own interpretation of those facts.   (*See* Doc. 377 at 24-25.)  For example, Plaintiffs claim they have produced evidence "disputing WTPA's position that it was not involved in training local congregation elders." (Doc. 377 at 24.)  In making this statement, Plaintiffs fail to confine it to the relevant time period or to local congregation elders in the U.S.  The geographical distinction is particularly important here, as it is undisputed that WTNY's efforts are conducted in the United States and WTPA has interests all over the world.  (*See* Doc. 386 at Sec. II, ¶ 3.)  These same issues persist in many of the purported material facts highlighted by Plaintiffs, including whether WTPA sent out circuit overseers to local congregations, whether WTPA monitored or controlled local congregations, and whether WTPA was the parent company of WTNY.  (*See* Doc. 377 at 25.)  While Plaintiffs rely on old publications which largely do not specify the relevant time period or locations at issue, WTPA provided Rule 30(b)(6) testimony directly on the

particular issues in this case, including with explanations of WTPA's particular functions during the time period at issue here.  (*See, e.g.,* Doc. 386 at Sec. II, ¶ 10.)

Moreover, Plaintiffs have failed to point to any facts which would raise a genuine issue regarding the required amount of consent and control which WTPA would have to exercise over the Hardin Elders.  Specifically, besides being the copyright holder or publisher of Jehovah's Witnesses publications, WTPA did not exercise any direct control over the local Hardin Elders, including their appointments or removals, or their training.

Finally, Plaintiffs have contradicted their own arguments in other pleadings regarding who exactly the Hardin Elders were agents for.  Namely, Plaintiffs have previously argued that the Elders were agents of either WTNY and/or a joint enterprise between WTNY and WTPA, but not directly agents of WTPA.  (*See* Doc. 339-340 and 350-351.)  Indeed, the apparent goal of Plaintiffs' joint enterprise motion is to establish the elders as agents of the joint enterprise, so they will not have to establish them as direct agents of WTPA.

As such, Plaintiffs fail to adequately present disputed issues of material fact that would preclude summary judgment regarding the agency relationship between WTPA and the Hardin Elders.

//

//

14

## <u>CONCLUSION</u>

As provided herein, Plaintiffs have failed to meet their burden to defeat summary judgment.  Therefore, WTPA is entitled to summary judgment regarding Plaintiffs' allegations and claims that WTPA is vicariously liable for the underlying conduct alleged in this matter.

**DATED** this 22nd day of May, 2024.

MOULTON BELLINGHAM PC

By: _/s/ Jordan W. FitzGerald_
GERRY P. FAGAN
CHRISTOPHER T. SWEENEY
JORDAN W. FITZGERALD
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559

*Attorneys for Defendant Watch Tower Bible and Tract Society of Pennsylvania*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(d)(2)(E), the undersigned hereby certifies this brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double-spaced, with left, right, top, and bottom margins of one inch; and that the word count calculated by Microsoft Word is 3,223 words, excluding the Caption, Signature Block, and Certificate of Compliance.

**DATED** this 22nd day of May, 2024.

MOULTON BELLINGHAM PC


By:   */s/ Jordan W. FitzGerald*
       GERRY P. FAGAN
       CHRISTOPHER T. SWEENEY
       JORDAN W. FITZGERALD

*Attorneys for Defendant Watch Tower Bible and Tract Society of Pennsylvania*