Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Victoria K.M. Gannon
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com
katy@mss-lawfirm.com

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
1401 Delgany Street, #404
Denver, CO  80202
Tel: (303) 947-4453
matthew@merrillwaterlaw.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>   Plaintiffs,<br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA.,<br><br>   Defendants, | Case No. CV-20-52-BLG-SPW<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT RE: HARDIN ELDERS ARE AGENTS OF A JOINT ENTERPRISE BETWEEN WTNY AND WTPA (ECF NO. 350)** |

**REPLY**

Defendants request for, and resistance to, summary judgment rests squarely on the basis of their ongoing obstruction into discovery on these very issues.

WTPA is not immune from this and the games that Defendants are playing, they are playing together.  Defendants have chosen their path in this case and, rather than taking accountability and following the rules, they choose to take umbrage and act as though they are the true victims: accusing Plaintiffs of failing to confer, of making spurious accusations, or of filing too many motions for sanctions.  The breadth of the ongoing obstruction is overwhelming and Defendants, as they have done throughout this case, would like to blame Plaintiffs for the consequences of WTNY's and WTPA's conduct, and they appear hopeful that the results of their deception will be the Plaintiff's problem to untangle and the Courts problem to deal with.

1. **The vast majority of Defendants' factual "disputes" are not genuine or material to the question of joint venture.**

The evidence put forward by Defendants to resist Plaintiffs' Motion consists almost entirely of their 30(b)(6) deposition testimony that, in many instances, contradicts its prior statements.  Likewise, many of Defendants' "disputes" with the facts set forth by Plaintiffs are not genuine or material, but rather reframe the same fact in different words while failing to explain why their recitation is materially different, thus creating a "dispute" that is neither genuine nor material.  Here, as throughout the case, Defendants hope to convince the Court that the just result here is that Defendants benefit from the confusion they have created.

**Plaintiffs' Reply Brief in Support of Their Motion for Partial Summary Judgment Re:
Hardin Elders Are Agents of a Joint Enterprise Between WTNY and WTPA (ECF No. 350)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
2

One category of Defendants' manufactured "disputes" consist of WTPA disputing its own positions taken in the past.  Withholding evidence and disavowing prior testimony in order to create a new and defensible version of events is not an acceptable defense to summary judgment.  For example, Defendants dispute that WTPA was involved in training local congregation elders at trainings known as Kingdom Ministry Schools based solely on its own 30(b)(6) testimony.  *E.g.*, WTPA's SDF at ¶ 7d, ECF No. 386.  But Defendants' publication from 1970 says the Kingdom Ministry School was "organized by the governing body of Jehovah's witnesses of the **Watch Tower Bible and Tract Society of Pennsylvania** . . ."  Pls.' SUF, Ex. A at 6, ECF No. 352-1 (emphasis added).  Likewise, Defendants' 1987 publication states "Each circuit will have a Kingdom Ministry School of two instructors appointed by the Society."[1]  Pls.' SUF, Ex. E at 4, ECF No. 352-5.  As such, Defendants dispute their prior publication statements with their own conclusory statements from 30(b)(6) depositions without any explanation for the discrepancy, thus manufacturing a dispute that is not genuine.  Defendants cannot defeat summary judgment by disputing one of their statements with their own, contradictory statement.

---

[1] As Defendants acknowledge, the "Society" referred to all of their entities, including WTPA.  WTPA's SDF at ¶ 8a, ECF No. 386

**Plaintiffs' Reply Brief in Support of Their Motion for Partial Summary Judgment Re:
Hardin Elders Are Agents of a Joint Enterprise Between WTNY and WTPA (ECF No. 350)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
3

Another category of factual "disputes" that are not genuine or material consist of Defendants merely talking past Plaintiffs' evidence and disagreeing with the wording, not the substance, of Plaintiffs' facts. For example, Plaintiffs set forth the fact: "WTNY and WTPA used their funds to assist one another in achieving their common purpose and if WTNY was running a deficit WTPA would give it money." Pls.' SUF at ¶ 5b, ECF No. 352. Defendants "dispute" this fact by stating "WTPA would make donations to WTNY when needed to accomplish their shared purpose." WTPA's SDF at ¶ 5b, ECF No. 386. The materiality of this fact, however stated, is that WTPA would freely give, i.e. donate, WTNY money when WTNY's costs associated with operating the joint venture exceeded its ability to pay them. This shows a "community of interest" far beyond any arms-length business relationship between separate corporations. Defendants can restate the facts however they want to manufacture "disputes" with Plaintiffs' facts, but this does not create a genuine dispute of material fact precluding summary judgment.

Moreover, Defendants' dispute is based solely on WTPA's 30(b)(6) testimony from Richard Devine, while the fact as stated by Plaintiffs comes directly from WTPA's 30(b)(6) testimony from Mario Moreno. Even if there was a genuine dispute of material fact here, and there is not, WTPA cannot create one by having its two 30(b)(6) representatives testify contradictory to each other. "A party cannot create a genuine dispute of material fact merely by contradicting its

**Plaintiffs' Reply Brief in Support of Their Motion for Partial Summary Judgment Re:
Hardin Elders Are Agents of a Joint Enterprise Between WTNY and WTPA (ECF No. 350)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
4

prior sworn statements." *See, e.g., In re Cygnus Telecommunications Tech.*, LLC, Pat. Litig., 481 F. Supp. 2d 1029, 1050 (N.D. Cal. 2007) (citing cases), *aff'd*, 536 F.3d 1343 (Fed. Cir. 2008).

As another example, Defendants "dispute" that they each had the goal of promoting Bible education around the world because, they argue, WTNY operated only in the United States while WTPA operated worldwide. WTPA's SDF at ¶ 1a, ECF No. 386. Even if WTNY did only function in the United States as argued by Defendants,[2] the material fact to this action in Montana is that WTNY and WTPA had the same purpose in the United States.[3] This is not genuinely disputed by Defendants and demonstrates the "common purpose" element of joint venture.

### 2. Joint Venture Amendment

Plaintiffs will be filing a separate Motion for Reconsideration of the Court's Order denying Plaintiffs request to amend. While the timing and sequence of this is not perfect or preferable, Defendants obstruction and deception has created a morass of uncertainty, the full extent of which will likely never be discovered. Regardless, Defendants were on notice of Plaintiffs' joint venture theory for a year

---

[2] WTNY's charter (as cited by Plaintiffs) states one of its purposes is to "send out to various parts of **the world** religious ministers, missionaries, teachers and instructors . . ." Pls.' SUF, Ex. C at ¶ 6(a), ECF No. 352-3.

[3] Plaintiffs seek only to establish that "WTNY and WTPA were operating a joint enterprise to operate local congregations in the United States." not worldwide or elsewhere. Pls.' Br. in Supp. of Mot. at 6, ECF No. 351.

**Plaintiffs' Reply Brief in Support of Their Motion for Partial Summary Judgment Re:
Hardin Elders Are Agents of a Joint Enterprise Between WTNY and WTPA (ECF No. 350)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
5

of discovery, and there are sufficient facts to support the theory. Justice requires that joint venture be considered on the merits.

## CONCLUSION

Defendants cannot defeat summary judgment by manufacturing factual "disputes" that are not genuine and material. Slightly rephrasing Plaintiffs' facts without explaining the materiality of such is not a genuine dispute; contradicting one of Defendants' statements with another, without any explanation, is not a genuine dispute. The facts Plaintiffs rely on are not genuinely disputed and there is not a material issue of fact precluding judgment as a matter of law that WTNY and WTPA were operating a joint venture during the relevant time period.

DATED this 24th day of May, 2024.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

**Plaintiffs' Reply Brief in Support of Their Motion for Partial Summary Judgment Re:
Hardin Elders Are Agents of a Joint Enterprise Between WTNY and WTPA (ECF No. 350)**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
6

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 1,097 words, excluding the caption, certificates of service, and compliance, table of contents, and authorities, and exhibit index.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*