**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRACY CAEKAERT; CAMILLIA MAPLEY, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> PHILIP BRUMLEY, <br><br> Defendant-Appellant, <br><br> and <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK; et al., <br><br> Defendants. | No. 23-35329 <br><br> D.C. No. 1:20-cv-00052-SPW <br><br> MEMORANDUM[*] |
| ARIANE ROWLAND; JAMIE SCHULZE, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> PHILIP BRUMLEY, <br><br> Defendant-Appellant, <br><br> and | No. 23-35330 <br><br> D.C. No. 1:20-cv-00059-SPW |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK; et al.,

      Defendants.

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted May 23, 2024[**]
Anchorage, Alaska

Before: BYBEE, FRIEDLAND, and MILLER, Circuit Judges.

Philip Brumley, the general counsel for defendant Watch Tower Bible and Tract Society of Pennsylvania, seeks interlocutory review of a district court order imposing sanctions against him under 28 U.S.C. § 1927. A previous motions panel declined to dismiss the appeal for lack of jurisdiction without prejudice to renewing the arguments in the answering brief. Plaintiffs have renewed those jurisdictional arguments, and we now dismiss the appeal for lack of jurisdiction. *Nat'l Indus. v. Republic Nat'l Life Ins. Co.*, 677 F.2d 1258, 1262 (9th Cir. 1982) (explaining that a merits panel must consider appellate jurisdiction despite an earlier denial of a motion to dismiss for lack of appellate jurisdiction).

1. In *Stanley v. Woodford*, 449 F.3d 1060 (9th Cir. 2006), we held that we

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

lack jurisdiction to hear an immediate appeal of an order imposing sanctions under § 1927 against a non-party attorney. *Id.* at 1062, 1065. Although Brumley attempts to distinguish *Stanley*, the Supreme Court "has expressly rejected efforts to reduce the finality requirement of § 1291 to a case-by-case determination of whether a particular ruling should be subject to appeal." *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 439 (1985). Because we have held, as a categorical matter, that orders imposing sanctions under § 1927 may not be immediately appealed, this interlocutory appeal must be dismissed.[1]

    2. Even if we were to construe the notice of appeal as a petition for a writ of mandamus, Brumley would not be entitled to mandamus relief because he has not shown that his "right to issuance of the writ is clear and indisputable." *Cheney v. United States Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004) (internal quotation marks and citation omitted); *see also Caputo v. Tungsten Heavy Powder, Inc.*, -- F.4th --, 2024 WL 1103117, at *31, *32 n.19, *40 (9th Cir. Mar. 14, 2024) (holding that, based on the "plain language" of § 1927, "attorneys of record for a specific client do not represent the entire universe of individuals who may be

---

[1] Brumley relies on *David v. Hooker, Ltd.*, 560 F.2d 412, 415-17 (9th Cir. 1977), for the proposition that a non-party may immediately appeal an order imposing sanctions, but *David* did not involve sanctions imposed against a non-party attorney, *see id.* at 414-15. In *Stanley*, we recognized that the Supreme Court has effectively overruled a related line of cases which allowed a non-party attorney to immediately appeal an order imposing sanctions. 449 F.3d at 1063. Given that Supreme Court precedent, we cannot extend *David* to a case involving a non-party attorney.

3

sanctioned pursuant to § 1927," and sanctioning an attorney who had not appeared before the court in the case in question and who was not even admitted to practice before that court); *In re U.S. Dep't of Educ.*, 25 F.4th 692, 698 (9th Cir. 2022) (listing the factors to consider before granting a writ of mandamus and explaining that "satisfaction of the third factor, that the district court made a clear error of law, is almost always a necessary predicate for the granting of the writ").

    **DISMISSED.**