Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Victoria K.M. Gannon
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT 59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com
katy@mss-lawfirm.com

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
1401 Delgany Street, #404
Denver, CO 80202
Tel: (303) 947-4453
matthew@merrillwaterlaw.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA., <br><br> Defendants, | Case No. CV-20-52-BLG-SPW <br><br> **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

Plaintiffs in the above referenced matters submit the following brief in support of their Motion for leave to file a motion to reconsider the Court's denial

of their motion to amend their complaint to add allegations related to the relationship between Defendants.

## BACKGROUND

Plaintiffs filed their Motion to Amend to add allegations related to the relationship between Defendants Watchtower Bible & Tract Society of New York, Inc. ("WTNY") and Watch Tower Bible & Tract Society of Pennsylvania ("WTPA") on January 6, 2023. Pls.' Mot. to Am. Compl., ECF No. 189. The Court denied the motion on May 22, 2023 for failure to show good cause to amend. Order at 6, ECF No. 238.

Plaintiffs filed their original Motion to Amend to add allegations related to the relationship between WTNY and WTPA under Federal Rules of Civil Procedure 15. As this Court noted in its Order, Plaintiffs' Motion should have been filed under Rule 16. *Id*. at 3.

The Court therefore concluded that "without a more detailed outline of Plaintiffs' actions with respect to amending their complaint, the Court cannot find Plaintiffs acted diligently." *Id*. at 6. Since entry of the Court's Order, Plaintiffs have conducted extensive discovery and depositions that have led to the finding of new material facts warranting a motion for reconsideration.

///

///

## APPLICABLE LAW

Local Rule 7.3 requires leave of court prior to filing a motion for reconsideration.  The motion for leave must specify why it meets at least one of the following:

(1)   (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, and

(B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; *or*

(2) new material facts arose, or a change of law occurred after entry of the order.

Local Rule 7.3(b).  The motion for leave may not repeat any argument made by the applying party before entry of the order.  *Id.* at 7.3(c).  Generally, no response may be filed.  *Id.* at 7.3(d).

## NEW MATERIAL FACTS

The material facts supporting a joint enterprise between Defendants are presented in Plaintiffs Statement of Undisputed Facts in support of their Motion for Partial Summary Judgment re: Hardin Elders are Agents of a Joint Enterprise between WTNY and WTPA.  ECF No. 352.  Many of those facts arose after the Court's May 22, 2023 Order denying Plaintiffs' Motion to Amend their complaint,

including several key pieces of evidence about the relationship between Defendants that arose at the F.R.C.P. 30(b)(6) depositions of WTNY and WTPA in March 2024.

The material facts arising after May 22, 2023 that support Plaintiffs' motion for reconsideration include:

a. WTPA did not have its own offices but used WTNY's offices at the Organization's headquarters and did so without any written agreement. Ex. A, 30(b)(6) WTPA Moreno Dep., 67:6-72:2.

b. There were no agreements or terms between WTNY and WTPA regarding the shared use of facilities between the two or the bills associated with the use of said facilities, WTNY owned the premises and paid all the bills. Ex. A, 30(b)(6) WTPA Moreno Dep.,67:6-72:21.

c. WTNY and WTPA used their funds to assist one another in achieving their common purpose and if WTNY was running a deficit WTPA would give it money. Ex. A, 30(b)(6) WTPA Moreno Dep., 39:17-41:2, 41:24-44:4, 47:22-48:18, 56:24-62:13, 86:9-89:11.

d. WTNY and WTPA's financial statement and disclosures demonstrate that they were not functioning as separate and distinct entities. Ex. B, Yonce Expert Rep. at 2.

e. The Hardin elders learned how to perform their duties from the publications, schools, and instructions provided by WTNY and WTPA. Ex. C, Lovett Dep., 61:25-62:16, 64:12-65:8, 66:25-67:6, 70:22-71:9, 79:22-80:25; Ex. D, Hardin 30(b)(6) Dep., 61:15-64:4, 67:17-25; Ex, E, Hiebert Dep., 42:3-11, 43:1-7; Ex. F, Meyers Dep., 45:3-47:17, 130:11-19.

f. The Jehovah's Witnesses' entities in New York were collectively and without distinction referred to as the "Society." Ex. G, WTPA 30(b)(6) Devine Dep., 108:25-109:13; Ex. C, Lovett Dep., 62:17-63:23.

**TIMING OF PLAINTIFFS MOTION FOR RECONSIDERATION**

Plaintiffs were not able to move to reconsider promptly after the Court's order of May 22, 2023 denying their motion to amend their complaint. The Court required a "more detailed outline of Plaintiffs' actions with respect to amending their complaint." Order at 6, ECF No. 238. However, the information in Plaintiffs' possession at the time did not meet the standard of Local Rule 7.3(b)(1)(B), which requires that "despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order." (emphasis added). Because Plaintiffs knew the details of their actions with respect to amending the complaint prior to the Court's May 22 Order, these facts were not grounds to seek reconsideration. Accordingly, as required by Local

Rule 7.3, Plaintiffs waited until new material facts arose at the F.R.C.P. 30(b)(6) depositions of Defendants to file this motion for leave.

As the Court has noted in its prior order on this issue, Defendant's responses to written discovery were non-responsive and were not a basis to require plaintiffs to move to amend their complaint.  Order at 6, n.1., ECF No. 238.  Defendant WTNY's failure to fully respond to discovery regarding the relationship with Defendant WTPA continued into April 2024.  Orders, ECF Nos. 318 & 388, regarding Interrogatory No. 15.  Indeed, to this day, WTNY has refused to adequately supplement its answer to Interrogatory No. 15, and instead relies on Plaintiffs and this Court to supply information and facts regarding its relationship with all other entities within the Jehovah's Witness organization, despite being the one who is uniquely in possession of that information. Defendants' evasive and incomplete answers required Plaintiffs to complete depositions in this case, specifically those of Shuster, Breaux, Smalley, and the 30(b)(6) depositions of each Defendant in order to acquire the relevant new material facts related to the Defendants' joint enterprise which would allow for Plaintiffs to move for reconsideration.

Plaintiffs intended to move for reconsideration between obtaining the new material facts from the F.R.C.P. 30(b)(6) deposition transcripts received on March 22 and March 25, 2024 and filing their Motion for Partial Summary Judgment Re:

**Plaintiffs' Brief in Support of Their Motion for Leave to File Motion for Reconsideration**
*Caekaert and Mapley v. Watchtower Bible Tract of New York, Inc., et. al.*
6

Hardin Elders are Agents of a Joint Enterprise Between WTNY and WTPA on April 12, 2024.  In the press to prepare numerous dispositive and non-dispositive motions and briefs prior to the case management deadlines in April, Plaintiffs' counsel overlooked moving for leave to move for reconsideration of their motion to amend their complaint.  Plaintiffs respectfully tender their motion now based on the discovery of new material facts.

## CONCLUSION

In order to move for reconsideration of a prior order, Plaintiffs are required to show that new material facts arose, or a change of law occurred after entry of the order.  Plaintiffs have shown several new material facts which arose at the F.R.C.P. 30(b)(6) depositions of the Defendants regarding their joint enterprise.  Based on the foregoing, Plaintiffs respectfully request leave to file their motion for reconsideration.

DATED this 3rd day of June, 2024.

By: /s/ Victoria K.M. Gannon
Victoria K.M. Gannon
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 1,173 words, excluding the caption, certificates of service, and compliance, table of contents, and authorities, and exhibit index.

> By: /s/ Victoria K.M. Gannon
> Victoria K.M. Gannon
> MEYER, SHAFFER & STEPANS PLLP
>
> *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

> By: /s/ Victoria K.M. Gannon
> Victoria K.M. Gannon
> MEYER, SHAFFER & STEPANS PLLP
>
> *Attorneys for Plaintiffs*