Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Victoria K.M. Gannon
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com
katy@mss-lawfirm.com

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
1401 Delgany Street, #404
Denver, CO  80202
Tel: (303) 947-4453
matthew@merrillwaterlaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA.,<br><br>Defendants, | Case No. CV-20-52-BLG-SPW<br><br>**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION** |

## INTRODUCTION

Plaintiffs filed their Motion to Amend to add allegations related to the

relationship between Defendants Watchtower Bible & Tract Society of New York,

Inc. ("WTNY") and Watch Tower Bible & Tract Society of Pennsylvania ("WTPA") on January 6, 2023.  Pls.' Mot. to Am. Compl., ECF No. 189.  The Court denied the motion on May 22, 2023, for failure to show good cause to amend. Order at 6, ECF No. 238.  The Court concluded that "without a more detailed outline of Plaintiffs' actions with respect to amending their complaint, the Court cannot find Plaintiffs acted diligently." *Id.*

New material facts have arisen since the Court's denial of the January 2023 motion to amend, as summarized in Plaintiffs' Brief in Support of Motion for Leave to File Motion for Reconsideration filed on June 3, 2024. ECF No. 404. In addition, Plaintiffs are providing the court with a more detailed outline of Plaintiffs' actions prior to January 2023 with respect to amending their complaint.

## LAW

Local Rule 7.3 requires leave of court prior to filing a motion for reconsideration.  The motion for leave must specify why it meets at least one of the following:

(1)    (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, and

(B) despite the exercise of reasonable diligence, the party applying for

reconsideration did not know such fact or law before entry of the

order; *or*

(2) new material facts arose, or a change of law occurred after entry of the

order.

L. R. 7.3(b).

When the deadline for amending the pleadings has passed, Federal Rule of

Civil Procedure 16(b) applies and requires a showing of good cause for not seeking

leave to amend within the established scheduling order.  *Butler v. Unified Life Ins.*

*Co.*, CV 17-50-BLG-SPW-TJC, 2018 WK 10811782, at *2 (D. Mont. Dec. 3,

20118) (citing Fed. R. Civ. P. 16(b)(4); *Colman v. Quaker Oats Co.*, 232 F.3d

1271, 1294 (9th Cir. 2000)).  If good cause is found under Rule 16(b), the Court

then determines if an amendment should be allowed under Rule 15(a).  *Id*. at *3.

The Court should grant leave freely when justice requires it. Fed. R. Civ. P.

15(a)(2).  The party opposing amendment "bears the burden of showing prejudice."

*Eminence Capital, LLC. V. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Absent a strong showing of prejudice, "there exists a *presumption* under Rule 15(a)

in favor of granting leave to amend."  *Id*.

## PLAINTIFFS COULD NOT AMEND PRIOR TO SCHEDULING DEADLINE

In its order on Plaintiffs' Motion to Amend/Correct their Complaint, the

Court required a more detailed outline of Plaintiffs' actions with respect to

amending their complaint in order to determine good cause to amend.  Specifically,

with respect to showing diligence, the Court cited to three factors that a party must

demonstrate:

> (1) That [they were] diligent in assisting the Court in creating a
> workable Rule 16 order….; (2) that [their] noncompliance with a
> Rule 16 deadline occurred or will occur, notwithstanding [their]
> diligent efforts to comply because of the development of matters
> which could not have been reasonably foreseen or anticipated at the
> time of the Rule 16 scheduling conference….; and (3) that [they were]
> diligent in seeking amendment of the Rule 16 order, once it became
> apparent they could not comply with the order…

ECF No. 238 at 3–4 (quoting *Richland Partners, LLC v. Cowry Enters., Ltd.*, CV

14-14-BLG-SPW, 2014 WK 4954475, at *3 (D. Mont, Sept. 29, 2014)).

The Scheduling Order that created the February 14, 2022, deadline to amend

pleadings was entered December 20, 2021 just after the completion of the

jurisdictional discovery phase of the case and withdrawal of WTPA's motion

regarding personal jurisdiction.  ECF No. 105.  At the time, Plaintiffs believed that

was a workable scheduling order.  Plaintiffs did not move to amend the scheduling

order under Rule 16 because they believed pleadings could be amended without

amending the scheduling order.  *See* Fed. R. Civ. P. 15 (a)(2); *DCD Programs, Ltd.*

*v. LeightonI,* 833 F.2d 183, 185 (9th Cir. 1987); *United States v. Webb*, 655 F.2d

977, 979 (9th Cir. 1981); *Eminence Capital, LLC. V. Aspeon, Inc.*, 316 F.3d 1048,

1052 (9th Cir. 2003) (Absent a strong showing of prejudice, "there exists a

*presumption* under Rule 15(a) in favor of granting leave to amend."). *Id.* Thus,

the reason Plaintiffs did not move to amend the scheduling order is because they

believed the pleadings could be amended without doing so and they could still do

so under Rule 15.[1]

The unforeseeable development that occurred in this case after the entry of

the scheduling order was the degree to which Defendants would obstruct Plaintiffs'

ability to discover evidence about the relationship between WTNY and WTPA.

For example, the discovery that had been served and answered prior to the

February 14, 2022 deadline regarding the relationship between WTNY and WTPA

could not have aided Plaintiffs in amending.  Plaintiffs Interrogatory No. 15 to

WTNY and No. 25 to WTPA during jurisdictional discovery asked specifically for

details regarding the relationships between the Governing Body, WTNY, and

WTPA.  Ex. A, Pls.' Second Set of Jurisdictional Disc. to WTNY; Ex. B, Pls.'

---

[1] Plaintiffs recognize this Court's holding that Rule 16 applies to their motions to amend the pleadings and Plaintiffs are not relitigating that legal question herein. However, Plaintiffs continue to believe Rule 15(a)(2) contemplates and governs motions to amend after the deadline for amendments in the scheduling order has expired and Plaintiffs wish to preserve that question for appeal.

Second Set of Jurisdictional Disc. to WTPA.  Defendants' answers provided no

useful information.  Upon review of WTNY's and WTPA's answers to

Interrogatories No. 15 and 25, the Court found that their answers were "vague to

the point of non-responsive".  Order re Mot. to Compel Jurisdictional Disc. Resp.

and For Costs and Fees at 11, ECF No. 85.  To this day, WTNY has never fully

answered Interrogatory No. 15 despite multiple orders from this Court informing

them of their inadequacy.  Instead, Defendants use the confusion they created as a

shield in hopes of preventing Plaintiffs from fairly litigating this case.

### PLAINTIFFS JANUARY 6, 2023, MOTION TO AMEND

The facts giving rise to joint enterprise or joint venture between defendants

are not contained in a single document.  Plaintiffs were in possession of some

documents regarding the relationship between Defendants, such as the 1977

Branch Organization Manual cited in the Second Amended Complaint (Ex. 1 to

ECF No. 190), as early as October 2020.[2]  Additionally, as noted in Plaintiffs'

Reply in Support of Motion to Amend Complaint at pages 8 and 9, ECF No. 201,

Plaintiffs also relied on documents cited in their Brief in Support of Plaintiffs'

Motion to Compel Production of All Discoverable Documents and Information at

the Jehovah's Witnesses' New York Headquarters at pages 11 through 17.  ECF

---

[2] Plaintiffs' counsel did not track the dates that they obtained and reviewed every document received outside of discovery.

No. 192.[3]  However, these documents on their own did not illustrate black and

white facts to determine whether a joint enterprise, joint venture or single

enterprise existed between Defendants.  These documents informed Plaintiffs

decision to serve written discovery seeking evidence to help establish what they

already believed regarding the relationship between WTNY and WTPA.  Plaintiffs

were in the process of obtaining written discovery from Defendants on issues

related to joint enterprise and the facts in their amended complaint as late as

December 2, 2022 when WTNY first responded to several interrogatories and

requests for production that relate to the relationship between the defendants.  Ex.

D, WTNY's Responses to Plaintiffs 4th set of discovery requests, Interrogatories

No. 20–23.  This once again proved futile.  The Court recognized the deficiencies

specifically regarding WTNY's answer to Interrogatory No. 20 stating, "absent

from the answers are any of the facts Plaintiffs proved through their exhibits or any

facts meeting the specificity requirements of the Order."  Order re Pls.' Mot. for

Sanctions at 31, ECF No 318.  Ultimately, it was the totality of the evidence

Plaintiffs had accrued, and the lack of evidence established by WTNY's inability

to provide a convincing or credible explanation as to which defendant played

---

[3] An as accurate as possible timeline of when Plaintiffs received these documents
outside of discovery is attached, however, Plaintiffs cannot give the Court exact
dates as to when these documents were reviewed by an attorney.  Ex. C,
Documents Obtained Timeline.

which role and how the roles were distinguished that prompted Plaintiffs to seek to amend their complaint.[4]  Plaintiffs motion to amend was filed just over 1 month later, on January 6, 2023.

As described above, Plaintiffs could not reasonably move to amend their complaint prior to the Rule 16 scheduling deadline and could not have foreseen the degree of discovery disputes and obfuscation by the Defendants that would occur in this case in December 2021 when the scheduling order in this case was entered, providing a deadline of February 14, 2022 to amend the pleadings.  Plaintiffs were reasonably diligent in moving to amend their complaint within approximately 1 month of receiving WTNY's answers to their fourth set of written discovery.

///

///

///

---

[4] Of note, any time Plaintiffs have used the information they have been forced to find outside of discovery against Defendants, they have argued that Plaintiff misconstrue or misstate Defendants previous representations, or the representations are not relevant to this case.  *See* WTNY's Resp. to Mot. to Compel WTNY Headquarter Docs. and Info. at 9, 10, ECF No. 202; WTNY's Resp. to Mot. to Compel Docs. Withheld on the Basis of Att'y Client Privilege at 7, 8, ECF No. 204; WTNY's Resp. to Pls.' Mot. for Sanctions re WTNY's Non-compliance with ECF No. 85 at 12, 18–20, ECF No. 290; WTNY's Resp. to Pls.' Mot. for Sanctions re WTNY's Disc. Abuse at 22, 23, ECF No. Doc. 376.  Defendants cannot reasonably argue that all of this evidence is meritless in every other motion, and then when it benefits them, argue that Plaintiffs had the evidence and were not diligent in moving.

## NEW MATERIAL FACTS

As described in their Motion for Leave, several new material facts related to the joint enterprise between WTNY and WTPA arose after the Court's Order denying Plaintiffs Motion to Amend on May 22, 2023.  These include:

    a.  WTPA did not have its own offices but used WTNY's offices at the Organization's headquarters and did so without any written agreement.  Ex. E, 30(b)(6) WTPA Moreno Dep., 67:6–72:2

    b.  There were no agreements or terms between WTNY and WTPA regarding the shared use of facilities between the two or the bills associated with the use of said facilities, WTNY owned the premises and paid all the bills.  Ex. E, 30(b)(6) WTPA Moreno Dep., 67:6–72:21

    c.  WTNY and WTPA used their funds to assist one another in achieving their common purpose and if WTNY was running a deficit WTPA would give it money.  Ex. E, 30(b)(6) WTPA Moreno Dep., 39:17–41:2, 41:24–44:4, 47:22–48:18, 56:24–62:13, 86:9–89:11.

    d.  WTNY and WTPA's financial statement and disclosures demonstrate that they were not functioning as separate and distinct entities. Ex. F, Yonce Expert Rep. at 2.

e.  The Hardin elders learned how to perform their duties from the publications, schools, and instructions provided by WTNY and WTPA.  Ex. G, Lovett Dep., 61:25–62:16, 64:12–65:8, 66:25–67:6, 70:22–71:9, 79:22–80:25; Ex. H, Hardin 30(b)(6) Dep., 61:15–64:4, 67:17–25; Ex, I, Hiebert Dep., 42:3–11, 43:1–7; Ex. J, Meyers Dep., 45:3–47:17, 130:11–19.

f.  The Jehovah's Witnesses' entities in New York were collectively and without distinction referred to as the "Society." E x. K, WTPA 30(b)(6) Devine Dep., 108:25–109:13; Ex. G, Lovett Dep., 62:17–63:23.

These new material facts provide additional support for Plaintiffs' allegations in the amended complaint tendered to the Court in January 2023.  ECF No. 190-1.

Despite Plaintiffs' efforts to obtain these facts through written discovery, they were not available to Plaintiffs prior to taking the Federal Rules of Civil Procedure 30(b)(6) corporate depositions of WTNY and WTPA.  For example, since Plaintiffs served their first set of general discovery on Defendants in January of 2022, they have served eight (8) more sets of discovery on WTNY and six (6) more sets on WTPA.  In total, Plaintiffs have served thirty-three (33) interrogatories, one-hundred and one (101) requests for production, and thirty-three (33) requests for admissions on WTNY.  Plaintiffs have served twenty-three (23)

interrogatories, ninety-five (95) requests for production, and twenty-eight (28) requests for admission on WTPA.  This does not include the dozens of letters and emails sent conferring on discovery issues.  Despite Plaintiffs' diligence in attempting to obtain the truth through written discovery, Defendants continued to obfuscate and refused to candidly answer the questions Plaintiffs had regarding the relationship between WTNY and WTPA.  Order re Mot. to Compel Jurisdictional Disc. Resp. and for Costs and Fees, ECF No. 85; Order, ECF No. 318; Order, ECF No. 388.  WTNY also spent the better part of a year obstructing Plaintiffs' right to take key depositions.  As this Court found, WTNY violated their duty of candor to Plaintiffs, as well as the Court regarding the depositions of Gary Breaux, Allen Shuster, and Gene Smalley. Order Denying WTNY's Mot. for Protective Order at 13, 14, ECF No. 268.  It was crucial to Plaintiffs that they depose these key witnesses prior to taking the 30(b)(6) depositions of WTNY and WTPA.  Plaintiffs were forced to wait to take the corporate depositions until March of 2024 and until doing so, Plaintiffs lacked the new material facts necessary to file this motion for reconsideration until they obtained the 30(b)(6) deposition transcripts in late March 2024.

## DEFENDANTS ARE NOT PREDJUDICED

As argued previously, Defendants are not prejudiced by the timing of Plaintiffs motion.  Substantial prejudice overcoming Rule 15 has been found where

the amendments would have greatly altered the nature of the litigation and would have required a defendant to undertake an entirely new course of defense close to trial. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Defendants cannot show that here. Arguably, Defendants have known since Plaintiffs filed their First Amended Complaint that Plaintiffs believe that Defendants are alter egos of one another and have been working in concert to such a degree that they share in liability for one another's conduct. Pls.' First Am. Compl. at ¶ 16, 18–32, ECF No. 22. Certainly, Defendants have been on notice of these allegations since January 6, 2023 when Plaintiffs filed their motion to amend the complaint. Furthermore, Defendants were aware of Plaintiffs continued pursuance of these allegations when they received the Rule 30(b)(6) topics which clearly emphasized Plaintiffs desire to understand the corporate relationship between WTNY and WTPA. Ex. L., Sept. 16, 2021 First Amended Notice of 30(b)(6) Deposition of WTPA and Sept. 22, 2022 Amended Notice of Rule 30(b)(6) Foundational Deposition of WTNY. Defendants were not prejudiced when Plaintiffs filed their original motion, and they are not prejudiced now. It is unfathomable that Defendants could be prejudiced by Plaintiffs' proposed amendments when Defendants are uniquely in sole possession of all of the evidence proving that they worked in concert - to an almost indistinguishable degree - with one another in the 1970's, 1980's, and early 1990's.

## CONCLUSION

Ultimately, Defendants refusal to openly and honestly disclose the relationship between WTNY and WTPA has played a massive role in putting Plaintiffs in the position they are in today.[5] Plaintiffs have shown good cause to amend based on the foregoing, and Plaintiffs respectfully request the Court to reconsider its order denying their Motion to Amend/Correct Their Complaint and allow them to file their Second Amended Complaint.  *See* ECF No. 189-1.

DATED this 4th day of April, 2024.

By: /s/ Ryan Shaffer
        Ryan R. Shaffer
        MEYER, SHAFFER & STEPANS PLLP

        *Attorneys for Plaintiffs*

---

[5] Plaintiffs have filed five Motions for Sanctions related to Defendants' discovery violations since November 6, 2023.

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.3(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 2,644 words, excluding the caption, certificates of service, and compliance, table of contents, and authorities, and exhibit index.

By: /s/ Victoria K.M. Gannon
     Victoria K.M. Gannon
     MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
     Ryan R. Shaffer
     MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*