*Exhibit C*

Jon A. Wilson
Brett C. Jensen
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128

Joel M. Taylor, Esq. (appearing *pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
100 South Bedford Road, Suite 340
Mount Kisco, New York 10549
Tel./E-Fax (845) 288-0844
*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY,<br><br>            Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, and BRUCE MAPLEY SR.,<br><br>            Defendants.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC. | Cause No. CV 20-52-BLG-SPW<br><br>**DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK INC.'S RESPONSES TO PLAINTIFFS' FOURTH SET OF COMBINED INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION** |

objects to this Interrogatory in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and information produced after 1992 are irrelevant to demonstrate Plaintiffs' claims). Subject to and without waiving these objections, WTNY responds as follows:

The Legal Department does not, and never has had, "Deskmen." As to Montana "Deskmen", WTNY does not have any listing of Montana "Deskmen" from any time period. However, WTNY's Legal Department transferred the calls identified on its Privilege Log to deskmen in the Service Department; these elders may have been assigned to the Montana desk or were temporarily covering the Montana desk for the Service Department:

Burnett, Michael

Chappel, Douglas

Chilton, Richard

**INTERROGATORY NO. 20:** For the period 1973 to 1992 identify the Departments (e.g., Service Department), Offices (e.g., Branch Office), Committees (e.g., Service Committee), Bodies (e.g., Governing Body), Corporations (e.g., WTPA), and any other groups or entities that were utilized by the Jehovah's Witnesses to carry out the purposes, goals, functions, ministries, and work of the Jehovah's Witness faith. For each Department, Office, Committee, Body,

Corporation, or other group/entity identified, please set forth the dates within the time period that each was utilized.

**ANSWER:** WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). WTNY further objects to this Interrogatory as compound and overbroad, as it is not limited in scope, subject matter, or geographic region. Subject to and without waiving these objections, WTNY responds as follows:

As to the Service Department (located in Brooklyn, NY), between the years of 1973 and 1992, experienced elders provided Scripturally-based guidance to elders in congregations of Jehovah's Witnesses, as needed. Elders in the Service Department were also responsible for reviewing the Scriptural qualifications of elders and ministerial servants in local congregations of Jehovah's Witnesses, and acknowledging any appointments on WTNY letterhead. The names of those in this department have been previously provided. *See* WTNY's Second Supplemental Responses to Plaintiffs' Second Set of Jurisdictional Discovery, First Supplemental Answer to Interrogatory No. 6, dated September 21, 2021. During the relevant time period the Service Department acted through WTNY.

The Service Department Committee (located in Brooklyn, NY) was an ad-hoc group of Service Department elders who were responsible for oversight of the

Service Department. No records exist of those comprising this committee because each elder was also a member of the Service Department, but the following names are located in documents previously produced as having served on this committee during some portion of the relevant time period: Joel Adams, Harley Miller, David A. Olson, Martin Poetzinger, William Van De Wall, Leon Weaver, and Charles Woody (*See* documents produced by co-Defendant WTPA bates numbered WTPA052128; WTPA050214; WTPA049015-049020 WTPA050593; WTPA052512; WTPA055199; WTPA052745; WTPA052897; WTPA055965; WTPA05821; WTPA054053).

As to the Legal Department (located in Brooklyn, NY), none existed in the 1970s and it wasn't until the early-1980s that one was initially staffed with paralegals with legal assistance provided by private attorneys. Toward the mid to late 1980s, WTNY obtained in-house counsel. The Legal Department serves to assist Jehovah's Witnesses in a wide variety of ways including but not limited to assisting with medical matters, formation of corporate entities to carry out the work of Jehovah's Witnesses, child custody disputes, human rights issues, and freedom of religion and speech violations. After July 1, 1989, it also began receiving phone calls from elders in congregations of Jehovah's Witnesses in the United States and provided legal advice in connection with reporting obligations for ministers. During the relevant time period the Legal Department acted through WTNY.

As to WTNY (located in Brooklyn and Wallkill NY), it is a 50l(c)(3) not-for-profit corporation organized under the corporate laws of the State of New York with current offices in Patterson, New York. The corporate purpose of WTNY includes supporting the faith of Jehovah's Witnesses as they carry out Jesus' commands at Matthew 24:14 and Matthew 28:19-20, to preach the good news of God's Kingdom. WTNY supports the faith of Jehovah's Witnesses by printing Bible-based literature and by owning real estate to provide housing and office facilities for members of the Worldwide Order of Special Full-Time Servants of Jehovah's Witnesses ("the Order") in the United States. The Order is an unincorporated Scriptural order whose members serve under vows of poverty and obedience. Prior to 2001, WTNY also supported the faith of Jehovah's Witnesses by entering into contracts to rent facilities for Jehovah's Witnesses to hold conventions and by providing services to facilitate communications between the Service Department and congregations of Jehovah's Witnesses throughout the United States, and any other business/religious needs of Jehovah's Witnesses. The names of the members of the Board of Directors have been previously provided. *See* WTNY's Third Supplemental Responses to Plaintiffs' First Set of Jurisdictional Discovery, Answer to Interrogatory No. 2, dated September 21, 2021.

The Governing Body of Jehovah's Witnesses (located in Brooklyn, NY) is an ecclesiastical group of men who care for the spiritual interests of Jehovah's

Witnesses worldwide. The Governing Body provides spiritual guidance and direction to all Jehovah's Witnesses, including, but not limited to, setting forth the Scriptural beliefs and practices of the faith in conformance with the model set by first century Christians as recorded in the Bible. Although the members of the Governing Body have changed over the years, during the relevant time-period of this lawsuit (1973-1992) the Governing Body as an ecclesiastical group has been (and still is) in existence. The Governing Body considers its leader to be Jesus Christ (*The Bible*, Matthew 23:10). WTNY refers Plaintiffs to WTPA's Answer to Interrogatory No. 23, dated September 21, 2021, for a listing of the individual members of the Governing Body during the relevant time-period.

**INTERROGATORY NO. 21:** For all Departments, Offices, Committees, Bodies, Corporations, or other groups or entities identified in your answer to the previous interrogatory, please identify: a) the years it was active; b) its purpose; c) the Corporation it communicated through; d) the Department, Office, Committee, Body, Corporation, or other group or entity if reported to; d) its physical location; e) the person(s) in charge; and f) identification of the people serving such Department, Office, Committee, Body, Corporation, or entity.

**ANSWER:** WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). WTNY further

objects to this Interrogatory to the extent that it violates individuals' associational right to privacy under the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution. *See, NAACP v. Alabama* (1958) 357 U.S. 449. WTNY also objects to this Interrogatory and compound and overbroad, as it is not limited in scope, subject matter, or geographic region. Subject to and without waiving these objections, WTNY responds as follows: *See* Answer to Interrogatory No. 20.

**INTERROGATORY NO. 22:** For the time period of 1973 to 1992, please describe how the money from the sale of books, literature, magazines, songs, and other media to which WTPA holds copyrights was collected, received, and accounted for by you.

**ANSWER:** WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). WTNY further objects to the use of the term "sale of" in this Interrogatory, as such term could improperly give the impression that there was some commercial or secular objective in the production of religious literature or that it resulted in monetary profit. Subject to and without waiving these objections, WTNY responds as follows: In the United States and up until 1990, religious literature was offered to any individual who had a desire to obtain such literature on a suggested donation basis. After 1990, such literature was offered on a voluntary donation basis.

During all relevant time periods, the donations (funds) were collected at local congregations and remitted to WTNY to offset the cost of production, materials, and shipping. WTNY refers Plaintiffs to documents bates numbered WTNY000092-WTNY000195 and WTNY000799-000802 for how such items were "accounted for" by WTNY.

**INTERROGATORY NO. 23:** For the period 1973 to 1992 – and for all men who were serving concurrently on the Boards of Directors for WTNY and WTPA, as well as on the Governing Body – please identify the evidence (or types of evidence) in your possession that the Court or Jury could refer to which would indicate which of those entities those men were acting on behalf of while performing tasks related to the purpose of the Jehovah's Witness faith.

**ANSWER:** WTNY objects on the grounds that this Interrogatory goes beyond the 25 interrogatory limit provided in Rule 33(a)(l), Fed.R.Civ.P. *See, e.g., Kleiman v. Wright*, 2020 WL 1666787 (S.D. Fla. April 3, 2020). WTNY further objects to this Interrogatory as compound and ambiguous. Subject to and without waiving these objections, WTNY responds as follows:

As to those who served on the Board of Directors of WTNY and occupied a religious role concurrently as a member of the Governing Body between 1973 and 1992, WTNY identifies the following individuals:

W.L. Barry
J.E. Barr

    J.C. Booth
    F.W. Franz
    J.O. Groh
    M.G. Henschel
    W.K. Jackson
    T. Jaracz
    N.H. Knorr
    G. Suiter
    L.A. Swingle

For each of the individuals identified above, during the time they were acting in their role as directors of WTNY, they were governed by WTNY's Bylaws (*see* WTNY00084-WTNY000091); during the time they were acting as members of the ecclesiastical Governing Body of Jehovah's Witnesses, they were governed by the Bible.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 72:** Please produce a copy of all affidavits, declarations, or any other sworn statements by Jehovah's Witness Organization officials (whether representatives of WTNY, WTPA, CCJW, or otherwise) regarding the following issues: attorney-client privilege; clergy-penitent privilege; storage or retention of information regarding child sex abuse at Jehovah's Witness congregations; and the organization of the various Jehovah's Witness entities, departments, and offices over time.

**RESPONSE:** WTNY objects to this Request for Production in that it is overbroad as to time and scope. *See* Doc. 85, p. 7 (Court concluding documents and

## VERIFICATION

Thomas Jefferson, Jr., states that he has read the foregoing *(Defendant WTNY's Responses to Plaintiffs' Fourth Set of Combined Interrogatories, Requests for Production, and Requests for Admission)* and knows the contents thereof; that said answers were prepared with the assistance and advice of counsel; that the answers set forth herein, subject to inadvertent or undisclosed errors, are necessarily limited by the records and information still in existence presently recollected and thus far discovered in the course of the preparation of all answers. Consequently, he reserves the right to make any changes to the answers if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the answers are true to the best of his knowledge, information and belief.

_____
Thomas Jefferson, Jr.

Dated: 12/24/2022