IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, INC.<br><br>Defendants. | CV 20-52-BLG-SPW<br><br>ORDER |

Before the Court is Plaintiffs Tracy Caekaert and Camillia Mapley's Motion to Dismiss Defendants' Crossclaims Against Bruce Mapley, Sr. (Doc. 343). Plaintiffs move under Federal Rules of Civil Procedure 12(b)(6) and 12(c) for judgment on the pleadings of Defendants' crossclaims against Bruce Mapley, Sr. on the grounds that Plaintiffs' dismissal of their claims against Mapley, Sr. extinguished Defendants' crossclaims. (Doc. 344 at 2).

Defendant Watchtower Bible and Tract Society of New York does not dispute that its crossclaim against Mapley, Sr. was extinguished by operation of law. (Doc. 369 at 3). However, it maintains that it has the right to assert the settled party defense against Mapley, Sr. and that an order "clarifying that Mapley is no longer a party to the case and has no right to participate," (Doc. 344 at 2), as Plaintiffs request, violates

1

Mapley's right as the settled party to intervene in the action to defend against claims affirmatively asserted. (Doc. 369 at 3). WTNY also questions whether Plaintiffs have standing to move on a claim not asserted against them. (*Id.* at 3).

Defendant Watch Tower Bible and Tract Society of Pennsylvania, Inc. ("WTPA") did not respond to the motion, and Plaintiffs did not file a reply.

For the following reasons, the Court denies Plaintiffs' motion. On its own motion, the Court dismisses WTNY's and WTPA's crossclaims against Mapley, Sr.

## I.   Legal Standard

Plaintiffs move under both Federal Rule of Civil Procedure 12(b)(6) and 12(c). It appears they seek to invoke the theory of dismissal provided by Rule 12(b)(6) as the vehicle for a Rule 12(c) motion.

"A motion filed under Rule 12(c) and one filed under Rule 12(b) are 'functionally identical,' with timing being the 'principal difference' between them." *Estate of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189, 1198 (E.D. Cal. 2019) (quoting *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). Whereas a party must move to dismiss under Rule 12(b) before pleading if a responsive pleading is allowed, a party may move for judgment on the pleadings under Rule 12(c) "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(b)(6), (c). Since the pleadings are closed, Plaintiffs motion is properly construed under Rule 12(c).

"A judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Parker v. County of Riverside*, 78 F.4th 1109, 1112 (9th Cir. 2023). "The motion must be denied unless it appears to a certainty that no relief is possible under any state of facts the plaintiff could prove in support of his or her claim." *Johnson v. Dodson Public Schools, Dist. No. 2-A(C)*, 463 F. Supp. 2d 1151, 1155 (D. Mont. 2006) (internal citation and quotation marks omitted).

## II. Analysis

The parties' briefing raises four issues: (1) Do Plaintiffs have standing to file this motion? (2) If Plaintiffs do not have standing, can the Court act on the issue presented? (3) If Plaintiffs have standing or the Court can act on its own, do Defendants have a proper crossclaim against Mapley, Sr.? and (4) Must Defendants maintain a crossclaim against Mapley, Sr. to assert its affirmative defense that Mapley, Sr. is at fault in the matter? The Court will address each in turn.

First, Plaintiffs are not entitled to file this motion because a moving party does not have standing to seek dismissal of an action as to a nonmoving party. *Mantin v. Broad. Music, Inc.*, 248 F.2d 530, 531 (9th Cir. 1957); *see also* 5B Arthur R. Miller, *Federal Practice and Procedure* § 1349 (4th ed. 2024) ("The movant may obtain relief only as to itself; the movant has no standing to seek dismissal of the action as to nonmoving parties."). However, the Court may act sua sponte to dismiss a claim.

3

*Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 990 (9th Cir. 1987); *see also* Miller, *supra*, § 1349 ("Despite a lack of standing, however, courts occasionally exercise their sua sponte dismissal power to dismiss complaints as to all defendants where only a few have moved to dismiss."). The Court may dismiss a claim sua sponte when "the claimant cannot possibly win relief." *Omar*, 813 F.2d at 990.[1]

Thus, the question before the Court is whether Defendants cannot possibly win relief on their crossclaim. The Court concludes that Defendants, by WTNY's own admission, cannot obtain relief on their crossclaims against Mapley, Sr. as a matter of law.

A party may plead a crossclaim only against a "coparty." Fed. R. Civ. P. 13(g). "Thus a crossclaim that does not assert a plea for affirmative relief but merely alleges a complete defense against the opposing party's claim does not fall within Rule 13(g). A pleading of this type, though it contends that the crossclaimant is completely blameless and not subject to any liability with respect to plaintiff's claim, does not raise any issue between the coparties and is not properly assertable under the crossclaim provision." 6 Mary Kay Kane, *Federal Practice and Procedure* § 1431 (3d ed. 2024).

---

[1] Generally, the Court must give notice of its sua sponte intention to dismiss a claim and afford the party asserting the claim an opportunity to respond. *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981). Because Defendants had an opportunity to respond to Plaintiffs' motion, a separate opportunity to respond would be redundant.

4

Because WTNY's and WTPA's crossclaims against Mapley, Sr. do not assert a plea for affirmative relief but rather allege a defense against liability for Plaintiffs' claims, once Plaintiffs' claims against Mapley, Sr. were dismissed, the crossclaims were no longer against a coparty. The pleadings therefore are not properly assertable as a crossclaim pursuant to Rule 13(g). WTNY and WTPA cannot possibly obtain relief on their respective crossclaims, and dismissal is proper.

The Court's decision does not impact WTNY's and WTPA's ability to assert the settled party affirmative defense against Mapley, Sr. As the Court stated in its orders on Defendants' motions to amend their answers, WTNY and WTPA are entitled to such a defense. (Docs. 220, 221). The procedure for asserting that defense and ensuring that Mapley, Sr. can intervene if he chooses are outlined in Montana Code Annotated § 27-1-703(6)(f) and (g).[2] That procedure does not include asserting and/or maintaining a crossclaim against the settled party but rather pleading the affirmative defense in Defendants' answers and mailing Mapley, Sr. Defendants' answers at his last known address by certified mail with a request for a return receipt. Mont. Code Ann. § 27-1-703(6)(f), (g). Based on WTNY's and

---

[2] As WTNY points out, Plaintiffs incorrectly state that Mapley, Sr. no longer has a right to participate in the case. Though Mapley, Sr. is no longer a party and does not have the participation rights of a party, Mapley, Sr. has the right to "to intervene in the action to defend against claims affirmatively asserted, including the opportunity to be represented by an attorney, present a defense, participate in discovery, cross-examine witnesses, and appear as a witness of either party[.]" Mont. Code Ann. § 27-1-103(6)(f)(ii). Thus, even if Plaintiffs had standing to bring the motion, the Court would refuse to enter an order denying Mapley, Sr. the right to participate in the case entirely.

5

WTPA's notices of their amended answers (Docs. 225, 226), it appears both parties followed the necessary procedure. Accordingly, Defendants' crossclaims do not need to survive to ensure Mapley, Sr. has notice and an opportunity to intervene.

## IV. Conclusion

IT IS SO ORDERED that Plaintiffs' Tracy Caekaert and Camillia Mapley's Motion to Dismiss Defendants' Crossclaims Against Bruce Mapley, Sr. (Doc. 343) is DENIED.

IT IS FURTHER ORDERED that on the Court's own motion, WTNY's and WTPA's crossclaims against Bruce Mapley, Sr. are DISMISSED. This order does not impact the parties' entitlement to and validity of the settled party defense against Mapley, Sr.

DATED the 12th day of June, 2024.

*Susan P. Watters*
SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE