Gerry P. Fagan
Christopher T. Sweeney
Jordan W. FitzGerald
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559
Gerry.Fagan@moultonbellingham.com
Christopher.Sweeney@moultonbellingham.com
Jordan.FitzGerald@moultonbellingham.com

*Attorneys for Defendant Watch Tower Bible and Tract Society of Pennsylvania*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> -vs- <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA, <br><br> Defendants. <br><br> Defendants. | Cause No. CV 20-52-BLG-SPW <br><br> **DEFENDANT WTPA'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF MOTION TO AMEND** |

844 days after the Court's deadline to amend the pleadings,[1] 518 days after Plaintiffs filed their Motion to Amend their First Amended Complaint to add claims related to the "relationship" between Defendants Watch Tower Bible and Tract Society of Pennsylvania ("WTPA") and Watchtower Bible and Tract Society of New York, Inc. ("WTNY"),[2] and 382 days after the Court denied Plaintiffs' Motion to Amend,[3] Plaintiffs move the Court to reconsider its decision to deny Plaintiffs' Motion to Amend their First Amended Complaint. Plaintiffs' Motion for Reconsideration should be denied. It is exceedingly untimely and prejudicial to Defendants, it is not factually supported, and it invites reversible error.

## ARGUMENT

The Court has previously stated the applicable standard for Plaintiffs' Motion to Amend is provided by Federal Rule of Civil Procedure 16(b) because the amendment deadline in the Scheduling Order has expired. (Order, Doc. No. 238, p. 3) Rule 16(b)(4) provides that an amendment to modify the Scheduling Order may be granted "only for good cause." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." (Order, p. 3, *citing Johnson v. Mammoth Recreations, Inc.,* 915 F.2d 604, 609 (9th Cir. 1992) & *Coleman* v. *Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th

---

[1] February 14, 2022. *See* Doc. No. 105, p. 1.
[2] January 6, 2023. *See* Doc. No. 189.
[3] May 22, 2023. *See* Doc. No. 238.

Cir. 2000).) "Existence or degree of prejudice to the opposing party 'might supply additional reasons to deny a motion,' but the movant's reasons for seeking modification are the focus of the Court's inquiry." (*Id.*, *citing Johnson* at 609) "If the moving party 'was not diligent, the inquiry should end.'" *Id.* In addition, "[c]arelessness is incompatible with a finding of diligence and 'offers no good reason for a grant of relief.'" (Order, p. 4, *citing Richland Partners, LLC v. Cowry Enters., Ltd.,* CV 14-14-BLG-SPW, 2014 WL 4954475, at *3 (D. Mont. Sept. 29, 2014) (internal citation and quotations omitted).)

"While motions to reconsider are left to the discretion of the district court, they are also generally disfavored." *Fails v. Harbaugh*, No. CV 17-120-BLG-TJC, 2019 U.S. Dist. LEXIS 101824, at *3-4 (D. Mont. June 18, 2019) (internal citations omitted). In addition, Local Rule 7.3 provides that a party must demonstrate one of two circumstances for a motion to reconsider:

> (1) (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, and
>
> (B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or
>
> (2) new material facts arose or a change of law occurred after entry of the order.

L.R. 7.3(b). Plaintiffs argue that their Motion for Reconsideration satisfied circumstance two because "[n]ew material facts have arisen since the Court's denial

of the January 2023 motion to amend." (Plfs.' Brf. in Supp. of Mot. for Reconsideration (hereinafter "Plfs.' Brf."), Doc. no. 408, p. 2.)

There are at least five reasons why Plaintiffs' Motion for Reconsideration should be denied. First, this Court has previously denied a plaintiff's motion to reconsider the denial of their attempt to amend their complaint even though they alleged new evidence existed to warrant the amendment. In *Sullivan v. Wold*, 2023 U.S. Dist. LEXIS 124528, *2, 2023 WL 4597281, this Court denied the motion to reconsider amendment because the case was "far beyond any point where amendment is to be liberally allowed" and was "on the eve of trial." This case too is "on the eve of trial." Trial is set for August 12, 2024, which is less than two months away. The Court should deny Plaintiffs' Motion for Reconsideration for the same reason it denied it in *Sullivan*.

Second, the allegedly "new" and material facts that Plaintiffs cite to justify their Motion for Reconsideration are neither particularly "new" nor material. They do not justify reconsideration.

Plaintiffs cite six "new material facts related to joint enterprise between WTNY and WTPA" which they claim arose after the Court denied their Motion to Amend on May 22, 2023. (Plfs.' Brf., p. 9.) They argue that these facts "support their motion for reconsideration." (Plfs.' Brf. in Supp. for Leave to File Motion for

Reconsideration, Doc. no. 404, p. 4.) A review of these facts does not support their argument.

Plaintiffs' first two facts are that WTPA did not have its own office space but used WTNY's offices and there was not a legal agreement about sharing the space. (Plfs.' Brf., p. 9.) It is certainly not "new" information that Defendants shared office space. Plaintiffs knew this information at least as early as January 6, 2023, when they wrote in their original Brief in Support of their Motion to Amend that WTPA and WTNY "shared, *inter alia*, the same board members, office space, and lawyers." (Doc. No. 190, p. 4.) They also included the allegation in their proposed Second Amended Complaint. (Doc. No. 190-1, ¶ 20.) Sharing office space is also not a material fact to establishing a joint enterprise or venture. As WTPA noted in its Brief in opposition to Plaintiffs' Motion for Partial Summary Judgment Re: Hardin Elders are Agents of a Joint Enterprise Between WTNY and WTPA, courts generally reject efforts to impose a joint venture merely because two entities shared something, or a board of directors, or a budget, or even control. (*See* WTPA's Response Brf., Doc. No. 385, pp. 10-16, *citing* cases.) What Plaintiffs need are facts that establish that WTNY and WTPA clearly manifested an intent to create a joint venture (*see e.g., Pearson v. McPhillips*, 2016 MT 257, ¶ 8, 385 Mont. 171, 381 P.3d 579, *citing Brookins v. Mote*, 2012 MT 283, ¶ 43, 367 Mont. 193, 292 P.3d 347), not facts showing they shared office space or the like.

Plaintiffs also allege that WTNY and WTPA on occasion shared funds, which could be to pay for printing privileges for publications or sometimes to assist WTNY if it needed some funds. (Plfs.' Brf., p. 9.) This not a new fact either, as WTNY produced in December of 2022 the financial statements that reflect the contribution of some funds on occasion from WTPA to WTNY. Plaintiffs also state that the payments were to "assist one another in achieving their common purpose," but that is merely Plaintiffs' spin intended to bolster their joint enterprise argument. As stated previously, Plaintiffs do not have actual evidence to establish that WTNY and WTPA clearly manifested an intent to create a joint enterprise.

Similarly, Plaintiffs cite as a new material fact their paid expert's opinion that the financial statements demonstrate WTNY and WTPA "were not functioning as separate and distinct entities" (Plfs.' Brf., p. 9), but that is just an opinion. It is not a fact. Moreover, Plaintiffs' expert notably fails to acknowledge the existence of separate books and records for WTNY and WTPA as evidence of separateness. Even if Plaintiffs' expert was correct, his opinion is based on financial statements produced in December 2022, so, again, there is no new "fact" there.

Plaintiffs' fifth purported new, material fact is that Hardin elders learned how to perform their duties from publications, schools, and instructions from WTNY and WTPA. (*Id.* at p. 5.) These kinds of allegations are already in Plaintiffs' First Amended Complaint. (*See* Doc. No. 22, ¶¶ 16-31.) Plaintiffs also sought to add

similar allegations in their proposed Second Amended Complaint. (*See* Doc. No. 190-1, ¶¶ 16-33 & 44-47.) It is also not a material fact as to whether a joint venture existed or not to demonstrate what entity published materials that may have been used for some general training purposes. In addition, the majority of Plaintiffs' deposition citations in support of this purported new and material fact are at best vague as to what entities and activities the deponent was even talking about.

Plaintiffs' final purported new, material fact that supports their Motion to Reconsider is that two deponents referred to the faith in general as the "Society." How some people referred collectively or in general to the faith is meaningless to whether a legally recognized joint enterprise existed; it does nothing to satisfy any element of such a claim under Montana law. It is also worth noting that one of Plaintiffs' two citations to support this purportedly new fact is from a deposition taken on August 11, 2023 (*see* Plaintiffs' Exh. G, Lovett Depo.), so Plaintiffs learned of it ten months ago.

Third, and following up on the above discussion about what purported new facts are material or not, Plaintiffs' Motion for Reconsideration of the Court's denial of their Motion to Amend should be denied because their Motion to Amend remains futile. Denial of leave to amend is generally proper if the amendment would have been futile. *See Ctr. for Biological Diversity v. United States Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023) (affirming denial of motion to amend); *Roth v. Garcia*

*Marquez,* 942 F.2d 617, 628 (9th Cir. 1991) (affirming denial of amendment because claim sought to be added by amendment would have been defeated by summary judgment motion). Plaintiffs simply do not have sufficient material facts to establish that Defendants intended to create a joint enterprise. (*See* WTPA's Response Brf., Doc. no. 385, pp. 9-19.) Plaintiffs utterly lack the necessary facts in the record that could establish that WTNY and WTPA clearly manifested an intent to create a joint venture, and their arguments about shared control of offices or shared boards of directors are insufficient, too. (*Id.*)

Fourth, pursuant to Rule 16(b), Plaintiffs are required to demonstrate that they acted diligently in moving to amend after the Court's amendment deadline expired. In fact, if they were not diligent, the Court's "inquiry should end." (Order, Doc. no. 238, p. 3 (citation omitted).) This Court denied Plaintiffs' Motion to Amend their First Amended Complaint over a year ago because Plaintiffs had not shown that they had acted diligently in moving to amend:

> Plaintiffs cannot demonstrate that their noncompliance was excusable and that they acted diligently in moving to amend once they obtained the relevant discovery because they fail to specify what discovery provided the new facts and when they obtained such discovery.

(Order, p. 5.) That has not changed; Plaintiffs still have not shown they acted diligently in moving to amend. As shown previously here (*supra* herein, pp. 4-7), many of Plaintiffs' purportedly "new" facts justifying amendment in their minds are

not in fact new, so those facts do not assist Plaintiffs at all in establishing they have acted diligently; in fact, that shows they have not acted diligently.

Furthermore, Plaintiffs have not even acted diligently since they allegedly discovered new info <u>this year</u>. Even if we accept for the sake of argument that Plaintiffs truly did learn about these six "new" and "material" facts since the Court denied their Motion to Amend on May 22, 2023, Plaintiffs nevertheless waited **months** to file their Motion to Reconsider and only chose to do so following the close of briefing on the dispositive motions. For example, Plaintiffs argue that Mario Moreno Rule 30(b)(6) deposition revealed material new facts. (Plfs.' Brf., p. 9, ¶¶ a-c.) That deposition occurred on March 7, 2024. (*See* Plfs.' Exh. E.) Yet they waited nearly three more months to file their Motion for Reconsideration. That is a substantial amount of time to delay when the amendment deadline expired over two years ago, the Court denied their Motion to Amend over a year ago, and the trial date is bearing down on the parties. Plaintiffs also learned on January 16, 2024, what their expert Yonce opined (Plfs.' Brf., p. 9, ¶ d, Plfs.' Exh. F) yet waited nearly five months to bring it to the Court's attention. That is not diligence.

Plaintiffs also argue that their six allegedly new and material facts "were not available to Plaintiffs prior to taking" the Rule 30(b)(6) depositions of WTNY and WTPA. (Plfs.' Brf., p. 10.) Plaintiffs are incorrect. All of the alleged new and material facts cited by Plaintiffs in their paragraphs d and e were learned well <u>before</u>

9

the 30(b)(6) depositions in March of 2024. The depositions cited in paragraph e occurred on July 11, 2023 (Plfs.' Exh. J), July 12, 2023 (Plfs.' Exh. I), August 11, 2023 (Plfs.' Exh. G), and January 10, 2024 (Plfs.' Exh. H). It is also worth noting that it took Plaintiffs from five to eleven months to bring forth those deposition citations to the Court. (*See* Plfs.' Brf., p. 10, ¶ e.) That is not diligence either. Their paragraph d citation, an opinion of one of their experts, also occurred two months before the Rule 30(b)(6) depositions. And finally, as mentioned, much of the allegedly "new" facts that they claim to have first learned about in a Rule 30(b)(6) deposition are not actually new. (*See supra*, pp. 4-6.)

Plaintiffs also argue about why they waited so long to seek to amend their First Amended Complaint in the first place and attempt to explain their alleged thinking and actions. (Plfs.' Brf., pp. 4-8.) Plaintiffs predictably blame Defendants for discovery issues while also arguing about what facts they allegedly knew or did not know at the time. However, their explanations do not justify a Motion for Reconsideration, even if assuming they are accurate. Namely, Plaintiffs "cannot raise 'arguments or present evidence for the first time' in a motion for reconsideration 'when they could reasonably have been raised earlier.'" *H&R Block Tax Servs. LLC v. Kutzman*, No. CV 10-03-M-DWM, 2010 U.S. Dist. LEXIS 160101, at *6-7 (D. Mont. Feb. 23, 2010) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)). Plaintiffs certainly

could have presented their explanation for the delay in their original Motion to Amend, but they failed to do so. Indeed, their failure to do so was the basis for the Court's denial of their Motion to Amend. (*See* Order, Doc. no. 238, pp. 5-6.) Finally, Plaintiffs' explanations do not warrant punishing WTPA, which was not party to the discovery disputes.

Plaintiffs' explanation about what they allegedly knew or did not know, or what they allegedly thought about the litigation when they filed their Motion to Amend, does not address the merits of a proper Motion for Reconsideration and should be disregarded. Pursuant to L.R. 7.3, they may only seek reconsideration if the <u>facts</u> are materially different than what was presented to the Court originally <u>and</u> Plaintiffs did not know those facts despite the exercise of diligence, <u>or</u> new facts have arisen since. L.R. 7.3(b). As mentioned previously, Plaintiffs argue that their Motion for Reconsideration is justified under L.R. 7.3 because "[n]ew material facts have arisen since the Court's denial of the January 2023 motion to amend" and they should be held to that standard. (Plfs.' Brf., p. 2.) L.R. 7.3 clearly does not contemplate or allow a mere explanation to justify a Motion for Reconsideration.

In addition, Plaintiffs' arguments about what they knew or did not know do not add up and should be rejected. For example, Plaintiffs argue that when they filed their Motion to Amend in order to add a claim for joint enterprise, they relied upon some documents, but those documents did not present "black and white facts to

11

determine whether a joint enterprise, joint venture or single enterprise existed between Defendants." (Plfs. Brf., pp. 6-7, *citing* documents referenced in their Reply Brief in Support of Motion to Amend.) However, if their argument is correct, Plaintiffs likely violated Rule 11. Rule 11 requires that Plaintiffs have "evidentiary support" (i.e., "black and white facts") for every factual contention they assert in a pleading (*see* Fed. R. Civ. P. 11(b)(3)), so when they alleged in their proposed Second Amended Complaint that Defendants did indeed create an express or implied joint venture (*see* Doc. No. 189-1, ¶ 49), Plaintiffs were required to have the evidentiary support for those allegations that they now seem to be arguing they did not have at the time. In fact, their proposed Second Amended Complaint was replete with allegations about WTPA and WTNY sharing facilities, boards, "acting in concert," and as a joint venture. (Doc. No. 190-1.)

Fifth, and perhaps most importantly, Plaintiffs' Motion for Reconsideration fails and should be denied because they waited until after the dispositive motions by all parties have been fully briefed to reassert their motion to amend through their Motion for Reconsideration. While Plaintiffs argue strongly that "Defendants are not prejudiced by the timing of Plaintiffs (sic) motion," and indeed, even argue that it is "unfathomable" that Defendants could be prejudiced by their new motion (Plfs.' Brf., pp. 11 & 12), Federal case law contradicts their argument. Federal case law makes it clear that a motion to amend a complaint that is filed after summary

judgment briefing should rarely, if ever, be granted. *See e.g., Gates v. Briones*, 2022 U.S. App. LEXIS 14774, at *2-3 (9th Cir. May 27, 2022) (affirming denial of leave to amend filed in response to motion for summary judgment).[4]

A Federal Court in California recently considered this issue. In rejecting a motion to amend asserted while the opposing party's motion for summary judgment was pending, the court summarized the law:

> Plaintiff filed his motion for leave to amend approximately five months after the close of discovery under the court's scheduling order and while defendants' motion for summary judgment was already pending before the court. Courts routinely deny motions for leave to further amend the complaint in situations such as this. *See MedImmune, Inc. v. Genentech, Inc.*, No. 03-cv-02567-MRP, 2004 U.S. Dist. LEXIS 28681, 2004 WL 5327194, at *2 (C.D. Cal. Feb. 18, 2004) ("The fact that a motion to amend is filed after substantial discovery and the filing of a motion for summary judgment 'weighs heavily against allowing leave.'") (citation omitted); *Lee v. AFT-Yakima*, No. 09-cv-03112-EFS, 2011 U.S. Dist. LEXIS 60069, 2011 WL 2181808, at *12 (E.D. Wash. June 3, 2011) (denying the plaintiff's motion for leave to amend his complaint and finding that "preparing new summary judgment briefing to respond to [the plaintiff's] additional duty of fair representation allegations [*7] at this late stage would cause undue hardship and waste judicial resources").

*Mkrtchyan v. Sacramento Cnty.*, 2023 U.S. Dist. LEXIS 177040, at *6-7 (E.D. Cal. Sep. 30, 2023).

---

[4] Montana State Courts apply the same rule. *See e.g., Stanford v. Rosebud County,* 254 Mont. 474, 839 P.2d 93 (1992) (motion to amend sought after the opposing party has filed a summary judgment motion is unduly prejudicial and should be denied on that basis alone); *Peuse v. Malkuch,* 275 Mont. 221, 911 P.2d. 1153 (1996).

This is the rule because, as the Ninth Circuit has recognized, a "motion for leave to amend is not a vehicle to circumvent summary judgment." *See Schlacter-Jones v. General Tel. of Cal.*, 936 F.2d 435, 443 (9th Cir. 1991). In *Schlacter-Jones*, the Ninth Circuit emphasized that the "timing of the motion, after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, **weighs heavily against** allowing leave." *Id.* at 443 (emphasis added), *citing M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) & *Glesenkamp v. Nationwide Mut. Ins. Co.*, 71 F.R.D. 1, 3 (N.D. Cal. 1974), *aff'd*, 540 F.2d 458 (9th Cir. 1976) (per curiam).

For this reason alone, Plaintiffs' Motion for Reconsideration of the Court's Order denying their Motion to Amend to allege a joint enterprise claim should be denied. Dispositive motions have been fully briefed. Waiting until after briefing was completed to reassert their Motion to Amend, as a matter of law, "weighs heavily against allowing leave." *Id.* at 443 (citations omitted). Plaintiffs' Motion for Reconsideration is obviously driven by their desire to "circumvent summary judgment," given that Plaintiffs have only bothered to assert their Motion for Reconsideration of the Court's Order denying them the ability to amend to add a claim for joint enterprise **after** WTPA filed its Response Brief to Plaintiffs' Motion for Partial Summary Judgment on joint enterprise. (*See* Doc. No. 385, pp. 4-9, contending that Plaintiffs did not have a pleaded claim for joint enterprise and

therefore summary judgment was improper.) And even then, it took Plaintiffs nearly a month to file their Motion for Reconsideration.

Moreover, Defendants would clearly be prejudiced, discovery has long since closed, Plaintiffs' depositions would need to be revisited, new interrogatories and document requests potentially served, and further briefing would be necessary. It also would set an extraordinarily bad policy for other parties to follow if a party was allowed to assert a dispositive motion, assess the opposing party's response, and then amend its complaint to address the shortcomings identified in writing by the opposing party. There is no justifiable reason at the eleventh hour to deviate from Ninth Circuit precedent and allow Plaintiffs to amend to add a claim for joint enterprise. Plaintiffs' Motion to Reconsider should be denied.

## CONCLUSION

Plaintiffs' Motion for Reconsideration should be denied. It is exceedingly untimely, it is highly prejudicial to WTPA because dispositive briefing has been completed, and Plaintiffs lack sufficient new and material facts to justify it under L.R. 7.3.

**DATED** this 13th day of June, 2024.

        MOULTON BELLINGHAM PC

By   */s/ Gerry P. Fagan*
    GERRY P. FAGAN
    CHRISTOPHER T. SWEENEY
    JORDAN W. FITZGERALD
    27 North 27th Street, Suite 1900
    P.O. Box 2559
    Billings, Montana 59103-2559

    *Attorneys for Watch Tower Bible and Tract Society of Pennsylvania*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(d)(2)(E), the undersigned hereby certify this brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double-spaced, with left, right, top, and bottom margins of one inch; and that the word count calculated by Microsoft Word is 3,534 words, excluding the Caption, Signature Block, and Certificate of Compliance.

**DATED** this 13th day of June, 2024.

By: ___/s/ Gerry Fagan___