Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Victoria K.M. Gannon
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com
katy@mss-lawfirm.com

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
1401 Delgany Street, #404
Denver, CO  80202
Tel: (303) 947-4453
matthew@merrillwaterlaw.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, <br><br> Plaintiffs, <br><br> vs. <br><br> WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA., <br><br> Defendants, | Case No. CV-20-52-BLG-SPW <br><br> **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTIONS IN LIMINE NOS. 1 THROUGH 9** |

## INTRODUCTION

Each of Plaintiffs' Motions in Limine concerns a matter that is not admissible in evidence for any purpose and has no bearing on the claims and

defenses at issue in this case. Permitting questioning of witnesses, comments to the jury, argument before the court, or offers of evidence concerning any of these matters would irreparably prejudice Plaintiffs and irreparably taint the jury. Repeatedly sustaining objections at trial will not prevent prejudice; rather, it will reinforce the development of inadmissible evidence. Accordingly, Defendants, their lawyers, and all witnesses should be instructed to refrain from commenting on the matters subject to these Motions in Limine.

## LAW

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *U.S. v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). "Courts have 'wide discretion' in considering and ruling upon a motion in limine." *Frost v. BNSF Ry. Co.*, 218 F. Supp. 3d 1122, 1133 (D. Mont. 2016) (citing *Ficek v. Kolberg–Pioneer, Inc.*, 2011 WL 1316801, at *1 (D. Mont. Apr. 5, 2011)). "To exclude evidence on a motion in limine 'the evidence must be inadmissible on all potential grounds.'" *BNSF Ry. Co. v. Quad City Testing Laboratory, Inc.*, No. CV-07-170-BLG-RFC, 2010 WL 4337827, at *1 (D. Mont. Oct. 26, 2010) (citing cases).

"Relevant evidence is admissible unless" another applicable rule applies; "[i]rrelevant evidence is inadmissible." Fed. R. Evid. 402. "Evidence is

relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## MOTIONS IN LIMINE

### 1. Evidence regarding Defendants' alleged humanitarian aid should be excluded.

Throughout this case, Defendants have alleged that they provide humanitarian aid and assistance. *E.g.*, WTPA's Br. in Supp. of MtD at 4, ECF No. 14.  Even if true, this case is about the sexual abuse of Plaintiffs when they were children.  Whether Defendants provide humanitarian aid is not relevant to any issue in the case.  Fed. R. Evid. 401, 402.  Even if marginally relevant, its probative value is substantially outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403.  Indeed, the only conceivable reason Defendants repeatedly bring up humanitarian aid is to seek decisions not on the factual merits, but on emotional appeal.  *Id.*  As such, Defendants should be precluded from offering any testimony, evidence, or argument that they provide humanitarian aid and assistance.

///

///

### 2. Evidence and argument regarding the First Amendment should be excluded.

Defendants have repeatedly suggested that the First Amendment protects them from judicial scrutiny. *E.g.*, WTNY's Resp. to Pls.' Mot. to Compel at 6, n. 2, ECF No. 202; WTNY's Resp. to Pls.' MPSJ at 3, n. 1, ECF No. 379. However, the jury will not be asked to resolve any disputes over application of the First Amendment. All evidence, testimony, and argument regarding the First Amendment is therefore irrelevant and inadmissible. Fed. R. Evid. 401, 402. Even if marginally relevant, the minimal probative value of such evidence is substantially outweighed by the danger of unfair prejudice, misleading the jury, confusing the issues, and wasting time. Fed. R. Evid. 403. Indeed, it would cause massive confusion for the jury if Defendants mentioned anything about the First Amendment at trial. *Id.* The Court should accordingly preclude Defendants from offering any testimony, evidence, or argument (in the presence of the jury) about the First Amendment.

### 3. Evidence that Defendants did not have policies and procedures during the relevant time period should be excluded.

In other litigation involving child abuse within the Jehovah's Witnesses Organization, Defendants and their representatives had no issue testifying about the policies and procedures local congregations were to follow when handling reports of child abuse. *See generally* Ex. A, *Dorman* Shuster Dep.; Ex. B,

*Rodriquez* Breaux Expert Designation. However, in this case, one of Defendants' litigation strategies has been to deny that any such policies and procedures existed. As far as Plaintiffs can tell, Defendants take issue with the words "policy" and "procedure" but do not contest that they existed. Whether called rules, protocols, principals, policies, procedures, methods, approaches, or some other synonym is not material to the fact that Defendants printed, distributed, and trained their local congregation elders with books and manuals describing how elders were to handle reports of child abuse. Defendants have never set forth a coherent objection to the words "policy" and "procedure". Rather, it appears Defendants intent is to sow confusion about the *existence* of child abuse policies/procedures/rules/etc. by playing word games with what such child abuse policies/procedures/rules/etc. are called. Fed. R. Evid. 403. The Court should accordingly preclude Defendants from offering any evidence, testimony, and argument that they did not have policies and procedures for handling reports of child abuse at local congregations.

### 4. Evidence contrary to the Court's factual findings should be excluded.

The Court previously made factual findings as a sanction for WTNY's continuing violation of its duty to respond to discovery regarding the relationship between Defendants and various non-party Jehovah's Witnesses' entities and departments. Order at 38–40, ECF No. 318; Order at 5, 6, ECF No. 388. The sanctions would be meaningless if Defendants could come to trial and dispute

them. Moreover, any evidence, testimony, or argument that contradicts the Court's findings will only confuse the issues, waste time, and mislead the jury. Fed. R. Evid. 403. As such, Defendants should be precluded from offering any testimony, evidence, or argument that contradicts the Court's pre-trial factual findings.

### 5. Evidence attempting to blame various Jehovah's Witnesses non-corporeal entities and departments without evidence should be excluded.

Despite the Court's findings at issue in the immediately preceding Motion in Limine, Defendants may attempt to shift blame for their conduct to the various non-corporeal entities and departments at their New York headquarters such as the service department, the writing department, the legal department, the branch, the branch office, and the governing body. At the same time, and as has already been briefed extensively, Defendants refused to provide full and complete responses to discovery regarding the relationship amongst various entities in New York and their own roles therein. *See, e.g.,* Pls.' Br. re: WTNY's Pattern of Deception, ECF No. 366. Moreover, Defendants have maintained that their non-corporeal entities are not capable of being sued, and Plaintiffs know of no way to sue these entities because they do not exist in the secular world. Defendants thus want to escape liability for their acts and omissions by blaming made up entities and departments without any evidence supporting the same; at the least, they seek to sow confusion

at trial. Fed. R. Evid. 403. The Court should accordingly preclude Defendants from attributing blame to these other entities and departments.

Likewise, Defendants may attempt to attribute the actions of their governing body to one Defendant as opposed to the other. But the evidence shows that Defendants were operating as a single entity, and this issue has been briefed extensively in currently pending motions. *See, e.g.*, Pls. Br. re: Joint Enterprise, ECF No. 351. Indeed, Defendants produced no evidence the Court or the jury could use to differentiate the actions of the governing body between WTPA and WTNY. *Id.* at 12. As such, and to the extent not already covered by the Court's factual findings in the immediately preceding Motion in Limine, Defendants should not be permitted to argue the governing body was acting through one of them to the exclusion of the other unless there is evidence supporting it.

### 6. Evidence by Defendants' rebuttal experts not disclosed in their reports should be excluded.

Federal Rule of Civil Procedure 37(c)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

On February 28, 2024, Pursuant to Federal Rule of Civil Procedure 26(a)(2), Defendants disclosed two rebuttal experts - Nancy Kaser-Boyd, Ph.D and Lela C. Lawless, CPA/ABV/CFF, CVA - and provided their Rule 26(a)(2)(B) reports.

Since then, Defendants have not supplemented these reports. Thus, pursuant to Rules 26 and 37, the Court should exclude Defendants from offering any rebuttal expert testimony, evidence, or argument not contained in their rebuttal expert reports.

### 7. Evidence of the cost of Plaintiffs' medical and psychological treatment should be excluded.

Plaintiffs are not claiming damages for medical or psychological expenses. Any testimony, evidence, or argument regarding Plaintiff's prior medical expenses is therefore irrelevant and inadmissible. Fed. R. Evid. 401, 402. Regardless, Defendants may attempt to convince the jury that Plaintiffs' damages are minimal by reference to their medical bills. The value of such evidence, even if marginally probative, is substantially outweighed by the danger of unfair prejudice, misleading the jury, confusing the issues, and wasting time. Fed. R. Evid. 403. The Court should accordingly preclude Defendants from offering any testimony, evidence, or argument regarding the cost of Plaintiffs' medical and psychological treatment.

### 8. Evidence that Defendants did not have notice of the abuse should be excluded.

Defendants have taken the position that they did not have notice of the child sexual abuse at issue in this case until after the abuse ended and will likely testify and argue the same at trial. At the same time, WTNY undisputably lied in its

written discovery responses about when it first received notice and fought to obstruct Plaintiffs' discovery into the truth of the matter, all of which is subject to a pending motion for sanction that requests, *inter alia*, a ruling that WTNY knew about the abuse at issue when their elders in Hardin knew about it.  Pls.' Br. re: Pattern of Deception at 21–23, 31, ECF No. 366.  Similarly, Plaintiffs' two motions for partial summary judgment request a finding as a matter of law that the elders in Hardin were agents of Defendants.  ECF Nos. 339, 350.  Indeed, under Montana law, principals are deemed to have notice of what their agents have notice of.  Mont. Code Ann. § 28-10-604.  As such, to the extent the Court grants any of the aforementioned motions, it should further preclude Defendants from offering any evidence, testimony, or argument that they did not have notice when the Hardin elders had notice to avoid confusing the issues, misleading the jury, and wasting time.  Fed. R. Evid. 403.

### 9. Evidence of what may have been included in spoliated evidence.

The Court recently found that WTNY spoliated evidence and granted sanctions in the form of an adverse jury instruction.  Order at 25, ECF No. 410.  Defendants may nevertheless attempt to convince the jury that the spoliated evidence was irrelevant, immaterial, or should otherwise be minimized and disregarded.  However, WTNY had its chance to clearly identify what documents were destroyed and what was in them, but, as the Court found, WTNY was unable

to do so. *Id.* at 21, 22. Further, the Court specifically found such documents were relevant. *Id*. at 23. As such, the Court should preclude Defendants from offering any evidence, testimony, or argument regarding (1) what documents were destroyed; and (2) what may or may not have been contained in the documents. Fed. R. Evid. 403.

DATED this 14th day of June, 2024.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 1,924 words, excluding the caption, certificates of service, and compliance, table of contents, and authorities, and exhibit index.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
Ryan R. Shaffer
MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*