Robert L. Stepans
Ryan R. Shaffer
James C. Murnion
Victoria K.M. Gannon
Meyer, Shaffer & Stepans, PLLP
430 Ryman Street
Missoula, MT  59802
Tel: (406) 543-6929
Fax: (406) 721-1799
rob@mss-lawfirm.com
ryan@mss-lawfirm.com
james@mss-lawfirm.com
katy@mss-lawfirm.com

Matthew L. Merrill (appearing *pro hac vice*)
Merrill Law, LLC
1401 Delgany Street, #404
Denver, CO  80202
Tel: (303) 947-4453
matthew@merrillwaterlaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT, and CAMILLIA MAPLEY, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA., | ) ) ) ) |
| Defendants, | ) ) |
| | ) |

Case No. CV-20-52-BLG-SPW

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION RE: JOINT ENTERPRISE BETWEEN WTPA AND WTNY**

## REPLY

WTPA's Response highlights the number of days in between the filing of

Plaintiffs' present Motion and other dates in this case.  It does so to suggest that the

passage of time is evidence that Plaintiffs have not been diligent in bringing their joint enterprise theory of liability and to argue that it is now too late to do so.  But WTPA fails to acknowledge that:

1. Evidence of the relationship between WTNY and WTPA has been in the possession of Defendants for the entirety of this case, and it is them - not Plaintiffs - who have known about and withheld such evidence;

2. The significant delay in taking the Rule 30(b)(6) depositions that resulted in the most direct evidence supporting Plaintiffs' joint enterprise theory of liability was caused by Defendants' discovery obstruction; and

3. Because Defendants are in unique and sole possession of the evidence about their relationship with each other between 1973 and 1992, and because Defendants are responsible for obstructing and delaying Plaintiffs' efforts to obtain such evidence, they are not prejudiced in the least by Plaintiffs' proposed amendments.

Contrary to WTPA's hyperbolic Response, there is nothing outrageous about amending pleadings to account for the evidence obtained in discovery.  That is exactly what Rule 15 contemplates.  Plaintiffs have been diligent in attempting to discover and plead the facts underlying WTNY's and WTPA's joint enterprise

during 1973 and 1992.  WTPA fails to identify any actual prejudice resulting from Plaintiffs' proposed amendments.  Based on newly obtained evidence, Plaintiffs respectfully request that the Court reconsider its earlier denial of Plaintiffs' Motion to Amend and grant the Motion.

## WTPA MISCHARACTERIZES THE NEWLY OBTAINED EVIDENCE SUPPORTING RECONSIDERATION OF PLAINTIFFS' MOTION

The record establishes that Plaintiffs did not discover the most substantial evidence supporting joint enterprise liability until the recent Rule 30(b)(6) depositions.  WTPA's effort to mischaracterize this record should be rejected.

1. <u>Sharing of offices, facilities, and overhead without any agreement</u>.

While Plaintiffs knew that the WTNY and WTPA historically had the same addresses and shared facilities, it was not until the March 2024 Rule 30(b)(6) corporate depositions that Plaintiffs learned there was no agreement between them - either written or oral - regarding this arrangement.  It is not uncommon for related corporations to share facilities and addresses, and as WTPA points out, this is not direct evidence establishing the existence of a joint enterprise.  However, what is uncommon is for related corporations, under common control, to share facilities, addresses, and operating funds without any sort of arms-length agreement setting for the terms of such an arrangement.  Indeed, it is the lack of any agreement between WTNY and WTPA for the sharing of offices, facilities, and overhead that is critical to the joint enterprise analysis and Plaintiffs did not obtain this evidence

until March 2024 which was well after Plaintiffs' original motion to amend and two years after the deadline to amend in the Court's scheduling order expired.

2. **WTPA's financial support of WTNY without any agreement**.

Here, again, WTPA attempts to gloss over the critical new fact regarding its historical financial support of WTNY.  While the financial records produced by WTNY and WTPA showed significant transfers of funds to and from each other, the records did not explain whether there was an underlying agreement between the corporations for those transfers.  It was not until Plaintiffs' accounting expert reviewed those records that it became apparent that WTPA was basically subsidizing WTNY's operations.  Moreover, it was not until the Rule 30(b)(6) corporate depositions that Plaintiffs obtained an admission from the Defendants' designee, Mario Moreno, that WTPA and WTNY shared a common purpose and therefore the sharing of funds was in pursuit of achieving that common purpose. 30(b)(6) WTPA Moreno Dep. at 39:17–41:2, 41:24–44:4, 47:22–48:18, 56:24–62:13, 67:6–72:21, 86:9–89:11, ECF No. 409 Ex. E (filed under seal).  The record establishes that Plaintiffs did not obtain this critical evidence until well after the deadline to amend the pleadings set forth in the Court's scheduling order.

3. **Training of elders on handling child sex abuse allegations.**

WTPA points out that Plaintiffs had copies of the elder training manuals copyrighted and published jointly by the corporate defendants prior to filing the

original motion to amend.  However, it was not until the July 2023 deposition
testimony of Hardin elders Hiebert and Meyers where it was confirmed that those
jointly published manuals were used in Hardin when the elders were handling
reports of child sex abuse.  So, while Plaintiffs certainly had some evidence
supporting a joint enterprise theory of liability prior to filing their original motion
to amend and within the deadline to amend in the Court's scheduling order, new
evidence obtained after that motion was filed added critical context - and
confirmation - as it pertained to the activities of the elders in Hardin.

## DILIGENCE

As this Court noted in its prior order, a party moving to amend a pleading
after the amendment deadline in the scheduling order is required to show "good
cause for not seeking leave to amend within the Court's scheduling order."  Order
at 2, ECF No. 238 (citing *Butler v. Unified Life Ins. Co.,* CV 17-50-BLG-SPW-
TJC, 2018 WL 10811782, at *2 (D. Mont. Dec. 3, 2018)).  Good cause for
noncompliance with the scheduling order exists if the pretrial schedule "cannot
reasonably be met despite the diligence of the party seeking the extension."  *Id.* at
3 (citing *Johnson v. Mammoth Recreations, Inc.,* 915 F.2d 604, 607–09 (9th Cir.
1992)).

Here, the date in the Court's Scheduling Order for amending the pleadings
was February 14, 2022.  ECF No. 105.  Thus, the question is whether Plaintiffs

have shown good cause for failing to amend their complaint by February 14, 2022.

The answer is yes.  It was not until November of 2021 that Plaintiffs even knew

that WTPA would remain in this case as a Defendant.  *See* WTPA's Notice of

Withdrawal of its Mot. to Dismiss, ECF No. 94.  Thus, at the deadline for

amending the pleadings in the Court's Scheduling Order, Plaintiffs had just learned

that WTPA would remain in the case and had not been able to conduct key

depositions to confirm the circumstantial evidence that WTPA and WTNY were

operating as a joint enterprise.  This is good cause to amend after the February 14,

2022 deadline in the scheduling order.  *Johnson,* 915 F.2d at 607–09.

## WTPA SHOWS NO PREJUDICE

WTPA's response makes the repeated, conclusory assertion that it will be

prejudiced by Plaintiffs' joint enterprise amendments.  Yet it fails to provide <u>any</u>

evidence or discussion of exactly how it will be prejudiced.  Nowhere does WTPA

state how Plaintiffs' proposed amendments prejudice it.  That is because there is no

prejudice.  The essence of the joint enterprise theory is that the relationship

between the Defendants was such that they were acting as one entity.  *See, e.g.,*

*Murphy v. Redland*, 583 P.2d 1049, 1053 (Mont. 1978).  Thus, the only evidence

relevant to the analysis is evidence of the Defendants' relationship with one

another.  All of this evidence has been, and continues to be, in the possession of the

Defendants.  It is the Defendants who understand the nature of their relationship

better than anyone else.  Indeed, Defendants have been intentionally hiding this evidence from the Plaintiffs throughout this case.  *E.g.*, Order re Mot. to Compel Jurisdictional Disc. Resp. and for Costs and Fees, ECF No. 85; Order, ECF No. 318; Order, ECF No. 388.

It is inconceivable that deposing the Plaintiffs or serving interrogatories could in any way assist the Defendants in discovering evidence that is already in their possession.  While WTPA asserts that it would need to depose Plaintiffs, who were all young girls living in Montana during the time period in question, it never explains how doing so would possibly provide any material evidence about the nature of the relationship between WTPA and WTNY.  That is because it wouldn't: Plaintiffs have no personal knowledge that would be discoverable or bear on the relationship between WTPA and WTNY between 1973 and 1992.  To the contrary, it is WTPA and WTNY who possess and have knowledge of <u>all</u> such evidence.

Ultimately, Defendants have known since this case was filed that Plaintiffs alleged they were working together to hide reports of child sex abuse.  First Amend. Compl. at ¶¶ 11, 12, 15–22, 27, 28 32, ECF No. 22.  Nothing about Plaintiffs' joint enterprise theory of liability is a genuine surprise to Defendants. Plaintiffs' proposed amendments do not pose any threat of prejudice to Defendants

because they have known about such allegations throughout this case and they have sole possession of all evidence which bears on those allegations.

## RULE 11

WTPA asserts that by seeking reconsideration of their motion to amend, Plaintiffs are implicitly acknowledging that they did not have a factual or evidentiary basis for their original motion to amend. This is an oversimplistic and incorrect assertion.

When Plaintiffs first moved to amend, they had learned that WTNY and WTPA were controlled by the same men, shared offices, and jointly published elder training manuals. This was some circumstantial evidence supporting a joint enterprise theory of liability and it indicated that additional discovery may yield more direct evidence. Relying on that circumstantial evidence - and believing in good faith that additional discovery would provide further evidentiary support to that circumstantial evidence - Plaintiffs sought to amend their complaints in January of 2023 under Rule 15's liberal amendment standard. Pls.' Mot. to Amend Compl., ECF No. 189. Seeking to amend based on circumstantial evidence does not constitute a Rule 11 violation. To be sure, the circumstantial evidence supporting a joint enterprise theory of liability against WTPA and WTNY was later confirmed during the Rule 30(b)(6) depositions when it was revealed that

there was no arms-length agreement between them for the sharing of infrastructure, funds, and personnel.

## FUTILITY

WTPA argues that Plaintiffs' proposed amendments should be rejected as futile.  Proposed amendments are only futile if they fail to identify a valid theory or cause of action.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).  Joint enterprise is a valid theory of liability under Montana law; Plaintiffs proposed amendment is not futile.  *See, e.g., Murphy*, 583 P.2d at 1053.

## CONCLUSION

Plaintiffs have shown good cause for not amending within the deadline established in the Court's scheduling order.  Direct evidence obtained at the recent Rule 30(b)(6) depositions served to substantiate the circumstantial evidence that WTPA and WTNY were operating as a joint enterprise during the period 1973 to 1992.  That new evidence justifies Plaintiffs' proposed amendments, and neither Defendant has shown any prejudice that could result from such amendments.  Therefore, Plaintiffs respectfully request that the Court permit Plaintiffs to file their proposed Second Amended Complaint.

DATED this 21st day of June, 2024.

///

By: /s/ Ryan Shaffer
    Ryan R. Shaffer
    MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(2), Plaintiff hereby certifies that this brief complies with the length requirement for briefs, and that this brief contains 1,792 words, excluding the caption, certificates of service, and compliance, table of contents, and authorities, and exhibit index.

By: /s/ Ryan Shaffer
  Ryan R. Shaffer
  MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 1.4, this document has been served on all parties via electronic service through the Court's Case Management/Electronic Case Filing (CM/ECF) system.

By: /s/ Ryan Shaffer
  Ryan R. Shaffer
  MEYER, SHAFFER & STEPANS PLLP

*Attorneys for Plaintiffs*