Jon A. Wilson
Brett C. Jensen
Michael P. Sarabia
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611

Joel M. Taylor, Esq. (*pro hac vice*)
MILLER MCNAMARA & TAYLOR LLP
412 Clock Tower Commons Dr
Brewster, New York 10509
Tel./E-Fax (845) 288-0844

*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

Gerry P. Fagan
Christopher T. Sweeney
Jordan W. FitzGerald
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P. O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Fax: (406) 248-7889

*Attorneys for Defendant Watch Tower Bible and Tract Society of Pennsylvania*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRACY CAEKAERT and CAMILLIA MAPLEY,<br><br>Plaintiffs,<br><br>-vs-<br><br>WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., and WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA,<br><br>Defendants. | Case No. CV-20-00052-SPW-TJC<br><br>**DEFENDANTS WTPA'S & WTNY'S JOINT RESPONSE BRIEF IN OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE 1 THROUGH 9** |

Plaintiffs' Motions in Limine 1 through 9 are little more than conceptual ideas about issues that "may" arise at trial. Their Motions are not well elaborated or specified, they are not well supported by argument or law, and they are not meritorious. The Court should deny the Motions.

## ARGUMENT

In *Giacometto Ranch Inc. v. Denbury Onshore LLC*, 2024 U.S. Dist. LEXIS 104170 (D. Mont. Mar. 28, 2024), this Court recognized the legal standard applicable to motions in limine:

> A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to [*2] the jury. *Agan v. BNSF Ry. Co.*, CV 19-83-BLG, 2022 U.S. Dist. LEXIS 155388, 2022 WL 3700052, at *1 (D. Mont. Aug. 26, 2022). The Court shall exclude evidence in limine only if the evidence is inadmissible on all potential grounds. *Id.* Unless evidence meets this high standard, the Court shall defer evidentiary rulings until trial so that questions of foundation, relevancy, and potential prejudice are resolved in proper context. *Id.*
>
> The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). Rulings on motions in limine are provisional, and the trial judge may always change their mind during trial. *Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984).
>
> A motion in limine "should not be used to resolve factual disputes or weigh evidence." *BNSF Ry. Co. v. Quad City Testing Lab y, Inc.*, CV-07-170-BLG, 2010 WL 4337827, at *1 (D. Mont. Oct. 26, 2010). "A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013).

*See Giacometto Ranch,* 2024 U.S. Dist. LEXIS 104170, at *1-2; *see also Wells v. BNSF Ry. Co.,* 2023 U.S. Dist. LEXIS 218591, at *2-3 (D. Mont. Aug. 18, 2023).

In addition, and importantly for Plaintiffs' Motions in Limine at issue, this Court has also recognized that "[a]lthough rulings on motions *in limine* may save time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Agan, supra*, 2022 U.S. Dist. LEXIS 155388, at *2), *citing Quad City Testing Laboratory*, 2010 U.S. Dist. LEXIS 113888, 2010 WL 4337827 at *1. This caveat is especially important here, as Plaintiffs' Motions in Limine are so broad, vague and lacking context that the Court is not properly situated to assess their Motions at this stage. Plaintiffs' arguments in support of them are also cursory – all are no more than a handful of sentences long and there is only one Motion that is more than a paragraph long. The cursory nature of Plaintiffs' arguments highlights the lack of merit to their arguments.[1]

In addition, District Courts generally reject motions in limine that do not address specific or tangible evidence at issue; motions addressing general concepts or arguments are generally denied. *See e.g., Zrowka v. BNSF Ry. Co.*, 2023 U.S. Dist. LEXIS 83928, at *15-16 (D. Mont. May 12, 2023) (denying motion in limine

---

[1] Plaintiffs should be precluded from raising new arguments in reply that were not raised in their motion, and that to the extent plaintiffs attempt to do so, Defendants respectfully suggest that any new arguments be disregarded by the Court or defendants granted to opportunity file a sur reply.

to preclude opposition from seeking to admit documents not properly disclosed during discovery as overbroad and speculative because moving party had not demonstrated any tangible issue; Court would instead apply Rules of Evidence and Civil Procedure at trial). Magistrate Ostby considered conceptual motions in limine in *Laue v. Voyles*, 2014 U.S. Dist. LEXIS 202670, at *17-18 (D. Mont. Apr. 18, 2014). Similar to Plaintiffs here, Laue moved in limine without identifying actual evidence to exclude. Instead, Laue moved broadly to prevent the defense "from presenting opinions, comments, or testimony that is either false or based on assumptions and speculation." Magistrate Ostby denied Laue's motion, ruling that it was vague and overly broad. *Id.*, *citing Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, 2010 U.S. Dist. LEXIS 141013, 2010 WL 2035800 (C.D. Cal. 2010) ("motions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial"); *see also Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise"). Magistrate Ostby instead ruled that she would apply the Rules of Evidence at trial and would not allow testimony that is speculative or based on inappropriate assumptions, with Laue able to make proper objections at trial.

1.     **Plaintiffs' MIL No. 1 – Defendants' Humanitarian Aid.**

Plaintiffs seek to exclude any evidence that Defendants "provide reference to humanitarian aid and assistance." (Plfs.' Brf. in Supp. of Mots. in Limine (hereinafter "Plfs.' MILs"), p. 3) Plaintiffs argue that references to Defendants providing "humanitarian aid and assistance" be precluded because such references are not relevant and, even if they were, their admission would be unduly prejudicial. Their argument is six sentences long, two sentences of which are mere references to the Rules of Evidence.

The Court should deny Plaintiffs' Motion in Limine 1. It is much too broad and vague as to what exact evidence Plaintiffs seek to exclude. The Court would be in a much better position at trial to assess any actual evidentiary objection to some type of reference to or evidence about the provision of "humanitarian aid and assistance" that might come in at trial. The Court should be able to consider exactly what it is that Plaintiff argues is objectionable so that the Court can render an informed decision. *See Agan*, *supra*, 2022 U.S. Dist. LEXIS 155388, at *2 (citation omitted).

In addition, Plaintiffs briefly declaring such evidence as irrelevant and/or unduly prejudicial did not satisfy the legal standard applicable to their Motion. While this topic is not a focal point for trial, the evidence is indeed relevant to describe the operations of Defendants and what they do. The jury is certainly entitled to know

what Defendants do and how they operate. The jury should not be sheltered in a plaintiffs-approved information vacuum. Indeed, evidence of operations is generally admissible. *See e.g., Wells*, 2023 U.S. Dist. LEXIS 218591, at *15 (excluding evidence of "BNSF's role as a 'good' company, but evidence of BNSF's operations remains relevant to the case."); *see also, Council on Am.-Islamic Rels. Action Network, Inc. v. Gaubatz*, 302 F. Supp. 3d 325, 327-28 (D.D.C. 2018) (denying motion in limine to exclude statements about the nature and purposes of a civic organization); *Newman v. McNeil Consumer Healthcare*, No. 10 C 1541, 2013 U.S. Dist. LEXIS 113439, at *14-15 (N.D. Ill. Mar. 29, 2013) (denying motion in limine "to exclude character evidence" of defendant companies as too ill-defined and overly speculative, and providing that court would rule on such objections at trial). In addition, it is also very difficult to see how the introduction of any evidence about the provision of "humanitarian aid and assistance" would ever be <u>unduly</u> prejudicial to Plaintiffs, and Plaintiffs certainly made no showing that they would somehow be unduly prejudiced by it.

**2.     Plaintiffs' MIL 2 – First Amendment.**

Plaintiffs seek to exclude "all evidence, testimony, and argument regarding the First Amendment." (Plfs.' MILs, p. 4) Again, Plaintiffs do not bother to explain either their Motion or the merits much, and again, their argument is six sentences

long. Plaintiffs essentially claim that reference to the First Amendment "would cause massive confusion for the jury." (*Id.*)

The Court should deny Plaintiffs' Motion in Limine 2. Similarly to their Motion in Limine 1, their Motion in Limine 2 is much too broad and vague as to what exact evidence it seeks to exclude, and the Court should address the First Amendment at trial – if it even comes up – when the Court is able to consider exactly what it is that Plaintiffs argue is objectionable so that the Court can render an informed decision. *See Agan*, *supra*, 2022 U.S. Dist. LEXIS 155388, at *2 (citation omitted); *see also*, *Laue, supra*, 2014 U.S. Dist. LEXIS 202670, at *17-18 & *Zrowka, supra*, 2023 U.S. Dist. LEXIS 83928, at *15-16. Other federal courts have rejected such motions in limine to broadly exclude general references to the First Amendment. *See, e.g., United States v. Grenon,* No. 21-20242-CR, 2023 U.S. Dist. LEXIS 101987, at *3-6 (S.D. Fla. June 12, 2023).

Also like Motion in Limine 1, Plaintiffs merely declaring such evidence as irrelevant, or unduly prejudicial, or even "massively confusing" did not satisfy their burden in seeking to exclude evidence before trial. *See Id.* Furthermore, Plaintiffs misstate how Defendants contend the First Amendment may be applicable. Defendant WTNY has asserted it as a defense to some of Plaintiffs' allegations and accusations and has briefed that defense. (*See e.g.,* Doc. No. 398, at p. 4; *see also* Doc. 416, at pp. 7-9). It is improper to attempt to use a motion in limine to address

a legal claim or defense. *See Giacometto Ranch,* 2024 U.S. Dist. LEXIS 104170, at *1-2, *citing Hana Fin., Inc., supra*, 735 F.3d at 1162 n.4; *see also Wells, supra*, at *2-3. In addition, whether the First Amendment applies to some of Plaintiffs' claims or not is a legal conclusion for the Court to address, not the parties, and the Court can certainly instruct the jury appropriately in the event the First Amendment is discussed or becomes relevant at trial. Finally, Defendants should not be precluded from making any appropriate objections at trial based on the First Amendment.

**3.     Plaintiffs' MIL No. 3 – Policies and Procedures.**

Plaintiffs seek to exclude "evidence that Defendants did not have policies or procedures during the relevant time period" about reporting child abuse. Plaintiffs' argument is, again, vague and broad, and they do not even bother to cite anything in the record as an actual example of what they are attempting to address. Their argument primarily consists of their purported guesses ("[a]s far as Plaintiffs can tell") that Defendants "take issue with the words 'policy' and 'procedure'," and intend to play "word games" with the intent to "to sow confusion." (Plfs. MILs, p. 5) Plaintiffs argue that such "evidence" should be precluded by Rule 403 because it will be confusing. (*Id.*)

The Court should deny Plaintiffs' Motion in Limine 3. Again, it is much too broad and vague as to what exactly it seeks to exclude, a point highlighted by Plaintiffs' failure in their Motion to cite any actual evidence they are addressing. *See*

8

*Laue & Zrowka*. Instead, Plaintiffs base their Motion upon nothing more than guesses at what Defendants may do and what Defendants' intent may be. A Motion in Limine should not be based upon guesses and the Court should not itself be forced to guess at exactly what Plaintiffs are trying to address, or guess at whether Plaintiffs' own guesses about Defendants' alleged intentions are correct. If there is anything actually objectionable that Defendants attempt to introduce at trial regarding policies or procedures, Plaintiffs can object and the Court can consider it and make an appropriate ruling in the context presented at trial. *See Agan*.

In addition, this issue, if Plaintiffs' guesses are correct (which they are not), would be best addressed by a skilled and vigorous cross-examination by counsel rather than pretrial exclusion in any event.

**4.     Plaintiffs' MIL No. 4 – Evidence Contrary to Court's Factual Findings.**

Plaintiffs seek to exclude "[e]vidence contrary to the Court's factual findings" that the Court has imposed as sanctions for discovery conduct. (Plfs.' MILs, pp. 5-6) Again, Plaintiffs do not bother to specify any such evidence and are unable to point to any actual point in the record where Defendants have actually sought to introduce evidence that is contrary to the Court's factual findings.

The Court should deny Plaintiffs' Motion in Limine 4 because it is too broad and vague. *See Laue & Zrowka*. Moreover, Defendants certainly do not intend to contradict or dispute any finding by the Court. Should Plaintiffs believe Defendants

somehow do so at trial anyway, they can object and the Court can consider it in the proper context in front of the Court. *See Agan*.

5.   **Plaintiffs' MIL No 5 – Attempts to "Blame" Other Jehovah's Witnesses Entities.**

Plaintiffs' Motion in Limine 5 is exceedingly vague and broad. Plaintiffs seem in their Motion in Limine 5 to attempt to prevent Defendants from asserting an argument that certain conduct was taken by certain departments, such as the service department, so Defendants should apparently not be blamed for it. (Plfs.' MILs, pp. 6-7) Plaintiffs label these departments as "non-corporeal entities and departments," presumably because the departments are not (obviously) actual corporate entities. However, beyond Plaintiffs arguing about what they think or suspect Defendants may do with these "non-corporeal entities and departments" (i.e., "may attempt to shift blame"), Plaintiffs did not cite any actual evidence that they seek to exclude; in fact, they never cite any actual evidence at all. Plaintiffs' Motion in Limine 5 is thus the epitome of a motion in limine that should be denied because the Court really has no idea what Plaintiffs are seeking to exclude in limine. *See Agan, supra*, 2022 U.S. Dist. LEXIS 155388, at *2 ("a court is almost always better situated during the actual trial to assess the value and utility of evidence.") (citation omitted); *see also Laue & Zrowka*. The Court should deny Plaintiffs' Motion in Limine 5.

Their argument about "noncorporeal entities and departments" is also clearly flawed legally, even based on the little substance Plaintiffs did submit. Corporations

act constantly through their various departments. There is literally nothing wrong, improper, or tortious about doing so. It is how corporate entities operate. Would General Motors be precluded at trial of a defective vehicle claim from discussing how the vehicle at issue was designed in its design department simply because the department was "non-corporeal"? Certainly not. Preventing an entity from explaining that conduct was taken by a certain department or occurred within a certain department plainly is not a supportable motion in limine. Evidence of how a defendant operates is admissible. *See Wells*, 2023 U.S. Dist. LEXIS 218591, at *15 (evidence of operations relevant and admissible).

Finally, Plaintiffs' argument about joint enterprise (Plfs.' MILs, p. 7) is improper. Plaintiffs are once again attempting to use a motion in limine to argue about the merits of one of their legal claims. As mentioned previously, it is improper to attempt to use a motion in limine to address a legal claim. *See Giacometto Ranch,* 2024 U.S. Dist. LEXIS 104170, at *1-2 (citation omitted); *see also Wells, supra*, at *2-3.

## 6. Plaintiffs' MIL No 6 – Undisclosed Evidence by Rebuttal Experts.

Plaintiffs seek to exclude testimony from any expert for Defendants that was not disclosed in their reports, pursuant to Rule 37(c)(1). Defendants do not object to the extent that Rule 37 does preclude evidence that should have been disclosed but was not, but again, Plaintiffs cite no basis for Defendants violating the Rule or even

11

intending to do. Without any actual evidence cited, the best practice is to wait to see if something objectionable arises at which point the Court can address it upon an objection. Furthermore, Rule 37 applies to all parties, not just to Defendants.

**7.     Plaintiffs' MIL No. 7 – Costs of Plaintiffs' Medical and Psychological Treatment.**

Plaintiffs seek to exclude evidence of the cost of their medical and psychological treatment. They argue in only five sentences that such evidence is not relevant because they are not seeking treatment expenses as part of their damages, and even if it was, admission of the cost of their medical and psychological treatment should be precluded by Rule 403. (Plfs.' MILs, p. 8)

The Court should deny Plaintiffs' Motion in Limine No. 7. Plaintiffs did not bother to even attempt to substantiate their Motion. Plaintiffs merely tossed out several declaratory sentences about relevancy and alleged confusion and moved on. As the Court knows, evidence can only be excluded in limine if the evidence is inadmissible on all potential grounds, and this presents a "high standard." *See Giacometto Ranch,* 2024 U.S. Dist. LEXIS 104170, at *1-2. The Court is also instructed to "defer evidentiary rulings until trial so that questions of foundation, relevancy, and potential prejudice are resolved in proper context." *Id.* Plaintiffs did not come close to meeting this "high standard." At a minimum, the cost or extent of Plaintiffs' medical and psychological treatments is relevant and admissible to their damages for emotional distress because their lack of such treatments tends to show

12

that their distress may have been less significant than they may wish to relate to a jury.

**8.      Plaintiffs' MIL 8 – Defendants' Notice of Alleged Abuse.**

Plaintiffs seek to exclude "evidence that Defendants did not have notice of the abuse," arguing that they have asserted arguments in a motion for sanctions and two motions for summary judgment that establish -- in their minds -- that elders in the local congregation were agents of both Defendants. (Plfs.' MILs, pp. 8-9) Defendants have opposed the dispositive motions, of course. Plaintiffs once again did not bother to identify any actual evidence that they are seeking to exclude and Plaintiffs are once again attempting to use a motion in limine to argue about the merits of one of their legal claims.

Plaintiffs' Motion in Limine 8 should be denied. Whether Defendants had proper notice is one of the key factual issues in this case. As mentioned previously, it is improper to attempt to use a motion in limine to address a claim or have the Court make a factual determination, as plaintiffs are attempting to do here. *See Giacometto Ranch,* 2024 U.S. Dist. LEXIS 104170, at *1-2 (citation omitted); *see also Wells, supra*, at *2-3. Plaintiffs' Motion also fails because it is also a conceptual one that is broad and vague. *See Laue & Zrowka*.

**9.      Plaintiffs' MIL 9 – Contents of Spoliated Evidence.**

Plaintiffs seek to exclude evidence "of what may have been included in spoliated evidence." (Plfs.' MILs, pp. 9-10) Once again, Plaintiffs seek a motion in limine based on only their suspicion of what Defendants "may" attempt to do; they cite no actual evidence they seek to exclude. Plaintiffs speculate that WTNY "may" attempt to convince the jury that the spoliated evidence was not material or meaningful. (*Id.* at p. 9)

Plaintiffs' Motion should be denied for the same reasons that their other Motions should be denied. Motion 9 fails because, once again, it is vague and broad, conceptual, and based only a guess as to what Defendants "may" try to do. *See Laue & Zrowka*. If there is anything actually objectionable that Defendants attempt to introduce at trial regarding spoliated evidence, Plaintiffs can object and the Court can consider it and make an appropriate ruling in the context presented at trial. *See Agan*.

**DATED** this 28th day of June, 2024.

                                                 MOULTON BELLINGHAM PC

                                                 By:   */s/ Gerry P. Fagan*
                                                       GERRY P. FAGAN
                                                       CHRISTOPHER T. SWEENEY
                                                      JORDAN W. FITZGERALD

                                              *Attorneys for Defendant Watch Tower Bible and Tract Society of Pennsylvania*

                                              BROWN LAW FIRM, P.C.

By:   */s/ Jon A. Wilson*
      JON A. WILSON
      BRETT C. JENSEN
      MICHAEL P. SARABIA

*Attorneys for Defendant Watchtower Bible and Tract Society of New York, Inc.*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(d)(2)(E), the undersigned hereby certify this brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double-spaced, with left, right, top, and bottom margins of one inch; and that the word count calculated by Microsoft Word is 3,210 words, excluding the Table of Contents, Table of Authorities, Certificate of Compliance, and Certificate of Service.

**DATED** this 28th day of June, 2024.

                                      MOULTON BELLINGHAM PC

                                      By:  */s/ Gerry P. Fagan*